DARON L. TOOCH (State Bar No. 137269)
ERIC D. CHAN (State Bar No. 253082)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, CA 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail:  dtooch@health-law.com
E-Mail:  echan@health-law.com

Attorneys for Plaintiffs



FILED
CLERK, U.S. DISTRICT COURT

MAR 2 0 2014

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CV14-2139 R VBKx

ALMONT AMBULATORY
SURGERY CENTER, LLC, a
California limited liability company;
BAKERSFIELD SURGERY
INSTITUTE, LLC, a California limited
liability company; CIRO SURGERY
CENTER, LLC, a California limited
liability company; EAST BAY
AMBULATORY SURGERY
CENTER, LLC, a California limited
liability company; MODERN
INSTITUTE OF PLASTIC SURGERY
& ANTIAGING, INC., a California
corporation; NEW LIFE SURGERY
CENTER, LLC, a California limited
liability company dba BEVERLY
HILLS SURGERY CENTER;
ORANGE GROVE SURGERY
CENTER, LLC, a California limited
liability company; PALMDALE
SURGERY CENTER, LLC, a
California limited liability company;
SAN DIEGO AMBULATORY
SURGERY CENTER, LLC, a
California limited liability company;
SAN JOAQUIN VALLEY SURGERY

CASE NO.:

**COMPLAINT FOR:**

**(1) ENFORCEMENT UNDER 29 U.S.C. § 1132 (a)(1)(B) FOR ERISA PLAN BENEFITS**

**(2) ENFORCEMENT UNDER 29 U.S.C. § 1132(a)(2) FOR BREACH OF FIDUCIARY DUTY**

**(3) ENFORCEMENT UNDER 29 U.S.C. § 1132 (a)(3) FOR INJUNCTIVE, EQUITABLE RELIEF, INCLUDING FULL AND FAIR REVIEW OF CLAIMS**

**(4) ESTOPPEL UNDER 29 U.S.C. § 1132 (a)(3)**

**(5) PLAN REFORMATION UNDER 29 U.S.C. § 1132 (a)(3)**

**(6) SURCHARGE UNDER 29 U.S.C. § 1132 (a)(3)**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

---
COMPLAINT

1  CENTER, LLC, a California limited
2  liability company; SKIN CANCER &
   RECONSTRUCTIVE SURGERY
3  SPECIALISTS OF BEVERLY HILLS,
   INC., a California corporation;
4  VALENCIA AMBULATORY
5  SURGERY CENTER, LLC, a
   California limited liability company;
6  WEST HILLS SURGERY CENTER,
   LLC, a California limited liability
7  company; INDEPENDENT MEDICAL
8  SERVICES, INC., a California
   corporation,
9
10            Plaintiffs,
       vs.
11
12  UNITEDHEALTH GROUP, INC.;
    UNITED HEALTHCARE SERVICES,
13  INC.; UNITEDHEALTHCARE
    INSURANCE COMPANY;
14  OPTUMINSIGHT, INC.; AARP, a
    District of Columbia corporation;
15  AARP EMPLOYEES WELFARE
16  PLAN; ACCENTURE, LLP, a
    Delaware limited liability partnership;
17  ACCENTURE UNITED STATES
    BENEFIT TRUST; ACCOR NORTH
18  AMERICA, INC., a Delaware
19  corporation; ACCOR NORTH
    AMERICA, INC. GROUP
20  INSURANCE PLAN; ACTAVIS, INC.,
21  a Delaware corporation; ACTAVIS
    HEALTH AND WELFARE PLAN;
22  ACUSHNET COMPANY, a Delaware
23  corporation; ACUSHNET COMPANY
    CONSOLIDATED HEALTH AND
24  WELFARE PLAN; ADP
25  TOTALSOURCE, INC., a Florida
    corporation; ADP TOTALSOURCE,
26  INC. HEALTH AND WELFARE
27  PLAN; AEGIS MEDIA AMERICAS,
    INC., a Delaware corporation; AEGIS
28  MEDIA NORTH AMERICA

(7)  **PRODUCTION OF**
     **DOCUMENTS UNDER 29**
     **U.S.C. §§ 1024(B) AND 1133(2),**
     **AND FOR STATUTORY**
     **PAYMENTS; AND FOR**
     **STATUTORY PAYMENTS**
     **AND INJUNCTIVE RELIEF**
     **UNDER 29 U.S.C. § 1132(c)(1)**
(8)  **FOR VIOLATION OF**
     **CALIFORNIA BUSINESS &**
     **PROFESSIONS CODE §§ 17200**
     ***et seq.***
(9)  **BREACH OF IMPLIED-IN-**
     **FACT CONTRACT –**
     **AUTHORIZED SERVICES/NO**
     **AUTHORIZATION NEEDED**
     **SERVICES**
(10) **BREACH OF IMPLIED-IN-**
     **FACT CONTRACT –**
     **AUTHORIZED SERVICES/NO**
     **AUTHORIZATION NEEDED**
     **SERVICES – COVENANT OF**
     **GOOD FAITH AND FAIR**
     **DEALING**
(11) **ESTOPPEL**
(12) **RECOVERY FOR SERVICES**
     **RENDERED**
(13) **DECLARATORY RELIEF**


**JURY TRIAL DEMANDED**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  WELFARE BENEFIT PLAN; AEGON
2  USA, LLC, an Iowa limited liability
   company; AEGON COMPANIES
3  FLEXIBLE BENEFITS PLAN; AERA
4  ENERGY SERVICES COMPANY, a
   Delaware corporation; AERA
5  ENERGY SERVICES COMPANY
   MEDICAL BENEFITS PLAN; AIR
6  LIQUIDE USA, LLC, a Delaware
   limited liability company; AIR
7  LIQUIDE USA LLC GROUP
8  BENEFITS PLAN; AKZO NOBEL,
   INC., a Delaware corporation; AKZO
9  NOBEL, INC. SALARIED
10 EMPLOYEES GROUP BENEFITS
   PROGRAM; ALCON
11 LABORATORIES, INC., a Delaware
12 corporation; ALCON
   LABORATORIES INC.
13 VOLUNTARY EMPLOYEES
   BENEFICIARY ASSOCIATION
14 TRUST; ALEXANDER GALLO
15 HOLDINGS, LLC, a Georgia limited
   liability company; ALEXANDER
16 GALLO HOLDINGS, LLC WELFARE
17 BENEFIT PLAN; ALL AMERICAN
   CONTAINERS, INC., a Florida
18 corporation; ALL AMERICAN
   CONTAINERS, INC. WELFARE
19 BENEFIT PLAN; ALLSTATE
20 INSURANCE COMPANY, an Illinois
   corporation; ALLSTATE CAFETERIA
21 PLAN; ALPHA MECHANICAL, INC.,
   a California corporation; ALPHA
22 MECHANICAL HEATING & AIR
23 CONDITIONING, INC. HEALTH
   INSURANCE PLAN; ALTA
24 RESOURCES CORP., a Wisconsin
   corporation; ALTA RESOURCES
25 CORP. PLAN; ALTEC INDUSTRIES,
26 INC., an Alabama corporation; ALTEC
   INDUSTRIES INC. FLEXIBLE
27 BENEFITS PLAN; ALTEGRITY,
28 INC., a Delaware corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  ALTEGRITY, INC. HEALTH &
2  WELFARE PLAN; ALTURA CREDIT
   UNION, a California corporation;
3  ALTURA CREDIT UNION
   EMPLOYEE WELFARE BENEFIT
4  PLAN; AMERICAN AIRLINES, INC.,
5  a Delaware corporation; GROUP LIFE
   AND HEALTH BENEFITS PLAN
6  FOR EMPLOYEES OF
   PARTICIPATING AMR
7  CORPORATION SUBSIDIARIES;
8  AMERICAN BUILDING SUPPLY,
   INC., a California corporation;
9  AMERICAN BUILDING SUPPLY,
10 INC. EMPLOYEE BENEFIT PLAN;
   AMERICAN FINANCIAL GROUP,
11 INC., a California corporation;
12 AMERICAN FINANCIAL GROUP,
   INC. GROUP WELFARE BENEFIT
13 PLAN; AMERICAN
   INTERNATIONAL GROUP, INC., a
14 California corporation; AMERICAN
15 INTERNATIONAL GROUP, INC.
   MEDICAL PLAN; ANHEUSER-
16 BUSCH COMPANIES, LLC, a
   Delaware limited liability company;
17 ANHEUSER-BUSCH EMPLOYEES
18 BENEFIT TRUST; ANIXTER, INC., a
   Delaware corporation; ANIXTER, INC.
19 GROUP INSURANCE; ANN, INC., a
20 Delaware corporation; ANN, INC.
   WELFARE BENEFITS PLAN;
21 ANSCHUTZ ENTERTAINMENT
   GROUP, INC., a Colorado corporation;
22 AEG EMPLOYEE HEALTH &
23 WELFARE PLAN; APARTMENT
   MANAGEMENT CONSULTANTS,
24 LLC, a Utah limited liability company;
25 APARTMENT MANAGEMENT
   CONSULTANTS BENEFITS PLAN;
26 APL LIMITED, a Delaware
   corporation; WELFARE PLAN FOR
27 EMPLOYEES OF APL LIMITED;
28 APOLLO HEALTH STREET, INC., a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Delaware corporation; APOLLO HEALTH STREET WELFARE BENEFIT PLAN; APPLE, INC., a California corporation; APPLE, INC. HEALTH AND WELFARE BENEFIT PLAN; APPLE AMERICAN GROUP, LLC, a Delaware limited liability company; APPLE AMERICAN GROUP, LLC SECTION 125 PLAN; APTCO, LLC, a California limited liability company; APTCO, LLC; ARCH ALUMINUM & GLASS CO., INC., a Florida corporation; ARCH ALUMINUM & GLASS CO., INC. EMPLOYEE WELFARE BENEFITS PLAN; ARDENT SERVICES, LLC, a Louisiana limited liability company; ARDENT SERVICES, LLC MEDICAL PLAN; AT&T CORP., a New York corporation; AT&T UMBRELLA BENEFIT PLAN; AT&T MOBILITY, LLC, a Delaware limited liability company; CINGULAR WIRELESS MEDICAL PLUS PLAN; ATI SYSTEMS INTERNATIONAL, INC., a California corporation; ATI SYSTEMS - A GARDA COMPANY GROUP HEALTH PLAN; AUCTION.COM, LLC, a Delaware limited liability company; AUCTION.COM EMPLOYEE BENEFIT PLAN; AUTOMATIC DATA PROCESSING, INC., a Nevada corporation; AUTOMATIC DATA PROCESSING, INC. FLEX 2000 PLAN; AVERY DENNISON CORPORATION, a Delaware corporation; AVERY DENNISON CORPORATION HEALTH AND WELFARE PLAN; AVON PRODUCTS, INC., a New York corporation; AVON PRODUCTS INC. MEDICAL PLAN FOR ACTIVE EMPLOYEES; BAKER HUGHES

INCORPORATED, a Delaware corporation; BAKER HUGHES INCORPORATED WELFARE BENEFITS PLAN; BARNES & NOBLE, INC., a Delaware corporation; BARNES & NOBLE, INC. COMPREHENSIVE MEDICAL AND DENTAL PLAN; BAUSCH & LOMB INCORPORATED, a New York corporation; BAUSCH & LOMB COMPREHENSIVE MEDICAL PLAN; BAYSIDE MANAGEMENT COMPANY, LLC, a California limited liability company; BAYSIDE MANAGEMENT COMPANY LLC EMPLOYEE BENEFIT PLAN; BBA AVIATION USA, INC., a Delaware corporation; BBA AVIATION BENEFIT PLAN; BECTON, DICKINSON AND COMPANY, a New Jersey corporation; BECTON, DICKINSON AND COMPANY GROUP LIFE AND HEALTH PLAN; BELMONT VILLAGE, LP, a Delaware limited partnership; BELMONT VILLAGE LP HEALTHCARE BENEFITS PLAN; BENNETT INTERNATIONAL GROUP, LLC, a Georgia limited liability company; BENNETT MOTOR EXPRESS MANAGEMENT EMPLOYEE BENEFIT PLAN; BERRY PETROLEUM COMPANY, a Delaware corporation; BERRY PETROLEUM COMPANY COMPREHENSIVE HEALTH AND WELFARE BENEFIT PLAN; BEST BUY CO., INC., a Minnesota corporation; BEST BUY FLEXIBLE BENEFITS PLAN; BEST MEDICAL INTERNATIONAL, INC., a Virginia corporation; BEST MEDICAL INTERNATIONAL BENEFIT PLAN; BIOMED REALTY, LP, a Maryland

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  limited partnership; BIOMED
2  REALTY, LP WELFARE BENEFITS
   PLAN; BLACK BOX NETWORK
3  SERVICES, INC., a California
   corporation; BLACK BOX NETWORK
4  SERVICES GROUP MEDICAL
5  PLAN; BMS ENTERPRISES, INC., a
   California corporation; BMS
6  ENTERPRISES, INC., EMPLOYEE
   INJURY BENEFIT PLAN; BMW OF
7  NORTH AMERICA, LLC, a Delaware
8  limited liability company; BMW OF
   NORTH AMERICA LLC HEALTH
9  AND WELFARE PLANS; BNSF
   RAILWAY COMPANY, a Delaware
10 corporation; BNSF RAILWAY
   COMPANY FLEXIBLE BENEFIT
11 PLAN; BOAT AMERICA
12 CORPORATION, a Virginia
   corporation; BOAT U.S. HEALTH
13 PLAN; BOSTON MARKET
14 CORPORATION, a Delaware
   corporation; BOSTON MARKET
15 CORPORATION HEALTH AND
16 WELFARE PLAN; BRADY
   CORPORATION, a Wisconsin
17 corporation; W.H. BRADY CO.
18 INSURED BENEFITS PLAN;
   BRIGHTHOUSE, INC., a Delaware
19 corporation; ADVANCE/NEWHOUSE
20 PARTNERSHIP HEALTH BENEFITS
   PLAN; BRINKER SERVICES
21 CORPORATION, a Florida
   corporation; BRINKER
22 INTERNATIONAL, INC. WELFARE
23 BENEFIT PLAN; BRINK'S
   INCORPORATED, a Delaware
24 corporation; THE BRINKS
25 COMPANY COMPREHENSIVE
   HEALTH AND WELFARE PLAN;
26 BUCA RESTAURANTS 2, INC., a
   Minnesota corporation; BUCA INC.
27 HEALTH CARE BENEFIT PLAN;
28 BUILDING MATERIALS

CORPORATION OF AMERICA, a
Delaware corporation; GAF
MATERIALS CORPORATION
WELFARE BENEFIT PLAN; BUPA
WORLDWIDE CORPORATION, a
Florida corporation; BUPA
WORLDWIDE CORPORATION
HEALTH & BENEFITS PLAN;
BWAY CORPORATION, a Delaware
corporation; BWAY CORPORATION
COMPREHENSIVE MEDICAL
PLAN; CALIBER HOME LOANS,
INC., a Delaware corporation, F/K/A
VERICREST FINANCIAL, INC.;
VERICREST FINANCIAL, INC.
WELFARE AND BENEFITS PLAN;
CALIFORNIA CHARTER SCHOOLS
ASSOCIATION, a California
corporation; CCSA EMPLOYEE
BENEFIT WELFARE TRUST C/O
BRMS; CALIFORNIA
HEALTHCARE INDUSTRY
PROGRAM, a California corporation;
CALIFORNIA HEALTHCARE
INDUSTRY TRUST; CBEYOND
COMMUNICATIONS, LLC, a
Delaware limited liability company;
CBEYOND COMMUNICATIONS
HEALTH AND WELFARE PLAN;
CBIZ MHM, LLC, a Delaware limited
liability company; CBIZ INC. GROUP
HEALTH AND WELFARE PLAN;
CBS CORPORATION, a Delaware
corporation; CBS HEALTH AND
WELFARE BENEFITS PLAN; CEC
ENTERTAINMENT CONCEPTS, LP,
a Texas limited partnership; CEC
ENTERTAINMENT WELFARE
BENEFIT PLAN; CENTRAL
PARKING SYSTEM, a Tennessee
corporation; CENTRAL PARKING
SYSTEM HEALTH AND WELFARE
PLAN; CENTRIC GROUP, LLC, a
Delaware limited liability company;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  CENTRIC GROUP HOSPITAL PLAN;
2  CGX ENERGY, LLC, a North Carolina limited liability company, F/K/A
3  COGENTRIX ENERGY, LLC; COGENTRIX ENERGY, LLC GROUP
4  INSURANCE PLAN; C.H. ROBINSON COMPANY, INC., a
5  Minnesota corporation; CH
6  ROBINSON COMPANY GROUP HEALTH MAJOR MEDICAL PLAN;
7  CHARLOTTE RUSSE, INC., a
8  California corporation; CHARLOTTE RUSSE HOLDING, INC. WELFARE
9  BENEFIT PLAN; CHARMING SHOPPES, INC., a Pennsylvania
10 corporation; CHARMING SHOPPES, INC. MEDICAL PLAN; CHEVRON
11 CORPORATION, a Delaware corporation; CHEVRON
12 CORPORATION OMNIBUS
13 HEALTH CARE PLAN; CHILD DEVELOPMENT INCORPORATED,
14 a California corporation; CDI GROUP WELFARE PLAN; CITIGROUP
15 MANAGEMENT CORP., a Delaware
16 corporation; CITIGROUP HEALTH BENEFIT PLAN; CLASSIC PARTY
17 RENTALS, INC., a California corporation; CLASSIC PARTY
18 RENTALS HEALTH & WELFARE PLAN; CNA FINANCIAL
19 CORPORATION, a Delaware
20 corporation; CNA FINANCIAL CORPORATION HEALTH AND
21 GROUP BENEFITS PROGRAM; COGNIZANT TECHNOLOGY
22 SOLUTIONS U.S. CORPORATION, a
23 Delaware corporation; COGNIZANT HEALTH & WELFARE BENEFIT
24 PLAN; COLONIAL BANCGROUP, INC., a Delaware corporation;
25 COLONIAL BANCGROUP CAFETERIA PLAN; COMFORT
26 SYSTEMS USA, INC., a Delaware
27
28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  corporation; COMFORT SYSTEMS
2  USA HEALTH & WELFARE PLAN;
   COMMSCOPE, INC. OF NORTH
3  CAROLINA, a North Carolina
   corporation; COMMSCOPE
4  WELFARE BENEFIT PLAN;
5  COMMUNITY DEVELOPMENT
   INSTITUTE HEAD START, a
6  Colorado corporation; COMMUNITY
   DEVELOPMENT INSTITUTE
7  GROUP MEDICAL, DENTAL & LIFE
8  INSURANCE FOR EMPLOYEES;
   CONESYS, INC., a California
9  corporation; CONESYS EMPLOYEE
   BENEFIT PLAN; CONMED
10 CORPORATION, a New York
   corporation; CONMED
11 CORPORATION HEALTHCARE
12 PLAN; CONSTRUCTION
   TEAMSTERS SECURITY FUND FOR
13 SOUTHERN CALIFORNIA; CORT
   BUSINESS SERVICES
14 CORPORATION, a Delaware
15 corporation; CORT BUSINESS
   SERVICES CORPORATION GROUP
16 INSURANCE PLAN; COVIDIEN, LP,
17 a Delaware limited partnership;
   COVIDIEN HEALTH & WELFARE
18 BENEFITS PLAN; CREDIT
19 AGRICOLE CHEUVREUX NORTH
   AMERICA, INC., a Delaware
20 corporation; CREDIT AGRICOLE
21 INSURANCE PLAN; CREDIT
   SUISSE SECURITIES (USA), LLC, a
22 Delaware limited liability company;
23 CREDIT SUISSE SECURITIES (USA)
   LLC GROUP HEALTH CARE PLAN;
24 CROWLEY MARITIME
25 CORPORATION, a Delaware
   corporation; CROWLEY MARITIME
26 CORPORATION WELFARE
27 HEALTH LIFE & ACCIDENTAL
   DEATH & DISMEMBERMENT
28 PLANS; CYTEC INDUSTRIES, INC.,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  a Delaware corporation; CYTEC
2  INDUSTRIES INC. HEALTH AND
   WELFARE PLAN; DANAHER
3  CORPORATION, a Delaware
   corporation; DANAHER
4  CORPORATION & SUBSIDIARIES
5  MEDICAL PLAN; DARDEN
   RESTAURANTS, INC., a Florida
6  corporation; DARDEN GROUP LIFE
   AND HEALTH BENEFIT PLAN FOR
7  SALARIED EMPLOYEES; DEERE &
8  COMPANY, a Delaware corporation;
   JOHN DEERE FLEXIBLE BENEFITS
9  PLAN; DELLACAMERA CAPITAL
   MANAGEMENT, LLC, a Delaware
10 limited liability company;
11 DELLACAMERA CAPITAL
   MANAGEMENT, LLC HEALTH
12 AND WELFARE PLAN; DELOITTE,
13 LLP, a Pennsylvania limited liability
   partnership; DELOITTE & TOUCHE
14 WELFARE BENEFIT PLAN; DELTA
   AIR LINES, INC., a Delaware
15 corporation; DELTA FAMILY-CARE
16 MEDICAL PLAN; DENSO SALES
   CALIFORNIA, INC., a California
17 corporation; DENSO SALES
18 CALIFORNIA, INC. GROUP
   INSURANCE PLAN; DEVRY, INC., a
19 Delaware corporation; DEVRY INC.
20 WELFARE BENEFIT PLAN; DGA –
   PRODUCERS PENSION AND
21 HEALTH PLANS, INC., a California
22 corporation; PRODUCERS' HEALTH
   BENEFITS PLAN; DHL EXPRESS,
23 INC., an Ohio corporation; DHL
   WORLDWIDE EXPRESS GROUP
24 INSURANCE PLAN; DIAGEO
25 NORTH AMERICA, INC., a
   Connecticut corporation; DIAGEO
26 NORTH AMERICA, INC. MEDICAL
27 CARE AND LIFE INSURANCE
   PLAN FOR SALARIED AND
28 RETIRED EMPLOYEES;

1 | DISCOVERY COMMUNICATIONS,
2 | LLC, a Delaware limited liability
company; DISCOVERY
3 | COMMUNICATIONS WELFARE
BENEFIT PLAN; DOLLAR THRIFTY
4 | AUTOMOTIVE GROUP, INC., a
5 | Delaware corporation; DOLLAR
THRIFTY AUTOMOTIVE GROUP,
6 | INC. WELFARE BENEFIT PLAN;
DOOR TO DOOR STORAGE, INC., a
7 | Washington corporation; DOOR TO
8 | DOOR STORAGE HEALTH &
WELFARE PLAN; DR. PEPPER
9 | SNAPPLE GROUP, INC., a Delaware
corporation; DR. PEPPER SNAPPLE
10 | GROUP, INC. HEALTH PLAN;
DRIVETIME AUTOMOTIVE
11 | GROUP, INC., a Delaware corporation;
DRIVETIME WELFARE BENEFIT
12 | PLAN; DS WATERS OF AMERICA,
13 | INC., a Delaware corporation; DS
WATERS OF AMERICA, INC.
14 | HEALTH AND WELFARE PLAN;
15 | ECOLAB, INC., a Delaware
corporation; ECOLAB HEALTH AND
16 | WELFARE BENEFITS PLAN;
EDISON INTERNATIONAL, a
17 | California corporation; EDISON
18 | INTERNATIONAL WELFARE
BENEFIT PLAN NUMBER TWO;
19 | EDWARD D. JONES & CO., LP, a
20 | Missouri limited partnership;
EDWARD D. JONES & CO.
21 | EMPLOYEES HEALTH AND
22 | WELFARE PROGRAM;
ELECTROGRAPH SYSTEMS, INC., a
23 | New York corporation;
ELECTROGRAPH SYSTEMS
24 | HEALTH AND WELFARE PLAN;
25 | EMCOR GROUP, INC., a Delaware
corporation; EMCOR GROUP, INC.
26 | EMPLOYEE WELFARE PLAN;
ENSIGN UNITED STATES
27 | DRILLING, INC., a California
28 |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

corporation; ENSIGN US DRILLING EMPLOYEE BENEFIT PLAN; ENTERPRISE HOLDINGS, INC., a Missouri corporation; ENTERPRISE HOLDINGS HOSPITAL INSURANCE PLAN; ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC., a California corporation; ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC. LIFE, LTD. TRAVEL ACCIDENT, VISION SERVICE, MEDICAL DENTAL; EPSON AMERICA, INC., a California corporation; EPSON AMERICA INC. GROUP PLAN; EQUITY RESIDENTIAL SERVICES, LLC, a Delaware limited liability company; EQUITY RESIDENTIAL PROPERTIES TRUST GROUP INSURANCE PLAN; ERNST & YOUNG, LLP, a Delaware limited liability partnership; ERNST & YOUNG MEDICAL PLAN; ESSILOR OF AMERICA, INC., a Delaware corporation; ESSILOR OF AMERICA, INC. EMPLOYER WELFARE BENEFIT PLAN; ESTEE LAUDER, INC., a Delaware corporation; THE ESTEE LAUDER COMPANIES, INC. GROUP MEDICAL, DENTAL, PRESCRIPTION DRUG, LONG TERM DISABILITY, LIFE, ACCIDENTAL DEATH AND DISMEMBERMENT PLAN; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; EXPERIAN INFORMATION SOLUTIONS, INC. HEALTH AND WELFARE PLAN; EXPRESS MESSENGER SYSTEMS, INC., a Delaware corporation; EXPRESS MESSENGER SYSTEMS, INC. dba ONTRAC; EXPRESSJET AIRLINES, INC., a Utah corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

EXPRESSJET AIRLINES, INC.
CONSOLIDATED WELFARE
BENEFIT PLAN; FARMERS GROUP,
INC., a Nevada corporation;
FARMERS GROUP, INC.
EMPLOYEE PREPAID BENEFIT
PLAN; FC USA, INC., a New York
corporation; FC USA INC. BENEFITS;
FERRAGAMO USA, INC., a New
York corporation; FERRAGAMO
USA, INC.; FIDELITY BROKERAGE
SERVICES, LLC, a Delaware limited
liability company; FIDELITY GROUP
EMPLOYEES MEDICAL, DENTAL
AND CAFETERIA PLAN; FIFTH &
PACIFIC COMPANIES, INC., a
Delaware corporation; FNPC HEALTH
AND WELFARE PLAN; FINRA
DISPUTE RESOLUTION, INC., a
Delaware corporation; FINRA
EMPLOYEE GROUP MEDICAL,
DENTAL, LIFE, DISABILITY, AD&D
& VISION PLAN; FISERV, INC., a
Wisconsin corporation; FISERV, INC.
WELFARE BENEFIT PLAN; FIVE
STAR QUALITY CARE-CA, INC., a
Delaware corporation; FIVE STAR
QUALITY CARE; FLEXTRONICS
INTERNATIONAL USA, INC., a
California corporation;
FLEXTRONICS EMPLOYEE
BENEFITS PLAN; FOOT LOCKER
RETAIL, INC., a New York
corporation; FOOT LOCKER
WELFARE BENEFIT PAYMENT
PLAN; FOUNDERS HEALTHCARE,
LLC, an Arizona limited liability
company; FOUNDERS
HEALTHCARE, LLC PREFERRED
HOMECARE EMPLOYEE BENEFIT
PLAN; FOX ENTERTAINMENT
GROUP, INC., a Delaware corporation;
FOX HEALTH PLAN; FRESENIUS
KABI USA, LLC, a Delaware limited

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

liability company; FRESENIUS KABI USA EE BENEFIT PLAN; FUGATE AVIATION, INC., a Kansas corporation; FUGATE ENTERPRISES EMPLOYEE WELFARE BENEFIT PLAN; FUTURE ELECTRONICS CORP., a Massachusetts corporation; FUTURE ELECTRONICS CORP. GROUP INSURANCE PLAN; G4S SECURE SOLUTIONS, INC., a Florida corporation; WELFARE TRUST FOR G4S SECURE SOLUTIONS USA INC. AND AFFILIATES; GAP, INC., a California corporation; GAP INC. HEALTH AND LIFE PLAN; GENERAL ELECTRIC COMPANY, a New York corporation; GE GLOBAL HEALTH PLAN; GENERAL PARTS, INC., a North Carolina corporation; GENERAL PARTS, INC. EMPLOYEE BENEFITS PLAN MEDICAL INSURANCE; GENON ENERGY SERVICES, LLC, a Delaware limited liability company; GENON ENERGY GROUP WELFARE BENEFITS PLAN; GENPACT PROCESS SOLUTIONS, LLC, a Delaware limited liability company; GENPACT WELFARE BENEFIT PLAN; GEORG FISCHER SIGNET, LLC, a California limited liability company; GEORG FISCHER EMPLOYEE BENEFIT PLAN; GEORGIA-PACIFIC, LLC, a Delaware limited liability company; GEORGIA-PACIFIC LLC LIFECHOICES BENEFITS PROGRAM FOR SALARIED AND SALARIED BENEFITS ELIGIBLE EMPLOYEES; GF HEALTH PRODUCTS, INC., a Delaware corporation; GF HEALTH PRODUCTS INC.; GLAXOSMITHKLINE, LLC, a Delaware limited liability company; GLAXOSMITHKLINE HEALTH

1  AND WELFARE BENEFITS PLAN
2  FOR US EMPLOYEES; GP
   STRATEGIES CORPORATION, a
3  Delaware corporation; GP
4  STRATEGIES CORPORATION
   WELFARE BENEFIT PLAN; GREAT-
5  WEST LIFE & ANNUITY
   INSURANCE COMPANY, a Colorado
6  corporation; GREAT-WEST LIFE &
7  ANN INS FLEXIBLE BENEFIT
   PLAN; GREENBERG TRAURIG, PA,
8  a Florida Professional Association;
9  GREENBERG TRAURIG, PA GROUP
   HEALTH INSURANCE PLAN FOR
10 EMPLOYEES; GREYSTAR
   MANAGEMENT SERVICES, LP, a
11 Delaware limited partnership;
12 GREYSTAR MANAGEMENT
   SERVICES, LLP; GTECH
13 CORPORATION, a Delaware
   corporation; GTECH CORPORATION
14 PARTICIPANT BENEFIT PLAN; HD
15 SUPPLY, INC., a Delaware
   corporation; HD SUPPLY HEALTH
16 AND WELFARE PROGRAM;
   HEALTH INVENTURES, LLC, a
17 Delaware limited liability company;
18 HEALTH INVENTURES HEALTH
   AND WELLNESS BENEFIT PLAN;
19 HEALTHCARE PARTNERS
20 MEDICAL GROUP, INC., a California
   corporation; HEALTHCARE
21 PARTNERS MEDICAL GROUP, INC.
   WELFARE BENEFIT PLAN;
22 HEARTLAND AUTOMOTIVE
23 SERVICES, INC., a Minnesota
   corporation; HEARTLAND
24 AUTOMOTIVE SERVICES, INC.
   GROUP MEDICAL AND LIFE PLAN;
25 HEWLETT-PACKARD COMPANY, a
26 Delaware corporation; HEWLETT-
   PACKARD COMPANY HEALTH
27 MAINTENANCE ORGANIZATION
28 PROGRAM; HOFFMAN-LA ROCHE,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INC., a New Jersey corporation;
MEDICAL PLAN OF HOFFMAN-LA
ROCHE INC.; HOGG ROBINSON
USA, LLC, a New York limited
liability company; HRG NORTH
AMERICA WELFARE PLAN;
HONEYWELL INTERNATIONAL,
INC., a Delaware corporation;
HONEYWELL INTERNATIONAL
INC. BENEFIT PLAN; HOTELS AB,
LLC, a Delaware limited liability
company; THE STANDARD/HOTELS
AB WELFARE BENEFIT PLAN; HOT
TOPIC, INC., a California corporation;
HOT TOPIC, INC. HEALTH AND
WELFARE PLAN; HUGO BOSS
USA, INC., a Delaware corporation;
HUGO BOSS USA INC. WRAP
WELFARE BENEFITS PLAN;
HUHTAMAKI AMERICAS, INC., a
Delaware corporation; HUHTAMAKI
AMERICAS, INC. GROUP
INSURANCE PLAN; IKARIA
RESEARCH, INC., a Delaware
corporation; IKARIA, INC. WELFARE
BENEFIT PLAN;
IMORTGAGE.COM, INC., a Delaware
corporation; IMORTGAGE.COM, INC.
CAFETERIA PLAN; INFORMA USA,
INC., a Massachusetts corporation;
INFORMA USA, INC. AND
SUBSIDIARIES INSURANCE PLAN;
ING NORTH AMERICA
INSURANCE CORPORATION, a
Delaware corporation; ING
AMERICAS WELFARE BENEFITS
PLAN; INGRAM MICRO, INC., a
Delaware corporation; INGRAM
MICRO INC. HEALTH & WELFARE
PLAN; INSPERITY HOLDINGS,
INC., a Delaware corporation, F/K/A
ADMINISTAFF OF TEXAS, INC.;
INSPERITY GROUP HEALTH PLAN;
INSTANT WEB, INC., a Minnesota

corporation; INSTANT WEB INC. AND SUBSIDIARY MEDICAL BENEFIT PLAN; INTEGRA LIFESCIENCES CORPORATION, a Delaware corporation; INTEGRA LIFESCIENCES CORP. MEDICAL/PRESCRIPTION, DENTAL AND STD PLAN; INTELSAT CORPORATION, a Delaware corporation; INTELSAT GROUP WELFARE BENEFITS PLAN; INTER-RAIL TRANSPORT, INC., a Florida corporation; INTER-RAIL, INC. EMPLOYEE HEALTH PLAN; INTERCARE HOLDINGS, INC., a Delaware corporation; INTERCARE HOLDINGS, INC. HEALTH & WELFARE PLAN; INTERNATIONAL ALUMINUM CORPORATION, a Texas corporation; INTERNATIONAL ALUMINUM CORPORATION HEALTH AND WELFARE PLANS; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; IBM MEDICAL & DENTAL PLAN FOR REGULAR AND PART-TIME EMPLOYEES; INTERNATIONAL PAPER COMPANY, a New York corporation; INTERNATIONAL PAPER GROUP INSURANCE PLAN; INTERNATIONAL SPEEDWAY CORPORATION, a Florida corporation; INTERNATIONAL SPEEDWAY CORPORATION WELFARE BENEFIT PLAN; INTERSTATE HOTELS & RESORTS, INC., a Delaware corporation; INTERSTATE HOTELS & RESORTS BENEFITS PROGRAM; INX INTERNATIONAL INK CO., a Delaware corporation; INX INTERNATIONAL GROUP

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

18
COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  MEDICAL/DENTAL PLAN; J.C.
2  PENNEY CORPORATION, INC., a
   Delaware corporation; J.C. PENNEY
3  CORPORATION, INC. HEALTH &
   WELFARE BENEFITS PLAN; J.P.
4  MORGAN CHASE NATIONAL
5  CORPORATE SERVICES, INC., a
   New York corporation; THE
6  JPMORGAN CHASE HEALTH &
   INCOME PROTECTION PLAN FOR
7  ACTIVE EMPLOYEES; JACK IN
8  THE BOX, INC., a Delaware
   corporation; JACK IN THE BOX, INC.
9  CREW EMPLOYEES HEALTH &
   WELFARE PLAN; JACKSON LEWIS,
10 LLP, a New York limited liability
   partnership; JACKSON LEWIS LLP
11 WELFARE PLAN; JACOBS
12 ENGINEERING GROUP, INC., a
   Delaware corporation; JACOBS
13 ENGINEERING GROUP, INC.
14 EMPLOYEE GROUP INSURANCE
   PLAN; JETBLUE AIRWAYS
15 CORPORATION, a Delaware
16 corporation; JETBLUE AIRWAYS
   GROUP HEALTH INSURANCE
17 PLAN; JOIE DE VIVRE
18 HOSPITALITY, INC., a California
   corporation; THE JOIE DE VIVRE
19 EMPLOYEE BENEFIT PLAN; JONES
20 LANG LASALLE AMERICAS, INC.,
   a Maryland corporation; JONES LANG
21 LASALLE GROUP BENEFITS PLAN;
22 KCI HOLDINGS, LLC, a California
   limited liability company; KCI
23 HOLDING USA, INC. EMPLOYEE
   HEALTH CARE PLAN; KELLOGG,
24 BROWN & ROOT, INC., a Delaware
25 corporation; KELLOGG, BROWN &
   ROOT, INCORPORATED HOURLY
26 EMPLOYEES HEALTH & WELFARE
   PLAN; KELLY MITCHELL GROUP,
27 INC., a Missouri corporation; KELLY
28 MITCHELL GROUP INC. MEDICAL

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  PLAN; KINDER MORGAN G.P.,
2  INC., a Delaware corporation; KMI
   FLEXIBLE BENEFIT PLAN;
3  KINETIC CONCEPTS, INC., a Texas
   corporation; KINETIC CONCEPTS,
4  INC. EMPLOYEE BENEFITS TRUST;
5  KLA-TENCOR CORPORATION, a
   Delaware corporation; KLA-TENCOR
6  CORPORATION GROUP
   INSURANCE PLAN; KONICA
7  MINOLTA BUSINESS SOLUTIONS
8  USA, INC., a New York corporation;
   KONICA MINOLTA BUSINESS
9  SOLUTIONS USA, INC. LIFE,
   DISABILITY, ACCIDENT,
10 MEDICAL AND DENTAL PLAN; L
   BRANDS, INC., a Delaware
11 corporation, F/K/A LIMITED
12 BRANDS, INC.; LIMITED BRANDS,
   INC. HEALTH AND WELFARE
13 BENEFITS PLAN; LANDRY'S
   MANAGEMENT, LP, a Delaware
14 limited partnership; LANDRY'S
15 MEDICAL BENEFIT PLAN;
   LARSON-JUHL US, LLC, a Georgia
16 limited liability company; LARSON-
17 JUHL US LLC WELFARE PLAN; LA-
   Z-BOY INCORPORATED, a Michigan
18 corporation; LA-Z-BOY
19 INCORPORATED MEDICAL PLAN;
   LEAVITT GROUP AGENCY
20 ASSOCIATION, a Utah corporation;
21 LEAVITT GROUP AGENCY
   ASSOCIATION HEALTH BENEFIT
22 PLAN; LEVEL 3
23 COMMUNICATIONS, LLC, a
   Delaware limited liability company;
24 LEVEL 3 COMMUNICATIONS, INC.
25 WELFARE BENEFIT PLAN; LEVY
   RESTAURANTS, INC., an Illinois
26 corporation; EMPLOYEE BENEFIT
27 PLAN OF THE COMPASS GROUP
   USA, INC.; LINDE NORTH
28 AMERICA, INC., a Delaware

corporation; LINDE NORTH AMERICA, INC. INSURANCE PLAN; LOCAL STAFF, LLC, a Delaware limited liability company; MEDSTAFF, INC. SECTION 125 PLAN; LOOMIS ARMORED US, LLC, a Texas limited liability company; LOOMIS HEALTH & WELFARE PLAN; L'OREAL USA S/D, INC., a Delaware corporation; L'OREAL USA, INC. COMPREHENSIVE MEDICAL PLAN; MAERSK, INC., a New York corporation; MAERSK INC. ACTIVE NONUNION HEALTH AND WELFARE PLAN; MAKO SURGICAL CORP., a Delaware corporation; MAKO SURGICAL CORP HEALTH AND WELFARE BENEFIT PLAN; MARUBENI ITOCHU STEEL AMERICA, INC., a Delaware corporation; MISA GROUP BENEFIT PLANS; MARY KAY, INC., a Delaware corporation; MARY KAY, INC. COMPREHENSIVE EMPLOYEE HEALTH AND WELFARE PLAN; MCCARTHY HOLTHUS, LP, a California limited partnership; MCCARTHY & HOLTHUS, LLP WELFARE BENEFITS PLAN; MCM CORPORATION, a North Carolina corporation; HEALTH CARE PLAN OF THE EMPLOYEES OF MCM CORP; MCMASTER-CARR SUPPLY COMPANY, an Illinois corporation; MCMASTER-CARR SUPPLY COMPANY GROUP INSURANCE PROGRAM; MCNICHOLS COMPANY, an Ohio corporation; MCNICHOLS COMPANY HEALTH BENEFIT PLAN; MEDCO HEALTH SOLUTIONS, INC., a Delaware corporation; MEDCO HEALTH SOLUTIONS, INC. WELFARE BENEFIT PLAN; MEDEGEN, INC., a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

California corporation; MEDEGEN WELFARE BENEFIT PLAN; MEDICAL SPECIALTIES DISTRIBUTORS, LLC, a Delaware limited liability company; MEDICAL SPECIALTIES DISTRIBUTORS, LLC GROUP BENEFITS PLAN; METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; WELFARE BENEFIT PLAN FOR EES. OF METROPOLITAN LIFE; MIDAMERICAN ENERGY COMPANY, an Iowa corporation; MIDAMERICAN ENERGY COMPANY WELFARE BENEFIT PLAN; MILLARD REFRIGERATED SERVICES, INC., a Georgia corporation; MILLARD REFRIGERATED SERVICES, INC. GROUP MAJOR MEDICAL; MISSION LINEN SUPPLY, a California corporation; MISSION LINEN SUPPLY GROUP HEALTH; MITEK USA, INC., a Missouri corporation; MITEK USA, INC. WELFARE BENEFIT; MOBILE MINI, INC., a Delaware corporation; MOBILE MINI, INC. BENEFIT PLAN; MOCEAN, LLC, a California limited liability company; MOCEAN HEALTH AND WELFARE BENEFITS PLAN; MONAVIE, LLC, a Delaware limited liability company; MONAVIE, LLC FRINGE BENEFIT PLAN; MONROVIA NURSERY COMPANY, a California corporation; MONROVIA NURSERY COMPANY EMPLOYEE BENEFIT PLAN; MOUNTAIN VALLEY EXPRESS CO., INC., a California corporation; MOUNTAIN VALLEY EXPRESS CO. INC. WELFARE BENEFIT PLAN; MULTIPLAN, INC., a New York corporation; HEALTH INSURANCE

PLAN OF MULTIPLAN, INC.;
MYRIAD GENETICS, INC., a
Delaware corporation; MYRIAD
GENETICS, INC. WELFARE
BENEFIT PLAN; NATIONAL
CAPTIONING INSTITUTE, INC., a
District of Columbia corporation;
NATIONAL CAPTIONING
INSTITUTE, INC. HEALTH &
WELFARE BENEFITS PLAN;
NATIONAL FINANCIAL PARTNERS
CORP., a Delaware corporation;
NATIONAL FINANCIAL PARTNERS
CORP. GROUP HEALTH PLAN FOR
EMPLOYEES; NATIONAL MENTOR
HOLDINGS, LLC, a Delaware limited
liability company; NATIONAL
MENTOR HOLDINGS, LLC
FLEXIBLE BENEFIT PLAN;
NATIONAL RAILROAD
PASSENGER CORPORATION, a
District of Columbia corporation;
AMPLAN, THE AMTRAK UNION
BENEFITS PLAN; NATIONAL
RAILROAD PASSENGER
CORPORATION CHOICEPLUS
CAFETERIA PLAN; NATIONSTAR
MORTGAGE, LLC, a Delaware limited
liability company; NATIONSTAR
MORTGAGE GROUP HEALTH AND
WELFARE BENEFIT PLAN; NCH
CORPORATION, a Delaware
corporation; NCH CORPORATION
EMPLOYEE LIFE AND HEALTH
BENEFIT PLAN; NEC
CORPORATION OF AMERICA, a
Nevada corporation; GROUP
INSURANCE PLAN FOR
EMPLOYEES OF NEC AND
AFFILIATES; NEFF RENTAL, LLC, a
Delaware limited liability company;
NEFF RENTAL LLC HEALTH &
WELFARE PLAN; NESTLE USA,
INC., a Delaware corporation; NESTLE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  USA NESCARE PLAN; NETAPP,
2  INC., a Delaware corporation;
   NETAPP, INC. GROUP HEALTH
3  PLAN; NEW BREED CORPORATE
   SERVICES, INC., a New Jersey
4  corporation; NEW BREED
5  CORPORATE SERVICES INC.
   WELFARE BENEFIT PLAN; NIKE,
6  INC., an Oregon corporation; NIKE,
   INC. GROUP INSURANCE PLAN;
7  NORTHROP GRUMMAN
8  CORPORATION, a Delaware
   corporation; NORTHROP GRUMMAN
9  CORPORATION GROUP BENEFITS
10 PLAN; NOVARTIS
   PHARMACEUTICALS
11 CORPORATION, a Delaware
12 corporation; NOVARTIS
   PHARMACEUTICALS CORP.
13 WELFARE BENEFITS PLAN; NPL
   CONSTRUCTION CO., a Nevada
14 corporation; NPL CONSTRUCTION
15 CO. EMPLOYEE HEALTH BENEFIT
   PLAN; NRC PAYROLL
16 MANAGEMENT, LLC, a Delaware
   limited liability company; NRC
17 PAYROLL MANAGEMENT
18 HEALTH AND WELFARE PLAN;
   NURSEFINDERS, LLC, a Texas
19 limited liability company;
20 NURSEFINDERS, INC. DBA
   MEDFINDERS WELFARE BENEFIT
21 PLAN; OBERTHUR
   TECHNOLOGIES OF AMERICA
22 CORP., a Delaware corporation;
23 OBERTHUR TECHNOLOGIES OF
   AMERICA CORP. GROUP
24 BENEFITS PLAN; OCLC ONLINE
   COMPUTER LIBRARY CENTER,
25 INC., an Ohio corporation; OCLC
26 EMPLOYEE WELFARE BENEFIT
   PLAN; OLD DOMINION FREIGHT
27 LINE, INC., a Virginia corporation;
28 OLD DOMINION EMPLOYEE

1  BENEFIT PLAN; OLIN
2  CORPORATION, a Virginia
   corporation; OLIN
3  MEDICAL/DENTAL PLAN;
4  ONWARD HEALTHCARE, INC., a
   Delaware corporation; ONWARD
5  HEALTHCARE, INC. HEALTH AND
   WELFARE PLAN; ORIX USA
6  CORPORATION, a Delaware
   corporation; ORIX USA
7  CORPORATION WELFARE PLAN;
8  OSRAM SYLVANIA, INC., a
   Delaware corporation; OSRAM
9  SYLVANIA, INC. PLAN FOR
10 GROUP INSURANCE; PAETEC
   HOLDING CORP., a Delaware
11 corporation; PAETEC HOLDING
   CORP. HEALTH CARE-MEDICAL;
12 PANALPINA, INC., a New York
13 corporation; PANALPINA, INC.
   WELFARE BENEFITS PLAN; PARK
14 ELECTROCHEMICAL CORP., a New
   York corporation; PARK
15 ELECTROCHEMICAL CORP.
16 EMPLOYEE HEALTH & LIFE
   BENEFIT PLAN; PARKER-
17 HANNIFIN CORPORATION, an Ohio
   corporation; GROUP INSURANCE
18 PLAN HOURLY AND SALARIED
19 EMPLOYEES OF PARKER
   HANNIFIN CORP.; PARSONS
20 CORPORATION, a Delaware
21 corporation; GROUP BENEFITS
   PLAN FOR EMPLOYEES OF
22 PARSONS CORPORATION &
23 DESIGNATED SUBSIDIARIES;
   PAYLESS SHOESOURCE, INC., a
24 Missouri corporation; PAYLESS
25 SHOESOURCE, INC. MEDICAL
   PLAN; PECHINEY PLASTIC
26 PACKAGING, INC., a Delaware
27 corporation; ALCAN SALARIED
   WELFARE BENEFITS PROGRAM;
28 PENTAIR, INC., a Minnesota

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

corporation; PENTAIR, INC. ACTIVE EMPLOYEE WELFARE PLAN; PERFORMANCE FOOD GROUP, INC., a Colorado corporation; PERFORMANCE FOOD GROUP INC. EMPLOYEE BENEFITS PLAN; PERKINS & MARIE CALLENDER'S, LLC, a Delaware limited liability company; PERKINS FLEXIBLE BENEFITS PLAN; PEROT SYSTEMS CORPORATION, a Delaware corporation; PEROT SYSTEMS CORPORATION HEALTH WRAP PLAN; PETCO ANIMAL SUPPLIES, INC., a Delaware corporation; PETCO ANIMAL SUPPLIES INC. GROUP BENEFIT PLAN AND TRUST; PETER KIEWIT SONS', INC., a Delaware corporation; PETER KIEWIT SONS', INC. HEALTH AND WELFARE PLAN; PETSMART, INC., a Delaware corporation; PETSMART SMARTCHOICES BENEFIT PLAN; PFIZER, INC., a Delaware corporation; PFIZER MEDICAL PLAN; PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC, a Florida limited liability company; PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC WELFARE BENEFIT PLAN; PHIBRO ANIMAL HEALTH CORPORATION, a New York corporation; PHIBRO ANIMAL HEALTH CORPORATION HEALTH AND BENEFIT PLAN; PLAINS ALL AMERICAN GP, LLC, a Delaware limited liability company; PLAINS ALL AMERICAN GP LLC EMPLOYEE HEALTH BENEFIT PLAN; PLATINUM HOME MORTGAGE CORPORATION, an Illinois corporation; PLATINUM HOME MORTGAGE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  CORPORATION; PLAYBOY
2  ENTERPRISES INTERNATIONAL,
   INC., a Delaware corporation;
3  PLAYBOY HEALTH BENEFIT
   PLAN; POLYCOM, INC., a Delaware
4  corporation; POLYCOM, INC.
   FLEXIBLE SPENDING ACCOUNT
5  PLAN; PPS HOLDINGS, INC., a
6  Tennessee corporation; PPS
   HOLDINGS, INC. EMPLOYEE
7  BENEFIT PLAN; PRADA USA
8  CORP., a Delaware corporation;
   PRADA USA CORPORATION
9  WELFARE BENEFIT PLAN;
10 PRECYSE SOLUTIONS, LLC, a
   Delaware limited liability company;
11 WELFARE BENEFIT PLAN FOR
   EMPLOYEES OF PRECYSE
12 SOLUTIONS LLC; PRIME
13 ADMINISTRATION, LLC, a Delaware
   limited liability company; PRIME
14 ADMINISTRATION LLC
   CONSOLIDATED HEALTH &
15 WELFARE PLAN; PROBUILD
16 HOLDINGS, INC., a Delaware
   corporation; PROBUILD HOLDINGS,
17 INC. WELFARE BENEFIT PLAN;
18 PROCTOR & GAMBLE RHD, INC.,
   an Ohio corporation; THE PROCTOR
19 & GAMBLE HEALTH CARE PLAN;
20 PROGRESSIVE LOGISTICS
   SERVICES, LLC, a Georgia limited
21 liability company; PROGRESSIVE
22 LOGISTICS SERVICES, LLC
   MEDICAL & LIFE INSURANCE
23 BENEFITS PLAN; PROTECTION
   ONE ALARM MONITORING, INC., a
24 Delaware corporation; PROTECTION
   ONE ALARM MONITORING, INC.
25 WELFARE PLAN; PROVIDENCE
26 SERVICE CORPORATION, a
   Delaware corporation; PROVIDENCE
27 SERVICE CORPORATION HEALTH
28 BENEFITS PLAN; PSC

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ENVIRONMENTAL SERVICES, LLC, a Delaware limited liability company; PSC, LLC GROUP WELFARE BENEFITS PLAN; PSN USA HOLDINGS, INC., a Texas corporation; PSN USA HOLDINGS, INC. WELFARE BENEFIT PLAN; QBE FIRST INSURANCE AGENCY, INC., a California corporation; QBE FIRST GROUP HEALTH AND WELFARE PLAN; QUANTUM CORPORATION, a Delaware corporation; QUANTUM CORPORATION HEALTH AND WELFARE PLAN; RAINBOW USA, INC., a New York corporation; RAINBOW USA, INC. MEDICAL PLAN; RAYTHEON COMPANY, a Delaware corporation; RAYTHEON HEALTH BENEFITS PLAN; RED WING SHOE COMPANY, INC., a Minnesota corporation; RED WING SHOE COMPANY FLEXIBLE BENEFIT PLAN; REXAM, INC., a Delaware corporation; GROUP INSURANCE PLAN FOR EMPLOYEES OF REXAM, INC.; REXNORD INDUSTRIES, LLC, a Delaware limited liability company; REXNORD WELFARE PLAN; REYES HOLDINGS, LLC, a Delaware limited liability company; THE REYES HOLDINGS FLEXIBLE BENEFITS PLAN; RITE AID CORPORATION, a Delaware corporation; RITE AID CORPORATION HEALTH INSURANCE PLAN; RURAL/METRO CORPORATION, an Arizona corporation; RURAL METRO CORPORATION EMPLOYEE BENEFIT PLAN; RUSH TRUCK CENTERS OF CALIFORNIA, INC., a Delaware corporation; RUSH ENTERPRISES MEDICAL PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  RYDER SERVICES CORPORATION,
2  a Florida corporation; RYDER
   SYSTEM, INC. FLEXIBLE
3  BENEFITS PLAN; S & A
   COMPUTER SERVICES, INC., a
4  Georgia corporation; S AND A
   COMPUTER SERVICES WELFARE
5  BENEFIT PLAN; SADDLE CREEK
6  CORPORATION, a Florida
   corporation; SADDLE CREEK CORP.
7  GROUP INSURANCE AND
   FLEXIBLE BENEFIT PLAN;
8  SAFRAN USA, INC., a Delaware
9  corporation; SAFRAN USA, INC.
   CAFETERIA PLAN; SAIA MOTOR
10 FREIGHT LINE, LLC, a Louisiana
11 limited liability company; SAIA
   MOTOR FREIGHT LINE LLC
12 EMPLOYEE PREFERRED
13 PROVIDER PLAN; SALLY BEAUTY
   HOLDINGS, INC., a Delaware
14 corporation; SALLY BEAUTY
15 HOLDINGS INC. HEALTH AND
   WELFARE PLAN; SANTANDER
16 CONSUMER USA, INC., an Illinois
   corporation; SANTANDER
17 CONSUMER USA INC. WELFARE
18 BENEFIT PLAN; SCHNEIDER
   NATIONAL, INC., a Wisconsin
19 corporation; SCHNEIDER
20 NATIONAL, INC. FLEXIBLE
   BENEFITS PLAN; SEASONS
21 HOSPICE & PALLIATIVE CARE OF
22 CALIFORNIA, INC., a California
   corporation; SEASONS HOSPICE
23 FLEXIBLE BENEFIT PLAN;
   SEDGWICK CLAIMS
24 MANAGEMENT SERVICES, INC., an
25 Illinois corporation; SEDGWICK
   CLAIMS MANAGEMENT
26 SERVICES, INC. WELFARE
   BENEFIT PLAN; SELECT
27 SPECIALIZED STAFFING, INC., a
28 California corporation; SELECT

STAFFING – FLEXIBLE BENEFITS PLAN; SHELL OIL COMPANY, a Delaware corporation; SHELL OIL COMPANY COMPREHENSIVE WELFARE BENEFITS PLAN; SIEMENS CORPORATION, a Delaware corporation; SIEMENS CORPORATION GROUP LIFE, MEDICAL, DENTAL, VISION, HEARING AND LONG TERM DISABILITY INCOME PLAN; SILVERADO SENIOR LIVING HOLDINGS, INC., a Delaware corporation; SILVERADO SENIOR LIVING HOLDINGS, INC. WELFARE BENEFITS PLAN; SKYWEST AIRLINES, INC., a Utah corporation; SKYWEST, INC. CAFETERIA PLAN; SLEEP INNOVATIONS, INC., a New Jersey corporation; SLEEP INNOVATIONS, INC. WELFARE BENEFIT PLAN; SMURFIT KAPPA ORANGE COUNTY, LLC, a Delaware limited liability company, F/K/A ORANGE COUNTY CONTAINER GROUP LLC; ORANGE COUNTY CONTAINER GROUP MEDICAL PLAN; SODEXO, INC., a Delaware corporation; SODEXO, INC. MEDICAL BENEFITS PLAN; SORRENTO CAPITAL, INC., a California corporation; SORRENTO CAPITAL WELFARE BENEFITS PLAN; SOURCEHOV, LLC, a Delaware limited liability company; SOURCEHOV, LLC HEALTH AND WELFARE BENEFIT PLAN; SOUTHWEST AIRLINES CO., a Texas corporation; SOUTHWEST AIRLINES CO. WELFARE BENEFIT PLAN; SOUTHWEST GAS CORPORATION, a California corporation; SOUTHWEST GAS

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

CORPORATION LIFE INSURANCE
& HEALTH PLAN; STATION
CASINOS, INC., a Nevada corporation;
STATION CASINOS, INC.
EMPLOYEE BENEFIT PLAN; STEIN
MART, INC., a Florida corporation;
STEIN MART, INC. &
SUBSIDIARIES GROUP
DISABILITY AND VISION PLAN;
STRYKER CORPORATION, a
Michigan corporation; STRYKER
CORPORATION WELFARE
BENEFITS PLAN; SUNBURST
HOSPITALITY CORPORATION, a
Delaware corporation; SUNBURST
HOSPITALITY CORPORATION
EMPLOYEE WELFARE PLAN;
SUNSTATE EQUIPMENT CO., LLC,
a Delaware limited liability company;
SUNSTATE EQUIPMENT CO., LLC
EMPLOYEE BENEFIT PLAN;
SYSTEMS APPLICATION &
TECHNOLOGIES, INC., a Delaware
corporation; SYSTEMS
APPLICATION AND
TECHNOLOGIES, INC. HEALTH
AND WELFARE PLAN; TARGET
CORPORATION, a Minnesota
corporation; TARGET
CORPORATION EMPLOYEE
UMBRELLA TRUSTEED BENEFIT
PLAN; TECH DATA
CORPORATION, a Florida
corporation; TECH DATA
CORPORATION EMPLOYEE
WELFARE BENEFITS PLAN; TEIJIN
HOLDINGS USA, INC., a Delaware
corporation; TEIJIN HOLDINGS USA,
INC. WELFARE BENEFITS PLAN;
TELAID INDUSTRIES, INC., a
Connecticut corporation; TELAID
GROUP HEALTH PLAN; TELECARE
CORPORATION, a California
corporation; TELECARE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

31

CORPORATION GROUP WELFARE PLAN; TESTAMERICA LABORATORIES, INC., a Delaware limited liability company; TESTAMERICA EMPLOYEE BENEFITS PLAN; TEXTRON, INC., a Delaware corporation; TEXTRON BARGAINED INSURED BENEFITS PLAN; TGI FRIDAY'S, INC., a New York corporation; CRW FLEXIBLE BENEFIT PLAN; THE ARORA GROUP, INC., a Maryland corporation; THE ARORA GROUP, INC. MEDICAL AND PRESCRIPTION DRUG PLAN; THE BOEING COMPANY, a Delaware corporation; BOEING NORTH AMERICAN EMPLOYEE HEALTH PLAN; THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation; THE CHILDREN'S PLACE HEALTH CARE, SHORT TERM DISABILITY & LIFE INSURANCE PLAN; THE CLOROX COMPANY, a Delaware corporation; THE CLOROX COMPANY GROUP INSURANCE PLAN; THE COCA-COLA COMPANY, a Delaware corporation; THE COCA-COLA COMPANY HEALTH AND WELFARE BENEFITS PLAN; THE CONVERSE PROFESSIONAL GROUP, a California corporation; THE CONVERSE PROFESSIONAL GROUP MAJOR MEDICAL PLAN; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York corporation; THE GUARDIAN HIGH DEDUCTIBLE HEALTH PLAN THROUGH UNITEDHEALTHCARE HOME OFFICE; THE HAIN CELESTIAL GROUP, INC., a Delaware corporation; THE HAIN CELESTIAL GROUP, INC.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

BENEFITS PLAN; THE HERTZ
CORPORATION, a Delaware
corporation; HERTZ CUSTOM
BENEFIT PROGRAM; THE
INTERPUBLIC GROUP OF
COMPANIES, INC., a Delaware
corporation; THE INTERPUBLIC
MEDICAL AND DENTAL PLAN;
THE MCGRAW-HILL COMPANIES,
INC., a New York corporation; THE
MCGRAW-HILL COMPANIES, INC.
GROUP HEALTH PLAN; THE
SALVATION ARMY, a New York
corporation; THE SALVATION
ARMY FLEXIBLE BENEFIT PLAN;
THE SERVICEMASTER COMPANY,
LLC, a Delaware limited liability
company; THE SERVICEMASTER
HEALTH & WELFARE BENEFITS
PLAN; THE STERITECH GROUP,
INC., a Georgia corporation; THE
STERITECH GROUP, INC.
CAFETERIA PLAN; THE
TRAVELERS COMPANIES, INC., a
Minnesota corporation; THE
TRAVELERS TRUSTEED
EMPLOYEE BENEFIT PLAN; THE
TURNER CORPORATION, a New
York corporation; THE TURNER
CORPORATION WELFARE
BENEFITS PLAN; THERMO FISHER
SCIENTIFIC, INC., a Delaware
corporation; THERMO FISHER
SCIENTIFIC INC. GROUP
INSURANCE PLAN; TIC
HOLDINGS, INC., a Colorado
corporation; TIC HOLDINGS, INC.
WELFARE BENEFIT PLAN; TIME
WARNER CABLE, INC., a Delaware
corporation; TIME WARNER CABLE
BENEFITS PLAN; TIRE CENTERS,
LLC, a California limited liability
company; TIRE CENTERS, LLC
EMPLOYEE BENEFIT PLAN; T-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

33
COMPLAINT

1 | MOBILE USA, INC., a Delaware
2 | corporation; T-MOBILE USA, INC.
EMPLOYEE BENEFIT PLAN;
3 | TOSHIBA AMERICA, INC., a
Delaware corporation; TOSHIBA
4 | AMERICA INC. GROUP WELFARE
5 | BENEFIT PLAN; TOWERS WATSON
AMERICA, LLC, a Delaware limited
6 | liability company; TOWERS WATSON
MEDICAL PLAN; TRIBUNE
7 | COMPANY, a Delaware corporation;
8 | TRIBUNE COMPANY BENEFIT
PROGRAM; TRINET HR
9 | CORPORATION, a California
10 | corporation, F/K/A GEVITY HR, INC.;
GEVITY HR INC. SECTION 125
11 | PLAN; TTX COMPANY, a Delaware
12 | corporation; TTX COMPANY GROUP
AND HEALTH PLAN; TUCKER
13 | ELLIS, LLP, a Delaware limited
liability partnership; TUCKER ELLIS
14 | & WEST LLP WELFARE BENEFIT
15 | PLAN; UNION BANK, N.A., a
California corporation; UNION BANK
16 | HEALTH BENEFIT PLAN; UNION
17 | PACIFIC RAILROAD COMPANY, a
Delaware corporation; UNION
18 | PACIFIC RAILROAD EMPLOYEES
HEALTH SYSTEMS; UNITED
19 | AIRLINES, INC., a Delaware
20 | corporation; UNITED AIRLINES
CONSOLIDATED WELFARE
21 | BENEFIT PLAN; UNITEDHEALTH
22 | GROUP EMPLOYEE HEALTH
BENEFIT PLAN; UNIVISION
23 | COMMUNICATIONS, INC., a
Delaware corporation; UNIVISION
24 | WELFARE BENEFITS PLAN; UPM
25 | RAFLATAC, INC., a North Carolina
corporation; UPM-RAFLATAC, INC.
26 | HEALTH AND WELFARE BENEFIT
PLAN; URBAN DECAY
27 | COSMETICS, LLC, a Delaware limited
28 | liability company; URBAN DECAY

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

COMPLAINT

COSMETICS HEALTH AND
WELFARE PLAN; U.S. AUTO
PARTS NETWORK, INC., a Delaware
corporation; US AUTO PARTS
NETWORK INC. HEALTH AND
WELFARE BENEFIT PLAN; US
AIRWAYS GROUP, INC., a Delaware
corporation; US AIRWAYS, INC.
HEALTH BENEFIT PLAN; U.S.
LOGISTICS, INC., an Oklahoma
corporation; U.S. LOGISTICS, INC.
HEALTH AND DENTAL; U.S.
NURSING CORPORATION, a
Colorado corporation; US NURSING
CORP. EMPLOYEE BENEFIT PLAN;
USA TRUCK, INC., a Delaware
corporation; USA TRUCK INC.
WELFARE BENEFIT PLAN; UTI
SERVICES, INC., a California
corporation; UTI SERVICES, INC.
WELFARE BENEFITS PLAN;
VALEANT PHARMACEUTICALS
INTERNATIONAL, a Delaware
corporation; VALEANT
PHARMACEUTICALS
INTERNATIONAL GROUP
WELFARE PLAN; VELOCITY
EXPRESS, LLC, a Delaware limited
liability company; VELOCITY
EXPRESS, LLC FLEXIBLE
BENEFITS PLAN; VEOLIA
ENVIRONMENTAL SERVICES
NORTH AMERICA, LLC, a Wisconsin
corporation; VEOLIA
ENVIRONMENTAL SERVICES
NORTH AMERICA CORP.
EMPLOYEE HEALTH BENEFIT
PLAN; VERIZON
COMMUNICATIONS, INC., a
Delaware corporation; VERIZON
PLAN 550; VIA TECHNOLOGIES,
INC., a California corporation; VIA
TECHNOLOGIES, INC. HEALTH
AND WELFARE PLAN; VIACOM,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

35

COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   INC., a Delaware corporation;
2   VIACOM HEALTH PLAN; VOLT
    INFORMATION SCIENCES, INC., a
3   New York corporation; VOLT
    INFORMATION SCIENCES, INC.
4   AND AFFILIATES EMPLOYEE
5   WELFARE BENEFITS PLAN;
    VULCAN MATERIALS COMPANY,
6   a New Jersey corporation; HEALTH &
    WELFARE BENEFIT PLANS OF
7   VULCAN MATERIALS COMPANY;
8   W.W. GRAINGER, INC., an Illinois
    corporation; W.W. GRAINGER INC.
9   GROUP BENEFIT PLAN I;
10  WACHOVIA FINANCIAL
    SERVICES, INC., a Delaware
11  corporation; WACHOVIA
12  CORPORATION HEALTH AND
    WELFARE PLAN; WAL-MART
13  STORES, INC., a Delaware
    corporation; WAL-MART STORES,
14  INC. ASSOCIATES HEALTH AND
15  WELFARE PLAN; WELLS FARGO &
    COMPANY, a Delaware corporation;
16  WELLS FARGO & CO. HEALTH
17  PLAN; WE'RE READY TO
    ASSEMBLE, INC., a Texas corporation
18  (F/K/A NATIONAL PRODUCT
    SERVICES, INC.) D/B/A IMPACT
19  RESOURCE GROUP; WE'RE
20  READY TO ASSEMBLE DBA
    IMPACT RESOURCE GROUP
21  BENEFIT PLAN; WESTWAYS
    STAFFING SERVICES, INC., a
22  California corporation; WESTWAYS
23  STAFFING SERVICES HEALTH
    PLAN; WHIRLPOOL
24  CORPORATION, a Delaware
25  corporation; WHIRLPOOL
    CORPORATION GROUP BENEFIT
26  PLAN; WHOLE FOODS MARKET
    CALIFORNIA, INC., a California
27  corporation; WHOLE FOODS
28  MARKET, INC. CAFETERIA PLAN;

1  WILLIAMS-SONOMA STORES,
INC., a California corporation;
2  WILLIAMS-SONOMA, INC.
HEALTH & WELFARE PLAN;
3  WIPRO LIMITED, an India
corporation; WIPRO HEALTH AND
4  WELFARE PLAN; WOLVERINE
WORLD WIDE, INC., a Delaware
5  corporation; WOLVERINE
WORLDWIDE FLEXIBLE
6  SPENDING ACCOUNT PLAN;
7  WORLD TRAVEL HOLDINGS, INC.,
a Delaware corporation; WORLD
8  TRAVEL HOLDINGS, INC.
FLEXIBLE BENEFIT PLAN;
9  WORLEYPARSONS
CORPORATION, a Delaware
10  corporation; GROUP BENEFITS
PLAN FOR EMPLOYEES OF
11  WORLEYPARSONS
CORPORATION; WSA GROUP,
12  INC., a California corporation; WSA
GROUP; WYNRIGHT
13  CORPORATION, an Illinois
corporation; WYNRIGHT WELFARE
14  BENEFIT PLAN; XETA
TECHNOLOGIES, INC., an Oklahoma
15  corporation; XETA TECHNOLOGIES,
INC. WELFARE BENEFIT PLAN;
16  YUM! BRANDS, INC., a North
Carolina corporation; YUM! BRANDS,
17  INC. RESTAURANT EMPLOYEES
GROUP INSURANCE PLAN; ZALE
18  CORPORATION, a Texas corporation;
ZALE CORPORATION BENEFITS
19  PLAN; and DOES 1 through 10,
inclusive,
20

21               Defendants.

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs Almont Ambulatory Surgery Center, LLC, Bakersfield Surgery Institute, LLC, CIRO Surgery Center, LLC, East Bay Ambulatory Surgery Center, LLC, Modern Institute Of Plastic Surgery & Antiaging, Inc., New Life Surgery Center, LLC dba Beverly Hills Surgery Center, Orange Grove Surgery Center, LLC, Palmdale Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, San Joaquin Valley Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc., Valencia Ambulatory Surgery Center, LLC, West Hills Surgery Center, LLC, and Independent Medical Services, Inc. (collectively, the "Plaintiff Providers") bring this action, alleging as follows:

1.      Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 et seq.; and pursuant to the laws of California, including but not limited to California's unfair competition law, Cal. Civ. Code § 17200 et seq., for violations of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12111 *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.* for injuries caused by United's efforts to deny morbidly obese patients access to the surgical services provided at the Plaintiffs' surgery centers and medical providers.

# I.    INTRODUCTION

2.      This lawsuit alleges a deliberate, willful and concerted effort by United Healthcare to indefinitely avoid paying for Lap-Band services for its morbidly obese members.

3.      The patients whose claims are at issue in this lawsuit are all morbidly obese individuals who are suffering from serious medical problems associated with their obesity.

4.      All of these patients choose Preferred Provider Organization ("PPO") insurance, rather than HMO insurance, through their employers so that they can receive their medical services from the physicians and other medical providers of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   their choice, regardless of whether those physicians are in-network or out-of-

2   network.  United Healthcare, who administers the PPO insurance for these

3   employers, advertises on its website that the benefits of its PPO policies include:

4   "The freedom to choose any doctor for your health care needs."[1]

5       5.      All of these patients' healthcare providers requested that United

6   Healthcare authorize the patients to undergo the extensive pre-operative tests

7   necessary to determine whether they are qualified to receive Lap-Band surgery.

8   United Healthcare ther provided authorization for the plaintiffs' healthcare providers

9   to perform the procedures, or were informed that no authorization was needed.  After

10  receiving the authorizations, or being informed that no authorization was necessary,

11  the patients went through months of pre-operative tests.

12      6.      United Healthcare, however, has refused to pay for the vast majority of

13  the tests.

14      7.      In many cases, United Healthcare authorized the patients to receive the

15  Lap-Band surgery.  However, despite authorizing the surgeries, United Healthcare

16  has refused to pay for the surgeries.

17      8.      United Healthcare has created a number of pretextual excuses for

18  refusing to process or to pay the claims.  The most common excuse is that it needs

19  certain medical records from the patients' healthcare providers – the plaintiffs in this

20  case.  However, the plaintiff healthcare providers have provided all the medical

21  records to United Healthcare on multiple occasions.  Nevertheless, United Healthcare

22  continues to falsely claim that it needs additional records.

23      9.      When the healthcare providers call United Healthcare to ask what

24  records are missing, United Healthcare cannot say what records are missing.  Instead,

25

26  _____

27  [1] See UnitedHealthcare Options – a Preferred Provider Organization (PPO),
    http://www.uhc.com/employers/health-plans/group_coverage/options_ppo.htm

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   the United Healthcare representatives who answer the phones say that United's

2   claims processor, OptumInsight, Inc., which is located in the Philippines, says that it

3   is missing records, but cannot tell United Healthcare what records are missing.

4        10.    United Healthcare, on behalf of the employer defendants, therefore

5   delays paying for any of the claims by repeatedly asserting that it needs unspecified

6   medical records, but cannot state what records are missing.  In fact, United

7   Healthcare has all the medical records for all the claims at issue in this case.

8        11.    Many patients have been afraid to have the Lap-Band surgeries, even

9   though their insurance covers the surgeries and they are authorized to have them,

10  because they do not want to be saddled with the liability for paying for the surgeries

11  given that United Healthcare has refused to pay for any of the pre-operative tests.

12       12.    Some patients have had the Lap-Band surgeries and need to have their

13  Lap-Bands adjusted because they have lost weight, or require other follow-up

14  medical procedures related to their surgeries.  However, these patients are afraid to

15  have these follow-up procedures because they do not want to further increase their

16  liability for payment due to United Healthcare's failure to pay.

17       13.    The refusal of United Healthcare and the defendant employers to pay for

18  the Lap-Band procedures for their morbidly obese members and employees violates

19  the Employee Retirement Income Security Act ("ERISA") and constitutes

20  discrimination against morbidly obese individuals.  ERISA requires the defendants to

21  provide the specific reasons for non-payment of claims, to state explicitly what

22  additional records are needed to perfect the claims, and to provide all requested plan

23  and other documents used to deny the claims.  Defendants have failed to comply with

24  any of these requirements, which subjects them to penalties.

25       14.    Hundreds of millions of dollars are owed by defendants for the services

26  plaintiffs healthcare providers have provided to defendants' members and insureds.

27  In addition, hundreds of millions of dollars are owed in penalties resulting from

28  defendants' failures to provide the documents requested by plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

**A.** **Plaintiffs Provide Much-Needed Health Care to Morbidly Obese Patients.**

15.    Plaintiffs Almont Ambulatory Surgery Center, LLC, Bakersfield Surgery Institute, LLC, CIRO Surgery Center, LLC, East Bay Ambulatory Surgery Center, LLC, Modern Institute Of Plastic Surgery & Antiaging, Inc., New Life Surgery Center, LLC dba Beverly Hills Surgery Center, Orange Grove Surgery Center, LLC, Palmdale Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, San Joaquin Valley Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc., Valencia Ambulatory Surgery Center, LLC, West Hills Surgery Center, LLC, and Independent Medical Services, Inc., are a network of health providers that specialize in providing laparoscopic adjustable gastric band ("Lap-Band") surgery and other surgical procedures and medical services to individuals who are morbidly obese.

16.    Lap-Band surgery is a widely used and minimally invasive surgical procedure that involves tying a silicone band around a portion of the stomach pouch. Individuals who receive this procedure experience a feeling of satiety, or fullness, more quickly, and therefore eat less, which in turn promotes weight loss.  Compared to other forms of bariatric surgery, such as gastric sleeve surgery or gastric bypass procedures, one expert publicly commented that "Lap-Band really has the fewest complications and is the least invasive."[2]

17.    Since 2010, Plaintiffs have helped thousands of morbidly obese individuals to undergo Lap-Band surgery as well as other medical procedures that

_____

[2] ABC News, Christie's Weight-Loss Surgery: Less Invasive but Slower Weight Loss, May 7, 2013, http://abcnews.go.com/Health/chris-christies-lap-band-surgery-left-stomach-intact/story?id=19126013 (comments of Dr. Richard Besser, ABC News' chief health and medical correspondent, regarding the recent announcement by New Jersey governor Chris Christie that he had received Lap-Band surgery).

1  assist those individuals in obtaining effective treatment for their disability.  Plaintiffs

2  estimate that roughly 90% of their patients are morbidly obese.

3      18.     The Equal Employment Opportunity Commission has formally

4  recognized "severe" or "morbid" obesity as a disability under the Americans with

5  Disabilities Act, 42 U.S.C. §12101 *et seq.*  Morbidly obese individuals are therefore

6  protected from discrimination based upon their disability status.  This includes

7  discrimination with respect to the provision of health care benefits that those

8  individuals obtain through their employer.

9      19.     Indeed, the morbidly obese, who represent nearly 4% of America's

10 population, are frequently discriminated against in the provision of medical care.

11 This trend was illustrated by a recent blog post in the New York Times, which

12 reported that in a recent study, one out of five doctors' offices in four major cities

13 across the country refused to even book an appointment when researchers attempted

14 to do so on behalf of a hypothetical overweight, disabled patient, and made

15 unfounded assumptions about that patient without even meeting him.[3]  The Provider

16 Plaintiffs therefore perform a valuable role in providing much-needed care to an

17 underserved and misunderstood population.

18 **B.    Defendants' Blanket Refusal to Pay for Plaintiffs' Services Continues to**

19 **Cause Serious and Ongoing Harm to Patient Care.**

20     20.     This lawsuit arises from a deliberate, willful and concerted effort by

21 Defendants UnitedHealth Group, Inc., United Healthcare Services, and

22 UnitedHealthcare Insurance Company (collectively, "United" or "United

23

24 _____

25 [3] Pauline W. Chen, New York Times Well Blog, May 23, 2013, *Disability and*

26 *Discrimination at the Doctor's Office*,

27 http://well.blogs.nytimes.com/2013/05/23/disability-and-discrimination-at-the-doctors-office/

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   Defendants") to indefinitely avoid paying for services that Plaintiffs rendered to their

2   largely morbidly obese patient population.

3       21.     In 2010, Plaintiffs began submitting claims for reimbursement to United,

4   who acts as the welfare benefits plan administrator for various ERISA and non-

5   ERISA health benefits plans.

6       22.     Plaintiffs are not members of UnitedHealth Group's in-network health

7   care providers, and they are not signatories to any contracts with UnitedHealth

8   Group.  Each of the claims which Plaintiffs submitted was pursuant to an

9   authorization that they obtained from UnitedHealth Group prior to the procedure

10  being performed.  In fact, for nearly every claim, UnitedHealth Group's represented

11  in response to inquiries by the various Plaintiff providers that they would reimburse

12  the cost of the procedure at the provider's "usual and customary rates" ("UCR").  In

13  reality, however, United had no intention of paying anything at all.

14      **1.      United Schemed to Withhold All Payment from Plaintiffs, And Then**

15          **Lied About It.**

16      23.     Initially, United paid such claims according to the terms of the health

17  plans that it administered.  Beginning in 2010, however, United started to

18  substantially underpay Plaintiffs' claims for reimbursement, and shortly thereafter,

19  began to systematically withhold all payment from Plaintiffs without informing them.

20  United did so even though for many patients it had expressly given authorization for

21  the procedures at issue to be performed.  In many cases, the providers and surgery

22  centers performed these surgeries in reliance upon United's prior authorizations.

23  Despite authorizing the procedures, however, United refuses to pay – and in some

24  cases, even refuses to process – virtually any claim that is submitted by the Plaintiffs.

25      24.     United accomplishes this delay in processing claims by using a variety

26  of made-up excuses, all of which are procedurally improper.  Each time the Plaintiffs

27  submit claims for services rendered, United responds with a boilerplate notification

28  that the claim cannot be processed without additional, burdensome documentation,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

most of which is already in the possession of United, and none of which is needed to process the claims.  In many cases, United asks for numerous categories of medical records which it either already has, or which are not relevant to the claim being processed.  In other cases, pretends not to have received the claim at all, or pretends not to have received medical records that Plaintiffs have submitted, forcing Plaintiffs to re-submit them.  When Plaintiffs follow up to ask what information is required to perfect its claims United refuses to identify which specific records it supposedly needs.  Despite having all the information it needs to process Plaintiffs' valid claim submissions, United almost always denies Plaintiffs' claims for the purported failure to provide all relevant medical records.

25.     United also forwards nearly every claim submitted by the Plaintiffs to Defendant OptumInsight, Inc. (also known as Ingenix) for purported further "review," where those claims may languish for months and years without being paid. Ingenix/OptumInsight makes the same unintelligible, burdensome and baseless requests for records and documentation as United, even when Plaintiffs have previously provided all of the same medical records and other documents to United in response to the same requests.  Ingenix/OptumInsight also refuses to identify what specific records are supposedly necessary to perfect the claims for payment.  As a result, Plaintiffs are ping-ponged back and forth between United and Ingenix in what are ultimately futile attempts to understand what further information Untied supposedly needs to pay the claims.

26.     ERISA requires plans to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial."  Defendants' denial letters did not advise Plaintiffs the specific type of evidence to submit in support of their claims in violation of ERISA.  Defendants' denial letters did not notify Plaintiffs or the plan beneficiaries of what additional information would be necessary to perfect the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  They therefore violate ERISA because they fail to explain "in a manner calculated to
2  be understood by the claimant" what Plaintiffs must do to perfect the claims.

3       27.    Defendants' communications with Plaintiffs are not only deceptive, in
4  that they are intended to obfuscate United's true intent, which is to deny any claim
5  submitted by Plaintiffs.  After months or years of delay, Defendants ultimately rely
6  on the same intentionally dishonest, inadequate and spurious excuses to deny
7  payment such as the purported failure to provide the "complete" medical records.

8       28.    Through this deliberate and institutionalized abuse of the claims
9  administration process, Defendants have, in effect, successfully managed to avoid
10  paying nearly any of Plaintiffs' claims for several years.  The amount that Defendants
11  owe Plaintiffs, in the aggregate, on these unpaid claims is in the millions of dollars.

12       29.    United's scheme of denials and cryptic claim rejections ensure that
13  Plaintiffs never know why their claims are being denied in violation of Defendants'
14  obligations under ERISA to convey complete and accurate information.  Plaintiffs are
15  therefore deprived of the procedural protections of ERISA and other applicable
16  regulations.  Those regulations specify that a determination must be made within 90
17  days of United's receipt of the claim submission, and that every denial must be
18  justified by identifying specific language contained in the benefit plans.  United's
19  failure to render proper and timely decisions on the merits therefore prejudices
20  Plaintiffs' appeal rights.

21       30.    As an added benefit, Defendants' reliance on pretextual procedural
22  rationales and material misrepresentations to prolong and deny the claims review
23  process permits Defendants to avoid having to identify any actual provision in the
24  health plans on which the denial of payment must be based.  This is again in violation
25  of applicable federal and state regulations, including ERISA.  Defendants have
26  repeatedly denied Plaintiffs any meaningful dialogue about their claim submissions,
27  thus foreclosing all opportunity for Plaintiffs to submit any additional documents,
28  correct any errors in the record, point to any favorable evidence that would tend to

1  support the claim, or to otherwise prepare an informed response to Defendants'

2  decisions.  Defendants' refusal to provide specific reasons for the denials also

3  deprives Plaintiffs of the information that Plaintiffs would need to make proper

4  appeals from those denials.

5        31.    In almost all instances, Plaintiffs explicitly demanded that Defendants

6  produce specific plan documents justifying their denial of payment, and Defendants

7  ignored these requests.  Defendants' refusal to provide the requested records (which

8  is punishable by fine under ERISA) was designed to conceal the pretextual basis for

9  Defendants' behavior, as well as Defendants' policy of discrimination against

10 insureds who were morbidly obese.  However, because Defendants will not provide

11 the plan documents despite tens of thousands of written requests, Plaintiffs cannot

12 know for sure.

13       32.    On information and belief, the terms of the health benefit plans

14 administered by United do not permit United to deny Plaintiffs' claims, nor do they

15 permit United to obstruct, delay, or draw out the claims process for years at a time.

16 In carrying out its scheme, United is therefore acting *ultra vires*, outside the scope of

17 its delegated authority under the plans as the claims administrator for those plans.

18       33.    Moreover, on information and belief, Defendants were fully aware that

19 roughly 90% of the patients who came to Plaintiffs were morbidly obese, a protected

20 class, and in need of surgical treatment to ameliorate their condition.  Defendants'

21 discriminatory treatment of Plaintiffs' morbidly obese patients was therefore also in

22 violation of applicable state and federal law, including the federal Americans with

23 Disabilities Act and California's Fair Employment and Housing Act.

24       **2.    Plaintiffs Will Suffer Irreparable Harm, Including Harm to Their**

25            **Ability to Care for Existing Patients, Unless United is Ordered to**

26            **Stop.**

27       34.    Plaintiffs and their morbidly obese patients have been, and continue to

28 be, seriously harmed by Defendants' behavior.  Defendants never directly and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   unambiguously informed Plaintiffs that it intended to deny payment on each and

2   every claim.  In fact, Defendants continued to verify the availability of benefits

3   whenever Plaintiffs inquired regarding new patients, and continued to authorize

4   medical procedures for those patients to be performed by the Plaintiffs.  Similarly,

5   during insurance verification calls, United consistently assured Plaintiffs that they

6   would pay the reasonable and customary fees charged by Plaintiffs for their services.

7   In reliance upon United's representations that benefits were available and that

8   procedures would be authorized and United's promises to pay their reasonable and

9   customary charges, Plaintiffs reasonably expected their claims would be paid and

10  continued to see United policyholders, to their detriment.

11       35.    United is the single largest payor for Plaintiffs, such that a very

12  substantial percentage of all Plaintiffs' patients have benefit plans that are funded

13  and/or administered by United.  United's surreptitious and dishonest scheme to

14  withhold payment is, quite literally, driving Plaintiffs out of business.

15       36.    United's actions also threaten the continuity of patient care.  For

16  instance, United frequently authorized initial procedures and the work-up necessary

17  to perform bariatric surgery, and in some cases, even paid for the initial work-up, but

18  then denied payment for surgical procedures that were performed.  This prevents

19  Plaintiffs' morbidly obese patients from receiving the treatment they desperately

20  need to help them lose weight.  Likewise, patients who have received Lap-Band

21  surgery must return to Plaintiffs on a regular basis to receive adjustments to the Lap-

22  Band, yet it is difficult to continue to provide care when United has still failed to pay

23  for the initial procedure.  For such patients, Plaintiffs cannot simply stop providing

24  care, as that might constitute patient abandonment under California law.

25       37.    United is also depriving its own insureds of the health benefits to which

26  they are entitled.  As patients acknowledge when they come to Plaintiffs for

27  treatment, they are financially responsible in the event that United does not pay.

28  Because United authorizes procedures performed by the Plaintiff providers and yet

47

COMPLAINT

1  does not paid anything on the resulting claims, Plaintiffs are being placed into an

2  adversarial position with respect to their patients.  Of course, this is a costly,

3  unpleasant, and uncertain process, and results in the loss of the peace of mind that

4  insureds are entitled to enjoy.

5       38.    Patient care will continue to be endangered unless this Court enjoins

6  Defendants' behavior, and orders Defendants to cease abusing the claims review

7  process as a way to indefinitely avoid paying Plaintiffs what they are entitled to be

8  paid under the terms of the patients' benefit plans.  Injunctive relief is necessary in

9  order to stop Defendants from hiding behind the curtain of arbitrary administrative

10  process, and to force Defendants to process Plaintiffs' claims according to the terms

11  of applicable benefit plans.  Otherwise, patient care and peace of mind will continue

12  to be endangered, causing irreparable harm to Plaintiffs' ability to care for its

13  patients.

14  **C.**    **In Addition to Refusing to Pay, United Imposed Arbitrary and**

15        **Discriminatory Barriers to Patients Obtaining Surgery.**

16       39.    On information and belief, there was an overarching, and undisclosed,

17  policy at United to withhold all payment for submitted by patients who utilized their

18  out-of-network benefits with Plaintiffs, even though Defendants were fully aware that

19  roughly 90% of the patients who came to the Plaintiffs were morbidly obese and in

20  need of surgical treatment to ameliorate their condition.

21       40.    On information and belief, as part of this unwritten policy, Defendants

22  created unreasonable barriers for morbidly obese patients seeking to obtain the

23  weight loss surgery offered by Plaintiffs constituted unlawful discrimination as well

24  as an arbitrary and capricious denial of health benefits.  Such benefits could and

25  should have been made available under the health plans administered and/or funded

26  by United.

27       41.    For instance, United began denying approval for certain procedures until

28  the individuals seeking surgery enrolled in, and completed, a six-month weight loss

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

plan and nutrition regimen.  United knew that nothing in the terms of many of those individuals' health benefit plans required such draconian steps.  It also knew the patients' physicians had already determined that Lap-Band surgery was medically necessary.

42.     Studies published in numerous well-regarded scientific journals have found that such weight loss programs were ineffective for the morbidly obese and did not lead to better clinical outcomes than bariatric surgery alone.  Individuals who enroll in such arbitrarily imposed six-month plans typically drop out and do not lose weight; in any case, United's weight loss plans typically do not even require a demonstration that weight loss has occurred.  Thus, the net effect of this arbitrary and capricious barrier was to prevent morbidly obese plan beneficiaries from acquiring much-needed surgery.

43.     Along the same lines, United raised an unreasonable impediment to approval by seeking written proof from a doctor's office of the patient's weight or body mass index (BMI) for each of the preceding five years to be eligible for surgery. If the morbidly obese patient did not visit a doctor and thus did not have a documented weight in just one of the previous 5 years, the request would be denied. Like the preoperative weight loss plans, this was not a requirement of many of the health benefit plan prior to the approval of bariatric surgery, and was an arbitrary and capricious barrier to prevent morbidly obese beneficiaries from obtaining surgery.

44.     United, as the designated claims administrator for the plans, exercised sole discretion over claim pricing and payment of Plaintiffs' claims, and was responsible for authorizing medical treatment for its members.  On information and belief, however, the terms of many patients' benefit plans did not make surgery benefits contingent upon barriers such as the completion of a six month weight-loss plan, or a five-year documentation of the patient's weight.  United's refusal to approve many of these procedures until these arbitrary requirements had been met

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  constituted arbitrary and capricious conduct that went beyond United's fiduciary

2  duties to interpret and administer the terms of the plans.

3      45.    As with United's pretextual denials of payment for medical procedures

4  actually performed, United's imposition of such barriers also constituted wrongful

5  discrimination and failure to reasonably accommodate these patients' disabilities

6  under both the federal Americans with Disabilities Act and California's Fair

7  Employment and Housing Act.  As a result, United has also engaged in unfair

8  competition under California's Unfair Competition Law, and should enjoined from

9  denying benefits to its insured based on such conduct.

10

11          II.    **JURISDICTION AND VENUE**

12      46.    This Court has subject matter jurisdiction over this action pursuant to 28

13  U.S.C. § 1331, because the action arises under the laws of the United States; and

14  pursuant to 29 U.S.C. § 1132(e)(1), because the action seeks to enforce rights under

15  the Employee Retirement Income Security Act ("ERISA"); and supplemental

16  jurisdiction pursuant to 28 U.S.C. § 1367, because there is a common nucleus of facts

17  relating to United's wrongful behavior.

18      47.    This Court is the proper venue for this action pursuant to 28 U.S.C.

19  § 1391(b) because a substantial part of the events or omissions giving rise to the

20  claims alleged herein occurred in this Judicial District, and because one or more of

21  the Defendants conducts a substantial amount of business in this Judicial District.

22

23          III.    **THE PARTIES**

24  A.    **Plaintiff Surgery Centers.**

25      48.    The Plaintiff Surgery Centers are Limited Liability Companies and

26  Corporations organized and existing under the laws of the State of California, with

27  their principal places of business in the State of California.  Plaintiff Surgery Centers

28  operate ambulatory surgery centers that provide a variety of surgical services,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   including but not limited to the Lap-Band procedure.  At all relevant times, none of

2   the Plaintiff Surgery Centers were under contract with any of the Defendants, and

3   none of them participated in any of Defendants' provider networks.

4          a)     Plaintiff Almont Ambulatory Surgery Center LLC is, and at all

5   relevant times was, a California limited liability company organized and existing

6   under the laws of the State of California, with its principal place of business in

7   Beverly Hills, California.  Plaintiff Almont Ambulatory Surgery Center operates an

8   ambulatory surgery center in Beverly Hills, California.  At all relevant times, Almont

9   Ambulatory Surgery Center was not under contract with any of the Defendants, and

10  did not participate in any of their provider networks.

11         b)     Plaintiff Bakersfield Surgery Institute, LLC is, and at all relevant

12  times was, a limited liability company organized and existing under the laws of the

13  State of California, with its principal place of business in Bakersfield, CA.  Plaintiff

14  Bakersfield Surgery Institute, LLC operates an ambulatory surgery center in

15  Bakersfield, California.  At all relevant times, Bakersfield Surgery Institute, LLC was

16  not under contract with any of the Defendants, and did not participate in any of their

17  provider networks.

18         c)     Plaintiff CIRO Surgery Center, LLC is, and at all relevant times

19  was, a limited liability company organized and existing under the laws of the State of

20  California, with its principal place of business in San Jose, CA.  Plaintiff CIRO

21  Surgery Center, LLC operates an ambulatory surgery center in San Jose, California

22  specializing in bariatric surgery, including in the Lap-Band procedure.  At all

23  relevant times, CIRO Surgery Center, LLC was not under contract with any of the

24  Defendants, and did not participate in any of their provider networks.

25         d)     Plaintiff East Bay Ambulatory Surgery Center, LLC is, and at all

26  relevant times was, a limited liability company organized and existing under the laws

27  of the State of California, with its principal place of business in Fremont, CA.

28  Plaintiff East Bay Ambulatory Surgery Center, LLC operates an ambulatory surgery

1   center in Fremont, California.  At all relevant times, East Bay Ambulatory Surgery

2   Center, LLC was not under contract with any of the Defendants, and did not

3   participate in any of their provider networks.

4           e)      Plaintiff Modern Institute of Plastic Surgery & Antiaging, Inc.

5   ("Modern Institute") is, and at all relevant times was, a California corporation

6   organized and existing under the laws of the State of California, with its principal

7   place of business in Beverly Hills, California.  Plaintiff Modern Institute operates an

8   ambulatory surgery center in Beverly Hills, California specializing in plastic surgery

9   and also in bariatric surgery, including the Lap-Band procedure.  At all relevant

10  times, Plaintiff Modern Institute was not under contract with any of the Defendants,

11  and did not participate in any of their provider networks.

12          f)      Plaintiff New Life Surgery Center LLC dba Beverly Hills Surgery

13  Center is, and at all relevant times was, a limited liability company organized and

14  existing under the laws of the State of California, with its principal place of business

15  in Beverly Hills, California.  Plaintiff New Life Surgery Center LLC operates an

16  ambulatory surgery center in Beverly Hills, California specializing in bariatric

17  surgery, including in the Lap-Band procedure.  At all relevant times, New Life

18  Surgery Center LLC was not under contract with any of the Defendants, and did not

19  participate in any of their provider networks.

20          g)      Plaintiff Orange Grove Surgery Center, LLC is, and at all relevant

21  times was, a limited liability company organized and existing under the laws of the

22  State of California, with its principal place of business in Pomona, CA.  Plaintiff

23  Orange Grove Surgery Center, LLC operates an ambulatory surgery center in

24  Pomona, California.  At all relevant times, Orange Grove Surgery Center, LLC was

25  not under contract with any of the Defendants, and did not participate in any of their

26  provider networks.

27          h)      Plaintiff Palmdale Surgery Center, LLC is, and at all relevant

28  times was, a limited liability company organized and existing under the laws of the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   State of California, with its principal place of business in Palmdale, CA.  Plaintiff

2   Palmdale Surgery Center, LLC operates an ambulatory surgery center in Palmdale,

3   California.  At all relevant times, Palmdale Surgery Center, LLC was not under

4   contract with any of the Defendants, and did not participate in any of their provider

5   networks.

6          i)      Plaintiff San Diego Ambulatory Surgery Center, LLC is, and at all

7   relevant times was, a limited liability company organized and existing under the laws

8   of the State of California, with its principal place of business in San Diego, CA.

9   Plaintiff San Diego Ambulatory Surgery Center, LLC operates an ambulatory surgery

10  center in San Diego, California.  At all relevant times, San Diego Ambulatory

11  Surgery Center, LLC was not under contract with any of the Defendants, and did not

12  participate in any of their provider networks.

13         j)      Plaintiff San Joaquin Valley Surgery Center, LLC is, and at all

14  relevant times was, a limited liability company organized and existing under the laws

15  of the State of California, with its principal place of business in Modesto, CA.

16  Plaintiff San Joaquin Valley Surgery Center, LLC operates an ambulatory surgery

17  center in Modesto, California.  At all relevant times, San Joaquin Valley Surgery

18  Center, LLC was not under contract with any of the Defendants, and did not

19  participate in any of their provider networks.

20         k)      Plaintiff Skin Cancer & Reconstructive Surgery Specialists of

21  Beverly Hills ("Reconstructive Specialists") is, and at all relevant times was, a

22  California corporation organized and existing under the laws of the State of

23  California, with its principal place of business in Beverly Hills, California.  Plaintiff

24  Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills operates an

25  ambulatory surgery center in Beverly Hills, California.  At all relevant times, Plaintiff

26  Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills was not under

27  contract with any of the Defendants, and did not participate in any of their provider

28  networks.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1          l)      Plaintiff Valencia Ambulatory Surgery Center, LLC is, and at all

2    relevant times was, a limited liability company organized and existing under the laws

3    of the State of California, with its principal place of business in Valencia, CA.

4    Plaintiff Valencia Ambulatory Surgery Center, LLC operates an ambulatory surgery

5    center in Valencia, California.  At all relevant times, Valencia Ambulatory Surgery

6    Center, LLC was not under contract with any of the Defendants, and did not

7    participate in any of their provider networks.

8          m)      Plaintiff West Hills Surgery Center LLC is, and at all relevant

9    times was, a limited liability company organized and existing under the laws of the

10   State of California, with its principal place of business in West Hills, California.

11   Plaintiff West Hills Surgery Center LLC operates an ambulatory surgery center in

12   West Hills, California.  At all relevant times, West Hills Surgery Center LLC was not

13   under contract with any of the Defendants, and did not participate in any of their

14   provider networks.

15   **B.      Plaintiff Independent Medical Service.**

16         49.    Plaintiff Independent Medical Service, Inc. ("IMS") is, and at all

17   relevant times was, a California professional corporation organized and existing

18   under the laws of the State of California, with its principal place of business in

19   Beverly Hills, California.  IMS is a physicians' medical group that, through billing

20   companies bills for professional services.  At all relevant times, IMS was not under

21   contract with any of the Defendants, nor did they participate in any of Defendants'

22   provider networks.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**C.**     **United Defendants.**

50.     Plaintiffs are informed and believe that Defendant UnitedHealth Group, Inc. ("UnitedHealth") is a Minnesota corporation with its corporate headquarters located in Minneapolis, Minnesota.  Defendant UnitedHealth Group is a publicly traded corporation which is not qualified to do business in the State of California, but is engaged in business in the State of California and County of Los Angeles through its subsidiaries UnitedHealthcare Insurance Company, and United HealthCare Services, Inc.

51.     Plaintiffs are informed and believe that Defendant UnitedHealthcare Insurance Company ("UHIC") is a corporation organized and existing under the laws of the State of Connecticut, a wholly owned and controlled subsidiary of Defendant UnitedHealth Group, with its principal place of business in Connecticut.  Defendant UHIC is qualified to engage in business in the State of California and engaged in business in the Country of Los Angeles as an insurance company.

52.     Plaintiffs are informed and believe that Defendant United HealthCare Services, Inc. ("United HealthCare") is a Minnesota corporation with its corporate headquarters located in Minneapolis, Minnesota.  United HealthCare is wholly-owned by UnitedHealth, and serves as UnitedHealth's operating division.  United HealthCare is licensed to conduct insurance operations in California and, on information and belief, every other State in the United States, whether it be under the name United HealthCare or some other operating name.

53.     Plaintiffs are informed and believes that Defendant OptumInsight, Inc. ("Optum" or "Ingenix") is a Delaware corporation with its corporate headquarters located in Eden Prairie, Minnesota.  Plaintiff is informed and believes that as of April 2011, Ingenix, Inc. also has been doing business under the trade name "Optum."  Optum is a wholly-owned subsidiary of UnitedHealth.  Plaintiffs are informed and believe Optum/Ingenix is an ERISA fiduciary due to its functional control over

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Plans' assets and the discretionary authority it has in Plans' administration with

2  respect to claims management.

3      54.    UnitedHealth, United Healthcare, UHIC, and Optum/Ingenix will be

4  collectively referred to herein as "United" or the "United Defendants."

5      55.    Plaintiffs are informed and believe that, in many instances, United is the

6  designated plan fiduciary for the self-funded ERISA plans defendants at issue in this

7  action.  Plaintiffs are further informed and believe that United serves as the named

8  plan administrator's "designee" for certain self-funded employee benefit plans.

9  Plaintiffs are informed and believe that United exercised fiduciary responsibility with

10  respect to the claims at issue in this litigation.  Because United acted as a fiduciary

11  with respect to the claims at issue, exercised benefits discretion and determined final

12  benefit appeals, United is liable for nonpaid and underpaid benefits to Plaintiffs.

13      56.    Plaintiffs are further informed and believe that, with respect to self-

14  funded ERISA plans which have not specifically designated a plan administrator,

15  United functions as the *de facto* plan administrator, or as the co-administrator

16  because, *inter alia*, it has provided plan documents to participants, received benefit

17  claims, evaluated and processed those claims, made benefit determinations, made and

18  administered benefit payments, and handled appeals of benefit determinations.

19  Moreover, Plaintiffs are informed and believe that, even with respect to self-funded

20  ERISA plans which have not specifically designated a plan administrator, United has

21  been specifically been designated as the claims administrator, and has been delegated

22  the responsibilities described above.  Specifically, with respect to all of the claims at

23  issue herein, including with respect to self-funded plans which have not been named

24  as defendants in this action, Plaintiffs are informed and believe that the United

25  Defendants:

26          a)    drafted and provided plan members with plan documents;

27

28

1          b)          operated a centralized verification and authorization telephone

2   number which handled calls for members of the self-funded plans, including plans

3   that have not been named as defendants in this Complaint;

4          c)          authorized Plaintiffs to provide medical services to beneficiaries

5   of the ERISA plan defendants;

6          d)          received and processed electronic bills from Plaintiffs for claims

7   for members of the self-funded plans, including plans that are not named as

8   defendants in this Complaint;

9          e)          communicated with Plaintiffs on behalf of the ERISA plans (and

10   additional self-insured plans that are not named as defendants) regarding

11   authorization of surgical procedures;

12          f)          issued remittance advices and EOBs;

13          g)          priced claims for the self-insured ERISA plans;

14          h)          communicated with Plaintiffs with respect to the processing of

15   claims on behalf of the Defendants and self-insured plans;

16          i)          processed appeals, and sent appeal response letters; and

17          j)          in certain cases, issued payment.

18          57.          Accordingly, Defendants UnitedHealth Group, United Healthcare

19   Services, and United Healthcare Insurance are proper ERISA defendants because

20   they "effectively controlled the decision whether to honor or to deny a claim...." *Cyr*

21   *v. Reliance Life Ins. Co.,* 642 F.3d 1202, 1204 (9th Cir. 2011) (en banc).

22   **D.          ERISA Self-Funded Plan Defendants.**

23          58.          Plaintiffs are informed and believe that Defendant, AARP, is a District

24   of Columbia corporation with its corporate headquarters located in Washington,

25   District of Columbia.  Plaintiffs are informed and believe that Defendant, AARP, is a

26   plan sponsor for the AARP Employees Welfare Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

59.     Plaintiffs are informed and believe that Defendant, AARP Employees Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

60.     Plaintiffs are informed and believe that Defendant, Accenture, LLP, is a Delaware limited liability partnership with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, Accenture, LLP, is a plan sponsor and plan administrator for the Accenture United States Benefit Trust.

61.     Plaintiffs are informed and believe that Defendant, Accenture United States Benefit Trust is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

62.     Plaintiffs are informed and believe that Defendant, Accor North America, Inc., is a Delaware corporation with its corporate headquarters located in Carrollton, Texas.  Plaintiffs are informed and believe that Defendant, Accor North America, Inc., is a plan sponsor and plan administrator for the Accor North America, Inc. Group Insurance Plan.

63.     Plaintiffs are informed and believe that Defendant, Accor North America, Inc. Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

64.     Plaintiffs are informed and believe that Defendant, Actavis, Inc., is a Delaware corporation with its corporate headquarters located in Parsippany, New Jersey.  Plaintiffs are informed and believe that Defendant, Actavis, Inc., is a plan sponsor and plan administrator for the Actavis Health and Welfare Plan.

65.     Plaintiffs are informed and believe that Defendant, Actavis Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

66.     Plaintiffs are informed and believe that Defendant, Acushnet Company, is a Delaware corporation with its corporate headquarters located in Fairhaven,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   Massachusetts.  Plaintiffs are informed and believe that Defendant, Acushnet

2   Company, is a plan sponsor and plan administrator for the Acushnet Company

3   Consolidated Health and Welfare Plan.

4       67.    Plaintiffs are informed and believe that Defendant, Acushnet Company

5   Consolidated Health and Welfare Plan, is an ERISA plan and a proper defendant

6   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7       68.    Plaintiffs are informed and believe that Defendant, ADP Totalsource,

8   Inc., is a Florida corporation with its corporate headquarters located in Miami,

9   Florida.  Plaintiffs are informed and believe that Defendant, ADP Totalsource, Inc., is

10  a plan sponsor and plan administrator for the ADP Totalsource, Inc. Health and

11  Welfare Plan.

12      69.    Plaintiffs are informed and believe that Defendant, ADP Totalsource,

13  Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to

14  ERISA § 502(d), 29 U.S.C. § 1132(d).

15      70.    Plaintiffs are informed and believe that Defendant, Aegis Media

16  Americas, Inc., is a Delaware corporation with its corporate headquarters located in

17  New York, New York.  Plaintiffs are informed and believe that Defendant, Aegis

18  Media Americas, Inc., is a plan sponsor and plan administrator for the Aegis Media

19  North America Welfare Benefit Plan.

20      71.    Plaintiffs are informed and believe that Defendant, Aegis Media North

21  America Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to

22  ERISA § 502(d), 29 U.S.C. § 1132(d).

23      72.    Plaintiffs are informed and believe that Defendant, Aegon USA, LLC, is

24  an Iowa limited liability company with its corporate headquarters located in Cedar

25  Rapids, Iowa.  Plaintiffs are informed and believe that Defendant, Aegon USA, LLC,

26  is a plan sponsor and plan administrator for the Aegon Companies Flexible Benefits

27  Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    73.    Plaintiffs are informed and believe that Defendant, Aegon Companies

2  Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

3  § 502(d), 29 U.S.C. § 1132(d).

4    74.    Plaintiffs are informed and believe that Defendant, Aera Energy

5  Services Company, is a Delaware corporation with its corporate headquarters located

6  in Bakersfield, California.  Plaintiffs are informed and believe that Defendant, Aera

7  Energy Services Company, is a plan sponsor and plan administrator for the Aera

8  Energy Services Company Medical Benefits Plan.

9    75.    Plaintiffs are informed and believe that Defendant, Aera Energy

10  Services Company Medical Benefits Plan, is an ERISA plan and a proper defendant

11  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

12    76.    Plaintiffs are informed and believe that Defendant, Air Liquide USA,

13  LLC, is a Delaware limited liability company with its corporate headquarters located

14  in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Air Liquide

15  USA, LLC, is a plan sponsor and plan administrator for the Air Liquide USA LLC

16  Group Benefits Plan.

17    77.    Plaintiffs are informed and believe that Defendant, Air Liquide USA

18  LLC Group Benefits Plan, is an ERISA plan and a proper defendant pursuant to

19  ERISA § 502(d), 29 U.S.C. § 1132(d).

20    78.    Plaintiffs are informed and believe that Defendant, Akzo Nobel, Inc., is

21  a Delaware corporation with its corporate headquarters located in Los Angeles,

22  California.  Plaintiffs are informed and believe that Defendant, Akzo Nobel, Inc., is a

23  plan sponsor and plan administrator for the Akzo Nobel, Inc. Salaried Employees

24  Group Benefits Program.

25    79.    Plaintiffs are informed and believe that Defendant, Akzo Nobel, Inc.

26  Salaried Employees Group Benefits Program, is an ERISA plan and a proper

27  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   80.     Plaintiffs are informed and believe that Defendant, Alcon Laboratories,

2   Inc., is a Delaware corporation with its corporate headquarters located in Fort Worth,

3   Texas.  Plaintiffs are informed and believe that Defendant, Alcon Laboratories, Inc.,

4   is a plan sponsor and plan administrator for the Alcon Laboratories Inc. Voluntary

5   Employees Beneficiary Association Trust.

6   81.     Plaintiffs are informed and believe that Defendant, Alcon Laboratories

7   Inc. Voluntary Employees Beneficiary Association Trust, is an ERISA plan and a

8   proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9   82.     Plaintiffs are informed and believe that Defendant, Alexander Gallo

10  Holdings, LLC, is a Georgia limited liability company with its corporate headquarters

11  located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant,

12  Alexander Gallo Holdings, LLC, is a plan sponsor and plan administrator for the

13  Alexander Gallo Holdings, LLC Welfare Benefit Plan.

14  83.     Plaintiffs are informed and believe that Defendant, Alexander Gallo

15  Holdings, LLC Welfare Benefit Plan, is an ERISA plan and a proper defendant

16  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

17  84.     Plaintiffs are informed and believe that Defendant, All American

18  Containers, Inc., is a Florida corporation with its corporate headquarters located in

19  Miami, Florida.  Plaintiffs are informed and believe that Defendant, All American

20  Containers, Inc., is a plan sponsor and plan administrator for the All American

21  Containers, Inc. Welfare Benefit Plan.

22  85.     Plaintiffs are informed and believe that Defendant, All American

23  Containers, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

24  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25  86.     Plaintiffs are informed and believe that Defendant, Allstate Insurance

26  Company, is an Illinois corporation with its corporate headquarters located in

27  Northbrook, Illinois.  Plaintiffs are informed and believe that Defendant, Allstate

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Insurance Company, is a plan sponsor and plan administrator for the Allstate

2   Cafeteria Plan.

3        87.    Plaintiffs are informed and believe that Defendant, Allstate Cafeteria

4   Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

5   U.S.C. § 1132(d).

6        88.    Plaintiffs are informed and believe that Defendant, Alpha Mechanical,

7   Inc., is a California corporation with its corporate headquarters located in San Diego,

8   California.  Plaintiffs are informed and believe that Defendant, Alpha Mechanical,

9   Inc., is a plan sponsor and plan administrator for the Alpha Mechanical Heating &

10   Air Conditioning, Inc. Health Insurance Plan.

11        89.    Plaintiffs are informed and believe that Defendant, Alpha Mechanical

12   Heating & Air Conditioning, Inc. Health Insurance Plan, is an ERISA plan and a

13   proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14        90.    Plaintiffs are informed and believe that Defendant, Alta Resources

15   Corp., is a Wisconsin corporation with its corporate headquarters located in Neenah,

16   Wisconsin.  Plaintiffs are informed and believe that Defendant, Alta Resources Corp.,

17   is a plan sponsor and plan administrator for the Alta Resources Corp. Plan.

18        91.    Plaintiffs are informed and believe that Defendant, Alta Resources Corp.

19   Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

20   U.S.C. § 1132(d).

21        92.    Plaintiffs are informed and believe that Defendant, Altec Industries, Inc.,

22   is an Alabama corporation with its corporate headquarters located in Birmingham,

23   Alabama.  Plaintiffs are informed and believe that Defendant, Altec Industries, Inc.,

24   is a plan sponsor and plan administrator for the Altec Industries Inc. Flexible Benefits

25   Plan.

26        93.    Plaintiffs are informed and believe that Defendant, Altec Industries Inc.

27   Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

28   § 502(d), 29 U.S.C. § 1132(d).

1156926.1

1      94.     Plaintiffs are informed and believe that Defendant, Altegrity, Inc., is a

2  Delaware corporation with its corporate headquarters located in Falls Church,

3  Virginia.  Plaintiffs are informed and believe that Defendant, Altegrity, Inc., is a plan

4  sponsor and plan administrator for the Altegrity, Inc. Health & Welfare Plan.

5      95.     Plaintiffs are informed and believe that Defendant, Altegrity, Inc. Health

6  & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA

7  § 502(d), 29 U.S.C. § 1132(d).

8      96.     Plaintiffs are informed and believe that Defendant, Altura Credit Union,

9  is a California corporation with its corporate headquarters located in Riverside,

10  California.  Plaintiffs are informed and believe that Defendant, Altura Credit Union,

11  is a plan sponsor and plan administrator for the Altura Credit Union Employee

12  Welfare Benefit Plan.

13      97.     Plaintiffs are informed and believe that Defendant, Altura Credit Union

14  Employee Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant

15  to ERISA § 502(d), 29 U.S.C. § 1132(d).

16      98.     Plaintiffs are informed and believe that Defendant, American Airlines,

17  Inc., is a Delaware corporation with its corporate headquarters located in Fort Worth,

18  Texas.  Plaintiffs are informed and believe that Defendant, American Airlines, Inc., is

19  a plan sponsor and plan administrator for the Group Life and Health Benefits Plan for

20  Employees of Participating AMR Corporation Subsidiaries.

21      99.     Plaintiffs are informed and believe that Defendant, Group Life and

22  Health Benefits Plan for Employees of Participating AMR Corporation Subsidiaries,

23  is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

24  § 1132(d).

25      100.   Plaintiffs are informed and believe that Defendant, American Building

26  Supply, Inc., is a California corporation with its corporate headquarters located in

27  Sacramento, California.  Plaintiffs are informed and believe that Defendant,

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  American Building Supply, Inc., is a plan sponsor and plan administrator for the

2  American Building Supply, Inc. Employee Benefit Plan.

3       101.   Plaintiffs are informed and believe that Defendant, American Building

4  Supply, Inc. Employee Benefit Plan, is an ERISA plan and a proper defendant

5  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6       102.   Plaintiffs are informed and believe that Defendant, American Financial

7  Group, Inc., is a California corporation with its corporate headquarters located in Los

8  Angeles, California.  Plaintiffs are informed and believe that Defendant, American

9  Financial Group, Inc., is a plan sponsor and plan administrator for the American

10  Financial Group, Inc. Group Welfare Benefit Plan.

11       103.   Plaintiffs are informed and believe that Defendant, American Financial

12  Group, Inc. Group Welfare Benefit Plan, is an ERISA plan and a proper defendant

13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       104.   Plaintiffs are informed and believe that Defendant, American

15  International Group, Inc., is a California corporation with its corporate headquarters

16  located in New York, New York.  Plaintiffs are informed and believe that Defendant,

17  American International Group, Inc., is a plan sponsor and plan administrator for the

18  American International Group, Inc. Medical Plan.

19       105.   Plaintiffs are informed and believe that Defendant, American

20  International Group, Inc. Medical Plan, is an ERISA plan and a proper defendant

21  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22       106.   Plaintiffs are informed and believe that Defendant, Anheuser-Busch

23  Companies, LLC, is a Delaware limited liability company with its corporate

24  headquarters located in Saint Louis, Missouri.  Plaintiffs are informed and believe

25  that Defendant, Anheuser-Busch Companies, LLC, is a plan sponsor and plan

26  administrator for the Anheuser-Busch Employees Benefit Trust.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

107.   Plaintiffs are informed and believe that Defendant, Anheuser-Busch Employees Benefit Trust, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

108.   Plaintiffs are informed and believe that Defendant, Anixter, Inc., is a Delaware corporation with its corporate headquarters located in Glenview, Illinois. Plaintiffs are informed and believe that Defendant, Anixter, Inc., is a plan sponsor and plan administrator for the Anixter, Inc. Group Insurance.

109.   Plaintiffs are informed and believe that Defendant, Anixter, Inc. Group Insurance, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

110.   Plaintiffs are informed and believe that Defendant, Ann, Inc., is a Delaware with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Ann, Inc., is a plan sponsor and plan administrator for the Ann, Inc. Welfare Benefits Plan.

111.   Plaintiffs are informed and believe that Defendant, Ann, Inc. Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

112.   Plaintiffs are informed and believe that Defendant, Anschutz Entertainment Group, Inc., is a Colorado corporation with its corporate headquarters located in Los Angeles, California.  Plaintiffs are informed and believe that Defendant, Anschutz Entertainment Group, Inc., is a plan sponsor and plan administrator for the AEG Employee Health & Welfare Plan.

113.   Plaintiffs are informed and believe that Defendant, AEG Employee Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

114.   Plaintiffs are informed and believe that Defendant, Apartment Management Consultants, LLC, is a Utah limited liability company its corporate headquarters located in Fresno, California.  Plaintiffs are informed and believe that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   Defendant, Apartment Management Consultants, LLC, is a plan sponsor and plan

2   administrator for the Apartment Management Consultants Benefits Plan.

3        115.   Plaintiffs are informed and believe that Defendant, Apartment

4   Management Consultants Benefits Plan, is an ERISA plan and a proper defendant

5   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6        116.   Plaintiffs are informed and believe that Defendant, APL Limited, is a

7   Delaware corporation with its corporate headquarters located in Scottsdale, Arizona.

8   Plaintiffs are informed and believe that Defendant, APL Limited, is a plan sponsor

9   and plan administrator for the Welfare Plan for Employees of APL Limited.

10       117.   Plaintiffs are informed and believe that Defendant, Welfare Plan for

11  Employees of APL Limited, is an ERISA plan and a proper defendant pursuant to

12  ERISA § 502(d), 29 U.S.C. § 1132(d).

13       118.   Plaintiffs are informed and believe that Defendant, Apollo Health Street,

14  Inc., is a Delaware corporation with its corporate headquarters located in Clifton,

15  New Jersey.  Plaintiffs are informed and believe that Defendant, Apollo Health

16  Street, Inc., is a plan sponsor and plan administrator for the Apollo Health Street

17  Welfare Benefit Plan.

18       119.   Plaintiffs are informed and believe that Defendant, Apollo Health Street

19  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

20  § 502(d), 29 U.S.C. § 1132(d).

21       120.   Plaintiffs are informed and believe that Defendant, Apple, Inc., is a

22  California corporation with its corporate headquarters located in Cupertino,

23  California.  Plaintiffs are informed and believe that Defendant, Apple, Inc., is a plan

24  sponsor and plan administrator for the Apple, Inc. Health and Welfare Benefit Plan.

25       121.   Plaintiffs are informed and believe that Defendant, Apple, Inc. Health

26  and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to

27  ERISA § 502(d), 29 U.S.C. § 1132(d).

28

122.   Plaintiffs are informed and believe that Defendant, Apple American Group, LLC, is a Delaware limited liability company with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Apple American Group, LLC, is a plan sponsor and plan administrator for the Apple American Group, LLC Section 125 Plan.

123.   Plaintiffs are informed and believe that Defendant, Apple American Group, LLC Section 125 Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

124.   Plaintiffs are informed and believe that Defendant, Aptco, LLC, is a California limited liability company with its corporate headquarters located in McFarland, California.  Plaintiffs are informed and believe that Defendant, Aptco, LLC, is a plan sponsor and plan administrator for Aptco, LLC.

125.   Plaintiffs are informed and believe that Defendant, Aptco, LLC, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

126.   Plaintiffs are informed and believe that Defendant, Arch Aluminum & Glass Co., Inc., is a Florida corporation with its corporate headquarters located in Fort Lauderdale, Florida.  Plaintiffs are informed and believe that Defendant, Arch Aluminum & Glass Co., Inc., is a plan sponsor and plan administrator for the Arch Aluminum & Glass Co., Inc. Employee Welfare Benefits Plan.

127.   Plaintiffs are informed and believe that Defendant, Arch Aluminum & Glass Co., Inc. Employee Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

128.   Plaintiffs are informed and believe that Defendant, Ardent Services, LLC, is a Louisiana limited liability company with its corporate headquarters located in Covington, Louisiana.  Plaintiffs are informed and believe that Defendant, Ardent Services, LLC, is a plan sponsor and plan administrator for the Ardent Services, LLC Medical Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

67

129.   Plaintiffs are informed and believe that Defendant, Ardent Services, LLC Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

130.   Plaintiffs are informed and believe that Defendant, AT&T Corp., is a New York corporation with its corporate headquarters located in Bedminster, New Jersey.  Plaintiffs are informed and believe that Defendant, AT&T Corp., is a plan sponsor and plan administrator for the AT&T Umbrella Benefit Plan.

131.   Plaintiffs are informed and believe that Defendant, AT&T Umbrella Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

132.   Plaintiffs are informed and believe that Defendant, AT&T Mobility, LLC, is a Delaware limited liability company with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, AT&T Mobility, LLC, is a plan sponsor and plan administrator for the Cingular Wireless Medical Plus Plan.

133.   Plaintiffs are informed and believe that Defendant, Cingular Wireless Medical Plus Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

134.   Plaintiffs are informed and believe that Defendant, ATI Systems International, Inc., is a California corporation with its corporate headquarters located in Boca Raton, Florida.  Plaintiffs are informed and believe that Defendant, ATI Systems International, Inc., is a plan sponsor and plan administrator for the ATI Systems - a Garda Company Group Health Plan.

135.   Plaintiffs are informed and believe that Defendant, ATI Systems - a Garda Company Group Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

136.   Plaintiffs are informed and believe that Defendant, Auction.com, LLC, is a Delaware limited liability company with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   Irvine, California.  Plaintiffs are informed and believe that Defendant, Auction.com,

2   LLC, is a plan sponsor and plan administrator for the Auction.com Employee Benefit

3   Plan.

4        137.   Plaintiffs are informed and believe that Defendant, Auction.com

5   Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

6   § 502(d), 29 U.S.C. § 1132(d).

7        138.   Plaintiffs are informed and believe that Defendant, Automatic Data

8   Processing, Inc., is a Nevada corporation with its corporate headquarters located in

9   Roseland, New Jersey.  Plaintiffs are informed and believe that Defendant,

10  Automatic Data Processing, Inc., is a plan sponsor and plan administrator for the

11  Automatic Data Processing, Inc. Flex 2000 Plan.

12       139.   Plaintiffs are informed and believe that Defendant, Automatic Data

13  Processing, Inc. Flex 2000 Plan, is an ERISA plan and a proper defendant pursuant to

14  ERISA § 502(d), 29 U.S.C. § 1132(d).

15       140.   Plaintiffs are informed and believe that Defendant, Avery Dennison

16  Corporation, is a Delaware corporation with its corporate headquarters located in

17  Pasadena, California.  Plaintiffs are informed and believe that Defendant, Avery

18  Dennison Corporation, is a plan sponsor and plan administrator for the Avery

19  Dennison Corporation Health and Welfare Plan.

20       141.   Plaintiffs are informed and believe that Defendant, Avery Dennison

21  Corporation Health and Welfare Plan, is an ERISA plan and a proper defendant

22  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23       142.   Plaintiffs are informed and believe that Defendant Avon Products, Inc.,

24  is a New York corporation with its corporate headquarters located in New York, New

25  York.  Plaintiffs are informed and believe that Defendant, Avon Products, Inc., is a

26  plan sponsor and plan administrator for the Avon Products Inc. Medical Plan for

27  Active Employees.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

143. Plaintiffs are informed and believe that Defendant, Avon Products Inc. Medical Plan for Active Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

144. Plaintiffs are informed and believe that Defendant, Baker Hughes Incorporated, is a Delaware corporation with its corporate headquarters located in Houston, Texas. Plaintiffs are informed and believe that Defendant, Baker Hughes Incorporated, is a plan sponsor and plan administrator for the Baker Hughes Incorporated Welfare Benefits Plan.

145. Plaintiffs are informed and believe that Defendant, Baker Hughes Incorporated Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

146. Plaintiffs are informed and believe that Defendant, Barnes & Noble, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York. Plaintiffs are informed and believe that Defendant, Barnes & Noble, Inc., is a plan sponsor and plan administrator for the Barnes & Noble, Inc. Comprehensive Medical and Dental Plan.

147. Plaintiffs are informed and believe that Defendant, Barnes & Noble, Inc. Comprehensive Medical and Dental Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

148. Plaintiffs are informed and believe that Defendant, Bausch & Lomb Incorporated, is a New York corporation with its corporate headquarters located in Rochester, New York. Plaintiffs are informed and believe that Defendant, Bausch & Lomb Incorporated, is a plan sponsor for the Bausch & Lomb Comprehensive Medical Plan.

149. Plaintiffs are informed and believe that Defendant, Bausch & Lomb Comprehensive Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    150.   Plaintiffs are informed and believe that Defendant, Bayside

2  Management Company, LLC, is a California limited liability company with its

3  corporate headquarters located in Novato, California.  Plaintiffs are informed and

4  believe that Defendant, Bayside Management Company, LLC, is a plan sponsor and

5  plan administrator for the Bayside Management Company LLC Employee Benefit

6  Plan.

7    151.   Plaintiffs are informed and believe that Defendant, Bayside

8  Management Company LLC Employee Benefit Plan, is an ERISA plan and a proper

9  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

10    152.   Plaintiffs are informed and believe that Defendant, BBA Aviation USA,

11  Inc., is a Delaware corporation with its corporate headquarters located in Orlando,

12  Florida.  Plaintiffs are informed and believe that Defendant, BBA Aviation USA,

13  Inc., is a plan sponsor and plan administrator for the BBA Aviation Benefit Plan.

14    153.   Plaintiffs are informed and believe that Defendant, BBA Aviation

15  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

16  29 U.S.C. § 1132(d).

17    154.   Plaintiffs are informed and believe that Defendant, Becton, Dickinson

18  and Company, is a New Jersey corporation with its corporate headquarters located in

19  Franklin Lakes, New Jersey.  Plaintiffs are informed and believe that Defendant,

20  Becton, Dickinson and Company, is a plan sponsor and plan administrator for the

21  Becton, Dickinson and Company Group Life and Health Plan.

22    155.   Plaintiffs are informed and believe that Defendant, Becton, Dickinson

23  and Company Group Life and Health Plan, is an ERISA plan and a proper defendant

24  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25    156.   Plaintiffs are informed and believe that Defendant, Belmont Village, LP,

26  is a Delaware limited partnership with its corporate headquarters located in Houston,

27  Texas.  Plaintiffs are informed and believe that Defendant, Belmont Village, LP, is a

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  plan sponsor and plan administrator for the Belmont Village LP Healthcare Benefits

2  Plan.

3      157.    Plaintiffs are informed and believe that Defendant, Belmont Village LP

4  Healthcare Benefits Plan, is an ERISA plan and a proper defendant pursuant to

5  ERISA § 502(d), 29 U.S.C. § 1132(d).

6      158.    Plaintiffs are informed and believe that Defendant, Bennett International

7  Group, LLC, a Georgia limited liability company with its corporate headquarters

8  located in McDonough, Georgia.  Plaintiffs are informed and believe that Defendant,

9  Bennett International Group, LLC, is a plan sponsor and plan administrator for the

10  Bennett International/Bennett Motor Express Management Employee Benefit Plan.

11      159.    Plaintiffs are informed and believe that Defendant, Bennett

12  International/Bennett Motor Express Management Employee Benefit Plan, is an

13  ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

14  § 1132(d).

15      160.    Plaintiffs are informed and believe that Defendant, Berry Petroleum

16  Company, is a Delaware corporation with its corporate headquarters located in

17  Denver, Colorado.  Plaintiffs are informed and believe that Defendant, Berry

18  Petroleum Company, is a plan sponsor and plan administrator for the Berry

19  Petroleum Company Comprehensive Health and Welfare Benefit Plan.

20      161.    Plaintiffs are informed and believe that Defendant, Berry Petroleum

21  Company Comprehensive Health and Welfare Benefit Plan is an ERISA plan and a

22  proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23      162.    Plaintiffs are informed and believe that Defendant, Best Buy Co., Inc., is

24  a Minnesota corporation with its corporate headquarters located in Richfield,

25  Minnesota.  Plaintiffs are informed and believe that Defendant, Best Buy Co., Inc., is

26  a plan sponsor and plan administrator for the Best Buy Flexible Benefits Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

163.   Plaintiffs are informed and believe that Defendant, Best Buy Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

164.   Plaintiffs are informed and believe that Defendant, Best Medical International, Inc., is a Virginia corporation with its corporate headquarters located in Springfield, Virginia.  Plaintiffs are informed and believe that Defendant, Best Medical International, Inc., is a plan sponsor and plan administrator for the Best Medical International Benefit Plan.

165.   Plaintiffs are informed and believe that Defendant, Best Medical International Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

166.   Plaintiffs are informed and believe that Defendant, Biomed Realty, LP, is a Maryland limited partnership with its corporate headquarters located in San Diego, California.  Plaintiffs are informed and believe that Defendant, Biomed Realty, LP, is a plan sponsor and plan administrator for the Biomed Realty, LP Welfare Benefits Plan.

167.   Plaintiffs are informed and believe that Defendant, Biomed Realty, LP Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

168.   Plaintiffs are informed and believe that Defendant, Black Box Network Services, Inc., is a California corporation with its corporate headquarters located in Lawrence, Pennsylvania.  Plaintiffs are informed and believe that Defendant, Black Box Network Services, Inc., is a plan sponsor and plan administrator for the Black Box Network Services Group Medical Plan.

169.   Plaintiffs are informed and believe that Defendant, Black Box Network Services Group Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    170.   Plaintiffs are informed and believe that Defendant, BMS Enterprises,

2 Inc., is a California corporation with its corporate headquarters located in Bishop,

3 California.  Plaintiffs are informed and believe that Defendant, BMS Enterprises,

4 Inc., is a plan sponsor and plan administrator for the BMS Enterprises, Inc.,

5 Employee Injury Benefit Plan.

6    171.   Plaintiffs are informed and believe that Defendant, BMS Enterprises,

7 Inc., Employee Injury Benefit Plan, is an ERISA plan and a proper defendant

8 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9    172.   Plaintiffs are informed and believe that Defendant, BMW of North

10 America, LLC, is a Delaware limited liability company with its corporate

11 headquarters located in Westwood, New Jersey.  Plaintiffs are informed and believe

12 that Defendant, BMW of North America, LLC, is a plan sponsor and plan

13 administrator for the BMW of North America LLC Health and Welfare Plans.

14    173.   Plaintiffs are informed and believe that Defendant, BMW of North

15 America LLC Health and Welfare Plans, is an ERISA plan and a proper defendant

16 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

17    174.   Plaintiffs are informed and believe that Defendant, BNSF Railway

18 Company, a Delaware corporation with its corporate headquarters located in Fort

19 Worth, Texas.  Plaintiffs are informed and believe that Defendant, BNSF Railway

20 Company, is a plan sponsor and plan administrator for the BNSF Railway Company

21 Flexible Benefit Plan.

22    175.   Plaintiffs are informed and believe that Defendant, BNSF Railway

23 Company Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to

24 ERISA § 502(d), 29 U.S.C. § 1132(d).

25    176.   Plaintiffs are informed and believe that Defendant, Boat America

26 Corporation, is a Virginia corporation with its corporate headquarters located in

27 Alexandria, Virginia.  Plaintiffs are informed and believe that Defendant, Boat

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  America Corporation, is a plan sponsor and plan administrator for the Boat U.S.
2  Health Plan.

3       177.   Plaintiffs are informed and believe that Defendant, Boat U.S. Health
4  Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29
5  U.S.C. § 1132(d).

6       178.   Plaintiffs are informed and believe that Defendant, Boston Market
7  Corporation, is a Delaware corporation with its corporate headquarters located in
8  Golden, Colorado.  Plaintiffs are informed and believe that Defendant, Boston
9  Market Corporation, is a plan sponsor and plan administrator for the Boston Market
10  Corporation Health and Welfare Plan.

11       179.   Plaintiffs are informed and believe that Defendant, Boston Market
12  Corporation Health and Welfare Plan, is an ERISA plan and a proper defendant
13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       180.   Plaintiffs are informed and believe that Defendant, Brady Corporation,
15  is a Wisconsin corporation with its corporate headquarters located in Milwaukee,
16  Wisconsin.  Plaintiffs are informed and believe that Defendant, Brady Corporation, is
17  a plan sponsor and plan administrator for the W.H. Brady Co. Insured Benefits Plan.

18       181.   Plaintiffs are informed and believe that Defendant, the W.H. Brady Co.
19  Insured Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA
20  § 502(d), 29 U.S.C. § 1132(d).

21       182.   Plaintiffs are informed and believe that Defendant, Brighthouse, Inc., is
22  a Delaware corporation with its corporate headquarters located in Buena Park,
23  California.  Plaintiffs are informed and believe that Defendant, Brighthouse, Inc., is a
24  plan sponsor and plan administrator for the Advance/Newhouse Partnership Health
25  Benefits Plan.

26       183.   Plaintiffs are informed and believe that Defendant, Advance/Newhouse
27  Partnership Health Benefits Plan, is an ERISA plan and a proper defendant pursuant
28  to ERISA § 502(d), 29 U.S.C. § 1132(d).

184.   Plaintiffs are informed and believe that Defendant, Brinker Services Corporation, is a Florida corporation with its corporate headquarters located in Dallas, Texas.  Plaintiffs are informed and believe that Defendant, Brinker Services Corporation, is a plan sponsor and plan administrator for the Brinker International, Inc. Welfare Benefit Plan.

185.   Plaintiffs are informed and believe that Defendant, Brinker International, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

186.   Plaintiffs are informed and believe that Defendant, Brink's Incorporated, is a Delaware corporation with its corporate headquarters located in Richmond, Virginia.  Plaintiffs are informed and believe that Defendant, Brink's Incorporated, is a plan sponsor and plan administrator for The Brinks Company Comprehensive Health and Welfare Plan.

187.   Plaintiffs are informed and believe that Defendant, The Brinks Company Comprehensive Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

188.   Plaintiffs are informed and believe that Defendant, Buca Restaurants 2, Inc., is a Minnesota corporation with its corporate headquarters located in Orlando, Florida.  Plaintiffs are informed and believe that Defendant, Buca Restaurants 2, Inc., is a plan sponsor and plan administrator for the Buca Inc. Health Care Benefit Plan.

189.   Plaintiffs are informed and believe that Defendant, Buca Inc. Health Care Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

190.   Plaintiffs are informed and believe that Defendant, Building Materials Corporation of America, is a Delaware corporation with its corporate headquarters located in Wayne, New Jersey.  Plaintiffs are informed and believe that Defendant, Building Materials Corporation of America, is a plan sponsor and plan administrator for the GAF Materials Corporation Welfare Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    191.   Plaintiffs are informed and believe that Defendant, GAF Materials

2  Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant

3  to ERISA § 502(d), 29 U.S.C. § 1132(d).

4    192.   Plaintiffs are informed and believe that Defendant, BUPA Worldwide

5  Corporation, is a Florida corporation with its corporate headquarters located in

6  Miami, Florida.  Plaintiffs are informed and believe that Defendant, BUPA

7  Worldwide Corporation, is a plan sponsor and plan administrator for the BUPA

8  Worldwide Corporation Health & Benefits Plan.

9    193.   Plaintiffs are informed and believe that Defendant, BUPA Worldwide

10  Corporation Health & Benefits Plan, is an ERISA plan and a proper defendant

11  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

12    194.   Plaintiffs are informed and believe that Defendant, BWAY Corporation,

13  is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.

14  Plaintiffs are informed and believe that Defendant, BWAY Corporation, is a plan

15  sponsor and plan administrator for the BWAY Corporation Comprehensive Medical

16  Plan.

17    195.   Plaintiffs are informed and believe that Defendant, BWAY Corporation

18  Comprehensive Medical Plan, is an ERISA plan and a proper defendant pursuant to

19  ERISA § 502(d), 29 U.S.C. § 1132(d).

20    196.   Plaintiffs are informed and believe that Defendant, Caliber Home Loans,

21  Inc., is a Delaware corporation formerly known as Vericrest Financial, Inc., with its

22  corporate headquarters located in Irving, Texas.  Plaintiffs are informed and believe

23  that Defendant, Caliber Home Loans, Inc., is a plan sponsor and plan administrator

24  for the Vericrest Financial, Inc. Welfare and Benefits Plan.

25    197.   Plaintiffs are informed and believe that Defendant, Vericrest Financial,

26  Inc. Welfare and Benefits Plan, is an ERISA plan and a proper defendant pursuant to

27  ERISA § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

198.   Plaintiffs are informed and believe that Defendant, California Charter Schools Association, is a California corporation with its corporate headquarters located in Los Angeles, California.  Plaintiffs are informed and believe that Defendant, California Charter Schools Association, is a plan sponsor and plan administrator for the CCSA Employee Benefit Welfare Trust c/o BRMS.

199.   Plaintiffs are informed and believe that Defendant, CCSA Employee Benefit Welfare Trust c/o BRMS, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

200.   Plaintiffs are informed and believe that Defendant, California Healthcare Industry Program, is a California corporation with its corporate headquarters located in Ontario, California.  Plaintiffs are informed and believe that Defendant California Healthcare Industry Program, is a plan sponsor and plan administrator for the California Healthcare Industry Trust.

201.   Plaintiffs are informed and believe that Defendant, California Healthcare Industry Trust, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

202.   Plaintiffs are informed and believe that Defendant, Cbeyond Communications, LLC, is a Delaware limited liability company with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, Cbeyond Communications, LLC, is a plan sponsor and plan administrator for the Cbeyond Communications Health and Welfare Plan.

203.   Plaintiffs are informed and believe that Defendant, Cbeyond Communications Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

204.   Plaintiffs are informed and believe that Defendant, CBIZ MHM, LLC, is a Delaware limited liability company with its corporate headquarters located in Cleveland, Ohio.  Plaintiffs are informed and believe that Defendant, CBIZ MHM,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   LLC, is a plan sponsor and plan administrator for the CBIZ Inc. Group Health and

2   Welfare Plan.

3        205.   Plaintiffs are informed and believe that Defendant, CBIZ Inc. Group

4   Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to

5   ERISA § 502(d), 29 U.S.C. § 1132(d).

6        206.   Plaintiffs are informed and believe that Defendant, CBS Corporation, is

7   a Delaware corporation with its corporate headquarters located in New York, New

8   York.  Plaintiffs are informed and believe that Defendant, CBS Corporation, is a plan

9   sponsor for the CBS Health and Welfare Benefits Plan.

10       207.   Plaintiffs are informed and believe that Defendant, CBS Health and

11  Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

12  § 502(d), 29 U.S.C. § 1132(d).

13       208.   Plaintiffs are informed and believe that Defendant, CEC Entertainment

14  Concepts, LP, is a Texas limited partnership with its corporate headquarters located

15  in Irving, Texas.  Plaintiffs are informed and believe that Defendant, CEC

16  Entertainment Concepts, LP, is a plan sponsor and plan administrator for the CEC

17  Entertainment Welfare Benefit Plan.

18       209.   Plaintiffs are informed and believe that Defendant, CEC Entertainment

19  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

20  § 502(d), 29 U.S.C. § 1132(d).

21       210.   Plaintiffs are informed and believe that Defendant, Central Parking

22  System, is a Tennessee corporation with its corporate headquarters located in

23  Nashville, Tennessee.  Plaintiffs are informed and believe that Defendant, Central

24  Parking System, is a plan sponsor and plan administrator for the Central Parking

25  System Health and Welfare Plan.

26       211.   Plaintiffs are informed and believe that Defendant, Central Parking

27  System Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant

28  to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

79

1    212.   Plaintiffs are informed and believe that Defendant, Centric Group, LLC,

2    is a Delaware limited liability company with its corporate headquarters located in

3    Saint Louis, Missouri.  Plaintiffs are informed and believe that Defendant, Centric

4    Group, LLC, is a plan sponsor and plan administrator for the Centric Group Hospital

5    Plan.

6    213.   Plaintiffs are informed and believe that Defendant, Centric Group

7    Hospital Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

8    29 U.S.C. § 1132(d).

9    214.   Plaintiffs are informed and believe that Defendant, CGX Energy, LLC,

10   is a North Carolina limited liability company, formerly known as Cogentrix Energy,

11   LLC, with its corporate headquarters located in New York, New York.  Plaintiffs are

12   informed and believe that Defendant, CGX Energy, LLC, is a plan sponsor and plan

13   administrator for the Cogentrix Energy, LLC Group Insurance Plan.

14   215.   Plaintiffs are informed and believe that Defendant, Cogentrix Energy,

15   LLC Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to

16   ERISA § 502(d), 29 U.S.C. § 1132(d).

17   216.   Plaintiffs are informed and believe that Defendant, C.H. Robinson

18   Company, Inc., is a Minnesota corporation with its corporate headquarters located in

19   Eden Prairie, Minnesota.  Plaintiffs are informed and believe that Defendant, C.H.

20   Robinson Company, Inc., is a plan sponsor and plan administrator for the CH

21   Robinson Company Group Health Major Medical Plan.

22   217.   Plaintiffs are informed and believe that Defendant, CH Robinson

23   Company Group Health Major Medical Plan, is an ERISA plan and a proper

24   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25   218.   Plaintiffs are informed and believe that Defendant, Charlotte Russe, Inc.,

26   is a California corporation with its corporate headquarters located in San Diego,

27   California.  Plaintiffs are informed and believe that Defendant, Charlotte Russe, Inc.,

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  is a plan sponsor and plan administrator for the Charlotte Russe Holding, Inc.

2  Welfare Benefit Plan.

3       219.   Plaintiffs are informed and believe that Defendant, Charlotte Russe

4  Holding, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

5  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6       220.   Plaintiffs are informed and believe that Defendant, Charming Shoppes,

7  Inc., is a Pennsylvania corporation with its corporate headquarters located in

8  Densalem, Pennsylvania.  Plaintiffs are informed and believe that Defendant,

9  Charming Shoppes, Inc., is a plan sponsor and plan administrator for the Charming

10 Shoppes, Inc. Medical Plan.

11      221.   Plaintiffs are informed and believe that Defendant, Charming Shoppes,

12 Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA

13 § 502(d), 29 U.S.C. § 1132(d).

14      222.   Plaintiffs are informed and believe that Defendant, Chevron

15 Corporation, is a Delaware corporation with its corporate headquarters located in San

16 Ramon, California.  Plaintiffs are informed and believe that Defendant, Chevron

17 Corporation is a plan sponsor and plan administrator for the Chevron Corporation

18 Omnibus Health Care Plan.

19      223.   Plaintiffs are informed and believe that Defendant, Chevron Corporation

20 Omnibus Health Care Plan, is an ERISA plan and a proper defendant pursuant to

21 ERISA § 502(d), 29 U.S.C. § 1132(d).

22      224.   Plaintiffs are informed and believe that Defendant, Child Development

23 Incorporated, is a California corporation with its corporate headquarters located in

24 San Jose, California.  Plaintiffs are informed and believe that Defendant, Child

25 Development Incorporated, is a plan sponsor and plan administrator for the CDI

26 Group Welfare Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

225.   Plaintiffs are informed and believe that Defendant, CDI Group Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

226.   Plaintiffs are informed and believe that Defendant, Citigroup Management Corp., is a Delaware corporation with its corporate headquarters located in Stamford, Connecticut.  Plaintiffs are informed and believe that Defendant, Citigroup Management Corp., is a plan sponsor and administrator for the Citigroup Health Benefit Plan.

227.   Plaintiffs are informed and believe that Defendant, Citigroup Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

228.   Plaintiffs are informed and believe that Defendant, Classic Party Rentals, Inc., is a California corporation with its corporate headquarters located in Inglewood, California.  Plaintiffs are informed and believe that Defendant, Classic Party Rentals, Inc., is a plan sponsor and plan administrator for the Classic Party Rentals Health & Welfare Plan.

229.   Plaintiffs are informed and believe that Defendant, Classic Party Rentals Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

230.   Plaintiffs are informed and believe that Defendant, CNA Financial Corporation, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, CNA Financial Corporation, is a plan sponsor and plan administrator for the CNA Financial Corporation Health and Group Benefits Program.

231.   Plaintiffs are informed and believe that Defendant, CNA Financial Corporation Health and Group Benefits Program, Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

232.   Plaintiffs are informed and believe that Defendant, Cognizant Technology Solutions U.S. Corporation, is a Delaware corporation with its corporate headquarters located in Teaneck, New Jersey.  Plaintiffs are informed and believe that Defendant, Cognizant Technology Solutions U.S. Corporation, is a plan sponsor and plan administrator for the Cognizant Health & Welfare Benefit Plan.

233.   Plaintiffs are informed and believe that Defendant, Cognizant Health & Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

234.   Plaintiffs are informed and believe that Defendant, Colonial BancGroup, Inc., is a Delaware corporation with its corporate headquarters located in Mobile, Alabama.  Plaintiffs are informed and believe that Defendant, Colonial BancGroup, Inc., is a plan sponsor and plan administrator for the Colonial Bancgroup Cafeteria Plan.

235.   Plaintiffs are informed and believe that Defendant, Colonial Bancgroup Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

236.   Plaintiffs are informed and believe that Defendant, Comfort Systems USA, Inc., is a Delaware corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Comfort Systems USA, Inc., is a plan sponsor and plan administrator for the Comfort Systems USA Health & Welfare Plan.

237.   Plaintiffs are informed and believe that Defendant, Comfort Systems USA Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

238.   Plaintiffs are informed and believe that Defendant, Commscope, Inc. of North Carolina, is a North Carolina corporation with its corporate headquarters located in Hickory, North Carolina.  Plaintiffs are informed and believe that

1  Defendant, Commscope, Inc. of North Carolina, is a plan sponsor and plan
2  administrator for the Commscope Welfare Benefit Plan.

3      239.   Plaintiffs are informed and believe that Defendant, Commscope Welfare
4  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),
5  29 U.S.C. § 1132(d).

6      240.   Plaintiffs are informed and believe that Defendant, Community
7  Development Institute Head Start, is a Colorado corporation with its corporate
8  headquarters located in Denver, Colorado.  Plaintiffs are informed and believe that
9  Defendant, Community Development Institute Head Start, is a plan sponsor and plan
10  administrator for the Community Development Institute Group Medical, Dental &
11  Life Insurance for Employees.

12      241.   Plaintiffs are informed and believe that Defendant, Community
13  Development Institute Group Medical, Dental & Life Insurance for Employees, is an
14  ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.
15  § 1132(d).

16      242.   Plaintiffs are informed and believe that Defendant, Conesys, Inc., is a
17  California corporation with its corporate headquarters located in Torrance, California.
18  Plaintiffs are informed and believe that Defendant, Conesys, Inc., is a plan sponsor
19  and plan administrator for the Conesys Employee Benefit Plan.

20      243.   Plaintiffs are informed and believe that Defendant, Conesys Employee
21  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),
22  29 U.S.C. § 1132(d).

23      244.   Plaintiffs are informed and believe that Defendant, Conmed
24  Corporation, is a New York corporation with its corporate headquarters located in
25  Utica, New York.  Plaintiffs are informed and believe that Defendant, Conmed
26  Corporation, is a plan sponsor and plan administrator for the Conmed Corporation
27  Healthcare Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

245.   Plaintiffs are informed and believe that Defendant, Conmed Corporation Healthcare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

246.   Plaintiffs are informed and believe that Defendant, Construction Teamsters Security Fund for Southern California, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

247.   Plaintiffs are informed and believe that Defendant, Cort Business Services Corporation, is a Delaware corporation with its corporate headquarters located in Chantilly, Virginia.  Plaintiffs are informed and believe that Defendant, Cort Business Services Corporation, is a plan sponsor and plan administrator for the Cort Business Services Corporation Group Insurance Plan.

248.   Plaintiffs are informed and believe that Defendant, Cort Business Services Corporation Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

249.   Plaintiffs are informed and believe that Defendant, Covidien, LP, is a Delaware limited partnership with its corporate headquarters located in Mansfield, Massachusetts.  Plaintiffs are informed and believe that Defendant, Covidien, LP, is a plan sponsor and plan administrator for the Covidien Health & Welfare Benefits Plan.

250.   Plaintiffs are informed and believe that Defendant, Covidien Health & Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

251.   Plaintiffs are informed and believe that Defendant, Credit Agricole Cheuvreux North America, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Credit Agricole Cheuvreux North America, Inc., is a plan sponsor and plan administrator for the Credit Agricole Insurance Plan.

252.   Plaintiffs are informed and believe that Defendant, Credit Agricole Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

253.   Plaintiffs are informed and believe that Defendant, Credit Suisse Securities (USA), LLC, is a Delaware limited liability company with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Credit Suisse Securities (USA), LLC, is a plan sponsor and plan administrator for the Credit Suisse Securities (USA) LLC Group Health Care Plan.

254.   Plaintiffs are informed and believe that Defendant, Credit Suisse Securities (USA) LLC Group Health Care Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

255.   Plaintiffs are informed and believe that Defendant, Crowley Maritime Corporation, is a Delaware corporation with its corporate headquarters located in Jacksonville, Florida.  Plaintiffs are informed and believe that Defendant, Crowley Maritime Corporation, is a plan sponsor and plan administrator for the Crowley Maritime Corporation Welfare Health Life & Accidental Death & Dismemberment Plans.

256.   Plaintiffs are informed and believe that Defendant, Crowley Maritime Corporation Welfare Health Life & Accidental Death & Dismemberment Plans, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

257.   Plaintiffs are informed and believe that Defendant, Cytec Industries, Inc., is a Delaware corporation with its corporate headquarters located in Woodland Park, New Jersey.  Plaintiffs are informed and believe that Defendant, Cytec Industries, Inc., is a plan sponsor and plan administrator for the Cytec Industries Inc. Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

258.   Plaintiffs are informed and believe that Defendant, Cytec Industries Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

259.   Plaintiffs are informed and believe that Defendant, Danaher Corporation, is a Delaware corporation with its corporate headquarters located in Mayfield Heights, Ohio.  Plaintiffs are informed and believe that Defendant, Danaher Corporation, is a plan sponsor and plan administrator for the Danaher Corporation & Subsidiaries Medical Plan.

260.   Plaintiffs are informed and believe that Defendant, Danaher Corporation & Subsidiaries Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

261.   Plaintiffs are informed and believe that Defendant, Darden Restaurants, Inc., is a Florida corporation with its corporate headquarters located in Orlando, Florida.  Plaintiffs are informed and believe that Defendant, Darden Restaurants, Inc., is a plan sponsor and plan administrator for the Darden Group Life and Health Benefit Plan for Salaried Employees.

262.   Plaintiffs are informed and believe that Defendant, Darden Group Life and Health Benefit Plan for Salaried Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

263.   Plaintiffs are informed and believe that Defendant, Deere & Company, is a Delaware corporation with its corporate headquarters located in Moline, Illinois. Plaintiffs are informed and believe that Defendant, Deere & Company, is a plan sponsor and plan administrator for John Deere Flexible Benefits Plan.

264.   Plaintiffs are informed and believe that Defendant, John Deere Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

265.   Plaintiffs are informed and believe that Defendant, DellaCamera Capital Management, LLC, is a Delaware limited liability company with its headquarters

1  located in New York, New York.  Plaintiffs are informed and believe that Defendant,

2  DellaCamera Capital Management, LLC, is a plan sponsor and plan administrator for

3  the DellaCamera Capital Management, LLC Health and Welfare Plan.

4  266.  Plaintiffs are informed and believe that Defendant, DellaCamera Capital

5  Management, LLC Health and Welfare Plan, is an ERISA plan and a proper

6  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7  267.  Plaintiffs are informed and believe that Defendant, Deloitte, LLP, is a

8  Pennsylvania limited liability partnership with its headquarters located in New York,

9  New York.  Plaintiffs are informed and believe that Defendant, Deloitte, LLP, is a

10  plan sponsor and plan administrator for the Deloitte & Touche Welfare Benefit Plan.

11  268.  Plaintiffs are informed and believe that Defendant, Deloitte & Touche

12  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

13  § 502(d), 29 U.S.C. § 1132(d).

14  269.  Plaintiffs are informed and believe that Defendant, Delta Air Lines, Inc.,

15  is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.

16  Plaintiffs are informed and believe that Defendant, Delta Air Lines, Inc., is a plan

17  sponsor for the Delta Family-Care Medical Plan.

18  270.  Plaintiffs are informed and believe that Defendant, Delta Family-Care

19  Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

20  29 U.S.C. § 1132(d).

21  271.  Plaintiffs are informed and believe that Defendant, Denso Sales

22  California, Inc., is a California corporation with its corporate headquarters located in

23  Southfield, Michigan.  Plaintiffs are informed and believe that Defendant, Denso

24  Sales California, Inc., is a plan sponsor and plan administrator for the Denso Sales

25  California, Inc. Group Insurance Plan.

26  272.  Plaintiffs are informed and believe that Defendant, Denso Sales

27  California, Inc. Group Insurance Plan, is an ERISA plan and a proper defendant

28  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    273.   Plaintiffs are informed and believe that Defendant, Devry, Inc., is a

2  Delaware corporation with its corporate headquarters located in Downers Grove,

3  Illinois.  Plaintiffs are informed and believe that Defendant, Devry, Inc., is a plan

4  sponsor and plan administrator for the Devry Inc. Welfare Benefit Plan.

5    274.   Plaintiffs are informed and believe that Defendant, Devry Inc. Welfare

6  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

7  29 U.S.C. § 1132(d).

8    275.   Plaintiffs are informed and believe that Defendant, DGA – Producers

9  Pension and Health Plans, Inc., is a California corporation with its corporate

10  headquarters located in Los Angeles, California.  Plaintiffs are informed and believe

11  that Defendant, DGA – Producers Pension and Health Plans, Inc., is a plan sponsor

12  and plan administrator for the Producers' Health Benefits Plan.

13    276.   Plaintiffs are informed and believe that Defendant, Producers' Health

14  Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

15  29 U.S.C. § 1132(d).

16    277.   Plaintiffs are informed and believe that Defendant, DHL Express, Inc., is

17  an Ohio corporation with its corporate headquarters located in Plantation, Florida.

18  Plaintiffs are informed and believe that Defendant, DHL Express, Inc., is a plan

19  sponsor and plan administrator for the DHL Worldwide Express Group Insurance

20  Plan.

21    278.   Plaintiffs are informed and believe that Defendant, DHL Worldwide

22  Express Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to

23  ERISA § 502(d), 29 U.S.C. § 1132(d).

24    279.   Plaintiffs are informed and believe that Defendant, Diageo North

25  America, Inc., is a Connecticut corporation with its corporate headquarters located in

26  Norwalk, Connecticut.  Plaintiffs are informed and believe that Defendant, Diageo

27  North America, Inc., is a plan sponsor and plan administrator for the Diageo North

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  America, Inc. Medical Care and Life Insurance Plan for Salaried and Retired

2  Employees.

3      280.   Plaintiffs are informed and believe that Defendant, Diageo North

4  America, Inc. Medical Care and Life Insurance Plan for Salaried and Retired

5  Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

6  29 U.S.C. § 1132(d).

7      281.   Plaintiffs are informed and believe that Defendant, Discovery

8  Communications, LLC, is a Delaware limited liability company with its corporate

9  headquarters located in Silver Spring, Maryland.  Plaintiffs are informed and believe

10 that Defendant, Discovery Communications, LLC, is a plan sponsor and plan

11 administrator for the Discovery Communications Welfare Benefit Plan.

12     282.   Plaintiffs are informed and believe that Defendant, Discovery

13 Communications Welfare Benefit Plan, is an ERISA plan and a proper defendant

14 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15     283.   Plaintiffs are informed and believe that Defendant, Dollar Thrifty

16 Automotive Group, Inc., is a Delaware corporation with its corporate headquarters

17 located in Tulsa, Oklahoma.  Plaintiffs are informed and believe that Defendant,

18 Dollar Thrifty Automotive Group, Inc., is a plan sponsor for the Dollar Thrifty

19 Automotive Group, Inc. Welfare Benefit Plan.

20     284.   Plaintiffs are informed and believe that Defendant, Dollar Thrifty

21 Automotive Group, Inc. Welfare Benefit Plan, is an ERISA plan and a proper

22 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23     285.   Plaintiffs are informed and believe that Defendant, Door to Door

24 Storage, Inc., is a Washington corporation with its corporate headquarters located in

25 Kent, Washington.  Plaintiffs are informed and believe that Defendant, Door to Door

26 Storage, Inc., is a plan sponsor and plan administrator for the Door To Door Storage

27 Health & Welfare Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

286.   Plaintiffs are informed and believe that Defendant, Door To Door Storage Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

287.   Plaintiffs are informed and believe that Defendant, Dr. Pepper Snapple Group, Inc., is a Delaware corporation with its corporate headquarters located in Plano, Texas.  Plaintiffs are informed and believe that Defendant, Dr. Pepper Snapple Group, Inc., is a plan sponsor and plan administrator for the Dr. Pepper Snapple Group, Inc. Health Plan.

288.   Plaintiffs are informed and believe that Defendant, Dr. Pepper Snapple Group, Inc. Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

289.   Plaintiffs are informed and believe that Defendant, Drivetime Automotive Group, Inc., is a Delaware corporation with its corporate headquarters located in Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, Drivetime Automotive Group, Inc., is a plan sponsor and plan administrator for the Drivetime Welfare Benefit Plan.

290.   Plaintiffs are informed and believe that Defendant, Drivetime Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

291.   Plaintiffs are informed and believe that Defendant, DS Waters of America, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, DS Waters of America, Inc., is a plan sponsor and plan administrator for the DS Waters of America, Inc. Health and Welfare Plan.

292.   Plaintiffs are informed and believe that Defendant, DS Waters of America, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

293.   Plaintiffs are informed and believe that Defendant, Ecolab, Inc., is a Delaware corporation with its corporate headquarters located in St. Paul. Minnesota. Plaintiffs are informed and believe that Defendant, Ecolab, Inc., is a plan sponsor and plan administrator for the Ecolab Health and Welfare Benefits Plan.

294.   Plaintiffs are informed and believe that Defendant, Ecolab Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

295.   Plaintiffs are informed and believe that Defendant, Edison International, is a California corporation with its corporate headquarters located in Rosemead, California.  Plaintiffs are informed and believe that Defendant, Edison International, is a plan sponsor for the Edison International Welfare Benefit Plan Number Two.

296.   Plaintiffs are informed and believe that Defendant, Edison International Welfare Benefit Plan Number Two, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

297.   Plaintiffs are informed and believe that Defendant, Edward D. Jones & Co., LP, is a Missouri limited partnership with its corporate headquarters located in Maryland Heights, Missouri.  Plaintiffs are informed and believe that Defendant, Edward D. Jones & Co., LP, is a plan sponsor and plan administrator for the Edward D. Jones & Co. Employees Health and Welfare Program.

298.   Plaintiffs are informed and believe that Defendant, Edward D. Jones & Co. Employees Health and Welfare Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

299.   Plaintiffs are informed and believe that Defendant, Electrograph Systems, Inc., is a New York corporation with its corporate headquarters located in White Plains, New York.  Plaintiffs are informed and believe that Defendant, Electrograph Systems, Inc., is a plan sponsor and plan administrator for the Electrograph Systems Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

300.   Plaintiffs are informed and believe that Defendant, Electrograph Systems Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

301.   Plaintiffs are informed and believe that Defendant, Emcor Group, Inc., is a Delaware corporation with its corporate headquarters located in Norwalk, Connecticut.  Plaintiffs are informed and believe that Defendant, Emcor Group, Inc., is a plan sponsor and plan administrator for the Emcor Group, Inc. Employee Welfare Plan.

302.   Plaintiffs are informed and believe that Defendant, Emcor Group, Inc. Employee Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

303.   Plaintiffs are informed and believe that Defendant, Ensign United States Drilling, Inc., is a California corporation with its corporate headquarters located in Bakersfield, California.  Plaintiffs are informed and believe that Defendant, Ensign United States Drilling, Inc., is a plan sponsor and plan administrator for the Ensign US Drilling Employee Benefit Plan.

304.   Plaintiffs are informed and believe that Defendant, Ensign US Drilling Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

305.   Plaintiffs are informed and believe that Defendant, Enterprise Holdings, Inc., is a Missouri corporation with its corporate headquarters located in St. Louis, Missouri.  Plaintiffs are informed and believe that Defendant, Enterprise Holdings, Inc., is a plan sponsor and plan administrator for the Enterprise Holdings Hospital Insurance Plan.

306.   Plaintiffs are informed and believe that Defendant, Enterprise Holdings Hospital Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

307.   Plaintiffs are informed and believe that Defendant, Environmental Systems Research Institute, Inc., is a California corporation with its corporate headquarters located in Redlands, California.  Plaintiffs are informed and believe that Defendant, Environmental Systems Research Institute, Inc., is a plan sponsor and plan administrator for the Environmental Systems Research Institute, Inc. Life, Ltd. Travel Accident, Vision Service, Medical Dental.

308.   Plaintiffs are informed and believe that Defendant, Environmental Systems Research Institute, Inc. Life, Ltd. Travel Accident, Vision Service, Medical Dental, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

309.   Plaintiffs are informed and believe that Defendant, Epson America, Inc., is a California corporation with its corporate headquarters located in Long Beach, California.  Plaintiffs are informed and believe that Defendant, Epson America, Inc., is a plan sponsor and plan administrator for the Epson America Inc. Group Plan.

310.   Plaintiffs are informed and believe that Defendant, Epson America Inc. Group Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

311.   Plaintiffs are informed and believe that Defendant, Equity Residential Services, LLC, is a Delaware limited liability company with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, Equity Residential Services, LLC, is a plan sponsor and plan administrator for the Equity Residential Properties Trust Group Insurance Plan.

312.   Plaintiffs are informed and believe that Defendant, Equity Residential Properties Trust Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

313.   Plaintiffs are informed and believe that Defendant, Ernst & Young, LLP, is a Delaware limited liability company with its corporate headquarters located in Secaucus., New Jersey.  Plaintiffs are informed and believe that Defendant, Ernst &

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  Young, LLP, is a plan sponsor and plan administrator for the Ernst & Young Medical

2  Plan.

3       314.   Plaintiffs are informed and believe that Defendant, Ernst & Young

4  Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

5  29 U.S.C. § 1132(d).

6       315.   Plaintiffs are informed and believe that Defendant, Essilor of America,

7  Inc., is a Delaware corporation with its corporate headquarters located in Dallas,

8  Texas.  Plaintiffs are informed and believe that Defendant, Essilor of America, Inc.,

9  is a plan sponsor and plan administrator for the Essilor of America, Inc. Employer

10  Welfare Benefit Plan.

11       316.   Plaintiffs are informed and believe that Defendant, Essilor of America,

12  Inc. Employer Welfare Benefit Plan, is an ERISA plan and a proper defendant

13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       317.   Plaintiffs are informed and believe that Defendant, Estee Lauder, Inc., is

15  a Delaware corporation with its corporate headquarters located in New York, New

16  York.  Plaintiffs are informed and believe that Defendant, Estee Lauder, Inc., is a

17  plan sponsor and plan administrator for The Estee Lauder Companies, Inc. Group

18  Medical, Dental, Prescription Drug, Long Term Disability, Life, Accidental Death

19  and Dismemberment Plan.

20       318.   Plaintiffs are informed and believe that Defendant, The Estee Lauder

21  Companies, Inc. Group Medical, Dental, Prescription Drug, Long Term Disability,

22  Life, Accidental Death and Dismemberment Plan, is an ERISA plan and a proper

23  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

24       319.   Plaintiffs are informed and believe that Defendant, Experian Information

25  Solutions, Inc., is an Ohio corporation with its corporate headquarters located in

26  Costa Mesa, California.  Plaintiffs are informed and believe that Defendant, Experian

27  Information Solutions, Inc., is a plan sponsor and plan administrator for the Experian

28  Information Solutions, Inc. Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

320.   Plaintiffs are informed and believe that Defendant, Experian Information Solutions, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

321.   Plaintiffs are informed and believe that Defendant, Express Messenger Systems, Inc., is a Delaware corporation with its corporate headquarters located in Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, Express Messenger Systems, Inc., is a plan sponsor and plan administrator for the Express Messenger Systems, Inc. dba Ontrac.

322.   Plaintiffs are informed and believe that Defendant, Express Messenger Systems, Inc. dba Ontrac, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

323.   Plaintiffs are informed and believe that Defendant, Expressjet Airlines, Inc., is a Utah corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, Expressjet Airlines, Inc., is a plan sponsor and plan administrator for the Expressjet Airlines, Inc. Consolidated Welfare Benefit Plan.

324.   Plaintiffs are informed and believe that Defendant, Expressjet Airlines, Inc. Consolidated Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

325.   Plaintiffs are informed and believe that Defendant, Farmers Group, Inc., is a Nevada corporation with its corporate headquarters located Grand Rapids, Michigan.  Plaintiffs are informed and believe that Defendant, Farmers Group, Inc., is a plan sponsor and plan administrator for the Farmers Group, Inc. Employee Prepaid Benefit Plan.

326.   Plaintiffs are informed and believe that Defendant, Farmers Group, Inc. Employee Prepaid Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

327.   Plaintiffs are informed and believe that Defendant FC USA, Inc., is a New York corporation with its corporate headquarters located in Ramsey, New Jersey.  Plaintiffs are informed and believe that Defendant, FC USA, Inc., is a plan sponsor and plan administrator for the FC USA Inc. Benefits.

328.   Plaintiffs are informed and believe that Defendant, FC USA Inc. Benefits, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

329.   Plaintiffs are informed and believe that Defendant, Ferragamo USA, Inc., is a New York corporation with its corporate headquarters located in Secaucus, New Jersey.  Plaintiffs are informed and believe that Defendant, Ferragamo USA, Inc., is a plan sponsor and plan administrator for the Ferragamo USA, Inc.

330.   Plaintiffs are informed and believe that Defendant, Ferragamo USA, Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

331.   Plaintiffs are informed and believe that Defendant, Fidelity Brokerage Services, LLC, is a Delaware limited liability company with its corporate headquarters located in Boston, Massachusetts.  Plaintiffs are informed and believe that Defendant, Fidelity Brokerage Services, LLC, is a plan sponsor and plan administrator for the Fidelity Group Employees Medical, Dental and Cafeteria Plan.

332.   Plaintiffs are informed and believe that Defendant, Fidelity Group Employees Medical, Dental and Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

333.   Plaintiffs are informed and believe that Defendant, Fifth & Pacific Companies, Inc., is a Delaware corporation with its corporate headquarters located in North Bergen, New Jersey. Plaintiffs are informed and believe that Defendant, Fifth & Pacific Companies, Inc., is a plan sponsor and plan administrator for the FNPC Health and Welfare Plan.

334.   Plaintiffs are informed and believe that Defendant, FNPC Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

335.   Plaintiffs are informed and believe that Defendant, Finra Dispute Resolution, Inc., is a non-profit Delaware corporation with its corporate headquarters located in Rockville, Maryland.  Plaintiffs are informed and believe that Defendant, Finra Dispute Resolution, Inc., is a plan sponsor and plan administrator for the Finra Employee Group Medical, Dental, Life, Disability, AD&D & Vision Plan.

336.   Plaintiffs are informed and believe that Defendant, Finra Employee Group Medical, Dental, Life, Disability, AD&D & Vision Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

337.   Plaintiffs are informed and believe that Defendant, Fiserv, Inc., is a Wisconsin corporation with its corporate headquarters located in Brookfield, Wisconsin.  Plaintiffs are informed and believe that Defendant, Fiserv, Inc., is a plan sponsor and plan administrator for the Fiserv, Inc. Welfare Benefit Plan.

338.   Plaintiffs are informed and believe that Defendant, Fiserv, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

339.   Plaintiffs are informed and believe that Defendant, Five Star Quality Care-CA, Inc., is a Delaware corporation with its corporate headquarters located in Newton, Massachusetts.  Plaintiffs are informed and believe that Defendant, Five Star Quality Care-CA, Inc., is a plan sponsor and plan administrator for the Five Star Quality Care.

340.   Plaintiffs are informed and believe that Defendant, Five Star Quality Care, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

341.   Plaintiffs are informed and believe that Defendant, Flextronics International USA, Inc., is a California corporation with its corporate headquarters

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

located in Milpitas, California.  Plaintiffs are informed and believe that Defendant, Flextronics International USA, Inc., is a plan sponsor and plan administrator for the Flextronics Employee Benefits Plan.

342.   Plaintiffs are informed and believe that Defendant, Flextronics Employee Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

343.   Plaintiffs are informed and believe that Defendant, Foot Locker Retail, Inc., is a New York corporation with its corporate headquarters located in Harrisburg, Pennsylvania.  Plaintiffs are informed and believe that Defendant, Foot Locker Retail, Inc., is a plan sponsor and plan administrator for the Foot Locker Welfare Benefit Payment Plan.

344.   Plaintiffs are informed and believe that Defendant, Foot Locker Welfare Benefit Payment Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

345.   Plaintiffs are informed and believe that Defendant, Founders Healthcare, LLC, is a Arizona limited liability company with its corporate headquarters located in Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, Founders Healthcare, LLC, is a plan sponsor and plan administrator for the Founders Healthcare, LLC Preferred Homecare Employee Benefit Plan.

346.   Plaintiffs are informed and believe that Defendant, Founders Healthcare, LLC Preferred Homecare Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

347.   Plaintiffs are informed and believe that Defendant, Fox Entertainment Group, Inc., is a Delaware corporation with its corporate headquarters located in Los Angeles, California.  Plaintiffs are informed and believe that Defendant, Fox Entertainment Group, Inc., is a plan sponsor and plan administrator for the Fox Health Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1     348.   Plaintiffs are informed and believe that Defendant, Fox Health Plan, is

2  an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

3  § 1132(d).

4     349.   Plaintiffs are informed and believe that Defendant, Fresenius Kabi USA,

5  LLC, is a Delaware limited liability company with its corporate headquarters located

6  in Lake Zurich, Illinois.  Plaintiffs are informed and believe that Defendant,

7  Fresenius Kabi USA, LLC, is a plan sponsor and plan administrator for the Fresenius

8  Kabi USA EE Benefit Plan.

9     350.   Plaintiffs are informed and believe that Defendant, Fresenius Kabi USA

10  EE Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

11  § 502(d), 29 U.S.C. § 1132(d).

12     351.   Plaintiffs are informed and believe that Defendant, Fugate Aviation,

13  Inc., is a Kansas corporation with its corporate headquarters located in Wichita,

14  Kansas.  Plaintiffs are informed and believe that Defendant, Fugate Aviation, Inc., is

15  a plan sponsor and plan administrator for the Fugate Enterprises Employee Welfare

16  Benefit Plan.

17     352.   Plaintiffs are informed and believe that Defendant, Fugate Enterprises

18  Employee Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant

19  to ERISA § 502(d), 29 U.S.C. § 1132(d).

20     353.   Plaintiffs are informed and believe that Defendant, Future Electronics

21  Corp., is a Massachusetts corporation with its corporate headquarters located in

22  Bolton, Massachusetts.  Plaintiffs are informed and believe that Defendant, Future

23  Electronics Corp., is a plan sponsor and plan administrator for the Future Electronics

24  Corp. Group Insurance Plan.

25     354.   Plaintiffs are informed and believe that Defendant, Future Electronics

26  Corp. Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to

27  ERISA § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

355.   Plaintiffs are informed and believe that Defendant, G4S Secure Solutions, Inc., is a Florida corporation with its corporate headquarters located in Jupiter, Florida.  Plaintiffs are informed and believe that Defendant, G4S Secure Solutions, Inc., is a plan sponsor and plan administrator for the Welfare Trust for G4S Secure Solutions USA Inc. and Affiliates.

356.   Plaintiffs are informed and believe that Defendant, Welfare Trust for G4S Secure Solutions USA Inc. and Affiliates, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

357.   Plaintiffs are informed and believe that Defendant, Gap, Inc., is a California corporation with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Gap, Inc., is a plan sponsor and plan administrator for the Gap Inc. Health and Life Plan.

358.   Plaintiffs are informed and believe that Defendant, Gap Inc. Health and Life Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

359.   Plaintiffs are informed and believe that Defendant, General Electric Company, is a New York corporation with its corporate headquarters located in Schenectady, New York.  Plaintiffs are informed and believe that Defendant, General Electric Company, is a plan sponsor and plan administrator for the GE Global Health Plan.

360.   Plaintiffs are informed and believe that Defendant, GE Global Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

361.   Plaintiffs are informed and believe that Defendant, General Parts, Inc., is a North Carolina corporation with its corporate headquarters located in Raleigh, North Carolina.  Plaintiffs are informed and believe that Defendant, General Parts, Inc., is a plan sponsor and plan administrator for the General Parts, Inc. Employee Benefits Plan Medical Insurance.

1156926.1

1    362.   Plaintiffs are informed and believe that Defendant, General Parts, Inc.

2   Employee Benefits Plan Medical Insurance, is an ERISA plan and a proper defendant

3   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

4    363.   Plaintiffs are informed and believe that Defendant, Genon Energy

5   Services, LLC, is a Delaware limited liability company with its corporate

6   headquarters located in Princeton, New Jersey.  Plaintiffs are informed and believe

7   that Defendant, Genon Energy Services, LLC, is a plan sponsor and plan

8   administrator for the Genon Energy Group Welfare Benefits Plan.

9    364.   Plaintiffs are informed and believe that Defendant, Genon Energy Group

10   Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

11   § 502(d), 29 U.S.C. § 1132(d).

12    365.   Plaintiffs are informed and believe that Defendant, Genpact Process

13   Solutions, LLC, is a Delaware limited liability company with its corporate

14   headquarters located in Danbury, Connecticut.  Plaintiffs are informed and believe

15   that Defendant, Genpact Process Solutions, LLC, is a plan sponsor and plan

16   administrator for the Genpact Welfare Benefit Plan.

17    366.   Plaintiffs are informed and believe that Defendant, Genpact Welfare

18   Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

19   29 U.S.C. § 1132(d).

20    367.   Plaintiffs are informed and believe that Defendant, Georg Fischer

21   Signet, LLC, is a California limited liability company with its corporate headquarters

22   located in El Monte, California.  Plaintiffs are informed and believe that Defendant,

23   Georg Fischer Signet, LLC, is a plan sponsor and plan administrator for the Georg

24   Fischer Employee Benefit Plan.

25    368.   Plaintiffs are informed and believe that Defendant, Georg Fischer

26   Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

27   § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

369.   Plaintiffs are informed and believe that Defendant, Georgia-Pacific, LLC, is a Delaware limited liability company with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, Georgia-Pacific, LLC, is a plan sponsor and plan administrator for the Georgia-Pacific LLC Lifechoices Benefits Program for Salaried and Salaried Benefits Eligible Employees.

370.   Plaintiffs are informed and believe that Defendant, Georgia-Pacific LLC Lifechoices Benefits Program for Salaried and Salaried Benefits Eligible Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

371.   Plaintiffs are informed and believe that Defendant, GF Health Products, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, GF Health Products, Inc., is a plan sponsor and plan administrator for the GF Health Products Inc.

372.   Plaintiffs are informed and believe that Defendant, GF Health Products Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

373.   Plaintiffs are informed and believe that Defendant, GlaxoSmithKline, LLC, Delaware limited liability company with its corporate headquarters located in Philadelphia, Pennsylvania.  Plaintiffs are informed and believe that GlaxoSmithKline, LLC, is a plan sponsor and plan administrator for Defendant GlaxoSmithKline Health and Welfare Benefits Plan for US Employees.

374.   PLAINTIFFS are informed and believe that Defendant, GlaxoSmithKline Health and Welfare Benefits Plan for US Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

375.   Plaintiffs are informed and believe that Defendant, GP Strategies Corporation, is a Delaware corporation with its corporate headquarters located in Elkridge, Maryland.  Plaintiffs are informed and believe that Defendant, GP

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  Strategies Corporation, is a plan sponsor and plan administrator for the GP Strategies

2  Corporation Welfare Benefit Plan.

3      376.  Plaintiffs are informed and believe that Defendant, GP Strategies

4  Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant

5  to ERISA § 502(d), 29 U.S.C. § 1132(d).

6      377.  Plaintiffs are informed and believe that Defendant, Great-West Life &

7  Annuity Insurance Company, is a Colorado corporation with its corporate

8  headquarters located in Greenwood Village, Colorado.  Plaintiffs are informed and

9  believe that Defendant, Great-West Life & Annuity Insurance Company, is a plan

10 sponsor and plan administrator for the Great-West Life & Ann Ins Flexible Benefit

11 Plan.

12     378.  Plaintiffs are informed and believe that Defendant, Great-West Life &

13 Ann Ins Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to

14 ERISA § 502(d), 29 U.S.C. § 1132(d).

15     379.  Plaintiffs are informed and believe that Defendant, Greenberg Traurig,

16 PA, is a Florida Professional Association with its corporate headquarters located in

17 Miami, Florida.  Plaintiffs are informed and believe that Defendant Greenberg

18 Traurig, PA, is a plan sponsor and plan administrator for the Greenberg Traurig, PA

19 Group Health Insurance Plan for Employees.

20     380.  Plaintiffs are informed and believe that Defendant, Greenberg Traurig,

21 PA Group Health Insurance Plan for Employees, is an ERISA plan and a proper

22 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23     381.  Plaintiffs are informed and believe that Defendant, Greystar

24 Management Services, LP, is a Delaware limited partnership with its corporate

25 headquarters located in Charleston, South Carolina.  Plaintiffs are informed and

26 believe that Defendant, Greystar Management Services, LP, is a plan sponsor and

27 plan administrator for the Greystar Management Services, LLP.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

382.   Plaintiffs are informed and believe that Defendant, Greystar Management Services, LLP, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

383.   Plaintiffs are informed and believe that Defendant, GTech Corporation, is a Delaware corporation with its corporate headquarters located in Providence, Rhode Island.  Plaintiffs are informed and believe that Defendant, GTech Corporation, is a plan sponsor and plan administrator for the GTech Corporation Participant Benefit Plan.

384.   Plaintiffs are informed and believe that Defendant, GTech Corporation Participant Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

385.   Plaintiffs are informed and believe that Defendant, HD Supply, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia. Plaintiffs are informed and believe that Defendant, HD Supply, Inc., is a plan sponsor and plan administrator for the HD Supply Health and Welfare Program.

386.   Plaintiffs are informed and believe that Defendant, HD Supply Health and Welfare Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

387.   Plaintiffs are informed and believe that Defendant, Health Inventures, LLC, is a Delaware limited liability company with its corporate headquarters located in Broomfield, Colorado.  Plaintiffs are informed and believe that Defendant, Health Inventures, LLC, is a plan sponsor and plan administrator for the Health Inventures Health and Wellness Benefit Plan.

388.   Plaintiffs are informed and believe that Defendant, Health Inventures Health and Wellness Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

389.   Plaintiffs are informed and believe that Defendant, Healthcare Partners Medical Group, Inc., is a California corporation with its corporate headquarters

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   located in El Segundo, California.  Plaintiffs are informed and believe that

2   Defendant, Healthcare Partners Medical Group, Inc., is a plan sponsor and plan

3   administrator for the Healthcare Partners Medical Group, Inc. Welfare Benefit Plan.

4       390.   Plaintiffs are informed and believe that Defendant, Healthcare Partners

5   Medical Group, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

6   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7       391.   Plaintiffs are informed and believe that Defendant, Heartland

8   Automotive Services, Inc., is a Minnesota corporation with its corporate headquarters

9   located in Irving, Texas.  Plaintiffs are informed and believe that Defendant,

10   Heartland Automotive Services, Inc., is a plan sponsor and plan administrator for the

11   Heartland Automotive Services, Inc. Group Medical and Life Plan.

12       392.   Plaintiffs are informed and believe that Defendant, Heartland

13   Automotive Services, Inc. Group Medical and Life Plan, is an ERISA plan and a

14   proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15       393.   Plaintiffs are informed and believe that Defendant, Hewlett-Packard

16   Company, is a Delaware corporation with its corporate headquarters located in Palo

17   Alto, California.  Plaintiffs are informed and believe that Defendant, Hewlett-Packard

18   Company, is a plan sponsor and plan administrator for the Hewlett-Packard Company

19   Health Maintenance Organization Program.

20       394.   Plaintiffs are informed and believe that Defendant, Hewlett-Packard

21   Company Health Maintenance Organization Program, is an ERISA plan and a proper

22   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23       395.   Plaintiffs are informed and believe that Defendant, Hoffman-La Roche,

24   Inc., is a New Jersey corporation with its corporate headquarters located in Nutley,

25   New Jersey.  Plaintiffs are informed and believe that Defendant, Hoffman-La Roche,

26   Inc., is a plan sponsor and plan administrator for the Medical Plan of Hoffman-La

27   Roche Inc.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

396.   Plaintiffs are informed and believe that Defendant, Medical Plan of Hoffman-La Roche Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

397.   Plaintiffs are informed and believe that Defendant, Hogg Robinson USA, LLC, is a New York limited liability company with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Hogg Robinson USA, LLC, is a plan sponsor and plan administrator for the HRG North America Welfare Plan.

398.   Plaintiffs are informed and believe that Defendant, HRG North America Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

399.   Plaintiffs are informed and believe that Defendant, Honeywell International, Inc., is a Delaware corporation with its corporate headquarters located in Morristown, New Jersey.  Plaintiffs are informed and believe that Defendant, Honeywell International, Inc., is a plan sponsor and plan administrator for the Honeywell International Inc. Benefit Plan.

400.   Plaintiffs are informed and believe that Defendant, Honeywell International Inc. Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

401.   Plaintiffs are informed and believe that Defendant, Hotels AB, LLC, is a Delaware limited liability company with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Hotels AB, LLC, is a plan sponsor and plan administrator for The Standard/Hotels AB Welfare Benefit Plan.

402.   Plaintiffs are informed and believe that Defendant, The Standard/Hotels AB Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

403.   Plaintiffs are informed and believe that Defendant, Hot Topic, Inc., is a California corporation with its corporate headquarters located in City of Industry, California.  Plaintiffs are informed and believe that Defendant, Hot Topic, Inc., is a plan sponsor and plan administrator for the Hot Topic, Inc. Health and Welfare Plan.

404.   Plaintiffs are informed and believe that Defendant, Hot Topic, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

405.   Plaintiffs are informed and believe that Defendant, Hugo Boss USA, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Hugo Boss USA, Inc., is a plan sponsor and plan administrator for the Hugo Boss USA Inc. Wrap Welfare Benefits Plan.

406.   Plaintiffs are informed and believe that Defendant, Hugo Boss USA Inc. Wrap Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

407.   Plaintiffs are informed and believe that Defendant, Huhtamaki Americas, Inc., is a Delaware corporation with its corporate headquarters located in De Soto, Kansas.  Plaintiffs are informed and believe that Defendant, Huhtamaki Americas, Inc., is a plan sponsor and plan administrator for the Huhtamaki Americas, Inc. Group Insurance Plan.

408.   Plaintiffs are informed and believe that Defendant, Huhtamaki Americas, Inc. Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

409.   Plaintiffs are informed and believe that Defendant, Ikaria Research, Inc., is a Delaware corporation with its corporate headquarters located in Hampton, New Jersey.  Plaintiffs are informed and believe that Defendant, Ikaria Research, Inc., is a plan sponsor and plan administrator for the Ikaria, Inc. Welfare Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

410.   Plaintiffs are informed and believe that Defendant, Ikaria, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

411.   Plaintiffs are informed and believe that Defendant, IMortgage.com, Inc., is a Delaware corporation with its corporate headquarters located in Scottsdale, Arizona.  Plaintiffs are informed and believe that Defendant, IMortgage.com, Inc., is a plan sponsor and plan administrator for the IMortgage.com, Inc. Cafeteria Plan.

412.   Plaintiffs are informed and believe that Defendant, IMortgage.com, Inc. Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

413.   Plaintiffs are informed and believe that Defendant, Informa USA, Inc., is a Massachusetts corporation with its corporate headquarters located in Sarasota, Florida.  Plaintiffs are informed and believe that Defendant, Informa USA, Inc., is a plan sponsor and plan administrator for the Informa USA, Inc. and Subsidiaries Insurance Plan.

414.   Plaintiffs are informed and believe that Defendant, Informa USA, Inc. and Subsidiaries Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

415.   Plaintiffs are informed and believe that Defendant, ING North America Insurance Corporation, is a Delaware corporation with its corporate headquarters located in Minneapolis, Minnesota.  Plaintiffs are informed and believe that Defendant, ING North America Insurance Corporation, is a plan sponsor and plan administrator for the ING Americas Welfare Benefits Plan.

416.   Plaintiffs are informed and believe that Defendant, ING Americas Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

417.   Plaintiffs are informed and believe that Defendant, Ingram Micro, Inc., is a Delaware corporation with its corporate headquarters located in Santa Ana,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  California.  Plaintiffs are informed and believe that Defendant, Ingram Micro, Inc., is

2  a plan sponsor and plan administrator for the Ingram Micro Inc. Health & Welfare

3  Plan.

4  418.   Plaintiffs are informed and believe that Defendant, Ingram Micro Inc.

5  Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA

6  § 502(d), 29 U.S.C. § 1132(d).

7  419.   Plaintiffs are informed and believe that Defendant, Insperity Holdings,

8  Inc., is a Delaware corporation formerly known as Administaff of Texas, Inc., with

9  its corporate headquarters located in Kingwood, Texas.  Plaintiffs are informed and

10  believe that Defendant, Insperity Holdings, Inc., is a plan sponsor and plan

11  administrator for the Insperity Group Health Plan.

12  420.   Plaintiffs are informed and believe that Defendant, Insperity Group

13  Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

14  29 U.S.C. § 1132(d).

15  421.   Plaintiffs are informed and believe that Defendant, Instant Web, Inc., is

16  a Minnesota corporation with its corporate headquarters located in Chanhassen,

17  Minnesota.  Plaintiffs are informed and believe that Defendant, Instant Web, Inc., is a

18  plan sponsor and plan administrator for the Instant Web Inc. and Subsidiary Medical

19  Benefit Plan.

20  422.   Plaintiffs are informed and believe that Defendant, Instant Web Inc. and

21  Subsidiary Medical Benefit Plan, is an ERISA plan and a proper defendant pursuant

22  to ERISA § 502(d), 29 U.S.C. § 1132(d).

23  423.   Plaintiffs are informed and believe that Defendant, Integra LifeSciences

24  Corporation, is a Delaware corporation with its corporate headquarters located in

25  Plainsboro, New Jersey.  Plaintiffs are informed and believe that Defendant, Integra

26  LifeSciences Corporation, is a plan sponsor and plan administrator for the Integra

27  LifeSciences Corp. Medical/Prescription, Dental and STD Plan.

28

424.    Plaintiffs are informed and believe that Defendant, Integra LifeSciences Corp. Medical/Prescription, Dental and STD Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

425.    Plaintiffs are informed and believe that Defendant, Intelsat Corporation, is a Delaware corporation with its corporate headquarters located in Washington, District of Columbia.  Plaintiffs are informed and believe that Defendant, Intelsat Corporation, is a plan sponsor and plan administrator for the Intelsat Group Welfare Benefits Plan.

426.    Plaintiffs are informed and believe that Defendant, Intelsat Group Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

427.    Plaintiffs are informed and believe that Defendant, Intercare Holdings, Inc., is a Delaware corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Intercare Holdings, Inc., is a plan sponsor and plan administrator for the Intercare Holdings, Inc. Health & Welfare Plan.

428.    Plaintiffs are informed and believe that Defendant, Intercare Holdings, Inc. Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

429.    Plaintiffs are informed and believe that Defendant, International Aluminum Corporation, is a Texas corporation with its corporate headquarters located in Downey, California.  Plaintiffs are informed and believe that Defendant, International Aluminum Corporation, is a plan sponsor and plan administrator for the International Aluminum Corporation Health and Welfare Plans.

430.    Plaintiffs are informed and believe that Defendant, International Aluminum Corporation Health and Welfare Plans, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

431.    Plaintiffs are informed and believe that Defendant, International Business Machines Corporation, is a New York corporation with its corporate headquarters located in Armonk, New York.  Plaintiffs are informed and believe that Defendant, International Business Machines Corporation, is a plan sponsor and plan administrator for the IBM Medical & Dental Plan for Regular and Part-time Employees.

432.    Plaintiffs are informed and believe that Defendant, IBM Medical & Dental Plan for Regular and Part-time Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

433.    Plaintiffs are informed and believe that Defendant, International Paper Company, is a New York corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, International Paper Company, is a plan sponsor for the International Paper Group Insurance Plan.

434.    Plaintiffs are informed and believe that Defendant, International Paper Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

435.    Plaintiffs are informed and believe that Defendant, International Speedway Corporation, is a Florida corporation with its corporate headquarters located in Daytona, Florida.  Plaintiffs are informed and believe that Defendant, International Speedway Corporation, is a plan sponsor and plan administrator for the International Speedway Corporation Welfare Benefit Plan.

436.    Plaintiffs are informed and believe that Defendant, International Speedway Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

437.    Plaintiffs are informed and believe that Defendant, Inter-Rail Transport, Inc., a Florida corporation with its corporate headquarters located in Centerville, Maryland.  Plaintiffs are informed and believe that Defendant, Inter-Rail Transport,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1  Inc., is a plan sponsor and plan administrator for the Inter-Rail, Inc. Employee Health

2  Plan.

3      438.  Plaintiffs are informed and believe that Defendant, Inter-Rail, Inc.

4  Employee Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA

5  § 502(d), 29 U.S.C. § 1132(d).

6      439.  Plaintiffs are informed and believe that Defendant, Interstate Hotels &

7  Resorts, Inc., is a Delaware corporation with its corporate headquarters located in Los

8  Angeles, California.  Plaintiffs are informed and believe that Defendant, Interstate

9  Hotels & Resorts, Inc., is a plan sponsor and plan administrator for the Interstate

10  Hotels & Resorts Benefits Program.

11      440.  Plaintiffs are informed and believe that Defendant, Interstate Hotels &

12  Resorts Benefits Program, is an ERISA plan and a proper defendant pursuant to

13  ERISA § 502(d), 29 U.S.C. § 1132(d).

14      441.  Plaintiffs are informed and believe that Defendant, INX International

15  Ink Co., is a Delaware corporation with its corporate headquarters located in

16  Schaumburg, Florida.  Plaintiffs are informed and believe that Defendant, INX

17  International Ink Co., is a plan sponsor and plan administrator for the INX

18  International Group Medical/Dental Plan.

19      442.  Plaintiffs are informed and believe that Defendant, INX International

20  Group Medical/Dental Plan, is an ERISA plan and a proper defendant pursuant to

21  ERISA § 502(d), 29 U.S.C. § 1132(d).

22      443.  Plaintiffs are informed and believe that Defendant, J.C. Penney

23  Corporation, Inc., is a Delaware corporation with its corporate headquarters located

24  in Plano, Texas.  Plaintiffs are informed and believe that Defendant, J.C. Penney

25  Corporation, Inc., is a plan sponsor and plan administrator for the J.C. Penney

26  Corporation, Inc. Health & Welfare Benefits Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

444.   Plaintiffs are informed and believe that Defendant, J.C. Penney Corporation, Inc. Health & Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

445.   Plaintiffs are informed and believe that Defendant, J.P. Morgan Chase National Corporate Services, Inc., is a New York corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, J.P. Morgan Chase National Corporate Services, Inc., is a plan sponsor and plan administrator for The JPmorgan Chase Health & Income Protection Plan For Active Employees.

446.   Plaintiffs are informed and believe that Defendant, The JPmorgan Chase Health & Income Protection Plan For Active Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

447.   Plaintiffs are informed and believe that Defendant, Jack in the Box, Inc., is a Delaware corporation with its corporate headquarters located in San Diego, California.  Plaintiffs are informed and believe that Defendant, Jack in the Box, Inc., is a plan sponsor and plan administrator for the Jack in the Box, Inc. Crew Employees Health & Welfare Plan.

448.   Plaintiffs are informed and believe that Defendant, Jack in the Box, Inc. Crew Employees Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

449.   Plaintiffs are informed and believe that Defendant, Jackson Lewis, LLP, is a New York limited liability partnership with its headquarters located in White Plains, New York.  Plaintiffs are informed and believe that Defendant, Jackson Lewis, LLP, is a plan sponsor and plan administrator for the Jackson Lewis LLP Welfare Plan.

450.   Plaintiffs are informed and believe that Defendant, Jackson Lewis LLP Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

451.   Plaintiffs are informed and believe that Defendant, Jacobs Engineering Group, Inc., is a Delaware corporation with its corporate headquarters located in Pasadena, California.  Plaintiffs are informed and believe that Defendant, Jacobs Engineering Group, Inc., is a plan sponsor and plan administrator for the Jacobs Engineering Group, Inc. Employee Group Insurance Plan.

452.   Plaintiffs are informed and believe that Defendant, Jacobs Engineering Group, Inc. Employee Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

453.   Plaintiffs are informed and believe that Defendant, JetBlue Airways Corporation, is a Delaware corporation with its corporate headquarters located in Long Island City, New York.  Plaintiffs are informed and believe that Defendant, JetBlue Airways corporation, is a plan sponsor and plan administrator for the JetBlue Airways Group Health Insurance Plan.

454.   Plaintiffs are informed and believe that Defendant, JetBlue Airways Group Health Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

455.   Plaintiffs are informed and believe that Defendant, Joie de Vivre Hospitality, Inc., is a California corporation with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Joie de Vivre Hospitality, Inc., is a plan sponsor and plan administrator for The Joie de Vivre Employee Benefit Plan.

456.   Plaintiffs are informed and believe that Defendant, The Joie de Vivre Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

457.   Plaintiffs are informed and believe that Defendant, Jones Lang Lasalle Americas, Inc., is a Maryland corporation with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, Jones Lang

1  Lasalle Americas, Inc., is a plan sponsor and plan administrator for the Jones Lang

2  Lasalle Group Benefits Plan.

3      458.   Plaintiffs are informed and believe that Defendant, Jones Lang Lasalle

4  Group Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

5  § 502(d), 29 U.S.C. § 1132(d).

6      459.   Plaintiffs are informed and believe that Defendant, KCI Holdings, LLC,

7  is a California limited liability company with its corporate headquarters located in

8  San Francisco, California.  Plaintiffs are informed and believe that Defendant, KCI

9  Holdings, LLC, is a plan sponsor and plan administrator for the KCI Holding USA,

10  Inc. Employee Health Care Plan.

11      460.   Plaintiffs are informed and believe that Defendant, KCI Holding USA,

12  Inc. Employee Health Care Plan, is an ERISA plan and a proper defendant pursuant

13  to ERISA § 502(d), 29 U.S.C. § 1132(d).

14      461.   Plaintiffs are informed and believe that Defendant, Kellogg, Brown &

15  Root, Inc., is a Delaware corporation with its corporate headquarters located in

16  Houston, Texas.  Plaintiffs are informed and believe that Defendant, Kellogg, Brown

17  & Root, Inc., is a plan sponsor for the Kellogg, Brown & Root, Incorporated Hourly

18  Employees Health & Welfare Plan.

19      462.   Plaintiffs are informed and believe that Defendant, Kellogg, Brown &

20  Root, Incorporated Hourly Employees Health & Welfare Plan, is an ERISA plan and

21  a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22      463.   Plaintiffs are informed and believe that Defendant, Kelly Mitchell

23  Group, Inc., is a Missouri corporation with its corporate headquarters located in

24  Clayton, Missouri.  Plaintiffs are informed and believe that Defendant, Kelly

25  Mitchell Group, Inc., is a plan sponsor and plan administrator for the Kelly Mitchell

26  Group Inc. Medical Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

464.   Plaintiffs are informed and believe that Defendant, Kelly Mitchell Group Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

465.   Plaintiffs are informed and believe that Defendant, Kinder Morgan G.P., Inc., is a Delaware corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Kinder Morgan G.P., Inc., is a plan sponsor and plan administrator for the KMI Flexible Benefit Plan.

466.   Plaintiffs are informed and believe that Defendant, KMI Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

467.   Plaintiffs are informed and believe that Defendant, Kinetic Concepts, Inc., is a Texas corporation with its corporate headquarters located in San Antonio, Texas.  Plaintiffs are informed and believe that Defendant, Kinetic Concepts, Inc., is a plan sponsor and plan administrator for the Kinetic Concepts, Inc. Employee Benefits Trust.

468.   Plaintiffs are informed and believe that Defendant, Kinetic Concepts, Inc. Employee Benefits Trust, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

469.   Plaintiffs are informed and believe that Defendant, KLA-Tencor Corporation, is a Delaware corporation with its corporate headquarters located in Milpitas, California.  Plaintiffs are informed and believe that Defendant, KLA-Tencor Corporation, is a plan sponsor and plan administrator for the KLA-Tencor Corporation Group Insurance Plan.

470.   Plaintiffs are informed and believe that Defendant, KLA-Tencor Corporation Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

471.   Plaintiffs are informed and believe that Defendant, Konica Minolta Business Solutions USA, Inc., is a New York corporation with its corporate

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   headquarters located in Ramsey, New Jersey.  Plaintiffs are informed and believe that

2   Defendant, Konica Minolta Business Solutions USA, Inc., is a plan sponsor and plan

3   administrator for the Konica Minolta Business Solutions USA, Inc. Life, Disability,

4   Accident, Medical and Dental Plan.

5       472.   Plaintiffs are informed and believe that Defendant, Konica Minolta

6   Business Solutions USA, Inc. Life, Disability, Accident, Medical and Dental Plan, is

7   an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

8   § 1132(d).

9       473.   Plaintiffs are informed and believe that Defendant, L Brands, Inc., is a

10  Delaware corporation formerly known as Limited Brands, Inc., with its corporate

11  headquarters located in Columbus, Ohio.  Plaintiffs are informed and believe that

12  Defendant, L Brands, Inc., is a plan sponsor and plan administrator for the Limited

13  Brands, Inc. Health and Welfare Benefits Plan.

14      474.   Plaintiffs are informed and believe that Defendant, Limited Brands, Inc.

15  Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant

16  to ERISA § 502(d), 29 U.S.C. § 1132(d).

17      475.   Plaintiffs are informed and believe that Defendant, Landry's

18  Management, LP, is a Delaware limited partnership with its corporate headquarters

19  located in Houston, Texas.  Plaintiffs are informed and believe that Defendant,

20  Landry's Management, LP, is a plan sponsor and plan administrator for the Landry's

21  Medical Benefit Plan.

22      476.   Plaintiffs are informed and believe that Defendant, Landry's Medical

23  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

24  29 U.S.C. § 1132(d).

25      477.   Plaintiffs are informed and believe that Defendant, Larson-Juhl US,

26  LLC, is a Georgia limited liability company with its corporate headquarters located in

27  Norcross, Georgia.  Plaintiffs are informed and believe that Defendant, Larson-Juhl

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  US, LLC, is a plan sponsor and plan administrator for the Larson-Juhl US LLC

2  Welfare Plan.

3      478.    Plaintiffs are informed and believe that Defendant, Larson-Juhl US LLC

4  Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

5  29 U.S.C. § 1132(d).

6      479.    Plaintiffs are informed and believe that Defendant, LA-Z-BOY

7  Incorporated, is a Michigan corporation with its corporate headquarters located in

8  Monroe, Michigan.  Plaintiffs are informed and believe that Defendant, LA-Z-BOY

9  Incorporated, is a plan sponsor and plan administrator for the LA-Z-BOY

10 Incorporated Medical Plan.

11     480.    Plaintiffs are informed and believe that Defendant, LA-Z-BOY

12 Incorporated Medical Plan, is an ERISA plan and a proper defendant pursuant to

13 ERISA § 502(d), 29 U.S.C. § 1132(d).

14     481.    Plaintiffs are informed and believe that Defendant, Leavitt Group

15 Agency Association, is a Utah corporation with its corporate headquarters located in

16 Cedar City, Utah.  Plaintiffs are informed and believe that Defendant, Leavitt Group

17 Agency Association, is a plan sponsor and plan administrator for the Leavitt Group

18 Agency Association Health Benefit Plan.

19     482.    Plaintiffs are informed and believe that Defendant, Leavitt Group

20 Agency Association Health Benefit Plan, is an ERISA plan and a proper defendant

21 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22     483.    Plaintiffs are informed and believe that Defendant, Level 3

23 Communications, LLC, is a Delaware limited liability company with its headquarters

24 located in Broomfield, Colorado.  Plaintiffs are informed and believe that Defendant,

25 Level 3 Communications, LLC, is a plan sponsor and plan administrator for the Level

26 3 Communications, Inc. Welfare Benefit Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

484.   Plaintiffs are informed and believe that Defendant, Level 3 Communications, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

485.   Plaintiffs are informed and believe that Defendant, Levy Restaurants, Inc., is an Illinois corporation with its corporate headquarters located in Springfield, Illinois.  Plaintiffs are informed and believe that Defendant, Levy Restaurants, Inc., is a plan sponsor and plan administrator for the Employee Benefit Plan of the Compass Group USA, Inc.

486.   Plaintiffs are informed and believe that Defendant, Employee Benefit Plan of the Compass Group USA, Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

487.   Plaintiffs are informed and believe that Defendant, Linde North America, Inc., is a Delaware corporation with its corporate headquarters located in Murray Hill, New Jersey.  Plaintiffs are informed and believe that Defendant, Linde North America, Inc., is a plan sponsor and plan administrator for the Linde North America, Inc. Insurance Plan.

488.   Plaintiffs are informed and believe that Defendant, Linde North America, Inc. Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

489.   Plaintiffs are informed and believe that Defendant, Local Staff, LLC, is a Delaware limited liability company with its corporate headquarters located in Boca Raton, Florida.  Plaintiffs are informed and believe that Defendant, Local Staff, LLC, is a plan sponsor and plan administrator for the Medstaff, Inc. Section 125 Plan.

490.   Plaintiffs are informed and believe that Defendant, Medstaff, Inc. Section 125 Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

491.   Plaintiffs are informed and believe that Defendant, Loomis Armored US, LLC, is a Texas limited liability company with its corporate headquarters located

1   in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Loomis

2   Armored US, LLC, is a plan sponsor and plan administrator for the Loomis Health &

3   Welfare Plan.

4          492.   Plaintiffs are informed and believe that Defendant,  Loomis Health &

5   Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

6   29 U.S.C. § 1132(d).

7          493.   Plaintiffs are informed and believe that Defendant, L'Oreal USA S/D,

8   Inc., is a Delaware corporation with its corporate headquarters located in New York,

9   New York.  Plaintiffs are informed and believe that Defendant, L'Oreal USA S/D,

10  Inc., is a plan sponsor and plan administrator for the L'Oreal USA, Inc.

11  Comprehensive Medical Plan.

12         494.   Plaintiffs are informed and believe that Defendant, L'Oreal USA, Inc.

13  Comprehensive Medical Plan, is an ERISA plan and a proper defendant pursuant to

14  ERISA § 502(d), 29 U.S.C. § 1132(d).

15         495.   Plaintiffs are informed and believe that Defendant, Maersk, Inc., is a

16  New York corporation with its corporate headquarters located in Madison, New

17  Jersey.  Plaintiffs are informed and believe that Defendant, Maersk, Inc., is a plan

18  sponsor and plan administrator for the Maersk Inc. Active NonUnion Health and

19  Welfare Plan.

20         496.   Plaintiffs are informed and believe that Defendant, Maersk Inc. Active

21  NonUnion Health and Welfare Plan, is an ERISA plan and a proper defendant

22  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23         497.   Plaintiffs are informed and believe that Defendant, MAKO Surgical

24  Corp., is a Delaware corporation with its corporate headquarters located in Fort

25  Lauderdale, Florida.  Plaintiffs are informed and believe that Defendant, MAKO

26  Surgical Corp., is a plan sponsor and plan administrator for the Mako Surgical Corp

27  Health and Welfare Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

121

498.   Plaintiffs are informed and believe that Defendant, Mako Surgical Corp Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

499.   Plaintiffs are informed and believe that Defendant, Marubeni Itochu Steel America, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Marubeni Itochu Steel America, Inc., is a plan sponsor and plan administrator for the MISA Group Benefit Plans.

500.   Plaintiffs are informed and believe that Defendant, MISA Group Benefit Plans, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

501.   Plaintiffs are informed and believe that Defendant, Mary Kay, Inc., is a Delaware corporation with its corporate headquarters located in Addison, Texas. Plaintiffs are informed and believe that Defendant, Mary Kay, Inc., is a plan sponsor and plan administrator for the Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan.

502.   Plaintiffs are informed and believe that Defendant, Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

503.   Plaintiffs are informed and believe that Defendant, McCarthy Holthus, LP, is a California limited partnership with its corporate headquarters located in San Diego, California.  Plaintiffs are informed and believe that Defendant, McCarthy Holthus, LP, is a plan sponsor and plan administrator for the McCarthy & Holthus, LLP Welfare Benefits Plan.

504.   Plaintiffs are informed and believe that Defendant, McCarthy & Holthus, LLP Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   505.   Plaintiffs are informed and believe that Defendant, MCM Corporation,

2   is a North Carolina corporation with its corporate headquarters located in Raleigh,

3   North Carolina.  Plaintiffs are informed and believe that Defendant, MCM

4   Corporation, is a plan sponsor and plan administrator for the Health Care Plan of the

5   Employees of MCM Corp.

6   506.   Plaintiffs are informed and believe that Defendant, Health Care Plan of

7   the Employees of MCM Corp, is an ERISA plan and a proper defendant pursuant to

8   ERISA § 502(d), 29 U.S.C. § 1132(d).

9   507.   Plaintiffs are informed and believe that Defendant, McMaster-Carr

10   Supply Company, is an Illinois corporation with its corporate headquarters located in

11   Elmhurst, Illinois.  Plaintiffs are informed and believe that Defendant, McMaster-

12   Carr Supply Company, is a plan sponsor and plan administrator for the McMaster-

13   Carr Supply Company Group Insurance Program.

14   508.   Plaintiffs are informed and believe that Defendant, McMaster-Carr

15   Supply Company Group Insurance Program, is an ERISA plan and a proper

16   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

17   509.   Plaintiffs are informed and believe that Defendant, McNichols

18   Company, is a Ohio corporation with its corporate headquarters located in Tampa,

19   Florida.  Plaintiffs are informed and believe that Defendant, McNichols Company, is

20   a plan sponsor and plan administrator for the McNichols Company Health Benefit

21   Plan.

22   510.   Plaintiffs are informed and believe that Defendant, McNichols Company

23   Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

24   § 502(d), 29 U.S.C. § 1132(d).

25   511.   Plaintiffs are informed and believe that Defendant, Medco Health

26   Solutions, Inc., is a Delaware corporation with its corporate headquarters located in

27   Franklin Lakes, New Jersey.  Plaintiffs are informed and believe that Defendant,

28

COMPLAINT

1156926.1

1   Medco Health Solutions, Inc., is a plan sponsor and plan administrator for the Medco

2   Health Solutions, Inc. Welfare Benefit Plan.

3       512.   Plaintiffs are informed and believe that Defendant, Medco Health

4   Solutions, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

5   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6       513.   Plaintiffs are informed and believe that Defendant, Medegen, Inc., is a

7   California corporation with its corporate headquarters located in Ontario, California.

8   Plaintiffs are informed and believe that Defendant, Medegen, Inc., is a plan sponsor

9   and plan administrator for the Medegen Welfare Benefit Plan.

10       514.   Plaintiffs are informed and believe that Defendant, Medegen Welfare

11   Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

12   29 U.S.C. § 1132(d).

13       515.   Plaintiffs are informed and believe that Defendant, Medical Specialties

14   Distributors, LLC, is a Delaware limited liability company with its corporate

15   headquarters located in Stoughton, Massachusetts.  Plaintiffs are informed and

16   believe that Defendant, Medical Specialties Distributors, LLC, is a plan sponsor and

17   plan administrator for the Medical Specialties Distributors, LLC Group Benefits

18   Plan.

19       516.   Plaintiffs are informed and believe that Defendant, Medical Specialties

20   Distributors, LLC Group Benefits Plan, is an ERISA plan and a proper defendant

21   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22       517.   Plaintiffs are informed and believe that Defendant, Metropolitan Life

23   Insurance Company, is a New York corporation with its corporate headquarters

24   located in St. Louis, Missouri.  Plaintiffs are informed and believe that Defendant,

25   Metropolitan Life Insurance Company, is a plan sponsor and plan administrator for

26   the Welfare Benefit Plan for EES. of Metropolitan Life.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

518.   Plaintiffs are informed and believe that Defendant, Welfare Benefit Plan for EES. of Metropolitan Life, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

519.   Plaintiffs are informed and believe that Defendant, Midamerican Energy Company, is an Iowa corporation with its corporate headquarters located in Des Moines, Iowa.  Plaintiffs are informed and believe that Defendant, Midamerican Energy Company, is a plan sponsor and plan administrator for the Midamerican Energy Company Welfare Benefit Plan.

520.   Plaintiffs are informed and believe that Defendant, Midamerican Energy Company Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

521.   Plaintiffs are informed and believe that Defendant, Millard Refrigerated Services, Inc., is a Georgia corporation with its corporate headquarters located in Omaha, Nebraska.  Plaintiffs are informed and believe that Defendant, Millard Refrigerated Services, Inc., is a plan sponsor and plan administrator for the Millard Refrigerated Services, Inc. Group Major Medical.

522.   Plaintiffs are informed and believe that Defendant, Millard Refrigerated Services, Inc. Group Major Medical, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

523.   Plaintiffs are informed and believe that Defendant, Mission Linen Supply, is a California corporation with its corporate headquarters located in Santa Barbara, California.  Plaintiffs are informed and believe that Defendant, Mission Linen Supply, is a plan sponsor and plan administrator for the Mission Linen Supply Group Health.

524.   Plaintiffs are informed and believe that Defendant, Mission Linen Supply Group Health, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    525.   Plaintiffs are informed and believe that Defendant, Mitek USA, Inc., is a

2  Missouri corporation with its corporate headquarters located in Chesterfield,

3  Missouri.  Plaintiffs are informed and believe that Defendant, Mitek USA, Inc., is a

4  plan sponsor and plan administrator for the Mitek USA, Inc. Welfare Benefit Plan.

5    526.   Plaintiffs are informed and believe that Defendant, Mitek USA, Inc.

6  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

7  § 502(d), 29 U.S.C. § 1132(d).

8    527.   Plaintiffs are informed and believe that Defendant, Mobile Mini, Inc., is

9  a Delaware corporation with its corporate headquarters located in Tempe, Arizona.

10  Plaintiffs are informed and believe that Defendant, Mobile Mini, Inc., is a plan

11  sponsor and plan administrator for the Mobile Mini, Inc. Benefit Plan.

12    528.   Plaintiffs are informed and believe that Defendant, Mobile Mini, Inc.

13  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

14  29 U.S.C. § 1132(d).

15    529.   Plaintiffs are informed and believe that Defendant, Mocean, LLC, is a

16  California limited liability company with its corporate headquarters located in

17  Burbank, California.  Plaintiffs are informed and believe that Defendant, Mocean,

18  LLC, is a plan sponsor and plan administrator for the Mocean Health and Welfare

19  Benefits Plan.

20    530.   Plaintiffs are informed and believe that Defendant, Mocean Health and

21  Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

22  § 502(d), 29 U.S.C. § 1132(d).

23    531.   Plaintiffs are informed and believe that Defendant, Monavie, LLC, is a

24  Delaware limited liability company with its corporate headquarters located in South

25  Jordan, Utah.  Plaintiffs are informed and believe that Defendant, Monavie, LLC, is a

26  plan sponsor and plan administrator for the Monavie, LLC Fringe Benefit Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1   532.   Plaintiffs are informed and believe that Defendant, Monavie, LLC

2   Fringe Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

3   § 502(d), 29 U.S.C. § 1132(d).

4   533.   Plaintiffs are informed and believe that Defendant, Monrovia Nursery

5   Company, is a California corporation with its corporate headquarters located in

6   Azusa, California.  Plaintiffs are informed and believe that Defendant, Monrovia

7   Nursery Company, is a plan sponsor and plan administrator for the Monrovia Nursery

8   Company Employee Benefit Plan.

9   534.   Plaintiffs are informed and believe that Defendant, Monrovia Nursery

10  Company Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant

11  to ERISA § 502(d), 29 U.S.C. § 1132(d).

12  535.   Plaintiffs are informed and believe that Defendant, Mountain Valley

13  Express Co., Inc., is a California corporation with its corporate headquarters located

14  in Manteca, California.  Plaintiffs are informed and believe that Defendant, Mountain

15  Valley Express Co., Inc., is a plan sponsor and plan administrator for the Mountain

16  Valley Express Co. Inc. Welfare Benefit Plan.

17  536.   Plaintiffs are informed and believe that Defendant, Mountain Valley

18  Express Co. Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

19  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

20  537.   Plaintiffs are informed and believe that Defendant, Multiplan, Inc., is a

21  New York corporation with its corporate headquarters located in New York, New

22  York.  Plaintiffs are informed and believe that Defendant, Multiplan, Inc., is a plan

23  sponsor and plan administrator for the Health Insurance Plan of Multiplan, Inc.

24  538.   Plaintiffs are informed and believe that Defendant, Health Insurance

25  Plan of Multiplan, Inc., is an ERISA plan and a proper defendant pursuant to ERISA

26  § 502(d), 29 U.S.C. § 1132(d).

27  539.   Plaintiffs are informed and believe that Defendant, Myriad Genetics,

28  Inc., is a Delaware corporation with its corporate headquarters located in Salt Lake

1   City, Utah.  Plaintiffs are informed and believe that Defendant, Myriad Genetics,

2   Inc., is a plan sponsor and plan administrator for the Myriad Genetics, Inc. Welfare

3   Benefit Plan.

4          540.   Plaintiffs are informed and believe that Defendant Myriad Genetics, Inc.

5   Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA

6   § 502(d), 29 U.S.C. § 1132(d).

7          541.   Plaintiffs are informed and believe that Defendant, National Captioning

8   Institute, Inc., is a District of Columbia corporation with its corporate headquarters

9   located in Chantilly, Virginia.  Plaintiffs are informed and believe that Defendant,

10  National Captioning Institute, Inc., is a plan sponsor and plan administrator for the

11  National Captioning Institute, Inc. Health & Welfare Benefits Plan.

12         542.   Plaintiffs are informed and believe that Defendant, National Captioning

13  Institute, Inc. Health & Welfare Benefits Plan, is an ERISA plan and a proper

14  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15         543.   Plaintiffs are informed and believe that Defendant, National Financial

16  Partners Corp., is a Delaware corporation with its corporate headquarters located in

17  Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, National

18  Financial Partners Corp., is a plan sponsor and plan administrator for the National

19  Financial Partners Corp. Group Health Plan for Employees.

20         544.   Plaintiffs are informed and believe that Defendant, National Financial

21  Partners Corp. Group Health Plan for Employees, is an ERISA plan and a proper

22  defendant pursuant to ERISA §502(d), 29 U.S.C. §1132(d).

23         545.   Plaintiffs are informed and believe that Defendant, National Mentor

24  Holdings, LLC, is a Delaware limited liability company with its corporate

25  headquarters located in Boston, Massachusetts.  Plaintiffs are informed and believe

26  that Defendant, National Mentor Holdings, LLC is a plan sponsor and plan

27  administrator for the National Mentor Holdings, LLC Flexible Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

546.   Plaintiffs are informed and believe that Defendant, National Mentor Holdings, LLC Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

547.   Plaintiffs are informed and believe that Defendant, National Railroad Passenger Corporation, is a District of Columbia corporation with its corporate headquarters located in Washington, D.C.  Plaintiffs are informed and believe that Defendant, National Railroad Passenger Corporation, is a plan sponsor and plan administrator for Amplan, The Amtrak Union Benefits Plan and the National Railroad Passenger Corporation Choiceplus Cafeteria Plan.

548.   Plaintiffs are informed and believe that Defendants, Amplan, The Amtrak Union Benefits Plan and the National Railroad Passenger Corporation Choiceplus Cafeteria Plan, are ERISA plans and proper defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

549.   Plaintiffs are informed and believe that Defendant, Nationstar Mortgage, LLC, is a Delaware limited liability company with its corporate headquarters located in Lewisville, Texas.  Plaintiffs are informed and believe that Defendant, Nationstar Mortgage, LLC, is a plan sponsor and plan administrator for the Nationstar Mortgage Group Health and Welfare Benefit Plan.

550.   Plaintiffs are informed and believe that Defendant, Nationstar Mortgage Group Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

551.   Plaintiffs are informed and believe that Defendant, NCH Corporation, is a Delaware corporation with its corporate headquarters located in Irving, Texas. Plaintiffs are informed and believe that Defendant, NCH Corporation, is a plan sponsor and plan administrator for the NCH Corporation Employee Life and Health Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

552.   Plaintiffs are informed and believe that Defendant, NCH Corporation Employee Life and Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

553.   Plaintiffs are informed and believe that Defendant, NEC Corporation of America, is a Nevada corporation with its corporate headquarters located in Irving, Texas.  Plaintiffs are informed and believe that Defendant, NEC Corporation of America, is a plan sponsor and plan administrator for the Group Insurance Plan for Employees of NEC and Affiliates.

554.   Plaintiffs are informed and believe that Defendant, Group Insurance Plan for Employees of NEC and Affiliates, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

555.   Plaintiffs are informed and believe that Defendant, Neff Rental, LLC, is a Delaware limited liability company with its corporate headquarters located in Miami, Florida.  Plaintiffs are informed and believe that Defendant, Neff Rental, LLC, is a plan sponsor and plan administrator for the Neff Rental LLC Health & Welfare Plan.

556.   Plaintiffs are informed and believe that Defendant, Neff Rental LLC Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

557.   Plaintiffs are informed and believe that Defendant, Nestle USA, Inc., is a Delaware corporation with its corporate headquarters located in Norwalk, Connecticut.  Plaintiffs are informed and believe that Defendant, Nestle USA, Inc., is a plan sponsor and plan administrator for the Nestle USA Nescare Plan.

558.   Plaintiffs are informed and believe that Defendant, Nestle USA Nescare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

559.   Plaintiffs are informed and believe that Defendant, NetApp, Inc., is a Delaware corporation with its corporate headquarters located in Sunnyvale,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  California.  Plaintiffs are informed and believe that Defendant, NetApp, Inc., is a

2  plan sponsor and plan administrator for the NetApp, Inc. Group Health Plan.

3  560.  Plaintiffs are informed and believe that Defendant, NetApp, Inc. Group

4  Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

5  29 U.S.C. § 1132(d).

6  561.  Plaintiffs are informed and believe that Defendant, New Breed

7  Corporate Services, Inc., is a New Jersey corporation with its corporate headquarters

8  located in High Point, North Carolina.  Plaintiffs are informed and believe that

9  Defendant, New Breed Corporate Services, Inc., is a plan sponsor and plan

10 administrator for the New Breed Corporate Services Inc. Welfare Benefit Plan.

11 562.  Plaintiffs are informed and believe that Defendant, New Breed

12 Corporate Services Inc. Welfare Benefit Plan, is an ERISA plan and a proper

13 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14 563.  Plaintiffs are informed and believe that Defendant, Nike, Inc., is an

15 Oregon corporation with its corporate headquarters located in Beaverton, Oregon.

16 Plaintiffs are informed and believe that Defendant, Nike, Inc., is a plan sponsor and

17 plan administrator for the Nike, Inc. Group Insurance Plan.

18 564.  Plaintiffs are informed and believe that Defendant, Nike, Inc. Group

19 Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA

20 § 502(d), 29 U.S.C. § 1132(d).

21 565.  Plaintiffs are informed and believe that Defendant, Northrop Grumman

22 Corporation, is a Delaware corporation with its corporate headquarters located in

23 Falls Church, Virginia.  Plaintiffs are informed and believe that Defendant, Northrop

24 Grumman Corporation, is a plan sponsor for the Northrop Grumman Corporation

25 Group Benefits Plan.

26 566.  Plaintiffs are informed and believe that Defendant, Northrop Grumman

27 Corporation Group Benefits Plan, is an ERISA plan and a proper defendant pursuant

28 to ERISA § 502(d), 29 U.S.C. § 1132(d).

1    567.   Plaintiffs are informed and believe that Defendant, Novartis

2  Pharmaceuticals Corporation, is a Delaware corporation with its corporate

3  headquarters located in East Hanover, New Jersey.  Plaintiffs are informed and

4  believe that Defendant, Novartis Pharmaceuticals Corporation, is a plan sponsor and

5  plan administrator for the Novartis Pharmaceuticals Corp. Welfare Benefits Plan.

6    568.   Plaintiffs are informed and believe that Defendant, Novartis

7  Pharmaceuticals Corp. Welfare Benefits Plan, is an ERISA plan and a proper

8  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9    569.   Plaintiffs are informed and believe that Defendant, NPL Construction

10  Co., is a Nevada corporation with its corporate headquarters located in Phoenix,

11  Arizona.  Plaintiffs are informed and believe that Defendant, NPL Construction Co.,

12  is a plan sponsor and plan administrator for the NPL Construction Co. Employee

13  Health Benefit Plan.

14    570.   Plaintiffs are informed and believe that Defendant, NPL Construction

15  Co. Employee Health Benefit Plan, is an ERISA plan and a proper defendant

16  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

17    571.   Plaintiffs are informed and believe that Defendant, NRC Payroll

18  Management, LLC, is a Delaware limited liability company with its corporate

19  headquarters located in Great River, New York.  Plaintiffs are informed and believe

20  that Defendant, NRC Payroll Management, LLC, is a plan sponsor and plan

21  administrator for the NRC Payroll Management Health and Welfare Plan.

22    572.   Plaintiffs are informed and believe that Defendant, NRC Payroll

23  Management Health and Welfare Plan, is an ERISA plan and a proper defendant

24  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25    573.   Plaintiffs are informed and believe that Defendant, Nursefinders, LLC,

26  is a Texas limited liability company with its corporate headquarters located in

27  Arlington, Texas.  Plaintiffs are informed and believe that Defendant, Nursefinders,

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

LLC, is a plan sponsor and plan administrator for the Nursefinders, Inc. dba Medfinders Welfare Benefit Plan.

574.    Plaintiffs are informed and believe that Defendant, Nursefinders, Inc. dba Medfinders Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

575.    Plaintiffs are informed and believe that Defendant, Oberthur Technologies of America Corp., is a Delaware corporation with its corporate headquarters located in Chantilly, Virginia.  Plaintiffs are informed and believe that Defendant, Oberthur Technologies of America Corp., is a plan sponsor and plan administrator for the Oberthur Technologies of America Corp. Group Benefits Plan.

576.    Plaintiffs are informed and believe that Defendant, Oberthur Technologies of America Corp. Group Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

577.    Plaintiffs are informed and believe that Defendant, OCLC Online Computer Library Center, Inc., is an Ohio corporation with its corporate headquarters located in Dublin, Ohio.  Plaintiffs are informed and believe that Defendant, OCLC Online Computer Library Center, Inc., is a plan sponsor and plan administrator for the OCLC Employee Welfare Benefit Plan.

578.    Plaintiffs are informed and believe that Defendant, OCLC Employee Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

579.    Plaintiffs are informed and believe that Defendant, Old Dominion Freight Line, Inc., is a Virginia corporation with its corporate headquarters located in Thomasville, North Carolina.  Plaintiffs are informed and believe that Defendant, Old Dominion Freight Line, Inc., is a plan sponsor and plan administrator for the Old Dominion Employee Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

580.   Plaintiffs are informed and believe that Defendant, Old Dominion Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

581.   Plaintiffs are informed and believe that Defendant, Olin Corporation, is a Virginia corporation with its corporate headquarters located in Clayton, Missouri. Plaintiffs are informed and believe that Defendant, Olin Corporation, is a plan sponsor for the Olin Medical/Dental Plan.

582.   Plaintiffs are informed and believe that Defendant, Olin Medical/Dental Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

583.   Plaintiffs are informed and believe that Defendant, Onward Healthcare, Inc., is a Delaware corporation with its corporate headquarters located in Wilton, Connecticut.  Plaintiffs are informed and believe that Defendant, Onward Healthcare, Inc., is a plan sponsor and plan administrator for the Onward Healthcare, Inc. Health and Welfare Plan.

584.   Plaintiffs are informed and believe that Defendant, Onward Healthcare, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

585.   Plaintiffs are informed and believe that Defendant, Orix USA Corporation, is a Delaware corporation with its corporate headquarters located in Dallas, Texas.  Plaintiffs are informed and believe that Defendant, Orix USA Corporation, is a plan sponsor and plan administrator for the Orix USA Corporation Welfare Plan.

586.   Plaintiffs are informed and believe that Defendant, Orix USA Corporation Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

587.   Plaintiffs are informed and believe that Defendant, Osram Sylvania, Inc., is a Delaware corporation with its corporate headquarters located in Danvers,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   Massachusetts.  Plaintiffs are informed and believe that Defendant, Osram Sylvania,

2   Inc., is a plan sponsor and plan administrator for the Osram Sylvania, Inc. Plan for

3   Group Insurance.

4   588.   Plaintiffs are informed and believe that Defendant, Osram Sylvania, Inc.

5   Plan for Group Insurance, is an ERISA plan and a proper defendant pursuant to

6   ERISA § 502(d), 29 U.S.C. § 1132(d).

7   589.   Plaintiffs are informed and believe that Defendant, Paetec Holding

8   Corp., is a Delaware corporation with its corporate headquarters located in Little

9   Rock, Arkansas.  Plaintiffs are informed and believe that Defendant, Paetec Holding

10   Corp., is a plan sponsor for the Paetec Holding Corp. Health Care-Medical.

11   590.   Plaintiffs are informed and believe that Defendant, Paetec Holding Corp.

12   Health Care-Medical, is an ERISA plan and a proper defendant pursuant to ERISA

13   § 502(d), 29 U.S.C. § 1132(d).

14   591.   Plaintiffs are informed and believe that Defendant, Panalpina, Inc., is a

15   New York corporation with its corporate headquarters located in Morristown, New

16   Jersey.  Plaintiffs are informed and believe that Defendant, Panalpina, Inc., is a plan

17   sponsor and plan administrator for the Panalpina, Inc. Welfare Benefits Plan.

18   592.   Plaintiffs are informed and believe that Defendant, Panalpina, Inc.

19   Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

20   § 502(d), 29 U.S.C. § 1132(d).

21   593.   Plaintiffs are informed and believe that Defendant, Park Electrochemical

22   Corp., is a New York corporation with its corporate headquarters located in Melville,

23   New York.  Plaintiffs are informed and believe that Defendant, Park Electrochemical

24   Corp., is a plan sponsor and plan administrator for the Park Electrochemical Corp.

25   Employee Health & Life Benefit Plan.

26   594.   Plaintiffs are informed and believe that Defendant, Park Electrochemical

27   Corp. Employee Health & Life Benefit Plan, is an ERISA plan and a proper

28   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1       595.   Plaintiffs are informed and believe that Defendant, Parker-Hannifin

2  Corporation, is an Ohio corporation with its corporate headquarters located in

3  Cleveland, Ohio.  Plaintiffs are informed and believe that Defendant, Parker-Hannifin

4  Corporation, is a plan sponsor and plan administrator for the Group Insurance Plan

5  Hourly and Salaried Employees of Parker Hannifin Corp.

6       596.   Plaintiffs are informed and believe that Defendant, Group Insurance

7  Plan Hourly and Salaried Employees of Parker Hannifin Corp., is an ERISA plan and

8  a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9       597.   Plaintiffs are informed and believe that Defendant, Parsons Corporation,

10  is a Delaware corporation with its corporate headquarters located in Houston, Texas.

11  Plaintiffs are informed and believe that Defendant, Parsons Corporation, is a plan

12  sponsor and plan administrator for the Group Benefits Plan For Employees of

13  Parsons Corporation & Designated Subsidiaries.

14      598.   Plaintiffs are informed and believe that Defendant, Group Benefits Plan

15  For Employees of Parsons Corporation & Designated Subsidiaries, is an ERISA plan

16  and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

17      599.   Plaintiffs are informed and believe that Defendant, Payless Shoesource,

18  Inc., is a Missouri corporation with its corporate headquarters located in Topeka,

19  Kansas.  Plaintiffs are informed and believe that Defendant, Payless Shoesource, Inc.,

20  is a plan sponsor and plan administrator for the Payless Shoesource, Inc. Medical

21  Plan.

22      600.   Plaintiffs are informed and believe that Defendant, Payless Shoesource,

23  Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA

24  § 502(d), 29 U.S.C. § 1132(d).

25      601.   Plaintiffs are informed and believe that Defendant, Pechiney Plastic

26  Packaging, Inc., is a Delaware corporation with its corporate headquarters located in

27  South Jordan, Utah.  Plaintiffs are informed and believe that Defendant, Pechiney

28

1  Plastic Packaging, Inc., is a plan sponsor and plan administrator for the Alcan

2  Salaried Welfare Benefits Program.

3      602.   Plaintiffs are informed and believe that Defendant, Alcan Salaried

4  Welfare Benefits Program, is an ERISA plan and a proper defendant pursuant to

5  ERISA § 502(d), 29 U.S.C. § 1132(d).

6      603.   Plaintiffs are informed and believe that Defendant, Pentair, Inc., is a

7  Minnesota corporation with its corporate headquarters located in Golden Valley,

8  Minnesota.  Plaintiffs are informed and believe that Defendant, Pentair, Inc., is a plan

9  sponsor and plan administrator for the Pentair, Inc. Active Employee Welfare Plan.

10     604.   Plaintiffs are informed and believe that Defendant, Pentair, Inc. Active

11 Employee Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA

12 § 502(d), 29 U.S.C. § 1132(d).

13     605.   Plaintiffs are informed and believe that Defendant, Performance Food

14 Group, Inc., is a Colorado corporation with its corporate headquarters located in

15 Richmond, Virginia.  Plaintiffs are informed and believe that Defendant,

16 Performance Food Group, Inc., is a plan sponsor and plan administrator for the

17 Performance Food Group Inc. Employee Benefits Plan.

18     606.   Plaintiffs are informed and believe that Defendant, Performance Food

19 Group Inc. Employee Benefits Plan, is an ERISA plan and a proper defendant

20 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

21     607.   Plaintiffs are informed and believe that Defendant, Perkins & Marie

22 Callender's, LLC, is a Delaware limited liability company with its corporate

23 headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that

24 Defendant, Perkins & Marie Callender's, LLC, is a plan sponsor and plan

25 administrator for the Perkins Flexible Benefits Plan.

26     608.   Plaintiffs are informed and believe that Defendant, Perkins Flexible

27 Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

28 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

609.   Plaintiffs are informed and believe that Defendant, Perot Systems Corporation, is a Delaware corporation with its corporate headquarters located in Plano, Texas.  Plaintiffs are informed and believe that Defendant, Perot Systems Corporation, is a plan sponsor and plan administrator for the Perot Systems Corporation Health Wrap Plan.

610.   Plaintiffs are informed and believe that Defendant, Perot Systems Corporation Health Wrap Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

611.   Plaintiffs are informed and believe that Defendant, Petco Animal Supplies, Inc., is a Delaware corporation with its corporate headquarters located in San Diego, California.  Plaintiffs are informed and believe that Defendant, Petco Animal Supplies, Inc., is a plan sponsor and plan administrator for the Petco Animal Supplies Inc. Group Benefit Plan and Trust.

612.   Plaintiffs are informed and believe that Defendant, Petco Animal Supplies Inc. Group Benefit Plan and Trust, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

613.   Plaintiffs are informed and believe that Defendant, Peter Kiewit Sons', Inc., is a Delaware corporation with its corporate headquarters located in Omaha, Nebraska.  Plaintiffs are informed and believe that Defendant, Peter Kiewit Sons', Inc., is a plan sponsor and plan administrator for the Peter Kiewit Sons', Inc. Health and Welfare Plan.

614.   Plaintiffs are informed and believe that Defendant, Peter Kiewit Sons', Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

615.   Plaintiffs are informed and believe that Defendant, Petsmart, Inc., is a Delaware corporation with its corporate headquarters located in Phoenix, Arizona. Plaintiffs are informed and believe that Defendant, Petsmart, Inc., is a plan sponsor and plan administrator for the Petsmart Smartchoices Benefit Plan.

616.   Plaintiffs are informed and believe that Defendant, Petsmart Smartchoices Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

617.   Plaintiffs are informed and believe that Defendant, Pfizer, Inc., is a Delaware corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, Pfizer, Inc., is a plan sponsor and plan administrator for the Pfizer Medical Plan.

618.   Plaintiffs are informed and believe that Defendant, Pfizer Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

619.   Plaintiffs are informed and believe that Defendant, Pharmaceutical Product Development, LLC, is a Florida limited liability company with its corporate headquarters located in North Miami Beach, Florida.  Plaintiffs are informed and believe that Defendant, Pharmaceutical Product Development, LLC, is a plan sponsor and plan administrator for the Pharmaceutical Product Development, LLC Welfare Benefit Plan.

620.   Plaintiffs are informed and believe that, Defendant, Pharmaceutical Product Development, LLC Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

621.   Plaintiffs are informed and believe that Defendant, Phibro Animal Health Corporation, is a New York corporation with its corporate headquarters located in Teaneck, New Jersey.  Plaintiffs are informed and believe that Defendant, Phibro Animal Health Corporation, is a plan sponsor and plan administrator for the Phibro Animal Health Corporation Health and Benefit Plan.

622.   Plaintiffs are informed and believe that Defendant, Phibro Animal Health Corporation Health and Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

623. Plaintiffs are informed and believe that Defendant, Plains All American GP, LLC, is a Delaware limited liability company with its corporate headquarters located in Houston, Texas. Plaintiffs are informed and believe that Defendant, Plains All American GP, LLC, is a plan sponsor and plan administrator for the Plains All American GP LLC Employee Health Benefit Plan.

624. Plaintiffs are informed and believe that Defendant, Plains All American GP LLC Employee Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

625. Plaintiffs are informed and believe that Defendant, Platinum Home Mortgage Corporation, is an Illinois corporation with its corporate headquarters located in Rolling Meadows, Illinois. Plaintiffs are informed and believe that Defendant, Platinum Home Mortgage Corporation, is a plan sponsor and plan administrator for the Platinum Home Mortgage Corporation.

626. Plaintiffs are informed and believe that Defendant, Platinum Home Mortgage Corporation, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

627. Plaintiffs are informed and believe that Defendant, Playboy Enterprises International, Inc., is a Delaware corporation with its corporate headquarters located in Beverly Hills, California. Plaintiffs are informed and believe that Defendant, Playboy Enterprises International, Inc., is a plan sponsor and plan administrator for the Playboy Health Benefit Plan.

628. Plaintiffs are informed and believe that Defendant, Playboy Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

629. Plaintiffs are informed and believe that Defendant, Polycom, Inc., is a Delaware corporation with its corporate headquarters located in San Jose, California. Plaintiffs are informed and believe that Defendant, Polycom, Inc., is a plan sponsor and plan administrator for the Polycom, Inc. Flexible Spending Account Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

630.   Plaintiffs are informed and believe that Defendant, Polycom, Inc. Flexible Spending Account Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

631.   Plaintiffs are informed and believe that Defendant, PPS Holdings, Inc., is a Tennessee corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, PPS Holdings, Inc., is a plan sponsor and plan administrator for the PPS Holdings, Inc. Employee Benefit Plan.

632.   Plaintiffs are informed and believe that Defendant, PPS Holdings, Inc. Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

633.   Plaintiffs are informed and believe that Defendant, Prada USA Corp., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Prada USA Corp., is a plan sponsor and plan administrator for the Prada USA Corporation Welfare Benefit Plan.

634.   Plaintiffs are informed and believe that Defendant, Prada USA Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

635.   Plaintiffs are informed and believe that Defendant, Precyse Solutions, LLC, is a Delaware limited liability company with its corporate headquarters located in King of Prussia, Pennsylvania.  Plaintiffs are informed and believe that Defendant, Precyse Solutions, LLC, is a plan sponsor and plan administrator for the Welfare Benefit Plan for Employees of Precyse Solutions LLC.

636.   Plaintiffs are informed and believe that Defendant, Welfare Benefit Plan for Employees of Precyse Solutions LLC, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

637.   Plaintiffs are informed and believe that Defendant, Prime Administration, LLC, is a Delaware limited liability company with its corporate

headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Prime Administration, LLC, is a plan sponsor and plan administrator for the Prime Administration LLC Consolidated Health & Welfare Plan.

638.   Plaintiffs are informed and believe that Defendant, Prime Administration LLC Consolidated Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

639.   Plaintiffs are informed and believe that Defendant, Probuild Holdings, Inc., is a Delaware corporation with its corporate headquarters located in Denver, Colorado.  Plaintiffs are informed and believe that Defendant, Probuild Holdings, Inc., is a plan sponsor and plan administrator for the Probuild Holdings, Inc. Welfare Benefit Plan.

640.   Plaintiffs are informed and believe that Defendant, Probuild Holdings, Inc. Welfare Benefit plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

641.   Plaintiffs are informed and believe that Defendant, Proctor & Gamble RHD, Inc., is an Ohio corporation with its corporate headquarters located in Cincinnati, Ohio.  Plaintiffs are informed and believe that Defendant, Proctor & Gamble RHD, Inc., is a plan sponsor and plan administrator for The Proctor & Gamble Health Care Plan.

642.   Plaintiffs are informed and believe that Defendant, The Proctor & Gamble Health Care Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

643.   Plaintiffs are informed and believe that Defendant, Progressive Logistics Services, LLC, is a Georgia limited liability company with its corporate headquarters located in Norcross, Georgia.  Plaintiffs are informed and believe that Defendant, Progressive Logistics Services, LLC, is a plan sponsor and plan administrator for the Progressive Logistics Services, LLC Medical & Life Insurance Benefits Plan.

644.   Plaintiffs are informed and believe that Defendant, Progressive Logistics Services, LLC Medical & Life Insurance Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

645.   Plaintiffs are informed and believe that Defendant, Protection One Alarm Monitoring, Inc., is a Delaware corporation with its corporate headquarters located in Lawrence, Kansas.  Plaintiffs are informed and believe that Defendant, Protection One Alarm Monitoring, Inc., is a plan sponsor and plan administrator for the Protection One Alarm Monitoring, Inc. Welfare Plan.

646.   Plaintiffs are informed and believe that Defendant, Protection One Alarm Monitoring, Inc. Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

647.   Plaintiffs are informed and believe that Defendant, Providence Service Corporation, is a Delaware corporation with its corporate headquarters located in Tucson, Arizona.  Plaintiffs are informed and believe that Defendant, Providence Service Corporation, is a plan sponsor and plan administrator for the Providence Service Corporation Health Benefits Plan.

648.   Plaintiffs are informed and believe that Defendant, Providence Service Corporation Health Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

649.   Plaintiffs are informed and believe that Defendant, PSC Environmental Services, LLC, is a Delaware limited liability company with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, PSC Environmental Services, LLC, is a plan sponsor and plan administrator for the PSC, LLC Group Welfare Benefits Plan.

650.   Plaintiffs are informed and believe that Defendant, PSC, LLC Group Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

651.   Plaintiffs are informed and believe that Defendant, PSN USA Holdings, Inc., is a Texas corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, PSN USA Holdings, Inc., is a plan sponsor and plan administrator for the PSN USA Holdings, Inc. Welfare Benefit Plan.

652.   Plaintiffs are informed and believe that Defendant, PSN USA Holdings, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

653.   Plaintiffs are informed and believe that Defendant, QBE First Insurance Agency, Inc., is a California corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, QBE First Insurance Agency, Inc., is a plan sponsor and plan administrator for the QBE First Group Health and Welfare Plan.

654.   Plaintiffs are informed and believe that Defendant, QBE First Group Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

655.   Plaintiffs are informed and believe that Defendant, Quantum Corporation, is a Delaware corporation with its corporate headquarters located in San Jose, California.  Plaintiffs are informed and believe that Defendant, Quantum Corporation, is a plan sponsor and plan administrator for the Quantum Corporation Health and Welfare Plan.

656.   Plaintiffs are informed and believe that Defendant, Quantum Corporation Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

657.   Plaintiffs are informed and believe that Defendant, Rainbow USA, Inc., is a New York corporation with its corporate headquarters located in Brooklyn, New York.  Plaintiffs are informed and believe that Defendant, Rainbow USA, Inc., is a plan sponsor and plan administrator for the Rainbow USA, Inc. Medical Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

658.   Plaintiffs are informed and believe that Defendant, Rainbow USA, Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

659.   Plaintiffs are informed and believe that Defendant, Raytheon Company, is a Delaware corporation with its corporate headquarters located in Waltham, Massachusetts.  Plaintiffs are informed and believe that Defendant, Raytheon Company, is a plan sponsor for the Raytheon Health Benefits Plan.

660.   Plaintiffs are informed and believe that Defendant, Raytheon Health Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

661.   Plaintiffs are informed and believe that Defendant, Red Wing Shoe Company, Inc., is a Minnesota corporation with its corporate headquarters located in Minneapolis, Minnesota.  Plaintiffs are informed and believe that Defendant, Red Wing Shoe Company, Inc., is a plan sponsor and plan administrator for the Red Wing Shoe Company Flexible Benefit Plan.

662.   Plaintiffs are informed and believe that Defendant, Red Wing Shoe Company Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

663.   Plaintiffs are informed and believe that Defendant, Rexam, Inc., is a Delaware corporation with its corporate headquarters located in Charlotte, North Carolina.  Plaintiffs are informed and believe that Defendant, Rexam, Inc., is a plan sponsor and plan administrator for the Group Insurance Plan for Employees of Rexam, Inc.

664.   Plaintiffs are informed and believe that Defendant, Group Insurance Plan for Employees of Rexam, Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

665.   Plaintiffs are informed and believe that Defendant, Rexnord Industries, LLC, is a Delaware limited liability company with its corporate headquarters located

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  in Milwaukee, Wisconsin.  Plaintiffs are informed and believe that Defendant,

2  Rexnord Industries, LLC, is a plan sponsor and plan administrator for the Rexnord

3  Welfare Plan.

4  666.   Plaintiffs are informed and believe that Defendant, Rexnord Welfare

5  Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

6  U.S.C. § 1132(d).

7  667.   Plaintiffs are informed and believe that Defendant, Reyes Holdings,

8  LLC, is a Delaware limited liability company with its corporate headquarters located

9  in Rosemont, Illinois.  Plaintiffs are informed and believe that Defendant, Reyes

10  Holdings, LLC, is a plan sponsor and plan administrator for The Reyes Holdings

11  Flexible Benefits Plan.

12  668.   Plaintiffs are informed and believe that Defendant, The Reyes Holdings

13  Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

14  § 502(d), 29 U.S.C. § 1132(d).

15  669.   Plaintiffs are informed and believe that Defendant, Rite Aid

16  Corporation, is a Delaware corporation with its corporate headquarters located in

17  Camp Hill, Pennsylvania.  Plaintiffs are informed and believe that Defendant, Rite

18  Aid Corporation, is a plan sponsor and plan administrator for the Rite Aid

19  Corporation Health Insurance Plan.

20  670.   Plaintiffs are informed and believe that Defendant, Rite Aid Corporation

21  Health Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA

22  § 502(d), 29 U.S.C. § 1132(d).

23  671.   Plaintiffs are informed and believe that Defendant, Rural/Metro

24  Corporation, is an Arizona corporation with its corporate headquarters located in

25  Scottsdale, Arizona.  Plaintiffs are informed and believe that Defendant, Rural/Metro

26  Corporation, is a plan sponsor and plan administrator for the Rural Metro

27  Corporation Employee Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

672.   Plaintiffs are informed and believe that Defendant, Rural Metro Corporation Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

673.   Plaintiffs are informed and believe that Defendant, Rush Truck Centers of California, Inc., is a Delaware corporation with its corporate headquarters located in Pico Rivera, California.  Plaintiffs are informed and believe that Defendant, Rush Truck Centers of California, Inc., is a plan sponsor and plan administrator for the Rush Enterprises Medical Plan.

674.   Plaintiffs are informed and believe that Defendant, Rush Enterprises Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

675.   Plaintiffs are informed and believe that Defendant, Ryder Services Corporation, is a Florida corporation with its corporate headquarters located in Miami, Florida.  Plaintiffs are informed and believe that Defendant, Ryder Services Corporation, is a plan sponsor and plan administrator for the Ryder System, Inc. Flexible Benefits Plan.

676.   Plaintiffs are informed and believe that Defendant, Ryder System, Inc. Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

677.   Plaintiffs are informed and believe that Defendant, S & A Computer Services, Inc., is a Georgia corporation with its corporate headquarters located in Roswell, Georgia.  Plaintiffs are informed and believe that Defendant, S & A Computer Services, Inc., is a plan sponsor and plan administrator for the S and A Computer Services Welfare Benefit Plan.

678.   Plaintiffs are informed and believe that Defendant, S and A Computer Services Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

679.   Plaintiffs are informed and believe that Defendant, Saddle Creek Corporation, is a Florida corporation with its corporate headquarters located in Lakeland, Florida.  Plaintiffs are informed and believe that Defendant, Saddle Creek Corporation, is a plan sponsor and plan administrator for the Saddle Creek Corp. Group Insurance and Flexible Benefit Plan.

680.   Plaintiffs are informed and believe that Defendant, Saddle Creek Corp. Group Insurance and Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

681.   Plaintiffs are informed and believe that Defendant, Safran USA, Inc., is a Delaware corporation with its corporate headquarters located in Grand Prairie, Texas.  Plaintiffs are informed and believe that Defendant, Safran USA, Inc., is a plan sponsor and plan administrator for the Safran USA, Inc. Cafeteria Plan.

682.   Plaintiffs are informed and believe that Defendant, Safran USA, Inc. Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

683.   Plaintiffs are informed and believe that Defendant, Saia Motor Freight Line, LLC, is a Louisiana limited liability company with its corporate headquarters located in Johns Creek, Georgia.  Plaintiffs are informed and believe that Defendant, Saia Motor Freight Line, LLC, is a plan sponsor and plan administrator for the Saia Motor Freight Line LLC Employee Preferred Provider Plan.

684.   Plaintiffs are informed and believe that Defendant, Saia Motor Freight Line LLC Employee Preferred Provider Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

685.   Plaintiffs are informed and believe that Defendant, Sally Beauty Holdings, Inc., is a Delaware corporation with its corporate headquarters located in Denton, Texas.  Plaintiffs are informed and believe that Defendant, Sally Beauty Holdings, Inc., is a plan sponsor and plan administrator for the Sally Beauty Holdings Inc. Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

COMPLAINT

1156926.1

1    686.   Plaintiffs are informed and believe that Defendant, Sally Beauty

2    Holdings Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant

3    pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

4    687.   Plaintiffs are informed and believe that Defendant, Santander Consumer

5    USA, Inc., is an Illinois corporation with its corporate headquarters located in North

6    Richland Hills, Texas.  Plaintiffs are informed and believe that Defendant Santander

7    Consumer USA, Inc., is a plan sponsor and plan administrator for the Santander

8    Consumer USA Inc. Welfare Benefit Plan.

9    688.   Plaintiffs are informed and believe that Defendant, Santander Consumer

10   USA Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to

11   ERISA § 502(d), 29 U.S.C. § 1132(d).

12   689.   Plaintiffs are informed and believe that Defendant, Schneider National,

13   Inc., is a Wisconsin corporation with its corporate headquarters located in Green Bay,

14   Wisconsin.  Plaintiffs are informed and believe that Defendant, Schneider National,

15   Inc., is a plan sponsor and plan administrator for the Schneider National, Inc. Flexible

16   Benefits Plan.

17   690.   Plaintiffs are informed and believe that Defendant, Schneider National,

18   Inc. Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to

19   ERISA § 502(d), 29 U.S.C. § 1132(d).

20   691.   Plaintiffs are informed and believe that Defendant, Seasons Hospice &

21   Palliative Care of California, Inc., is a California corporation with its corporate

22   headquarters located in Rosemont, Illinois.  Plaintiffs are informed and believe that

23   Defendant, Seasons Hospice & Palliative Care of California, Inc., is a plan sponsor

24   and plan administrator for the Seasons Hospice Flexible Benefit Plan.

25   692.   Plaintiffs are informed and believe that Defendant, Seasons Hospice

26   Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

27   § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

COMPLAINT

693.   Plaintiffs are informed and believe that Defendant, Sedgwick Claims Management Services, Inc., is an Illinois corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, Sedgwick Claims Management Services, Inc., is a plan sponsor and plan administrator for the Sedgwick Claims Management Services, Inc. Welfare Benefit Plan.

694.   Plaintiffs are informed and believe that Defendant, Sedgwick Claims Management Services, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

695.   Plaintiffs are informed and believe that Defendant, Select Specialized Staffing, Inc., is a California corporation with its corporate headquarters located in Santa Barbara, California.  Plaintiffs are informed and believe that Defendant, Select Specialized Staffing, Inc., is a plan sponsor and plan administrator for the Select Staffing – Flexible Benefits Plan.

696.   Plaintiffs are informed and believe that Defendants Select Staffing – Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

697.   Plaintiffs are informed and believe that Defendant, Shell Oil Company, is a Delaware corporation with its corporate headquarters located in Houston, Texas. Plaintiffs are informed and believe that Defendant, Shell Oil Company, is a plan sponsor and plan administrator for the Shell Oil Company Comprehensive Welfare Benefits Plan.

698.   Plaintiffs are informed and believe that Defendant, Shell Oil Company Comprehensive Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

699.   Plaintiffs are informed and believe that Defendant, Siemens Corporation, is a Delaware corporation with its corporate headquarters located in Orlando, Florida.  Plaintiffs are informed and believe that Defendant, Siemens

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   Corporation, is a plan sponsor and plan administrator for the Siemens Corporation
2   Group Life, Medical, Dental, Vision, Hearing and Long Term Disability Income
3   Plan.

4   700.   Plaintiffs are informed and believe that Defendant, Siemens Corporation
5   Group Life, Medical, Dental, Vision, Hearing and Long term Disability Income Plan,
6   is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.
7   § 1132(d).

8   701.   Plaintiffs are informed and believe that Defendant, Silverado Senior
9   Living Holdings, Inc., is a Delaware corporation with its corporate headquarters
10  located in Irvine, California.  Plaintiffs are informed and believe that Defendant,
11  Silverado Senior Living Holdings, Inc., is a plan sponsor and plan administrator for
12  the Silverado Senior Living Holdings, Inc. Welfare Benefits Plan.

13  702.   Plaintiffs are informed and believe that Defendant, Silverado Senior
14  Living Holdings, Inc. Welfare Benefits Plan, is an ERISA plan and a proper
15  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

16  703.   Plaintiffs are informed and believe that Defendant, Skywest Airlines,
17  Inc., is a Utah corporation with its corporate headquarters located in St. George,
18  Utah.  Plaintiffs are informed and believe that Defendant, Skywest Airlines, Inc., is a
19  plan sponsor and plan administrator for the Skywest, Inc. Cafeteria Plan.

20  704.   Plaintiffs are informed and believe that Defendant, Skywest, Inc.
21  Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA
22  § 502(d), 29 U.S.C. § 1132(d).

23  705.   Plaintiffs are informed and believe that Defendant, Sleep Innovations,
24  Inc., is a New Jersey corporation with its corporate headquarters located in West
25  Long Branch, New Jersey.  Plaintiffs are informed and believe that Defendant, Sleep
26  Innovations, Inc., is a plan sponsor and plan administrator for the Sleep Innovations,
27  Inc. Welfare Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

706.   Plaintiffs are informed and believe that Defendant, Sleep Innovations, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

707.   Plaintiffs are informed and believe that Defendant, Smurfit Kappa Orange County, LLC, is a Delaware limited liability company, formerly known as Orange County Container Group, LLC, with its corporate headquarters located in Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, Smurfit Kappa Orange County, LLC, is a plan sponsor and plan administrator for the Orange County Container Group Medical Plan.

708.   Plaintiffs are informed and believe that Defendant, Orange County Container Group Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

709.   Plaintiffs are informed and believe that Defendant, Sodexo, Inc., is a Delaware corporation with its corporate headquarters located in Washington, D.C. Plaintiffs are informed and believe that Defendant, Sodexo, Inc., is a plan sponsor and plan administrator for the Sodexo, Inc. Medical Benefits Plan.

710.   Plaintiffs are informed and believe that Defendant, Sodexo, Inc. Medical Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

711.   Plaintiffs are informed and believe that Defendant, Sorrento Capital, Inc., is a California corporation with its corporate headquarters located in Irvine, California.  Plaintiffs are informed and believe that Defendant, Sorrento Capital, Inc., is a plan sponsor and plan administrator for the Sorrento Capital Welfare Benefits Plan.

712.   Plaintiffs are informed and believe that Defendant, Sorrento Capital Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

713.   Plaintiffs are informed and believe that Defendant, SourceHov, LLC, is a Delaware limited liability company with its corporate headquarters located in Dallas, Texas.  Plaintiffs are informed and believe that Defendant, SourceHov, LLC, is a plan sponsor and plan administrator for the SourceHov, LLC Health and Welfare Benefit Plan.

714.   Plaintiffs are informed and believe that Defendant, SourceHov, LLC Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

715.   Plaintiffs are informed and believe that Defendant, Southwest Airlines Co., is a Texas corporation with its corporate headquarters located in Dallas, Texas. Plaintiffs are informed and believe that Defendant, Southwest Airlines Co., is a plan sponsor for the Southwest Airlines Co. Welfare Benefit Plan.

716.   Plaintiffs are informed and believe that Defendant, Southwest Airlines Co. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

717.   Plaintiffs are informed and believe that Defendant, Southwest Gas Corporation, is a California corporation with its corporate headquarters located in Las Vegas, Nevada.  Plaintiffs are informed and believe that Defendant, Southwest Gas Corporation, is a plan sponsor and plan administrator for the Southwest Gas Corporation Life Insurance & Health Plan.

718.   Plaintiffs are informed and believe that Defendant, Southwest Gas Corporation Life Insurance & Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

719.   Plaintiffs are informed and believe that Defendant, Station Casinos, Inc., is a Nevada corporation with its corporate headquarters located in Las Vegas, Nevada.  Plaintiffs are informed and believe that Defendant, Station Casinos, Inc., is a plan sponsor and plan administrator for the Station Casinos, Inc. Employee Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

720.   Plaintiffs are informed and believe that Defendant, Station Casinos, Inc. Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

721.   Plaintiffs are informed and believe that Defendant, Stein Mart, Inc., is a Florida corporation with its corporate headquarters located in Jacksonville, Florida. Plaintiffs are informed and believe that Defendant, Stein Mart, Inc., is a plan sponsor and plan administrator for the Stein Mart, Inc. & Subsidiaries Group Disability and Vision Plan.

722.   Plaintiffs are informed and believe that Defendant, Stein Mart, Inc. & Subsidiaries Group Disability and Vision Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

723.   Plaintiffs are informed and believe that Defendant, Stryker Corporation, is a Michigan corporation with its corporate headquarters located in Kalamazoo, Michigan.  Plaintiffs are informed and believe that Defendant, Stryker Corporation, is a plan sponsor and plan administrator for the Stryker Corporation Welfare Benefits Plan.

724.   Plaintiffs are informed and believe that Defendant, Stryker Corporation Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

725.   Plaintiffs are informed and believe that Defendant, Sunburst Hospitality Corporation, is a Delaware corporation with its corporate headquarters located in Wilmington, District of Columbia.  Plaintiffs are informed and believe that Defendant, Sunburst Hospitality Corporation, is a plan sponsor and plan administrator for the Sunburst Hospitality Corporation Employee Welfare Plan.

726.   Plaintiffs are informed and believe that Defendant, Sunburst Hospitality Corporation Employee Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   727.   Plaintiffs are informed and believe that Defendant, Sunstate Equipment

2  Co., LLC, is a Delaware limited liability company with its corporate headquarters

3  located in Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant,

4  Sunstate Equipment Co., LLC, is a plan sponsor and plan administrator for the

5  Sunstate Equipment Co., LLC Employee Benefit Plan.

6   728.   Plaintiffs are informed and believe that Defendant, Sunstate Equipment

7  Co., LLC Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant

8  to ERISA § 502(d), 29 U.S.C. § 1132(d).

9   729.   Plaintiffs are informed and believe that Defendant, Systems Application

10  & Technologies, Inc., is a Delaware corporation with its corporate headquarters

11  located in Largo, Maryland.  Plaintiffs are informed and believe that Defendant,

12  Systems Application & Technologies, Inc., is a plan sponsor and plan administrator

13  for the Systems Application and Technologies, Inc. Health and Welfare Plan.

14   730.   Plaintiffs are informed and believe that Defendant, Systems Application

15  and Technologies, Inc. Health and Welfare Plan, is an ERISA plan and a proper

16  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

17   731.   Plaintiffs are informed and believe that Defendant, Target Corporation,

18  is a Minnesota corporation with its corporate headquarters located in Minneapolis,

19  Minnesota.  Plaintiffs are informed and believe that Defendant, Target Corporation,

20  is a plan sponsor and plan administrator for the Target Corporation Employee

21  Umbrella Trusteed Benefit Plan.

22   732.   Plaintiffs are informed and believe that Defendant, Target Corporation

23  Employee Umbrella Trusteed Benefit Plan, is an ERISA plan and a proper defendant

24  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25   733.   Plaintiffs are informed and believe that Defendant, Tech Data

26  Corporation, is a Florida corporation with its corporate headquarters located in

27  Clearwater, Florida.  Plaintiffs are informed and believe that Defendant, Tech Data

28

1   Corporation, is a plan sponsor and plan administrator for the Tech Data Corporation

2   Employee Welfare Benefits Plan.

3       734.   Plaintiffs are informed and believe that Defendant, Tech Data

4   Corporation Employee Welfare Benefits Plan, is an ERISA plan and a proper

5   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6       735.   Plaintiffs are informed and believe that Defendant, Teijin Holdings

7   USA, Inc., is a Delaware corporation with its corporate headquarters located in New

8   York, New York.  Plaintiffs are informed and believe that Defendant, Teijin Holdings

9   USA, Inc., is a plan sponsor for the Teijin Holdings USA, Inc. Welfare Benefits Plan.

10      736.   Plaintiffs are informed and believe that Defendant, Teijin Holdings

11  USA, Inc. Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant

12  to ERISA § 502(d), 29 U.S.C. § 1132(d).

13      737.   Plaintiffs are informed and believe that Defendant, Telaid Industries,

14  Inc., is a Connecticut corporation with its corporate headquarters located in Niantic,

15  Connecticut.  Plaintiffs are informed and believe that Defendant, Telaid Industries,

16  Inc., is a plan sponsor and plan administrator for the Telaid Group Health Plan.

17      738.   Plaintiffs are informed and believe that Defendant, Telaid Group Health

18  Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

19  U.S.C. § 1132(d).

20      739.   Plaintiffs are informed and believe that Defendant, Telecare

21  Corporation, is a California corporation with its corporate headquarters located in

22  Alameda, California.  Plaintiffs are informed and believe that Defendant, Telecare

23  Corporation, is a plan sponsor and plan administrator for the Telecare Corporation

24  Group Welfare Plan.

25      740.   Plaintiffs are informed and believe that Defendant, Telecare Corporation

26  Group Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA

27  § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

741.   Plaintiffs are informed and believe that Defendant, TestAmerica Laboratories, Inc., is a Delaware corporation with offices in North Canton, Ohio. Plaintiffs are informed and believe that Defendant, TestAmerica Laboratories, Inc., is a plan sponsor and plan administrator for the TestAmerica Employee Benefits Plan.

742.   Plaintiffs are informed and believe that Defendant, TestAmerica Employee Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

743.   Plaintiffs are informed and believe that Defendant, Textron, Inc., is a Delaware corporation with its corporate headquarters located in Providence, Rhode Island.  Plaintiffs are informed and believe that Defendant, Textron, Inc., is a plan sponsor and plan administrator for the Textron Bargained Insured Benefits Plan.

744.   Plaintiffs are informed and believe that Defendant, Textron Bargained Insured Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

745.   Plaintiffs are informed and believe that Defendant, TGI Friday's, Inc., is a New York corporation with its corporate headquarters located in Carrollton, Texas. Plaintiffs are informed and believe that Defendant, TGI Friday's, Inc., is a plan sponsor and plan administrator for the CRW Flexible Benefit Plan.

746.   Plaintiffs are informed and believe that Defendant, CRW Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

747.   Plaintiffs are informed and believe that Defendant, The Arora Group, Inc., is a Maryland corporation with its corporate headquarters located in Gaithersburg, Maryland.  Plaintiffs are informed and believe that Defendant, The Arora Group, Inc., is a plan sponsor and plan administrator for the The Arora Group, Inc. Medical and Prescription Drug Plan.

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

748. Plaintiffs are informed and believe that Defendant, The Arora Group, Inc. Medical and Prescription Drug Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

749. Plaintiffs are informed and believe that Defendant, The Boeing Company, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois. Plaintiffs are informed and believe that Defendant, The Boeing Company, is a plan sponsor for the Boeing North American Employee Health Plan.

750. Plaintiffs are informed and believe that Defendant, Boeing North American Employee Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

751. Plaintiffs are informed and believe that Defendant, The Children's Place Retail Stores, Inc., is a Delaware corporation with its corporate headquarters located in Secaucus, New Jersey. Plaintiffs are informed and believe that Defendant, The Children's Place Retail Stores, Inc., is a plan sponsor and plan administrator for The Children's Place Health Care, Short Term Disability & Life Insurance Plan.

752. Plaintiffs are informed and believe that Defendant, The Children's Place Health Care, Short Term Disability & Life Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

753. Plaintiffs are informed and believe that Defendant, The Clorox Company, is a Delaware corporation with its corporate headquarters located in Oakland, California. Plaintiffs are informed and believe that Defendant, The Clorox Company, is a plan sponsor and plan administrator for the The Clorox Company Group Insurance Plan.

754. Plaintiffs are informed and believe that Defendant, The Clorox Company Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

755. Plaintiffs are informed and believe that Defendant, The Coca-Cola Company, is a Delaware corporation with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

1  Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, The Coca-Cola

2  Company, is a plan sponsor for The Coca-Cola Company Health and Welfare

3  Benefits Plan.

4        756.   Plaintiffs are informed and believe that Defendant, The Coca-Cola

5  Company Health and Welfare Benefits Plan, is an ERISA plan and a proper

6  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7        757.   Plaintiffs are informed and believe that Defendant, The Converse

8  Professional Group, is a California corporation with its corporate headquarters

9  located in Monrovia, California.  Plaintiffs are informed and believe that Defendant,

10  The Converse Professional Group, is a plan sponsor and plan administrator for The

11  Converse Professional Group Major Medical Plan.

12        758.   Plaintiffs are informed and believe that Defendant, The Converse

13  Professional Group Major Medical Plan, is an ERISA plan and a proper defendant

14  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15        759.   Plaintiffs are informed and believe that Defendant, The Guardian Life

16  Insurance Company of America, is a New York corporation with its corporate

17  headquarters located in New York, New York.  Plaintiffs are informed and believe

18  that Defendant, The Guardian Life Insurance Company of America, is a plan sponsor

19  and plan administrator for The Guardian High Deductible Health Plan Through

20  UnitedHealthcare Home Office.

21        760.   Plaintiffs are informed and believe that Defendant, The Guardian High

22  Deductible Health Plan Through UnitedHealthcare Home Office, is an ERISA plan

23  and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

24        761.   Plaintiffs are informed and believe that Defendant, The Hain Celestial

25  Group, Inc., is a Delaware corporation with its corporate headquarters located in

26  Lake Success, New York.  Plaintiffs are informed and believe that Defendant, The

27  Hain Celestial Group, Inc., is a plan sponsor and plan administrator for the The Hain

28  Celestial Group, Inc. Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

762.   Plaintiffs are informed and believe that Defendant, The Hain Celestial Group, Inc. Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

763.   Plaintiffs are informed and believe that Defendant, The Hertz Corporation, is a Delaware corporation with its corporate headquarters located in Park Ridge, New Jersey.  Plaintiffs are informed and believe that Defendant, The Hertz Corporation, is a plan sponsor and plan administrator for the Hertz Custom Benefit Program.

764.   Plaintiffs are informed and believe that Defendant, Hertz Custom Benefit Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

765.   Plaintiffs are informed and believe that Defendant, The Interpublic Group of Companies, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, The Interpublic Group of Companies, Inc., is a plan sponsor and plan administrator for The Interpublic Medical and Dental Plan.

766.   Plaintiffs are informed and believe that Defendant, The Interpublic Medical and Dental Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

767.   Plaintiffs are informed and believe that Defendant, The McGraw-Hill Companies, Inc., is a New York corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, The McGraw-Hill Companies, Inc., is a plan sponsor and plan administrator for The McGraw-Hill Companies, Inc. Group Health Plan.

768.   Plaintiffs are informed and believe that Defendant, The McGraw-Hill Companies, Inc. Group Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

769.   Plaintiffs are informed and believe that Defendant, The Salvation Army, is a New York corporation with its corporate headquarters located in West Nyack, New York.  Plaintiffs are informed and believe that Defendant, The Salvation Army, is a plan sponsor and plan administrator for the The Salvation Army Flexible Benefit Plan.

770.   Plaintiffs are informed and believe that Defendant, The Salvation Army Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

771.   Plaintiffs are informed and believe that Defendant, The ServiceMaster Company, LLC, is a Delaware limited liability company with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, The ServiceMaster Company, LLC, is a plan sponsor and plan administrator for the The Servicemaster Health & Welfare Benefits Plan.

772.   Plaintiffs are informed and believe that Defendant, The ServiceMaster Health & Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

773.   Plaintiffs are informed and believe that Defendant, The Steritech Group, Inc., is a Georgia corporation with its corporate headquarters located in Charlotte, North Carolina.  Plaintiffs are informed and believe that Defendant, The Steritech Group, Inc., is a plan sponsor and plan administrator for The Steritech Group, Inc. Cafeteria Plan.

774.   Plaintiffs are informed and believe that Defendant, The Steritech Group, Inc. Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

775.   Plaintiffs are informed and believe that Defendant, The Travelers Companies, Inc., is a Minnesota corporation with its corporate headquarters located in St. Paul, Minnesota.  Plaintiffs are informed and believe that Defendant, The

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   Travelers Companies, Inc., is a plan sponsor and plan administrator for The Travelers

2   Trusteed Employee Benefit Plan.

3        776.   Plaintiffs are informed and believe that Defendant, The Travelers

4   Trusteed Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant

5   to ERISA § 502(d), 29 U.S.C. § 1132(d).

6        777.   Plaintiffs are informed and believe that Defendant, The Turner

7   Corporation, is a New York corporation with its corporate headquarters located in

8   New York, New York.  Plaintiffs are informed and believe that Defendant, The

9   Turner Corporation, is a plan sponsor and plan administrator for the The Turner

10  Corporation Welfare Benefits Plan.

11       778.   Plaintiffs are informed and believe that Defendant, The Turner

12  Corporation Welfare Benefits Plan, is an ERISA plan and a proper defendant

13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       779.   Plaintiffs are informed and believe that Defendant, Thermo Fisher

15  Scientific, Inc., is a Delaware corporation with its corporate headquarters located in

16  Waltham, Massachusetts.  Plaintiffs are informed and believe that Defendant,

17  Thermo Fisher Scientific, Inc., is a plan sponsor and plan administrator for the

18  Thermo Fisher Scientific Inc. Group Insurance Plan.

19       780.   Plaintiffs are informed and believe that Defendant, Thermo Fisher

20  Scientific Inc. Group Insurance Plan, is an ERISA plan and a proper defendant

21  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22       781.   Plaintiffs are informed and believe that Defendant, Tic Holdings, Inc., is

23  a Colorado corporation with its corporate headquarters located in Omaha, Nebraska.

24  Plaintiffs are informed and believe that Defendant, Tic Holdings, Inc., is a plan

25  sponsor and plan administrator for the Tic Holdings, Inc. Welfare Benefit Plan.

26       782.   Plaintiffs are informed and believe that Defendant, Tic Holdings, Inc.

27  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

28  § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

783.   Plaintiffs are informed and believe that Defendant, Time Warner Cable, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Time Warner Cable, Inc., is a plan sponsor for the Time Warner Cable Benefits Plan.

784.   Plaintiffs are informed and believe that Defendant, Time Warner Cable Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

785.   Plaintiffs are informed and believe that Defendant, Tire Centers, LLC, is a California limited liability company with its corporate headquarters located in Duncan, South Carolina.  Plaintiffs are informed and believe that Defendant, Tire Centers, LLC, is a plan sponsor and plan administrator for the Tire Centers, LLC Employee Benefit Plan.

786.   Plaintiffs are informed and believe that Defendant, Tire Centers, LLC Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

787.   Plaintiffs are informed and believe that Defendant, T-Mobile USA, Inc., is a Delaware corporation with its corporate headquarters located in Bellevue, Washington.  Plaintiffs are informed and believe that Defendant, T-Mobile USA, Inc., is a plan sponsor and plan administrator for the T-Mobile USA, Inc. Employee Benefit Plan.

788.   Plaintiffs are informed and believe that Defendant, T-Mobile USA, Inc. Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

789.   Plaintiffs are informed and believe that Defendant, Toshiba America, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Toshiba America, Inc., is a plan sponsor and plan administrator for the Toshiba America Inc. Group Welfare Benefit Plan.

790.   Plaintiffs are informed and believe that Defendant, Toshiba America Inc. Group Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

791.   Plaintiffs are informed and believe that Defendant, Towers Watson America, LLC, is a Delaware limited liability company with its corporate headquarters located in Arlsington, Virginia.  Plaintiffs are informed and believe that Defendant, Towers Watson America, LLC, is a plan sponsor and plan administrator for the Towers Watson Medical Plan.

792.   Plaintiffs are informed and believe that Defendant, Towers Watson Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

793.   Plaintiffs are informed and believe that Defendant, Tribune Company, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois. Plaintiffs are informed and believe that Defendant, Tribune Company, is a plan sponsor for the Tribune Company Benefit Program.

794.   Plaintiffs are informed and believe that Defendant, Tribune Company Benefit Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

795.   Plaintiffs are informed and believe that Defendant, Trinet HR Corporation, is a California corporation formerly known as Gevity HR Inc., with its corporate headquarters located in San Leandro, California.  Plaintiffs are informed and believe that Defendant, Trinet HR Corporation, is a plan sponsor and plan administrator for the Gevity HR Inc. Section 125 Plan.

796.   Plaintiffs are informed and believe that Defendant, Gevity HR Inc. Section 125 Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

797.   Plaintiffs are informed and believe that Defendant, TTX Company, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs are informed and believe that Defendant, TTX Company, is a plan sponsor and plan administrator for the TTX Company Group and Health Plan.

798. Plaintiffs are informed and believe that Defendant, TTX Company Group and Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

799. Plaintiffs are informed and believe that Defendant, Tucker Ellis, LLP, is a Delaware limited liability partnership with its corporate headquarters located in Cleveland, Ohio. Plaintiffs are informed and believe that Defendant, Tucker Ellis, LLP, is a plan sponsor and plan administrator for the Tucker Ellis & West LLP Welfare Benefit Plan.

800. Plaintiffs are informed and believe that Defendant, Tucker Ellis & West LLP Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

801. Plaintiffs are informed and believe that Defendant, Union Bank, N.A., is a California corporation with its corporate headquarters located in San Francisco, California. Plaintiffs are informed and believe that Defendant, Union Bank, N.A., is a plan sponsor and plan administrator for the Union Bank Health Benefit Plan.

802. Plaintiffs are informed and believe that Defendant, Union Bank Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

803. Plaintiffs are informed and believe that Defendant, Union Pacific Railroad Company, is a Delaware corporation with its corporate headquarters located in Omaha, Nebraska. Plaintiffs are informed and believe that Defendant, Union Pacific Railroad Company, is a plan sponsor and plan administrator for Union Pacific Railroad Employees Health Systems.

804. Plaintiffs are informed and believe that Defendant, Union Pacific Railroad Employees Health Systems, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    805.   Plaintiffs are informed and believe that Defendant, United Airlines, Inc.,

2  is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.

3  Plaintiffs are informed and believe that Defendant, United Airlines, Inc., is a plan

4  sponsor and plan administrator for the United Airlines Consolidated Welfare Benefit

5  Plan.

6    806.   Plaintiffs are informed and believe that Defendant, United Airlines

7  Consolidated Welfare Benefit Plan, is an ERISA plan and a proper defendant

8  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9    807.   Plaintiffs are informed and believe that Defendant, UnitedHealth Group

10  Employee Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to

11  ERISA § 502(d), 29 U.S.C. § 1132(d).

12    808.   Plaintiffs are informed and believe that Defendant, Univision

13  Communications, Inc., is a Delaware corporation with its corporate headquarters

14  located in Teaneck, New Jersey.  Plaintiffs are informed and believe that Defendant,

15  Univision Communications, Inc., is a plan sponsor and plan administrator for the

16  Univision Welfare Benefits Plan.

17    809.   Plaintiffs are informed and believe that Defendant, Univision Welfare

18  Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

19  29 U.S.C. § 1132(d).

20    810.   Plaintiffs are informed and believe that Defendant, UPM Raflatac, Inc.,

21  is a North Carolina corporation with its corporate headquarters located in Fletcher,

22  North Carolina.  Plaintiffs are informed and believe that Defendant, UPM Raflatac,

23  Inc., is a plan sponsor and plan administrator for the UPM-Raflatac, Inc. Health and

24  Welfare Benefit Plan.

25    811.   Plaintiffs are informed and believe that Defendant, UPM-Raflatac, Inc.

26  Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant

27  to ERISA § 502(d), 29 U.S.C. § 1132(d).

28

812.   Plaintiffs are informed and believe that Defendant, Urban Decay Cosmetics, LLC, is a Delaware limited liability company with its headquarters located in Newport Beach, California.  Plaintiffs are informed and believe that Defendant, Urban Decay Cosmetics, LLC, is a plan sponsor and plan administrator for the Urban Decay Cosmetics Health and Welfare Plan.

813.   Plaintiffs are informed and believe that Defendant, Urban Decay Cosmetics Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

814.   Plaintiffs are informed and believe that Defendant, U.S. Auto Parts Network, Inc., is a Delaware corporation with its corporate headquarters located in Carson, California. Plaintiffs are informed and believe that Defendant, U.S. Auto Parts Network, Inc., is a plan sponsor and plan administrator for the US Auto Parts Network Inc. Health and Welfare Benefit Plan.

815.   Plaintiffs are informed and believe that Defendant, US Auto Parts Network Inc. Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

816.   Plaintiffs are informed and believe that Defendant, US Airways Group, Inc., is a Delaware corporation with its corporate headquarters located in Tempe, Arizona.  Plaintiffs are informed and believe that Defendant, US Airways Group, Inc., is a plan sponsor and plan administrator for the US Airways, Inc. Health Benefit Plan.

817.   Plaintiffs are informed and believe that Defendant, US Airways, Inc. Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

818.   Plaintiffs are informed and believe that Defendant, U.S. Logistics, Inc., is an Oklahoma corporation with its corporate headquarters located in Lawrenceville, New Jersey.  Plaintiffs are informed and believe that Defendant, U.S. Logistics, Inc.,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  is a plan sponsor and plan administrator for the U.S. Logistics, Inc. Health and

2  Dental.

3     819.   Plaintiffs are informed and believe that Defendant, U.S. Logistics, Inc.

4  Health and Dental, is an ERISA plan and a proper defendant pursuant to ERISA

5  § 502(d), 29 U.S.C. § 1132(d).

6     820.   Plaintiffs are informed and believe that Defendant, U.S. Nursing

7  Corporation, is a Colorado corporation with its corporate headquarters located in

8  Greenwood Village, Colorado.  Plaintiffs are informed and believe that Defendant,

9  U.S. Nursing Corporation, is a plan sponsor and plan administrator for the US

10  Nursing Corp. Employee Benefit Plan.

11     821.   Plaintiffs are informed and believe that Defendant, US Nursing Corp.

12  Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

13  § 502(d), 29 U.S.C. § 1132(d).

14     822.   Plaintiffs are informed and believe that Defendant, USA Truck, Inc., is a

15  Delaware corporation with its corporate headquarters located in Van Buren,

16  Arkansas.  Plaintiffs are informed and believe that Defendant, USA Truck, Inc., is a

17  plan sponsor and plan administrator for the USA Truck Inc. Welfare Benefit Plan.

18     823.   Plaintiffs are informed and believe that Defendant, USA Truck Inc.

19  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

20  § 502(d), 29 U.S.C. § 1132(d).

21     824.   Plaintiffs are informed and believe that Defendant, UTI Services, Inc., is

22  a California corporation with its corporate headquarters located in Long Beach,

23  California.  Plaintiffs are informed and believe that Defendant, UTI Services, Inc., is

24  a plan sponsor and plan administrator for the UTI Services, Inc. Welfare Benefits

25  Plan.

26     825.   Plaintiffs are informed and believe that Defendant, UTI Services, Inc.

27  Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

28  § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

826.   Plaintiffs are informed and believe that Defendant, Valeant Pharmaceuticals International, is a Delaware corporation with its corporate headquarters located in Bridgewater, New Jersey.  Plaintiffs are informed and believe that Defendant, Valeant Pharmaceuticals International, is a plan sponsor and plan administrator for the Valeant Pharmaceuticals International Group Welfare Plan.

827.   Plaintiffs are informed and believe that Defendant, Valeant Pharmaceuticals International Group Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

828.   Plaintiffs are informed and believe that Defendant, Velocity Express, LLC, is a Delaware limited liability company with its corporate headquarters located in Westport, Connecticut.  Plaintiffs are informed and believe that Defendant, Velocity Express, LLC, is a plan sponsor and plan administrator for the Velocity Express, LLC Flexible Benefits Plan.

829.   Plaintiffs are informed and believe that Defendant, Velocity Express, LLC Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

830.   Plaintiffs are informed and believe that Defendant, Veolia Environmental Services North America, LLC, is a Delaware limited liability company with its corporate headquarters located in Madison, Wisconsin.  Plaintiffs are informed and believe that Defendant, Veolia Environmental Services North America, LLC, is a plan sponsor and plan administrator for the Veolia Environmental Services North America Corp. Employee Health Benefit Plan.

831.   Plaintiffs are informed and believe that Defendant, Veolia Environmental Services North America Corp. Employee Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

832.   Plaintiffs are informed and believe that Defendant, Verizon Communications, Inc., is a Delaware corporation with its corporate headquarters

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   located in Basking Ridge, New Jersey.  Plaintiffs are informed and believe that

2   Defendant, Verizon Communications, Inc., is a plan sponsor and plan administrator

3   for the Verizon Plan 550.

4   833.   Plaintiffs are informed and believe that Defendant, Verizon Plan 550, is

5   an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

6   § 1132(d).

7   834.   Plaintiffs are informed and believe that Defendant, Via Technologies,

8   Inc., is a California corporation with its corporate headquarters located in Fremont,

9   California.  Plaintiffs are informed and believe that Defendant, Via Technologies,

10  Inc., is a plan sponsor and plan administrator for the Via Technologies, Inc. Health

11  and Welfare Plan.

12  835.   Plaintiffs are informed and believe that Defendant, Via Technologies,

13  Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to

14  ERISA § 502(d), 29 U.S.C. § 1132(d).

15  836.   Plaintiffs are informed and believe that Defendant, Viacom, Inc., is a

16  Delaware corporation with its corporate headquarters located in New York, New

17  York.  Plaintiffs are informed and believe that Defendant, Viacom, Inc., is the plan

18  sponsor for the Viacom Health Plan.

19  837.   Plaintiffs are informed and believe that Defendant, Viacom Health Plan,

20  is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

21  § 1132(d).

22  838.   Plaintiffs are informed and believe that Defendant, Volt Information

23  Sciences, Inc., is a New York corporation with its corporate headquarters located in

24  New York, New York.  Plaintiffs are informed and believe that Defendant, Volt

25  Information Sciences, Inc., is a plan sponsor and plan administrator for the Volt

26  Information Sciences, Inc. and Affiliates Employee Welfare Benefits Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

839.   Plaintiffs are informed and believe that Defendant, Volt Information Sciences, Inc. and Affiliates Employee Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

840.   Plaintiffs are informed and believe that Defendant, Vulcan Materials Company, is a New Jersey corporation with its corporate headquarters located in Birmingham, Alabama.  Plaintiffs are informed and believe that Defendant, Vulcan Materials Company, is a plan sponsor and plan administrator for the Health & Welfare Benefit Plans of Vulcan Materials Company.

841.   Plaintiffs are informed and believe that Defendant, Health & Welfare Benefit Plans of Vulcan Materials Company, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

842.   Plaintiffs are informed and believe that Defendant, W.W. Grainger, Inc., is an Illinois corporation with its corporate headquarters located in Lake Forest, Illinois.  Plaintiffs are informed and believe that Defendant, W.W. Grainger, Inc., is a plan sponsor and plan administrator for the W.W. Grainger Inc. Group Benefit Plan I.

843.   Plaintiffs are informed and believe that Defendant, W.W. Grainger Inc. Group Benefit Plan I, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

844.   Plaintiffs are informed and believe that Defendant, Wachovia Financial Services, Inc., is a Delaware corporation with its corporate headquarters located in Wilmington, Delaware.  Plaintiffs are informed and believe that Defendant, Wachovia Financial Services, Inc., is a plan sponsor and plan administrator for the Wachovia Corporation Health and Welfare Plan.

845.   Plaintiffs are informed and believe that Defendant, Wachovia Corporation Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

846.   Plaintiffs are informed and believe that Defendant, Wal-Mart Stores, Inc., is a Delaware corporation with its corporate headquarters located in Bentonville,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   Arkansas.  Plaintiffs are informed and believe that Defendant, Wal-Mart Stores, Inc.,

2   is a plan sponsor and plan administrator for the Wal-Mart Stores, Inc. Associates

3   Health and Welfare Plan.

4   847.   Plaintiffs are informed and believe that Defendant, Wal-Mart Stores,

5   Inc. Associates Health and Welfare Plan, is an ERISA plan and a proper defendant

6   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7   848.   Plaintiffs are informed and believe that Defendant, Wells Fargo &

8   Company, is a Delaware corporation with its corporate headquarters located in San

9   Francisco, California.  Plaintiffs are informed and believe that Defendant, Wells

10  Fargo & Company, is a plan sponsor and plan administrator for the Wells Fargo &

11  Co. Health Plan.

12  849.   Plaintiffs are informed and believe that Defendant, Wells Fargo & Co.

13  Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

14  29 U.S.C. § 1132(d).

15  850.   Plaintiffs are informed and believe that Defendant, We're Ready To

16  Assemble, Inc., a Texas corporation, formerly known as National Product Services,

17  Inc., currently doing business as Impact Resource Group, with its corporate

18  headquarters located in Irving, Texas.  Plaintiffs are informed and believe that

19  Defendant, We're Ready to Assemble, Inc., is a plan sponsor and plan administrator

20  for the We're Ready To Assemble dba Impact Resource Group Benefit Plan.

21  851.   Plaintiffs are informed and believe that Defendant, We're Ready To

22  Assemble dba Impact Resource Group Benefit Plan, is an ERISA plan and a proper

23  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

24  852.   Plaintiffs are informed and believe that Defendant, Westways Staffing

25  Services, Inc., is a California corporation with its corporate headquarters located in

26  Corona del Mar, California.  Plaintiffs are informed and believe that Defendant,

27  Westways Staffing Services, Inc., is a plan sponsor and plan administrator for the

28  Westways Staffing Services Health Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

853.   Plaintiffs are informed and believe that Defendant, Westways Staffing Services Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

854.   Plaintiffs are informed and believe that Defendant, Whirlpool Corporation, is a Delaware corporation with its corporate headquarters located in Benton Harbor, Michigan.  Plaintiffs are informed and believe that Defendant, Whirlpool Corporation, is a plan sponsor and plan administrator for the Whirlpool Corporation Group Benefit Plan.

855.   Plaintiffs are informed and believe that Defendant, Whirlpool Corporation Group Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

856.   Plaintiffs are informed and believe that Defendant, Whole Foods Market California, Inc., is a California corporation with its corporate headquarters located in Austin, Texas.  Plaintiffs are informed and believe that Defendant, Whole Foods Market California, Inc., is a plan sponsor and plan administrator for the Whole Foods Market, Inc. Cafeteria Plan.

857.   Plaintiffs are informed and believe that Defendant, Whole Foods Market, Inc. Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

858.   Plaintiffs are informed and believe that Defendant, Williams-Sonoma Stores, Inc., is a California corporation with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Williams-Sonoma Stores, Inc., is a plan sponsor and plan administrator for the Williams-Sonoma, Inc. Health & Welfare Plan.

859.   Plaintiffs are informed and believe that Defendant, Williams-Sonoma, Inc. Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

860.   Plaintiffs are informed and believe that Defendant, Wipro Limited, is an India corporation with its corporate headquarters located in East Brunswick, New Jersey.  Plaintiffs are informed and believe that Defendant, Wipro Limited, is a plan sponsor and plan administrator for the Wipro Health and Welfare Plan.

861.   Plaintiffs are informed and believe that Defendant, Wipro Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

862.   Plaintiffs are informed and believe that Defendant, Wolverine World Wide, Inc., is a Delaware corporation with its corporate headquarters located in Rockford, Michigan.  Plaintiffs are informed and believe that Defendant, Wolverine World Wide, Inc., is a plan sponsor and plan administrator for the Wolverine Worldwide Flexible Spending Account Plan.

863.   Plaintiffs are informed and believe that Defendant, Wolverine Worldwide Flexible Spending Account Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

864.   Plaintiffs are informed and believe that Defendant, World Travel Holdings, Inc., is a Delaware corporation with its corporate headquarters located in Wilmington, Massachusetts.  Plaintiffs are informed and believe that Defendant, World Travel Holdings, Inc., is a plan sponsor and plan administrator for the World Travel Holdings, Inc. Flexible Benefit Plan.

865.   Plaintiffs are informed and believe that Defendant, World Travel Holdings, Inc. Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

866.   Plaintiffs are informed and believe that Defendant, WorleyParsons Corporation, is a Delaware corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, WorleyParsons Corporation, is a plan sponsor and plan administrator for the Group Benefits Plan for Employees of WorleyParsons Corporation.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

867. Plaintiffs are informed and believe that Defendant, Group Benefits Plan for Employees of WorleyParsons Corporation, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

868. Plaintiffs are informed and believe that Defendant, WSA Group, Inc., is a California corporation with its corporate headquarters located in Los Angeles, California. Plaintiffs are informed and believe that Defendant, WSA Group, Inc., is a plan sponsor and plan administrator for the WSA Group.

869. Plaintiffs are informed and believe that Defendant, WSA Group, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

870. Plaintiffs are informed and believe that Defendant, Wynright Corporation, is an Illinois corporation with its corporate headquarters located in Elk Grove Village, Illinois. Plaintiffs are informed and believe that Defendant, Wynright Corporation, is a plan sponsor and plan administrator for the Wynright Welfare Benefit Plan.

871. Plaintiffs are informed and believe that Defendant, Wynright Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

872. Plaintiffs are informed and believe that Defendant, Xeta Technologies, Inc., is an Oklahoma corporation with its corporate headquarters located in Little Rock, Arkansas. Plaintiffs are informed and believe that Defendant, Xeta Technologies, Inc., is a plan sponsor for the Xeta Technologies, Inc. Welfare Benefit Plan.

873. Plaintiffs are informed and believe that Defendant, Xeta Technologies, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

874. Plaintiffs are informed and believe that Defendant, Yum! Brands, Inc., is a North Carolina corporation with its corporate headquarters located in Louisville,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

Kentucky.  Plaintiffs are informed and believe that Defendant, Yum! Brands, Inc., is a plan sponsor and plan administrator for the Yum! Brands, Inc. Restaurant Employees Group Insurance Plan.

875.   Plaintiffs are informed and believe that Defendant, Yum! Brands, Inc. Restaurant Employees Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

876.   Plaintiffs are informed and believe that Defendant, Zale Corporation, is a Texas corporation with its corporate headquarters located in Albany, New York. Plaintiffs are informed and believe that Defendant, Zale Corporation, is a plan sponsor and plan administrator for the Zale Corporation Benefits Plan.

877.   Plaintiffs are informed and believe that Defendant, Zale Corporation Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

878.   The employers who sponsor the ERISA Plans, the Administrators of the ERISA Plans, and the ERISA Plans will be referred to herein as the "ERISA Plan Defendants."

### E.   DOE Defendants

879.   The true names and capacities of the defendants sued herein as DOES are unknown to Plaintiffs at this time, and Plaintiffs therefore sue such defendants by such fictitious names.  Plaintiffs are informed and believe that the DOES are those individuals, corporations and/or businesses or other entities that are also in some fashion legally responsible for the actions, events and circumstances complained of herein, were the agents, representatives, or employees of the other defendants, and may be financially responsible to Plaintiffs for the services they have provided, as alleged herein.  The Complaint will be amended to allege the DOES' true names and capacities when they have been ascertained.

880.   The United Defendants, the ERISA Plan Defendants and the DOES will be collectively referred to herein as the "Defendants."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

**F.      Agency**

881.   Plaintiffs are informed and believe that the United Defendants are the agents of each other, and of the ERISA Plan Defendants, and the DOE Defendants, and have actual or ostensible authority, to act on each other's behalf, and on behalf of the ERISA Plan and Doe Defendants for:  (a) certifying or authorizing Plaintiffs' provision of services to members; (b) receiving Plaintiffs' claims; (c) pricing the claims; (d) processing and administering the claims and appeals; (e) approving or denying the claims; (f) interpreting ERISA plan documents; (g) directing whether and how to pay the claims; (h) issuing remittance advices and explanations of benefits; (i) communicating with Plaintiffs regarding the claims and services; (j) communicating with members regarding the claims and services; (k) handling appeals of claims; and (l) in many instances issuing payment.  With respect to every claim at issue in this case, Plaintiffs requested authorizations from United, submitted reimbursement claims to United, communicated about the claims with United, and received payments from United.

## IV.      GENERAL ALLEGATIONS

**A.      United's Health Insurance Business.**

882.   United is one of the nation's largest health insurers.  It underwrites and issues thousands of health insurance plans.  It also contracts with other entities that provide health benefits in order to provide administrative services for those entities' health plans, such as claim pricing.

883.   Individuals who do not receive employer-sponsored health insurance often purchase health insurance policies directly from United, who typically has sole responsibility and discretion to administer and pay claims submitted under such policies.

884.   Other individuals receive their health insurance through a private employer-sponsored benefit plan.  These individuals are typically participants or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    beneficiaries of plans governed by the Employee Retirement Income Security Act

2    ("ERISA").  Sometimes the ERISA plans are fully insured by health insurers like

3    United, and sometimes they are self-funded.  In both cases, United generally makes

4    its "network" of providers, all of whom are contracted with United, available to the

5    ERISA plans.

6          1.      **United Administered ERISA Plans.**

7          885.   When the ERISA plan is fully insured by United, United not only is

8    responsible for administering a claim brought under the plan, but is also financially

9    responsible for the payment of the claim.  United is the Plan Administrator, and an

10   ERISA fiduciary, for such ERISA plans.  United provides plan members with plan

11   documents, interprets and applies the plan terms, makes coverage and benefits

12   decisions, handles appeals of coverage and benefits decisions, and provides for

13   payment in the form of medical reimbursements.

14         886.   In contrast, when the ERISA plan is self-funded, the plan typically will

15   enter into an "administrative service agreement" with a health insurer like United to

16   perform certain administrative responsibilities, such as providing plan members with

17   plan documents, interpreting and applying the plan terms, making coverage and

18   benefits decisions, handling appeals of coverage and benefits decisions, and

19   providing for payment in the form of medical reimbursements.  The administrative

20   services agreements delegate to United authority and responsibility to administer

21   claims and make final benefits decisions, based on claim procedures and standards

22   that United develops.  Pursuant to this delegation of authority, United has primary

23   responsibility for communicating benefits decisions and other claims-related

24   information to plan participants and beneficiaries.  The plans further instruct their

25   participants and beneficiaries to direct all communications to United.

26         887.   In return for performing these delegated duties, United collects

27   administrative services fees from the ERISA Plans.  Plaintiffs are informed and

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

believe that, under the administrative services agreements, the ERISA Plans remain responsible for funding the plans and the payment of benefits.

888.   Regardless of whether the ERISA plan is self-funded, United is the designated Plan Administrator and/or the designated Claims Administrator and therefore has fiduciary duties to ensure that out-of-network claims are properly priced and paid according to the terms of the members' plans.

889.   In addition, with respect to certain ERISA Plans that are self-funded, but which do not specifically designate a Plan Administrator, Plaintiffs are informed and believe that United has functioned as the *de facto* Plan Administrator.  Moreover, with respect to those plans, Plaintiffs are informed and believe that United was specifically designated by the plan sponsor as the Claims Administrator.

890.   United functions as a Plan Administrator and/or a Claims Administrator insofar as it exercised a delegated authority to provide plan documents to participants and beneficiaries, receive benefit claims, evaluate and process those claims, review the terms of the plan, make initial benefit determinations, make and administer benefit payments, handle appeals of benefit determinations, and serve as the primary point of contact for members and providers to communicate regarding benefits and benefit determinations.  In carrying out its duties as Plan Administrator and/or Claims Administrator, United possessed authority and fiduciary discretion to manage and administer the ERISA Plans.

### 2.   Out-Of-Network UCR Reimbursement.

891.   Various ambulatory surgery centers in the industry, other than the Provider Plaintiffs, have written contracts with United under which they agree to accept United's set and scheduled reimbursement that is discounted from the centers' total billed charges.  In exchange, these "in network" providers receive referrals of patients from United and the associated benefits of being a participating or "in-network" provider.  These benefits typically include an increased volume of business that results because the health plans provide financial incentives to their members to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  utilize the services of "in-network" providers, such as reduced co-insurance payments

2  and/or deductibles.

3      892.   Conversely, some surgery centers and physicians, such as the Plaintiffs,

4  do not have written contracts with United.  They are "out-of-network."  As a result,

5  these surgery centers and physicians receive less volume of patients from the plans,

6  but they are not governed by any contractual requirements of defendants' plans and

7  they are not required to accept reduced amounts as payment in full for their charges

8  for the services rendered.  They are free to charge whatever amounts they deem

9  appropriate for their services.

10      893.   Typically, United pays benefits pursuant to an ERISA health benefits

11  plan to in-network surgery centers at the lower, in-network contract amount charged

12  by those centers.  However, ERISA plans, whether fully-insured or self-funded,

13  typically contain provisions for paying out-of-network surgery centers and physicians

14  at an UCR rate or a percentage of the UCR rate.  The language varies from plan to

15  plan, and may be described as the "Usual, Customary and Reasonable" rate, the

16  "Reasonable and Customary" amount, the "Usual and Customary" amount, the

17  "Reasonable Charge," the "Prevailing Rate," the "Usual Fee," the "Competitive Fee,"

18  or some other similar phrase.  In the context of the healthcare industry, and in

19  United's own parlance, these phrases are all synonymous with UCR.

20      **3.**    **Payment Authorizations and UCR Industry Standards.**

21      894.   When an out of network surgery center or health care provider has a

22  patient who is insured by United, the standard practice is to request authorization

23  from United to provide out-of-network services to that patient.  United has developed

24  a general practice and standard in the industry to grant such authorizations.  United

25  does not impose its plan terms on such out-of-network surgery centers and providers,

26  but rather as a standard of custom and industry practice commits to paying UCR no

27  matter what the actual billed amount might be from the surgery center or provider.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

895.   Whether the claims are from out-of-network or in-network surgery centers or providers, when the claims are submitted to United, they reflect the actual billed charges for the claim.  Even though in-network surgery centers and providers are sometimes reimbursed according to contracted rates that include discounts, they still submit their full billed charges on the claim.  This is industry standard for all providers, and reflects the well-established fact that charges are not the same as the discounted contract rates.  Therefore, United has for many years acquired a wealth of charge data from which it can use to price claims by comparing the prevailing charges for similar healthcare services by similar types of surgery centers within the same geographical market at the time.

896.   No provisions in those benefit plans, whether in their Summary Plan Descriptions (SPDs) and Evidences of Coverage (EOCs), justified the failure to pay the usual and customary fees for services charged by outpatient surgical centers such as those managed and operated by the Plaintiffs, and to instead pay nothing.  It was arbitrary, capricious and improper for United to do so.  In fact, during the insurance verification process for most if not all of the patients in this case, United represented to Plaintiffs that it would pay the Plaintiff Providers' usual and customary fees.  Plaintiffs sought information during this process about potential limitations on the reimbursement of Plaintiffs fee each time prior to providing services, and specifically inquired each time prior to providing services as to how United's fee provisions would apply to their situation.  Defendants withheld information in response to such requests, and therefore misled plaintiffs into thinking that the entire Plaintiffs' usual and customary fees would be paid.

897.   Likewise, no provisions anywhere in those plans justified the failure to issue a final decision or denial on any of Plaintiffs' claims.  This was therefore arbitrary, capricious, and a breach of United's fiduciary duties to plan participants and fiduciaries.  It was also a violation of regulations promulgated under ERISA by

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1   the Department of Labor, which require that claims be adjudicated by the claims

2   administrator (e.g., United) within 90 days after receipt of the claim.

3       898.   Moreover, despite making thousands of requests for plan documents and

4   information about United's UCR methodology, the Defendants failed to provide any

5   of the requested documents or information to Plaintiffs.  Therefore, Plaintiffs have

6   been unable to confirm exactly how United purports to administer the terms of the

7   benefit plans, or how United prices Plaintiffs' claims.

8       899.   Even in those rare instances where Defendants paid Plaintiffs' claims,

9   they paid far less than Plaintiffs' usual and customary fees.  On information and

10  belief, United did not uniformly apply UCR to all service providers in the same

11  geographic area, and in fact, discriminated against the Plaintiffs.

12      **4.      Plaintiffs Were Entitled to Payment on their Patients' Behalf.**

13      900.   Plaintiffs have standing to pursue these claims as assignees of their

14  patient's benefits.  Prior to receiving treatment, every patient of the Plaintiffs signs an

15  "Assignments of Rights and Benefits" form agreeing to, *inter alia*, assign his or her

16  health insurance benefits, as well as broad array of related rights, to their providers,

17  who are the Plaintiffs in this case.  Each assignment of benefits provides for Plaintiffs

18  to be paid directly by the patient's insurance for the services provided to the patient,

19  and authorizes Plaintiffs to obtain plan documents on the patient's behalf and to take

20  all action necessary to pursue benefit claims on the patient's behalf.

21      901.   Plaintiffs received an assignment of benefits for every claim at issue in

22  this litigation.  Plaintiffs maintain each patient's assignment of benefits as part of the

23  patient's records.

24      902.   This form, which was titled "Assignment of Rights and Benefits,"

25  contained an exhaustive list of the rights that each patient conveyed to Plaintiffs.  In

26  relevant part, the form states:

27          I authorize my insurance company and/or my healthcare contract with
            my employer (collectively, the "INSURANCE COMPANY") to direct
28          all payments for all professional and medical benefits under my current

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1   policy as payment for services rendered directly to PROVIDER(s) and/or FACILITY(s) providing services or their designated associates or assignee(s) (collectively "PROVIDERS"). I assign, whether signing as patient or patient's agent, **all rights and benefits under my contract with my INSURANCE COMPANY**, to any and all PROVIDERS. **I give express right to PROVIDERS to obtain the insurance and benefits policy booklet, and ALL policy information from INSURANCE COMPANY, employer or any of their associates or agents**. I also provide express consent and give full rights to PROVIDERS to appeal on my behalf to INSURANCE COMPANY or my employer or any of their associates or agents for any reason. I also authorize the release of any information pertinent to my case to any insurance company, adjuster, attorney or other party(s) involved in this case.

I authorize PROVIDERS to initiate complaint(s) to the Insurance Commissioner or any other agency for any reason on my behalf.

**The assignment further permits PROVIDERS to obtain from INSURANCE COMPANY and employer or any of their agents or associates all information necessary for the determination of benefits allowed under the contract and permits the direct disclosure to PROVIDERS of all information including benefits provided including benefits & payments made on my behalf, limits and exclusions of benefits and reasons for denial of benefits or reduction in charges for services rendered**.

**The assignment shall allow PROVIDERS to take all action necessary to obtain the benefits I have, in good faith, been promised by INSURANCE COMPANY and/or employer on my behalf**. All benefits are to be paid directly to PROVIDERS and mailed directly to 269 S. Beverly Drive, Suite 353, Beverly Hills, CA 90212. A photocopy of this assignment shall be considered as effective and valid as the original.

I understand that my insurance carrier may disallow certain diagnoses or services as medically uncovered, medically unnecessary, cosmetic or excluded. I agree to be responsible for payment of all such services rendered to the patient.

...

**This is a direct assignment of my rights and benefits under this policy**.

903.   Plaintiffs, through their assignments of benefits, therefore have the right to sue and the right to demand documents from United on the claims at issue in this litigation.

904.   Based upon the course of dealings between Plaintiffs and Defendants, Plaintiffs are informed and believe that no provisions exist in Defendants'

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

administered plans which preclude the assignment of claims which the insureds gave to Plaintiffs.  This is because, throughout the entire administrative process for thousands of claims, neither United nor Defendants ever referenced any anti-assignment provisions of any plan, ever refused to communicate with Plaintiffs based on any such anti-assignment provisions, ever refused to process any of Plaintiffs' claims based on any such anti-assignment provisions, or ever refused to pay any of Plaintiffs' claims based on any such anti-assignment provisions.

905.   The ERISA regulations required Defendants, *inter alia*, to state (i) the specific reason or reasons for the adverse determination, and (ii) reference to the specific plan provisions on which the determination is based.  29 C.F.R. § 2560.503-1(g)(1). At no time during the administrative process did Defendants ever state that the specific reason for the adverse benefit determination was due to an anti-assignment provision, nor did they reference a specific anti-assignment provision in any plan document.

906.   Moreover, the ERISA statute and regulations require Defendants to provide relevant plan documents.  29 U.S.C. § 1104, 1024 and 1132; 29 C.F.R. § 2560.503-1.  At no time during the administrative process did any of the Defendants ever send any plan documents containing any anti-assignment provision to Plaintiffs.

907.   On the contrary, throughout the entire administrative process, and with respect to thousands of claims, Defendants engaged in regular interaction with Plaintiffs prior to and after the claims were submitted without mentioning or invoking any matter regarding the assignment.  When Plaintiffs have spoken to Defendants to verify patient eligibility for out of network services and receive authorization for the procedures the patients had asked patients to perform, Defendants at no time claimed the patients were not eligible to assign claims to Plaintiffs and never informed Plaintiffs of any such provision of the plans.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

908.   Therefore, to the extent that any plan documents have any anti-assignment provisions, Defendants have waived their right to assert such anti-assignment provisions as a defense to paying Plaintiffs' claims.

**B.**   **Defendants' Systematic, Surreptitious, and Unlawful Withholding of Payment For Services Rendered**

909.   Defendants did not intend not to pay for the services rendered by Plaintiffs.  Rather than inform Plaintiffs directly of this fact, however, Defendants chose to carry out their intentions through subterfuge and deceit.  Specifically, United manufactured various pretextual rationales unrelated to the actual benefits available under the plans in order to unlawfully prolong the claims administration process and ultimately deny Plaintiffs' claims outright on grounds not justified by the terms of the benefit plans.  The ERISA Plans Defendants knew or should have known about such practices by United, who acted as their agent, and had a duty to prevent such behavior; instead they ratified and/or participated in these illegal acts.

910.   Defendants knew full well that the terms of Plaintiffs' benefit plans obligated it to pay Plaintiffs for the valuable medical services they had provided to beneficiaries and participants of those plans.  As the claims administrator, the plans delegated to United the discretion to interpret and apply the terms of the plans.  However, United did not have the ability to substantively change the terms of the plans, or to create hurdles for beneficiaries to obtain such benefits, or new reasons for denial of such benefits that were contrary to, or inconsistent with, plan terms.  Thus, in making up false reasons to withhold and deny payment from the Plaintiffs, United was acting beyond the scope of its authority, and abused its discretion as the claims administrator for the plans.

911.   In many cases, United conveyed these fabricated rationales to Plaintiffs by issuing Explanation of Benefits ("EOBs") forms, which United typically issues when a claims decision is made, or through appeal denial letters.  Though these forms and letters purported to be claim denials, they contained no actual reasons explaining

why the claim was being denied according to the terms of the applicable benefit plan, as required by ERISA and/or applicable state regulations.  Instead, they merely requested additional documentation or suggested that further review was required. The EOB's routinely violated ERISA 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 by:

- failing to state the specific reasons for the benefit termination;
- failing to state the plan provisions upon which the decision was based;
- failing to state what, if any, additional information or documents could perfect Plaintiff's claim;
- failing to state why such documents or information were necessary; and
- failing to state Plaintiffs' right to file suit under ERISA.

912.   Instead of responding to Plaintiffs' requests by providing access to the material that the regulations entitle Plaintiffs to review, Defendants elected to completely ignore and reject the requests, and make spurious and pretextual reasons for refusing to process and pay the claims.

913.   The spurious and pretextual tactics utilized by United included, but were not limited to, the following:

- Making repeated and redundant requests for medical records, even where records had already been provided on multiple occasions, and then denying in follow-up conversations that records had ever previously been received;
- Routinely requesting physician's orders approving the use of Durable Medical Equipment that Plaintiffs did not use or provide in connection with the medical services at issue;
- Forwarding all or nearly all of Plaintiffs' claims for "further review" by United's wholly owned subsidiary, Ingenix (also known as OptumInsight), and promising that review by Ingenix / OptumInsight

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

would take 15-30 days, while in fact causing the so-called review to last for months or even years with no payment resulting from the "review";

- Requiring Plaintiffs to separately submit medical records or other documentation to Ingenix / OptumInsight when Plaintiffs had already submitted such documentation directly to United, on the pretextual ground that Ingenix / OptumInsight did not have access to the records that had already been submitted to United;

- Denying claims solely because the patients on whose behalf reimbursement was sought had allegedly failed to "authorize" Plaintiffs to appeal on their behalf, even though Plaintiffs always submitted a proper assignment of benefits demonstrating such authority, and even though Defendants in practice acknowledged that assignment had occurred by dealing directly with Plaintiffs, rather than with the patients;

- Claiming that one or more of the surgical facilities where the surgery was performed was not listed in United's database of health providers as a reason for non-payment, even though claims had previously been paid to those same facilities and even though United sometimes paid the surgeon who selected the facility;

- Demanding surgery center licenses, even though California does not require any such license (surgery centers are "certified" by one or more entities, such as the Joint Commission on Accreditation for Health Care Organizations under Health & Safety Code § 1248 *et. seq.*);

- Denying claims for containing procedures with incorrect "modifier" codes, even though the claims that Plaintiffs submitted never included or required such codes;

- Denying claims because the patient purportedly did not have coverage, for instance, because of a pre-existing condition, when such coverage in fact existed;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

187

COMPLAINT

- Denying claims on the basis that they were not timely filed, though Plaintiffs' submissions were timely.

914.  While the rationale for denying any given claim varied, the outcome was always the same: the complete denial of nearly all payment for surgeries and procedures performed by Plaintiffs.  When examined closely, none of United's rationales hold up to scrutiny.  Yet they were repeatedly used to withhold payment to Plaintiffs, without informing Plaintiffs at any time of United's true intent to do so.

915.  This sort of gamesmanship by the Defendants is inconsistent with the mandate of 29 U.S.C. § 1133 and frustrates the policy interests underlying the requirement of administrative exhaustion.  As the Ninth Circuit explained in *Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997), the ERISA regulations are designed to ensure a "meaningful dialogue" between administrators and beneficiaries (or their representatives):

> "The ERISA plan administrators do not have unbounded discretion. Under federal law, an ERISA plan 'shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant: (1) The specific reason or reasons for the denial; (2) Specific reference to pertinent plan provisions on which the denial is based; (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review." 29 C.F.R. § 2560.503-1(f). **In simple English, what this regulation calls for is a meaningful dialogue between ERISA plan administrators and their beneficiaries**. If benefits are denied in whole or in part, the reason for the denial must be stated in reasonably clear language, with specific reference to the plan provisions that form the basis for the denial; if the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it. **There is nothing extraordinary about this; it's how civilized people communicate with each other regarding important matters**."

916.  The telephonic exchanges that occurred between representatives for Plaintiffs and representatives of Defendants, illustrate Defendants' singular lack of candor to Plaintiffs' reasonable inquiries in this regard.  In call after call, Defendants provided evasive responses to Plaintiffs' simple and straightforward requests.  It was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

as if Defendants felt as if they were not required to share pertinent information with its own beneficiaries.

917.   The subject of the following call was a claim that United had referred to OptumInsight (then Ingenix) for review.  Ingenix's representative would not explain why additional medical records were necessary to process the claim, even though he acknowledged that key medical records for the claim had already been received:

CALLER: Okay.  Do you also have the one for $14,140 in your system which is also under review too, correct?

INGENIX: Yes sir.  And, as I can check your, this [claim was] denied.

CALLER: Okay.  Now why was this claim denied?

INGENIX: Let me check.

CALLER: Sure.

INGENIX: **And sir, I can check your claim was denied due to incomplete medical notes.**

CALLER: Okay.  What medical documentation do you have there?

INGENIX: Sir as I can check **we have received 9 pages from your side as medical notes and... the first 2 pages contained the claim form... your 4th page contains preoperative report, your 5th, 6th page contains anesthesia pre and post-operative [reports] and next page contain operating room records and after that is preop pending order and your last page contain 4 clinical surgical room records**.

CALLER: **Okay, now can you explain to me why that isn't sufficient enough or what other medical documentation that you are needing?**

INGENIX: **Sir I don't have exact reason what you need to submit. There is a general reason given** ... that they need the complete medical notes like ... finding on examination, lab, radiology results, and [] test results, consult report, operative procedure report and daily progress treatment notes.  So you can check your medical notes and you can submit these medical notes... which are missing.

CALLER: Okay now we have sent complete medical records for this claim so why [are] you guys not paying this claim because of unrelated medical records, like ultrasounds, [which have] nothing to do with this patient's EGD [procedure]?

INGENIX: I can understand that but according to the review team, the medical notes submitted by you is not sufficient for your claim.  You need to submit some additional documentation.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

918.   When asked, the Ingenix representative would not explain why so many of Plaintiffs' claims were referred to Ingenix:

> CALLER: Can you explain to me why every claim that we have for this provider has been sent to Ingenix from United Healthcare?  Why are they sending all these claims to [Ingenix]?
>
> INGENIX: **I don't have a reason why United has kept sending these to Ingenix** but we are the team of United Healthcare or maybe they sending these claims for audit so we can work on it and review the claim.  That's how the provider is billing and what is the criteria.
>
> CALLER: Okay.  Is it Ingenix policy to ask for additional information from the providers for every claim that United Healthcare sends in to you?
>
> INGENIX: Yes.  We've got some guidelines from United Healthcare [and from] Ingenix too.  Ingenix and [OptumHealth] you so we need the complete medical notes to review the claim  to support that specific code and procedure code included in it.  So without complete medical notes we are not able to process that claim.
>
> CALLER: **So it is your policy to ask for additional information for every claim that United Healthcare sends in to you?**
>
> INGENIX: **Yes.**  When we pull the claim from United Healthcare we need the medical notes and you have sent the medical notes but they're not complete so that's why your claim was denied [with respect to the patient's 10/30 visit].  When you send the complete medical notes we can process this claim or review the claim.

919.   United has admitted that it has received the Patients' medical records, but intentionally uses its corporate structure to obscure the reasons for its failure to properly process and pay for claims.  This deliberate and systematic obfuscation opacity has been glaringly apparent each time Plaintiffs have contacted United for guidance in understanding what additional records United supposedly needs to process and pay for the Patients' claims.  Plaintiffs have asked again and again for clarification as to what specific medical records United considers necessary to process the claims, and were rebuffed repeatedly. United's responses offered no guidance as to how plaintiffs could perfect their claims. For example, United representatives have responded as follows in response to questions regarding what additional documents United requires to process the Patients' claims:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

• "I do show that it was submitted multiple times,... I'm showing that [Optum Insight, a.k.a. Ingenix] received the information but they're still needing additional information.  They said they received it and are unable to process it, meaning that one or more items are missing, history and physical, um findings, meaning labs, radiology, pathology, anesthesia, just things of that nature.  Any op note, procedure report, daily progress treatment records, medication notes, physician orders, um, anything of that nature.... [M]aybe they'll be able to give you more, um, elaborate information."

• "Um, actually, it's not [Optum Insight, a.k.a. Ingenix]... the request actually would be the United Healthcare since technically it's them who has the right to request those records, and then it would be routed to us [at Optum Insight/Ingenix]."

• "[T]he thing is, we just need those medical records.  I know you have submitted them perhaps to a different department of United Healthcare, but as you can see here, whatever goes to us are the only ones that was reviewed, and I do see here a one page of lap band follow up visits, office visits."

• "The thing is, um, this one, actually, **we are not even communicating directly to them**.  We only have, um, certain departments who are handling this and they're located in the United States, okay....  **[Optum Insight is located] in the Philippines, for your commercial account**."

• "Okay, so it initially shows that the claim was denied for incomplete medical records.  Then it is being indicated here that it was filed for an appeal.  But um that was received on 8/14 but basically that appeal is being closed out because there's no patient authorization here.... So I just checked on the records here one by one and I'm going to have it sent back again to the appeals department about this information because I can see that, um the... [assignment of] benefits as indicated there.  **Also the op notes are also indicated there."**

• "[I]t looks like what they're stating is that information was received but some of the **information was still missing that we needed**.  Um, and it **doesn't tell me specifically**, just that it's – the information may have included the history and physical findings upon examination, labs, radiology, pathology and anesthesia test results, consult report."

920.  Contrary to what the United representatives promised, Defendants had no intention of processing or paying the claim even if Plaintiffs re-submitted the requested medical records.

921.  Clearly, Defendant Ingenix/OptumInsight, to whom the United Defendants delegated their responsibility for administering Plaintiffs' claims in a timely and accurate manner, was unqualified to do so. The delegation of the United Defendants' responsibilities to its wholly owned subsidiary was not in order to

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  facilitate the processing of Plaintiffs' claims, but to delay it indefinitely, and to

2  obscure from Plaintiffs the real reasons why Plaintiffs' claims were not being paid.

3      922.   United's repeated requests for additional records, without specifying

4  what particular records were missing, provided no meaningful guidance on what

5  specific further evidence might be required, and prevented ERISA's procedural

6  requirement for meaningful dialogue between the plan administrator and beneficiary.

7  The procedural violations, alone, are so extreme as to require a *de novo* review.

8      923.   Defendants also ignored the fundamental aspect of due process that

9  requires an appeal to be considered by a different decision-maker, and ignored

10  material evidence submitted such as all the medical records. Like a structural conflict

11  of interest, these procedural violations have tainted the entire administrative decision

12  making process.

13      924.   The United Defendants delegated the determination of payment and

14  calculation of provider compensation rates (which had been delegated to them by the

15  Plans themselves) to its wholly owned subsidiary Ingenix/OptumInsight.  This was

16  done solely to provide cover for the improper denial of payment to the providers

17  Plaintiffs and to thereby generate revenue for the United Defendants.  The delegation

18  thus constituted a "transaction involving the plan on behalf of a party... whose

19  interests are adverse to the interests of the plan or the interests of its participants or

20  beneficiaries" and thus was a prohibited transaction under 29 U.S.C. § 1106(b)(2).

21  Further, United Defendants are liable for the prohibited transactions as co-fiduciaries

22  under 29 U.S.C. § 1105 (ERISA Section 405.)

23  **C.   United's Conflict of Interest.**

24      925.   Plaintiffs are informed and believe that the United Defendants had an

25  unusually strong motivation to come up with excuses to delay and ultimately deny

26  Plaintiffs' claims.  This is because United's actions were tainted by an actual conflict

27  of interest, and in particular, the prospect of self-dealing and financial gain:

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1.     **<u>United Provided Stop-Loss Insurance to Many ERISA Plans.</u>**

926.  Plaintiffs are informed and believe that some of the ERISA Plans that United administered were fully-funded plans, meaning that they were insured directly by United.  It was clear that United had a conflict of interest as to such plans, because United stood to lose financially when it paid claims for reimbursement that were submitted to such plans.  A conflict exists when a plan is both funded and administered by an insurer.

927.  Others of the Plans administered by United were "self-funded," meaning that claims were paid, at least in part, by the plan sponsor or employer.  However, Plaintiffs are informed and believed that United similarly stood to lose financially with respect to the claims paid out by many of the self-funded plans.  This was because, on information and belief, United provided "stop-loss" insurance to many of the self-insured plans that United administered.

928.  Stop-loss insurance is a form of re-insurance that self-insured plans frequently can and do purchase to help absorb the cost of providing health benefits to their beneficiaries.

929.  United offers stop-loss insurance to self-funded plans via its subsidiary, OptumHealth Financial, including to the plans it administers.  Publicly available information demonstrates that United's deductibles for "specific" Stop-Loss coverage are as low as $20,000.[4]  In other words, at the $20,000 deductible level, United would pay the claim for any given beneficiary whose medical bills exceed $20,000.

930.  On information and belief, United, through its subsidiary, provides such stop-loss insurance at low deductible levels to many of the self-funded plans for which it also functions as the administrator, which is at issue in this case.

---

[4] UnitedHealthcare Specialty Benefits, Stop Loss Insurance Quick Reference Guide, available at https://www.unimerica.com/presence/documents/100-5837_Stop_Loss_QRG_9-07.pdf

COMPLAINT

1156926.1

931.   This results in an actual conflict of interest on United's part, because United, as an insurer for a significant portion of the claims for which United was the administrator, was therefore incentivized to come up with reasons not to pay the claims, or at least not to pay claims at a level that would exceed the stop-loss deductible.

932.   In fact, in publicly available documents, Optum, United's subsidiary for stop-loss insurance, itself has recognized that an arrangement in which a national insurer like United provides "both... administrative services and the Stop Loss [insurance]" necessarily results in a "[p]ossible conflict of interest."[5]

933.   Therefore, with both the fully insured and self-insured plans, United, as the claims and plan administrator, had an economic incentive to deny benefits to the beneficiaries and thereby reduce its liability.

## 2.    <u>United Received Illegal Commissions In Return For Improperly Denying Plaintiffs' Claims.</u>

934.   Furthermore, Plaintiffs strongly suspect that another primary motivation that United had for denying Plaintiffs' claims is that United is substantially compensated by the Plans for doing so.  Plaintiffs are informed and believe that when United refuses to pay the Plaintiffs for the services that they have rendered, it is paid a commission by the Plans, that is based upon a percentage of how much money the Plans "save" by not having to pay Plaintiffs their usual and customary fees.  Thus, United effectively sets its own commission.  This not only violates ERISA, but also violates the terms of the plans, which require usual and customary payment, as these artificial "savings," which are determined arbitrarily by United, bear no relation to a proper determination of Usual and Customary fees.

---

[5] Optum, An Introduction to Stop Loss Coverage, at slide 32, *available at* http://www.consultbb.dreamhosters.com/docs/Optum_Health_-_An_Introduction_to_Stop_Loss_Coverage.pdf

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

935.   Plaintiffs are informed and believed that the Plans make these kickbacks to United pursuant to a program called the "Facility Reasonable Charge Determination Program" or the "Facility Reasonable & Customary Program," which the Plans agree to as part of their agreements with United by which United provides claims adjudication services for the Plans.  The goal of the Facility Reasonable Charge Determination Program is to underpay, or even reject outright, claims made by ASCs such as the Plaintiff providers.

936.   United is compensated under the Facility Reasonable Charge Determination Program at a specific percentage of the money that Defendants would otherwise have had to pay to Plaintiffs, had United correctly paid Plaintiffs' claims. This provided a major incentive for United to find ways not to pay Plaintiffs' claims, and to deny those claims on pretextual grounds, such as repeated and unfounded requests for irrelevant and nonexistent medical records.

937.   Likewise, United's receipt of kickbacks and/or commissions is an egregious instance of self-dealing and a breach of fiduciary duties it owes to the beneficiaries and participants of the ERISA plans.  United's behavior violates, at a minimum, 29 U.S.C. § 1106(b)(2), which states that "A fiduciary with respect to a plan shall not—(1) deal with the assets of the plan in his own interest or for his own account...."  United, therefore, has a structural conflict of interest in its administration of the Plan.

3.   **United's Inconsistent and Thinly Justified Excuses Provide Material, Probative Evidence of an Actual Conflict.**

938.   As detailed throughout this complaint, United's false excuses for delaying and ultimately denying payment to the Provider Plaintiffs was not based on any principled justification, or rooted in the language of the benefit plans that United was supposed to administer.  Rather, United's unending requests for irrelevant or non-existent medical records; its routine referrals to Ingenix for purported further review; its frequent demands for provider W-9 forms which are already in United's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

1    possession, and its other thinly veiled excuses were just a means to an ends: to deny

2    payment to the Provider Plaintiffs at any cost.

3        939.   United's inconsistent and pretextual actions with respect to the

4    Plaintiffs' claims provide material, probative evidence that United possessed an

5    actual, not just potential, conflict of interest.  For this reason, United's decisions and

6    rationales are not entitled to any deference upon review.

7    **D.    United Retaliated Against Plaintiffs and their Patients.**

8        940.   Further, United has retaliated, against Plaintiffs, as the assignees of

9    ERISA participants and beneficiaries, because Plaintiffs exercised the rights to which

10   those participants and beneficiaries were entitled under ERISA, in violation of

11   ERISA Section 510, codified at 29 U.S.C. § 1140. ("It shall be unlawful for any

12   person to... discriminate against a participant or beneficiary... for the purpose of

13   interfering with the attainment of any right to which such participant may become

14   entitled under the plan").

15       941.   Specifically, the ERISA participants and beneficiaries who were treated

16   by Plaintiffs lawfully attempted to exercise their rights and benefits under their

17   respective plans to receive out-of-network payment.

18       942.   However, for the sole reason that those participants and beneficiaries

19   chose to receive care from the Plaintiffs at the Surgery Centers, United retaliated

20   against the participants and beneficiaries, and by extension, against Plaintiffs.

21       943.   Moreover, United also retaliated against Plaintiffs because Plaintiffs

22   sought to appeal United's determinations denying payment.

23       944.   Among other retaliatory measures, United directed the vast majority of

24   Plaintiffs' claims to its Special Investigations Unit, known variously as Ingenix

25   and/or OptumInsight.  The United Defendants, including but not limited to Defendant

26   Ingenix/OptumInsight, further retaliated against the Plaintiffs by generating various

27   pretextual, unsupported, unwarranted and fraudulent reasons for prolonging the

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

1  claims review process, including by repeatedly asking for medical records that did
2  not exist and/or were not necessary to adjudicate the claims submitted by Plaintiffs.

3      945.   As a result, Plaintiffs were unable to assert the ERISA rights that were
4  lawfully assigned to them by their patients.

5      946.   Plaintiffs are expressly permitted by ERISA to bring these claims by
6  assignment, as Section 510 states that "The provisions of section 1132 of this title
7  [*i.e.* 29 U.S.C. § 1132] shall be applicable in the enforcement of this section."

8  **E.     United and the ERISA Plans Failed to Provide Documents Relating to**
9          **Their Adjudication of the Claims**

10     947.   Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a
11  plan administrator who "fails or refuses to comply with a request for any information
12  which such administrator is required by this subchapter to furnish to a participant or
13  beneficiary." 29 U.S.C. §§ 1132(c)(1); see also *id.* § 1133, 29 C.F.R. §§ 2650.503-1,
14  2575.512c-3.

15     948.   29 U.S.C. § 1024(b), in turn, requires Defendants to produce the
16  "summary plan description... or other instruments under which the plan is established
17  or operated."

18     949.   In an appeal letter that Plaintiffs sent to United in United's capacity as
19  both the Claims Administrator and Plan Administrator with respect to many
20  thousands of the patient claims in this case, Plaintiffs explicitly demanded that:

> If you believe that the Claim was previously correctly paid or paid in
> accordance with the guidelines of the participant's plan, **we demand
> that you immediately provide the plan, internal policies, guidelines,
> formulas, procedures, methodologies and/or schedules on how you
> calculated the payment.** According to ERISA § 104(b)(2) you must
> provide this information upon request.

> If the Claim was denied, then we demand you provide in detail with
> **reference to the terms of the Plan, internal policies, guidelines,
> formulas, procedures, methodologies and/or... the grounds for the
> denial.** According to ERISA § 104(b)(2) you must provide this
> information upon request.

> In response to this request, you must provide exact and detailed reasons
> of payment or non-payment. **Your response must include what you**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

**relied on in the Plan, internal policies, guidelines, formulas, procedures, methodologies and/or schedules...**

950.   Similarly, with respect to thousands more of the patient claims in this case, Plaintiffs made the following set of requests for documents to the ERISA Plan Administrators, through the Claim Administrators:

29 C.F.R. §2560.503-1(g)(1)(i)-(iv) requires your company to provide documentation that you relied on for any adverse benefit determination "in a manner calculated to be understood by claimant."  Thus, if you continue to refuse to pay this benefit claim in full, this benefit claim will be deemed to be an "adverse benefit determination" under ERISA §503, **and you will be required to send the provider the following information "in a manner calculated to be understood by claimant" within thirty days:**

> 1) **a full and complete copy of the Medical Plan for this patient;**
>
> 2) specific and detailed reasons for the adverse determination;
>
> 3) **the internal "claims file" that you have for this claim, including internal memos and notes;**
>
> 4) **any contracts and/or agreements that you have with the employer of this patient;**
>
> 5) **detailed and the exact methodology that was used to calculate the payment;**
>
> 6) **references to the specific plan provisions on which the determination is based;**
>
> 7) a description of any additional material or information necessary for the provider to perfect the claim and a detailed explanation of why such material or information is necessary; and
>
> 8) **a copy and a detailed description of your internal review procedures and the time limits applicable to such procedures;**
>
> 9) a detailed log and an electronic audio copy of the recorded phone conversation between your company and the provider.

951.   Exemplars of these letters that were sent to United are attached as Exhibits "A" and "B" to this complaint.

952.   These letters constituted formal written requests to the ERISA Plan Administrator Defendants for plan documents as well as other instruments under which the plans were operated.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

953.   Plaintiffs maintained detailed records of the thousands of requests for records that they have sent to United.  Since 2010, Plaintiffs have mailed approximately 25,000 letters to United.  As demonstrated above, each of these letters contained multiple requests for multiple kinds of plan documents.  In each instance, the United Defendants ignored these letters, and declined to provide the documents requested therein.  Many of the letters were sent by certified mail.

954.   As referenced in these letters, the ERISA Plans Administrator Defendants (and United, to the extent that United was the plan administrator) were legally obligated by ERISA to provide this information to Plaintiffs.  Pursuant to the assignments of benefits, Plaintiffs step into the shoes of the "participant" or "beneficiary" and obtain, among other things, the same rights to demand plan documents as a participant or beneficiary would.

955.   United, who was in all instances the Claims Administrator and in some instances, the designated Plan Administrator, failed to provide any of the plan documentation that was demanded, despite its clear legal obligation to do so, and despite Plaintiffs' clear need for the documentation.

956.   Likewise, the ERISA Plan Administrator Defendants, who were designated as the Plan Administrators under the terms of the plans, failed to provide any of the plan documentation that was demanded, despite their clear legal obligation to do so in response to Plaintiffs' requests, and despite Plaintiffs' clear need for the documentation.

957.   Plaintiffs' need for plan documents was heightened because United's EOBs and appeal letters consistently failed to identify any provisions in any benefit plan that United relied upon to deny a claim.

958.   Plaintiffs were further prejudiced because Plaintiffs lacked and continue to lack access to documents explaining or justifying United's internal claims review procedure, and the time limits applicable to such procedures.

959.   Without any clear explanation as to why United failed to pay, Plaintiffs were powerless to combat Defendants' arbitrary and pretextual requests for documentation, and the other spurious reasons they provided.  Plaintiffs' problems were compounded by the fact that, despite repeated requests, the Defendants refused to provide Plaintiffs with the relevant plan documents.

960.   Not surprisingly, the relationship between the Provider Plaintiffs and their patients has been adversely affected by Defendants' refusal to meet their statutory obligations and provided the needed documents.  Because of the uncertainty as to whether medical services that United authorized will ever be paid for, many of the Providers' patients have elected not to have medical procedures necessary to alleviate the serious symptoms associated with their morbid obesity.  For instance, a number of patients who have received Lap-Band surgeries have decided not to go to follow-up visits with their physicians, or have adjustments made to their Lap-Bands, because United has refused to pay for the original Lap-Band surgery or any of the other associated tests or procedures, even though United authorized those procedures and deemed them medically necessary.  In fact, many patients were unable to follow through with the Lap-Band procedure because United denied payment for the pre-operative testing.

961.   In such situations, because the Provider Plaintiffs are out-of-network with United, United's failure to pay the benefits to which the patients are entitled under their plan means that the patients will incur further personal liability if they see their physicians again, and will ultimately be financially responsible.  This threat of liability, which is effectively created by United's behavior and the Plaintiffs' inability to adequately challenge United's payment decisions, is therefore adversely affecting patient care, destroying the peace of mind to which insured patients are entitled, and effectively inhibiting patients' freedom to make medical decisions.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

962.   Defendants' actions during the claims process up to the current action in failing to produce documents and in mischaracterizing the administrative record demonstrate bad faith.

963.   Through their bad faith failures to provide the requested plan documents, United and/or the ERISA Plan Administrators have incurred, and continue to incur, statutory relief in the amount of $110 per day, per request for which Plaintiffs demanded, but failed to receive, such documentation.  As explained above, each letter to United contained multiple requests for documents.  United and the ERISA Plan Administrators have therefore incurred, and continue to incur, relief for each of the individual requests to which they failed to respond.

964.   Defendants have also extensively violated their fiduciary duty to provide the requested documents.

## F.   Plaintiffs Have Exhausted All Appeals and Administrative Remedies.

965.   Plaintiffs have exhausted all administrative remedies available to them. They appealed virtually every adverse claim determination made by United, at least in those cases in which United rendered an actual adverse benefit decision.  Plaintiffs have literally sent out **tens of thousands** of appeal letters on unpaid claims.  These letters address each and every one of the reasons for denial provided by United.

966.   The following excerpt from one appeal letter sent by Plaintiffs addresses several separate grounds that United commonly asserted for denying claims:

> [T]he patient for this claim is part of a group health insurance policy issued through the insured's employer.  Pursuant to the terms of the Plan, my client was required, and in fact, obtained written approval and pre-authorization prior to the performance of the procedure of this claim.  Based upon this written approval, our office provided the patient with the required necessary medical services.  Thereafter, my client provided your company with a claim requesting payment for the services rendered.
>
> However, your company has improperly refused to process this claim and is withholding and refusing to pay the claim. Although your letter states that your refusal to process and pay this pending claim is based upon a request for further documentation in support of the claim, we hereby notify you that your failure to pay this claim is a breach of the written approval, a violation of ERISA, and forms the basis for other

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

legal causes of actions, including but not limited to Intentional Misrepresentation.

...

When you initially received my client's claim, if you truly believed at that time that the claim was incomplete, you should have requested additional information within this mandated 15 day time period. In the alternative, prior to the expiration of the 15 day period, your company could have requested an extension upon showing of good cause as defined by ERISA. No request for any extension has been received by this office [29 C.F.R. § 2560.503-1(f)(2), (4)].

Therefore, according to ERISA, which regulates this plan, you cannot refuse to process this claim based on the lack of additional information because your 15 days to request the additional information has lapsed. ERISA makes it clear that you do NOT have any right to request any additional information for the processing of this claim after the 15 day period has expired. Your withholding of full payment of this pre-service claim is a direct violation of ERISA, among other things.

Your failure to follow the mandatory ERISA claims procedures automatically deems the claimant to have exhausted all internal review/administrative remedies. As such our office is allowed to immediately pursue all civil causes of actions under ERISA and/or applicable California law. [29 C.F.R. § 2560.503-1(l)].

967.   Plaintiffs' diligent, persistent and thorough efforts to appeal have resulted in virtually no additional payment from United. United was demonstrably determined not to render claims decisions and not to pay benefits, and additional appeals would therefore have been futile.

968.   In many cases, Defendants have held Plaintiffs' claims submissions in limbo without allowing or denying the claims. Defendants' continuous course of conduct was intended to withhold all payment from Plaintiffs. Given that Defendants were demonstrably determined not to pay benefits, no matter what actions were taken by Plaintiffs, additional appeals would have been futile.

969.   Where adverse benefit determinations have been made by Defendants, Plaintiffs have expended significant time and resources in trying to appeal those decisions. Moreover, Defendants failed to process Plaintiffs' claims in a manner consistent or substantially in compliance with the ERISA regulations. These failures deprive Plaintiffs of the information and due process necessary to effectively appeal

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Defendants' arbitrary denials.  But just as importantly, because of these failures,

2  Plaintiffs' obligation to pursue further administrative remedies are "deemed

3  exhausted" under the ERISA regulations at 29 C.F.R. § 2560.503-1.

4       970.   Specifically, Section 2560.503-1(f) requires that plan administrators

5  notify Plaintiffs of adverse benefit determinations within 90 days of receipt of the

6  claim by the plan.  Defendants, as the Plan Administrators, or as the delegees of the

7  Plan Administrators' responsibilities to adjudicate claims, were required to render

8  adverse benefit determinations within this allowed time frame.  However, Defendants

9  failed to do so; and in many cases, failed to render an adverse benefit determination

10  at all.

11       971.   Moreover, Section 2560.503-1(g) requires that each adverse benefit

12  determination contain the following information in order that beneficiaries and

13  participants have sufficient information to appeal a claim:

14       (i)     The specific reason or reasons for the adverse determination;

15       (ii)    Reference to the specific plan provisions on which the determination is

16  based;

17       (iii)   A description of any additional material or information necessary for the

18  claimant to perfect the claim and an explanation of why such material or information

19  is necessary;

20       (iv)    A description of the plan's review procedures and the time limits

21  applicable to such procedures, including a statement of the claimant's right to bring a

22  civil action under section 502(a) of the Act following an adverse benefit

23  determination on review;

24       (v)     In the case of an adverse benefit determination by a group health plan or

25  a plan providing disability benefits,

26            (A)    If an internal rule, guideline, protocol, or other similar criterion

27       was relied upon in making the adverse determination, either the specific rule,

28       guideline, protocol, or other similar criterion; or a statement that such a rule,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or

(B)     If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

(vi)     In the case of an adverse benefit determination by a group health plan concerning a claim involving urgent care, a description of the expedited review process applicable to such claims.

972.   Despite the clear requirements imposed by these regulations, the EOBs issued by Defendants:

- failed to provide *the specific reason or reasons* for their adverse benefit determinations (aside from pretextual reasons such as the supposed inadequacy of medical records submitted);

- failed to make reference to *specific plan provisions* on which their benefit determinations or review determinations were based;

- failed to describe any *internal rules, guidelines or protocols* relied upon by Defendants in making the adverse benefit determinations, further failed to state that such internal rules, guidelines or protocols were available upon request;

- failed to provide Plaintiffs with a sufficient description of each plan's *review procedures* and the *time limits* applicable to those procedures, even after repeated requests;

- failed to describe any specific additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

973.   Rather, the EOBs issued by the Defendants (when they actually issued EOBs) were nearly devoid of information about the benefit plans, the reason a claim was being partially or fully denied, and the plan provisions and any internal rules or guidelines that were being used to deny the claim.

974.   The EOBs contained a section, titled "Remarks," that included cryptic comments such as, "payment of benefits has been made in accordance with the terms of the managed care system."  In some cases, the EOB represented, without further explanation, that the plan had paid a "reasonable charge" for "covered" health services, yet did not explain how Defendants had calculated which services were covered.  Nor did the EOBs explain how Defendants had calculated the "reasonable" charge.  At best, they stated – without any further explanation of Defendants' methodology, or any reference to operative internal plan documents or guidelines – that the "reasonable" charge was "based on amounts charged by other physicians or health care professionals in the area for similar services or supplies."

975.   The EOBs issued by Defendants frequently did not even explain that the beneficiary or participant of the plan had the right to appeal; what the plan's review procedures were; or what the applicable time limits were.  Moreover, they did not describe what information would be required to make a proper appeal, nor did it explain why such information was necessary.  Thus, United's EOBs were substantively deficient and failed to comply with any of the key requirements of Section 2560.503-1(g) of the ERISA regulations.

976.   The ERISA regulations also govern appeals of adverse benefit determination, and Defendants were also obligated to comply with these regulations.  Specifically, Section 2560.503-1(h) requires that every employee benefit plan "shall establish and maintain" a reasonable appeals procedure that affords beneficiaries of the plan a "full and fair review."  This includes "an opportunity to submit written comments, documents, records, and other information relating to the claim for benefits," and that the plan provide "upon request and free of charge, reasonable

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  access to, and copies of, all documents, records, and other information relevant to the

2  claimant's claim for benefits."

3    977.   Moreover, group health plans administered by the Defendants were

4  required to provide for a review that "does not afford deference to the initial adverse

5  benefit determination and that is conducted by an appropriate named fiduciary of the

6  plan who is neither the individual who made the adverse benefit determination that is

7  the subject of the appeal, nor the subordinate of such individual." *Id*. (h)(3)(ii).

8    978.   The ERISA regulations further require that the plan's decision on appeal

9  be rendered "within a reasonable period of time, but not later than 60 days after

10  receipt of the claimant's request for review by the plan." *Id*. (i)(1)(i).

11    979.   Yet, when Plaintiffs attempted to appeal Defendants' cryptic claim

12  denials, the Defendants:

13    • denied Plaintiffs the right to appeal adverse benefit determinations

14      despite clear proof that Plaintiffs possessed valid assignments of

15      benefits to do so on patients' behalf;

16    • failed to notify Plaintiffs of benefit determinations and review

17      determinations within the reasonable amount of time required after

18      receipt of the claim or appeal;

19    • failed to provide review of appeals that did not afford deference to the

20      initial benefit determination, and that was conducted by an appropriate

21      named fiduciary of the plan who is independent of the person who made

22      the initial benefit determination;

23    • uniformly ignored all requests for documents, records, and other

24      information relevant to the claim for benefits, and failed to provide

25      reasonable access to such information;

26    • denied efforts on the part of Plaintiffs to its right to become sufficiently

27      acquainted with the terms of the ERISA plans, thereby rendering the

28      administrative appeal a futile and meaningless endeavor.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**G.** **Example Patient Claims.**

980.   The following examples amply illustrate why Plaintiffs' claims must be deemed exhausted and that substantive remedies are warranted.  They illustrate the consistency with which United raises, in each example, disingenuous grounds for denial manufactured by United, as well as the ineffectiveness of Plaintiffs' appeals.  (To comply with rules regarding protected health information and patient confidentiality, patients' actual names have not been used.

981.   These examples leave no doubt that any further exhaustion of administrative remedies would have been futile.  On information and belief, United's consistent course of conduct reflected a secret agenda by United to deny all payment to Plaintiffs' network of clinics and providers.  No matter what the rationale for the denial, and no matter what efforts were made to appeal, United simply would not allow payment on the overwhelming majority of Plaintiffs' claims.

982.   To comply with rules regarding protected health information and patient confidentiality, patients' actual names have not been used.  A list of all the patient claims at issue will be provided to United:

**Patient 1** - **Defendants Time Warner Cable, Inc., and Time Warner Cable Benefits Plan.**

(A)    Patient 1, a morbidly obese individual, came to Plaintiff New Life Surgery Center's facility complaining of urinary incontinence and pain in the pelvic area.  As treatment for her incontinence, she received abdominal sling surgery at the facilities of Plaintiff New Life Surgery Center in late 2010 and early 2011.  She also received an Esophagogastroduodenoscopy (EGD) and underwent polysomnography (a sleep study) in connection with her morbid obesity.  On information and belief, Patient 1 was covered under a self-funded ERISA health benefits plan administered by United.  In violation of the ERISA regulations as described above, United arbitrarily withheld payment on at least four separate reimbursement claims submitted by Plaintiffs.  United did so by issuing a string of equally baseless denials

1   on each claim.  In response, Plaintiffs sent detailed appeal letters explaining why the

2   reasons relied upon by United failed to stand up to scrutiny.  Yet United failed to

3   change course and pay any of the claims.  United at no point identified actual

4   language in the member's benefit plan justifying any of its denials – because it could

5   not.

6          (B)     United declined to pay either the surgeon (whose claim was submitted

7   by Plaintiff IMS, through a billing intermediary) or the facility for the abdominal

8   sling surgery, which was performed on January 15, 2011 at the New Life Surgery

9   Center.  United confirmed over the telephone that it received Plaintiffs' facility claim

10  for $35,200 on April 29, 2011.  It also informed Plaintiffs that the claim had been

11  sent to Ingenix for auditing.  United then issued an EOB dated May 23, 2011 that

12  requested a copy of the plan member's ID card.  It issued another EOB dated the

13  following day, May 24, that requested medical records, but provided no other reason

14  for denial.  Plaintiffs provided all the requested information, but United did not

15  process the claim correctly or issue payment.  Rather, the excuses continued: United

16  denied the same claim on the grounds that a related procedure had already been

17  billed.  In an appeal letter on August 24, 2011, Plaintiffs pointed out that the CPT

18  code for this procedure was not related to prior claims, and was in fact a different

19  CPT code.  United then informed Plaintiffs that they could not appeal on behalf of

20  the member because they were not an authorized representative.  In response,

21  Plaintiffs mailed a further appeal letter on September 2, 2011 explaining that

22  Plaintiffs had proof of an adequate assignment of benefits that authorized Plaintiffs to

23  make an appeal on the patient's behalf.  United then responded in a letter dated

24  October 24, 2011 that acknowledged the receipt of the medical records, but claimed

25  without further explanation that eight separate categories of medical records were

26  still required.  However, all of the requested records had either already been

27  provided, or were not relevant to the claim.  To this day, United has declined to pay

28  the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(C)     United utilized similar methods in denying and refusing to pay Plaintiffs for the surgeon's claim for the abdominal sling surgery, in the amount of $21,470. United represented to Plaintiffs that the claim had been untimely filed, when it had not; and that medical records were not provided, when they had been; and that Plaintiffs were not authorized to appeal, when in fact they had proof of a valid assignment of benefits from the patient.  Putting the lie to these excuses, United paid Plaintiffs for a claim submitted for the anesthesiologist's services on the exact same surgery, based on the exact same set of medical records provided.  Plaintiffs mailed appeal letters on at least June 10, 2011, August 24, 2011, and September 2, 2011 explaining these finer points of claim processing to United.  None of them had any effect and to this date, United has declined to pay this claim.

(D)     Similarly, United issued denial after denial for Plaintiffs' facility claim for the EGD, in the amount of $4,590.  On March 18, 2011, United issued an EOB that put the claim on "hold" until medical records were provided, including "[d]aily progress notes," "[m]edication records relative to the treatment, and "[d]urable medical equipment records that include copies of the physicians orders" – information clearly not necessary to process a facility claim.  The EOB promised to "process your claim within 15 days" after the requested records were received.  But once Plaintiff had sent out the claims, the claim was not in fact processed.  Instead, United issued a new EOB that now stated that the claim was denied because Plaintiffs had failed to obtain pre-authorization for the procedure.  On July 19, 2011, Plaintiffs mailed out an appeal noting that no pre-authorization was required under the patient's plan prior to the EGD being performed.  After taking the remainder of the year to "re-process" the claim, United ultimately issued an EOB dated December 12, 2011 that purportedly denied the surgeon's claim in its entirety as being "in excess of allowed expense," without explaining what the allowed expense was or identifying any provisions in the plan supporting United's interpretation.  To this day, United has declined to pay the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (E)   Likewise, United declined to pay Plaintiffs' $16,525 claim for the sleep

2   study, even though the study required the patient to stay overnight for monitoring.

3   On March 18, 2011, roughly four to five months after the claim was submitted,

4   United issued an EOB that put the claim on hold because medical records purportedly

5   had not been provided.  Plaintiffs sent the requested records out on May 2, 2011, and

6   United later confirmed via telephone that it received the records on May 6, 2011.

7   United, however, failed to process the claim within the 15 days, as the EOB had

8   promised.  Instead, it referred the claim to Ingenix, and directed Plaintiffs to follow

9   up with Ingenix.  Plaintiffs were then told by Ingenix that further medical records

10  were required.  On June 23, 2011, Plaintiffs mailed out an appeal letter that explained

11  that medical records had already been provided.  That same week, United responded

12  by issuing an EOB dated June 29, 2011 denying the claim for yet another reason: that

13  the facility where the sleep study had occurred was not accredited or licensed by the

14  state of California.  On August 26, 2011, Plaintiffs mailed out another appeal letter

15  contesting this new reason for denial that explained that United had already paid the

16  same provider on previous occasions, and provided a W-9 and other documentation

17  for the facility.  The appeal had no effect.  To this day, United has declined to pay the

18  claim.

19  **Patient 2** - **Defendants Target Corporation and Target Corporation Employee**

20  **Umbrella Trusteed Benefit Plan.**

21  (A)   Patient 2 is a beneficiary under the Target Corporation Employee

22  Umbrella Trusteed Benefit Plan.  On December 11, 2010, March 4, 2011, October

23  21, 2011, December 10 and December 11, 2011, December 26, 2011, December 30

24  and December 31, 2011, April 12, 2012 and August 30, 2012, Patient 2 had the

25  following medical procedures performed by Plaintiffs New Life Surgery Center,

26  Modern Institute Of Plastic Surgery, and IMS: Endoscopy, Ultrasound,

27  Polysomnography, CPAP Titration, Laparoscopic Gastric Banding, Laparoscopic

28  Gastric Band Adjustment and Anesthesia Services.  For each of the procedures,

COMPLAINT

1156926.1

1   United authorized Patient 2 to receive these pre-operative tests and surgeries at

2   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

3   necessary for Plaintiffs to provide the services to Patient 2.

4         (B)     Plaintiffs timely submitted claims for the services they provided to

5   Patient 2:

- On December 16, 2010, December 23, 2010, January 27, 2012, February 29, 2012, September 23, 2012 and September 24, 2012, Plaintiff IMS submitted claims for its professional services, including Endoscopy, Ultrasound, Polysomnography, CPAP Titration, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia.

- On November 9, 2011 and January 12, 2012, Plaintiff Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On February 29, 2012 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

12        (C)     United has paid for some of the services provided by Plaintiffs to Patient

13  2, but has refused to pay for the other services provided.

14        (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

15  the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

- "Your claim was not submitted within the time frame specified in your plan documents or contract. Consequently, we are unable to consider it for payment. Please refer to your plan document or contract specific requirements for additional information on permissible timeframes for submitting claims."

- "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: History and physical; findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

progress/treatment/medication notes; physician orders for DME along with a copy of invoice and delivery statement."

- "Our records show we have already processed this charge.  If this is a corrected claim, the Provider resubmit with all original services and charges indicating the correction being made."

(E)     On December 16, 2010, December 23, 2010, January 12, 2012, November 9, 2011, January 27, 2012 and February 29, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 2.  In addition medical records were sent with appeals when the denial reason was lack of records and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 19, 2011, August 18, 2011, September 2, 2011, June 25, 2012, November 8, 2012 and February 14, 2013.  In connection with each of those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 2 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 2.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On November 28, 2011, August 19, 2013 and August 21, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization, even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  (I)     On June 10, June 25, June 27, and August 16, 2012, and February 14,

2  2013, Plaintiffs called United to inquire about status on pending claims.  United

3  acknowledged receiving medical records / provider W-9's from Plaintiffs. United

4  informed Plaintiffs that more information was needed in order to process the claims.

5  (J)     To date, United continues to refuse to pay the claims for Patient 2 but

6  fails to comply with its obligations under ERISA, including under ERISA Section

7  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8  letters.

9  **Patient 3** - **Defendant Apple, Inc., and Apple, Inc. Health and Welfare Benefit**

10  **Plan.**

11  (A)     Patient 3 received an esophagogastro-duodenoscopy ("EGD"), a

12  procedure required to visualize the upper part of the gastrointestinal tract, at the

13  sterile surgical facilities owned and operated by CIRO Surgery Center, LLC, on

14  March 24, 2012.  Plaintiff CIRO Surgery Center submitted a claim the services.  On

15  May 22, 2012, United mailed a letter to CIRO Surgery Center requesting further

16  medical documentation.  On or around July 12, 2012, Plaintiffs mailed the requested

17  medical records and assignment to United via USPS certified mail.  United

18  acknowledged receipt of those records in a telephone call on or around July 18, 2012,

19  and asked to allow 15 business days for the reprocessing of the claim.  However,

20  United failed to pay the claim after receiving the medical records.

21  (B)     On the same claim, Plaintiff Independent Medical Service submitted,

22  through an intermediary billing company, a claim for the services of the surgeon, and

23  a claim for the anesthesiologist's services.  United handled these professional

24  services claims in the same manner as the facility claim, i.e., by repeatedly requesting

25  records as a pretext to neither allow nor deny the claims indefinitely.  For instance,

26  on July 18, 2012, United informed Plaintiffs' claims department that the surgeon's

27  claim had been denied because United was requesting "complete" medical records.

28  In a follow-up call the next day, United informed the claims department that Ingenix

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  had denied the claim because it needed more information, such as the "lab report,"

2  and the history and physical report.  Plaintiffs' claims department explained to the

3  United representative that (i) all medical records had already been submitted with the

4  claim, and that (ii) because this was a surgeon's claim, only the operating room

5  report and anesthesia records, which had already been submitted, are typically

6  required.  Nearly a month later, however, United issued an Explanation of Benefits

7  ("EOB") again denying payment for the surgeon's claim and stating that "submitted

8  information was received, however, we are unable to process the claim, as one or

9  more of the following items are missing: history and physical; findings on

10 examination; lab, radiology, pathology, and anesthesia test results; consult reports;

11 operative / procedure report; daily progress / treatment / medication notes; physician

12 orders for DME along with copy of invoice and delivery statement."  As Plaintiffs

13 previously informed United, these requested records had either been provided, or

14 were irrelevant.  It was pointless for United to request a physician's order for DME

15 (Durable Medical Equipment), for instance, because no such equipment had been

16 used or ordered in connection with the professional services provided.  Not

17 surprisingly, despite repeated follow-up by Plaintiffs' claims department, United has

18 never allowed or denied the claim, and on information and belief, continues to

19 repeatedly request medical records as a fictitious means to avoid making such a

20 proper claims decision.

21 **Patient 4** - **Defendants Danaher Corporation and Danaher Corporation &**

22 **Subsidiaries Medical Plan.**

23         (A)     Patient 4 is a beneficiary under the Danaher Corporation & Subsidiaries

24 Medical Plan.  On February 19, 2011, March 26, 2011, May 28, 2011, June 25, June

25 28, 2011, July 25, 2011, August 15, 2011 and October 4, 2011, Patient 4 had the

26 following medical procedures performed by Plaintiffs Modern Institute Of Plastic

27 Surgery and IMS: Endoscopy, Polysomnography, Laparoscopic Gastric Banding and

28 Laparoscopic Cholecystectomy.  For each of the procedures, United authorized

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Patient 4 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

2   United informed Plaintiffs that no authorization was necessary for Plaintiffs to

3   provide the services to Patient 4.

4         (B)    Plaintiffs timely submitted claims for the services they provided to

5   Patient 4.

6       •    On February 19, 2011, June 28, 2011 and October 4, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Cholecystectomy.

7

8       •    On March 26, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

9

10      •    On June 28, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

11

12      •    On October 4, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

13

14        (C)    United has paid for some of the services provided by Plaintiffs to Patient

15  4 but has refused to pay for the other services provided to Patient 4.

16        (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

17  the following grounds:

18      •    "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

19

20      •    "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

21

22      •    "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: History and physical; findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily progress/treatment/medication notes; physician orders for DME along with a copy of invoice and delivery statement."

23

24

25

26        (E)    On March 9, March 15, March 22, 2011, May 4, 2011, May 13, 2011,

27  July 11, July 14, July 29, 2011 and September 18, 2011, Plaintiffs submitted all the

28

1  medical records for the services provided to Patient 4.  In addition medical records

2  were sent with appeals when the denial reason was lack of and/or incomplete records.

3      (F)    Plaintiffs also appealed the denial of the claims on June 10, June 13,

4  June 16, 2011, July 1, and July 2, 2011.  In connection with those appeals, Plaintiffs

5  made nine requests for documents that the Plan was obligated to provide under

6  ERISA, including requests for a full and complete copy of the Medical Plan for

7  Patient 4 and other instruments under which the Plan is established or operated,

8  including, but not limited to, the internal policies, guidelines, formulas, procedures,

9  methodologies, and/or schedules upon which payment was calculated.  The sample

10  letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

11  specific document requests that were made on behalf of Patient 4.

12      (G)    Despite these requests, neither United nor the Plan ever provided the

13  requested documents to Plaintiffs.

14      (H)    On August 26, 2013, August 29, 2013 and September 6, 2013, United

15  responded to the Provider Plaintiffs' appeals by acknowledging, as follows:

16   •   United never followed up, however, that appeal was received and United
17       would respond within 30 days.

18      (I)    On December 30, 2011, January 23, 2012 and March 15, 2012, Plaintiffs

19  called United to inquire about status on pending claims. United informed Plaintiffs

20  that more information was needed in order to process the claims.  United's

21  representatives could not tell Plaintiffs what records United was missing.

22      (J)    To date, United continues to refuse to pay the claims for Patient 4 but

23  fails to comply with its obligations under ERISA, including under ERISA Section

24  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25  letters.

26  / / /

27  / / /

28  / / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 5** - **Defendants AT&T Corp., and AT&T Umbrella Benefit Plan.**

(A)     Patient 5 is a beneficiary under the AT&T Umbrella Benefit Plan.  On March 12, 2011, March 26, 2011, April 14, 2011, April 18, 2011, July 11, 2011, September 3, 2011, October 1, 2011, November 19, 2011, and December 17, 2011, Patient 5 had the following medical procedures performed by Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery, and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy, Echocardiography, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 5 to receive these pre-operative tests and surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 5.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 5.

- On March 25, 2011, April 28, 2011, April 29, 2011, August 22, 2011, September 27, 2011, November 26, 2011, December 21, 2011, December 29, 2011, and October 22, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy, Echocardiography, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On May 9, 2011, August 2, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On October 4, 2011, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 5 but has refused to pay for the other services provided to Patient 5.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and would "process the claim when [it] receive[d] this information." This EOB did

1156926.1

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: History and physical; findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily progress/treatment/medication notes; physician orders for DME along with a copy of invoice and delivery statement."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 25, 2011, April 28, 2011, April 29, 2011, May 9, 2011, May 13, 2011, August 2, 2011, August 22, 2011, September 27, 2011, October 4, 2011, and November 26, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 5.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 7, June 10, June 13, and June 14, 2011, July 5, July 11, July 14, July 19, and July 27, 2011, August 15, August 24, and August 25, 2011, and September 17, 2011.  In connection with each of those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 5 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 5.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On August 16, 2011, August 17, 2011, April 12, 2012, April 13, 2012, January 31, 2013, January 28, 2013, May 13, 2013, May 22, 2013, May 27, 2013,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

June 27, 2013, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)   United denied at least some of the claims, such as the claims for the April 14, 2011 date of service that submitted on behalf of Patient 5, on the grounds that "the billed services were not supported."  By this statement, United meant that it was denying the claim for the purported failure to provide all medical records, even though all medical records had, in fact, been received – nothing more and nothing less.  This was confirmed when United affirmed its denial of claims on appeal.  In an appeal denial letter dated January 31, 2012, United concluded that "charges remain not supported."  Its sole justification was that:

- "The following information is needed in order to complete the review: 1 Previous medical records related to the procedure.  (Records that describe or document the onset, severity of symptoms, conservative treatments, or other surgical treatments rendered including office visits and consultations) 2 Preoperative History & Physical 3 Surgical Consent Form 4 Intraoperative/Perioperative Nursing Record 5 Recovery Room Record 6 Pathology Reports 7 Admission and Discharge Nurses Notes 8 Discharge Instructions 9 Physicians orders 10 Laboratory and X-Ray Reports including MRI, CT, Ultrasound, etc. 11 Itemized Facility Statement.  Once the above information is received, further review of medical records will be performed to confirm appropriate coding and documentation of the billed services."

United's letter further clarified that "[t]his decision does not reflect any view about the medical appropriateness of these services" – i.e., that its denial (and affirmance of the same) was not based upon an evaluation of medical necessity, but rather, only upon the fact that records were purportedly missing.  But United had moved the ball: the records that United now claimed were missing were different from the lengthy list that it previously claimed were missing (see subparagraph (D) above, second bullet).  Of course, Plaintiffs had already submitted all relevant

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

COMPLAINT

1156926.1

1  medical records on multiple occasions, and the remaining records requested did not

2  exist and/or were completely irrelevant to United's evaluation of the claim.

3      (K)    To date, United continues to refuse to pay the claims for Patient 5 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7  **Patient 6** - **Defendants Aegis Media Americas, Inc., and Aegis Media North**

8  **America Welfare Benefit Plan.**

9      (A)    Patient 6 is a beneficiary under the Aegis Media North America Welfare

10  Benefit Plan.  On February 19, 2011, May 5, 2011, July 5, 2011 and July 16, 2011,

11  Patient 6 had the following medical procedures performed by Valley Surgical Center

12  and Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy,

13  Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and

14  Anesthesia Services.  For each of the procedures, United authorized Patient 6 to

15  receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or

16  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

17  provide the services to Patient 6.

18      (B)    Plaintiffs timely submitted claims for the services they provided to

19  Patient 6.

20 • On March 9, 2011, June 7, 2011, and November 15, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services

22 • On March 22, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

24 • On June 29, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

26 • On 2009 Plaintiffs submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Tammy but has refused to pay for the other services provided to Patient 6.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: history and physical findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily progress/treatment/medication notes; physician order for DME along with copy of invoice and delivery statement."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

(E)     On March 9, March 22, 2011, June 7, June 29, 2011, and November 15, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 6.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 11, June 15, 2011, July 1, July 25, 2011, August 23, August 25, August 29, 2011 and September 13, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Tammy and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 6.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H)     On May 24, June 30, August 19, August 31, September 1, September 7, September 9, September 10, September 12, September 26, September 27, December 10, December 12, December 30, 2011, January 6, January 9, and February 2, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization.  This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On November 9, November 29, 2011, February 15, 2012 and October 4, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 6 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

983.   Further examples of instances where United and the other Defendants have failed to pay for authorized medical services provided by Plaintiffs to Defendants' beneficiaries, and where Defendants have created pretextual reasons for denial of the claims which is attached hereto as "Appendix A."

## H.     Defendants Have Discriminated Against Plaintiffs' Morbidly Obese Patients.

984.   In addition to arbitrarily and capriciously withholding and/or denying payment, Defendants have actively discriminated against Plaintiffs' other potential patients who were morbidly obese, thus violating both the ADA and FEHA.  Since passage of the Americans with Disabilities Act Amendments Act of 2008, which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  expanded the definition of disability, the EEOC has made clear that "severe" or

2  "morbid" obesity is a recognized disability under the ADA.

3      985.   Title I of the ADA expressly prohibits employers from discriminating

4  against a "qualified individual" (e.g., employee) on the basis of disability, including

5  through "participating in a contractual... relationship that has the effect of subjecting

6  a covered entity's... employee with a disability to the discrimination prohibited by

7  this subchapter (such relationship includes a relationship with an employment or

8  referral agency, labor union, an organization providing fringe benefits to an employee

9  of the covered entity, or an organization providing training and apprenticeship

10  programs)." 42 U.S.C. § 12112 (emphasis added).  Therefore, Title I encompasses

11  discrimination as to the provision of benefits to employees pursuant to ERISA-

12  regulated benefits plans.

13      986.   Likewise, California's Fair Employment and Housing Act (FEHA)

14  prohibits discrimination in the provision of such benefits on the basis of "physical

15  disability" except where the discrimination is based upon a "bona fide occupational

16  qualification." Cal. Gov't Code § 12940(a).

17      987.   Moreover, employers, such as the Plans and their sponsors, must attempt

18  to make good faith, reasonable accommodations for their employees' disabilities, and

19  the failure to do so is discriminatory.  42 U.S.C. § 12112(b)(5)(A); Cal. Gov't Code

20  § 12940(m).  By not even attempting to accommodate morbidly obese individuals in

21  their attempt to receive health benefits through their employers, Defendants have

22  therefore discriminated against Plaintiffs' patients who were morbidly obese, and/or

23  aided and abetted employers in discriminating against their morbidly obese

24  employees, by arbitrarily denying authorization and/or payment for Lap-Band

25  surgery and related services, even though the employees' plans clearly covered these

26  procedures or should have covered those procedures in order to be considered non-

27  discriminatory.  Defendants did not deny authorizations or payment for other, non-

28  morbidly obese patients.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1. **Defendants Targeted the Morbidly Obese for Discrimination.**

988.   The requirement that patients participate in, and certify compliance with, a preoperative weight loss and diet regimen further constituted a prohibited "examination and inquiry" under the ADA "as to the nature or severity of the [patients'] disability." *See* 42 U.S.C. § 12112(d)(4)(A).  This is because monitoring compliance with the regimen necessarily requires inquiry into the "nature or severity" of the patients' morbid obesity.

989.   Similarly, the requirement that patients provide proof from a doctor's office of their weight or BMI for the each of the past five years also presents an unreasonable barrier to the morbidly obese.  It is unreasonable to demand that a morbidly patient must have documented his or her weight and BMI in each of the five preceding years before he or she can be approved for treatment.

990.   Indeed, on information and belief, Defendants were fully aware that the overwhelming majority of Plaintiffs' patients were morbidly obese, and that, more likely than not, these patients had come to Plaintiffs seeking treatment for their disability.  Nonetheless, in violation of the ADA and FEHA, Defendants elected to apply these heightened and unreasonable tests to Plaintiffs' patients – even though Plaintiffs are informed and believed that other beneficiaries and participants of the plans administered by United were not subjected to this heightened level of scrutiny.

2. **Defendants Imposed Scientifically Unjustified Requirements on Morbidly Obese Patients Prior to Surgery.**

991.   Numerous of scientific studies and formal reviews of the scientific literature have found that insurance-mandated weight loss and diet plans of the sort imposed by Defendants, through United, fail to improve patient outcomes and are less effective than bariatric surgery alone.

992.   For instance, a 2011 study published in the peer-reviewed journal Surgery for Obesity and Related Diseases reviewed outcomes for 440 patients who underwent gastric surgery by the same surgeon.  *See* Kuwada TS, Richardson S, El

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Chaar M, Norton HJ, Cleek J, Tomcho J, Stefanidis D., <u>Insurance-mandated medical programs before bariatric surgery: do good things come to those who wait?</u>, Surg Obes Relat Dis. 2011 Jul-Aug;7(4):526-30.  The study concluded: "Patients who underwent a standardized MMP [insurance-mandated medical program] had a significant delay in their time to surgery **and did not experience significant benefit in their preoperative or postoperative weight loss**.  Insurance companies should abandon the policy of mandating preoperative medical weight loss programs."

993.   Likewise, a 2012 meta-analysis of the scientific literature on pre-surgery weight loss programs required by insurance companies concluded that "the insurance-mandated preoperative requirements **confer no appreciable benefit** to bariatric patients.  The ultimate goal of such requirements is questionable, particularly considering that no actual weight loss is required."  Ochner CN, Dambkowski CL, Yeomans BL, Teixeira J, Xavier Pi-Sunyer F, <u>Pre-bariatric surgery weight loss requirements and the effect of preoperative weight loss on postoperative outcome</u>, International Journal of Obesity (2012) 36, 1380-1387.  The article found that requiring a preoperative plan might even be associated with "less-positive postoperative outcomes."  It also concluded that preoperative weight loss requirements would have the perverse effect of rendering patients "ineligible to receive a surgical procedure that would have likely improved their health and quality of life."  Even if enforcing such a policy might have some small benefit to *some* patients, it might be still "unethical" because it would "exclude otherwise eligible candidates from a beneficial surgical procedure in the hopes of improving the postoperative outcomes of others."

994.   Other sources are in accord.  For instance, on March 23, 2011, the American Society for Metabolic & Bariatric Surgery (ASMBS), the largest and most prestigious association of bariatric surgeons, released a Position Statement on Preoperative Supervised Weight Loss Requirements which also reviewed the scientific literature and came to similar conclusions.  The scientific evidence, it

concluded, simply does not show that preoperative diet and weight loss programs have any effect: "[t]here are no Class I large, adequately powered randomized, prospective trials or meta-analyses to validate the hypothesis that preoperative diet attempts improve bariatric surgery outcomes."  ASMBS Position Statement at 5.[6] Based on its review of the literature, the ASMBS concluded that it is "inappropriate, capricious, and counter-productive given the **complete absence of a reasonable level of medical evidence to support such practice**."  *Id*. at 6.  995.  Likewise, California's Department of Managed Health Care recently commissioned its own review of the literature on this subject, and concluded quite bluntly that "[m]andated weight loss prior to indicated bariatric surgery ***is without evidence-based support***."  Department of Managed Health Care, Review of Weight Loss Prior to Bariatric Surgery, at 2.[7]  The DMHC found that the practice was "not medically necessary" and that [t]he risks of delaying bariatric surgery... are real and can be measured."  *Id*.

996.   Nor is there any doubt that the benefits of bariatric surgery for morbidly obese individuals are also real, measurable, and significant.  A 2004 meta-analysis published in the prestigious Journal of the American Medical Association, for instance, concluded that "bariatric surgery in morbidly obese individuals reverses, eliminates, or significantly ameliorates diabetes, hyperlipidemia, hypertension, and obstructive sleep apnea. These benefits occur in the majority of patients who undergo surgery."  Henry Buchwald, Yoav Avidor, Eugene Braunwald, et al., Bariatric Surgery: A Systematic Review and Meta-analysis, JAMA, 2004; 292(14):1724-1737. Conversely, "diet therapy, with and without support organizations, is relatively

---

[6] At the time of filing of this Complaint, this document was available at: http://asmbs.org/2012/01/preoperative-supervised-weight-loss-requirements/.

[7] At the time of filing of this Complaint, this document was available at: http://www.hmohelp.ca.gov/aboutthedmhc/org/boards/cap/BariatricREV.pdf

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

ineffective in treating obesity in the long term." *Id*. In addition, "there are currently no truly effective pharmaceutical agents to treat obesity, especially morbid obesity."

997. At least two other studies have found similar results. One is the long-term, Swedish Obese Subjects Study, a longitudinal study which tracks 2,000 subjects who underwent Lap-Band surgery and other kinds of bariatric surgery, along with 2,000 contemporaneously matched obese control subjects receiving usual care, and is still ongoing. L. Sjöström, <u>Review of the key results from the Swedish Obese Subjects (SOS) trial – a prospective controlled intervention study of bariatric surgery</u>, J Intern Med 2013; 273: 219–234. This study is in agreement with the results of the JAMA meta-analysis, and in particular, concludes that current drug-only treatments are insufficient and that "[u]ntil more efficient antiobesity drugs are available, surgical treatment of obesity must be more universally accessible." Results from 2004 to 2012 from the SOS study have demonstrated that "maintained effects on risk factors over 10 years require 10%–30% maintained weight loss."[8] The SOS concluded that "Surgery is the only treatment for obesity resulting in an average of more than 15% documented weight loss over 10 years." Id at 8. Similar to the JAMA analysis, a 2010 review of roughly eight hundred patients in a single Wisconsin hospital during a seven-year span who had either received bariatric surgery, or been denied such surgery by their insurance companies found that those denied obesity surgery had strongly increased incidence of hypertension, diabetes, sleep apnea, and acid reflux, among other disorders. Harakeh A, Burkhamer K, Kallies K, Mathiason M, Kothari S, <u>Natural history and metabolic consequences of morbid obesity for patients denied coverage for bariatric surgery</u>. Surgery for Obesity and Related Diseases 6 (2010) 591–596.

---

[8] At the time of filing of this Complaint, this document was available at: http://onlinelibrary.wiley.com/doi/10.1111/joim.12012/pdf.

1156926.1

### 3.   Defendants' Conduct is a Subterfuge for Discrimination.

998.   The overwhelming scientific evidence drives home the reality that Defendants' denial of the Lap-Band procedure to morbidly obese individuals is outright discrimination which has nothing to do with underwriting risks.  Instead, Defendants' conduct has everything to do with denying benefits to which those individuals were rightfully entitled.  Thus, Defendants' denials, in addition to being a breach of their fiduciary duties to the plans, were nothing more than subterfuge in order to circumvent the policy goals of the ADA and FEHA and discriminate against individuals who participated in various employer-sponsored health benefit plans or other plans that offered both out-of-network benefits and coverage for bariatric surgery.  See 42 U.S.C. § 12201(c).

999.   Plaintiffs are also informed and believe that in certain situations, Defendants denied payment for bariatric surgery and related services based upon the purported terms of the patient's benefit plan, which Defendants represented did not cover bariatric surgery, such as the Lap-Band surgery or other procedures.  To the extent that the applicable benefit plans themselves in fact denied coverage for the treatment of obesity, including Lap-Band surgery, however, the design of those plans themselves was discriminatory and violated the ADA and FEHA.

1000. Moreover, to the extent that the applicable benefit plans themselves in fact denied coverage, Defendants failed to make any reasonable accommodation for morbidly obese patients under these plans, and failed to have any discussions with the affected individuals and/or with any plan sponsors or employers about making such accommodations.  Defendants are thus, at the very least, guilty of aiding and abetting the violation of the ADA and FEHA in this respect.

### 4.   Plaintiffs Have Suffered Injury In Fact.

1001. As a result of Defendants' violations of FEHA and the ADA, Plaintiffs have suffered injury in fact, because the potential patients who came to them seeking Lap-Band surgery for their disability were directly or indirectly denied that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  opportunity as a result of Defendants' discrimination.  Likewise, Plaintiffs have lost

2  money and/or property as a result of Defendants' denials as alleged above.  Indeed,

3  Defendants' outright refusal to pay any claim submitted by any of the Plaintiffs has

4  impaired their ability to carry out their business affairs, to the point that Plaintiffs

5  may be forced to close their doors and cease providing needed medical services to

6  their morbidly obese patient population.

7  1002. The Defendants have unlawfully shifted the full liability of payment for

8  medical services rendered onto the patients, who have been billed for those services.

9  Defendants' unlawful denial of benefits for those services thereby results in injury in-

10  fact to both the patients and to the Plaintiffs.

11  1003. Moreover, Defendants' denials for the various professional and facility

12  claims at issue in this case has interfered with Plaintiffs' physician-patient

13  relationships and the ability of physicians to care for their patients, such as those

14  needing follow-up appointments for adjustments to their Lap-Band (which are

15  necessary after the band is implanted).  Defendants' conduct resulted in injuries to its

16  insureds' safety and wellbeing and violated their rights to "security" and "peace of

17  mind," which are protected rights for those who maintain insurance.  Defendants'

18  persistent discrimination and failure to pay benefits injured Plaintiffs because it made

19  it impossible for the patients to receive weight loss treatment at Plaintiff's facilities,

20  violated ERISA's implementing regulations, violated ERISA's criminal provisions,

21  violated the ADA and FEHA, and constituted unfair competition against Plaintiffs.

22  Defendants' actions also inflict injury on both its insureds and Plaintiffs because they

23  violate fiduciary responsibilities to the beneficiaries in both their role as an insurer

24  and a third party administrator.

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

**FIRST CLAIM FOR RELIEF**

**(By All Plaintiffs for Enforcement Under 29 U.S.C. § 1132(a)(1)(B)**
**For Failure to Pay ERISA Plan Benefits Against All Defendants)**

1004. Plaintiffs incorporate the prior paragraphs as thought set forth herein.

1005. Plaintiffs allege this claim for relief in connection with claims for treatment rendered by their clinics to patients covered by a health benefits plan governed by ERISA.  This is a claim to recover benefits, enforce rights and clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B).

**A.      Plaintiffs are Valid Assignees of Plan Benefits.**

1006. Plaintiffs have standing to pursue these claims as assignees of their patient's benefits under the ERISA plans.  As alleged above, as a condition of admission, every patient of the Plaintiff providers signed an Assignment of Rights and Benefits form agreeing to, *inter alia*, assign his or her health insurance benefits to Plaintiffs and their assigns.  Each assignment of benefits provides for Plaintiffs to be paid directly by the patient's insurance for the services provided to the patient and granted them the right to make claims, collect, benefits, appeal, and "take all action necessary to obtain the benefits I have, in good faith, been promised by INSURANCE COMPANY and/or employer on my behalf."

1007. In *Misic v. Building Services Employees Health & Welfare Trust*, 789 F.2d 1374, 1379 (9th Cir. 1986), the Ninth Circuit determined that a provider who is "an assignee of [ERISA plan] beneficiaries pursuant to assignments valid under ERISA, has standing to assert the claims of his assignors" against their health plan. Therefore, Plaintiffs have standing to pursue these claims as an assignee of its patients' benefits under health benefit plans governed by ERISA.

**B.      Defendants Violated ERISA**

1008. ERISA actions under 29 U.S.C. § 1132(a)(1)(B) may be brought not only against plans, plan fiduciaries, and plan administrators, but also against any individual or entity that effectively controls the decision whether to honor or to deny

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 a claim.  Plaintiffs are informed and believe that Defendants are proper defendants

2 under this definition.

3      1009. Defendants have breached ERISA plan provisions for benefits by:

4      a.      arbitrarily preventing claims for reimbursement from being processed

5 and paid;

6      b.      failing to render a benefits determination at all;

7      c.      failing to pay Plaintiffs the out-of-network benefits covered under the

8 ERISA plans;

9      d.      fabricating improper rationales for denial;

10      e.      refusing to authorize medically necessary out-of-network Lap-Band

11 surgery and related services; and

12      f.      imposing heightened and discriminatory requirements, in the form of

13 three-and six-months weight loss plans, which were not required by the terms of any

14 of the ERISA plans and had the effect of deterring morbidly obese individuals who

15 were members of the self-insured plans from receiving effective treatment for their

16 condition.

17 **C.**      **Plaintiffs Have Exhausted Administrative Remedies and Further Appeals**

18      **Would Be Futile.**

19      1010. As alleged above, Plaintiffs have exhausted all administrative remedies

20 available to them.  They appealed virtually every adverse claim determination made

21 by Defendants, at least in those cases in which Defendants rendered an actual adverse

22 benefit decision, as opposed to those cases in which Defendants have merely held

23 Plaintiffs' claims submissions in limbo without allowing or denying the claims.

24 However, Plaintiffs' efforts have not resulted in any payment from Defendants, or in

25 most cases, even a final decision on their claims.  As alleged above, Defendants'

26 continuous course of conduct is intended to withhold all payment from Plaintiffs.

27 Given that Defendants were demonstrably determined not to pay benefits, no matter

28 what actions were taken by Plaintiffs, additional appeals would have been futile.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**D.** **Defendants' Decisions Not to Pay Must Be Reviewed _De Novo._**

1011. As detailed above, United has significant incentives to deny the Provider Plaintiffs' claims outright, as it stands to lose financially if Plaintiffs' claims are allowed. These structural considerations give rise to an apparent conflict of interest.

1012. As alleged above, United is the same entity that both funds and administers the ERISA plans. United's self-interest and self-dealing has caused a breach of its fiduciary obligations.

1013. Moreover, as alleged above, United has made and continues to make decisions with respect to its own self-interest rather than in the best interests of the Plans and their beneficiaries, as required by law. As demonstrated herein, United's pretextual rationales, unlawful excuses, and repeated baseless requests for documents evidenced a secret agenda on United's part to deny the claims of the Provider Plaintiffs at any cost. Further, Defendants concealed their actions by not providing any documents regarding the Plan, how claims are administered etc. failing to engage in an ongoing, good faith exchange of information.

1014. In light of this material and probative evidence, a _de novo_ standard must be applied that does not afford any deference to Defendants' actions in handling these claims.

**E.** **Plaintiffs are Entitled to Relief under ERISA.**

1015. The Defendants' denial of claims should be reversed because the decisions were wrong, incorrect, improper, unlawful, not based on any evidence, contrary to the plain language of the Plan, an abuse of discretion, and/or arbitrary and capricious. By reason of the foregoing, Plaintiffs are entitled to past due benefits, future benefits, declaratory relief, prejudgment interest, and attorneys' fees. The Court should specifically order the Defendants:

> 1) to immediately and timely process the claims in accordance with ERISA, and to cease withholding payment on pretextual, procedural grounds;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

2)     to calculate the past and future benefits pursuant to the terms of the plans, utilizing, where applicable, a valid database that takes into account valid data and the UCR factors of the rates charged by the provider and other surgery centers in the same geographic area at the time;

3)     to pay the Plaintiff providers' usual and customary fees; and/or to determine the UCR rate at which Plaintiffs should be paid without reference to contracted rates for in-network providers;

4)     to properly pay future claims at the usual and customary rate; and

5)     to issue new EOBs for past claims, and correct EOBs for future claims, that are in compliance with applicable regulatory notice standards.

## SECOND CLAIM FOR RELIEF

### (Enforcement Under 29 U.S.C. § 1132(a)(2) For Breach of Fiduciary Duty Against All Defendants)

1016. Plaintiffs incorporates the above paragraphs as though fully set forth herein.

1017. This cause of action is alleged by Plaintiffs on behalf of all ERISA plan members who received out-of-network services from Plaintiffs, and on behalf of the ERISA plans themselves.  This is a claim pursuant to ERISA § 502(a)(2), 29 U.S.C. §1132(a)(2), which authorizes ERISA beneficiaries to bring a suit for appropriate relief under 29 U.S.C. § 1109.  Section 29 U.S.C. § 1109 provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

1018. Plaintiffs have standing to pursue this claim as assignee of the members' benefits under the ERISA plans.  As alleged above, Plaintiffs' patients who are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   participants and beneficiaries of ERISA plans have knowingly and explicitly

2   assigned "**all rights** and benefits" available to them as plan participants and

3   beneficiaries, including the right to sue for a breach of fiduciary duty committed by

4   their ERISA plan administrator.  As the assignee of benefits under the ERISA Plans,

5   Plaintiffs step into the shoes of the "beneficiary" and are also the "claimants" for

6   purposes of the ERISA statute and regulations.

7        1019.  United, Optum and each of the ERISA Plan Defendants served as a

8   fiduciary for the ERISA plans at issue.  As fiduciaries, United, Optum and the ERISA

9   Plan Defendants owed the ERISA Plans and the plan members and beneficiaries

10  duties to act with undivided loyalty and prudence in the administration of the plans

11  and to act "solely in the interests of the participants and beneficiaries."  29 U.S.C.

12  § 1104(a)(1).

13  **A.**     **Stop Loss Insurance.**

14       1020.  Plaintiffs bring this claim on behalf of the ERISA Plans themselves.  As

15  alleged above, Plaintiffs are informed and believe that United, through OptumHealth

16  Financial, provided "stop-loss" insurance to many of the self-insured plans that

17  United administered.

18       1021.  Stop-loss insurance is a form of re-insurance that self-insured plans

19  frequently can and do purchase to help absorb the cost of providing health benefits to

20  their beneficiaries.  Publicly available information demonstrates that United's

21  deductibles for "specific" Stop-Loss coverage are as low as $20,000.  In other words,

22  at the $20,000 deductible level, United would be financially responsible to all claims

23  for any given beneficiary whose medical bills exceed $20,000.  Therefore, United

24  was financially incentivized not to pay Plaintiffs' claims, or at least not to pay claims

25  at a level that would exceed the stop-loss deductible.

26       1022.  In fact, in publicly available documents, Optum has recognized that such

27  an arrangement in which a national insurer like United provides "both...

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

administrative services and the Stop Loss [insurance]" necessarily results in a "[p]ossible conflict of interest."[9]

1023. United failed to "act solely in the interests of the participants and beneficiaries," 29 U.S.C. § 1104, when it purposely create false and pretextual reasons for delaying the processing of, and denying payment on, the claims of providers for the participants and beneficiaries, so that United would incurring liability for stop loss payments to the ERISA Plans.

**B.** **Commissions.**

1024. Furthermore, Plaintiffs strongly suspect that another primary motivation that United had for denying Plaintiffs' claims is that United is substantially compensated by the Plans denying or underpaying claims. Plaintiffs are informed and believe that when United refuses to pay the Plaintiffs for the services that they have rendered, it is paid a commission by the Plans that is based upon a percentage of how much money the Plans "save" by not having to pay Plaintiffs their usual and customary fees. Thus, United effectively sets its own commission. This not only violates ERISA, but also violates the terms of the plans, which require usual and customary payment, as these artificial "savings," which are determined arbitrarily by United, bear no relation to a proper determination of Usual and Customary fees.

1025. Plaintiffs are informed and believed that the Plans make these kickbacks to United pursuant to a program called the "Facility Reasonable Charge Determination Program" or the "Facility Reasonable & Customary Program," which the Plans agree to as part of their agreements with United by which United provides claims adjudication services for the Plans. The goal of the Facility Reasonable

---

[9] Optum, An Introduction to Stop Loss Coverage, at slide 32, *available at* http://www.consultbb.dreamhosters.com/docs/Optum_Health_-_An_Introduction_to_Stop_Loss_Coverage.pdf

1156926.1

Charge Determination Program is to underpay, or even reject outright, claims made by ASCs such as the Plaintiff providers.

1026. United is compensated under the Facility Reasonable Charge Determination Program at a specific percentage of the money that Defendants would otherwise have had to pay to Plaintiffs, had United correctly paid Plaintiffs' claims. This provided a major incentive for United to find ways not to pay Plaintiffs' claims, and to deny those claims on pretextual grounds, such as repeated and unfounded requests for irrelevant and nonexistent medical records.

1027. Likewise, United's receipt of kickbacks and/or commissions is an egregious instance of self-dealing and a breach of fiduciary duties it owes to the beneficiaries and participants of the ERISA plans.  United's behavior violates, at a minimum, 29 U.S.C. § 1106(b)(2), which states that "A fiduciary with respect to a plan shall not—(1) deal with the assets of the plan in his own interest or for his own account...."

1028. Moreover, United's receipt of kickbacks and/or commissions violates United's duty to "act solely in the interests of the participants and beneficiaries," 29 U.S.C. § 1104.

1029. United's receipt of kickbacks and/or commissions also harms the ERISA Plans because United is using Plan funds to pay itself the commissions, rather than using the money to pay legitimate claims for medical services.

1030. Defendants breached their fiduciary duties by (a) failing to properly determine Plan benefits and fairly administer beneficiaries' benefit claims; (b) failing to provide participants and beneficiaries with requested information as required under ERISA statutes and regulations; and (c) improperly delegating Plan administrative duties, and failing to properly supervise to ensure compliance with Plan provisions and ERISA requirements.

1031. Defendants willfully and systematically breached their fiduciary duties of loyalty and prudence by failing to disburse benefits rightfully payable to plan

COMPLAINT

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

participants and beneficiaries. Defendants further breached those fiduciary duties by creating improper and spurious reasons and excuses for beneficiaries to obtain their Plan benefits, even though such reasons and excuses were not based on any provisions in the Plans.

1032. Defendants further and willfully breached their fiduciary duties of loyalty and prudence by failing systematically to provide valid reasons for denials of beneficiary claims, by systematically failing to comply with ERISA requirements for identifying the bases for adverse benefits, and by systematically failing to provide documents and information requested by Plaintiffs to perfect their appeals.

1033. Defendants also breached their duty to process Plaintiffs' claim for benefits diligently and in good faith.

1034. United further breached its fiduciary duty of care by misrepresenting through its preapprovals that the procedures would be covered services when in fact they would ultimately be denied payment. Similarly, to the extent United represented to Plaintiffs that it would pay Plaintiffs' usual and customary fees and subsequently did not, it has violated its fiduciary duties for which equitable relief is requested.

1035. The ERISA Plan Defendants breached their fiduciary duties by continuing to delegate their duties to administer the plans to the United Defendants even when it became apparent that the United Defendants were failing to administer claims in accordance with the Plan provisions, and was not managing the respective ERISA Plans for the benefit of plan participants and beneficiaries. The ERISA Plan Defendants also failed to supervise and review the actions of United to ensure that they complied with the Plan documents and ERISA requirements.

1036. United further breached its fiduciary duties by delegating its duties as the Plan Administrator and/or Claims Administrator for each plan to an unqualified third party, Ingenix. Ingenix was not qualified to review Plaintiffs' claims, and United's reason for delegating such claims to Ingenix was not only to benefit itself but also for the purpose of inducing delay into the claims process and to avoid

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  complying with United's fiduciary duties towards plan participants and beneficiaries.

2  By delegating to Ingenix, United thus enabled the further breaches of its fiduciary

3  duties described in the above paragraphs.

4      1037. Pursuant to 29 U.S.C. §1105, named fiduciaries such as the ERISA Plan

5  Defendants are liable for the fiduciary breaches of the United Defendants because the

6  ERISA Plan Defendants continued to improperly delegate their duties to the United

7  Defendants.

8      1038. Also pursuant to Section 1105, the ERISA Plan Defendants are liable for

9  the breach of their co-fiduciaries, the United Defendants, because they were aware of

10  the breaches being committed by the United Defendants, yet made no reasonable

11  efforts under the circumstances to remedy the breaches, and in some instances,

12  participated knowingly in, or knowingly undertook to conceal, the improper acts or

13  omissions of the United Defendants, knowing those acts or omissions were breaches

14  of fiduciary duty.

15      1039. Section 1105(a) effectively imposes on every ERISA fiduciary an

16  affirmative duty to prevent other fiduciaries from breaching their duties for which

17  they are jointly and severally liable.

18      1040. By knowingly applying inappropriate criteria in order to improperly

19  deny benefits for medical services to ERISA plan participants and beneficiaries, in

20  violation of the terms of the plan documents, for the benefit of United and the plan

21  sponsors, United and the Plan sponsors jointly violated their fiduciary duties set forth

22  in 29 U.S.C. §§ 1105(a)(1), (a)(2) and (a)(3).

23      1041. United violated 29 U.S.C. § 1105(a)(1) by knowingly participating in

24  the Defendants' failure to provide the relevant plan documents that ERISA requires

25  Plan Administrators to provide in response to Plaintiffs' repeated requests.

26      1042. In connection with these same failures, United and Ingenix further

27  breached their fiduciary duties of prudence and loyalty to plan beneficiaries and

28  participants, and thereby enabled further breaches of the fiduciary duties owed by the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Plans and Plan Sponsors.  The Defendants instituted United as (1) claims

2  administrator, and (2) the entity in charge of providing plan documents to

3  beneficiaries upon request.  The Plans and Plan Administrators failed to properly

4  train the United entities, including but not limited to Ingenix, concerning its

5  disclosure obligations and failed to make sure United was conversant with all plan

6  provisions, definitions and procedures with respect to Claims Administration. The

7  breach of these duties gives rise to liability pursuant to § 1105(a)(2) & (3).

8      1043. Further, United failed to properly train its employees concerning its

9  disclosure obligations and failed to make sure its employees and Ingenix were

10  conversant with all plan provisions, definitions and procedures.  The breach of these

11  duties also gives rise to liability for United's breach pursuant to § 1105(a)(2) & (3).

12      1044. In light of all Defendants' systematic and willful violations of their

13  fiduciary duties to plan beneficiaries and participants, Plaintiffs, as assignee of the

14  members' benefits, on behalf of the members of the ERISA Plans, and on behalf of

15  the ERISA Plans themselves, seek an injunction to remove United from acting as the

16  Plan Administrator and/or Claims Administrator for each of the ERISA plans at

17  issue; and/or, to compel the ERISA Plan Defendants and United to honor the terms of

18  the plans, and to cease committing willful and systematic breaches of their fiduciary

19  duties.

20

21              **THIRD CLAIM FOR RELIEF**

22      **(By All Plaintiffs for Enforcement Under 29 U.S.C. § 1132(a)(3)**
23      **for Injunctive And Other Appropriate Equitable Relief, And**
        **Full and Fair Review Of ERISA Claims)**
24

25      1045. Plaintiffs incorporate the prior paragraphs as though fully set forth

26  herein.

27      1046. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) for equitable relief to

28  redress the Defendants' failures to comply with 29 U.S.C. § 1133, 29 U.S.C.

§ 1106(b)(1), the implementing regulations set forth at 29 C.F.R. § 2560.503-1, and federal common law.

1047. Plaintiffs seek equitable relief in connection with United's scheme to obstruct the normal claims administrative process in order to avoid paying Plaintiffs for the medical services that Plaintiffs rendered to insureds and members of health plans administered by and/or funded by United.  Plaintiffs are entitled to the above-stated equitable relief because defendants: (i) systematically deny legitimate claims in an attempt to boost profits; (ii) unreasonably fail to investigate the basis of their denials of claims; and (iii) have unreasonably failed to adopt, implement and apply reasonable or proper standards for investigating and processing claims.

1048. To the extent United represented to Plaintiffs that it would pay Plaintiffs' fees and subsequently did not, it has violated its fiduciary duties for which equitable relief is requested.  The remedy of equitable surcharge is also requested to the extent United represented to Plaintiffs that it would pay Plaintiffs' reasonable and customary fees for services that were, in fact, not covered by the Plans.

1049. Plaintiffs further seek injunctive relief in connection with United's retaliation, against Plaintiffs, as the assignees of ERISA participants and beneficiaries.  Plaintiffs exercised the rights to which those participants and beneficiaries were entitled under ERISA, in violation of ERISA Section 510, codified at 29 U.S.C. § 1140.  Section 510 states that "The provisions of section 1132 of this title shall be applicable in the enforcement of this section."  Thus, Plaintiffs are entitled to seek injunctive relief for the United Defendants' retaliation under the provisions of Section 1132(a)(3).

1050. Plaintiffs seek injunctive relief under Section 1132(a)(3) to require Defendants to timely re-process Plaintiffs' claims in accordance with the terms of the ERISA Plans, and to cease engaging in the various unjust and unjustified tactics that Defendants use to avoid paying Plaintiffs' terms pursuant to the terms of the ERISA Plans.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

COMPLAINT

1156926.1

1051. Plaintiffs further seek injunctive relief under Section 1132(a)(3) to require Defendants to produce all relevant plan documents, which Defendants have uniformly failed to do despite repeated requests by the Plaintiffs.

1052. The tactics that should be enjoined include the following:

- Making repeated and unnecessary requests for medical records as a tactic for delaying and even denying Plaintiffs' claims;

- Forwarding nearly all of Plaintiffs' claims for "further review" by Defendant Ingenix/OptumHealth, and promising that review by Ingenix/OptumInsight would take 15-30 days, while in fact causing the so-called review to last for months or even years;

- Requiring Plaintiffs to separately submit medical records or other documentation to Ingenix/OptumInsight when Plaintiffs have already submitted such documentation directly to United;

- Disregarding Plaintiffs' appeals and insisting that the patient was required to complete United's appeal authorization form, even though Plaintiffs consistently demonstrated that they possessed proper assignments of benefits that permitted them to appeal on their patients' behalf;

- Denying Plaintiffs' claims and appeals for a variety of pretextual reasons unrelated to the terms of the Plans, as described throughout the Complaint;

- Refusing to provide the plan documents that were repeatedly requested by Plaintiffs;

- Retaliating against Plaintiffs, in violation of Section 510, for attempting to lawfully exercise their patients' rights to benefits under ERISA.

1053. Injunctive relief is especially appropriate here, where Defendants have engaged in a massive and systematic abuse of the claims adjudication process in order to avoid paying the overwhelming majority of Plaintiffs' claims for the past

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  three years, in violation of Defendants' fiduciary duties to beneficiaries and

2  participants of the ERISA plans.

3      1054. Plaintiffs are entitled to certain procedural protections concerning the

4  manner in which their claims are handled by ERISA fiduciaries such as Defendants.

5  For instance, Plaintiffs are entitled to a "full and fair review" of all claims that are

6  denied in full or in part. *See* 29 U.S.C. § 1133. Likewise, ERISA's implementing

7  regulations govern fiduciaries' responsibility with respect to the time and manner in

8  which fiduciaries must make claims decisions. *See* 29 C.F.R. § 2560.503-1. Here,

9  Plaintiffs are informed and believe that United functioned as the claims fiduciary for

10  the ERISA plans at issue, and that the ERISA Plans delegated fiduciary claims

11  handling responsibilities to United, including but not limited to, the duty to

12  accurately represent and disclose information concerning pricing and reimbursement

13  methods for out-of-network benefits.

14      1055. The Defendants failed to comply with their obligations to provide a "full

15  and fair review" of denied or partially-denied claims pursuant to 29 U.S.C. § 1133

16  and 29 C.F.R. § 2560.503-1. ERISA requires that all employee benefit plans must

17  "afford a reasonable opportunity to any participant whose claim for benefits has been

18  denied for a full and fair review by the appropriate named fiduciary of the decision

19  denying the claim." 29 U.S.C. § 1133(2). Defendants provided an inadequate review

20  procedure with little to no real dialogue regarding claims. Moreover, rather than

21  appointing a neutral and fair adjudicator, the Plan Defendants have violated

22  Plaintiffs' due process rights by nominating a financially conflicted fiduciary, United,

23  to conduct "full and fair review." United administered claims not as a true fiduciary,

24  but as an adversary bent on denying payment.

25      1056. Defendants not only failed to provide a full and fair review, but they

26  made a mockery of the claims process itself, delaying final decisions on Plaintiffs'

27  claims for years, in many cases, and manufacturing pretextual rationales both to

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 | further delay and to deny claims outright without any real, justified basis that was
2 | grounded in the terms of the Plans.

3 | 1057. When Plaintiffs did receive EOBs containing adverse benefits decisions
4 | from Defendants, these notices failed to disclose the reasons for the benefits
5 | determination with any specificity, and failed to identify any plan provisions
6 | justifying the denial of benefits.  Rather, they cited the same pretextual rationales
7 | described above, while avoiding any reference to the terms of any Plan on which the
8 | claims decision was supposed to be based.

9 | 1058. Likewise, when Plaintiffs attempted to appeal, Defendants often refused
10 | to accept the appeal, and incorrectly claimed that providers like Plaintiffs lacked
11 | direct appeal rights where this newly invented reason, lack of rights to interact with
12 | Defendants, was not previously mentioned with calls to UHC and also when the
13 | claims and medical records were submitted.  When Defendants did accept appeals,
14 | they nonetheless still failed to disclose the reasons for the benefits determination with
15 | sufficient specificity.

16 | 1059. Defendants also failed to conduct a full and fair review of claims by
17 | using the same reviewers during both the initial denial and the appeal process in
18 | violation of 29 C.F.R. § 2560.503-1(h)(2) and (h)(3)(v).

19 | 1060. By reasons of the foregoing, Plaintiffs are entitled to (1) a declaration by
20 | this Court that the Defendants' actions as alleged herein are in violation of their
21 | fiduciary duties and obligations under ERISA, (2) an injunction requiring the
22 | Defendants to cease their delay-and-denial tactics and to comply with their fiduciary
23 | duties and obligations under ERISA, and (3) an order requiring Defendants to timely
24 | re-process the claims and to provide full and fair review of claims to which it is
25 | entitled for both past and future claims.  Specifically, the Court should order the
26 | Defendants, and each of them, to:

27 | (i) immediately cease the use of the various pretextual gimmicks
28 | described above in order to delay and/or deny payment on

Plaintiffs' claims, including but not limited to the repeated demands for medical records and other forms of documentation that are not needed or required and/or do not even exist;

(ii) timely re-process all claims that have been submitted by the Plaintiffs since United first began its campaign to deny payments to the Plaintiffs, and to pay those claims pursuant to the terms of the ERISA Plans;

(iii) conduct a "full and fair review" for all claims being re-processed, free of dishonest and surreptitious delay and denial tactics;

(iv) render timely benefit decisions on all future claims submitted by Plaintiffs within the 90-day limit specified in ERISA's implementing regulations;

(v) promptly and timely provide Explanation of Benefits and responses to appeals;

(vi) when adverse benefit determinations are made, disclose with specificity the reasons for the adverse determinations, and cite the specific provisions of the plans that support the determinations;

(vii) acknowledge the claimant status of out-of-network surgery centers as assignees of the plan members, and afford them the right to appeal claims through the plans' administrative procedures.

1061. Irreparable harm will result if Plaintiffs are not granted immediate injunctive relief under this section.  The longer United is allowed to continue to engage in its surreptitious and unethical practices, the more patient care, especially the continuity of care, will be endangered – not to mention patients' finances, as Plaintiffs are being placed into an adversarial position with respect to their patients. Moreover, as described above, Plaintiffs are literally being driven out of business by United, who has already managed to withhold payment on the vast majority of Plaintiffs' claims for the past three years.  For all these reasons, Plaintiffs require the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 | immediate restoration of the regular claims process and payment on all claims that
2 | have been submitted to United, but not paid, for the past three years.

### FOURTH CLAIM FOR RELIEF

**(By All Plaintiffs for Estoppel Under 29 U.S.C. § 1132(a)(3)
Against the United Defendants)**

1062. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1063. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) to estop the United Defendants from refusing to pay the Provider Plaintiffs for claims that United previously represented that it would pay the Providers' reasonable and customary charges.

1064. When Plaintiffs called United for insurance verification purposes, they asked United whether out-of-network benefits were available under the terms of the patients' plans for the medical services that Plaintiff intended to perform.  In virtually every instance, United's representatives responded that they were.

1065. During these calls, Plaintiffs further inquired whether United would pay the Plaintiff Providers' reasonable and customary charges.  Again, in virtually every instance, the United representative responded in the affirmative.

1066. Furthermore, for medical services that United indicated required an authorization, Plaintiffs sought, and received, such authorization from United before providing such services to the patient. For medical services not requiring an authorization, Plaintiffs relied on United's representation to Plaintiffs during the initial verification phone call that no authorization was required.

1067. Plaintiffs reasonably and actually relied on the statements by the United Defendants that the services were authorized, or that no authorization was needed.

1068. Plaintiff likewise reasonably and actually relied on the statements by the United Defendants that out-of-network surgical benefits were available under the

terms of the plans and that the Defendants would pay the Providers' reasonable and customary charges, to their detriment.  Defendants did not provide Plan documents to Plaintiffs despite repeated requests and thus, the Plaintiffs were unsure of the terms of the Plans.  In reliance on these representations, Plaintiffs in good faith rendered medical services to the patients.  Having provided these valuable medical services, Plaintiffs have now been harmed because United refuses to pay Plaintiffs their reasonable and customary fees, as United promised.

1069. Defendants intended that Plaintiffs rely upon the representations described above.  It is common practice in the trade of the health care industry for plans to make these statements to tell providers that the providers will get paid for services to the members of the plans.

1070. On information and belief, the language of the plans pertaining to benefits for out-of-network surgery of the kind offered by the Provider Plaintiffs were ambiguous.

1071. Furthermore, extraordinary circumstances exist because of the breathtaking scope of the United Defendants' willful and systematic breaches of the fiduciary duties they owed to the beneficiaries and participants of the ERISA Plans, and the resulting non-payment of millions of dollars' of reasonable and customary charges for medical services that the Provider Plaintiffs provided to beneficiaries, participants and insureds of benefit plans administered and/or funded by the United Defendants, resulting in the severe detriment of Plaintiffs.

1072. Accordingly, the United Defendants are estopped from contending that the services it authorized are not payable due to lack of authorization, and are estopped from refusing to pay the reasonable and customary value for these services.

/ / /

/ / /

/ / /

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

# FIFTH CLAIM FOR RELIEF

### (By All Plaintiffs for Reformation of Plan Terms Under 29 U.S.C. § 1132(a)(3) Against the United Defendants)

1073. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1074. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) to reform the terms of those ERISA Plans that, by their terms, discriminate against the morbidly obese by denying benefits, including bariatric surgery benefits, to Plaintiffs' morbidly obese patients.

1075. On information and belief, Defendants defrauded the morbidly obese participants and beneficiaries of the plans by inducing them to sign up for those plans without revealing to them that coverage for bariatric services was illegally excluded, and without revealing to them that Defendants would impose unlawful barriers to appropriate care, such as six-month weight loss regimens and requiring proof of the patients' weight for each of the prior five years, before bariatric benefits would be granted.

1076. Likewise, Defendants failed to reveal material facts to the morbidly obese participants and beneficiaries of the plans, specifically that the exclusions for bariatric services, and the hurdles imposed before those patients could be reimbursed for those services, violated the Americans with Disabilities Act and/or the California Fair Employment and Housing Act. The participants and beneficiaries of these plans signed up for these plans in reliance on the failures of Defendants to reveal these material facts, to their detriment.

1077. Plaintiffs therefore seek that the terms of such plans be rewritten to remove any exclusion relating to bariatric surgery, and to clarify that Defendants may not impose hurdles such as six-month weight loss regimens and requiring proof of the patients' weight for the prior five years before payments for bariatric surgery may be made under the terms of the plans.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

# SIXTH CLAIM FOR RELIEF

### (By All Plaintiffs for the Equitable Remedy of Surcharge/Unjust Enrichment Under 29 U.S.C. § 1132(a)(3) Against the United Defendants)

1078. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1079. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) for the equitable remedy of surcharge.

1080. The United Defendants have breached their fiduciary duties to the plans, and to plan participants and beneficiaries, by failing to disburse benefits rightfully due to participants and beneficiaries and by improperly delegating its claims administration responsibilities to an unqualified third party, Defendant Optum/Ingenix.  This has resulted in conversion of property that rightfully belongs to the plans, namely, the correctly calculated benefits that should have been paid to Plaintiffs as assignees of the plan participants and beneficiaries.

1081. In addition to harming the plans, participants and beneficiaries of those plans have been harmed by United's breaches of fiduciary duties to them, in the amounts that United has failed to disburse to them for medical services rendered to the participants and beneficiaries, and the conversion of those assets, which belong to the plans.  By extension through their assignments of benefits to Plaintiffs, Plaintiffs have been harmed.

1082. Plaintiffs therefore seek the equitable remedy of surcharge as to the property of the plans that has been converted by United, in order to make Plaintiffs whole and put them in the position that they would have been in but for Defendants' breaches of fiduciary duty.

1083. The self-funded Plans have benefitted from the delay and denial of benefits due Plaintiffs. At a minimum, they had the interest-free use of money that should have been paid to Plaintiffs for their claims. Restitution would thus force the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    Defendant plans to disgorge the gains enjoyed from the delay and denial that their

2    breach of trust helped to bring about.

3

4    ### SEVENTH CLAIM OF RELIEF

5    **(By All Plaintiffs against the United Defendants and the ERISA Plan**
6    **Administrator Defendants for Production of Documents Under 29**
7    **U.S.C. §§ 1024(b), 1104, and 1133(2), and for Statutory Relief Under**
     **29 U.S.C. § 1132(c)(1), injunction relief under 29 U.S.C. § 1132(c)(1)**
8    **and equitable relief under 29 U.S.C. § 1132(a)(3))**

9        1084. Plaintiffs incorporate the prior paragraphs as though fully set forth

10   herein.

11   **A.    Plaintiffs are Entitled to the Documents They Seek Under 29 U.S.C.**

12   **§ 1024(c).**

13       1085. 29 U.S.C. § 1024(b) requires defendants to produce the "summary plan

14   description, and the latest annual report, any terminal report, the bargaining

15   agreement, trust agreement, contract, or other instruments under which the plan is

16   established or operated."

17       1086. Similarly, "it is the view of the Department of Labor that for purposes of

18   section 104(b)(2) and 104(b)(4), any document or instrument that specifies

19   procedures, formulas, methodologies, or schedules to be applied in determining or

20   calculating a participant's or beneficiary's benefit entitlement under an employee

21   benefit plan would constitute an instrument under which the plan is established or

22   operated, regardless of whether such information is contained in a document

23   designated as the 'plan document' " Dep't of Labor Adv. Op. Letter 96-14a (July 31,

24   1996).

25       1087. The documents sought by plaintiffs fall within the ambit of this section.

26   As this Court, and the Ninth Circuit, have noted:

27       The relevant documents are those documents that provide individual
         participants with information about the plan and benefits.  As the
28       legislative history bears out, the documents contemplated by § 104(b)(4)

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

are those that allow "the individual participant [to] know[] exactly where he stands with respect to the plan – what benefits he may be entitled to, what circumstances may preclude him from obtaining benefits, what procedures he must follow to obtain benefits, and who are the persons to whom the management and investment of his plan funds have been entrusted. S. Rep. No. 127, 93rd Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 4838, 4863.

*Eden Surgical Center v. Budco Group, Inc*., No. CV-09-3991 AHM (Ex), 2010 WL 2180360, at *6 (May 27, 2010) (citing Hughes Salaried Retirees Action Committee v. Administrator of Hughes Non-Bargaining Retirement Plan, 72 F.3d 686, 690 (9th Cir. 1995)).

1088. The documents sought by plaintiffs in this case are "instruments under which the plan is established and operated."  Plaintiffs have requested in writing all documents and instruments relied upon by defendants to determine what claims and amounts were reimbursable under the plans.  Those documents and instruments govern the operation of the plan.  *Mondry v. Am. Family Mut. Ins. Co.,* 557 F.3d 781,801 (7th Cir. 2009).

1089. The purpose of the disclosure provisions of 29 U.S.C. § 1132 is to ensure that "the individual knows exactly where he stands with respect to the plan[.]" *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989). Without these documents, plaintiffs do not know exactly where they stand with respect to the plan. Without the information, plaintiffs do not have all of the information they need in order to know how claims are processed and reimbursements (or lack thereof) were calculated.

1090. As instructed by the ERISA plan defendants, plaintiffs directed all requests and appeals for documents relating to the operation of the plans to United. United was in all instances the Claim Administrator, and in some instances, the designated Plan Administrator, to whom administrative duties were expressly delegated by the plans, and/or plan sponsors. United and the ERISA plan defendants, have repeatedly, in bad faith, refused to produce any of the documents requested by plaintiffs.  In fact, United and the ERISA plan defendants have refused to even

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  respond to the requests for documents and instruments.  There are two possible

2  reasons for these actions.  The first possibility is that Defendants lacked

3  administrative processes and safeguards to ensure claim determinations were made in

4  accordance with plan documents and that similarly situated claimants were treated

5  similarly, and that no statements of policy or guidance existed to guide Defendants'

6  representatives in evaluating Plaintiffs' claims. The second reason is that Defendants

7  had such processes, safeguards, and policies, but refused to share them with Plaintiffs

8  during the claims process. Either situation would violate ERISA regulations.  The

9  Defendants' refusal to produce ERISA mandated documents continues into this

10  action.

11    1091. Under 29 U.S.C. § 1132(c)(1) "the court may in its discretion order such

12  other relief as it deems proper"  and Plaintiffs request injunctive relief to compel

13  Defendants to immediate produce the legally required documents requested over

14  25,000 times to date but refused by the Defendants.

15  **B.**    **Plaintiffs are Entitled to the Documents They Seek Under 29 U.S.C.**

16        **§ 1104.**

17    1092. 29 U.S.C. § 1104(a)(1)(A) imposes a duty upon plan fiduciaries to

18  provide to beneficiaries and participants all information requested by those

19  beneficiaries and participants that "relates to the provision of benefits or the

20  defrayment of expenses [of administering the plan]." *Hughes Salaried Retirees*

21  *Action Comm. v. Adm'r of Hughes Non-Bargaining Ret. Plan*, 72 F.3d 686, 693 (9th

22  Cir. 1995).

23    1093. Despite over 25,000 requests by Plaintiffs, Defendants failed to produce

24  any documents relating at least to "the provision of benefits" under the applicable

25  ERISA benefit plans.

26    1094. Defendants have therefore breached their fiduciary duties to administer

27  the Plans "with the care, skill, prudence, and diligence under the circumstances then

28  prevailing that a prudent man acting in a like capacity and familiar with such matters

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

1   would use in the conduct of an enterprise of a like character and with like aims," 29

2   U.S.C. § 1104(a)(1)(B).

3   **C.      Plaintiffs are Entitled to the Documents They Seek Under 29 U.S.C.**

4            **§ 1133(2).**

5   1095. 29 U.S.C. § 1133(2), as implemented by 29 C.F.R. 2560.503-1, specifies

6   that

7   "… the plan administrator shall provide a claimant with written or

8   electronic notification of any adverse benefit determination. Any

9   electronic notification shall comply with the standards imposed by 29

10  C.F.R. 2520.104b-1(c)(1)(i), (iii), and (iv). The notification shall set

11  forth, in a manner calculated to be understood by the claimant—

12      (i)   The specific reason or reasons for the adverse determination;

13      (ii)   Reference to the specific plan provisions on which the

14  determination is based;

15      (iii)   A description of any additional material or information

16  necessary for the claimant to perfect the claim and an explanation of

17  why such material or information is necessary;

18      (iv)   A description of the plan's review procedures and the time

19  limits applicable to such procedures, including a statement of the

20  claimant's right to bring a civil action under section 502(a) of the Act

21  following an adverse benefit determination on review;

22      (v)   In the case of an adverse benefit determination by a group

23  health plan or a plan providing disability benefits;

24          (A)   If an internal rule, guideline, protocol, or other similar

25  criterion was relied upon in making the adverse determination, either the

26  specific rule, guideline, protocol, or other similar criterion; or a

27  statement that such a rule, guideline, protocol, or other similar criterion

28  was relied upon in making the adverse determination and that a copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or

(B)   If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

(vi)   In the case of an adverse benefit determination by a group health plan concerning a claim involving urgent care, a description of the expedited review process applicable to such claims.

1096. As alleged above, these are precisely the documents requested by plaintiffs from defendants in writing.  As instructed by the ERISA Plan defendants, the Provider Plaintiffs made such requests of the plans' agent, United.  United was in all instances the Claim Administrator, and in some instances, the designated Plan Administrator, to whom administrative duties were expressly delegated by the plans, and/or plan sponsors.

1097. In thousands of appeals letters that Plaintiffs sent to United in United's capacity as both the Claims Administrator and Plan Administrator with respect to many thousands of the patient claims in this case, Plaintiffs explicitly demanded that:

> If you believe that the Claim was previously correctly paid or paid in accordance with the guidelines of the participant's plan, **we demand that you immediately provide the plan, internal policies, guidelines, formulas, procedures, methodologies and/or schedules on how you calculated the payment.**  According to ERISA § 104(b)(2) you must provide this information upon request.

> If the Claim was denied, then we demand you provide in detail with **reference to the terms of the Plan, internal policies, guidelines, formulas, procedures, methodologies and/or... the grounds for the denial.**  According to ERISA § 104(b)(2) you must provide this information upon request.

> In response to this request, you must provide exact and detailed reasons of payment or non-payment.  **Your response must include what you**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

**relied on in the Plan, internal policies, guidelines, formulas, procedures, methodologies and/or schedules...**

1098. Similarly, with respect to thousands more of the patient claims in this case, Plaintiffs made the following set of requests for documents to United in United's capacity as both the Claims Administrator and Plan Administrator:

29 C.F.R. §2560.503-1(g)(1)(i)-(iv) requires your company to provide documentation that you relied on for any adverse benefit determination "in a manner calculated to be understood by claimant." Thus, if you continue to refuse to pay this benefit claim in full, this benefit claim will be deemed to be an "adverse benefit determination" under ERISA §503, **and you will be required to send the provider the following information "in a manner calculated to be understood by claimant" within thirty days:**

   1) **a full and complete copy of the Medical Plan for this patient**;

   2) specific and detailed reasons for the adverse determination;

   3) **the internal "claims file" that you have for this claim, including internal memos and notes**;

   4) **any contracts and/or agreements that you have with the employer of this patient**;

   5) **detailed and the exact methodology that was used to calculate the payment**;

   6) **references to the specific plan provisions on which the determination is based**;

   7) a description of any additional material or information necessary for the provider to perfect the claim and a detailed explanation of why such material or information is necessary; and

   8) **a copy and a detailed description of your internal review procedures and the time limits applicable to such procedures**;

   9) a detailed log and an electronic audio copy of the recorded phone conversation between your company and the provider.

1099. Plaintiffs maintained detailed records of the thousands of requests for records that they have sent to United. As demonstrated above, each of these letters contained multiple requests for multiple kinds of plan documents.

1100. Despite plaintiffs repeated requests, United and the ERISA plan defendants have failed and refused to respond to the requests, and have failed and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  refused to produce any such documents.  As this Court in *Eden Surgical Center* held,

2  plaintiffs are entitled to such documents.

3  **D.     ERISA Provides for Statutory and Equitable Relief.**

4  1101. Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a

5  plan administrator who "fails or refuses to comply with a request for any information

6  which such administrator is required by this subchapter to furnish to a participant or

7  beneficiary." 29 U.S.C. § 1132(c)(1); 29 C.F.R. 2575.512c-3.

8  1102. In *Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 90 (2d

9  Cir. 2001), the court listed the factors to consider in determining whether to impose

10  relief "including bad faith or intentional conduct on the part of the administrator, the

11  length of the delay, the number of requests made and the documents withheld, and

12  the existence of any prejudice to the participant or beneficiary."  Every one of these

13  factors is present in this case.

14  1103. This case involves thousands of patients.  For over 4 years, Plaintiffs

15  sent letters to United requesting the documents upon which it relied in either denying

16  or underpaying the claims.  For many patients, multiple letters were sent requesting

17  the information that ERISA requires plans to provide.  Since 2010, plaintiffs have

18  mailed in excess of document request letter 25,000 letters and **none** have been

19  answered.  Many of the letters were sent by certified mail.

20  1104. United and the ERISA Plan Defendants have intentionally, and in bad

21  faith, refused to even respond to the letters.  Moreover, United and the plan

22  defendants have intentionally, and in bad faith, refused to produce any documents in

23  response to the letters.

24  1105. The failure of the Defendants to produce the documents in response to

25  Plaintiffs' repeated requests for information, which the Defendants were required to

26  furnish under at least Sections 1024, 1104, and 1133 of ERISA, has severely

27  prejudiced plaintiffs and their patients.  As a result of defendants' refusal respond to

28  the document requests, plaintiffs and their patients have been unable to know where

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

they stand with respect to the plan benefits, whether the medically necessary services – which, by the way, United previously authorized – will be paid according to the terms of their plans, what information and documents are needed to obtain the plan benefits to which they are entitled, or what procedures to follow to obtain such benefits.  As a result of the uncertainty as to whether their United-authorized medical services will ever be paid for, many patients have chosen not to have medical procedures necessary to alleviate their serious symptoms.  For example, some patients who have received Lap-Band surgeries have chosen not to go to follow up visits with their physicians, or have adjustments to the Lap-Bands, because of their uncertainty of their situations.  Other patients who have undergone pre-operative testing and have qualified for Lap-Band surgery, have not had the Lap-Band procedures done because of defendants' actions.  Other patients have not had some pre-operative tests performed, or other medically necessary surgeries performed, because of defendants' bad faith actions.  Thus, Defendants have purposely interfered with the patient-physician relationship and compromised the health and thousands of patients.

1106. Plaintiffs have suffered prejudice by Defendants' to provide the documents that Plaintiffs requested of them because Plaintiffs were unable to identify – and are still unable to identify – the specific plan provisions upon which the Defendants purportedly based their denials.  Thus, Plaintiffs are unable to effectively appeal Defendants' denials of their claims.  Moreover, Plaintiffs lacked access, and continue to lack access to, documents explaining or justifying United's internal claims review procedure, and the time limits applicable to such procedures.  Thus, Plaintiffs were powerless to combat the Defendants' apparently arbitrary and pretextual requests for documentation and ultimately, their unexplained denials of Plaintiffs' claims.

1107. The relationship between the physicians and their patients has been adversely affected by Defendants' actions or inaction.  Many providers have been

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   unable to provide the medically necessary surgeries or services to their patients

2   because of the uncertainty created by Defendants' actions.  Plaintiffs' practices and

3   businesses have evaporated, and many employees have had to be terminated, because

4   of Defendants' bad faith actions.

5        1108. United and the ERISA Plan Defendants have no justification for refusing

6   to comply with their statutory obligations to provide the necessary information to

7   Plaintiffs.  Therefore, United and/or the ERISA Plan Defendants have incurred, and

8   continue to incur, statutory relief in the amount of $110 per day, per each request for

9   which Plaintiffs demanded, but failed to receive, such documentation. The maximum

10  amount of restitution is appropriate in this case due to 1) the administrator's bad faith

11  and/or intentional conduct; 2) the length of the delay; 3) the number of requests

12  made; 4) the extent and importance of the documents withheld; and 5) the existence

13  of prejudice to the participants and beneficiaries.

14       1109. United, as Claims Administrator, and the Defendant Plans breached the

15  fiduciary duty to disclose documents requested by Plaintiffs and equitable relief must

16  be provided.  Under the express terms of 29 U.S.C. § 1024(b), Plaintiffs were entitled

17  to copies of plan documents.  Plaintiffs could not effectively challenge United's

18  decisions to deny their claims which must be based on these documents without

19  knowing their contents.  Yet Defendants failed to discharge their fiduciary duty as the

20  claims/plan administrators to provide Plaintiffs with the plan documents.

21       1110. Further, to the extent United or other co- fiduciaries were responsible in

22  the prevention of appropriate production of records under their co-fiduciary

23  responsibility under 29 U.S.C. § 1105 and as required by ERISA, equitable relief in

24  the amount of $110 per day is requested under 29 U.S.C. § 1132(a)(3) for such

25  breaches of co-fiduciary responsibility.

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

257

# EIGHTH CLAIM FOR RELIEF

### (By All Plaintiffs for Unfair Business Practices in Violation of California Business & Professions Code §§ 17200 et seq.)

1111. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1112. Plaintiffs assert this cause of action in their own independent right, and not based upon the Assignment of Benefits Plaintiffs received from their patients.

**A.**   **Defendants' Unlawful, Unfair and Fraudulent Business Practices and Acts.**

1113. The Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined by California Business & Professions Code Section 17200 as including "any unlawful, unfair or fraudulent business act or practice …."

1114. The United Defendants have engaged in a pattern of unfair, unlawful and/or fraudulent business acts and practices against Plaintiffs as set forth below:

a.    The United Defendants have illegally discriminated against members of the ERISA plans in the provision of fringe employment benefits on the protected basis of those members' morbid obesity, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq.

b.    The United Defendants have illegally discriminated against members of the ERISA plans in the provision of fringe employment benefits on the protected basis of those members' morbid obesity, in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.

c.    The United Defendants used arbitrary, capricious and improper methods to improperly deny or underpay Plaintiffs' claims.

d.    The United Defendants routinely misrepresented that Plaintiffs' claims would be paid, when in fact Defendants had no intention of paying any of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

e.     The United Defendants routinely requested medical records and provider documentation that had already been provided and were not necessary to adjudicate Plaintiffs' claims, as a way to delay adjudication of the claims.

f.     The United Defendants routinely referred Plaintiffs' claims to Defendant Ingenix for so-called "review."

g.     The United Defendants routinely denied Plaintiffs' claims based on flimsy procedural rationales, including that medical records had not been provided or that a provider was not "recognized," that were not grounded in the terms or the language of the insurance plan.

h.     The United Defendants interfered with Plaintiffs' contracts with Third Party Payors, including Multiplan and Three Rivers.

i.     The United Defendants willfully violated numerous provisions of ERISA, as detailed in this complaint and Appendix A, at least tens of thousands of times, which could subject United Defendants to criminal penalties under 29 U.S.C. § 1131.  For example:

i)     The routine deficiencies in United's EOBs and denial letters—including failure to state specific reasons for benefit termination; failure to cite the plan provisions upon which the decision was based; failure to identify what, if any, additional information or documents could perfect a claim and to explain why such documents or information were necessary; and failure to advise of the right to file suit under ERISA—all violate 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, as detailed in Paragraphs 24, 911, 914 & 969, *supra*.

ii)     United's reliance on flimsy procedural rationales to prolong and deny the claims review process has enabled United to avoid identifying actual provisions in the plans on which the denial of payment is based and has deprived Plaintiffs of the information needed for the appeal process, thereby "unduly inhibit[ing] or hamper[ing]" beneficiaries from claiming benefits in violation of 29 C.F.R. § 2560.503-1(b)(3), as detailed in Paragraphs 26 - 30, 913 & 969, *supra*.

iii)     United's practice of unilaterally determining the amount of administrative fees it collects from various plan funds, without disclosure to or approval of plan participants or beneficiaries, constitutes prohibited self-dealing in violation of 29 U.S.C. § 1106(b)(1), as detailed in Paragraphs 934 - 937, *supra*.

iv)     With respect to claims determination, the United Defendants' systematic and willful failure to pay plan participants and beneficiaries' claims, withholding of funds constituting plan assets, and loan, transfer or retention of these assets all constitute prohibited transactions under 29 U.S.C. § 1106(a)(1)(B), (a)(1)(D) & (b)(1), as detailed in Paragraph 924, *supra*.

v)     With respect to the delegation of plan administrative duties, United Defendants' delegation of the determination of payment and calculation of provider compensation rates to a third party for the improper purpose of denying payment and/or underpaying providers and thereby generating revenue for United Defendants constitutes a "transaction involving the plan on behalf of a party... whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries," and thus results in prohibited transactions under 29 U.S.C. § 1106(b)(2), as detailed in Paragraphs 924 and 927 - 933, *supra*.

vi)     United's retaliation against Plaintiffs, as the assignees of ERISA participants and beneficiaries, based on Plaintiffs' exercise of the rights to which those participants and beneficiaries are entitled under ERISA violates 29 U.S.C. § 1140, as detailed in Paragraphs 940 - 946 & 969, *supra*.

vii)     United's failure or refusal to provide information required by ERISA, including documentation relied on for adverse determinations and summary plan descriptions or other instruments under which the plan is established or operated violates 29 U.S.C. §§ & 1024(b), 1132(c)(1) & 1133, 29 C.F.R. §§ 2650.503-1 & 2575.512c-3, as detailed in Paragraphs 947 - 964 & 969, *supra*.

j.     The United Defendants knowingly made false statements in and concealed facts concerning documents required by ERISA, which false statements

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   were published and provided to Plaintiffs and kept as part of the records of employee

2   welfare benefit plans and/or certified to the administrator of such plans, as detailed in

3   this complaint and Appendix A, at least tens of thousands of times, in violation of 18

4   U.S.C. § 1027.

5           k.     The United Defendants engaged in prohibited transactions, in

6   violation of 29 U.S.C. §§ 1104, 1105, and 1106, and illegally converted plan assets to

7   their own benefit, in violation of 18 U.S.C. § 664, the criminal statute prohibiting the

8   conversion of plan assets, as detailed in this complaint, at least tens of thousands of

9   times.  For example, to the extent that United or a United affiliate, as the claims and

10   plan administrator, offered stop loss insurance, United or a United affiliate had an

11   economic incentive to deny benefits to the beneficiaries and thereby reduce its

12   liability at the expense of the beneficiaries, which constitutes self-dealing and a

13   conflict of interest, as detailed in Paragraphs 924 and 927 - 933, *supra*.  Upon

14   information and belief, United also converted plan assets by receiving illegal

15   commissions from plans for facility claims, i.e., by receiving from plans a portion of

16   the "savings" or reduction in providers' charges that resulted from the claims review

17   process, as detailed in Paragraphs 934 - 937, *supra*.

18           l.     The United Defendants misused their positions as fiduciaries for

19   private gain in furtherance of their scheme to defraud Plaintiffs and deny Plaintiffs'

20   claims.  As detailed in the complaint and Appendix A, United Defendants used the

21   mail, internet, and telephone to carry out their scheme in violation of the mail, wire,

22   and honest services fraud statutes, 18 U.S.C. §§ 1341, 1343, and 1346.

23           m.    The United Defendants made materially false statements and used

24   materially false documents in connection with the payment for health care benefits,

25   items, or services involving a health care benefit program, as detailed in the

26   complaint, at least tens of thousands of times, in violation of 18 U.S.C. § 1035.

27   Pursuant to 18 U.S.C. § 24(b), the definition of "health care benefit program"

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  includes Plaintiffs, as providers to whom payment may be made for medical services

2  under private plans affecting commerce.

3           n.      The United Defendants knowingly and willfully engaged in a

4  scheme to defraud "health care benefit programs" and to obtain, by means of false or

5  fraudulent pretenses, representations, or promises, money or property owned by, or

6  under the custody or control of, health care benefit programs, in violation of 18

7  U.S.C. § 1347.  Pursuant to 18 U.S.C. § 24(b), the definition of "health care benefit

8  program" includes Plaintiffs, as providers to whom payment may be made for

9  medical services under private plans affecting commerce.

10      1115.  The conduct alleged violates the UCL.  As a result of their business acts

11  and practices in violation of the UCL, Defendants have received and retained and

12  continue to receive and retain monies that rightfully belong to Plaintiffs as

13  compensation for rendering covered, medically necessary services to plan members.

14  Plaintiffs have thus suffered "injury in fact" because Defendants have unlawfully,

15  unfairly, and fraudulently withheld monies from Plaintiffs to which Plaintiffs were

16  entitled as compensation for rendering covered, medically necessary services to plan

17  participants and beneficiaries.

18      1116.  Plaintiffs have further suffered "injury in fact" because Defendants

19  obstructed and discriminated against morbidly obese individuals seeking weight loss

20  surgery at Plaintiffs' clinics, thereby both depriving morbidly obese individuals from

21  the benefits of such advantageous and medically necessary surgery **and** harming

22  Plaintiffs' business interests.

23  **B.      Plaintiffs Are Entitled to Injunctive and Restitutionary Relief.**

24      1117.  Defendants' conduct in violation of the UCL is likely to continue absent

25  judicial intervention.  This conduct threatens not only Plaintiffs' economic well-being

26  and future viability, but also the health of the public and the needs of morbidly obese

27  individuals in California.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1118. Business & Professions Code § 17203 provides that any court of competent jurisdiction may enjoin any person from engaging in unfair competition and restore to any person who is a victim of that unfair competition any money acquired thereby.  Plaintiffs seek restitution of an amount to be proved at trial, plus applicable statutory interest, which is the amount that the Defendants are obligated to pay Plaintiffs for the services Plaintiffs provided to plan participants and beneficiaries.  Plaintiffs further seek an injunction prohibiting Defendants' ongoing conduct in using inappropriate methodologies to deny or underpay Plaintiffs' claims for medical treatment provided to plan members.  Furthermore, the injunction should force Defendants to correctly price past and future claims by Plaintiffs by determining UCR based on appropriate UCR data.

1119. Plaintiffs' legal remedies are inadequate in that Defendants' unlawful, unfair, and fraudulent conduct is ongoing and repeated litigation to correct Defendants' ongoing actions would be inefficient for the parties and the Court. Plaintiffs' damages cannot be fully compensated by money and are difficult or impossible to ascertain in terms of money alone.  The loss of revenue from Defendants' illegal and unfair withholding of claim payments is severely impeding Plaintiffs' ability to provide adequate care for patients.

## NINTH CLAIM FOR RELIEF

### (By All Plaintiffs For Declaratory Relief)

1120. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1121. A controversy has arisen between each of the Defendants and Plaintiffs as to Plaintiffs' right to be afforded access to an honest and unbiased claims administration process, and to be paid under the terms of the benefits plans at issue.

Accordingly, Plaintiffs seek a declaration that:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

a.      Defendants' Explanation of Benefits forms and other documentation supporting adverse benefit decisions made by Defendants fail to comply with Section 1133 of ERISA, requiring a full and fair review, and 29 C.F.R. § 2560.503-1;

b.      Defendants' claims practices fail to comply with Section 1133 of ERISA and 29 C.F.R. § 2560.503-1;

c.      Defendants' claims decisions are subject to a de novo  standard of review, and under that standard of review, are erroneously, unreasonable, and unenforceable;

d.      Defendants' constant referral of Plaintiffs' claims to Ingenix/OptumInsight for purported further review was a violation of ERISA, including but not limited to Section 1133 of ERISA and 29 C.F.R. § 2560.503-1;

e.      Plaintiffs' obligation to pursue further administrative remedies are "deemed exhausted" under the ERISA regulations at 29 C.F.R. § 2560.503-1;

f.      Defendants' use of the various procedural pretexts described above that are being used to delay and/or deny payment on Plaintiffs' claims, such as repeated requests for medical records and constant referrals to Ingenix for further review, are arbitrary and capricious;

g.      Defendants' behavior further violated their fiduciary duties to beneficiaries and participants of the ERISA plans;

h.      Defendants are now barred from relying upon any rationales for denying Plaintiffs' claims that Defendants did not raise during the administrative process and prior to litigation;

i.      Defendants must immediately cease the use of such procedural pretexts;

j.      Defendants are required timely re-process all claims that have been submitted by the Plaintiffs since United first began its campaign to deny

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  payments to the Plaintiffs, and to pay those claims pursuant to the terms of the

2  ERISA Plans;

3          k.    Defendants must conduct a "full and fair review" for all claims

4  being re-processed, free of dishonest and surreptitious delay and denial tactics;

5          l.    Defendants must render timely benefit decisions on all future

6  claims submitted by Plaintiffs in accordance with all applicable rules and regulations

7  governing the time in which such decisions must be rendered;

8          m.    Defendants must promptly and timely provide Explanation of

9  Benefits and responses to appeals;

10          n.    When adverse benefit determinations are made, Defendants must

11  disclose with specificity the reasons for the adverse determinations, and cite the

12  specific provisions of the plans that support the determinations;

13          o.    Defendants must acknowledge the claimant status of out-of-

14  network surgery centers as assignees of the plan members, and afford them the right

15  to appeal claims through the plans' administrative procedures.

16

17      **WHEREFORE**, Plaintiffs pray for and demand judgment against the

18  Defendants as set forth above and as follows:

19      A.    On the First Claim for Relief under ERISA, the Court should

20  specifically order the Defendants:

21          1.    to immediately and timely process the claims in accordance with

22  ERISA, and to cease withholding payment on pretextual, procedural grounds;

23          2.    to calculate the past and future benefits pursuant to the terms of

24  the plans, utilizing, where applicable, a valid database that takes into account valid

25  data and the UCR factors of the rates charged by the provider and other surgery

26  centers in the same geographic area at the time;

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

3.      to pay the Plaintiff providers' usual and customary fees, as United promised; and/or to determine the UCR rate at which Plaintiffs should be paid without reference to contracted rates for in-network providers;

4.      to properly pay future claims at the usual and customary rate; and

5.      to issue new EOBs for past claims, and correct EOBs for future claims, that are in compliance with applicable regulatory notice standards.

B.      On the Second Claim for Relief under ERISA, an injunction to prevent United from acting as the Plan Administrator and/or Claims Administrator for each of the ERISA plans at issue; or, in the alternative, to compel United to honor the terms of the ERISA plans;

C.      On the Third Claim for Relief under ERISA:

1.      a judicial determination that the United Defendants' actions as alleged herein are in violation of their fiduciary duties and obligations under ERISA, and;

2.      an injunction requiring the United Defendants to (i) re-process all of Plaintiffs' claims without resort to the unlawful procedures described herein, and (ii) to comply with their fiduciary duties and obligations, including providing full and fair review of past and future claims, without resort to the unlawful procedures described herein.

D.      On the Fourth Claim for Relief under ERISA, a determination that the United Defendants are estopped from contending that the services it authorized are not payable due to lack of authorization, and estopping defendants from refusing to pay the reasonable and customary value for these services;

E.      On the Fifth Claim for Relief under ERISA, reformation of the terms of the ERISA plans in order to remove any exclusion relating to bariatric surgery, and to clarify that United may not impose hurdles such as six-month weight loss regimens and requiring proof of the patients' weight for the prior five years before payments for bariatric surgery may be made under the terms of the plans;

1156926.1

F.      On the Sixth Claim for Relief under ERISA, as necessary, for a surcharge to be levied upon the United Defendants in order to make Plaintiffs whole and restore them to the position that they would be in absent Defendants' breaches of fiduciary duty;

G.      On the Seventh Claim for Relief under ERISA, recovery of the statutory relief of $110 per day and equitable relief of $110 per day, per claim, that have been incurred by the Defendants, and continue to be incurred, on those claims for which Plaintiffs demanded, but did not receive, the documentation it was entitled to receive under ERISA;

H.      On the Eighth Claim for Relief under California Business & Professions Code § 17200, permanently enjoining Defendants from engaging in the unfair business practices complained of, and requiring Defendants to restore to Plaintiffs, and otherwise to disgorge, any money that has been acquired from Plaintiffs, by means of the unfair business practices being committed by Defendants;

I.      On the Ninth Claim for Declaratory Relief, a judicial declaration that:

1)      Defendants' Explanation of Benefits forms and other documentation supporting adverse benefit decisions made by Defendants fail to comply with Section 1133 of ERISA, requiring a full and fair review, and 29 C.F.R. § 2560.503-1;

2)      Defendants' claims practices fail to comply with Section 1133 of ERISA and 29 C.F.R. § 2560.503-1;

3)      Defendants' claims decisions are subject to a de novo standard of review, and under that standard of review, are erroneous, unreasonable, and unenforceable;

4)      Defendants' constant referral of Plaintiffs' claims to Ingenix/OptumInsight for purported further review was a violation of ERISA, including but not limited to Section 1133 of ERISA and 29 C.F.R. § 2560.503-1;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

5) Plaintiffs' obligation to pursue further administrative remedies are "deemed exhausted" under the ERISA regulations at 29 C.F.R. § 2560.503-1;

6) Defendants' use of the various procedural pretexts described above that are being used to delay and/or deny payment on Plaintiffs' claims, such as repeated requests for medical records and constant referrals to Ingenix for further review, are arbitrary and capricious;

7) Defendants' behavior further violated their fiduciary duties to beneficiaries and participants of the ERISA plans;

8) Defendants are now barred from relying upon any rationales for denying Plaintiffs' claims that Defendants did not raise during the administrative process and prior to litigation;

9) Defendants must immediately cease the use of such procedural pretexts;

10) Defendants are required timely re-process all claims that have been submitted by the Plaintiffs since United first began its campaign to deny payments to the Plaintiffs, and to pay those claims pursuant to the terms of the ERISA Plans;

11) Defendants must conduct a "full and fair review" for all claims being re-processed, free of dishonest and surreptitious delay and denial tactics;

12) Defendants must render timely benefit decisions on all future claims submitted by Plaintiffs in accordance with all applicable rules and regulations governing the time in which such decisions must be rendered;

13) Defendants must promptly and timely provide Explanation of Benefits and responses to appeals;

14) when adverse benefit determinations are made, Defendants must disclose with specificity the reasons for the adverse determinations, and cite the specific provisions of the plans that support the determinations; and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

15) Defendants must acknowledge the claimant status of out-of-network surgery centers as assignees of the plan members, and afford them the right to appeal claims through the plans' administrative procedures.

J.     Awarding prejudgment interest and costs, including attorneys' fees; and

K.     Awarding such other relief as the Court deems just and proper.

DATED: March 20. 2014          HOOPER. LUNDY & BOOKMAN. P.C.

By:_____
                DARON L. TOOCH
Attorneys for Plaintiffs

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

# EXHIBIT A

# U.S. Department of Labor Advisory Opinion 96-14A

July 31, 1996
Frederick W. Dennerline III, Esq.
Fillenwarth, Dennerline, Groth & Towe
1213 N. Arlington Avenue, Suite 204
Indianapolis, Indiana 46219

96-14A
ERISA SEC.
104(b)

Dear Mr. Dennerline:

This is in response to your request for an advisory opinion concerning the scope of section 104(b)(2) and 104(b)(4) of the Employee Retirement Income Security Income Act of 1974 (ERISA). Specifically, you have inquired whether the schedule of "usual and customary" fees, which is used as a basis for determining the dollar amount that will be paid for health claims made under a welfare benefit plan, must be made available for examination and/or furnished by the plan administrator upon the request of a plan participant or beneficiary.

You represent the Oil, Chemical and Atomic Workers Local Union No. 7-159, whose members are employed by the Kokomo Gas & Fuel Company (the Company). The Company maintains the Kokomo Gas & Fuel Company Health Plan (the Plan). The Plan is a welfare benefit plan and, in many instances, provides for the reimbursement of the full cost of medical care incurred by the employee-participants, based on a "usual and customary" fee.

The Plan document, however, does not include the schedule of "usual and customary" fees. In response to questions concerning the basis for the "usual and customary" charge allowed for certain procedures, participants and beneficiaries have been advised that the information from which the determination of the "usual and customary" fee is derived is proprietary and not disclosable to them. You represent that several participants in the Plan believe that, in order for them to be fully cognizant of their benefit entitlement, they are entitled to disclosure of all of the "usual and customary" recitations set forth in any document which the plan administrator may use to calculate the payment of benefits.

Section 104(b)(2) of ERISA requires that the administrator shall make copies of the plan description, the latest annual report, bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated available for examination by any plan participant or beneficiary. Section 104(b)(4) requires the furnishing of such documents to participants and beneficiaries upon written request, although plan administrators may impose a reasonable charge to cover the cost of providing these documents.[1]

EXHIBIT "A"

**DOL Advisory Continued...**

The legislative history of ERISA suggests that plan participants and beneficiaries should have access to documents that directly affect their benefit entitlements under an employee benefit plan.[2] Consistent with this Congressional intent, it is the view of the Department of Labor that, for purposes of section 104(b)(2) and 104(b)(4), any document or instrument that specifies procedures, formulas, methodologies, or schedules to be applied in determining or calculating a participant's or beneficiary's benefit entitlement under an employee benefit plan would constitute an instrument under which the plan is established or operated, regardless of whether such information is contained in a document designated as the "plan document." Accordingly, studies, schedules or similar documents that contain information and data, such as information and data relating to standard charges for specific medical or surgical procedures, that, in turn, serve as the basis for determining or calculating a participant's or beneficiary's benefit entitlements under an employee benefit plan would constitute "instruments under which the plan is . . . operated." Thus, it appears that the schedule of "usual and customary" fees described in your letter would be required to be disclosed to participants and beneficiaries in accordance with section 104(b)(2) and 104(b)(4) of ERISA.

This letter constitutes an advisory opinion under ERISA Procedure 76-1. Accordingly, this letter is issued subject to the provisions of that procedure, including section 10 thereof, relating to the effect of advisory opinions.

Sincerely,
JOHN J. CANARY
Chief, Division of Reporting and Disclosure
Office of Regulations and Interpretations

[1] Pursuant to 29 C.F.R. § 2520.104b-30, the charge assessed by the plan administrator to cover the costs of furnishing documents is reasonable if it is equal to the actual cost per page for the least expensive means of acceptable reproduction, but in no event may such charge exceed 25 cents per page. No other charge for furnishing documents, such as handling or postage charges, is considered reasonable.

[2] See H.R. Rep. No. 533, 93d Cong. 1st Sess. 10-11 (1973), and S. Rep. No. 127, 93d Cong., 1st Sess. 27-28 (1973).

# EXHIBIT B

# SILVERMAN & ASSOCIATES
# ATTORNEYS AT LAW

25 S. Oak Knoll Ave., Suite 504, Pasadena, CA 91101
Tel: (626) 529-4202 – Fax: (888) 308-5099

### LEGAL DEMAND AND APPEAL FOR IMMEDIATE PAYMENT
### UNDER ERISA §503 AND/OR CALIFORNIA INSURANCE CODE §790.03

February 22, 2012

Dear Director of Claims,

This law office represents the legal and collection matters associated with the provider of this claim. Please be informed that this letter will serve as our formal demand for payment and appeal on behalf of this provider under ERISA and the California Insurance Code for the above-referenced claim that was NOT processed and/or paid.

Although this claim was recently submitted, in response, we received a letter that requested additional medical records. Please accept this letter as a formal appeal of this inappropriate request according to federal laws and ERISA. Please be advised that according to ERISA § 502, 29 U.S.C. § 1132(a)(1)(B), "a civil action may be brought...(1) by a participant or beneficiary...(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." My client holds a valid assignment of benefits for this claim.

Specifically, the patient for this claim is part of a group health insurance policy issued through the insured's employer. **Pursuant to the terms of the Plan, my client was required, and in fact, obtained written approval and pre-authorization prior to the performance of the procedure of this claim.** Based upon this written approval, our office provided the patient with the required necessary medical services. Thereafter, my client provided your company with a claim requesting payment for the services rendered.

However, your company has improperly refused to process this claim and is withholding and refusing to pay the claim. Although your letter states that your refusal to process and pay this pending claim is based upon a request for further documentation in support of the claim, we hereby notify you that your failure to pay this claim is a breach of the written approval, a violation of ERISA, and forms the basis for other legal causes of actions, including but not limited to Intentional Misrepresentation.

In accordance with ERISA, the procedure performed on the patient that is the subject of this claim was made pursuant to a "pre-service claim". A "pre-service claim" is a claim for benefits under a group health plan, with respect to which the terms of the Plan condition receipt of the benefit, in whole or in part, on approval of the benefit in advance of obtaining medical care. ERISA mandates that you were **required** to make an initial decision regarding this type of claim **within 15 days** of receipt of the claim, even if the claim is incomplete [29 CFR § 2560.503-1(m)(2)].



EXHIBIT "B"

Legal Demand and Appeal for Immediate Payment Under ERISA
Page 2

When you initially received my client's claim, if you truly believed at that time that the claim was incomplete, you should have requested additional information within this mandated 15 day time period. In the alternative, prior to the expiration of the 15 day period, your company could have requested an extension upon showing of good cause as defined by ERISA. No request for any extension has been received by this office [29 CFR § 2560.503-1(f)(2), (4)].

Therefore, according to ERISA, which regulates this plan, you **cannot** refuse to process this claim based on the lack of additional information because your 15 days to request the additional information has lapsed. ERISA makes it clear that you do **NOT** have any right to request any additional information for the processing of this claim after the 15 day period has expired. Your withholding of full payment of this pre-service claim is a direct violation of ERISA, among other things.

Your failure to follow the mandatory ERISA claims procedures automatically deems the claimant to have exhausted all internal review/administrative remedies. As such our office is allowed to immediately pursue all civil causes of actions under ERISA and/or applicable California law. [29 CFR § 2560.503-1(l)].

**Please be advised that under federal law, ERISA and California Law, once a written pre-authorization is issued and my client in good faith relies on the pre-authorization and then provides medical services to the insured, you CANNOT withdraw the approval. [Health and Safety Code § 1371.8; Insurance Code § 796.04] Thus, you are required to pay for the services that my client rendered in good faith. Your inaction on the claim of benefits can and will be viewed as implied act of Fraud against my client.**

While it remains my client's desire to have a working relationship with your company and its insureds, my client is entitled to these rights and protections afforded under ERISA and California law. Even in the absence of ERISA, it is my client's position that many of the requested items are outside the scope of any reasonable request for additional information considering the documents that was already provided. In the future, we would be willing to work with your company to provide whatever documents are agreed to be reasonable and necessary for the processing of a claim. However, in this situation, the time for any such request has long past and appears merely to be done with the intent to unduly prejudice my clients all in violation Federal law and State law.

In summary, your request for additional information is UNTIMELY, a violation of ERISA, and a violation of your own claims practice and procedure. [29 CFR § 2560.503-1(f)(2), (4)]. Your request for additional information is after the 15 day period authorized for the determination of pre-service claims and/or your period of time to request additional information. Therefore, your request for additional information has no legal effect, has been legally waived, and is legally prohibited under ERISA.

California Insurance Code §790.03 defines unfair methods and deceptive acts or practices in the settlement of claims. Subsection (h) enumerates sixteen claims settlement practices that, when either knowingly committed on a single occasion, or performed with such frequency as to evidence a general business practice, are considered to be unfair claims settlement practices, and are thus prohibited.

Legal Demand and Appeal for Immediate Payment Under ERISA
Page 3

Further, 29 CFR §2560.503-1(g)(1)(i)-(iv) requires your company to provide documentation that you relied on for any adverse benefit determination "in a manner calculated to be understood by claimant." Thus, if you continue to refuse to pay this benefit claim in full, this benefit claim will be deemed to be an "adverse benefit determination" under ERISA §503, and you will be required to send the provider the following information "in a manner calculated to be understood by claimant" within thirty days:

1) a full and complete copy of the Medical Plan for this patient;

2) specific and detailed reasons for the adverse determination;

3) the internal "claims file" that you have for this claim, including internal memos and notes;

4) any contracts and/or agreements that you have with the employer of this patient;

5) detailed and the exact methodology that was used to calculate the payment;

6) references to the specific plan provisions on which the determination is based;

7) a description of any additional material or information necessary for the provider to perfect the claim and a detailed explanation of why such material or information is necessary; and

8) a copy of and a detailed description of your internal review procedures and the time limits applicable to such procedures.

In conclusion, **we hereby demand that your company either provide the information required by ERISA § 503 as indicated above** "in a manner calculated to be understood by claimant" **or make immediate payment** in the amount indicated in the attached claim within thirty (30) days of the date of this letter. Failure to provide either the above requested information or full payment by this date will constitute a **WILFUL VIOLATION of ERISA, in which case my client will be deemed to have exhausted all administrative remedies. This will allow us to pursue my client's rightful demand for proper payment with a civil action LAWSUIT in California and/or Federal Court under ERISA**.

Last, if proper payment is not made immediately, please note that my client will also request attorney fees under 29 USC § 1132(g)(1) and applicable California laws. The Ninth Circuit Court of Appeals for California has consistently held that prevailing medical providers in these types of cases are entitled to an award of attorney fees. *Canseco v. Construction Laborers Pension Trust for Southern California*, 93 F.3d 600, 609-10 (9th Cir. 1996). Further the Supreme Court of the United States in *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. (2010), ruled that only "some degree of success on the merits" is required to award attorneys' fees. As is evident here, this burden has been met.

Very Truly Yours,
**SILVERMAN & ASSOCIATES**

Robert B. Silverman, Esq.

---

# APPENDIX A

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

## APPENDIX "A"

**Patient 7.** - Defendants AARP and AARP Employees Welfare Plan.

(A)   Patient 7 is a beneficiary under the AARP Employees Welfare Plan.  On November 15, 2010, Patient 7 had the following medical procedures performed by Plaintiff IMS: New Comprehensive.  For each of the procedures, United authorized Patient 7 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 7.

(B)   Plaintiffs timely submitted claims for the services they provided to Patient 7.

- On November 15, 2010, Plaintiff IMS submitted claims for its professional services.

(C)   United has not paid for any of the services provided by Plaintiffs to Patient 7.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

(E)   On January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 7.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

1156926.1

(F)     Plaintiffs also appealed the denial of the claims on at least at least July 15, and July 24, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 7 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 7.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On May 31, 2011, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 7 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 8.** - Defendants Accenture, LLP, and Accenture United States Benefit Trust.

(A)     Patient 8 is a beneficiary under the Accenture United States Benefit Trust.  On October 19, 2010, December 3, 2010 and December 4, 2010, Christine had the following medical procedures performed by Plaintiffs San Diego Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 8 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 8.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 8.

- On December 10, 2010, December 28, 2010, January 27, 2011 and January 18, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On December 14, 2010 Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 8 but has refused to pay for the other services provided to Patient 8.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Unable to process [the claim] at this time.  Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information."  This EOB did not, however, indicate *what* specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

(E)     On December 10, December 14, December 28, 2010, January 18, and January 27, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 8.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 15, 2011 and October 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 8 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2   document requests that were made on behalf of Patient 8.

3       (G)     Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)     On October 5, and October 31, 2011, United responded to the Provider

6   Plaintiffs' appeals, as follows:

7       •       Initially, United provided acknowledgement that appeal was received
                and United would respond within 30 days.

8

9       (I)     On May 5, May 27, 2011 and November 4, 2013, Plaintiffs called

10  United to inquire about status on pending claims.  United acknowledged receiving

11  medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

12  more information was needed in order to process the claims.  United's representatives

13  could not tell Plaintiffs what records United was missing.

14      (J)     To date, United continues to refuse to pay the claims for Patient 8 but

15  fails to comply with its obligations under ERISA, including under ERISA Section

16  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17  letters.

18

19  **Patient 9.** - Defendants Accor North America, Inc., and Accor North America, Inc.

20  Group Insurance Plan.

21      (A)     Patient 9 is a beneficiary under the Accor North America, Inc. Group

22  Insurance Plan.  On May 4, May 9, 2011 and June 6, 2011, April had the following

23  medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and

24  IMS: Endoscopy, Ultrasound, Polysomnography and CPAP Titration.  For each of

25  the procedures, United authorized Patient 9 to receive these pre-operative tests at

26  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

27  necessary for Plaintiffs to provide the services to Patient 9.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1      (B)    Plaintiffs timely submitted claims for the services they provided to

2 Patient 9.

3      • On May 31, 2011 and August 18, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and CPAP Titration services.

5      • On September 7, 2011 and October 20, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

7      (C)    United has not paid for any of the services provided by Plaintiffs.

8      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

9 the following grounds:

10      • Unable to process [the claim] at this time.  Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

12      • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information."  This EOB did not, however, indicate *what* specific additional information was required for processing that had not previously been submitted with the claim.

15      (E)    On October 20, 2011, November 6, 2011, February 20, 2012 and August

16 23, 2012, Plaintiffs submitted all the medical records for the services provided to

17 April.  In addition medical records were sent with appeals when the denial reason

18 was lack of and/or incomplete records.

19      (F)    Plaintiffs also appealed the denial of the claims on at least at least

20 October 24, and October 25, 2011.  In connection with those appeals, Plaintiffs made

21 multiple requests for documents that the Plan was obligated to provide under ERISA,

22 including requests for a full and complete copy of the Medical Plan for Patient 9 and

23 other instruments under which the Plan is established or operated, including, but not

24 limited to, the internal policies, guidelines, formulas, procedures, methodologies,

25 and/or schedules upon which payment was calculated.  The sample letters that are

26 attached as Exhibits A and Exhibit B to this Complaint set forth the specific

27 document requests that were made on behalf of Patient 9.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1      (G)    Despite these requests, neither United nor the Plan ever provided the

2 requested documents to Plaintiffs.

3      (H)    On March 24, 2012, United informed the Plaintiffs that their appeals

4 were denied due to a lack of patient authorization.  This was even though Plaintiffs

5 had previously demonstrated that they held a valid assignment of benefits from the

6 patient that authorized Plaintiffs to make appeals on behalf of the patient.

7      (I)    On August 23, 2012, Plaintiffs called United to inquire about status on

8 pending claims.  United acknowledged receiving medical records / provider W-9's

9 from Plaintiffs.  United informed Plaintiffs that more information was needed in

10 order to process the claims.  United's representatives could not tell Plaintiffs what

11 records United was missing.

12      (J)    To date, United continues to refuse to pay the claims for Patient 9 but

13 fails to comply with its obligations under ERISA, including under ERISA Section

14 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15 letters.

16

17 **Patient 10.** - Defendants Actavis, Inc., and Actavis Health and Welfare Plan.

18      (A)    Patient 10 is a beneficiary under the Actavis Health and Welfare Plan.

19 On February 19, and February 26, 2011, Patient 10 had the following medical

20 procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of

21 Plastic Surgery and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of

22 the procedures, United authorized Patient 10 to receive these pre-operative tests at

23 Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

24 necessary for Plaintiffs to provide the services to Patient 10.

25      (B)    Plaintiffs timely submitted claims for the services they provided to

26 Patient 10.

27      •    On March 3, March 21, 2011 and April 27, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and

28             Polysomnography.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On May 13, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On March 18, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 10.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time.  Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

(E)     On March 3, March 18, March 21, 2011, April 27, 2011 and May 13, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 10.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, 2011, July 27, 2011, August 20, August 22, August 24, August 25, 2011, September 13, September 19, 2011 and October 22, 2011.  In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 10 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample

1   letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

2   specific document requests that were made on behalf of Patient 10.

3       (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)   On July 1, 2011, August 15, August 17, August 22, 2011, September 7,

6   September 9, September 12, September 13, September 14, 2011 and October 3, 2011,

7   United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization.  This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

13       (I)   On June 14, 2011 and August 20, 2012, Plaintiffs called United to

14   inquire about status on pending claims.  United acknowledged receiving medical

15   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

16   information was needed in order to process the claims.  United's representatives

17   could not tell Plaintiffs what records United was missing.

18       (J)   To date, United continues to refuse to pay the claims for Patient 10 but

19   fails to comply with its obligations under ERISA, including under ERISA Section

20   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21   letters.

22

23   **Patient 11.** - Defendants Acushnet Company and Acushnet Company Consolidated

24   Health and Welfare Plan.

25       (A)   Patient 11 is a beneficiary under the Acushnet Company Consolidated

26   Health and Welfare Plan.  On February 1, 2012, February 11, 2012, February 25,

27   2012 and August 31, 2012, Patient 11 had the following medical procedures

28   performed by Plaintiffs Orange Grove Ambulatory Surgery Center and IMS:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

8

APPENDIX "A"

1   Endoscopy, Ultrasound, Polysomnography, CPAP Titration and Laparoscopic

2   Gastric Banding.  For each of the procedures, United authorized Patient 11 to receive

3   these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United

4   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

5   services to Patient 11.

6          (B)    Plaintiffs timely submitted claims for the services they provided to

7   Patient 11.

8          •   On August 14, 2012 and March 16, 2012, Plaintiff IMS submitted
              claims for its professional Endoscopy, Ultrasound, Polysomnography,
9             CPAP Titration and Laparoscopic Gastric Banding.

10         •   On July 25, 2012, Plaintiff Orange Grove Ambulatory Surgery Center
              submitted a claim for its facility services in connection with these
11            procedures.

12         (C)    United has not paid for any of the services provided by Plaintiffs to

13   Patient 11.

14         (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

15   the following grounds:

16         •   "Unable to process [the claim] at this time. Please refer to our
              correspondence indicating the additional information necessary to
17            complete the processing of your claim".

18         •   "[United] asked provider to send us more information" and that it would
              "process the claim when [it] receive[d] this information." This EOB did
19            not, however, indicate what specific additional information was required
              for processing that had not previously been submitted with the claim.
20
21         •   "The medical documentation that was submitted with this claim has
              been forwarded for review. We will process this claim when the review
22            has been completed.

23         (E)    On August 14, 2012 and March 16, 2012, Plaintiffs submitted all the

24   medical records for the services provided to Patient 11.  In addition medical records

25   were sent with appeals when the denial reason was lack of and/or incomplete records.

26         (F)    Plaintiffs also appealed the denial of the claims on April 10, 2013 and

27   July 16, 2013. In connection with those appeals, Plaintiffs made multiple requests for

28   documents that the Plan was obligated to provide under ERISA, including requests

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

1  for a full and complete copy of the Medical Plan for Patient 11 and other instruments

2  under which the Plan is established or operated, including, but not limited to, the

3  internal policies, guidelines, formulas, procedures, methodologies, and/or schedules

4  upon which payment was calculated.  The sample letters that are attached as Exhibits

5  A and Exhibit B to this Complaint sets forth the specific document requests that were

6  made on behalf of Patient 11.

7      (G)    Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9      (H)    On September 12, 2013, United responded to the Provider Plaintiffs'

10  appeals, as follows:

11  •   Subsequently, however, United informed the Plaintiffs that their appeals
12  were denied due to a lack of patient authorization. This was even though
    Plaintiffs had previously demonstrated that they held a valid assignment
13  of benefits from the patient that authorized Plaintiffs to make appeals on
    behalf of the patient.

14      (I)    On March 6, 2013, March 27, 2013, July 22, 2013, and September 19,

15  2013, Plaintiffs called United to inquire about status on pending claims. United

16  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

17  informed Plaintiffs that more information was needed in order to process the claims.

18  United's representatives could not tell Plaintiffs what records United was missing.

19      (J)    To date, United continues to refuse to pay the claims for Patient 11 but

20  fails to comply with its obligations under ERISA, including under ERISA Section

21  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22  letters.

23

24  **Patient 12.** - Defendants ADP Totalsource, Inc., and ADP Totalsource, Inc. Health

25  and Welfare Plan.

26      (A)    Patient 12 is a beneficiary under the ADP Totalsource, Inc. Health and

27  Welfare Plan.  On April 27, 2010, Patient 12 had the following medical procedures

28  performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   authorized Patient 12 to receive these pre-operative tests at Plaintiffs' surgery centers

2   and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to

3   provide the services to Patient 12.

4       (B)     Plaintiffs timely submitted claims for the services they provided to

5   Patient 12:

6       •   On August 5, 2010, Plaintiff IMS submitted claims for its professional
            Polysomnography

7

8       (C)     United has paid for some of the services provided by Plaintiffs to Patient

9   12 but has refused to pay for the other services provided to Patient 12.

10      (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

11  the following grounds:

12      •   "Unable to process [the claim] at this time.  Please refer to our
            correspondence indicating the additional information necessary to

13          complete the processing of your claim."

14      •   "[United] asked provider to send us more information" and that it would
            "process the claim when [it] receive[d] this information." This EOB did

15          not, however, indicate what specific additional information was required
            for processing that had not previously been submitted with the claim.

16      •   "The medical documentation that was submitted with this claim has
17          been forwarded for review.  We will process this claim when the review
            has been completed."

18

19      (E)     On August 5, 2010, Plaintiffs submitted all the medical records for the

20  services provided to Patient 12.  In addition medical records were sent with appeals

21  when the denial reason was lack of and/or incomplete records.

22      (F)     Plaintiffs also appealed the denial of the claims on at least at least June

23  9, 2011 and September 15, 2011.  In connection with those appeals, Plaintiffs made

24  multiple requests for documents that the Plan was obligated to provide under ERISA,

25  including requests for a full and complete copy of the Medical Plan for Patient 12 and

26  other instruments under which the Plan is established or operated, including, but not

27  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

28  and/or schedules upon which payment was calculated.  The sample letters that are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2  document requests that were made on behalf of Patient 12.

3     (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5     (H)    On June 16, 2011 and November 9, 2011, United responded to the

6  Provider Plaintiffs' appeals, as follows:

7     •    Initially, United provided acknowledgement that appeal was received
       and United would respond within 30 days.

8

9     (I)    On September 13, 2012, Plaintiffs called United to inquire about status

10  on pending claims.  United informed Plaintiffs that more information was needed in

11  order to process the claims.  United's representatives could not tell Plaintiffs what

12  records United was missing.

13     (J)    To date, United continues to refuse to pay the claims for Patient 12 but

14  fails to comply with its obligations under ERISA, including under ERISA Section

15  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

16  letters.

17

18  **Patient 13.** - Defendants Aegon USA, LLC, and Aegon Companies Flexible Benefits

19  Plan.

20     (A)    Patient 13 is a beneficiary under the Aegon Companies Flexible Benefits

21  Plan.  On January 29, 2009 and March 17, 2009, Patient 13 had the following

22  medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band

23  Adjustment.  For each of the procedures, United authorized Patient 13 to receive

24  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

25  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

26  Patient 13.

27     (B)    Plaintiffs timely submitted claims for the services they provided to

28  Patient 13

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   • On October 21, 2009 and June 1, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

2

3   (C)   United has paid for some of the services provided by Plaintiffs to Patient

4   13 but has refused to pay for the other services provided to Patient 13.

5   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

6   the following grounds:

7   • "Unable to process [the claim] at this time.  Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

8

9   • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

10

11   • "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

12

13

14   (E)   On October 21, 2009 and June 1, 2009, Plaintiffs submitted all the

15   medical records for the services provided to Patient 13.  In addition medical records

16   were sent with appeals when the denial reason was lack of and/or incomplete records.

17   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

18   those appeals, Plaintiffs made multiple requests for documents that the Plan was

19   obligated to provide under ERISA, including requests for a full and complete copy of

20   the Medical Plan for Patient 13 and other instruments under which the Plan is

21   established or operated, including, but not limited to, the internal policies, guidelines,

22   formulas, procedures, methodologies, and/or schedules upon which payment was

23   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

24   Complaint sets forth the specific document requests that were made on behalf of

25   Patient 13.

26   (G)   Despite these requests, neither United nor the Plan ever provided the

27   requested documents to Plaintiffs.

28   (H)   United has not responded to Plaintiffs' submitted appeals.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    (I)    On August 10, August 27, 2009, December 2, 2010 and February 10,

2    2011, Plaintiffs called United to inquire about status on pending claims.  United

3    informed Plaintiffs that more information was needed in order to process the claims.

4    United's representatives could not tell Plaintiffs what records United was missing.

5    (J)    To date, United continues to refuse to pay the claims for Patient 13 but

6    fails to comply with its obligations under ERISA, including under ERISA Section

7    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8    letters.

9

10   **Patient 14.** - Defendants Aera Energy Services Company and Aera Energy Services

11   Company Medical Benefits Plan.

12   (A)    Patient 14 is a beneficiary under the Aera Energy Services Company

13   Medical Benefits Plan.  On January 15, January 19, 2009 and March 25, 2010,

14   Patient 14 had the following medical procedures performed by Plaintiff IMS: Follow

15   Up Office Visit.  For each of the procedures, United authorized Patient 14 to receive

16   these pre-operative tests at Plaintiffs' surgery centers and/or United informed

17   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

18   Patient 14.

19   (B)    Plaintiffs timely submitted claims for the services they provided to

20   Patient 14.

21   •    On January 15, 2010, Plaintiff IMS submitted claims for its professional.

22

23   (C)    United has paid for some of the services provided by Plaintiffs to Patient

24   14 but has refused to pay for the other services provided to Patient 14.

25   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

26   the following grounds:

27   •    Payment of benefits has been made in accordance with the terms of the managed care system

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On January 26, 2010, February 3, February 4, February 9, 2010, March 1, March 15, 2010, and May 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 14.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims, on at least July 15, 2011 and August 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 14 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 14.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 30, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization.  This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 18, 2012, Plaintiffs called United to inquire about status on pending claims.  A copy of the Explanation of Benefits will be mailed out to you.

(J)     To date, United continues to refuse to pay the claims for Patient 14 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

**Patient 15.** - Defendants Air Liquide USA, LLC, and Air Liquide USA LLC Group Benefits Plan.

(A)     Patient 15 is a beneficiary under the Air Liquide USA LLC Group Benefits Plan.  On April 11, 2009, Patient 15 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS: Endoscopy.  For each of the procedures, United authorized Patient 15 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 15.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 15.

- On March 15, 2010 Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 15 but has refused to pay for the other services provided to Patient 15.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Your plan covers reasonable charges for covered health services. The reasonable charge is based on amounts charged by other physicians or health care professionals in the area for similar services or supplies. Benefits are not available for the portion of the charge that exceeds the reasonable charge determined for this service."

(E)     On March 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 15.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 15 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2  Complaint sets forth the specific document requests that were made on behalf of

3  Patient 15.

4      (G)    Despite these requests, neither United nor the Plan ever provided the

5  requested documents to Plaintiffs.

6      (H)    On July 23, 2009, United responded to the Provider Plaintiffs' appeals,

7  as follows:

8      •    Subsequently, however, United informed the Plaintiffs that their appeals
           were denied due to a lack of patient authorization. This was even though
9          Plaintiffs had previously demonstrated that they held a valid assignment
           of benefits from the patient that authorized Plaintiffs to make appeals on
10         behalf of the patient.

11     (I)    On March 12, 2010, Plaintiffs called United to inquire about status on

12  pending claims. Benefits are not available for the portion of the charge that exceeds

13  the reasonable charge determined for this service.

14     (J)    To date, United continues to refuse to pay the claims for Patient 15 but

15  fails to comply with its obligations under ERISA, including under ERISA Section

16  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17  letters.

18

19  **Patient 16.** - Defendants Akzo Nobel, Inc., and Akzo Nobel, Inc. Salaried

20  Employees Group Benefits Program.

21     (A)    Patient 16 is a beneficiary under the Akzo Nobel, Inc. Salaried

22  Employees Group Benefits Program.  On June 5, 2010, October 8, 2010, January 22,

23  2011, February 5, February 10, February 17, 2011, March 3, March 15, March 26,

24  2011, April 23, 2011, May 12, 2011, June 11, June 16, June 30, 2011, August 13,

25  2011, September 10, 2011 and October 8, 2011, Patient 16 had the following medical

26  procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS:

27  Endoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band

28  Adjustment.  For each of the procedures, United authorized Patient 16 to receive

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

2  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

3  Patient 16.

4      (B)    Plaintiffs timely submitted claims for the services they provided to

5  Patient 16.

6  - On January 5, 2010, November 1, 2010, January 31, 2011, February 11, February 25, 2011, March 7, March 10, March 23, 2011, April 4, April 26, 2011, May 26, 2011, July 12, 2011, August 12, 2011, October 27, October 29, 2011 and December 7, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

9  - On January 27, 2011, and March 29, 2011, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

12     (C)    United has paid for some of the services provided by Plaintiffs to Patient

13  16 but has refused to pay for the other services provided to Patient 16.

14     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

15  the following grounds:

16  - "Unable to process [the claim] at this time.  Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

18  - "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

21     (E)    On November 1, 2010, January 5, January 27, January 31, 2011,

22  February 11, February 25, 2011, March 7, March 10, March 23, 2011, April 4, April

23  26, 2011, May 13, May 26, 2011, July 12, 2011, August 12, 2011, November 29,

24  2011 and December 15, 2011, Plaintiffs submitted all the medical records for the

25  services provided to Patient 16.  In addition medical records were sent with appeals

26  when the denial reason was lack of and/or incomplete records.

27     (F)    Plaintiffs also appealed the denial of the claims.  In connection with

28  those appeals, Plaintiffs made multiple requests for documents that the Plan was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  obligated to provide under ERISA, including requests for a full and complete copy of

2  the Medical Plan for Patient 16 and other instruments under which the Plan is

3  established or operated, including, but not limited to, the internal policies, guidelines,

4  formulas, procedures, methodologies, and/or schedules upon which payment was

5  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

6  Complaint sets forth the specific document requests that were made on behalf of

7  Patient 16.

8      (G)    Despite these requests, neither United nor the Plan ever provided the

9  requested documents to Plaintiffs.

10      (H)    On September 9, 2011, November 3, 2011, December 23, 2011 and

11  April 8, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

12  •     Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

13  

14  •     Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization.  This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

15  

16  

17      (I)    On February 25, February 27, 2013, and June 7, 2013, Plaintiffs called

18  United to inquire about status on pending claims.  United informed Plaintiffs that

19  more information was needed in order to process the claims.

20      (J)    To date, United continues to refuse to pay the claims for Patient 16 but

21  fails to comply with its obligations under ERISA, including under ERISA Section

22  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

23  letters.

24  

25  **Patient 17.** - Defendants Alcon Laboratories, Inc., and Alcon Laboratories Inc.

26  Voluntary Employees Beneficiary Association Trust.

27      (A)    Patient 17 is a beneficiary under the Alcon Laboratories Inc. Voluntary

28  Employees Beneficiary Association Trust.  On January 20, 2010, Patient 17 had the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 17 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 17.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 17.

- On January 27, 2010, Plaintiff IMS submitted claims for its professional consultation.

(C)     United  issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Patient had reached her maximum insurance benefit, even though Plaintiffs were previously advised that the patient's insurance benefit had no maximum.

(E)     On January 27, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 17.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 23, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 17 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 17.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 1, 2011, September 28, and September 30, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On June 19, 2012 and July 20, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 17 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 18.** - Defendants Alexander Gallo Holdings, LLC, and Alexander Gallo Holdings, LLC Welfare Benefit Plan.

(A)     Patient 18 is a beneficiary under the Alexander Gallo Holdings, LLC Welfare Benefit Plan.  On June 20, 2009, Patient 18 had the following medical procedures performed by Plaintiffs Almont Ambulatory Surgery Center: Endoscopy. For each of the procedures, United authorized Joanna to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 18.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 18 submitted claims for its professional Endoscopy.

- On January 12, 2010, Plaintiffs Almont Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 18 but has refused to pay for the other services provided to Patient 18.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

21

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

(E)     On, Plaintiffs submitted all the medical records for the services provided to Joanna.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 18 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 18.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 15, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 18 but

2 fails to comply with its obligations under ERISA, including under ERISA Section

3 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4 letters.

5

6 **Patient 19.** - Defendants All American Containers, Inc., and All American

7 Containers, Inc. Welfare Benefit Plan.

8    (A)    Patient 19 is a beneficiary under the All American Containers, Inc.

9 Welfare Benefit Plan.  On March 27, 2010, Patient 19 had the following medical

10 procedures performed by Plaintiff IMS: Consultation.  For each of the procedures,

11 United authorized Patient 19 to receive these pre-operative tests at Plaintiffs' surgery

12 centers and/or United informed Plaintiffs that no authorization was necessary for

13 Plaintiffs to provide the services to Patient 19.

14    (B)    Plaintiffs timely submitted claims for the services they provided to

15 Patient 19.

16    •    On April 6, 2010, Plaintiff IMS submitted claims for its professional.

17    (C)    United has not paid for any of the services provided by Plaintiffs to

18 Patient 19.

19    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

20 the following grounds:

21    •    "The allowable amount was applied to the yearly deductible."

22    (E)    On April 4, 2010, Plaintiffs submitted all the medical records for the

23 services provided to Patient 19.  In addition medical records were sent with appeals

24 when the denial reason was lack of and/or incomplete records.

25    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

26 those appeals, Plaintiffs made multiple requests for documents that the Plan was

27 obligated to provide under ERISA, including requests for a full and complete copy of

28 the Medical Plan for Patient 19 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  established or operated, including, but not limited to, the internal policies, guidelines,

2  formulas, procedures, methodologies, and/or schedules upon which payment was

3  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4  Complaint sets forth the specific document requests that were made on behalf of

5  Patient 19.

6       (G)   Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8       (H)   United has not responded to Plaintiffs' submitted appeals.

9       (I)   On July 15, 2011, Plaintiffs called United to inquire about status on

10  pending claims.  The allowable amount was applied to the yearly deductible.

11       (J)   To date, United continues to refuse to pay the claims for Patient 19 but

12  fails to comply with its obligations under ERISA, including under ERISA Section

13  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14  letters.

15

16  **Patient 20.** - Defendants Allstate Insurance Company and Allstate Cafeteria Plan.

17       (A)   Patient 20 is a beneficiary under the Allstate Cafeteria Plan.  On May

18  29, 2011, June 18, June 28, 2011, July 18, July 22, 2011, August 19, 2011, August

19  23, and August 28, 2012, Patient 20 had the following medical procedures performed

20  by Valley Surgical Center and Plaintiffs Modern Institute Of Plastic Surgery and

21  IMS: Endoscopy, Ultrasound, Polysomnography, CPAP Titration, Laparoscopic

22  Gastric Banding, Laparoscopic Cholecystectomy, Echocardiography, Laparoscopic

23  Gastric Band Adjustment and Anesthesia Services.  For each of the procedures,

24  United authorized Patient 20 to receive these pre-operative tests  at Plaintiffs' surgery

25  centers and/or United informed Plaintiffs that no authorization was necessary for

26  Plaintiffs to provide the services to Patient 20.

27       (B)   Plaintiffs timely submitted claims for the services they provided to

28  Patient 20.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On July 5, 2011, August 18, August 22, August 29, 2011, August 20, 2013, and September 13, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, CPAP Titration, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy, Echocardiography, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On August 22, 2011, October 10, 2011 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On August 11, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 20 but has refused to pay for the other services provided to Patient 20.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On July 5, 2011, August 12, August 22, August 29, 2011, September 27, 2011, October 14, and October 20, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 20.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 20 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 20.

1   (G)   Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3   (H)   United has not responded to Plaintiffs' submitted appeals.

4   (I)   On September 26, 2011, August 15, and August 16, 2012, Plaintiffs

5   called United to inquire about status on pending claims.  United acknowledged

6   receiving medical records / provider W-9's from Plaintiffs.  United informed

7   Plaintiffs that more information was needed in order to process the claims.  United's

8   representatives could not tell Plaintiffs what records United was missing.

9   (J)   To date, United continues to refuse to pay the claims for Patient 20 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 21.** - Defendants Alpha Mechanical, Inc., and Alpha Mechanical Heating &

15  Air Conditioning, Inc. Health Insurance Plan.

16  (A)   Patient 21 is a beneficiary under Alpha Mechanical Heating & Air

17  Conditioning, Inc. Health Insurance Plan.  On August 27, 2010, Patient 21 had the

18  following medical procedures performed by Plaintiffs Modern Institute Of Plastic

19  Surgery: Polysomnography.  For each of the procedures, United authorized Patient 21

20  to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

21  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

22  services to Patient 21.

23  (B)   Plaintiffs timely submitted claims for the services they provided to

24  Patient 21.

25  • On September 20, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

26  • On September 20, 2010, Plaintiff Modern Institute Of Plastic Surgery

27  submitted a claim for its facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  (C)     United has not paid for any of the services provided by Plaintiffs to

2  Patient 21.

3  (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

4  the following grounds:

5  •     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

6        complete the processing of your claim".

7  •     "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review

8        has been completed."

9  (E)     On September 20, 2010, Plaintiffs submitted all the medical records for

10  the services provided to Patient 21.  In addition medical records were sent with

11  appeals when the denial reason was lack of and/or incomplete records.

12  (F)     Plaintiffs also appealed the denial of the claims.  In connection with

13  those appeals, Plaintiffs made multiple requests for documents that the Plan was

14  obligated to provide under ERISA, including requests for a full and complete copy of

15  the Medical Plan for Patient 21 and other instruments under which the Plan is

16  established or operated, including, but not limited to, the internal policies, guidelines,

17  formulas, procedures, methodologies, and/or schedules upon which payment was

18  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

19  Complaint sets forth the specific document requests that were made on behalf of

20  Patient 21.

21  (G)     Despite these requests, neither United nor the Plan ever provided the

22  requested documents to Plaintiffs.

23  (H)     United has not responded to Plaintiffs' submitted appeals.

24  (I)     On January 19, 2012, Plaintiffs called United to inquire about status on

25  pending claims. United informed Plaintiffs that more information was needed in

26  order to process the claims.

27  (J)     To date, United continues to refuse to pay the claims for Patient 21 but

28  fails to comply with its obligations under ERISA, including under ERISA Section

1    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2    letters.

3

4    **Patient 22.** - Defendants Alta Resources Corp., and Alta Resources Corp. Plan.

5        (A)    Patient 22 is a beneficiary under the Alta Resources Corp. Plan.  On

6    February 12, 2011 and March 31, 2011, Patient 22 had the following medical

7    procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of

8    Plastic Surgery and IMS: Endoscopy, Laparoscopic Cholecystectomy and Anesthesia

9    Services.  For each of the procedures, United authorized Patient 22 to receive these

10   pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed

11   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

12   Patient 22.

13       (B)    Plaintiffs timely submitted claims for the services they provided to

14   Patient 22:

15       •    On March 3, 2011, April 7, 2011 and April 21, 2011, Plaintiff IMS
             submitted claims for its professional Endoscopy, Laparoscopic
16           Cholecystectomy and Anesthesia Services.

17       •    On March 18, 2011, Valley Surgical Center submitted a claim for its
             facility services in connection with these procedures.
18

19       •    On April 25, 2011, Plaintiff Modern Institute Of Plastic Surgery
             submitted a claim for its facility services in connection with these
             procedures.

20

21       (C)    United has paid for some of the services provided by Plaintiffs to

22   Jacqueline but has refused to pay for the other services provided to Patient 22.

23       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

24   the following grounds:

25       •    "Unable to process [the claim] at this time. Please refer to our
             correspondence indicating the additional information necessary to
26           complete the processing of your claim."

27       •    "[United] asked provider to send us more information" and that it would
             "process the claim when [it] receive[d] this information." This EOB did
28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 3, March 18, 2011, April 7, April 21, April 25, 2011 and February 22, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 22.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 17, June 20, 2011, July 19, July 26, 2011, and September 10, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Jacqueline and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 22.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 1, 2011 and November 29, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(I)     On August 17, 2009, November 5, 2010, May 3, 2011, March 12, 2012, August 20, 2012, November 12, 2012, and January 9, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 22 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 23.** - Defendants Altec Industries, Inc., and Altec Industries Inc. Flexible Benefits Plan.

(A)     Patient 23 is a beneficiary under the Altec Industries Inc. Flexible Benefits Plan.  On August 23, 2012, Patient 23 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 23 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 23.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 23.

• On September 19, 2013, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 23 but has refused to pay for the other services provided to Patient 23.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

• "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information."  This EOB did

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On, Plaintiffs submitted all the medical records for the services provided to Patient 23.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 23 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 23.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On December 13, 2013, Plaintiffs called United to inquire about status on pending claims.  United again requested medical records that were previously sent to them.

(J)     To date, United continues to refuse to pay the claims for Patient 23 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 24.** - Defendants Altegrity, Inc., and Altegrity, Inc. Health & Welfare Plan.

(A)     Patient 24 is a beneficiary under the Altegrity, Inc. Health & Welfare Plan.  On February 8, 2012, May 30, 2012, June 6, June 11, June 13, June 27, 2012,

1   September 5, 2012, March 27, 2013, April 10, 2013, April 24, 2013, July 6, 2013 and

2   August 21, 2013, Patient 24 had the following medical procedures performed by

3   Valley Surgical Center and Plaintiffs New Life Surgery Center and IMS: Endoscopy,

4   Fluoroscopy and Laparoscopic Gastric Band Adjustment.  For each of the

5   procedures, United authorized Patient 24 to receive these pre-operative tests at

6   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

7   necessary for Plaintiffs to provide the services to Patient 24.

8       (B)     Plaintiffs timely submitted claims for the services they provided to

9   Patient 24.

- On February 21, 2013, May 31, 2013, June 3, June 4, June 17, June 25, 2013, July 27, 2013 and August 30, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Fluoroscopy and Laparoscopic Gastric Band Adjustment.

- On November 1, 2012, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

- On June 20, 2012, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On July 4, 2013, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 24 but has refused to pay for the other services provided to Patient 24.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On November 1, 2012, February 21, 2013, May 31, 2013, June 3, June 4, June 20, 2012, June 17, June 25, 2013 July 4, 2013, and July 27, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 24.  In addition

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   medical records were sent with appeals when the denial reason was lack of and/or

2   incomplete records.

3        (F)    Plaintiffs also appealed the denial of the claims on June 17, 2013,

4   August 2, August 26, August 27, and August 29, 2013.  In connection with those

5   appeals, Plaintiffs made multiple requests for documents that the Plan was obligated

6   to provide under ERISA, including requests for a full and complete copy of the

7   Medical Plan for Patient 24 and other instruments under which the Plan is established

8   or operated, including, but not limited to, the internal policies, guidelines, formulas,

9   procedures, methodologies, and/or schedules upon which payment was calculated.

10  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

11  sets forth the specific document requests that were made on behalf of Patient 24.

12       (G)    Despite these requests, neither United nor the Plan ever provided the

13  requested documents to Plaintiffs.

14       (H)    United has not responded to Plaintiffs' submitted appeals.

15       (I)    On May 9, 2013, August 13, August 16, August 23, August 27, 2013,

16  September 9, 2013, October 1, October 21, October 27, 2013, and November 13,

17  2013, Plaintiffs called United to inquire about status on pending claims.  United

18  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

19  informed Plaintiffs that more information was needed in order to process the claims.

20  United's representatives could not tell Plaintiffs what records United was missing.

21       (J)    To date, United continues to refuse to pay the claims for Patient 24 but

22  fails to comply with its obligations under ERISA, including under ERISA Section

23  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24  letters.

25

26  **Patient 25.** - Defendants Altura Credit Union and Altura Credit Union Employee

27  Welfare Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1     (A)     Patient 25 is a beneficiary under the Altura Credit Union Employee

2   Welfare Benefit Plan.  On August 27, 2009, Patient 25 had the following medical

3   procedures performed by Plaintiff IMS: Endoscopy. For each of the procedures,

4   United authorized Patient 25 to receive these pre-operative tests at Plaintiffs' surgery

5   centers and/or United informed Plaintiffs that no authorization was necessary for

6   Plaintiffs to provide the services to Patient 25.

7     (B)     Plaintiffs timely submitted claims for the services they provided to

8   Patient 25.

9       •     On August 27, 2009, Plaintiff IMS submitted claims for its professional
             Endoscopy.
10

11     (C)     United has paid for some of the services provided by Plaintiffs to Patient

12   25 but has refused to pay for the other services provided to Patient 25.

13     (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

14   the following grounds:

15       •     "Unable to process [the claim] at this time. Please refer to our
             correspondence indicating the additional information necessary to
16           complete the processing of your claim."

17     (E)     On September 10, 2009, Plaintiffs submitted all the medical records for

18   the services provided to Patient 25.  In addition medical records were sent with

19   appeals when the denial reason was lack of and/or incomplete records.

20     (F)     Plaintiffs also appealed the denial of the claims.  In connection with

21   those appeals, Plaintiffs made multiple requests for documents that the Plan was

22   obligated to provide under ERISA, including requests for a full and complete copy of

23   the Medical Plan for Patient 25 and other instruments under which the Plan is

24   established or operated, including, but not limited to, the internal policies, guidelines,

25   formulas, procedures, methodologies, and/or schedules upon which payment was

26   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

27   Complaint sets forth the specific document requests that were made on behalf of

28   Patient 25.

1   (G)   Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3   (H)   United has not responded to Plaintiffs' submitted appeals.

4   (I)   On November 7, 2013, Plaintiffs called United to inquire about status on

5   pending claims.  United  informed Plaintiffs that more information was needed in

6   order to process the claims.

7   (J)   To date, United continues to refuse to pay the claims for Patient 25 but

8   fails to comply with its obligations under ERISA, including under ERISA Section

9   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10   letters.

11

12   **Patient 26.** - Defendant American Airlines, Inc., and Group Life and Health Benefits

13   Plan for Employees of Participating AMR Corporation Subsidiaries.

14   (A)   Patient 26 is a beneficiary under the Group Life and Health Benefits

15   Plan for Employees of Participating AMR Corporation Subsidiaries.  On December

16   11, and December 17, 2010, Patient 26 had the following medical procedures

17   performed by Valley Surgical Center and Plaintiff IMS: Endoscopy, Ultrasound and

18   Polysomnography.  For each of the procedures, United authorized Patient 26 to

19   receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

20   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

21   Patient 26.

22   (B)   Plaintiffs timely submitted claims for the services they provided to

23   Patient 26:

24   •   On December 24, 2010 and December 5, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and

25   Polysomnography.

26   •   On January 4, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 26 but has refused to pay for the other services provided to Patient 26.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On December 24, 2010, January 4, 2011, December 6, 2011 and May 2, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 26.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least at least July 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 26 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 26.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 18, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On March 22, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 26 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 27.** - Defendants American Building Supply, Inc., and American Building Supply, Inc. Employee Benefit Plan.

(A)     Patient 27 is a beneficiary under the American Building Supply, Inc. Employee Benefit Plan.  On October 29, 2010, Patient 27 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 27 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 27.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 27.

- On February 9, 2011, Plaintiff IMS submitted claims for its professional Polysomnography.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On February 9, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 27 but has refused to pay for the other services provided to Patient 27.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(F)    Plaintiffs also appealed the denial of the claims on June 3, 2011, July 2, July 26, 2011 and September 15, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 27 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 27.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On June 16, 2011, July 11, 2011, September 16, 2011, November 10, 2011 and December 30, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 23, 2011, August 20, 2012 and January 3, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 27 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 28.** - Defendants American Financial Group, Inc., and American Financial Group, Inc. Group Welfare Benefit Plan.

(A)     Patient 28 is a beneficiary under the American Financial Group, Inc. Group Welfare Benefit Plan.  On November 19, and November 29, 2010, Patient 28 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery, Valencia Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 28 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 28.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 28.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On November 29, 2010 and December 23, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On December 14, 2010, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

- On January 3, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 28 but has refused to pay for the other services provided to Patient 28.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On November 29, 2010, December 14, December 23, 2010 and January 3, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 28.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 28 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 28.

1    (G)    Despite these requests, neither United nor the Plan ever provided the

2    requested documents to Plaintiffs.

3    (H)    On September 10, 2011, December 1, and December 13, 2011, United

4    responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

10    (I)    On December 23, 2010, Plaintiffs called United to inquire about status

11    on pending claims.  United acknowledged receiving medical records / provider W-9's

12    from Plaintiffs.  United informed Plaintiffs that more information was needed in

13    order to process the claims.  United's representatives could not tell Plaintiffs what

14    records United was missing.

15    (J)    To date, United continues to refuse to pay the claims for Patient 28 but

16    fails to comply with its obligations under ERISA, including under ERISA Section

17    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

18    letters.

19

20    **Patient 29.** - Defendants American International Group, Inc., and American

21    International Group, Inc. Medical Plan.

22    (A)    Patient 29 is a beneficiary under the American International Group, Inc.

23    Medical Plan.  On November 20, 2010, Patient 29 had the following medical

24    procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures,

25    United authorized Patient 29 to receive these pre-operative tests at Plaintiffs' surgery

26    centers and/or United informed Plaintiffs that no authorization was necessary for

27    Plaintiffs to provide the services to Patient 29.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

41

1    (B)    Plaintiffs timely submitted claims for the services they provided to

2    Patient 29.

3    •    On December 28, 2010, Plaintiff IMS submitted claims for its professional Ultrasound.

4

5    (C)    United has not paid for any of the services provided by Plaintiffs to

Patient 29.

6    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

7    the following grounds:

8    •    "Unable to process [the claim] at this time. Please refer to our

9    correspondence indicating the additional information necessary to complete the processing of your claim."

10   •    "[United] asked provider to send us more information" and that it would

11   "process the claim when [it] receive[d] this information." This EOB did

not, however, indicate what specific additional information was required

12   for processing that had not previously been submitted with the claim.

13   •    "The medical documentation that was submitted with this claim has

been forwarded for review. We will process this claim when the review

14   has been completed."

15   (E)    On December 28, 2010, Plaintiffs submitted all the medical records for

16   the services provided to Patient 29.  In addition medical records were sent with

17   appeals when the denial reason was lack of and/or incomplete records.

18   (F)    Plaintiffs also appealed the denial of the claims.  In connection with

19   those appeals, Plaintiffs made multiple requests for documents that the Plan was

20   obligated to provide under ERISA, including requests for a full and complete copy of

21   the Medical Plan for Patient 29 and other instruments under which the Plan is

22   established or operated, including, but not limited to, the internal policies, guidelines,

23   formulas, procedures, methodologies, and/or schedules upon which payment was

24   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

25   Complaint sets forth the specific document requests that were made on behalf of

26   Patient 29.

27   (G)    Despite these requests, neither United nor the Plan ever provided the

28   requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    (H)    United has not responded to Plaintiffs' submitted appeals.

2    (I)    On April 29, 2011, Plaintiffs called United to inquire about status on

3  pending claims.  United  informed Plaintiffs that more information was needed in

4  order to process the claims.

5    (J)    To date, United continues to refuse to pay the claims for Patient 29 but

6  fails to comply with its obligations under ERISA, including under ERISA Section

7  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8  letters.

9

10  **Patient 30.** - Defendants Anheuser-Busch Companies, LLC, and Anheuser-Busch

11  Employees Benefit Trust.

12    (A)    Patient 30 is a beneficiary under the Anheuser-Busch Employees Benefit

13  Trust.  On April 2, 2010, Patient 30 had the following medical procedures performed

14  by Plaintiff IMS: Consultation. For each of the procedures, United authorized Patient

15  30 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

16  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

17  services to Patient 30.

18    (B)    Plaintiffs timely submitted claims for the services they provided to

19  Patient 30.

20    •    On April 2, 2010, Plaintiff IMS submitted claims for its professional.

21    (C)    United has not paid for any of the services provided by Plaintiffs to

22  Patient 30.

23    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

24  the following grounds:

25    •    "Unable to process [the claim] at this time. Please refer to our
26    correspondence indicating the additional information necessary to
      complete the processing of your claim."

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (E)    On April 7, 2010, Plaintiffs submitted all the medical records for the

2    services provided to Patient 30.  In addition medical records were sent with appeals

3    when the denial reason was lack of and/or incomplete records.

4    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

5    those appeals, Plaintiffs made multiple requests for documents that the Plan was

6    obligated to provide under ERISA, including requests for a full and complete copy of

7    the Medical Plan for Patient 30 and other instruments under which the Plan is

8    established or operated, including, but not limited to, the internal policies, guidelines,

9    formulas, procedures, methodologies, and/or schedules upon which payment was

10    calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11    Complaint sets forth the specific document requests that were made on behalf of

12    Patient 30.

13    (G)    Despite these requests, neither United nor the Plan ever provided the

14    requested documents to Plaintiffs.

15    (H)    United has not responded to Plaintiffs' submitted appeals.

16    (I)    On May 17, 2013, Plaintiffs called United to inquire about status on

17    pending claims.  United  informed Plaintiffs that more information was needed in

18    order to process the claims.

19    (J)    To date, United continues to refuse to pay the claims for Patient 30 but

20    fails to comply with its obligations under ERISA, including under ERISA Section

21    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22    letters.

23

24    **Patient 31.** - Defendants Anixter, Inc., and Anixter, Inc. Group Insurance.

25    (A)    Patient 31 is a beneficiary under the Anixter, Inc. Group Insurance.  On

26    September 27, 2010 and October 28, 2010, Patient 31 had the following medical

27    procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS:

28    Polysomnography and Laparoscopic Gastric Banding.  For each of the procedures,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1   United authorized Patient 31 to receive these pre-operative tests and Surgeries at

2   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

3   necessary for Plaintiffs to provide the services to Patient 31.

4       (B)    Plaintiffs timely submitted claims for the services they provided to

5   Patient 31.

6   •    On November 15, 2010, Plaintiff IMS submitted claims for its professional Polysomnography and Laparoscopic Gastric Banding.

7

8   •    On November 11, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

9

10       (C)    United has paid for some of the services provided by Plaintiffs to Patient

11   31 but has refused to pay for the other services provided to Patient 31.

12       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

13   the following grounds:

14   •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

15

16   •    "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

17

18   •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

19

20

21       (E)    On November 11, and November 15, 2010, Plaintiffs submitted all the

22   medical records for the services provided to Patient 31.  In addition medical records

23   were sent with appeals when the denial reason was lack of and/or incomplete records.

24       (F)    Plaintiffs also appealed the denial of the claims on at least July 1, July

25   18, and July 26, 2011.  In connection with those appeals, Plaintiffs made multiple

26   requests for documents that the Plan was obligated to provide under ERISA,

27   including requests for a full and complete copy of the Medical Plan for Patient 31 and

28   other instruments under which the Plan is established or operated, including, but not

1   limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2   and/or schedules upon which payment was calculated.  The sample letters that are

3   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4   document requests that were made on behalf of Patient 31.

5       (G)     Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7       (H)     On October 4, 2011, United responded to the Provider Plaintiffs'

8   appeals, as follows:

9   •   Subsequently, however, United informed the Plaintiffs that their appeals
    were denied due to a lack of patient authorization. This was even though
10  Plaintiffs had previously demonstrated that they held a valid assignment
    of benefits from the patient that authorized Plaintiffs to make appeals on
11  behalf of the patient.

12      (I)     On February 7, and February 23, 2011, Plaintiffs called United to

13  inquire about status on pending claims.  United  informed Plaintiffs that more

14  information was needed in order to process the claims.  United's representatives

15  could not tell Plaintiffs what records United was missing.

16      (J)     To date, United continues to refuse to pay the claims for Patient 31 but

17  fails to comply with its obligations under ERISA, including under ERISA Section

18  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19  letters.

20

21  **Patient 32.** - Defendants Ann, Inc., and Ann, Inc. Welfare Benefits Plan.

22      (A)     Patient 32 is a beneficiary under the Ann, Inc. Welfare Benefits Plan.

23  On June 3, 2009, March 12, 2010 and April 9, 2010, Patient 32 had the following

24  medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding and

25  Laparoscopic Gastric Band Adjustment.  For each of the procedures, United

26  authorized Patient 32 to receive these pre-operative tests and Surgeries at Plaintiffs'

27  surgery centers and/or United informed Plaintiffs that no authorization was necessary

28  for Plaintiffs to provide the services to Patient 32.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 32.

- On June 21, 2009, March 15, 2010 and April 12, 2010 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 32 but has refused to pay for the other services provided to Patient 32.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On June 12, 2009, March 15, 2010 and April 12, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 32.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 32 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 32.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (G)    Despite these requests, neither United nor the Plan ever provided the

2  requested documents to Plaintiffs.

3    (H)    United has not responded to Plaintiffs' submitted appeals.

4    (I)    On August 3, 2009, September 16, 2009, December 1, 2009, April 30,

5  2010, September 14, 2010, December 27, 2010, and May 6, 2011, Plaintiffs called

6  United to inquire about status on pending claims.  United  informed Plaintiffs that

7  more information was needed in order to process the claims.  United's representatives

8  could not tell Plaintiffs what records United was missing.  On July 29, 2009 they

9  were supposed to pay $9,433 but the check was never issued and claim was sent back

10 for review.

11    (J)    To date, United continues to refuse to pay the claims for Patient 32 but

12 fails to comply with its obligations under ERISA, including under ERISA Section

13 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14 letters.

15

16 **Patient 33.** - Defendants Anschutz Entertainment Group, Inc., and AEG Employee

17 Health & Welfare Plan.

18    (A)    Patient 33 is a beneficiary under the AEG Employee Health & Welfare

19 Plan.  On December 29, 2012, Patient 33 had the following medical procedures

20 performed by Plaintiff IMS: Consultation.  For each of the procedures, United

21 authorized Patient 33 to receive these pre-operative tests at Plaintiffs' surgery centers

22 and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to

23 provide the services to Patient 33.

24    (B)    Plaintiffs timely submitted claims for the services they provided to

25 Patient 33.

26    •    On February 4, 2013, Plaintiff IMS submitted claims for its professional
          Consultation.

27

28

(C)     United has paid for some of the services provided by Plaintiffs to Patient 33 but has refused to pay for the other services provided to Patient 33.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On March 26, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 33.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 33 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 33.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On March 26, 2013 and September 28, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date United continues to refuse to pay the claims for Patient 33 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  **Patient 34.** - Defendants Apartment Management Consultants, LLC, and Apartment

2  Management Consultants Benefits Plan.

3      (A)     Patient 34 is a beneficiary under the Apartment Management

4  Consultants Benefits Plan.  On April 24, 2010 and May 22, 2010, Patient 34 had the

5  following medical procedures performed by Plaintiffs Modern Institute Of Plastic

6  Surgery and IMS: Endoscopy, Polysomnography and Anesthesia Services.  For each

7  of the procedures, United authorized Patient 34 to receive these pre-operative tests at

8  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

9  necessary for Plaintiffs to provide the services to Patient 34.

10     (B)     Plaintiffs timely submitted claims for the services they provided to

11  Patient 34.

12   •   On April 30, 2010 Plaintiff IMS submitted claims for its professional
         Endoscopy, Polysomnography and Anesthesia Services.

13
14   •   On August 26, 2010 Plaintiff Modern Institute Of Plastic Surgery
         submitted a claim for its facility services in connection with these
         procedures.

15

16     (C)     United has paid for some of the services provided by Plaintiffs to Patient

17  34 but has refused to pay for the other services provided to Patient 34.

18     (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

19  the following grounds:

20   •   "Unable to process [the claim] at this time. Please refer to our
         correspondence indicating the additional information necessary to
21        complete the processing of your claim."

22   •   "[United] asked provider to send us more information" and that it would
         "process the claim when [it] receive[d] this information." This EOB did
23        not, however, indicate what specific additional information was required
          for processing that had not previously been submitted with the claim.

24
     •   "The medical documentation that was submitted with this claim has
25        been forwarded for review. We will process this claim when the review
          has been completed."

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On April 30, 2010 and August 26, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 34.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 27, 2011 and August 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 34 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 34.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On October 11, 2010, September 17, 2010, January 27, 2011 and March 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  Claim was still in pending review.

(J)     To date, United continues to refuse to pay the claims for Patient 34 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 35.** - Defendants APL Limited and Welfare Plan for Employees of APL Limited.

(A)     Patient 35 is a beneficiary under the Welfare Plan for Employees of APL Limited.  On July 12, 2009, Patient 35 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 35 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 35.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 35.

•     On July 20, 2009, Plaintiff IMS submitted claims for its professional.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 35 but has refused to pay for the other services provided to Patient 35.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

•     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On July 20, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 35.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 35 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 35.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    United has not responded to Plaintiffs' submitted appeals.

6      (I)    On May 17, 2013, Plaintiffs called United to inquire about status on

7  pending claims.  United  informed Plaintiffs that more information was needed in

8  order to process the claims.

9      (J)    To date, United continues to refuse to pay the claims for Patient 35 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 36.** - Defendants Apollo Health Street, Inc., and Apollo Health Street

15  Welfare Benefit Plan.

16      (A)    Patient 36 is a beneficiary under the Apollo Health Street Welfare

17  Benefit Plan.  On April 16, and April 17, 2010, Patient 36 had the following medical

18  procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy and

19  Polysomnography.  For each of the procedures, United authorized Patient 36 to

20  receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

21  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

22  Patient 36.

23      (B)    Plaintiffs timely submitted claims for the services they provided to

24  Patient 36 submitted claims for its professional Endoscopy and Polysomnography.

25  •  On May 31, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

26

27  •  On April 28, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 36 but has refused to pay for the other services provided to Patient 36.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 28, 2010, and May 31, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 36.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least at least June 21, 2011 and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 36 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 36.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 23, 2011, September 27, 2011, November 10, 2011, and December 6, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On September 21, 2010, February 22, 2011 and May 27, 2011, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 36 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 37.** - Defendants Apple American Group, LLC, and Apple American Group, LLC Section 125 Plan.

(A)     Patient 37 is a beneficiary under the Apple American Group, LLC Section 125 Plan.  On September 14, September 16, 2010, November 4, and November 20, 2010, Patient 37 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS: Endoscopy, Polysomnography, Laparoscopic Cholecystectomy, Barium Swallow and Anesthesia Services.  For each of the procedures, United authorized Patient 37 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 37.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 37.

- On December 15, December 21, December 22, 2010 and January 18, 2011,  Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Cholecystectomy, Barium Swallow and Anesthesia Services.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On November 5, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 37 but has refused to pay for the other services provided to Patient 37.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 5, 2010, December 15, December 21, December 22, 2010 and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 37.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 13, June 29, 2011, July 15, 2013, August 29, 2011, September 2, September 3, 2013,0, and April 16, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 37 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 37.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1      (G)    Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3      (H)    On July 18, July 25, 2013, August 22, August 23, 2011, September 9,

4   2011, and September 28, 2011, United responded to the Provider Plaintiffs' appeals,

5   as follows:

6   • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

7   • Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

8

9

10

11     (I)    On February 28, 2011 and June 14, 2011, Plaintiffs called United to

12  inquire about status on pending claims.  United  informed Plaintiffs that more

13  information was needed in order to process the claims.  United's representatives

14  could not tell Plaintiffs what records United was missing.

15     (J)    To date, United continues to refuse to pay the claims for Patient 37 but

16  fails to comply with its obligations under ERISA, including under ERISA Section

17  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

18  letters.

19

20  **Patient 38.** - Defendants Aptco, LLC, and Aptco, LLC Plan.

21     (A)    Patient 38 is a beneficiary under the Aptco, LLC plan.  On July 24,

22  2010, Patient 38 had the following medical procedures performed by Plaintiffs

23  Valencia Ambulatory Surgery Center and IMS: Endoscopy and Ultrasound.  For each

24  of the procedures, United authorized Patient 38 to receive these pre-operative tests  at

25  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

26  necessary for Plaintiffs to provide the services to Patient 38.

27     (B)    Plaintiffs timely submitted claims for the services they provided to

28  Patient 38.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

57

APPENDIX "A"

- On August 9, 2010, and August 10, 2010 Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

- On September 15, 2010, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 38.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 9, August 10, 2010 and September 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 38.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least at least July 4, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 38 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 38.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On February 24, February 28, 2011, March 1, March 25, 2011, and September 1, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- United informed the Plaintiffs that the decision has been made to uphold the initial determination.

(I)    On November 28, 2012 and January 8, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 38 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 39.** - Defendants Arch Aluminum & Glass Co., Inc., and Arch Aluminum & Glass Co., Inc. Employee Welfare Benefits Plan.

(A)    Patient 39 is a beneficiary under the Arch Aluminum & Glass Co., Inc. Employee Welfare Benefits Plan.  On January 29, 2011. Patient 39 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy.  For each of the procedures, United authorized Patient 39 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 39.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 39.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On January 29, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.

- On Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 39.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 3, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 39.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least at least June 11, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 39 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 39.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (H)    On December 12, 2011, United responded to the Provider Plaintiffs'

2    appeals, as follows:

3    •    Initially, United provided acknowledgement that appeal was received
         and United would respond within 30 days.

4    •    Subsequently, however, United informed the Plaintiffs that their appeals
5        were denied due to a lack of patient authorization. This was even though
         Plaintiffs had previously demonstrated that they held a valid assignment
6        of benefits from the patient that authorized Plaintiffs to make appeals on
         behalf of the patient.

7

8    (I)    On March 5, 2012, Plaintiffs called United to inquire about status on

9    pending claims.

10    (J)    To date, United continues to refuse to pay the claims for Patient 39 but

11    fails to comply with its obligations under ERISA, including under ERISA Section

12    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13    letters.

14

15    **Patient 40.** - Defendants Ardent Services, LLC, and Ardent Services, LLC Medical

16    Plan.

17    (A)    Patient 40 is a beneficiary under the Ardent Services, LLC Medical

18    Plan.  On March 24, 2009, Patient 40 had the following medical procedures

19    performed by Plaintiff IMS: Consultation.  For each of the procedures, United

20    authorized Patient 40 to receive these pre-operative tests at Plaintiffs' surgery centers

21    and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to

22    provide the services to Patient 40.

23    (B)    Plaintiffs timely submitted claims for the services they provided to

24    Patient 40.

25    •    On May 3, 2009, Plaintiff IMS submitted claims for its professional
         Consultation.

26

27    (C)    United has under paid for the mentioned service provided by Plaintiffs

28    to Patient 40 but has refused to pay for the other services provided to Patient 40.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

- Based on our review, we determined that we processed this claim accurately

(E)     On June 3, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 40.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least at least August 24, 2010.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 40 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 40.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 26, 2010, November 5, 2010, October 26, 2011, and November 5, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

(I)     On November 3, 2010, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs' claim denied as not being covered.

(J)     To date, United continues to refuse to pay the claims for Patient 40 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 41.** - Defendants AT&T Mobility, LLC, and Cingular Wireless Medical Plus Plan.

(A)     Patient 41 is a beneficiary under the Cingular Wireless Medical Plus Plan.  On April 6, 2011, Patient 41 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy and Anesthesia Services. For each of the procedures, United authorized Patient 41 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 41.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 41.

- On April 8, and April 15, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.
- On April 25, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 41.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 28, 2011, April 8, April 22, April 25, 2011, May 13, 2011, June 10, 2011, November 14, 2011, December 13, 2011, March 22, 2012 and February 3, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 41.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 13, June 22, June 25, 2011 and July 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 41 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 41.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On March 16, 2011, April 29, 2011, June 28, 2011, July 18, 2011, August 31, 2011 and September 20, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2

of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

3
4
5
6

(I)     On May 19, 2011, January 14, 2013, and January 15, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

7
8
9
10

(J)     To date, United continues to refuse to pay the claims for Patient 41 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

11
12
13

**Patient 42.** - Defendants ATI Systems International, Inc., and ATI Systems - A Garda Company Group Health Plan.

14
15
16
17
18
19

(A)     Patient 42 is a beneficiary under the ATI Systems - A Garda Company Group Health Plan.  On April 24, 2010, Patient 42 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 42 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 42.

20
21

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 42.

22
23

•     On May 10, 2010, Plaintiff IMS submitted claims for its professional Ultrasound.

24
25

(C)     United has paid for some of the services provided by Plaintiffs to Patient 42 but has refused to pay for the other services provided to Patient 42.

26
27

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

28

•     Plaintiffs never received explanation of benefits from United.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (E)   On May 10, 2010, Plaintiffs submitted all the medical records for the

2   services provided to Patient 42.  In addition medical records were sent with appeals

3   when the denial reason was lack of and/or incomplete records.

4   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

5   those appeals, Plaintiffs made multiple requests for documents that the Plan was

6   obligated to provide under ERISA, including requests for a full and complete copy of

7   the Medical Plan for Patient 42 and other instruments under which the Plan is

8   established or operated, including, but not limited to, the internal policies, guidelines,

9   formulas, procedures, methodologies, and/or schedules upon which payment was

10   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11   Complaint sets forth the specific document requests that were made on behalf of

12   Patient 42.

13   (G)   Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15   (H)   On May 9, May 10, 2011, July 28, 2011, August 1, 2011 and September

16   1, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

17   • Initially, United provided acknowledgement that appeal was received
    and United would respond within 30 days.

18
19   • Subsequently, however, United informed the Plaintiffs that their appeals
    were denied due to a lack of patient authorization. This was even though
20   Plaintiffs had previously demonstrated that they held a valid assignment
    of benefits from the patient that authorized Plaintiffs to make appeals on
    behalf of the patient.

21

22   (I)   On July 29, 2013, Plaintiffs called United to inquire about status on

23   pending claims.  United's representatives could not tell Plaintiffs what records United

24   was missing.

25   (J)   To date, United continues to refuse to pay the claims for Patient 42 but

26   fails to comply with its obligations under ERISA, including under ERISA Section

27   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28   letters.

1156926.1

**Patient 43.** - Defendants Auction.com, LLC, and Auction.com Employee Benefit Plan.

(A)     Patient 43 is a beneficiary under the Auction.com Employee Benefit Plan.  On May 6, 2010, Ana had the following medical procedures performed by Plaintiffs Modern Institute of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 43 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 43.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 43 submitted claims for its professional Polysomnography.

On August 7, August 11, 2010 and February 16, 2011 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 43 but has refused to pay for the other services provided to Patient 43.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 7, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 43.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims on at least at least September 13, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 43 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 43.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 14, 2010, June 6, 2011 and November 7, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On February 15, February 16, 2011 and March 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 43 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 44.** - Defendants Automatic Data Processing, Inc., and Automatic Data Processing, Inc. Flex 2000 Plan.

(A)     Patient 44 is a beneficiary under the Automatic Data Processing, Inc. Flex 2000 Plan.  On October 30, 2009 and December 5, 2009, Patient 44 had the

following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 44 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 44.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 44.

- On October 30, 2009 and December 5, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 44 but has refused to pay for the other services provided to Patient 44.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On November 6, 2009 and January 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 44.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on February 13, 2010, June 20, 2010, August 24, 2010, July 19, July 21, 2011, August 25, 2011 and May 17, 2012.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 44 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 44.

(G) Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H) On June 30, 2010, August 22, 2011, October 14, 2011, September 27, and September 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I) On August 25, 2011, May 17, 2012, June 11, and June 12, 2013, Plaintiffs called United to inquire about status on pending claims. United informed Plaintiffs that more information was needed in order to process the claims. United's representatives could not tell Plaintiffs what records United was missing.

(J) To date, United continues to refuse to pay the claims for Patient 44 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F

**Patient 45.** - Defendants Avery Dennison Corporation and Avery Dennison Corporation Health and Welfare Plan.

(A) Patient 45 is a beneficiary under the Avery Dennison Corporation Health and Welfare Plan. On September 5, 2009, Patient 45 had the following medical procedures performed by Plaintiff IMS: Consultation. For each of the procedures, United authorized Patient 45 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 45.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 45.

- On November 18, 2009, Plaintiff IMS submitted claims for its professional Consultation.

(C)     United has under paid for the mentioned service provided by Plaintiffs to Patient 45.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On November 18, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 45.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 45 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 45.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On December 18, 2009, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

71

1    (J)    To date, United continues to refuse to pay the claims for Patient 45 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 46.** - Defendants Avon Products, Inc., and Avon Products Inc. Medical Plan

7  for Active Employees.

8    (A)    Patient 46 is a beneficiary under the Avon Products Inc. Medical Plan

9  for Active Employees.  On February 9, 2011, April 13, April 19, 2011, May 3, 2011

10  and July 29, 2011, Patient 46 had the following medical procedures performed by

11  Valley Surgical Center and Plaintiffs New Life Surgery Center and IMS:

12  Consultation, Endoscopy, Ultrasound, CPAP Titration, Laparoscopic Gastric

13  Banding and Anesthesia Services.  For each of the procedures, United authorized

14  Patient 46 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery

15  centers and/or United informed Plaintiffs that no authorization was necessary for

16  Plaintiffs to provide the services to Patient 46.

17    (B)    Plaintiffs timely submitted claims for the services they provided to

18  Patient 46.

19    •    On February 28, 2011, March 2, 2011, July 5, 2011, August 2, 2011 and
       August 18, 2011 Plaintiff IMS submitted claims for its professional
20       Endoscopy, Ultrasound, CPAP Titration, Laparoscopic Gastric Banding
       and Anesthesia Services.

21
     •    On March 18, 2011 Valley Surgical Center submitted a claim for its
22       facility services in connection with these procedures.

23    •    On November 4, 2011 Plaintiff New Life Surgery Center submitted a
       claim for its facility services in connection with these procedures.
24

25    (C)    United has paid for some of the services provided by Plaintiffs to Patient

26  46 but has refused to pay for the other services provided to Patient 46.

27    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

28  the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 28, 2011, March 2, 2011, March 18, 2011, July 5, 2011, August 2, 2011, August 18, 2011 and November 4, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 46.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 13, 2011, August 22, August 24, 2011 and September 5, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 46 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 46.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On May 11, 2011, June 29, June 30, 2011, August 2, August 8, August 15, August 19, 2011, September 27, 2011, October 4, and October 24, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)      On July 26, 2011, March 13, March 14, 2012, August 27, August 29, 2012 and January 11, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)      To date, United continues to refuse to pay the claims for Patient 46 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 47.** - Defendants Baker Hughes Incorporated and Baker Hughes Incorporated Welfare Benefits Plan.

(A)      Patient 47 is a beneficiary under the Baker Hughes Incorporated Welfare Benefits Plan.  On March 4, March 19, 2011, June 27, 2011, July 26, 2011, August 23, 2011, October 18, 2011, November 1, November 22, November 29, 2011, April 10, 2012, June 7, 2012 and September 29, 2013, Patient 47 had the following medical procedures performed by Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery, Valencia Ambulatory Surgery Center and IMS: Endoscopy, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 47 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 47.

(B)      Plaintiffs timely submitted claims for the services they provided to Patient 47.

•      On March 21, 2011, July 25, 2011, August 4, 2011, November 7, 2011,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

December 2, 2011, September 24, September 26, 2012 and January 21, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On June 8, 2011, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

- On May 13, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On August 1, 2011, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 47 but has refused to pay for the other services provided to Patient 47.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On March 21, 2011, May 13, 2011, July 25, 2011, August 1, August 4, 2011, November 7, November 16, 2011, December 2, 2011, September 24, September 26, 2012 and January 21, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 47.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 47 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 47.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    United has not responded to Plaintiffs' submitted appeals.

6      (I)    On September 27, 2011, February 16, 2012, August 20, August 23,

7  2012, November 4, 2012, December 11, December 18, 2012, February 14, 2013,

8  February 26, 2013, April 11, 2013, May 2, 2013, May 16, 2013, June 24, 2013, July

9  19, 2013, September 6, September 22, September 23, and September 29, 2013,

10  Plaintiffs called United to inquire about status on pending claims.  United  informed

11  Plaintiffs that more information was needed in order to process the claims.

12      (J)    To date, United continues to refuse to pay the claims for Patient 47 but

13  fails to comply with its obligations under ERISA, including under ERISA Section

14  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15  letters.

16

17  **Patient 48.** - Defendants Barnes & Noble, Inc., and Barnes & Noble, Inc.

18  Comprehensive Medical and Dental Plan.

19      (A)    Patient 48 is a beneficiary under the Barnes & Noble, Inc.

20  Comprehensive Medical and Dental Plan.  On September 6, 2010, Patient 48 had the

21  following medical procedures performed by Plaintiffs Modern Institute of Plastic

22  Surgery: Polysomnography.  For each of the procedures, United authorized Patient 48

23  to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

24  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

25  services to Patient 48.

26      (B)    Plaintiffs timely submitted claims for the services they provided to

27  Patient 48.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On December 2, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

- On December 2, 2010, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)   United has not paid for any of the services provided by Plaintiffs to Patient 48.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- CLAIM DENIED AS UNABLE TO VERIFY STATE LICENSURE OF A FACILITY OR CRITERIA TO SUPPORT THE PROVIDER BILLING TYPE PROOF OF FACILITY LICENSURE OR HOSPITAL AFFILIATION IS REQUIRED.

(E)   On December 2, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 48.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least at least June 11, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 48 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 48.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On March 11, 2011, May 17, 2011, September 9, 2011, and June 25, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

1   • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

2

3   (I)   On February 23, 2011, Plaintiffs called United to inquire about status on

4   pending claims.  United acknowledged receiving medical records / provider W-9's

5   from Plaintiffs.

6   (J)   To date, United continues to refuse to pay the claims for Patient 48 but

7   fails to comply with its obligations under ERISA, including under ERISA Section

8   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

9   letters.

10

11   **Patient 49.** - Defendants Bausch & Lomb Incorporated and Bausch & Lomb

12   Comprehensive Medical Plan.

13   (A)   Patient 49 is a beneficiary under the Bausch & Lomb Comprehensive

14   Medical Plan.  On May 5, 2009, Patient 49 had the following medical procedures

15   performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United

16   authorized Patient 49 to receive these pre-operative tests at Plaintiffs' surgery centers

17   and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to

18   provide the services to Patient 49.

19   (B)   Plaintiffs timely submitted claims for the services they provided to

20   Patient 49.

21   • On May 12, 2009, Plaintiff IMS submitted claims for its professional Endoscopy.

22

23   (C)   United has paid for some of the services provided by Plaintiffs to Patient

24   49 but has refused to pay for the other services provided to Patient 49.

25   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

26   the following grounds:

27   • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On May 12, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 49.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 49 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 49.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On September 12, 2013, Plaintiffs called United to inquire about status on pending claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 49 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 50.** - Defendants  Bayside Management Company, LLC,  and Bayside Management Company LLC Employee Benefit Plan.

(A)     Patient 50 is a beneficiary under the Bayside Management Company LLC Employee Benefit Plan.  On February 4, 2012, Patient 50 had the following medical procedures performed by Plaintiffs Ciro Surgery Center: Endoscopy.  For

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   each of the procedures, United authorized Patient 50 to receive these pre-operative

2   tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

3   authorization was necessary for Plaintiffs to provide the services to Patient 50.

4        (B)     Plaintiffs timely submitted claims for the services they provided to

5   Patient 50 for its professional Endoscopy.

6        •     On February 27, 2012 Plaintiff Ciro Surgery Center submitted a claim for its facility services in connection with these procedures.

7

8        (C)     United has not paid for any of the services provided by Plaintiffs to

9   Patient 50.

10        (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

11   the following grounds:

12        •     "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

13

14        (E)     On February 27, 2012, Plaintiffs submitted all the medical records for

15   the services provided to Patient 50.  In addition medical records were sent with

16   appeals when the denial reason was lack of and/or incomplete records.

17        (F)     Plaintiffs also appealed the denial of the claims on June 3, 2013.  In

18   connection with those appeals, Plaintiffs made multiple requests for documents that

19   the Plan was obligated to provide under ERISA, including requests for a full and

20   complete copy of the Medical Plan for Patient 50 and other instruments under which

21   the Plan is established or operated, including, but not limited to, the internal policies,

22   guidelines, formulas, procedures, methodologies, and/or schedules upon which

23   payment was calculated.  The sample letters that are attached as Exhibits A and

24   Exhibit B to this Complaint sets forth the specific document requests that were made

25   on behalf of Patient 50.

26        (G)     Despite these requests, neither United nor the Plan ever provided the

27   requested documents to Plaintiffs.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)     On June 25, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On October 23, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 50 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 51.** - Defendants BBA Aviation USA, Inc., and BBA Aviation Benefit Plan.

(A)     Patient 51 is a beneficiary under the BBA Aviation Benefit Plan.  On March 13, 2009, Patient 51 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding.  For each of the procedures, United authorized Patient 51 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 51.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 51.

- On April 1, 2009 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 51 but has refused to pay for the other services provided to Patient 51.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)   On April 1, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 51.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 51 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 51.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On May 13, 2009, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)   On May 19, 2009, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 51 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 52.** - Defendants Becton, Dickinson and Company and Becton, Dickinson

7  and Company Group Life and Health Plan.

8    (A)    Patient 52 is a beneficiary under the Becton, Dickinson and Company

9  Group Life and Health Plan.  On September 27, and September 30, 2010, Patient 52

10  had the following medical procedures performed by Plaintiffs Modern Institute Of

11  Plastic Surgery, San Diego Ambulatory Surgery Center and IMS: Endoscopy,

12  Polysomnography and Anesthesia Services.  For each of the procedures, United

13  authorized Patient 52 to receive these pre-operative tests at Plaintiffs' surgery centers

14  and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to

15  provide the services to Patient 52.

16    (B)    Plaintiffs timely submitted claims for the services they provided to

17  Patient 52.

18  •    On October 8, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography and Anesthesia Services.

19
20  •    On October 26, 2010, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

21
22  •    On September 30, 2010, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

23

24    (C)    United has paid for some of the services provided by Plaintiffs to Patient

25  52 but has refused to pay for the other services provided to Patient 52.

26    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

27  the following grounds:

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On October 8, October 26, 2010 and November 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 52.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 52 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 52.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 19, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On November 4, 2013, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 52 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

84

APPENDIX "A"

**Patient 53.** - Defendants Belmont Village, LP, and Belmont Village LP Healthcare Benefits Plan.

(A)    Patient 53 is a beneficiary under the Belmont Village LP Healthcare Benefits Plan.  On February 5, 2009 and November 19, 2009, Patient 53 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 53 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 53.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 53.

- On October 21, 2009 and November 30, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 53 but has refused to pay for the other services provided to Patient 53.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 21, 2009 and November 30, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 53.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1       (F)   Plaintiffs also appealed the denial of the claims on June 21, 2011, July 5,

2   2011, August 25, 2011 and September 26, 2011.  In connection with those appeals,

3   Plaintiffs made multiple requests for documents that the Plan was obligated to

4   provide under ERISA, including requests for a full and complete copy of the Medical

5   Plan for Patient 53 and other instruments under which the Plan is established or

6   operated, including, but not limited to, the internal policies, guidelines, formulas,

7   procedures, methodologies, and/or schedules upon which payment was calculated.

8   The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

9   sets forth the specific document requests that were made on behalf of Patient 53.

10       (G)   Despite these requests, neither United nor the Plan ever provided the

11   requested documents to Plaintiffs.

12       (H)   On July 29, 2011, September 9, September 28, 2011 and November 10,

13   2011, United responded to the Provider Plaintiffs' appeals, as follows:

14       •   Subsequently, however, United informed the Plaintiffs that their appeals

15   were denied due to a lack of patient authorization. This was even though
Plaintiffs had previously demonstrated that they held a valid assignment

16   of benefits from the patient that authorized Plaintiffs to make appeals on
behalf of the patient.

17       (I)   On May 12, 2009, April 22, 2011, August 30, 2011, February 23, 2012,

18   March 15, and March 19, 2012, Plaintiffs called United to inquire about status on

19   pending claims.  United acknowledged receiving medical records / provider W-9's

20   from Plaintiffs.  United informed Plaintiffs that more information was needed in

21   order to process the claims.

22       (J)   To date, United continues to refuse to pay the claims for Patient 53 but

23   fails to comply with its obligations under ERISA, including under ERISA Section

24   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25   letters.

26

27   **Patient 54.** - Defendants Bennett International Group, LLC, and Bennett Motor

28   Express Management Employee Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   (A)   Patient 54 is a beneficiary under the Bennett Motor Express
2   Management Employee Benefit Plan.  On November 6, and November 27, 2010,
3   Patient 54 had the following medical procedures performed by Valley Surgical
4   Center and Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy,
5   Ultrasound and Polysomnography.  For each of the procedures, United authorized
6   Patient 54 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or
7   United informed Plaintiffs that no authorization was necessary for Plaintiffs to
8   provide the services to Patient 54.

9   (B)   Plaintiffs timely submitted claims for the services they provided to
10   Patient 54.

- On December 28, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On November 29, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On December 22, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

16   (C)   United has paid for some of the services provided by Plaintiffs to Patient
17   54 but has refused to pay for the other services provided to Patient 54.

18   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on
19   the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

27   (E)   On November 29, 2010, December 22, and December 28, 2010,
28   Plaintiffs submitted all the medical records for the services provided to Patient 54.  In

1   addition medical records were sent with appeals when the denial reason was lack of

2   and/or incomplete records.

3       (F)   Plaintiffs also appealed the denial of the claims on at least at least

4   August 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests

5   for documents that the Plan was obligated to provide under ERISA, including

6   requests for a full and complete copy of the Medical Plan for Patient 54 and other

7   instruments under which the Plan is established or operated, including, but not

8   limited to, the internal policies, guidelines, formulas, procedures, methodologies,

9   and/or schedules upon which payment was calculated.  The sample letters that are

10  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

11  document requests that were made on behalf of Patient 54.

12      (G)   Despite these requests, neither United nor the Plan ever provided the

13  requested documents to Plaintiffs.

14      (H)   On November 3, 2011, December 5, and December 8, 2011, United

15  responded to the Provider Plaintiffs' appeals, as follows:

16      •   Initially, United provided acknowledgement that appeal was received
        and United would respond within 30 days.

17

18      •   Subsequently, however, United informed the Plaintiffs that their appeals
        were denied due to a lack of patient authorization. This was even though
        Plaintiffs had previously demonstrated that they held a valid assignment
19      of benefits from the patient that authorized Plaintiffs to make appeals on
        behalf of the patient.

20

21      (I)   On February 3, February 25, 2011, March 16, 2011, April 22, 2011,

22  May 3, May 23, and May 26, 2011, Plaintiffs called United to inquire about status on

23  pending claims.  United acknowledged receiving medical records / provider W-9's

24  from Plaintiffs.  United informed Plaintiffs that more information was needed in

25  order to process the claims.

26      (J)   To date, United continues to refuse to pay the claims for Patient 54 but

27  fails to comply with its obligations under ERISA, including under ERISA Section

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2    letters.

3

4    **Patient 55.** - Defendants Berry Petroleum Company and Berry Petroleum Company

5    Comprehensive Health and Welfare Benefit Plan.

6        (A)    Patient 55 is a beneficiary under the Berry Petroleum Company

7    Comprehensive Health and Welfare Benefit Plan.  On June 5, 2010, Patient 55 had

8    the following medical procedures performed by Plaintiffs Modern Institute Of Plastic

9    Surgery: Polysomnography.  For each of the procedures, United authorized Patient 55

10   to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

11   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

12   services to Patient 55.

13       (B)    Plaintiffs timely submitted claims for the services they provided to

14   Patient 55.

15       •    On August 6, 2010, Plaintiff IMS submitted claims for its professional
             Polysomnography.

16
         •    On August 6, 2010, December Plaintiff Modern Institute Of Plastic
17            Surgery submitted a claim for its facility services in connection with
              these procedures.

18

19       (C)    United has paid for some of the services provided by Plaintiffs to Patient

20   55 but has refused to pay for the other services provided to Patient 55.

21       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

22   the following grounds:

23       •    "Unable to process [the claim] at this time. Please refer to our
             correspondence indicating the additional information necessary to
24            complete the processing of your claim."

25       (E)    On August 6, 2010, Plaintiffs submitted all the medical records for the

26   services provided to Patient 55.  In addition medical records were sent with appeals

27   when the denial reason was lack of and/or incomplete records.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (F)    Plaintiffs also appealed the denial of the claims on at least June 30,

2  2011.  In connection with those appeals, Plaintiffs made multiple requests for

3  documents that the Plan was obligated to provide under ERISA, including requests

4  for a full and complete copy of the Medical Plan for Patient 55 and other instruments

5  under which the Plan is established or operated, including, but not limited to, the

6  internal policies, guidelines, formulas, procedures, methodologies, and/or schedules

7  upon which payment was calculated.  The sample letters that are attached as Exhibits

8  A and Exhibit B to this Complaint sets forth the specific document requests that were

9  made on behalf of Patient 55.

10    (G)    Despite these requests, neither United nor the Plan ever provided the

11  requested documents to Plaintiffs.

12    (H)    United has not responded to Plaintiffs' submitted appeals.

13    (I)    On February 4, 2011 and March 22, 2013, Plaintiffs called United to

14  inquire about status on pending claims.  United acknowledged receiving medical

15  records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

16  information was needed in order to process the claims.

17    (J)    To date, United continues to refuse to pay the claims for Patient 55 but

18  fails to comply with its obligations under ERISA, including under ERISA Section

19  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20  letters.

21

22  **Patient 56.** - Defendants Best Buy Co., Inc., and Best Buy Flexible Benefits Plan.

23    (A)    Patient 56 is a beneficiary under the Best Buy Flexible Benefits Plan.

24  On December 15, December 18, 2010, January 9, January 20, 2011, March 13, 2011,

25  May 5, 2011, June 8, June 22, 2011 and July 26, 2011, Patient 56 had the following

26  medical procedures performed by Valley Surgical Center and Plaintiffs Modern

27  Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography,

28  Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy, Laparoscopic Gastric

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 56 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 56.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 56.

- On January 4, 2012, January 31, 2011, July 12, 2011, August 10, 2011, August 9, 2011 and December 7, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On May 13, 2011 Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On January 5, 2012, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On February 11, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On September 29, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 56 but has refused to pay for the other services provided to Patient 56.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 11, 2011, January 31, 2011, May 13, 2011, July 12, 2011, August 9, August 10, 2011, September 29, 2011, December 7, 2011, January 4, and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

January 5, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 56.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 13, 2011, July 15, July 25, and July 26, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 56 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 56.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 26, and September 27, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On March 8, March 29, 2011, May 19, 2011, November 9, 2011, March 1, March 5, 2012 and August 21, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 56 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

92

APPENDIX "A"

1    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2    letters.

3

4    **Patient 57.** - Defendants Best Medical International, Inc., and Best Medical

5    International Benefit Plan.

6        (A)    Patient 57 is a beneficiary under the Best Medical International Benefit

7    Plan.  On June 20, 2009, Patient 57 had the following medical procedures performed

8    by Plaintiffs Almont Ambulatory Surgery Center: Endoscopy. For each of the

9    procedures, United authorized Patient 57 to receive these pre-operative tests at

10   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

11   necessary for Plaintiffs to provide the services to Patient 57.

12       (B)    Plaintiffs timely submitted claims for the services they provided to

13   Patient 57.

14   •    On January 12, 2010, Plaintiffs Almont Ambulatory Surgery Center
15   submitted a claim for its facility services in connection with these
     procedures

16       (C)    United has paid for some of the services provided by Plaintiffs to Patient

17   57 but has refused to pay for the other services provided to Patient 57.

18       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

19   the following grounds:

20   •    "Unable to process [the claim] at this time. Please refer to our
21   correspondence indicating the additional information necessary to
     complete the processing of your claim."

22       (E)    On January 12, 2010, Plaintiffs submitted all the medical records for the

23   services provided to Patient 57.  In addition medical records were sent with appeals

24   when the denial reason was lack of and/or incomplete records.

25       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

26   those appeals, Plaintiffs made multiple requests for documents that the Plan was

27   obligated to provide under ERISA, including requests for a full and complete copy of

28   the Medical Plan for Patient 57 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

93
APPENDIX "A"

1 established or operated, including, but not limited to, the internal policies, guidelines,

2 formulas, procedures, methodologies, and/or schedules upon which payment was

3 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4 Complaint sets forth the specific document requests that were made on behalf of

5 Patient 57.

6 (G)   Despite these requests, neither United nor the Plan ever provided the

7 requested documents to Plaintiffs.

8 (H)   United has not responded to Plaintiffs' submitted appeals.

9 (I)   On August 22, 2013, Plaintiffs called United to inquire about status on

10 pending claims. The payment for this claim was recoup to another patient.

11 (J)   To date, United continues to refuse to pay the claims for Patient 57 but

12 fails to comply with its obligations under ERISA, including under ERISA Section

13 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14 letters.

15

16 **Patient 58.** - Defendants Biomed Realty, LP, and Biomed Realty, LP Welfare

17 Benefits Plan.

18 (A)   Patient 58 is a beneficiary under the Biomed Realty, LP Welfare

19 Benefits Plan.  On November 8, and November 14, 2010, Patient 58 had the

20 following medical procedures performed by Plaintiffs Modern Institute Of Plastic

21 Surgery, San Diego Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound

22 and Polysomnography.  For each of the procedures, United authorized Patient 58 to

23 receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed

24 Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

25 Patient 58.

26 (B)   Plaintiffs timely submitted claims for the services they provided to

27 Patient 58.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

94
APPENDIX "A"

- On November 11, 2010 and December 28, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On November 29, 2010, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

- On January 18, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 58 but has refused to pay for the other services provided to Patient 58.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 11, November 29, 2010, December 28, 2010 and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 58.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on August 22, 2011, September 23, 2011 and September 27, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 58 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 58.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 28, 2011, November 22, 2011, December 5, December 6, and December 14, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On January 26, 2011, April 1, 2011, and May 19, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 58 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 59.** - Defendants Black Box Network Services, Inc., and Black Box Network Services Group Medical Plan.

(A)     Patient 59 is a beneficiary under the Black Box Network Services Group Medical Plan.  On October 8, 2011, Patient 59 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Endoscopy.  For each of the procedures, United authorized Patient 59 to receive these pre-operative tests at

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

2  necessary for Plaintiffs to provide the services to Patient 59.

3    (B)  Plaintiffs timely submitted claims for the services they provided to

4  Patient 59.

5    • On November 7, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.

6    • On November 7, 2011 Plaintiff Modern Institute Of Plastic Surgery

7  submitted a claim for its facility services in connection with these procedures.

8

9    (C)  United has paid for some of the services provided by Plaintiffs to Patient

10  59 but has refused to pay for the other services provided to Patient 59.

11    (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

12  the following grounds:

13    • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

14  complete the processing of your claim."

15    (E)  On November 7, 2011, Plaintiffs submitted all the medical records for

16  the services provided to Patient 59.  In addition medical records were sent with

17  appeals when the denial reason was lack of and/or incomplete records.

18    (F)  Plaintiffs also appealed the denial of the claims.  In connection with

19  those appeals, Plaintiffs made multiple requests for documents that the Plan was

20  obligated to provide under ERISA, including requests for a full and complete copy of

21  the Medical Plan for Patient 59 and other instruments under which the Plan is

22  established or operated, including, but not limited to, the internal policies, guidelines,

23  formulas, procedures, methodologies, and/or schedules upon which payment was

24  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

25  Complaint sets forth the specific document requests that were made on behalf of

26  Patient 59.

27    (G)  Despite these requests, neither United nor the Plan ever provided the

28  requested documents to Plaintiffs.

1    (H)    United has not responded to Plaintiffs' submitted appeals.

2    (I)    On December 17, 2012, Plaintiffs called United to inquire about status

3  on pending claims.  United's representatives could not tell Plaintiffs what records

4  United was missing.

5    (J)    To date, United continues to refuse to pay the claims for Patient 59 but

6  fails to comply with its obligations under ERISA, including under ERISA Section

7  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8  letters.

9

10  **Patient 60.** - Defendants BMS Enterprises, Inc., and BMS Enterprises, Inc.,

11  Employee Injury Benefit Plan.

12    (A)    Patient 60 a beneficiary under the BMS Enterprises, Inc., Employee

13  Injury Benefit Plan.  On September 21, 2009, Patient 60 had the following medical

14  procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS:

15  Endoscopy.  For each of the procedures, United authorized Patient 60 to receive these

16  pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that

17  no authorization was necessary for Plaintiffs to provide the services to Patient 60.

18    (B)    Plaintiffs timely submitted claims for the services they provided to

19  Patient 60.

20    •    On September 21, 2009, Plaintiff IMS submitted claims for its
         professional Endoscopy.

21

22    •    On September 21, 2009, Plaintiffs Beverly Hills Surgery Center
23         submitted a claim for its facility services in connection with these
         procedures.

24

25    (C)    United has not paid for any of the services provided by Plaintiffs to

26  Patient 60.

27    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

28  the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On September 24, 2009, October 13, 2009 and November 5, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 60.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 60 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 60.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On May 19, 2011, February 23, 2012 and January 4, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 60 but

2 fails to comply with its obligations under ERISA, including under ERISA Section

3 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4 letters.

5

6 **Patient 61.** - Defendants BMW of North America, LLC, and BMW of North

7 America LLC Health and Welfare Plans.

8    (A)    Patient 61 is a beneficiary under the BMW of North America LLC

9 Health and Welfare Plans.  On March 14, March 23, 2011, and April 11, 2011,

10 Patient 61 had the following medical procedures performed by Valley Surgical

11 Center and Plaintiff IMS: Endoscopy and Polysomnography.  For each of the

12 procedures, United authorized Patient 61 to receive these pre-operative tests at

13 Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

14 necessary for Plaintiffs to provide the services to Patient 61.

15    (B)    Plaintiffs timely submitted claims for the services they provided to

16 Patient 61.

17    •    On May 13, 2011 and April 11, 2011, Plaintiff IMS submitted claims for
        its professional Endoscopy and Polysomnography.

18
19    •    On April 19, 2011, Valley Surgical Center submitted a claim for its
        facility services in connection with these procedures.

20    (C)    United has paid for some of the services provided by Plaintiffs to Patient

21 61 but has refused to pay for the other services provided to Patient 61.

22    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

23 the following grounds:

24    •    "[United] asked provider to send us more information" and that it would
        "process the claim when [it] receive[d] this information." This EOB did

25       not, however, indicate what specific additional information was required
        for processing that had not previously been submitted with the claim.

26
27    •    "The medical documentation that was submitted with this claim has
        been forwarded for review. We will process this claim when the review
        has been completed."

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On April 19, 2010, April 11, 2011, and May 13, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 61.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least at least July 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 61 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 61.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On May 17, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On  May 11, May 19, 2011, and May 10, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 61 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  **Patient 62.** - Defendants BNSF Railway Company and BNSF Railway Company

2  Flexible Benefit Plan.

3      (A)    Patient 62 is a beneficiary under the BNSF Railway Company Flexible

4  Benefit Plan.  On January 15, 2011 and February 12, 2011, Patient 62 had the

5  following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric

6  Band Adjustment.  For each of the procedures, United authorized Patient 62  to

7  receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or

8  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

9  provide the services to Patient 62.

10      (B)    Plaintiffs timely submitted claims for the services they provided to

11  Patient 62.

12      •    On January 20, 2011 and February 25, 2011, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

13

14      (C)    United has paid for some of the services provided by Plaintiffs to Patient

15  62 but has refused to pay for the other services provided to Patient 62.

16      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

17  the following grounds:

18      •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

19  complete the processing of your claim."

20      •    "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

21  not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

22
23      •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

24

25      (E)    On January 20, 2011 and February 25, 2011, Plaintiffs submitted all the

26  medical records for the services provided to Patient 62.  In addition medical records

27  were sent with appeals when the denial reason was lack of and/or incomplete records.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims on at least at least July 14, 2011 and September 16, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 62 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 62.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 62  but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 63.** - Defendants Boat America Corporation and Boat U.S. Health Plan.

(A)     Patient 63 is a beneficiary under the Boat U.S. Health Plan.  On October 15, 2010 and December 13, 2010, Patient 63 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Consultation, Endoscopy. For each of the procedures, United authorized Patient 63 to receive these pre-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

2    authorization was necessary for Plaintiffs to provide the services to Patient 63.

3        (B)    Plaintiffs timely submitted claims for the services they provided to

4    Patient 63.

- On December 16, 2010 and January 14, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.

- On January 6, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

8        (C)    United has paid for some of the services provided by Plaintiffs to Patient

9    63 but has refused to pay for the other services provided to Patient 63.

10       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

11   the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

19       (E)    On December 16, 2010, January 6, and January 14, 2011, Plaintiffs

20   submitted all the medical records for the services provided to Patient 63.  In addition

21   medical records were sent with appeals when the denial reason was lack of and/or

22   incomplete records.

23       (F)    Plaintiffs also appealed the denial of the claims on at least at least July

24   29, 2011.  In connection with those appeals, Plaintiffs made multiple requests for

25   documents that the Plan was obligated to provide under ERISA, including requests

26   for a full and complete copy of the Medical Plan for Patient 63 and other instruments

27   under which the Plan is established or operated, including, but not limited to, the

28   internal policies, guidelines, formulas, procedures, methodologies, and/or schedules

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    upon which payment was calculated.  The sample letters that are attached as Exhibits

2    A and Exhibit B to this Complaint sets forth the specific document requests that were

3    made on behalf of Patient 63.

4         (G)    Despite these requests, neither United nor the Plan ever provided the

5    requested documents to Plaintiffs.

6         (H)    On September 16, 2011, United responded to the Provider Plaintiffs'

7    appeals, as follows:

8    •    Subsequently, however, United informed the Plaintiffs that their appeals
         were denied due to a lack of patient authorization. This was even though
9        Plaintiffs had previously demonstrated that they held a valid assignment
         of benefits from the patient that authorized Plaintiffs to make appeals on
10       behalf of the patient.

11        (I)    On June 3, 2011, November 6, 2012 and January 11, 2013, Plaintiffs

12   called United to inquire about status on pending claims.  United acknowledged

13   receiving medical records / provider W-9's from Plaintiffs.  United informed

14   Plaintiffs that more information was needed in order to process the claims.  United's

15   representatives could not tell Plaintiffs what records United was missing.

16        (J)    To date, United continues to refuse to pay the claims for Patient 63 but

17   fails to comply with its obligations under ERISA, including under ERISA Section

18   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19   letters.

20

21   **Patient 64.** - Defendants Boston Market Corporation and Boston Market Corporation

22   Health and Welfare Plan.

23        (A)    Patient 64 is a beneficiary under the Boston Market Corporation Health

24   and Welfare Plan.  On April 13, 2011, Patient 64 had the following medical

25   procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy and

26   Anesthesia Services.  For each of the procedures, United authorized Patient 64 to

27   receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

2  Patient 64.

3     (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 64.

- On May 25, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.

- On June 29, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

8     (C)    United has paid for some of the services provided by Plaintiffs to Patient

9  64 but has refused to pay for the other services provided to Patient 64.

10     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

11  the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

19     (E)    On May 25, 2011 and June 29, 2011, Plaintiffs submitted all the medical

20  records for the services provided to Patient 64.  In addition medical records were sent

21  with appeals when the denial reason was lack of and/or incomplete records.

22     (F)    Plaintiffs also appealed the denial of the claims on at least at least

23  August 23, 2011.  In connection with those appeals, Plaintiffs made multiple requests

24  for documents that the Plan was obligated to provide under ERISA, including

25  requests for a full and complete copy of the Medical Plan for Patient 64 and other

26  instruments under which the Plan is established or operated, including, but not

27  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

28  and/or schedules upon which payment was calculated.  The sample letters that are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2    document requests that were made on behalf of Patient 64.

3        (G)    Despite these requests, neither United nor the Plan ever provided the

4    requested documents to Plaintiffs.

5        (H)    On September 27, 2011, United responded to the Provider Plaintiffs'

6    appeals, as follows:

7        •    Subsequently, however, United informed the Plaintiffs that their appeals
            were denied due to a lack of patient authorization. This was even though
8            Plaintiffs had previously demonstrated that they held a valid assignment
            of benefits from the patient that authorized Plaintiffs to make appeals on
9            behalf of the patient.

10       (I)    On September 24, 2012, Plaintiffs called United to inquire about status

11   on pending claims.  United acknowledged receiving medical records / provider W-9's

12   from Plaintiffs.  United informed Plaintiffs that more information was needed in

13   order to process the claims.

14       (J)    To date, United continues to refuse to pay the claims for Patient 64 but

15   fails to comply with its obligations under ERISA, including under ERISA Section

16   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17   letters.

18

19   **Patient 65.** - Defendants Brady Corporation and W.H. Brady Co. Insured Benefits

20   Plan.

21       (A)    Patient 65 is a beneficiary under the W.H. Brady Co. Insured Benefits

22   Plan.  On September 22, 2009, Patient 65  had the following medical procedures

23   performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United

24   authorized Patient 65  to receive these pre-operative tests  at Plaintiffs' surgery

25   centers and/or United informed Plaintiffs that no authorization was necessary for

26   Plaintiffs to provide the services to Patient 65.

27       (B)    Plaintiffs timely submitted claims for the services they provided to

28   Patient 65.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- On October 15, 2009, Plaintiff IMS submitted claims for its professional Ultrasound.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 65  but has refused to pay for the other services provided to Patient 65.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Claim was denied stating as "Non-Network Benefits have been applied to these Lab and Diagnostic Services because you used a Non-Network Healthcare Provider".

(E)   On October 15, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 65.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 65 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 65.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On August 19, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

(I)     On January 13, 2010, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 65  but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 66.** - Defendants Brighthouse, Inc., and Advance/Newhouse Partnership Health Benefits Plan.

(A)     Patient 66 is a beneficiary under the Advance/Newhouse Partnership Health Benefits Plan.  On February 5, February 13, and February 17, 2012, Patient 66 had the following medical procedures performed by Plaintiffs Bakersfield Surgery Institute and IMS: Endoscopy, Ultrasound, Polysomnography and CPAP Titration. For each of the procedures, United authorized Patient 66 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 66.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 66.

- On February 27, 2012, March 16, 2012, July 18, July 20, 2012 and August 29, 2012 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and CPAP Titration.

- On July 20, 2012, Plaintiffs Bakersfield Surgery Institute submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 66.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 27, 2012, March 16, 2012, July 18, and July 20, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 66.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 6, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 66 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 66.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 15, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  of benefits from the patient that authorized Plaintiffs to make appeals on
2  behalf of the patient.

3       (I)     On March 2, 2013, Plaintiffs called United to inquire about status on
4  pending claims.  United acknowledged receiving medical records / provider W-9's
5  from Plaintiffs.  United informed Plaintiffs that more information was needed in
6  order to process the claims.  United's representatives could not tell Plaintiffs what
7  records United was missing.

8       (J)     To date, United continues to refuse to pay the claims for Patient 66 but
9  fails to comply with its obligations under ERISA, including under ERISA Section
10  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
11  letters.

12

13  **Patient 67. -** Defendants Brinker Services Corporation, Brinker International Inc. and
14  Brinker International, Inc. Welfare Benefit Plan.

15       (A)     Patient 67 is a beneficiary under the Brinker International, Inc. Welfare
16  Benefit Plan.  On September 14, 2009, Patient 67 had the following medical
17  procedures performed by Plaintiff IMS: Medical Consultation.  For each of the
18  procedures, United authorized Patient 67 to receive these pre-operative tests at
19  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was
20  necessary for Plaintiffs to provide the services to Patient 67.

21       (B)     Plaintiffs timely submitted claims for the services they provided to
22  Patient 67.

23       •     On October 2, 2009 Plaintiff IMS submitted claims for its professional
           medical consultation.
24

25       (C)     United has paid for some of the services provided by Plaintiffs to Patient
26  67 but has refused to pay for the other services provided to Patient 67.

27       (D)     United issued Explanations of Benefits ("EOBs") denying the claims on
28  the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    •    No EOB's.

2    (E)    On October 2, 2009, Plaintiffs submitted all the medical records for the

3    services provided to Patient 67.  In addition medical records were sent with appeals

4    when the denial reason was lack of and/or incomplete records.

5    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

6    those appeals, Plaintiffs made multiple requests for documents that the Plan was

7    obligated to provide under ERISA, including requests for a full and complete copy of

8    the Medical Plan for Patient 67 and other instruments under which the Plan is

9    established or operated, including, but not limited to, the internal policies, guidelines,

10   formulas, procedures, methodologies, and/or schedules upon which payment was

11   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

12   Complaint sets forth the specific document requests that were made on behalf of

13   Patient 67.

14   (G)    Despite these requests, neither United nor the Plan ever provided the

15   requested documents to Plaintiffs.

16   (H)    On September 27, and September 30, 2011, United responded to the

17   Provider Plaintiffs' appeals, as follows:

18   •    Initially, United provided acknowledgement that appeal was received
     and United would respond within 30 days.

19
     •    Subsequently, however, United informed the Plaintiffs that their appeals
20   were denied due to a lack of patient authorization. This was even though
     Plaintiffs had previously demonstrated that they held a valid assignment
21   of benefits from the patient that authorized Plaintiffs to make appeals on
     behalf of the patient.
22

23   (I)    On December 17, 2010 and July 26, 2011, Plaintiffs called United to

24   inquire about status on pending claims. Claim was denied as not a covered benefit.

25   (J)    To date, United continues to refuse to pay the claims for Patient 67 but

26   fails to comply with its obligations under ERISA, including under ERISA Section

27   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28   letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 68.** - Defendants Brink's Incorporated and The Brinks Company Comprehensive Health and Welfare Plan.

(A)    Patient 68 is a beneficiary under The Brinks Company Comprehensive Health and Welfare Plan.  On October 23, 2010 and November 6, 2010, Patient 68 had the following medical procedures performed by Plaintiffs San Diego Ambulatory Surgery Center and IMS: Endoscopy.  For each of the procedures, United authorized Patient 68 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 68.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 68.

- On December 1, and December 16, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

- On January 4, 2011, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 68 but has refused to pay for the other services provided to Patient 68.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On December 1, December 16, 2010 and January 4, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 68.  In addition

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    medical records were sent with appeals when the denial reason was lack of and/or

2    incomplete records.

3        (F)    Plaintiffs also appealed the denial of the claims on at least August 22,

4    and August 25, 2011.  In connection with those appeals, Plaintiffs made multiple

5    requests for documents that the Plan was obligated to provide under ERISA,

6    including requests for a full and complete copy of the Medical Plan for Patient 68 and

7    other instruments under which the Plan is established or operated, including, but not

8    limited to, the internal policies, guidelines, formulas, procedures, methodologies,

9    and/or schedules upon which payment was calculated.  The sample letters that are

10   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

11   document requests that were made on behalf of Patient 68.

12       (G)    Despite these requests, neither United nor the Plan ever provided the

13   requested documents to Plaintiffs.

14       (H)    On May 18, 2012, United responded to the Provider Plaintiffs' appeals,

15   as follows:

16   •       Subsequently, however, United informed the Plaintiffs that their appeals
             were denied due to a lack of patient authorization. This was even though
17           Plaintiffs had previously demonstrated that they held a valid assignment
             of benefits from the patient that authorized Plaintiffs to make appeals on
18           behalf of the patient.

19       (I)    On May 31, 2011, Plaintiffs called United to inquire about status on

20   pending claims. Claim was denied for billing provider information missing, rep

21   pulled hard copy stated it is on the claim and sent it back to reprocess.

22       (J)    To date, United continues to refuse to pay the claims for Patient 68 but

23   fails to comply with its obligations under ERISA, including under ERISA Section

24   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25   letters.

26

27   **Patient 69. -** Defendants Buca Restaurants 2, Inc., and Buca Inc. Health Care Benefit

28   Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(A)     Patient 69 is a beneficiary under the Buca Inc. Health Care Benefit Plan. On April 30, 2011, Patient 69 had the following medical procedures performed by Plaintiffs San Diego Ambulatory Surgery Center and IMS: Endoscopy.  For each of the procedures, United authorized Patient 69 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 69.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 69.

- On June 2, 2011 Plaintiff IMS submitted claims for its professional Endoscopy.
- On June 29, 2011 Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 69 but has refused to pay for the other services provided to Patient 69.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Codes billed are non-covered.

(E)     On June 2, 2011 and July 11, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 69.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 69 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

1   Complaint sets forth the specific document requests that were made on behalf of

2   Patient 69.

3       (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)   United has not responded to Plaintiffs' submitted appeals.

6       (I)   On May 13, and May 20, 2013, Plaintiffs called United to inquire about

7   status on pending claims.  United acknowledged receiving medical records / provider

8   W-9's from Plaintiffs.

9       (J)   To date, United continues to refuse to pay the claims for Patient 69 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 70.** - Defendants Building Materials Corporation of America and GAF

15  Materials Corporation Welfare Benefit Plan.

16      (A)   Patient 70 is a beneficiary under the GAF Materials Corporation Welfare

17  Benefit Plan.  On February 14, 2011, Patient 70 had the following medical

18  procedures performed by Plaintiffs Bakersfield Surgery Institute: Endoscopy.  For

19  each of the procedures, United authorized Patient 70 to receive these pre-operative

20  tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

21  authorization was necessary for Plaintiffs to provide the services to Patient 70.

22      (B)   Plaintiffs timely submitted claims for the services they provided to

23  Patient 70.

24      •   On March 18, 2011, Plaintiff IMS submitted claims for its professional
        Endoscopy.

25      •   On March 18, 2011, Plaintiffs Bakersfield Surgery Institute submitted a
26          claim for its facility services in connection with these procedures.

27      (C)   United has paid for some of the services provided by Plaintiffs to Patient

28  70 but has refused to pay for the other services provided to Patient 70.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

- Claim was denied requesting for W-9 Form

(E)    On March 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 70.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least July 18, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 70 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 70.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On August 18, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(I)     On March 14, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 70 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 71.** - Defendants BUPA Worldwide Corporation and BUPA Worldwide Corporation Health & Benefits Plan.

(A)     Patient 71 is a beneficiary under the BUPA Worldwide Corporation Health & Benefits Plan.  On July 5, and July 13, 2010, Patient 71 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 71 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 71.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 71.

- On July 13, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On August 7, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 71 but has refused to pay for the other services provided to Patient 71.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On July 13, 2010 and August 7, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 71.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 25, 2011, July 18, 2011, August 24, 2011 and September 13, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 71 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 71.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On December 1, 2010, May 4, 2011 and December 27, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

1    (I)    On February 23, 2011, June 20, 2011, January 11, and January 20, 2012,

2  Plaintiffs called United to inquire about status on pending claims.  United

3  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

4  informed Plaintiffs that more information was needed in order to process the claims.

5    (J)    To date, United continues to refuse to pay the claims for Patient 71 but

6  fails to comply with its obligations under ERISA, including under ERISA Section

7  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8  letters.

9

10  **Patient 72.** - Defendants BWAY Corporation and BWAY Corporation

11  Comprehensive Medical Plan.

12    (A)    Patient 72 is a beneficiary under the BWAY Corporation

13  Comprehensive Medical Plan.  On October 24, 2009, Patient 72 had the following

14  medical procedures performed by Plaintiff IMS: Consultation.  For each of the

15  procedures, United authorized Patient 72 to receive these pre-operative tests at

16  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

17  necessary for Plaintiffs to provide the services to Patient 72.

18    (B)    Plaintiffs timely submitted claims for the services they provided to

19  Patient 72.

20    •    On November 20, 2009, Plaintiff IMS submitted claims for its
        professional.

21

22    (C)    United has paid for some of the services provided by Plaintiffs to Patient

23  72 but has refused to pay for the other services provided to Patient 72.

24    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

25  the following grounds:

26    •    "Unable to process [the claim] at this time. Please refer to our
        correspondence indicating the additional information necessary to
27      complete the processing of your claim."

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(E)     On November 20, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 72.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 72 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 72.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 27, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On June 14, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 72 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 73.** - Defendants Caliber Home Loans, Inc., f/k/a Vericrest Financial, Inc. and Vericrest Financial, Inc. Welfare and Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(A)     Patient 73 is a beneficiary under the Vericrest Financial, Inc. Welfare and Benefits Plan.  On March 18, and March 19, 2011, Patient 73 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery, San Diego Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.  For each of the procedures, United authorized Patient 73 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 73.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 73.

- On April 11, 2011 and June 9, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.

- On May 13, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On July 8, 2011, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 73 but has refused to pay for the other services provided to Patient 73.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 11, 2011, May 13, 2011, June 9, 2011 and September 7, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 73.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 73 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 73.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 29, 2011, August 18, August 19, 2011, and United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On August 29, 2012, January 10, 2013 and June 27, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 73 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  **Patient 74.** - Defendants California Charter Schools Association and CCSA

2  Employee Benefit Welfare Trust c/o BRMS.

3      (A)    Patient 74 is a beneficiary under the CCSA Employee Benefit Welfare

4  Trust c/o BRMS.  On February 7, 2012, Patient 74 had the following medical

5  procedures performed by Plaintiff IMS: Consultation.  For each of the procedures,

6  United authorized Patient 74 to receive these pre-operative tests at Plaintiffs' surgery

7  centers and/or United informed Plaintiffs that no authorization was necessary for

8  Plaintiffs to provide the services to Patient 74.

9      (B)    Plaintiffs timely submitted claims for the services they provided to

10  Patient 74.

11      •    On February 21, 2013, Plaintiff IMS submitted claims for its professional.

12

13      (C)    United has not paid for any of the services provided by Plaintiffs to

14  Patient 74.

15      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

16  the following grounds:

17      •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

18  complete the processing of your claim."

19      (E)    On February 7, 2012, Plaintiffs submitted all the medical records for the

20  services provided to Patient 74.  In addition medical records were sent with appeals

21  when the denial reason was lack of and/or incomplete records.

22      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

23  those appeals, Plaintiffs made multiple requests for documents that the Plan was

24  obligated to provide under ERISA, including requests for a full and complete copy of

25  the Medical Plan for Patient 74 and other instruments under which the Plan is

26  established or operated, including, but not limited to, the internal policies, guidelines,

27  formulas, procedures, methodologies, and/or schedules upon which payment was

28  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 74.

3     (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5     (H)    United has not responded to Plaintiffs' submitted appeals.

6     (I)    On April 5, 2013, Plaintiffs called United to inquire about status on

7  pending claims.  United  informed Plaintiffs that more information was needed in

8  order to process the claims.

9     (J)    To date, United continues to refuse to pay the claims for Patient 74 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 75.** - Defendants California Healthcare Industry Program and California

15  Healthcare Industry Trust.

16     (A)    Patient 75 is a beneficiary under the California Healthcare Industry

17  Trust.  On May 1, 2010, Patient 75 had the following medical procedures performed

18  by Plaintiff IMS: Anesthesia Services. For each of the procedures, United authorized

19  Patient 75 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

20  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

21  provide the services to Patient 75.

22     (B)    Plaintiffs timely submitted claims for the services they provided to

23  Patient 75.

24       •    On May 7, 2010, Plaintiff IMS submitted claims for its professional
            Anesthesia Services.

25

26     (C)    United has under paid for some of the services provided by Plaintiffs to

27  Patient 75.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- A non-network health care provider or facility performed theses services, your claim has been paid based on your benefit plan

(E)     On May 7, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 75.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 6, 2011 and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 75 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 75.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On April 15, 2011, August 19, 2011, September 14, 2011, October 3, and October 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On November 1, 2010, Plaintiffs called United to inquire about status on pending claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 75 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 76.** - Defendants Cbeyond Communications, LLC, and Cbeyond

7  Communications Health and Welfare Plan.

8    (A)    Patient 76 is a beneficiary under the Cbeyond Communications Health

9  and Welfare Plan.  On October 24, 2009, Patient 76 had the following medical

10  procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures,

11  United authorized Patient 76 to receive these pre-operative tests at Plaintiffs' surgery

12  centers and/or United informed Plaintiffs that no authorization was necessary for

13  Plaintiffs to provide the services to Patient 76.

14    (B)    Plaintiffs timely submitted claims for the services they provided to

15  Patient 76.

16    •    On October 24, 2009, Plaintiff IMS submitted claims for its professional
       Endoscopy.

17

18    (C)    United has paid for some of the services provided by Plaintiffs to Patient

19  76 but has refused to pay for the other services provided to Patient 76.

20    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

21  the following grounds:

22    •    Claim was processed towards patient's deductible.

23    (E)    On September 24, 2011, Plaintiffs submitted all the medical records for

24  the services provided to Patient 76.  In addition medical records were sent with

25  appeals when the denial reason was lack of and/or incomplete records.

26    (F)    Plaintiffs also appealed the denial of the claims on at least September 7,

27  2011.  In connection with those appeals, Plaintiffs made multiple requests for

28  documents that the Plan was obligated to provide under ERISA, including requests

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  for a full and complete copy of the Medical Plan for Patient 76 and other instruments

2  under which the Plan is established or operated, including, but not limited to, the

3  internal policies, guidelines, formulas, procedures, methodologies, and/or schedules

4  upon which payment was calculated.  The sample letters that are attached as Exhibits

5  A and Exhibit B to this Complaint sets forth the specific document requests that were

6  made on behalf of Patient 76.

7        (G)    Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9        (H)    On October 12, 2011, United responded to the Provider Plaintiffs'

10  appeals, as follows:

11        •    Initially, United provided acknowledgement that appeal was received
          and United would respond within 30 days.

12

13        (I)    On November 8, 2010, Plaintiffs called United to inquire about status on

14  pending claims. Claim was processed towards patient's deductible.

15        (J)    To date, United continues to refuse to pay the claims for Patient 76 but

16  fails to comply with its obligations under ERISA, including under ERISA Section

17  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

18  letters.

19

20  **Patient 77.** - Defendants CBIZ MHM, LLC, and CBIZ Inc. Group Health and

21  Welfare Plan.

22        (A)    Patient 77 is a beneficiary under the CBIZ Inc. Group Health and

23  Welfare Plan.  On September 25, 2010, Patient 77 had the following medical

24  procedures performed by Plaintiff IMS: Endoscopy and Ultrasound.  For each of the

25  procedures, United authorized Patient 77 to receive these pre-operative tests at

26  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

27  necessary for Plaintiffs to provide the services to Patient 77.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 77.

- On October 20, 2010 and December 3, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 77 but has refused to pay for the other services provided to Patient 77.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On October 20, 2010 and December 3, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 77.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 77 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 77.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 18, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1
- • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

2

3
(I)     On December 3, 2013, Plaintiffs called United to inquire about status on

4
pending claims.  United's representatives could not tell Plaintiffs what records United

5
was missing.

6
(J)     To date, United continues to refuse to pay the claims for Patient 77 but

7
fails to comply with its obligations under ERISA, including under ERISA Section

8
1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

9
letters.

10

11
**Patient 78.** - Defendants CBS Corporation and CBS Health and Welfare Benefits

12
Plan.

13
(A)     Patient 78 is a beneficiary under the CBS Health and Welfare Benefits

14
Plan.  On January 11, 2011, February 8, February 22, 2011, March 8, March 29,

15
2011, April 12, 2011 and January 3, 2012, Patient 78 had the following medical

16
procedures performed by Plaintiff IMS: Follow Up/ Expanded, Laparoscopic Gastric

17
Band Adjustment.  For each of the procedures, United authorized Patient 78 to

18
receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or

19
United informed Plaintiffs that no authorization was necessary for Plaintiffs to

20
provide the services to Patient 78.

21
(B)     Plaintiffs timely submitted claims for the services they provided to

22
Patient 78.

23
- • On January 17, 2011, February 25, 2011, March 1, March 24, 2011, April 15, April 20, 2011 and June 5, 2012, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

24

25
(C)     United has paid for some of the services provided by Plaintiffs to Patient

26
78 but has refused to pay for the other services provided to Patient 78.

27
(D)     United issued Explanations of Benefits ("EOBs") denying the claims on

28
the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 17, 2011, February 25, 2011, March 1, March 24, 2011, April 20, 2011 and June 5, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 78.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 1, July 15, July 27, 2011, September 9, September 20, and September 21, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 78 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 78.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 21, June 24, 2011, August 8, August 27, 2011, September 21, 2011, November 10, November 24, 2011, December 1, and December 23, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On June 2, 2011, March 21, 2012, April 3, 2012, August 7, 2012 and August 28, 2012, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 78 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 79. -** Defendants CEC Entertainment Concepts, LP, and CEC Entertainment Welfare Benefit Plan.

(A)     Patient 79 is a beneficiary under the CEC Entertainment Welfare Benefit Plan.  On May 13, 2011, Patient 79 had the following medical procedures performed by Plaintiff IMS: New Comprehensive.  For each of the procedures, United authorized Patient 79 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 79.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 79.

- On May 20, 2011, Plaintiff IMS submitted claims for its professional.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 79.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

1156926.1

- "Claim denied as documentation does not support the level of service billed."

- "Our records show that we have already processed this charge."

(E)    On May 20, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 79.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least September 19, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 79 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 79.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On November 29, 2012, Plaintiffs called United to inquire about status on pending claims.

(J)    To date, United continues to refuse to pay the claims for Patient 79 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 80.** - Defendants Central Parking System and Central Parking System Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 80 is a beneficiary under the Central Parking System Health and Welfare Plan.  On May 19, 2010, Patient 80 had the following medical procedures performed by Plaintiff IMS: Consultation. For each of the procedures, United authorized Patient 80 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 80.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 80.

- On August 27, 2010, Plaintiff IMS submitted claims for its professional.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 80.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On August 27, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 80.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 80 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2 Complaint sets forth the specific document requests that were made on behalf of

3 Patient 80.

4 (G)     Despite these requests, neither United nor the Plan ever provided the

5 requested documents to Plaintiffs.

6 (H)     On June 28, 2011, United responded to the Provider Plaintiffs' appeals,

7 as follows:

8 • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

9

10 (I)     On December 2, 2013, Plaintiffs called United to inquire about status on

11 pending claims.  United  informed Plaintiffs that more information was needed in

12 order to process the claims.

13 (J)     To date, United continues to refuse to pay the claims for Patient 80 but

14 fails to comply with its obligations under ERISA, including under ERISA Section

15 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

16 letters.

17

18 **Patient 81.** - Defendants Centric Group, LLC, and Centric Group Hospital Plan.

19 (A)     Patient 81 is a beneficiary under the Centric Group Hospital Plan.  On

20 March 12, and March 16, 2011, Patient 81 had the following medical procedures

21 performed by Valley Surgical Center and Plaintiff IMS: Endoscopy,

22 Polysomnography and Anesthesia Services.  For each of the procedures, United

23 authorized Patient 81 to receive these pre-operative tests at Plaintiffs' surgery centers

24 and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to

25 provide the services to Patient 81.

26 (B)     Plaintiffs timely submitted claims for the services they provided to

27 Patient 81.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2

- On March 25, 2011 and May 13, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography and Anesthesia Services.

3
4

- On August 11, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

5
6

(C)   United has not paid for any of the services provided by Plaintiffs to Patient 81.

7
8

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

9
10

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

11
12

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

13
14
15

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

16
17
18
19

(E)   On March 25, 2011, May 13, 2011, and August 11, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 81.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

20
21
22
23
24
25
26
27
28

(F)   Plaintiffs also appealed the denial of the claims on June 10, 2011, July 27, 2011 and October 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 81 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 81.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On October 20, 2011, September 9, and September 27, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 81 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 82.** - Defendants CGX Energy, LLC, f/k/a/ Cogentrix Energy, LLC and Cogentrix Energy, LLC Group Insurance Plan.

(A)     Patient 82 is a beneficiary under the Cogentrix Energy, LLC Group Insurance Plan.  On September 29, 2010, Patient 82 had the following medical procedures performed by Plaintiff IMS: CPAP Titration.  For each of the procedures, United authorized Patient 82 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 82.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 82.

- On November 10, 2010 Plaintiff IMS submitted claims for its professional CPAP Titration.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 82 but has refused to pay for the other services provided to Patient 82.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On November 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 82.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims in on at least June 23, 2011 and July 2, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 82 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 82.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On July 29, 2011, August 3, 2011, September 13, September 14, 2011 and July 13, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(I)     On February 21, 2011, March 24, 2011, April 12, April 14, 2011, May 24, 2011, February 23, 2012, June 25, 2012, July 17, 2012 and August 23, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 82 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 83.** - Defendants C.H. Robinson Company, Inc., and CH Robinson Company Group Health Major Medical Plan.

(A)     Patient 83 is a beneficiary under the CH Robinson Company Group Health Major Medical Plan.  On January 26, and January 29, 2011, Patient 83 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and Valley Surgical Center: Endoscopy and Polysomnography.  For each of the procedures, United authorized Patient 83 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 83.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 83.

- On January 26, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

- On January 26, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On January 29, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 83 but has refused to pay for the other services provided to Patient 83.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On May 13, 2011 and February 11, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 83.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 28, 2011, August 24, 2011, September 27, 2011 and October 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 83 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 83.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 15, June 30, 2011, September 3, September 20, 2011, and June 7, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On June 28, 2011, October 22, 2011, March 5, March 7, 2012, and September 24, 2012, Plaintiffs called United to inquire about status on pending

1    claims.  United informed Plaintiffs that more information was needed in order to

2    process the claims.

3        (J)    To date, United continues to refuse to pay the claims for Patient 83 but

4    fails to comply with its obligations under ERISA, including under ERISA Section

5    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6    letters.

7

8    **Patient 84.** - Defendants Charlotte Russe, Inc., and Charlotte Russe Holding, Inc.

9    Welfare Benefit Plan.

10       (A)    Patient 84 is a beneficiary under the Charlotte Russe Holding, Inc.

11   Welfare Benefit Plan.  On December 20, and December 21, 2010, Patient 84 had the

12   following medical procedures performed by Plaintiff IMS: Ultrasound and

13   Polysomnography.  For each of the procedures, United authorized Patient 84 to

14   receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

15   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

16   Patient 84.

17       (B)    Plaintiffs timely submitted claims for the services they provided to

18   Patient 84.

19       •    On January 6, 2011 and December 4, 2011, Plaintiff IMS submitted
            claims for its professional Ultrasound and Polysomnography.
20

21       (C)    United has paid for some of the services provided by Plaintiffs to Patient

22   84 but has refused to pay for the other services provided to Patient 84.

23       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

24   the following grounds:

25       •    "Unable to process [the claim] at this time. Please refer to our
            correspondence indicating the additional information necessary to
26          complete the processing of your claim."

27       •    "[United] asked provider to send us more information" and that it would
            "process the claim when [it] receive[d] this information." This EOB did
28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 6, 2011 and December 4, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 84.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 84 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 84.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 3, 2011 and April 24, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.  United informed Plaintiffs that the dependent is not covered under the benefits plan..

(J)     To date, United continues to refuse to pay the claims for Patient 84 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 **Patient 85.** - Defendants Charming Shoppes, Inc., and Charming Shoppes, Inc.

2 Medical Plan.

3     (A)    Patient 85 is a beneficiary under the Charming Shoppes, Inc. Medical

4 Plan.  On September 1, 2010, Patient 85 had the following medical procedures

5 performed by Plaintiffs Valencia Ambulatory Surgery Center and IMS: Endoscopy

6 and Anesthesia Services.  For each of the procedures, United authorized Patient 85 to

7 receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

8 Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

9 Patient 85.

10     (B)    Plaintiffs timely submitted claims for the services they provided to

11 Patient 85.

12 •     On September 7, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.

13
14 •     On September 10, 2010, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

15

16     (C)    United has paid for some of the services provided by Plaintiffs to Patient

17 85 but has refused to pay for the other services provided to Patient 85.

18     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

19 the following grounds:

20 •     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

21

22 •     "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

23

24 •     "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

143

APPENDIX "A"

(E)     On September 7, and September 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 85.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 25, June 27, 2011, July 5, 2011 and August 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 85 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 85.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On January 14, 2011, July 21, July 22, 2011, August 31, 2011, September 7, September 26, 2011, December 29, and December 30, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

  Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On November 22, 2010, March 29, 2011 and June 2, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 85 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 86.** - Defendants Chevron Corporation and Chevron Corporation Omnibus Health Care Plan.

(A)     Patient 86 is a beneficiary under the Chevron Corporation Omnibus Health Care Plan.  On March 14, 2009, October 31, 2009, January 2, 2010, April 17, 2010, July 3, 2010, January 12, January 26, 2011, February 23, 2011, April 6, 2011, August 17, 2011, September 21, 2011, October 5, 2011, November 7, 2011, July 18, 2013 and August 15, 2013, Patient 86 had the following medical procedures performed by Plaintiffs Bakersfield Surgery Institute and IMS: Fluoroscopy and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 86 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 86.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 86.

On November 22, 2011, November 15, 2011, June 2, 2011, March 4, 2011, February 2, 2011, February 25, 2011, April 22, 2011, November 7, 2011, November 25, 2011, December 7, 2011, January 12, 2012, July 25, 2013, August 8, 2013 and January Plaintiff IMS submitted claims for its professional Fluoroscopy and Laparoscopic Gastric Band Adjustment.

- On August 29, 2013 Plaintiffs Bakersfield Surgery Institute submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 86.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On February 2, February 25, 2011, March 4, 2011, April 22, 2011, June 2, 2011, November 15, November 22, 2011, and January 12, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 86.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on, September 28, 2009, November 5, 2009, June 20, 2011, September 13, September 14, 2011, and April 10, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 86 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 86.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On July 1, 2009 and June 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that procedure was denied due to lack of clinical/ medical necessity..

(J)    To date, United continues to refuse to pay the claims for Patient 86 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 87.** - Defendants Child Development Incorporated and CDI Group Welfare Plan.

(A)     Patient 87 is a beneficiary under the CDI Group Welfare Plan.  On April 13, 2011 and May 5, 2011, Patient 87 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy, Laparoscopic Cholecystectomy and Anesthesia Services.  For each of the procedures, United authorized Patient 87 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 87.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 87.

- On July 15, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Cholecystectomy and Anesthesia Services.

- On May 25, 2011,, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On August 1, 2011 Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 87 but has refused to pay for the other services provided to Patient 87.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On May 25, 2011, July 15, 2011 and August 1, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 87.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least July 4, 2011 and September 15, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 87 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 87.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On August 5, 2011, September 18, 2011, and November 21, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On September 15, 2011, July 10, 2012,  and August 15, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  (J)     To date, United continues to refuse to pay the claims for Patient 87 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 88. -** Defendants CitiGroup Management Corp., and CitiGroup Health

7  Benefit Plan.

8  (A)     Patient 88 is a beneficiary under CitiGroup Health Benefit Plan.  On

9  July 3, 2008, Patient 88 had the following medical procedures performed by Plaintiff

10  IMS: Laparoscopic Gastric Band Adjustment. For this procedure, United authorized

11  Patient 88 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

12  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

13  provide the services to Patient 88.

14  (B)     Plaintiffs timely submitted claims for the services they provided to

15  Patient 88.

16  • On July 3, 2008, Plaintiff IMS submitted claims for its professional
       Laparoscopic Gastric Band Adjustment.

17

18  (C)     United has paid for some of the services provided by Plaintiffs to Patient

19  88 but has refused to pay for the other services provided to Patient 88.

20  (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

21  the following grounds:

22  • "Unable to process [the claim] at this time. Please refer to our
       correspondence indicating the additional information necessary to
23      complete the processing of your claim."

24  • "[United] asked provider to send us more information" and that it would
       "process the claim when [it] receive[d] this information." This EOB did
25      not, however, indicate what specific additional information was required
       for processing that had not previously been submitted with the claim.

26

27  • "The medical documentation that was submitted with this claim has
       been forwarded for review. We will process this claim when the review
       has been completed."

28

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (E)    On June 19, 2008, December 1, 2008, and April 23, 2009, Plaintiffs

2  submitted all the medical records for the services provided to Patient 88.  In addition

3  medical records were sent with appeals when the denial reason was lack of and/or

4  incomplete records.

5    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

6  those appeals, Plaintiffs made multiple requests for documents that the Plan was

7  obligated to provide under ERISA, including requests for a full and complete copy of

8  the Medical Plan for Patient 88 and other instruments under which the Plan is

9  established or operated, including, but not limited to, the internal policies, guidelines,

10  formulas, procedures, methodologies, and/or schedules upon which payment was

11  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

12  Complaint sets forth the specific document requests that were made on behalf of

13  Patient 88.

14    (G)    Despite these requests, neither United nor the Plan ever provided the

15  requested documents to Plaintiffs.

16    (H)    United has not responded to Plaintiffs' submitted appeals.

17    (I)    On February 24, 2009 and October 8, 2012, Plaintiffs called United to

18  inquire about status on pending claims.  United acknowledged receiving medical

19  records/provider W-9's from Plaintiffs.  United informed Plaintiffs that more

20  information was needed in order to process the claims.  United's representatives

21  could not tell Plaintiffs what records United was missing.

22    (J)    To date, United continues to refuse to pay the claims for Patient 88 but

23  fails to comply with its obligations under ERISA, including under ERISA Section

24  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25  letters.

26

27  **Patient 89.** - Defendants Classic Party Rentals, Inc., and Classic Party Rentals Health

28  & Welfare Plan.

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 89 is a beneficiary under the Classic Party Rentals Health & Welfare Plan.  On January 9, 2009, March 6, 2009, and April 3, 2009, Patient 89 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 89 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 89.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 89.

•     On April 6, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 89 but has refused to pay for the other services provided to Patient 89.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

•     "Your Claim was not submitted within the time frame."

(E)     On April 6, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 89.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 89 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 89.

1   (G)   Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3   (H)   United has not responded to Plaintiffs' submitted appeals.

4   (I)   On January 2, 2013, Plaintiffs called United to inquire about status on

5   pending claims.  United  informed Plaintiffs that more information was needed in

6   order to process the claims.

7   (J)   To date, United continues to refuse to pay the claims for Patient 89 but

8   fails to comply with its obligations under ERISA, including under ERISA Section

9   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10   letters.

11

12   **Patient 90.** - Defendants CNA Financial Corporation and CNA Financial

13   Corporation Health and Group Benefits Program.

14   (A)   Patient 90 is a beneficiary under the CNA Financial Corporation Health

15   and Group Benefits Program.  On February 25, 2012, Patient 90 had the following

16   medical procedures performed by Plaintiff IMS: Consultation. For each of the

17   procedures, United authorized Patient 90 to receive these pre-operative tests at

18   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

19   necessary for Plaintiffs to provide the services to Patient 90.

20   (B)   Plaintiffs timely submitted claims for the services they provided to

21   Patient 90.

22   •   On February 24, 2013 Plaintiff IMS submitted claims for its professional
     Consultation.

23

24   (C)   United has paid for some of the services provided by Plaintiffs to Patient

25   90 but has refused to pay for the other services provided to Patient 90.

26   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

27   the following grounds:

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

152

APPENDIX "A"

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)    On February 24, 2012 and March 29, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 90.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 7, 2013 and August 29, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 90 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 90.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On September 6, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)    On September 19, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 90 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

**Patient 91.** - Defendants Cognizant Technology Solutions U.S. Corporation and Cognizant Health & Welfare Benefit Plan.

(A)    Patient 91 is a beneficiary under the Cognizant Health & Welfare Benefit Plan.  On December 1, 2010, Patient 91 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 91 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 91.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 91.

- On January 28, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 91 but has refused to pay for the other services provided to Patient 91.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On January 28, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 91.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least June 23, 2011 and September 2, 2011.  In connection with those appeals, Plaintiffs made multiple

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  requests for documents that the Plan was obligated to provide under ERISA,

2  including requests for a full and complete copy of the Medical Plan for Patient 91 and

3  other instruments under which the Plan is established or operated, including, but not

4  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

5  and/or schedules upon which payment was calculated.  The sample letters that are

6  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

7  document requests that were made on behalf of Patient 91.

8       (G)     Despite these requests, neither United nor the Plan ever provided the

9  requested documents to Plaintiffs.

10      (H)     On September 14, 2011, October 18, 2011 and November 11, 2011,

11  United responded to the Provider Plaintiffs' appeals, as follows:

12      •   Initially, United provided acknowledgement that appeal was received
          and United would respond within 30 days.

13

14      •   Subsequently, however, United informed the Plaintiffs that their appeals
          were denied due to a lack of patient authorization. This was even though

15        Plaintiffs had previously demonstrated that they held a valid assignment
          of benefits from the patient that authorized Plaintiffs to make appeals on

16        behalf of the patient.

17      (I)     On May 31, 2011, Plaintiffs called United to inquire about status on

18  pending claims.  United acknowledged receiving medical records / provider W-9's

19  from Plaintiffs.

20      (J)     To date, United continues to refuse to pay the claims for Patient 91 but

21  fails to comply with its obligations under ERISA, including under ERISA Section

22  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

23  letters.

24

25  **Patient 92.** - Defendants Colonial BancGroup, Inc., and Colonial BancGroup

26  Cafeteria Plan.

27      (A)     Patient 92 is a beneficiary under the Colonial BancGroup Cafeteria Plan.

28  On November 23, 2009, Patient 92 had the following medical procedures performed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 92 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 92.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 92 submitted claims for its professional Endoscopy.

- On February 2, 2010 Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 92 but has refused to pay for the other services provided to Patient 92.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On February 2, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 92.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 92 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 92.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(H)     On November 10, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On November 18, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 92 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 93.** - Defendants Comfort Systems USA, Inc., and Comfort Systems USA Health & Welfare Plan.

(A)     Patient 93 is a beneficiary under the Comfort Systems USA Health & Welfare Plan.  On August 21, 2010 and August 29, 2010, Patient 93 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery, San Diego Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 93 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 93.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 93.

- On August 30, 2010 and August 31, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On September 9, 2010, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

- On September 30, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 93 but has refused to pay for the other services provided to Patient 93.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 30, August 31, 2010, September 9, and September 30, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 93.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 14, 2011, June 21, 2011, July 27, 2011, August 22, August 26, 2011 and September 10, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 93 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 93.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 30, 2011, July 16, 2011, August 15, August 17, August 19, August 22, August 23, 2011, September 9, September 10, 2011, and December 13, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On April 1, 2011, April 25, 2011, May 23, 2011 and January 24, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 93 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 94.** - Defendants Commscope, Inc. of North Carolina and Commscope Welfare Benefit Plan.

(A)     Patient 94 is a beneficiary under the Commscope Welfare Benefit Plan. On May 21, 2010, Patient 94 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 94 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 94.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    (B)    Plaintiffs timely submitted claims for the services they provided to

2  Patient 94 submitted claims for its professional Endoscopy.

3    •    On May 13, 2011 Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

4

5    (C)    United has paid for some of the services provided by Plaintiffs to Patient

6  94 but has refused to pay for the other services provided to Patient 94.

7    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

8  the following grounds:

9    •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

10       complete the processing of your claim."

11    •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review

12       has been completed."

13    (E)    On May 13, 2011, Plaintiffs submitted all the medical records for the

14  services provided to Patient 94.  In addition medical records were sent with appeals

15  when the denial reason was lack of and/or incomplete records.

16    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

17  those appeals, Plaintiffs made multiple requests for documents that the Plan was

18  obligated to provide under ERISA, including requests for a full and complete copy of

19  the Medical Plan for Patient 94 and other instruments under which the Plan is

20  established or operated, including, but not limited to, the internal policies, guidelines,

21  formulas, procedures, methodologies, and/or schedules upon which payment was

22  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

23  Complaint sets forth the specific document requests that were made on behalf of

24  Patient 94.

25    (G)    Despite these requests, neither United nor the Plan ever provided the

26  requested documents to Plaintiffs.

27    (H)    On June 28, 2011 and July 21, 2011, United responded to the Provider

28  Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

APPENDIX "A"

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On June 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 94 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 95.**- Defendants Community Development Institute Head Start and Community Development Institute Group Medical, Dental & Life Insurance for Employees.

(A)     Patient 95 is a beneficiary under the Community Development Institute Group Medical, Dental & Life Insurance for Employees.  On February 15, 2010, Patient 95 had the following medical procedures performed by Plaintiff IMS: Anesthesia Services.  For each of the procedures, United authorized Patient 95 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 95.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 95.

- On February 19, 2010 Plaintiff IMS submitted claims for its professional Anesthesia Services.

(C)     United has under paid for some the service provided by Plaintiffs to Patient 95.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- A non-network provider or facility provided these services. Your claim has been paid based on your benefit plan

(E)     On February 19, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 95.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 25, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 95 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 95.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     Plaintiffs called United to inquire about status on pending claims. Claim was under paid.

(J)     To date, United continues to refuse to pay the claims for Patient 95 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 96.** - Defendants Conesys, Inc., and Conesys Employee Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 96 is a beneficiary under the Conesys Employee Benefit Plan. On May 13, 2010, Patient 96 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography. For each of the procedures, United authorized Patient 96 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 96.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 96.

- On August 6, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

- On August 6, 2010 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 96 but has refused to pay for the other services provided to Patient 96.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On August 6, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 96.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 96 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   Complaint sets forth the specific document requests that were made on behalf of

2   Patient 96.

3       (G)    Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)    United has not responded to Plaintiffs' submitted appeals.

6       (I)    On December 3, 2013, Plaintiffs called United to inquire about status on

7   pending claims.  United  informed Plaintiffs that more information was needed in

8   order to process the claims.

9       (J)    To date, United continues to refuse to pay the claims for Patient 96 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 97. -** Defendants Conmed Corporation and Conmed Corporation Healthcare

15  Plan.

16      (A)    Patient 97 is a beneficiary under the Conmed Corporation Healthcare

17  Plan.  On August 24, 2010, Patient 97 had the following medical procedures

18  performed by Plaintiffs IMS Polysomnography.  For each of the procedures, United

19  authorized Patient 97 to receive these pre-operative tests at Plaintiffs' surgery centers

20  and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to

21  provide the services to Patient 97.

22      (B)    Plaintiffs timely submitted claims for the services they provided to

23  Patient 97.

24      •      submitted claims for its professional Polysomnography.

25      •      On August 24, 2010 and December 15, 2010, Plaintiff IMS submitted a
           claim for its facility services in connection with these procedures.

26

27      (C)    United has paid for some of the services provided by Plaintiffs to Patient

28  97 but has refused to pay for the other services provided to Patient 97.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On September 20, 2010, and December 27, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 97.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 20, and July 26, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 97 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 97.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 18, August 23, 2011, and September 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

APPENDIX "A"

1    (I)    On December 15, 2010, and May 3, 2011, Plaintiffs called United to
2    inquire about status on pending claims.  United  informed Plaintiffs that more
3    information was needed in order to process the claims.  United's representatives
4    could not tell Plaintiffs what records United was missing.

5    (J)    To date, United continues to refuse to pay the claims for Patient 97 but
6    fails to comply with its obligations under ERISA, including under ERISA Section
7    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
8    letters.

9

10   **Patient 98.** - Defendant Construction Teamsters Security Fund for Southern
11   California.

12   (A)    Patient 98 is a beneficiary under the Construction Teamsters Security
13   Fund for Southern California.  On February 4, and February 5, 2011, Patient 98 had
14   the following medical procedures performed by Plaintiffs San Diego Ambulatory
15   Surgery Center and IMS: Endoscopy, Polysomnography and Anesthesia Services.
16   For each of the procedures, United authorized Patient 98 to receive these pre-
17   operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no
18   authorization was necessary for Plaintiffs to provide the services to Patient 98.

19   (B)    Plaintiffs timely submitted claims for the services they provided to
20   Patient 98.

21   •    On February 11, February 23, 2011 and May 26, 2011, Plaintiff IMS
         submitted claims for its professional Endoscopy, Polysomnography and
22       Anesthesia Services.

23   •    On February 20, 2011, Plaintiff San Diego Ambulatory Surgery Center
         submitted a claim for its facility services in connection with these
24       procedures.

25   (C)    United has paid for some of the services provided by Plaintiffs to Patient
26   98 but has refused to pay for the other services provided to Patient 98.

27   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on
28   the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 11, February 20, February 23, 2011 and May 26, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 98.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 11, 2011 and October 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 98 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 98.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 6, 2011, March 14, 2012 and September 5, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 98 but

2    fails to comply with its obligations under ERISA, including under ERISA Section

3    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4    letters.

5

6    **Patient 99.** - Defendants Cort Business Services Corporation and Cort Business

7    Services Corporation Group Insurance Plan.

8    (A)    Patient 99 is a beneficiary under the Cort Business Services Corporation

9    Group Insurance Plan.  On August 21, 2009, Patient 99 had the following medical

10   procedures performed by Plaintiff IMS: Endoscopy and Anesthesia Services.  For

11   each of the procedures, United authorized Patient 99 to receive these pre-operative

12   tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

13   authorization was necessary for Plaintiffs to provide the services to Patient 99.

14   (B)    Plaintiffs timely submitted claims for the services they provided to

15   Patient 99.

16   •    On September 18, 2009 Plaintiff IMS submitted claims for its
         professional Endoscopy and Anesthesia Services.

17

18   (C)    United has paid for some of the services provided by Plaintiffs to Patient

19   99 but has refused to pay for the other services provided to Patient 99.

20   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

21   the following grounds:

22   •    "Claim denied as in excess of allowed expense."

23   •    "Claim denied as untimely filing."

24   •    "Claim denied as medical records are required to process this claim."

25   •    "[United] asked provider to send us more information" and that it would
         "process the claim when [it] receive[d] this information."  This EOB did
26        not, however, indicate what specific additional information was required
         for processing that had not previously been submitted with the claim.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1      (E)    On September 18, 2009, Plaintiffs submitted all the medical records for

2  the services provided to Patient 99.  In addition medical records were sent with

3  appeals when the denial reason was lack of and/or incomplete records.

4      (F)    Plaintiffs also appealed the denial of the claims on at least July 8, 2011

5  and September 17, 2011.  In connection with those appeals, Plaintiffs made multiple

6  requests for documents that the Plan was obligated to provide under ERISA,

7  including requests for a full and complete copy of the Medical Plan for Patient 99 and

8  other instruments under which the Plan is established or operated, including, but not

9  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

10  and/or schedules upon which payment was calculated.  The sample letters that are

11  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

12  document requests that were made on behalf of Patient 99.

13      (G)    Despite these requests, neither United nor the Plan ever provided the

14  requested documents to Plaintiffs.

15      (H)    On August 19, and August 22, 2011, United responded to the Provider

16  Plaintiffs' appeals, as follows:

17      •    Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

18

19      •    Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

20  Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

21

22      (I)    On February 15, 2011, Plaintiffs called United to inquire about status on

23  pending claims.  United acknowledged receiving medical records / provider W-9's

24  from Plaintiffs.  United informed Plaintiffs that more information was needed in

25  order to process the claims.

26      (J)    To date, United continues to refuse to pay the claims for Patient 99 but

27  fails to comply with its obligations under ERISA, including under ERISA Section

28

1    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2    letters.

3

4    **Patient 100.** - Defendants Covidien, LP, and Covidien Health & Welfare Benefits

5    Plan.

6         (A)    Patient 100 is a beneficiary under the Covidien Health & Welfare

7    Benefits Plan.  On September 13, 2010, Patient 100 had the following medical

8    procedures performed by Plaintiff IMS: Endoscopy and Ultrasound.  For each of the

9    procedures, United authorized Patient 100 to receive these pre-operative tests at

10   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

11   necessary for Plaintiffs to provide the services to Patient 100.

12        (B)    Plaintiffs timely submitted claims for the services they provided to

13   Patient 100.

14        •    On September 24, 2010 and October 6, 2010, Plaintiff IMS submitted
             claims for its professional Endoscopy and Ultrasound.

15

16        (C)    United has paid for some of the services provided by Plaintiffs to Patient

17   100 but has refused to pay for the other services provided to Patient 100.

18        (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

19   the following grounds:

20        •    "Unable to process [the claim] at this time.  Please refer to our
             correspondence indicating the additional information necessary to
21           complete the processing of your claim."

22        •    "The medical documentation that was submitted with this claim has
             been forwarded for review. We will process this claim when the review
23           has been completed."

24        (E)    On September 24, 2010 and October 6, 2010, Plaintiffs submitted all the

25   medical records for the services provided to Patient 100.  In addition medical records

26   were sent with appeals when the denial reason was lack of and/or incomplete records.

27        (F)    Plaintiffs also appealed the denial of the claims.  In connection with

28   those appeals, Plaintiffs made multiple requests for documents that the Plan was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 100 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 100.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On July 5, 2011 and September 9, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)   On June 7, 2011 and September 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)   To date, United continues to refuse to pay the claims for Patient 100 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 101.** - Defendants Credit Agricole Cheuvreux North America, Inc., and Credit Agricole Insurance Plan.

(A)   Patient 101 is a beneficiary under the Credit Agricole Insurance Plan. On February 22, and February 23, 2012, Patient 101 had the following medical procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

IMS: Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.  For each of the procedures, United authorized Patient 101 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 101.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 101.

- On March 8, March 16, 2012, June 25, 2012 and July 18, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.

- On March 8, 2012, Plaintiff Orange Grove Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 101 but has refused to pay for the other services provided to Patient 101.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On March 8, March 16, 2012 and July 18, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 101.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

the Medical Plan for Patient 101 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 101.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On August 29, 2012 and September 19, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On June 25, 2012, July 19, 2012, August 28, August 31, 2012, August 7, and August 29, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 101 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 102.** - Defendants Credit Suisse Securities (USA), LLC, and Credit Suisse Securities (USA) LLC Group Health Care Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 102 is a beneficiary under Credit Suisse Securities (USA) LLC Group Health Care Plan.  On May 15, 2010, Patient 102 had the following medical procedures performed by Plaintiff IMS: Consultation. For each of the procedures, United authorized Patient 102 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 102.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 102.

- On September 9, 2010 Plaintiff IMS submitted claims for its professional consultation.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 102.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim denied as request information was not received."

(E)     On September 9, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 102.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 102 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 102.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 3, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 102 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 103.** - Defendants Crowley Maritime Corporation and Crowley Maritime Corporation Welfare Health Life & Accidental Death & Dismemberment Plans.

(A)     Patient 103 is a beneficiary under the Crowley Maritime Corporation Welfare Health Life & Accidental Death & Dismemberment Plans.  On April 16, 2012, Patient 103 had the following medical procedures performed by Plaintiffs New Life Surgery Center: Fluoroscopy.  For each of the procedures, United authorized Patient 103 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 103.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 103.

- One June 7, 2012, Plaintiff IMS submitted claims for its professional Fluoroscopy.

- On June 7, 2012, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 103.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

2 the following grounds:

3    • "Unable to process [the claim] at this time. Please refer to our
         correspondence indicating the additional information necessary to
4        complete the processing of your claim".

5    (E)    On June 7, 2012, Plaintiffs submitted all the medical records for the

6 services provided to Patient 103.  In addition medical records were sent with appeals

7 when the denial reason was lack of and/or incomplete records.

8    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

9 those appeals, Plaintiffs made nine requests for documents that the Plan was

10 obligated to provide under ERISA, including requests for a full and complete copy of

11 the Medical Plan for Patient 103 and other instruments under which the Plan is

12 established or operated, including, but not limited to, the internal policies, guidelines,

13 formulas, procedures, methodologies, and/or schedules upon which payment was

14 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

15 Complaint sets forth the specific document requests that were made on behalf of

16 Patient 103.

17    (G)    Despite these requests, neither United nor the Plan ever provided the

18 requested documents to Plaintiffs.

19    (H)    United has not responded to Plaintiffs' submitted appeals.

20    (I)    On August 8, 2012, Plaintiffs called United to inquire about status on

21 pending claims.  United informed Plaintiffs that more information was needed in

22 order to process the claims.

23    (J)    To date, United continues to refuse to pay the claims for Patient 103 but

24 fails to comply with its obligations under ERISA, including under ERISA Section

25 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

26 letters.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1    **Patient 104.** - Defendants Cytec Industries, Inc., and Cytec Industries Inc. Health and

2    Welfare Plan.

3        (A)    Patient 104 is a beneficiary under the Cytec Industries Inc. Health and

4    Welfare Plan.  On August 14, 2010, July 13, and July 25, 2011, Patient 104 had the

5    following medical procedures performed by Plaintiff IMS: Endoscopy, Ultrasound

6    and Echocardiography.  For each of the procedures, United authorized Patient 104 to

7    receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

8    Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

9    Patient 104.

10       (B)    Plaintiffs timely submitted claims for the services they provided to

11   Patient 104.

12       •    On August 31, 2010, July 25, 2011  and August 2, 2011, Plaintiff IMS
            submitted claims for its professional Endoscopy, Ultrasound and
13          Echocardiography.

14       (C)    United has paid for some of the services provided by Plaintiffs to Patient

15   104 but has refused to pay for the other services provided to Patient 104.

16       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

17   the following grounds:

18       •    "Unable to process [the claim] at this time. Please refer to our
            correspondence indicating the additional information necessary to
19          complete the processing of your claim."

20       •    "[United] asked provider to send us more information" and that it would
            "process the claim when [it] receive[d] this information." This EOB did
21          not, however, indicate what specific additional information was required
            for processing that had not previously been submitted with the claim.
22
         •    "The medical documentation that was submitted with this claim has
23          been forwarded for review. We will process this claim when the review
            has been completed."
24

25       (E)    On August 31, 2010, August 2, 2011 and December 8, 2011, Plaintiffs

26   submitted all the medical records for the services provided to Patient 104.  In addition

27   medical records were sent with appeals when the denial reason was lack of and/or

28   incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

2  those appeals, Plaintiffs made multiple requests for documents that the Plan was

3  obligated to provide under ERISA, including requests for a full and complete copy of

4  the Medical Plan for Patient 104 and other instruments under which the Plan is

5  established or operated, including, but not limited to, the internal policies, guidelines,

6  formulas, procedures, methodologies, and/or schedules upon which payment was

7  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

8  Complaint sets forth the specific document requests that were made on behalf of

9  Patient 104.

10    (G)    Despite these requests, neither United nor the Plan ever provided the

11  requested documents to Plaintiffs.

12    (H)    United has not responded to Plaintiffs' submitted appeals.

13    (I)    On September 20, September 24, 2012, October 10, 2012 and October

14  28, 2013, Plaintiffs called United to inquire about status on pending claims.  United

15  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

16  informed Plaintiffs that more information was needed in order to process the claims.

17  United's representatives could not tell Plaintiffs what records United was missing.

18    (J)    To date, United continues to refuse to pay the claims for Patient 104 but

19  fails to comply with its obligations under ERISA, including under ERISA Section

20  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21  letters.

22

23  **Patient 105. -** Defendants Darden Restaurants, Inc., and Darden Group Life and

24  Health Benefit Plan for Salaried Employees.

25    (A)    Patient 105 is a beneficiary under the Darden Group Life and Health

26  Benefit Plan for Salaried Employees.  On November 21, 2010, and January 27, 2011,

27  Patient 105 had the following medical procedures performed by Plaintiffs Modern

28  Institute of Plastic Surgery: Polysomnography and Laparoscopic Gastric Banding.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  For each of the procedures, United authorized Patient 105 to receive these pre-

2  operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed

3  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

4  Patient 105.

5      (B)    Plaintiffs timely submitted claims for the services they provided to

6  Patient 105 submitted claims for its professional Polysomnography and Laparoscopic

7  Gastric Banding.

8  • On January 3, 2011, and March 15, 2011, Plaintiffs Modern Institute of
   Plastic Surgery submitted a claim for its facility services in connection
9  with these procedures.

10  (C)    United has paid for some of the services provided by Plaintiffs to Patient

11  105 but has refused to pay for the other services provided to Patient 105.

12  (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

13  the following grounds:

14  • "Unable to process [the claim] at this time. Please refer to our
   correspondence indicating the additional information necessary to
15  complete the processing of your claim."

16  (E)    On January 3, 2011, and March 15, 2011, Plaintiffs submitted all the

17  medical records for the services provided to Patient 105.  In addition medical records

18  were sent with appeals when the denial reason was lack of and/or incomplete records.

19  (F)    Plaintiffs also appealed the denial of the claims.  In connection with

20  those appeals, Plaintiffs made multiple requests for documents that the Plan was

21  obligated to provide under ERISA, including requests for a full and complete copy of

22  the Medical Plan for Patient 105 and other instruments under which the Plan is

23  established or operated, including, but not limited to, the internal policies, guidelines,

24  formulas, procedures, methodologies, and/or schedules upon which payment was

25  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

26  Complaint sets forth the specific document requests that were made on behalf of

27  Patient 105.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On March 9, 2011, August 2, 2011, November 9, 2011, March 19, 2012, and March 22, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 105 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 106.** - Defendants Deere & Company and John Deere Flexible Benefits Plan.

(A)    Patient 106 is a beneficiary under the John Deere Flexible Benefits Plan. On June 6, 2009, Patient 106 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 106 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 106.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 106.

- On June 10, 2009 Plaintiff IMS submitted claims for its professional Endoscopy.

(C)    United has under paid for the mentioned service provided by Plaintiffs to Patient 106.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1

2

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

3

4

5

(E)    On June 10, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 106.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

6

7

8

9

10

11

12

13

14

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 106 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 106.

15

16

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

17

(H)    United has not responded to Plaintiffs' submitted appeals.

18

19

20

(I)    On June 10, 2009, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

21

22

23

24

(J)    To date, United continues to refuse to pay the claims for Patient 106 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

25

26

27

**Patient 107.** - Defendants DellaCamera Capital Management, LLC, and DellaCamera Capital Management, LLC Health and Welfare Plan.

28

(A)     Patient 107 is a beneficiary under the DellaCamera Capital Management, LLC Health and Welfare Plan.  On March 28, 2012, Patient 107 had the following medical procedures performed by Plaintiff IMS: CPAP Titration.  For each of the procedures, United authorized Patient 107 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 107.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 107.

- On July 18, 2012 Plaintiff IMS submitted claims for its professional CPAP Titration.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 107.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On July 18, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 107.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on January 28, 2013 and June 13, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 107 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 107.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On January 31, 2013, April 17, 2013 and January 28, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- We want to make a decision about our customers' requests based on complete information. If you a representative or a physician has information that might help us in our review, please send the information as soon as possible.

(I)     On December 17, 2012, March 8, 2013, June 4, 2013, July 3, 2013 and August 1, 2013, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 107 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 108. -** Defendants Deloitte, LLP, and Deloitte & Touche Welfare Benefit Plan.

(A)     Patient 108 is a beneficiary under Deloitte & Touche Welfare Benefit Plan.  On August 26, 2009, Patient 108 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 108 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 108.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 108**.**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2

- On August 31, 2009 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

3
4

(C)    United has paid for some of the services provided by Plaintiffs to Patient 108 but has refused to pay for the other services provided to Patient 108.

5
6

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

7

- "Service is considered to be part of another service already performed."

8
9
10

(E)    On August 31, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 108.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

11
12
13
14
15
16
17
18
19

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 108 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 108.

20
21

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

22

(H)    United has not responded to Plaintiffs' submitted appeals.

23
24
25

(I)    On April 22, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

26
27

(J)    To date, United continues to refuse to pay the claims for Patient 108 but fails to comply with its obligations under ERISA, including under ERISA Section

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2    letters.

3

4    **Patient 109.** - Defendants Delta Air Lines, Inc., and the Delta Family-Care Medical

5    Plan.

6        (A)    Patient 109 is a beneficiary under the Delta Family-Care Medical Plan.

7    On January 28, 2012, March 21, 2012 and April 18, 2012, Patient 109 had the

8    following medical procedures performed by Plaintiffs San Diego Ambulatory

9    Surgery Center and IMS: Endoscopy, Ultrasound, Polysomnography, CPAP Titration

10   and Anesthesia Services.  For each of the procedures, United authorized Patient 109

11   to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

12   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

13   services to Patient 109.

14       (B)    Plaintiffs timely submitted claims for the services they provided to

15   Patient 109.

16   •    On March 16, 2012, July 20, 2012, August 29, and August 31, 2012,
          Plaintiff IMS submitted claims for its professional Endoscopy,
17        Ultrasound, Polysomnography, CPAP Titration and Anesthesia Services.

18   •    On August 29, 2012, Plaintiff San Diego Ambulatory Surgery Center
          submitted a claim for its facility services in connection with these
19        procedures.

20       (C)    United has not paid for any of the services provided by Plaintiffs to

21   Patient 109.

22       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

23   the following grounds:

24   •    "Unable to process [the claim] at this time. Please refer to our
          correspondence indicating the additional information necessary to
25        complete the processing of your claim."

26   •    "The medical documentation that was submitted with this claim has
          been forwarded for review. We will process this claim when the review
27        has been completed."

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On March 16, 2012, July 20, 2012, August 31, 2012, and September 20, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 109.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 109 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 109.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 7, August 9, August 10, August 21, and August 22, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 21, 2013, July 31, 2013 and August 30, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 109 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2   letters.

3

4   **Patient 110.** - Defendants Denso Sales California, Inc., and Denso Sales California,

5   Inc. Group Insurance Plan.

6       (A)    Patient 110 is a beneficiary under the Denso Sales California, Inc. Group

7   Insurance Plan.  On August 14, 2009, Patient 110 had the following medical

8   procedures performed by Plaintiff IMS: Laparoscopic Cholecystectomy.  For each of

9   the procedures, United authorized Patient 110 to receive these pre-operative tests and

10   Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

11   authorization was necessary for Plaintiffs to provide the services to Patient 110.

12       (B)    Plaintiffs timely submitted claims for the services they provided to

13   Patient 110

14       •    On August 20, 2009, Plaintiff IMS submitted claims for its professional

15       Laparoscopic Cholecystectomy.

16       (C)    United has paid for some of the services provided by Plaintiffs to Patient

17   110 but has refused to pay for the other services provided to Patient 110.

18       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

19   the following grounds:

20       •    "Your plan covers reasonable charges for covered health services. The

21       reasonable charge is based on amounts charged by other physicians or

21       health care professionals in the area for similar services or supplies.

22       Benefits are not available for that portion of the charge that exceeds the

22       reasonable charge determined for this service.

23       (E)    On August 20, 2009, Plaintiffs submitted all the medical records for the

24   services provided to Patient 110.  In addition medical records were sent with appeals

25   when the denial reason was lack of and/or incomplete records.

26       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

27   those appeals, Plaintiffs made multiple requests for documents that the Plan was

28   obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

APPENDIX "A"

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  the Medical Plan for Patient 110 and other instruments under which the Plan is

2  established or operated, including, but not limited to, the internal policies, guidelines,

3  formulas, procedures, methodologies, and/or schedules upon which payment was

4  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5  Complaint sets forth the specific document requests that were made on behalf of

6  Patient 110.

7      (G)    Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9      (H)    United has not responded to Plaintiffs' submitted appeals.

10      (I)    On September 8, 2009, Plaintiffs called United to inquire about status on

11  pending claims. Benefits are not available for the portion of the charge that exceeds

12  the reasonable charge determined for this service.

13      (J)    To date, United continues to refuse to pay the claims for Patient 110 but

14  fails to comply with its obligations under ERISA, including under ERISA Section

15  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

16  letters.

17

18  **Patient 111.** - Defendants Devry, Inc., and Devry Inc. Welfare Benefit Plan.

19      (A)    Patient 111 is a beneficiary under the Devry Inc. Welfare Benefit Plan.

20  On January 7, 2011, Patient 111 had the following medical procedures performed by

21  Plaintiff IMS: Laparoscopic Gastric Banding.  For each of the procedures, United

22  authorized Patient 111 to receive these pre-operative tests at Plaintiffs' surgery

23  centers and/or United informed Plaintiffs that no authorization was necessary for

24  Plaintiffs to provide the services to Patient 111.

25      (B)    Plaintiffs timely submitted claims for the services they provided to

26  Patient 111.

27      •    On January 26, 2011, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding.

28

(C)     United has paid for some of the services provided by Plaintiffs to Patient 111 but has refused to pay for the other services provided to Patient 111.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 26, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 111.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 18, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 111 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 111.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On August 28, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's

1  from Plaintiffs.  United informed Plaintiffs that more information was needed in

2  order to process the claims.

3      (J)     To date, United continues to refuse to pay the claims for Patient 111 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7

8  **Patient 112.** - Defendants DGA – Producers Pension And Health Plans, Inc., and

9  Producers' Health Benefits Plan.

10     (A)     Patient 112 is a beneficiary under the Producers' Health Benefits Plan.

11 On September 4, and September 19, 2010, Patient 112 had the following medical

12 procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of

13 Plastic Surgery and IMS: Endoscopy and Polysomnography.  For each of the

14 procedures, United authorized Patient 112 to receive these pre-operative tests at

15 Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

16 necessary for Plaintiffs to provide the services to Patient 112.

17     (B)     Plaintiffs timely submitted claims for the services they provided to

18 Patient 112.

19     •     On September 28, 2010, Plaintiff IMS submitted claims for its
            professional Endoscopy and Polysomnography.

20

21     •     On October 4, 2010, Valley Surgical Center submitted a claim for its
            facility services in connection with these procedures.

22     •     On November 18, 2010, Plaintiff Modern Institute Of Plastic Surgery
            submitted a claim for its facility services in connection with these
23          procedures.

24     (C)     United has paid for some of the services provided by Plaintiffs to Patient

25 112 but has refused to pay for the other services provided to Patient 112.

26     (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

27 the following grounds:

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On September 28, 2010, October 4, 2010 and November 18, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 112. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 23, 2011 and July 2, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 112 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 112.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 10, 2011, November 10, 2011, January 6, 2012, and March 25, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On April 19, 2011, May 19, 2011, June 8, 2011, August 2, 2012, September 7, 2012 and October 2, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 112 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 113. -** Defendants DHL Express, Inc., and DHL Worldwide Express Group Insurance Plan.

(A)     Patient 113 is a beneficiary under the DHL Worldwide Express Group Insurance Plan.  On January 22, 2011, Patient 113 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 113 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 113.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 113.

- On March 13, 2011 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 113 but has refused to pay for the other services provided to Patient 113.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On May 13, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 113.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 113 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 113.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On December 3, and December 4, 2013, Plaintiffs called United to inquire about status on pending claims. Claim denied unable to verify place of service.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 113 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 114.** - Defendants Diageo North America, Inc., and Diageo North America, Inc. Medical Care And Life Insurance Plan For Salaried And Retired Employees.

(A)     Patient 114 is a beneficiary under the Diageo North America, Inc. Medical Care And Life Insurance Plan For Salaried And Retired Employees.  On April 23, April 24, 2011, May 1, 2011, July 8, 2011, October 15, 2011 and November 12, 2011, Patient 114 had the following medical procedures performed by Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 114 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 114.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 114.

- On March 31, 2011, April 23, April 24, 2011, May 1, 2011, July 8, 2011, October 15, 2011, November 12, 2011, and May 26, 2012 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On April 23, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On July 8, 2011, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 114 but has refused to pay for the other services provided to Patient 114.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On April 18, 2012 and May 2, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 114.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least April 24, 2011 and October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 114 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 114.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 30, 2011 and October 14, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On April 10, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 114 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 115.** - Defendants Discovery Communications, LLC, and Discovery Communications Welfare Benefit Plan.

(A)     Patient 115 is a beneficiary under Discovery Communications Welfare Benefit Plan.  On August 5, 2009, Patient 115 had the following medical procedures performed by Plaintiff IMS: Anesthesia Services.  For each of the procedures, United authorized Patient 115 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 115.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 115.

- On August 14, 2009 Plaintiff IMS submitted claims for its professional Anesthesia Services.

(C)     United has under paid for the service provided by Plaintiffs to Patient 115.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Our records show we have already processed this charge

(E)     On August 14, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 115.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of

1156926.1

1  the Medical Plan for Patient 115 and other instruments under which the Plan is

2  established or operated, including, but not limited to, the internal policies, guidelines,

3  formulas, procedures, methodologies, and/or schedules upon which payment was

4  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5  Complaint sets forth the specific document requests that were made on behalf of

6  Patient 115.

7       (G)     Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9       (H)     On September 7, 2011 and September 29, 2011, United responded to the

10 Provider Plaintiffs' appeals, as follows:

11       •     Initially, United provided acknowledgement that appeal was received
           and United would respond within 30 days.

12

13       (I)     On December 28, 2010, Plaintiffs called United to inquire about status

14 on pending claims. The allowed amount went towards patient's deductible.

15       (J)     To date, United continues to refuse to pay the claims for Patient 115 but

16 fails to comply with its obligations under ERISA, including under ERISA Section

17 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

18 letters.

19

20 **Patient 116.** - Defendants Dollar Thrifty Automotive Group, Inc., and Dollar Thrifty

21 Automotive Group, Inc. Welfare Benefit Plan.

22       (A)     Patient 116 is a beneficiary under the Dollar Thrifty Automotive Group,

23 Inc. Welfare Benefit Plan.  On May 16, 2012, Patient 116 had the following medical

24 procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center:

25 Endoscopy.  For each of the procedures, United authorized Patient 116 to receive

26 these pre-operative tests at Plaintiffs' surgery centers and/or United informed

27 Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

28 Patient 116.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1      (B)    Plaintiffs timely submitted claims for the services they provided to

2  Patient 116 submitted claims for its professional Endoscopy.

3      •    On May 25, 2012, Plaintiff Orange Grove Ambulatory Surgery Center submitted a claim for its facility services in connection with these

4          procedures.

5      (C)    United has paid for some of the services provided by Plaintiffs to Patient

6  116 but has refused to pay for the other services provided to Patient 116.

7      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

8  the following grounds:

9      •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

10          complete the processing of your claim."

11      (E)    On May 25, 2012, Plaintiffs submitted all the medical records for the

12  services provided to Patient 116.  In addition medical records were sent with appeals

13  when the denial reason was lack of and/or incomplete records.

14      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

15  those appeals, Plaintiffs made multiple requests for documents that the Plan was

16  obligated to provide under ERISA, including requests for a full and complete copy of

17  the Medical Plan for Patient 116 and other instruments under which the Plan is

18  established or operated, including, but not limited to, the internal policies, guidelines,

19  formulas, procedures, methodologies, and/or schedules upon which payment was

20  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

21  Complaint sets forth the specific document requests that were made on behalf of

22  Patient 116.

23      (G)    Despite these requests, neither United nor the Plan ever provided the

24  requested documents to Plaintiffs.

25      (H)    United has not responded to Plaintiffs' submitted appeals.

26      (I)    On June 27, 2012 and October 23, 2013, Plaintiffs called United to

27  inquire about status on pending claims.  United  informed Plaintiffs that more

28  information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 116 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 117.** - Defendants Door to Door Storage, Inc., and Door to Door Storage Health & Welfare Plan.

(A)     Patient 117 is a beneficiary under the Door to Door Storage Health & Welfare Plan.  On October 27, 2010, and November 2, 2010, Patient 117 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 117 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 117.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 117.

- On November 23, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.
- On January 18, 2011, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.
- On November 10, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 117 but has refused to pay for the other services provided to Patient 117.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

1156926.1

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On, November 10, November 23, 2010, and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 117.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least October 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 117 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 117.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 31, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On February 7, 2011, May 3, May 19, 2011, and December 27, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (J)    To date, United continues to refuse to pay the claims for Patient 117 but

2   fails to comply with its obligations under ERISA, including under ERISA Section

3   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4   letters.

5

6   **Patient 118.** - Defendants Dr. Pepper Snapple Group, Inc., and Dr. Pepper Snapple

7   Group, Inc. Health Plan.

8   (A)    Patient 118 is a beneficiary under the Dr. Pepper Snapple Group, Inc.

9   Health Plan.  On January 26, January 28, 2012, and February 2, 2012, Patient 118

10  had the following medical procedures performed by Plaintiffs Ciro Surgery Center

11  and IMS: Endoscopy, Ultrasound, Polysomnography and CPAP Titration.  For each

12  of the procedures, United authorized Patient 118 to receive these pre-operative tests

13  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

14  was necessary for Plaintiffs to provide the services to Patient 118.

15  (B)    Plaintiffs timely submitted claims for the services they provided to

16  Patient 118.

17  •    On, March 12, March 16, 2012, and July 20, 2012, Plaintiff IMS
     submitted claims for its professional Endoscopy, Ultrasound,
18   Polysomnography and CPAP Titration.

19  •    On March 12, 2012, Plaintiff Ciro Surgery Center submitted a claim for
     its facility services in connection with these procedures.
20

21  (C)    United has not paid for any of the services provided by Plaintiffs to

22  Patient 118.

23  (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

24  the following grounds:

25  •    "Unable to process [the claim] at this time. Please refer to our
     correspondence indicating the additional information necessary to
26   complete the processing of your claim."

27  •    "[United] asked provider to send us more information" and that it would
     "process the claim when [it] receive[d] this information." This EOB did
28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

201
APPENDIX "A"

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On March 12, March 16, 2012, July 20, 2012, and October 10, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 118. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on July 15, July 28, July 29, July 30, 2013, August 4, August 5, August 8, 2013 and September 6, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 118 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 118.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On June 4, June 5, June 24, 2013, July 5, July 29, July 30, 2013, August 1, August 8, August 13, 2013 and August 22, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(I)     On August 1, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 118 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 119.** - Defendants Drivetime Automotive Group, Inc., and Drivetime Welfare Benefit Plan.

(A)     Patient 119 is a beneficiary under the Drivetime Welfare Benefit Plan. On November 20, 2010, Patient 119 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 119 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 119.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 119.

•     On January 18, 2011, Plaintiff IMS submitted claims for its professional.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 119 but has refused to pay for the other services provided to Patient 119.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

•     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 119.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least June 20, 2011 and September 12, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 119 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 119.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On September 16, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)    On June 10, 2011, Plaintiffs called United to inquire about status on pending claims.

(J)    To date, United continues to refuse to pay the claims for Patient 119 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 120.** - Defendants DS Waters of America, Inc., and DS Waters Of America, Inc. Health And Welfare Plan.

(A)     Patient 120 is a beneficiary under the DS Waters Of America, Inc. Health And Welfare Plan.  On February 4, 2010, April 3, 2010, May 8, 2010, June 5, 2010, November 1, 2010, December 6, 2010, February 14, February 28, 2011, March 7, 2011, April 4, April 18, 2011, June 20, 2011 and August 31, 2011, Patient 120 had the following medical procedures performed by Plaintiff IMS: Endoscopy and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 120 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 120.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 120.

- On February 8, 2010, May 26, 2010, June 7, 2010, October 19, 2010, November 11, 2010, January 12, 2011, February 25, 2011, March 3, 2011, March 14, 2011, April 19, 2011, June 15, 2011, November 15, November 9, 2011 and January 17, 2012,  Plaintiff IMS submitted claims for its professional Endoscopy and Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 120 but has refused to pay for the other services provided to Patient 120.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On February 8, 2010, May 26, 2010, June 7, 2010, October 19, 2010, November 11, 2010, January 12, 2011, February 25, 2011, March 3, March 14, 2011 and April 19, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 120.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least July 14, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 120 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 120.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   United has not responded to Plaintiffs' submitted appeals.

(I)   On May 25, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)   To date, United continues to refuse to pay the claims for Patient 120 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 **Patient 121.** - Defendants Ecolab, Inc., and Ecolab Health and Welfare Benefits

2 Plan.

3      (A)     Patient 121 is a beneficiary under the Ecolab Health and Welfare

4 Benefits Plan.  On May 22, 2009 and June 27, 2009,  Patient 121 had the following

5 medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band

6 Adjustment and Anesthesia Services.  For each of the procedures, United authorized

7 Patient 121 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery

8 centers and/or United informed Plaintiffs that no authorization was necessary for

9 Plaintiffs to provide the services to Patient 121.

10      (B)     Plaintiffs timely submitted claims for the services they provided to

11 Patient 121.

12      •      On June 12, June 30, 2009, July 27, 2009, September 21, 2009,
          November 9, 2009 and December 29, 2009, Plaintiff IMS submitted
13         claims for its professional Laparoscopic Gastric Band Adjustment and
          Anesthesia Services.
14

15      (C)     United has paid for some of the services provided by Plaintiffs to Patient

16 121 but has refused to pay for the other services provided to Patient 121.

17      (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

18 the following grounds:

19      •      DENIED AS NON COVERED SERVICE

20      (E)     On June 12, June 30, 2009, July 27, 2009, September 21, 2009,

21 November 9, 2009 and December 29, 2009, Plaintiffs submitted all the medical

22 records for the services provided to Patient 121.  In addition medical records were

23 sent with appeals when the denial reason was lack of and/or incomplete records.

24      (F)     Plaintiffs also appealed the denial of the claims on at least July 21, 2011

25 and September 10, 2011.  In connection with those appeals, Plaintiffs made multiple

26 requests for documents that the Plan was obligated to provide under ERISA,

27 including requests for a full and complete copy of the Medical Plan for Patient 121

28 and other instruments under which the Plan is established or operated, including, but

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2   and/or schedules upon which payment was calculated.  The sample letters that are

3   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4   document requests that were made on behalf of Patient 121.

5        (G)    Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7        (H)    On November 30, 2011 and July 21, 2011, United responded to the

8   Provider Plaintiffs' appeals, as follows:

9        •    Initially, United provided acknowledgement that appeal was received
          and United would respond within 30 days.

10

11       (I)    On August 11, 2009, July 7, 2011 and November 14, 2013, Plaintiffs

12   called United to inquire about status on pending claims.  United acknowledged

13   receiving medical records / provider W-9's from Plaintiffs.  United informed

14   Plaintiffs that more information was needed in order to process the claims.

15       (J)    To date, United continues to refuse to pay the claims for Patient 121 but

16   fails to comply with its obligations under ERISA, including under ERISA Section

17   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

18   letters.

19

20   **Patient 122.** - Defendants Edison International and Edison International Welfare

21   Benefit Plan Number Two.

22       (A)    Patient 122 is a beneficiary under the Edison International Welfare

23   Benefit Plan Number Two.  On May 22, 2009, Patient 122 had the following medical

24   procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding.  For each of

25   the procedures, United authorized Patient 122 to receive these pre-operative tests and

26   Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

27   authorization was necessary for Plaintiffs to provide the services to Patient 122.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 122.

- On June 12, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 122 but has refused to pay for the other services provided to Patient 122.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- The number of units reported exceeds the typical frequency per day.

(E)     On June 12, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 122.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 122 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 122.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 1, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- We previously reviewed this coverage decision, and sent you a letter explaining our decision.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (I)     On July 30, 2009, August 13, August 26, 2009, April 12, 2010 and

2    September 29, 2010, Plaintiffs called United to inquire about status on pending

3    claims. Claim denied the number of units have exceeded.

4    (J)     To date, United continues to refuse to pay the claims for Patient 122 but

5    fails to comply with its obligations under ERISA, including under ERISA Section

6    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7    letters.

8

9    **Patient 123. -** Defendants Edward D. Jones & Co., LP, and Edward D. Jones & Co.

10   Employees Health and Welfare Program.

11   (A)     Patient 123 is a beneficiary under the Edward D. Jones & Co.

12   Employees Health and Welfare Program.  On June 6, 2011, Patient 123 had the

13   following medical procedures performed by Plaintiffs Bakersfield Surgery Institute

14   and IMS: Endoscopy and Ultrasound.  For each of the procedures, United authorized

15   Patient 123 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

16   United informed Plaintiffs that no authorization was necessary for Plaintiffs to

17   provide the services to Patient 123.

18   (B)     Plaintiffs timely submitted claims for the services they provided to

19   Patient 123.

20   • On August 8, 2011, Plaintiff IMS submitted claims for its professional
     Endoscopy and Ultrasound.

21
     • On July 8, 2011, Plaintiffs Bakersfield Surgery Institute submitted a
22     claim for its facility services in connection with these procedures.

23   (C)     United has paid for some of the services provided by Plaintiffs to Patient

24   123 but has refused to pay for the other services provided to Patient 123.

25   (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

26   the following grounds:

27   • "Unable to process [the claim] at this time. Please refer to our
     correspondence indicating the additional information necessary to
28   complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1

2

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

3

4

5

(E) On August 16, 2011 and September 7, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 123. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

6

7

8

9

10

11

12

13

14

(F) Plaintiffs also appealed the denial of the claims. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 123 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 123.

15

16

(G) Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

17

(H) United has not responded to Plaintiffs' submitted appeals.

18

19

20

21

22

(I) On November 14, 2013, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims. United's representatives could not tell Plaintiffs what records United was missing.

23

24

25

26

(J) To date, United continues to refuse to pay the claims for Patient 123 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

**Patient 124.** - Defendants Electrograph Systems, Inc., and Electrograph Systems Health and Welfare Plan.

(A)    Patient 124 is a beneficiary under Electrograph Systems Health and Welfare Plan.  On April 10, 2009, Patient 124 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 124 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 124.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 124.

- On June 11, 2009 Plaintiff IMS submitted claims for its professional Ultrasound.

(C)    United has under paid for the service provided by Plaintiffs to Patient 124.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Non-Network benefits have been applied to these lab and/or diagnostic services because you used a non-network health care provider

(E)    On June 11, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 124.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 124 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 124.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    United has not responded to Plaintiffs' submitted appeals.

6      (I)    On June 23, 2009, Plaintiffs called United to inquire about status on

7  pending claims.

8      (J)    To date, United continues to refuse to pay the claims for Patient 124 but

9  fails to comply with its obligations under ERISA, including under ERISA Section

10  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

11  letters.

12

13  **Patient 125.** - Defendants Emcor Group, Inc., and Emcor Group, Inc. Employee

14  Welfare Plan.

15      (A)    Patient 125 is a beneficiary under the Emcor Group, Inc. Employee

16  Welfare Plan.  On April 28, 2010, February 18, 2011 and March 14, 2011, Patient

17  125 had the following medical procedures performed by Plaintiff IMS: Laparoscopic

18  Gastric Band Adjustment.  For each of the procedures, United authorized Patient 125

19  to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or

20  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

21  provide the services to Patient 125.

22      (B)    Plaintiffs timely submitted claims for the services they provided to

23  Patient 125.

24      •    On April 28, 2010, February 18, 2011 and March 14, 2011 Plaintiff IMS
        submitted claims for its professional Laparoscopic Gastric Band
25      Adjustment.

26      (C)    United has paid for some of the services provided by Plaintiffs to Patient

27  125 but has refused to pay for the other services provided to Patient 125.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 29, 2010, March 1, March 23, 2011 and December 9, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 125. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 21, 2011, August 25, 2011 and July 5, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 125 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 125.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 28, 2011, August 29, 2011 and September 12, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On June 17, 2011, October 7, 2011 and August 15, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 125 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 126.** - Defendants Ensign United States Drilling, Inc., and Ensign US Drilling Employee Benefit Plan.

(A)     Patient 126 is a beneficiary under the Ensign US Drilling Employee Benefit Plan.  On November 5, 2010, Patient 126 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 126 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 126.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 126.

- On December 29, 2010, Plaintiff IMS submitted claims for its professional Ultrasound.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 126 but has refused to pay for the other services provided to Patient 126.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1

2

- "Claim paid and applied to co-insurance. Balance over the usual and customary."

3     (E)     On December 29, 2010, Plaintiffs submitted all the medical records for

4  the services provided to Patient 126.  In addition medical records were sent with

5  appeals when the denial reason was lack of and/or incomplete records.

6     (F)     Plaintiffs also appealed the denial of the claims on at least August 22,

7  2011.  In connection with those appeals, Plaintiffs made multiple requests for

8  documents that the Plan was obligated to provide under ERISA, including requests

9  for a full and complete copy of the Medical Plan for Patient 126 and other

10  instruments under which the Plan is established or operated, including, but not

11  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

12  and/or schedules upon which payment was calculated.  The sample letters that are

13  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

14  document requests that were made on behalf of Patient 126.

15     (G)     Despite these requests, neither United nor the Plan ever provided the

16  requested documents to Plaintiffs.

17     (H)     United has not responded to Plaintiffs' submitted appeals.

18     (I)     On June 14, 2011, Plaintiffs called United to inquire about status on

19  pending claims.  Procedure denied wrong Diagnosis code.

20     (J)     To date, United continues to refuse to pay the claims for Patient 126 but

21  fails to comply with its obligations under ERISA, including under ERISA Section

22  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

23  letters.

24

25  **Patient 127.** - Defendants Enterprise Holdings, Inc., and Enterprise Holdings

26  Hospital Insurance Plan.

27     (A)     Patient 127 is a beneficiary under the Enterprise Holdings Hospital

28  Insurance Plan.  On October 16, 2010, Patient 127 had the following medical

1   procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures,

2   United authorized Patient 127 to receive these pre-operative tests at Plaintiffs'

3   surgery centers and/or United informed Plaintiffs that no authorization was necessary

4   for Plaintiffs to provide the services to Patient 127.

5       (B)    Plaintiffs timely submitted claims for the services they provided to

6   Patient 127.

7       •    On November 5, 2010, Plaintiff IMS submitted claims for its
        professional Ultrasound.

8

9       (C)    United has paid for some of the services provided by Plaintiffs to Patient

10   127 but has refused to pay for the other services provided to Patient 127.

11      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

12   the following grounds:

13      •    "Unable to process [the claim] at this time. Please refer to our
        correspondence indicating the additional information necessary to

14       complete the processing of your claim."

15      •    "[United] asked provider to send us more information" and that it would
        "process the claim when [it] receive[d] this information." This EOB did

16       not, however, indicate what specific additional information was required
        for processing that had not previously been submitted with the claim.

17
    •    "The medical documentation that was submitted with this claim has
18       been forwarded for review. We will process this claim when the review
        has been completed."

19

20      (E)    On November 5, 2010, Plaintiffs submitted all the medical records for

21   the services provided to Patient 127.  In addition medical records were sent with

22   appeals when the denial reason was lack of and/or incomplete records.

23      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

24   those appeals, Plaintiffs made multiple requests for documents that the Plan was

25   obligated to provide under ERISA, including requests for a full and complete copy of

26   the Medical Plan for Patient 127 and other instruments under which the Plan is

27   established or operated, including, but not limited to, the internal policies, guidelines,

28   formulas, procedures, methodologies, and/or schedules upon which payment was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2   Complaint sets forth the specific document requests that were made on behalf of

3   Patient 127.

4        (G)     Despite these requests, neither United nor the Plan ever provided the

5   requested documents to Plaintiffs.

6        (H)     On August 20, August 22, 2011 and September 9, 2011, United

7   responded to the Provider Plaintiffs' appeals, as follows:

8   • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

9
10   • Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

11

12

13        (I)      On May 19, 2011, Plaintiffs called United to inquire about status on

14   pending claims.  United  informed Plaintiffs that more information was needed in

15   order to process the claims.

16        (J)      To date, United continues to refuse to pay the claims for Patient 127 but

17   fails to comply with its obligations under ERISA, including under ERISA Section

18   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19   letters.

20

21   **Patient 128.** - Defendants Environmental Systems Research Institute, Inc., and

22   Environmental Systems Research Institute, Inc. Life, Ltd. Travel Accident, Vision

23   Service, Medical Dental.

24        (A)     Patient 128 is a beneficiary under Environmental Systems Research

25   Institute, Inc. Life, Ltd. Travel Accident, Vision Service, Medical Dental.  On

26   September 18, 2010, April 21, 2011 and September 24, 2011, Patient 128 had the

27   following medical procedures performed by Valley Surgical Center and Plaintiff

28   IMS: Endoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band

Adjustment.  For each of the procedures, United authorized Patient 128 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 128.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 128.

- On April 29, 2011 and November 17, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On October 25, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 128 but has refused to pay for the other services provided to Patient 128.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On October 25, 2010, April 29, 2011 and November 17, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 128.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   documents that the Plan was obligated to provide under ERISA, including requests

2   for a full and complete copy of the Medical Plan for Patient 128 and other

3   instruments under which the Plan is established or operated, including, but not

4   limited to, the internal policies, guidelines, formulas, procedures, methodologies,

5   and/or schedules upon which payment was calculated.  The sample letters that are

6   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

7   document requests that were made on behalf of Patient 128.

8   (G)   Despite these requests, neither United nor the Plan ever provided the

9   requested documents to Plaintiffs.

10   (H)   United has not responded to Plaintiffs' submitted appeals.

11   (I)   On January 13, 2011 and May 8, 2012, Plaintiffs called United to

12   inquire about status on pending claims.  United acknowledged receiving medical

13   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

14   information was needed in order to process the claims.

15   (J)   To date, United continues to refuse to pay the claims for Patient 128 but

16   fails to comply with its obligations under ERISA, including under ERISA Section

17   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

18   letters.

19

20   **Patient 129.** - Defendants Epson America, Inc., and Epson America Inc. Group Plan.

21   (A)   Patient 129 is a beneficiary under the Epson America Inc., Group Plan.

22   On January 29, 2011 and February 1, 2011, Patient 129 had the following medical

23   procedures performed at the sterile surgical facilities of Plaintiffs IMS and Modern

24   Institute of Plastic Surgery: Endoscopy, Ultrasound, and Polysomnography.  For each

25   of the procedures, United authorized Patient 129 to receive these pre-operative tests

26   at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

27   was necessary for Plaintiffs to provide the services to Patient 129.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 129.  For example:

- On February 4, 2011, February 7, 2011, February 23, 2011 and April 28, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Medical Clearance, Ultrasound, and Anesthesia services.

- On February 14, 2011, Plaintiff Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 129.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time.  Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information."  This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

(E)     On February 4, 7, 14, and 23, and April 28, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 129.

(F)     Plaintiffs also appealed the denial of the claims on June 10, 2011, June 11, 2011, June 30, 2011, July 13, 2011, July 14, 2011, July 18, 2011, July 21, 2011, July 26, 2011, September 13, 2011 and October 22, 2011.  In connection those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 129 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

2  sets forth the specific document requests that were made on behalf of Patient 129.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    United responded to the Provider Plaintiffs' appeals, as follows:

6  •    On August 19, 2011, United provided acknowledgement that the appeal was received and that United would respond within 30 days.

7
8  •    On September 1, 2011, United informed the Plaintiffs that their appeal was denied due to no patient authorization, even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits

9  from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

10

11      (I)    On March 29, 2011, April 5, 2011, March 6, 2012, August 28, 2012,

12  August 29, 2012, and Plaintiffs called United to inquire about status on pending

13  claims.  United acknowledged receiving medical records from Plaintiffs. United

14  informed Plaintiffs that more information was needed in order to process the claims.

15  However, United's representatives could not tell Plaintiffs what records United was

16  missing.

17      (J)    To date, United continues to refuse to pay the claims for Patient 129 but

18  fails to comply with its obligations under ERISA, including under ERISA Section

19  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20  letters.

21

22  **Patient 130.** - Defendants Equity Residential Services, LLC, and Equity Residential

23  Properties Trust Group Insurance Plan.

24      (A)    Patient 130 is a beneficiary under the Equity Residential Properties Trust

25  Group Insurance Plan.  On January 11, 2010 and March 30, 2010, Patient 130 had the

26  following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric

27  Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures,

28  United authorized Patient 130 to receive these pre-operative tests and Surgeries at

1    Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

2    necessary for Plaintiffs to provide the services to Patient 130.

3        (B)    Plaintiffs timely submitted claims for the services they provided to

4    Patient 130.

5        •    On January 18, 2010 and April 16, 2010, Plaintiff IMS submitted claims
            for its professional Laparoscopic Gastric Banding and Laparoscopic
6            Gastric Band Adjustment.

7        (C)    United has paid for some of the services provided by Plaintiffs to Patient

8    130 but has refused to pay for the other services provided to Patient 130.

9        (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

10   the following grounds:

11       •    "Unable to process [the claim] at this time. Please refer to our
            correspondence indicating the additional information necessary to
12           complete the processing of your claim."

13       •    "[United] asked provider to send us more information" and that it would
            "process the claim when [it] receive[d] this information." This EOB did
14           not, however, indicate what specific additional information was required
            for processing that had not previously been submitted with the claim.

15       •    "The medical documentation that was submitted with this claim has
16           been forwarded for review. We will process this claim when the review
            has been completed."

17

18       (E)    On January 18, 2010 and April 16, 2010, Plaintiffs submitted all the

19   medical records for the services provided to Patient 130.  In addition medical records

20   were sent with appeals when the denial reason was lack of and/or incomplete records.

21       (F)    Plaintiffs also appealed the denial of the claims on August 26, 2011,

22   September 17, and September 23, 2011.  In connection with those appeals, Plaintiffs

23   made multiple requests for documents that the Plan was obligated to provide under

24   ERISA, including requests for a full and complete copy of the Medical Plan for

25   Patient 130 and other instruments under which the Plan is established or operated,

26   including, but not limited to, the internal policies, guidelines, formulas, procedures,

27   methodologies, and/or schedules upon which payment was calculated.  The sample

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

2   specific document requests that were made on behalf of Patient 130.

3       (G)     Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)     On September 28, 2011 and October 13, 2011, United responded to the

6   Provider Plaintiffs' appeals, as follows:

7       •       Subsequently, however, United informed the Plaintiffs that their appeals
             were denied due to a lack of patient authorization. This was even though
8             Plaintiffs had previously demonstrated that they held a valid assignment
             of benefits from the patient that authorized Plaintiffs to make appeals on
9             behalf of the patient.

10      (I)     On June 8, 2011, Plaintiffs called United to inquire about status on

11  pending claims.  United acknowledged receiving medical records / provider W-9's

12  from Plaintiffs.  United informed Plaintiffs that more information was needed in

13  order to process the claims.

14      (J)     To date, United continues to refuse to pay the claims for Patient 130 but

15  fails to comply with its obligations under ERISA, including under ERISA Section

16  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17  letters.

18

19  **Patient 131. -** Defendants Ernst & Young, LLP, and Ernst & Young Medical Plan.

20      (A)     Patient 131 is a beneficiary under Ernst & Young Medical Plan.  On

21  January 25, 2011, Patient 131 had the following medical procedures performed by

22  Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient

23  131 Ann to receive these pre-operative tests  at Plaintiffs' surgery centers and/or

24  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

25  provide the services to Patient 131.

26      (B)     Plaintiffs timely submitted claims for the services they provided to

27  Patient 131.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On February 4, 2011 Plaintiff IMS submitted claims for its professional consultation.

(C)    United has not paid for any of the services provided by Plaintiffs to Patient 131.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On February 4, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 131.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on July 21, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 131  and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 131.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On December 4, 2013, Plaintiffs called United to inquire about status on pending claims.

(J)    To date, United continues to refuse to pay the claims for Patient 131 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 132.** - Defendants Essilor of America, Inc., and Essilor of America, Inc. Employer Welfare Benefit Plan.

(A)   Patient 132 is a beneficiary under the Essilor of America, Inc. Employer Welfare Benefit Plan.  On January 8, and January 10, 2011, Patient 132 had the following medical procedures performed by Valley Surgical Center Plaintiff IMS: Endoscopy and Polysomnography.  For each of the procedures, United authorized Patient 132 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 132.

(B)   Plaintiffs timely submitted claims for the services they provided to Patient 132.

- On January 8, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

- On January 10, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 132 but has refused to pay for the other services provided to Patient 132.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1      (E)      On January 27, 2011 and January 30, 2013, Plaintiffs submitted all the

2  medical records for the services provided to Patient 132.  In addition medical records

3  were sent with appeals when the denial reason was lack of and/or incomplete records.

4      (F)      Plaintiffs also appealed the denial of the claims on August 25, 2011,

5  September 16, 2012 and September 23, 2013, in connection with those appeals,

6  Plaintiffs made multiple requests for documents that the Plan was obligated to

7  provide under ERISA, including requests for a full and complete copy of the Medical

8  Plan for Patient 132 and other instruments under which the Plan is established or

9  operated, including, but not limited to, the internal policies, guidelines, formulas,

10  procedures, methodologies, and/or schedules upon which payment was calculated.

11  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

12  sets forth the specific document requests that were made on behalf of Patient 132.

13      (G)      Despite these requests, neither United nor the Plan ever provided the

14  requested documents to Plaintiffs.

15      (H)      United has not responded to Plaintiffs' submitted appeals.

16      (I)      On May 26, 2011, July 8, 2011, March 8, 2012, and February 14, 2013,

17  Plaintiffs called United to inquire about status on pending claims.  United

18  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

19  informed Plaintiffs that more information was needed in order to process the claims.

20  United's representatives could not tell Plaintiffs what records United was missing.

21      (J)      To date, United continues to refuse to pay the claims for Patient 132 but

22  fails to comply with its obligations under ERISA, including under ERISA Section

23  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24  letters.

25

26  **Patient 133. -** Defendants Estee Lauder, Inc., and The Estee Lauder Companies, Inc.

27  Group Medical, Dental, Prescription Drug, Long Term Disability, Life, Accidental

28  Death and Dismemberment Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 133 is a beneficiary under The Estee Lauder Companies, Inc. Group Medical, Dental, Prescription Drug, Long Term Disability, Life, Accidental Death and Dismemberment Plan.  On November 11, 2011 and February 18, 2012, Patient 133 had the following medical procedures performed by Plaintiffs New Life Surgery Center and IMS: Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 133 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 133.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 133.

- On January 17, 2012 and August 31, 2012 and September 5, 2012, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On August 31, 2012, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 133 but has refused to pay for the other services provided to Patient 133.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (E)    On January 17, 2012, August 31, 2012, and September 5, 2012,

2   Plaintiffs submitted all the medical records for the services provided to Patient 133.

3   In addition medical records were sent with appeals when the denial reason was lack

4   of and/or incomplete records.

5    (F)    Plaintiffs also appealed the denial of the claims on June 3, 2013, July 23,

6   and July 29, 2013.  In connection with those appeals, Plaintiffs made multiple

7   requests for documents that the Plan was obligated to provide under ERISA,

8   including requests for a full and complete copy of the Medical Plan for Patient 133

9   and other instruments under which the Plan is established or operated, including, but

10   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

11   and/or schedules upon which payment was calculated.  The sample letters that are

12   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

13   document requests that were made on behalf of Patient 133.

14    (G)    Despite these requests, neither United nor the Plan ever provided the

15   requested documents to Plaintiffs.

16    (H)    On May 20, May 31, 2013, June 3, 2013, July 11, and July 31, 2013,

17   United responded to the Provider Plaintiffs' appeals, as follows:

18    •    Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

19

20    (I)    On April 26, 2012, May 25, 2012, September 3, September 18, 2012,

21   and July 4, 2013, Plaintiffs called United to inquire about status on pending claims.

22   United acknowledged receiving medical records / provider W-9's from Plaintiffs.

23   United informed Plaintiffs that more information was needed in order to process the

24   claims.

25    (J)    To date, United continues to refuse to pay the claims for Patient 133 but

26   fails to comply with its obligations under ERISA, including under ERISA Section

27   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28   letters.

**Patient 134.** - Defendants Experian Information Solutions, Inc., and Experian Information Solutions, Inc. Health and Welfare Plan.

(A)     Patient 134 is a beneficiary under the Experian Information Solutions, Inc. Health and Welfare Plan.  On January 8, January 28, 2011, February 25, 2011, April 1, 2011 and July 20, 2011, Patient 134 had the following medical procedures performed by Valley Surgical Center and Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery and IMS: Endoscopy, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 134 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 134.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 134.

- On January 19, 2011, March 14, 2011, July 12, 2011 and October 25, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy and Laparoscopic Gastric Band Adjustment.

- On January 27, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On March 21, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On April 19, 2011, June 7, 2011, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 134 but has refused to pay for the other services provided to Patient 134.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On January 19, January 27, 2011, March 14, March 21, 2011, April 19, 2011, June 7, 2011, July 12, 2011 and October 25, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 134.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 11, June 20, June 21, 2011, July 1, July 5, July 25, 2011, August 26, 2011, September 13, September 14, 2011 and October 2, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 134 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 134.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On September 24, 2011 and November 14, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On September 27, 2011, March 21, March 29, 2012, August 22, 2012, November 14, 2012 and December 12, 2012, Plaintiffs called United to inquire about

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1   status on pending claims.  United acknowledged receiving medical records / provider

2   W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed

3   in order to process the claims.  United's representatives could not tell Plaintiffs what

4   records United was missing.

5       (J)     To date, United continues to refuse to pay the claims for Patient 134 but

6   fails to comply with its obligations under ERISA, including under ERISA Section

7   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8   letters.

9

10  **Patient 135.** - Defendants Express Messenger Systems, Inc., and Express Messenger

11  Systems, Inc. dba Ontrac.

12      (A)     Patient 135 is a beneficiary under the Express Messenger Systems, Inc.

13  dba Ontrac.  On October 9, 2010, Patient 135 had the following medical procedures

14  performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy and

15  Ultrasound.  For each of the procedures, United authorized Patient 135 to receive

16  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

17  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

18  Patient 135.

19      (B)     Plaintiffs timely submitted claims for the services they provided to

20  Patient 135.

21      •    On October 27, 2010 and December 28, 2010, Plaintiff IMS submitted
            claims for its professional Endoscopy and Ultrasound.

22

23      •    On November 10, 2010, Plaintiff Modern Institute Of Plastic Surgery
            submitted a claim for its facility services in connection with these
            procedures.

24

25      (C)     United has paid for some of the services provided by Plaintiffs to Patient

26  135 but has refused to pay for the other services provided to Patient 135.

27      (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

28  the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On October 27, 2010, November 10, 2010 and December 28, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 135. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 135 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 135.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 26, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On May 31, 2011 and April 22, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  provider W-9's from Plaintiffs.  United informed Plaintiffs that more information

2  was needed in order to process the claims.  United's representatives could not tell

3  Plaintiffs what records United was missing.

4     (J)     To date, United continues to refuse to pay the claims for Patient 135 but

5  fails to comply with its obligations under ERISA, including under ERISA Section

6  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7  letters.

8

9  **Patient 136. -** Defendants ExpressJet Airlines, Inc., and Expressjet Airlines, Inc.

10  Consolidated Welfare Benefit Plan.

11     (A)     Patient 136 is a beneficiary under the Expressjet Airlines, Inc.

12  Consolidated Welfare Benefit Plan.  On January 9, 2009, Patient 136 had the

13  following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of

14  the procedures, United authorized Patient 136 to receive these pre-operative tests at

15  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

16  necessary for Plaintiffs to provide the services to Patient 136.

17     (B)     Plaintiffs timely submitted claims for the services they provided to

18  Patient 136.

19     •     On March 3, 2009 Plaintiff IMS submitted claims for its professional
          Ultrasound.

20

21     (C)     United has not paid for any of the services provided by Plaintiffs to

22  Patient 136.

23     (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

    the following grounds:

24     •     "These charges are for services provided after this patient's coverage
          was cancelled."

25

26     (E)     On March 3, 2009, Plaintiffs submitted all the medical records for the

27  services provided to Patient 136.  In addition medical records were sent with appeals

28  when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 136 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 136.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On March 16, 2009, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 136 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 137.** - Defendants Farmers Group, Inc., and Farmers Group, Inc. Employee Prepaid Benefit Plan.

(A)     Patient 137 is a beneficiary under the Farmers Group, Inc. Employee Prepaid Benefit Plan.  On May 31, 2011 and June 1, 2011, Patient 137 had the following medical procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.  For each of the procedures, United authorized Patient 137 to receive these pre-operative tests at Plaintiffs' surgery

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  centers and/or United informed Plaintiffs that no authorization was necessary for

2  Plaintiffs to provide the services to Patient 137.

3      (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 137.

5      •    On June 21, 2011 and August 2, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and

6      Anesthesia Services.

7      •    On October 20, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these

8      procedures.

9      •    On July 8, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

10

11      (C)    United has paid for some of the services provided by Plaintiffs to Patient

12  137 but has refused to pay for the other services provided to Patient 137.

13      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

14  the following grounds:

15      •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review

16      has been completed."

17      (E)    On June 21, 2011, August 3, 2011, September 7, 2011, and October 20,

18  2011, Plaintiffs submitted all the medical records for the services provided to Patient

19  137.  In addition medical records were sent with appeals when the denial reason was

20  lack of and/or incomplete records.

21      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

22  those appeals, Plaintiffs made multiple requests for documents that the Plan was

23  obligated to provide under ERISA, including requests for a full and complete copy of

24  the Medical Plan for Patient 137 and other instruments under which the Plan is

25  established or operated, including, but not limited to, the internal policies, guidelines,

26  formulas, procedures, methodologies, and/or schedules upon which payment was

27  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 Complaint sets forth the specific document requests that were made on behalf of

2 Patient 137.

3    (G)    Despite these requests, neither United nor the Plan ever provided the

4 requested documents to Plaintiffs.

5    (H)    United has not responded to Plaintiffs' submitted appeals.

6    (I)    On April 4, April 5, 2012, July 19, July 26, 2012, August 21, August 27,

7 2012 and October 30, 2012, Plaintiffs called United to inquire about status on

8 pending claims.  United  informed Plaintiffs that more information was needed in

9 order to process the claims.

10    (J)    To date, United continues to refuse to pay the claims for Patient 137 but

11 fails to comply with its obligations under ERISA, including under ERISA Section

12 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13 letters.

14

15 **Patient 138.** - Defendants FC USA, Inc., and FC USA Inc. Benefits.

16    (A)    Patient 138 is a beneficiary under FC USA Inc. Benefits.  On September

17 26, 2009, Patient 138 had the following medical procedures performed by Plaintiff

18 IMS: Medical Consultation.  For each of the procedures, United authorized Patient

19 138 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

20 informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

21 services to Patient 138.

22    (B)    Plaintiffs timely submitted claims for the services they provided to

23 Patient 138.

24    •    On October 2, 2009, Plaintiff IMS submitted claims for its professional
        Medical Consultation.

25

26    (C)    United has paid for some of the services provided by Plaintiffs to Patient

27 138 but has refused to pay for the other services provided to Patient 138.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- The physician or health care provider is not a network provider, but has accepted a reduction in charges on this claim through Multiplan

(E)    On October 2, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 138.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least July 4, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 138 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 138.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On August 18, 2011 and August 20, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On August 22, 2011, Plaintiffs called United to inquire about status on pending claims. The allowed amount was applied to patient's deductible.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 138 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 139. -** Defendants Ferragamo USA, Inc., and Ferragamo USA, Inc. Plan.

7    (A)    Patient 139 is a beneficiary under the Ferragamo USA, Inc. Plan.  On

8  August 19, 2013, Patient 139 had the following medical procedures performed by

9  Plaintiff IMS: Fluoroscopy.  For each of the procedures, United authorized Patient

10  139 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

11  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

12  services to Patient 139.

13    (B)    Plaintiffs timely submitted claims for the services they provided to

14  Patient 139.

15    •    On September 19, 2013, Plaintiff IMS submitted claims for its
          professional Fluoroscopy.

16

17    (C)    United has paid for some of the services provided by Plaintiffs to Patient

18  139 but has refused to pay for the other services provided to Patient 139.

19    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

20  the following grounds:

21    •    "[United] asked provider to send us more information" and that it would
          "process the claim when [it] receive[d] this information." This EOB did

22        not, however, indicate what specific additional information was required
          for processing that had not previously been submitted with the claim.

23

24    (E)    On November 28, 2013, Plaintiffs submitted all the medical records for

25  the services provided to Patient 139.  In addition medical records were sent with

26  appeals when the denial reason was lack of and/or incomplete records.

27    (F)    Plaintiffs also appealed the denial of the claims on December 3, 2013.

28  In connection with those appeals, Plaintiffs made multiple requests for documents

1   that the Plan was obligated to provide under ERISA, including requests for a full and

2   complete copy of the Medical Plan for Patient 139 and other instruments under which

3   the Plan is established or operated, including, but not limited to, the internal policies,

4   guidelines, formulas, procedures, methodologies, and/or schedules upon which

5   payment was calculated.  The sample letters that are attached as Exhibits A and

6   Exhibit B to this Complaint sets forth the specific document requests that were made

7   on behalf of Patient 139.

8        (G)     Despite these requests, neither United nor the Plan ever provided the

9   requested documents to Plaintiffs.

10       (H)     United has not responded to Plaintiffs' submitted appeals.

11       (I)      On November 15, 2013, Plaintiffs called United to inquire about status

12   on pending claims.  United informed Plaintiffs that more information was needed in

13   order to process the claims.

14       (J)      To date, United continues to refuse to pay the claims for Patient 139 but

15   fails to comply with its obligations under ERISA, including under ERISA Section

16   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17   letters.

18

19   **Patient 140.** - Defendants Fidelity Brokerage Services, LLC, and Fidelity Group

20   Employees Medical, Dental And Cafeteria Plan.

21       (A)     Patient 140 is a beneficiary under Fidelity Group Employees Medical,

22   Dental And Cafeteria Plan.  On May 26, 2011 and December 7, 2011, Patient 140

23   had the following medical procedures performed by Plaintiffs Modern Institute Of

24   Plastic Surgery, East Bay Ambulatory Surgery Center and IMS: Polysomnography

25   and Laparoscopic Gastric Banding.  For each of the procedures, United authorized

26   Patient 140 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery

27   centers and/or United informed Plaintiffs that no authorization was necessary for

28   Plaintiffs to provide the services to Patient 140.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(B)   Plaintiffs timely submitted claims for the services they provided to Patient 140.

- On January 23, 2012, Plaintiff IMS submitted claims for its professional Polysomnography and Laparoscopic Gastric Banding.

- On July 6, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On January 23, 2012, Plaintiff East Bay Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 140 but has refused to pay for the other services provided to Patient 140.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

- Also Claim denied requesting for W-9 Form.

(E)   On July 6, 2011 and January 23, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 140.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 140 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   and/or schedules upon which payment was calculated.  The sample letters that are

2   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

3   document requests that were made on behalf of Patient 140.

4       (G)    Despite these requests, neither United nor the Plan ever provided the

5   requested documents to Plaintiffs.

6       (H)    On March 11, 2013, United responded to the Provider Plaintiffs'

7   appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

13       (I)    On May 17, 2012, June 25, 2012, July 19, 2012 and August 27, 2012,

14   Plaintiffs called United to inquire about status on pending claims.  United

15   acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

16   informed Plaintiffs that more information was needed in order to process the claims.

17       (J)    To date, United continues to refuse to pay the claims for Patient 140 but

18   fails to comply with its obligations under ERISA, including under ERISA Section

19   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20   letters.

21

22   **Patient 141.** - Defendants Fifth & Pacific Companies, Inc., and FNPC Health and

23   Welfare Plan.

24       (A)    Patient 141 is a beneficiary under FNPC Health and Welfare Plan.  On

25   September 9, 2010, Patient 141 had the following medical procedures performed by

26   Plaintiffs New Life Surgery Center: Fluoroscopy.  For each of the procedures, United

27   authorized Patient 141 to receive these pre-operative tests at Plaintiffs' surgery

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  centers and/or United informed Plaintiffs that no authorization was necessary for

2  Plaintiffs to provide the services to Patient 141.

3      (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 141 submitted claims for its professional Fluoroscopy.

5      •    On October 13, 2010 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

6

7      (C)    United has paid for some of the services provided by Plaintiffs to Patient

8  141 but has refused to pay for the other services provided to Patient 141.

9      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

10  the following grounds:

11      •    "[United] asked provider to send us more information" and that it would

12  "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

13

14      (E)    On October 13, 2013, Plaintiffs submitted all the medical records for the

15  services provided to Patient 141.  In addition medical records were sent with appeals

16  when the denial reason was lack of and/or incomplete records.

17      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

18  those appeals, Plaintiffs made multiple requests for documents that the Plan was

19  obligated to provide under ERISA, including requests for a full and complete copy of

20  the Medical Plan for Patient 141 and other instruments under which the Plan is

21  established or operated, including, but not limited to, the internal policies, guidelines,

22  formulas, procedures, methodologies, and/or schedules upon which payment was

23  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

24  Complaint sets forth the specific document requests that were made on behalf of

25  Patient 141.

26      (G)    Despite these requests, neither United nor the Plan ever provided the

27  requested documents to Plaintiffs.

28

1  (H)    On August 11, 2013, United responded to the Provider Plaintiffs'

2  appeals, as follows:

3    •    Subsequently, however, United informed the Plaintiffs that their appeals
        were denied due to a lack of patient authorization. This was even though
4        Plaintiffs had previously demonstrated that they held a valid assignment
        of benefits from the patient that authorized Plaintiffs to make appeals on
5        behalf of the patient.

6  (I)    On May 2, 2012, Plaintiffs called United to inquire about status on

7  pending claims.  United  informed Plaintiffs that more information was needed in

8  order to process the claims.

9  (J)    To date, United continues to refuse to pay the claims for Patient 141 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 142.** - Defendants Finra Dispute Resolution, Inc., and Finra Employee Group

15  Medical, Dental, Life, Disability, AD&D & Vision Plan.

16  (A)    Patient 142 is a beneficiary under the Finra Employee Group Medical,

17  Dental, Life, Disability, AD&D & Vision Plan.  On March 23, 2010, Patient 142 had

18  the following medical procedures performed by Plaintiff IMS: Consultation.  For

19  each of the procedures, United authorized Patient 142 to receive these pre-operative

20  tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

21  authorization was necessary for Plaintiffs to provide the services to Patient 142.

22  (B)    Plaintiffs timely submitted claims for the services they provided to

23  Patient 142.

24    •    On March 23, 2010, Plaintiff IMS submitted claims for its professional.

25  (C)    United has paid for some of the services provided by Plaintiffs to Patient

26  142 but has refused to pay for the other services provided to Patient 142.

27  (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

28  the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- Your claim was not submitted within the time frame specified in your plan documents or contract

(E)     On March 31, 2010, April 2, April 5, April 13, 2010 and April 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 142. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 10, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 142 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 142.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On May 27, 2011, Plaintiffs called United to inquire about status on pending claims. Claim denied since services rendered were part of global fee.

(J)     To date, United continues to refuse to pay the claims for Patient 142 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 143.** - Defendants Fiserv, Inc., and Fiserv, Inc. Welfare Benefit Plan.

(A)     Patient 143 is a beneficiary under the Fiserv, Inc. Welfare Benefit Plan. On September 4, 2010, Patient 143 had the following medical procedures performed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    by Plaintiffs San Diego Ambulatory Surgery Center and IMS: Endoscopy and

2    Anesthesia Services.  For each of the procedures, United authorized Patient 143 to

3    receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

4    Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

5    Patient 143.

6         (B)    Plaintiffs timely submitted claims for the services they provided to

7    Patient 143.

8    •    On September 28, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.

9
10   •    On October 4, 2010, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

11

12        (C)    United has paid for some of the services provided by Plaintiffs to Patient

13   143 but has refused to pay for the other services provided to Patient 143.

14        (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

15   the following grounds:

16   •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

17

18   •    "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

19

20   •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

21

22   •    Claim denied requesting for W-9 Form

23

24        (E)    On September 28, 2010 and October 4, 2010, Plaintiffs submitted all the

25   medical records for the services provided to Patient 143.  In addition medical records

26   were sent with appeals when the denial reason was lack of and/or incomplete records.

27        (F)    Plaintiffs also appealed the denial of the claims on at least June 21,

28   2011.  In connection with those appeals, Plaintiffs made multiple requests for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  documents that the Plan was obligated to provide under ERISA, including requests

2  for a full and complete copy of the Medical Plan for Patient 143 and other

3  instruments under which the Plan is established or operated, including, but not

4  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

5  and/or schedules upon which payment was calculated.  The sample letters that are

6  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

7  document requests that were made on behalf of Patient 143.

8      (G)    Despite these requests, neither United nor the Plan ever provided the

9  requested documents to Plaintiffs.

10      (H)    On December 30, 2010, January 4, January 20, 2011, July 5, July 16,

11  2011 and November 25, 2012, United responded to the Provider Plaintiffs' appeals,

12  as follows:

13      &bull;    Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

14  
15      &bull;    Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

16  Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on

17  behalf of the patient.

18      (I)    On February 21, 2011, May 20, 2011, December 9, 2011, and October

19  10, 2012, Plaintiffs called United to inquire about status on pending claims.  United

20  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

21  informed Plaintiffs that more information was needed in order to process the claims.

22  United's representatives could not tell Plaintiffs what records United was missing.

23      (J)    To date, United continues to refuse to pay the claims for Patient 143 but

24  fails to comply with its obligations under ERISA, including under ERISA Section

25  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

26  letters.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 144.** - Defendants Five Star Quality Care-CA, Inc., and Five Star Quality Care plan.

(A)     Patient 144 is a beneficiary under the Five Star Quality Care plan.  On June 17, 2010, Patient 144 had the following medical procedures performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized Patient 144 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 144.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 144.

- On July 18, 2012, Plaintiff IMS submitted claims for its professional Polysomnography.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 144 but has refused to pay for the other services provided to Patient 144.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim was not submitted within the time frame specified in your plan documentation or contract."

(E)     On July 18, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 144.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 144 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 144.

3       (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5       (H)    United has not responded to Plaintiffs' submitted appeals.

6       (I)    On November 13, 2013, Plaintiffs called United to inquire about status

7  on pending claims.

8       (J)    To date, United continues to refuse to pay the claims for Patient 144 but

9  fails to comply with its obligations under ERISA, including under ERISA Section

10  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

11  letters.

12

13  **Patient 145.** - Defendants Flextronics International USA, Inc., and Flextronics

14  Employee Benefits Plan.

15       (A)    Patient 145 is a beneficiary under the Flextronics Employee Benefits

16  Plan.  On October 23, 2010, Patient 145 had the following medical procedures

17  performed by Plaintiff IMS: Consultation.  For each of the procedures, United

18  authorized Patient 145 to receive these pre-operative tests at Plaintiffs' surgery

19  centers and/or United informed Plaintiffs that no authorization was necessary for

20  Plaintiffs to provide the services to Patient 145.

21       (B)    Plaintiffs timely submitted claims for the services they provided to

22  Patient 145.

23       •    On February 4, 2011, Plaintiff IMS submitted claims for its professional.

24

25       (C)    United has not paid for any of the services provided by Plaintiffs to

Patient 145.

26

27       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

the following grounds:

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 4, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 145.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 145 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 145.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On May 31, 2011, and December 4, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 145 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

**Patient 146.** - Defendants Foot Locker Retail, Inc., and Foot Locker Welfare Benefit Payment Plan.

(A)    Patient 146 is a beneficiary under the Foot Locker Welfare Benefit Payment Plan.  On December 15, 2008, Patient 146 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 146 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 146.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 146.

- On October 21, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 146 but has refused to pay for the other services provided to Patient 146.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 21, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 146.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims on at least July 23, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 146 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 146.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On November 16, 2010, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 146 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 147.** - Defendants Founders Healthcare, LLC, and Founders Healthcare, LLC Preferred Homecare Employee Benefit Plan.

(A)     Patient 147 is a beneficiary under the Founders Healthcare, LLC Preferred Homecare Employee Benefit Plan.  On July 19, 2010, Patient 147 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 147 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

2    services to Patient 147.

3    (B)    Plaintiffs timely submitted claims for the services they provided to

4    Patient 147 submitted claims for its professional Polysomnography.

5    •    On November 11, 2010, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these

6    procedures.

7    (C)    United has paid for some of the services provided by Plaintiffs to Patient

8    147 but has refused to pay for the other services provided to Patient 147.

9    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

10   the following grounds:

11   •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

12   complete the processing of your claim."

13   (E)    On November 11, 2010, Plaintiffs submitted all the medical records for

14   the services provided to Patient 147.  In addition medical records were sent with

15   appeals when the denial reason was lack of and/or incomplete records.

16   (F)    Plaintiffs also appealed the denial of the claims.  In connection with

17   those appeals, Plaintiffs made multiple requests for documents that the Plan was

18   obligated to provide under ERISA, including requests for a full and complete copy of

19   the Medical Plan for Patient 147 and other instruments under which the Plan is

20   established or operated, including, but not limited to, the internal policies, guidelines,

21   formulas, procedures, methodologies, and/or schedules upon which payment was

22   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

23   Complaint sets forth the specific document requests that were made on behalf of

24   Patient 147.

25   (G)    Despite these requests, neither United nor the Plan ever provided the

26   requested documents to Plaintiffs.

27   (H)    On November 28, 2011, United responded to the Provider Plaintiffs'

28   appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1

•       Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

2

3     (I)    On February 23, 2011 and January 20, 2012, Plaintiffs called United to

4 inquire about status on pending claims.  United  informed Plaintiffs that more

5 information was needed in order to process the claims.

6     (J)    To date, United continues to refuse to pay the claims for Patient 147 but

7 fails to comply with its obligations under ERISA, including under ERISA Section

8 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

9 letters.

10

11 **Patient 148. -** Defendants Fox Entertainment Group, Inc., and Fox Health Plan.

12     (A)    Patient 148 is a beneficiary under the Fox Health Plan.  On January 7,

13 2012 and January 13, 2012, Patient 148 had the following medical procedures

14 performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy,

15 Ultrasound and Polysomnography.  For each of the procedures, United authorized

16 Patient 148 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or

17 United informed Plaintiffs that no authorization was necessary for Plaintiffs to

18 provide the services to Patient 148.

19     (B)    Plaintiffs timely submitted claims for the services they provided to

20 Patient 148.

21 •       On March 16, 2012, June 29, 2012 and July 23, 2012 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and

22 Polysomnography.

23 •       On June 29, 2012 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these

24 procedures.

25     (C)    United has not paid for any of the services provided by Plaintiffs to

26 Patient 148.

27     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

28 the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On March 16, 2012, June 29, 2012 and July 23, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 148.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on April 5, 2013, August 5, and August 26, 2013.  In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 148 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 148.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On April 8, April 23, 2013, August 28, 2013 and September 3, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On August 28, 2012, April 20, 2013, July 20, 2013, August 2, 2013 and September 13, 2013, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 148 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 149.** - Defendants Fresenius Kabi USA, LLC, and Fresenius Kabi USA EE Benefit Plan.

(A)     Patient 149 is a beneficiary under the Fresenius Kabi USA EE Benefit Plan.  On October 8, October 22, October 27, October 29, 2012, December 8, December 22, 2012, February 27, 2013, April 24, April 29, 2013 and June 3, 2013, Patient 149 had the following medical procedures performed by Plaintiffs New Life Surgery Center and IMS: Barium Swallow and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 149 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 149.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 149.

•     On January 6, 2013, February 4, 2013, March 13, 2013, June 23, 2013, August 3, and August 5, 2013 and September 13, 2013, Plaintiff IMS

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

submitted claims for its professional Barium Swallow and Laparoscopic Gastric Band Adjustment.

- On July 4, 2013 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)    United has not paid for any of the services provided by Plaintiffs to Patient 149.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 27, 2012, December 8, 2012, April 24, and April 29, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 149. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on August 5, 2013, September 4, 2013, and September 6, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 149 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 149.

1    (G)    Despite these requests, neither United nor the Plan ever provided the

2    requested documents to Plaintiffs.

3    (H)    On August 5, 2013 and September 5, 2013, United responded to the

4    Provider Plaintiffs' appeals, as follows:

5    •    Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

6

7    (I)    On September 10, 2013, Plaintiffs called United to inquire about status

8    on pending claims.  United  informed Plaintiffs that more information was needed in

9    order to process the claims.  United's representatives could not tell Plaintiffs what

10    records United was missing.

11    (J)    To date, United continues to refuse to pay the claims for Patient 149 but

12    fails to comply with its obligations under ERISA, including under ERISA Section

13    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14    letters.

15

16    **Patient 150.** - Defendants Fugate Aviation, Inc., and Fugate Enterprises Employee

17    Welfare Benefit Plan.

18    (A)    Patient 150 is a beneficiary under the Fugate Enterprises Employee

19    Welfare Benefit Plan.  On January 24, 2011 and September 1, 2011, Patient 150 had

20    the following medical procedures performed by Plaintiff IMS: Ultrasound,

21    Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and

22    Anesthesia Services.  For each of the procedures, United authorized Patient 150 to

23    receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or

24    United informed Plaintiffs that no authorization was necessary for Plaintiffs to

25    provide the services to Patient 150.

26    (B)    Plaintiffs timely submitted claims for the services they provided to

27    Patient 150.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

- On February 15, 2011, September 9, 2011 and January 31, 2013, Plaintiff IMS submitted claims for its professional Ultrasound, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 150 but has refused to pay for the other services provided to Patient 150.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim denied as untimely filing."

- "[United] asked provider to send us more information". This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On February 15, 2011 and September 9, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 150.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 150 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 150.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On July 31, 2013 and November 4, 2013, Plaintiffs called United to inquire about status on pending claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 150 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 151. -** Defendants Future Electronics Corp., and Future Electronics Corp. Group Insurance Plan.

(A)     Patient 151 is a beneficiary under the Future Electronics Corp. Group Insurance Plan.  On August 7, August 27, August 28, 2011 and October 5, 2011, Patient 151 had the following medical procedures performed by Plaintiffs East Bay Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound, Polysomnography, CPAP Titration and Laparoscopic Cholecystectomy.  For each of the procedures, United authorized Patient 151 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 151.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 151.

- On September 2, September 8, 2011, October 12, 2011, January 6, and January 23, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, CPAP Titration and Laparoscopic Cholecystectomy.

- On January 23, 2012, Plaintiff East Bay Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 151 but has refused to pay for the other services provided to Patient 151.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On September 2, September 27, 2011, October 12, 2011, January 6, and January 23, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 151.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 151 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 151.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On April 26, 2012 and June 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 151 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2   letters.

3

4   **Patient 152.** - Defendants G4S Secure Solutions, Inc., and Welfare Trust for G4S

5   Secure Solutions USA Inc. and Affiliates.

6       (A)   Patient 152 is a beneficiary under the Welfare Trust for G4S Secure

7   Solutions USA Inc. and Affiliates.  On December 19, 2010, Patient 152 had the

8   following medical procedures performed by Plaintiffs Modern Institute Of Plastic

9   Surgery: Polysomnography.  For each of the procedures, United authorized Patient

10   152 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

11   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

12   services to Patient 152.

13       (B)   Plaintiffs timely submitted claims for the services they provided to

14   Patient 152.

15       •   On January 25, 2011, Plaintiff Modern Institute Of Plastic Surgery
16         submitted a claim for its facility services in connection with these procedures.

17       (C)   United has not paid for any of the services provided by Plaintiffs to

18   Patient 152.

19       (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

20   the following grounds:

21       •   "Unable to process [the claim] at this time. Please refer to our
22         correspondence indicating the additional information necessary to complete the processing of your claim."

23       •   "[United] asked provider to send us more information" and that it would
24         "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

25       •   "The medical documentation that was submitted with this claim has
26         been forwarded for review. We will process this claim when the review has been completed."

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On January 25, 2011 and February 28, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 152.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 14, 2011, October 22, 2011 and February 28, 2012.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 152 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 152.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On February 28, 2011 and May 26, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 152 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 153.** - Defendants Gap, Inc., and Gap Inc. Health and Life Plan.

(A)     Patient 153 is a beneficiary under the Gap Inc. Health and Life Plan.  On October 14, 2010, Patient 153 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

1  procedures, United authorized Patient 153 to receive these pre-operative tests at

2  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

3  necessary for Plaintiffs to provide the services to Patient 153.

4       (B)     Plaintiffs timely submitted claims for the services they provided to

5  Patient 153.

6       •     On January 18, 2011, Plaintiff IMS submitted claims for its professional Polysomnography.

7       •     On January 18, 2011, Plaintiff Modern Institute Of Plastic Surgery

8  submitted a claim for its facility services in connection with these procedures.

9

10       (C)     United has paid for some of the services provided by Plaintiffs to Patient

11  153 but has refused to pay for the other services provided to Patient 153.

12       (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

13  the following grounds:

14       •     Proof of Facility Licensure or Hospital Affiliation is required

15       •     Requested info not received or Incomplete

16       (E)     On January 18, 2011, Plaintiffs submitted all the medical records for the

17  services provided to Patient 153.  In addition medical records were sent with appeals

18  when the denial reason was lack of and/or incomplete records.

19       (F)     Plaintiffs also appealed the denial of the claims on July 27, 2011 and

20  October 24, 2011.  In connection with those appeals, Plaintiffs made multiple

21  requests for documents that the Plan was obligated to provide under ERISA,

22  including requests for a full and complete copy of the Medical Plan for Patient 153

23  and other instruments under which the Plan is established or operated, including, but

24  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

25  and/or schedules upon which payment was calculated.  The sample letters that are

26  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

27  document requests that were made on behalf of Patient 153.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On October 31, 2011 and November 1, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On April 22, and April 26, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 153 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 154.** - Defendants General Electric Company and GE Global Health Plan.

(A)    Patient 154 is a beneficiary under the GE Global Health Plan.  On October 4, 2010, Patient 154 had the following medical procedures performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized Patient 154 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 154.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 154.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- On November 10, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 154 but has refused to pay for the other services provided to Patient 154.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 154.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 18, 2011 and August 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 154 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 154.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)    On May 11, 2011 and June 16, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On February 22, 2011 and April 14, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 154 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 155.** - Defendants General Parts, Inc., and General Parts, Inc. Employee Benefits Plan Medical Insurance.

(A)    Patient 155 is a beneficiary under the General Parts, Inc. Employee Benefits Plan Medical Insurance.  On June 9, 2009, Patient 155 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 155 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 155.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 155.

- On June 17, 2009, Plaintiff IMS submitted claims for its professional Ultrasound.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has under paid for the service provided by Plaintiffs to Patient 155.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- This claim has already been processed and the allowable amount was applied to the yearly deductible

(E)     On July 12, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 155.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 7, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 155 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 155.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 20, 2011 and September 9, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(I)     On April 27, 2010, Plaintiffs called United to inquire about status on pending claims. The allowed amount was applied to patient deductible.

(J)     To date, United continues to refuse to pay the claims for Patient 155 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 156.** - Defendants Genon Energy Services, LLC, and Genon Energy Group Welfare Benefits Plan.

(A)     Patient 156 is a beneficiary under the Genon Energy Group Welfare Benefits Plan.  On December 14, 2011, Patient 156 had the following medical procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 156 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 156.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 156.

- On January 5, 2012, Plaintiff IMS submitted claims for its professional Endoscopy.

- On January 5, 2012 Plaintiff Orange Grove Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 156 but has refused to pay for the other services provided to Patient 156.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

269

(E)     On January 5, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 156.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 156 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 156.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 156 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 157. -** Defendants Genpact Process Solutions, LLC, and Genpact Welfare Benefit Plan.

(A)     Patient 157 is a beneficiary under the Genpact Welfare Benefit Plan.  On February 2, 2011, Patient 157 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 procedures, United authorized Patient 157 to receive these pre-operative tests at
2 Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was
3 necessary for Plaintiffs to provide the services to Patient 157.

4     (B)    Plaintiffs timely submitted claims for the services they provided to
5 Patient 157.

6     •   On February 23, 2011, Plaintiff IMS submitted claims for its professional Polysomnography.

7
8     •   On February 23, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

9

10     (C)    United has paid for some of the services provided by Plaintiffs to Patient
11 157 but has refused to pay for the other services provided to Patient 157.

12     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on
13 the following grounds:

14     •   Claim denied stating as "NEED MISSING INVALID ON THE CLAIM FORM LOCATION WHERE SERVICE RENDERED"

15
16     •   Claim denied stating as "LOCATION WHERE SERVICES WERE GIVEN; IF HOSPITAL: INPATIENT/OUTPATIENT"

17     (E)    On February 23, 2011, Plaintiffs submitted all the medical records for
18 the services provided to Patient 157.  In addition medical records were sent with
19 appeals when the denial reason was lack of and/or incomplete records.

20     (F)    Plaintiffs also appealed the denial of the claims on at least October 25,
21 2011.  In connection with those appeals, Plaintiffs made multiple requests for
22 documents that the Plan was obligated to provide under ERISA, including requests
23 for a full and complete copy of the Medical Plan for Patient 157 and other
24 instruments under which the Plan is established or operated, including, but not
25 limited to, the internal policies, guidelines, formulas, procedures, methodologies,
26 and/or schedules upon which payment was calculated.  The sample letters that are
27 attached as Exhibits A and Exhibit B to this Complaint sets forth the specific
28 document requests that were made on behalf of Patient 157.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On June 2, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 157 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 158.** - Defendants Georg Fischer Signet, LLC, and Georg Fischer Employee Benefit Plan.

(A)    Patient 158 is a beneficiary under the Georg Fischer Employee Benefit Plan.  On February 5, and February 22, 2011, Patient 158 had the following medical procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy and Polysomnography.  For each of the procedures, United authorized Patient 158 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 158.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 158.

- On February 11, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

- On February 5, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On February 22, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On April 19, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 158  but has refused to pay for the other services provided to Patient 158.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)   On February 5, February 11, February 22, 2011 and April 19, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 158. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 158  and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 158.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On August 31, 2011, September 16, 2011, September 29, 2011 and June 30, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   (I)   Plaintiffs called United to inquire about status on pending claims.

2   United  informed Plaintiffs that more information was needed in order to process the

3   claims.  United's representatives could not tell Plaintiffs what records United was

4   missing.

5   (J)   To date, United continues to refuse to pay the claims for Patient 158  but

6   fails to comply with its obligations under ERISA, including under ERISA Section

7   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8   letters.

9

10   **Patient 159.** - Defendants Georgia-Pacific, LLC, and Georgia-Pacific LLC

11   Lifechoices Benefits Program for Salaried and Salaried Benefits Eligible Employees.

12   (A)   Patient 159 is a beneficiary under the Georgia-Pacific LLC Lifechoices

13   Benefits Program for Salaried and Salaried Benefits Eligible Employees.  On July 12,

14   2009, Patient 159 had the following medical procedures performed by Plaintiff IMS:

15   Medical Consultation. For each of the procedures, United authorized Patient 159 to

16   receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

17   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

18   Patient 159.

19   (B)   Plaintiffs timely submitted claims for the services they provided to

20   Patient 159.

21   •   On July 20, 2009, Plaintiff IMS submitted claims for its professional
    Medical Consultation.

22

23   (C)   United has paid for some of the services provided by Plaintiffs to Patient

24   159 but has refused to pay for the other services provided to Patient 159.

25   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

26   the following grounds:

27   •   The physician or health care provider is not a network provider, but has
    accepted a reduction in charges on this claim through Multiplan. The

28   member is responsible for the total amount indicated.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   (E)   On July 20, 2009, Plaintiffs submitted all the medical records for the

2   services provided to Patient 159.  In addition medical records were sent with appeals

3   when the denial reason was lack of and/or incomplete records.

4   (F)   Plaintiffs also appealed the denial of the claims on at least July 21, 2011.

5   In connection with those appeals, Plaintiffs made multiple requests for documents

6   that the Plan was obligated to provide under ERISA, including requests for a full and

7   complete copy of the Medical Plan for Patient 159 and other instruments under which

8   the Plan is established or operated, including, but not limited to, the internal policies,

9   guidelines, formulas, procedures, methodologies, and/or schedules upon which

10   payment was calculated.  The sample letters that are attached as Exhibits A and

11   Exhibit B to this Complaint sets forth the specific document requests that were made

12   on behalf of Patient 159.

13   (G)   Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15   (H)   United has not responded to Plaintiffs' submitted appeals.

16   (I)   On May 27, 2011, Plaintiffs called United to inquire about status on

17   pending claims.

18   (J)   To date, United continues to refuse to pay the claims for Patient 159 but

19   fails to comply with its obligations under ERISA, including under ERISA Section

20   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21   letters.

22

23   **Patient 160. -** Defendants GF Health Products, Inc., and GF Health Products Inc.

24   Plan.

25   (A)   Patient 160 is a beneficiary under the GF Health Products Inc. Plan.  On

26   August 11, 2009, Patient 160 had the following medical procedures performed by

27   Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 160

28   to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

2   services to Patient 160.

3     (B)  Plaintiffs timely submitted claims for the services they provided to

4   Patient 160.

5       •  On March 23, 2010 Plaintiff IMS submitted claims for its professional
Ultrasound.

6

7     (C)  United has paid for some of the services provided by Plaintiffs to Patient

8   160 but has refused to pay for the other services provided to Patient 160.

9     (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

10  the following grounds:

11      •  No EOB'S received.

12    (E)  On March 23, 2010, Plaintiffs submitted all the medical records for the

13  services provided to Patient 160.  In addition medical records were sent with appeals

14  when the denial reason was lack of and/or incomplete records.

15    (F)  Plaintiffs also appealed the denial of the claims.  In connection with

16  those appeals, Plaintiffs made multiple requests for documents that the Plan was

17  obligated to provide under ERISA, including requests for a full and complete copy of

18  the Medical Plan for Patient 160 and other instruments under which the Plan is

19  established or operated, including, but not limited to, the internal policies, guidelines,

20  formulas, procedures, methodologies, and/or schedules upon which payment was

21  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

22  Complaint sets forth the specific document requests that were made on behalf of

23  Patient 160.

24    (G)  Despite these requests, neither United nor the Plan ever provided the

25  requested documents to Plaintiffs.

26    (H)  United has not responded to Plaintiffs' submitted appeals.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

APPENDIX "A"

1     (I)    On March 21, 2012, Plaintiffs called United to inquire about status on

2 pending claims.  United informed Plaintiffs that more information was needed in

3 order to process the claim.

4     (J)    To date, United continues to refuse to pay the claims for Patient 160 but

5 fails to comply with its obligations under ERISA, including under ERISA Section

6 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7 letters.

8

9 **Patient 161.** - Defendants GlaxoSmithKline, LLC, and GlaxoSmithKline Health and

10 Welfare Benefits Plan for US Employees.

11     (A)    Patient 161 is a beneficiary under the GlaxoSmithKline Health and

12 Welfare Benefits Plan for US Employees.  On January 19, 2011, June 8, 2011,

13 February 12, 2013, March 23, 2013 and May 23, 2013, Patient 161 had the following

14 medical procedures performed by Valley Surgical Center and Plaintiffs Orange

15 Grove Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound, Laparoscopic

16 Gastric Banding, Fluoroscopy and Laparoscopic Gastric Band Adjustment.  For each

17 of the procedures, United authorized Patient 161 to receive these pre-operative tests

18 and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

19 authorization was necessary for Plaintiffs to provide the services to Patient 161.

20     (B)    Plaintiffs timely submitted claims for the services they provided to

21 Patient 161.

22     •    On January 28, 2011, June 26, 2013 and July 4, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Laparoscopic Gastric Banding, Fluoroscopy and Laparoscopic Gastric Band Adjustment.

24
25     •    On February 20, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

26     •    On August 5, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On February 21, 2013, Plaintiff Orange Grove Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)  United has paid for some of the services provided by Plaintiffs to Patient 161 but has refused to pay for the other services provided to Patient 161.

(D)  United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)  On January 28, 2011, February 20, 2011, August 5, 2011, February 21, 2013, June 26, 2013 and July 4, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 161.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)  Plaintiffs also appealed the denial of the claims on June 11, 2011, July 1, 2011 and September 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 161 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 161.

(G)  Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

278

(H)    On July 4, 2011, July 5, 2011 and December 16, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On April 15, April 21, 2011, May 5, 2011, October 3, 2011, November 16, 2011, February 27, 2012, September 27, 2012, May 9, May 29, 2013, August 13, 2013 and September 19, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 161 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 162.** - **Defendants GP Strategies Corporation and GP Strategies Corporation Welfare Benefit Plan.**

(A)    Patient 162 is a beneficiary under the GP Strategies Corporation Welfare Benefit Plan.  On October 8, 2011, August 11, 2012, October 9, 2012, November 1, 2012, February 11, and February 12, 2013, Patient 162 had the following medical procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center and IMS: Fluoroscopy and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 162 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 162.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 162.

- On July 22, 2011, December 7, 2011, November 1, November 15, 2012, and March 11, 2013, Plaintiff IMS submitted claims for its professional Fluoroscopy and Laparoscopic Gastric Band Adjustment.

- On March 11, 2013, Plaintiff Orange Grove Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 162 but has refused to pay for the other services provided to Patient 162.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On December 7, 2011, November 1, November 15, 2012, March 11, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 162.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 26, July 29, 2013, August 7, August 14, August 20, August 27, August 29, 2013, September 6, and September 12, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 162 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

280

APPENDIX "A"

and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 162.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 30, 2013, August 14, August 15, August 26, August 28, and August 29, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On November 1, 2012, December 1, 2012, April 5, 2013, May 23, 2013, August 1, August 26, 2013, September 4, September 30, 2013, and October 17, 2013, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 162 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 163. -** Defendants Great-West Life & Annuity Insurance Company and Great-West Life & Ann Ins Flexible Benefit Plan.

(A)     Patient 163 is a beneficiary under Great-West Life & Ann Ins Flexible Benefit Plan.  On October 20, 2012, Patient 163 had the following medical procedures performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized Patient 163 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 163.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 163.

- On January 31, 2013, Plaintiff IMS submitted claims for its professional Polysomnography.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 163 but has refused to pay for the other services provided to Patient 163.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On September 20, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 163.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 163 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 163.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On September 20, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 163 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 164.** - Defendants Greenberg Traurig, PA, and Greenberg Traurig, PA Group Health Insurance Plan for Employees.

(A)     Patient 164 is a beneficiary under the Greenberg Traurig, PA Group Health Insurance Plan for Employees.  On January 28, 2013, Patient 164 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 164 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 164.

(B)     Plaintiffs submitted claims for the services they provided to Patient 164.

- On January 31, 2013 Plaintiff IMS submitted claims for its professional Consultation.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 164 but has refused to pay for the other services provided to Patient 164.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 27, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 164.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on September 20, 2013. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   complete copy of the Medical Plan for Patient 164 and other instruments under which

2   the Plan is established or operated, including, but not limited to, the internal policies,

3   guidelines, formulas, procedures, methodologies, and/or schedules upon which

4   payment was calculated.  The sample letters that are attached as Exhibits A and

5   Exhibit B to this Complaint sets forth the specific document requests that were made

6   on behalf of Patient 164.

7        (G)   Despite these requests, neither United nor the Plan ever provided the

8   requested documents to Plaintiffs.

9        (H)   On September 25, 2013, United responded to the Provider Plaintiffs'

10  appeals, as follows:

11      •   Initially, United provided acknowledgement that appeal was received
        and United would respond within 30 days.

12

13      (I)   On September 20, 2013, Plaintiffs called United to inquire about status

14  on pending claims. "Claim was received a year after dated of service and therefore is

15  being denied for untimely filing.".

16      (J)   To date, United continues to refuse to pay the claims for Patient 164 but

17  fails to comply with its obligations under ERISA, including under ERISA Section

18  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19  letters.

20

21  **Patient 165.** - Defendants Greystar Management Services, LP, and Greystar

22  Management Services, LLP Plan.

23      (A)   Patient 165 is a beneficiary under the Greystar Management Services,

24  LLP Plan.  On November 2, November 5, November 14, 2011, June 2, 2012, July 28,

25  2012, October 19, 2012 and December 10, 2012, Patient 165 had the following

26  medical procedures performed by Plaintiffs Ciro Surgery Center and IMS:

27  Endoscopy, Polysomnography, CPAP Titration, Laparoscopic Gastric Band

28  Adjustment and Anesthesia Services.  For each of the procedures, United authorized

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Patient 165 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

2   United informed Plaintiffs that no authorization was necessary for Plaintiffs to

3   provide the services to Patient 165.

4       (B)    Plaintiffs timely submitted claims for the services they provided to

5   Patient 165.

- On December 26, 2012, September 24, 2012, October 28, 2012, January 4, 2013 and August 24, 2012 Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, CPAP Titration, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On September 24, 2012 Plaintiff Ciro Surgery Center submitted a claim for its facility services in connection with these procedures.

10       (C)    United has paid for some of the services provided by Plaintiffs to Patient

11   165 but has refused to pay for the other services provided to Patient 165.

12       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

13   the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

21       (E)    On January 28, 2013, September 24, 2012, April 8, 2013, January 30,

22   2013 and January 29, 2013, Plaintiffs submitted all the medical records for the

23   services provided to Patient 165.  In addition medical records were sent with appeals

24   when the denial reason was lack of and/or incomplete records.

25       (F)    Plaintiffs also appealed the denial of the claims on July 30, 2013, August

26   29, August 30, 2013, September 10, 2013, and November 11, 2013.  In connection

27   with those appeals, Plaintiffs made multiple requests for documents that the Plan was

28   obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1 the Medical Plan for Patient 165 and other instruments under which the Plan is

2 established or operated, including, but not limited to, the internal policies, guidelines,

3 formulas, procedures, methodologies, and/or schedules upon which payment was

4 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5 Complaint sets forth the specific document requests that were made on behalf of

6 Patient 165.

7      (G)     Despite these requests, neither United nor the Plan ever provided the

8 requested documents to Plaintiffs.

9      (H)     On September 3, 2013, United responded to the Provider Plaintiffs'

10 appeals, as follows:

11      •     Initially, United provided acknowledgement that appeal was received
     and United would respond within 30 days.

12

13      (I)     On February 14, February 15, 2013, March 23, 2013, July 5, 2013,

14 August 26, August 31, 2013, and September 6, 2013, Plaintiffs called United to

15 inquire about status on pending claims.  United acknowledged receiving medical

16 records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

17 information was needed in order to process the claims.  United's representatives

18 could not tell Plaintiffs what records United was missing.

19      (J)     To date, United continues to refuse to pay the claims for Patient 165 but

20 fails to comply with its obligations under ERISA, including under ERISA Section

21 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22 letters.

23

24 **Patient 166. -** Defendants GTech Corporation and GTech Corporation Participant

25 Benefit Plan.

26      (A)     Patient 166 is a beneficiary under the GTech Corporation Participant

27 Benefit Plan.  On February 18, 2010, Patient 166 had the following medical

28 procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   each of the procedures, United authorized Patient 166 to receive these pre-operative

2   tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

3   authorization was necessary for Plaintiffs to provide the services to Patient 166.

4       (B)    Plaintiffs timely submitted claims for the services they provided to

5   Patient 166.

6       •    On March 10, 2010 Plaintiffs IMC submitted claims for its professional Endoscopy.

7       •    On March 10, 2010 Plaintiffs Beverly Hills Surgery Center submitted a

8   claim for its facility services in connection with these procedures.

9       (C)    United has paid for some of the services provided by Plaintiffs to Patient

10   166 but has refused to pay for the other services provided to Patient 166.

11       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

12   the following grounds:

13       •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

14   complete the processing of your claim."

15       (E)    On March 10, 2010, Plaintiffs submitted all the medical records for the

16   services provided to Patient 166.  In addition medical records were sent with appeals

17   when the denial reason was lack of and/or incomplete records.

18       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

19   those appeals, Plaintiffs made multiple requests for documents that the Plan was

20   obligated to provide under ERISA, including requests for a full and complete copy of

21   the Medical Plan for Patient 166 and other instruments under which the Plan is

22   established or operated, including, but not limited to, the internal policies, guidelines,

23   formulas, procedures, methodologies, and/or schedules upon which payment was

24   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

25   Complaint sets forth the specific document requests that were made on behalf of

26   Patient 166.

27       (G)    Despite these requests, neither United nor the Plan ever provided the

28   requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1   (H)   On February 25, 2011, May 9, May 10, 2011, and November 1, 2011,

2   United responded to the Provider Plaintiffs' appeals, as follows:

3   •   Initially, United provided acknowledgement that appeal was received
        and United would respond within 30 days.

4

5   (I)   On May 19, 2011, Plaintiffs called United to inquire about status on

6   pending claims.  United acknowledged receiving medical records / provider W-9's

7   from Plaintiffs.

8   (J)   To date, United continues to refuse to pay the claims for Patient 166 but

9   fails to comply with its obligations under ERISA, including under ERISA Section

10  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

11  letters.

12

13  **Patient 167.** - Defendants HD Supply, Inc., and HD Supply Health and Welfare

14  Program.

15  (A)   Patient 167 is a beneficiary under the HD Supply Health and Welfare

16  Program.  On May 1, 2011 and May 14, 2011, Patient 167 had the following medical

17  procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of

18  Plastic Surgery and IMS: Endoscopy, Polysomnography and Anesthesia Services.

19  For each of the procedures, United authorized Patient 167 to receive these pre-

20  operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

21  authorization was necessary for Plaintiffs to provide the services to Patient 167.

22  (B)   Plaintiffs timely submitted claims for the services they provided to

23  Patient 167.

24  •   On July 18, 2011 Plaintiff IMS submitted claims for its professional
        Endoscopy, Polysomnography and Anesthesia Services.

25  •   On August 11, 2011 Valley Surgical Center submitted a claim for its
        facility services in connection with these procedures.

26

27  •   On July 6, 2011 Plaintiffs Modern Institute of Plastic Surgery submitted
        a claim for its facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 167 but has refused to pay for the other services provided to Patient 167.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On July 6, 2011, July 18, 2011, and August 11, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 167.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least February 18, 2013 and October 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 167 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 167.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On February 20, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On June 25, 2013, September 26, 2012, April 17, 2012 and April 18, 2012, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 167 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 168.** - Defendants Health Inventures, LLC, and Health Inventures Health and Wellness Benefit Plan.

(A)     Patient 168 is a beneficiary under the Health Inventures Health and Wellness Benefit Plan.  On June 26, 2010 and July 1, 2010 Patient 168 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Endoscopy and Polysomnography.  For each of the procedures, United authorized Patient 168 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 168.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 168 submitted claims for its professional Endoscopy and Polysomnography.

- On December 10, 2010 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On September 23, 2010 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 168 but has refused to pay for the other services provided to Patient 168.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On December 10, 2010 and September 23, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 168.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on July 18, 2011, July 28, 2011, August 24, 2011, June 16, 2011, June 28, 2011, July 19, 2011, September 2, 2011 and September 6, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 168 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 168.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On October 28, 2011, August 19, 2011, August 15, 2011, September 27, 2011, October 28, 2011, January 31, 2012, September 16, 2011 and January 5, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On March 22, 2013, January 24, 2012, February 9, 2012, May 27, 2011 and August 23, 2010, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 168 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 169.** - Defendants Healthcare Partners Medical Group, Inc., and Healthcare Partners Medical Group, Inc. Welfare Benefit Plan.

(A)     Patient 169 is a beneficiary under the Healthcare Partners Medical Group, Inc. Welfare Benefit Plan.  On July 24, 2010, Patient 169 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 169 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 169.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 169.

- On April 11, 2011, Plaintiff IMS submitted claims for its professional Polysomnography.
- On April 11, 2011 Plaintiffs submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (C)   United has paid for some of the services provided by Plaintiffs to Patient

2   173 but has refused to pay for the other services provided to Patient 169.

3   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

4   the following grounds:

5   • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

6   complete the processing of your claim."

7   (E)   On April 11, 2011, Plaintiffs submitted all the medical records for the

8   services provided to Patient 173.  In addition medical records were sent with appeals

9   when the denial reason was lack of and/or incomplete records.

10   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

11   those appeals, Plaintiffs made multiple requests for documents that the Plan was

12   obligated to provide under ERISA, including requests for a full and complete copy of

13   the Medical Plan for Patient 169 and other instruments under which the Plan is

14   established or operated, including, but not limited to, the internal policies, guidelines,

15   formulas, procedures, methodologies, and/or schedules upon which payment was

16   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

17   Complaint sets forth the specific document requests that were made on behalf of

18   Patient 169.

19   (G)   Despite these requests, neither United nor the Plan ever provided the

20   requested documents to Plaintiffs.

21   (H)   United has not responded to Plaintiffs' submitted appeals.

22   (I)   On May 19, 2011, Plaintiffs called United to inquire about status on

23   pending claims.  United acknowledged receiving medical records / provider W-9's

24   from Plaintiffs.

25   (J)   To date, United continues to refuse to pay the claims for Patient 169 but

26   fails to comply with its obligations under ERISA, including under ERISA Section

27   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28   letters.

1   **Patient 170.** - Defendants Heartland Automotive Services, Inc., and Heartland

2   Automotive Services, Inc. Group Medical and Life Plan.

3       (A)    Patient 170 is a beneficiary under the Heartland Automotive Services,

4   Inc. Group Medical and Life Plan.  On August 31, 2010, Patient 170 had the

5   following medical procedures performed by Plaintiffs Valencia Ambulatory Surgery

6   Center and IMS: Endoscopy.  For each of the procedures, United authorized Patient

7   170 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

8   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

9   services to Patient 170.

10       (B)    Plaintiffs timely submitted claims for the services they provided to

11   Patient 170.

12       •    On September 11, 2010 Plaintiff IMS submitted claims for its
professional Endoscopy.

13       •    On September 10, 2010 Plaintiffs Valencia Ambulatory Surgery Center

14   submitted a claim for its facility services in connection with these procedures.

15

16       (C)    United has paid for some of the services provided by Plaintiffs to Patient

17   170 but has refused to pay for the other services provided to Patient 170.

18       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

19   the following grounds:

20       •    "Claim denied as member has already met maximum allowable benefit."

21       (E)    On September 10, and September 11, 2010, Plaintiffs submitted all the

22   medical records for the services provided to Patient 170.  In addition medical records

23   were sent with appeals when the denial reason was lack of and/or incomplete records.

24       (F)    Plaintiffs also appealed the denial of the claims on June 11, 2011.  In

25   connection with those appeals, Plaintiffs made multiple requests for documents that

26   the Plan was obligated to provide under ERISA, including requests for a full and

27   complete copy of the Medical Plan for Patient 170 and other instruments under which

28   the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  guidelines, formulas, procedures, methodologies, and/or schedules upon which

2  payment was calculated.  The sample letters that are attached as Exhibits A and

3  Exhibit B to this Complaint sets forth the specific document requests that were made

4  on behalf of Patient 170.

5       (G)    Despite these requests, neither United nor the Plan ever provided the

6  requested documents to Plaintiffs.

7       (H)    United has not responded to Plaintiffs' submitted appeals.

8       (I)    On October 18, 2011 and May 11, 2012, Plaintiffs called United to

9  inquire about status on pending claims.  United acknowledged receiving medical

10  records / provider W-9's from Plaintiffs.

11       (J)    To date, United continues to refuse to pay the claims for Patient 170 but

12  fails to comply with its obligations under ERISA, including under ERISA Section

13  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14  letters.

15

16  **Patient 171.** - Defendants Hewlett-Packard Company and Hewlett-Packard Company

17  Health Maintenance Organization Program.

18       (A)    Patient 171 is a beneficiary under the Hewlett-Packard Company Health

19  Maintenance Organization Program.  On April 9, 2011, May 7, 2011 and May 28,

20  2011, Patient 171 had the following medical procedures performed by Valley

21  Surgical Center and Plaintiffs Modern Institute Of Plastic Surgery and IMS:

22  Endoscopy, Ultrasound, Polysomnography and CPAP Titration.  For each of the

23  procedures, United authorized Patient 171 to receive these pre-operative tests at

24  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

25  necessary for Plaintiffs to provide the services to Patient 171.

26       (B)    Plaintiffs timely submitted claims for the services they provided to

27  Patient 171.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On April 27, 2011 and May 31, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and CPAP Titration.

- On September 7, 2011 Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On July 6, 2011 and October 20, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)   United has not paid for any of the services provided by Plaintiffs to Patient 171.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On April 27, 2011, May 31, 2011, July 6, 2011, September 7, 2011, October 20, 2011 and July 17, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 171.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least September 10, and September 19, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 171 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2   document requests that were made on behalf of Patient 171.

3       (G)    Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)    On August 9, 2011, October 3, 2011, November 8, 2011, December 13,

6   2011, January 27, 2012, October 18, 2011 and February 27, 2013, United responded

7   to the Provider Plaintiffs' appeals, as follows:

8   • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

9
10  • Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

11
12

13      (I)    On March 8, 2012, August 21, 2012, August 23, 2012, August 31, 2012

14  and January 27, 2013, Plaintiffs called United to inquire about status on pending

15  claims.  United acknowledged receiving medical records / provider W-9's from

16  Plaintiffs.  United informed Plaintiffs that more information was needed in order to

17  process the claims.  United's representatives could not tell Plaintiffs what records

18  United was missing.

19      (J)    To date, United continues to refuse to pay the claims for Patient 171 but

20  fails to comply with its obligations under ERISA, including under ERISA Section

21  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22  letters.

23

24  **Patient 172.** - Defendants Hoffman-La Roche, Inc., and Medical Plan of Hoffman-La

25  Roche Inc.

26      (A)    Patient 172 is a beneficiary under the Medical Plan of Hoffman-La

27  Roche Inc.  On January 31, 2013 and February 2, 2013, Patient 172 had the following

28  medical procedures performed by Plaintiffs East Bay Ambulatory Surgery Center and

1   IMS: Endoscopy and Polysomnography.  For each of the procedures, United

2   authorized Patient 172 to receive these pre-operative tests at Plaintiffs' surgery

3   centers and/or United informed Plaintiffs that no authorization was necessary for

4   Plaintiffs to provide the services to Patient 172.

5   (B)   Plaintiffs timely submitted claims for the services they provided to

6   Patient 172.

7   • On May 7, 2013 and May 17, 2013 Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

8   • On May 8, 2013 East Bay Ambulatory submitted claims for its facility fees.

9

10   (C)   United has not paid for any of the services provided by Plaintiffs to

11   Patient 172.

12   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

13   the following grounds:

14   • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

15

16   • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

17

18   • "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

19

20

21   (E)   On May 23, 2013 and May 29, 2013, Plaintiffs submitted all the medical

22   records for the services provided to Patient 172.  In addition medical records were

23   sent with appeals when the denial reason was lack of and/or incomplete records.

24   (F)   Plaintiffs also appealed the denial of the claims on July 3, 2013 and

25   September 26, 2013.  In connection with those appeals, Plaintiffs made multiple

26   requests for documents that the Plan was obligated to provide under ERISA,

27   including requests for a full and complete copy of the Medical Plan for Patient 172

28   and other instruments under which the Plan is established or operated, including, but

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2   and/or schedules upon which payment was calculated.  The sample letters that are

3   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4   document requests that were made on behalf of Patient 172.

5   (G)   Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7   (H)   On August 6, 2013 and August 28, 2013, United responded to the

8   Provider Plaintiffs' appeals, as follows:

9   • Subsequently, however, United informed the Plaintiffs that their appeals
   were denied due to a lack of patient authorization. This was even though

10   Plaintiffs had previously demonstrated that they held a valid assignment
   of benefits from the patient that authorized Plaintiffs to make appeals on

11   behalf of the patient.

12   (I)   On June 5, 2013, September 10, and September 30, 2013, Plaintiffs

13   called United to inquire about status on pending claims.  United acknowledged

14   receiving medical records, provider W-9's from Plaintiffs.  United informed

15   Plaintiffs that more information was needed in order to process the claims.  United's

16   representatives could not tell Plaintiffs what records United was missing.

17   (J)   To date, United continues to refuse to pay the claims for Patient 172 but

18   fails to comply with its obligations under ERISA, including under ERISA Section

19   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20   letters.

21

22   **Patient 173.** - Defendants Hogg Robinson USA, LLC, and HRG North America

23   Welfare Plan.

24   (A)   Patient 173 is a beneficiary under the HRG North America Welfare

25   Plan.  On October 23, October 27, 2010, March 1, 2011 and January 29, 2011,

26   Patient 173  had the following medical procedures performed by Valley Surgical

27   Center and Plaintiff IMS: Endoscopy, Ultrasound, Laparoscopic Gastric Banding and

28   Laparoscopic Gastric Band Adjustment.  For each of the procedures, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  authorized Patient 173 to receive these pre-operative tests and Surgeries at Plaintiffs'

2  surgery centers and/or United informed Plaintiffs that no authorization was necessary

3  for Plaintiffs to provide the services to Patient 173.

4    (B)    Plaintiffs timely submitted claims for the services they provided to

5  Patient 173.

- On November 24, 2010, December 23, 2010, January 14, 2011, February 4, 2011 and March 3, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On November 10, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

10    (C)    United has paid for some of the services provided by Plaintiffs to Patient

11  173  but has refused to pay for the other services provided to Patient 173.

12    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

13  the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

21    (E)    On November 10, November 24, 2010, December 23, 2010, March 3,

22  2011 and February 4, 2011, Plaintiffs submitted all the medical records for the

23  services provided to Patient 173.  In addition medical records were sent with appeals

24  when the denial reason was lack of and/or incomplete records.

25    (F)    Plaintiffs also appealed the denial of the claims on June 8, June 11, June

26  15, June 21, June 23, 2011, July 26, 2011 and September 14, 2011.  In connection

27  with those appeals, Plaintiffs made multiple requests for documents that the Plan was

28  obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  the Medical Plan for Patient 173  and other instruments under which the Plan is

2  established or operated, including, but not limited to, the internal policies, guidelines,

3  formulas, procedures, methodologies, and/or schedules upon which payment was

4  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5  Complaint sets forth the specific document requests that were made on behalf of

6  Patient 173.

7         (G)     Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9         (H)     On January 7, 2011, July 18, 2011, September 12, September 28,

10 September 29, 2011, and February 22, 2013, United responded to the Provider

11 Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

17        (I)     On May 19, 2011, February 9, 2011, March 7, 2011 and March 8, 2012,

18 Plaintiffs called United to inquire about status on pending claims.  United

19 acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

20 informed Plaintiffs that more information was needed in order to process the claims.

21        (J)     To date, United continues to refuse to pay the claims for Patient 173 but

22 fails to comply with its obligations under ERISA, including under ERISA Section

23 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24 letters.

25

26 **Patient 174.** - Defendants Honeywell International, Inc., and Honeywell

27 International Inc. Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A)    Patient 174 is a beneficiary under the Honeywell International Inc. Benefit Plan.  On June 12, 2009, Patient 174 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding.  For each of the procedures, United authorized Patient 174 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 174.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 174.

- On June 30, 2009 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 174 but has refused to pay for the other services provided to Patient 174.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)    On June 30, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 174.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 174 and other instruments under which the Plan was established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 174.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On August 13, 2009, September 1, 2009, April 26, 2010, and June 13, 2011, Plaintiffs called United to inquire about status on pending claims.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 174 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 175.** - Defendants Hotels AB, LLC, and The Standard/Hotels AB Welfare Benefit Plan.

(A)    Patient 175 is a beneficiary under The Standard/Hotels AB Welfare Benefit Plan.  On July 27, 2010, Patient 175 had the following medical procedures performed by Plaintiff IMS: Consult, Endoscopy, Ultrasound and Anesthesia Services.  For each of the procedures, United authorized Patient 175 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 175.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 175.

- On August 4, August 9, and August 18, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Anesthesia Services.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 175 but has refused to pay for the other services provided to Patient 175.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Balance is in excess of allowed expense."

(E)     On August 4, August 9, and August 18, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 175.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 16, 2011 and July 19, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 175 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 175.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 1, 2011 and August 18, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On September 24, 2012 and December 5, 2013, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 175 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 176.** - Defendants Hot Topic, Inc., and Hot Topic, Inc. Health and Welfare Plan.

(A)    Patient 176 is a beneficiary under the Hot Topic, Inc. Health and Welfare Plan.  On November 25, 2011, December 9, 2011, December 10, 2011 and January 20, 2012, Patient 176 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery, East Bay Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 176 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 176.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 176.

- On March 2, 2012, August 24, 2012 and August 29, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On September 25, 2012, Plaintiff East Bay Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

- On March 2, 2012, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has not paid for any of the services provided by Plaintiffs to Patient 176.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 2, 2012, September 25, 2012, December 28, 2012, January 30, 2013, June 21, 2013 and August 31, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 176.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 21, 2013, July 4, 2013, August 28, 2013 and September 7, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 176 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 176.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On May 24, 2013, June 7, June 24, 2013, July 1, July 30, July 31, 2013, August 3, August 5, August 28, 2013 and September 9, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On March 19, 2012, May 2, 2012, October 23, 2012, February 14, 2013, April 22, 2013, June 25, 2013, July 4, July 12, 2013 and August 29, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  receiving medical records / provider W-9's from Plaintiffs.  United informed

2  Plaintiffs that more information was needed in order to process the claims.  United's

3  representatives could not tell Plaintiffs what records United was missing.

4      (J)     To date, United continues to refuse to pay the claims for Patient 176 but

5  fails to comply with its obligations under ERISA, including under ERISA Section

6  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7  letters.

8

9  **Patient 177. -** Defendants Hugo Boss USA, Inc., and Hugo Boss USA Inc. Wrap

10  Welfare Benefits Plan.

11      (A)     Patient 177 is a beneficiary under the Hugo Boss USA Inc. Wrap

12  Welfare Benefits Plan.  On March 13, 2012, Patient 177 had the following medical

13  procedures performed by Plaintiff IMS: Polysomnography.  For each of the

14  procedures, United authorized Patient 177 to receive these pre-operative tests at

15  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

16  necessary for Plaintiffs to provide the services to Patient 177.

17      (B)     Plaintiffs timely submitted claims for the services they provided to

18  Patient 177.

19      •      On October 9, 2012 Plaintiff IMS submitted claims for its professional
           Polysomnography.

20

21      (C)     United has paid for some of the services provided by Plaintiffs to Patient

22  177 but has refused to pay for the other services provided to Patient 177.

23      (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

24  the following grounds:

25      •      "Unable to process [the claim] at this time. Please refer to our
           correspondence indicating the additional information necessary to

26           complete the processing of your claim."

27      •      "[United] asked provider to send us more information" and that it would
           "process the claim when [it] receive[d] this information." This EOB did

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    not, however, indicate what specific additional information was required

2    for processing that had not previously been submitted with the claim.

3    •    "The medical documentation that was submitted with this claim has
     been forwarded for review. We will process this claim when the review
4    has been completed."

5    (E)    On November 5, 2012 and January 23, 2013, Plaintiffs submitted all the

6    medical records for the services provided to Patient 177. In addition medical records

7    were sent with appeals when the denial reason was lack of and/or incomplete records.

8    (F)    Plaintiffs also appealed the denial of the claims on January 23, 2013,

9    September 5, and September 6, 2013. In connection with those appeals, Plaintiffs

10   made multiple requests for documents that the Plan was obligated to provide under

11   ERISA, including requests for a full and complete copy of the Medical Plan for

12   Patient 177 and other instruments under which the Plan is established or operated,

13   including, but not limited to, the internal policies, guidelines, formulas, procedures,

14   methodologies, and/or schedules upon which payment was calculated. The sample

15   letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

16   specific document requests that were made on behalf of Patient 177.

17   (G)    Despite these requests, neither United nor the Plan ever provided the

18   requested documents to Plaintiffs.

19   (H)    United has not responded to Plaintiffs' submitted appeals.

20   (I)    On January 23, 2013 and March 8, 2013, Plaintiffs called United to

21   inquire about status on pending claims. United acknowledged receiving medical

22   records / provider W-9's from Plaintiffs. United informed Plaintiffs that more

23   information was needed in order to process the claims. United's representatives

24   could not tell Plaintiffs what records United was missing.

25   (J)    To date, United continues to refuse to pay the claims for Patient 177 but

26   fails to comply with its obligations under ERISA, including under ERISA Section

27   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28   letters.

**Patient 178.** - Defendants Huhtamaki Americas, Inc., and Huhtamaki Americas, Inc. Group Insurance Plan.

(A)    Patient 178 is a beneficiary under the Huhtamaki Americas, Inc. Group Insurance Plan.  On September 27, 2011, Patient 178 had the following medical procedures performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized Patient 178 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 178.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 178.

- On January 12, 2012 Plaintiff IMS submitted claims for its professional Polysomnography.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 178 but has refused to pay for the other services provided to Patient 178

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On January 12, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 178.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 178 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

APPENDIX "A"

1156926.1

1   formulas, procedures, methodologies, and/or schedules upon which payment was

2   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

3   Complaint sets forth the specific document requests that were made on behalf of

4   Patient 178.

5       (G)   Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7       (H)   United has not responded to Plaintiffs' submitted appeals.

8       (I)   On February 22, 2012, April 11, 2012 and August 15, 2012, Plaintiffs

9   called United to inquire about status on pending claims.  United acknowledged

10  receiving medical records / provider W-9's from Plaintiffs.

11      (J)   To date, United continues to refuse to pay the claims for Patient 178 but

12  fails to comply with its obligations under ERISA, including under ERISA Section

13  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14  letters.

15

16  **Patient 179.** - Defendants Ikaria Research, Inc., and Ikaria, Inc. Welfare Benefit

17  Plan.

18      (A)   Patient 179 is a beneficiary under the Ikaria, Inc. Welfare Benefit Plan.

19  On June 2, 2009, Patient 179 had the following medical procedures performed by

20  Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 179

21  to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

22  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

23  services to Patient 179.

24      (B)   Plaintiffs timely submitted claims for the services they provided to

25  Patient 179.

26      •   On June 9, 2009 Plaintiff IMS submitted claims for its professional
            Endoscopy.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 179 but has refused to pay for the other services provided to Patient 179.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On June 9, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 179.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 179 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 179.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On January 26, 2011 and May 31, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 179 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 180.** - Defendants IMortgage.com, Inc., and IMortgage.com, Inc. Cafeteria Plan.

(A)     Patient 180 is a beneficiary under the IMortgage.com, Inc. Cafeteria Plan.  On December 1, 2010, Patient 180 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 180 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 180.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 180.

- On December 28, 2010 Plaintiff IMS submitted claims for its professional Consultation.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 180 but has refused to pay for the other services provided to Patient 180.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On December 28, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 180.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 4, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 180 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

1   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2   document requests that were made on behalf of Patient 180.

3       (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)   On August 18, 2011, United responded to the Provider Plaintiffs'

6   appeals, as follows:

7   •   Initially, United provided acknowledgement that appeal was received
    and United would respond within 30 days.

8

9       (I)   On April 30, 2011, Plaintiffs called United to inquire about status on

10  pending claims.  United  informed Plaintiffs that more information was needed in

11  order to process the claims.

12      (J)   To date, United continues to refuse to pay the claims for Patient 180 but

13  fails to comply with its obligations under ERISA, including under ERISA Section

14  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15  letters.

16

17  **Patient 181.** - Defendants Informa USA, Inc., and Informa USA, Inc. and

18  Subsidiaries Insurance Plan.

19      (A)   Patient 181 is a beneficiary under the Informa USA, Inc. and

20  Subsidiaries Insurance Plan.  On March 29, 2011 and March 31, 2011 Patient 181

21  had the following medical procedures performed by Plaintiffs New Life Surgery

22  Center: Fluoroscopy and Laparoscopic Gastric Band Adjustment.  For each of the

23  procedures, United authorized Patient 181 to receive these pre-operative tests at

24  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

25  necessary for Plaintiffs to provide the services to Patient 181.

26      (B)   Plaintiffs timely submitted claims for the services they provided to

27  Patient 181.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On January 12, 2012, Plaintiff IMS submitted claims for its professional Fluoroscopy and Laparoscopic Gastric Band Adjustment.

- On January 12, 2012, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 181 but has refused to pay for the other services provided to Patient 181.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 15, 2011 and January 12, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 181.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, 2011, July 1, and July 15, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 181 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 181.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On May 8, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 181 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 182.** - Defendants ING North America Insurance Corporation and ING Americas Welfare Benefits Plan.

(A)     Patient 182 is a beneficiary under the ING Americas Welfare Benefits Plan.  On October 31, 2009, Patient 182 had the following medical procedures performed by Plaintiff IMS: Endoscopy and Anesthesia Services.  For each of the procedures, United authorized Patient 182 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 182.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 182.

- On November 17, 2009, Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.

(C)     United has under paid for the mentioned services provided by Plaintiffs to Patient 182 but has refused to pay for the other services provided to Patient 182.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On November 17, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 182.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was

1  obligated to provide under ERISA, including requests for a full and complete copy of

2  the Medical Plan for Patient 182 and other instruments under which the Plan is

3  established or operated, including, but not limited to, the internal policies, guidelines,

4  formulas, procedures, methodologies, and/or schedules upon which payment was

5  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

6  Complaint sets forth the specific document requests that were made on behalf of

7  Patient 182.

8       (G)    Despite these requests, neither United nor the Plan ever provided the

9  requested documents to Plaintiffs.

10      (H)    On December 1, 2010, United responded to the Provider Plaintiffs'

11  appeals, as follows:

12      •    Initially, United provided acknowledgement that appeal was received
           and United would respond within 30 days.

13

14      (I)    On February 19, 2010 and March 1, 2012, Plaintiffs called United to

15  inquire about status on pending claims.  United  informed Plaintiffs that more

16  information was needed in order to process the claims.

17      (J)    To date, United continues to refuse to pay the claims for Patient 182 but

18  fails to comply with its obligations under ERISA, including under ERISA Section

19  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20  letters.

21

22  **Patient 183.** - Defendants Ingram Micro, Inc., and Ingram Micro Inc. Health &

23  Welfare Plan.

24      (A)    Patient 183 is a beneficiary under the Ingram Micro Inc. Health &

25  Welfare Plan.  On August 14, 2010, Patient 183 had the following medical

26  procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy and

27  Ultrasound. For each of the procedures, United authorized Patient 183 to receive

28  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

2   Patient 183.

3         (B)   Plaintiffs timely submitted claims for the services they provided to

4   Patient 183.

5   •    On September 13, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

6
7   •    On September 10, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

8         (C)   United has paid for some of the services provided by Plaintiffs to Patient

9   183 but has refused to pay for the other services provided to Patient 183.

10         (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

11   the following grounds:

12   •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to
13        complete the processing of your claim."

14   •    "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did
15        not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

16   •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review
17        has been completed."

18   •    Claim denied as need provider information.

19   •    Claim denied as duplicate.

20

21         (E)   On September 10, 2010 and September 13, 2010, Plaintiffs submitted all

22   the medical records for the services provided to Patient 183.  In addition medical

23   records were sent with appeals when the denial reason was lack of and/or incomplete

24   records.

25         (F)   Plaintiffs also appealed the denial of the claims on at least July 28, 2011

26   and August 22, 2011.  In connection with those appeals, Plaintiffs made multiple

27   requests for documents that the Plan was obligated to provide under ERISA,

28   including requests for a full and complete copy of the Medical Plan for Patient 183

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

317

APPENDIX "A"

1  and other instruments under which the Plan is established or operated, including, but

2  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

3  and/or schedules upon which payment was calculated.  The sample letters that are

4  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

5  document requests that were made on behalf of Patient 183.

6      (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8      (H)    On February 24, 2011, July 18, 2011, August 9, 2011, September 7,

9  2011 and October 5, 2011, United responded to the Provider Plaintiffs' appeals, as

10  follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

16      (I)    On January 28, 2011, May 4, 2011, September 12, 2012 and October 1,

17  2012, Plaintiffs called United to inquire about status on pending claims.  United

18  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

19  informed Plaintiffs that more information was needed in order to process the claims.

20      (J)    To date, United continues to refuse to pay the claims for Patient 183 but

21  fails to comply with its obligations under ERISA, including under ERISA Section

22  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

23  letters.

24

25  **Patient 184.** - Defendants Insperity Holdings, Inc., f/k/a Administaff of Texas, Inc.,

26  and Insperity Group Health Plan.

27      (A)    Patient 184 is a beneficiary under the Insperity Group Health Plan.  On

28  May 25, 2010 and August 18, 2010,  Patient 184 had the following medical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS:

2  Endoscopy and Polysomnography.  For each of the procedures, United authorized

3  Patient 184 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

4  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

5  provide the services to Patient 184.

6  　　　　(B)　　Plaintiffs timely submitted claims for the services they provided to

7  Patient 184.

8  　　　　•　　On September 23, 2010 Plaintiff IMS submitted claims for its
　　　　　　　professional Endoscopy and Polysomnography.

9
10 　　　　•　　On September 20, 2010 Plaintiffs Modern Institute of Plastic Surgery
　　　　　　　submitted a claim for its facility services in connection with these
　　　　　　　procedures.

11

12 　　　　(C)　　United has paid for some of the services provided by Plaintiffs to Patient

13 184 but has refused to pay for the other services provided to Patient 184.

14 　　　　(D)　　United issued Explanations of Benefits ("EOBs") denying the claims on

15 the following grounds:

16 　　　　•　　"Unable to process [the claim] at this time. Please refer to our
　　　　　　　correspondence indicating the additional information necessary to

17 　　　　　　complete the processing of your claim."

18 　　　　•　　"[United] asked provider to send us more information" and that it would
　　　　　　　"process the claim when [it] receive[d] this information." This EOB did

19 　　　　　　not, however, indicate what specific additional information was required
　　　　　　　for processing that had not previously been submitted with the claim.

20
21 　　　　•　　"The medical documentation that was submitted with this claim has
　　　　　　　been forwarded for review. We will process this claim when the review

22 　　　　　　has been completed."

23 　　　　(E)　　On September 20, and September 23, 2010, Plaintiffs submitted all the

24 medical records for the services provided to Patient 184.  In addition medical records

25 were sent with appeals when the denial reason was lack of and/or incomplete records.

26 　　　　(F)　　Plaintiffs also appealed the denial of the claims on at least June 16,

27 2011.  In connection with those appeals, Plaintiffs made multiple requests for

28 documents that the Plan was obligated to provide under ERISA, including requests

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

for a full and complete copy of the Medical Plan for Patient 184 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 184.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On February 8, February 24, 2011, May 19, May 26, 2011, October 8, 2012 and December 28, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 184 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.


**Patient 185.** - Defendants Instant Web, Inc., and Instant Web Inc. and Subsidiary Medical Benefit Plan.

(A)     Patient 185 is a beneficiary under the Instant Web Inc. and Subsidiary Medical Benefit Plan.  On April 2, 2010, June 7, June 21, 2010, July 24, 2010, September 22, September 27, 2010, February 3, 2011, August 23, 2011 and September 27, 2011, Patient 185 had the following medical procedures performed by Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery and IMS: Endoscopy, Fluoroscopy, Laparoscopic Gastric Band Removal, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

authorized Patient 185 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 185.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 185

- On June 29, 2011, August 31, 2011 and October 20, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Fluoroscopy, Laparoscopic Gastric Band Removal, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On December 3, 2010, January 12, 2012 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

- On November 12, 2011, November 16, 2011 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 185 but has refused to pay for the other services provided to Patient 185.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On December 3, 2010, June 29, 2011, August 31, 2011, October 20, 2011, November 16, November 12, 2011, and January 12, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 185.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 185 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 185.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On September 29, 2012 and November 14, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 185 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 186. -** Defendants Integra Lifesciences Corporation, and Integra Lifesciences Corp. Medical/Prescription, Dental and STD Plan.

(A)     Patient 186 is a beneficiary under the Integra Lifesciences Corp. Medical/Prescription, Dental and STD Plan.  On August 14, 2009 and September 30, 2009, Patient 186 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 186 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 186.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 186.

- On September 21, 2009 and October 2, 2009 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 186 but has refused to pay for the other services provided to Patient 186.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On September 21, 2009 and October 2, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 186.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on August 23, and August 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 186 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 186.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On September 7, 2011 and October 14, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On January 18, 2011, Plaintiffs called United to inquire about status on pending claims.

(J)    To date, United continues to refuse to pay the claims for Patient 186 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 187.** - Defendants Intelsat Corporation and Intelsat Group Welfare Benefits Plan.

(A)    Patient 187 is a beneficiary under the Intelsat Group Welfare Benefits Plan.  On January 12, 2010, Patient 187 had the following medical procedures performed by Plaintiff IMS: Consultation. For each of the procedures, United authorized Patient 187 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 187.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 187.

- On January 28, 2010 Plaintiff IMS submitted claims for its professional.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 187.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Our records show we have already processed this charge."

(E)     On January 28, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 187.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 187 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 187.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On October 27, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 187 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 188.** - Defendants Intercare Holdings, Inc., and Intercare Holdings, Inc. Health & Welfare Plan.

(A)    Patient 188 is a beneficiary under the Intercare Holdings, Inc. Health & Welfare Plan.  On January 30, 2010, Patient 188 had the following medical procedures performed by Plaintiffs Modern Institute of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 188 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 188.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 188 submitted claims for its professional Polysomnography.

- On February 4, 2010 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 188 but has refused to pay for the other services provided to Patient 188.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On February 4, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 188.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 16, 2011, August 22, and August 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 188 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 188.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On April 25, 2013 and September 14, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On June 23, 2010 and February 8, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 188 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 189. -** Defendants International Aluminum Corporation and International Aluminum Corporation Health and Welfare Plans.

(A)     Patient 189 is a beneficiary under the International Aluminum Corporation Health and Welfare Plans.  On October 26, 2010, December 15, 2010, and March 19, 2011, Patient 189 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center, Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography and Laparoscopic Cholecystectomy. For each of the procedures, United authorized Patient 190 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 189.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B)   Plaintiffs timely submitted claims for the services they provided to Patient 189.

- On November 23, November 26, 2010 and February 4, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and Laparoscopic Cholecystectomy.

- On January 18, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On March 14, 2011, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

- On May 13, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 189 but has refused to pay for the other services provided to Patient 189.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On November 23, November 26, 2010, January 18, 2011, February 4, 2011, March 14, 2011 and May 13, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 189.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on June 10, 2011, July 1, July 4, July 18, 2011, August 9, 2011, September 14, 2011, and October 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that

1156926.1

1  the Plan was obligated to provide under ERISA, including requests for a full and

2  complete copy of the Medical Plan for Patient 189 and other instruments under which

3  the Plan is established or operated, including, but not limited to, the internal policies,

4  guidelines, formulas, procedures, methodologies, and/or schedules upon which

5  payment was calculated.  The sample letters that are attached as Exhibits A and

6  Exhibit B to this Complaint sets forth the specific document requests that were made

7  on behalf of Patient 189.

8      (G)    Despite these requests, neither United nor the Plan ever provided the

9  requested documents to Plaintiffs.

10     (H)    On April 5, 2011, August 22, August 23, 2011, September 12,

11 September 13, September 15, September 19, September 26, 2011, November 21,

12 2011, and December 31, 2011,  United responded to the Provider Plaintiffs' appeals,

13 as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

19     (I)    On June 11, 2011, April 22, April 23, 2012, July 27, 2012, and August

20 27, 2013.  Plaintiffs called United to inquire about status on pending claims.  United

21 acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

22 informed Plaintiffs that more information was needed in order to process the claims.

23     (J)    To date, United continues to refuse to pay the claims for Patient 189 but

24 fails to comply with its obligations under ERISA, including under ERISA Section

25 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

26 letters.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

329

**Patient 190. -** Defendants International Business Machines Corporation and IBM Medical & Dental Plan for Regular and Part-time Employees.

(A)     Patient 190 is a beneficiary under the IBM Medical & Dental Plan for Regular and Part-time Employees.  On February 28, 2009, Patient 190 had the following medical procedures performed by Plaintiffs Almont Ambulatory Surgery Center and IMS: Endoscopy and Anesthesia Services.  For each of the procedures, United authorized Patient 190 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 190.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 190.

- On March 2, 2009 and March 6, 2009 Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.
- On May 24, 2011 Plaintiffs Almont Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 190.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "We will need a copy of the Medicare Summary Notice before the claims can be processed."

(E)     On March 2, March 6, 2009 and May 24, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 190.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 190 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  established or operated, including, but not limited to, the internal policies, guidelines,

2  formulas, procedures, methodologies, and/or schedules upon which payment was

3  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4  Complaint sets forth the specific document requests that were made on behalf of

5  Patient 190.

6      (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8      (H)    United has not responded to Plaintiffs' submitted appeals.

9      (I)    On October 1, 2013, Plaintiffs called United to inquire about status on

10  pending claims.  United  informed Plaintiffs that more information was needed in

11  order to process the claims.

12      (J)    To date, United continues to refuse to pay the claims for Patient 190 but

13  fails to comply with its obligations under ERISA, including under ERISA Section

14  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15  letters.

16

17  **Patient 191.** - Defendants International Paper Company and International Paper

18  Group Insurance Plan.

19      (A)    Patient 191 is a beneficiary under the International Paper Group

20  Insurance Plan.  On October 4, and October 15, 2010, Patient 191 had the following

21  medical procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS:

22  Ultrasound, Laparoscopic Gastric Banding and Anesthesia Services.  For each of the

23  procedures, United authorized Patient 191 to receive these pre-operative tests at

24  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

25  necessary for Plaintiffs to provide the services to Patient 191.

26      (B)    Plaintiffs timely submitted claims for the services they provided to

27  Patient 191.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On October 22, 2010 and December 23, 2010, Plaintiff IMS submitted claims for its professional Ultrasound, Laparoscopic Gastric Banding and Anesthesia Services.

- On December 23, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 191 but has refused to pay for the other services provided to Patient 191.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 22, 2010, December 23, 2010 and March 29, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 191. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 191 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 191.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(H)     On September 14, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 11, 2011, March 19, 2011 and May 19, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 191 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters

**Patient 192. -** Defendants International Speedway Corporation and International Speedway Corporation Welfare Benefit Plan.

(A)     Patient 192 is a beneficiary under the International Speedway Corporation Welfare Benefit Plan.  On December 1, 2009, Patient 192 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 192 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 192.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 192.

- On January 5, 2010, Plaintiff IMS submitted claims for its professional Ultrasound.

(C)     United has under paid for some of the services provided by Plaintiffs to Patient 192.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Based on our review, we determined that we processed this claim accurately. No further payment is due from us."

(E)     On January 5, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 192.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 28, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 192 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 192.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 27, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On April 8, 2010, Plaintiffs called United to inquire about status on pending claims. Representative states the total balance due is patient's responsibility.

(J)     To date, United continues to refuse to pay the claims for Patient 192 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

**Patient 193.** - Defendants Inter-Rail Transport, Inc., and Inter-Rail, Inc. Employee Health Plan.

(A)    Patient 193 is a beneficiary under the Inter-Rail, Inc. Employee Health Plan.  On March 4, 2013, Patient 193 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 193 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 193.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 193.

- On March 19, 2013 Plaintiff IMS submitted claims for its professional consultation.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 193 but has refused to pay for the other services provided to Patient 193.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On June 5, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 193.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 193 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  established or operated, including, but not limited to, the internal policies, guidelines,

2  formulas, procedures, methodologies, and/or schedules upon which payment was

3  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4  Complaint sets forth the specific document requests that were made on behalf of

5  Patient 193.

6      (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8      (H)    United has not responded to Plaintiffs' submitted appeals.

9      (I)    On April 24, 2013, May 7, 2013 and June 5, 2013, Plaintiffs called

10  United to inquire about status on pending claims.  United  informed Plaintiffs that

11  more information was needed in order to process the claims.  United's representatives

12  could not tell Plaintiffs what records United was missing.

13      (J)    To date, United continues to refuse to pay the claims for Patient 193 but

14  fails to comply with its obligations under ERISA, including under ERISA Section

15  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

16  letters.

17

18  **Patient 194.** - Defendants Interstate Hotels & Resorts, Inc., and Interstate Hotels &

19  Resorts Benefits Program.

20      (A)    Patient 194 is a beneficiary under the Interstate Hotels & Resorts

21  Benefits Program.  On October 1, 2010 and October 26, 2010 Patient 194 had the

22  following medical procedures performed by Plaintiffs Modern Institute Of Plastic

23  Surgery and IMS: Ultrasound and Polysomnography.  For each of the procedures,

24  United authorized Patient 194 to receive these pre-operative tests  at Plaintiffs'

25  surgery centers and/or United informed Plaintiffs that no authorization was necessary

26  for Plaintiffs to provide the services to Patient 194.

27      (B)    Plaintiffs timely submitted claims for the services they provided to

28  Patient 194.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On October 20, 2010, Plaintiff IMS submitted claims for its professional Ultrasound and Polysomnography.

- On January 18, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 194  but has refused to pay for the other services provided to Patient 194.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On December 17, 2010 and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 194.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 10, June 25, 2011, July 9, and July 21, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 194 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 194.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On February 24, February 25, 2011, August 26, 2011, September 12, September 15, and September 20, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 9, 2011 and June 21, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 194 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 195.** - Defendants INX International Ink Co., and Inx International Group Medical/Dental Plan.

(A)     Patient 195 is a beneficiary under the Inx International Group Medical/Dental Plan.  On February 18, 2010, Patient 195 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 195 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 195.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (B)   Plaintiffs timely submitted claims for the services they provided to

2   Patient 195.

3   •   On March 24, 2010, Plaintiff IMS submitted claims for its professional
        Ultrasound.

4

5   (C)   United has under paid for the service provided by Plaintiffs to Patient

6   195.

7   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

8   the following grounds:

9   •   Based on our review, we determined that we processed this claim
        accurately

10

11   (E)   On March 24, 2010, Plaintiffs submitted all the medical records for the

12   services provided to Patient 195.  In addition medical records were sent with appeals

13   when the denial reason was lack of and/or incomplete records.

14   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

15   those appeals, Plaintiffs made multiple requests for documents that the Plan was

16   obligated to provide under ERISA, including requests for a full and complete copy of

17   the Medical Plan for Patient 195 and other instruments under which the Plan is

18   established or operated, including, but not limited to, the internal policies, guidelines,

19   formulas, procedures, methodologies, and/or schedules upon which payment was

20   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

21   Complaint sets forth the specific document requests that were made on behalf of

22   Patient 195.

23   (G)   Despite these requests, neither United nor the Plan ever provided the

24   requested documents to Plaintiffs.

25   (H)   On September 26, 2011, United responded to the Provider Plaintiffs'

26   appeals, as follows:

27   •   Initially, United provided acknowledgement that appeal was received
        and United would respond within 30 days.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

339

APPENDIX "A"

1     (I)     Plaintiffs called United to inquire about status on pending claims.

2     (J)     To date, United continues to refuse to pay the claims for Patient 195 but

3  fails to comply with its obligations under ERISA, including under ERISA Section

4  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

5  letters.

6

7  **Patient 196.** - Defendants J.C. Penney Corporation, Inc., and J.C. Penney

8  Corporation, Inc. Health & Welfare Benefits Plan.

9     (A)     Patient 196 is a beneficiary under the J.C. Penney Corporation, Inc.

10  Health & Welfare Benefits Plan.  On December 8, 2009, Patient 196 had the

11  following medical procedures performed by Plaintiffs Beverly Hills Surgery Center:

12  Endoscopy.  For each of the procedures, United authorized Patient 196 to receive

13  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

14  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

15  Patient 196.

16     (B)     Plaintiffs timely submitted claims for the services they provided to

17  Patient 196 submitted claims for its professional Endoscopy.

18     •     On March 11, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

19

20     (C)     United has under paid for the mentioned services provided by Plaintiffs

21  to Patient 196.

22     (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

23  the following grounds:

24     •     "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review

25  has been completed.

26     (E)     On March 11, 2010, Plaintiffs submitted all the medical records for the

27  services provided to Patient 196.  In addition medical records were sent with appeals

28  when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 196 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 196.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 11, 2010, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 196 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 197.** - Defendants J.P. Morgan Chase National Corporate Services, Inc., and The JPMorgan Chase Health & Income Protection Plan for Active Employees.

(A)     Patient 197 is a beneficiary under The JPMorgan Chase Health & Income Protection Plan for Active Employees.  On June 7, June 8, and June 26, 2013, Patient 197 had the following medical procedures performed by Plaintiffs East Bay Ambulatory Surgery Center and IMS: Endoscopy, Polysomnography and CPAP Titration.  For each of the procedures, United authorized Patient 197 to receive these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that

2    no authorization was necessary for Plaintiffs to provide the services to Patient 197.

3          (B)    Plaintiffs timely submitted claims for the services they provided to

4    Patient 197.

5      •    On July 10, 2013, August 19, 2013 and September 24, 2013, Plaintiff
6           IMS submitted claims for its professional Endoscopy, Polysomnography
            and CPAP Titration.

7      •    On September 24, 2013, Plaintiff East Bay Ambulatory Surgery Center
8           submitted a claim for its facility services in connection with these
            procedures.

9          (C)    United has not paid for any of the services provided by Plaintiffs to

10   Patient 197.

11         (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

12   the following grounds:

13     •    "Unable to process [the claim] at this time. Please refer to our
14          correspondence indicating the additional information necessary to
            complete the processing of your claim."

15     •    "[United] asked provider to send us more information" and that it would
16          "process the claim when [it] receive[d] this information." This EOB did
            not, however, indicate what specific additional information was required
            for processing that had not previously been submitted with the claim.

17     •    "The medical documentation that was submitted with this claim has
18          been forwarded for review. We will process this claim when the review
            has been completed."

19

20         (E)    On July 10, 2013, August 19, 2013 and September 24, 2013, Plaintiffs

21   submitted all the medical records for the services provided to Patient 197.  In addition

22   medical records were sent with appeals when the denial reason was lack of and/or

23   incomplete records.

24         (F)    Plaintiffs also appealed the denial of the claims on at least August 27,

25   2013 and September 19, 2013.  In connection with those appeals, Plaintiffs made

26   multiple requests for documents that the Plan was obligated to provide under ERISA,

27   including requests for a full and complete copy of the Medical Plan for Patient 197

28   and other instruments under which the Plan is established or operated, including, but

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 | not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2 | and/or schedules upon which payment was calculated.  The sample letters that are

3 | attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4 | document requests that were made on behalf of Patient 197.

5 | (G)    Despite these requests, neither United nor the Plan ever provided the

6 | requested documents to Plaintiffs.

7 | (H)    On August 31, 2013, United responded to the Provider Plaintiffs'

8 | appeals, as follows:

9 | • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

10 |

11 | (I)    On August 7, 2013, Plaintiffs called United to inquire about status on

12 | pending claims.  United acknowledged receiving medical records / provider W-9's

13 | from Plaintiffs.  United informed Plaintiffs that more information was needed in

14 | order to process the claims.  United's representatives could not tell Plaintiffs what

15 | records United was missing.

16 | (J)    To date, United continues to refuse to pay the claims for Patient 197 but

17 | fails to comply with its obligations under ERISA, including under ERISA Section

18 | 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19 | letters.

20 |

21 | **Patient 198.** - Defendants Jack in the Box, Inc., and Jack in the Box, Inc. Crew

22 | Employees Health & Welfare Plan.

23 | (A)    Patient 198 is a beneficiary under the Jack in the Box, Inc. Crew

24 | Employees Health & Welfare Plan.  On September 26, 2009, December 19, 2009 and

25 | June 23, 2011, Patient 198 had the following medical procedures performed by

26 | Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures,

27 | United authorized Patient 198 to receive these pre-operative tests and Surgeries at

28 |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

2   necessary for Plaintiffs to provide the services to Patient 198.

3       (B)     Plaintiffs timely submitted claims for the services they provided to

4   Patient 198.

5       • On December 3, 2009, January 10, 2010 and July 6, 2011 Plaintiff IMS
         submitted claims for its professional Laparoscopic Gastric Band
6         Adjustment.

7       (C)     United has paid for some of the services provided by Plaintiffs to Patient

8   198 but has refused to pay for the other services provided to Patient 198.

9       (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

10  the following grounds:

11      • "Unable to process [the claim] at this time. Please refer to our
         correspondence indicating the additional information necessary to
12        complete the processing of your claim."

13      • "[United] asked provider to send us more information" and that it would
         "process the claim when [it] receive[d] this information." This EOB did
14        not, however, indicate what specific additional information was required
          for processing that had not previously been submitted with the claim.

15      • "The medical documentation that was submitted with this claim has
16        been forwarded for review. We will process this claim when the review
          has been completed."

17

18      (E)     On December 3, 2009, January 10, 2010 and July 6, 2011, Plaintiffs

19  submitted all the medical records for the services provided to Patient 198.  In addition

20  medical records were sent with appeals when the denial reason was lack of and/or

21  incomplete records.

22      (F)     Plaintiffs also appealed the denial of the claims on at least August 30,

23  2011.  In connection with those appeals, Plaintiffs made multiple requests for

24  documents that the Plan was obligated to provide under ERISA, including requests

25  for a full and complete copy of the Medical Plan for Patient 198 and other

26  instruments under which the Plan is established or operated, including, but not

27  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

28  and/or schedules upon which payment was calculated.  The sample letters that are

1  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2  document requests that were made on behalf of Patient 198.

3     (G)   Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5     (H)   On August 17, 2011 and September 14, 2011, United responded to the

6  Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

12    (I)    On June 6, 2011, February 10, 2012, and August 31, 2012, Plaintiffs

13  called United to inquire about status on pending claims.  United acknowledged

14  receiving medical records / provider W-9's from Plaintiffs.  United informed

15  Plaintiffs that more information was needed in order to process the claims.

16    (J)    To date, United continues to refuse to pay the claims for Patient 198 but

17  fails to comply with its obligations under ERISA, including under ERISA Section

18  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19  letters.

20

21  **Patient 199. -** Defendants Jackson Lewis, LLP, and Jackson Lewis LLP Welfare

22  Plan.

23    (A)    Patient 199 is a beneficiary under the Jackson Lewis LLP Welfare Plan.

24  On December 13, 2008, Patient 199 had the following medical procedures performed

25  by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient

26  199 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

27  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

28  services to Patient 199.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 199.

- On December 23, 2008, Plaintiff IMS submitted claims for its professional Endoscopy.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 199 but has refused to pay for the other services provided to Patient 199.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "No further payment is due from us because the health care services were paid at a non-network coverage level."

(E)     On December 23, 2008, Plaintiffs submitted all the medical records for the services provided to Patient 199.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims in 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 199 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 199.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On January 22, 2009, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 199 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 200.** - Defendants Jacobs Engineering Group, Inc., and Jacobs Engineering Group, Inc. Employee Group Insurance Plan.

(A)     Patient 200 is a beneficiary under the Jacobs Engineering Group, Inc. Employee Group Insurance Plan.  On November 12, 2011, Patient 200 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy and Ultrasound.  For each of the procedures, United authorized Patient 200 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 200.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 200.

- On November 16, 2011 and October 10, 2012, Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

- On December 7, 2011, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 200.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 16, 2011, December 7, 2011, October 10, October 22, 2012 and May 24, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 200.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 26, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 200 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 200.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On January 23, 2012 and August 13, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 200 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

348

APPENDIX "A"

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 201.** - Defendants JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan.

(A)     Patient 201 is a beneficiary under the JetBlue Airways Group Health Insurance Plan.  On March 16, 2011, Patient 201 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 201 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 201.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 201.

- On March 22, 2011 and April 11, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.

- On April 19, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 201 but has refused to pay for the other services provided to Patient 201.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  (E)     On March 22, 2011, April 11, and April 19, 2011, Plaintiffs submitted

2  all the medical records for the services provided to Patient 201.  In addition medical

3  records were sent with appeals when the denial reason was lack of and/or incomplete

4  records.

5  (F)     Plaintiffs also appealed the denial of the claims on June 10, 2011, July

6  19, July 27, 2011, August 22, August 23, 2011 and September 14, 2011.  In

7  connection with those appeals, Plaintiffs made multiple requests for documents that

8  the Plan was obligated to provide under ERISA, including requests for a full and

9  complete copy of the Medical Plan for Patient 201 and other instruments under which

10  the Plan is established or operated, including, but not limited to, the internal policies,

11  guidelines, formulas, procedures, methodologies, and/or schedules upon which

12  payment was calculated.  The sample letters that are attached as Exhibits A and

13  Exhibit B to this Complaint sets forth the specific document requests that were made

14  on behalf of Patient 201.

15  (G)     Despite these requests, neither United nor the Plan ever provided the

16  requested documents to Plaintiffs.

17  (H)     On June 22, June 30, 2011, July 4, July 5, 2011, August 15, August 31,

18  2011, September 26, 2011, November 26, November 30, 2011 and February 13,

19  2013, United responded to the Provider Plaintiffs' appeals, as follows:

20  • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

21
22  • Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though
23  Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

24

25  (I)     On May 20, May 27, 2011 and August 8, 2011, Plaintiffs called United

26  to inquire about status on pending claims.  United acknowledged receiving medical

27  records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

28  information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 201 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 202.** - Defendants Joie de Vivre Hospitality, Inc., and The Joie de Vivre Employee Benefit Plan.

(A)     Patient 202 is a beneficiary under The Joie de Vivre Employee Benefit Plan.  On May 5, 2012, Patient 202 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 202 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 202.

(B)     Plaintiffs submitted claims for the services they provided to Patient 202.

- On May 28, 2013, Plaintiff IMS submitted claims for its professional Consultation.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 202.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- The claim was billed after the timely filing limit.

(E)     Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 202 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 202.

3  (F)  Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5  (G)  On October 3, 2013, Plaintiffs called United to inquire about status on

6  pending claims. They indicated that the claim was billed after the timely filing limit.

7  (H)  To date, United continues to refuse to pay the claims for Patient 202 but

8  fails to comply with its obligations under ERISA, including under ERISA Section

9  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10  letters.

11

12  **Patient 203.** - Defendants Jones Lang Lasalle Americas, Inc., and Jones Lang Lasalle

13  Group Benefits Plan.

14  (A)  Patient 203 is a beneficiary under the Jones Lang Lasalle Group Benefits

15  Plan.  On July 24, 2010, Patient 203 had the following medical procedures performed

16  by Plaintiffs Modern Institute Of Plastic Surgery and Valencia Ambulatory Surgery

17  Center: Endoscopy and Polysomnography.  For each of the procedures, United

18  authorized Patient 203 to receive these pre-operative tests at Plaintiffs' surgery

19  centers and/or United informed Plaintiffs that no authorization was necessary for

20  Plaintiffs to provide the services to Patient 203.

21  (B)  Plaintiffs timely submitted claims for the services they provided to

22  Patient 203.

23  •  On August 17, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

24

25  •  On August 17, 2010 Plaintiffs submitted a claim for its facility services in connection with these procedures.

26  •  On December 23, 2010 Plaintiffs submitted a claim for its facility services in connection with these procedures.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    (C)    United has paid for some of the services provided by Plaintiffs to Patient

2    203 but has refused to pay for the other services provided to Patient 203.

3    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

4    the following grounds:

5    • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

6    complete the processing of your claim."

7    • "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review

8    has been completed."

9    (E)    On August 17, 2010, Plaintiffs submitted all the medical records for the

10   services provided to Patient 203.  In addition medical records were sent with appeals

11   when the denial reason was lack of and/or incomplete records.

12   (F)    Plaintiffs also appealed the denial of the claims on at least July 6, 2011.

13   In connection with those appeals, Plaintiffs made multiple requests for documents

14   that the Plan was obligated to provide under ERISA, including requests for a full and

15   complete copy of the Medical Plan for Patient 203 and other instruments under which

16   the Plan is established or operated, including, but not limited to, the internal policies,

17   guidelines, formulas, procedures, methodologies, and/or schedules upon which

18   payment was calculated.  The sample letters that are attached as Exhibits A and

19   Exhibit B to this Complaint sets forth the specific document requests that were made

20   on behalf of Patient 203.

21   (G)    Despite these requests, neither United nor the Plan ever provided the

22   requested documents to Plaintiffs.

23   (H)    United has not responded to Plaintiffs' submitted appeals.

24   (I)    On January 27, 2012, Plaintiffs called United to inquire about status on

25   pending claims.  United acknowledged receiving medical records / provider W-9's

26   from Plaintiffs.  United informed Plaintiffs that more information was needed in

27   order to process the claims.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   (J)   To date, United continues to refuse to pay the claims for Patient 203 but

2   fails to comply with its obligations under ERISA, including under ERISA Section

3   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4   letters.

5

6   **Patient 204.** - Defendants KCI Holdings, LLC, and KCI Holding USA, Inc.

7   Employee Health Care Plan.

8   (A)   Patient 204 is a beneficiary under the KCI Holding USA, Inc. Employee

9   Health Care Plan.  On August 7, 2009, Patient 204 had the following medical

10  procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures,

11  United authorized Patient 204 to receive these pre-operative tests at Plaintiffs'

12  surgery centers and/or United informed Plaintiffs that no authorization was necessary

13  for Plaintiffs to provide the services to Patient 204.

14  (B)   Plaintiffs timely submitted claims for the services they provided to

15  Patient 204.

16  •   On August 14, 2009, Plaintiff IMS submitted claims for its professional
      Endoscopy.

17

18  (C)   United has underpaid for the mentioned service provided by Plaintiffs to

19  Patient 204 but has refused to pay for the other services provided to Patient 204.

20  (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

21  the following grounds:

22  •   "The medical documentation that was submitted with this claim has
      been forwarded for review. We will process this claim when the review
23    has been completed."

24  (E)   On August 14, 2009, Plaintiffs submitted all the medical records for the

25  services provided to Patient 204.  In addition medical records were sent with appeals

26  when the denial reason was lack of and/or incomplete records.

27  (F)   Plaintiffs made multiple requests for documents that the Plan was

28  obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

354

APPENDIX "A"

1   the Medical Plan for Patient 204 and other instruments under which the Plan is

2   established or operated, including, but not limited to, the internal policies, guidelines,

3   formulas, procedures, methodologies, and/or schedules upon which payment was

4   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5   Complaint sets forth the specific document requests that were made on behalf of

6   Patient 204.

7   (G)   Despite these requests, neither United nor the Plan ever provided the

8   requested documents to Plaintiffs.

9   (H)   On October 16, 2009, Plaintiffs called United to inquire about status on

10   pending claims.  United acknowledged receiving medical records / provider W-9's

11   from Plaintiffs.

12   (I)   To date, United continues to refuse to pay the claims for Patient 204 but

13   fails to comply with its obligations under ERISA, including under ERISA Section

14   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15   letters.

16

17   **Patient 205.** - Defendants Kellogg, Brown & Root, Inc., and Kellogg, Brown &

18   Root, Incorporated Hourly Employees Health & Welfare Plan.

19   (A)   Patient 205 is a beneficiary under the Kellogg, Brown & Root,

20   Incorporated Hourly Employees Health & Welfare Plan.  On December 21, 2009,

21   Patient 205 had the following medical procedures performed by Plaintiff IMS:

22   Endoscopy and Ultrasound.  For each of the procedures, United authorized Patient

23   205 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

24   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

25   services to Patient 205.

26   (B)   Plaintiffs timely submitted claims for the services they provided to

27   Patient 205.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On January 13, 2010 and February 11, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 205 but has refused to pay for the other services provided to Patient 205.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On January 13, 2010 and February 11, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 205.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least July 19, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 205 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 205.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)     On August 18, August 22, 2011, September 26, and September 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 20, 2011, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 205 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 206. -** Defendants Kelly Mitchell Group, Inc., and Kelly Mitchell Group Inc. Medical Plan.

(A)     Patient 206 is a beneficiary under the Kelly Mitchell Group Inc. Medical Plan.  On December 8, 2012, Patient 206 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 206 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 206.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 206.

- On January 14, 2013 Plaintiff IMS submitted claims for its professional Consultation.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 206.

1156926.1

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On January 14, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 206.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 206 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 206.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On April 17, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 206 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

**Patient 207.** - Defendants Kinder Morgan G.P., Inc., and KMI Flexible Benefit Plan.

(A)     Patient 207 is a beneficiary under the KMI Flexible Benefit Plan.  On January 17, January 31, 2011, May 5, May 24, 2011, January 10, January 31, 2012, and May 9, 2012, Patient 207 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 207 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 207.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 207.

- On February 23, 2011, May 27, 2011, December 20, 2011, June 2, 2012, and May 25, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On January 31, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On June 7, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 207 but has refused to pay for the other services provided to Patient 207.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)    On January 31, 2011, February 23, 2011, May 27, 2011, June 7, 2011, December 20, 2011, June 2, 2012, and May 25, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 207.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 11, 2011, July 1, July 4, July 5, July 18, July 19, July 26, 2011, September 15, 2011, October 10, and October 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 207 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 207.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On June 15, June 30, 2011, August 12, August 13, August 18, 2011, September 18, September 21, September 27, and September 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On April 21, April 25, 2011, May 23, 2011, November 9, 2011, March 30, 2012 and April 3, 2012, and August 22, 2012,  Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records /

1  provider W-9's from Plaintiffs. United informed Plaintiffs that more information was
2  needed in order to process the claims.

3      (J)    To date, United continues to refuse to pay the claims for Patient 207 but
4  fails to comply with its obligations under ERISA, including under ERISA Section
5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
6  letters.

7

8  **Patient 208.** - Defendants Kinetic Concepts, Inc., and Kinetic Concepts, Inc.
9  Employee Benefits Trust.

10      (A)    Patient 208 is a beneficiary under the Kinetic Concepts, Inc. Employee
11  Benefits Trust.  On March 2, March 12, 2011, April 1, and April 29, 2011, Patient
12  208 had the following medical procedures performed by Plaintiffs Modern Institute
13  Of Plastic Surgery, Valencia Ambulatory Surgery Center and IMS: Endoscopy,
14  Ultrasound, Polysomnography, CPAP Titration, Echocardiography and Anesthesia
15  Services.  For each of the procedures, United authorized Patient 208 to receive these
16  pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that
17  no authorization was necessary for Plaintiffs to provide the services to Patient 208.

18      (B)    Plaintiffs timely submitted claims for the services they provided to
19  Patient 208.

20      •    On March 8, 2011, March 23, 2011  and November 15, 2011, Plaintiff
21      IMS submitted claims for its professional Endoscopy, Ultrasound,
    Polysomnography, CPAP Titration, Echocardiography and Anesthesia
    Services.

22      •    On March 22, 2011, Plaintiffs submitted a claim for its facility services
23      in connection with these procedures.

24      •    On May 13, 2011, Plaintiffs submitted a claim for its facility services in
    connection with these procedures.

25      •    On July 11, 2011, Plaintiffs submitted a claim for its facility services in
26      connection with these procedures.

27      (C)    United has not paid for any of the services provided by Plaintiffs to
28  Patient 208.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

361

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On March 9, March 22, 2011, May 13, 2011 July 11, 2011, September 27, 2011, and November 15, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 208.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 208 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 208.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 8, 2011, October 14, and October 29, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On July 20, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records and provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 208 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 209.** - Defendants KLA-Tencor Corporation and KLA-Tencor Corporation Group Insurance Plan.

(A)     Patient 209 is a beneficiary under the KLA-Tencor Corporation Group Insurance Plan.  On January 8, 2011, Patient 209 had the following medical procedures performed by Plaintiff IMS: New Comprehensive Visit, Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 209 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 209.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 209.

- On January 24, 2011 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 209.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following ground: "Claim denied stating as Invalid dx code."  United provided no further detail.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1      (E)    On January 24, 2011, Plaintiffs submitted all the medical records for the

2  services provided to Patient 209.  In addition medical records were sent with appeals

3  when the denial reason was lack of and/or incomplete records.

4      (F)    Plaintiffs also appealed the denial of the claims on at least at least June

5  29, 2011 and August 25, 2011.  In connection with those appeals, Plaintiffs made

6  multiple requests for documents that the Plan was obligated to provide under ERISA,

7  including requests for a full and complete copy of the Medical Plan for Patient 209

8  and other instruments under which the Plan is established or operated, including, but

9  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

10  and/or schedules upon which payment was calculated.  The sample letters that are

11  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

12  document requests that were made on behalf of Patient 209.

13      (G)    Despite these requests, neither United nor the Plan ever provided the

14  requested documents to Plaintiffs.

15      (H)    On July 18, 2011 and September 9, 2011, United responded to the

16  Provider Plaintiffs' appeals, as follows:

17      •    Initially, United provided acknowledgement that appeal was received
18          and United would respond within 30 days.

19      (I)    On August 28, 2012, Plaintiffs called United to inquire about status on

20  pending claims.  United acknowledged receiving medical records / provider W-9's

21  from Plaintiffs.

22      (J)    To date, United continues to refuse to pay the claims for Patient 209 but

23  fails to comply with its obligations under ERISA, including under ERISA Section

24  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25  letters.

26

27

28

**Patient 210.** - Defendants Konica Minolta Business Solutions USA, Inc., and Konica Minolta Business Solutions USA, Inc. Life, Disability, Accident, Medical and Dental Plan.

(A)     Patient 210 is a beneficiary under the Konica Minolta Business Solutions USA, Inc. Life, Disability, Accident, Medical and Dental Plan.  On November 21, 2009, Patient 210 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS: Endoscopy and Anesthesia Services.  For each of the procedures, United authorized Patient 210 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 210.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 210.

- On November 21, 2009, Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.

- On November 21, 2009, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has underpaid for the mentioned services provided by Plaintiffs to Patient 210 but has refused to pay for the other services provided to Patient 210.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Your claim was not submitted within the specified time frame according to your plan documents or contract.

(E)     On February 18, 2009, March 8, 2009, November 24, 2009, December 8, 2009, and December 27, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 210.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs appealed the denial of the claims on April 17, 2013, June 7, 2013 and August 21, 2013.  In connection with those appeals, Plaintiffs made

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 210 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 210.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 8, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 210 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 211.** - Defendants L Brands, Inc., f/k/a Limited Brands, Inc., and Limited Brands, Inc. Health and Welfare Benefits Plan.

(A)     Patient 211 is a beneficiary under the Limited Brands, Inc. Health and Welfare Benefits Plan.  On July 5, 2010, Patient 211 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 211 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 211.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 211.

- On December 8, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

- On December 8, 2010 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 211 but has refused to pay for the other services provided to Patient 211.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On December 8, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 211.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 11, 2011, July 1, 2011 and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 211 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2   document requests that were made on behalf of Patient 211.

3      (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5      (H)   On December 3, 2011, United responded to the Provider Plaintiffs'

6   appeals, as follows:

7      •   Need more medical record information to process the claim

8      (I)   On June 25, 2012, July 17, 2012 and August 23, 2012, Plaintiffs called

9   United to inquire about status on pending claims. CLAIM WAS IN REVIEW.

10     (J)   To date, United continues to refuse to pay the claims for Patient 211 but

11  fails to comply with its obligations under ERISA, including under ERISA Section

12  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13  letters.

14

15  **Patient 212.** - Defendants Landry's Management, LP, and Landry's Medical Benefit

16  Plan.

17     (A)   Patient 212 is a beneficiary under the Landry's Medical Benefit Plan.

18  On May 14, 2012, Patient 212 had the following medical procedures performed by

19  Valley Surgical Center and Plaintiff IMS: Endoscopy and Ultrasound.  For each of

20  the procedures, United authorized Patient 212 to receive these pre-operative tests at

21  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

22  necessary for Plaintiffs to provide the services to Patient 212.

23     (B)   Plaintiffs timely submitted claims for the services they provided to

24  Patient 212.

25     •   On July 16, 2012 and August 17, 2012, Plaintiff IMS submitted claims
        for its professional Endoscopy and Ultrasound.

26

27     •   On May 21, 2012, Valley Surgical Center submitted a claim for its
        facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (C)    United has not paid for any of the services provided by Plaintiffs to

2    Patient 212.

3    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

4    the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

12    (E)    On May 21, 2012, July 16, 2012, August 17, 2012, and September 17,

13    2012, Plaintiffs submitted all the medical records for the services provided to Patient

14    212.  In addition medical records were sent with appeals when the denial reason was

15    lack of and/or incomplete records.

16    (F)    Plaintiffs also appealed the denial of the claims on August 9, 2013,

17    September 3, and September 6, 2013.  In connection with those appeals, Plaintiffs

18    made multiple requests for documents that the Plan was obligated to provide under

19    ERISA, including requests for a full and complete copy of the Medical Plan for

20    Patient 212 and other instruments under which the Plan is established or operated,

21    including, but not limited to, the internal policies, guidelines, formulas, procedures,

22    methodologies, and/or schedules upon which payment was calculated.  The sample

23    letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

24    specific document requests that were made on behalf of Patient 212.

25    (G)    Despite these requests, neither United nor the Plan ever provided the

26    requested documents to Plaintiffs.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)     On June 13, 2013, July 23, July 24, July 26, 2013, August 1, 2013, September 5, and September 6, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On January 22, 2013, February 7, February 12, February 13, February 21, 2013, June 4, June 25, 2013, July 11, July 17, 2013 and August 2, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 212 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 213.** - Defendants Larson-Juhl US, LLC, and Larson-Juhl US LLC Welfare Plan.

(A)     Patient 213 is a beneficiary under the Larson-Juhl US LLC Welfare Plan.  On February 2, 2010, Patient 213 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Polysomnography.  For each of the procedures, United authorized Patient 213 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 213.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 213.

- On February 16, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

APPENDIX "A"

- On February 16, 2010 Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 213.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On February 16, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 213.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 184 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 213.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 2, 2011 and February 28, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  (J)  To date, United continues to refuse to pay the claims for Patient 213 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 214.** - Defendants LA-Z-BOY Incorporated and LA-Z-BOY Incorporated

7  Medical Plan.

8  (A)  Patient 214 is a beneficiary under the LA-Z-BOY Incorporated Medical

9  Plan.  On October 23, 2010, November 4, 2010, January 27, 2011, March 12, 2011,

10  April 9, April 23, 2011, May 7, 2011, July 23, 2011, August 20, 2011, October 22,

11  2011, January 21, 2012, February 25, 2012 and March 17, 2012, Patient 214 had the

12  following medical procedures performed by Valley Surgical Center and Plaintiffs

13  Modern Institute Of Plastic Surgery and IMS: Endoscopy, Polysomnography,

14  Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the

15  procedures, United authorized Patient 214 to receive these pre-operative tests and

16  Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

17  authorization was necessary for Plaintiffs to provide the services to Patient 214.

18  (B)  Plaintiffs timely submitted claims for the services they provided to

19  Patient 214.

20  • On November 31, 2010, February 17, 2011, March 16, 2011, April 14,
   April 27, 2011, May 25, 2011, July 27, 2011, November 7, 2011,
21  December 7, 2011, August 29, 2012 and September 22, 2012, Plaintiff
   IMS submitted claims for its professional Endoscopy,
22  Polysomnography, Laparoscopic Gastric Band Adjustment and
   Anesthesia Services.

23  • On January 3, 2011, Plaintiff Modern Institute Of Plastic Surgery
24  submitted a claim for its facility services in connection with these
   procedures.

25  • On March 15, 2011, Valley Surgical Center submitted a claim for its
26  facility services in connection with these procedures.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    (C)    United has paid for some of the services provided by Plaintiffs to Patient

2  214 but has refused to pay for the other services provided to Patient 214.

3    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

4  the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

12    (E)    On November 3, 2010, January 3, 2011, February 17, 2011, March 15,

13  March 16, 2011, April 14, April 27, 2011, May 25, May 31, 2011, July 27, 2011,

14  November 7, 2011, December 7, 2011, August 29, 2012 and September 22, 2012,

15  Plaintiffs submitted all the medical records for the services provided to Patient 214.

16  In addition medical records were sent with appeals when the denial reason was lack

17  of and/or incomplete records.

18    (F)    Plaintiffs also appealed the denial of the claims on August 22, August

19  28, 2011, September 2, September 8, September 26, 2011, June 27, 2011, July 1,

20  2011, June 13, 2013, August 21, and August 25, 2013.  In connection with those

21  appeals, Plaintiffs made multiple requests for documents that the Plan was obligated

22  to provide under ERISA, including requests for a full and complete copy of the

23  Medical Plan for Patient 214 and other instruments under which the Plan is

24  established or operated, including, but not limited to, the internal policies, guidelines,

25  formulas, procedures, methodologies, and/or schedules upon which payment was

26  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

27  Complaint sets forth the specific document requests that were made on behalf of

28  Patient 214.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   (G)   Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3   (H)   On July 13, July 17, 2011, August 17, August 31, 2011, September 12,

4   September 14, 2011, October 14, and October 31, 2011 and, United responded to the

5   Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

11   (I)   On June 30, 2011, November 13, 2011, March 15, March 20, 2012, July

12   19, 2013, August 5, August 16, 2013 and August 24, 2013, Plaintiffs called United to

13   inquire about status on pending claims.  United acknowledged receiving medical

14   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

15   information was needed in order to process the claims.

16   (J)   To date, United continues to refuse to pay the claims for Patient 214 but

17   fails to comply with its obligations under ERISA, including under ERISA Section

18   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19   letters.

20

21   **Patient 215. -** Defendants Leavitt Group Agency Association and Leavitt Group

22   Agency Association Health Benefit Plan.

23   (A)   Patient 215 is a beneficiary under the Leavitt Group Agency Association

24   Health Benefit Plan.  On October 25, 2011, Patient 215 had the following medical

25   procedures performed by Plaintiff IMS: Polysomnography.  For each of the

26   procedures, United authorized Patient 215 to receive these pre-operative tests at

27   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

28   necessary for Plaintiffs to provide the services to Patient 215.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (B)   Plaintiffs timely submitted claims for the services they provided to

2   Patient 215.

3   • On November 9, 2011 Plaintiff IMS submitted claims for its professional Polysomnography.

4

5   (C)   United has paid for some of the services provided by Plaintiffs to Patient

6   215 but has refused to pay for the other services provided to Patient 215.

7   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

8   the following grounds:

9   • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

10

11   • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

12

13   • "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

14

15

16   (E)   On November 9, 2011, Plaintiffs submitted all the medical records for

17   the services provided to Patient 215.  In addition medical records were sent with

18   appeals when the denial reason was lack of and/or incomplete records.

19   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

20   those appeals, Plaintiffs made multiple requests for documents that the Plan was

21   obligated to provide under ERISA, including requests for a full and complete copy of

22   the Medical Plan for Patient 215 and other instruments under which the Plan is

23   established or operated, including, but not limited to, the internal policies, guidelines,

24   formulas, procedures, methodologies, and/or schedules upon which payment was

25   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

26   Complaint sets forth the specific document requests that were made on behalf of

27   Patient 215.

28

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On December 11, December 14, 2011, December 5, 2012 and December 10, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims. United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 215 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 216.** - Defendants Level 3 Communications, LLC, and Level 3 Communications, Inc. Welfare Benefit Plan.

(A)    Patient 216 is a beneficiary under the Level 3 Communications, Inc. Welfare Benefit Plan.  On May 14, 2013, Patient 216 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 216 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 216.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 216.

- On June 11, 2013, Plaintiff IMS submitted claims for its professional Consultation.

(C)    United has not paid for any of the services provided by Plaintiffs to Patient 216.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On June 17, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 216.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on August 12, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 216 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 216.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 18, 2013 and August 16, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On June 15, 2013 and July 13, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 216 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 217.** - Defendants Levy Restaurants, Inc., and Employee Benefit Plan of the Compass Group USA, Inc.

(A)     Patient 217 is a beneficiary under the Employee Benefit Plan of the Compass Group USA, Inc.  On March 31, 2011, October 2, October 17, 2012, and December 12, 2012, Patient 217 had the following medical procedures performed by Plaintiff IMS: Endoscopy, Ultrasound, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 217 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 217.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 217.

- On April 5, 2011, October 29, 2012, January 3, 2013, and April 6, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 217 but has refused to pay for the other services provided to Patient 217.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On October 29, 2012, January 3, 2013, and April 6, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 217.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on August 26, 2011, October 22, and October 24, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 217 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 217.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On December 28, 2011, June 5, 2013 and July 2, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

- If your request qualifies for an appeal, grievance or complaint, we will complete our review and send you a letter about our decision within the required timeframe consistent with pertinent state or federal regulatory requirements.

(I)   On November 7, 2011, June 13, 2012, August 22, 2012, February 11, 2013, September 4, 2013, and October 22, 2013, Plaintiffs called United to inquire

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  about status on pending claims.  United acknowledged receiving medical records /

2  provider W-9's from Plaintiffs.  United informed Plaintiffs that more information

3  was needed in order to process the claims.  United's representatives could not tell

4  Plaintiffs what records United was missing.

5    (J)    To date, United continues to refuse to pay the claims for Patient 217 but

6  fails to comply with its obligations under ERISA, including under ERISA Section

7  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8  letters.

9

10  **Patient 218.** - Defendants Linde North America, Inc., and Linde North America, Inc.

11  Insurance Plan.

12    (A)    Patient 218 is a beneficiary under the Linde North America, Inc.

13  Insurance Plan.  On March 24, 2009, Patient 218 had the following medical

14  procedures performed by Plaintiff IMS: Consultation.  For each of the procedures,

15  United authorized Patient 218 to receive these pre-operative tests at Plaintiffs'

16  surgery centers and/or United informed Plaintiffs that no authorization was necessary

17  for Plaintiffs to provide the services to Patient 218.

18    (B)    Plaintiffs timely submitted claims for the services they provided to

19  Patient 218.

20    •    On April 30, 2009, Plaintiff IMS submitted claims for its professional
         Consultation.

21

22    (C)    United has under paid for the mentioned service provided by Plaintiffs

23  to Patient 218.

24    (D)    On April 30, 2009, Plaintiffs submitted all the medical records for the

25  services provided to Patient 218.  In addition medical records were sent with appeals

26  when the denial reason was lack of and/or incomplete records.

27    (E)    Plaintiffs made multiple requests for documents that the Plan was

28  obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  the Medical Plan for Patient 218 and other instruments under which the Plan is

2  established or operated, including, but not limited to, the internal policies, guidelines,

3  formulas, procedures, methodologies, and/or schedules upon which payment was

4  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5  Complaint sets forth the specific document requests that were made on behalf of

6  Patient 218.

7      (F)     Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9      (G)     On May 15, 2009, Plaintiffs called United to inquire about status on

10  pending claims.  United acknowledged receiving medical records / provider W-9's

11  from Plaintiffs.

12      (H)     To date, United continues to refuse to pay the claims for Patient 218 but

13  fails to comply with its obligations under ERISA, including under ERISA Section

14  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15  letters.

16

17  **Patient 219.** - Defendants Local Staff, LLC, and Medstaff, Inc. Section 125 Plan.

18      (A)     Patient 219 is a beneficiary under the Medstaff, Inc. Section 125 Plan.

19  On December 16, 2010, Patient 219 had the following medical procedures performed

20  by Plaintiffs Modern Institute Of Plastic Surgery: Endoscopy and Polysomnography.

21  For each of the procedures, United authorized Patient 219 to receive these pre-

22  operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

23  authorization was necessary for Plaintiffs to provide the services to Patient 219.

24      (B)     Plaintiffs timely submitted claims for the services they provided to

25  Patient 219.

26      •     On January 18, 2011, Plaintiff IMS submitted claims for its professional
          Endoscopy and Polysomnography.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On January 18, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 219 but has refused to pay for the other services provided to Patient 219.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 219.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 20, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 219 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 219.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

1156926.1

(H)     On September 19, and September 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On April 14, 2011, and May 5, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 219 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 220.** - Defendants Loomis Armored US, LLC, and Loomis Health & Welfare Plan.

(A)     Patient 220 is a beneficiary under the Loomis Health & Welfare Plan. On February 25, 2009, Patient 220 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding.  For each of the procedures, United authorized Patient 220 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 220.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 220.

- On March 4, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 220 but has refused to pay for the other services provided to Patient 220.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim paid in full."

- "Claim has been processed and no further payment is due."

(E)   On March 4, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 220.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least July 9, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 220 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 220.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On November 1, 2010, August 8, August 10, August 22, 2011, September 29, 2011 and October 3, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)   On April 29, 2009, September 2, 2009, July 20, 2010, September 1, and September 10, 2010, Plaintiffs called United to inquire about status on pending

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 220 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 221.** - Defendants L'Oreal USA S/D, Inc., and L'Oreal USA, Inc. Comprehensive Medical Plan.

(A)     Patient 221 is a beneficiary under the L'Oreal USA, Inc. Comprehensive Medical Plan.  On January 29, 2010, July 13, 2010, August 28, 2010, October 19, 2010 and December 31, 2011, Patient 221 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS: Colonoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 221 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 221.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 221.

- On December 10, 2010, August 11, 2010, September 3, 2010, October 22, 2010 and September 13, 2012 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On January 3, 2011, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 221, such as endoscopy, ultrasound, lap band facility and lap band anesthesia but has refused to pay for the other services provided to Patient 221.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(D)      United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)      On August 11, 2010, September 3, 2010, October 22, 2010, December 10, 2010, January 3, 2011, and November 30, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 221.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)      Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 221 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 221.

(G)      Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)      United has not responded to Plaintiffs' submitted appeals.

(I)      On June 3, 2011, December 9, 2011, October 15, 2012 and February 28, 2013, Plaintiffs called United to inquire about status on pending claims.  United

1  informed Plaintiffs that more information was needed in order to process the claims.

2  United's representatives could not tell Plaintiffs what records United was missing.

3      (J)    To date, United continues to refuse to pay the claims for Patient 221 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7

8  **Patient 222.** - Defendants Maersk, Inc., and Maersk Inc. Active Nonunion Health

9  and Welfare Plan.

10     (A)    Patient 222 is a beneficiary under the Maersk Inc. Active Nonunion

11  Health and Welfare Plan.  On January 29, 2009, Patient 222 had the following

12  medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band

13  Adjustment.  For each of the procedures, United authorized Patient 222 to receive

14  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

15  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

16  Patient 222.

17     (B)    Plaintiffs timely submitted claims for the services they provided to

18  Patient 222.

19     •    On May 22, 2009, Plaintiff IMS submitted claims for its professional
          Laparoscopic Gastric Band Adjustment.
20

21     (C)    United has paid for some of the services provided by Plaintiffs to Patient

22  222 but has refused to pay for the other services provided to Patient 222.

23     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

24  the following grounds:

25     •    "The claim was not submitted within the time frame specified in your
          plan documents or contract."
26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   (E)   On May 22, 2009, Plaintiffs submitted all the medical records for the

2   services provided to Patient 222.  In addition medical records were sent with appeals

3   when the denial reason was lack of and/or incomplete records.

4   (F)   Plaintiffs also appealed the denial of the claims on at least October 20,

5   2009.  In connection with those appeals, Plaintiffs made multiple requests for

6   documents that the Plan was obligated to provide under ERISA, including requests

7   for a full and complete copy of the Medical Plan for Patient 222 and other

8   instruments under which the Plan is established or operated, including, but not

9   limited to, the internal policies, guidelines, formulas, procedures, methodologies,

10   and/or schedules upon which payment was calculated.  The sample letters that are

11   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

12   document requests that were made on behalf of Patient 222.

13   (G)   Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15   (H)   United has not responded to Plaintiffs' submitted appeals.

16   (I)   On August 12, 2009, Plaintiffs called United to inquire about status on

17   pending claims.  United's representatives could not tell Plaintiffs what records United

18   was missing.

19   (J)   To date, United continues to refuse to pay the claims for Patient 222 but

20   fails to comply with its obligations under ERISA, including under ERISA Section

21   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22   letters.

23

24   **Patient 223. -** Defendants Mako Surgical Corp., and Mako Surgical Corp Health and

25   Welfare Benefit Plan.

26   (A)   Patient 223 is a beneficiary under the Mako Surgical Corp Health and

27   Welfare Benefit Plan.  On November 10, 2011 Patient 223 had the following medical

28   procedures performed by Plaintiffs Modern Institute Of Plastic Surgery:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Polysomnography.  For each of the procedures, United authorized Patient 223 to

2   receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

3   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

4   Patient 223.

5        (B)     Plaintiffs timely submitted claims for the services they provided to

6   Patient 223.

7   •   On January 12, 2012, Plaintiff IMS submitted claims for its professional
        Polysomnography.

8   •   On January 12, 2012, Plaintiff Modern Institute Of Plastic Surgery
9       submitted a claim for its facility services in connection with these
        procedures.

10

11       (C)     United has paid for some of the services provided by Plaintiffs to Patient

12   223 but has refused to pay for the other services provided to Patient 223.

13       (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

14   the following grounds:

15   •   "[United] asked provider to send us more information" and that it would
        "process the claim when [it] receive[d] this information." This EOB did
16       not, however, indicate what specific additional information was required
        for processing that had not previously been submitted with the claim.

17

18       (E)     On January 12, 2012, Plaintiffs submitted all the medical records for the

19   services provided to Patient 223.  In addition medical records were sent with appeals

20   when the denial reason was lack of and/or incomplete records.

21       (F)     Plaintiffs also appealed the denial of the claims.  In connection with

22   those appeals, Plaintiffs made multiple requests for documents that the Plan was

23   obligated to provide under ERISA, including requests for a full and complete copy of

24   the Medical Plan for Patient 223 and other instruments under which the Plan is

25   established or operated, including, but not limited to, the internal policies, guidelines,

26   formulas, procedures, methodologies, and/or schedules upon which payment was

27   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 223.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    United has not responded to Plaintiffs' submitted appeals.

6      (I)    To date, United continues to refuse to pay the claims for Patient 223 but

7  fails to comply with its obligations under ERISA, including under ERISA Section

8  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

9  letters.

10

11  **Patient 224.** - Defendants Marubeni Itochu Steel America, Inc., and MISA Group

12  Benefit Plans.

13      (A)    Patient 224 is a beneficiary under the MISA Group Benefit Plans.  On

14  May 29, 2009, Patient 224 had the following medical procedures performed by

15  Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 224

16  to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

17  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

18  services to Patient 224.

19      (B)    Plaintiffs timely submitted claims for the services they provided to

20  Patient 224.

21      •    On June 3, 2009, Plaintiff IMS submitted claims for its professional Endoscopy.

22

23      (C)    United has paid for some of the services provided by Plaintiffs to Patient

24  224 but has refused to pay for the other services provided to Patient 224.

25      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

26  the following grounds:

27      •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

28      complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On June 3, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 224.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 224 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 224.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On May 5, 2010, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that claim needs correct/ valid modifier.

(J)     To date, United continues to refuse to pay the claims for Patient 224 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 225.** - Defendants Mary Kay, Inc., and Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan.

(A)     Patient 225 is a beneficiary under the Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan.  On December 17, 2010 and January 15, 2011, Patient 225 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 225 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 225.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 225.

- On January 14, 2011 and January 20, 2011, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 225 but has refused to pay for the other services provided to Patient 225.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 14, and January 20, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 225.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims on June 20, June 21, 2011 and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 225 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 225.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 19, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 31, 2011 and August 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 225 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 226.** - Defendants McCarthy Holthus, LP, and McCarthy & Holthus, LLP Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 226 is a beneficiary under the McCarthy & Holthus, LLP Welfare Benefits Plan.  On December 30, 2010, Patient 226 had the following medical procedures performed by Plaintiff IMS: Initial Consultation. For each of the procedures, United authorized Patient 226 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 226.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 226.

•     On February 2, 2011, Plaintiff IMS submitted claims for its professional.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 226.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

•     "No claim on file."

(E)     On February 2, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 226.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 226 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 226.

1   (G)   Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3   (H)   United has not responded to Plaintiffs' submitted appeals.

4   (I)   On February 8, 2013, Plaintiffs called United to inquire about status on

5   pending claims.

6   (J)   To date, United continues to refuse to pay the claims for Patient 226 but

7   fails to comply with its obligations under ERISA, including under ERISA Section

8   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

9   letters.

10

11   **Patient 227.** - Defendants MCM Corporation and Health Care Plan of the Employees

12   of MCM Corp.

13   (A)   Patient 227 is a beneficiary under the Health Care Plan of the Employees

14   of MCM Corp.  On February 18, 2011 and April 29, 2011, Patient 227 had the

15   following medical procedures performed by Valley Surgical Center and Plaintiff

16   IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures,

17   United authorized Patient 227 to receive these pre-operative tests  at Plaintiffs'

18   surgery centers and/or United informed Plaintiffs that no authorization was necessary

19   for Plaintiffs to provide the services to Patient 227.

20   (B)   Plaintiffs timely submitted claims for the services they provided to

21   Patient 227.

22   •   On March 15, 2011, March 21, 2011 and July 22, 2011 Plaintiff IMS
    submitted claims for its professional Endoscopy, Ultrasound and
23   Polysomnography.

24   •   On March 25, 2011, Valley Surgical Center submitted a claim for its
    facility services in connection with these procedures.
25

26   (C)   United has not paid for any of the services provided by Plaintiffs to

27   Patient 227.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 15, March 16, March 21, 2011, May 1, 2011 and July 22, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 227.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 227 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 227.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 9, September 12, and September 15, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On August 15, 2011, March 12, and March 16, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 227 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 228.** - Defendants McMaster-Carr Supply Company and McMaster-Carr Supply Company Group Insurance Program.

(A)     Patient 228 is a beneficiary under the McMaster-Carr Supply Company Group Insurance Program.  On March 16, 2013, Patient 228 had the following medical procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center: Fluoroscopy.  For each of the procedures, United authorized Patient 228 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 228.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 228.

- On March 19, 2013, April 9, and April 19, 2013, Plaintiff IMS submitted claims for its professional Fluoroscopy.

- On March 19, 2013, April 8, and April 19, 2013, Plaintiffs submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 228 but has refused to pay for the other services provided to Patient 228.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

2   the following grounds:

3   •   "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

4   complete the processing of your claim."

5   (E)   On April 19, 2013, Plaintiffs submitted all the medical records for the

6   services provided to Patient 228.  In addition medical records were sent with appeals

7   when the denial reason was lack of and/or incomplete records.

8   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

9   those appeals, Plaintiffs made multiple requests for documents that the Plan was

10   obligated to provide under ERISA, including requests for a full and complete copy of

11   the Medical Plan for Patient 228 and other instruments under which the Plan is

12   established or operated, including, but not limited to, the internal policies, guidelines,

13   formulas, procedures, methodologies, and/or schedules upon which payment was

14   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

15   Complaint sets forth the specific document requests that were made on behalf of

16   Patient 228.

17   (G)   Despite these requests, neither United nor the Plan ever provided the

18   requested documents to Plaintiffs.

19   (H)   United has not responded to Plaintiffs' submitted appeals.

20   (I)   On May 21, 2013, Plaintiffs called United to inquire about status on

21   pending claims.  United acknowledged receiving medical records / provider W-9's

22   from Plaintiffs.  United informed Plaintiffs that more information was needed in

23   order to process the claims.

24   (J)   To date, United continues to refuse to pay the claims for Patient 228 but

25   fails to comply with its obligations under ERISA, including under ERISA Section

26   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

27   letters.

28

**Patient 229.** - Defendants McNichols Company and McNichols Company Health Benefit Plan.

(A)    Patient 229 is a beneficiary under the McNichols Company Health Benefit Plan.  On July 19, 2009 and March 11, 2010, Patient 229 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 229 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 229.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 229.

- On July 30, 2009 and March 18, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 229 but has refused to pay for the other services provided to Patient 229.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)    On July 30, 2009 and March 18, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 229.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims in 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 229 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Complaint sets forth the specific document requests that were made on behalf of

2   Patient 229.

3       (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)   United has not responded to Plaintiffs' submitted appeals.

6       (I)   On April 22, 2010, June 10, 2010, October 26, 2011, and March 22,

7   2013,  Plaintiffs called United to inquire about status on pending claims.  United

8   informed Plaintiffs that more information was needed in order to process the claims.

9       (J)   To date, United continues to refuse to pay the claims for Patient 229 but

10   fails to comply with its obligations under ERISA, including under ERISA Section

11   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12   letters.

13

14   **Patient 230. -** Defendants Medco Health Solutions, Inc., and Medco Health

15   Solutions, Inc. Welfare Benefit Plan.

16       (A)   Patient 230 is a beneficiary under the Medco Health Solutions, Inc.

17   Welfare Benefit Plan.  On April 12, April 13, 2011, May 6, May 12, 2011, January 6,

18   2012, June 27, June 30, 2012, July 21, 2012 and January 31, 2013, Patient 230 had

19   the following medical procedures performed by Valley Surgical Center and Plaintiffs

20   Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Laparoscopic

21   Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

22   For each of the procedures, United authorized Patient 230 to receive these pre-

23   operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed

24   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

25   Patient 230.

26       (B)   Plaintiffs timely submitted claims for the services they provided to

27   Patient 230.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On April 26, 2011, May 26, 2011, July 18, 2011, August 24, 2011, September 22, 2011, August 29, 2012 and February 21, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On July 8, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On June 7, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 230 but has refused to pay for the other services provided to Patient 230.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On April 26, 2011, May 26, 2011, June 7, 2011, July 8, July 18, 2011, August 24, August 29, 2012, September 22, 2012, and February 21, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 230.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on July 4, July 9, 2011, June 6, June 7, 2013, July 29, July 30, 2013, August 26, 2013, September 5, and September 6, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 230 and other instruments under which the Plan is established or operated, including, but

1   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2   and/or schedules upon which payment was calculated.  The sample letters that are

3   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4   document requests that were made on behalf of Patient 230.

5        (G)    Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7        (H)    On October 5, 2012, August 27, 2013, and September 30, 2013, United

8   responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

14   (I)    On November 9, 2011, February 13, 2013, May 10, May 15, 2013, June

15   20, June 21, 2013, August 2, August 22, August 26, 2013, and September 24, 2013,

16   Plaintiffs called United to inquire about status on pending claims.  United

17   acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

18   informed Plaintiffs that more information was needed in order to process the claims.

19   (J)    To date, United continues to refuse to pay the claims for Patient 230 but

20   fails to comply with its obligations under ERISA, including under ERISA Section

21   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22   letters.

23

24   **Patient 231.** - Defendants Medegen, Inc., and Medegen Welfare Benefit Plan.

25   (A)    Patient 231 is a beneficiary under the Medegen Welfare Benefit Plan.

26   On May 5, 2009, Patient 231 had the following medical procedures performed by

27   Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 231

28   to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

2  services to Patient 231.

3       (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 231 on May 27, 2009, Plaintiff IMS submitted claims for its professional

5  Ultrasound.

6       (C)    United has paid for some of the services provided by Plaintiffs to Patient

7  231 but has refused to pay for the other services provided to Patient 231.

8       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

9  the following grounds:

10      •    "Unable to process [the claim] at this time. Please refer to our
   correspondence indicating the additional information necessary to
11         complete the processing of your claim."

12      (E)    On May 27, 2009, Plaintiffs submitted all the medical records for the

13 services provided to Patient 231.  In addition medical records were sent with appeals

14 when the denial reason was lack of and/or incomplete records.

15      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

16 those appeals, Plaintiffs made multiple requests for documents that the Plan was

17 obligated to provide under ERISA, including requests for a full and complete copy of

18 the Medical Plan for Patient 231 and other instruments under which the Plan is

19 established or operated, including, but not limited to, the internal policies, guidelines,

20 formulas, procedures, methodologies, and/or schedules upon which payment was

21 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

22 Complaint sets forth the specific document requests that were made on behalf of

23 Patient 231.

24      (G)    Despite these requests, neither United nor the Plan ever provided the

25 requested documents to Plaintiffs.

26      (H)    United has not responded to Plaintiffs' submitted appeals.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (I)    On September 2, 2013, Plaintiffs called United to inquire about status on

2  pending claims.  United's representatives could not tell Plaintiffs what records United

3  was missing.

4    (J)    To date, United continues to refuse to pay the claims for Patient 231 but

5  fails to comply with its obligations under ERISA, including under ERISA Section

6  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7  letters.

8

9  **Patient 232.** - Defendants Medical Specialties Distributors, LLC, and Medical

10  Specialties Distributors, LLC Group Benefits Plan.

11    (A)    Patient 232 is a beneficiary under the Medical Specialties Distributors,

12  LLC Group Benefits Plan.  On March 6, 2010, Patient 232 had the following medical

13  procedures performed by Plaintiffs: Endoscopy.  For each of the procedures, United

14  authorized Patient 232 to receive these pre-operative tests at Plaintiffs' surgery

15  centers and/or United informed Plaintiffs that no authorization was necessary for

16  Plaintiffs to provide the services to Patient 232.

17    (B)    Plaintiffs timely submitted claims for the services they provided to

18  Patient 232.

19    •    On March 15, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

20

21    •    On March 15, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

22    (C)    United has paid for some of the services provided by Plaintiffs to Patient

23  232 but has refused to pay for the other services provided to Patient 232.

24    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

25  the following grounds:

26    •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

27  complete the processing of your claim."

28

1    (E)    On March 15, 2010, Plaintiffs submitted all the medical records for the

2    services provided to Patient 232.  In addition medical records were sent with appeals

3    when the denial reason was lack of and/or incomplete records.

4    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

5    those appeals, Plaintiffs made multiple requests for documents that the Plan was

6    obligated to provide under ERISA, including requests for a full and complete copy of

7    the Medical Plan for Patient 232 and other instruments under which the Plan is

8    established or operated, including, but not limited to, the internal policies, guidelines,

9    formulas, procedures, methodologies, and/or schedules upon which payment was

10   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11   Complaint sets forth the specific document requests that were made on behalf of

12   Patient 232.

13   (G)    Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15   (H)    On November 1, 2011, United responded to the Provider Plaintiffs'

16   appeals, as follows:

17   •    Initially, United provided acknowledgement that appeal was received
          and United would respond within 30 days.

18

19   (I)    On June 1, 2011, Plaintiffs called United to inquire about status on

20   pending claims.  United's representatives could not tell Plaintiffs what records United

21   was missing.

22   (J)    To date, United continues to refuse to pay the claims for Patient 232 but

23   fails to comply with its obligations under ERISA, including under ERISA Section

24   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25   letters.

26

27   **Patient 233. -** Defendants Metropolitan Life Insurance Company and Welfare

28   Benefit Plan for EES. Of Metropolitan Life.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 233 is a beneficiary under the Welfare Benefit Plan for EES. Of Metropolitan Life.  On May 15, 2010, July 30, 2011, August 12, 2011, January 23, 2012, March 7, March 10, March 21, 2012, April 4, April 18, 2012, May 9, May 30, 2012, July 11, 2012 and March 3, 2013, Patient 233 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center, New Life Surgery Center, Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Laparoscopic Gastric Banding, Fluoroscopy, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 233 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 233.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 233.

- On May 21, May 26, 2010, August 18, August 25, 2011, June 13, 2012, July 3, 2012, September 19, 2012, October 1, 2012, June 19 and June 27, 2013 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Laparoscopic Gastric Banding, Fluoroscopy, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On July 3, 2012, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On October 25, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On October 1, 2012, Plaintiffs submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 233 but has refused to pay for the other services provided to Patient 233.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On May 21, May 26, 2010, August 18, August 25, 2011, June 13, 2012, July 3, 2012, August 19, 2012 and October 1, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 233.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least August 14, 2012.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 233 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 233.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On September 9, 2011 and October 24, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On July 17, 2012, August 13, 2012, October 1, 2012 and November 15, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 233 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 234.** - Defendants Midamerican Energy Company and Midamerican Energy Company Welfare Benefit Plan.

(A)     Patient 234 is a beneficiary under the Midamerican Energy Company Welfare Benefit Plan.  On April 2, 2011, Patient 234 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 234 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 234.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 234.

- On April 18, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.

- On April 25, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 234 but has refused to pay for the other services provided to Patient 234.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On April 18, and April 25, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 234.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

1156926.1

(F)     Plaintiffs also appealed the denial of the claims on at least June 10, 2011 and July 1, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 234 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 234.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 22, 2011, August 22, 2011 and September 7, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 12, 2011, November 18, 2011 and April 3, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 234 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 235.** - Defendants Millard Refrigerated Services, Inc., and Millard Refrigerated Services, Inc. Group Major Medical.

(A)     Patient 235 is a beneficiary under the Millard Refrigerated Services, Inc. Group Major Medical.  On July 7, and July 21, 2010, Patient 235 had the following

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1  medical procedures performed by Valley Surgical Center and Plaintiffs Modern

2  Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound and Polysomnography.

3  For each of the procedures, United authorized Patient 235 to receive these pre-

4  operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

5  authorization was necessary for Plaintiffs to provide the services to Patient 235.

6      (B)    Plaintiffs timely submitted claims for the services they provided to

7  Patient 235.

8  • On July 20, and July 21, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

9
10  • On July 27, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

11  • On November 10, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

12

13      (C)    United has not paid for any of the services provided by Plaintiffs to

14  Patient 235.

15      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

16  the following grounds:

17  • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

18

19  • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

20

21  • "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

22

23

24      (E)    On July 14, July 20, July 21, July 27, 2010 and November 10, 2010,

25  Plaintiffs submitted all the medical records for the services provided to Patient 235.

26  In addition medical records were sent with appeals when the denial reason was lack

27  of and/or incomplete records.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

2  those appeals, Plaintiffs made multiple requests for documents that the Plan was

3  obligated to provide under ERISA, including requests for a full and complete copy of

4  the Medical Plan for Patient 235 and other instruments under which the Plan is

5  established or operated, including, but not limited to, the internal policies, guidelines,

6  formulas, procedures, methodologies, and/or schedules upon which payment was

7  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

8  Complaint sets forth the specific document requests that were made on behalf of

9  Patient 235.

10    (G)    Despite these requests, neither United nor the Plan ever provided the

11  requested documents to Plaintiffs.

12    (H)    On February 24, 2011 and July 18, 2011, United responded to the

13  Provider Plaintiffs' appeals, as follows:

14    •    Initially, United provided acknowledgement that appeal was received
         and United would respond within 30 days.

15

16    (I)    On January 20, 2012, February 10, 2012 and May 14, 2012, Plaintiffs

17  called United to inquire about status on pending claims.  United  informed Plaintiffs

18  that more information was needed in order to process the claims.  United's

19  representatives could not tell Plaintiffs what records United was missing.

20    (J)    To date, United continues to refuse to pay the claims for Patient 235 but

21  fails to comply with its obligations under ERISA, including under ERISA Section

22  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

23  letters.

24

25  **Patient 236.** - Defendants Mission Linen Supply and Mission Linen Supply Group

26  Health.

27    (A)    Patient 236 is a beneficiary under the Mission Linen Supply Group

28  Health.  On October 3, 2009, Patient 236 had the following medical procedures

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United

2    authorized Patient 236 to receive these pre-operative tests at Plaintiffs' surgery

3    centers and/or United informed Plaintiffs that no authorization was necessary for

4    Plaintiffs to provide the services to Patient 236.

5        (B)    Plaintiffs timely submitted claims for the services they provided to

6    Patient 236.

7        •    On October 3, 2009, Plaintiff IMS submitted claims for its professional
          Endoscopy.

8

9        (C)    United has under paid the mentioned services provided by Plaintiffs to

10   Patient 236.

11       (D)    On October 23, 2009, Plaintiffs submitted all the medical records for the

12   services provided to Patient 236.  In addition medical records were sent with appeals

13   when the denial reason was lack of and/or incomplete records.

14       (E)    Plaintiffs also appealed the denial of the claims.  In connection with

15   those appeals, Plaintiffs made multiple requests for documents that the Plan was

16   obligated to provide under ERISA, including requests for a full and complete copy of

17   the Medical Plan for Patient 236 and other instruments under which the Plan is

18   established or operated, including, but not limited to, the internal policies, guidelines,

19   formulas, procedures, methodologies, and/or schedules upon which payment was

20   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

21   Complaint sets forth the specific document requests that were made on behalf of

22   Patient 236.

23       (F)    Despite these requests, neither United nor the Plan ever provided the

24   requested documents to Plaintiffs.

25       (G)    United has not responded to Plaintiffs' submitted appeals.

26       (H)    To date, United continues to refuse to pay the claims for Patient 236 but

27   fails to comply with its obligations under ERISA, including under ERISA Section

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2   letters.

3

4   **Patient 237. -** Defendants Mitek USA, Inc., and Mitek USA, Inc. Welfare Benefit

5   Plan.

6       (A)    Patient 237 is a beneficiary under the Mitek USA, Inc. Welfare Benefit

7   Plan.  On December 22, 2012, Patient 237 had the following medical procedures

8   performed by Plaintiff IMS: Consultation.  For each of the procedures, United

9   authorized Patient 237 to receive these pre-operative tests at Plaintiffs' surgery

10  centers and/or United informed Plaintiffs that no authorization was necessary for

11  Plaintiffs to provide the services to Patient 237.

12      (B)    Plaintiffs timely submitted claims for the services they provided to

13  Patient 237.

14      •    On January 7, 2013, Plaintiff IMS submitted claims for its professional
    consultation.

15

16      (C)    United has not paid for any of the services provided by Plaintiffs to

17  Patient 237.

18      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

19  the following grounds:

20      •    "Unable to process [the claim] at this time. Please refer to our
    correspondence indicating the additional information necessary to

21  complete the processing of your claim."

22      (E)    On February 8, 2013, Plaintiffs submitted all the medical records for the

23  services provided to Patient 237.  In addition medical records were sent with appeals

24  when the denial reason was lack of and/or incomplete records.

25      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

26  those appeals, Plaintiffs made multiple requests for documents that the Plan was

27  obligated to provide under ERISA, including requests for a full and complete copy of

28  the Medical Plan for Patient 237 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

413

APPENDIX "A"

1  established or operated, including, but not limited to, the internal policies, guidelines,

2  formulas, procedures, methodologies, and/or schedules upon which payment was

3  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4  Complaint sets forth the specific document requests that were made on behalf of

5  Patient 237.

6       (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8       (H)    United has not responded to Plaintiffs' submitted appeals.

9       (I)    On January 25, 2013, Plaintiffs called United to inquire about status on

10  pending claims.  United  informed Plaintiffs that more information was needed in

11  order to process the claims.

12       (J)    To date, United continues to refuse to pay the claims for Alicia but fails

13  to comply with its obligations under ERISA, including under ERISA Section 1024(b)

14  and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

15

16  **Patient 238.** - Defendants Mobile Mini, Inc., and Mobile Mini, Inc. Benefit Plan.

17       (A)    Patient 238 is a beneficiary under the Mobile Mini, Inc. Benefit Plan.

18  On February 19, 2010, Patient 238 had the following medical procedures performed

19  by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient

20  238 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

21  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

22  services to Patient 238.

23       (B)    Plaintiffs timely submitted claims for the services they provided to

24  Patient 238.

25       •    On March 24, 2010, Plaintiff IMS submitted claims for its professional

26          Ultrasound.

27       (C)    United has paid for some of the services provided by Plaintiffs to Patient

28  238 but has refused to pay for the other services provided to Patient 238.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Plaintiffs never received an explanation of benefits from United.

(E)     On March 24, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 238.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 238 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 238.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 2, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 238 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 239.** - Defendants Mocean, LLC, and Mocean Health and Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (A)    Patient 239 is a beneficiary under the Mocean Health and Welfare

2  Benefits Plan.  On April 30, 2012, Patient 239 had the following medical procedures

3  performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the

4  procedures, United authorized Patient 239 to receive these pre-operative tests at

5  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

6  necessary for Plaintiffs to provide the services to Patient 239.

7    (B)    Plaintiffs timely submitted claims for the services they provided to

8  Patient 239.

9    •    On November 1, 2012 Plaintiff IMS submitted claims for its
          professional Laparoscopic Gastric Band Adjustment.
10

11    (C)    United has paid for some of the services provided by Plaintiffs to Patient

12  239 but has refused to pay for the other services provided to Patient 239.

13    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

14  the following grounds:

15    •    "Unable to process [the claim] at this time. Please refer to our
          correspondence indicating the additional information necessary to
16          complete the processing of your claim."

17    (E)    On November 1, 2012, Plaintiffs submitted all the medical records for

18  the services provided to Patient 239.  In addition medical records were sent with

19  appeals when the denial reason was lack of and/or incomplete records.

20    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

21  those appeals, Plaintiffs made multiple requests for documents that the Plan was

22  obligated to provide under ERISA, including requests for a full and complete copy of

23  the Medical Plan for Patient 239 and other instruments under which the Plan is

24  established or operated, including, but not limited to, the internal policies, guidelines,

25  formulas, procedures, methodologies, and/or schedules upon which payment was

26  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

27  Complaint sets forth the specific document requests that were made on behalf of

28  Patient 239.

1    (G)    Despite these requests, neither United nor the Plan ever provided the

2    requested documents to Plaintiffs.

3    (H)    United has not responded to Plaintiffs' submitted appeals.

4    (I)    On November 11, 2013, Plaintiffs called United to inquire about status

5    on pending claims.  United's representatives could not tell Plaintiffs what records

6    United was missing.

7    (J)    To date, United continues to refuse to pay the claims for Patient 239 but

8    fails to comply with its obligations under ERISA, including under ERISA Section

9    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10   letters.

11

12   **Patient 240.** - Defendants Monavie, LLC, and Monavie, LLC Fringe Benefit Plan.

13   (A)    Patient 240 is a beneficiary under the Monavie, LLC Fringe Benefit

14   Plan.  On October 23, 2010, Patient 240 had the following medical procedures

15   performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United

16   authorized Patient 240 to receive these pre-operative tests at Plaintiffs' surgery

17   centers and/or United informed Plaintiffs that no authorization was necessary for

18   Plaintiffs to provide the services to Patient 240.

19   (B)    Plaintiffs timely submitted claims for the services they provided to

20   Patient 240.

21   •    On January 31, 2011, Plaintiff IMS submitted claims for its professional
          Polysomnography.
22

23   (C)    United has paid for some of the services provided by Plaintiffs to Patient

24   240 but has refused to pay for the other services provided to Patient 240.

25   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

26   the following grounds:

27   •    "Unable to process [the claim] at this time. Please refer to our
          correspondence indicating the additional information necessary to
28        complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On January 31, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 240.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 11, 2011, July 1, and July 26, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 240 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 240.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 19, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 6, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 240 but fails to comply with its obligations under ERISA, including under ERISA Section

1156926.1

1  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2  letters.

3

4  **Patient 241.** - Defendants Monrovia Nursery Company and Monrovia Nursery

5  Company Employee Benefit Plan.

6      (A)    Patient 241 is a beneficiary under the Monrovia Nursery Company

7  Employee Benefit Plan.  On March 17, 2011, June 21, 2011, July 5, July 19, and July

8  26, 2011, Patient 241 had the following medical procedures performed by Plaintiff

9  IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United

10  authorized Patient 241 to receive these pre-operative tests at Plaintiffs' surgery

11  centers and/or United informed Plaintiffs that no authorization was necessary for

12  Plaintiffs to provide the services to Patient 241.

13      (B)    Plaintiffs timely submitted claims for the services they provided to

14  Patient 241.

15      •    On March 17, 2011, June 21, 2011 and July 5, 2011 Plaintiff IMS
        submitted claims for its professional Laparoscopic Gastric Band
16       Adjustment.

17      (C)    United has not paid for any of the services provided by Plaintiffs to

18  Patient 241.

19      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

20  the following grounds:

21      •    "Unable to process [the claim] at this time. Please refer to our
        correspondence indicating the additional information necessary to
22       complete the processing of your claim."

23      •    This service does not meet coverage requirements as defined in your
        plan.
24

25      (E)    On March 28, 2011, July 6, 2011 and October 25, 2011, Plaintiffs

26  submitted all the medical records for the services provided to Patient 241.  In addition

27  medical records were sent with appeals when the denial reason was lack of and/or

28  incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (F)    Plaintiffs also appealed the denial of the claims on June 13, 2011, July

2  14, 2011 and September 9, 2011.  In connection with those appeals, Plaintiffs made

3  multiple requests for documents that the Plan was obligated to provide under ERISA,

4  including requests for a full and complete copy of the Medical Plan for Patient 241

5  and other instruments under which the Plan is established or operated, including, but

6  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

7  and/or schedules upon which payment was calculated.  The sample letters that are

8  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

9  document requests that were made on behalf of Patient 241.

10    (G)    Despite these requests, neither United nor the Plan ever provided the

11  requested documents to Plaintiffs.

12    (H)    United has not responded to Plaintiffs' submitted appeals.

13    (I)    On August 13, 2012, Plaintiffs called United to inquire about status on

14  pending claims.  United  informed Plaintiffs that more information was needed in

15  order to process the claims.  United's representatives could not tell Plaintiffs what

16  records United was missing.

17    (J)    To date, United continues to refuse to pay the claims for Patient 241 but

18  fails to comply with its obligations under ERISA, including under ERISA Section

19  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20  letters.

21

22  **Patient 242. -** Defendants Mountain Valley Express Co., Inc., and Mountain Valley

23  Express Co. Inc. Welfare Benefit Plan.

24    (A)    Patient 242 is a beneficiary under the Mountain Valley Express Co. Inc.

25  Welfare Benefit Plan.  On September 25, 2010, Patient 242 had the following

26  medical procedures performed by Plaintiffs Beverly Hills Surgery Center and

27  Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures,

28  United authorized Patient 242 to receive these pre-operative tests at Plaintiffs'

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  surgery centers and/or United informed Plaintiffs that no authorization was necessary

2  for Plaintiffs to provide the services to Patient 242.

3      (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 242.

5      •   On November 18, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

6

7      •   On November 18, 2010, Plaintiffs submitted a claim for its facility services in connection with these procedures.

8      (C)    United has paid for some of the services provided by Plaintiffs to Patient

9  242 such as Professional EGD, Anesthesia, Ultrasound and EGD Facility but has

10 refused to pay for the other services provided to Patient 242.

11     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

12 the following grounds:

13     •   "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

14

15     (E)    On November 18, 2010, Plaintiffs submitted all the medical records for

16 the services provided to Patient 242.  In addition medical records were sent with

17 appeals when the denial reason was lack of and/or incomplete records.

18     (F)    Plaintiffs also appealed the denial of the claims.  In connection with

19 those appeals, Plaintiffs made multiple requests for documents that the Plan was

20 obligated to provide under ERISA, including requests for a full and complete copy of

21 the Medical Plan for Patient 242 and other instruments under which the Plan is

22 established or operated, including, but not limited to, the internal policies, guidelines,

23 formulas, procedures, methodologies, and/or schedules upon which payment was

24 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

25 Complaint sets forth the specific document requests that were made on behalf of

26 Patient 242.

27     (G)    Despite these requests, neither United nor the Plan ever provided the

28 requested documents to Plaintiffs.

1   (H)   United has not responded to Plaintiffs' submitted appeals.

2   (I)   On April 22, 2011, May 19, 2011 and June 3, 2011, Plaintiffs called

3  United to inquire about status on pending claims.  United acknowledged receiving

4  medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

5  more information was needed in order to process the claims.  United's representatives

6  could not tell Plaintiffs what records United was missing.

7   (J)   To date, United continues to refuse to pay the claims for Patient 242 but

8  fails to comply with its obligations under ERISA, including under ERISA Section

9  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10  letters.

11

12  **Patient 243. -** Defendants Multiplan, Inc., and Health Insurance Plan of Multiplan,

13  Inc.

14   (A)   Patient 243 is a beneficiary under the Health Insurance Plan of

15  Multiplan, Inc.  On November 9, 2011, Patient 243 had the following medical

16  procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center:

17  Endoscopy.  For each of the procedures, United authorized Patient 243 to receive

18  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

19  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

20  Patient 243.

21   (B)   Plaintiffs timely submitted claims for the services they provided to

22  Patient 243.

23   •   submitted claims for its professional Endoscopy.

24   •   On November 9, 2011 Plaintiff Orange Grove Ambulatory Surgery
25       Center submitted a claim for its facility services in connection with these
       procedures.

26   (C)   United has paid for some of the services provided by Plaintiffs to Patient

27  243 but has refused to pay for the other services provided to Patient 243.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On January 12, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 243.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 243 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 243.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On October 24, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 243 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2 letters.

3

4 **Patient 244.** - Defendants Myriad Genetics, Inc., and Myriad Genetics, Inc. Welfare

5 Benefit Plan.

6 (A) Patient 244 is a beneficiary under the Myriad Genetics, Inc. Welfare

7 Benefit Plan. On February 18, 2012, Patient 244 had the following medical

8 procedures performed by Plaintiff IMS: Polysomnography. For each of the

9 procedures, United authorized Patient 244 to receive these pre-operative tests at

10 Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

11 necessary for Plaintiffs to provide the services to Patient 244.

12 (B) Plaintiffs timely submitted claims for the services they provided to

13 Patient 244.

14 • On August 10, 2012 Plaintiff IMS submitted claims for its professional
15 Polysomnography.

16 (C) United has not paid for any of the services provided by Plaintiffs to

17 Patient 244.

18 (D) United issued Explanations of Benefits ("EOBs") denying the claims on

19 the following grounds:

20 • "Unable to process [the claim] at this time. Please refer to our
correspondence indicating the additional information necessary to
21 complete the processing of your claim."

22 • "The medical documentation that was submitted with this claim has
been forwarded for review. We will process this claim when the review
23 has been completed."

24 (E) On August 10, 2012, Plaintiffs submitted all the medical records for the

25 services provided to Patient 244. In addition medical records were sent with appeals

26 when the denial reason was lack of and/or incomplete records.

27 (F) Plaintiffs also appealed the denial of the claims. In connection with

28 those appeals, Plaintiffs made multiple requests for documents that the Plan was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 244 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 244.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On December 14, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 244 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 245.** - Defendants National Captioning Institute, Inc., and National Captioning Institute, Inc. Health & Welfare Benefits Plan.

(A)     Patient 245 is a beneficiary under the National Captioning Institute, Inc. Health & Welfare Benefits Plan.  On December 29, 2009, Patient 245 had the following medical procedures performed by Plaintiff IMS: Medical Consultation. For each of the procedures, United authorized Patient 245 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 245.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 245.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

- On January 12, 2010, Plaintiff IMS submitted claims for its professional.

(C)      United has not paid for any of the services provided by Plaintiffs to Patient 245.

(D)      United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- This claim has already been processed and the allowed amount was applied to the patient deductible

(E)      On January 12, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 245.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)      Plaintiffs also appealed the denial of the claims on at least August 15, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 245 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 245.

(G)      Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)      On October 21, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- The decision has been made to deny your appeal request because we did not receive it within 180 days.

(I)      On September 28, 2013, Plaintiffs called United to inquire about status on pending claims. Allowed amount applied to patient deductible.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 245 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 246.** - Defendants National Financial Partners Corp., and National Financial Partners Corp. Group Health Plan for Employees.

(A)     Patient 246 is a beneficiary under the National Financial Partners Corp. Group Health Plan for Employees.  On June 4, 2010 and July 21, 2010, Patient 246 had the following medical procedures performed by Plaintiff IMS: Polysomnography and Laparoscopic Cholecystectomy.  For each of the procedures, United authorized Patient 246 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 246.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 246.

- On September 14, 2010 and December 2, 2010, Plaintiff IMS submitted claims for its professional Polysomnography and Laparoscopic Cholecystectomy.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 246 but has refused to pay for the other services provided to Patient 246.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "No claim on file/claim not received."

- "Need proof of licensing/accreditation to process claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information."  This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1    (E)    On September 14, 2010 and December 2, 2010, Plaintiffs submitted all

2   the medical records for the services provided to Patient 246.  In addition medical

3   records were sent with appeals when the denial reason was lack of and/or incomplete

4   records.

5    (F)    Plaintiffs also appealed the denial of the claims on at least July 25, 2011

6   and September 23, 2011.  In connection with those appeals, Plaintiffs made multiple

7   requests for documents that the Plan was obligated to provide under ERISA,

8   including requests for a full and complete copy of the Medical Plan for Patient 246

9   and other instruments under which the Plan is established or operated, including, but

10   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

11   and/or schedules upon which payment was calculated.  The sample letters that are

12   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

13   document requests that were made on behalf of Patient 246.

14    (G)    Despite these requests, neither United nor the Plan ever provided the

15   requested documents to Plaintiffs.

16    (H)    On November 28, 2011, December 1, and December 2, 2011, United

17   responded to the Provider Plaintiffs' appeals, as follows:

18   • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

19
20   • Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

21   Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on

22   behalf of the patient.

23    (I)    On February 7, 2011, May 3, 2011 and June 15, 2011, Plaintiffs called

24   United to inquire about status on pending claims.  United acknowledged receiving

25   medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

26   more information was needed in order to process the claims.

27    (J)    To date, United continues to refuse to pay the claims for Patient 246 but

28   fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2   letters.

3

4   **Patient 247.** - Defendants National Mentor Holdings, LLC, and National Mentor

5   Holdings, LLC Flexible Benefit Plan.

6       (A)    Patient 247 is a beneficiary under the National Mentor Holdings, LLC

7   Flexible Benefit Plan.  On September 4, 2009, Patient 247 had the following medical

8   procedures performed by Plaintiff IMS: Anesthesia Services.  For each of the

9   procedures, United authorized Patient 247 to receive these pre-operative tests at

10  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

11  necessary for Plaintiffs to provide the services to Patient 247.

12      (B)    Plaintiffs timely submitted claims for the services they provided to

13  Patient 247.

14      •    On September 25, 2009, Plaintiff IMS submitted claims for its
             professional Anesthesia Services.

15

16      (C)    United has paid for some of the services provided by Plaintiffs to Patient

17  247 but has refused to pay for the other services provided to Patient 247.

18      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

19  the following grounds:

20      (E)    On September 25, 2009, Plaintiffs submitted all the medical records for

21  the services provided to Patient 247.  In addition medical records were sent with

22  appeals when the denial reason was lack of and/or incomplete records.

23      (F)    Plaintiffs also appealed the denial of the claims on at least July 6, 2011.

24  In connection with those appeals, Plaintiffs made multiple requests for documents

25  that the Plan was obligated to provide under ERISA, including requests for a full and

26  complete copy of the Medical Plan for Patient 247 and other instruments under which

27  the Plan is established or operated, including, but not limited to, the internal policies,

28  guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  payment was calculated.  The sample letters that are attached as Exhibits A and

2  Exhibit B to this Complaint sets forth the specific document requests that were made

3  on behalf of Patient 247.

4  (G)  Despite these requests, neither United nor the Plan ever provided the

5  requested documents to Plaintiffs.

6  (H)  On July 28, 2011 and August 2, 2011, United responded to the Provider

7  Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

13  (I)  On February 2, 2010, January 18, 2011 and May 25, 2011, Plaintiffs

14  called United to inquire about status on pending claims.  United acknowledged

15  receiving medical records / provider W-9's from Plaintiffs.

16  (J)  To date, United continues to refuse to pay the claims for Patient 247 but

17  fails to comply with its obligations under ERISA, including under ERISA Section

18  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19  letters.

20

21  **Patient 248.** - Defendants National Railroad Passenger Corporation, AMPLAN, The

22  Amtrak Union Benefits Plan and National Railroad Passenger Corporation

23  Choiceplus Cafeteria Plan.

24  (A)  Patient 248 is a beneficiary under the AMPLAN, The Amtrak Union

25  Benefits Plan and National Railroad Passenger Corporation Choiceplus Cafeteria

26  Plan.  On January 8, 2011, March 12, 14 and 30, 2011, April 21, 2011, May 12, 2011,

27  August 25, 2011 and October 6, 2011, Patient 248 had the following medical

28  procedures performed by Valley Surgical Center and Plaintiffs Beverly Hills Surgery

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Centera and IMS: Laparoscopic Gastric Banding, Fluoroscopy, Port Revision,

2   Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the

3   procedures, United authorized Patient 248 to receive these pre-operative tests at

4   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

5   necessary for Plaintiffs to provide the services to Patient 248.

6      (B)    Plaintiffs timely submitted claims for the services they provided to

7   Patient 248.

8   • On January 20, 2011, March 16, March 28, 2011, April 25, 2011, May
9   26, 2011 August 25, 2011, November 7, 2011 and January 24, 2012,
    Plaintiff IMS submitted claims for its professional Laparoscopic Gastric
    Banding, Fluoroscopy, Port Revision, Laparoscopic Gastric Band
10   Adjustment and Anesthesia services.

11   • On January 24, 2012, Plaintiffs Beverly Hills Surgery Center submitted
    a claim for its facility services in connection with these procedures.
12
13   • On October 4, 2011, Valley Surgical Center submitted a claim for its
    facility services in connection with these procedures.

14      (C)    United has paid for some of the services provided by Plaintiffs to Patient

15   248 but has refused to pay for the other services provided to Patient 248.

16      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

17   the following grounds:

18   • "Unable to process [the claim] at this time. Please refer to our
    correspondence indicating the additional information necessary to
19   complete the processing of your claim."

20      (E)    On January 20, 2011, March 16, March 28, 2011, April 25, 2011, May

21   26, 2011, August 25, 2011, October 4, 2011, November 15, 2011 and December 13,

22   2011, Plaintiffs submitted all the medical records for the services provided to Patient

23   248.  In addition medical records were sent with appeals when the denial reason was

24   lack of and/or incomplete records.

25      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

26   those appeals, Plaintiffs made multiple requests for documents that the Plan was

27   obligated to provide under ERISA, including requests for a full and complete copy of

28   the Medical Plan for Patient 248 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 248.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On September 27, 2011 and August 7, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On June 2, 2011, March 7, March 22, 2012, June 27, 2012 and August 28, 2012, Plaintiffs called United to inquire about status on pending claims.  United informed Plaintiffs that more information was needed in order to process the claims. United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 248 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 249.** - Defendants Nationstar Mortgage, LLC, and Nationstar Mortgage Group Health and Welfare Benefit Plan.

(A)    Patient 249 is a beneficiary under the Nationstar Mortgage Group Health and Welfare Benefit Plan.  On September 3, September 6, and September 22, 2011, Patient 249 had the following medical procedures performed by Plaintiffs Modern

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Institute Of Plastic Surgery, Ciro Surgery Center and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 249 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 249.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 249.

- On October 7, 2011 and August 1, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On August 1, 2012, Plaintiff Ciro Surgery Center submitted a claim for its facility services in connection with these procedures.

- On September 6, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 249, such as endoscopy anesthesia but has refused to pay for the other services provided to Patient 249.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 10, October 12, 2011, February 3, 2012, August 1, 2012 and November 23, 2012, Plaintiffs submitted all the medical records for the services

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   provided to Patient 249.  In addition medical records were sent with appeals when the

2   denial reason was lack of and/or incomplete records.

3       (F)     Plaintiffs also appealed the denial of the claims on at least September 5,

4   2013 and October 14, 2013.  In connection with those appeals, Plaintiffs made

5   multiple requests for documents that the Plan was obligated to provide under ERISA,

6   including requests for a full and complete copy of the Medical Plan for Patient 249

7   and other instruments under which the Plan is established or operated, including, but

8   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

9   and/or schedules upon which payment was calculated.  The sample letters that are

10  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

11  document requests that were made on behalf of Patient 249.

12      (G)     Despite these requests, neither United nor the Plan ever provided the

13  requested documents to Plaintiffs.

14      (H)     On September 9, 2013, United responded to the Provider Plaintiffs'

15  appeals, as follows:

16      •   Subsequently, however, United informed the Plaintiffs that their appeals
17          were denied due to a lack of patient authorization. This was even though
            Plaintiffs had previously demonstrated that they held a valid assignment
18          of benefits from the patient that authorized Plaintiffs to make appeals on
            behalf of the patient.

19      (I)     On February 16, 2012, August 30, 2013, September 4, September 25,

20  2012, and October 8, 2012, Plaintiffs called United to inquire about status on pending

21  claims.  United acknowledged receiving medical records / provider W-9's from

22  Plaintiffs.  United informed Plaintiffs that more information was needed in order to

23  process the claims.  United's representatives could not tell Plaintiffs what records

24  United was missing.

25      (J)     To date, United continues to refuse to pay the claims for Patient 249 but

26  fails to comply with its obligations under ERISA, including under ERISA Section

27  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28  letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 250.** - Defendants NCH Corporation and NCH Corporation Employee Life and Health Benefit Plan.

(A)     Patient 250 is a beneficiary under the NCH Corporation Employee Life and Health Benefit Plan.  On December 21, 2010, Patient 250 had the following medical procedures performed by Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient 250 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 250.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 250.

•     On January 5, 2011, Plaintiff IMS submitted claims for its professional.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 250.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

•     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On January 5, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 250.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 250 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 250.

3     (G)   Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5     (H)   United has not responded to Plaintiffs' submitted appeals.

6     (I)   On January 18, 2011, and December 4, 2013, Plaintiffs called United to

7  inquire about status on pending claims.  United's representatives could not tell

8  Plaintiffs what records United was missing.

9     (J)   To date, United continues to refuse to pay the claims for Patient 250 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 251.** - Defendants NEC Corporation of America and Group Insurance Plan

15  for Employees of NEC and Affiliates.

16     (A)   Patient 251 is a beneficiary under the Group Insurance Plan for

17  Employees of NEC and Affiliates.  On September 29, 2010, October 9, 2010,

18  December 18, 2010, March 23, 2011 and October 22, 2011, Patient 251 had the

19  following medical procedures performed by Valley Surgical Center and Plaintiffs

20  Modern Institute Of Plastic Surgery and IMS: Endoscopy, Polysomnography,

21  Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each

22  of the procedures, United authorized Patient 251 to receive these pre-operative tests

23  and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

24  authorization was necessary for Plaintiffs to provide the services to Patient 251.

25     (B)   Plaintiffs timely submitted claims for the services they provided to

26  Patient 251.

27     •   On November 30, 2010, February 7, 2011, and March 28, 2011, Plaintiff
        IMS submitted claims for its professional Endoscopy,

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

• On November 10, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

• On March 14, 2011 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 251 but has refused to pay for the other services provided to Patient 251.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

• "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".

• "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

• "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On November 10, 2010, February 7, 2011, March 14, March 28, 2011 and, November 30, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 251.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on June 11, June 21, June 25, June 28, 2011, July 1, July 5, July 26, 2011, August 24, 2011, September 14, 2011 and September 6, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 251 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

1   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2   document requests that were made on behalf of Patient 251.

3       (G)    Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)    On June 30, 2011, August 15, August 17, August 22, August 23, 2011,

6   September 7, 2011 and September 16, 2011, United responded to the Provider

7   Plaintiffs' appeals, as follows:

8   - Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

9

10  - Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

11

12

13      (I)    On April 13, April 14, 2011, May 13, 2011, August 30, 2011, November

14  9, 2011, August 28, and August 21, 2012 , Plaintiffs called United to inquire about

15  status on pending claims. United acknowledged receiving medical records / provider

16  W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed

17  in order to process the claims.  United's representatives could not tell Plaintiffs what

18  records United was missing.

19      (J)    To date, United continues to refuse to pay the claims for Patient 251 but

20  fails to comply with its obligations under ERISA, including under ERISA Section

21  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22  letters.

23

24  **Patient 252.** - Defendants Neff Rental, LLC, and Neff Rental LLC Health & Welfare

25  Plan.

26      (A)    Patient 252 is a beneficiary under the Neff Rental LLC Health &

27  Welfare Plan.  On August 14, 2010 and September 26, 2010, Patient 252 had the

28  following medical procedures performed by Plaintiff IMS: Endoscopy and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Polysomnography.  For each of the procedures, United authorized Patient 252 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 252.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 252.

- On August 31, 2010 and November 10, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 252 but has refused to pay for the other services provided to Patient 252.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 31, 2010 and November 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 252.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 26, 2011, September 2, and September 3, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 252 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1    methodologies, and/or schedules upon which payment was calculated.  The sample

2    letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

3    specific document requests that were made on behalf of Patient 252.

4        (G)    Despite these requests, neither United nor the Plan ever provided the

5    requested documents to Plaintiffs.

6        (H)    On March 10, 2011 and September 27, 2011, United responded to the

7    Provider Plaintiffs' appeals, as follows:

8    •    Initially, United provided acknowledgement that appeal was received
          and United would respond within 30 days.

9

10       (I)    On January 27, 2011 and April 20, 2011, Plaintiffs called United to

11   inquire about status on pending claims.  United  informed Plaintiffs that more

12   information was needed in order to process the claims.  United's representatives

13   could not tell Plaintiffs what records United was missing.

14       (J)    To date, United continues to refuse to pay the claims for Patient 252 but

15   fails to comply with its obligations under ERISA, including under ERISA Section

16   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17   letters.

18

19   **Patient 253.** - Defendants Nestle USA, Inc., and Nestle USA Nescare Plan.

20       (A)    Patient 253 is a beneficiary under the Nestle USA Nescare Plan.  On

21   January 27, 2009, June 16, 2009 and February 19, 2010, Patient 253 had the

22   following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric

23   Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures,

24   United authorized Patient 253 to receive these pre-operative tests and Surgeries at

25   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

26   necessary for Plaintiffs to provide the services to Patient 253.

27       (B)    Plaintiffs timely submitted claims for the services they provided to

28   Patient 253.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On March 16, 2009, June 17, 2009 and February 23, 2010 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 253 but has refused to pay for the other services provided to Patient 253.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On March 16, 2009, June 17, 2009 and February 23, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 253.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least June 20, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 253 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 253.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)    On August 23, 2011, September 12, and September 14, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On July 10, 2009, September 2, 2009 and February 3, 2012, Plaintiffs called United to inquire about status on pending claims.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 253 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 254.** - Defendants NetApp, Inc., and NetApp, Inc. Group Health Plan.

(A)    Patient 258 is a beneficiary under the NetApp, Inc. Group Health Plan. On February 5, 2013, Patient 258 had the following medical procedures performed by Plaintiff IMS: Medical Consultation.  For each of the procedures, United authorized Patient 258 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 258.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 258.

- On February 21, 2013 Plaintiff IMS submitted claims for its professional medical consultation.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   (C)   United has under paid for some of the service provided by Plaintiffs to

2   Patient 258.

3   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

4   the following grounds:

5   • Payment of benefits has been made in accordance with the terms of the managed care system

6

7   (E)   On February 21, 2013, Plaintiffs submitted all the medical records for

8   the services provided to Patient 258.  In addition medical records were sent with

9   appeals when the denial reason was lack of and/or incomplete records.

10   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

11   those appeals, Plaintiffs made multiple requests for documents that the Plan was

12   obligated to provide under ERISA, including requests for a full and complete copy of

13   the Medical Plan for Patient 258 and other instruments under which the Plan is

14   established or operated, including, but not limited to, the internal policies, guidelines,

15   formulas, procedures, methodologies, and/or schedules upon which payment was

16   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

17   Complaint sets forth the specific document requests that were made on behalf of

18   Patient 258.

19   (G)   Despite these requests, neither United nor the Plan ever provided the

20   requested documents to Plaintiffs.

21   (H)   United has not responded to Plaintiffs' submitted appeals.

22   (I)   On September 25, 2013, Plaintiffs called United to inquire about status

23   on pending claims. The allowed amount was applied to the patient's deductible.

24   (J)   To date, United continues to refuse to pay the claims for Patient 258 but

25   fails to comply with its obligations under ERISA, including under ERISA Section

26   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

27   letters.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 255.** - Defendants New Breed Corporate Services, Inc., and New Breed Corporate Services Inc. Welfare Benefit Plan.

(A)     Patient 255 is a beneficiary under the New Breed Corporate Services Inc. Welfare Benefit Plan.  On March 12, 2010, Patient 255 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 255 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 255.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 255.

- On March 31, 2010, Plaintiff IMS submitted claims for its professional Ultrasound.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 255 but has refused to pay for the other services provided to Patient 255.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Plaintiffs never received an explanation of benefits from United.

(E)     On March 31, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 255.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 255 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    Complaint sets forth the specific document requests that were made on behalf of

2    Patient 255.

3         (G)    Despite these requests, neither United nor the Plan ever provided the

4    requested documents to Plaintiffs.

5         (H)    On September 12, 2011, United responded to the Provider Plaintiffs'

6    appeals, as follows:

7    •    Initially, United provided acknowledgement that appeal was received
          and United would respond within 30 days.
8

9         (I)    On October 30, 2013, Plaintiffs called United to inquire about status on

10   pending claims.  United  informed Plaintiffs that more information was needed in

11   order to process the claims.  United's representatives could not tell Plaintiffs what

12   records United was missing.

13        (J)    To date, United continues to refuse to pay the claims for Patient 255 but

14   fails to comply with its obligations under ERISA, including under ERISA Section

15   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

16   letters.

17

18   **Patient 256.** - Defendants Nike, Inc., and Nike, Inc. Group Insurance Plan.

19        (A)    Patient 256 is a beneficiary under the Nike, Inc. Group Insurance Plan.

20   On August 16, 2010 and May 10, 2011, Patient 256 had the following medical

21   procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For

22   each of the procedures, United authorized Patient 256 to receive these pre-operative

23   tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

24   authorization was necessary for Plaintiffs to provide the services to Patient 256.

25        (B)    Plaintiffs timely submitted claims for the services they provided to

26   Patient 256.

27   •    On August 20, 2010 and May 16, 2011, Plaintiff IMS submitted claims
          for its professional Laparoscopic Gastric Band Adjustment.
28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 256 but has refused to pay for the other services provided to Patient 256.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 20, 2010 and May 16, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 256.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 256 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 256.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On August 15, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  from Plaintiffs.  United informed Plaintiffs that more information was needed in

2  order to process the claims.  United's representatives could not tell Plaintiffs what

3  records United was missing.

4  (J)  To date, United continues to refuse to pay the claims for Patient 256 but

5  fails to comply with its obligations under ERISA, including under ERISA Section

6  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7  letters.

8

9  **Patient 257.** - Defendants Northrop Grumman Corporation and Northrop Grumman

10  Corporation Group Benefits Plan.

11  (A)  Patient 257 is a beneficiary under the Northrop Grumman Corporation

12  Group Benefits Plan.  On September 8, 2009, Patient 257 had the following medical

13  procedures performed by Plaintiff IMS: Consultation. For each of the procedures,

14  United authorized Patient 257 to receive these pre-operative tests at Plaintiffs'

15  surgery centers and/or United informed Plaintiffs that no authorization was necessary

16  for Plaintiffs to provide the services to Patient 257.

17  (B)  Plaintiffs timely submitted claims for the services they provided to

18  Patient 257.

19  •  On November 18, 2009, Plaintiff IMS submitted claims for its
        professional.

20

21  (C)  United has not paid for any of the services provided by Plaintiffs to

22  Patient 257.

23  (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

24  the following grounds:

25  •  "Unable to process [the claim] at this time. Please refer to our
        correspondence indicating the additional information necessary to

26     complete the processing of your claim."

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On November 18, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 257.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 257 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 257.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On May 31, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 257 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 258. -** Defendants Novartis Pharmaceuticals Corporation and Novartis Pharmaceuticals Corp. Welfare Benefits Plan.

(A)     Patient 258 is a beneficiary under the Novartis Pharmaceuticals Corp. Welfare Benefits Plan.  On December 17, 2011, Patient 258 had the following medical procedures performed by Plaintiffs Ciro Surgery Center: Endoscopy.  For

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   each of the procedures, United authorized Patient 258 to receive these pre-operative

2   tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

3   authorization was necessary for Plaintiffs to provide the services to Patient 258.

4       (B)    Plaintiffs timely submitted claims for the services they provided to

5   Patient 258.

6       •     On September 20, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.

7
8       •     On September 20, 2011 Plaintiff Ciro Surgery Center submitted a claim for its facility services in connection with these procedures.

9       (C)    United has paid for some of the services provided by Plaintiffs to Patient

10   258 but has refused to pay for the other services provided to Patient 258.

11       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

12   the following grounds:

13       •     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

14

15       (E)    On September 20, 2012, Plaintiffs submitted all the medical records for

16   the services provided to Patient 258.  In addition medical records were sent with

17   appeals when the denial reason was lack of and/or incomplete records.

18       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

19   those appeals, Plaintiffs made multiple requests for documents that the Plan was

20   obligated to provide under ERISA, including requests for a full and complete copy of

21   the Medical Plan for Patient 258 and other instruments under which the Plan is

22   established or operated, including, but not limited to, the internal policies, guidelines,

23   formulas, procedures, methodologies, and/or schedules upon which payment was

24   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

25   Complaint sets forth the specific document requests that were made on behalf of

26   Patient 258.

27       (G)    Despite these requests, neither United nor the Plan ever provided the

28   requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H)     On August 15, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On September 8, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 258 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 259.** - Defendants NPL Construction Co., and NPL Construction Co. Employee Health Benefit Plan.

(A)     Patient 259 is a beneficiary under the NPL Construction Co. Employee Health Benefit Plan.  On March 14, 2009, Patient 259 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 259 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 259.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 259.

- On March 26, 2009 Plaintiff IMS submitted claims for its professional Ultrasound.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 259 but has refused to pay for the other services provided to Patient 259.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- The physician or health care provider is not a network provider, but has accepted a reduction in charges on this claim through Multiplan

(E)     On March 26, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 259.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 259 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 259.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On April 13, 2009, Plaintiffs called United to inquire about status on pending claims. Claim was underpaid.

(J)     To date, United continues to refuse to pay the claims for Patient 259 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 260.** - Defendants NRC Payroll Management, LLC, and NRC Payroll Management Health and Welfare Plan.

(A)     Patient 260 is a beneficiary under the NRC Payroll Management Health and Welfare Plan.  On June 9, June 29, 2012, December 1, 2012, January 12, 2013,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

April 6, 2013 and August 3, 2013, Patient 260 had the following medical procedures performed by Plaintiffs San Diego Ambulatory Surgery Center and IMS: Endoscopy, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 260 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 260.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 260.

- On June 20, 2012, July 10, 2012, October 17, 2012, January 6, January 31, 2013, June 26, 2013 and August 8, 2013 Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.
- On June 20, 2012, October 17, 2012 Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 260 but has refused to pay for the other services provided to Patient 260.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On June 20, 2012, July 10, 2012 and October 17, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 260.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 260 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  established or operated, including, but not limited to, the internal policies, guidelines,

2  formulas, procedures, methodologies, and/or schedules upon which payment was

3  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4  Complaint sets forth the specific document requests that were made on behalf of

5  Patient 260.

6      (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8      (H)    On August 30, 2013, United responded to the Provider Plaintiffs'

9  appeals, as follows:

10     •    Initially, United provided acknowledgement that appeal was received
           and United would respond within 30 days.

11
12     •    Subsequently, however, United informed the Plaintiffs that their appeals
           were denied due to a lack of patient authorization. This was even though
13         Plaintiffs had previously demonstrated that they held a valid assignment
           of benefits from the patient that authorized Plaintiffs to make appeals on
14         behalf of the patient.

15     (I)    On August 16, 2013, October 21, October 25, October 29, 2013 and

16  November 13, 2013, Plaintiffs called United to inquire about status on pending

17  claims.  United acknowledged receiving medical records / provider W-9's from

18  Plaintiffs.  United informed Plaintiffs that more information was needed in order to

19  process the claims.  United's representatives could not tell Plaintiffs what records

20  United was missing.

21     (J)    To date, United continues to refuse to pay the claims for Patient 260 but

22  fails to comply with its obligations under ERISA, including under ERISA Section

23  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24  letters.

25

26  **Patient 261. -** Defendants Nursefinders, LLC, and Nursefinders, Inc. dba Medfinders

27  Welfare Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 261 is a beneficiary under the Nursefinders, Inc. dba Medfinders Welfare Benefit Plan.  On January 20, 2010, Patient 261 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 261 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 261.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 261.

- On February 15, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

- On February 15, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 261 but has refused to pay for the other services provided to Patient 261.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On February 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 261.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 261 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 261.

3  (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5  (H)    United has not responded to Plaintiffs' submitted appeals.

6  (I)    On May 19, 2012, Plaintiffs called United to inquire about status on

7  pending claims.  United's representatives could not tell Plaintiffs what records United

8  was missing.

9  (J)    To date, United continues to refuse to pay the claims for Patient 261 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 262.** - Defendants Oberthur Technologies of America Corp., and Oberthur

15  Technologies of America Corp. Group Benefits Plan.

16  (A)    Patient 262 is a beneficiary under the Oberthur Technologies of America

17  Corp. Group Benefits Plan.  On September 24, 2010, Patient 262 had the following

18  medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery:

19  Polysomnography.  For each of the procedures, United authorized Patient 262 to

20  receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

21  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

22  Patient 262.

23  (B)    Plaintiffs timely submitted claims for the services they provided to

24  Patient 262.

25  • submitted claims for its professional Polysomnography.

26  • On November 10, 2010, Plaintiff Modern Institute Of Plastic Surgery

27  submitted a claim for its facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 262 but has refused to pay for the other services provided to Patient 262.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 262.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 262 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 262.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On February 14, and February 21, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1 records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more
2 information was needed in order to process the claims.

3 (J)     To date, United continues to refuse to pay the claims for Patient 262 but
4 fails to comply with its obligations under ERISA, including under ERISA Section
5 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
6 letters.

7

8 **Patient 263.** - Defendants OCLC Online Computer Library Center, Inc., and OCLC
9 Employee Welfare Benefit Plan.

10 (A)     Patient 263 is a beneficiary under the OCLC Employee Welfare Benefit
11 Plan.  On August 22, 2009, Patient 263 had the following medical procedures
12 performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United
13 authorized Patient 263 to receive these pre-operative tests at Plaintiffs' surgery
14 centers and/or United informed Plaintiffs that no authorization was necessary for
15 Plaintiffs to provide the services to Patient 263.

16 (B)     Plaintiffs timely submitted claims for the services they provided to
17 Patient 263.

18 • On September 22, 2009, Plaintiff IMS submitted claims for its
   professional Ultrasound.
19

20 (C)     United has under paid for some of the services provided by Plaintiffs to
21 Patient 263.

22 (D)     United issued Explanations of Benefits ("EOBs") denying the claims on
23 the following grounds:

24 • Based on our review, we have determined that we processed this claim
   accurately. No further payment is due from us.
25

26 (E)     On September 22, 2009, Plaintiffs submitted all the medical records for
27 the services provided to Patient 263.  In addition medical records were sent with
28 appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 263 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 263.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 12, August 17, August 22, August 23, 2011 and October 31, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On June 1, 2011, Plaintiffs called United to inquire about status on pending claims. Their representative claimed that the allowed amount went to patient's deductible.

(J)     To date, United continues to refuse to pay the claims for Patient 263 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 264.** - Defendants Old Dominion Freight Line, Inc., and Old Dominion Employee Benefit Plan.

(A)     Patient 264 is a beneficiary under the Old Dominion Employee Benefit Plan.  On December 18, and December 29, 2010, Patient 264 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

Valley Surgical Center: Endoscopy and Polysomnography. For each of the procedures, United authorized Patient 264 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 264.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 264.

- On January 18, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

- On January 18, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On January 6, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 264 but has refused to pay for the other services provided to Patient 264.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 6, and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 264. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 5, 2011, August 20, August 25, 2011 and October 22, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  provide under ERISA, including requests for a full and complete copy of the Medical

2  Plan for Patient 264 and other instruments under which the Plan is established or

3  operated, including, but not limited to, the internal policies, guidelines, formulas,

4  procedures, methodologies, and/or schedules upon which payment was calculated.

5  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

6  sets forth the specific document requests that were made on behalf of Patient 264.

7  (G)     Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9  (H)     On September 16, 2011 and November 26, 2011, United responded to

10  the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

14  (I)     On February 5, 2012 and November 13, 2013, Plaintiffs called United to

15  inquire about status on pending claims.  United acknowledged receiving medical

16  records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

17  information was needed in order to process the claims.  United's representatives

18  could not tell Plaintiffs what records United was missing.

19  (J)     To date, United continues to refuse to pay the claims for Patient 264 but

20  fails to comply with its obligations under ERISA, including under ERISA Section

21  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22  letters.

23

24  **Patient 265.** - Defendants Olin Corporation, and Olin Medical/Dental Plan.

25  (A)     Patient 265 is a beneficiary under the Olin Medical/Dental Plan.  On

26  July 23, July 24, 2010, October 21, 2010, December 22, 2010 and January 12, 2011,

27  Patient 265 had the following medical procedures performed by Plaintiffs Modern

28  Institute Of Plastic Surgery, Valley Surgical Center, Valencia Ambulatory Surgery

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Center and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Revision and Anesthesia Services.  For each of the procedures, United authorized Patient 265 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 265.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 265.

- On August 9, August 10, 2010, November 1, 2010, December 24, 2010 and January 18, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Revision and Anesthesia Services.

- On November 11, 2010 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On August 17, 2010 Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

- On November 1, 2010 Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 265 but has refused to pay for the other services provided to Patient 265.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 11, 2010, August 9, August 10, August 17, 2010, November 1, 2010, December 24, 2010 and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 265.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims on at least June 11, 2011 and September 2, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 265 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 265.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 5, 2011, September 1, September 15, 2011, November 1, and November 2, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On October 12, 2010, November 10, 2010, March 21, 2011, April 13, 2011, May 19, 2011 and July 29, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 265 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 266.** - Defendants Onward Healthcare, Inc., and Onward Healthcare, Inc. Health and Welfare Plan.

(A)     Patient 266 is a beneficiary under the Onward Healthcare, Inc. Health and Welfare Plan.  On April 17, 2010, Patient 266 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 266 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 266.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 266.

- On April 28, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

- On April 28, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 266 but has refused to pay for the other services provided to Patient 266.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On April 28, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 266.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 266 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2 Complaint sets forth the specific document requests that were made on behalf of

3 Patient 266.

4    (G) Despite these requests, neither United nor the Plan ever provided the

5 requested documents to Plaintiffs.

6    (H) United has not responded to Plaintiffs' submitted appeals.

7    (I) On April 30, 2010, Plaintiffs called United to inquire about status on

8 pending claims.  United's representatives could not tell Plaintiffs what records United

9 was missing.

10    (J) To date, United continues to refuse to pay the claims for Patient 266 but

11 fails to comply with its obligations under ERISA, including under ERISA Section

12 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13 letters.

14

15 **Patient 267.** - Defendants Orix USA Corporation and Orix USA Corporation

16 Welfare Plan.

17    (A) Patient 267 is a beneficiary under the Orix USA Corporation Welfare

18 Plan.  On August 28, 2009, September 22, 2009, November 18, 2009, December 8,

19 December 29, 2009, January 2, January 26, 2010, March 6, March 18, March 22,

20 2010, April 13, 2010, May 18, 2010, July 3, July 27, 2010, August 10, August 24,

21 2010, October 12, 2010, December 14, 2010, January 25, 2011,  February 8, 2011,

22 March 15, March 26, 2011, May 21, May 26, 2011, June 28, 2011, August 23, 2011,

23 September 15, 2011, January 6, 2012, May 19, 2012, July 7, 2012 and July 26, 2013,

24 Patient 267 had the following medical procedures performed by Plaintiffs Beverly

25 Hills Surgery Center, New Life Surgery Center and IMS: Laparoscopic Gastric

26 Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each

27 of the procedures, United authorized Patient 267 to receive these pre-operative tests

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

2   was necessary for Plaintiffs to provide the services to Patient 267.

3       (B)    Plaintiffs timely submitted claims for the services they provided to

4   Patient 267.

5   •   On September 3, 2009, January 4, January 10, 2010, February 16, 2010, March 9, March 10, 2010, March 23, 2010, April 14, April 23, 2010,

6   July 7, 2010, August 9, 2010, August 11, August 17, August 26, 2010, October 26, 2010, January 14, 2011, February 2, 2011, March 7, March

7   28, 2011, June 6, 2011, August 17, 2011, July 4, July 10, July 23, 2011, and August 23, 2012 Plaintiff IMS submitted claims for its professional

8   Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

9

10       (C)    United has paid for some of the services provided by Plaintiffs to Patient

11   267 such as EGD Professional, Anesthesia Upper Gastro Endos Procedure,

12   Ultrasound, Lap Band Facility, Anesthesia Gastric Restrictive Morbid Obesity, Lap

13   Band Assistant Surgeon, Port Revision and Band Adjustments but has refused to pay

14   for the other services provided to Patient 267.

15       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

16   the following grounds:

17   •   "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

18   not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

19

20       (E)    On September 3, September 23, 2009, January 4, January 10, 2010

21   February 16, 2010, March 9, March 10, March 23, 2010, April 14, 2010, and April

22   23, 2010, Plaintiffs submitted all the medical records for the services provided to

23   Patient 267.  In addition medical records were sent with appeals when the denial

24   reason was lack of and/or incomplete records.

25       (F)    Plaintiffs also appealed the denial of the claims on June 23, 2011, July

26   16, 2011, August 23, August 26, 2011 and September 16, 2011.  In connection with

27   those appeals, Plaintiffs made multiple requests for documents that the Plan was

28   obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   the Medical Plan for Patient 267 and other instruments under which the Plan is

2   established or operated, including, but not limited to, the internal policies, guidelines,

3   formulas, procedures, methodologies, and/or schedules upon which payment was

4   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5   Complaint sets forth the specific document requests that were made on behalf of

6   Patient 267.

7            (G)     Despite these requests, neither United nor the Plan ever provided the

8   requested documents to Plaintiffs.

9            (H)     On June 30, 2011, July 28, 2011, August 18, August 19, 2011,

10  September 26, September 27, September 28, 2011, November 10, November 24, and

11  November 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

12       • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

13
14       • Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.
15
16

17           (I)     On October 12, 2010, February 20, 2012, March 28, 2012, April 1,

18  2013, June 7, 2013, September 10, September 17, 2013, October 2, October 15, and

19  October 23, 2013, Plaintiffs called United to inquire about status on pending claims.

20  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

21  United informed Plaintiffs that more information was needed in order to process the

22  claims.  United's representatives could not tell Plaintiffs what records United was

23  missing.

24           (J)     To date, United continues to refuse to pay the claims for Patient 267 but

25  fails to comply with its obligations under ERISA, including under ERISA Section

26  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

27  letters.

28

**Patient 268.** - Defendants Osram Sylvania, Inc., and Osram Sylvania, Inc. Plan For Group Insurance.

(A)    Patient 268 is a beneficiary under the Osram Sylvania, Inc. Plan For Group Insurance.  On April 23, 2010, Patient 268 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 268 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 268.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 268.

- On May 10, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

- On May 10, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 268 but has refused to pay for the other services provided to Patient 268.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)    On May 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 268.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 268 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2 Complaint sets forth the specific document requests that were made on behalf of

3 Patient 268.

4 (G)    Despite these requests, neither United nor the Plan ever provided the

5 requested documents to Plaintiffs.

6 (H)    United has not responded to Plaintiffs' submitted appeals.

7 (I)    On February 18, 2011, Plaintiffs called United to inquire about status on

8 pending claims.  United's representatives could not tell Plaintiffs what records United

9 was missing.

10 (J)    To date, United continues to refuse to pay the claims for Patient 268 but

11 fails to comply with its obligations under ERISA, including under ERISA Section

12 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13 letters.

14

15 **Patient 269.** - Defendants Paetec Holding Corp., and Paetec Holding Corp. Health

16 Care-Medical.

17 (A)    Patient 269 is a beneficiary under the Paetec Holding Corp. Health Care-

18 Medical.  On February 23, 2011, April 13, and April 22, 2011, Patient 269 had the

19 following medical procedures performed by Plaintiffs New Life Surgery Center and

20 IMS: Polysomnography, Laparoscopic Gastric Banding, Echocardiography and

21 Anesthesia Services.  For each of the procedures, United authorized Patient 269 to

22 receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

23 Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

24 Patient 269.

25 (B)    Plaintiffs timely submitted claims for the services they provided to

26 Patient 269.

27 • On April 29, 2011  and May 18, 2011, Plaintiff IMS submitted claims for its professional Polysomnography, Laparoscopic Gastric Banding, Echocardiography and Anesthesia Services.

28

- On April 19, 2011 Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On May 16, 2011 Plaintiffs submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 269 but has refused to pay for the other services provided to Patient 269.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On April 19, April 29, 2011, May 16, and May 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 269.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 13, June 29, 2011, July 19, 2011 and September 4, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 269 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 269.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 20, 2011, September 7, September 28, October 4, 2011 and December 7, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On May 26, 2011, September 12, 2012, October 13, 2012 and October 31, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 269 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 270.** - Defendants Panalpina, Inc., and Panalpina, Inc. Welfare Benefits Plan.

(A)     Patient 270 is a beneficiary under the Panalpina, Inc. Welfare Benefits Plan.  On November 14, November 15, 2010 and December 6, 2010, Patient 270 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography and Echocardiography. For each of the procedures, United authorized Patient 270 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 270.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 270.

- On December 10, and December 28, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and Echocardiography.

- On December 1, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(C)     United has paid for some of the services provided by Plaintiffs to Patient 270 but has refused to pay for the other services provided to Patient 270.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On December 1, December 10, December 28, 2010 and January 24, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 270.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 4, 2011, August 9, 2011, September 10, 2011 and September 16, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 270 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 270.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)    On February 24, 2011, March 11, 2011, August 23, 2011, September 7, September 12, September 27, 2011 and November 1, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On January 12, 2011, February 10, 2011, March 9, 2011 and May 31, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 270 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 271.** - Defendants Park Electrochemical Corp., and Park Electrochemical Corp. Employee Health & Life Benefit Plan.

(A)    Patient 271 is a beneficiary under the Park Electrochemical Corp. Employee Health & Life Benefit Plan. On October 9, 2010, Patient 271 had the following medical procedures performed by Plaintiff IMS: Medical Consultation. For each of the procedures, United authorized Patient 271 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 271.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 271.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On February 11, 2011, Plaintiff IMS submitted claims for its professional.

(C)    United has not paid for any of the services provided by Plaintiffs to Patient 271.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On February 11, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 271.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 271 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 271.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On December 5, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  order to process the claims.  United's representatives could not tell Plaintiffs what

2  records United was missing.

3        (J)     To date, United continues to refuse to pay the claims for Patient 271 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7

8  **Patient 272.** - Defendants Parker-Hannifin Corporation and Group Insurance Plan

9  Hourly And Salaried Employees Of Parker Hannifin Corp.

10        (A)     Patient 272 is a beneficiary under the Group Insurance Plan Hourly And

11  Salaried Employees Of Parker Hannifin Corp.  On October 8, and October 22, 2011,

12  Patient 272 had the following medical procedures performed by Plaintiffs Beverly

13  Hills Surgery Center, Modern Institute Of Plastic Surgery and IMS: Ultrasound,

14  Polysomnography and CPAP Titration.  For each of the procedures, United

15  authorized Patient 272 to receive these pre-operative tests  at Plaintiffs' surgery

16  centers and/or United informed Plaintiffs that no authorization was necessary for

17  Plaintiffs to provide the services to Patient 272.

18        (B)     Plaintiffs timely submitted claims for the services they provided to

19  Patient 272:

20        •     On November 7, 2011 and November 15, 2011 Plaintiff IMS submitted
            claims for its professional Ultrasound, Polysomnography and CPAP
21            Titration.

22        •     On November 9, 2011, Plaintiffs submitted a claim for its facility
            services in connection with these procedures.
23

24        •     On November 12, 2011, Plaintiffs submitted a claim for its facility
            services in connection with these procedures.

25        (C)     United has paid for some of the services provided by Plaintiffs to Patient

26  272 but has refused to pay for the other services provided to Patient 272.

27        (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

28  the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On November 9, November 15, and November 16, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 272.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 272 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 272.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 29, 2011, November 14, and November 29, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On January 28, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

1     (J)    To date, United continues to refuse to pay the claims for Patient 272 but

2 fails to comply with its obligations under ERISA, including under ERISA Section

3 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4 letters.

5

6 **Patient 273.** - Defendants Parsons Corporation and Group Benefits Plan For

7 Employees Of Parsons Corporation & Designated Subsidiaries.

8     (A)    Patient 273 is a beneficiary under the Group Benefits Plan For

9 Employees Of Parsons Corporation & Designated Subsidiaries.  On August 18, 2009,

10 January 19, 2010, March 11, 2010, August 31, 2010, December 23, 2010, May 12,

11 2011, August 12, 2011, September 9, 2011, November 18, 2011, December 2, 2011

12 and January 6, 2012, Patient 273 had the following medical procedures performed by

13 Plaintiffs Beverly Hills Surgery Center and Modern Institute Of Plastic Surgery:

14 Laparoscopic Gastric Banding, Fluoroscopy, Laparoscopic Gastric Band Adjustment

15 and Anesthesia Services.  For each of the procedures, United authorized Patient 273

16 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United

17 informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

18 services to Patient 273.

19     (B)    Plaintiffs timely submitted claims for the services they provided to

20 Patient 273.

21 • On November 29, 2011, Plaintiff IMS submitted claims for its
   professional Laparoscopic Gastric Banding, Fluoroscopy, Laparoscopic
22 Gastric Band Adjustment and Anesthesia Services.

23 • On November 29, 2011, Plaintiffs Beverly Hills Surgery Center
   submitted a claim for its facility services in connection with these
24 procedures.

25 • On October 5, 2011, Plaintiff Modern Institute Of Plastic Surgery
   submitted a claim for its facility services in connection with these
26 procedures.

27     (C)    United has paid for some of the services provided by Plaintiffs to Patient

28 273 but has refused to pay for the other services provided to Patient 273.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 24, 2009, February 10, 2010, March 17, 2010, September 31, 2010, February 1, 2011, July 13, 2011, October 5, 2011, and December 8, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 273. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 273 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 273.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On November 9, 2011, August 21, August 30, 2012, February 30, 2013, August 30, 2013 and October 24, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  in order to process the claims.  United's representatives could not tell Plaintiffs what

2  records United was missing.

3  (J)  To date, United continues to refuse to pay the claims for Patient 273 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7

8  **Patient 274.** - Defendants Payless Shoesource, Inc., and Payless Shoesource, Inc.

9  Medical Plan.

10  (A)  Patient 274 is a beneficiary under the Payless Shoesource, Inc. Medical

11  Plan.  On March 18, 2009, September 11, and September 15, 2009, Patient 274 had

12  the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric

13  Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures,

14  United authorized Patient 274 to receive these pre-operative tests and Surgeries at

15  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

16  necessary for Plaintiffs to provide the services to Patient 274.

17  (B)  Plaintiffs timely submitted claims for the services they provided to

18  Patient 274.

19  •  On March 27, 2009 and December 3, 2009 Plaintiff IMS submitted
claims for its professional Laparoscopic Gastric Banding and

20  Laparoscopic Gastric Band Adjustment.

21  (C)  United has paid for some of the services provided by Plaintiffs to Patient

22  274 but has refused to pay for the other services provided to Patient 274.

23  (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

24  the following grounds:

25  •  "Unable to process [the claim] at this time. Please refer to our
correspondence indicating the additional information necessary to

26  complete the processing of your claim."

27  •  "[United] asked provider to send us more information" and that it would
"process the claim when [it] receive[d] this information." This EOB did

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 27, 2009 and December 3, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 274.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least September 10, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 274 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 274.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 28, 2011, October 31, 2011 and April 20, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On June 2, 2011 and July 27, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  provider W-9's from Plaintiffs.  United informed Plaintiffs that more information

2  was needed in order to process the claims.

3      (J)     To date, United continues to refuse to pay the claims for Patient 274 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7

8  **Patient 275.** - Defendants Pechiney Plastic Packaging, Inc., and Alcan Salaried

9  Welfare Benefits Program.

10      (A)     Patient 275 is a beneficiary under the Alcan Salaried Welfare Benefits

11  Program.  On December 10, 2010, Patient 275 had the following medical procedures

12  performed by Plaintiffs Valencia Ambulatory Surgery Center: Endoscopy. For each

13  of the procedures, United authorized Patient 275 to receive these pre-operative tests

14  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

15  was necessary for Plaintiffs to provide the services to Patient 275.

16      (B)     Plaintiffs timely submitted claims for the services they provided to

17  Patient 275 submitted claims for its professional Endoscopy.

18      •     On January 4, 2011 Plaintiffs Valencia Ambulatory Surgery Center
             submitted a claim for its facility services in connection with these
19             procedures.

20      (C)     United has paid for some of the services provided by Plaintiffs to Patient

21  275 but has refused to pay for the other services provided to Patient 275.

22      (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

23  the following grounds:

24      •     "Unable to process [the claim] at this time. Please refer to our
             correspondence indicating the additional information necessary to
25             complete the processing of your claim."

26      •     "The medical documentation that was submitted with this claim has
             been forwarded for review. We will process this claim when the review
27             has been completed."

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E)     On January 4, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 275.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 13, 2011, August 24, 2011, and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 275 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 275.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On November 30, 2011 and September 26, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On November 10, 2011 and April 5, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 275 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1 **Patient 276.** - Defendants Pentair, Inc., and Pentair, Inc. Active Employee Welfare

2 Plan.

3     (A)    Patient 276 is a beneficiary under the Pentair, Inc. Active Employee

4 Welfare Plan.  On October 9, and October 12, 2010, Patient 276 had the following

5 medical procedures performed by Valley Surgical Center and Plaintiff IMS:

6 Endoscopy and Polysomnography.  For each of the procedures, United authorized

7 Patient 276 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or

8 United informed Plaintiffs that no authorization was necessary for Plaintiffs to

9 provide the services to Patient 276.

10     (B)    Plaintiffs timely submitted claims for the services they provided to

11 Patient 276.

12     •    On December 1, 2010, Plaintiff IMS submitted claims for its
professional Endoscopy and Polysomnography.

13
14     •    On November 10, 2010, Valley Surgical Center submitted a claim for its
facility services in connection with these procedures.

15     (C)    United has paid for some of the services provided by Plaintiffs to Patient

16 276 but has refused to pay for the other services provided to Patient 276.

17     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

18 the following grounds:

19     •    "Unable to process [the claim] at this time. Please refer to our
correspondence indicating the additional information necessary to

20 complete the processing of your claim."

21     •    "[United] asked provider to send us more information" and that it would
"process the claim when [it] receive[d] this information." This EOB did

22 not, however, indicate what specific additional information was required
for processing that had not previously been submitted with the claim.

23
24     •    "The medical documentation that was submitted with this claim has
been forwarded for review. We will process this claim when the review
has been completed."

25

26     (E)    On November 10, 2010 and December 1, 2010, Plaintiffs submitted all

27 the medical records for the services provided to Patient 276.  In addition medical

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  records were sent with appeals when the denial reason was lack of and/or incomplete

2  records.

3      (F)    Plaintiffs also appealed the denial of the claims on June 21, 2011, July 1,

4  and July 26, 2011.  In connection with those appeals, Plaintiffs made multiple

5  requests for documents that the Plan was obligated to provide under ERISA,

6  including requests for a full and complete copy of the Medical Plan for Patient 276

7  and other instruments under which the Plan is established or operated, including, but

8  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

9  and/or schedules upon which payment was calculated.  The sample letters that are

10  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

11  document requests that were made on behalf of Patient 276.

12      (G)    Despite these requests, neither United nor the Plan ever provided the

13  requested documents to Plaintiffs.

14      (H)    On February 24, 2011, June 30, 2011, July 5, 2011 and September 6,

15  2011, United responded to the Provider Plaintiffs' appeals, as follows:

16  •    Initially, United provided acknowledgement that appeal was received
       and United would respond within 30 days.

17
18  •    Subsequently, however, United informed the Plaintiffs that their appeals
       were denied due to a lack of patient authorization. This was even though
19     Plaintiffs had previously demonstrated that they held a valid assignment
       of benefits from the patient that authorized Plaintiffs to make appeals on
20     behalf of the patient.

21      (I)    On April 20, April 21, 2011, May 9, 2011 and August 20, 2012,

22  Plaintiffs called United to inquire about status on pending claims.  United

23  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

24  informed Plaintiffs that more information was needed in order to process the claims.

25      (J)    To date, United continues to refuse to pay the claims for Patient 276 but

26  fails to comply with its obligations under ERISA, including under ERISA Section

27  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28  letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**Patient 277. -** Defendants Performance Food Group, Inc., and Performance Food Group Inc. Employee Benefits Plan.

(A)     Patient 277 is a beneficiary under the Performance Food Group Inc. Employee Benefits Plan.  On April 20, 2011, Patient 277 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: CPAP Titration.  For each of the procedures, United authorized Patient 277 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 277.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 277.

- On July 11, 2011, Plaintiff IMS submitted claims for its professional CPAP Titration.

- On July 11, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 277 but has refused to pay for the other services provided to Patient 277.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Not a covered expense."

(E)     On July 11, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 277.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on August 26, 2011 and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 277 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

1   and/or schedules upon which payment was calculated.  The sample letters that are

2   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

3   document requests that were made on behalf of Patient 277.

4        (G)   Despite these requests, neither United nor the Plan ever provided the

5   requested documents to Plaintiffs.

6        (H)   United has not responded to Plaintiffs' submitted appeals.

7        (I)   On September 30, 2011 and November 4, 2011, Plaintiffs called United

8   to inquire about status on pending claims.  United acknowledged receiving medical

9   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

10   information was needed in order to process the claims.

11        (J)   To date, United continues to refuse to pay the claims for Patient 277 but

12   fails to comply with its obligations under ERISA, including under ERISA Section

13   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14   letters.

15

16   **Patient 278.** - Defendants Perkins & Marie Callender's, LLC, and Perkins Flexible

17   Benefits Plan.

18        (A)   Patient 278 is a beneficiary under the Perkins Flexible Benefits Plan.

19   On December 26, 2010 and December 27, 2010, Patient 278 had the following

20   medical procedures performed by Plaintiff IMS: Endoscopy and Polysomnography.

21   For each of the procedures, United authorized Patient 278 to receive these pre-

22   operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

23   authorization was necessary for Plaintiffs to provide the services to Patient 278.

24        (B)   Plaintiffs timely submitted claims for the services they provided to

25   Patient 278.

26        •   On December 4, 2011 and January 5, 2011, Plaintiff IMS submitted
             claims for its professional Endoscopy and Polysomnography.

27

28        •   On January 27, 2010, Valley Surgical Center submitted a claim for its
             facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1

2

    (C)    United has paid for some of the services provided by Plaintiffs to Patient 278 but has refused to pay for the other services provided to Patient 278.

3

4

    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

5

6

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

7

8

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

9

10

11

12

    (E)    On December 6, 2011, January 5, and January 27, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 278.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

13

14

15

16

17

18

19

20

21

    (F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 278 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 278.

22

23

    (G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

24

25

    (H)    On July 5, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

26

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

27

28

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2

Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

3   (I)   On May 31, 2011, August 27, and August 28, 2012, Plaintiffs called

4   United to inquire about status on pending claims.  United acknowledged receiving

5   medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

6   more information was needed in order to process the claims.  United's representatives

7   could not tell Plaintiffs what records United was missing.

8   (J)   To date, United continues to refuse to pay the claims for Patient 278 but

9   fails to comply with its obligations under ERISA, including under ERISA Section

10   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

11   letters.

12

13   **Patient 279.** - Defendants Perot Systems Corporation and Perot Systems Corporation

14   Health Wrap Plan.

15   (A)   Patient 279 is a beneficiary under the Perot Systems Corporation Health

16   Wrap Plan.  On October 28, 2009, Patient 279 had the following medical procedures

17   performed by Plaintiffs: Laparoscopic Cholecystectomy.  For each of the procedures,

18   United authorized Patient 279 to receive these pre-operative tests at Plaintiffs'

19   surgery centers and/or United informed Plaintiffs that no authorization was necessary

20   for Plaintiffs to provide the services to Patient 279.

21   (B)   Plaintiffs timely submitted claims for the services they provided to

22   Patient 279 submitted claims for its professional Laparoscopic Cholecystectomy.

23   • On January 12, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

24

25   (C)   United has under paid for some of the services provided by Plaintiffs to

26   Patient 279.

27   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

28   the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    • "Claim has been paid. Balance exceeds usual and customary."

2    (E)    On January 12, 2010, Plaintiffs submitted all the medical records for the

3    services provided to Patient 279.  In addition medical records were sent with appeals

4    when the denial reason was lack of and/or incomplete records.

5    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

6    those appeals, Plaintiffs made multiple requests for documents that the Plan was

7    obligated to provide under ERISA, including requests for a full and complete copy of

8    the Medical Plan for Patient 279 and other instruments under which the Plan is

9    established or operated, including, but not limited to, the internal policies, guidelines,

10   formulas, procedures, methodologies, and/or schedules upon which payment was

11   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

12   Complaint sets forth the specific document requests that were made on behalf of

13   Patient 279.

14   (G)    Despite these requests, neither United nor the Plan ever provided the

15   requested documents to Plaintiffs.

16   (H)    United has not responded to Plaintiffs' submitted appeals.

17   (I)    On February 1, 2010 and March 19, 2010, Plaintiffs called United to

18   inquire about status on pending claims.

19   (J)    To date, United continues to refuse to pay the claims for Patient 279 but

20   fails to comply with its obligations under ERISA, including under ERISA Section

21   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22   letters.

23

24   **Patient 280.** - Defendants Petco Animal Supplies, Inc., and Petco Animal Supplies

25   Inc. Group Benefit Plan and Trust.

26   (A)    Patient 280 is a beneficiary under Petco Animal Supplies Inc. Group

27   Benefit Plan and Trust.  On July 6, July 22, 2011 and August 12, 2011, Patient 280

28   had the following medical procedures performed by Plaintiffs Modern Institute Of

Plastic Surgery and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 280 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 280.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 280.

- On July 16, July 22, 2011 and August 12, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On August 3, 2011, October 16, 2011 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 280.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On July 16, July 22, 2011 and August 12, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 280.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least September 4, 2012.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  for a full and complete copy of the Medical Plan for Patient 280 and other

2  instruments under which the Plan is established or operated, including, but not

3  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

4  and/or schedules upon which payment was calculated.  The sample letters that are

5  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

6  document requests that were made on behalf of Patient 280.

7       (G)     Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9       (H)     On September 4, 2012, United responded to the Provider Plaintiffs'

10  appeals, as follows:

11       •     Initially, United provided acknowledgement that appeal was received

12           and United would respond within 30 days.

13       (I)     On September 4, 2012, Plaintiffs called United to inquire about status on

14  pending claims.  United acknowledged receiving medical records / provider W-9's

15  from Plaintiffs.  United informed Plaintiffs that more information was needed in

16  order to process the claims.  United's representatives could not tell Plaintiffs what

17  records United was missing.

18       (J)     To date, United continues to refuse to pay the claims for Patient 280 but

19  fails to comply with its obligations under ERISA, including under ERISA Section

20  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21  letters.

22

23  **Patient 281.** - Defendants Peter Kiewit Sons', Inc., and Peter Kiewit Sons', Inc.

24  Health and Welfare Plan.

25       (A)     Patient 281 is a beneficiary under the Peter Kiewit Sons', Inc. Health

26  and Welfare Plan.  On March 28, 2012, Patient 281 had the following medical

27  procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center and

28  IMS: Endoscopy and Ultrasound.  For each of the procedures, United authorized

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   Patient 281 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

2   United informed Plaintiffs that no authorization was necessary for Plaintiffs to

3   provide the services to Patient 281.

4       (B)    Plaintiffs timely submitted claims for the services they provided to

5   Patient 281.

6   - On April 12, 2012 and May 17, 2012, Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

7
8   - On April 12, 2012, Plaintiff Orange Grove Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

9

10      (C)    United has not paid for any of the services provided by Plaintiffs to

11  Patient 281.

12      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

13  the following grounds:

14  - "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

15
16  - "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

17
18

19      (E)    On April 12, 2012 and May 17, 2012, Plaintiffs submitted all the

20  medical records for the services provided to Patient 281.  In addition medical records

21  were sent with appeals when the denial reason was lack of and/or incomplete records.

22      (F)    Plaintiffs also appealed the denial of the claims on at least July 17, 2013.

23  In connection with those appeals, Plaintiffs made multiple requests for documents

24  that the Plan was obligated to provide under ERISA, including requests for a full and

25  complete copy of the Medical Plan for Patient 281 and other instruments under which

26  the Plan is established or operated, including, but not limited to, the internal policies,

27  guidelines, formulas, procedures, methodologies, and/or schedules upon which

28  payment was calculated.  The sample letters that are attached as Exhibits A and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Exhibit B to this Complaint sets forth the specific document requests that were made

2  on behalf of Patient 281.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    On September 3, and September 4, 2012, United responded to the

6  Provider Plaintiffs' appeals, as follows:

7          •   Initially, United provided acknowledgement that appeal was received
           and United would respond within 30 days.

8

9          •   Subsequently, however, United informed the Plaintiffs that their appeals
           were denied due to a lack of patient authorization. This was even though
           Plaintiffs had previously demonstrated that they held a valid assignment

10             of benefits from the patient that authorized Plaintiffs to make appeals on
           behalf of the patient.

11

12      (I)    On July 9, 2012, Plaintiffs called United to inquire about status on

13  pending claims.  United acknowledged receiving medical records / provider W-9's

14  from Plaintiffs.  United informed Plaintiffs that more information was needed in

15  order to process the claims.  United's representatives could not tell Plaintiffs what

16  records United was missing.

17      (J)    To date, United continues to refuse to pay the claims for Patient 281 but

18  fails to comply with its obligations under ERISA, including under ERISA Section

19  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20  letters.

21

22  **Patient 282.** - Defendants Petsmart, Inc., and Petsmart Smartchoices Benefit Plan.

23      (A)    Patient 282 is a beneficiary under the Petsmart Smartchoices Benefit

24  Plan.  On January 13, and January 24, 2011, Patient 282 had the following medical

25  procedures performed by Plaintiffs Modern Institute Of Plastic Surgery, San Diego

26  Ambulatory Surgery Center and IMS: Endoscopy and Polysomnography.  For each

27  of the procedures, United authorized Patient 282 to receive these pre-operative tests

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

2  was necessary for Plaintiffs to provide the services to Patient 282.

3       (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 282.

- On February 4, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

- On January 6, 2012, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On February 14, 2011, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

11       (C)    United has paid for some of the services provided by Plaintiffs to Patient

12  282 but has refused to pay for the other services provided to Patient 282.

13       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

14  the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

22       (E)    On February 4, 2011 and January 6, 2012, Plaintiffs submitted all the

23  medical records for the services provided to Patient 282.  In addition medical records

24  were sent with appeals when the denial reason was lack of and/or incomplete records.

25       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

26  those appeals, Plaintiffs made multiple requests for documents that the Plan was

27  obligated to provide under ERISA, including requests for a full and complete copy of

28  the Medical Plan for Patient 282 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  established or operated, including, but not limited to, the internal policies, guidelines,

2  formulas, procedures, methodologies, and/or schedules upon which payment was

3  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4  Complaint sets forth the specific document requests that were made on behalf of

5  Patient 282.

6      (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8      (H)    United has not responded to Plaintiffs' submitted appeals.

9      (I)    On May 20, 2011, August 29, 2012 and February 14, 2013, Plaintiffs

10  called United to inquire about status on pending claims.  United acknowledged

11  receiving medical records / provider W-9's from Plaintiffs.  United informed

12  Plaintiffs that more information was needed in order to process the claims.  United's

13  representatives could not tell Plaintiffs what records United was missing.

14      (J)    To date, United continues to refuse to pay the claims for Patient 282 but

15  fails to comply with its obligations under ERISA, including under ERISA Section

16  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17  letters.

18

19  **Patient 283.** - Defendants Pfizer, Inc., and Pfizer Medical Plan.

20      (A)    Patient 283 is a beneficiary under the Pfizer Medical Plan.  On

21  December 1, December 29, 2010 and April 4, 2011, Patient 283 had the following

22  medical procedures performed by Valley Surgical Center and Plaintiff IMS.  For each

23  of the procedures, United authorized Patient 283 to receive these pre-operative tests

24  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

25  was necessary for Plaintiffs to provide the services to Patient 283.

26      (B)    Plaintiffs timely submitted claims for the services they provided to

27  Patient 283.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On June 10, 2011, July 12, 2011, and December 4, 2011, Plaintiff IMS submitted claims for its professional.

- On June 7, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 283 but has refused to pay for the other services provided to Patient 283.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)    On June 10, 2011, July 12, 2011, August 11, 2011, and December 5, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 283.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least July 4, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 283 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 283.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On December 3, and December 4, 2013, Plaintiffs called United to inquire about status on pending claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(J)     To date, United continues to refuse to pay the claims for Patient 283 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 284.** - Defendants Pharmaceutical Product Development, LLC, and Pharmaceutical Product Development, LLC Welfare Benefit Plan.

(A)     Patient 284 is a beneficiary under the Pharmaceutical Product Development, LLC Welfare Benefit Plan.  On February 25, and February 26, 2011, Patient 284 had the following medical procedures performed by Plaintiffs San Diego Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.  For each of the procedures, United authorized Patient 284 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 284.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 284.

- On March 18, 2011, July 8, 2011, November 30, 2011 and January 6, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 284 but has refused to pay for the other services provided to Patient 284.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 18, 2011, September 7, 2011, November 30, 2011, and January 6, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 284.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 284 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 284.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 28, 2011 and October 3, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 284 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 285.** - Defendants Phibro Animal Health Corporation and Phibro Animal Health Corporation Health and Benefit Plan.

(A)     Patient 285 is a beneficiary under the Phibro Animal Health Corporation Health and Benefit Plan.  On October 2, 2010, Patient 285 had the following medical procedures performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized Patient 285 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 285.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 285.

- On November 11, 2010, Plaintiff IMS submitted claims for its professional Polysomnography.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 285 but has refused to pay for the other services provided to Patient 285.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 11, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 285.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 285 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 285.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On February 22, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 285 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 286.** - Defendants Plains All American GP, LLC, and Plains All American GP LLC Employee Health Benefit Plan.

(A)     Patient 286 is a beneficiary under the Plains All American GP LLC Employee Health Benefit Plan.  On February 9, 2010 and May 24, 2010, Patient 286 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 286 to receive these pre-operative tests and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

2  authorization was necessary for Plaintiffs to provide the services to Patient 286.

3      (B)      Plaintiffs timely submitted claims for the services they provided to

4  Patient 286.

5      •   On February 26, 2010 and June 17, 2010, Plaintiff IMS submitted claims

6          for its professional Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

7      (C)      United has paid for some of the services provided by Plaintiffs to Patient

8  286 but has refused to pay for the other services provided to Patient 286.

9      (D)      United issued Explanations of Benefits ("EOBs") denying the claims on

10 the following grounds:

11     •   "Unable to process [the claim] at this time. Please refer to our

12         correspondence indicating the additional information necessary to complete the processing of your claim."

13     •   "[United] asked provider to send us more information" and that it would

14         "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

15     •   "The medical documentation that was submitted with this claim has

16         been forwarded for review. We will process this claim when the review has been completed."

17

18     (E)      On February 26, 2010 and June 17, 2010, Plaintiffs submitted all the

19 medical records for the services provided to Patient 286.  In addition medical records

20 were sent with appeals when the denial reason was lack of and/or incomplete records.

21     (F)      Plaintiffs also appealed the denial of the claims on June 22, 2011.  In

22 connection with those appeals, Plaintiffs made multiple requests for documents that

23 the Plan was obligated to provide under ERISA, including requests for a full and

24 complete copy of the Medical Plan for Patient 286 and other instruments under which

25 the Plan is established or operated, including, but not limited to, the internal policies,

26 guidelines, formulas, procedures, methodologies, and/or schedules upon which

27 payment was calculated.  The sample letters that are attached as Exhibits A and

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Exhibit B to this Complaint sets forth the specific document requests that were made

2  on behalf of Patient 286.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    On July 18, July 28, 2011, August 19, August 23, 2011, September 26,

6  September 27, 2011, November 1, and November 2, 2011, United responded to the

7  Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

13      (I)    On March 18, 2010, April 7, 2010, June 21, 2010 and June 3, 2011,

14  Plaintiffs called United to inquire about status on pending claims.  United

15  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

16  informed Plaintiffs that more information was needed in order to process the claims.

17      (J)    To date, United continues to refuse to pay the claims for Patient 286 but

18  fails to comply with its obligations under ERISA, including under ERISA Section

19  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20  letters.

21

22  **Patient 287.** - Defendants Platinum Home Mortgage Corporation and Platinum

23  Home Mortgage Corporation Plan.

24      (A)    Patient 287 is a beneficiary under the Platinum Home Mortgage

25  Corporation Plan.  On October 20, and October 25, 2010, Patient 287 had the

26  following medical procedures performed by Valley Surgical Center and Plaintiff

27  IMS: Endoscopy and Polysomnography.  For each of the procedures, United

28  authorized Patient 287 to receive these pre-operative tests at Plaintiffs' surgery

1  centers and/or United informed Plaintiffs that no authorization was necessary for

2  Plaintiffs to provide the services to Patient 287.

3       (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 287.

- On October 27, 2010 and January 18, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

- On November 10, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

8       (C)    United has paid for some of the services provided by Plaintiffs to Patient

9  287, such as endoscopy anesthesia and ultrasound but has refused to pay for the other

10 services provided to Patient 287.

11      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

12 the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

20      (E)    On October 27, 2010, November 10, 2010 and January 18, 2011,

21 Plaintiffs submitted all the medical records for the services provided to Patient 287.

22 In addition medical records were sent with appeals when the denial reason was lack

23 of and/or incomplete records.

24      (F)    Plaintiffs also appealed the denial of the claims on at least July 26, 2011

25 and June 21, 2011.  In connection with those appeals, Plaintiffs made multiple

26 requests for documents that the Plan was obligated to provide under ERISA,

27 including requests for a full and complete copy of the Medical Plan for Patient 287

28 and other instruments under which the Plan is established or operated, including, but

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2   and/or schedules upon which payment was calculated.  The sample letters that are

3   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4   document requests that were made on behalf of Patient 287.

5   (G)   Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7   (H)   On August 22, 2011 and September 8, 2011, United responded to the

8   Provider Plaintiffs' appeals, as follows:

9   •   Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

10

11   (I)   On December 12, 2011, Plaintiffs called United to inquire about status

12   on pending claims.  United  informed Plaintiffs that more information was needed in

13   order to process the claims.  United's representatives could not tell Plaintiffs what

14   records United was missing.

15   (J)   To date, United continues to refuse to pay the claims for Patient 287 but

16   fails to comply with its obligations under ERISA, including under ERISA Section

17   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

18   letters.

19

20   **Patient 288.** - Defendants Playboy Enterprises International, Inc., and Playboy

21   Health Benefit Plan.

22   (A)   Patient 288 is a beneficiary under the Playboy Health Benefit Plan.  On

23   July 17, 2010, Patient 288 had the following medical procedures performed by

24   Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures,

25   United authorized Patient 288 to receive these pre-operative tests at Plaintiffs'

26   surgery centers and/or United informed Plaintiffs that no authorization was necessary

27   for Plaintiffs to provide the services to Patient 288.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 288.

- On August 3, 2010, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 288 but has refused to pay for the other services provided to Patient 288.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On August 3, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 288.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 288  and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 288.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(I)    On October 11, 2010 and June 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 288 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 289. -** Defendants Polycom, Inc., and Polycom, Inc. Flexible Spending Account Plan.

(A)    Patient 289 is a beneficiary under the Polycom, Inc. Flexible Spending Account Plan.  On January 12, 2012, Patient 289 had the following medical procedures performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized Patient 289 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 289.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 289.

- On July 18, 2012, Plaintiff IMS submitted claims for its professional Polysomnography.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 289 but has refused to pay for the other services provided to Patient 289.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On July 18, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 289.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on April 24, 2013 and May 21, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 289 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 289.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 14, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

•     Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On March 6, 2013 and May 25, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 289 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 290.** - Defendants PPS Holdings, Inc., and PPS Holdings, Inc. Employee Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(A)     Patient 290 is a beneficiary under the PPS Holdings, Inc. Employee Benefit Plan.  On August 21, August 29, 2010 and October 6, 2010, Patient 290 had the following medical procedures performed by Valley Surgical Center and Plaintiffs New Life Surgery Center and IMS: Endoscopy, Ultrasound, Polysomnography and Laparoscopic Cholecystectomy.  For each of the procedures, United authorized Patient 290 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 290.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 290.

On September 13, September 14, September 30, 2010 and October 18, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and Laparoscopic Cholecystectomy.

- On October 5, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.
- On October 18, 2010, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 290 but has refused to pay for the other services provided to Patient 290.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(E)     On September 13, September 14, September 30, 2010, October 5, 2010, and October 18, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 290.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 13, 2011, July 26, 2011, and September 10, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 290 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 290.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 30, 2011, September 1, and September 26, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 22, February 23, 2011, March 1, March 7, 2011, and June 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 290 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 291.** - Defendants Prada USA Corp., and Prada USA Corporation Welfare Benefit Plan.

(A)    Patient 291 is a beneficiary under the Prada USA Corporation Welfare Benefit Plan.  On January 24, 2009, Patient 291 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 291 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 291.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 291.

- On June 18, 2009, Plaintiff IMS submitted claims for its professional Endoscopy.

(C)    United has under paid for the services provided by Plaintiffs to Patient 291.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- No EOB's received

(E)    On January 20, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 291.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 291 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines,

1   formulas, procedures, methodologies, and/or schedules upon which payment was

2   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

3   Complaint sets forth the specific document requests that were made on behalf of

4   Patient 291.

5   (G)   Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7   (H)   United has not responded to Plaintiffs' submitted appeals.

8   (I)   Plaintiffs called United to inquire about status on pending claims. No

9   calls.

10   (J)   To date, United continues to refuse to pay the claims for Patient 291 but

11   fails to comply with its obligations under ERISA, including under ERISA Section

12   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13   letters.

14

15   **Patient 292.** - Defendants Precyse Solutions, LLC, and Welfare Benefit Plan for

16   Employees of Precyse Solutions LLC.

17   (A)   Patient 292 is a beneficiary under the Welfare Benefit Plan For

18   Employees Of Precyse Solutions LLC.  On March 19, and March 29, 2011, Patient

19   292 had the following medical procedures performed by Valley Surgical Center and

20   Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound and

21   Polysomnography.  For each of the procedures, United authorized Patient 292 to

22   receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed

23   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

24   Patient 292.

25   (B)   Plaintiffs timely submitted claims for the services they provided to

26   Patient 292.

27   •   On March 22, March 24, 2011, April 12, 2011 and May 13, 2011
      Plaintiff IMS submitted claims for its professional Endoscopy,
28      Ultrasound and Polysomnography.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On May 9, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On May 13, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)  United has not paid for any of the services provided by Plaintiffs to Patient 292.

(D)  United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)  On March 22, March 24, 2011, April 12, 2011, May 9, May 13, 2011 and July 3, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 292.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)  Plaintiffs also appealed the denial of the claims on June 21, 2011, July 14, 2011 and October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 292 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 292.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On June 22, 2011, August 22, 2011, October 3, and October 4, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)    On July 20, 2011 and January 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 292 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 293.** - Defendants Prime Administration, LLC, and Prime Administration LLC Consolidated Health & Welfare Plan.

(A)    Patient 293 is a beneficiary under the Prime Administration LLC Consolidated Health & Welfare Plan.  On January 7, 2010 Patient 293 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 293 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 293.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 293.

- On February 16, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1      (C)    United has paid for some of the services provided by Plaintiffs to Patient

2  293 but has refused to pay for the other services provided to Patient 293.

3      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

4  the following grounds:

5      •    Our records show we have already processed this charge.

6      (E)    On February 16, 2010, Plaintiffs submitted all the medical records for

7  the services provided to Patient 293.  In addition medical records were sent with

8  appeals when the denial reason was lack of and/or incomplete records.

9      (F)    Plaintiffs also appealed the denial of the claims on at least June 21,

10  2011.  In connection with those appeals, Plaintiffs made multiple requests for

11  documents that the Plan was obligated to provide under ERISA, including requests

12  for a full and complete copy of the Medical Plan for Patient 293 and other

13  instruments under which the Plan is established or operated, including, but not

14  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

15  and/or schedules upon which payment was calculated.  The sample letters that are

16  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

17  document requests that were made on behalf of Patient 293.

18      (G)    Despite these requests, neither United nor the Plan ever provided the

19  requested documents to Plaintiffs.

20      (H)    On July 28 July 30, 2011, September 26, September 27, 2011 and

21  October 3, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

22      •    Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

23

24      (I)    On August 2, 2011, Plaintiffs called United to inquire about status on

25  pending claims.  United  representatives claimed that the allowed amount was applied

26  to patient's deductible and that no more monies were owed.

27      (J)    To date, United continues to refuse to pay the claims for Patient 293 but

28  fails to comply with its obligations under ERISA, including under ERISA Section

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 294.** - Defendants Probuild Holdings, Inc., and Probuild Holdings, Inc. Welfare Benefit Plan.

(A)    Patient 294 is a beneficiary under the Probuild Holdings, Inc. Welfare Benefit Plan.  On December 18, 2010, Patient 294 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 294 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 294.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 294.

- On December 23, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 294 but has refused to pay for the other services provided to Patient 294.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

APPENDIX "A"

1156926.1

(E)     On December 23, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 294.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 294 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 294.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On July 18, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On September 5, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 294 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

**Patient 295.** - Defendants Proctor & Gamble RHD, Inc., and The Proctor & Gamble Health Care Plan.

(A)     Patient 295 is a beneficiary under The Proctor & Gamble Health Care Plan.  On August 29, 2009, Patient 295 had the following medical procedures performed by Plaintiff IMS: Anesthesia Services.  For each of the procedures, United authorized Patient 295 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 295.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 295.

- On September 22, 2009, Plaintiff IMS submitted claims for its professional Anesthesia Services.

(C)     United has under paid the services provided by Plaintiffs to Patient 295.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Based on our review, we determined that we processed this claim accurately.

(E)     On September 22, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 295.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 22, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 295 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   Exhibit B to this Complaint sets forth the specific document requests that were made

2   on behalf of Patient 295.

3       (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)   On August 19, 2011, United responded to the Provider Plaintiffs'

6   appeals, as follows:

7       •   Initially, United provided acknowledgement that appeal was received
    and United would respond within 30 days.

8

9       (I)   On January 18, 2011, Plaintiffs called United to inquire about status on

10   pending claims.  United  representatives indicated that no such claim was on file.

11       (J)   To date, United continues to refuse to pay the claims for Patient 295 but

12   fails to comply with its obligations under ERISA, including under ERISA Section

13   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14   letters.

15

16   **Patient 296.** - Defendants Progressive Logistics Services, LLC, and Progressive

17   Logistics Services, LLC Medical & Life Insurance Benefits Plan.

18       (A)   Patient 296 is a beneficiary under the Progressive Logistics Services,

19   LLC Medical & Life Insurance Benefits Plan.  On September 1, and September 17,

20   2010, Patient 296 had the following medical procedures performed by Plaintiffs

21   Valencia Ambulatory Surgery Center and IMS: Endoscopy, Polysomnography and

22   Anesthesia Services.  For each of the procedures, United authorized Patient 296 to

23   receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

24   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

25   Patient 296.

26       (B)   Plaintiffs timely submitted claims for the services they provided to

27   Patient 296.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- On September 7, 2010 and November 10, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography and Anesthesia Services.

- On September 10, 2010, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 296 but has refused to pay for the other services provided to Patient 296.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On September 7, September 10, 2010 and November 10, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 296.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 11, June 23, June 28, 2011, July 1, July 26, 2011, September 14, 2011, June 7, 2013, September 5, 2013, October 2, and October 15, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 296 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample

1   letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

2   specific document requests that were made on behalf of Patient 296.

3   (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5   (H)   On February 25, 2011, March 16, 2011, June 23, 2011, August 22, 2011,

6   September 15, 2011, October 3, October 4, 2011 and December 6, 2011, United

7   responded to the Provider Plaintiffs' appeals, as follows:

8   • Initially, United provided acknowledgement that appeal was received
     and United would respond within 30 days.

9
10  • Subsequently, however, United informed the Plaintiffs that their appeals
     were denied due to a lack of patient authorization. This was even though
     Plaintiffs had previously demonstrated that they held a valid assignment
11   of benefits from the patient that authorized Plaintiffs to make appeals on
     behalf of the patient.

12

13  (I)   On November 22, 2010, February 8, February 15, 2011, April 14, 2011,

14  May 9, 2011, June 2, 2011, August 25, 2011 and October 10, 2012, Plaintiffs called

15  United to inquire about status on pending claims.  United acknowledged receiving

16  medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

17  more information was needed in order to process the claims.

18  (J)   To date, United continues to refuse to pay the claims for Patient 296 but

19  fails to comply with its obligations under ERISA, including under ERISA Section

20  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21  letters.

22

23  **Patient 297.** - Defendants Protection One Alarm Monitoring, Inc., and Protection

24  One Alarm Monitoring, Inc. Welfare Plan.

25  (A)   Patient 297 is a beneficiary under the Protection One Alarm Monitoring,

26  Inc. Welfare Plan.  On October 14, 2011, Patient 297 had the following medical

27  procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: CPAP

28  Titration.  For each of the procedures, United authorized Patient 297 to receive these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that

2  no authorization was necessary for Plaintiffs to provide the services to Patient 297.

3      (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 297.

5      &bull;    On July 23, 2012 Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these

6  procedures.

7      (C)    United has paid for some of the services provided by Plaintiffs to Patient

8  297 but has refused to pay for the other services provided to Patient 297.

9      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

10  the following grounds:

11      &bull;    "These charges are for services received before effective date of this patient's coverage."

12

13      (E)    On October 17, 2012, Plaintiffs submitted all the medical records for the

14  services provided to Patient 297.  In addition medical records were sent with appeals

15  when the denial reason was lack of and/or incomplete records.

16      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

17  those appeals, Plaintiffs made multiple requests for documents that the Plan was

18  obligated to provide under ERISA, including requests for a full and complete copy of

19  the Medical Plan for Patient 297 and other instruments under which the Plan is

20  established or operated, including, but not limited to, the internal policies, guidelines,

21  formulas, procedures, methodologies, and/or schedules upon which payment was

22  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

23  Complaint sets forth the specific document requests that were made on behalf of

24  Patient 297.

25      (G)    Despite these requests, neither United nor the Plan ever provided the

26  requested documents to Plaintiffs.

27      (H)    United has not responded to Plaintiffs' submitted appeals.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (I)    On October 13, 2013, Plaintiffs called United to inquire about status on

2    pending claims. These charges are for services received before effective date of this

3    patient's coverage..

4    (J)    To date, United continues to refuse to pay the claims for Patient 297 but

5    fails to comply with its obligations under ERISA, including under ERISA Section

6    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7    letters.

8

9    **Patient 298.** - Defendants Providence Service Corporation and Providence Service

10   Corporation Health Benefits Plan.

11   (A)    Patient 298 is a beneficiary under the Providence Service Corporation

12   Health Benefits Plan.  On November 20, 2010, Patient 298 had the following medical

13   procedures performed by Plaintiffs Modern Institute Of Plastic Surgery:

14   Polysomnography.  For each of the procedures, United authorized Patient 298 to

15   receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

16   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

17   Patient 298.

18   (B)    Plaintiffs timely submitted claims for the services they provided to

19   Patient 298.

20   • On November 20, 2010, Plaintiff IMS submitted claims for its
        professional Polysomnography.

21
22   • On November 20, 2010 Plaintiff Modern Institute Of Plastic Surgery
        submitted a claim for its facility services in connection with these
        procedures.

23

24   (C)    United has paid for some of the services provided by Plaintiffs to Patient

25   298 but has refused to pay for the other services provided to Patient 298.

26   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

27   the following grounds:

28

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)    On January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 298.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 10, 2011, October 25, 2011 and June 21, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 298 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 298.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On February 24, 2011, October 4, 2011 and December 6, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On April 22, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 298 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
2  letters.

3

4  **Patient 299.** - Defendants PSC Environmental Services, LLC, and PSC, LLC Group
5  Welfare Benefits Plan.

6      (A)    Patient 299 is a beneficiary under the PSC, LLC Group Welfare Benefits
7  Plan.  On February 26, 2010, Patient 299 had the following medical procedures
8  performed by Plaintiffs Beverly Hills Surgery Center and IMS: Endoscopy,
9  Ultrasound and Anesthesia Services.  For each of the procedures, United authorized
10  Patient 299 to receive these pre-operative tests at Plaintiffs' surgery centers and/or
11  United informed Plaintiffs that no authorization was necessary for Plaintiffs to
12  provide the services to Patient 299.

13      (B)    Plaintiffs timely submitted claims for the services they provided to
14  Patient 299.

15      •    On February 26, 2010 Plaintiff IMS submitted claims for its professional
         Endoscopy, Ultrasound and Anesthesia Services
16
17      •    On February 26, 2010 Plaintiffs Beverly Hills Surgery Center submitted
         a claim for its facility services in connection with these procedures.

18      (C)    United has underpaid for the mentioned services provided by Plaintiffs
19  to Patient 299 but has refused to pay for the other services provided to Patient 299.

20      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on
21  the following grounds:

22      •    "Unable to process [the claim] at this time. Please refer to our
         correspondence indicating the additional information necessary to
23       complete the processing of your claim."

24      (E)    On March 1, March 2, 2010, September 27, 2011 and November 15,
25  2011, Plaintiffs submitted all the medical records for the services provided to Patient
26  299.  In addition medical records were sent with appeals when the denial reason was
27  lack of and/or incomplete records.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims on July 7, July 19, 2011 and August 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 299 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 299.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 26, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On April 27, 2010, June 24, 2010 and October 27, 2010, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 299 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 300. -** Defendants PSN USA Holdings, Inc., and PSN USA Holdings, Inc. Welfare Benefit Plan.

(A)     Patient 300 is a beneficiary under PSN USA Holdings, Inc. Welfare Benefit Plan.  On July 3, 2010, Patient 300 had the following medical procedures performed by Plaintiffs Valencia Ambulatory Surgery Center: Endoscopy.  For each

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   of the procedures, United authorized Patient 300 to receive these pre-operative tests

2   at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

3   was necessary for Plaintiffs to provide the services to Patient 300.

4   (B)   Plaintiffs timely submitted claims for the services they provided to

5   Patient 300 submitted claims for its professional Endoscopy.

6   •   On July 19, 2010, Plaintiffs Valencia Ambulatory Surgery Center
        submitted a claim for its facility services in connection with these
7       procedures.

8

9   (C)   United has paid for some of the services provided by Plaintiffs to Patient

10  300 but has refused to pay for the other services provided to Patient 300.

11  (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

12  the following grounds:

13  •   "[United] asked provider to send us more information" and that it would
        "process the claim when [it] receive[d] this information." This EOB did
14      not, however, indicate what specific additional information was required
15      for processing that had not previously been submitted with the claim.

16  •   "The medical documentation that was submitted with this claim has
        been forwarded for review. We will process this claim when the review
17      has been completed."

18

19  (E)   On July 19, 2010, Plaintiffs submitted all the medical records for the

20  services provided to Patient 300.  In addition medical records were sent with appeals

21  when the denial reason was lack of and/or incomplete records.

22  (F)   Plaintiffs also appealed the denial of the claims on at least July 2, 2011.

23  In connection with those appeals, Plaintiffs made nine requests for documents that

24  the Plan was obligated to provide under ERISA, including requests for a full and

25  complete copy of the Medical Plan for Patient 300 and other instruments under which

26  the Plan is established or operated, including, but not limited to, the internal policies,

27  guidelines, formulas, procedures, methodologies, and/or schedules upon which

28  payment was calculated.  The sample letters that are attached as Exhibits A and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Exhibit B to this Complaint sets forth the specific document requests that were made

2   on behalf of Patient 300.

3       (G)   Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)   On July 25, 2011 and September 20, 2011, United responded to the

6   Provider Plaintiffs' appeals, as follows:

7   •   Subsequently, however, United informed the Plaintiffs that their appeals

8       were denied due to a lack of patient authorization. This was even though

9       Plaintiffs had previously demonstrated that they held a valid assignment

    of benefits from the patient that authorized Plaintiffs to make appeals on

10      behalf of the patient.

11      (I)   On May 27, 2011, Plaintiffs called United to inquire about status on

12  pending claims. United acknowledged receiving medical records / provider W-9's

13  from Plaintiffs.  United informed Plaintiffs that more information was needed in

14  order to process the claims.  United's representatives could not tell Plaintiffs what

15  records United was missing.

16      (J)   To date, United continues to refuse to pay the claims for Patient 300 but

17  fails to comply with its obligations under ERISA, including under ERISA Section

18  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19  letters.

20

21  **Patient 301.** - Defendants QBE First Insurance Agency, Inc., and QBE First Group

22  Health and Welfare Plan.

23      (A)   Patient 301 is a beneficiary under the QBE First Group Health and

24  Welfare Plan.  On October 13, 2010 and November 1, 2010, Patient 301 had the

25  following medical procedures performed by Valley Surgical Center and Plaintiffs

26  Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, and

27  Polysomnography.  For each of the procedures, United authorized Patient 301 to

28  receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

2  Patient 301.

3      (B)    Plaintiffs timely submitted claims for the services they provided to

4  Patient 301.

- On October 13, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On October 26, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On January 18, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

10     (C)    United has paid for some of the services provided by Plaintiffs to Patient

11  301 such as Professional EGD and Anesthesia but has refused to pay for the other

12  services provided to Patient 301.

13     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

14  the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

19     (E)    On October 19, 2010, November 5, 2010 and January 18, 2011,

20  Plaintiffs submitted all the medical records for the services provided to Patient 301.

21  In addition medical records were sent with appeals when the denial reason was lack

22  of and/or incomplete records.

23     (F)    Plaintiffs also appealed the denial of the claims on June 25, 2011, July 4,

24  2011, and September 3, 2011.  In connection with those appeals, Plaintiffs made

25  multiple requests for documents that the Plan was obligated to provide under ERISA,

26  including requests for a full and complete copy of the Medical Plan for Patient 301

27  and other instruments under which the Plan is established or operated, including, but

28  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    and/or schedules upon which payment was calculated.  The sample letters that are

2    attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

3    document requests that were made on behalf of Patient 301.

4         (G)    Despite these requests, neither United nor the Plan ever provided the

5    requested documents to Plaintiffs.

6         (H)    On September 9, and September 27, 2011, United responded to the

7    Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

13        (I)    On April 14, 2011, Plaintiffs called United to inquire about status on

14   pending claims.  United acknowledged receiving medical records / provider W-9's

15   from Plaintiffs.

16        (J)    To date, United continues to refuse to pay the claims for Patient 301 but

17   fails to comply with its obligations under ERISA, including under ERISA Section

18   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19   letters.

20

21   **Patient 302. -** Defendants Quantum Corporation and Quantum Corporation Health

22   and Welfare Plan.

23        (A)    Patient 302 is a beneficiary under the Quantum Corporation Health and

24   Welfare Plan.  On May 26, 2010 and June 13, 2010, Patient 302 had the following

25   medical procedures performed by Plaintiff IMS: Endoscopy, Ultrasound and

26   Anesthesia Services.  For each of the procedures, United authorized Patient 302 to

27   receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

2  Patient 302.

3      (B)   Plaintiffs timely submitted claims for the services they provided to

4  Patient 302.

5      • On May 26, 2010 and June 13, 2010 Plaintiff IMS submitted claims for
         its professional Endoscopy, Ultrasound and Anesthesia Services.

6

7      (C)   United has underpaid for the mentioned services provided by Plaintiffs

8  to Patient 302 but has refused to pay for the other services provided to Patient 302.

9      (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

10  the following grounds:

11     • "Unable to process [the claim] at this time. Please refer to our
         correspondence indicating the additional information necessary to

12       complete the processing of your claim."

13     (E)   On June 2, June 3, June 20, 2010, August 7, 2010 and December 28,

14  2010, Plaintiffs submitted all the medical records for the services provided to Patient

15  302.  In addition medical records were sent with appeals when the denial reason was

16  lack of and/or incomplete records.

17     (F)   Plaintiffs also appealed the denial of the claims on August 22, 2011 and

18  August 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests

19  for documents that the Plan was obligated to provide under ERISA, including

20  requests for a full and complete copy of the Medical Plan for Patient 302 and other

21  instruments under which the Plan is established or operated, including, but not

22  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

23  and/or schedules upon which payment was calculated.  The sample letters that are

24  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

25  document requests that were made on behalf of Patient 302.

26     (G)   Despite these requests, neither United nor the Plan ever provided the

27  requested documents to Plaintiffs.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(H)    On December 6, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On April 1, 2013 and July 29, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)    To date, United continues to refuse to pay the claims for Patient 302 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 303.** - Defendants Rainbow USA, Inc., and Rainbow USA, Inc. Medical Plan.

(A)    Patient 303 is a beneficiary under the Rainbow USA, Inc. Medical Plan. On November 3, 2012, Patient 303 had the following medical procedures performed by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized Patient 303 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 303.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 303.

- On January 3, 2013, Plaintiff IMS submitted claims for its professional Polysomnography.

(C)    United has not paid for any of the services provided by Plaintiffs to Patient 303.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 11, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 303.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 7, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 303 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 303.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On February 25, 2013, March 4, 2013, April 14, 2013 and August 11, 2013, Plaintiffs called United to inquire about status on pending claims.  United informed Plaintiffs that more information was needed in order to process the claims. United's representatives could not tell Plaintiffs what records United was missing.

APPENDIX "A"

1156926.1

1    (J)    To date, United continues to refuse to pay the claims for Patient 303 but
2  fails to comply with its obligations under ERISA, including under ERISA Section
3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
4  letters.

5

6  **Patient 304.** - Defendants  Raytheon Company and Raytheon Health Benefits Plan.

7    (A)    Patient 304 is a beneficiary under the Raytheon Health Benefits Plan.
8  On October 9, October 21, 2010, January 15, and January 29, 2011, Patient 304 had
9  the following medical procedures performed by Plaintiff IMS: Endoscopy,
10  Ultrasound, Polysomnography and Laparoscopic Gastric Band Adjustment.  For each
11  of the procedures, United authorized Patient 304 to receive these pre-operative tests
12  and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no
13  authorization was necessary for Plaintiffs to provide the services to Patient 304.

14    (B)    Plaintiffs timely submitted claims for the services they provided to
15  Patient 304.

16  •    On October 25, 2010, December 1, 2010, January 20, 2011 and February
17  4, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and Laparoscopic Gastric Band Adjustment.

18

19    (C)    United has paid for some of the services provided by Plaintiffs to Patient
20  304 but has refused to pay for the other services provided to Patient 304.

21    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on
22  the following grounds:

23  •    "Unable to process [the claim] at this time. Please refer to our
24  correspondence indicating the additional information necessary to complete the processing of your claim."

25  •    "[United] asked provider to send us more information" and that it would
26  "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX:  (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On October 25, 2010, December 1, 2010, January 20, 2011, and February 4, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 304.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, 2011, July 1, July 11, July 29, 2011, September 14, September 27, 2011, August 29, 2013, September 5, and September 6, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 304 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 304.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 23, 2011 and September 7, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 3, 2011, April 13, April 14, 2011, May 9, May 24, 2011, March 23, and March 26, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    from Plaintiffs.  United informed Plaintiffs that more information was needed in

2    order to process the claims.

3        (J)     To date, United continues to refuse to pay the claims for Patient 304 but

4    fails to comply with its obligations under ERISA, including under ERISA Section

5    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6    letters.

7

8    **Patient 305. -** Defendants Red Wing Shoe Company, Inc., and Red Wing Shoe

9    Company Flexible Benefit Plan.

10        (A)     Patient 305 is a beneficiary under the Red Wing Shoe Company Flexible

11   Benefit Plan.  On June 17, 2010, and July 31, 2010, Patient 305 had the following

12   medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band

13   Adjustment.  For each of the procedures, United authorized Patient 305 to receive

14   these pre-operative tests at Plaintiffs' surgery centers and/or United informed

15   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

16   Patient 305.

17        (B)     Plaintiffs timely submitted claims for the services they provided to

18   Patient 305.

19   •    On August 17, 2010 Plaintiff IMS submitted claims for its professional
20        Laparoscopic Gastric Band Adjustment.

21        (C)     United has paid for some of the services provided by Plaintiffs to Patient

22   305 but has refused to pay for the other services provided to Patient 305.

23        (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

24   the following grounds:

25   •    "Unable to process [the claim] at this time. Please refer to our
26        correspondence indicating the additional information necessary to
         complete the processing of your claim."

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    (E)    On August 17, 2010, Plaintiffs submitted all the medical records for the

2    services provided to Patient 305.  In addition medical records were sent with appeals

3    when the denial reason was lack of and/or incomplete records.

4    (F)    Plaintiffs also appealed the denial of the claims on June 30, 2011.  In

5    connection with those appeals, Plaintiffs made multiple requests for documents that

6    the Plan was obligated to provide under ERISA, including requests for a full and

7    complete copy of the Medical Plan for Patient 305 and other instruments under which

8    the Plan is established or operated, including, but not limited to, the internal policies,

9    guidelines, formulas, procedures, methodologies, and/or schedules upon which

10   payment was calculated.  The sample letters that are attached as Exhibits A and

11   Exhibit B to this Complaint sets forth the specific document requests that were made

12   on behalf of Patient 305.

13   (G)    Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15   (H)    On December 15, 2011, United responded to the Provider Plaintiffs'

16   appeals, as follows:

17   •    Initially, United provided acknowledgement that appeal was received
       and United would respond within 30 days.

18

19   (I)    On April 21, 2011 and August 18, 2011, Plaintiffs called United to

20   inquire about status on pending claims.  United acknowledged receiving medical

21   records / provider W-9's from Plaintiffs.

22   (J)    To date, United continues to refuse to pay the claims for Patient 305 but

23   fails to comply with its obligations under ERISA, including under ERISA Section

24   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25   letters.

26

27   **Patient 306.** - Defendants Rexam, Inc., and Group Insurance Plan for Employees of

28   Rexam, Inc.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(A)    Patient 306 is a beneficiary under the Group Insurance Plan for Employees of Rexam, Inc.  On July 13, 2010, August 10, 2010, March 12, 2011, April 7, 2011, July 30, 2011 and May 7, 2012, Patient 306 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Polysomnography, Fluoroscopy and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 306 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 306.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 306.

- On September 13, 2010, March 16, 2011, June 3, 2011, November 15, 2011 and June 18, 2012, Plaintiff IMS submitted claims for its professional Polysomnography, Fluoroscopy and Laparoscopic Gastric Band Adjustment.

- On November 11, 2010, Plaintiffs submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 306 such as Ultrasound, EGD Professional, Anesthesia Upper Gastro Endos Procedure, EDG Facility, Lap Band Assistant Surgeon, Anesthesia Gastric Restrictive Morbid Obesity, Lap Band Facility and Band Adjustments but has refused to pay for the other services provided to Patient 306.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On November 11, November 13, 2010, March 16, 2011, June 3, 2011, December 8, 2011 and June 18, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 306.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1     (F)     Plaintiffs also appealed the denial of the claims on July 28, July 29,

2 2011, November 2, 2011 and July 22, 2013.  In connection with those appeals,

3 Plaintiffs made multiple requests for documents that the Plan was obligated to

4 provide under ERISA, including requests for a full and complete copy of the Medical

5 Plan for Patient 306 and other instruments under which the Plan is established or

6 operated, including, but not limited to, the internal policies, guidelines, formulas,

7 procedures, methodologies, and/or schedules upon which payment was calculated.

8 The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

9 sets forth the specific document requests that were made on behalf of Patient 306.

10     (G)     Despite these requests, neither United nor the Plan ever provided the

11 requested documents to Plaintiffs.

12     (H)     On July 28, July 29, 2011, November 2, 2011, and July 22, 2013, United

13 responded to the Provider Plaintiffs' appeals, as follows:

14     •     Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

15
16     •     Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.
17
18

19     (I)     On February 10, 2011, March 18, 2011, June 1, 2011  January 19,

20 January 20, 2012, May 9, and May 29, 2013, Plaintiffs called United to inquire about

21 status on pending claims.  United acknowledged receiving medical records / provider

22 W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed

23 in order to process the claims.  United's representatives could not tell Plaintiffs what

24 records United was missing.

25     (J)     To date, United continues to refuse to pay the claims for Patient 306 but

26 fails to comply with its obligations under ERISA, including under ERISA Section

27 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

28 letters.

**Patient 307.** - Defendants Rexnord Industries, LLC, and Rexnord Welfare Plan.

(A)   Patient 307 is a beneficiary under the Rexnord Welfare Plan.  On 4/13/09, Patient 307 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding.  For each of the procedures, United authorized Patient 307 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 307.

(B)   Plaintiffs timely submitted claims for the services they provided to Patient 307.

- On July 20, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 307 but has refused to pay for the other services provided to Patient 307.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   Plaintiffs submitted all the medical records for the services provided to Jo.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 307 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2   Complaint sets forth the specific document requests that were made on behalf of

3   Patient 307.

4          (G)     Despite these requests, neither United nor the Plan ever provided the

5   requested documents to Plaintiffs.

6          (H)     United has not responded to Plaintiffs' submitted appeals.

7          (I)     On September 1, 2009, November 30, 2009, May 5, 2010 and May 31,

8   2011, Plaintiffs called United to inquire about status on pending claims.  United

9   acknowledged receiving medical records / provider W-9's from Plaintiffs.

10         (J)     To date, United continues to refuse to pay the claims for Patient 307 but

11  fails to comply with its obligations under ERISA, including under ERISA Section

12  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13  letters.

14

15  **Patient 308.** - Defendants Reyes Holdings, LLC, and The Reyes Holdings Flexible

16  Benefits Plan.

17         (A)     Patient 308 is a beneficiary under The Reyes Holdings Flexible Benefits

18  Plan.  On October 2, October 14, 2010 and March 11, 2011, Patient 308 had the

19  following medical procedures performed by Plaintiffs Modern Institute Of Plastic

20  Surgery, San Diego Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound,

21  Polysomnography and CPAP Titration.  For each of the procedures, United

22  authorized Patient 308 to receive these pre-operative tests at Plaintiffs' surgery

23  centers and/or United informed Plaintiffs that no authorization was necessary for

24  Plaintiffs to provide the services to Patient 308.

25         (B)     Plaintiffs timely submitted claims for the services they provided to

26  Patient 308.

27         •       On November 2, 2010 and October 20, 2011, Plaintiff IMS submitted
                   claims for its professional Endoscopy, Ultrasound, Polysomnography
28                 and CPAP Titration.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On November 10, 2010, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

- On January 18, 2011, and May 12, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has not paid for any of the services provided by Plaintiffs to Patient 308.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 20, 2010, November 2, November 10, 2010, January 18, 2011 and May 13, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 308.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 13, June 23, 2011, July 26, 2011, August 24, August 26, 2011, September 10, 2011 and October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 308 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 308.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 17, 2011, September 15, September 28, 2011 and November 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On June 7, 2011, April 11, 2012, August 22, and August 23, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 308 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 309.** - Defendants Rite Aid Corporation and Rite Aid Corporation Health Insurance Plan.

(A)     Patient 309 is a beneficiary under the Rite Aid Corporation Health Insurance Plan.  On February 7, 2012, April 17, 2012, July 31, 2012, November 6, 2012, April 16, 2013, July 1, July 11, 2013 and August 8, 2013, Patient 309 had the following medical procedures performed by Plaintiffs New Life Surgery Center and IMS: Fluoroscopy and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 309 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 309.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (B)    Plaintiffs timely submitted claims for the services they provided to

2  Patient 309.

3    • On August 23, 2012, December 4, 2012, July 26, 2013, August 5, August 12, 2013, and August 13, 2013, Plaintiff IMS submitted claims for its professional Fluoroscopy and Laparoscopic Gastric Band Adjustment.

4

5    • On September 17, 2013 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

6

7    (C)    United has not paid for any of the services provided by Plaintiffs to

8  Patient 309.

9    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

10  the following grounds:

11    • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

12

13    (E)    On August 23, 2012, July 26, 2013, and October 30, 2013, Plaintiffs

14  submitted all the medical records for the services provided to Patient 309.  In addition

15  medical records were sent with appeals when the denial reason was lack of and/or

16  incomplete records.

17    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

18  those appeals, Plaintiffs made multiple requests for documents that the Plan was

19  obligated to provide under ERISA, including requests for a full and complete copy of

20  the Medical Plan for Patient 309 and other instruments under which the Plan is

21  established or operated, including, but not limited to, the internal policies, guidelines,

22  formulas, procedures, methodologies, and/or schedules upon which payment was

23  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

24  Complaint sets forth the specific document requests that were made on behalf of

25  Patient 309.

26    (G)    Despite these requests, neither United nor the Plan ever provided the

27  requested documents to Plaintiffs.

28    (H)    United has not responded to Plaintiffs' submitted appeals.

1   (I)     On September 20, 2013 and October 2, 2013, Plaintiffs called United to

2   inquire about status on pending claims.  United  informed Plaintiffs that more

3   information was needed in order to process the claims.

4   (J)     To date, United continues to refuse to pay the claims for Patient 309 but

5   fails to comply with its obligations under ERISA, including under ERISA Section

6   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7   letters.

8

9   **Patient 310. -** Defendants Rural/Metro Corporation and Rural Metro Corporation

10  Employee Benefit Plan.

11  (A)     Patient 310 is a beneficiary under the Rural Metro Corporation

12  Employee Benefit Plan.  On August 27, 2011 and September 2, 2011, Patient 310 had

13  the following medical procedures performed by Plaintiffs Modern Institute Of Plastic

14  Surgery, Ciro Surgery Center and IMS: Endoscopy, Ultrasound, Polysomnography

15  and Anesthesia Services.  For each of the procedures, United authorized Patient 310

16  to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

17  informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

18  services to Patient 310.

19  (B)     Plaintiffs timely submitted claims for the services they provided to

20  Patient 310.

21  •     On September 8, 2011, Plaintiff IMS submitted claims for its
22        professional Endoscopy, Ultrasound, Polysomnography and Anesthesia
        Services.

23  •     On October 12, 2011, Plaintiff Modern Institute Of Plastic Surgery
24        submitted a claim for its facility services in connection with these
        procedures.

25  •     On August 1, 2012, Plaintiff Ciro Surgery Center submitted a claim for
26        its facility services in connection with these procedures.

27  (C)     United has not paid for any of the services provided by Plaintiffs to

28  Patient 310.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 12, 2011, September 8, 2011,  and August 1, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 310.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on June 27, 2011, and October 12, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 310 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 310.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On January 20, 2012, July 5, and July 8, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (I)    On October 9, 2012, December 20, 2012, and February 1, 2013,

2    Plaintiffs called United to inquire about status on pending claims.  United

3    acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

4    informed Plaintiffs that more information was needed in order to process the claims.

5    (J)    To date, United continues to refuse to pay the claims for Patient 310 but

6    fails to comply with its obligations under ERISA, including under ERISA Section

7    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8    letters.

9

10   **Patient 311.** - Defendants Rush Truck Centers of California, Inc., and Rush

11   Enterprises Medical Plan.

12   (A)    Patient 311 is a beneficiary under the Rush Enterprises Medical Plan.

13   On January 30, 2012, February 6, February 20, 2012, March 5, March 20, 2012,

14   April 17, 2012, May 22, 2012, June 3, June 6, June 20, 2012 and July 9, 2012, Patient

15   311 had the following medical procedures performed by Plaintiff IMS: Laparoscopic

16   Gastric Band Adjustment.  For each of the procedures, United authorized Patient 311

17   to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

18   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

19   services to Patient 311.

20   (B)    Plaintiffs timely submitted claims for the services they provided to

21   Patient 311.

22   •    On July 23, 2012, August 24, August 29, 2012, and October 1, 2012
       Plaintiff IMS submitted claims for its professional Laparoscopic Gastric
23     Band Adjustment.

24   (C)    United has paid for some of the services provided by Plaintiffs to Patient

25   311 but has refused to pay for the other services provided to Patient 311.

26   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

27   the following grounds:

28   •    "Patient has reached maximum benefit for this Plan."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

545

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   (E)     On July 23, 2012, Plaintiffs submitted all the medical records for the

2   services provided to Patient 311.  In addition medical records were sent with appeals

3   when the denial reason was lack of and/or incomplete records.

4   (F)     Plaintiffs also appealed the denial of the claims.  In connection with

5   those appeals, Plaintiffs made multiple requests for documents that the Plan was

6   obligated to provide under ERISA, including requests for a full and complete copy of

7   the Medical Plan for Patient 311 and other instruments under which the Plan is

8   established or operated, including, but not limited to, the internal policies, guidelines,

9   formulas, procedures, methodologies, and/or schedules upon which payment was

10  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11  Complaint sets forth the specific document requests that were made on behalf of

12  Patient 311.

13  (G)     Despite these requests, neither United nor the Plan ever provided the

14  requested documents to Plaintiffs.

15  (H)     United has not responded to Plaintiffs' submitted appeals.

16  (I)     On March 28, 2012, and February 17, 2013, Plaintiffs called United to

17  inquire about status on pending claims. Claim denied because patient has met their

18  lifetime maximum benefit for the plan.

19  (J)     To date, United continues to refuse to pay the claims for Patient 311 but

20  fails to comply with its obligations under ERISA, including under ERISA Section

21  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

22  letters.

23

24  **Patient 312.** - Defendants Ryder Services Corporation and Ryder System, Inc.

25  Flexible Benefits Plan.

26  (A)     Patient 312 is a beneficiary under the Ryder System, Inc. Flexible

27  Benefits Plan.  On November 2, 2011, Patient 312 had the following medical

28  procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Endoscopy.  For each of the procedures, United authorized Patient 312 to receive

2  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

3  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

4  Patient 312.

5       (B)     Plaintiffs timely submitted claims for the services they provided to

6  Patient 312 submitted claims for its professional Endoscopy.

7       •       On September 22, 2012, Plaintiff Orange Grove Ambulatory Surgery
                Center submitted a claim for its facility services in connection with these
8               procedures.

9       (C)     United has paid for some of the services provided by Plaintiffs to Patient

10  312 but has refused to pay for the other services provided to Patient 312.

11       (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

12  the following grounds:

13       •       "Unable to process [the claim] at this time. Please refer to our
                correspondence indicating the additional information necessary to
14              complete the processing of your claim."

15       (E)     On October 1, 2012, Plaintiffs submitted all the medical records for the

16  services provided to Patient 312.  In addition medical records were sent with appeals

17  when the denial reason was lack of and/or incomplete records.

18       (F)     Plaintiffs appealed the denial of the claims.  In connection with those

19  appeals, Plaintiffs made multiple requests for documents that the Plan was obligated

20  to provide under ERISA, including requests for a full and complete copy of the

21  Medical Plan for Patient 312 and other instruments under which the Plan is

22  established or operated, including, but not limited to, the internal policies, guidelines,

23  formulas, procedures, methodologies, and/or schedules upon which payment was

24  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

25  Complaint sets forth the specific document requests that were made on behalf of

26  Patient 312.

27       (G)     Despite these requests, neither United nor the Plan ever provided the

28  requested documents to Plaintiffs.

1   (H)   United has not responded to Plaintiffs' submitted appeals.

2   (I)   On October 1, 2012 and January 18, 2013, Plaintiffs called United to

3   inquire about status on pending claims.  United acknowledged receiving medical

4   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

5   information was needed in order to process the claims.

6   (J)   To date, United continues to refuse to pay the claims for Patient 312 but

7   fails to comply with its obligations under ERISA, including under ERISA Section

8   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

9   letters.

10

11   **Patient 313. -** Defendants S & A Computer Services, Inc., and S and A Computer

12   Services Welfare Benefit Plan.

13   (A)   Patient 313 is a beneficiary under the S and A Computer Services

14   Welfare Benefit Plan.  On July 18, 2009, Patient 313 had the following medical

15   procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures,

16   United authorized Patient 313 to receive these pre-operative tests at Plaintiffs'

17   surgery centers and/or United informed Plaintiffs that no authorization was necessary

18   for Plaintiffs to provide the services to Patient 313.

19   (B)   Plaintiffs timely submitted claims for the services they provided to

20   Patient 313.

21   •   On July 30, 2009 Plaintiff IMS submitted claims for its professional
        Endoscopy.

22

23   (C)   United has paid for some of the services provided by Plaintiffs to Patient

24   313 but has refused to pay for the other services provided to Patient 313.

25   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

26   the following grounds:

27   •   A non-network health care provider or facility provided these services.
        Your claim was paid based on your benefit plan

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (E)    On July 30, 2009, Plaintiffs submitted all the medical records for the

2   services provided to Patient 313.  In addition medical records were sent with appeals

3   when the denial reason was lack of and/or incomplete records.

4    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

5   those appeals, Plaintiffs made multiple requests for documents that the Plan was

6   obligated to provide under ERISA, including requests for a full and complete copy of

7   the Medical Plan for Patient 313 and other instruments under which the Plan is

8   established or operated, including, but not limited to, the internal policies, guidelines,

9   formulas, procedures, methodologies, and/or schedules upon which payment was

10   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11   Complaint sets forth the specific document requests that were made on behalf of

12   Patient 313.

13    (G)    Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15    (H)    United has not responded to Plaintiffs' submitted appeals.

16    (I)    On April 23, 2012, Plaintiffs called United to inquire about status on

17   pending claims.  United incorrectly represented that the claim had been paid.

18    (J)    To date, United continues to refuse to pay the claims for Patient 313 but

19   fails to comply with its obligations under ERISA, including under ERISA Section

20   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21   letters.

22

23   **Patient 314.** - Defendants Saddle Creek Corporation and Saddle Creek Corp. Group

24   Insurance and Flexible Benefit Plan.

25    (A)    Patient 314 is a beneficiary under the Saddle Creek Corp. Group

26   Insurance and Flexible Benefit Plan.  On January 22, 2011, Patient 314 had the

27   following medical procedures performed by Plaintiffs Modern Institute Of Plastic

28   Surgery: Polysomnography.  For each of the procedures, United authorized Patient

314 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 314.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 314.

- On April 15, 2011, Plaintiff IMS submitted claims for its professional Polysomnography.

- On April 15, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 314 but has refused to pay for the other services provided to Patient 314.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 15, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 314.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 29, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 314 and other

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  instruments under which the Plan is established or operated, including, but not

2  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

3  and/or schedules upon which payment was calculated.  The sample letters that are

4  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

5  document requests that were made on behalf of Patient 314.

6       (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8       (H)    United has not responded to Plaintiffs' submitted appeals.

9       (I)    On March 28, 2012, October 17, and October 27, 2013, Plaintiffs called

10  United to inquire about status on pending claims.  United acknowledged receiving

11  medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

12  more information was needed in order to process the claims.  United's representatives

13  could not tell Plaintiffs what records United was missing.

14      (J)    To date, United continues to refuse to pay the claims for Patient 314 but

15  fails to comply with its obligations under ERISA, including under ERISA Section

16  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17  letters.

18

19  **Patient 315. -** Defendants Safran USA, Inc., and Safran USA, Inc. Cafeteria Plan.

20      (A)    Patient 315 is a beneficiary under the Safran USA, Inc. Cafeteria Plan.

21  On October 24, 2011, Patient 315 had the following medical procedures performed

22  by Plaintiff IMS: Polysomnography.  For each of the procedures, United authorized

23  Patient 315 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

24  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

25  provide the services to Patient 315.

26      (B)    Plaintiffs timely submitted claims for the services they provided to

27  Patient 315.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- On November 9, 2011, Plaintiff IMS submitted claims for its professional Polysomnography.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 315 but has refused to pay for the other services provided to Patient 315.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On November 9, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 315.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 315 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 315.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (I)    On November 7, 2011 and December 14, 2011, Plaintiffs called United

2   to inquire about status on pending claims.  United  informed Plaintiffs that more

3   information was needed in order to process the claims.

4    (J)    To date, United continues to refuse to pay the claims for Patient 315 but

5   fails to comply with its obligations under ERISA, including under ERISA Section

6   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7   letters.

8

9   **Patient 316.** - Defendants Saia Motor Freight Line, LLC, and Saia Motor Freight

10  Line LLC Employee Preferred Provider Plan.

11   (A)    Patient 316 is a beneficiary under the Saia Motor Freight Line LLC

12  Employee Preferred Provider Plan.  On January 8, January 17, 2011, April 11, 2011,

13  September 17, 2011 and January 17, 2012, Patient 316 had the following medical

14  procedures performed by Plaintiffs New Life Surgery Center, Modern Institute Of

15  Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic

16  Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the

17  procedures, United authorized Patient 316 to receive these pre-operative tests and

18  Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

19  authorization was necessary for Plaintiffs to provide the services to Patient 316.

20   (B)    Plaintiffs timely submitted claims for the services they provided to

21  Patient 316.

22   •    On January 18, January 25, January 31, 2011, December 7, 2011 and
         June 15, 2012 Plaintiff IMS submitted claims for its professional
23        Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric
         Banding and Laparoscopic Gastric Band Adjustment.
24
     •    On January 31, 2011, May 2, 2011, Plaintiff Modern Institute Of Plastic
25        Surgery submitted a claim for its facility services in connection with
         these procedures.
26
     •    On August 1, 2011 Plaintiff New Life Surgery Center submitted a claim
27        for its facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(C)     United has paid for some of the services provided by Plaintiffs to Patient 316 but has refused to pay for the other services provided to Patient 316.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 18, January 31, January 25, 2011, May 2, 2011, August 1, 2011, December 7, 2011 and June 15, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 316.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 16, 2011, July 1, July 25, 2011, September 14, 2011, June 18, 2013 and July 15, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 316 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 316.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (H)    On July 21, 2011, October 3, 2011 and October 4, 2011, United

2  responded to the Provider Plaintiffs' appeals, as follows:

3    •   Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

4

5    •   Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

6

7

8    (I)    On November 16, 2011, March 30, 2012, September 27, 2012 and June

9  7, 2013, Plaintiffs called United to inquire about status on pending claims.  United

10  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

11  informed Plaintiffs that more information was needed in order to process the claims.

12  United's representatives could not tell Plaintiffs what records United was missing.

13    (J)    To date, United continues to refuse to pay the claims for Patient 316 but

14  fails to comply with its obligations under ERISA, including under ERISA Section

15  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

16  letters.

17

18  **Patient 317. -** Defendants Sally Beauty Holdings, Inc., and Sally Beauty Holdings

19  Inc. Health and Welfare Plan.

20    (A)    Patient 317 is a beneficiary under the Sally Beauty Holdings Inc. Health

21  and Welfare Plan.  On October 2, 2010, November 29, 2010, February 11, 2011, and

22  June 15, 2011, Patient 317 had the following medical procedures performed by

23  Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery and IMS:

24  Polysomnography, CPAP Titration and Laparoscopic Cholecystectomy.  For each of

25  the procedures, United authorized Patient 317 to receive these pre-operative tests and

26  Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

27  authorization was necessary for Plaintiffs to provide the services to Patient 317.

28

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 317.

- On April 20, 2011 and January 13, 2011, Plaintiff IMS submitted claims for its professional Polysomnography, CPAP Titration and Laparoscopic Cholecystectomy.

- On December 22, 2010, July 11, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On April 19, 2011, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 317 but has refused to pay for the other services provided to Patient 317.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On December 22, 2010, April 19, April 20, 2011, July 11, 2011 and January 13, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 317.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 21, 2011, July 20, 2011, August 24, 2011 and October 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 317 and other instruments under which the Plan is established or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 operated, including, but not limited to, the internal policies, guidelines, formulas,

2 procedures, methodologies, and/or schedules upon which payment was calculated.

3 The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

4 sets forth the specific document requests that were made on behalf of Patient 317.

5      (G)    Despite these requests, neither United nor the Plan ever provided the

6 requested documents to Plaintiffs.

7      (H)    On February 24, 2011, August 18, August 19, August 22, 2011,

8 September 12, September 22, September 26, September 27, 2011, October 4, 2011,

9 November 10, 2011 and December 19, 2011, United responded to the Provider

10 Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

16      (I)    On February 4, February 25, 2011, May 19, 2011, January 9, 2012 and

17 September 13, 2012, Plaintiffs called United to inquire about status on pending

18 claims.  United acknowledged receiving medical records / provider W-9's from

19 Plaintiffs.  United informed Plaintiffs that more information was needed in order to

20 process the claims.

21      (J)    To date, United continues to refuse to pay the claims for Patient 317 but

22 fails to comply with its obligations under ERISA, including under ERISA Section

23 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24 letters.

25

26 **Patient 318.** - Defendants Santander Consumer USA, Inc., and Santander Consumer

27 USA Inc. Welfare Benefit Plan.

28

(A)     Patient 318 is a beneficiary under the Santander Consumer USA Inc. Welfare Benefit Plan.  March 16, 2010, Patient 318 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 318 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 318.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 318.

- On March 23, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 318 but has refused to pay for the other services provided to Patient 318.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 23, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 318.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 13, 2011 and July 19, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 318

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 318.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On June 30, 2011 and August 19, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On August 29, 2011, Plaintiffs called United to inquire about status on pending claims.

(J)    To date, United continues to refuse to pay the claims for Patient 318 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 319.** - Defendants Schneider National, Inc., and Schneider National, Inc. Flexible Benefits Plan.

(A)    Patient 319 is a beneficiary under the Schneider National, Inc. Flexible Benefits Plan.  On September 18, 2010, Patient 319 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 319 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 319.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 319.

- On November 11, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 319 but has refused to pay for the other services provided to Patient 319.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 11, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 319.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 2, 2011 and July 26, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 319 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific
2  document requests that were made on behalf of Patient 319.

3      (G)    Despite these requests, neither United nor the Plan ever provided the
4  requested documents to Plaintiffs.

5      (H)    United has not responded to Plaintiffs' submitted appeals.

6      (I)    On February 23, 2011, Plaintiffs called United to inquire about status on
7  pending claims.  United  informed Plaintiffs that more information was needed in
8  order to process the claims.  United's representatives could not tell Plaintiffs what
9  records United was missing.

10      (J)    To date, United continues to refuse to pay the claims for Patient 319 but
11  fails to comply with its obligations under ERISA, including under ERISA Section
12  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
13  letters.

14

15  **Patient 320.** - Defendants Seasons Hospice & Palliative Care of California, Inc., and
16  Seasons Hospice Flexible Benefit Plan.

17      (A)    Patient 320 is a beneficiary under the Seasons Hospice Flexible Benefit
18  Plan.  On January 17, 2011, Patient 320 had the following medical procedures
19  performed by Plaintiff IMS: CPAP Titration.  For each of the procedures, United
20  authorized Patient 320 to receive these pre-operative tests at Plaintiffs' surgery
21  centers and/or United informed Plaintiffs that no authorization was necessary for
22  Plaintiffs to provide the services to Patient 320.

23      (B)    Plaintiffs timely submitted claims for the services they provided to
24  Patient 320.

25      •    On March 21, 2011 Plaintiff IMS submitted claims for its professional
26          CPAP Titration.

27      (C)    United has paid for some of the services provided by Plaintiffs to Patient
28  320 but has refused to pay for the other services provided to Patient 320.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

2  the following grounds:

3        •    "Unable to process [the claim] at this time. Please refer to our
             correspondence indicating the additional information necessary to
4            complete the processing of your claim."

5    (E)    On December 7, 2012, Plaintiffs submitted all the medical records for

6  the services provided to Patient 320.  In addition medical records were sent with

7  appeals when the denial reason was lack of and/or incomplete records.

8    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

9  those appeals, Plaintiffs made multiple requests for documents that the Plan was

10  obligated to provide under ERISA, including requests for a full and complete copy of

11  the Medical Plan for Patient 320 and other instruments under which the Plan is

12  established or operated, including, but not limited to, the internal policies, guidelines,

13  formulas, procedures, methodologies, and/or schedules upon which payment was

14  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

15  Complaint sets forth the specific document requests that were made on behalf of

16  Patient 320.

17    (G)    Despite these requests, neither United nor the Plan ever provided the

18  requested documents to Plaintiffs.

19    (H)    United has not responded to Plaintiffs' submitted appeals.

20    (I)    On December 6, 2011, Plaintiffs called United to inquire about status on

21  pending claims.  United  informed Plaintiffs that more information was needed in

22  order to process the claims.

23    (J)    To date, United continues to refuse to pay the claims for Patient 320 but

24  fails to comply with its obligations under ERISA, including under ERISA Section

25  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

26  letters.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    **Patient 321.** - Defendants Sedgwick Claims Management Services, Inc., and

2    Sedgwick Claims Management Services, Inc. Welfare Benefit Plan.

3        (A)     Patient 321 is a beneficiary under the Sedgwick Claims Management

4    Services, Inc. Welfare Benefit Plan.  On October 4, and October 13, 2010, Patient

5    321 had the following medical procedures performed by Plaintiffs Modern Institute

6    Of Plastic Surgery and IMS: Ultrasound and Polysomnography.  For each of the

7    procedures, United authorized Patient 321 to receive these pre-operative tests at

8    Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

9    necessary for Plaintiffs to provide the services to Patient 321.

10       (B)     Plaintiffs timely submitted claims for the services they provided to

11    Patient 321.

12       •     On October 22, 2010, Plaintiff IMS submitted claims for its professional Ultrasound and Polysomnography.

13

14       •     On January 18, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

15

16       (C)     United has paid for some of the services provided by Plaintiffs to Patient

17    321 but has refused to pay for the other services provided to Patient 321.

18       (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

19    the following grounds:

20       •     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

21           complete the processing of your claim."

22       •     "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

23           not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

24

25       •     "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(E)     On October 22, 2010 and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 321.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 25, 2011 and July 18, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 321 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 321.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 16, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 17, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 321 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

**Patient 322.** - Defendants Select Specialized Staffing, Inc., and Select Staffing – Flexible Benefit Plan.

(A)     Patient 322 is a beneficiary under the Select Staffing – Flexible Benefit Plan.  On August 26, 2009 Patient 322 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 322 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 322.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 322

- On September 14, 2009, Plaintiff IMS submitted claims for its professional Ultrasound.

(C)     United has under paid for the services provided by Plaintiffs to Patient 322.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Based on our review we determined that we have processed this claim accurately.

(E)     On September 14, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 322.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 322 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1 Complaint sets forth the specific document requests that were made on behalf of

2 Patient 322.

3     (G)    Despite these requests, neither United nor the Plan ever provided the

4 requested documents to Plaintiffs.

5     (H)    On September 6, and September 7, 2011, United responded to the

6 Provider Plaintiffs' appeals, as follows:

7     •    Initially, United provided acknowledgement that appeal was received
and United would respond within 30 days.

8

9     •    Subsequently, however, United informed the Plaintiffs that their appeals
were denied due to a lack of patient authorization. This was even though
Plaintiffs had previously demonstrated that they held a valid assignment
of benefits from the patient that authorized Plaintiffs to make appeals on
behalf of the patient.

10

11

12     (I)    On July 25, 2011, Plaintiffs called United to inquire about status on

13 pending claims. The allowed amount was applied to the patient's deductible.

14     (J)    To date, United continues to refuse to pay the claims for Patient 322 but

15 fails to comply with its obligations under ERISA, including under ERISA Section

16 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17 letters.

18

19 **Patient 323.** - Defendants Shell Oil Company and Shell Oil Company

20 Comprehensive Welfare Benefits Plan.

21     (A)    Patient 323 is a beneficiary under the Shell Oil Company

22 Comprehensive Welfare Benefits Plan.  On January 12, January 17, January 18, 2011

23 and March 3, 2011, Patient 323 had the following medical procedures performed by

24 Valley Surgical Center and Plaintiffs Bakersfield Surgery Institute and IMS:

25 Endoscopy, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric

26 Band Adjustment and Anesthesia Services.  For each of the procedures, United

27 authorized Patient 323 to receive these pre-operative tests and Surgeries at Plaintiffs'

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   surgery centers and/or United informed Plaintiffs that no authorization was necessary

2   for Plaintiffs to provide the services to Patient 323.

3       (B)     Plaintiffs timely submitted claims for the services they provided to

4   Patient 323.

- On January 27, 2011, March 14, March 21, 2011 and September 11, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On January 31, 2011, Plaintiffs Bakersfield Surgery Institute submitted a claim for its facility services in connection with these procedures.

- On March 22, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

11      (C)     United has paid for some of the services provided by Plaintiffs to Patient

12  323 but has refused to pay for the other services provided to Patient 323.

13      (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

14  the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

22      (E)     On January 27, January 31, 2011, March 14, March 21, March 22, 2011

23  and September 11, 2012, Plaintiffs submitted all the medical records for the services

24  provided to Patient 323.  In addition medical records were sent with appeals when the

25  denial reason was lack of and/or incomplete records.

26      (F)     Plaintiffs also appealed the denial of the claims on June 13, June 14,

27  June 15, 2011, July 1, July 5, July 11, July 15, 2011, August 2, August 25, 2011 and

28  September 2, 2011.  In connection with those appeals, Plaintiffs made multiple

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  requests for documents that the Plan was obligated to provide under ERISA,

2  including requests for a full and complete copy of the Medical Plan for Patient 323

3  and other instruments under which the Plan is established or operated, including, but

4  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

5  and/or schedules upon which payment was calculated.  The sample letters that are

6  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

7  document requests that were made on behalf of Patient 323.

8       (G)    Despite these requests, neither United nor the Plan ever provided the

9  requested documents to Plaintiffs.

10      (H)    On February 18, 2011, July 5, July 7, July 8, 2011, August 22, August

11 23, 2011, October 3, 2011, November 1, November 3, 2011 and December 1, 2011,

12 United responded to the Provider Plaintiffs' appeals, as follows:

13    •    Initially, United provided acknowledgement that appeal was received
         and United would respond within 30 days.

14

15    •    Subsequently, however, United informed the Plaintiffs that their appeals
         were denied due to a lack of patient authorization. This was even though

16       Plaintiffs had previously demonstrated that they held a valid assignment
         of benefits from the patient that authorized Plaintiffs to make appeals on

17       behalf of the patient.

18      (I)    On May 3, May 13, May 27, 2011, November 4, 2011, March 22, 2012,

19 April 3, April 9, 2012 and October 31, 2012, Plaintiffs called United to inquire about

20 status on pending claims.  United acknowledged receiving medical records / provider

21 W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed

22 in order to process the claims.

23      (J)    To date, United continues to refuse to pay the claims for Patient 323 but

24 fails to comply with its obligations under ERISA, including under ERISA Section

25 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

26 letters.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 324.** - Defendants Siemens Corporation and Siemens Corporation Group Life, Medical, Dental, Vision, Hearing and Long Term Disability Income Plan.

(A)     Patient 324 is a beneficiary under the Siemens Corporation Group Life, Medical, Dental, Vision, Hearing and Long Term Disability Income Plan.  On November 19, 2009, Patient 324 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 324 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 324.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 324 submitted claims for its professional Endoscopy.

- On January 20, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has under paid the service provided by Plaintiffs to Patient 324.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- This charge has been reduced by the amount that is above the usual, reasonable and customary charge for your area.

(E)     On January 20, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 324.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 324 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Complaint sets forth the specific document requests that were made on behalf of
2  Patient 324.

3      (G)    Despite these requests, neither United nor the Plan ever provided the
4  requested documents to Plaintiffs.

5      (H)    United has not responded to Plaintiffs' submitted appeals.

6      (I)    On December 10, 2010, Plaintiffs called United to inquire about status
7  on pending claims. Based on our review we have determined that we have processed
8  this claim accurately.

9      (J)    To date, United continues to refuse to pay the claims for Patient 324 but
10  fails to comply with its obligations under ERISA, including under ERISA Section
11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal
12  letters.

13

14  **Patient 325. -** Defendants Silverado Senior Living Holdings, Inc., and Silverado
15  Senior Living Holdings, Inc. Welfare Benefits Plan.

16      (A)    Patient 325 is a beneficiary under the Silverado Senior Living Holdings,
17  Inc. Welfare Benefits Plan.  On March 16, 2010, May 10, 2010, August 30, 2010,
18  February 21, 2011, August 15, August 22, 2011, December 10, 2011, January 7,
19  2012, March 31, 2012, April 28, 2012, October 11, October 25, 2012, November 10,
20  2012 and February 16, 2013, Patient 325 had the following medical procedures
21  performed by Plaintiff IMS: Laparoscopic Gastric Banding and Laparoscopic Gastric
22  Band Adjustment.  For each of the procedures, United authorized Patient 325 to
23  receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed
24  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to
25  Patient 325.

26      (B)    Plaintiffs timely submitted claims for the services they provided to
27  Patient 325.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

- On March 23, 2010, July 7, 2010, September 2, 2010, February 25, 2011, November 7, 2011, August 29, August 24, 2012, October 20, 2012, November 1, November 23, 2012 and March 9, 2013, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 325 but has refused to pay for the other services provided to Patient 325.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On March 23, 2010, July 7, 2010, September 2, 2010, February 25, 2011, December 12, 2011, January 9, 2013, and February 26, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 325.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 325 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 325.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1       (H)   On October 12, 2010, September 6, September 20, 2011, August 28,

2   August 29, and August 30, 2013, United responded to the Provider Plaintiffs'

3   appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

9       (I)   On May 12, 2011, June 7, 2011, October 11, 2012, May 4, 2013, August

10   27, 2013 and October 3, 2013, Plaintiffs called United to inquire about status on

11   pending claims.  United  informed Plaintiffs that more information was needed in

12   order to process the claims.  United's representatives could not tell Plaintiffs what

13   records United was missing.

14       (J)   To date, United continues to refuse to pay the claims for Patient 325 but

15   fails to comply with its obligations under ERISA, including under ERISA Section

16   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17   letters.

18

19   **Patient 326.** - Defendants Skywest Airlines, Inc., and Skywest, Inc. Cafeteria Plan.

20       (A)   Patient 326 is a beneficiary under the Skywest, Inc. Cafeteria Plan.  On

21   January 31, 2011 and January 8, 2012, Patient 326 had the following medical

22   procedures performed by Plaintiffs San Diego Ambulatory Surgery Center and IMS:

23   Endoscopy and Polysomnography.  For each of the procedures, United authorized

24   Patient 326 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

25   United informed Plaintiffs that no authorization was necessary for Plaintiffs to

26   provide the services to Patient 326.

27       (B)   Plaintiffs timely submitted claims for the services they provided to

28   Patient 326.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- On March 15, 2011 and August 1, 2012, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

- On March 25, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 326 but has refused to pay for the other services provided to Patient 326.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On March 15, March 25, 2011 and August 1, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 326.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least August 15, and August 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 326 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 326.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On June 27, 2011, August 31, 2011 and September 30, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)   On March 19, March 30, 2012 and March 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)   To date, United continues to refuse to pay the claims for Patient 326 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 327.** - Defendants Sleep Innovations, Inc., and Sleep Innovations, Inc. Welfare Benefit Plan.

(A)   Patient 327 is a beneficiary under the Sleep Innovations, Inc. Welfare Benefit Plan.  On August 21, 2010, Patient 327 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography and Anesthesia Services.  For each of the procedures, United authorized Patient 327 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 327.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1    (B)    Plaintiffs timely submitted claims for the services they provided to

2   Patient 327.

3    •    On September 13, 2010 and September 20, 2010, Plaintiff IMS
         submitted claims for its professional Endoscopy, Ultrasound,
4        Polysomnography and Anesthesia Services.

5    •    On October 5, 2010, Plaintiffs Modern Institute of Plastic Surgery
         submitted a claim for its facility services in connection with these
6        procedures.

7    (C)    United has paid for some of the services provided by Plaintiffs to Patient

8   327 but has refused to pay for the other services provided to Patient 327.

9    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

10   the following grounds:

11   •    "Unable to process [the claim] at this time. Please refer to our
         correspondence indicating the additional information necessary to
12        complete the processing of your claim."

13   •    "[United] asked provider to send us more information" and that it would
         "process the claim when [it] receive[d] this information." This EOB did
14        not, however, indicate what specific additional information was required
         for processing that had not previously been submitted with the claim.

15   •    "The medical documentation that was submitted with this claim has
16        been forwarded for review. We will process this claim when the review
         has been completed."

17

18   (E)    On October 5, 2010, September 13, and September 20, 2010, Plaintiffs

19   submitted all the medical records for the services provided to Patient 327.  In addition

20   medical records were sent with appeals when the denial reason was lack of and/or

21   incomplete records.

22   (F)    Plaintiffs also appealed the denial of the claims on at least July 20, 2011

23   and October 25, 2011.  In connection with those appeals, Plaintiffs made multiple

24   requests for documents that the Plan was obligated to provide under ERISA,

25   including requests for a full and complete copy of the Medical Plan for Patient 327

26   and other instruments under which the Plan is established or operated, including, but

27   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

28   and/or schedules upon which payment was calculated.  The sample letters that are

575
APPENDIX "A"

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2  document requests that were made on behalf of Patient 327.

3      (G)    Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5      (H)    On March 24, 2011, United responded to the Provider Plaintiffs'

6  appeals, as follows:

7      •     Initially, United provided acknowledgement that appeal was received
   and United would respond within 30 days.

8

9      (I)    On June 8, 2011, May 5, 2011, January 20, 2012 and December 20,

10  2011, Plaintiffs called United to inquire about status on pending claims.  United

11  acknowledged receiving medical records / provider W-9's from Plaintiffs.

12      (J)    To date, United continues to refuse to pay the claims for Patient 327 but

13  fails to comply with its obligations under ERISA, including under ERISA Section

14  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15  letters.

16

17  **Patient 328.** - Defendants Smurfit Kappa Orange County, LLC, f/k/a Orange County

18  Container Group and Orange County Container Group Medical Plan.

19      (A)    Patient 328 is a beneficiary under the Orange County Container Group

20  Medical Plan.  On May 15, 2010, Patient 328 had the following medical procedures

21  performed by Plaintiff IMS: Anesthesia Services.  For each of the procedures, United

22  authorized Patient 328 to receive these pre-operative tests at Plaintiffs' surgery

23  centers and/or United informed Plaintiffs that no authorization was necessary for

24  Plaintiffs to provide the services to Patient 328.

25      (B)    Plaintiffs timely submitted claims for the services they provided to

26  Patient 328.

27      •     On May 21, 2010, Plaintiff IMS submitted claims for its professional
   Anesthesia Services.

28

(C)     United has paid for some of the services provided by Plaintiffs to Patient 328 but has refused to pay for the other services provided to Patient 328.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:  Claim was paid towards patient's deductible.

- "Balance is over the Usual and Customary."

(E)     On May 21, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 328.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 328 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 328.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On October 8, 2010, Plaintiffs called United to inquire about status on pending claims. Their representative indicated that the billed amount was applied to patient's deductible.

(J)     To date, United continues to refuse to pay the claims for Patient 328 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  **Patient 329.** - Defendants Sodexo, Inc., and Sodexo, Inc. Medical Benefits Plan.

2      (A)    Patient 329 is a beneficiary under the Sodexo, Inc. Medical Benefits

3  Plan.  On October 11, 2011, Patient 329 had the following medical procedures

4  performed by Plaintiffs Modern Institute of Plastic Surgery: Endoscopy.  For each of

5  the procedures, United authorized Patient 329 to receive these pre-operative tests at

6  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

7  necessary for Plaintiffs to provide the services to Patient 329.

8      (B)    Plaintiffs timely submitted claims for the services they provided to

9  Patient 329.

10     •    On November 8, 2011 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these

11     procedures.

12     (C)    United has paid for some of the services provided by Plaintiffs to Patient

13 329 but has refused to pay for the other services provided to Patient 329.

14     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

15 the following grounds:

16     •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

17     complete the processing of your claim."

18     (E)    On November 9, 2011, Plaintiffs submitted all the medical records for

19 the services provided to Patient 329.  In addition medical records were sent with

20 appeals when the denial reason was lack of and/or incomplete records.

21     (F)    Plaintiffs also appealed the denial of the claims.  In connection with

22 those appeals, Plaintiffs made multiple requests for documents that the Plan was

23 obligated to provide under ERISA, including requests for a full and complete copy of

24 the Medical Plan for Patient 329 and other instruments under which the Plan is

25 established or operated, including, but not limited to, the internal policies, guidelines,

26 formulas, procedures, methodologies, and/or schedules upon which payment was

27 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   Complaint sets forth the specific document requests that were made on behalf of

2   Patient 329.

3       (G)    Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)    On September 27, 2011, United responded to the Provider Plaintiffs'

6   appeals, as follows:

7       •       Initially, United provided acknowledgement that appeal was received
            and United would respond within 30 days.

8

9       (I)    On September 10, and September 27, 2013, Plaintiffs called United to

10  inquire about status on pending claims.  United  informed Plaintiffs that more

11  information was needed in order to process the claims.

12      (J)    To date, United continues to refuse to pay the claims for Patient 329 but

13  fails to comply with its obligations under ERISA, including under ERISA Section

14  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15  letters.

16

17  **Patient 330.** - Defendants Sorrento Capital, Inc., and Sorrento Capital Welfare

18  Benefits Plan.

19      (A)    Patient 330 is a beneficiary under the Sorrento Capital Welfare Benefits

20  Plan.  On October 10, 2009, Patient 330 had the following medical procedures

21  performed by Plaintiffs Beverly Hills Surgery Center and IMS: Endoscopy,

22  Ultrasound, Consultation and Anesthesia Services.  For each of the procedures,

23  United authorized Patient 330 to receive these pre-operative tests at Plaintiffs'

24  surgery centers and/or United informed Plaintiffs that no authorization was necessary

25  for Plaintiffs to provide the services to Patient 330.

26      (B)    Plaintiffs timely submitted claims for the services they provided to

27  Patient 330.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1

2

- On October 10, 2009, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Consultation and Anesthesia Services.

3

- On October 10, 2009, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

4

5

(C)     United has paid for some of the services provided by Plaintiffs to Patient 330 but has refused to pay for the other services provided to Patient 330.

6

7

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

8

9

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

10

11

- Our records show that we have already processed this charge.

12

(E)     On December 11, 2009, October 23, 2009, March 23, 2010, January 15,

13

2010, February 15, 2010 and May 14, 2010, Plaintiffs submitted all the medical

14

records for the services provided to Patient 330.  In addition medical records were

15

sent with appeals when the denial reason was lack of and/or incomplete records.

16

(F)     Plaintiffs also appealed the denial of the claims on at least July 23, 2011

17

and July 27, 2011.  In connection with those appeals, Plaintiffs made multiple

18

requests for documents that the Plan was obligated to provide under ERISA,

19

including requests for a full and complete copy of the Medical Plan for Patient 330

20

and other instruments under which the Plan is established or operated, including, but

21

not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

22

and/or schedules upon which payment was calculated.  The sample letters that are

23

attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

24

document requests that were made on behalf of Patient 330.

25

(G)     Despite these requests, neither United nor the Plan ever provided the

26

requested documents to Plaintiffs.

27

(H)     United has not responded to Plaintiffs' submitted appeals.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(I)     On January 27, 2011 and January 28, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(J)     To date, United continues to refuse to pay the claims for Patient 330 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 331. -** Defendants SourceHov, LLC, and SourceHov, LLC Health and Welfare Benefit Plan.

(A)     Patient 331 is a beneficiary under the SourceHov, LLC Health and Welfare Benefit Plan.  On May 12, 2012, Patient 331 had the following medical procedures performed by Plaintiffs Ciro Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 331 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 331.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 331 submitted claims for its professional Endoscopy.

- On May 20, 2012 Plaintiff Ciro Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 331 but has refused to pay for the other services provided to Patient 331.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On May 20, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 331.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 331 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 331.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On July 3, 2012 and July 3, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 331 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 332.** - Defendants Southwest Airlines Co., and Southwest Airlines Co. Welfare Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(A)     Patient 332 is a beneficiary under the Southwest Airlines Co. Welfare Benefit Plan.  On January 5, 2011, Patient 332 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 332 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 332.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 332.

- On January 11, 2011, Plaintiff IMS submitted claims for its professional Endoscopy.
- On January 24, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 332 but has refused to pay for the other services provided to Patient 332.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 11, 2011 and January 24, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 332.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 11, June 22, 2011, July 1, and July 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   including requests for a full and complete copy of the Medical Plan for Patient 332

2   and other instruments under which the Plan is established or operated, including, but

3   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

4   and/or schedules upon which payment was calculated.  The sample letters that are

5   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

6   document requests that were made on behalf of Patient 332.

7         (G)    Despite these requests, neither United nor the Plan ever provided the

8   requested documents to Plaintiffs.

9         (H)    On June 23, 2011, July 21, 2011, September 6, September 13,

10  September 18, 2011, November 4, 2011 and February 27, 2012, United responded to

11  the Provider Plaintiffs' appeals, as follows:

12      •    Initially, United provided acknowledgement that appeal was received
           and United would respond within 30 days.

13
14      •    Subsequently, however, United informed the Plaintiffs that their appeals
           were denied due to a lack of patient authorization. This was even though
15         Plaintiffs had previously demonstrated that they held a valid assignment
           of benefits from the patient that authorized Plaintiffs to make appeals on
16         behalf of the patient.

17      •    United then informed Plaintiffs that they determined that the questions
           and concerns don not qualify as an appeal.

18        (I)    On May 19, 2011, March 1, 2012, May 7, 2013, June 17, 2013 and

19  September 19, 2013, Plaintiffs called United to inquire about status on pending

20  claims.  United  informed Plaintiffs that more information was needed in order to

21  process the claims.  United's representatives could not tell Plaintiffs what records

22  United was missing.

23        (J)    To date, United continues to refuse to pay the claims for Patient 332 but

24  fails to comply with its obligations under ERISA, including under ERISA Section

25  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

26  letters.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

**Patient 333.** - Defendants Southwest Gas Corporation and Southwest Gas Corporation Life Insurance & Health Plan.

(A)     Patient 333 is a beneficiary under the Southwest Gas Corporation Life Insurance & Health Plan.  On February 15, 2010, September 18, 2010, October 2, October 16, 2010, November 13, and November 27, 2010, Patient 333 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 333 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 333.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 333.

- On February 21, 2010, September 22, 2010, October 7, October 19, 2010, December 1, and December 28, 2010, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment and Anesthesia Services.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 333 but has refused to pay for the other services provided to Patient 333.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 21, 2010, September 22, 2010, October 7, October 19, 2010, December 1, and December 28, 2010, Plaintiffs submitted all the medical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   records for the services provided to Patient 333.  In addition medical records were

2   sent with appeals when the denial reason was lack of and/or incomplete records.

3      (F)   Plaintiffs also appealed the denial of the claims on July 4, July 13, 2011,

4   August 23, and August 25, 2011.  In connection with those appeals, Plaintiffs made

5   multiple requests for documents that the Plan was obligated to provide under ERISA,

6   including requests for a full and complete copy of the Medical Plan for Patient 333

7   and other instruments under which the Plan is established or operated, including, but

8   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

9   and/or schedules upon which payment was calculated.  The sample letters that are

10  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

11  document requests that were made on behalf of Patient 333.

12     (G)   Despite these requests, neither United nor the Plan ever provided the

13  requested documents to Plaintiffs.

14     (H)   On September 6, September 12, September 14, 2011 and October 3,

15  2011, United responded to the Provider Plaintiffs' appeals, as follows:

16     •   Initially, United provided acknowledgement that appeal was received
        and United would respond within 30 days.

17
18     •   Subsequently, however, United informed the Plaintiffs that their appeals
        were denied due to a lack of patient authorization. This was even though
19      Plaintiffs had previously demonstrated that they held a valid assignment
        of benefits from the patient that authorized Plaintiffs to make appeals on
        behalf of the patient.

20

21     (I)   On January 20, January 21, 2011, March 29, 2011 May 19, May 26,

22  May 27, 2011 and September 2, 2011, Plaintiffs called United to inquire about status

23  on pending claims.  United acknowledged receiving medical records / provider W-9's

24  from Plaintiffs.  United informed Plaintiffs that more information was needed in

25  order to process the claims.

26     (J)   To date, United continues to refuse to pay the claims for Patient 333 but

27  fails to comply with its obligations under ERISA, including under ERISA Section

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2  letters.

3

4  **Patient 334. -** Defendants Station Casinos, Inc., and Station Casinos, Inc. Employee

5  Benefit Plan.

6  (A)  Patient 334 is a beneficiary under the Station Casinos, Inc. Employee

7  Benefit Plan.  On November 17, 2009, Patient 334 had the following medical

8  procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS:

9  Ultrasound and Anesthesia Services.  For each of the procedures, United authorized

10  Patient 334 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

11  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

12  provide the services to Patient 334.

13  (B)  Plaintiffs timely submitted claims for the services they provided to

14  Patient 334.

15  • On December 8, 2009 and December 14, 2009, Plaintiff IMS submitted claims for its professional Ultrasound and Anesthesia Services.

16

17  • On January 12, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

18  (C)  United has paid for some of the services provided by Plaintiffs to Patient

19  334 but has refused to pay for the other services provided to Patient 334.

20  (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

21  the following grounds:

22  • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

23

24  • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

25

26

27  • "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1      (E)    On December 8, 2009, December 14, 2009 and January 12, 2010,

2   Plaintiffs submitted all the medical records for the services provided to Patient 334.

3   In addition medical records were sent with appeals when the denial reason was lack

4   of and/or incomplete records.

5      (F)    Plaintiffs also appealed the denial of the claims on June 8, 2011.  In

6   connection with those appeals, Plaintiffs made multiple requests for documents that

7   the Plan was obligated to provide under ERISA, including requests for a full and

8   complete copy of the Medical Plan for Patient 334 and other instruments under which

9   the Plan is established or operated, including, but not limited to, the internal policies,

10  guidelines, formulas, procedures, methodologies, and/or schedules upon which

11  payment was calculated.  The sample letters that are attached as Exhibits A and

12  Exhibit B to this Complaint sets forth the specific document requests that were made

13  on behalf of Patient 334.

14     (G)    Despite these requests, neither United nor the Plan ever provided the

15  requested documents to Plaintiffs.

16     (H)    United has not responded to Plaintiffs' submitted appeals.

17     (I)    On June 2, 2011 and July 12, 2013, Plaintiffs called United to inquire

18  about status on pending claims.  United acknowledged receiving medical records /

19  provider W-9's from Plaintiffs.  United informed Plaintiffs that more information

20  was needed in order to process the claims.

21     (J)    To date, United continues to refuse to pay the claims for Patient 334 but

22  fails to comply with its obligations under ERISA, including under ERISA Section

23  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24  letters.

25

26  **Patient 335.** - Defendants Stein Mart, Inc., and Stein Mart, Inc. & Subsidiaries

27  Group Disability and Vision Plan.

28

(A)     Patient 335 is a beneficiary under the Stein Mart, Inc. & Subsidiaries Group Disability and Vision Plan.  On November 3, November 16, 2010, February 15, February 17, 2011, May 27, 2011, April 10, 2012, May 22, 2012, June 12, 2012 and July 3, 2012, Patient 335 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center, Modern Institute Of Plastic Surgery and IMS: Endoscopy, Polysomnography, Laparoscopic Gastric Banding, Echocardiography, Laparoscopic Gastric Band Adjustment and Anesthesia Services. For each of the procedures, United authorized Patient 335 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 335.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 335.

- On December 28, 2010, March 9, March 14, 2011, September 16, 2011, July 23, 2012 and August 23, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Gastric Banding, Echocardiography, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On January 18, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On April 25, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 335 but has refused to pay for the other services provided to Patient 335.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On December 28, 2010, January 18, 2011, March 9, March 14, 2011, April 25, 2011, September 16, 2011, July 23, 2012 and August 23, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 335.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on June 30, 2011, July 14, July 22, 2011 and October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 335 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 335.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On February 25, 2011, August 19, August 31, 2011, September 7, September 13, 2011, October 29, October 31, 2011 and November 28, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)   On March 28, 2011, April 20, and April 22, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

2  more information was needed in order to process the claims.

3      (J)  To date, United continues to refuse to pay the claims for Patient 335 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7

8  **Patient 336. -** Defendants Stryker Corporation and Stryker Corporation Welfare

9  Benefits Plan.

10      (A)  Patient 336 is a beneficiary under the Stryker Corporation Welfare

11  Benefits Plan.  On April 2, 2011, Patient 336 had the following medical procedures

12  performed by Plaintiff IMS: Consultation.  For each of the procedures, United

13  authorized Patient 336 to receive these pre-operative tests at Plaintiffs' surgery

14  centers and/or United informed Plaintiffs that no authorization was necessary for

15  Plaintiffs to provide the services to Patient 336.

16      (B)  Plaintiffs timely submitted claims for the services they provided to

17  Patient 336.

18      • On April 22, 2011, Plaintiff IMS submitted claims for its professional
       Consultation.

19

20      (C)  United has not paid for any of the services provided by Plaintiffs to

21  Patient 336.

22      (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

23  the following grounds:

24      • "Unable to process [the claim] at this time. Please refer to our
       correspondence indicating the additional information necessary to
25         complete the processing of your claim."

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On April 22, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 336.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 336 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 336.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On June 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 336 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 337.** - Defendants Sunburst Hospitality Corporation and Sunburst Hospitality Corporation Employee Welfare Plan.

(A)     Patient 337 is a beneficiary under the Sunburst Hospitality Corporation Employee Welfare Plan.  On November 20, 2009, Patient 337 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  Endoscopy. For each of the procedures, United authorized Patient 337 to receive

2  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

3  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

4  Patient 337.

5       (B)    Plaintiffs timely submitted claims for the services they provided to

6  Patient 337 submitted claims for its professional Endoscopy.

7      •    On January 12, 2010, Plaintiffs Beverly Hills Surgery Center submitted
a claim for its facility services in connection with these procedures.

8

9       (C)    United has under paid for service provided by Plaintiffs to Patient 337.

10       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

11  the following grounds:

12      •    This charge has been reduced by the amount that is above the usual,
reasonable and customary charge for your area.

13

14       (E)    On January 12, 2010, Plaintiffs submitted all the medical records for the

15  services provided to Patient 337.  In addition medical records were sent with appeals

16  when the denial reason was lack of and/or incomplete records.

17       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

18  those appeals, Plaintiffs made multiple requests for documents that the Plan was

19  obligated to provide under ERISA, including requests for a full and complete copy of

20  the Medical Plan for Patient 337 and other instruments under which the Plan is

21  established or operated, including, but not limited to, the internal policies, guidelines,

22  formulas, procedures, methodologies, and/or schedules upon which payment was

23  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

24  Complaint sets forth the specific document requests that were made on behalf of

25  Patient 337.

26       (G)    Despite these requests, neither United nor the Plan ever provided the

27  requested documents to Plaintiffs.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H)     On August 22, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 1, 2010, Plaintiffs called United to inquire about status on pending claims. The claim was under paid.

(J)     To date, United continues to refuse to pay the claims for Patient 337 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 338.** - Defendants Sunstate Equipment Co., LLC, and Sunstate Equipment Co., LLC Employee Benefit Plan.

(A)     Patient 338 is a beneficiary under the Sunstate Equipment Co., LLC Employee Benefit Plan.  On November 12, 2010, Patient 338 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures, United authorized Patient 338 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 338.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 338 submitted claims for its professional Polysomnography.

- On January 18, 2011, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  (C)    United has paid for some of the services provided by Plaintiffs to Patient

2  338 but has refused to pay for the other services provided to Patient 338.

3  (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

4  the following grounds:

5  •  "Unable to process [the claim] at this time. Please refer to our
6     correspondence indicating the additional information necessary to
       complete the processing of your claim."

7  •  "The medical documentation that was submitted with this claim has
8     been forwarded for review. We will process this claim when the review
       has been completed."

9  (E)    On January 18, 2011, Plaintiffs submitted all the medical records for the

10 services provided to Patient 338.  In addition medical records were sent with appeals

11 when the denial reason was lack of and/or incomplete records.

12 (F)    Plaintiffs also appealed the denial of the claims on at least July 2, 2011

13 and October 24, 2011.  In connection with those appeals, Plaintiffs made multiple

14 requests for documents that the Plan was obligated to provide under ERISA,

15 including requests for a full and complete copy of the Medical Plan for Patient 338

16 and other instruments under which the Plan is established or operated, including, but

17 not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

18 and/or schedules upon which payment was calculated.  The sample letters that are

19 attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

20 document requests that were made on behalf of Patient 338.

21 (G)    Despite these requests, neither United nor the Plan ever provided the

22 requested documents to Plaintiffs.

23 (H)    On November 1, and November 16, 2011, United responded to the

24 Provider Plaintiffs' appeals, as follows:

25 •  Initially, United provided acknowledgement that appeal was received
26    and United would respond within 30 days.

27

28

1156926.1

APPENDIX "A"

1   (I)   On April 22, and April 26, 2011, Plaintiffs called United to inquire

2   about status on pending claims.  United's representatives could not tell Plaintiffs

3   what records United was missing.

4   (J)   To date, United continues to refuse to pay the claims for Patient 338 but

5   fails to comply with its obligations under ERISA, including under ERISA Section

6   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7   letters.

8

9   **Patient 339.** - Defendants Systems Application & Technologies, Inc., and Systems

10   Application and Technologies, Inc. Health and Welfare Plan.

11   (A)   Patient 339 is a beneficiary under the Systems Application and

12   Technologies, Inc. Health and Welfare Plan.  On January 6, 2012, Patient 339 had the

13   following medical procedures performed by Plaintiff IMS: Polysomnography. For

14   each of the procedures, United authorized Patient 339 to receive these pre-operative

15   tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

16   authorization was necessary for Plaintiffs to provide the services to Patient 339.

17   (B)   Plaintiffs timely submitted claims for the services they provided to

18   Patient 339.

19   •   On January 6, 2012, Plaintiff IMS submitted claims for its professional
    Polysomnography.

20

21   (C)   United has paid for some of the services provided by Plaintiffs to Patient

22   339 but has refused to pay for the other services provided to Patient 339.

23   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

24   the following grounds:

25   •   "Unable to process [the claim] at this time. Please refer to our
    correspondence indicating the additional information necessary to
26   complete the processing of your claim."

27   •   "[United] asked provider to send us more information" and that it would
    "process the claim when [it] receive[d] this information." This EOB did

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On January 6, 2012, March 1, 2012 and September 13, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 339.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 339 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 339.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On April 3, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 339 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 340.** - Defendants Tech Data Corporation and Tech Data Corporation Employee Welfare Benefits Plan.

(A)     Patient 340 is a beneficiary under the Tech Data Corporation Employee Welfare Benefits Plan.  On January 19, and January 31, 2011, Patient 340 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery, San Diego Ambulatory Surgery Center and IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures, United authorized Patient 340 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 340.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 340.

- On February 4, 2011 and February 11, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On January 6, 2012, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On February 14, 2011, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 340 but has refused to pay for the other services provided to Patient 340.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

APPENDIX "A"

1156926.1

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On February 4, February 11, February 14, 2011 and January 6, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 340. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least August 23, and August 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 340 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 340.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    United has not responded to Plaintiffs' submitted appeals.

(I)    On April 19, 2012 and February 14, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)    To date, United continues to refuse to pay the claims for Patient 340 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 341.** - Defendants Teijin Holdings USA, Inc., and Teijin Holdings USA, Inc. Welfare Benefits Plan.

(A)     Patient 341 is a beneficiary under the Teijin Holdings USA, Inc. Welfare Benefits Plan.  On October 1, October 20, October 21, 2010, December 1, December 8, December 22, 2010, January 5, 2011, February 5, February 23, 2011, March 9, March 23, 2011, August 24, 2011 and September 14, 2011, Patient 341 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 341 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 341.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 341.

- On December 9, 2010, December 6, December 10, December 24, 2010, January 10, 2011, February 11, February 25, 2011, March 24, 2011, April 8, 2011, November 7, and November 25, 2011, Plaintiff IMS submitted claims for its professional Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On November 11, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 341, such as endoscopy, ultrasound, lap band surgeon, and lap band facility,  but has refused to pay for the other services provided to Patient 341.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On October 26, 2010, November 11, 2010, December 6, December 9, December 10, December 24, 2010, January 10, 2011, February 11, February 25, 2011 and March 24, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 341.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 11, June 16, 2011, July 15, July 26, July 29, 2011, September 5, and September 13, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 341 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 341.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On May 2, May 23, May 25, 2011, June 28, 2011, July 20, 2011, August 8, 2011, September 9, September 26, September 27, 2011 and October 24, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment

of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On March 7, 2011, May 22, 2013 and June 4, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 341 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 342.** - Defendants Telaid Industries, Inc., and Telaid Group Health Plan.

(A)     Patient 342 is a beneficiary under the Telaid Group Health Plan.  On May 5, 2009, Patient 342 had the following medical procedures performed by Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 342 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 342.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 342.

•     On May 12, 2009, Plaintiff IMS submitted claims for its professional Endoscopy.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 342 but has refused to pay for the other services provided to Patient 342.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1

2

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

3

4

- United stated based on the information provided this service does not meet coverage requirements.

5       (E)     On May 5, 2009, Plaintiffs submitted all the medical records for the

6   services provided to Patient 342.  In addition medical records were sent with appeals

7   when the denial reason was lack of and/or incomplete records.

8       (F)     Plaintiffs also appealed the denial of the claims.  In connection with

9   those appeals, Plaintiffs made multiple requests for documents that the Plan was

10  obligated to provide under ERISA, including requests for a full and complete copy of

11  the Medical Plan for Patient 342 and other instruments under which the Plan is

12  established or operated, including, but not limited to, the internal policies, guidelines,

13  formulas, procedures, methodologies, and/or schedules upon which payment was

14  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

15  Complaint sets forth the specific document requests that were made on behalf of

16  Patient 342.

17      (G)     Despite these requests, neither United nor the Plan ever provided the

18  requested documents to Plaintiffs.

19      (H)     United has not responded to Plaintiffs' submitted appeals.

20      (I)      On August 24, 2009 and May 13, 2010, Plaintiffs called United to

21  inquire about status on pending claims.  United  informed Plaintiffs that services are

22  not covered, need to send proof of medical necessity..

23      (J)      To date, United continues to refuse to pay the claims for Patient 342 but

24  fails to comply with its obligations under ERISA, including under ERISA Section

25  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

26  letters.

27

28

1156926.1

**Patient 343.** - Defendants Telecare Corporation and Telecare Corporation Group Welfare Plan.

(A)     Patient 343 is a beneficiary under the Telecare Corporation Group Welfare Plan.  On January 22, 2010, Patient 343 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 343 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 343.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 343 submitted claims for its professional Endoscopy.

- On February 9, 2010 Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has under paid the mentioned service provided by Plaintiffs to Patient 343.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On February 9, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 343.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 343 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    Complaint sets forth the specific document requests that were made on behalf of

2    Patient 343.

3        (G)     Despite these requests, neither United nor the Plan ever provided the

4    requested documents to Plaintiffs.

5        (H)     United has not responded to Plaintiffs' submitted appeals.

6        (I)     On May 17, 2012, Plaintiffs called United to inquire about status on

7    pending claims.  United acknowledged receiving medical records / provider W-9's

8    from Plaintiffs.

9        (J)     To date, United continues to refuse to pay the claims for Patient 343 but

10   fails to comply with its obligations under ERISA, including under ERISA Section

11   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12   letters.

13

14   **Patient 344.** - Defendants TestAmerica Laboratories, Inc., and TestAmerica

15   Employee Benefits Plan.

16       (A)     Patient 344 a beneficiary under the Testamerica Employee Benefits

17   Plan.  On April 22, 2009, Patient 344 had the following medical procedures

18   performed by Plaintiff IMS: Laparoscopic Gastric Band Removal.  For each of the

19   procedures, United authorized Patient 344 to receive these pre-operative tests at

20   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

21   necessary for Plaintiffs to provide the services to Patient 344.

22       (B)     Plaintiffs timely submitted claims for the services they provided to

23   Patient 344.

24       •      On May 7, 2009, Plaintiff IMS submitted claims for its professional
             Laparoscopic Gastric Band Removal.

25

26       (C)     United has paid for some of the services provided by Plaintiffs to Patient

27   344 but has refused to pay for the other services provided to Patient 344.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On May 7, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 344.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on at least September 14, 2011 and October 6, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 344 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 344.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On September 27, 2011, September 28, 2011 and November 2, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On August 24, 2009, April 9, 2010 and October 6, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 344 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 345.** - Defendants Textron, Inc., and Textron Bargained Insured Benefits Plan.

(A)     Patient 345 is a beneficiary under the Textron Bargained Insured Benefits Plan.  On January 12, 2011 and February 16, 2011, Patient 345 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 345 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 345.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 345.

- On January 25, 2011 and March 1, 2011, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 345 but has refused to pay for the other services provided to Patient 345.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 25, 2011 and March 1, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 345.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, 2011, June 28, 2011 and July 15, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 345 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 345.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 30, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On February 29, 2012, March 16, 2012 and June 17, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 receiving medical records / provider W-9's from Plaintiffs.  United informed

2 Plaintiffs that more information was needed in order to process the claims.

3     (J)    To date, United continues to refuse to pay the claims for Patient 345 but

4 fails to comply with its obligations under ERISA, including under ERISA Section

5 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6 letters.

7

8 **Patient 346. -** Defendants TGI Friday's, Inc., and CRW Flexible Benefit Plan.

9     (A)    Patient 346 is a beneficiary under the CRW Flexible Benefit Plan.  On

10 May 31, 2010, Patient 346 had the following medical procedures performed by

11 Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 346

12 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United

13 informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

14 services to Patient 346.

15     (B)    Plaintiffs timely submitted claims for the services they provided to

16 Patient 346.  On June 4, 2010, Plaintiff IMS submitted claims for its professional

17 Endoscopy.

18     (C)    United has paid for some of the services provided by Plaintiffs to Patient

19 346 however, the payment made was unacceptable payment paid for the services

20 provided to Helen in which we considered the payments as underpayment.

21     (D)    Previously, United issued Explanations of Benefits ("EOBs") denying

22 the claims on the following grounds:

23     •    "Based on our review, we determined that we processed this claim accurately. No further payment is due from us."

24     •    "Our records show we have already processed this charge."

25     •    "Claim denied as Duplicate."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     On June 4, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 346.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 346 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 346.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 3, and October 4, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On May 19, 2011, Plaintiffs called United to inquire about status on the underpayment appeal. "Our records show we have already processed this charge." "Claim denied as Duplicate.".

(J)     To date, United continues to refuse to pay the claims for Patient 346 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 347.** -  Defendants The Arora Group, Inc., and The Arora Group, Inc. Medical and Prescription Drug Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

(A)     Patient 347 is a beneficiary under The Arora Group, Inc. Medical and Prescription Drug Plan.  On January 15, 2011 and February 5, 2011, Patient 347 had the following medical procedures performed by Plaintiffs San Diego Ambulatory Surgery Center and IMS: Endoscopy and Ultrasound.  For each of the procedures, United authorized Patient 347 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 347.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 347.

- On January 27, 2011, February 11, and February 23, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

- On February 20, 2011, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 347 but has refused to pay for the other services provided to Patient 347.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time.  Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".

(E)     On January 27, 2011, February 11, February 20, and February 23, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 347. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 13, 2011, July 1, 2011, August 22, 2011 and September 8, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 347 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

APPENDIX "A"

1156926.1

1  established or operated, including, but not limited to, the internal policies, guidelines,

2  formulas, procedures, methodologies, and/or schedules upon which payment was

3  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4  Complaint sets forth the specific document requests that were made on behalf of

5  Patient 347.

6       (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8       (H)    On July 4, July 14, 2011 and September 7, 2011, United responded to

9  the Provider Plaintiffs' appeals, as follows:

10      •    Initially, United provided acknowledgement that appeal was received
   and United would respond within 30 days.

11

12       (I)    On, May 20, 2011, March 12, 2012, January 4, and January 9, 2013,

13  Plaintiffs called United to inquire about status on pending claims.  United

14  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

15  informed Plaintiffs that more information was needed in order to process the claims.

16       (J)    To date, United continues to refuse to pay the claims for Patient 347 but

17  fails to comply with its obligations under ERISA, including under ERISA Section

18  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19  letters.

20

21  **Patient 348.** - Defendants The Boeing Company and Boeing North American

22  Employee Health Plan.

23       (A)    Patient 348 is a beneficiary under the Boeing North American Employee

24  Health Plan.  On January 6, 2011, Patient 348 had the following medical procedures

25  performed by Valley Surgical Center and Plaintiff IMS: Laparoscopic Gastric

26  Banding and Anesthesia Services.  For each of the procedures, United authorized

27  Patient 348 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   centers and/or United informed Plaintiffs that no authorization was necessary for

2   Plaintiffs to provide the services to Patient 348.

3      (B)    Plaintiffs timely submitted claims for the services they provided to

4   Patient 348.

5      •    On February 17, 2011 and March 8, 2011, Plaintiff IMS submitted
6          claims for its professional Laparoscopic Gastric Banding and Anesthesia
          Services.

7      •    On March 15, 2011, Valley Surgical Center submitted a claim for its
          facility services in connection with these procedures.

8

9      (C)    United has paid for some of the services provided by Plaintiffs to Patient

10   348 but has refused to pay for the other services provided to Patient 348.

11      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

12   the following grounds:

13      •    "Unable to process [the claim] at this time. Please refer to our
14          correspondence indicating the additional information necessary to
          complete the processing of your claim."

15      •    "[United] asked provider to send us more information" and that it would
16          "process the claim when [it] receive[d] this information." This EOB did
          not, however, indicate what specific additional information was required
          for processing that had not previously been submitted with the claim.

17

18      •    "The medical documentation that was submitted with this claim has
          been forwarded for review. We will process this claim when the review
19          has been completed."

20      (E)    On February 17, 2011, March 8, and March 15, 2011, Plaintiffs

21   submitted all the medical records for the services provided to Patient 348.  In addition

22   medical records were sent with appeals when the denial reason was lack of and/or

23   incomplete records.

24      (F)    Plaintiffs also appealed the denial of the claims on June 13, June 16,

25   June 22, 2011, July 2, July 4, July 14, 2011 and August 1, 2011.  In connection with

26   those appeals, Plaintiffs made multiple requests for documents that the Plan was

27   obligated to provide under ERISA, including requests for a full and complete copy of

28   the Medical Plan for Patient 348 and other instruments under which the Plan is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

613

1 established or operated, including, but not limited to, the internal policies, guidelines,

2 formulas, procedures, methodologies, and/or schedules upon which payment was

3 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

4 Complaint sets forth the specific document requests that were made on behalf of

5 Patient 348.

6      (G)    Despite these requests, neither United nor the Plan ever provided the

7 requested documents to Plaintiffs.

8      (H)    On June 30, 2011, July 1, 2011, August 15, August 17, August 23, 2011,

9 September 13, September 20, September 21, 2011, and October 25, 2011, United

10 responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

16      (I)    On May 27, 2011, November 9, 2011, and March 15, 2012, Plaintiffs

17 called United to inquire about status on pending claims.  United acknowledged

18 receiving medical records / provider W-9's from Plaintiffs.  United informed

19 Plaintiffs that more information was needed in order to process the claims.  United's

20 representatives could not tell Plaintiffs what records United was missing.

21      (J)    To date, United continues to refuse to pay the claims for Patient 348 but

22 fails to comply with its obligations under ERISA, including under ERISA Section

23 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24 letters.

25

26 **Patient 349.** - Defendants The Children's Place Retail Stores, Inc., and The

27 Children's Place Health Care, Short Term Disability & Life Insurance Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(A)     Patient 349 is a beneficiary under The Children's Place Health Care, Short Term Disability & Life Insurance Plan.  On August 6, 2010, Patient 349 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 349 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 349.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 349.

- On September 15, 2010, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 349 but has refused to pay for the other services provided to Patient 349.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On September 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 349.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least June 25, 2011 and July 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   including requests for a full and complete copy of the Medical Plan for Patient 349

2   and other instruments under which the Plan is established or operated, including, but

3   not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

4   and/or schedules upon which payment was calculated.  The sample letters that are

5   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

6   document requests that were made on behalf of Patient 349.

7        (G)    Despite these requests, neither United nor the Plan ever provided the

8   requested documents to Plaintiffs.

9        (H)    United has not responded to Plaintiffs' submitted appeals.

10        (I)    On February 4, 2011 and May 31, 2011, Plaintiffs called United to

11   inquire about status on pending claims.  United acknowledged receiving medical

12   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

13   information was needed in order to process the claims.

14        (J)    To date, United continues to refuse to pay the claims for Patient 349 but

15   fails to comply with its obligations under ERISA, including under ERISA Section

16   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17   letters.

18

19   **Patient 350.** - Defendants The Clorox Company and The Clorox Company Group

20   Insurance Plan.

21        (A)    Patient 350 is a beneficiary under The Clorox Company Group

22   Insurance Plan.  On January 29, January 30, 2011, March 9, 2011, April 4, 2011,

23   September 7, 2011, and November 14, 2011, Patient 350 had the following medical

24   procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy,

25   Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and

26   Anesthesia Services.  For each of the procedures, United authorized Patient 350 to

27   receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

2    Patient 350.

3        (B)    Plaintiffs timely submitted claims for the services they provided to

4    Patient 350.

5    •   On February 3, 2011, May 13, 2011, July 12, 2011, September 14, 2011,
6        November 15, 2011, and January 6, 2012,  Plaintiff IMS submitted
         claims for its professional Endoscopy, Laparoscopic Gastric Banding,
7        Laparoscopic Gastric Band Adjustment and Anesthesia Services.

8    •   On February 11, 2011, Plaintiffs submitted a claim for its facility
         services in connection with these procedures.

9    •   On June 7, 2011, Plaintiffs submitted a claim for its facility services in
10       connection with these procedures.

11       (C)    United has paid for some of the services provided by Plaintiffs to Patient

12   350 but has refused to pay for the other services provided to Patient 350.

13       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

     the following grounds:

14   •   "[United] asked provider to send us more information" and that it would
15       "process the claim when [it] receive[d] this information." This EOB did
         not, however, indicate what specific additional information was required
16       for processing that had not previously been submitted with the claim.

17   •   "The medical documentation that was submitted with this claim has
         been forwarded for review. We will process this claim when the review
18       has been completed."

19       (E)    On February 3, February 11, 2011, January 6, 2012, May 13, 2011, June

20   7, 2011, July 12, 2011, November 15, 2011, and December 6, 2011, Plaintiffs

21   submitted all the medical records for the services provided to Patient 350.  In addition

22   medical records were sent with appeals when the denial reason was lack of and/or

23   incomplete records.

24       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

25   those appeals, Plaintiffs made multiple requests for documents that the Plan was

26   obligated to provide under ERISA, including requests for a full and complete copy of

27   the Medical Plan for Patient 350 and other instruments under which the Plan is

28   established or operated, including, but not limited to, the internal policies, guidelines,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  formulas, procedures, methodologies, and/or schedules upon which payment was

2  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

3  Complaint sets forth the specific document requests that were made on behalf of

4  Patient 350.

5          (G)     Despite these requests, neither United nor the Plan ever provided the

6  requested documents to Plaintiffs.

7          (H)     On June 30, 2011, August 20, 2011, September 15, 2011, and October 3,

8  2011, United responded to the Provider Plaintiffs' appeals, as follows:

9    •   Initially, United provided acknowledgement that appeal was received
         and United would respond within 30 days.

10

11   •   Subsequently, however, United informed the Plaintiffs that their appeals
         were denied due to a lack of patient authorization. This was even though
         Plaintiffs had previously demonstrated that they held a valid assignment

12       of benefits from the patient that authorized Plaintiffs to make appeals on
         behalf of the patient.

13

14         (I)     On May 10, 2012 and August 21, 2012, Plaintiffs called United to

15  inquire about status on pending claims.  United's representatives could not tell

16  Plaintiffs what records United was missing.

17         (J)     To date, United continues to refuse to pay the claims for Patient 350 but

18  fails to comply with its obligations under ERISA, including under ERISA Section

19  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20  letters.

21

22  **Patient 351.** - Defendants The Coca-Cola Company and The Coca-Cola Company

23  Health and Welfare Benefits Plan.

24         (A)     Patient 351 is a beneficiary under The Coca-Cola Company Health and

25  Welfare Benefits Plan.  On March 17, 2012 and December 1, 2012, Patient 351 had

26  the following medical procedures performed by Plaintiffs Modern Institute Of Plastic

27  Surgery, San Diego Ambulatory Surgery Center and IMS: Laparoscopic Gastric

28  Band Adjustment.  For each of the procedures, United authorized Patient 351 to

1   receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed

2   Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

3   Patient 351.

4       (B)     Plaintiffs timely submitted claims for the services they provided to

5   Patient 351.

6   • On April 18, 2012 and February 21, 2013, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

7

8       (C)     United has paid for some of the services provided by Plaintiffs to Patient

9   351 but has refused to pay for the other services provided to Patient 351.

10      (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

11  the following grounds:

12  • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

13

14  • "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

15

16      (E)     On April 18, 2012 and February 21, 2013, Plaintiffs submitted all the

17  medical records for the services provided to Patient 351.  In addition medical records

18  were sent with appeals when the denial reason was lack of and/or incomplete records.

19      (F)     Plaintiffs also appealed the denial of the claims on at least August 21,

20  2013.  In connection with those appeals, Plaintiffs made multiple requests for

21  documents that the Plan was obligated to provide under ERISA, including requests

22  for a full and complete copy of the Medical Plan for Patient 351 and other

23  instruments under which the Plan is established or operated, including, but not

24  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

25  and/or schedules upon which payment was calculated.  The sample letters that are

26  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

27  document requests that were made on behalf of Patient 351.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 14, 2013 and August 27, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On December 4, 2012 and August 19, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 351 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 352. -** Defendants The Converse Professional Group and The Converse Professional Group Major Medical Plan.

(A)     Patient 352 is a beneficiary under The Converse Professional Group Major Medical Plan.  On November 8, and November 13, 2010, Patient 352 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and Valley Surgical Center: Endoscopy and Polysomnography.  For each of the procedures, United authorized Patient 352 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 352.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 352.

- On January 6, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

- On December 1, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 352 but has refused to pay for the other services provided to Patient 352.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On December 1, 2010 and January 6, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 352.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 352 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1 Complaint sets forth the specific document requests that were made on behalf of

2 Patient 352.

3     (G)    Despite these requests, neither United nor the Plan ever provided the

4 requested documents to Plaintiffs.

5     (H)    United has not responded to Plaintiffs' submitted appeals.

6     (I)    On February 24, 2011, May 19, 2011, June 8, 2011 and January 8, 2013,

7 Plaintiffs called United to inquire about status on pending claims.  United  informed

8 Plaintiffs that more information was needed in order to process the claims.  United's

9 representatives could not tell Plaintiffs what records United was missing.

10     (J)    To date, United continues to refuse to pay the claims for Patient 352 but

11 fails to comply with its obligations under ERISA, including under ERISA Section

12 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

13 letters.

14

15 **Patient 353.** - Defendants The Guardian Life Insurance Company of America and

16 The Guardian High Deductible Health Plan through Unitedhealthcare Home Office.

17     (A)    Patient 353 is a beneficiary under The Guardian High Deductible Health

18 Plan through Unitedhealthcare Home Office.  On November 8, 2010, Patient 353 had

19 the following medical procedures performed by Plaintiff IMS: Consultation. For each

20 of the procedures, United authorized Patient 353 to receive these pre-operative tests

21 at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

22 was necessary for Plaintiffs to provide the services to Patient 353.

23     (B)    Plaintiffs timely submitted claims for the services they provided to

24 Patient 353.

25     •    On January 12, 2010, Plaintiff IMS submitted claims for its professional.

26     (C)    United has not paid for any of the services provided by Plaintiffs to

27 Patient 353.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

2  the following grounds:

3    •    "[United] asked provider to send us more information" and that it would
         "process the claim when [it] receive[d] this information." This EOB did

4        not, however, indicate what specific additional information was required
         for processing that had not previously been submitted with the claim.

5

6    (E)    On January 12, 2011, Plaintiffs submitted all the medical records for the

7  services provided to Patient 353.  In addition medical records were sent with appeals

8  when the denial reason was lack of and/or incomplete records.

9    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

10 those appeals, Plaintiffs made multiple requests for documents that the Plan was

11 obligated to provide under ERISA, including requests for a full and complete copy of

12 the Medical Plan for Patient 353 and other instruments under which the Plan is

13 established or operated, including, but not limited to, the internal policies, guidelines,

14 formulas, procedures, methodologies, and/or schedules upon which payment was

15 calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

16 Complaint sets forth the specific document requests that were made on behalf of

17 Patient 353.

18   (G)    Despite these requests, neither United nor the Plan ever provided the

19 requested documents to Plaintiffs.

20   (H)    On August 19, and August 22, 2011, United responded to the Provider

21 Plaintiffs' appeals, as follows:

22   •    Initially, United provided acknowledgement that appeal was received
         and United would respond within 30 days.

23

24   •    Subsequently, however, United informed the Plaintiffs that their appeals
         were denied due to a lack of patient authorization. This was even though
         Plaintiffs had previously demonstrated that they held a valid assignment

25       of benefits from the patient that authorized Plaintiffs to make appeals on
         behalf of the patient.

26

27

28

1    (I)    On August 2, 2011, Plaintiffs called United to inquire about status on

2    pending claims.  United  informed Plaintiffs that more information was needed in

3    order to process the claims.

4    (J)    To date, United continues to refuse to pay the claims for Patient 353 but

5    fails to comply with its obligations under ERISA, including under ERISA Section

6    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7    letters.

8

9    **Patient 354.** - Defendants The Hain Celestial Group, Inc., and The Hain Celestial

10   Group, Inc. Benefits Plan.

11   (A)    Patient 354 is a beneficiary under The Hain Celestial Group, Inc.

12   Benefits Plan.  On December 8, 2012, Patient 354 had the following medical

13   procedures performed by Plaintiff IMS: Consultation.  For each of the procedures,

14   United authorized Patient 354 to receive these pre-operative tests at Plaintiffs'

15   surgery centers and/or United informed Plaintiffs that no authorization was necessary

16   for Plaintiffs to provide the services to Patient 354.

17   (B)    Plaintiffs timely submitted claims for the services they provided to

18   Patient 354.

19   •    On June 3, 2013, Plaintiff IMS submitted claims for its professional
        Consultation.

20

21   (C)    United has paid for some of the services provided by Plaintiffs to Patient

22   354 but has refused to pay for the other services provided to Patient 354.

23   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

24   the following grounds:

25   •    "Unable to process [the claim] at this time. Please refer to our
        correspondence indicating the additional information necessary to

26      complete the processing of your claim."

27   •    "[United] asked provider to send us more information" and that it would
        "process the claim when [it] receive[d] this information." This EOB did

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  not, however, indicate what specific additional information was required
2  for processing that had not previously been submitted with the claim.

3  (E)  On June 17, 2013, Plaintiffs submitted all the medical records for the

4  services provided to Patient 354.  In addition medical records were sent with appeals

5  when the denial reason was lack of and/or incomplete records.

6  (F)  Plaintiffs also appealed the denial of the claims.  In connection with

7  those appeals, Plaintiffs made multiple requests for documents that the Plan was

8  obligated to provide under ERISA, including requests for a full and complete copy of

9  the Medical Plan for Patient 354 and other instruments under which the Plan is

10  established or operated, including, but not limited to, the internal policies, guidelines,

11  formulas, procedures, methodologies, and/or schedules upon which payment was

12  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

13  Complaint sets forth the specific document requests that were made on behalf of

14  Patient 354.

15  (G)  Despite these requests, neither United nor the Plan ever provided the

16  requested documents to Plaintiffs.

17  (H)  United has not responded to Plaintiffs' submitted appeals.

18  (I)  On August 30, 2013, Plaintiffs called United to inquire about status on

19  pending claims.  United  informed Plaintiffs that more information was needed in

20  order to process the claims.

21  (J)  To date, United continues to refuse to pay the claims for Patient 354 but

22  fails to comply with its obligations under ERISA, including under ERISA Section

23  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24  letters.

25

26  **Patient 355.** - Defendants The Hertz Corporation and Hertz Custom Benefit

27  Program.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 355 is a beneficiary under the Hertz Custom Benefit Program. On February 26, 2011, March 5, and March 9, 2011, Patient 355 had the following medical procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography, Echocardiography and Anesthesia Services.  For each of the procedures, United authorized Patient 355 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 355.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 355.

- On March 21, 2011 and November 15, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Echocardiography and Anesthesia Services.

- On January 12, 2012, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On May 10, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 355.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On January 12, 2012, March 21, 2011, May 10, 2011 and November 15, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 355.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 355 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 355.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On January 27, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 14, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 355 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 356.** - Defendants The Interpublic Group of Companies, Inc., and The Interpublic Medical and Dental Plan.

(A)    Patient 356 is a beneficiary under The Interpublic Medical and Dental Plan.  On April 24, 2009, Patient 356 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 356 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 356.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 356.

- On April 24, 2009, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 356 but has refused to pay for the other services provided to Patient 356.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On April 24, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 356.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 356 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2   Complaint sets forth the specific document requests that were made on behalf of

3   Patient 356.

4   (G)   Despite these requests, neither United nor the Plan ever provided the

5   requested documents to Plaintiffs.

6   (H)   On September 27, 2011, United responded to the Provider Plaintiffs'

7   appeals, as follows:

8   • Initially, United provided acknowledgement that appeal was received
    and United would respond within 30 days.

9

10   (I)   On August 26, 2009, Plaintiffs called United to inquire about status on

11   pending claims. United informed Plaintiffs that more information was needed in

12   order to process the claims.  United's representatives could not tell Plaintiffs what

13   records United was missing.

14   (J)   To date, United continues to refuse to pay the claims for Patient 356 but

15   fails to comply with its obligations under ERISA, including under ERISA Section

16   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17   letters.

18

19   **Patient 357.** - Defendants The McGraw-Hill Companies, Inc., and The McGraw-Hill

20   Companies, Inc. Group Health Plan.

21   (A)   Patient 357 is a beneficiary under The McGraw-Hill Companies, Inc.

22   Group Health Plan.  On August 27, and August 28, 2010, Patient 357 had the

23   following medical procedures performed by Plaintiffs Modern Institute Of Plastic

24   Surgery and Valley Surgical Center: Endoscopy, Polysomnography and Anesthesia

25   Services.  For each of the procedures, United authorized Patient 357 to receive these

26   pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that

27   no authorization was necessary for Plaintiffs to provide the services to Patient 357.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (B)   Plaintiffs timely submitted claims for the services they provided to

2  Patient 357.

3    •   On September 21, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography and Anesthesia Services.

4

5    •   On September 21, 2010 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

6

7    •   On July 8, 2011 Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

8    (C)   United has paid for some of the services provided by Plaintiffs to Patient

9  357 but has refused to pay for the other services provided to Patient 357.

10    (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

11  the following grounds:

12    •   "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

13

14    •   "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

15

16    (E)   On September 21, 2010, May 26, 2011 and July 8, 2011, Plaintiffs

17  submitted all the medical records for the services provided to Patient 357.  In addition

18  medical records were sent with appeals when the denial reason was lack of and/or

19  incomplete records.

20    (F)   Plaintiffs also appealed the denial of the claims.  In connection with

21  those appeals, Plaintiffs made multiple requests for documents that the Plan was

22  obligated to provide under ERISA, including requests for a full and complete copy of

23  the Medical Plan for Patient 357 and other instruments under which the Plan is

24  established or operated, including, but not limited to, the internal policies, guidelines,

25  formulas, procedures, methodologies, and/or schedules upon which payment was

26  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

27  Complaint sets forth the specific document requests that were made on behalf of

28  Patient 357.

1    (G)    Despite these requests, neither United nor the Plan ever provided the

2  requested documents to Plaintiffs.

3    (H)    On February 25, 2011 and September 28, 2011, United responded to the

4  Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

10    (I)    On October 20, 2011, September 10, 2013 and September 16, 2013,

11  Plaintiffs called United to inquire about status on pending claims.  United

12  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

13  informed Plaintiffs that more information was needed in order to process the claims.

14    (J)    To date, United continues to refuse to pay the claims for Patient 357 but

15  fails to comply with its obligations under ERISA, including under ERISA Section

16  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17  letters.

18

19  **Patient 358. -** Defendants The Salvation Army and The Salvation Army Flexible

20  Benefit Plan.

21    (A)    Patient 358 is a beneficiary under the The Salvation Army Flexible

22  Benefit Plan.  On July 5, 2009, Patient 358 had the following medical procedures

23  performed by Plaintiff IMS: Consultation.  For each of the procedures, United

24  authorized Patient 358 to receive these pre-operative tests at Plaintiffs' surgery

25  centers and/or United informed Plaintiffs that no authorization was necessary for

26  Plaintiffs to provide the services to Patient 358.

27    (B)    Plaintiffs timely submitted claims for the services they provided to

28  Patient 358.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  • On August 14, 2009, Plaintiff IMS submitted claims for its professional Consultation.

3  (C)   United has not paid for any of the services provided by Plaintiffs to Patient 358.

5  (D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

7  • "According to your plan, benefits are only available when a network physician or health care provider is used."

9  (E)   On August 14, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 358.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

12  (F)   Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 358 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 358.

21  (G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

23  (H)   United has not responded to Plaintiffs' submitted appeals.

24  (I)   On December 3, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

27  (J)   To date, United continues to refuse to pay the claims for Patient 358 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 359.**- Defendants The ServiceMaster Company, LLC, and The ServiceMaster Health & Welfare Benefits Plan.

(A)     Patient 359 is a beneficiary under the The ServiceMaster Health & Welfare Benefits Plan.  On December 13, 2010 and December 28, 2010, Patient 359 had the following medical procedures performed by Plaintiff IMS: Endoscopy and Polysomnography.  For each of the procedures, United authorized Patient 359 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 359.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 359.

- On December 16, 2010 and January 18, 2011, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 359 but has refused to pay for the other services provided to Patient 359.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(E)　　On December 16, 2010 and January 18, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 359.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)　　Plaintiffs also appealed the denial of the claims on June 10, 2011, July 20, July 29, 2011, August 25, 2011 and September 7, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 359 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 359.

(G)　　Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)　　On September 12, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)　　On April 20, April 21, 2011 and October 4, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)　　To date, United continues to refuse to pay the claims for Patient 359 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 360.** - Defendants The Steritech Group, Inc., and The Steritech Group, Inc. Cafeteria Plan.

(A)     Patient 360 is a beneficiary under The Steritech Group, Inc. Cafeteria Plan.  On April 16, April 30, 2011 and May 28, 2011, Patient 360 had the following medical procedures performed by Plaintiffs Ciro Surgery Center and IMS: Endoscopy, Ultrasound, Polysomnography and CPAP Titration.  For each of the procedures, United authorized Patient 360 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 360.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 360.

- On July 28, 2011, August 23, August 31, 2011, August 17, 2012 and October 20, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography and CPAP Titration.

- On November 12, 2011, Plaintiff Ciro Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 360.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 30, 2011, September 2, 2011, October 20, 2011 and November 16, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 360. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least October 25, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 360 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 360.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 13, 2012, July 4, July 18, 2012 and August 28, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On July 27, 2012, September 5, 2012, December 14, 2012 and January 14, 2013, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs. United

1 | informed Plaintiffs that more information was needed in order to process the claims.

2 | United's representatives could not tell Plaintiffs what records United was missing.

3 |     (J)    To date, United continues to refuse to pay the claims for Patient 360 but

4 | fails to comply with its obligations under ERISA, including under ERISA Section

5 | 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6 | letters.

7 |

8 | **Patient 361.** - Defendants The Travelers Companies, Inc., and The Travelers

9 | Trusteed Employee Benefit Plan.

10 |     (A)    Patient 361 a beneficiary under The Travelers Trusteed Employee

11 | Benefit Plan.  On August 30, 2010, September 4, 2010 and April 21, 2011, Patient

12 | 361 had the following medical procedures performed by Valley Surgical Center and

13 | Plaintiff IMS: Endoscopy, Polysomnography and Laparoscopic Gastric Banding.  For

14 | each of the procedures, United authorized Patient 361 to receive these pre-operative

15 | tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs

16 | that no authorization was necessary for Plaintiffs to provide the services to Patient

17 | 361.

18 |     (B)    Plaintiffs timely submitted claims for the services they provided to

19 | Patient 361.

20 |     •    On September 7, September 30, 2010, June 7, 2011 and May 25, 2011

21 |     Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography and Laparoscopic Gastric Banding.

22 |     •    On June 29, 2011 Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

23 |

24 |     (C)    United has paid for some of the services provided by Plaintiffs to Patient

25 | 361, such as endoscopy facility, ultrasound, and lap band surgeon but has refused to

26 | pay for the other services provided to Patient 361.

27 |     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

28 | the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On September 7, September 30, 2010, June 7, 2011, May 25, 2011 and June 29, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 361.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on June 10, June 13, 2011, July 1, 2011, September 2, and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 361 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 361.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On September 14, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

1156926.1

(I)     On, April 22, 2011, May 19, 2011, November 9, 2011, September 16, and September 27, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 361 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 362.** - Defendants The Turner Corporation and The Turner Corporation Welfare Benefits Plan.

(A)     Patient 362 is a beneficiary under The Turner Corporation Welfare Benefits Plan.  On October 2, October 16, 2010, November 11, 2010, January 12, 2011, March 7, and March 21, 2011, Patient 362 had the following medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 362 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 362.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 362.

- On October 25, 2010, December 7, 2010, January 17, 2011, March 14, and March 28, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On January 18, 2011, March 29, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 362 but has refused to pay for the other services provided to Patient 362.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On October 25, 2010, December 7, 2010, January 17, January 18, 2011, March 14, March 28, and March 29, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 362.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 28, June 29, June 30, 2011, July 5, July 7, July 14, July 18, July 22, 2011, September 20, 2011, May 21, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 362 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 362.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On February 17, 2011, March 24, 2011, August 8, August 24, August 25, 2011, September 9, September 15, September 27, September 29, 2011 and November 29, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On February 15, 2011, March 16, March 25, 2011, May 3, May 4, May 24, 2011, June 1, 2011, August 24, 2011, May 21, and May 30, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 362 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 363.** - Defendants Thermo Fisher Scientific, Inc., and Thermo Fisher Scientific Inc. Group Insurance Plan.

(A)     Patient 363 is a beneficiary under the Thermo Fisher Scientific Inc. Group Insurance Plan.  On April 21, 2012, Patient 363 had the following medical procedures performed by Plaintiffs Ciro Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 363 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 363.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 363.

- On May 20, 2012, Plaintiff IMS submitted claims for its professional Endoscopy.

- On May 20, 2012 Plaintiff Ciro Surgery Center submitted a claim for its facility services in connection with these procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    (C)    United has paid for some of the services provided by Plaintiffs to Patient

2  363 but has refused to pay for the other services provided to Patient 363.

3    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

4  the following grounds:

5   • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

6  complete the processing of your claim."

7   • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

8  not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

9

10    (E)    On May 20, 2012, Plaintiffs submitted all the medical records for the

11  services provided to Patient 363.  In addition medical records were sent with appeals

12  when the denial reason was lack of and/or incomplete records.

13    (F)    Plaintiffs also appealed the denial of the claims.  In connection with

14  those appeals, Plaintiffs made multiple requests for documents that the Plan was

15  obligated to provide under ERISA, including requests for a full and complete copy of

16  the Medical Plan for Patient 363 and other instruments under which the Plan is

17  established or operated, including, but not limited to, the internal policies, guidelines,

18  formulas, procedures, methodologies, and/or schedules upon which payment was

19  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

20  Complaint sets forth the specific document requests that were made on behalf of

21  Patient 363.

22    (G)    Despite these requests, neither United nor the Plan ever provided the

23  requested documents to Plaintiffs.

24    (H)    United has not responded to Plaintiffs' submitted appeals.

25    (I)    On July 10, 2012 and October 2, 2013, Plaintiffs called United to inquire

26  about status on pending claims.  United  informed Plaintiffs that more information

27  was needed in order to process the claims.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 363 but

2    fails to comply with its obligations under ERISA, including under ERISA Section

3    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4    letters.

5

6    **Patient 364.** - Defendants Tic Holdings, Inc., and Tic Holdings, Inc. Welfare Benefit

7    Plan.

8    (A)    Patient 364 is a beneficiary under the Tic Holdings, Inc. Welfare Benefit

9    Plan.  On November 5, 2011, Patient 364 had the following medical procedures

10   performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the

11   procedures, United authorized Patient 364 to receive these pre-operative tests at

12   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

13   necessary for Plaintiffs to provide the services to Patient 364.

14   (B)    Plaintiffs timely submitted claims for the services they provided to

15   Patient 364.

16   •    On January 12, 2012, Plaintiff IMS submitted claims for its professional
     Laparoscopic Gastric Band Adjustment.

17

18   (C)    United has paid for some of the services provided by Plaintiffs to Patient

19   364 but has refused to pay for the other services provided to Patient 364.

20   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

21   the following grounds:

22   •    "Claim denied due to pre-existing condition."

23   (E)    On January 12, 2012, Plaintiffs submitted all the medical records for the

24   services provided to Patient 364.  In addition medical records were sent with appeals

25   when the denial reason was lack of and/or incomplete records.

26   (F)    Plaintiffs also appealed the denial of the claims.  In connection with

27   those appeals, Plaintiffs made multiple requests for documents that the Plan was

28   obligated to provide under ERISA, including requests for a full and complete copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  the Medical Plan for Patient 364 and other instruments under which the Plan is

2  established or operated, including, but not limited to, the internal policies, guidelines,

3  formulas, procedures, methodologies, and/or schedules upon which payment was

4  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

5  Complaint sets forth the specific document requests that were made on behalf of

6  Patient 364.

7    (G) Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9    (H) United has not responded to Plaintiffs' submitted appeals.

10    (I) Plaintiffs called United to inquire about status on pending claims.

11    (J) To date, United continues to refuse to pay the claims for Patient 364 but

12  fails to comply with its obligations under ERISA, including under ERISA Section

13  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14  letters.

15

16  **Patient 365.** - Defendants Tire Centers, LLC, and Tire Centers, LLC Employee

17  Benefit Plan.

18    (A) Patient 365 is a beneficiary under the Tire Centers, LLC Employee

19  Benefit Plan.  On August 31, 2010, September 22, 2010, November 28, 2010 and

20  December 8, 2010, Patient 365 had the following medical procedures performed by

21  Plaintiffs Modern Institute Of Plastic Surgery, Valencia Ambulatory Surgery Center

22  and IMS: Endoscopy, Polysomnography, CPAP Titration and Anesthesia Services.

23  For each of the procedures, United authorized Patient 365 to receive these pre-

24  operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

25  authorization was necessary for Plaintiffs to provide the services to Patient 365.

26    (B) Plaintiffs timely submitted claims for the services they provided to

27  Patient 365.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On September 7, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, CPAP Titration and Anesthesia Services.

- On September 10, 2010, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

- On November 18, 2010, December 10, 2010 and January 3, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 365 but has refused to pay for the other services provided to Patient 365.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On September 7, September 10, 2010, November 18, 2010, December 10, 2010 and January 3, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 365.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on March 15, 2011, June 21, 2011, September 14, 2011, and October 25, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 365 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was

1  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

2  Complaint sets forth the specific document requests that were made on behalf of

3  Patient 365.

4       (G)     Despite these requests, neither United nor the Plan ever provided the

5  requested documents to Plaintiffs.

6       (H)     On September 3, 2011, United responded to the Provider Plaintiffs'

7  appeals, as follows:

8  •    Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

9
10  •    Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

11
12

13       (I)     On April 8, 2011, May 19, 2011, November 12, 2011, January 3,

14  January 22, 2013 and April 8, 2013, Plaintiffs called United to inquire about status on

15  pending claims.  United acknowledged receiving medical records / provider W-9's

16  from Plaintiffs.  United informed Plaintiffs that more information was needed in

17  order to process the claims.

18       (J)     To date, United continues to refuse to pay the claims for Patient 365 but

19  fails to comply with its obligations under ERISA, including under ERISA Section

20  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21  letters.

22

23  **Patient 366.** - Defendants T-Mobile USA, Inc., and T-Mobile USA, Inc. Employee

24  Benefit Plan.

25       (A)     Patient 366 is a beneficiary under the T-Mobile USA, Inc. Employee

26  Benefit Plan.  On April 22, 2010 and May 11, 2010, Patient 366 had the following

27  medical procedures performed by Plaintiff IMS: Polysomnography and CPAP

28  Titration.  For each of the procedures, United authorized Patient 366 to receive these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs

2  that no authorization was necessary for Plaintiffs to provide the services to Patient

3  366.

4       (B)    Plaintiffs timely submitted claims for the services they provided to

5  Patient 366.

6       •    On June 11, 2010 and December 20, 2010, Plaintiff IMS submitted claims for its professional Polysomnography and CPAP Titration.

7

8       (C)    United has paid for some of the services provided by Plaintiffs to Patient

9  366 but has refused to pay for the other services provided to Patient 366.

10       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

11  the following grounds:

12       •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

13      complete the processing of your claim."

14       •    "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did

15      not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

16       •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review

17      has been completed."

18

19       (E)    On June 11, 2010 and December 20, 2010, Plaintiffs submitted all the

20  medical records for the services provided to Patient 366.  In addition medical records

21  were sent with appeals when the denial reason was lack of and/or incomplete records.

22       (F)    Plaintiffs also appealed the denial of the claims on June 22, 2011, July

23  25, 2011, and August 9, 2011.  In connection with those appeals, Plaintiffs made

24  multiple requests for documents that the Plan was obligated to provide under ERISA,

25  including requests for a full and complete copy of the Medical Plan for Patient 366

26  and other instruments under which the Plan is established or operated, including, but

27  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

28  and/or schedules upon which payment was calculated.  The sample letters that are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 366.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On August 19, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On September 22, 2010, April 18, 2011, May 19, May 26, 2011 and June 3, 2011, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records / provider W-9's from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 366 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 367.** - Defendants Toshiba America, Inc., and Toshiba America Inc. Group Welfare Benefit Plan.

(A)     Patient 367 is a beneficiary under the Toshiba America Inc. Group Welfare Benefit Plan.  On May 26, 2009, Patient 367 had the following medical procedures performed by Plaintiff IMS: Endoscopy and Anesthesia Services.  For each of the procedures, United authorized Patient 367 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 367.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 367.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   • On June 2, 2009 Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.

2

3   (C)   United has paid for some of the services provided by Plaintiffs to Patient

4   367 but has refused to pay for the other services provided to Patient 367.

5   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

6   the following grounds:

7   • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

8

9   (E)   On June 2, 2009, Plaintiffs submitted all the medical records for the

10   services provided to Patient 367.  In addition medical records were sent with appeals

11   when the denial reason was lack of and/or incomplete records.

12   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

13   those appeals, Plaintiffs made multiple requests for documents that the Plan was

14   obligated to provide under ERISA, including requests for a full and complete copy of

15   the Medical Plan for Patient 367 and other instruments under which the Plan is

16   established or operated, including, but not limited to, the internal policies, guidelines,

17   formulas, procedures, methodologies, and/or schedules upon which payment was

18   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

19   Complaint sets forth the specific document requests that were made on behalf of

20   Patient 367.

21   (G)   Despite these requests, neither United nor the Plan ever provided the

22   requested documents to Plaintiffs.

23   (H)   United has not responded to Plaintiffs' submitted appeals.

24   (I)   On September 7, 2011, Plaintiffs called United to inquire about status on

25   pending claims.  United  informed Plaintiffs that more information was needed in

26   order to process the claims.

27   (J)   To date, United continues to refuse to pay the claims for Patient 367 but

28   fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2    letters.

3

4    **Patient 368.** - Defendants Towers Watson America, LLC, and Towers Watson

5    Medical Plan.

6           (A)    Patient 368 is a beneficiary under the Towers Watson Medical Plan.  On

7    September 30, 2009 and December 16, 2010, Patient 368 had the following medical

8    procedures performed by Plaintiff IMS: Laparoscopic Gastric Banding, Port Revision

9    and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United

10   authorized Patient 368 to receive these pre-operative tests and Surgeries at Plaintiffs'

11   surgery centers and/or United informed Plaintiffs that no authorization was necessary

12   for Plaintiffs to provide the services to Patient 368.

13          (B)    Plaintiffs timely submitted claims for the services they provided to

14   Patient 368.

15          •      On December 17, 2009 and March 3, 2011, Plaintiff IMS submitted
               claims for its professional Laparoscopic Gastric Banding, Port Revision
16             and Laparoscopic Gastric Band Adjustment.

17          (C)    United has paid for some of the services provided by Plaintiffs to Patient

18   368 but has refused to pay for the other services provided to Patient 368.

19          (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

20   the following grounds:

21          •      "Unable to process [the claim] at this time. Please refer to our
               correspondence indicating the additional information necessary to
22             complete the processing of your claim."

23          •      "[United] asked provider to send us more information" and that it would
               "process the claim when [it] receive[d] this information." This EOB did
24             not, however, indicate what specific additional information was required
               for processing that had not previously been submitted with the claim.

25          •      "The medical documentation that was submitted with this claim has
26             been forwarded for review. We will process this claim when the review
               has been completed."

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   (E)   On December 17, 2009 and March 30, 2011, Plaintiffs submitted all the

2   medical records for the services provided to Patient 368.  In addition medical records

3   were sent with appeals when the denial reason was lack of and/or incomplete records.

4   (F)   Plaintiffs also appealed the denial of the claims on June 16, June 23,

5   2011, July 19, 2011 and September 14, 2011.  In connection with those appeals,

6   Plaintiffs made multiple requests for documents that the Plan was obligated to

7   provide under ERISA, including requests for a full and complete copy of the Medical

8   Plan for Patient 368 and other instruments under which the Plan is established or

9   operated, including, but not limited to, the internal policies, guidelines, formulas,

10   procedures, methodologies, and/or schedules upon which payment was calculated.

11   The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

12   sets forth the specific document requests that were made on behalf of Patient 368.

13   (G)   Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15   (H)   On December 19, 2011, United responded to the Provider Plaintiffs'

16   appeals, as follows:

17   •   Subsequently, however, United informed the Plaintiffs that their appeals
     were denied due to a lack of patient authorization. This was even though
18   Plaintiffs had previously demonstrated that they held a valid assignment
     of benefits from the patient that authorized Plaintiffs to make appeals on
19   behalf of the patient.

20   (I)   On May 24, 2011, Plaintiffs called United to inquire about status on

21   pending claims.  United acknowledged receiving medical records / provider W-9's

22   from Plaintiffs.  United informed Plaintiffs that more information was needed in

23   order to process the claims.

24   (J)   To date, United continues to refuse to pay the claims for Patient 368 but

25   fails to comply with its obligations under ERISA, including under ERISA Section

26   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

27   letters.

28

**Patient 369.**- Defendants Tribune Company and Tribune Company Benefit Program.

(A)    Patient 369 is a beneficiary under the Tribune Company Benefit Program.  On September 29, 2010, Patient 369 had the following medical procedures performed by Valley Surgical Center and Plaintiff IMS: Endoscopy.  For each of the procedures, United authorized Patient 369 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 369.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 369.

- On December 28, 2010, Plaintiff IMS submitted claims for its professional Endoscopy.

- On October 26, 2010, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 369 but has refused to pay for the other services provided to Patient 369.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On October 26, 2010 and December 28, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 369.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(F)   Plaintiffs also appealed the denial of the claims on at least July 19, 2011. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 369 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 369.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   On March 16, 2011, April 1, 2011, July 21, July 25, 2011, August 15, August 18, August 22, August 23, 2011, September 27, and September 29, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)   On June 1, 2011, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)   To date, United continues to refuse to pay the claims for Patient 369 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

**Patient 370.** - Defendants Trinet HR Corporation, f/k/a Gevity HR, Inc., and Gevity HR Inc. Section 125 Plan.

(A)     Patient 370 is a beneficiary under the Gevity HR Inc. Section 125 Plan. On July 20, 2010, Patient 370 had the following medical procedures performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United authorized Patient 370 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 370.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 370.

- On July 27, 2010, Plaintiff IMS submitted claims for its professional Ultrasound.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 370 but has refused to pay for the other services provided to Patient 370.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On July 27, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 370.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   obligated to provide under ERISA, including requests for a full and complete copy of

2   the Medical Plan for Patient 370 and other instruments under which the Plan is

3   established or operated, including, but not limited to, the internal policies, guidelines,

4   formulas, procedures, methodologies, and/or schedules upon which payment was

5   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

6   Complaint sets forth the specific document requests that were made on behalf of

7   Patient 370.

8        (G)    Despite these requests, neither United nor the Plan ever provided the

9   requested documents to Plaintiffs.

10        (H)    United has not responded to Plaintiffs' submitted appeals.

11        (I)    On June 7, 2011 and January 30, 2013, Plaintiffs called United to

12   inquire about status on pending claims.  United acknowledged receiving medical

13   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

14   information was needed in order to process the claims.  United's representatives

15   could not tell Plaintiffs what records United was missing.

16        (J)    To date, United continues to refuse to pay the claims for Patient 370 but

17   fails to comply with its obligations under ERISA, including under ERISA Section

18   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

19   letters.

20

21   **Patient 371.**- Defendants TTX Company and TTX Company Group and Health Plan.

22        (A)    Patient 371 is a beneficiary under the TTX Company Group and Health

23   Plan.  On June 8, 2010 and August 10, 2010, Patient 371 had the following medical

24   procedures performed by Plaintiffs Beverly Hills Surgery Center and IMS:

25   Endoscopy and Fluoroscopy.  For each of the procedures, United authorized Patient

26   371 to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United

27   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

28   services to Patient 371.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 371.

- On July 9, 2010 and September 12, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Fluoroscopy.

- On August 2, 2010, November 15, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 371 but has refused to pay for the other services provided to Patient 371.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On July 9, 2010, August 2, 2010, September 12, 2010 and November 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 371.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 15, 2011, August 13, 2011 and August 23, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 371 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are

1   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

2   document requests that were made on behalf of Patient 371.

3       (G)    Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5       (H)    On July 20, 2011, October 14, 2011 and November 1, 2011, United

6   responded to the Provider Plaintiffs' appeals, as follows:

7          •    Subsequently, however, United informed the Plaintiffs that their appeals

8   were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment

9   of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

10       (I)    On May 19, 2011, June 10, 2011 and January 24, 2012, Plaintiffs called

11   United to inquire about status on pending claims.  United  informed Plaintiffs that

12   more information was needed in order to process the claims.  United's representatives

13   could not tell Plaintiffs what records United was missing.

14       (J)    To date, United continues to refuse to pay the claims for Patient 371 but

15   fails to comply with its obligations under ERISA, including under ERISA Section

16   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17   letters.

18

19   **Patient 372. -** Defendants Tucker Ellis, LLP, and Tucker Ellis & West LLP Welfare

20   Benefit Plan.

21       (A)    Patient 372 is a beneficiary under the Tucker Ellis & West LLP Welfare

22   Benefit Plan.  On May 1, 2009, Patient 372 had the following medical procedures

23   performed by Plaintiff IMS: Medical Consultation.  For each of the procedures,

24   United authorized Patient 372 to receive these pre-operative tests at Plaintiffs'

25   surgery centers and/or United informed Plaintiffs that no authorization was necessary

26   for Plaintiffs to provide the services to Patient 372.

27       (B)    Plaintiffs timely submitted claims for the services they provided to

28   Patient 372.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  • On May 14, 2009 Plaintiff IMS submitted claims for its professional Medical Consultation.

2

3  (C)  United has paid for some of the services provided by Plaintiffs to Patient

4  372 but has refused to pay for the other services provided to Patient 372.

5  (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

6  the following grounds:

7  • This procedure or supply is part of the global service.

8  (E)  On May 14, 2009, Plaintiffs submitted all the medical records for the

9  services provided to Patient 372.  In addition medical records were sent with appeals

10  when the denial reason was lack of and/or incomplete records.

11  (F)  Plaintiffs also appealed the denial of the claims.  In connection with

12  those appeals, Plaintiffs made multiple requests for documents that the Plan was

13  obligated to provide under ERISA, including requests for a full and complete copy of

14  the Medical Plan for Patient 372 and other instruments under which the Plan is

15  established or operated, including, but not limited to, the internal policies, guidelines,

16  formulas, procedures, methodologies, and/or schedules upon which payment was

17  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

18  Complaint sets forth the specific document requests that were made on behalf of

19  Patient 372.

20  (G)  Despite these requests, neither United nor the Plan ever provided the

21  requested documents to Plaintiffs.

22  (H)  On September 27, 2011, October 21, 2011, and December 1, 2011,

23  United responded to the Provider Plaintiffs' appeals, as follows:

24  • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

25

26  (I)  On August 10, 2009 and August 27, 2009, Plaintiffs called United to

27  inquire about status on pending claims. Claim denied as a part of the global package.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 372 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 373.** - Defendants Union Bank, N.A., and Union Bank Health Benefit Plan.

7    (A)    Patient 373 is a beneficiary under the Union Bank Health Benefit Plan.

8  On March 3, and March 5, 2011, Patient 373 had the following medical procedures

9  performed by Plaintiffs Modern Institute Of Plastic Surgery, San Diego Ambulatory

10  Surgery Center and IMS: Endoscopy and Polysomnography.  For each of the

11  procedures, United authorized Patient 373 to receive these pre-operative tests  at

12  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

13  necessary for Plaintiffs to provide the services to Patient 373.

14    (B)    Plaintiffs timely submitted claims for the services they provided to

15  Patient 373.

16    •    On March 14, 2011, Plaintiff IMS submitted claims for its professional
          Endoscopy and Polysomnography.

17

18    •    On January 12, 2012, Plaintiff Modern Institute Of Plastic Surgery
          submitted a claim for its facility services in connection with these
          procedures.

19

20    •    On July 8, 2011, Plaintiff San Diego Ambulatory Surgery Center
          submitted a claim for its facility services in connection with these
          procedures.

21

22    (C)    United has not paid for any of the services provided by Plaintiffs to

23  Patient 373.

24    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

25  the following grounds:

26    •    "Unable to process [the claim] at this time. Please refer to our
          correspondence indicating the additional information necessary to
          complete the processing of your claim."

27

28

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 14, 2011, July 8, 2011 and January 12, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 373.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 11, 2011, July 26, 2011 and November 12, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 373 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 373.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 28, 2011, September 2, September 28, 2011, October 7, October 10, 2011 and February 1, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(I)     On May 23, 2011, February 4, 2013 and May 7, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 373 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 374.** - Defendants Union Pacific Railroad Company and Union Pacific Railroad Employees Health Systems.

(A)     Patient 374 a beneficiary under the Union Pacific Railroad Employees Health Systems plan.  On April 25, 2011, June 30, 2011, October 22, 2011 and November 23, 2011, Patient 374 had the following medical procedures performed by Plaintiffs Bakersfield Surgery Institute and IMS: Endoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 374 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 374.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 374.

- On May 2, 2011, September 9, 2011, December 6, 2011 and September 17, 2012 Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.

- On July 8, 2011 Plaintiffs Bakersfield Surgery Institute submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 374 but has refused to pay for the other services provided to Patient 374.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

2  the following grounds:

3        •    "Unable to process [the claim] at this time. Please refer to our
            correspondence indicating the additional information necessary to
4            complete the processing of your claim."

5        •    "[United] asked provider to send us more information" and that it would
            "process the claim when [it] receive[d] this information." This EOB did
6            not, however, indicate what specific additional information was required
            for processing that had not previously been submitted with the claim.

7        •    "The medical documentation that was submitted with this claim has
8            been forwarded for review. We will process this claim when the review
            has been completed."

9

10    (E)    On May 2, 2011, September 9, 2011, December 6, 2011 and September

11  17, 2012, Plaintiffs submitted all the medical records for the services provided to

12  Patient 374.  In addition medical records were sent with appeals when the denial

13  reason was lack of and/or incomplete records.

14    (F)    Plaintiffs also appealed the denial of the claims on March 8, 2013, April

15  11, 2013, August 16, 2013 and August 19, 2013.  In connection with those appeals,

16  Plaintiffs made multiple requests for documents that the Plan was obligated to

17  provide under ERISA, including requests for a full and complete copy of the Medical

18  Plan for Patient 374 and other instruments under which the Plan is established or

19  operated, including, but not limited to, the internal policies, guidelines, formulas,

20  procedures, methodologies, and/or schedules upon which payment was calculated.

21  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint

22  sets forth the specific document requests that were made on behalf of Patient 374.

23    (G)    Despite these requests, neither United nor the Plan ever provided the

24  requested documents to Plaintiffs.

25    (H)    United has not responded to Plaintiffs' submitted appeals.

26    (I)    On February 15, 2012, May 1, 2012, February 27, 2013, March 13,

27  2013, April 11, 2013 and July 24, 2013, Plaintiffs called United to inquire about

28  status on pending claims.  United  informed Plaintiffs that more information was

1  needed in order to process the claims.  United's representatives could not tell

2  Plaintiffs what records United was missing.

3        (J)     To date, United continues to refuse to pay the claims for Patient 374 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7  **Patient 375.** - Defendants United Airlines, Inc., and United Airlines Consolidated

8  Welfare Benefit Plan.

9        (A)     Patient 375 a beneficiary under the United Airlines Consolidated

10 Welfare Benefit Plan.  On October 12, 2009, March 31, 2010, May 11, 2010, January

11 11, 2011, July 26, July 27, 2011, September 17, 2011, October 5, October 18, 2011,

12 January 24, 2012, February 6, 2012, March 5, 2012, March 27, 2012, June 2, 2012

13 and June 16, 2012, Patient 375 had the following medical procedures performed by

14 Plaintiffs New Life Surgery Center and IMS: Ultrasound, Fluoroscopy and

15 Laparoscopic Gastric Band Adjustment.  For each of the procedures, United

16 authorized Patient 375 to receive these pre-operative tests at Plaintiffs' surgery

17 centers and/or United informed Plaintiffs that no authorization was necessary for

18 Plaintiffs to provide the services to Patient 375.

19       (B)     Plaintiffs timely submitted claims for the services they provided to

20 Patient 375.

- On November 1, 2009, April 2, 2010, May 21, 2010, January 18, 2011, July 28, 2011, October 25, 2011, December 8, 2011, December 7, 2011, June 7, 2012, February 20, 2013, March 11, 2013, September 29, 2013, June 3, 2013, June 13, 2013 and June 11, 2013 Plaintiff IMS submitted claims for its professional Ultrasound, Fluoroscopy and Laparoscopic Gastric Band Adjustment.

- On December 17, 2012 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

26       (C)     United has paid for some of the services provided by Plaintiffs to Patient

27 375 but has refused to pay for the other services provided to Patient 375.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

1      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

2  the following grounds:

3      •     "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to

4      complete the processing of your claim."

5      •     No documentation was submitted for this dos therefore, no benefits are payable.

6

7      (E)    On November 1, 2009, April 2, 2010, May 21, 2010, January 18, 2011,

8  July 28, 2011, November 15, 2011, December 8, 2011 and June 7, 2012, Plaintiffs

9  submitted all the medical records for the services provided to Patient 375.  In addition

10  medical records were sent with appeals when the denial reason was lack of and/or

11  incomplete records.

12      (F)    Plaintiffs also appealed the denial of the claims on at least June 27,

13  2011.  In connection with those appeals, Plaintiffs made multiple requests for

14  documents that the Plan was obligated to provide under ERISA, including requests

15  for a full and complete copy of the Medical Plan for Patient 375 and other

16  instruments under which the Plan is established or operated, including, but not

17  limited to, the internal policies, guidelines, formulas, procedures, methodologies,

18  and/or schedules upon which payment was calculated.  The sample letters that are

19  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

20  document requests that were made on behalf of Patient 375.

21      (G)    Despite these requests, neither United nor the Plan ever provided the

22  requested documents to Plaintiffs.

23      (H)    On August 19, 2011, United responded to the Provider Plaintiffs'

24  appeals, as follows:

25      •     Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

26

27      (I)    On January 19, 2011, March 29, 2011, June 2, 2011, June 27, 2012, July

28  24, 2012, August 6, August 14, 2012, October 12, 2012 and September 9, 2013,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  Plaintiffs called United to inquire about status on pending claims.  United

2  acknowledged receiving medical records / provider W-9's from Plaintiffs.  United

3  informed Plaintiffs that more information was needed in order to process the claims.

4  United's representatives could not tell Plaintiffs what records United was missing.

5  United rep stated claim was denied again for missing records, she searched and found

6  all reports were attached to this claim. Sent back for review..

7      (J)    To date, United continues to refuse to pay the claims for Patient 375 but

8  fails to comply with its obligations under ERISA, including under ERISA Section

9  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10  letters.

11

12  **Patient 376.** - Defendants UnitedHealthcare Insurance Company and UnitedHealth

13  Group Employee Health Benefit Plan.

14      (A)    Patient 376 is a beneficiary under the UnitedHealth Group Employee

15  Health Benefit Plan.  On September 25, 2010 and October 2, 2010, Patient 376 had

16  the following medical procedures performed by Plaintiff IMS: Consult Detailed,

17  Polysomnography.  For each of the procedures, United authorized Patient 376 to

18  receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

19  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

20  Patient 376.

21      (B)    Plaintiffs timely submitted claims for the services they provided to

22  Patient 376.

23      •    On November 11, 2010 and December 11, 2010 Plaintiff IMS submitted
   claims for its professional Polysomnography.

24

25      (C)    United has paid for some of the services provided by Plaintiffs to Patient

26  376 but has refused to pay for the other services provided to Patient 376.

27      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

28  the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On November 11, 2010 and December 11, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 376.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 11, 2011 and July 1, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 376 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 376.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On February 25, 2011, July 21, 2011, August 18, 2011, September 27, September 28, 2011, October 4, and October 5, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1        (I)     On May 6, 2011 and August 23, 2011, Plaintiffs called United to inquire

2   about status on pending claims.

3        (J)     To date, United continues to refuse to pay the claims for Patient 376 but

4   fails to comply with its obligations under ERISA, including under ERISA Section

5   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6   letters.

7

8   **Patient 377.** - Defendants Univision Communications, Inc., and Univision Welfare

9   Benefits Plan.

10        (A)     Patient 377 is a beneficiary under the Univision Welfare Benefits Plan.

11   On October 7, 2009, January 12, 2010, March 16, 2010, November 13, 2010,

12   December 16, 2010, February 22, 2011 and April 1, 2011, Patient 377 had the

13   following medical procedures performed by Plaintiffs Beverly Hills Surgery Center

14   and New Life Surgery Center: Endoscopy, Fluoroscopy, Laparoscopic Gastric Band

15   Removal, Laparoscopic Gastric Band Adjustment, Laparoscopic Sleeve Gastrectomy

16   and Anesthesia Services.  For each of the procedures, United authorized Patient 377

17   to receive these pre-operative tests  at Plaintiffs' surgery centers and/or United

18   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

19   services to Patient 377.

20        (B)     Plaintiffs timely submitted claims for the services they provided to

21   Patient 377.

22   •     On December 16, 2010, Plaintiff IMS submitted claims for its
         professional Endoscopy, Fluoroscopy, Laparoscopic Gastric Band
23        Removal, Laparoscopic Gastric Band Adjustment, Laparoscopic Sleeve
         Gastrectomy and Anesthesia Services.

24   •     On December 16, 2010 Plaintiffs Beverly Hills Surgery Center
25        submitted a claim for its facility services in connection with these
         procedures.

26   •     On April 1, 2011 Plaintiff New Life Surgery Center submitted a claim
27        for its facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Patient 377 but has refused to pay for the other services provided to Patient 377.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On October 15, 2009, February 8, 2010, March 19, 2010, November 26, 2010, January 14, 2011, March 7, 2011, December 21, 2011, January 29, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 377. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 20, 2011, July 9, July 19, and July 20, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 377 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 377.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On April 12, 2011, May 28, and May 24, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)      On April 5, 2010, July 5, 2013 and September 20, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)      To date, United continues to refuse to pay the claims for Patient 377 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 378.** - Defendants UPM Raflatac, Inc., and UPM-Raflatac, Inc. Health and Welfare Benefit Plan.

(A)      Patient 378 is a beneficiary under the UPM-Raflatac, Inc. Health and Welfare Benefit Plan.  On October 14, 2009, Patient 378 had the following medical procedures performed by Plaintiff IMS: Anesthesia Services. For each of the procedures, United authorized Patient 378 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 378.

(B)      Plaintiffs timely submitted claims for the services they provided to Patient 378.

- On October 28, 2009 Plaintiff IMS submitted claims for its professional Anesthesia Services.

(C)      United has under paid for some of the services provided by Plaintiffs to Patient 378.

(D)      United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- This physician or health care provider is not a network provide, but has accepted a reduction in charges on this claim through Multiplan.

1   (E)     On October 28, 2009, Plaintiffs submitted all the medical records for the

2   services provided to Patient 378.  In addition medical records were sent with appeals

3   when the denial reason was lack of and/or incomplete records.

4   (F)     Plaintiffs also appealed the denial of the claims.  In connection with

5   those appeals, Plaintiffs made multiple requests for documents that the Plan was

6   obligated to provide under ERISA, including requests for a full and complete copy of

7   the Medical Plan for Patient 378 and other instruments under which the Plan is

8   established or operated, including, but not limited to, the internal policies, guidelines,

9   formulas, procedures, methodologies, and/or schedules upon which payment was

10   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11   Complaint sets forth the specific document requests that were made on behalf of

12   Patient 378.

13   (G)     Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15   (H)     United has not responded to Plaintiffs' submitted appeals.

16   (I)     On November 29, 2011, Plaintiffs called United to inquire about status

17   on pending claims. The services were under paid.

18   (J)     To date, United continues to refuse to pay the claims for Patient 378 but

19   fails to comply with its obligations under ERISA, including under ERISA Section

20   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21   letter.

22

23   **Patient 379. -** Defendants Urban Decay Cosmetics, LLC, and Urban Decay

24   Cosmetics Health and Welfare Plan.

25   (A)     Patient 379 is a beneficiary under the Urban Decay Cosmetics Health

26   and Welfare Plan.  On January 11, 2012, Patient 379 had the following medical

27   procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center:

28   Endoscopy.  For each of the procedures, United authorized Patient 379 to receive

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  these pre-operative tests at Plaintiffs' surgery centers and/or United informed

2  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

3  Patient 379.

4      (B)     Plaintiffs timely submitted claims for the services they provided to

5  Patient 379.

6      •     On January 31, 2012, Plaintiff IMS submitted claims for its professional
           Endoscopy.

7

8      (C)     United has not paid for any of the services provided by Plaintiffs to

9  Patient 379.

10     (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

11  the following grounds:

12     •     "[United] asked provider to send us more information" and that it would
           "process the claim when [it] receive[d] this information." This EOB did
13         not, however, indicate what specific additional information was required
           for processing that had not previously been submitted with the claim.

14     •     "The medical documentation that was submitted with this claim has
15         been forwarded for review. We will process this claim when the review
           has been completed."

16

17     (E)     On February 1, 2012, Plaintiffs submitted all the medical records for the

18  services provided to Patient 379.  In addition medical records were sent with appeals

19  when the denial reason was lack of and/or incomplete records.

20     (F)     Plaintiffs also appealed the denial of the claims.  In connection with

21  those appeals, Plaintiffs made multiple requests for documents that the Plan was

22  obligated to provide under ERISA, including requests for a full and complete copy of

23  the Medical Plan for Patient 379 and other instruments under which the Plan is

24  established or operated, including, but not limited to, the internal policies, guidelines,

25  formulas, procedures, methodologies, and/or schedules upon which payment was

26  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

27  Complaint sets forth the specific document requests that were made on behalf of

28  Patient 379.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   (G)   Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3   (H)   United has not responded to Plaintiffs' submitted appeals.

4   (I)   On July 7, 2012, Plaintiffs called United to inquire about status on

5   pending claims.  United  informed Plaintiffs that more information was needed in

6   order to process the claims.

7   (J)   To date, United continues to refuse to pay the claims for Patient 379 but

8   fails to comply with its obligations under ERISA, including under ERISA Section

9   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10   letters.

11

12   **Patient 380.** - Defendants US Airways Group, Inc., and US Airways, Inc. Health

13   Benefit Plan.

14   (A)   Patient 380 is a beneficiary under the US Airways, Inc. Health Benefit

15   Plan.  On September 23, 2010, December 21, 2010, January 27, 2011, February 8,

16   February 15, February 26, 2011, March 8, 2011, May 19, 2011, and October 4, 2011,

17   Patient 380 had the following medical procedures performed by Plaintiffs New Life

18   Surgery Center, Modern Institute Of Plastic Surgery and IMS: Endoscopy,

19   Polysomnography, Laparoscopic Gastric Banding, Fluoroscopy, Barium Swallow,

20   Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the

21   procedures, United authorized Patient 380 to receive these pre-operative tests and

22   Surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

23   authorization was necessary for Plaintiffs to provide the services to Patient 380.

24   (B)   Plaintiffs timely submitted claims for the services they provided to

25   Patient 380.

26   • On June 21, 2012, February 8, 2011, February 2, 2011, March 1, 2011,
    February 25, 2011, March 15, 2011 and June 7, 2011. Plaintiff IMS
27   submitted claims for its professional Endoscopy, Polysomnography,
    Laparoscopic Gastric Banding, Fluoroscopy, Barium Swallow,
28   Laparoscopic Gastric Band Adjustment and Anesthesia Services.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On November 18, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On March 14, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On January 12, 2012, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 380 but has refused to pay for the other services provided to Patient 380.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On February 8, 2011, March 14, 2011, March 1, 2011, February 25, 2011, March 15, 2011, June 7, 2011, January 12, 2012, June 21, 2012, November 18, 2010 and February 27, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 380.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, June 11, June 20, June 25, June 27, 2011, July 1, July 26, 2011, August 9, 2011, September 5, and September 14, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 380 and other instruments under which the Plan is established or operated, including, but

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2  and/or schedules upon which payment was calculated.  The sample letters that are

3  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4  document requests that were made on behalf of Patient 380.

5    (G) Despite these requests, neither United nor the Plan ever provided the

6  requested documents to Plaintiffs.

7    (H) On June 30, 2011, August 15, August 17, August 18, August 22, 2011,

8  September 12, September 13, September 18, 2011, November 21, 2011 and January

9  4, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

10    &bull; Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

11
12    &bull; Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though
13  Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on
14  behalf of the patient.

15    (I) On February 14, 2011, March 7, 2011, May 23, May 24, 2011, July 28,

16  2011, August 18, August 21, 2011, November 9, 2011, August 21, 2012, February 7,

17  2013, April 11, 2013 and August 21, 2012, Plaintiffs called United to inquire about

18  status on pending claims.  United acknowledged receiving medical records / provider

19  W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed

20  in order to process the claims.

21    (J) To date, United continues to refuse to pay the claims for Patient 380 but

22  fails to comply with its obligations under ERISA, including under ERISA Section

23  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24  letters.

25

26  **Patient 381.** - Defendants U.S. Auto Parts Network, Inc., and US Auto Parts

27  Network Inc. Health and Welfare Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A)     Patient 381 is a beneficiary under the US Auto Parts Network Inc. Health and Welfare Benefit Plan.  On November 21, 2009, Patient 381 had the following medical procedures performed by Plaintiffs Beverly Hills Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 381 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 381.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 381 submitted claims for its professional Endoscopy.

- On March 8, 2010, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 381 but has refused to pay for the other services provided to Patient 381.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On March 8, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 381.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 381 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  Complaint sets forth the specific document requests that were made on behalf of

2  Patient 381.

3  (G)   Despite these requests, neither United nor the Plan ever provided the

4  requested documents to Plaintiffs.

5  (H)   United has not responded to Plaintiffs' submitted appeals.

6  (I)   On December 3, 2013, Plaintiffs called United to inquire about status on

7  pending claims.  United  informed Plaintiffs that more information was needed in

8  order to process the claims.

9  (J)   To date, United continues to refuse to pay the claims for Patient 381 but

10  fails to comply with its obligations under ERISA, including under ERISA Section

11  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12  letters.

13

14  **Patient 382. -** Defendants U.S. Logistics, Inc., and U.S. Logistics, Inc. Health and

15  Dental.

16  (A)   Patient 382 is a beneficiary under the U.S. Logistics, Inc. Health and

17  Dental.  On June 22, 2010 and July 3, 2010, Patient 382 had the following medical

18  procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and Valencia

19  Ambulatory Surgery Center: Endoscopy and Polysomnography.  For each of the

20  procedures, United authorized Patient 382 to receive these pre-operative tests at

21  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

22  necessary for Plaintiffs to provide the services to Patient 382.

23  (B)   Plaintiffs timely submitted claims for the services they provided to

24  Patient 382.

25  • On July 19, 2010 and December 3, 2010, Plaintiff IMS submitted claims for its professional Endoscopy and Polysomnography.

26

27  • On December 3, 2010, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

- On July 19, 2010, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 382 but has refused to pay for the other services provided to Patient 382.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On July 19, 2010 and December 3, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 382.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 20, 2011, September 5, 2011 and October 24, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 382 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 382.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)     On November 28, and November 29, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On April 29, 2011, November 27, 2012 and February 10, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 382 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 383. -** Defendants U.S. Nursing Corporation and US Nursing Corp. Employee Benefit Plan.

(A)     Patient 383 is a beneficiary under the US Nursing Corp. Employee Benefit Plan.  On April 2, 2009, Patient 383 had the following medical procedures performed by Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures, United authorized Patient 383 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 383.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 383.

- On April 2, 2009 Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 383 but has refused to pay for the other services provided to Patient 383.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)    On October 21, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 383.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)    Plaintiffs also appealed the denial of the claims on at least August 17, 2011 and September 17, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 383 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 383.

(G)    Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On September 26, 2011 and November 10, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On December 12, 2011, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   order to process the claims.  United's representatives could not tell Plaintiffs what

2   records United was missing.

3       (J)      To date, United continues to refuse to pay the claims for Patient 383 but

4   fails to comply with its obligations under ERISA, including under ERISA Section

5   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6   letters.

7

8   **Patient 384. -** Defendants USA Truck, Inc., and USA Truck Inc. Welfare Benefit

9   Plan.

10      (A)      Patient 384 is a beneficiary under the USA Truck Inc. Welfare Benefit

11  Plan.  On May 26, 2012, Patient 384 had the following medical procedures

12  performed by Plaintiffs Modern Institute Of Plastic Surgery: Endoscopy.  For each of

13  the procedures, United authorized Patient 384 to receive these pre-operative tests at

14  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

15  necessary for Plaintiffs to provide the services to Patient 384.

16      (B)      Plaintiffs timely submitted claims for the services they provided to

17  Patient 384.

18      •     On June 20, 2012, Plaintiff IMS submitted claims for its professional
            Endoscopy.

19
        •     On June 20, 2012, Plaintiff Modern Institute Of Plastic Surgery
20            submitted a claim, for its facility services in connection with these
              procedures.

21

22      (C)      United has not paid for any of the services provided by Plaintiffs to

23  Patient 384.

24      (D)      United issued Explanations of Benefits ("EOBs") denying the claims on

25  the following grounds:

26      •     "Unable to process [the claim] at this time. Please refer to our
              correspondence indicating the additional information necessary to
27            complete the processing of your claim."

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On June 20, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 384.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 384 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 384.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)   United has not responded to Plaintiffs' submitted appeals.

(I)   On August 29, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)   To date, United continues to refuse to pay the claims for Patient 384 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 385.** - Defendants UTI Services, Inc., and UTI Services, Inc. Welfare Benefits Plan.

(A)    Patient 385 is a beneficiary under the UTI Services, Inc. Welfare Benefits Plan. On April 24, April 25, 2011, Patient 385 had the following medical procedures performed by Plaintiffs Bakersfield Surgery Institute and IMS: Endoscopy, Ultrasound and Polysomnography. For each of the procedures, United authorized Patient 385 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 385.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 385.

- On May 20, 2011, July 22, 2011, and September 1, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

- On May 25, 2011, Plaintiffs Bakersfield Surgery Institute submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 385 but has refused to pay for the other services provided to Patient 385.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)    On May 20, May 25, 2011, July 22, 2011 and September 1, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 385.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   In addition medical records were sent with appeals when the denial reason was lack

2   of and/or incomplete records.

3       (F)    Plaintiffs also appealed the denial of the claims on at least October 25,

4   2011.  In connection with those appeals, Plaintiffs made multiple requests for

5   documents that the Plan was obligated to provide under ERISA, including requests

6   for a full and complete copy of the Medical Plan for Patient 385 and other

7   instruments under which the Plan is established or operated, including, but not

8   limited to, the internal policies, guidelines, formulas, procedures, methodologies,

9   and/or schedules upon which payment was calculated.  The sample letters that are

10  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

11  document requests that were made on behalf of Patient 385.

12      (G)    Despite these requests, neither United nor the Plan ever provided the

13  requested documents to Plaintiffs.

14      (H)    On April 30, 2012 and September 3, 2012, United responded to the

15  Provider Plaintiffs' appeals, as follows:

16      •    Subsequently, however, United informed the Plaintiffs that their appeals

17      were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on

18      behalf of the patient.

19      (I)    On September 4, September 5, 2012, February 29, 2012, May 15, 2012,

20  July 12, 2012 and August 28, 2012, Plaintiffs called United to inquire about status on

21  pending claims.  United acknowledged receiving medical records / provider W-9's

22  from Plaintiffs.  United informed Plaintiffs that more information was needed in

23  order to process the claims.

24      (J)    To date, United continues to refuse to pay the claims for Patient 385 but

25  fails to comply with its obligations under ERISA, including under ERISA Section

26  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

27  letters.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  **Patient 386.** - Defendants Valeant Pharmaceuticals International and Valeant

2  Pharmaceuticals International Group Welfare Plan.

3  (A)  Patient 386 is a beneficiary under the Valeant Pharmaceuticals

4  International Group Welfare Plan.  On October 29, 2012, Patient 386 had the

5  following medical procedures performed by Plaintiff IMS: Medical Consultation.

6  For each of the procedures, United authorized Patient 386 to receive these pre-

7  operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

8  authorization was necessary for Plaintiffs to provide the services to Patient 386.

9  (B)  Plaintiffs timely submitted claims for the services they provided to

10  Patient 386.

11  •  On January 6, 2013, Plaintiff IMS submitted claims for its professional
    medical Consultation.

12

13  (C)  United has not paid for any of the services provided by Plaintiffs to

14  Patient 386.

15  (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

16  the following grounds:

17  •  "Unable to process [the claim] at this time. Please refer to our
    correspondence indicating the additional information necessary to
18  complete the processing of your claim."

19  •  "[United] asked provider to send us more information" and that it would
    "process the claim when [it] receive[d] this information." This EOB did
20  not, however, indicate what specific additional information was required
    for processing that had not previously been submitted with the claim.

21

22  •  "The medical documentation that was submitted with this claim has
    been forwarded for review. We will process this claim when the review
23  has been completed."

24  (E)  On January 6, 2013, Plaintiffs submitted all the medical records for the

25  services provided to Patient 386.  In addition medical records were sent with appeals

26  when the denial reason was lack of and/or incomplete records.

27  (F)  Plaintiffs also appealed the denial of the claims.  In connection with

28  those appeals, Plaintiffs made multiple requests for documents that the Plan was

1  obligated to provide under ERISA, including requests for a full and complete copy of

2  the Medical Plan for Patient 386 and other instruments under which the Plan is

3  established or operated, including, but not limited to, the internal policies, guidelines,

4  formulas, procedures, methodologies, and/or schedules upon which payment was

5  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

6  Complaint sets forth the specific document requests that were made on behalf of

7  Patient 386.

8  (G)    Despite these requests, neither United nor the Plan ever provided the

9  requested documents to Plaintiffs.

10  (H)    United has not responded to Plaintiffs' submitted appeals.

11  (I)    On April 17, 2013, Plaintiffs called United to inquire about status on

12  pending claims. No documentation was submitted for this date of service therefore no

13  benefits are payable.

14  (J)    To date, United continues to refuse to pay the claims for Patient 386 but

15  fails to comply with its obligations under ERISA, including under ERISA Section

16  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

17  letters.

18

19  **Patient 387. -** Defendants Velocity Express, LLC, and Velocity Express, LLC

20  Flexible Benefits Plan.

21  (A)    Patient 387 is a beneficiary under the Velocity Express, LLC Flexible

22  Benefits Plan.  On April 19, 2010, Patient 387 had the following medical procedures

23  performed by Plaintiff IMS: Consultation.  For each of the procedures, United

24  authorized Patient 387 to receive these pre-operative tests  at Plaintiffs' surgery

25  centers and/or United informed Plaintiffs that no authorization was necessary for

26  Plaintiffs to provide the services to Patient 387.

27  (B)    Plaintiffs timely submitted claims for the services they provided to

28  Patient 387.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On May 12, 2010, Plaintiff IMS submitted claims for its professional Consultation.

(C)   United has paid for some of the services provided by Plaintiffs to Patient 387 but has refused to pay for the other services provided to Patient 387.

(D)   United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)   On May 12, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 387.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)   Plaintiffs also appealed the denial of the claims on July 9, July 20, 2011, August 22, 2011 and September 13, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 387  and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 387.

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)    On July 4, 2011, August 19, August 22, 2011 and November 1, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)    On February 15, 2011 and April 27, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)    To date, United continues to refuse to pay the claims for Patient 387 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 388.** - Defendants Veolia Environmental Services North America, LLC, and Veolia Environmental Services North America Corp. Employee Health Benefit Plan.

(A)    Patient 388 is a beneficiary under the Veolia Environmental Services North America Corp. Employee Health Benefit Plan.  On March 15, 2010 Patient 388 had the following medical procedures performed by Plaintiff IMS: Consultation. For each of the procedures, United authorized Patient 388 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 388.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 388.

- On March 20, 2010, Plaintiff IMS submitted claims for its professional.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(C)     United has paid for some of the services provided by Plaintiffs to Patient 388 but has refused to pay for the other services provided to Patient 388.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(E)     On March 20, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 388.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least August 16, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 388 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 388.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 1, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

(I)     On December 3, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United's representatives could not tell Plaintiffs what records United was missing.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 388 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 389.** - Defendants Verizon Communications, Inc., and Verizon Plan 550.

7    (A)    Patient 389 is a beneficiary under the Verizon Plan 550.  On June 23,

8  2010 Patient 389 had the following medical procedures performed by Plaintiffs

9  Modern Institute Of Plastic Surgery: Polysomnography.  For each of the procedures,

10  United authorized Patient 389 to receive these pre-operative tests at Plaintiffs'

11  surgery centers and/or United informed Plaintiffs that no authorization was necessary

12  for Plaintiffs to provide the services to Patient 389.

13    (B)    Plaintiffs timely submitted claims for the services they provided to

14  Patient 389.

15    •    On August 5, 2010, Plaintiff IMS submitted claims for its professional
        Polysomnography.

16

17    •    On August 5, 2010, Plaintiff Modern Institute Of Plastic Surgery
        submitted a claim for its facility services in connection with these
        procedures.

18

19    (C)    United has not paid for any of the services provided by Plaintiffs to

20  Patient 389.

21    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

22  the following grounds:

23    •    "Unable to process [the claim] at this time. Please refer to our
        correspondence indicating the additional information necessary to
        complete the processing of your claim."

24

25    •    "[United] asked provider to send us more information" and that it would
        "process the claim when [it] receive[d] this information." This EOB did

26      not, however, indicate what specific additional information was required
        for processing that had not previously been submitted with the claim.

27    •

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On August 5, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 389.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least October 22, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 389 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 389.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On September 28, 2010 and February 14, 2012, Plaintiffs called United to inquire about status on pending claims.

(J)     To date, United continues to refuse to pay the claims for Patient 389 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 390.** - Defendants Via Technologies, Inc., and Via Technologies, Inc. Health and Welfare Plan.

(A)     Patient 390 is a beneficiary under the Via Technologies, Inc. Health and Welfare Plan.  On June 22, June 27, 2010, February 21, 2011, May 17, 2011 and July

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 | 12, 2011, Patient 390 had the following medical procedures performed by Plaintiffs

2 | New Life Surgery Center, Modern Institute Of Plastic Surgery and IMS: HH/Fundop

3 | w/o implantation of mesh, CPAP Titration, Laparoscopic Gastric Banding,

4 | Fluoroscopy and Anesthesia Services.  For each of the procedures, United authorized

5 | Patient 390 to receive these pre-operative tests and Surgeries at Plaintiffs' surgery

6 | centers and/or United informed Plaintiffs that no authorization was necessary for

7 | Plaintiffs to provide the services to Patient 390.

8 |     (B)    Plaintiffs timely submitted claims for the services they provided to

9 | Patient 390.

10 | • On July 12, 2010, August 11, 2010, August 19, 2010, June 16, 2011 and January 31, 2012, Plaintiff IMS submitted claims for its professional

11 | CPAP Titration, Laparoscopic Gastric Banding, Fluoroscopy and Anesthesia Services.

12 |

13 | • On July 8, 2011 Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

14 | • On February 2, 2012 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

15 |

16 |     (C)    United has paid for some of the services provided by Plaintiffs to Patient

17 | 390 but has refused to pay for the other services provided to Patient 390.

18 |     (D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

19 |

20 | • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

21 |

22 | • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

23 |

24 | • "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

25 |

26 |     (E)    On July 12, 2010, August 11, August 19, 2010, June 16, 2011, July 8,

27 | 2011, January 31, 2012, February 20, 2013 and September 25, 2012, Plaintiffs

28 | submitted all the medical records for the services provided to Patient 390.  In addition

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   medical records were sent with appeals when the denial reason was lack of and/or

2   incomplete records.

3        (F)     Plaintiffs also appealed the denial of the claims on June 16, 2011,

4   August 22, 2011, September 1, 2011 and September 19, 2013.  In connection with

5   those appeals, Plaintiffs made multiple requests for documents that the Plan was

6   obligated to provide under ERISA, including requests for a full and complete copy of

7   the Medical Plan for Patient 390 and other instruments under which the Plan is

8   established or operated, including, but not limited to, the internal policies, guidelines,

9   formulas, procedures, methodologies, and/or schedules upon which payment was

10   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11   Complaint sets forth the specific document requests that were made on behalf of

12   Patient 390.

13        (G)     Despite these requests, neither United nor the Plan ever provided the

14   requested documents to Plaintiffs.

15        (H)     On March 24, March 29, March 30, 2011, April 15, 2011, June 28,

16   2011, August 22, August 31, 2011, September 12, September 29, 2011, October 10,

17   2011, November 7, 2011, January 24, 2012, May 28, 2013, July 11, 2013 and August

18   28, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

19   •   Initially, United provided acknowledgement that appeal was received
         and United would respond within 30 days.

20
21   •   Subsequently, however, United informed the Plaintiffs that their appeals
         were denied due to a lack of patient authorization. This was even though
22       Plaintiffs had previously demonstrated that they held a valid assignment
         of benefits from the patient that authorized Plaintiffs to make appeals on
23       behalf of the patient.

24        (I)     On February 8, 2011, May 26, 2011, June 10, 2011, April 26, 2012,

25   August 16, 2012, September 27, 2012, March 21, 2013, June 17, 2013, May 6, 2013,

26   July 5, 2013, October 17, 2013, June 16, 2013 and October 4, 2013, Plaintiffs called

27   United to inquire about status on pending claims.  United acknowledged receiving

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

2  more information was needed in order to process the claims.

3      (J)     To date, United continues to refuse to pay the claims for Patient 390 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7

8  **Patient 391.** - Defendants Viacom, Inc., and Viacom Health Plan.

9      (A)     Patient 391 is a beneficiary under the Viacom Health Plan.  On

10  December 8, December 20, 2010, March 3, 2011, April 9, April 30, 2011, May 14,

11  May 28, 2011 and June 11, 2011, Patient 391 had the following medical procedures

12  performed by Valley Surgical Center and Plaintiffs Modern Institute Of Plastic

13  Surgery and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric

14  Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each

15  of the procedures, United authorized Patient 391 to receive these pre-operative tests

16  at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization

17  was necessary for Plaintiffs to provide the services to Patient 391.

18      (B)     Plaintiffs timely submitted claims for the services they provided to

19  Patient 391.

20  •     On January 28, 2010, December 29, 2010, July 15, 2011, May 26, 2011,
     November 15, 2011, June 30, 2011 and July 12, 2011 Plaintiff IMS
21     submitted claims for its professional Endoscopy, Ultrasound,
     Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric
22     Band Adjustment and Anesthesia Services.

23  •     On January 18, 2011, Plaintiffs submitted a claim for its facility services
     in connection with these procedures.

24

25  •     On August 2, 2011, Plaintiffs submitted a claim for its facility services
     in connection with these procedures.

26      (C)     United has paid for some of the services provided by Plaintiffs to Patient

27  391 but has refused to pay for the other services provided to Patient 391.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On December 28, December 29, 2010, January 18, 2011, April 21, 2011, May 26, 2011, June 30, 2011, July 12, July 15, 2011, August 2, 2011, and November 15, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 391.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 18, 2011 and September 7, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 391 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 391.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On September 1, September 20, 2011 and October 29, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    Plaintiffs had previously demonstrated that they held a valid assignment
2    of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

3    (I)    On May 25, 2011 and November 10, 2011, Plaintiffs called United to

4    inquire about status on pending claims.  United acknowledged receiving medical

5    records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

6    information was needed in order to process the claims.

7    (J)    To date, United continues to refuse to pay the claims for Patient 391 but

8    fails to comply with its obligations under ERISA, including under ERISA Section

9    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10   letters.

11

12   **Patient 392. -** Defendants Volt Information Sciences, Inc., and Volt Information

13   Sciences, Inc. and Affiliates Employee Welfare Benefits Plan.

14   (A)    Patient 392 is a beneficiary under the Volt Information Sciences, Inc.

15   and Affiliates Employee Welfare Benefits Plan.  On August 14, 2010 and November

16   9, 2010, Patient 392 had the following medical procedures performed by Plaintiffs

17   Modern Institute Of Plastic Surgery and IMS: Ultrasound, Laparoscopic

18   Cholecystectomy and Anesthesia Services.  For each of the procedures, United

19   authorized Patient 392 to receive these pre-operative tests at Plaintiffs' surgery

20   centers and/or United informed Plaintiffs that no authorization was necessary for

21   Plaintiffs to provide the services to Patient 392.

22   (B)    Plaintiffs timely submitted claims for the services they provided to

23   Patient 392.

24   •    On September 12, 2010 and December 9, 2010, Plaintiff IMS submitted
25        claims for its professional Ultrasound, Laparoscopic Cholecystectomy
          and Anesthesia Services.

26   •    On December 9, 2010, Plaintiff Modern Institute Of Plastic Surgery
27        submitted a claim for its facility services in connection with these
          procedures.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1   (C)   United has paid for some of the services provided by Plaintiffs to Patient

2   392 but has refused to pay for the other services provided to Patient 392.

3   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

4   the following grounds:

5   •   "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

6

7

8   (E)   On September 12, 2010 and December 9, 2010, Plaintiffs submitted all

9   the medical records for the services provided to Patient 392.  In addition medical

10  records were sent with appeals when the denial reason was lack of and/or incomplete

11  records.

12  (F)   Plaintiffs also appealed the denial of the claims on July 18, 2011.  In

13  connection with those appeals, Plaintiffs made multiple requests for documents that

14  the Plan was obligated to provide under ERISA, including requests for a full and

15  complete copy of the Medical Plan for Patient 392 and other instruments under which

16  the Plan is established or operated, including, but not limited to, the internal policies,

17  guidelines, formulas, procedures, methodologies, and/or schedules upon which

18  payment was calculated.  The sample letters that are attached as Exhibits A and

19  Exhibit B to this Complaint sets forth the specific document requests that were made

20  on behalf of Patient 392.

21  (G)   Despite these requests, neither United nor the Plan ever provided the

22  requested documents to Plaintiffs.

23  (H)   On September 30, 2011, United responded to the Provider Plaintiffs'

24  appeals, as follows:

25  •   Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (I)   On May 5, 2011 and August 22, 2011, Plaintiffs called United to inquire

2   about status on pending claims.  United  informed Plaintiffs that more information

3   was needed in order to process the claims.

4   (J)   To date, United continues to refuse to pay the claims for Patient 392 but

5   fails to comply with its obligations under ERISA, including under ERISA Section

6   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7   letters.

8

9   **Patient 393.** - Defendants Vulcan Materials Company and Health & Welfare Benefit

10   Plans of Vulcan Materials Company.

11   (A)   Patient 393 is a beneficiary under the Health & Welfare Benefit Plans of

12   Vulcan Materials Company.  On December 30, 2008, Patient 393 had the following

13   medical procedures performed by Plaintiff IMS: Anesthesia Services.  For each of the

14   procedures, United authorized Patient 393 to receive these pre-operative tests at

15   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

16   necessary for Plaintiffs to provide the services to Patient 393.

17   (B)   Plaintiffs timely submitted claims for the services they provided to

18   Patient 393.

19   •   On January 19, 2009 Plaintiff IMS submitted claims for its professional
    Anesthesia Services.

20

21   (C)   United has paid for some of the services provided by Plaintiffs to Patient

22   393 but has refused to pay for the other services provided to Patient 393.

23   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

24   the following grounds:

25   •   The physician or health care provider is not a network provider, but has
    accepted a reduction in charges on this claim through Multiplan.

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  (E)    On January 19, 2009, Plaintiffs submitted all the medical records for the

2  services provided to Patient 393.  In addition medical records were sent with appeals

3  when the denial reason was lack of and/or incomplete records.

4  (F)    Plaintiffs also appealed the denial of the claims.  In connection with

5  those appeals, Plaintiffs made multiple requests for documents that the Plan was

6  obligated to provide under ERISA, including requests for a full and complete copy of

7  the Medical Plan for Patient 393 and other instruments under which the Plan is

8  established or operated, including, but not limited to, the internal policies, guidelines,

9  formulas, procedures, methodologies, and/or schedules upon which payment was

10  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

11  Complaint sets forth the specific document requests that were made on behalf of

12  Patient 393.

13  (G)    Despite these requests, neither United nor the Plan ever provided the

14  requested documents to Plaintiffs.

15  (H)    United has not responded to Plaintiffs' submitted appeals.

16  (I)    On February 16, 2009, Plaintiffs called United to inquire about status on

17  pending claims.

18  (J)    To date, United continues to refuse to pay the claims for Patient 393 but

19  fails to comply with its obligations under ERISA, including under ERISA Section

20  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

21  letters.

22

23  **Patient 394.** - Defendants W.W. Grainger, Inc., and W.W. Grainger Inc. Group

24  Benefit Plan I.

25  (A)    Patient 394 is a beneficiary under the W.W. Grainger Inc. Group Benefit

26  Plan I.  On September 25, 2010 and October 1, 2010, Patient 394 had the following

27  medical procedures performed by Plaintiffs Modern Institute Of Plastic Surgery and

28  IMS: Endoscopy, Ultrasound and Polysomnography.  For each of the procedures,

1  United authorized Patient 394 to receive these pre-operative tests at Plaintiffs'

2  surgery centers and/or United informed Plaintiffs that no authorization was necessary

3  for Plaintiffs to provide the services to Patient 394.

4      (B)    Plaintiffs timely submitted claims for the services they provided to

5  Patient 394.

6      •    On October 13, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound and Polysomnography.

7
8      •    On November 18, 2010, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

9
10      (C)    United has paid for some of the services provided by Plaintiffs to Patient

394 but has refused to pay for the other services provided to Patient 394.

11
12      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

the following grounds:

13
14      •    "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

15
16      •    "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

17
18      •    "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

19
20      (E)    On October 13, 2010 and November 18, 2010, Plaintiffs submitted all

21  the medical records for the services provided to Patient 394. In addition medical

22  records were sent with appeals when the denial reason was lack of and/or incomplete

23  records.

24      (F)    Plaintiffs also appealed the denial of the claims on at least June 25, and

25  June 28, 2011. In connection with those appeals, Plaintiffs made multiple requests

26  for documents that the Plan was obligated to provide under ERISA, including

27  requests for a full and complete copy of the Medical Plan for Patient 394 and other

28  instruments under which the Plan is established or operated, including, but not

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   limited to, the internal policies, guidelines, formulas, procedures, methodologies,

2   and/or schedules upon which payment was calculated.  The sample letters that are

3   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

4   document requests that were made on behalf of Patient 394.

5     (G) Despite these requests, neither United nor the Plan ever provided the

6   requested documents to Plaintiffs.

7     (H) United has not responded to Plaintiffs' submitted appeals.

8     (I) On April 22, April 28, 2011 and June 15, 2011, Plaintiffs called United

9   to inquire about status on pending claims.  United acknowledged receiving medical

10   records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more

11   information was needed in order to process the claims.

12     (J) To date, United continues to refuse to pay the claims for Patient 394 but

13   fails to comply with its obligations under ERISA, including under ERISA Section

14   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

15   letters.

16

17   **Patient 395.** - Defendants Wachovia Financial Services, Inc., and Wachovia

18   Corporation Health and Welfare Plan.

19     (A) Patient 395 is a beneficiary under the Wachovia Corporation Health and

20   Welfare Plan.  On July 13, 2009, Patient 395 had the following medical procedures

21   performed by Plaintiff IMS: Medical Consultation.  For each of the procedures,

22   United authorized Patient 395 to receive these pre-operative tests at Plaintiffs'

23   surgery centers and/or United informed Plaintiffs that no authorization was necessary

24   for Plaintiffs to provide the services to Patient 395.

25     (B) Plaintiffs timely submitted claims for the services they provided to

26   Patient 395.

27     &bull; On March 23, 2010, Plaintiff IMS submitted claims for its professional medical Consultation.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (C)   United has not paid for any of the services provided by Plaintiffs to

2   Patient 395.

3   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

4   the following grounds:

5   • This physician or health care provider is not a network provide, but has
accepted a reduction in charges on this claim through Multiplan

6

7   (E)   On March 23, 2010, Plaintiffs submitted all the medical records for the

8   services provided to Patient 395.  In addition medical records were sent with appeals

9   when the denial reason was lack of and/or incomplete records.

10   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

11   those appeals, Plaintiffs made multiple requests for documents that the Plan was

12   obligated to provide under ERISA, including requests for a full and complete copy of

13   the Medical Plan for Patient 395 and other instruments under which the Plan is

14   established or operated, including, but not limited to, the internal policies, guidelines,

15   formulas, procedures, methodologies, and/or schedules upon which payment was

16   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

17   Complaint sets forth the specific document requests that were made on behalf of

18   Patient 395.

19   (G)   Despite these requests, neither United nor the Plan ever provided the

20   requested documents to Plaintiffs.

21   (H)   United has not responded to Plaintiffs' submitted appeals.

22   (I)   Plaintiffs called United to inquire about status on pending claims for

23   Patient 395 but fails to comply with its obligations under ERISA, including under

24   ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents

25   requested in the appeal letters.

26

27   **Patient 396.** - Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores, Inc.

28   Associates Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

(A)     Patient 396 is a beneficiary under the Wal-Mart Stores, Inc. Associates Health and Welfare Plan.  On May 15, 2013, Patient 396 had the following medical procedures performed by Plaintiffs Orange Grove Ambulatory Surgery Center: Endoscopy.  For each of the procedures, United authorized Patient 396 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 396.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 396.

- On September 19, 2013, Plaintiff IMS submitted claims for its professional Endoscopy.

- On September 19, 2013, Plaintiff Orange Grove Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has not paid for any of the services provided by Plaintiffs to Patient 396.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On September 19, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 396.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 396 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  formulas, procedures, methodologies, and/or schedules upon which payment was

2  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

3  Complaint sets forth the specific document requests that were made on behalf of

4  Patient 396.

5  (G)    Despite these requests, neither United nor the Plan ever provided the

6  requested documents to Plaintiffs.

7  (H)    United has not responded to Plaintiffs' submitted appeals.

8  (I)    On September 2, 2013, Plaintiffs called United to inquire about status on

9  pending claims.  United  informed Plaintiffs that more information was needed in

10  order to process the claims.

11  (J)    To date, United continues to refuse to pay the claims for Patient 396 but

12  fails to comply with its obligations under ERISA, including under ERISA Section

13  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

14  letters.

15

16  **Patient 397.** - Defendants Wells Fargo & Company and Wells Fargo & Co. Health

17  Plan.

18  (A)    Patient 397 is a beneficiary under the Wells Fargo & Co. Health Plan.

19  On March 29, March 30, 2011 and April 30, 2011, Patient 397 had the following

20  medical procedures performed by Valley Surgical Center and Plaintiffs Modern

21  Institute Of Plastic Surgery and IMS: Endoscopy, Ultrasound and Polysomnography.

22  For each of the procedures, United authorized Patient 397 to receive these pre-

23  operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

24  authorization was necessary for Plaintiffs to provide the services to Patient 397.

25  (B)    Plaintiffs timely submitted claims for the services they provided to

26  Patient 397.

27  •    On April 14, 2011, Plaintiff IMS submitted claims for its professional
     Endoscopy, Ultrasound and Polysomnography.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- On May 13, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On July 8, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 397 but has refused to pay for the other services provided to Patient 397.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 14, 2011, May 13, 2011, and September 7, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 397.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 397 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 397.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

1156926.1

(I)     On September 24, 2012, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 397 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 398.** - Defendants We're Ready To Assemble, Inc., (f/k/a/ National Product Services, Inc.) d/b/a/ Impact Resource Group and We're Ready to Assemble dba Impact Resource Group Benefit Plan.

(A)     Patient 398 is a beneficiary under the We're Ready to Assemble dba Impact Resource Group Benefit Plan.  On April 4, 2009, Patient 398 had the following medical procedures performed by Plaintiff IMS: Endoscopy and Ultrasound.  For each of the procedures, United authorized Patient 398 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 398.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 398.

- On April 6, 2009 and May 11, 2009, Plaintiff IMS submitted claims for its professional Endoscopy and Ultrasound.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 398, such as endoscopy anesthesia but has refused to pay for the other services provided to Patient 398.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 6, 2009 and May 11, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 398.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least September 16, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 398 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 398.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On February 15, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.  United's representatives could not tell Plaintiffs what records United was missing.

(J)     To date, United continues to refuse to pay the claims for Patient 398 but fails to comply with its obligations under ERISA, including under ERISA Section

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

2  letters.

3

4  **Patient 399.** - Defendants Westways Staffing Services, Inc., and Westways Staffing

5  Services Health Plan.

6  (A)  Patient 399 is a beneficiary under Westways Staffing Services Health

7  Plan.  On January 8, 2010, Patient 399 had the following medical procedures

8  performed by Plaintiff IMS: Consultation.  For each of the procedures, United

9  authorized Patient 399 to receive these pre-operative tests at Plaintiffs' surgery

10  centers and/or United informed Plaintiffs that no authorization was necessary for

11  Plaintiffs to provide the services to Patient 399.

12  (B)  Plaintiffs timely submitted claims for the services they provided to

13  Patient 399.

14  •  On January 13, 2010 Plaintiff IMS submitted claims for its professional
       Consultation.
15

16  (C)  United has paid for some of the services provided by Plaintiffs to Patient

17  399 but has refused to pay for the other services provided to Patient 399.

18  (D)  United issued Explanations of Benefits ("EOBs") denying the claims on

19  the following grounds:

20  •  "The medical documentation that was submitted with this claim has
       been forwarded for review. We will process this claim when the review
21     has been completed."

22  (E)  On January 13, 2010, Plaintiffs submitted all the medical records for the

23  services provided to Patient 399.  In addition medical records were sent with appeals

24  when the denial reason was lack of and/or incomplete records.

25  (F)  Plaintiffs made multiple requests for documents that the Plan was

26  obligated to provide under ERISA, including requests for a full and complete copy of

27  the Medical Plan for Patient 399 and other instruments under which the Plan is

28  established or operated, including, but not limited to, the internal policies, guidelines,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 399.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On February 5, 2010 and June 10, 2010, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.

(I)     To date, United continues to refuse to pay the claims for Patient 399 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 400.** - Defendants Whirlpool Corporation and Whirlpool Corporation Group Benefit Plan.

(A)     Patient 400 is a beneficiary under the Whirlpool Corporation Group Benefit Plan.  On January 16, 2010, Patient 400 had the following medical procedures performed by Plaintiffs IMS. For each of the procedures, United authorized Patient 400 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 400.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 400.

•     On March 15, 2010, Plaintiff IMS submitted claims for its professional.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 400 but has refused to pay for the other services provided to Patient 400.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On March 15, 2010, Plaintiffs submitted all the medical records for the services provided to Patient 400.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 400 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 400.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On October 7, 2011, United responded to the Provider Plaintiffs' appeals, as follows:

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On December 11, 2013, Plaintiffs called United to inquire about status on pending claims.  United's representatives could not tell Plaintiffs what records United was missing.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 400 but

2  fails to comply with its obligations under ERISA, including under ERISA Section

3  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4  letters.

5

6  **Patient 401.** - Defendants Whole Foods Market California, Inc., and Whole Foods

7  Market, Inc. Cafeteria Plan.

8    (A)    Patient 401 is a beneficiary under the Whole Foods Market, Inc.

9  Cafeteria Plan.  On November 15, 2010, Patient 401 had the following medical

10  procedures performed by Plaintiffs Modern Institute Of Plastic Surgery:

11  Polysomnography.  For each of the procedures, United authorized Patient 401 to

12  receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed

13  Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to

14  Patient 401.

15    (B)    Plaintiffs timely submitted claims for the services they provided to

16  Patient 401.

17  •    On January 3, 2011, Plaintiff IMS submitted claims for its professional
      Polysomnography.

18
19  •    On January 3, 2011 Plaintiffs submitted a claim for its facility services
      in connection with these procedures.

20    (C)    United has paid for some of the services provided by Plaintiffs to Patient

21  401 but has refused to pay for the other services provided to Patient 401.

22    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

23  the following grounds:

24  •    "Unable to process [the claim] at this time. Please refer to our
      correspondence indicating the additional information necessary to
25      complete the processing of your claim."

26  •    "[United] asked provider to send us more information" and that it would
      "process the claim when [it] receive[d] this information." This EOB did
27      not, however, indicate what specific additional information was required
      for processing that had not previously been submitted with the claim.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  • "We cannot pay this claim because we are unable to verify State
2  Licensure of a facility or criteria to support the Provider billing type. Proof of facility licensure or hospital affiliation is required".

3  (E)  On January 3, 2011, Plaintiffs submitted all the medical records for the

4  services provided to Patient 401.  In addition medical records were sent with appeals

5  when the denial reason was lack of and/or incomplete records.

6  (F)  Plaintiffs also appealed the denial of the claims on June 28, 2011.  In

7  connection with those appeals, Plaintiffs made multiple requests for documents that

8  the Plan was obligated to provide under ERISA, including requests for a full and

9  complete copy of the Medical Plan for Patient 401 and other instruments under which

10  the Plan is established or operated, including, but not limited to, the internal policies,

11  guidelines, formulas, procedures, methodologies, and/or schedules upon which

12  payment was calculated.  The sample letters that are attached as Exhibits A and

13  Exhibit B to this Complaint sets forth the specific document requests that were made

14  on behalf of Patient 401.

15  (G)  Despite these requests, neither United nor the Plan ever provided the

16  requested documents to Plaintiffs.

17  (H)  On September 16, 2011, October 31, 2011 and November 21, 2011,

18  United responded to the Provider Plaintiffs' appeals, as follows:

19  • Initially, United provided acknowledgement that appeal was received
20  and United would respond within 30 days.

20  • Subsequently, however, United informed the Plaintiffs that their appeals
21  were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

24  (I)  On February 18, 2011, April 12, and April 14, 2011, Plaintiffs called

25  United to inquire about status on pending claims.  United acknowledged receiving

26  medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that

27  more information was needed in order to process the claims.  United's representatives

28  could not tell Plaintiffs what records United was missing.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    (J)    To date, United continues to refuse to pay the claims for Patient 401 but

2    fails to comply with its obligations under ERISA, including under ERISA Section

3    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

4    letters.

5

6    **Patient 402.** - Defendants Williams-Sonoma Stores, Inc., and Williams-Sonoma, Inc.

7    Health & Welfare Plan.

8    (A)    Patient 402 a beneficiary under the Williams-Sonoma, Inc. Health &

9    Welfare Plan.  On March 15, and March 26, 2011, Patient 402 had the following

10   medical procedures performed by Valley Surgical Center and Plaintiff IMS:

11   Endoscopy, Polysomnography and Anesthesia Services.  For each of the procedures,

12   United authorized Patient 402 to receive these pre-operative tests  at Plaintiffs'

13   surgery centers and/or United informed Plaintiffs that no authorization was necessary

14   for Plaintiffs to provide the services to Patient 402.

15   (B)    Plaintiffs timely submitted claims for the services they provided to

16   Patient 402.

17   • On April 19, 2011 and May 13, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography and Anesthesia Services.

18
19   • On July 8, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

20
21   (C)    United has paid for some of the services provided by Plaintiffs to Patient 402 but has refused to pay for the other services provided to Patient 402.

22
23   (D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

24
25   • "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

26
27   • "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required

28   for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On April 19, 2011, May 13, 2011 and July 8, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 402.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 10, 2011, July 1, 2011, August 26, 2011, October 24, 2011 and June 10, 2013.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 402 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 402.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On June 16, 2011, August 19, 2011, October 3, 2011, November 23, 2011, April 4, 2012, June 16, 2012 and July 1, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On April 12, 2012, August 16, August 21, August 28, 2012 and September 19, 2012, Plaintiffs called United to inquire about status on pending

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    claims.  United acknowledged receiving medical records / provider W-9's from

2    Plaintiffs.  United informed Plaintiffs that more information was needed in order to

3    process the claims.

4         (J)    To date, United continues to refuse to pay the claims for Patient 402 but

5    fails to comply with its obligations under ERISA, including under ERISA Section

6    1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

7    letters.

8

9    **Patient 403.** - Defendants Wipro Limited and Wipro Health and Welfare Plan.

10        (A)    Patient 403 is a beneficiary under the Wipro Health and Welfare Plan.

11   On August 10, 2012, Patient 403 had the following medical procedures performed by

12   Plaintiff IMS: Consultation.  For each of the procedures, United authorized Patient

13   403 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United

14   informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the

15   services to Patient 403.

16        (B)    Plaintiffs timely submitted claims for the services they provided to

17   Patient 403.

18        •    On December 17, 2012, Plaintiff IMS submitted claims for its
             professional Consultation.

19

20        (C)    United has paid for some of the services provided by Plaintiffs to Patient

21   403 but has refused to pay for the other services provided to Patient 403.

22        (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

23   the following grounds:

24        •    "Unable to process [the claim] at this time. Please refer to our
             correspondence indicating the additional information necessary to

25           complete the processing of your claim."

26        •    "[United] asked provider to send us more information" and that it would
             "process the claim when [it] receive[d] this information." This EOB did

27           not, however, indicate what specific additional information was required
             for processing that had not previously been submitted with the claim.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E)     On January 25, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 403.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 403 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 403.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On December 24, 2012 and January 23, 2013, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 403 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**Patient 404. -** Defendants Wolverine World Wide, Inc., and Wolverine Worldwide Flexible Spending Account Plan.

(A)     Patient 404 is a beneficiary under the Wolverine Worldwide Flexible Spending Account Plan.  On January 15, January 26, January 31, 2013, March 1, March 5, 2013, April 10, 2013, June 27, 2013 and August 15, 2013, Patient 404 had

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

the following medical procedures performed by Plaintiffs East Bay Ambulatory Surgery Center and IMS: Consultation, Endoscopy, Ultrasound, Polysomnography, CPAP Titration, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 404 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 404.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 404.

- On February 14, February 24, 2013, March 7, March 19, 2013, May 17, May 28, 2013, June 27, 2013, August 24, 2013 and August 30, 2013 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, CPAP Titration, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On February 13, 2013, and May 28, 2013 Plaintiff East Bay Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 404 but has refused to pay for the other services provided to Patient 404.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(E)     On September 19, 2013, Plaintiffs submitted all the medical records for the services provided to Patient 404.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on September 22, 2013. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  complete copy of the Medical Plan for Patient 404 and other instruments under which

2  the Plan is established or operated, including, but not limited to, the internal policies,

3  guidelines, formulas, procedures, methodologies, and/or schedules upon which

4  payment was calculated.  The sample letters that are attached as Exhibits A and

5  Exhibit B to this Complaint sets forth the specific document requests that were made

6  on behalf of Patient 404.

7        (G)    Despite these requests, neither United nor the Plan ever provided the

8  requested documents to Plaintiffs.

9        (H)    United has not responded to Plaintiffs' submitted appeals.

10        (I)    On September 10, 2013, Plaintiffs called United to inquire about status

11  on pending claims.  United  informed Plaintiffs that more information was needed in

12  order to process the claims.

13        (J)    To date, United continues to refuse to pay the claims for Patient 404 but

14  fails to comply with its obligations under ERISA, including under ERISA Section

15  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

16  letters.

17

18  **Patient 405.** - Defendants World Travel Holdings, Inc., and World Travel Holdings,

19  Inc. Flexible Benefit Plan.

20        (A)    Patient 405 is a beneficiary under the World Travel Holdings, Inc.

21  Flexible Benefit Plan.  On March 5, 2011, Patient 405 had the following medical

22  procedures performed by Valley Surgical Center and Plaintiffs Modern Institute Of

23  Plastic Surgery and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic

24  Gastric Banding, Echocardiography and Anesthesia Services.  For each of the

25  procedures, United authorized Patient 405 to receive these pre-operative tests at

26  Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

27  necessary for Plaintiffs to provide the services to Patient 405.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    (B)    Plaintiffs timely submitted claims for the services they provided to

2  Patient 405.

- On November 15, 2011, August 2, 2011 and July 14, 2011 Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Echocardiography and Anesthesia Services.

- On July 12, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On May 13, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

- On August 11, 2011, Plaintiffs submitted a claim for its facility services in connection with these procedures.

10    (C)    United has paid for some of the services provided by Plaintiffs to Patient

11  405 but has refused to pay for the other services provided to Patient 405.

12    (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

13  the following grounds:

- "[Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

21    (E)    On November 11, 2011 and July 12, 2011, Plaintiffs submitted all the

22  medical records for the services provided to Patient 405.  In addition medical records

23  were sent with appeals when the denial reason was lack of and/or incomplete records.

24    (F)    Plaintiffs also appealed the denial of the claims on May 20, 2011, June

25  21, June 22, 2011, July 5, 2011, August 22, 2011, September 7, 2011, November 1,

26  2011 and January 5, 2012.  In connection with those appeals, Plaintiffs made multiple

27  requests for documents that the Plan was obligated to provide under ERISA,

28  including requests for a full and complete copy of the Medical Plan for Patient 405

1  and other instruments under which the Plan is established or operated, including, but

2  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

3  and/or schedules upon which payment was calculated.  The sample letters that are

4  attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

5  document requests that were made on behalf of Patient 405.

6      (G)    Despite these requests, neither United nor the Plan ever provided the

7  requested documents to Plaintiffs.

8      (H)    On June 6, 2011, United responded to the Provider Plaintiffs' appeals, as

9  follows:

10      • Initially, United provided acknowledgement that appeal was received
          and United would respond within 30 days.

11
12      • Subsequently, however, United informed the Plaintiffs that their appeals
          were denied due to a lack of patient authorization. This was even though
13        Plaintiffs had previously demonstrated that they held a valid assignment
          of benefits from the patient that authorized Plaintiffs to make appeals on
14        behalf of the patient.

15      (I)    On August 2, 2011 and May 10, 2012, Plaintiffs called United to inquire

16  about status on pending claims.  United acknowledged receiving medical records /

17  provider W-9's from Plaintiffs.  United informed Plaintiffs that more information

18  was needed in order to process the claims.  United's representatives could not tell

19  Plaintiffs what records United was missing.

20      (J)    To date, United continues to refuse to pay the claims for Patient 405 but

21  fails to comply with its obligations under ERISA, including under ERISA Section

22  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

23  letters.

24

25  **Patient 406. -** Defendants WorleyParsons Corporation and Group Benefits Plan for

26  Employees of WorleyParsons Corporation.

27      (A)    Patient 406 is a beneficiary under the Group Benefits Plan for

28  Employees of WorleyParsons Corporation.  On January 4, 2011, Patient 406 had the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

719
APPENDIX "A"

1  following medical procedures performed by Plaintiff IMS: New Comprehensive.  For

2  each of the procedures, United authorized Patient 406 to receive these pre-operative

3  tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no

4  authorization was necessary for Plaintiffs to provide the services to Patient 406.

5      (B)     Plaintiffs timely submitted claims for the services they provided to

6  Patient 406.

7      •     On January 7, 2011 Plaintiff IMS submitted claims for its professional
          Consultation.

8

9      (C)     United has not paid for any of the services provided by Plaintiffs to

10  Patient 406.

11     (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

12  the following grounds:

13     •     "Unable to process [the claim] at this time. Please refer to our
          correspondence indicating the additional information necessary to

14        complete the processing of your claim."

15     •     "[United] asked provider to send us more information" and that it would
          "process the claim when [it] receive[d] this information." This EOB did

16        not, however, indicate what specific additional information was required
          for processing that had not previously been submitted with the claim.

17

18     •     "The medical documentation that was submitted with this claim has
          been forwarded for review. We will process this claim when the review

19        has been completed."

20     (E)     On January 7, 2011, Plaintiffs submitted all the medical records for the

21  services provided to Patient 406.  In addition medical records were sent with appeals

22  when the denial reason was lack of and/or incomplete records.

23     (F)     Plaintiffs also appealed the denial of the claims on August 10, 2011 and

24  September 14, 2011.  In connection with those appeals, Plaintiffs made multiple

25  requests for documents that the Plan was obligated to provide under ERISA,

26  including requests for a full and complete copy of the Medical Plan for Patient 406

27  and other instruments under which the Plan is established or operated, including, but

28  not limited to, the internal policies, guidelines, formulas, procedures, methodologies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   and/or schedules upon which payment was calculated.  The sample letters that are

2   attached as Exhibits A and Exhibit B to this Complaint sets forth the specific

3   document requests that were made on behalf of Patient 406.

4   (G)   Despite these requests, neither United nor the Plan ever provided the

5   requested documents to Plaintiffs.

6   (H)   On June 14, 2011 and October 4, 2011, United responded to the

7   Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization. This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

13   (I)   On May 24, 2011, August 21, 2012 and October 9, 2012, Plaintiffs

14   called United to inquire about status on pending claims.  United acknowledged

15   receiving medical records / provider W-9's from Plaintiffs.  United informed

16   Plaintiffs that more information was needed in order to process the claims.

17   (J)   To date, United continues to refuse to pay the claims for Patient 406 but

18   fails to comply with its obligations under ERISA, including under ERISA Section

19   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

20   letters.

21

22   **Patient 407.** - Defendants WSA Group, Inc., and WSA Group plan.

23   (A)   Patient 407 is a beneficiary under the WSA Group plan.  On June 28,

24   2009, Patient 407 had the following medical procedures performed by Plaintiff IMS:

25   Endoscopy and Anesthesia Services.  For each of the procedures, United authorized

26   Patient 407 to receive these pre-operative tests at Plaintiffs' surgery centers and/or

27   United informed Plaintiffs that no authorization was necessary for Plaintiffs to

28   provide the services to Patient 407.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

721

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 407.

- On July 13, 2009, Plaintiff IMS submitted claims for its professional Endoscopy and Anesthesia Services.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 407 but has refused to pay for the other services provided to Patient 407.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On July 13, 2009, Plaintiffs submitted all the medical records for the services provided to Patient 407.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on at least July 8, 2011 and September 15, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 407 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 407.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   (G)   Despite these requests, neither United nor the Plan ever provided the

2   requested documents to Plaintiffs.

3   (H)   On September 27, 2011, United responded to the Provider Plaintiffs'

4   appeals, as follows:

5   • Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

6

7   (I)   On May 4, 2011 and May 31, 2011, Plaintiffs called United to inquire

8   about status on pending claims.

9   (J)   To date, United continues to refuse to pay the claims for Patient 407 but

10   fails to comply with its obligations under ERISA, including under ERISA Section

11   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

12   letters.

13

14   **Patient 408.** - Defendants Wynright Corporation and Wynright Welfare Benefit Plan.

15   (A)   Patient 408 is a beneficiary under the Wynright Welfare Benefit Plan.

16   On May 29, 2012, Patient 408 had the following medical procedures performed by

17   Plaintiff IMS: Laparoscopic Gastric Band Adjustment.  For each of the procedures,

18   United authorized Patient 408 to receive these pre-operative tests at Plaintiffs'

19   surgery centers and/or United informed Plaintiffs that no authorization was necessary

20   for Plaintiffs to provide the services to Patient 408.

21   (B)   Plaintiffs timely submitted claims for the services they provided to

22   Patient 408.

23   • On August 13, 2012, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

24

25   (C)   United has paid for some of the services provided by Plaintiffs to Patient

26   408 but has refused to pay for the other services provided to Patient 408.

27   (D)   United issued Explanations of Benefits ("EOBs") denying the claims on

28   the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1

2

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

3

4

5

(E)   On October 24, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 408.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

6

7

8

9

10

11

12

13

14

(F)   Plaintiffs also appealed the denial of the claims.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 408 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 408.

15

16

(G)   Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

17

18

(H)   On August 8, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

19

20

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

21

22

23

(I)   On September 5, 2012, Plaintiffs called United to inquire about status on pending claims.  United  informed Plaintiffs that more information was needed in order to process the claims.

24

25

26

27

(J)   To date, United continues to refuse to pay the claims for Patient 408 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

28

1  **Patient 409.** - Defendants Xeta Technologies, Inc., and Xeta Technologies, Inc.

2  Welfare Benefit Plan.

3      (A)    Patient 409 is a beneficiary under the Xeta Technologies, Inc. Welfare

4  Benefit Plan.  On March 6, 2009, Patient 409 had the following medical procedures

5  performed by Plaintiff IMS: Ultrasound.  For each of the procedures, United

6  authorized Patient 409 to receive these pre-operative tests at Plaintiffs' surgery

7  centers and/or United informed Plaintiffs that no authorization was necessary for

8  Plaintiffs to provide the services to Patient 409.

9      (B)    Plaintiffs timely submitted claims for the services they provided to

10  Patient 409.

11      •    On May 27, 2009, Plaintiff IMS submitted claims for its professional
            Ultrasound.

12

13      (C)    United has paid for some of the services provided by Plaintiffs to Patient

14  409 but has refused to pay for the other services provided to Patient 409.

15      (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

16  the following grounds:

17      •    Based on our review, we have determined that we processed this claim
            accurately

18

19      (E)    On May 27, 2009, Plaintiffs submitted all the medical records for the

20  services provided to Patient 409.  In addition medical records were sent with appeals

21  when the denial reason was lack of and/or incomplete records.

22      (F)    Plaintiffs also appealed the denial of the claims.  In connection with

23  those appeals, Plaintiffs made multiple requests for documents that the Plan was

24  obligated to provide under ERISA, including requests for a full and complete copy of

25  the Medical Plan for Patient 409 and other instruments under which the Plan is

26  established or operated, including, but not limited to, the internal policies, guidelines,

27  formulas, procedures, methodologies, and/or schedules upon which payment was

28  calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Complaint sets forth the specific document requests that were made on behalf of

2   Patient 409.

3         (G)     Despite these requests, neither United nor the Plan ever provided the

4   requested documents to Plaintiffs.

5         (H)     United has not responded to Plaintiffs' submitted appeals.

6         (I)     Plaintiffs called United to inquire about status on pending claims.

7         (J)     To date, United continues to refuse to pay the claims for Patient 409 but

8   fails to comply with its obligations under ERISA, including under ERISA Section

9   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

10   letters.

11

12   **Patient 410. -** Defendants Yum! Brands, Inc., and Yum! Brands, Inc. Restaurant

13   Employees Group Insurance Plan.

14         (A)     Patient 410 is a beneficiary under the Yum! Brands, Inc. Restaurant

15   Employees Group Insurance Plan.  On January 13, 2011, Patient 410 had the

16   following medical procedures performed by Plaintiff IMS: Consultation.  For each of

17   the procedures, United authorized Patient 410 to receive these pre-operative tests at

18   Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was

19   necessary for Plaintiffs to provide the services to Patient 410.

20         (B)     Plaintiffs timely submitted claims for the services they provided to

21   Patient 410.

22         •       On January 27, 2011, Plaintiff IMS submitted claims for its professional
            Consultation.

23

24         (C)     United has not paid for any of the services provided by Plaintiffs to

25   Patient 410.

26         (D)     United issued Explanations of Benefits ("EOBs") denying the claims on

27   the following grounds:

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1

- "We need a copy of the Medicare Summary Notice before your claim will be processed."

2

3   (E)   On January 27, 2011, Plaintiffs submitted all the medical records for the

4   services provided to Patient 410.  In addition medical records were sent with appeals

5   when the denial reason was lack of and/or incomplete records.

6   (F)   Plaintiffs also appealed the denial of the claims.  In connection with

7   those appeals, Plaintiffs made multiple requests for documents that the Plan was

8   obligated to provide under ERISA, including requests for a full and complete copy of

9   the Medical Plan for Patient 410 and other instruments under which the Plan is

10   established or operated, including, but not limited to, the internal policies, guidelines,

11   formulas, procedures, methodologies, and/or schedules upon which payment was

12   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

13   Complaint sets forth the specific document requests that were made on behalf of

14   Patient 410.

15   (G)   Despite these requests, neither United nor the Plan ever provided the

16   requested documents to Plaintiffs.

17   (H)   United has not responded to Plaintiffs' submitted appeals.

18   (I)   On December 2, 2013, Plaintiffs called United to inquire about status on

19   pending claims.  United  informed Plaintiffs that more information was needed in

20   order to process the claims.

21   (J)   To date, United continues to refuse to pay the claims for Patient 410 but

22   fails to comply with its obligations under ERISA, including under ERISA Section

23   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

24   letters.

25

26   **Patient 411.** - Defendants Zale Corporation and Zale Corporation Benefits Plan.

27   (A)   Patient 411 is a beneficiary under the Zale Corporation Benefits Plan.

28   On February 21, 2012, Patient 411 had the following medical procedures performed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   by Plaintiff IMS: Medical Consultation. For each of the procedures, United

2   authorized Patient 411 to receive these pre-operative tests at Plaintiffs' surgery

3   centers and/or United informed Plaintiffs that no authorization was necessary for

4   Plaintiffs to provide the services to Patient 411.

5       (B)    Plaintiffs timely submitted claims for the services they provided to

6   Patient 411.

7       &bull;    On February 24, 2013, Plaintiff IMS submitted claims for its professional.

8

9       (C)    United has not paid for any of the services provided by Plaintiffs to

Patient 411.

10       (D)    United issued Explanations of Benefits ("EOBs") denying the claims on

11   the following grounds:

12       &bull;    Payment of benefits has been made in accordance with the terms of the managed care system.

13

14       (E)    On February 24, 2013, Plaintiffs submitted all the medical records for

15   the services provided to Patient 411.  In addition medical records were sent with

16   appeals when the denial reason was lack of and/or incomplete records.

17       (F)    Plaintiffs also appealed the denial of the claims.  In connection with

18   those appeals, Plaintiffs made multiple requests for documents that the Plan was

19   obligated to provide under ERISA, including requests for a full and complete copy of

20   the Medical Plan for Patient 411 and other instruments under which the Plan is

21   established or operated, including, but not limited to, the internal policies, guidelines,

22   formulas, procedures, methodologies, and/or schedules upon which payment was

23   calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this

24   Complaint sets forth the specific document requests that were made on behalf of

25   Patient 411.

26       (G)    Despite these requests, neither United nor the Plan ever provided the

27   requested documents to Plaintiffs.

28       (H)    United has not responded to Plaintiffs' submitted appeals.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1       (I)      Plaintiffs called United to inquire about status on pending claims.

2       (J)      To date, United continues to refuse to pay the claims for Patient 411 but

3  fails to comply with its obligations under ERISA, including under ERISA Section

4  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

5  letters.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

729

APPENDIX "A"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Manuel L. Real _____ and the assigned Magistrate Judge is _____ Victor B. Kenton _____ .

The case number on all documents filed with the Court should read as follows:

## CV14-2139-R(VBKx)

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

Clerk, U. S. District Court

March 20, 2014
_____
Date

By   C. Sawyer
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC; <br><br> (SEE ATTACHMENT ' <br><br> _Plaintiff(s)_ <br> v. <br><br> UNITEDHEALTH GROUP, INC.; <br> UNITED HEALTHCARE SERVICES, INC.; <br> UNITEDHEALTHCARE INSURANCE COMPANY; <br> OPTUMINSIGHT, INC.;   SEE ATTACHMENT <br> _Defendant(s)_ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CV14-2139 R VBKx

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

SEE ATTACHMENT "B" – ADDITIONAL DEFENDANTS

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

DARON L. TOOCH (State Bar No. 137269)
ERIC D. CHAN (State Bar No. 253082)
HOOPER, LUNDY & BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111 -- Facsimile: (310) 551-8181

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

CHRIS SAWYER

Date: 3-20-14

Signature of Clerk or Deputy Clerk

1149



American LegalNet, Inc.
www.FormsWorkFlow.com



1  DARON L. TOOCH (State Bar No. 137269)
   ERIC D. CHAN (State Bar No. 253082)
2  **HOOPER, LUNDY & BOOKMAN, P.C.**
3  1875 Century Park East, Suite 1600
   Los Angeles, CA 90067-2517
4  Telephone: (310) 551-8111
   Facsimile: (310) 551-8181
5  E-Mail:  dtooch@health-law.com
   E-Mail:  echan@health-law.com
6
7  Attorneys for Plaintiffs
8



9           **UNITED STATES DISTRICT COURT**
10  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
11
12  ALMONT AMBULATORY            CASE NO.:
    SURGERY CENTER, LLC, a
13  California limited liability company;   **COMPLAINT FOR:**
    BAKERSFIELD SURGERY
14  INSTITUTE, LLC, a California limited
    liability company; CIRO SURGERY    (1)  **ENFORCEMENT UNDER 29**
15  CENTER, LLC, a California limited        **U.S.C. § 1132 (a)(1)(B) FOR**
    liability company; EAST BAY             **ERISA PLAN BENEFITS**
16  AMBULATORY SURGERY            (2)  **ENFORCEMENT UNDER 29**
17  CENTER, LLC, a California limited        **U.S.C. § 1132(a)(2) FOR**
    liability company; MODERN               **BREACH OF FIDUCIARY**
18  INSTITUTE OF PLASTIC SURGERY           **DUTY**
19  & ANTIAGING, INC., a California    (3)  **ENFORCEMENT UNDER 29**
    corporation; NEW LIFE SURGERY          **U.S.C. § 1132 (a)(3) FOR**
20  CENTER, LLC, a California limited        **INJUNCTIVE, EQUITABLE**
21  liability company dba BEVERLY           **RELIEF, INCLUDING FULL**
    HILLS SURGERY CENTER;                   **AND FAIR REVIEW OF**
22  ORANGE GROVE SURGERY                   **CLAIMS**
23  CENTER, LLC, a California limited   (4)  **ESTOPPEL UNDER 29 U.S.C.**
    liability company; PALMDALE             **§ 1132 (a)(3)**
24  SURGERY CENTER, LLC, a           (5)  **PLAN REFORMATION**
    California limited liability company;    **UNDER 29 U.S.C. § 1132 (a)(3)**
25  SAN DIEGO AMBULATORY            (6)  **SURCHARGE UNDER 29**
26  SURGERY CENTER, LLC, a                  **U.S.C. § 1132 (a)(3)**
    California limited liability company;
27  SAN JOAQUIN VALLEY SURGERY
28

CV14-2139 R VBK x

1156926.1

_____
COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

| | |
|---|---|
| 1 | CENTER, LLC, a California limited |
| 2 | liability company; SKIN CANCER & RECONSTRUCTIVE SURGERY |
| 3 | SPECIALISTS OF BEVERLY HILLS, INC., a California corporation; |
| 4 | VALENCIA AMBULATORY SURGERY CENTER, LLC, a |
| 5 | California limited liability company; |
| 6 | WEST HILLS SURGERY CENTER, LLC, a California limited liability |
| 7 | company; INDEPENDENT MEDICAL |
| 8 | SERVICES, INC., a California corporation, |
| 9 | |
| 10 | Plaintiffs, |
| | vs. |
| 11 | |
| 12 | UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, |
| 13 | INC.; UNITEDHEALTHCARE INSURANCE COMPANY; |
| 14 | OPTUMINSIGHT, INC.; AARP, a District of Columbia corporation; |
| 15 | AARP EMPLOYEES WELFARE PLAN; ACCENTURE, LLP, a |
| 16 | Delaware limited liability partnership; |
| 17 | ACCENTURE UNITED STATES BENEFIT TRUST; ACCOR NORTH |
| 18 | AMERICA, INC., a Delaware |
| 19 | corporation; ACCOR NORTH AMERICA, INC. GROUP |
| 20 | INSURANCE PLAN; ACTAVIS, INC., a Delaware corporation; ACTAVIS |
| 21 | HEALTH AND WELFARE PLAN; |
| 22 | ACUSHNET COMPANY, a Delaware corporation; ACUSHNET COMPANY |
| 23 | CONSOLIDATED HEALTH AND WELFARE PLAN; ADP |
| 24 | TOTALSOURCE, INC., a Florida corporation; ADP TOTALSOURCE, |
| 25 | INC. HEALTH AND WELFARE PLAN; AEGIS MEDIA AMERICAS, |
| 26 | INC., a Delaware corporation; AEGIS |
| 27 | MEDIA NORTH AMERICA |
| 28 | |

(7) **PRODUCTION OF DOCUMENTS UNDER 29 U.S.C. §§ 1024(B) AND 1133(2), AND FOR STATUTORY PAYMENTS; AND FOR STATUTORY PAYMENTS AND INJUNCTIVE RELIEF UNDER 29 U.S.C. § 1132(c)(1)**

(8) **FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200** *et seq.*

(9) **BREACH OF IMPLIED-IN-FACT CONTRACT – AUTHORIZED SERVICES/NO AUTHORIZATION NEEDED SERVICES**

(10) **BREACH OF IMPLIED-IN-FACT CONTRACT – AUTHORIZED SERVICES/NO AUTHORIZATION NEEDED SERVICES – COVENANT OF GOOD FAITH AND FAIR DEALING**

(11) **ESTOPPEL**

(12) **RECOVERY FOR SERVICES RENDERED**

(13) **DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

1  WELFARE BENEFIT PLAN; AEGON
2  USA, LLC, an Iowa limited liability
   company; AEGON COMPANIES
3  FLEXIBLE BENEFITS PLAN; AERA
   ENERGY SERVICES COMPANY, a
4  Delaware corporation; AERA
5  ENERGY SERVICES COMPANY
   MEDICAL BENEFITS PLAN; AIR
6  LIQUIDE USA, LLC, a Delaware
   limited liability company; AIR
7  LIQUIDE USA LLC GROUP
8  BENEFITS PLAN; AKZO NOBEL,
   INC., a Delaware corporation; AKZO
9  NOBEL, INC. SALARIED
10 EMPLOYEES GROUP BENEFITS
   PROGRAM; ALCON
11 LABORATORIES, INC., a Delaware
   corporation; ALCON
12 LABORATORIES INC.
13 VOLUNTARY EMPLOYEES
   BENEFICIARY ASSOCIATION
14 TRUST; ALEXANDER GALLO
   HOLDINGS, LLC, a Georgia limited
15 liability company; ALEXANDER
16 GALLO HOLDINGS, LLC WELFARE
   BENEFIT PLAN; ALL AMERICAN
17 CONTAINERS, INC., a Florida
18 corporation; ALL AMERICAN
   CONTAINERS, INC. WELFARE
19 BENEFIT PLAN; ALLSTATE
20 INSURANCE COMPANY, an Illinois
   corporation; ALLSTATE CAFETERIA
21 PLAN; ALPHA MECHANICAL, INC.,
22 a California corporation; ALPHA
   MECHANICAL HEATING & AIR
23 CONDITIONING, INC. HEALTH
   INSURANCE PLAN; ALTA
24 RESOURCES CORP., a Wisconsin
25 corporation; ALTA RESOURCES
   CORP. PLAN; ALTEC INDUSTRIES,
26 INC., an Alabama corporation; ALTEC
   INDUSTRIES INC. FLEXIBLE
27 BENEFITS PLAN; ALTEGRITY,
28 INC., a Delaware corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  ALTEGRITY, INC. HEALTH &
2  WELFARE PLAN; ALTURA CREDIT
   UNION, a California corporation;
3  ALTURA CREDIT UNION
   EMPLOYEE WELFARE BENEFIT
4  PLAN; AMERICAN AIRLINES, INC.,
5  a Delaware corporation; GROUP LIFE
   AND HEALTH BENEFITS PLAN
6  FOR EMPLOYEES OF
   PARTICIPATING AMR
7  CORPORATION SUBSIDIARIES;
8  AMERICAN BUILDING SUPPLY,
   INC., a California corporation;
9  AMERICAN BUILDING SUPPLY,
   INC. EMPLOYEE BENEFIT PLAN;
10 AMERICAN FINANCIAL GROUP,
11 INC., a California corporation;
   AMERICAN FINANCIAL GROUP,
12 INC. GROUP WELFARE BENEFIT
13 PLAN; AMERICAN
   INTERNATIONAL GROUP, INC., a
14 California corporation; AMERICAN
   INTERNATIONAL GROUP, INC.
15 MEDICAL PLAN; ANHEUSER-
16 BUSCH COMPANIES, LLC, a
   Delaware limited liability company;
17 ANHEUSER-BUSCH EMPLOYEES
18 BENEFIT TRUST; ANIXTER, INC., a
   Delaware corporation; ANIXTER, INC.
19 GROUP INSURANCE; ANN, INC., a
20 Delaware corporation; ANN, INC.
   WELFARE BENEFITS PLAN;
21 ANSCHUTZ ENTERTAINMENT
22 GROUP, INC., a Colorado corporation;
   AEG EMPLOYEE HEALTH &
23 WELFARE PLAN; APARTMENT
   MANAGEMENT CONSULTANTS,
24 LLC, a Utah limited liability company;
25 APARTMENT MANAGEMENT
   CONSULTANTS BENEFITS PLAN;
26 APL LIMITED, a Delaware
   corporation; WELFARE PLAN FOR
27 EMPLOYEES OF APL LIMITED;
28 APOLLO HEALTH STREET, INC., a

4

COMPLAINT

Delaware corporation; APOLLO HEALTH STREET WELFARE BENEFIT PLAN; APPLE, INC., a California corporation; APPLE, INC. HEALTH AND WELFARE BENEFIT PLAN; APPLE AMERICAN GROUP, LLC, a Delaware limited liability company; APPLE AMERICAN GROUP, LLC SECTION 125 PLAN; APTCO, LLC, a California limited liability company; APTCO, LLC; ARCH ALUMINUM & GLASS CO., INC., a Florida corporation; ARCH ALUMINUM & GLASS CO., INC. EMPLOYEE WELFARE BENEFITS PLAN; ARDENT SERVICES, LLC, a Louisiana limited liability company; ARDENT SERVICES, LLC MEDICAL PLAN; AT&T CORP., a New York corporation; AT&T UMBRELLA BENEFIT PLAN; AT&T MOBILITY, LLC, a Delaware limited liability company; CINGULAR WIRELESS MEDICAL PLUS PLAN; ATI SYSTEMS INTERNATIONAL, INC., a California corporation; ATI SYSTEMS - A GARDA COMPANY GROUP HEALTH PLAN; AUCTION.COM, LLC, a Delaware limited liability company; AUCTION.COM EMPLOYEE BENEFIT PLAN; AUTOMATIC DATA PROCESSING, INC., a Nevada corporation; AUTOMATIC DATA PROCESSING, INC. FLEX 2000 PLAN; AVERY DENNISON CORPORATION, a Delaware corporation; AVERY DENNISON CORPORATION HEALTH AND WELFARE PLAN; AVON PRODUCTS, INC., a New York corporation; AVON PRODUCTS INC. MEDICAL PLAN FOR ACTIVE EMPLOYEES; BAKER HUGHES

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA, 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   INCORPORATED, a Delaware
2   corporation; BAKER HUGHES
3   INCORPORATED WELFARE
    BENEFITS PLAN; BARNES &
    NOBLE, INC., a Delaware corporation;
4   BARNES & NOBLE, INC.
5   COMPREHENSIVE MEDICAL AND
6   DENTAL PLAN; BAUSCH & LOMB
    INCORPORATED, a New York
7   corporation; BAUSCH & LOMB
    COMPREHENSIVE MEDICAL
8   PLAN; BAYSIDE MANAGEMENT
9   COMPANY, LLC, a California limited
    liability company; BAYSIDE
10  MANAGEMENT COMPANY LLC
    EMPLOYEE BENEFIT PLAN; BBA
11  AVIATION USA, INC., a Delaware
12  corporation; BBA AVIATION
    BENEFIT PLAN; BECTON,
13  DICKINSON AND COMPANY, a
    New Jersey corporation; BECTON,
14  DICKINSON AND COMPANY
15  GROUP LIFE AND HEALTH PLAN;
    BELMONT VILLAGE, LP, a Delaware
16  limited partnership; BELMONT
    VILLAGE LP HEALTHCARE
17  BENEFITS PLAN; BENNETT
18  INTERNATIONAL GROUP, LLC, a
    Georgia limited liability company;
19  BENNETT MOTOR EXPRESS
20  MANAGEMENT EMPLOYEE
    BENEFIT PLAN; BERRY
21  PETROLEUM COMPANY, a
22  Delaware corporation; BERRY
    PETROLEUM COMPANY
23  COMPREHENSIVE HEALTH AND
    WELFARE BENEFIT PLAN; BEST
24  BUY CO., INC., a Minnesota
25  corporation; BEST BUY FLEXIBLE
    BENEFITS PLAN; BEST MEDICAL
26  INTERNATIONAL, INC., a Virginia
    corporation; BEST MEDICAL
27  INTERNATIONAL BENEFIT PLAN;
28  BIOMED REALTY, LP, a Maryland

1156926.1

limited partnership; BIOMED REALTY, LP WELFARE BENEFITS PLAN; BLACK BOX NETWORK SERVICES, INC., a California corporation; BLACK BOX NETWORK SERVICES GROUP MEDICAL PLAN; BMS ENTERPRISES, INC., a California corporation; BMS ENTERPRISES, INC., EMPLOYEE INJURY BENEFIT PLAN; BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; BMW OF NORTH AMERICA LLC HEALTH AND WELFARE PLANS; BNSF RAILWAY COMPANY, a Delaware corporation; BNSF RAILWAY COMPANY FLEXIBLE BENEFIT PLAN; BOAT AMERICA CORPORATION, a Virginia corporation; BOAT U.S. HEALTH PLAN; BOSTON MARKET CORPORATION, a Delaware corporation; BOSTON MARKET CORPORATION HEALTH AND WELFARE PLAN; BRADY CORPORATION, a Wisconsin corporation; W.H. BRADY CO. INSURED BENEFITS PLAN; BRIGHTHOUSE, INC., a Delaware corporation; ADVANCE/NEWHOUSE PARTNERSHIP HEALTH BENEFITS PLAN; BRINKER SERVICES CORPORATION, a Florida corporation; BRINKER INTERNATIONAL, INC. WELFARE BENEFIT PLAN; BRINK'S INCORPORATED, a Delaware corporation; THE BRINKS COMPANY COMPREHENSIVE HEALTH AND WELFARE PLAN; BUCA RESTAURANTS 2, INC., a Minnesota corporation; BUCA INC. HEALTH CARE BENEFIT PLAN; BUILDING MATERIALS

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

CORPORATION OF AMERICA, a
Delaware corporation; GAF
MATERIALS CORPORATION
WELFARE BENEFIT PLAN; BUPA
WORLDWIDE CORPORATION, a
Florida corporation; BUPA
WORLDWIDE CORPORATION
HEALTH & BENEFITS PLAN;
BWAY CORPORATION, a Delaware
corporation; BWAY CORPORATION
COMPREHENSIVE MEDICAL
PLAN; CALIBER HOME LOANS,
INC., a Delaware corporation, F/K/A
VERICREST FINANCIAL, INC.;
VERICREST FINANCIAL, INC.
WELFARE AND BENEFITS PLAN;
CALIFORNIA CHARTER SCHOOLS
ASSOCIATION, a California
corporation; CCSA EMPLOYEE
BENEFIT WELFARE TRUST C/O
BRMS; CALIFORNIA
HEALTHCARE INDUSTRY
PROGRAM, a California corporation;
CALIFORNIA HEALTHCARE
INDUSTRY TRUST; CBEYOND
COMMUNICATIONS, LLC, a
Delaware limited liability company;
CBEYOND COMMUNICATIONS
HEALTH AND WELFARE PLAN;
CBIZ MHM, LLC, a Delaware limited
liability company; CBIZ INC. GROUP
HEALTH AND WELFARE PLAN;
CBS CORPORATION, a Delaware
corporation; CBS HEALTH AND
WELFARE BENEFITS PLAN; CEC
ENTERTAINMENT CONCEPTS, LP,
a Texas limited partnership; CEC
ENTERTAINMENT WELFARE
BENEFIT PLAN; CENTRAL
PARKING SYSTEM, a Tennessee
corporation; CENTRAL PARKING
SYSTEM HEALTH AND WELFARE
PLAN; CENTRIC GROUP, LLC, a
Delaware limited liability company;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 · FAX: (310) 551-8181

8
COMPLAINT

CENTRIC GROUP HOSPITAL PLAN;
CGX ENERGY, LLC, a North Carolina
limited liability company, F/K/A
COGENTRIX ENERGY, LLC;
COGENTRIX ENERGY, LLC GROUP
INSURANCE PLAN; C.H.
ROBINSON COMPANY, INC., a
Minnesota corporation; CH
ROBINSON COMPANY GROUP
HEALTH MAJOR MEDICAL PLAN;
CHARLOTTE RUSSE, INC., a
California corporation; CHARLOTTE
RUSSE HOLDING, INC. WELFARE
BENEFIT PLAN; CHARMING
SHOPPES, INC., a Pennsylvania
corporation; CHARMING SHOPPES,
INC. MEDICAL PLAN; CHEVRON
CORPORATION, a Delaware
corporation; CHEVRON
CORPORATION OMNIBUS
HEALTH CARE PLAN; CHILD
DEVELOPMENT INCORPORATED,
a California corporation; CDI GROUP
WELFARE PLAN; CITIGROUP
MANAGEMENT CORP., a Delaware
corporation; CITIGROUP HEALTH
BENEFIT PLAN; CLASSIC PARTY
RENTALS, INC., a California
corporation; CLASSIC PARTY
RENTALS HEALTH & WELFARE
PLAN; CNA FINANCIAL
CORPORATION, a Delaware
corporation; CNA FINANCIAL
CORPORATION HEALTH AND
GROUP BENEFITS PROGRAM;
COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION, a
Delaware corporation; COGNIZANT
HEALTH & WELFARE BENEFIT
PLAN; COLONIAL BANCGROUP,
INC., a Delaware corporation;
COLONIAL BANCGROUP
CAFETERIA PLAN; COMFORT
SYSTEMS USA, INC., a Delaware

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

1156926.1

corporation; COMFORT SYSTEMS USA HEALTH & WELFARE PLAN; COMMSCOPE, INC. OF NORTH CAROLINA, a North Carolina corporation; COMMSCOPE WELFARE BENEFIT PLAN; COMMUNITY DEVELOPMENT INSTITUTE HEAD START, a Colorado corporation; COMMUNITY DEVELOPMENT INSTITUTE GROUP MEDICAL, DENTAL & LIFE INSURANCE FOR EMPLOYEES; CONESYS, INC., a California corporation; CONESYS EMPLOYEE BENEFIT PLAN; CONMED CORPORATION, a New York corporation; CONMED CORPORATION HEALTHCARE PLAN; CONSTRUCTION TEAMSTERS SECURITY FUND FOR SOUTHERN CALIFORNIA; CORT BUSINESS SERVICES CORPORATION, a Delaware corporation; CORT BUSINESS SERVICES CORPORATION GROUP INSURANCE PLAN; COVIDIEN, LP, a Delaware limited partnership; COVIDIEN HEALTH & WELFARE BENEFITS PLAN; CREDIT AGRICOLE CHEUVREUX NORTH AMERICA, INC., a Delaware corporation; CREDIT AGRICOLE INSURANCE PLAN; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company; CREDIT SUISSE SECURITIES (USA) LLC GROUP HEALTH CARE PLAN; CROWLEY MARITIME CORPORATION, a Delaware corporation; CROWLEY MARITIME CORPORATION WELFARE HEALTH LIFE & ACCIDENTAL DEATH & DISMEMBERMENT PLANS; CYTEC INDUSTRIES, INC.,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   a Delaware corporation; CYTEC
2   INDUSTRIES INC. HEALTH AND
    WELFARE PLAN; DANAHER
3   CORPORATION, a Delaware
    corporation; DANAHER
4   CORPORATION & SUBSIDIARIES
5   MEDICAL PLAN; DARDEN
    RESTAURANTS, INC., a Florida
6   corporation; DARDEN GROUP LIFE
    AND HEALTH BENEFIT PLAN FOR
7   SALARIED EMPLOYEES; DEERE &
8   COMPANY, a Delaware corporation;
    JOHN DEERE FLEXIBLE BENEFITS
9   PLAN; DELLACAMERA CAPITAL
10  MANAGEMENT, LLC, a Delaware
    limited liability company;
11  DELLACAMERA CAPITAL
    MANAGEMENT, LLC HEALTH
12  AND WELFARE PLAN; DELOITTE,
13  LLP, a Pennsylvania limited liability
    partnership; DELOITTE & TOUCHE
14  WELFARE BENEFIT PLAN; DELTA
15  AIR LINES, INC., a Delaware
    corporation; DELTA FAMILY-CARE
16  MEDICAL PLAN; DENSO SALES
    CALIFORNIA, INC., a California
17  corporation; DENSO SALES
18  CALIFORNIA, INC. GROUP
    INSURANCE PLAN; DEVRY, INC., a
19  Delaware corporation; DEVRY INC.
20  WELFARE BENEFIT PLAN; DGA –
    PRODUCERS PENSION AND
21  HEALTH PLANS, INC., a California
22  corporation; PRODUCERS' HEALTH
    BENEFITS PLAN; DHL EXPRESS,
23  INC., an Ohio corporation; DHL
    WORLDWIDE EXPRESS GROUP
24  INSURANCE PLAN; DIAGEO
25  NORTH AMERICA, INC., a
    Connecticut corporation; DIAGEO
26  NORTH AMERICA, INC. MEDICAL
    CARE AND LIFE INSURANCE
27  PLAN FOR SALARIED AND
28  RETIRED EMPLOYEES;

DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company; DISCOVERY COMMUNICATIONS WELFARE BENEFIT PLAN; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. WELFARE BENEFIT PLAN; DOOR TO DOOR STORAGE, INC., a Washington corporation; DOOR TO DOOR STORAGE HEALTH & WELFARE PLAN; DR. PEPPER SNAPPLE GROUP, INC., a Delaware corporation; DR. PEPPER SNAPPLE GROUP, INC. HEALTH PLAN; DRIVETIME AUTOMOTIVE GROUP, INC., a Delaware corporation; DRIVETIME WELFARE BENEFIT PLAN; DS WATERS OF AMERICA, INC., a Delaware corporation; DS WATERS OF AMERICA, INC. HEALTH AND WELFARE PLAN; ECOLAB, INC., a Delaware corporation; ECOLAB HEALTH AND WELFARE BENEFITS PLAN; EDISON INTERNATIONAL, a California corporation; EDISON INTERNATIONAL WELFARE BENEFIT PLAN NUMBER TWO; EDWARD D. JONES & CO., LP, a Missouri limited partnership; EDWARD D. JONES & CO. EMPLOYEES HEALTH AND WELFARE PROGRAM; ELECTROGRAPH SYSTEMS, INC., a New York corporation; ELECTROGRAPH SYSTEMS HEALTH AND WELFARE PLAN; EMCOR GROUP, INC., a Delaware corporation; EMCOR GROUP, INC. EMPLOYEE WELFARE PLAN; ENSIGN UNITED STATES DRILLING, INC., a California

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA, 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  corporation; ENSIGN US DRILLING
2  EMPLOYEE BENEFIT PLAN;
   ENTERPRISE HOLDINGS, INC., a
3  Missouri corporation; ENTERPRISE
   HOLDINGS HOSPITAL INSURANCE
4  PLAN; ENVIRONMENTAL
5  SYSTEMS RESEARCH INSTITUTE,
   INC., a California corporation;
6  ENVIRONMENTAL SYSTEMS
   RESEARCH INSTITUTE, INC. LIFE,
7  LTD. TRAVEL ACCIDENT, VISION
8  SERVICE, MEDICAL DENTAL;
   EPSON AMERICA, INC., a California
9  corporation; EPSON AMERICA INC.
   GROUP PLAN; EQUITY
10 RESIDENTIAL SERVICES, LLC, a
11 Delaware limited liability company;
   EQUITY RESIDENTIAL
12 PROPERTIES TRUST GROUP
13 INSURANCE PLAN; ERNST &
   YOUNG, LLP, a Delaware limited
14 liability partnership; ERNST &
15 YOUNG MEDICAL PLAN; ESSILOR
   OF AMERICA, INC., a Delaware
16 corporation; ESSILOR OF AMERICA,
   INC. EMPLOYER WELFARE
17 BENEFIT PLAN; ESTEE LAUDER,
18 INC., a Delaware corporation; THE
   ESTEE LAUDER COMPANIES, INC.
19 GROUP MEDICAL, DENTAL,
20 PRESCRIPTION DRUG, LONG
   TERM DISABILITY, LIFE,
21 ACCIDENTAL DEATH AND
   DISMEMBERMENT PLAN;
22 EXPERIAN INFORMATION
23 SOLUTIONS, INC., an Ohio
   corporation; EXPERIAN
24 INFORMATION SOLUTIONS, INC.
25 HEALTH AND WELFARE PLAN;
   EXPRESS MESSENGER SYSTEMS,
26 INC., a Delaware corporation;
   EXPRESS MESSENGER SYSTEMS,
27 INC. dba ONTRAC; EXPRESSJET
28 AIRLINES, INC., a Utah corporation;

1156926 1

EXPRESSJET AIRLINES, INC. CONSOLIDATED WELFARE BENEFIT PLAN; FARMERS GROUP, INC., a Nevada corporation; FARMERS GROUP, INC. EMPLOYEE PREPAID BENEFIT PLAN; FC USA, INC., a New York corporation; FC USA INC. BENEFITS; FERRAGAMO USA, INC., a New York corporation; FERRAGAMO USA, INC.; FIDELITY BROKERAGE SERVICES, LLC, a Delaware limited liability company; FIDELITY GROUP EMPLOYEES MEDICAL, DENTAL AND CAFETERIA PLAN; FIFTH & PACIFIC COMPANIES, INC., a Delaware corporation; FNPC HEALTH AND WELFARE PLAN; FINRA DISPUTE RESOLUTION, INC., a Delaware corporation; FINRA EMPLOYEE GROUP MEDICAL, DENTAL, LIFE, DISABILITY, AD&D & VISION PLAN; FISERV, INC., a Wisconsin corporation; FISERV, INC. WELFARE BENEFIT PLAN; FIVE STAR QUALITY CARE-CA, INC., a Delaware corporation; FIVE STAR QUALITY CARE; FLEXTRONICS INTERNATIONAL USA, INC., a California corporation; FLEXTRONICS EMPLOYEE BENEFITS PLAN; FOOT LOCKER RETAIL, INC., a New York corporation; FOOT LOCKER WELFARE BENEFIT PAYMENT PLAN; FOUNDERS HEALTHCARE, LLC, an Arizona limited liability company; FOUNDERS HEALTHCARE, LLC PREFERRED HOMECARE EMPLOYEE BENEFIT PLAN; FOX ENTERTAINMENT GROUP, INC., a Delaware corporation; FOX HEALTH PLAN; FRESENIUS KABI USA, LLC, a Delaware limited

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

liability company; FRESENIUS KABI USA EE BENEFIT PLAN; FUGATE AVIATION, INC., a Kansas corporation; FUGATE ENTERPRISES EMPLOYEE WELFARE BENEFIT PLAN; FUTURE ELECTRONICS CORP., a Massachusetts corporation; FUTURE ELECTRONICS CORP. GROUP INSURANCE PLAN; G4S SECURE SOLUTIONS, INC., a Florida corporation; WELFARE TRUST FOR G4S SECURE SOLUTIONS USA INC. AND AFFILIATES; GAP, INC., a California corporation; GAP INC. HEALTH AND LIFE PLAN; GENERAL ELECTRIC COMPANY, a New York corporation; GE GLOBAL HEALTH PLAN; GENERAL PARTS, INC., a North Carolina corporation; GENERAL PARTS, INC. EMPLOYEE BENEFITS PLAN MEDICAL INSURANCE; GENON ENERGY SERVICES, LLC, a Delaware limited liability company; GENON ENERGY GROUP WELFARE BENEFITS PLAN; GENPACT PROCESS SOLUTIONS, LLC, a Delaware limited liability company; GENPACT WELFARE BENEFIT PLAN; GEORG FISCHER SIGNET, LLC, a California limited liability company; GEORG FISCHER EMPLOYEE BENEFIT PLAN; GEORGIA-PACIFIC, LLC, a Delaware limited liability company; GEORGIA-PACIFIC LLC LIFECHOICES BENEFITS PROGRAM FOR SALARIED AND SALARIED BENEFITS ELIGIBLE EMPLOYEES; GF HEALTH PRODUCTS, INC., a Delaware corporation; GF HEALTH PRODUCTS INC.; GLAXOSMITHKLINE, LLC, a Delaware limited liability company; GLAXOSMITHKLINE HEALTH

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX (310) 551-8181

1  AND WELFARE BENEFITS PLAN
   FOR US EMPLOYEES; GP
2  STRATEGIES CORPORATION, a
   Delaware corporation; GP
3  STRATEGIES CORPORATION
   WELFARE BENEFIT PLAN; GREAT-
4  WEST LIFE & ANNUITY
   INSURANCE COMPANY, a Colorado
5  corporation; GREAT-WEST LIFE &
   ANN INS FLEXIBLE BENEFIT
6  PLAN; GREENBERG TRAURIG, PA,
   a Florida Professional Association;
7  GREENBERG TRAURIG, PA GROUP
   HEALTH INSURANCE PLAN FOR
8  EMPLOYEES; GREYSTAR
   MANAGEMENT SERVICES, LP, a
9  Delaware limited partnership;
   GREYSTAR MANAGEMENT
10 SERVICES, LLP; GTECH
   CORPORATION, a Delaware
11 corporation; GTECH CORPORATION
   PARTICIPANT BENEFIT PLAN; HD
12 SUPPLY, INC., a Delaware
   corporation; HD SUPPLY HEALTH
13 AND WELFARE PROGRAM;
   HEALTH INVENTURES, LLC, a
14 Delaware limited liability company;
   HEALTH INVENTURES HEALTH
15 AND WELLNESS BENEFIT PLAN;
   HEALTHCARE PARTNERS
16 MEDICAL GROUP, INC., a California
   corporation; HEALTHCARE
17 PARTNERS MEDICAL GROUP, INC.
   WELFARE BENEFIT PLAN;
18 HEARTLAND AUTOMOTIVE
   SERVICES, INC., a Minnesota
19 corporation; HEARTLAND
   AUTOMOTIVE SERVICES, INC.
20 GROUP MEDICAL AND LIFE PLAN;
   HEWLETT-PACKARD COMPANY, a
21 Delaware corporation; HEWLETT-
   PACKARD COMPANY HEALTH
22 MAINTENANCE ORGANIZATION
   PROGRAM; HOFFMAN-LA ROCHE,

1  AND WELFARE BENEFITS PLAN
   FOR US EMPLOYEES; GP
2  STRATEGIES CORPORATION, a
   Delaware corporation; GP
3  STRATEGIES CORPORATION
   WELFARE BENEFIT PLAN; GREAT-
4  WEST LIFE & ANNUITY
   INSURANCE COMPANY, a Colorado
5  corporation; GREAT-WEST LIFE &
   ANN INS FLEXIBLE BENEFIT
6  PLAN; GREENBERG TRAURIG, PA,
   a Florida Professional Association;
7  GREENBERG TRAURIG, PA GROUP
   HEALTH INSURANCE PLAN FOR
8  EMPLOYEES; GREYSTAR
   MANAGEMENT SERVICES, LP, a
9  Delaware limited partnership;
   GREYSTAR MANAGEMENT
10 SERVICES, LLP; GTECH
   CORPORATION, a Delaware
11 corporation; GTECH CORPORATION
   PARTICIPANT BENEFIT PLAN; HD
12 SUPPLY, INC., a Delaware
   corporation; HD SUPPLY HEALTH
13 AND WELFARE PROGRAM;
   HEALTH INVENTURES, LLC, a
14 Delaware limited liability company;
   HEALTH INVENTURES HEALTH
15 AND WELLNESS BENEFIT PLAN;
   HEALTHCARE PARTNERS
16 MEDICAL GROUP, INC., a California
   corporation; HEALTHCARE
17 PARTNERS MEDICAL GROUP, INC.
   WELFARE BENEFIT PLAN;
18 HEARTLAND AUTOMOTIVE
   SERVICES, INC., a Minnesota
19 corporation; HEARTLAND
   AUTOMOTIVE SERVICES, INC.
20 GROUP MEDICAL AND LIFE PLAN;
   HEWLETT-PACKARD COMPANY, a
21 Delaware corporation; HEWLETT-
   PACKARD COMPANY HEALTH
22 MAINTENANCE ORGANIZATION
   PROGRAM; HOFFMAN-LA ROCHE,

1156926.1

INC., a New Jersey corporation;
MEDICAL PLAN OF HOFFMAN-LA
ROCHE INC.; HOGG ROBINSON
USA, LLC, a New York limited
liability company; HRG NORTH
AMERICA WELFARE PLAN;
HONEYWELL INTERNATIONAL,
INC., a Delaware corporation;
HONEYWELL INTERNATIONAL
INC. BENEFIT PLAN; HOTELS AB,
LLC, a Delaware limited liability
company; THE STANDARD/HOTELS
AB WELFARE BENEFIT PLAN; HOT
TOPIC, INC., a California corporation;
HOT TOPIC, INC. HEALTH AND
WELFARE PLAN; HUGO BOSS
USA, INC., a Delaware corporation;
HUGO BOSS USA INC. WRAP
WELFARE BENEFITS PLAN;
HUHTAMAKI AMERICAS, INC., a
Delaware corporation; HUHTAMAKI
AMERICAS, INC. GROUP
INSURANCE PLAN; IKARIA
RESEARCH, INC., a Delaware
corporation; IKARIA, INC. WELFARE
BENEFIT PLAN;
IMORTGAGE.COM, INC., a Delaware
corporation; IMORTGAGE.COM, INC.
CAFETERIA PLAN; INFORMA USA,
INC., a Massachusetts corporation;
INFORMA USA, INC. AND
SUBSIDIARIES INSURANCE PLAN;
ING NORTH AMERICA
INSURANCE CORPORATION, a
Delaware corporation; ING
AMERICAS WELFARE BENEFITS
PLAN; INGRAM MICRO, INC., a
Delaware corporation; INGRAM
MICRO INC. HEALTH & WELFARE
PLAN; INSPERITY HOLDINGS,
INC., a Delaware corporation, F/K/A
ADMINISTAFF OF TEXAS, INC.;
INSPERITY GROUP HEALTH PLAN;
INSTANT WEB, INC., a Minnesota

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

corporation; INSTANT WEB INC.
AND SUBSIDIARY MEDICAL
BENEFIT PLAN; INTEGRA
LIFESCIENCES CORPORATION, a
Delaware corporation; INTEGRA
LIFESCIENCES CORP.
MEDICAL/PRESCRIPTION,
DENTAL AND STD PLAN;
INTELSAT CORPORATION, a
Delaware corporation; INTELSAT
GROUP WELFARE BENEFITS
PLAN; INTER-RAIL TRANSPORT,
INC., a Florida corporation; INTER-
RAIL, INC. EMPLOYEE HEALTH
PLAN; INTERCARE HOLDINGS,
INC., a Delaware corporation;
INTERCARE HOLDINGS, INC.
HEALTH & WELFARE PLAN;
INTERNATIONAL ALUMINUM
CORPORATION, a Texas corporation;
INTERNATIONAL ALUMINUM
CORPORATION HEALTH AND
WELFARE PLANS;
INTERNATIONAL BUSINESS
MACHINES CORPORATION, a New
York corporation; IBM MEDICAL &
DENTAL PLAN FOR REGULAR
AND PART-TIME EMPLOYEES;
INTERNATIONAL PAPER
COMPANY, a New York corporation;
INTERNATIONAL PAPER GROUP
INSURANCE PLAN;
INTERNATIONAL SPEEDWAY
CORPORATION, a Florida
corporation; INTERNATIONAL
SPEEDWAY CORPORATION
WELFARE BENEFIT PLAN;
INTERSTATE HOTELS & RESORTS,
INC., a Delaware corporation;
INTERSTATE HOTELS & RESORTS
BENEFITS PROGRAM; INX
INTERNATIONAL INK CO., a
Delaware corporation; INX
INTERNATIONAL GROUP

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

MEDICAL/DENTAL PLAN; J.C.
PENNEY CORPORATION, INC., a
Delaware corporation; J.C. PENNEY
CORPORATION, INC. HEALTH &
WELFARE BENEFITS PLAN; J.P.
MORGAN CHASE NATIONAL
CORPORATE SERVICES, INC., a
New York corporation; THE
JPMORGAN CHASE HEALTH &
INCOME PROTECTION PLAN FOR
ACTIVE EMPLOYEES; JACK IN
THE BOX, INC., a Delaware
corporation; JACK IN THE BOX, INC.
CREW EMPLOYEES HEALTH &
WELFARE PLAN; JACKSON LEWIS,
LLP, a New York limited liability
partnership; JACKSON LEWIS LLP
WELFARE PLAN; JACOBS
ENGINEERING GROUP, INC., a
Delaware corporation; JACOBS
ENGINEERING GROUP, INC.
EMPLOYEE GROUP INSURANCE
PLAN; JETBLUE AIRWAYS
CORPORATION, a Delaware
corporation; JETBLUE AIRWAYS
GROUP HEALTH INSURANCE
PLAN; JOIE DE VIVRE
HOSPITALITY, INC., a California
corporation; THE JOIE DE VIVRE
EMPLOYEE BENEFIT PLAN; JONES
LANG LASALLE AMERICAS, INC.,
a Maryland corporation; JONES LANG
LASALLE GROUP BENEFITS PLAN;
KCI HOLDINGS, LLC, a California
limited liability company; KCI
HOLDING USA, INC. EMPLOYEE
HEALTH CARE PLAN; KELLOGG,
BROWN & ROOT, INC., a Delaware
corporation; KELLOGG, BROWN &
ROOT, INCORPORATED HOURLY
EMPLOYEES HEALTH & WELFARE
PLAN; KELLY MITCHELL GROUP,
INC., a Missouri corporation; KELLY
MITCHELL GROUP INC. MEDICAL

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  PLAN; KINDER MORGAN G.P.,
2  INC., a Delaware corporation; KMI
   FLEXIBLE BENEFIT PLAN;
3  KINETIC CONCEPTS, INC., a Texas
   corporation; KINETIC CONCEPTS,
4  INC. EMPLOYEE BENEFITS TRUST;
5  KLA-TENCOR CORPORATION, a
   Delaware corporation; KLA-TENCOR
6  CORPORATION GROUP
7  INSURANCE PLAN; KONICA
   MINOLTA BUSINESS SOLUTIONS
8  USA, INC., a New York corporation;
   KONICA MINOLTA BUSINESS
9  SOLUTIONS USA, INC. LIFE,
   DISABILITY, ACCIDENT,
10 MEDICAL AND DENTAL PLAN; L
11 BRANDS, INC., a Delaware
   corporation, F/K/A LIMITED
12 BRANDS, INC.; LIMITED BRANDS,
13 INC. HEALTH AND WELFARE
   BENEFITS PLAN; LANDRY'S
14 MANAGEMENT, LP, a Delaware
15 limited partnership; LANDRY'S
   MEDICAL BENEFIT PLAN;
16 LARSON-JUHL US, LLC, a Georgia
17 limited liability company; LARSON-
   JUHL US LLC WELFARE PLAN; LA-
18 Z-BOY INCORPORATED, a Michigan
   corporation; LA-Z-BOY
19 INCORPORATED MEDICAL PLAN;
20 LEAVITT GROUP AGENCY
   ASSOCIATION, a Utah corporation;
21 LEAVITT GROUP AGENCY
   ASSOCIATION HEALTH BENEFIT
22 PLAN; LEVEL 3
23 COMMUNICATIONS, LLC, a
   Delaware limited liability company;
24 LEVEL 3 COMMUNICATIONS, INC.
25 WELFARE BENEFIT PLAN; LEVY
   RESTAURANTS, INC., an Illinois
26 corporation; EMPLOYEE BENEFIT
   PLAN OF THE COMPASS GROUP
27 USA, INC.; LINDE NORTH
28 AMERICA, INC., a Delaware

1156926.1

corporation; LINDE NORTH AMERICA, INC. INSURANCE PLAN; LOCAL STAFF, LLC, a Delaware limited liability company; MEDSTAFF, INC. SECTION 125 PLAN; LOOMIS ARMORED US, LLC, a Texas limited liability company; LOOMIS HEALTH & WELFARE PLAN; L'OREAL USA S/D, INC., a Delaware corporation; L'OREAL USA, INC. COMPREHENSIVE MEDICAL PLAN; MAERSK, INC., a New York corporation; MAERSK INC. ACTIVE NONUNION HEALTH AND WELFARE PLAN; MAKO SURGICAL CORP., a Delaware corporation; MAKO SURGICAL CORP HEALTH AND WELFARE BENEFIT PLAN; MARUBENI ITOCHU STEEL AMERICA, INC., a Delaware corporation; MISA GROUP BENEFIT PLANS; MARY KAY, INC., a Delaware corporation; MARY KAY, INC. COMPREHENSIVE EMPLOYEE HEALTH AND WELFARE PLAN; MCCARTHY HOLTHUS, LP, a California limited partnership; MCCARTHY & HOLTHUS, LLP WELFARE BENEFITS PLAN; MCM CORPORATION, a North Carolina corporation; HEALTH CARE PLAN OF THE EMPLOYEES OF MCM CORP; MCMASTER-CARR SUPPLY COMPANY, an Illinois corporation; MCMASTER-CARR SUPPLY COMPANY GROUP INSURANCE PROGRAM; MCNICHOLS COMPANY, an Ohio corporation; MCNICHOLS COMPANY HEALTH BENEFIT PLAN; MEDCO HEALTH SOLUTIONS, INC., a Delaware corporation; MEDCO HEALTH SOLUTIONS, INC. WELFARE BENEFIT PLAN; MEDEGEN, INC., a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

21

California corporation; MEDEGEN WELFARE BENEFIT PLAN; MEDICAL SPECIALTIES DISTRIBUTORS. LLC, a Delaware limited liability company; MEDICAL SPECIALTIES DISTRIBUTORS, LLC GROUP BENEFITS PLAN; METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; WELFARE BENEFIT PLAN FOR EES. OF METROPOLITAN LIFE; MIDAMERICAN ENERGY COMPANY, an Iowa corporation; MIDAMERICAN ENERGY COMPANY WELFARE BENEFIT PLAN; MILLARD REFRIGERATED SERVICES, INC., a Georgia corporation; MILLARD REFRIGERATED SERVICES, INC. GROUP MAJOR MEDICAL; MISSION LINEN SUPPLY, a California corporation; MISSION LINEN SUPPLY GROUP HEALTH; MITEK USA, INC., a Missouri corporation; MITEK USA, INC. WELFARE BENEFIT; MOBILE MINI, INC., a Delaware corporation; MOBILE MINI, INC. BENEFIT PLAN; MOCEAN, LLC, a California limited liability company; MOCEAN HEALTH AND WELFARE BENEFITS PLAN; MONAVIE, LLC, a Delaware limited liability company; MONAVIE, LLC FRINGE BENEFIT PLAN; MONROVIA NURSERY COMPANY, a California corporation; MONROVIA NURSERY COMPANY EMPLOYEE BENEFIT PLAN; MOUNTAIN VALLEY EXPRESS CO., INC., a California corporation; MOUNTAIN VALLEY EXPRESS CO. INC. WELFARE BENEFIT PLAN; MULTIPLAN, INC., a New York corporation; HEALTH INSURANCE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

PLAN OF MULTIPLAN, INC.;
MYRIAD GENETICS, INC., a
Delaware corporation; MYRIAD
GENETICS, INC. WELFARE
BENEFIT PLAN; NATIONAL
CAPTIONING INSTITUTE, INC., a
District of Columbia corporation;
NATIONAL CAPTIONING
INSTITUTE, INC. HEALTH &
WELFARE BENEFITS PLAN;
NATIONAL FINANCIAL PARTNERS
CORP., a Delaware corporation;
NATIONAL FINANCIAL PARTNERS
CORP. GROUP HEALTH PLAN FOR
EMPLOYEES; NATIONAL MENTOR
HOLDINGS, LLC, a Delaware limited
liability company; NATIONAL
MENTOR HOLDINGS, LLC
FLEXIBLE BENEFIT PLAN;
NATIONAL RAILROAD
PASSENGER CORPORATION, a
District of Columbia corporation;
AMPLAN, THE AMTRAK UNION
BENEFITS PLAN; NATIONAL
RAILROAD PASSENGER
CORPORATION CHOICEPLUS
CAFETERIA PLAN; NATIONSTAR
MORTGAGE, LLC, a Delaware limited
liability company; NATIONSTAR
MORTGAGE GROUP HEALTH AND
WELFARE BENEFIT PLAN; NCH
CORPORATION, a Delaware
corporation; NCH CORPORATION
EMPLOYEE LIFE AND HEALTH
BENEFIT PLAN; NEC
CORPORATION OF AMERICA, a
Nevada corporation; GROUP
INSURANCE PLAN FOR
EMPLOYEES OF NEC AND
AFFILIATES; NEFF RENTAL, LLC, a
Delaware limited liability company;
NEFF RENTAL LLC HEALTH &
WELFARE PLAN; NESTLE USA,
INC., a Delaware corporation; NESTLE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

USA NESCARE PLAN; NETAPP, INC., a Delaware corporation; NETAPP, INC. GROUP HEALTH PLAN; NEW BREED CORPORATE SERVICES, INC., a New Jersey corporation; NEW BREED CORPORATE SERVICES INC. WELFARE BENEFIT PLAN; NIKE, INC., an Oregon corporation; NIKE, INC. GROUP INSURANCE PLAN; NORTHROP GRUMMAN CORPORATION, a Delaware corporation; NORTHROP GRUMMAN CORPORATION GROUP BENEFITS PLAN; NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware corporation; NOVARTIS PHARMACEUTICALS CORP. WELFARE BENEFITS PLAN; NPL CONSTRUCTION CO., a Nevada corporation; NPL CONSTRUCTION CO. EMPLOYEE HEALTH BENEFIT PLAN; NRC PAYROLL MANAGEMENT, LLC, a Delaware limited liability company; NRC PAYROLL MANAGEMENT HEALTH AND WELFARE PLAN; NURSEFINDERS, LLC, a Texas limited liability company; NURSEFINDERS, INC. DBA MEDFINDERS WELFARE BENEFIT PLAN; OBERTHUR TECHNOLOGIES OF AMERICA CORP., a Delaware corporation; OBERTHUR TECHNOLOGIES OF AMERICA CORP. GROUP BENEFITS PLAN; OCLC ONLINE COMPUTER LIBRARY CENTER, INC., an Ohio corporation; OCLC EMPLOYEE WELFARE BENEFIT PLAN; OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; OLD DOMINION EMPLOYEE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

BENEFIT PLAN; OLIN CORPORATION, a Virginia corporation; OLIN MEDICAL/DENTAL PLAN; ONWARD HEALTHCARE, INC., a Delaware corporation; ONWARD HEALTHCARE, INC. HEALTH AND WELFARE PLAN; ORIX USA CORPORATION, a Delaware corporation; ORIX USA CORPORATION WELFARE PLAN; OSRAM SYLVANIA, INC., a Delaware corporation; OSRAM SYLVANIA, INC. PLAN FOR GROUP INSURANCE; PAETEC HOLDING CORP., a Delaware corporation; PAETEC HOLDING CORP. HEALTH CARE-MEDICAL; PANALPINA, INC., a New York corporation; PANALPINA, INC. WELFARE BENEFITS PLAN; PARK ELECTROCHEMICAL CORP., a New York corporation; PARK ELECTROCHEMICAL CORP. EMPLOYEE HEALTH & LIFE BENEFIT PLAN; PARKER-HANNIFIN CORPORATION, an Ohio corporation; GROUP INSURANCE PLAN HOURLY AND SALARIED EMPLOYEES OF PARKER HANNIFIN CORP.; PARSONS CORPORATION, a Delaware corporation; GROUP BENEFITS PLAN FOR EMPLOYEES OF PARSONS CORPORATION & DESIGNATED SUBSIDIARIES; PAYLESS SHOESOURCE, INC., a Missouri corporation; PAYLESS SHOESOURCE, INC. MEDICAL PLAN; PECHINEY PLASTIC PACKAGING, INC., a Delaware corporation; ALCAN SALARIED WELFARE BENEFITS PROGRAM; PENTAIR, INC., a Minnesota

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

corporation; PENTAIR, INC. ACTIVE EMPLOYEE WELFARE PLAN; PERFORMANCE FOOD GROUP, INC., a Colorado corporation; PERFORMANCE FOOD GROUP INC. EMPLOYEE BENEFITS PLAN; PERKINS & MARIE CALLENDER'S, LLC, a Delaware limited liability company; PERKINS FLEXIBLE BENEFITS PLAN; PEROT SYSTEMS CORPORATION, a Delaware corporation; PEROT SYSTEMS CORPORATION HEALTH WRAP PLAN; PETCO ANIMAL SUPPLIES, INC., a Delaware corporation; PETCO ANIMAL SUPPLIES INC. GROUP BENEFIT PLAN AND TRUST; PETER KIEWIT SONS', INC., a Delaware corporation; PETER KIEWIT SONS', INC. HEALTH AND WELFARE PLAN; PETSMART, INC., a Delaware corporation; PETSMART SMARTCHOICES BENEFIT PLAN; PFIZER, INC., a Delaware corporation; PFIZER MEDICAL PLAN; PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC, a Florida limited liability company; PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC WELFARE BENEFIT PLAN; PHIBRO ANIMAL HEALTH CORPORATION, a New York corporation; PHIBRO ANIMAL HEALTH CORPORATION HEALTH AND BENEFIT PLAN; PLAINS ALL AMERICAN GP, LLC, a Delaware limited liability company; PLAINS ALL AMERICAN GP LLC EMPLOYEE HEALTH BENEFIT PLAN; PLATINUM HOME MORTGAGE CORPORATION, an Illinois corporation; PLATINUM HOME MORTGAGE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

1156926.1

COMPLAINT

CORPORATION; PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation; PLAYBOY HEALTH BENEFIT PLAN; POLYCOM, INC., a Delaware corporation; POLYCOM, INC. FLEXIBLE SPENDING ACCOUNT PLAN; PPS HOLDINGS, INC., a Tennessee corporation; PPS HOLDINGS, INC. EMPLOYEE BENEFIT PLAN; PRADA USA CORP., a Delaware corporation; PRADA USA CORPORATION WELFARE BENEFIT PLAN; PRECYSE SOLUTIONS, LLC, a Delaware limited liability company; WELFARE BENEFIT PLAN FOR EMPLOYEES OF PRECYSE SOLUTIONS LLC; PRIME ADMINISTRATION, LLC, a Delaware limited liability company; PRIME ADMINISTRATION LLC CONSOLIDATED HEALTH & WELFARE PLAN; PROBUILD HOLDINGS, INC., a Delaware corporation; PROBUILD HOLDINGS, INC. WELFARE BENEFIT PLAN; PROCTOR & GAMBLE RHD, INC., an Ohio corporation; THE PROCTOR & GAMBLE HEALTH CARE PLAN; PROGRESSIVE LOGISTICS SERVICES, LLC, a Georgia limited liability company; PROGRESSIVE LOGISTICS SERVICES, LLC MEDICAL & LIFE INSURANCE BENEFITS PLAN; PROTECTION ONE ALARM MONITORING, INC., a Delaware corporation; PROTECTION ONE ALARM MONITORING, INC. WELFARE PLAN; PROVIDENCE SERVICE CORPORATION, a Delaware corporation; PROVIDENCE SERVICE CORPORATION HEALTH BENEFITS PLAN; PSC

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX (310) 551-8181

1 | ENVIRONMENTAL SERVICES, LLC, a Delaware limited liability
2 | company; PSC, LLC GROUP WELFARE BENEFITS PLAN; PSN
3 | USA HOLDINGS, INC., a Texas corporation; PSN USA HOLDINGS,
4 | INC. WELFARE BENEFIT PLAN;
5 | QBE FIRST INSURANCE AGENCY, INC., a California corporation; QBE
6 | FIRST GROUP HEALTH AND WELFARE PLAN; QUANTUM
7 | CORPORATION, a Delaware corporation; QUANTUM
8 | CORPORATION HEALTH AND WELFARE PLAN; RAINBOW USA,
9 | INC., a New York corporation; RAINBOW USA, INC. MEDICAL
10 | PLAN; RAYTHEON COMPANY, a Delaware corporation; RAYTHEON
11 | HEALTH BENEFITS PLAN; RED WING SHOE COMPANY, INC., a
12 | Minnesota corporation; RED WING SHOE COMPANY FLEXIBLE
13 | BENEFIT PLAN; REXAM, INC., a Delaware corporation; GROUP
14 | INSURANCE PLAN FOR EMPLOYEES OF REXAM, INC.;
15 | REXNORD INDUSTRIES, LLC, a Delaware limited liability company;
16 | REXNORD WELFARE PLAN; REYES HOLDINGS, LLC, a Delaware
17 | limited liability company; THE REYES HOLDINGS FLEXIBLE BENEFITS
18 | PLAN; RITE AID CORPORATION, a Delaware corporation; RITE AID
19 | CORPORATION HEALTH INSURANCE PLAN;
20 | RURAL/METRO CORPORATION, an Arizona corporation; RURAL METRO
21 | CORPORATION EMPLOYEE BENEFIT PLAN; RUSH TRUCK
22 | CENTERS OF CALIFORNIA, INC., a Delaware corporation; RUSH
23 | ENTERPRISES MEDICAL PLAN;
24
25
26
27
28

RYDER SERVICES CORPORATION, a Florida corporation; RYDER SYSTEM, INC. FLEXIBLE BENEFITS PLAN; S & A COMPUTER SERVICES, INC., a Georgia corporation; S AND A COMPUTER SERVICES WELFARE BENEFIT PLAN; SADDLE CREEK CORPORATION, a Florida corporation; SADDLE CREEK CORP. GROUP INSURANCE AND FLEXIBLE BENEFIT PLAN; SAFRAN USA, INC., a Delaware corporation; SAFRAN USA, INC. CAFETERIA PLAN; SAIA MOTOR FREIGHT LINE, LLC, a Louisiana limited liability company; SAIA MOTOR FREIGHT LINE LLC EMPLOYEE PREFERRED PROVIDER PLAN; SALLY BEAUTY HOLDINGS, INC., a Delaware corporation; SALLY BEAUTY HOLDINGS INC. HEALTH AND WELFARE PLAN; SANTANDER CONSUMER USA, INC., an Illinois corporation; SANTANDER CONSUMER USA INC. WELFARE BENEFIT PLAN; SCHNEIDER NATIONAL, INC., a Wisconsin corporation; SCHNEIDER NATIONAL, INC. FLEXIBLE BENEFITS PLAN; SEASONS HOSPICE & PALLIATIVE CARE OF CALIFORNIA, INC., a California corporation; SEASONS HOSPICE FLEXIBLE BENEFIT PLAN; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. WELFARE BENEFIT PLAN; SELECT SPECIALIZED STAFFING, INC., a California corporation; SELECT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  STAFFING – FLEXIBLE BENEFITS
2  PLAN; SHELL OIL COMPANY, a Delaware corporation; SHELL OIL
3  COMPANY COMPREHENSIVE WELFARE BENEFITS PLAN;
4  SIEMENS CORPORATION, a Delaware corporation; SIEMENS
5  CORPORATION GROUP LIFE,
6  MEDICAL, DENTAL, VISION, HEARING AND LONG TERM
7  DISABILITY INCOME PLAN;
8  SILVERADO SENIOR LIVING HOLDINGS, INC., a Delaware
9  corporation; SILVERADO SENIOR LIVING HOLDINGS, INC.
10 WELFARE BENEFITS PLAN;
11 SKYWEST AIRLINES, INC., a Utah corporation; SKYWEST, INC.
12 CAFETERIA PLAN; SLEEP INNOVATIONS, INC., a New Jersey
13 corporation; SLEEP INNOVATIONS, INC. WELFARE BENEFIT PLAN;
14 SMURFIT KAPPA ORANGE
15 COUNTY, LLC, a Delaware limited liability company, F/K/A ORANGE
16 COUNTY CONTAINER GROUP LLC; ORANGE COUNTY
17 CONTAINER GROUP MEDICAL PLAN; SODEXO, INC., a Delaware
18 corporation; SODEXO, INC.
19 MEDICAL BENEFITS PLAN; SORRENTO CAPITAL, INC., a
20 California corporation; SORRENTO CAPITAL WELFARE BENEFITS
21 PLAN; SOURCEHOV, LLC, a Delaware limited liability company;
22 SOURCEHOV, LLC HEALTH AND WELFARE BENEFIT PLAN;
23 SOUTHWEST AIRLINES CO., a Texas corporation; SOUTHWEST
24 AIRLINES CO. WELFARE BENEFIT PLAN; SOUTHWEST GAS
25 CORPORATION, a California corporation; SOUTHWEST GAS
26
27
28

1156926.1

1  CORPORATION LIFE INSURANCE
2  & HEALTH PLAN; STATION
   CASINOS, INC., a Nevada corporation;
3  STATION CASINOS, INC.
   EMPLOYEE BENEFIT PLAN; STEIN
4  MART, INC., a Florida corporation;
5  STEIN MART, INC. &
   SUBSIDIARIES GROUP
6  DISABILITY AND VISION PLAN;
   STRYKER CORPORATION, a
7  Michigan corporation; STRYKER
8  CORPORATION WELFARE
   BENEFITS PLAN; SUNBURST
9  HOSPITALITY CORPORATION, a
10 Delaware corporation; SUNBURST
   HOSPITALITY CORPORATION
11 EMPLOYEE WELFARE PLAN;
   SUNSTATE EQUIPMENT CO., LLC,
12 a Delaware limited liability company;
13 SUNSTATE EQUIPMENT CO., LLC
   EMPLOYEE BENEFIT PLAN;
14 SYSTEMS APPLICATION &
15 TECHNOLOGIES, INC., a Delaware
   corporation; SYSTEMS
16 APPLICATION AND
17 TECHNOLOGIES, INC. HEALTH
   AND WELFARE PLAN; TARGET
18 CORPORATION, a Minnesota
   corporation; TARGET
19 CORPORATION EMPLOYEE
20 UMBRELLA TRUSTEED BENEFIT
   PLAN; TECH DATA
21 CORPORATION, a Florida
22 corporation; TECH DATA
   CORPORATION EMPLOYEE
23 WELFARE BENEFITS PLAN; TEIJIN
   HOLDINGS USA, INC., a Delaware
24 corporation; TEIJIN HOLDINGS USA,
25 INC. WELFARE BENEFITS PLAN;
   TELAID INDUSTRIES, INC., a
26 Connecticut corporation; TELAID
   GROUP HEALTH PLAN; TELECARE
27 CORPORATION, a California
28 corporation; TELECARE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

CORPORATION GROUP WELFARE PLAN; TESTAMERICA LABORATORIES, INC., a Delaware limited liability company; TESTAMERICA EMPLOYEE BENEFITS PLAN; TEXTRON, INC., a Delaware corporation; TEXTRON BARGAINED INSURED BENEFITS PLAN; TGI FRIDAY'S, INC., a New York corporation; CRW FLEXIBLE BENEFIT PLAN; THE ARORA GROUP, INC., a Maryland corporation; THE ARORA GROUP, INC. MEDICAL AND PRESCRIPTION DRUG PLAN; THE BOEING COMPANY, a Delaware corporation; BOEING NORTH AMERICAN EMPLOYEE HEALTH PLAN; THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation; THE CHILDREN'S PLACE HEALTH CARE, SHORT TERM DISABILITY & LIFE INSURANCE PLAN; THE CLOROX COMPANY, a Delaware corporation; THE CLOROX COMPANY GROUP INSURANCE PLAN; THE COCA-COLA COMPANY, a Delaware corporation; THE COCA-COLA COMPANY HEALTH AND WELFARE BENEFITS PLAN; THE CONVERSE PROFESSIONAL GROUP, a California corporation; THE CONVERSE PROFESSIONAL GROUP MAJOR MEDICAL PLAN; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York corporation; THE GUARDIAN HIGH DEDUCTIBLE HEALTH PLAN THROUGH UNITEDHEALTHCARE HOME OFFICE; THE HAIN CELESTIAL GROUP, INC., a Delaware corporation; THE HAIN CELESTIAL GROUP, INC.

COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  BENEFITS PLAN; THE HERTZ
2  CORPORATION, a Delaware
   corporation; HERTZ CUSTOM
3  BENEFIT PROGRAM; THE
   INTERPUBLIC GROUP OF
4  COMPANIES, INC., a Delaware
   corporation; THE INTERPUBLIC
5  MEDICAL AND DENTAL PLAN;
6  THE MCGRAW-HILL COMPANIES,
   INC., a New York corporation; THE
7  MCGRAW-HILL COMPANIES, INC.
8  GROUP HEALTH PLAN; THE
   SALVATION ARMY, a New York
9  corporation; THE SALVATION
10 ARMY FLEXIBLE BENEFIT PLAN;
   THE SERVICEMASTER COMPANY,
11 LLC, a Delaware limited liability
   company; THE SERVICEMASTER
12 HEALTH & WELFARE BENEFITS
13 PLAN; THE STERITECH GROUP,
   INC., a Georgia corporation; THE
14 STERITECH GROUP, INC.
   CAFETERIA PLAN; THE
15 TRAVELERS COMPANIES, INC., a
16 Minnesota corporation; THE
   TRAVELERS TRUSTEED
17 EMPLOYEE BENEFIT PLAN; THE
18 TURNER CORPORATION, a New
   York corporation; THE TURNER
19 CORPORATION WELFARE
20 BENEFITS PLAN; THERMO FISHER
   SCIENTIFIC, INC., a Delaware
21 corporation; THERMO FISHER
22 SCIENTIFIC INC. GROUP
   INSURANCE PLAN; TIC
23 HOLDINGS, INC., a Colorado
   corporation; TIC HOLDINGS, INC.
24 WELFARE BENEFIT PLAN; TIME
25 WARNER CABLE, INC., a Delaware
   corporation; TIME WARNER CABLE
26 BENEFITS PLAN; TIRE CENTERS,
   LLC, a California limited liability
27 company; TIRE CENTERS, LLC
28 EMPLOYEE BENEFIT PLAN; T-

COMPLAINT

1156926.1

MOBILE USA, INC., a Delaware corporation; T-MOBILE USA, INC. EMPLOYEE BENEFIT PLAN; TOSHIBA AMERICA, INC., a Delaware corporation; TOSHIBA AMERICA INC. GROUP WELFARE BENEFIT PLAN; TOWERS WATSON AMERICA, LLC, a Delaware limited liability company; TOWERS WATSON MEDICAL PLAN; TRIBUNE COMPANY, a Delaware corporation; TRIBUNE COMPANY BENEFIT PROGRAM; TRINET HR CORPORATION, a California corporation, F/K/A GEVITY HR, INC.; GEVITY HR INC. SECTION 125 PLAN; TTX COMPANY, a Delaware corporation; TTX COMPANY GROUP AND HEALTH PLAN; TUCKER ELLIS, LLP, a Delaware limited liability partnership; TUCKER ELLIS & WEST LLP WELFARE BENEFIT PLAN; UNION BANK, N.A., a California corporation; UNION BANK HEALTH BENEFIT PLAN; UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; UNION PACIFIC RAILROAD EMPLOYEES HEALTH SYSTEMS; UNITED AIRLINES, INC., a Delaware corporation; UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN; UNITEDHEALTH GROUP EMPLOYEE HEALTH BENEFIT PLAN; UNIVISION COMMUNICATIONS, INC., a Delaware corporation; UNIVISION WELFARE BENEFITS PLAN; UPM RAFLATAC, INC., a North Carolina corporation; UPM-RAFLATAC, INC. HEALTH AND WELFARE BENEFIT PLAN; URBAN DECAY COSMETICS, LLC, a Delaware limited liability company; URBAN DECAY

1156926.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

COSMETICS HEALTH AND WELFARE PLAN; U.S. AUTO PARTS NETWORK, INC., a Delaware corporation; US AUTO PARTS NETWORK INC. HEALTH AND WELFARE BENEFIT PLAN; US AIRWAYS GROUP, INC., a Delaware corporation; US AIRWAYS, INC. HEALTH BENEFIT PLAN; U.S. LOGISTICS, INC., an Oklahoma corporation; U.S. LOGISTICS, INC. HEALTH AND DENTAL; U.S. NURSING CORPORATION, a Colorado corporation; US NURSING CORP. EMPLOYEE BENEFIT PLAN; USA TRUCK, INC., a Delaware corporation; USA TRUCK INC. WELFARE BENEFIT PLAN; UTI SERVICES, INC., a California corporation; UTI SERVICES, INC. WELFARE BENEFITS PLAN; VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware corporation; VALEANT PHARMACEUTICALS INTERNATIONAL GROUP WELFARE PLAN; VELOCITY EXPRESS, LLC, a Delaware limited liability company; VELOCITY EXPRESS, LLC FLEXIBLE BENEFITS PLAN; VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA, LLC, a Wisconsin corporation; VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA CORP. EMPLOYEE HEALTH BENEFIT PLAN; VERIZON COMMUNICATIONS, INC., a Delaware corporation; VERIZON PLAN 550; VIA TECHNOLOGIES, INC., a California corporation; VIA TECHNOLOGIES, INC. HEALTH AND WELFARE PLAN; VIACOM,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

1156926.1

1  INC., a Delaware corporation;
2  VIACOM HEALTH PLAN; VOLT
   INFORMATION SCIENCES. INC., a
3  New York corporation; VOLT
   INFORMATION SCIENCES, INC.
4  AND AFFILIATES EMPLOYEE
5  WELFARE BENEFITS PLAN;
   VULCAN MATERIALS COMPANY,
6  a New Jersey corporation; HEALTH &
   WELFARE BENEFIT PLANS OF
7  VULCAN MATERIALS COMPANY;
8  W.W. GRAINGER, INC., an Illinois
   corporation; W.W. GRAINGER INC.
9  GROUP BENEFIT PLAN I;
10 WACHOVIA FINANCIAL
   SERVICES, INC., a Delaware
11 corporation; WACHOVIA
   CORPORATION HEALTH AND
12 WELFARE PLAN; WAL-MART
13 STORES, INC., a Delaware
   corporation; WAL-MART STORES,
14 INC. ASSOCIATES HEALTH AND
   WELFARE PLAN; WELLS FARGO &
15 COMPANY, a Delaware corporation;
16 WELLS FARGO & CO. HEALTH
   PLAN; WE'RE READY TO
17 ASSEMBLE, INC., a Texas corporation
18 (F/K/A NATIONAL PRODUCT
   SERVICES, INC.) D/B/A IMPACT
19 RESOURCE GROUP; WE'RE
20 READY TO ASSEMBLE DBA
   IMPACT RESOURCE GROUP
21 BENEFIT PLAN; WESTWAYS
   STAFFING SERVICES, INC., a
22 California corporation; WESTWAYS
23 STAFFING SERVICES HEALTH
   PLAN; WHIRLPOOL
24 CORPORATION, a Delaware
25 corporation; WHIRLPOOL
   CORPORATION GROUP BENEFIT
26 PLAN; WHOLE FOODS MARKET
   CALIFORNIA, INC., a California
27 corporation; WHOLE FOODS
28 MARKET, INC. CAFETERIA PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

1  WILLIAMS-SONOMA STORES, INC., a California corporation;
2  WILLIAMS-SONOMA, INC. HEALTH & WELFARE PLAN;
3  WIPRO LIMITED, an India corporation; WIPRO HEALTH AND
4  WELFARE PLAN; WOLVERINE WORLD WIDE, INC., a Delaware
5  corporation; WOLVERINE WORLDWIDE FLEXIBLE
6  SPENDING ACCOUNT PLAN;
7  WORLD TRAVEL HOLDINGS, INC.,
8  a Delaware corporation; WORLD TRAVEL HOLDINGS, INC.
9  FLEXIBLE BENEFIT PLAN;
10  WORLEYPARSONS CORPORATION, a Delaware
11  corporation; GROUP BENEFITS PLAN FOR EMPLOYEES OF
12  WORLEYPARSONS CORPORATION; WSA GROUP,
13  INC., a California corporation; WSA GROUP; WYNRIGHT
14  CORPORATION, an Illinois corporation; WYNRIGHT WELFARE
15  BENEFIT PLAN; XETA TECHNOLOGIES, INC., an Oklahoma
16  corporation; XETA TECHNOLOGIES, INC. WELFARE BENEFIT PLAN;
17  YUM! BRANDS, INC., a North Carolina corporation; YUM! BRANDS,
18  INC. RESTAURANT EMPLOYEES GROUP INSURANCE PLAN; ZALE
19  CORPORATION, a Texas corporation; ZALE CORPORATION BENEFITS
20  PLAN; and DOES 1 through 10, inclusive,

                    Defendants.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156926.1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC; BAKERSFIELD SURGERY INSTITUTE, LLC; CIRO SURGERY CENTER, LLC; (SEE ATTACHMENT "A" - ADDITIONAL PLAINTIFFS) | UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; (SEE ATTACHMENT "B" - ADDITIONAL DEFENDANTS) |

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Daron Tooch (SBN 137269)
Hooper, Lundy & Bookman, P.C.
1875 Century Park East, Suite 1600
Los Angeles, CA 90067
tel: (310) 551-8111 fax: (310) 551-8181

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☒ **MONEY DEMANDED IN COMPLAINT: $** to be proven at trial.

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 1132(a)(1)(B) for Recovery of ERISA benefits.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV14-2139

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)
CIVIL COVER SHEET
Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): ⌸ FORMTEXT

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County -- SEE ATTACHMENT "C" | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 829 Defendants in various states throughout the United States | . |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The claims of each plaintiff arose in the county in which plaintiff is located as indicated in Attachment "C" | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Daron Tooch_  Date March 20, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical Codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**CIVIL COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A" TO CIVIL CASE COVER SHEET

Almont Ambulatory Surgery Center, LLC, et al. v. UnitedHealth Group, Inc., et al.
U.S.D.C. Central District -- Civil Action No.

EAST BAY AMBULATORY SURGERY CENTER, LLC
MODERN INSTITUTE OF PLASTIC SURGERY & ANTIAGING, INC.
NEW LIFE SURGERY CENTER, LLC dba BEVERLY HILLS SURGERY CENTER
ORANGE GROVE SURGERY CENTER, LLC
PALMDALE SURGERY CENTER, LLC
SAN DIEGO AMBULATORY SURGERY CENTER, LLC
SAN JOAQUIN VALLEY SURGERY CENTER, LLC
SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF BEVERLY HILLS,
    INC.
VALENCIA AMBULATORY SURGERY CENTER, LLC
WEST HILLS SURGERY CENTER, LLC
INDEPENDENT MEDICAL SERVICES, INC.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156799.1

## ATTACHMENT "B" TO CIVIL CASE COVER SHEET

Almont Ambulatory Surgery Center, LLC, et al. v. UnitedHealth Group, Inc., et al.
U.S.D.C. Central District -- Civil Action No.

AARP, a District of Columbia corporation;
AARP EMPLOYEES WELFARE PLAN;
ACCENTURE, LLP, a Delaware limited liability partnership;
ACCENTURE UNITED STATES BENEFIT TRUST;
ACCOR NORTH AMERICA, INC., a Delaware corporation;
ACCOR NORTH AMERICA, INC. GROUP INSURANCE PLAN;
ACUSHNET COMPANY, a Delaware corporation;
ACUSHNET COMPANY CONSOLIDATED HEALTH AND WELFARE PLAN;
ACTAVIS, INC., a Delaware corporation;
ACTAVIS HEALTH AND WELFARE PLAN;
ADP TOTALSOURCE, INC., a Florida corporation;
ADP TOTALSOURCE, INC. HEALTH AND WELFARE PLAN;
AEGIS MEDIA AMERICAS, INC., a Delaware corporation;
AEGIS MEDIA NORTH AMERICA WELFARE BENEFIT PLAN;
AEGON USA, LLC, an Iowa limited liability company;
AEGON COMPANIES FLEXIBLE BENEFITS PLAN;
AERA ENERGY SERVICES COMPANY, a Delaware corporation;
AERA ENERGY SERVICES COMPANY MEDICAL BENEFITS PLAN;
AIR LIQUIDE USA, LLC, a Delaware limited liability company;
AIR LIQUIDE USA LLC GROUP BENEFITS PLAN;
AKZO NOBEL, INC., a Delaware corporation;
AKZO NOBEL, INC. SALARIED EMPLOYEES GROUP BENEFITS PROGRAM;
ALCON LABORATORIES, INC., a Delaware corporation;
ALCON LABORATORIES INC. VOLUNTARY EMPLOYEES BENEFICIARY
        ASSOCIATION TRUST;
ALEXANDER GALLO HOLDINGS, LLC, a Georgia limited liability company;
ALEXANDER GALLO HOLDINGS, LLC WELFARE BENEFIT PLAN;
ALL AMERICAN CONTAINERS, INC., a Florida corporation;
ALL AMERICAN CONTAINERS, INC. WELFARE BENEFIT PLAN;
ALLSTATE INSURANCE COMPANY, an Illinois corporation;
ALLSTATE CAFETERIA PLAN;
ALPHA MECHANICAL, INC., a California corporation;
ALPHA MECHANICAL HEATING & AIR CONDITIONING, INC. HEALTH INSURANCE
        PLAN;
ALTA RESOURCES CORP., a Wisconsin corporation;
ALTA RESOURCES CORP. PLAN;
ALTEC INDUSTRIES, INC., an Alabama corporation;
ALTEC INDUSTRIES INC. FLEXIBLE BENEFITS PLAN;
ALTEGRITY, INC., a Delaware corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  ALTEGRITY, INC. HEALTH & WELFARE PLAN;
   ALTURA CREDIT UNION, a California corporation;
2  ALTURA CREDIT UNION EMPLOYEE WELFARE BENEFIT PLAN;
3  AMERICAN AIRLINES, INC., a Delaware corporation;
   GROUP LIFE AND HEALTH BENEFITS PLAN FOR EMPLOYEES OF PARTICIPATING
4       AMR CORPORATION SUBSIDIARIES;
5  AMERICAN BUILDING SUPPLY, INC., a California corporation;
   AMERICAN BUILDING SUPPLY, INC. EMPLOYEE BENEFIT PLAN;
6  AMERICAN FINANCIAL GROUP, INC., a California corporation;
   AMERICAN FINANCIAL GROUP, INC. GROUP WELFARE BENEFIT PLAN;
7  AMERICAN INTERNATIONAL GROUP, INC., a California corporation;
8  AMERICAN INTERNATIONAL GROUP, INC. MEDICAL PLAN;
   ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company;
9  ANHEUSER-BUSCH EMPLOYEES BENEFIT TRUST;
10 ANIXTER, INC., a Delaware corporation;
   ANIXTER, INC. GROUP INSURANCE;
11 ANN, INC., a Delaware corporation;
   ANN, INC. WELFARE BENEFITS PLAN;
12 ANSCHUTZ ENTERTAINMENT GROUP, INC., a Colorado corporation;
13 AEG EMPLOYEE HEALTH & WELFARE PLAN;
   APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah limited liability company;
14 APARTMENT MANAGEMENT CONSULTANTS BENEFITS PLAN;
15 APL LIMITED, a Delaware corporation;
   WELFARE PLAN FOR EMPLOYEES OF APL LIMITED;
16 APOLLO HEALTH STREET, INC., a Delaware corporation;
   APOLLO HEALTH STREET WELFARE BENEFIT PLAN;
17 APPLE, INC., a California corporation;
18 APPLE, INC. HEALTH AND WELFARE BENEFIT PLAN;
   APPLE AMERICAN GROUP, LLC, a Delaware limited liability company;
19 APPLE AMERICAN GROUP, LLC SECTION 125 PLAN;
20 APTCO, LLC, a California limited liability company;
   APTCO, LLC;
21 ARCH ALUMINUM & GLASS CO., INC., a Florida corporation;
   ARCH ALUMINUM & GLASS CO., INC. EMPLOYEE WELFARE BENEFITS PLAN;
22 ARDENT SERVICES, LLC, a Louisiana limited liability company;
23 ARDENT SERVICES, LLC MEDICAL PLAN;
   AT&T CORP., a New York corporation;
24 AT&T UMBRELLA BENEFIT PLAN;
25 AT&T MOBILITY, LLC, a Delaware limited liability company;
   CINGULAR WIRELESS MEDICAL PLUS PLAN;
26 ATI SYSTEMS INTERNATIONAL, INC., a California corporation;
   ATI SYSTEMS - A GARDA COMPANY GROUP HEALTH PLAN;
27 AUCTION.COM, LLC, a Delaware limited liability company;
28 AUCTION.COM EMPLOYEE BENEFIT PLAN;

1156801.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  AUTOMATIC DATA PROCESSING, INC., a Nevada corporation;
   AUTOMATIC DATA PROCESSING, INC. FLEX 2000 PLAN;
2  AVERY DENNISON CORPORATION; a Delaware corporation;
3  AVERY DENNISON CORPORATION HEALTH AND WELFARE PLAN;
   AVON PRODUCTS, INC., a New York corporation;
4  AVON PRODUCTS INC. MEDICAL PLAN FOR ACTIVE EMPLOYEES;
5  BAKER HUGHES INCORPORATED, a Delaware corporation;
   BAKER HUGHES INCORPORATED WELFARE BENEFITS PLAN;
6  BARNES & NOBLE, INC., a Delaware corporation;
   BARNES & NOBLE, INC. COMPREHENSIVE MEDICAL AND DENTAL PLAN;
7  BAUSCH & LOMB INCORPORATED, a New York corporation;
8  BAUSCH & LOMB COMPREHENSIVE MEDICAL PLAN;
   BAYSIDE MANAGEMENT COMPANY, LLC, a California limited liability company;
9  BAYSIDE MANAGEMENT COMPANY LLC EMPLOYEE BENEFIT PLAN;
10 BBA AVIATION USA, INC., a Delaware corporation;
   BBA AVIATION BENEFIT PLAN;
11 BECTON, DICKINSON AND COMPANY, a New Jersey corporation;
   BECTON, DICKINSON AND COMPANY GROUP LIFE AND HEALTH PLAN;
12 BELMONT VILLAGE, LP, a Delaware limited partnership;
13 BELMONT VILLAGE LP HEALTHCARE BENEFITS PLAN;
   BENNETT INTERNATIONAL GROUP, LLC, a Georgia limited liability company;
14 BENNETT MOTOR EXPRESS MANAGEMENT EMPLOYEE BENEFIT PLAN;
15 BERRY PETROLEUM COMPANY, a Delaware corporation;
   BERRY PETROLEUM COMPANY COMPREHENSIVE HEALTH AND WELFARE BENEFIT
16     PLAN;
17 BEST BUY CO., INC., a Minnesota corporation;
   BEST BUY FLEXIBLE BENEFITS PLAN;
18 BEST MEDICAL INTERNATIONAL, INC., a Virginia corporation;
   BEST MEDICAL INTERNATIONAL BENEFIT PLAN;
19 BIOMED REALTY, LP, a Maryland limited partnership;
20 BIOMED REALTY, LP WELFARE BENEFITS PLAN;
   BLACK BOX NETWORK SERVICES, INC., a California corporation;
21 BLACK BOX NETWORK SERVICES GROUP MEDICAL PLAN;
22 BMS ENTERPRISES, INC., a California corporation;
   BMS ENTERPRISES, INC., EMPLOYEE INJURY BENEFIT PLAN;
23 BMW OF NORTH AMERICA, LLC, a Delaware limited liability company;
   BMW OF NORTH AMERICA LLC HEALTH AND WELFARE PLANS;
24 BNSF RAILWAY COMPANY, a Delaware corporation;
25 BNSF RAILWAY COMPANY FLEXIBLE BENEFIT PLAN;
   BOAT AMERICA CORPORATION, a Virginia corporation;
26 BOAT U.S. HEALTH PLAN;
27 BOSTON MARKET CORPORATION, a Delaware corporation;
   BOSTON MARKET CORPORATION HEALTH AND WELFARE PLAN;
28

3

1  BRADY CORPORATION, a Wisconsin corporation;
   W.H. BRADY CO. INSURED BENEFITS PLAN;
2  BRIGHTHOUSE, INC., a Delaware corporation;
3  ADVANCE/NEWHOUSE PARTNERSHIP HEALTH BENEFITS PLAN;
   BRINKER SERVICES CORPORATION, a Florida corporation;
4  BRINKER INTERNATIONAL, INC. WELFARE BENEFIT PLAN;
5  BRINK'S INCORPORATED, a Delaware corporation;
   THE BRINKS COMPANY COMPREHENSIVE HEALTH AND WELFARE PLAN;
6  BUCA RESTAURANTS 2, INC., a Minnesota corporation;
   BUCA INC. HEALTH CARE BENEFIT PLAN;
7  BUILDING MATERIALS CORPORATION OF AMERICA, a Delaware corporation;
8  GAF MATERIALS CORPORATION WELFARE BENEFIT PLAN;
   BUPA WORLDWIDE CORPORATION, a Florida corporation;
9  BUPA WORLDWIDE CORPORATION HEALTH & BENEFITS PLAN;
10 BWAY CORPORATION, a Delaware corporation;
   BWAY CORPORATION COMPREHENSIVE MEDICAL PLAN;
11 CALIBER HOME LOANS, INC., a Delaware corporation, F/K/A VERICREST FINANCIAL, INC.;
12 VERICREST FINANCIAL, INC. WELFARE AND BENEFITS PLAN;
13 CALIFORNIA CHARTER SCHOOLS ASSOCIATION, a California corporation;
   CCSA EMPLOYEE BENEFIT WELFARE TRUST C/O BRMS;
14 CALIFORNIA HEALTHCARE INDUSTRY PROGRAM, a California corporation;
15 CALIFORNIA HEALTHCARE INDUSTRY TRUST;
   CBEYOND COMMUNICATIONS, LLC, a Delaware limited liability company;
16 CBEYOND COMMUNICATIONS HEALTH AND WELFARE PLAN;
17 CBIZ MHM, LLC, a Delaware limited liability company;
   CBIZ INC. GROUP HEALTH AND WELFARE PLAN;
18 CBS CORPORATION, a Delaware corporation;
   CBS HEALTH AND WELFARE BENEFITS PLAN;
19 CEC ENTERTAINMENT CONCEPTS, LP, a Texas limited partnership;
20 CEC ENTERTAINMENT WELFARE BENEFIT PLAN;
   CENTRAL PARKING SYSTEM, a Tennessee corporation;
21 CENTRAL PARKING SYSTEM HEALTH AND WELFARE PLAN;
22 CENTRIC GROUP, LLC, a Delaware limited liability company;
   CENTRIC GROUP HOSPITAL PLAN;
23 CGX ENERGY, LLC, a North Carolina limited liability company, F/K/A COGENTRIX ENERGY, LLC;
24 COGENTRIX ENERGY, LLC GROUP INSURANCE PLAN;
   C.H. ROBINSON COMPANY, INC., a Minnesota corporation;
25 CH ROBINSON COMPANY GROUP HEALTH MAJOR MEDICAL PLAN;
26 CHARLOTTE RUSSE, INC., a California corporation;
   CHARLOTTE RUSSE HOLDING, INC. WELFARE BENEFIT PLAN;
27 CHARMING SHOPPES, INC., a Pennsylvania corporation;
28 CHARMING SHOPPES, INC. MEDICAL PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

4

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1   CHEVRON CORPORATION, a Delaware corporation;
    CHEVRON CORPORATION OMNIBUS HEALTH CARE PLAN;
2   CHILD DEVELOPMENT INCORPORATED, a California corporation;
3   CDI GROUP WELFARE PLAN;
    CITIGROUP MANAGEMENT CORP., a Delaware corporation;
4   CITIGROUP HEALTH BENEFIT PLAN;
5   CLASSIC PARTY RENTALS, INC., a California corporation;
    CLASSIC PARTY RENTALS HEALTH & WELFARE PLAN;
6   CNA FINANCIAL CORPORATION, a Delaware corporation;
    CNA FINANCIAL CORPORATION HEALTH AND GROUP BENEFITS PROGRAM;
7   COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, a Delaware corporation;
8   COGNIZANT HEALTH & WELFARE BENEFIT PLAN;
    COLONIAL BANCGROUP, INC., a Delaware corporation;
9   COLONIAL BANCGROUP CAFETERIA PLAN;
10  COMFORT SYSTEMS USA, INC., a Delaware corporation;
    COMFORT SYSTEMS USA HEALTH & WELFARE PLAN;
11  COMMSCOPE, INC. OF NORTH CAROLINA, a North Carolina corporation;
    COMMSCOPE WELFARE BENEFIT PLAN;
12  COMMUNITY DEVELOPMENT INSTITUTE HEAD START, a Colorado corporation;
13  COMMUNITY DEVELOPMENT INSTITUTE GROUP MEDICAL, DENTAL & LIFE
        INSURANCE FOR EMPLOYEES;
14  CONESYS, INC., a California corporation;
15  CONESYS EMPLOYEE BENEFIT PLAN;
    CONMED CORPORATION, a New York corporation;
16  CONMED CORPORATION HEALTHCARE PLAN;
17  CONSTRUCTION TEAMSTERS SECURITY FUND FOR SOUTHERN CALIFORNIA;
    CORT BUSINESS SERVICES CORPORATION, a Delaware corporation;
18  CORT BUSINESS SERVICES CORPORATION GROUP INSURANCE PLAN;
    COVIDIEN, LP, a Delaware limited partnership;
19  COVIDIEN HEALTH & WELFARE BENEFITS PLAN;
20  CREDIT AGRICOLE CHEUVREUX NORTH AMERICA, INC., a Delaware corporation;
    CREDIT AGRICOLE INSURANCE PLAN;
21  CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company;
    CREDIT SUISSE SECURITIES (USA) LLC GROUP HEALTH CARE PLAN;
22  CROWLEY MARITIME CORPORATION, a Delaware corporation;
23  CROWLEY MARITIME CORPORATION WELFARE HEALTH LIFE & ACCIDENTAL
        DEATH & DISMEMBERMENT PLANS;
24  CYTEC INDUSTRIES, INC., a Delaware corporation;
25  CYTEC INDUSTRIES INC. HEALTH AND WELFARE PLAN;
    DANAHER CORPORATION, a Delaware corporation;
26  DANAHER CORPORATION & SUBSIDIARIES MEDICAL PLAN;
27  DARDEN RESTAURANTS, INC., a Florida corporation;
    DARDEN GROUP LIFE AND HEALTH BENEFIT PLAN FOR SALARIED EMPLOYEES;
28  DEERE & COMPANY, a Delaware corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156801.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  JOHN DEERE FLEXIBLE BENEFITS PLAN;
   DELLACAMERA CAPITAL MANAGEMENT, LLC, a Delaware limited liability company;
2  DELLACAMERA CAPITAL MANAGEMENT, LLC HEALTH AND WELFARE PLAN;
3  DELOITTE, LLP, a Pennsylvania limited liability partnership;
   DELOITTE & TOUCHE WELFARE BENEFIT PLAN;
4  DELTA AIR LINES, INC., a Delaware corporation;
5  DELTA FAMILY-CARE MEDICAL PLAN;
   DENSO SALES CALIFORNIA, INC., a California corporation;
6  DENSO SALES CALIFORNIA, INC. GROUP INSURANCE PLAN;
7  DEVRY, INC., a Delaware corporation;
   DEVRY INC. WELFARE BENEFIT PLAN;
8  DGA – PRODUCERS PENSION AND HEALTH PLANS, INC., a California corporation;
   PRODUCERS' HEALTH BENEFITS PLAN;
9  DHL EXPRESS, INC., an Ohio corporation;
10 DHL WORLDWIDE EXPRESS GROUP INSURANCE PLAN;
   DIAGEO NORTH AMERICA, INC., a Connecticut corporation;
11 DIAGEO NORTH AMERICA, INC. MEDICAL CARE AND LIFE INSURANCE PLAN FOR
        SALARIED AND RETIRED EMPLOYEES;
12 DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company;
13 DISCOVERY COMMUNICATIONS WELFARE BENEFIT PLAN;
   DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation;
14 DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. WELFARE BENEFIT PLAN;
15 DOOR TO DOOR STORAGE, INC., a Washington corporation;
   DOOR TO DOOR STORAGE HEALTH & WELFARE PLAN;
16 DR. PEPPER SNAPPLE GROUP, INC., a Delaware corporation;
17 DR. PEPPER SNAPPLE GROUP, INC. HEALTH PLAN;
   DRIVETIME AUTOMOTIVE GROUP, INC., a Delaware corporation;
18 DRIVETIME WELFARE BENEFIT PLAN;
19 DS WATERS OF AMERICA, INC., a Delaware corporation;
   DS WATERS OF AMERICA, INC. HEALTH AND WELFARE PLAN;
20 ECOLAB, INC., a Delaware corporation;
21 ECOLAB HEALTH AND WELFARE BENEFITS PLAN;
   EDISON INTERNATIONAL, a California corporation;
22 EDISON INTERNATIONAL WELFARE BENEFIT PLAN NUMBER TWO;
   EDWARD D. JONES & CO., LP, a Missouri limited partnership;
23 EDWARD D. JONES & CO. EMPLOYEES HEALTH AND WELFARE PROGRAM;
   ELECTROGRAPH SYSTEMS, INC., a New York corporation;
24 ELECTROGRAPH SYSTEMS HEALTH AND WELFARE PLAN;
25 EMCOR GROUP, INC., a Delaware corporation;
   EMCOR GROUP, INC. EMPLOYEE WELFARE PLAN;
26 ENSIGN UNITED STATES DRILLING, INC., a California corporation;
   ENSIGN US DRILLING EMPLOYEE BENEFIT PLAN;
27 ENTERPRISE HOLDINGS, INC., a Missouri corporation;
28 ENTERPRISE HOLDINGS HOSPITAL INSURANCE PLAN;

1   ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC., a California corporation;
2   ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC. LIFE, LTD. TRAVEL ACCIDENT, VISION SERVICE, MEDICAL DENTAL;
3   EPSON AMERICA, INC., a California corporation;
    EPSON AMERICA INC. GROUP PLAN;
4   EQUITY RESIDENTIAL SERVICES, LLC, a Delaware limited liability company;
5   EQUITY RESIDENTIAL PROPERTIES TRUST GROUP INSURANCE PLAN;
    ERNST & YOUNG, LLP, a Delaware limited liability partnership;
6   ERNST & YOUNG MEDICAL PLAN;
    ESSILOR OF AMERICA, INC., a Delaware corporation;
7   ESSILOR OF AMERICA, INC. EMPLOYER WELFARE BENEFIT PLAN;
8   ESTEE LAUDER, INC., a Delaware corporation;
    THE ESTEE LAUDER COMPANIES, INC. GROUP MEDICAL, DENTAL, PRESCRIPTION
9       DRUG, LONG TERM DISABILITY, LIFE, ACCIDENTAL DEATH AND
        DISMEMBERMENT PLAN;
10  EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation;
11  EXPERIAN INFORMATION SOLUTIONS, INC. HEALTH AND WELFARE PLAN;
    EXPRESS MESSENGER SYSTEMS, INC., a Delaware corporation;
12  EXPRESS MESSENGER SYSTEMS, INC. dba ONTRAC;
13  EXPRESSJET AIRLINES, INC., a Utah corporation;
    EXPRESSJET AIRLINES, INC. CONSOLIDATED WELFARE BENEFIT PLAN;
14  FARMERS GROUP, INC., a Nevada corporation;
    FARMERS GROUP, INC. EMPLOYEE PREPAID BENEFIT PLAN;
15  FC USA, INC., a New York corporation;
16  FC USA INC. BENEFITS;
    FERRAGAMO USA, INC., a New York corporation;
17  FERRAGAMO USA, INC.;
18  FIDELITY BROKERAGE SERVICES, LLC, a Delaware limited liability company;
    FIDELITY GROUP EMPLOYEES MEDICAL, DENTAL AND CAFETERIA PLAN;
19  FIFTH & PACIFIC COMPANIES, INC., a Delaware corporation;
20  FNPC HEALTH AND WELFARE PLAN;
    FINRA DISPUTE RESOLUTION, INC., a Delaware corporation;
21  FINRA EMPLOYEE GROUP MEDICAL, DENTAL, LIFE, DISABILITY, AD&D & VISION
        PLAN;
22  FISERV, INC., a Wisconsin corporation;
23  FISERV, INC. WELFARE BENEFIT PLAN;
    FIVE STAR QUALITY CARE-CA, INC., a Delaware corporation;
24  FIVE STAR QUALITY CARE;
25  FLEXTRONICS INTERNATIONAL USA, INC., a California corporation;
    FLEXTRONICS EMPLOYEE BENEFITS PLAN;
26  FOOT LOCKER RETAIL, INC., a New York corporation;
    FOOT LOCKER WELFARE BENEFIT PAYMENT PLAN;
27  FOUNDERS HEALTHCARE, LLC, an Arizona limited liability company;
28  FOUNDERS HEALTHCARE, LLC PREFERRED HOMECARE EMPLOYEE BENEFIT PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

7

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

FOX ENTERTAINMENT GROUP, INC., a Delaware corporation;
FOX HEALTH PLAN;
FRESENIUS KABI USA, LLC, a Delaware limited liability company;
FRESENIUS KABI USA EE BENEFIT PLAN;
FUGATE AVIATION, INC., a Kansas corporation;
FUGATE ENTERPRISES EMPLOYEE WELFARE BENEFIT PLAN;
FUTURE ELECTRONICS CORP., a Massachusetts corporation;
FUTURE ELECTRONICS CORP. GROUP INSURANCE PLAN;
G4S SECURE SOLUTIONS, INC., a Florida corporation;
WELFARE TRUST FOR G4S SECURE SOLUTIONS USA INC. AND AFFILIATES;
GAP, INC., a California corporation;
GAP INC. HEALTH AND LIFE PLAN;
GENERAL ELECTRIC COMPANY, a New York corporation;
GE GLOBAL HEALTH PLAN;
GENERAL PARTS, INC., a North Carolina corporation;
GENERAL PARTS, INC. EMPLOYEE BENEFITS PLAN MEDICAL INSURANCE;
GENON ENERGY SERVICES, LLC, a Delaware limited liability company;
GENON ENERGY GROUP WELFARE BENEFITS PLAN;
GENPACT PROCESS SOLUTIONS, LLC, a Delaware limited liability company;
GENPACT WELFARE BENEFIT PLAN;
GEORG FISCHER SIGNET, LLC, a California limited liability company;
GEORG FISCHER EMPLOYEE BENEFIT PLAN;
GEORGIA-PACIFIC, LLC, a Delaware limited liability company;
GEORGIA-PACIFIC LLC LIFECHOICES BENEFITS PROGRAM FOR SALARIED AND
        SALARIED BENEFITS ELIGIBLE EMPLOYEES;
GF HEALTH PRODUCTS, INC., a Delaware corporation;
GF HEALTH PRODUCTS INC.;
GLAXOSMITHKLINE, LLC, a Delaware limited liability company;
GLAXOSMITHKLINE HEALTH AND WELFARE BENEFITS PLAN FOR US EMPLOYEES;
MAIL TERMINAL SERVICES, LLC WELFARE PLAN;
GP STRATEGIES CORPORATION, a Delaware corporation;
GP STRATEGIES CORPORATION WELFARE BENEFIT PLAN;
GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, a Colorado corporation;
GREAT-WEST LIFE & ANN INS FLEXIBLE BENEFIT PLAN;
GREENBERG TRAURIG, PA, a Florida Professional Association;
GREENBERG TRAURIG, PA GROUP HEALTH INSURANCE PLAN FOR EMPLOYEES;
GREYSTAR MANAGEMENT SERVICES, LP, a Delaware limited partnership;
GREYSTAR MANAGEMENT SERVICES, LLP;
GTECH CORPORATION, a Delaware corporation;
GTECH CORPORATION PARTICIPANT BENEFIT PLAN;
HD SUPPLY, INC., a Delaware corporation;
HD SUPPLY HEALTH AND WELFARE PROGRAM;
HEALTH INVENTURES, LLC, a Delaware limited liability company;
HEALTH INVENTURES HEALTH AND WELLNESS BENEFIT PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1156801.1

1  HEALTHCARE PARTNERS MEDICAL GROUP, INC., a California corporation;
   HEALTHCARE PARTNERS MEDICAL GROUP, INC. WELFARE BENEFIT PLAN;
2  HEARTLAND AUTOMOTIVE SERVICES, INC., a Minnesota corporation;
3  HEARTLAND AUTOMOTIVE SERVICES, INC. GROUP MEDICAL AND LIFE PLAN;
   HEWLETT-PACKARD COMPANY, a Delaware corporation;
4  HEWLETT-PACKARD COMPANY HEALTH MAINTENANCE ORGANIZATION
5     PROGRAM;
   HOFFMAN-LA ROCHE, INC., a New Jersey corporation;
6  MEDICAL PLAN OF HOFFMAN-LA ROCHE INC.;
   HOGG ROBINSON USA, LLC, a New York limited liability company;
7  HRG NORTH AMERICA WELFARE PLAN;
8  HONEYWELL INTERNATIONAL, INC., a Delaware corporation;
   HONEYWELL INTERNATIONAL INC. BENEFIT PLAN;
9  HOTELS AB, LLC, a Delaware limited liability company;
   THE STANDARD/HOTELS AB WELFARE BENEFIT PLAN;
10 HOT TOPIC, INC., a California corporation;
11 HOT TOPIC, INC. HEALTH AND WELFARE PLAN;
   HUGO BOSS USA, INC., a Delaware corporation;
12 HUGO BOSS USA INC. WRAP WELFARE BENEFITS PLAN;
13 HUHTAMAKI AMERICAS, INC., a Delaware corporation;
   HUHTAMAKI AMERICAS, INC. GROUP INSURANCE PLAN;
14 IKARIA RESEARCH, INC., a Delaware corporation;
15 IKARIA, INC. WELFARE BENEFIT PLAN;
   IMORTGAGE.COM, INC., a Delaware corporation;
16 IMORTGAGE.COM, INC. CAFETERIA PLAN;
   INFORMA USA, INC., a Massachusetts corporation;
17 INFORMA USA, INC. AND SUBSIDIARIES INSURANCE PLAN;
18 ING NORTH AMERICA INSURANCE CORPORATION, a Delaware corporation;
   ING AMERICAS WELFARE BENEFITS PLAN;
19 INGRAM MICRO, INC., a Delaware corporation;
20 INGRAM MICRO INC. HEALTH & WELFARE PLAN;
   INSPERITY HOLDINGS, INC., a Delaware corporation, F/K/A ADMINISTAFF OF TEXAS,
21    INC.;
   INSPERITY GROUP HEALTH PLAN;
22 INSTANT WEB, INC., a Minnesota corporation;
23 INSTANT WEB INC. AND SUBSIDIARY MEDICAL BENEFIT PLAN;
   INTEGRA LIFESCIENCES CORPORATION, a Delaware corporation;
24 INTEGRA LIFESCIENCES CORP. MEDICAL/PRESCRIPTION, DENTAL AND STD PLAN;
   INTELSAT CORPORATION, a Delaware corporation;
25 INTELSAT GROUP WELFARE BENEFITS PLAN;
26 INTERCARE HOLDINGS, INC., a Delaware corporation;
   INTERCARE HOLDINGS, INC. HEALTH & WELFARE PLAN;
27 INTERNATIONAL ALUMINUM CORPORATION, a Texas corporation;
28 INTERNATIONAL ALUMINUM CORPORATION HEALTH AND WELFARE PLANS;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

9

1156801.1

INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation;
IBM MEDICAL & DENTAL PLAN FOR REGULAR AND PART-TIME EMPLOYEES;
INTERNATIONAL PAPER COMPANY, a New York corporation;
INTERNATIONAL PAPER GROUP INSURANCE PLAN;
INTERNATIONAL SPEEDWAY CORPORATION, a Florida corporation;
INTERNATIONAL SPEEDWAY CORPORATION WELFARE BENEFIT PLAN;
INTER-RAIL TRANSPORT, INC., a Florida corporation;
INTER-RAIL, INC. EMPLOYEE HEALTH PLAN
INTERSTATE HOTELS & RESORTS, INC., a Delaware corporation;
INTERSTATE HOTELS & RESORTS BENEFITS PROGRAM;
INX INTERNATIONAL INK CO., a Delaware corporation;
INX INTERNATIONAL GROUP MEDICAL/DENTAL PLAN;
J.C. PENNEY CORPORATION, INC., a Delaware corporation;
J.C. PENNEY CORPORATION, INC. HEALTH & WELFARE BENEFITS PLAN;
J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., a New York corporation;
THE JPMORGAN CHASE HEALTH & INCOME PROTECTION PLAN FOR ACTIVE EMPLOYEES;
JACK IN THE BOX, INC., a Delaware corporation;
JACK IN THE BOX, INC. CREW EMPLOYEES HEALTH & WELFARE PLAN;
JACKSON LEWIS, LLP, a New York limited liability partnership;
JACKSON LEWIS LLP WELFARE PLAN;
JACOBS ENGINEERING GROUP, INC., a Delaware corporation;
JACOBS ENGINEERING GROUP, INC. EMPLOYEE GROUP INSURANCE PLAN;
JETBLUE AIRWAYS CORPORATION, a Delaware corporation;
JETBLUE AIRWAYS GROUP HEALTH INSURANCE PLAN;
JOIE DE VIVRE HOSPITALITY, INC., a California corporation;
THE JOIE DE VIVRE EMPLOYEE BENEFIT PLAN;
JONES LANG LASALLE AMERICAS, INC., a Maryland corporation;
JONES LANG LASALLE GROUP BENEFITS PLAN;
KCI HOLDINGS LLC, a California limited liability company;
KCI HOLDING USA, INC. EMPLOYEE HEALTH CARE PLAN;
KELLOGG, BROWN & ROOT, INC., a Delaware corporation;
KELLOGG, BROWN & ROOT, INCORPORATED HOURLY EMPLOYEES HEALTH & WELFARE PLAN;
KELLY MITCHELL GROUP, INC., a Missouri corporation;
KELLY MITCHELL GROUP INC. MEDICAL PLAN;
KINDER MORGAN G.P., INC., a Delaware corporation;
KMI FLEXIBLE BENEFIT PLAN;
KINETIC CONCEPTS, INC., a Texas corporation;
KINETIC CONCEPTS, INC. EMPLOYEE BENEFITS TRUST;
KLA-TENCOR CORPORATION, a Delaware corporation;
KLA-TENCOR CORPORATION GROUP INSURANCE PLAN;
KONICA MINOLTA BUSINESS SOLUTIONS USA, INC., a New York corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1156801.1

1  KONICA MINOLTA BUSINESS SOLUTIONS USA, INC. LIFE, DISABILITY, ACCIDENT,
MEDICAL AND DENTAL PLAN;

2  L BRANDS, INC., a Delaware corporation, F/K/A LIMITED BRANDS, INC.;

3  LIMITED BRANDS, INC. HEALTH AND WELFARE BENEFITS PLAN;
LANDRY'S MANAGEMENT, LP, a Delaware limited partnership;

4  LANDRY'S MEDICAL BENEFIT PLAN;

5  LARSON-JUHL US, LLC, a Georgia limited liability company;
LARSON-JUHL US LLC WELFARE PLAN;

6  LA-Z-BOY INCORPORATED, a Michigan corporation;

7  LA-Z-BOY INCORPORATED MEDICAL PLAN;
LEAVITT GROUP AGENCY ASSOCIATION, a Utah corporation;

8  LEAVITT GROUP AGENCY ASSOCIATION HEALTH BENEFIT PLAN;

9  LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company;
LEVEL 3 COMMUNICATIONS, INC. WELFARE BENEFIT PLAN;

10  LEVY RESTAURANTS, INC., an Illinois corporation;
EMPLOYEE BENEFIT PLAN OF THE COMPASS GROUP USA, INC.;

11  LINDE NORTH AMERICA, INC., a Delaware corporation;

12  LINDE NORTH AMERICA, INC. INSURANCE PLAN;
LOCAL STAFF, LLC, a Delaware limited liability company;

13  MEDSTAFF, INC. SECTION 125 PLAN;

14  LOOMIS ARMORED US, LLC, a Texas limited liability company;
LOOMIS HEALTH & WELFARE PLAN;

15  L'OREAL USA S/D, INC., a Delaware corporation;
L'OREAL USA, INC. COMPREHENSIVE MEDICAL PLAN;

16  MAERSK, INC., a New York corporation;

17  MAERSK INC. ACTIVE NONUNION HEALTH AND WELFARE PLAN;
MAKO SURGICAL CORP., a Delaware corporation;

18  MAKO SURGICAL CORP HEALTH AND WELFARE BENEFIT PLAN;
MARUBENI ITOCHU STEEL AMERICA, INC., a Delaware corporation;

19  MISA GROUP BENEFIT PLANS;

20  MARY KAY, INC., a Delaware corporation;
MARY KAY, INC. COMPREHENSIVE EMPLOYEE HEALTH AND WELFARE PLAN;

21  MCCARTHY HOLTHUS, LP, a California limited partnership;

22  MCCARTHY & HOLTHUS, LLP WELFARE BENEFITS PLAN;
MCM CORPORATION, a North Carolina corporation;

23  HEALTH CARE PLAN OF THE EMPLOYEES OF MCM CORP;

24  MCMASTER-CARR SUPPLY COMPANY, an Illinois corporation;
MCMASTER-CARR SUPPLY COMPANY GROUP INSURANCE PROGRAM;

25  MCNICHOLS COMPANY, an Ohio corporation;
MCNICHOLS COMPANY HEALTH BENEFIT PLAN;

26  MEDCO HEALTH SOLUTIONS, INC., a Delaware corporation;

27  MEDCO HEALTH SOLUTIONS, INC. WELFARE BENEFIT PLAN;
MEDEGEN, INC., a California corporation;

28  MEDEGEN WELFARE BENEFIT PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

11

1156801.1

1 | MEDICAL SPECIALTIES DISTRIBUTORS, LLC, a Delaware limited liability company;
MEDICAL SPECIALTIES DISTRIBUTORS, LLC GROUP BENEFITS PLAN;
2 | METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation;
WELFARE BENEFIT PLAN FOR EES. OF METROPOLITAN LIFE;
3 | MIDAMERICAN ENERGY COMPANY, an Iowa corporation;
4 | MIDAMERICAN ENERGY COMPANY WELFARE BENEFIT PLAN;
5 | MILLARD REFRIGERATED SERVICES, INC., a Georgia corporation;
MILLARD REFRIGERATED SERVICES, INC. GROUP MAJOR MEDICAL;
6 | MISSION LINEN SUPPLY, a California corporation;
MISSION LINEN SUPPLY GROUP HEALTH;
7 | MITEK USA, INC., a Missouri corporation;
8 | MITEK USA, INC. WELFARE BENEFIT;
MOBILE MINI, INC., a Delaware corporation;
9 | MOBILE MINI, INC. BENEFIT PLAN;
10 | MOCEAN, LLC, a California limited liability company;
MOCEAN HEALTH AND WELFARE BENEFITS PLAN;
11 | MONAVIE, LLC, a Delaware limited liability company;
MONAVIE, LLC FRINGE BENEFIT PLAN;
12 | MONROVIA NURSERY COMPANY, a California corporation;
13 | MONROVIA NURSERY COMPANY EMPLOYEE BENEFIT PLAN;
MOUNTAIN VALLEY EXPRESS CO., INC., a California corporation;
14 | MOUNTAIN VALLEY EXPRESS CO. INC. WELFARE BENEFIT PLAN;
15 | MULTIPLAN, INC., a New York corporation;
HEALTH INSURANCE PLAN OF MULTIPLAN, INC.;
16 | MYRIAD GENETICS, INC., a Delaware corporation;
MYRIAD GENETICS, INC. WELFARE BENEFIT PLAN;
17 | NATIONAL CAPTIONING INSTITUTE, INC., a District of Columbia corporation;
18 | NATIONAL CAPTIONING INSTITUTE, INC. HEALTH & WELFARE BENEFITS PLAN;
NATIONAL FINANCIAL PARTNERS CORP., a Delaware corporation;
19 | NATIONAL FINANCIAL PARTNERS CORP. GROUP HEALTH PLAN FOR EMPLOYEES;
20 | NATIONAL MENTOR HOLDINGS, LLC, a Delaware limited liability company;
NATIONAL MENTOR HOLDINGS, LLC FLEXIBLE BENEFIT PLAN;
21 | NATIONAL RAILROAD PASSENGER CORPORATION, a District of Columbia corporation;
22 | AMPLAN, THE AMTRAK UNION BENEFITS PLAN;
NATIONAL RAILROAD PASSENGER CORPORATION CHOICEPLUS CAFETERIA PLAN;
23 | NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company;
NATIONSTAR MORTGAGE GROUP HEALTH AND WELFARE BENEFIT PLAN;
24 | NCH CORPORATION, a Delaware corporation;
NCH CORPORATION EMPLOYEE LIFE AND HEALTH BENEFIT PLAN;
25 | NEC CORPORATION OF AMERICA, a Nevada corporation;
GROUP INSURANCE PLAN FOR EMPLOYEES OF NEC AND AFFILIATES;
26 | NEFF RENTAL, LLC, a Delaware limited liability company;
27 | NEFF RENTAL LLC HEALTH & WELFARE PLAN;
28 | NESTLE USA, INC., a Delaware corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1156801.1

NESTLE USA NESCARE PLAN;
NETAPP, INC., a Delaware corporation;
NETAPP, INC. GROUP HEALTH PLAN;
NEW BREED CORPORATE SERVICES, INC., a New Jersey corporation;
NEW BREED CORPORATE SERVICES INC. WELFARE BENEFIT PLAN;
NIKE, INC., an Oregon corporation;
NIKE, INC. GROUP INSURANCE PLAN;
NORTHROP GRUMMAN CORPORATION, a Delaware corporation;
NORTHROP GRUMMAN CORPORATION GROUP BENEFITS PLAN;
NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware corporation;
NOVARTIS PHARMACEUTICALS CORP. WELFARE BENEFITS PLAN;
NPL CONSTRUCTION CO., a Nevada corporation;
NPL CONSTRUCTION CO. EMPLOYEE HEALTH BENEFIT PLAN;
NRC PAYROLL MANAGEMENT, LLC, a Delaware limited liability company;
NRC PAYROLL MANAGEMENT HEALTH AND WELFARE PLAN;
NURSEFINDERS, LLC, a Texas limited liability company;
NURSEFINDERS, INC. DBA MEDFINDERS WELFARE BENEFIT PLAN;
OBERTHUR TECHNOLOGIES OF AMERICA CORP., a Delaware corporation;
OBERTHUR TECHNOLOGIES OF AMERICA CORP. GROUP BENEFITS PLAN;
OCLC ONLINE COMPUTER LIBRARY CENTER, INC., an Ohio corporation;
OCLC EMPLOYEE WELFARE BENEFIT PLAN;
OLD DOMINION FREIGHT LINE, INC., a Virginia corporation;
OLD DOMINION EMPLOYEE BENEFIT PLAN;
OLIN CORPORATION, a Virginia corporation;
OLIN MEDICAL/DENTAL PLAN;
ONWARD HEALTHCARE, INC., a Delaware corporation;
ONWARD HEALTHCARE, INC. HEALTH AND WELFARE PLAN;
OPTUMINSIGHT, INC., a Delaware corporation;
ORIX USA CORPORATION, a Delaware corporation;
ORIX USA CORPORATION WELFARE PLAN;
OSRAM SYLVANIA, INC., a Delaware corporation;
OSRAM SYLVANIA, INC. PLAN FOR GROUP INSURANCE;
PAETEC HOLDING CORP., a Delaware corporation;
PAETEC HOLDING CORP. HEALTH CARE-MEDICAL;
PANALPINA, INC., a New York corporation;
PANALPINA, INC. WELFARE BENEFITS PLAN;
PARK ELECTROCHEMICAL CORP., a New York corporation;
PARK ELECTROCHEMICAL CORP. EMPLOYEE HEALTH & LIFE BENEFIT PLAN;
PARKER-HANNIFIN CORPORATION, an Ohio corporation;
GROUP INSURANCE PLAN HOURLY AND SALARIED EMPLOYEES OF PARKER
    HANNIFIN CORP.;
PARSONS CORPORATION, a Delaware corporation;
GROUP BENEFITS PLAN FOR EMPLOYEES OF PARSONS CORPORATION &
    DESIGNATED SUBSIDIARIES;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1156801.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  PAYLESS SHOESOURCE, INC., a Missouri corporation;
   PAYLESS SHOESOURCE, INC. MEDICAL PLAN;
2  PECHINEY PLASTIC PACKAGING, INC., a Delaware corporation;
3  ALCAN SALARIED WELFARE BENEFITS PROGRAM;
   PENTAIR, INC., a Minnesota corporation;
4  PENTAIR, INC. ACTIVE EMPLOYEE WELFARE PLAN;
5  PERFORMANCE FOOD GROUP, INC., a Colorado corporation;
   PERFORMANCE FOOD GROUP INC. EMPLOYEE BENEFITS PLAN;
6  PERKINS & MARIE CALLENDER'S, LLC, a Delaware limited liability company; PERKINS
   FLEXIBLE BENEFITS PLAN;
7  PEROT SYSTEMS CORPORATION, a Delaware corporation;
8  PEROT SYSTEMS CORPORATION HEALTH WRAP PLAN;
   PETCO ANIMAL SUPPLIES, INC., a Delaware corporation;
9  PETCO ANIMAL SUPPLIES INC. GROUP BENEFIT PLAN AND TRUST;
10 PETER KIEWIT SONS', INC., a Delaware corporation;
   PETER KIEWIT SONS', INC. HEALTH AND WELFARE PLAN;
11 PETSMART, INC., a Delaware corporation;
   PETSMART SMARTCHOICES BENEFIT PLAN;
12 PFIZER, INC., a Delaware corporation;
13 PFIZER MEDICAL PLAN;
   PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC, a Florida limited liability company;
14 PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC WELFARE BENEFIT PLAN;
15 PHIBRO ANIMAL HEALTH CORPORATION, a New York corporation;
   PHIBRO ANIMAL HEALTH CORPORATION HEALTH AND BENEFIT PLAN;
16 PLAINS ALL AMERICAN GP LLC, a Delaware limited liability company;
   PLAINS ALL AMERICAN GP LLC EMPLOYEE HEALTH BENEFIT PLAN;
17 PLATINUM HOME MORTGAGE CORPORATION, an Illinois corporation;
18 PLATINUM HOME MORTGAGE CORPORATION;
   PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation;
19 PLAYBOY HEALTH BENEFIT PLAN;
20 POLYCOM, INC., a Delaware corporation;
   POLYCOM, INC. FLEXIBLE SPENDING ACCOUNT PLAN;
21 PPS HOLDINGS, INC., a Tennessee corporation;
   PPS HOLDINGS, INC. EMPLOYEE BENEFIT PLAN;
22 PRADA USA CORP., a Delaware corporation;
23 PRADA USA CORPORATION WELFARE BENEFIT PLAN;
   PRECYSE SOLUTIONS, LLC, a Delaware limited liability company;
24 WELFARE BENEFIT PLAN FOR EMPLOYEES OF PRECYSE SOLUTIONS LLC;
25 PRIME ADMINISTRATION, LLC, a Delaware limited liability company;
   PRIME ADMINISTRATION LLC CONSOLIDATED HEALTH & WELFARE PLAN;
26 PROBUILD HOLDINGS, INC., a Delaware corporation;
   PROBUILD HOLDINGS, INC. WELFARE BENEFIT PLAN;
27 PROCTOR & GAMBLE RHD, INC., an Ohio corporation;
28 THE PROCTOR & GAMBLE HEALTH CARE PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  PROGRESSIVE LOGISTICS SERVICES, LLC, a Georgia limited liability company;
2  PROGRESSIVE LOGISTICS SERVICES, LLC MEDICAL & LIFE INSURANCE BENEFITS PLAN;
3  PROTECTION ONE ALARM MONITORING, INC., a Delaware corporation;
   PROTECTION ONE ALARM MONITORING, INC. WELFARE PLAN;
4  PROVIDENCE SERVICE CORPORATION, a Delaware corporation;
5  PROVIDENCE SERVICE CORPORATION HEALTH BENEFITS PLAN;
   PSC ENVIRONMENTAL SERVICES, LLC, a Delaware limited liability company;
6  PSC, LLC GROUP WELFARE BENEFITS PLAN;
   PSN USA HOLDINGS, INC., a Texas corporation;
7  PSN USA HOLDINGS, INC. WELFARE BENEFIT PLAN;
8  QBE FIRST INSURANCE AGENCY, INC., a California corporation;
   QBE FIRST GROUP HEALTH AND WELFARE PLAN;
9  QUANTUM CORPORATION, a Delaware corporation;
10 QUANTUM CORPORATION HEALTH AND WELFARE PLAN;
   RAINBOW USA, INC., a New York corporation;
11 RAINBOW USA, INC. MEDICAL PLAN;
   RAYTHEON COMPANY, a Delaware corporation;
12 RAYTHEON HEALTH BENEFITS PLAN;
13 RED WING SHOE COMPANY, INC., a Minnesota corporation;
   RED WING SHOE COMPANY FLEXIBLE BENEFIT PLAN;
14 REXAM, INC., a Delaware corporation;
15 GROUP INSURANCE PLAN FOR EMPLOYEES OF REXAM, INC.;
   REXNORD INDUSTRIES, LLC, a Delaware limited liability company;
16 REXNORD WELFARE PLAN;
   REYES HOLDINGS, LLC, a Delaware limited liability company;
17 THE REYES HOLDINGS FLEXIBLE BENEFITS PLAN;
18 RITE AID CORPORATION, a Delaware corporation;
   RITE AID CORPORATION HEALTH INSURANCE PLAN;
19 RURAL/METRO CORPORATION, an Arizona corporation;
20 RURAL METRO CORPORATION EMPLOYEE BENEFIT PLAN;
   RUSH TRUCK CENTERS OF CALIFORNIA, INC., a Delaware corporation;
21 RUSH ENTERPRISES MEDICAL PLAN;
   RYDER SERVICES CORPORATION, a Florida corporation;
22 RYDER SYSTEM, INC. FLEXIBLE BENEFITS PLAN;
23 S & A COMPUTER SERVICES, INC., a Georgia corporation;
   S AND A COMPUTER SERVICES WELFARE BENEFIT PLAN;
24 SADDLE CREEK CORPORATION, a Florida corporation;
25 SADDLE CREEK CORP. GROUP INSURANCE AND FLEXIBLE BENEFIT PLAN;
   SAFRAN USA, INC., a Delaware corporation;
26 SAFRAN USA, INC. CAFETERIA PLAN;
27 SAIA MOTOR FREIGHT LINE, LLC, a Louisiana limited liability company;
   SAIA MOTOR FREIGHT LINE LLC EMPLOYEE PREFERRED PROVIDER PLAN;
28 SALLY BEAUTY HOLDINGS, INC., a Delaware corporation;

1156801.1

1  SALLY BEAUTY HOLDINGS INC. HEALTH AND WELFARE PLAN;
SANTANDER CONSUMER USA, INC., an Illinois corporation;
2  SANTANDER CONSUMER USA INC. WELFARE BENEFIT PLAN;
3  SCHNEIDER NATIONAL, INC., a Wisconsin corporation;
SCHNEIDER NATIONAL, INC. FLEXIBLE BENEFITS PLAN;
4  SEASONS HOSPICE & PALLIATIVE CARE OF CALIFORNIA, INC., a California corporation;
5  SEASONS HOSPICE FLEXIBLE BENEFIT PLAN;
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation;
6  SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. WELFARE BENEFIT PLAN;
SELECT SPECIALIZED STAFFING, INC., a California corporation;
7  SELECT STAFFING – FLEXIBLE BENEFITS PLAN;
8  SHELL OIL COMPANY, a Delaware corporation;
SHELL OIL COMPANY COMPREHENSIVE WELFARE BENEFITS PLAN;
9  SIEMENS CORPORATION, a Delaware corporation;
SIEMENS CORPORATION GROUP LIFE, MEDICAL, DENTAL, VISION, HEARING AND
10      LONG TERM DISABILITY INCOME PLAN;
11  SILVERADO SENIOR LIVING HOLDINGS, INC., a Delaware corporation;
SILVERADO SENIOR LIVING HOLDINGS, INC. WELFARE BENEFITS PLAN;
12  SKYWEST AIRLINES, INC., a Utah corporation;
13  SKYWEST, INC. CAFETERIA PLAN;
SLEEP INNOVATIONS, INC., a New Jersey corporation;
14  SLEEP INNOVATIONS, INC. WELFARE BENEFIT PLAN;
SMURFIT KAPPA ORANGE COUNTY, LLC, a Delaware limited liability company, F/K/A
15      ORANGE COUNTY CONTAINER GROUP LLC;
16  ORANGE COUNTY CONTAINER GROUP MEDICAL PLAN;
SODEXO, INC., a Delaware corporation;
17  SODEXO, INC. MEDICAL BENEFITS PLAN;
18  SORRENTO CAPITAL, INC., a California corporation;
SORRENTO CAPITAL WELFARE BENEFITS PLAN;
19  SOURCEHOV, LLC, a Delaware limited liability company;
20  SOURCEHOV, LLC HEALTH AND WELFARE BENEFIT PLAN;
SOUTHWEST AIRLINES CO., a Texas corporation;
21  SOUTHWEST AIRLINES CO. WELFARE BENEFIT PLAN;
SOUTHWEST GAS CORPORATION, a California corporation;
22  SOUTHWEST GAS CORPORATION LIFE INSURANCE & HEALTH PLAN;
23  STATION CASINOS, INC., a Nevada corporation;
STATION CASINOS, INC. EMPLOYEE BENEFIT PLAN;
24  STEIN MART, INC., a Florida corporation;
STEIN MART, INC. & SUBSIDIARIES GROUP DISABILITY AND VISION PLAN;
25  STRYKER CORPORATION, a Michigan corporation;
26  STRYKER CORPORATION WELFARE BENEFITS PLAN;
SUNBURST HOSPITALITY CORPORATION, a Delaware corporation;
27  SUNBURST HOSPITALITY CORPORATION EMPLOYEE WELFARE PLAN;
28  SUNSTATE EQUIPMENT CO., LLC, a Delaware limited liability company;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1156801.1

SUNSTATE EQUIPMENT CO., LLC EMPLOYEE BENEFIT PLAN;
SYSTEMS APPLICATION & TECHNOLOGIES, INC., a Delaware corporation;
SYSTEMS APPLICATION AND TECHNOLOGIES, INC. HEALTH AND WELFARE PLAN;
TARGET CORPORATION, a Minnesota corporation;
TARGET CORPORATION EMPLOYEE UMBRELLA TRUSTEED BENEFIT PLAN;
TECH DATA CORPORATION, a Florida corporation;
TECH DATA CORPORATION EMPLOYEE WELFARE BENEFITS PLAN;
TEIJIN HOLDINGS USA, INC., a Delaware corporation;
TEIJIN HOLDINGS USA, INC. WELFARE BENEFITS PLAN;
TELAID INDUSTRIES, INC., a Connecticut corporation;
TELAID GROUP HEALTH PLAN;
TELECARE CORPORATION, a California corporation;
TELECARE CORPORATION GROUP WELFARE PLAN;
TESTAMERICA LABORATORIES, INC., a Delaware limited liability company;
TESTAMERICA EMPLOYEE BENEFITS PLAN;
TEXTRON, INC., a Delaware corporation;
TEXTRON BARGAINED INSURED BENEFITS PLAN;
TGI FRIDAY'S, INC., a New York corporation;
CRW FLEXIBLE BENEFIT PLAN;
THE ARORA GROUP, INC., a Maryland corporation;
THE ARORA GROUP, INC. MEDICAL AND PRESCRIPTION DRUG PLAN;
THE BOEING COMPANY, a Delaware corporation;
BOEING NORTH AMERICAN EMPLOYEE HEALTH PLAN;
THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation;
THE CHILDREN'S PLACE HEALTH CARE, SHORT TERM DISABILITY &  LIFE
        INSURANCE PLAN;
THE CLOROX COMPANY, a Delaware corporation;
THE CLOROX COMPANY GROUP INSURANCE PLAN;
THE COCA-COLA COMPANY, a Delaware corporation;
THE COCA-COLA COMPANY HEALTH AND WELFARE BENEFITS PLAN;
THE CONVERSE PROFESSIONAL GROUP, a California corporation;
THE CONVERSE PROFESSIONAL GROUP MAJOR MEDICAL PLAN;
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York corporation;
THE GUARDIAN HIGH DEDUCTIBLE HEALTH PLAN THROUGH
        UNITEDHEALTHCARE HOME OFFICE;
THE HAIN CELESTIAL GROUP, INC., a Delaware corporation;
THE HAIN CELESTIAL GROUP, INC. BENEFITS PLAN;
THE HERTZ CORPORATION, a Delaware corporation;
HERTZ CUSTOM BENEFIT PROGRAM;
THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation;
THE INTERPUBLIC MEDICAL AND DENTAL PLAN;
THE MCGRAW-HILL COMPANIES, INC., a New York corporation;
THE MCGRAW-HILL COMPANIES, INC. GROUP HEALTH PLAN;
THE SALVATION ARMY, a New York corporation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1156801.1

THE SALVATION ARMY FLEXIBLE BENEFIT PLAN;
THE SERVICEMASTER COMPANY, LLC, a Delaware limited liability company;
THE SERVICEMASTER HEALTH & WELFARE BENEFITS PLAN;
THE STERITECH GROUP, INC., a Georgia corporation;
THE STERITECH GROUP, INC. CAFETERIA PLAN;
THE TRAVELERS COMPANIES, INC., a Minessota corporation;
THE TRAVELERS TRUSTEED EMPLOYEE BENEFIT PLAN;
THE TURNER CORPORATION, a New York corporation;
THE TURNER CORPORATION WELFARE BENEFITS PLAN;
THERMO FISHER SCIENTIFIC, INC., a Delaware corporation;
THERMO FISHER SCIENTIFIC INC. GROUP INSURANCE PLAN;
TIC HOLDINGS, INC., a Colorado corporation;
TIC HOLDINGS, INC. WELFARE BENEFIT PLAN;
TIME WARNER CABLE, INC., a Delaware corporation;
TIME WARNER CABLE BENEFITS PLAN;
TIRE CENTERS, LLC, a California limited liability company;
TIRE CENTERS, LLC EMPLOYEE BENEFIT PLAN;
T-MOBILE USA, INC., a Delaware corporation;
T-MOBILE USA, INC. EMPLOYEE BENEFIT PLAN;
TOSHIBA AMERICA, INC., a Delaware corporation;
TOSHIBA AMERICA INC. GROUP WELFARE BENEFIT PLAN;
TOWERS WATSON AMERICA, LLC, a Delaware limited liability company;
TOWERS WATSON MEDICAL PLAN;
TRIBUNE COMPANY, a Delaware corporation;
TRIBUNE COMPANY BENEFIT PROGRAM;
TRINET HR CORPORATION, a California corporation, F/K/A GEVITY HR, INC.;
GEVITY HR INC. SECTION 125 PLAN;
TTX COMPANY, a Delaware corporation;
TTX COMPANY GROUP AND HEALTH PLAN;
TUCKER ELLIS, LLP, a Delaware limited liability partnership;
TUCKER ELLIS & WEST LLP WELFARE BENEFIT PLAN;
UNION BANK, N.A., a California corporation;
UNION BANK HEALTH BENEFIT PLAN;
UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;
UNION PACIFIC RAILROAD EMPLOYEES HEALTH SYSTEMS;
UNITED AIRLINES, INC., a Delaware corporation;
UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN;
UNITEDHEALTH GROUP EMPLOYEE HEALTH BENEFIT PLAN;
UNIVISION COMMUNICATIONS, INC., a Delaware corporation;
UNIVISION WELFARE BENEFITS PLAN;
UPM RAFLATAC, INC., a North Carolina corporation;
UPM-RAFLATAC, INC. HEALTH AND WELFARE BENEFIT PLAN;
URBAN DECAY COSMETICS, LLC, a Delaware limited liability company;
URBAN DECAY COSMETICS HEALTH AND WELFARE PLAN;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

18

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  U.S. AUTO PARTS NETWORK, INC., a Delaware corporation;
   US AUTO PARTS NETWORK INC. HEALTH AND WELFARE BENEFIT PLAN;
2  US AIRWAYS GROUP, INC., a Delaware corporation;
3  US AIRWAYS, INC. HEALTH BENEFIT PLAN;
   U.S. LOGISTICS, INC., an Oklahoma corporation;
4  U.S. LOGISTICS, INC. HEALTH AND DENTAL;
5  U.S. NURSING CORPORATION, a Colorado corporation;
   US NURSING CORP. EMPLOYEE BENEFIT PLAN;
6  USA TRUCK, INC., a Delaware corporation;
   USA TRUCK INC. WELFARE BENEFIT PLAN;
7  UTI SERVICES, INC., a California corporation;
8  UTI SERVICES, INC. WELFARE BENEFITS PLAN;
   VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware corporation;
9  VALEANT PHARMACEUTICALS INTERNATIONAL GROUP WELFARE PLAN;
10 VELOCITY EXPRESS, LLC, a Delaware limited liability company;
   VELOCITY EXPRESS, LLC FLEXIBLE BENEFITS PLAN;
11 VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA, LLC, a Wisconsin corporation;
12 VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA CORP. EMPLOYEE HEALTH
        PLAN;
13 VERIZON COMMUNICATIONS, INC., a Delaware corporation;
   VERIZON PLAN 550;
14 VIA TECHNOLOGIES, INC., a California corporation;
15 VIA TECHNOLOGIES, INC. HEALTH AND WELFARE PLAN;
   VIACOM, INC., a Delaware corporation;
16 VIACOM HEALTH PLAN;
17 VOLT INFORMATION SCIENCES, INC., a New York corporation;
   VOLT INFORMATION SCIENCES, INC. AND AFFILIATES EMPLOYEE WELFARE
18        BENEFITS PLAN;
   VULCAN MATERIALS COMPANY, a New Jersey corporation;
19 HEALTH & WELFARE BENEFIT PLANS OF VULCAN MATERIALS COMPANY;
20 W.W. GRAINGER, INC., an Illinois corporation;
   W.W. GRAINGER INC. GROUP BENEFIT PLAN I;
21 WACHOVIA FINANCIAL SERVICES, INC., a Delaware corporation;
   WACHOVIA CORPORATION HEALTH AND WELFARE PLAN;
22 WAL-MART STORES, INC., a Delaware corporation;
23 WAL-MART STORES, INC. ASSOCIATES HEALTH AND WELFARE PLAN;
   WELLS FARGO & COMPANY, a Delaware corporation;
24 WELLS FARGO & CO. HEALTH PLAN;
   WE'RE READY TO ASSEMBLE, INC., a Texas corporation (F/K/A NATIONAL PRODUCT
25        SERVICES, INC.) D/B/A IMPACT RESOURCE GROUP;
26 WE'RE READY TO ASSEMBLE DBA IMPACT RESOURCE GROUP BENEFIT PLAN;
   WESTWAYS STAFFING SERVICES, INC., a California corporation;
27 WESTWAYS STAFFING SERVICES HEALTH PLAN;
28 WHIRLPOOL CORPORATION, a Delaware corporation;

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1156801.1

WHIRLPOOL CORPORATION GROUP BENEFIT PLAN;
WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation;
WHOLE FOODS MARKET, INC. CAFETERIA PLAN;
WILLIAMS-SONOMA STORES, INC., a California corporation;
WILLIAMS-SONOMA, INC. HEALTH & WELFARE PLAN;
WIPRO LIMITED, an India corporation;
WIPRO HEALTH AND WELFARE PLAN;
WOLVERINE WORLD WIDE, INC., a Delaware corporation;
WOLVERINE WORLDWIDE FLEXIBLE SPENDING ACCOUNT PLAN;
WORLD TRAVEL HOLDINGS, INC., a Delaware corporation;
WORLD TRAVEL HOLDINGS, INC. FLEXIBLE BENEFIT PLAN;
WORLEYPARSONS CORPORATION, a Delaware corporation;
GROUP BENEFITS PLAN FOR EMPLOYEES OF WORLEYPARSONS CORPORATION;
WSA GROUP, INC., a California corporation;
WSA GROUP;
WYNRIGHT CORPORATION, an Illinois corporation;
WYNRIGHT WELFARE BENEFIT PLAN;
XETA TECHNOLOGIES, INC., an Oklahoma corporation;
XETA TECHNOLOGIES, INC. WELFARE BENEFIT PLAN;
YUM! BRANDS, INC., a North Carolina corporation;
YUM! BRANDS, INC. RESTAURANT EMPLOYEES GROUP INSURANCE PLAN;
ZALE CORPORATION, a Texas corporation;
ZALE CORPORATION BENEFITS PLAN;
and DOES 1 through 10, inclusive,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

ATTACHMENT "B" TO CIVIL CASE COVER SHEET

1

## ATTACHMENT "C" TO CIVIL CASE COVER SHEET

2

Almont Ambulatory Surgery Center, LLC, et al. v. UnitedHealth Group, Inc., et al.
U.S.D.C. Central District -- Civil Action No.

3

4

ALMONT AMBULATORY SURGERY CENTER, LLC, LOS ANGELES COUNTY

5

SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF BEVERLY HILLS, INC., LOS ANGELES COUNTY

6

VALENCIA AMBULATORY SURGERY CENTER, LLC, LOS ANGELES COUNTY
WEST HILLS SURGERY CENTER, LLC, LOS ANGELES COUNTY

7

INDEPENDENT MEDICAL SERVICES, INC., LOS ANGELES COUNTY
MODERN INSTITUTE OF PLASTIC SURGERY & ANTIAGING, INC., LOS ANGELES COUNTY

8

9

NEW LIFE SURGERY CENTER, LLC dba BEVERLY HILLS SURGERY CENTER, LOS ANGELES COUNTY

10

ORANGE GROVE SURGERY CENTER, LLC, LOS ANGELES COUNTY

11

PALMDALE SURGERY CENTER, LLC, LOS ANGELES COUNTY
BAKERSFIELD SURGERY INSTITUTE, LLC, KERN COUNTY

12

CIRO SURGERY CENTER, LLC, SANTA CLARA COUNTY

13

EAST BAY AMBULATORY SURGERY CENTER, LLC, ALAMEDA COUNTY
SAN DIEGO AMBULATORY SURGERY CENTER, LLC, SAN DIEGO COUNTY

14

SAN JOAQUIN VALLEY SURGERY CENTER, LLC, STANISLAUS COUNTY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1157457.1

1