ARTHUR F. SILBERGELD
arthur.silbergeld@nortonrosefulbright.com
**FULBRIGHT & JAWORSKI LLP**
555 S. Flower St., 41st Floor,
Los Angeles, California 90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494

SHAUNA CLARK (*pro hac vice application pending*)
shauna.clark@nortonrosefulbright.com
**FULBRIGHT & JAWORSKI LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246

Attorneys for Defendants
BAKER HUGHES INC. and BAKER HUGHES INC.
WELFARE BENEFITS PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITEDHEALTH GROUP, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. CV 14-2139R-VBKX<br><br>[Hon. Michael W. Fitzgerald]<br><br>**DEFENDANTS BAKER HUGHES INC. AND BAKER HUGHES INC. WELFARE BENEFITS PLAN'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),  AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:    June 25, 2014<br>Time:   1:00 p.m.<br>Ctrm.:   1600 |

# <u>TABLE OF CONTENTS</u>

**Page**

I.   Statement Of The Issues And Standard Of Review ................................1

II.  Background ..................................................................1

III. Arguments And Authorities ................................................2

    A. Claims I, II, III, and VII Fail Because The Governing Plan Does Not Permit Assignments Of Plan Benefit Payments…………………..................3

    B. Plaintiffs Provide No Facts To Support Any Claims Against The Baker Hughes Defendants…………………………………………………6

        1.   Plaintiffs Failure To Pay Erisa Plan Benefits Claim Must Be Dismissed ..................................................................6

        2.   Plaintiffs' Fiduciary Duty Claim Must Be Dismissed....................8

        3.   Plaintiffs' Claim For Equitable Relief Must Be Dismissed ............9

        4.   Plaintiffs' Statutory Violation Claims Must Be Dismissed............11

IV.  Conclusion ..................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................... 3, 7, 9, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................... 3, 7, 8, 9, 12

*Blankenship v. Chamberlain*,
    No. 4:08CV01168 ERW, 2009 WL 1421201 (E.D. Mo. May 20,
    2009) .......................................................................................................... 8

*Caraveo v. Nielsen Media Research, Inc.*,
    No. 9609 ..................................................................................................... 8

*Cinel v. Barna*,
    206 Cal. App. 4th 1383 (2012) .................................................................. 6

*City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*,
    156 F.3d 223 (1st Cir. 1998) ...................................................................... 5

*Cohen v. Indep. Blue Cross*,
    820 F. Supp. 594 (D.N.J. 2011) ........................................................... 6, 11

*Cohen v. Independence Blue Cross*,
    820 F. Supp. 2d 594 (D.N.J. 2011) ............................................................ 5

*Davidowitz v. Delta Dental Plan of Cal., Inc.*,
    946 F.2d 1476 (9th Cir. 1991) .................................................................... 4

*Ford v. MCI Comms. Corp. Health & Welfare Plan*,
    399 F.3d 1076 (9th Cir. 2005) .................................................................. 10

*Huffington v. Upchurch*,
    532 S.W.2d 576 (Tex. 1976) ...................................................................... 6

*Johnson v. Buckley*,
    356 F.3d 1067 (9th Cir. 2004) .................................................................. 10

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) .................................................................... 4

DOCUMENT PREPARED
ON RECYCLED PAPER

*Lazy Y Ranch Ltd. v. Behrens*,
   546 F.3d 580 (9th Cir. 2008) ....................................................... 4

*Manestar v. JP Morgan Chase Bank, N.A.*,
   No. ED CV 10–1823 CAS, 2011 WL 686252 (C.D. Cal. Feb. 16,
   2011) ............................................................................................. 4

*McBride v. PLM Int'l, Inc.*,
   179 F.3d 737 (9th Cir. 1999) ....................................................... 3

*Misic v. The Bldg. Serv. Emps. Health & Welfare Trust*,
   789 F.2d 1374 (9th Cir. 1986) ..................................................... 4

*Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*,
   371 F.3d 1291 (11th Cir. 2004) ................................................... 5

*Plains Builders, Inc. v. Steel Source, Inc.*,
   408 S.W.3d 596 (Tex. App.—Amarillo 2013) ............................. 5

*In Re Providian Fin. Corp. ERISA Litig.*,
   No. 01-05027 CRB, 2002 WL 31785044 (N.D. Cal. Nov. 14, 2002) ............... 10

*RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*,
   348 S.W.3d 444 (Tex. App.—Dallas 2011) ................................. 6

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ....................................................... 9

*St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*,
   49 F.3d 1460 (10th Cir. 1995) ..................................................... 5

*Tolson v. Avondale Indus., Inc.*,
   141 F.3d 604 (5th Cir. 1998) ..................................................... 10

*Varity Corp. v. Howe*,
   516 U.S. 489 (1996) .................................................................. 10

*Wang Labs., Inc. v. Kagan*,
   990 F.2d 1126 (9th Cir. 1993) ..................................................... 5

*Wash. Hosp. Ctr. Corp. v. Grp. Hospitalization and Med. Servs., Inc.*,
   758 F. Supp. 750 (D.D.C. 1991) ................................................. 5

Document Prepared
on Recycled Paper

iii

**Rules and Statutes**

29 U.S.C. § 1002(21)(A) ...................................................................................... 8

29 U.S.C. § 1022(a) ........................................................................................... 11

29 U.S.C. § 1024(b) ..................................................................................... 11, 12

29 U.S.C. § 1132(a)(1) ............................................................................... 3, 6, 10

29 U.S.C. § 1132(a)(2) ..................................................................................... 2, 8

29 U.S.C. § 1132(a)(3) .............................................................................. 9, 10, 11

29 U.S.C. § 1132(c)(1) ...................................................................................... 11

29 U.S.C. § 1332(a)(1) ........................................................................................ 2

29 U.S.C. § 1332(a)(3) ........................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ...................................................... 1, 2, 3, 8, 9, 11, 12

Fed. R. Civ. P. 8 ............................................................................................ 7, 8

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that at 1:00 p.m. on June 25, 2014, in Courtroom 1600, Moving Defendants, Baker Hughes Inc. and Baker Hughes Inc. Welfare Benefits Plan (collectively "Baker Hughes Defendants") will move this Court for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Almont Ambulatory Surgery Center, LLC; Bakersfield Surgery Institute, LLC; Ciro Surgery Center, LLC; East Bay Ambulatory Surgery Center, LLC; Modern Institute Of Plastic Surgery & Antiaging, Inc.; New Life Surgery Center, LLC; Orange Grove Surgery Center, LLC; San Diego Ambulatory Surgery Center, LLC; San Joaquin Valley Surgery Center, LLC; Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc.; Valencia Ambulatory Surgery Center, LLC; West Hills Surgery Center, LLC; and Independent Medical Services, Inc.'s (collectively "Plaintiffs") claims as to the Baker Hughes Defendants with prejudice.

## I.      STATEMENT OF THE ISSUES

The issue in this motion is whether Plaintiffs state any claims upon which relief can be granted as to the Baker Hughes Defendants. Plaintiffs do not, and their claims should be dismissed for two individual reasons. First, the Complaint fails to allege specific facts against the Baker Hughes Defendants as required by Fed. R. Civ. P. 12(b)(6).  Second, and independently, the Plaintiffs lack standing to pursue their claims.

## II.     BACKGROUND

This is a suit for benefits under an ERISA plan.  In March 2014, Almont Ambulatory Surgery Centers, together with fourteen other medical providers and surgery centers, filed this lawsuit.  Plaintiffs claim that they provided lap-band surgical procedures and other medical services related to lap-band surgery to patients who participated in self-funded and/or employer-sponsored health benefit plans.  *See* Compl., ECF 1 at ¶ 13.  Plaintiffs allege Co-Defendants United Health Group, Inc.; United Healthcare Services, Inc.; and UnitedHealthCare Insurance

Company (collectively "United Healthcare") exercised administrative responsibilities over these health benefit plans. *Id.* at ¶ 885. Plaintiffs further allege that prior to receiving medical care, patients' assigned to Plaintiffs the rights to collect payments from Co-Defendant United Healthcare. *Id.* at ¶ 900.

According to Plaintiffs, when they requested payment for the medical services from United Healthcare, United Healthcare "unlawfully prolong[ed] the claims administration process and ultimately den[ied] Plaintiffs' claims outright." *Id.* at ¶ 909. Additionally, Plaintiffs aver that Co-Defendant United Healthcare provided Plaintiffs with false reasons for withholding and denying payment and refused to provide plan documents upon request. *Id.* at ¶¶ 909, 955.

It is not surprising that Plaintiffs named various United Healthcare entities, however, Plaintiffs also name more than 800 employers and affiliated health plans allegedly affiliated with United Healthcare, including the Baker Hughes Defendants (collectively "ERISA Plan Defendants"). *Id.* at ¶ 909.

The Complaint asserts four causes of action against the ERISA Plan Defendants:  (1) an alleged violation of 29 U.S.C. § 1332(a)(1)(B) for failing to pay ERISA plan benefits; (2) a breach of fiduciary duties claim under 29 U.S.C. § 1132(a)(2); (3) an action for injunctive relief under 29 U.S.C. § 1332(a)(3); and (4) an action for statutory penalties and other relief. *Id.* at ¶¶1005, 1017,  1046, 1085.

## III.   ARGUMENTS AND AUTHORITIES

First, Plaintiffs lack standing to bring any claims against the Baker Hughes Defendants.  The Baker Hughes Inc. Welfare Benefits Plan expressly prohibits assignment of benefits.  Because the benefits cannot have been properly assigned, Plaintiffs as purported assignees cannot assert a claim for those benefits. Accordingly, Plaintiffs claim should be dismissed.

Second, Plaintiffs' Complaint does not allege any specific facts showing that the Baker Hughes Defendants did anything wrong.   Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  Consequently,

pursuant to Federal Rule of Civil Procedure 12(b)(6), all claims asserted against the Baker Hughes Defendants should be dismissed.

## A. Claims I, II, III, and VII Fail Because the Governing Plan Does Not Permit Assignments of Plan Benefit Payments

Plaintiffs do not have standing to bring this lawsuit because they are not participants, beneficiaries, or fiduciaries of ERISA-regulated plans.

ERISA's civil enforcement provision provides that "a civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(l). Because health care providers are not ERISA plan participants or beneficiaries, generally they do not have standing to bring ERISA claims. *See McBride v. PLM Int'l, Inc.*, 179 F.3d 737, 742 (9th Cir. 1999) ("Section 1132, the civil enforcement provision of ERISA, provides that a civil action may only be brought by a participant, a beneficiary, a fiduciary, or the Secretary of Labor."); *see also Misic v. The Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986) (holding that a health care provider only has standing to assert ERISA claims with a valid assignment of benefits).

Despite the general prohibition against health care provider standing, Plaintiffs' claim that they have standing by way of an assignment. *See* Compl. at ¶ 900. Plaintiffs are wrong. The Baker Hughes Inc. Welfare Benefits Plan contains an anti-assignment provision that unambiguously prohibits any participant or beneficiary from assigning benefits. *See* Baker Hughes Welfare Benefits Plan at 38, attached as Exhibit A.[1]

---

[1] When adjudicating a motion to dismiss, a court "need not accept as true allegations contradicting documents that are referenced in the complaint . . . ." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that consideration of materials discussed in the complaint is permitted when a plaintiff's claim depends on the contents of the document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document); *see also Manestar v. JP Morgan Chase Bank, N.A.*, No. ED CV 10–1823 CAS, 2011 WL 686252, at *2 (C.D. Cal. Feb. 16, 2011) (stating that the court may consider exhibits alleged in the complaint or submitted with it). The Ninth Circuit has

The Plan states:

> 12.3 **Anti-Alienation Provision.** No benefits under the Plan shall be subject to anticipation or assignment by a Participant or by a Dependent (except for assignments expressly authorized by the Administrator), to attachment by, interference with, or control of any creditor of a Participant or Dependent, or to being taken or reached by any legal or equitable process in satisfaction of any debt or liability of a Participant or Dependent prior to its actual receipt by the Participant or Dependent. An attempted conveyance, transfer, assignment, mortgage, pledge, or encumbrance of Plan benefits prior to payment shall be void, whether that conveyance, transfer, assignment, mortgage, pledge, or encumbrance is intended to take place or become effective before or after any payment. The Sponsor, Administrative Committee, Insurer, HMO or DMO shall never under any circumstances be required to recognize any conveyance, transfer, assignment, mortgage, pledge or encumbrance by a Participant or Dependent of Plan benefits, or to pay any money or thing of value to any creditor or assignee of a Participant or Dependent for any cause whatsoever . . . .

*Id.*

A number of federal and state courts, including the Ninth Circuit, have found that unambiguous anti-assignment provisions in group health care plans are valid. *See, e.g., Davidowitz v. Delta Dental Plan of Cal., Inc.,* 946 F.2d 1476, 1478 (9th Cir. 1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions."); *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.,* 371 F.3d 1291, 1294-96 (11th Cir. 2004) ("[A]n unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable."); *City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.,* 156 F.3d 223, 229 (1st Cir. 1998) ("Consistent with the other circuits which have addressed this issue, we hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.,* 49 F.3d 1460, 1464–65 (10th Cir. 1995) ("ERISA's silence on the issue of the assignability of insurance benefits leaves the matter to

---

ruled that the question of whether a Plaintiff (who is a service provider to an ERISA covered welfare plan) can take an assignment turns on the language of the ERISA plan. *Davidowitz*, 946 F.2d at 1480.

DOCUMENT PREPARED
ON RECYCLED PAPER

the agreement of the contracting parties."); *Wash. Hosp. Ctr. Corp. v. Grp. Hospitalization and Med. Servs., Inc.,* 758 F. Supp. 750, 755 (D.D.C. 1991) (holding that an anti-assignment provision was valid and enforceable after concluding that enforcement of the provision was not contrary to public policy). A plan's express anti-assignment provision bars any assignment of rights from plan beneficiaries to health care providers. *See id.*; *see also Cohen v. Independence Blue Cross,* 820 F. Supp. 2d 594, 605-06 (D.N.J. 2011) (dismissing physician's ERISA claim for lack of standing because health plan included non-assignment provision). The Baker Hughes' Plan is no different. Its anti-assignment provision unambiguously prohibits any participant or beneficiary from assigning benefits. Thus, the purported assignment of benefits to Plaintiffs is void.

Moreover, Plaintiffs cannot evade the anti-assignment clause by claiming waiver. Compl. at ¶¶ 904-908. The Baker Hughes Plan expressly directs that the provisions of the plan will be construed, administered, and governed under the laws of the State of Texas. *See Wang Labs., Inc. v. Kagan*, 990 F.2d 1126, 1129 (9th Cir. 1993) (permitting choice of law provisions in ERISA plans). Under Texas law, "[w]aiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." *Plains Builders, Inc. v. Steel Source, Inc.*, 408 S.W.3d 596, 605 (Tex. App.—Amarillo 2013) (citing *Huffington v. Upchurch*, 532 S.W.2d 576, 580 (Tex. 1976)).[2]

Plaintiffs' vague and conclusory allegations that some unknown "Defendants" received, processed or paid Plaintiffs' claims does not constitute unequivocal evidence of the Baker Hughes Defendants' intent to waive the Plan's anti-assignment provision. *See RM Crowe Prop. Servs. Co., L.P. v. Strategic*

---

[2] Even under California law, Plaintiffs' claim that the Baker Hughes Defendants waived the non-assignment provision would still fail. Under California law, there is a presumption against waiver of contract terms, and the party seeking to demonstrate waiver bears a heavy burden of proof. *See Cinel v. Barna*, 206 Cal. App. 4th 1383, 1389 (2012). Plaintiffs failed to set forth allegations sufficient to support a waiver claim against the Baker Hughes Defendants. Their vague and conclusory allegations that some "Defendants" received and processed Plaintiffs' claims is insufficient to meet this burden.

DOCUMENT PREPARED ON RECYCLED PAPER

1    *Energy, L.L.C.*, 348 S.W.3d 444, 450 (Tex. App.—Dallas 2011) ("And the fact that

2    [the defendant] agreed to send invoices directly to the properties and accepted

3    payment from [the plaintiff] does not demonstrate that [the defendant] waived

4    rights under the Agreement as a matter of law."); *Cohen*, 820 F. Supp. at 607

5    (finding that the clause prohibiting assignment in ERISA plan was not waived

6    because plaintiffs failed to allege that defendant decisively relinquished rights

7    under the plan).  Because the Baker Hughes Plan includes a valid anti-assignment

8    provision, the Court should dismiss Claim I, II, III, and VII because Plaintiffs do

9    not have standing to assert ERISA claims.

10 **B.    Plaintiffs Provide No Facts To Support Any Claims Against The Baker**
11        **Hughes Defendants**

12       Under Rule 12(b)(6), a complaint must contain sufficient factual detail to

13    "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

14    678-679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet

15    this plausibility requirement, the complaint must allege "more than an unadorned,

16    the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and

17    conclusions' or a 'formulaic recitation of the elements of a cause of action will not

18    do.'" *Id.* (internal citations omitted).  While a court conducting a 12(b)(6) analysis

19    must take factual allegations as true, a court is "not bound to accept as true a legal

20    conclusion couched as a factual allegation." *Id.*  Here, for Claims I through III and

21    Claim VII, Plaintiffs have proffered nothing more than "threadbare recitals of the

22    elements of a cause of action, supported by mere conclusory statements[.]" *Id.*

23    Accordingly, their Complaint does not contain the sufficient factual matter

24    necessary to survive a motion to dismiss. *Id.*

25        1.    <u>Plaintiffs Failure to Pay ERISA Plan Benefits Claim Must Be</u>
26           <u>Dismissed</u>

27       In their first claim, Plaintiffs seek to recover benefits from various self-

28    funded, employer-sponsored health benefit plans administered by United

Healthcare for lap-band procedures allegedly performed at Plaintiffs' surgery centers. Because Plaintiffs' Complaint lacks sufficient factual allegations to state a plausible claim for relief under 29 U.S.C. § 1132(a)(1)(B), it should be dismissed.

Plaintiffs' dispute is with United Healthcare and not with the Baker Hughes Defendants. Plaintiffs provide few factual allegations about any defendant besides United Healthcare. The only allegation in the 729 page Complaint specifically pertaining to the Baker Hughes Defendants is that Baker Hughes Inc. is a proper defendant because it is the "plan sponsor and plan administrator for the Baker Hughes Incorporated Welfare Benefits Plan," and "Patient 47" was a beneficiary under this plan. *See* Compl. at ¶ 144, App. A at 74.

Plaintiffs' Complaint does not allege <u>any facts</u> that indicate any wrongdoing by the Baker Hughes Defendants or show a nexus between Plaintiffs' alleged harm and the Baker Hughes Defendants' conduct. Plaintiffs have not alleged that the Baker Hughes Defendants make coverage or benefits decisions for claims made to United Healthcare. Indeed, Plaintiffs Complaint acknowledges that United Healthcare makes coverage and benefits decisions. *See* Compl. at ¶ 885. Moreover, Plaintiffs do not identify any terms of the Baker Hughes Welfare Benefit Plan that allegedly were breached (or even how much reimbursement should have been paid to a Baker Hughes Welfare Benefit Plan participant under the terms of the plan). Plaintiffs also fail to describe how the Baker Hughes Defendants allegedly participated in United Healthcare's purported refusal to pay health benefit claims.

Instead, with respect to all ERISA Plan Defendants, the Complaint broadly alleges, without any support, that the ERISA Plan Defendants "knew or should have known about such practices by United, who acted as their agent, and had a duty to prevent such behavior; instead they ratified and/or participated in these illegal acts." *Id.* at ¶ 909. This broad language fails to satisfy the pleading standard set forth in *Twombly*. *See Twombly*, 550 U.S. at 556. A complaint that makes

undifferentiated allegations against various defendants without explaining which allegations apply to which defendant simply does not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678. Likewise, conclusory allegations asserting that all defendants generally committed wrongdoing, without showing a nexus between the alleged harm and the defendants' conduct, does not satisfy the pleading requirements under Rule 8. *Twombly*, 550 U.S. at 555-58.

Here, Plaintiffs have not alleged any facts that show that the Baker Hughes Defendants participated in United Healthcare's alleged refusal to pay health benefit claims, or committed any other misconduct causing Plaintiffs' alleged harm. Therefore, Plaintiffs' first claim must be dismissed under Rule 12(b)(6).

2.   Plaintiffs' Fiduciary Duty Claim Must Be Dismissed

Plaintiff's second claim under 29 U.S.C. § 1132(a)(2) also should be dismissed.  To prevail on a breach of fiduciary duty claim, Plaintiff must establish: that (1) the defendant is a fiduciary of the plan who, (2) acting within its capacity as a plan fiduciary, (3) engaged in conduct constituting a breach of an ERISA fiduciary duty.  *See, e.g., Blankenship v. Chamberlain*, No. 4:08CV01168 ERW, 2009 WL 1421201, at *2 (E.D. Mo. May 20, 2009).  Once again, Plaintiffs' Complaint lacks sufficient factual allegations to state a plausible claim.

First, the Complaint fails to allege that the ERISA Plan Defendants owed fiduciary duties or responsibilities with respect to the distribution of plan benefits. In this case, Plaintiffs allege that United Healthcare, and not the ERISA Plan defendants, had discretionary authority and control over the denial of benefits. Compl. at ¶ 44 ("United, as the designated claims administrator for the plans, exercised sole discretion over claim pricing and payment of Plaintiffs' claims, and was responsible for authorizing medical treatment for its members."); *see also* 29 U.S.C. § 1002(21)(A) (defining a fiduciary as someone who "exercises any discretionary authority or discretionary control respecting management of such plan

or exercises any authority or control respecting management or disposition of its asserts"). Thus, the claim is properly subject to dismissal. *See Caraveo v. Nielsen Media Research, Inc.*, No. 9609 LBSRLE, 2003 WL 169767, at *6 (S.D.N.Y. Jan. 22, 2003) *aff'd sub nom. Caraveo v. U.S. E.E.O.C.*, 96 F. App'x 738 (2d Cir. 2004) (dismissing ERISA fiduciary duty claim against employer where plan administrator and not employer had discretion control over denial of benefits).

Second, the Complaint fails to include sufficient facts to support a claim that the ERISA Plan Defendants breached their alleged fiduciary duties.  Rather than provide any specific facts about the Baker Hughes Defendants specifically or the ERISA Plan Defendants generally, they rely only on conclusory statements that the ERISA Plan Defendants "improperly delegate[ed] plan administrative duties and fail[ed] to properly supervise to ensure compliance with plan provisions and ERISA requirements." *See* Compl. at ¶ 1030.  This is a mere legal conclusion unsupported with any facts.

The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).  Such statements are insufficient to survive a motion to dismiss. *Ashcroft,* 556 U.S. at 678-679; *Twombley*, 550 U.S. at 570 (holding that to survive a motion to dismiss, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do'").  Accordingly, dismissal of Plaintiffs' fiduciary duty claim against the Baker Hughes Defendants under Rule 12(b)(6) is proper.

### 3.   Plaintiffs' Claim For Equitable Relief Must Be Dismissed

In Claim III Plaintiffs seek declaratory, injunctive, and equitable relief against the Baker Hughes Defendants under 29 U.S.C. § 1132(a)(3) to prevent all Defendants from violating ERISA.  This claim must also be dismissed.  Like Claim

I and II, Plaintiffs fail to plead factual allegations necessary under the *Twombly* and *Iqbal* standards to support their claim.

The Federal Rules of Civil Procedure do not allow haphazard and uninformative pleading.  Here, Plaintiffs have lumped the various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties.  The resulting cause of action is so general that it fails to put the various defendants on notice of the allegations against them.  *In Re Providian Fin. Corp. ERISA Litig.*, No. 01-05027 CRB, 2002 WL 31785044, at *1 (N.D. Cal. Nov. 14, 2002) (dismissing ERISA complaint for failure to allege with specificity for each defendant, which duties were breached and how).  Accordingly, the Complaint fails to provide sufficient notice to the Baker Hughes Defendants of purported misconduct. As such, the Complaint fails to state a viable claim against them as a matter of law.

Moreover, Plaintiffs' Section 1132(a)(3) claim must also be dismissed because it is merely duplicative of their Section 1132(a)(1) and (a)(2) claims for denial of benefits and breach of fiduciary duty. The Ninth Circuit has long held that when relief is available under Section 1132(a)(1)(B) or (a)(2), courts will not allow relief under the Section 1132(a)(3) "catch-all provision."  *See Johnson v. Buckley*, 356 F.3d 1067, 1077-78 (9th Cir. 2004) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)); *see also Ford v. MCI Comms. Corp. Health & Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005) (finding ERISA Section 1132(a)(3) claim failed as a matter of law where plaintiff asserted specific claims under 1132(a)(1) and (a)(2)); *see also Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate.").

Notwithstanding their attempts to characterize their complaint otherwise, the Plaintiffs claims are simply for recovery of monetary benefits that they claim

DOCUMENT PREPARED ON RECYCLED PAPER

United Healthcare wrongfully denied. As discussed above, in Claim I Plaintiffs seek to recover health benefits under ERISA Section 1132(a)(1).  Similarly, in Claim III, Plaintiffs seek an order from the Court requiring Defendants to "timely re-process all claims that have been submitted by the Plaintiffs . . . and to *pay those claims* pursuant to the terms of the ERISA Plans." *See* Compl. at ¶1060.  Thus, Plaintiffs seek to recover monetary benefits they claim United Healthcare wrongfully denied under both claims, which demonstrates the impermissibly duplicative nature of the two claims. *See Cohen v. Indep. Blue Cross*, 820 F. Supp. 594, 608 (D.N.J. 2011) (dismissing duplicative breach of fiduciary duty claim). Since Plaintiffs' Section 1132(a)(3) claim seeks remedies that are available with a Section 1132(a)(1) and (a)(2) claim, they cannot state a claim for which relief can be granted under 1132(a)(3) and dismissal under Rule 12(b)(6) is proper.

### 4.   Plaintiffs' Statutory Violation Claims Must Be Dismissed

In Claim VII, Plaintiffs attempt to recover statutory penalties and other relief for the Defendants allegedly failing and refusing to comply with their requests for information and failing to provide summary plan descriptions and summaries. Compl. at ¶1101-10.  To recover the statutory penalties they seek, Plaintiffs must establish that the Baker Hughes Defendants failed or refused to comply within thirty days with their request for information that the Baker Hughes Defendants were required by ERISA to furnish them, unless such failure or refusal resulted from matters reasonably beyond the control of the Baker Hughes Defendants.  29 U.S.C. § 1132(c)(1).  Similarly, to establish a violation of Section 1024(b), Plaintiffs must establish that a summary plan description written in a manner calculated to by understood by the average plan participant was not furnished to participants and beneficiaries.  29 U.S.C. §§ 1022(a), 1024(b).

Plaintiffs' Count VII fails as to the Baker Hughes Defendants because their Complaint contains no factual allegations that state a plausible claim for relief under these provisions.  Plaintiffs' Complaint contains no specific allegations that

they requested plan information from the Baker Hughes Defendants. Nor does Plaintiffs' broad, conclusory accusation lead to a reasonable inference that Plaintiffs' ever requested plan information from the Baker Hughes Defendants, that the Baker Hughes Defendants were under a duty to provide this information, or that the Baker Hughes Defendants failed to timely provide this information.

No unlawful conduct is ascribed in Claim VII to any defendant, except for United Healthcare.  The Complaint states that Plaintiffs sent United Healthcare appeals letters requesting plan information and "**United** . . . fail[ed] to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters." *See* Compl. at ¶¶ 1097-98; *see id*. at App. A at 76 (emphasis added).

Rather than provide any facts to support their claims against the ERISA Plan Defendants in Claim VII, Plaintiffs instead rely only on "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft*, 556 U.S. at 678-679; *Twombly*, 550 U.S. at 570.  As the United States Supreme Court has made clear, such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Accordingly, the Baker Hughes Defendants respectfully requests that this Court dismiss Claim VII.

## IV.   CONCLUSION

For the foregoing reasons, Baker Hughes Inc. and Baker Hughes Inc. Welfare Benefits Plan respectfully request that this Court grant their Motion to Dismiss for Failure to State a Claim and dismiss Plaintiffs' Claims I, II, III, and VII against Baker Hughes Inc. and Baker Hughes Inc. Welfare Benefits Plan.

Dated: May 13, 2014

Respectfully submitted,

ARTHUR F. SILBERGELD
SHAUNA CLARK
**FULBRIGHT & JAWORSKI LLP**

By:   /s/ Arthur F. Silbergeld
ARTHUR F. SILBERGELD
Attorneys For Defendants
BAKER HUGHES INC. and BAKER
HUGHES INC. WELFARE BENEFITS
PLAN'S MOTION TO DISMISS

DOCUMENT PREPARED
ON RECYCLED PAPER

1

## **PROOF OF SERVICE**

2

3        I, Arthur F. Silbergeld, declare:

4        I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California  90071.

5

6

7        On May 13, 2014, I electronically filed the attached document(s): ***DEFENDANTS BAKER HUGHES INC. AND BAKER HUGHES INC. WELFARE BENEFITS   PLAN'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),  AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*** with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

8

9

10

11                          See Attached Service List

12        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

13        Executed on May 13, 2014, at Los Angeles, California.

14

15

16                                        /s/  Arthur F. Silbergeld

17                                        Arthur F. Silbergeld

18

19

20

21

22

23

24

25

26

27

28

14

1

<u>SERVICE LIST</u>

2

3
- **Joseph G Adams**
4
  jgadams@swlaw.com,mgarsha@swlaw.com,docket@swlaw.com
- **Ronald K Alberts**
5
  ralberts@gordonrees.com,bperlman@gordonrees.com
6
- **Susan Allison**
  sallison@jmbm.com,ja4@jmbm.com
7
- **Melissa R Badgett**
8
  rbadgett@cmjlaw.com,kdiggins@cmjlaw.com
- **James Patrick Baker**
9
  james.baker@bakermckenzie.com,tonette.danowski@bakermckenzie.com,gi
10
  nny.aldajani@bakermckenzie.com,emily.garcia@bakermckenzie.com
- **Eric L Barnum**
11
  ebarnum@schiffhardin.com,djackson@schiffhardin.com
12
- **Lindsey N Berg**
  lberg@schiffhardin.com,bnorton@schiffhardin.com
13
- **Charles S Birenbaum**
14
  birenbaumc@gtlaw.com,SFOLitDock@gtlaw.com,ahmads@gtlaw.com,tasist
  aj@gtlaw.com
15
- **Timothy E Branson**
16
  branson.tim@dorsey.com,skwiera.linda@dorsey.com
- **Linda J Burden**
17
  linda@smithandsusson.com
18
- **Mark Joseph Butler**
  mark.butler@mbutler-law.com
19
- **Jesse M Caryl**
20
  jcaryl@bcklegal.com
- **Eric David Chan**
21
  echan@health-law.com
22
- **Audrey Shen Chui**
  achui@winston.com,pacercourtfile@winston.com,hlehman@winston.com
23
- **Shauna Johnson Clark**
24
  shauna.clark@nortonrosefulbright.com
- **Michael A DiLando**
25
  mdilando@rdwlaw.com
26
- **Emma Lee Dill**
  emma.dill@bryancave.com,janette.palaganas@bryancave.com
27
- **Nicole A Diller**
28
  ndiller@morganlewis.com,adoyle@morganlewis.com

- **Charles M Dyke**
  cdyke@truckerhuss.com,ssimon@truckerhuss.com
- **Matthew P Eastus**
  matthew.eastus@sce.com,mariana.baez@sce.com
- **Shannon Lissa Ernster**
  sernster@gordonrees.com,bperlman@gordonrees.com
- **Joseph Charles Faucher**
  joe.faucher@dbr.com,cesar.ibanez@dbr.com,DOCKET_LA@dbr.com
- **Cassandra M Ferrannini**
  cferrannini@downeybrand.com,ppineda@downeybrand.com,courtfilings@downeybrand.com
- **Hilary Erin Feybush**
  hfeybush@gordonrees.com,crodriguez@gordonrees.com
- **Mark Curtis Fields**
  fields@markfieldslaw.com
- **Debra L Fischer**
  debra.fischer@bingham.com
- **Steven H Goldberg**
  sgoldberg@downeybrand.com,whoney@downeybrand.com,courtfilings@downeybrand.com
- **Aaron Robert Goldstein**
  agoldstein@perkinscoie.com,laasbdk@perkinscoie.com,jgamez@perkinscoie.com,aprilperez@perkinscoie.com
- **Jason P Gonzalez**
  jgonzalez@nixonpeabody.com,cubence@nixonpeabody.com
- **Michelle S Grant**
  grant.michelle@dorsey.com,skwiera.linda@dorsey.com
- **Vickie V Grasu**
  Vickie.Grasu@leclairryan.com,veronica.perez@leclairryan.com
- **Christopher P Greeley**
  cgreeley@herrick.com
- **Dodi Walker Gross**
  dgross@reedsmith.com
- **Rita M Haeusler**
  haeusler@hugheshubbard.com,ryan@hugheshubbard.com
- **John Joseph Harris**
  john.harris@dentons.com,lillian.dominguez@dentons.com
- **Robert N Hocker**
  rhocker@browninghocker.com
- **Leslie Anne Holmes**
  leslie@hulawyers.com

DOCUMENT PREPARED ON RECYCLED PAPER

- **J Gordon Howard**
  gordonh@lawrencerussell.com
- **John Gordon Howard**
  gordonh@lawrencerussell.com
- **Katherine B W Insogna**
  kinsogna@reedsmith.com,mhong@reedsmith.com
- **William Ames Jacobson**
  wjacobson@kbkfirm.com
- **Helen B Kim**
  hkim@thompsoncoburn.com,mwessman@thompsoncoburn.com
- **Elise D Klein**
  elise.klein@lewisbrisbois.com,annette.zaragoza@lewisbrisbois.com
- **Ronald S Kravitz**
  rkavitz@sfmslaw.com
- **Christopher M Laquer**
  laquer@luch.com,jackie@luch.com,kimberley@luch.com
- **Jiyun C Lee**
  jlee@folgerlevin.com,bgreivel@folgerlevin.com
- **Jordan Lee**
  jmlee@swlaw.com,semartinez@swlaw.com,jgadams@swlaw.com
- **David R Levin**
  David.Levin@dbr.com
- **Stephen P Lucke**
  lucke.steve@dorsey.com,wolfe.susan@dorsey.com
- **Clinton J McCord**
  cmccord@edwardswildman.com,lkaplan@edwardswildman.com,pmarkus@edwardswildman.com,ncardeno@edwardswildman.com
- **James J McDonald , Jr**
  jmcdonald@laborlawyers.com,maanderson@laborlawyers.com
- **James J Moak**
  jmoak@mmhllp.com,lmiller@mmhllp.com,calendardesk@mmhllp.com
- **Jessica R Moore**
  jmoore@mofo.com,docketny@mofo.com,dmillner@mofo.com
- **Christopher Louis Moriarty**
  CMoriarty@constangy.com,sphaff@constangy.com,cjimenez@constangy.com,jnapoli@constangy.com
- **Sean P Nalty**
  sean.nalty@ogletreedeakins.com,mary.tom-hum@ogletreedeakins.com,cora.chiu@ogletreedeakins.com

DOCUMENT PREPARED ON RECYCLED PAPER

- **Jerry W Pearson , Jr**
  jpearson@youngwooldridge.com,lbanducci@youngwooldridge.com,chamilton@youngwooldridge.com
- **Glenn W Peterson**
  gpeterson@mpwlaw.net,LSlack@mpwlaw.net,cbeck@mpwlaw.net,lfisher@mpwlaw.net
- **Michael C Robinson , Jr**
  mrobinson@rdwlaw.com,mdilando@rdwlaw.com,mkane@rdwlaw.com
- **Dylan Ruga**
  druga@steptoe.com,sramme@steptoe.com
- **Kirsten Schubert**
  schubert.kirsten@dorsey.com
- **Richard M Segal**
  richard.segal@pillsburylaw.com,karen.costa@pillsburylaw.com
- **Arthur F Silbergeld**
  arthur.silbergeld@nortonrosefulbright.com,rhonda.cole@nortonrosefulbright.com
- **Anthony H Son**
  ason@wileyrein.com
- **Alex Edwin Spjute**
  spjute@hugheshubbard.com,ryan@hugheshubbard.com
- **Sean T Strauss**
  sstrauss@truckerhuss.com,mbresso@truckerhuss.com
- **Ray Tamaddon**
  rtamaddon@hinshawlaw.com,khightower@hinshawlaw.com
- **Daron L Tooch**
  dtooch@health-law.com,grodriguez@health-law.com,HLBdocket@health-law.com
- **Larry A Walraven**
  lwalraven@calemployerlaw.com,jridley@calemployerlaw.com,ksullivan@calemployerlaw.com,bwesterfeld@calemployerlaw.com
- **William R Warne**
  bwarne@downeybrand.com
- **Bryan Scott Westerfeld**
  bwesterfeld@calemployerlaw.com,ksullivan@calemployerlaw.com
- **John S Williamson , III**
  jwilliamson@williamsonlawgroup.net,browland@williamsonlawgroup.net,kybarra@williamsonlawgroup.net
- **Bryce William Woolley**
  bwoolley@health-law.com,mbriggs@health-law.com

DOCUMENT PREPARED ON RECYCLED PAPER

- **John S Worden**
  jworden@schiffhardin.com,sf-calendar@schiffhardin.com
- **Nicole Elizabeth Wurscher**
  nwurscher@calemployerlaw.com
- **Rabea Jamal Zayed**
  zayed.rj@dorsey.com,motzko.sheila@dorsey.com

DOCUMENT PREPARED
ON RECYCLED PAPER