1  DARON L. TOOCH (State Bar No. 137269)
   ERIC D. CHAN (State Bar No. 253082)
2  **HOOPER, LUNDY & BOOKMAN, P.C.**
3  1875 Century Park East, Suite 1600
   Los Angeles, CA 90067-2517
4  Telephone: (310) 551-8111
   Facsimile: (310) 551-8181
5  E-Mail:  dtooch@health-law.com
   E-Mail:  echan@health-law.com
6
7  Attorneys for Plaintiffs

8
9            **UNITED STATES DISTRICT COURT**
10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
11

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

12  ALMONT AMBULATORY
    SURGERY CENTER, LLC, a
13  California limited liability company;
    BAKERSFIELD SURGERY
14  INSTITUTE, LLC, a California limited
    liability company; CIRO SURGERY
15  CENTER, LLC, a California limited
    liability company; EAST BAY
16  AMBULATORY SURGERY
17  CENTER, LLC, a California limited
    liability company; MODERN
18  INSTITUTE OF PLASTIC SURGERY
19  & ANTIAGING, INC., a California
    corporation; NEW LIFE SURGERY
20  CENTER, LLC, a California limited
    liability company dba BEVERLY
21  HILLS SURGERY CENTER;
22  ORANGE GROVE SURGERY
    CENTER, LLC, a California limited
23  liability company; PALMDALE
    SURGERY CENTER, LLC, a
24  California limited liability company;
25  SAN DIEGO AMBULATORY
    SURGERY CENTER, LLC, a
26  California limited liability company;
27  SAN JOAQUIN VALLEY SURGERY

CASE NO.:14-cv-02139-MWF (VBKx)

**AMENDED COMPLAINT FOR:**

**(1)  ENFORCEMENT UNDER 29
     U.S.C. § 1132 (a)(1)(B) FOR
     ERISA PLAN BENEFITS**
**(2)  ENFORCEMENT UNDER 29
     U.S.C. § 1132(a)(2) FOR
     BREACH OF FIDUCIARY
     DUTY**
**(3)  ENFORCEMENT UNDER 29
     U.S.C. § 1132 (a)(3) FOR
     INJUNCTIVE, EQUITABLE
     RELIEF, INCLUDING FULL
     AND FAIR REVIEW OF
     CLAIMS**
**(4)  ESTOPPEL UNDER 29 U.S.C.
     § 1132 (a)(3)**
**(5)  PLAN REFORMATION
     UNDER 29 U.S.C. § 1132 (a)(3)**
**(6)  SURCHARGE UNDER 29
     U.S.C. § 1132 (a)(3)**

28

CENTER, LLC, a California limited liability company; SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF BEVERLY HILLS, INC., a California corporation; VALENCIA AMBULATORY SURGERY CENTER, LLC, a California limited liability company; WEST HILLS SURGERY CENTER, LLC, a California limited liability company; INDEPENDENT MEDICAL SERVICES, INC., a California corporation,

Plaintiffs,

vs.

UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC.; AARP, a District of Columbia corporation; AARP EMPLOYEES WELFARE PLAN; ACCENTURE, LLP, a Delaware limited liability partnership; ACCENTURE UNITED STATES GROUP HEALTH PLAN; G6 HOSPITALITY, LLC, a Delaware corporation, F/K/A ACCOR NORTH AMERICA, INC.; G6 HOSPITALITY GROUP INSURANCE PLAN; ACTAVIS, INC., a Delaware corporation; ACTAVIS HEALTH AND WELFARE PLAN; ACUSHNET COMPANY, a Delaware corporation; ACUSHNET COMPANY CONSOLIDATED HEALTH AND WELFARE PLAN; ADP TOTALSOURCE, INC., a Florida corporation; ADP TOTALSOURCE, INC. HEALTH AND WELFARE PLAN; AEGIS MEDIA AMERICAS, INC., a Delaware corporation; AEGIS

(7) **PRODUCTION OF DOCUMENTS UNDER 29 U.S.C. §§ 1024(B) AND 1133(2), AND FOR STATUTORY PAYMENTS; AND FOR STATUTORY PAYMENTS AND INJUNCTIVE RELIEF UNDER 29 U.S.C. § 1132(c)(1)**
(8) **FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200** *et seq.*
(9) **BREACH OF IMPLIED-IN-FACT CONTRACT – AUTHORIZED SERVICES/NO AUTHORIZATION NEEDED SERVICES**
(10) **BREACH OF IMPLIED-IN-FACT CONTRACT – AUTHORIZED SERVICES/NO AUTHORIZATION NEEDED SERVICES – COVENANT OF GOOD FAITH AND FAIR DEALING**
(11) **ESTOPPEL**
(12) **RECOVERY FOR SERVICES RENDERED**
(13) **DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  MEDIA AMERICAS, INC.
2  BENEFITPLUS FLEXIBLE
   BENEFITS PLAN; AEGON USA,
3  LLC, an Iowa limited liability
   company; AEGON COMPANIES
4  FLEXIBLE BENEFITS PLAN;
5  AEGON COMPANIES MEDICAL
   PLAN; AERA ENERGY SERVICES
6  COMPANY, a Delaware corporation;
   AERA ENERGY SERVICES
7  COMPANY MEDICAL BENEFITS
8  PLAN; AIR LIQUIDE USA, LLC, a
   Delaware limited liability company;
9  AIR LIQUIDE USA LLC GROUP
10 BENEFITS PLAN; AKZO NOBEL,
   INC., a Delaware corporation; AKZO
11 NOBEL, INC. SALARIED
   EMPLOYEES GROUP BENEFITS
12 PROGRAM; ALCON
13 LABORATORIES, INC., a Delaware
   corporation; ALCON
14 LABORATORIES INC.
15 VOLUNTARY EMPLOYEES
   BENEFICIARY ASSOCIATION
16 TRUST; ALEXANDER GALLO
17 HOLDINGS, LLC, a Georgia limited
   liability company; ALEXANDER
18 GALLO HOLDINGS, LLC WELFARE
   BENEFIT PLAN; ALL AMERICAN
19 CONTAINERS, INC., a Florida
20 corporation; ALL AMERICAN
   CONTAINERS, INC. WELFARE
21 BENEFIT PLAN; ALLSTATE
22 INSURANCE COMPANY, an Illinois
   corporation; ALLSTATE CAFETERIA
23 PLAN; ALPHA MECHANICAL, INC.,
   a California corporation; ALPHA
24 MECHANICAL HEATING & AIR
25 CONDITIONING, INC. HEALTH
   INSURANCE PLAN; ALTEC
26 INDUSTRIES, INC., an Alabama
   corporation; ALTEC INDUSTRIES,
27 INC. WELFARE BENEFITS PLAN;
28 ALCATEL-LUCENT USA, INC., a

1  Delaware corporation; ALCATEL-
2  LUCENT RETIREE WELFARE
   BENEFITS PLAN; ALTURA CREDIT
3  UNION, a California corporation;
4  ALTURA CREDIT UNION
   EMPLOYEE WELFARE BENEFIT
5  PLAN; AMERICAN AIRLINES, INC.,
   a Delaware corporation; GROUP LIFE
6  AND HEALTH BENEFITS PLAN
7  FOR EMPLOYEES OF
   PARTICIPATING AMR
8  CORPORATION SUBSIDIARIES;
   AMERICAN BUILDING SUPPLY,
9  INC., a California corporation;
10 AMERICAN BUILDING SUPPLY,
   INC. EMPLOYEE BENEFIT PLAN;
11 AMERICAN FINANCIAL GROUP,
   INC., a California corporation;
12 AMERICAN FINANCIAL GROUP,
13 INC. GROUP WELFARE BENEFIT
   PLAN; AMERICAN
14 INTERNATIONAL GROUP, INC., a
   California corporation; AMERICAN
15 INTERNATIONAL GROUP, INC.
16 MEDICAL PLAN; ANHEUSER-
   BUSCH COMPANIES, LLC, a
17 Delaware limited liability company;
18 ANHEUSER-BUSCH EMPLOYEES
   BENEFIT TRUST; ANIXTER, INC., a
19 Delaware corporation; ANIXTER, INC.
20 GROUP INSURANCE; ANN, INC., a
   Delaware corporation; ANN, INC.
21 WELFARE BENEFITS PLAN;
22 ANSCHUTZ ENTERTAINMENT
   GROUP, INC., a Colorado corporation;
23 AEG EMPLOYEE HEALTH &
   WELFARE PLAN; APARTMENT
24 MANAGEMENT CONSULTANTS,
25 LLC, a Utah limited liability company;
   APARTMENT MANAGEMENT
26 CONSULTANTS BENEFITS PLAN;
   APL LIMITED, a Delaware
27 corporation; WELFARE PLAN FOR
28 EMPLOYEES OF APL LIMITED;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APOLLO HEALTH STREET, INC., a Delaware corporation; APOLLO HEALTH STREET WELFARE BENEFIT PLAN; APPLE, INC., a California corporation; APPLE, INC. HEALTH AND WELFARE BENEFIT PLAN; APPLE AMERICAN GROUP, LLC, a Delaware limited liability company; APPLE AMERICAN GROUP, LLC SECTION 125 PLAN; APTCO, LLC, a California limited liability company; APTCO, LLC; ARDENT SERVICES, LLC, a Louisiana limited liability company; ARDENT SERVICES, LLC MEDICAL PLAN; AT&T CORP., a New York corporation; AT&T UMBRELLA BENEFIT PLAN; AT&T MOBILITY, LLC, a Delaware limited liability company; CINGULAR WIRELESS MEDICAL PLUS PLAN; ATI SYSTEMS INTERNATIONAL, INC., a California corporation; ATI SYSTEMS - A GARDA COMPANY GROUP HEALTH PLAN; AUCTION.COM, LLC, a Delaware limited liability company; AUCTION.COM EMPLOYEE BENEFIT PLAN; AUTOMATIC DATA PROCESSING, INC., a Nevada corporation; AUTOMATIC DATA PROCESSING, INC. FLEX 2000 PLAN; AVON PRODUCTS, INC., a New York corporation; AVON PRODUCTS INC. MEDICAL PLAN FOR ACTIVE EMPLOYEES; BAKER HUGHES INCORPORATED, a Delaware corporation; BAKER HUGHES INCORPORATED WELFARE BENEFITS PLAN; BARNES & NOBLE, INC., a Delaware corporation; BARNES & NOBLE, INC. COMPREHENSIVE MEDICAL AND DENTAL PLAN; BAUSCH & LOMB

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  INCORPORATED, a New York
2  corporation; BAUSCH & LOMB
   COMPREHENSIVE MEDICAL
3  PLAN; BAYSIDE MANAGEMENT
   COMPANY, LLC, a California limited
4  liability company; BAYSIDE
5  MANAGEMENT COMPANY LLC
   EMPLOYEE BENEFIT PLAN; BBA
6  AVIATION USA, INC., a Delaware
7  corporation; BBA AVIATION
   BENEFIT PLAN; BECTON,
8  DICKINSON AND COMPANY, a
   New Jersey corporation; BECTON,
9  DICKINSON AND COMPANY
10 GROUP LIFE AND HEALTH PLAN;
   BELMONT VILLAGE, LP, a Delaware
11 limited partnership; BELMONT
   VILLAGE LP HEALTHCARE
12 BENEFITS PLAN; BERRY
13 PETROLEUM COMPANY, a
   Delaware corporation; BERRY
14 PETROLEUM COMPANY
   COMPREHENSIVE HEALTH AND
15 WELFARE BENEFIT PLAN; BEST
16 BUY CO., INC., a Minnesota
   corporation; BEST BUY FLEXIBLE
17 BENEFITS PLAN; BEST MEDICAL
18 INTERNATIONAL, INC., a Virginia
   corporation; BEST MEDICAL
19 INTERNATIONAL BENEFIT PLAN;
20 BIOMED REALTY, L.P., a Maryland
   limited partnership; BIOMED
21 REALTY, L.P. WELFARE BENEFITS
22 PLAN; BLACK BOX NETWORK
   SERVICES, INC., a California
23 corporation; BLACK BOX NETWORK
   SERVICES GROUP MEDICAL
24 PLAN; THE BMS ENTERPRISES,
25 INC., a Texas corporation; THE BMS
   ENTERPRISES, INC. PLAN; BMW
26 OF NORTH AMERICA, LLC, a
   Delaware limited liability company;
27 BMW OF NORTH AMERICA LLC
28 HEALTH AND WELFARE PLANS;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  BNSF RAILWAY COMPANY, a
2  Delaware corporation; BOAT
   AMERICA CORPORATION, a
3  Virginia corporation; BOAT U.S.
   HEALTH PLAN; BOSTON MARKET
4  CORPORATION, a Delaware
5  corporation; BOSTON MARKET
   CORPORATION HEALTH AND
6  WELFARE PLAN; BRADY
   CORPORATION, a Wisconsin
7  corporation; W.H. BRADY CO.
8  INSURED BENEFITS PLAN;
   ADVANCE/NEWHOUSE
9  PARTERNERSHIP, a New York
10 Partnership dba BRIGHT HOUSE
   NETWORKS, LLC;
11 ADVANCE/NEWHOUSE
12 PARTNERSHIP HEALTH BENEFITS
   PLAN; BRINKER INTERNATIONAL,
13 INC, a Delaware corporation;
   BRINKER INTERNATIONAL, INC.
14 WELFARE BENEFIT PLAN;
15 BRINK'S INCORPORATED, a
   Delaware corporation; THE BRINKS
16 COMPANY COMPREHENSIVE
   HEALTH AND WELFARE PLAN;
17 BUCA RESTAURANTS 2, INC., a
18 Minnesota corporation; BUCA INC.
   HEALTH CARE BENEFIT PLAN;
19 BUILDING MATERIALS
20 CORPORATION OF AMERICA, a
   Delaware corporation; GAF
21 MATERIALS CORPORATION
   WELFARE BENEFIT PLAN; BUPA
22 WORLDWIDE CORPORATION, a
23 Florida corporation; BUPA
   WORLDWIDE CORPORATION
24 HEALTH & BENEFITS PLAN;
25 BWAY CORPORATION, a Delaware
   corporation; BWAY CORPORATION
26 COMPREHENSIVE MEDICAL
27 PLAN; CALIBER HOME LOANS,
   INC., a Delaware corporation, F/K/A
28 VERICREST FINANCIAL, INC.;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERICREST FINANCIAL, INC.
WELFARE AND BENEFITS PLAN;
CALIFORNIA CHARTER SCHOOLS
ASSOCIATION, a California
corporation; CCSA EMPLOYEE
BENEFIT WELFARE TRUST C/O
BRMS; CALIFORNIA
HEALTHCARE INDUSTRY
PROGRAM, a California corporation;
CALIFORNIA HEALTHCARE
INDUSTRY TRUST; CBEYOND
COMMUNICATIONS, LLC, a
Delaware limited liability company;
CBEYOND COMMUNICATIONS
HEALTH AND WELFARE PLAN;
CBIZ MHM, LLC, a Delaware limited
liability company; CBIZ INC. GROUP
HEALTH AND WELFARE PLAN;
CBS CORPORATION, a Delaware
corporation; CBS HEALTH AND
WELFARE BENEFITS PLAN; CEC
ENTERTAINMENT CONCEPTS, LP,
a Texas limited partnership; CEC
ENTERTAINMENT WELFARE
BENEFIT PLAN; CENTRAL
PARKING SYSTEM, a Tennessee
corporation; CENTRAL PARKING
SYSTEM HEALTH AND WELFARE
PLAN; CENTRIC GROUP, LLC, a
Delaware limited liability company;
CENTRIC GROUP HOSPITAL PLAN;
CGX ENERGY, LLC, a North Carolina
limited liability company, F/K/A
COGENTRIX ENERGY, LLC;
COGENTRIX ENERGY, LLC GROUP
INSURANCE PLAN; C.H.
ROBINSON COMPANY, INC., a
Minnesota corporation; CH
ROBINSON COMPANY GROUP
HEALTH MAJOR MEDICAL PLAN;
CHARLOTTE RUSSE, INC., a
California corporation; CHARLOTTE
RUSSE HOLDING, INC. WELFARE
BENEFIT PLAN; CHARMING

SHOPPES, INC., a Pennsylvania corporation; CHARMING SHOPPES, INC. MEDICAL PLAN; CHEVRON CORPORATION, a Delaware corporation; CHEVRON CORPORATION OMNIBUS HEALTH CARE PLAN; CHILD DEVELOPMENT INCORPORATED, a California corporation; CDI GROUP WELFARE PLAN; CITIGROUP MANAGEMENT CORP., a Delaware corporation; CITIGROUP HEALTH BENEFIT PLAN; CNA FINANCIAL CORPORATION, a Delaware corporation; CNA FINANCIAL CORPORATION HEALTH AND GROUP BENEFITS PROGRAM; COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, a Delaware corporation; COGNIZANT HEALTH & WELFARE BENEFIT PLAN; COMFORT SYSTEMS USA, INC., a Delaware corporation; COMFORT SYSTEMS USA HEALTH & WELFARE PLAN; COMMSCOPE, INC. OF NORTH CAROLINA, a North Carolina corporation; COMMSCOPE WELFARE BENEFIT PLAN; CONESYS, INC., a California corporation; CONESYS EMPLOYEE BENEFIT PLAN; CONMED CORPORATION, a New York corporation; CONMED CORPORATION HEALTHCARE PLAN; CONSTRUCTION TEAMSTERS SECURITY FUND FOR SOUTHERN CALIFORNIA; CORT BUSINESS SERVICES CORPORATION, a Delaware corporation; CORT BUSINESS SERVICES CORPORATION GROUP INSURANCE PLAN; COVIDIEN, LP, a Delaware limited partnership; COVIDIEN HEALTH & WELFARE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

9

AMENDED COMPLAINT

BENEFITS PLAN; CREDIT AGRICOLE CHEUVREUX NORTH AMERICA, INC., a Delaware corporation; CREDIT AGRICOLE INSURANCE PLAN; CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company; CREDIT SUISSE SECURITIES (USA) LLC GROUP HEALTH CARE PLAN; CROWLEY HOLDINGS, INC., a Delaware corporation; CROWLEY HOLDINGS, INC. WELFARE HEALTH LIFE & ACCIDENTAL DEATH & DISMEMBERMENT PLANS; CYTEC INDUSTRIES, INC., a Delaware corporation; CYTEC INDUSTRIES INC. HEALTH AND WELFARE PLAN; DANAHER CORPORATION, a Delaware corporation; DANAHER CORPORATION & SUBSIDIARIES MEDICAL PLAN; DARDEN RESTAURANTS, INC., a Florida corporation; DARDEN GROUP LIFE AND HEALTH BENEFIT PLAN FOR HOURLY EMPLOYEES; DARDEN GROUP LIFE AND HEALTH BENEFIT PLAN FOR SALARIED EMPLOYEES; DEERE & COMPANY, a Delaware corporation; JOHN DEERE HEALTH BENEFIT PLAN FOR WAGE EMPLOYEES; THE JOHN DEERE HEALTH BENEFIT PLAN FOR SALARIED EMPLOYEES; DELLACAMERA CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; DELLACAMERA CAPITAL MANAGEMENT, LLC HEALTH AND WELFARE PLAN; DELOITTE, LLP, a Pennsylvania limited liability partnership; DELOITTE & TOUCHE GROUP INSURANCE PLAN; DELTA AIR LINES, INC., a Delaware

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

corporation; DELTA ACCOUNT-BASED HEALTHCARE PLAN; DENSO SALES CALIFORNIA, INC., a California corporation; DENSO SALES CALIFORNIA, INC. GROUP LIFE, ACCIDENT, MEDICAL & DENTAL INSURANCE; DEVRY, INC., a Delaware corporation; DEVRY INC. WELFARE BENEFIT PLAN; PRODUCERS' HEALTH BENEFITS PLAN; DIAGEO NORTH AMERICA, INC., a Connecticut corporation; DIAGEO NORTH AMERICA, INC. MEDICAL CARE AND LIFE INSURANCE PLAN FOR HOURLY AND RETIRED EMPLOYEES; DIAGEO NORTH AMERICA, INC. MEDICAL CARE AND LIFE INSURANCE PLAN FOR SALARIED AND RETIRED EMPLOYEES; DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company; DISCOVERY COMMUNICATIONS WELFARE BENEFIT PLAN; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. WELFARE BENEFIT PLAN; DR. PEPPER SNAPPLE GROUP, INC., a Delaware corporation; DR. PEPPER SNAPPLE GROUP, INC. HEALTH PLAN; DRIVETIME AUTOMOTIVE GROUP, INC., a Delaware corporation; DRIVETIME WELFARE BENEFIT PLAN; DS WATERS OF AMERICA, INC., a Delaware corporation; DS WATERS OF AMERICA, INC. HEALTH AND WELFARE PLAN; ECOLAB, INC., a Delaware corporation; ECOLAB HEALTH AND WELFARE BENEFITS PLAN; EDISON INTERNATIONAL, a California

corporation; EDISON INTERNATIONAL WELFARE BENEFIT PLAN NUMBER TWO; EDWARD D. JONES & CO., LP, a Missouri limited partnership; EDWARD D. JONES & CO. EMPLOYEES HEALTH AND WELFARE PROGRAM; ELECTROGRAPH SYSTEMS, INC., a New York corporation; ELECTROGRAPH SYSTEMS HEALTH AND WELFARE PLAN; EMCOR GROUP, INC., a Delaware corporation; EMCOR GROUP, INC. EMPLOYEE WELFARE PLAN; ENSIGN UNITED STATES DRILLING, INC., a California corporation; ENSIGN US DRILLING EMPLOYEE BENEFIT PLAN; ENTERPRISE HOLDINGS, INC., a Missouri corporation; ENTERPRISE HOLDINGS HOSPITAL INSURANCE PLAN; ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC., a California corporation; ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC. LIFE, LTD. TRAVEL ACCIDENT, VISION SERVICE, MEDICAL DENTAL; EPSON AMERICA, INC., a California corporation; EPSON AMERICA INC. GROUP PLAN; EQUITY RESIDENTIAL SERVICES, LLC, a Delaware limited liability company; EQUITY RESIDENTIAL PROPERTIES TRUST GROUP INSURANCE PLAN; ERNST & YOUNG, LLP, a Delaware limited liability partnership; ERNST & YOUNG MEDICAL PLAN; ESSILOR OF AMERICA, INC., a Delaware corporation; ESSILOR OF AMERICA, INC. EMPLOYER WELFARE BENEFIT PLAN; THE ESTEE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  LAUDER COMPANIES, INC., a
2  Delaware corporation; THE ESTEE
   LAUDER COMPANIES, INC. GROUP
3  MEDICAL, DENTAL,
   PRESCRIPTION DRUG, LONG
4  TERM DISABILITY, LIFE,
   ACCIDENTAL DEATH AND
5  DISMEMBERMENT PLAN;
6  EXPERIAN INFORMATION
   SOLUTIONS, INC., an Ohio
7  corporation; EXPERIAN
8  INFORMATION SOLUTIONS, INC.
   HEALTH AND WELFARE PLAN;
9  EXPRESS MESSENGER SYSTEMS,
10 INC., a Delaware corporation;
   EXPRESS MESSENGER SYSTEMS,
11 INC. dba ONTRAC; EXPRESSJET
   AIRLINES, INC., a Utah corporation,
12 F/K/A ATLANTIC SOUTHEAST
13 AIRLINES; EXPRESSJET AIRLINES,
   INC. CONSOLIDATED WELFARE
14 BENEFIT PLAN; FARMERS GROUP,
   INC., a Nevada corporation;
15 FARMERS GROUP, INC.
16 EMPLOYEE PREPAID BENEFIT
   PLAN; FC USA, INC., a New York
17 corporation; FC USA INC. BENEFITS;
18 FERRAGAMO USA, INC., a New
   York corporation; FERRAGAMO
19 USA, INC.; FIDELITY BROKERAGE
20 SERVICES, LLC, a Delaware limited
   liability company; FIDELITY GROUP
21 EMPLOYEES MEDICAL, DENTAL
   AND CAFETERIA PLAN; KATE
22 SPADE & COMPANY, a Delaware
23 corporation, F/K/A FIFTH & PACIFIC
   COMPANIES, INC.; FNPC HEALTH
24 AND WELFARE PLAN; FINRA
25 DISPUTE RESOLUTION, INC., a
   Delaware corporation; FINRA
26 EMPLOYEE GROUP MEDICAL,
27 DENTAL, LIFE, DISABILITY, AD&D
   & VISION PLAN; FISERV, INC., a
28 Wisconsin corporation; FISERV, INC.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  WELFARE BENEFIT PLAN; FIVE
2  STAR QUALITY CARE-CA, INC., a
   Delaware corporation; FIVE STAR
3  QUALITY CARE; FLEXTRONICS
4  INTERNATIONAL USA, INC., a
   California corporation;
5  FLEXTRONICS EMPLOYEE
   BENEFITS PLAN; FOOT LOCKER
6  RETAIL, INC., a New York
7  corporation; FOOT LOCKER
   WELFARE BENEFIT PAYMENT
8  PLAN; FOUNDERS HEALTHCARE,
   LLC, an Arizona limited liability
9  company; FOUNDERS
10 HEALTHCARE, LLC PREFERRED
   HOMECARE EMPLOYEE BENEFIT
11 PLAN; FOX ENTERTAINMENT
12 GROUP, INC., a Delaware corporation;
   FOX HEALTH PLAN; NATIONAL
13 MEDICAL CARE, INC., a Delaware
   corporation dba FRESENIUS
14 MEDICAL CARE NORTH
15 AMERICA; NATIONAL MEDICAL
   CARE, INC. GROUP MEDICAL,
16 DENTAL, LIFE AND AD&D PLAN;
   FUGATE AVIATION, INC., a Kansas
17 corporation; FUGATE ENTERPRISES
18 EMPLOYEE WELFARE BENEFIT
   PLAN; FUTURE ELECTRONICS
19 CORP., a Massachusetts corporation;
20 FUTURE ELECTRONICS CORP.
   GROUP INSURANCE; G4S SECURE
21 SOLUTIONS, (USA) INC., a Florida
   corporation; G4S SECURE
22 SOLUTIONS, USA INSURED
23 HEALTH PLANS; GAP, INC., a
   California corporation; GAP INC.
24 HEALTH AND LIFE INSURANCE
25 PLAN; GENERAL ELECTRIC
   COMPANY, a New York corporation;
26 GE HEALTH CHOICE PLAN;
   GENERAL PARTS
27 INTERNATIONAL, INC., a North
28 Carolina corporation; GENERAL

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  PARTS INTERNATIONAL, INC.
2  SELF-FUNDED HEALTH AND
   WELFARE PLAN; GENON ENERGY
3  SERVICES, LLC, a Delaware limited
   liability company; GENON ENERGY
4  GROUP WELFARE BENEFITS
5  PLAN; GENPACT PROCESS
   SOLUTIONS, LLC, a Delaware limited
6  liability company; GENPACT
7  WELFARE BENEFIT PLAN; GEORG
   FISCHER SIGNET, LLC, a California
8  limited liability company; GEORG
   FISCHER EMPLOYEE BENEFIT
9  PLAN; GEORGIA-PACIFIC, LLC, a
10 Delaware limited liability company;
   GEORGIA-PACIFIC LLC
11 LIFECHOICES BENEFITS
   PROGRAM FOR SALARIED AND
12 SALARIED BENEFITS ELIGIBLE
13 EMPLOYEES; GF HEALTH
   PRODUCTS, INC., a Delaware
14 corporation; GF HEALTH
   PRODUCTS, INC. PLAN;
15 GLAXOSMITHKLINE, LLC, a
16 Delaware limited liability company;
   GLAXOSMITHKLINE HEALTH
17 AND WELFARE BENEFITS PLAN
   FOR US EMPLOYEES; GP
18 STRATEGIES CORPORATION, a
19 Delaware corporation, F/K/A
   GENERAL PHYSICS
20 CORPORATION; GP STRATEGIES
21 CORPORATION WELFARE
   BENEFIT PLAN; GREAT-WEST
22 LIFE & ANNUITY INSURANCE
23 COMPANY, a Colorado corporation;
   GREAT-WEST LIFE & ANN INS
24 FLEXIBLE BENEFIT PLAN;
25 GREENBERG TRAURIG, PA, a
   Florida Professional Association;
26 GREENBERG TRAURIG, PA GROUP
   HEALTH INSURANCE PLAN FOR
27 EMPLOYEES; GREYSTAR
28 MANAGEMENT SERVICES, LP, a

1164009.1

AMENDED COMPLAINT

Delaware limited partnership;
GREYSTAR MANAGEMENT
SERVICES, LLP; GTECH
CORPORATION, a Delaware
corporation; GTECH CORPORATION
PARTICIPANT BENEFIT PLAN; HD
SUPPLY, INC., a Delaware
corporation; HD SUPPLY HEALTH
AND WELFARE PROGRAM;
HEALTH INVENTURES, LLC, a
Delaware limited liability company;
HEALTH INVENTURES HEALTH
AND WELLNESS BENEFIT PLAN;
HEALTHCARE PARTNERS
MEDICAL GROUP, INC., a California
corporation; HEALTHCARE
PARTNERS MEDICAL GROUP, INC.
WELFARE BENEFIT PLAN;
HEARTLAND AUTOMOTIVE
SERVICES, INC., a Minnesota
corporation; HEARTLAND
AUTOMOTIVE SERVICES, INC.
GROUP MEDICAL AND LIFE PLAN;
HEWLETT-PACKARD COMPANY, a
Delaware corporation; HEWLETT-
PACKARD COMPANY HEALTH
MAINTENANCE ORGANIZATION
PROGRAM; HOFFMAN-LA ROCHE,
INC., a New Jersey corporation;
MEDICAL PLAN OF HOFFMAN-LA
ROCHE INC.; HOGG ROBINSON
USA, LLC, a New York limited
liability company; HRG NORTH
AMERICA WELFARE PLAN;
HONEYWELL INTERNATIONAL,
INC., a Delaware corporation;
HONEYWELL INTERNATIONAL
INC. BENEFIT PLAN; HOTELS AB,
LLC, a Delaware limited liability
company; THE STANDARD/HOTELS
AB WELFARE BENEFIT PLAN; HOT
TOPIC, INC., a California corporation;
HOT TOPIC, INC. HEALTH AND
WELFARE PLAN; HUGO BOSS

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

1 | USA, INC., a Delaware corporation;
2 | HUGO BOSS USA INC. WRAP WELFARE BENEFITS PLAN;
3 | HUHTAMAKI AMERICAS, INC., a Delaware corporation; HUHTAMAKI
4 | AMERICAS, INC. GROUP INSURANCE PLAN; IKARIA
5 | RESEARCH, INC., a Delaware corporation; IKARIA, INC. WELFARE
6 | BENEFIT PLAN;
7 | IMORTGAGE.COM, INC., a Delaware corporation; IMORTGAGE.COM, INC.
8 | CAFETERIA PLAN; INFORMA USA, INC., a Massachusetts corporation;
9 | INFORMA USA, INC. AND SUBSIDIARIES INSURANCE PLAN;
10 | ING NORTH AMERICA INSURANCE CORPORATION, a
11 | Delaware corporation; ING AMERICAS WELFARE BENEFITS
12 | PLAN; INGRAM MICRO, INC., a Delaware corporation; INGRAM
13 | MICRO INC. HEALTH & WELFARE PLAN; INSPERITY HOLDINGS,
14 | INC., a Delaware corporation, F/K/A ADMINISTAFF OF TEXAS, INC.;
15 | INSPERITY GROUP HEALTH PLAN; INSTANT WEB, INC., a Minnesota
16 | corporation; INSTANT WEB INC. AND SUBSIDIARY MEDICAL
17 | BENEFIT PLAN; INTEGRA LIFESCIENCES CORPORATION, a
18 | Delaware corporation; INTEGRA LIFESCIENCES CORP.
19 | MEDICAL/PRESCRIPTION, DENTAL AND STD PLAN;
20 | INTELSAT CORPORATION, a Delaware corporation; INTELSAT
21 | GROUP WELFARE BENEFITS PLAN; INTER-RAIL
22 | MANAGEMENT, INC., a Florida corporation; INTER-RAIL
23 | MANAGEMENT, INC. EMPLOYEE HEALTH PLAN; INTERCARE

The numbering 1-28 appears in the left margin.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 | HOLDINGS, INC., a Delaware
corporation; INTERCARE
2 | HOLDINGS, INC. HEALTH &
WELFARE PLAN;
3 | INTERNATIONAL ALUMINUM
4 | CORPORATION, a Texas corporation;
INTERNATIONAL ALUMINUM
5 | CORPORATION HEALTH AND
WELFARE PLANS;
6 | INTERNATIONAL BUSINESS
7 | MACHINES CORPORATION, a New
York corporation; IBM MEDICAL &
8 | DENTAL PLAN FOR REGULAR
AND PART-TIME EMPLOYEES;
9 | INTERNATIONAL PAPER
10 | COMPANY, a New York corporation;
INTERNATIONAL PAPER
11 | COMPANY GROUP HEALTH &
WELFARE PLAN;
12 | INTERNATIONAL SPEEDWAY
13 | CORPORATION, a Florida
corporation; INTERNATIONAL
14 | SPEEDWAY CORPORATION
WELFARE BENEFIT PLAN;
15 | INTERSTATE HOTELS & RESORTS,
16 | INC., a Delaware corporation;
INTERSTATE HOTELS & RESORTS
17 | BENEFITS PROGRAM; INX
18 | INTERNATIONAL INK CO., a
Delaware corporation; INX
19 | INTERNATIONAL GROUP
20 | MEDICAL/DENTAL PLAN; J.C.
PENNEY CORPORATION, INC., a
21 | Delaware corporation; J.C. PENNEY
22 | CORPORATION, INC. HEALTH &
WELFARE BENEFITS PLAN; J.P.
23 | MORGAN CHASE NATIONAL
24 | CORPORATE SERVICES, INC., a
New York corporation; THE
25 | JPMORGAN CHASE HEALTH &
INCOME PROTECTION PLAN FOR
26 | ACTIVE EMPLOYEES; JACK IN
27 | THE BOX, INC., a Delaware
corporation; JACK IN THE BOX, INC.
28 |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

18

AMENDED COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CREW EMPLOYEES HEALTH & WELFARE PLAN; JACKSON LEWIS, LLP, a New York limited liability partnership; JACKSON LEWIS LLP WELFARE PLAN; JACOBS ENGINEERING GROUP, INC., a Delaware corporation; JACOBS ENGINEERING GROUP, INC. EMPLOYEE GROUP INSURANCE PLAN; JETBLUE AIRWAYS CORPORATION, a Delaware corporation; JETBLUE AIRWAYS GROUP HEALTH INSURANCE PLAN; JONES LANG LASALLE, INC., a Maryland corporation; JONES LANG LASALLE INC. HEALTH AND WELFARE BENEFITS PLAN; KELLY MITCHELL GROUP, INC., a Missouri corporation; KELLY MITCHELL GROUP INC. MEDICAL PLAN; KINDER MORGAN G.P., INC., a Delaware corporation; KMI FLEXIBLE BENEFIT PLAN; KINETIC CONCEPTS, INC., a Texas corporation; KCI MEDICAL PLAN; KLA-TENCOR CORPORATION, a Delaware corporation; KLA-TENCOR CORPORATION GROUP INSURANCE PLAN; KONICA MINOLTA BUSINESS SOLUTIONS USA, INC., a New York corporation; KONICA MINOLTA BUSINESS SOLUTIONS USA, INC. LIFE, DISABILITY, ACCIDENT, MEDICAL AND DENTAL PLAN; L BRANDS, INC., a Delaware corporation, F/K/A LIMITED BRANDS, INC.; LIMITED BRANDS, INC. HEALTH AND WELFARE BENEFITS PLAN; LANDRY'S MANAGEMENT, LP, a Delaware limited partnership; LANDRY'S MEDICAL BENEFIT PLAN; LARSON-JUHL US, LLC, a Georgia

19

AMENDED COMPLAINT

1    limited liability company;  LARSON-
2    JUHL US LLC WELFARE PLAN; LA-Z-BOY INCORPORATED, a Michigan
3    corporation; LA-Z-BOY
4    INCORPORATED MEDICAL PLAN;
LGAA, LLC, a Utah limited liability
5    company, F/K/A LEAVITT GROUP
AGENCY ASSOCIATION; LGAA
6    BENEFIT PLAN; LEVEL 3
7    COMMUNICATIONS, LLC, a
Delaware limited liability company;
8    LEVEL 3 COMMUNICATIONS, INC.
WELFARE BENEFIT PLAN; LEVY
9    RESTAURANTS, INC., an Illinois
10    corporation; EMPLOYEE BENEFIT
PLAN OF THE COMPASS GROUP
11    USA, INC.; LINDE NORTH
12    AMERICA, INC., a Delaware
corporation; LINDE NORTH
13    AMERICA, INC. INSURANCE PLAN;
LOOMIS ARMORED US, LLC, a
14    Texas limited liability company;
15    LOOMIS HEALTH & WELFARE
PLAN; L'OREAL USA S/D, INC., a
16    Delaware corporation; L'OREAL USA,
INC. COMPREHENSIVE MEDICAL
17    PLAN; MAERSK, INC., a New York
18    corporation; MAERSK INC. ACTIVE
NONUNION HEALTH AND
19    WELFARE PLAN; MAKO
20    SURGICAL CORP., a Delaware
corporation; MAKO SURGICAL
21    CORP HEALTH AND WELFARE
BENEFIT PLAN; MARUBENI
22    ITOCHU STEEL AMERICA, INC., a
23    Delaware corporation; MISA GROUP
BENEFIT PLANS; MARY KAY, INC.,
24    a Delaware corporation; MARY KAY,
INC. COMPREHENSIVE EMPLOYEE
25    HEALTH AND WELFARE PLAN;
26    MCCARTHY HOLTHUS, LP, a
California limited partnership;
27    MCCARTHY & HOLTHUS, LLP
28    WELFARE BENEFITS PLAN; MCM

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 CORPORATION, a North Carolina
2 corporation; HEALTH CARE PLAN
OF THE EMPLOYEES OF MCM
3 CORP; MCMASTER-CARR SUPPLY
COMPANY, an Illinois corporation;
4 MCMASTER-CARR SUPPLY
5 COMPANY GROUP INSURANCE
PROGRAM; MEDCO HEALTH
6 SOLUTIONS, INC., a Delaware
7 corporation; MEDCO HEALTH
SOLUTIONS, INC. WELFARE
8 BENEFIT PLAN; CAREFUSION
9 CORPORATION, a Delaware
corporation, F/K/A MEDEGEN, INC.;
10 CAREFUSION CORPORATION
HEALTH AND GROUP BENEFITS
11 PLAN; MEDICAL SPECIALTIES
12 DISTRIBUTORS, LLC, a Delaware
limited liability company; MEDICAL
13 SPECIALTIES DISTRIBUTORS, LLC
GROUP BENEFITS PLAN;
14 METROPOLITAN LIFE INSURANCE
15 COMPANY, a New York corporation;
METLIFE OPTIONS AND CHOICES
16 PLAN; MIDAMERICAN ENERGY
17 COMPANY, an Iowa corporation;
MIDAMERICAN ENERGY
18 COMPANY WELFARE BENEFIT
19 PLAN; MILLARD REFRIGERATED
SERVICES, INC., a Georgia
20 corporation; MILLARD
REFRIGERATED SERVICES, INC.
21 GROUP MAJOR MEDICAL; MITEK
22 USA, INC., a Missouri corporation;
MITEK USA, INC. WELFARE
23 BENEFIT; MOBILE MINI, INC., a
Delaware corporation; MOBILE MINI,
24 INC. BENEFIT PLAN; MOCEAN,
25 LLC, a California limited liability
company; MOCEAN HEALTH AND
26 WELFARE BENEFITS PLAN;
27 MONAVIE, LLC, a Delaware limited
liability company; MONAVIE, LLC
28 FRINGE BENEFIT PLAN;

MONROVIA NURSERY COMPANY, a California corporation; MONROVIA NURSERY COMPANY EMPLOYEE BENEFIT PLAN; MOUNTAIN VALLEY EXPRESS CO., INC., a California corporation; MOUNTAIN VALLEY EXPRESS CO. INC. WELFARE BENEFIT PLAN; MULTIPLAN, INC., a New York corporation; HEALTH INSURANCE PLAN OF MULTIPLAN, INC.; MYRIAD GENETICS, INC., a Delaware corporation; MYRIAD GENETICS, INC. WELFARE BENEFIT PLAN; NATIONAL CAPTIONING INSTITUTE, INC., a District of Columbia corporation; NATIONAL CAPTIONING INSTITUTE, INC. HEALTH & WELFARE BENEFITS PLAN; NATIONAL FINANCIAL PARTNERS CORP., a Delaware corporation; NATIONAL FINANCIAL PARTNERS CORP. GROUP HEALTH PLAN FOR EMPLOYEES; NATIONAL MENTOR HOLDINGS, LLC, a Delaware limited liability company; NATIONAL MENTOR HOLDINGS, LLC FLEXIBLE BENEFIT PLAN; NATIONAL RAILROAD PASSENGER CORPORATION, a District of Columbia corporation; AMPLAN, THE AMTRAK UNION BENEFITS PLAN; NATIONAL RAILROAD PASSENGER CORPORATION CHOICEPLUS CAFETERIA PLAN; NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; NATIONSTAR MORTGAGE GROUP HEALTH AND WELFARE BENEFIT PLAN; NCH CORPORATION, a Delaware corporation; NCH CORPORATION EMPLOYEE LIFE AND HEALTH

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

BENEFIT PLAN; NEC CORPORATION OF AMERICA, a Nevada corporation; GROUP INSURANCE PLAN FOR EMPLOYEES OF NEC AND AFFILIATES; NEFF RENTAL, LLC, a Delaware limited liability company; NEFF RENTAL LLC HEALTH & WELFARE PLAN; NESTLE WATERS NORTH AMERICA, INC., a Delaware corporation; NESTLE WATERS NORTH AMERICA HOLDINGS GROUP BENEFITS PLAN; NETAPP, INC., a Delaware corporation; NETAPP, INC. GROUP HEALTH PLAN; NEW BREED CORPORATE SERVICES, INC., a New Jersey corporation; NEW BREED CORPORATE SERVICES INC. WELFARE BENEFIT PLAN; NIKE, INC., an Oregon corporation; NIKE, INC. GROUP INSURANCE PLAN; NORTHROP GRUMMAN CORPORATION, a Delaware corporation; NORTHROP GRUMMAN CORPORATION GROUP BENEFITS PLAN; NOVARTIS CORPORATION, a New York corporation; NOVARTIS CORPORATION WELFARE BENEFIT PLAN; NPL CONSTRUCTION CO., a Nevada corporation; NPL CONSTRUCTION CO. EMPLOYEE HEALTH BENEFIT PLAN; NRC PAYROLL MANAGEMENT, LLC, a Delaware limited liability company; NRC PAYROLL MANAGEMENT HEALTH AND WELFARE PLAN; NURSEFINDERS, LLC, a Texas limited liability company; AMN HEALTHCARE INC. HEALTH INSURANCE PLAN; OCLC ONLINE COMPUTER LIBRARY CENTER, INC., an Ohio corporation; OCLC

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 EMPLOYEE GROUP MEDICAL
2 PLAN; OLD DOMINION FREIGHT
LINE, INC., a Virginia corporation;
3 OLD DOMINION EMPLOYEE
4 BENEFIT PLAN; OLIN
CORPORATION, a Virginia
5 corporation; OLIN
MEDICAL/DENTAL PLAN;
6 ONWARD HEALTHCARE, INC., a
7 Delaware corporation; ONWARD
HEALTHCARE, INC. HEALTH AND
8 WELFARE PLAN; ORIX USA
CORPORATION, a Delaware
9 corporation; ORIX USA
10 CORPORATION WELFARE PLAN;
OSRAM SYLVANIA, INC., a
11 Delaware corporation; OSRAM
SYLVANIA, INC. HEALTH AND
12 WELFARE BENEFITS PLAN;
13 WINDSTREAM CORPORATION , a
Delaware corporation; WINDSTREAM
14 COMPREHENSIVE PLAN OF
GROUP INSURANCE; PANALPINA,
15 INC., a New York corporation;
16 PANALPINA, INC. WELFARE
BENEFITS PLAN; PARKER-
17 HANNIFIN CORPORATION, an Ohio
18 corporation; GROUP INSURANCE
PLAN HOURLY AND SALARIED
19 EMPLOYEES OF PARKER
20 HANNIFIN CORP.; PARSONS
CORPORATION, a Delaware
21 corporation; GROUP BENEFITS
PLAN FOR EMPLOYEES OF
22 PARSONS CORPORATION &
23 DESIGNATED SUBSIDIARIES;
PAYLESS SHOESOURCE, INC., a
24 Missouri corporation; PAYLESS
SHOESOURCE, INC. MEDICAL
25 PLAN; PECHINEY PLASTIC
26 PACKAGING, INC., a Delaware
corporation; ALCAN SALARIED
27 WELFARE BENEFITS PROGRAM;
28 PENTAIR, INC., a Minnesota

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  corporation; PENTAIR, INC. ACTIVE
2  EMPLOYEE WELFARE PLAN;
   PERFORMANCE FOOD GROUP,
3  INC., a Colorado corporation;
   PERFORMANCE FOOD GROUP
4  INC. EMPLOYEE BENEFITS PLAN;
5  PERKINS & MARIE CALLENDER'S,
   LLC, a Delaware limited liability
6  company; PERKINS FLEXIBLE
   BENEFITS PLAN; DELL, INC., a
7  Delaware corporation; DELL, INC.
8  COMPREHENSIVE HEALTH &
   WELFARE PLAN; PETCO ANIMAL
9  SUPPLIES, INC., a Delaware
10 corporation; PETCO ANIMAL
   SUPPLIES INC. GROUP BENEFIT
11 PLAN AND TRUST; PETER KIEWIT
   SONS', INC., a Delaware corporation;
12 PETER KIEWIT SONS', INC.
13 HEALTH AND WELFARE PLAN;
   PETSMART, INC., a Delaware
14 corporation; PETSMART
   SMARTCHOICES BENEFIT PLAN;
15 PFIZER, INC., a Delaware corporation;
   PFIZER MEDICAL PLAN;
16 PHARMACEUTICAL PRODUCT
   DEVELOPMENT, LLC, a Florida
17 limited liability company;
   PHARMACEUTICAL PRODUCT
18 DEVELOPMENT, LLC WELFARE
   BENEFIT PLAN; PLAINS ALL
19 AMERICAN GP, LLC, a Delaware
   limited liability company; PLAINS
20 ALL AMERICAN GP LLC
   EMPLOYEE HEALTH BENEFIT
21 PLAN; PLATINUM HOME
   MORTGAGE CORPORATION, an
22 Illinois corporation; PLATINUM
   HOME MORTGAGE
23 CORPORATION; PLAYBOY
   ENTERPRISES INTERNATIONAL,
24 INC., a Delaware corporation;
   PLAYBOY HEALTH BENEFIT
25 PLAN; THE SHAW GROUP, INC., a
   Louisiana corporation; THE SHAW
26 GROUP, INC. EMPLOYEE
   WELFARE PLAN; PPS HOLDINGS,
27 INC., a Tennessee corporation; PPS
   HOLDINGS, INC. EMPLOYEE
28 BENEFIT PLAN; PRADA USA

CORP., a Delaware corporation; PRADA USA CORPORATION WELFARE BENEFIT PLAN; PRECYSE SOLUTIONS, LLC, a Delaware limited liability company; WELFARE BENEFIT PLAN FOR EMPLOYEES OF PRECYSE SOLUTIONS LLC; PRIME ADMINISTRATION, LLC, a Delaware limited liability company; PRIME ADMINISTRATION LLC CONSOLIDATED HEALTH & WELFARE PLAN; PROBUILD HOLDINGS, INC., a Delaware corporation; PROBUILD HOLDINGS, INC. WELFARE BENEFIT PLAN; PROCTOR & GAMBLE RHD, INC., an Ohio corporation; THE PROCTOR & GAMBLE HEALTH CARE PLAN; PROGRESSIVE LOGISTICS SERVICES, LLC, a Georgia limited liability company; PROGRESSIVE LOGISTICS SERVICES, LLC MEDICAL & LIFE INSURANCE BENEFITS PLAN; PSC ENVIRONMENTAL SERVICES, LLC, a Delaware limited liability company; PSC, LLC GROUP WELFARE BENEFITS PLAN; PSN USA HOLDINGS, INC., a Texas corporation; PSN USA HOLDINGS, INC. WELFARE BENEFIT PLAN; QBE FIRST INSURANCE AGENCY, INC., a California corporation; QBE FIRST GROUP HEALTH AND WELFARE PLAN; QUANTUM CORPORATION, a Delaware corporation; QUANTUM CORPORATION HEALTH AND WELFARE PLAN; RAINBOW USA, INC., a New York corporation; RAINBOW USA, INC. MEDICAL PLAN; RAYTHEON COMPANY, a Delaware corporation; RAYTHEON HEALTH BENEFITS PLAN; RED WING SHOE COMPANY, INC., a Minnesota corporation; RED WING SHOE COMPANY HEALTH PLAN; REXAM, INC., a Delaware corporation; GROUP INSURANCE PLAN FOR EMPLOYEES OF REXAM, INC.; REXNORD INDUSTRIES, LLC, a Delaware limited liability company; REXNORD WELFARE PLAN; REYES

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

26

AMENDED COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  HOLDINGS, LLC, a Delaware limited
   liability company; THE REYES
2  HOLDINGS FLEXIBLE BENEFITS
   PLAN; RITE AID CORPORATION, a
3  Delaware corporation; RITE AID
   CORPORATION HEALTH
4  INSURANCE PLAN;
   RURAL/METRO CORPORATION, an
5  Arizona corporation; RURAL METRO
   CORPORATION EMPLOYEE
6  BENEFIT PLAN; RUSH TRUCK
   CENTERS OF CALIFORNIA, INC., a
7  Delaware corporation; RUSH
   ENTERPRISES MEDICAL PLAN;
8  RYDER SERVICES CORPORATION,
   a Florida corporation; RYDER
9  SYSTEM, INC. FLEXIBLE
   BENEFITS PLAN; S & A
10 COMPUTER SERVICES, INC., a
   Georgia corporation; S AND A
11 COMPUTER SERVICES WELFARE
   BENEFIT PLAN; SADDLE CREEK
12 CORPORATION, a Florida
   corporation; SADDLE CREEK CORP.
13 GROUP INSURANCE AND
   FLEXIBLE BENEFIT PLAN;
14 SAFRAN USA, INC., a Delaware
   corporation; SAFRAN USA, INC.
15 CAFETERIA PLAN; SAIA MOTOR
   FREIGHT LINE, LLC, a Louisiana
16 limited liability company; SAIA
   MOTOR FREIGHT LINE LLC
17 EMPLOYEE PREFERRED
   PROVIDER PLAN; SALLY BEAUTY
18 HOLDINGS, INC., a Delaware
   corporation; SALLY BEAUTY
19 HOLDINGS INC. HEALTH AND
   WELFARE PLAN; SANTANDER
20 CONSUMER USA, INC., an Illinois
   corporation; SANTANDER
21 CONSUMER USA INC. WELFARE
   BENEFIT PLAN; SCHNEIDER
22 NATIONAL, INC., a Wisconsin
   corporation; SCHNEIDER
23 NATIONAL, INC. FLEXIBLE
   BENEFITS PLAN; SEASONS
24 HOSPICE & PALLIATIVE CARE OF
   CALIFORNIA, INC., a California
25 corporation; SEASONS HOSPICE
   FLEXIBLE BENEFIT PLAN;
26 SEDGWICK CLAIMS
   MANAGEMENT SERVICES, INC., an
27 Illinois corporation; SEDGWICK
   CLAIMS MANAGEMENT
28 SERVICES, INC. WELFARE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  BENEFIT PLAN; SELECT
SPECIALIZED STAFFING, INC., a
2  California corporation; SELECT
STAFFING – FLEXIBLE BENEFITS
3  PLAN; SHELL OIL COMPANY, a
Delaware corporation; SHELL OIL
4  COMPANY COMPREHENSIVE
WELFARE BENEFITS PLAN;
5  SIEMENS CORPORATION, a
Delaware corporation; SIEMENS
6  CORPORATION GROUP LIFE,
MEDICAL, DENTAL, VISION,
7  HEARING AND LONG TERM
DISABILITY INCOME PLAN;
8  SILVERADO SENIOR LIVING
HOLDINGS, INC., a Delaware
9  corporation; SILVERADO SENIOR
LIVING HOLDINGS, INC.
10 WELFARE BENEFITS PLAN;
SKYWEST AIRLINES, INC., a Utah
11 corporation; SKYWEST, INC.
CAFETERIA PLAN; SLEEP
12 INNOVATIONS, INC., a New Jersey
corporation; SLEEP INNOVATIONS,
13 INC. WELFARE BENEFIT PLAN;
SMURFIT KAPPA ORANGE
14 COUNTY, LLC, a Delaware limited
liability company, F/K/A ORANGE
15 COUNTY CONTAINER GROUP,
LLC; ORANGE COUNTY
16 CONTAINERS GROUP MEDICAL
PLAN; SODEXO, INC., a Delaware
17 corporation; SODEXO, INC.
MEDICAL BENEFITS PLAN;
18 SOURCEHOV, LLC, a Delaware
limited liability company;
19 SOURCEHOV, LLC HEALTH AND
WELFARE BENEFIT PLAN;
20 SOUTHWEST AIRLINES CO., a
Texas corporation; SOUTHWEST
21 AIRLINES CO. WELFARE BENEFIT
PLAN; SOUTHWEST GAS
22 CORPORATION, a California
corporation; SOUTHWEST GAS
23 CORPORATION LIFE INSURANCE
& HEALTH PLAN; STATION
24 CASINOS, LLC, a Nevada limited
liability company; STATION
25 CASINOS, LLC EMPLOYEE
BENEFIT PLAN; STEIN MART, INC.,
26 a Florida corporation; STEIN MART,
INC. & SUBSIDIARIES HEALTH
27 BENEFIT PLAN; STRYKER
CORPORATION, a Michigan
28 corporation; STRYKER

1164009.1

1  CORPORATION WELFARE
   BENEFITS PLAN; SUNBURST
2  HOSPITALITY CORPORATION, a
   Delaware corporation; SUNBURST
3  HOSPITALITY CORPORATION
   EMPLOYEE WELFARE PLAN;
4  SUNSTATE EQUIPMENT CO., LLC,
   a Delaware limited liability company;
5  SUNSTATE EQUIPMENT CO., LLC
   EMPLOYEE BENEFIT PLAN;
6  SYSTEMS APPLICATION &
   TECHNOLOGIES, INC., a Delaware
7  corporation; SYSTEMS
   APPLICATION AND
8  TECHNOLOGIES, INC. HEALTH
   AND WELFARE PLAN; TARGET
9  CORPORATION, a Minnesota
   corporation; TARGET
10 CORPORATION EMPLOYEE
   UMBRELLA TRUSTEED BENEFIT
11 PLAN; TECH DATA
   CORPORATION, a Florida
12 corporation; TECH DATA
   CORPORATION EMPLOYEE
13 WELFARE BENEFITS PLAN;
   TELAID INDUSTRIES, INC., a
14 Connecticut corporation; TELAID
   GROUP HEALTH PLAN;
15 TESTAMERICA LABORATORIES,
   INC., a Delaware limited liability
16 company; TESTAMERICA
   EMPLOYEE BENEFITS PLAN;
17 TEXTRON, INC., a Delaware
   corporation; TEXTRON BARGAINED
18 INSURED BENEFITS PLAN; TGI
   FRIDAY'S, INC., a New York
19 corporation; THE ARORA GROUP,
   INC., a Maryland corporation; THE
20 ARORA GROUP, INC. MEDICAL
   AND PRESCRIPTION DRUG PLAN;
21 THE BOEING COMPANY, a
   Delaware corporation; BOEING
22 NORTH AMERICAN EMPLOYEE
   HEALTH PLAN; THE CHILDREN'S
23 PLACE RETAIL STORES, INC., a
   Delaware corporation; THE
24 CHILDREN'S PLACE HEALTH
   CARE, SHORT TERM DISABILITY
25 & LIFE INSURANCE PLAN; THE
   CLOROX COMPANY, a Delaware
26 corporation; THE CLOROX
   COMPANY GROUP INSURANCE
27 PLAN; THE COCA-COLA
   COMPANY, a Delaware corporation;
28 THE COCA-COLA COMPANY

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

29

AMENDED COMPLAINT

HEALTH AND WELFARE BENEFITS PLAN; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York corporation; THE GUARDIAN HIGH DEDUCTIBLE HEALTH PLAN THROUGH UNITEDHEALTHCARE HOME OFFICE; THE HAIN CELESTIAL GROUP, INC., a Delaware corporation; THE HAIN CELESTIAL GROUP, INC. BENEFITS PLAN; THE HERTZ CORPORATION, a Delaware corporation; HERTZ CUSTOM BENEFIT PROGRAM; THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; THE INTERPUBLIC GROUP OF COMPANIES, INC. HEALTH AND WELFARE PLAN; THE MCGRAW-HILL FINANCIAL, INC., a New York corporation, F/K/A THE MCGRAW-HILL COMPANIES, INC.; THE MCGRAW-HILL COMPANIES, INC. GROUP HEALTH PLAN; THE SERVICEMASTER COMPANY, LLC, a Delaware limited liability company; THE SERVICEMASTER HEALTH & WELFARE BENEFITS PLAN; THE STERITECH GROUP, INC., a Georgia corporation; THE STERITECH GROUP, INC. CAFETERIA PLAN; THE TRAVELERS COMPANIES, INC., a Minnesota corporation; THE TRAVELERS TRUSTEED EMPLOYEE BENEFIT PLAN; THE TRAVELERS NON-TRUSTEED EMPLOYEE BENEFIT PLAN; THE TURNER CORPORATION, a New York corporation; THE TURNER CORPORATION WELFARE BENEFITS PLAN; THERMO FISHER SCIENTIFIC, INC., a Delaware corporation; THERMO FISHER SCIENTIFIC INC. GROUP INSURANCE PLAN; TIME WARNER CABLE, INC., a Delaware corporation; TIME WARNER CABLE BENEFITS PLAN; TIRE CENTERS, LLC, a California limited liability company; TIRE CENTERS, LLC EMPLOYEE BENEFIT PLAN; T-MOBILE USA, INC., a Delaware corporation; T-MOBILE USA, INC. EMPLOYEE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  BENEFIT PLAN; TOSHIBA
   AMERICA, INC., a Delaware
2  corporation; TOSHIBA AMERICA
   INC. GROUP WELFARE BENEFIT
3  PLAN; TOWERS WATSON & CO., a
   Delaware corporation; TOWERS
4  WATSON MEDICAL PLAN;
   TRIBUNE COMPANY, a Delaware
5  corporation; TRIBUNE COMPANY
   BENEFIT PROGRAM; TRINET HR
6  CORPORATION, a California
   corporation, F/K/A GEVITY HR, INC.;
7  TRINET EMPLOYEE BENEFIT
   INSURANCE PLAN; TTX
8  COMPANY, a Delaware corporation;
   TTX COMPANY GROUP AND
9  HEALTH PLAN; TUCKER ELLIS,
   LLP, a Delaware limited liability
10 partnership; TUCKER ELLIS & WEST
   LLP WELFARE BENEFIT PLAN;
11 UNION BANK, N.A., a California
   corporation; UNION BANK HEALTH
12 BENEFIT PLAN; UNION PACIFIC
   RAILROAD COMPANY, a Delaware
13 corporation; UNION PACIFIC
   RAILROAD EMPLOYEES HEALTH
14 SYSTEMS; UNITED AIRLINES,
   INC., a Delaware corporation; UNITED
15 AIRLINES CONSOLIDATED
   WELFARE BENEFIT PLAN;
16 UNITEDHEALTH GROUP
   EMPLOYEE HEALTH BENEFIT
17 PLAN; UNIVISION
   COMMUNICATIONS, INC., a
18 Delaware corporation; UNIVISION
   WELFARE BENEFITS PLAN; UPM
19 RAFLATAC, INC., a North Carolina
   corporation; UPM-RAFLATAC, INC.
20 HEALTH AND WELFARE BENEFIT
   PLAN; URBAN DECAY
21 COSMETICS, LLC, a Delaware limited
   liability company; URBAN DECAY
22 COSMETICS HEALTH AND
   WELFARE PLAN; U.S. AUTO
23 PARTS NETWORK, INC., a Delaware
   corporation; US AUTO PARTS
24 NETWORK INC. HEALTH AND
   WELFARE BENEFIT PLAN; US
25 AIRWAYS GROUP, INC., a Delaware
   corporation; US AIRWAYS, INC.
26 HEALTH BENEFIT PLAN; U.S.
   LOGISTICS, INC., an Oklahoma
27 corporation; U.S. LOGISTICS, INC.
   HEALTH AND DENTAL; U.S.
28 NURSING CORPORATION, a

Colorado corporation; US NURSING CORP. EMPLOYEE BENEFIT PLAN; USA TRUCK, INC., a Delaware corporation; USA TRUCK INC. WELFARE BENEFIT PLAN; UTI SERVICES, INC., a California corporation; UTI SERVICES, INC. WELFARE BENEFITS PLAN; VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware corporation; VALEANT PHARMACEUTICALS INTERNATIONAL GROUP WELFARE PLAN; VELOCITY EXPRESS, LLC, a Delaware limited liability company; VELOCITY EXPRESS, LLC FLEXIBLE BENEFITS PLAN; VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA, LLC, a Wisconsin corporation; VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA CORP. EMPLOYEE HEALTH BENEFIT PLAN; VERIZON COMMUNICATIONS, INC., a Delaware corporation; VERIZON PLAN 550; VIA TECHNOLOGIES, INC., a California corporation; VIA TECHNOLOGIES, INC. HEALTH AND WELFARE PLAN; VIACOM, INC., a Delaware corporation; VIACOM HEALTH AND WELFARE PLAN; VOLT INFORMATION SCIENCES, INC., a New York corporation; VOLT INFORMATION SCIENCES, INC. AND AFFILIATES EMPLOYEE WELFARE BENEFITS PLAN; VULCAN MATERIALS COMPANY, a New Jersey corporation; HEALTH & WELFARE BENEFIT PLANS OF VULCAN MATERIALS COMPANY; W.W. GRAINGER, INC., an Illinois corporation; W.W. GRAINGER INC. GROUP BENEFIT PLAN I; W.W. GRAINGER INC. GROUP BENEFIT PLAN II; WACHOVIA FINANCIAL SERVICES, INC., a Delaware corporation; WACHOVIA CORPORATION HEALTH AND WELFARE PLAN; WAL-MART STORES, INC., a Delaware corporation; WAL-MART STORES, INC. ASSOCIATES HEALTH AND

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

32

AMENDED COMPLAINT

WELFARE PLAN; WELLS FARGO & COMPANY, a Delaware corporation; WELLS FARGO & CO. HEALTH PLAN; WE'RE READY TO ASSEMBLE, INC., a Texas corporation (F/K/A NATIONAL PRODUCT SERVICES, INC.) DBA IMPACT RESOURCE GROUP; WE'RE READY TO ASSEMBLE DBA IMPACT RESOURCE GROUP BENEFIT PLAN; WESTWAYS STAFFING SERVICES, INC., a California corporation; WESTWAYS STAFFING SERVICES HEALTH PLAN; WHIRLPOOL CORPORATION, a Delaware corporation; WHIRLPOOL CORPORATION GROUP BENEFIT PLAN; WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation; WHOLE FOODS MARKET, INC. GROUP BENEFIT PLAN; WILLIAMS-SONOMA STORES, INC., a California corporation; WILLIAMS-SONOMA, INC. HEALTH & WELFARE PLAN; WIPRO LIMITED, an India corporation; WIPRO HEALTH AND WELFARE PLAN; WOLVERINE WORLD WIDE, INC., a Delaware corporation; GROUP INSURANCE PLAN WOLVERINE & RETAIL; WORLD TRAVEL HOLDINGS, INC., a Delaware corporation; WORLD TRAVEL HOLDINGS, INC. FLEXIBLE BENEFIT PLAN; WORLEYPARSONS CORPORATION, a Delaware corporation; GROUP BENEFITS PLAN FOR EMPLOYEES OF WORLEYPARSONS CORPORATION; WSA GROUP, INC., a California corporation; WSA GROUP; WYNRIGHT CORPORATION, an Illinois corporation; WYNRIGHT WELFARE BENEFIT PLAN; YUM! BRANDS, INC., a North Carolina corporation; YUM! BRANDS, INC. RESTAURANT EMPLOYEES GROUP INSURANCE PLAN; ZALE CORPORATION, a Texas corporation; ZALE CORPORATION BENEFITS PLAN; ADELSON, TESTAN, BRUNDO, NOVELL & JIMENEZ

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

P.C., a California corporation; THE ADELSON, TESTAN, BRUNDO, NOVELL & JIMENEZ P.C. GROUP INSURANCE PLAN; BRIGHT HORIZONS CHILDREN'S CENTERS, LLC, Delaware limited liability company; BRIGHT HORIZONS FLEXIBLE BENEFIT PLAN; BUCKEYE TECHNOLOGIES, INC., Delaware corporation; THE BUCKEYE TECHNOLOGIES COMPREHENSIVE HEALTH CARE PLAN; BURBERRY LIMITED, a New York corporation; BURBERRY LIMITED HEALTH PLAN; BUILD-A-BEAR WORKSHOP, INC., a Delaware corporation; BUILD-A-BEAR WORKSHOP, INC. WELFARE BENEFITS PLAN; CALIBRE INC., a Wisconsin corporation; CALIBRE INC. EMPLOYEE HEALTH PLAN; EDGEWOOD MANAGEMENT CORPORATION, a Maryland Corporation dba MARYLAND EDGEWOOD MANAGEMENT CORPORATION; MID-CITY FINANCIAL/EDGEWOOD MANAGEMENT EMPLOYEE BENEFIT TRUST; POLYAIR CORPORATION, a Delaware corporation; POLYAIR CORPORATION FLEXIBLE BENEFITS PLAN; PSI SERVICES, LLC, a California limited liability company; PSI SERVICES, LLC HEALTH AND WELFARE BENEFITS PLAN; GLOBAL MAIL, INC., a Delaware corporation dba DHL GLOBAL MAIL; GLOBAL MAIL, INC. WELFARE PLAN; THE RAILROAD EMPLOYEES NATIONAL HEALTH & WELFARE PLAN; NATIONAL RAILWAY CARRIERS AND UNITED TRANSPORTATION UNION

HEALTH & WELFARE PLAN; AND
DOES 1 through 10, inclusive,

Defendants.

Plaintiffs Almont Ambulatory Surgery Center, LLC, Bakersfield Surgery Institute, LLC, CIRO Surgery Center, LLC, East Bay Ambulatory Surgery Center, LLC, Modern Institute Of Plastic Surgery & Antiaging, Inc., New Life Surgery Center, LLC dba Beverly Hills Surgery Center, Orange Grove Surgery Center, LLC, Palmdale Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, San Joaquin Valley Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc., Valencia Ambulatory Surgery Center, LLC, West Hills Surgery Center, LLC, and Independent Medical Services, Inc. (collectively, the "Plaintiff Providers") bring this action, alleging as follows:

1.     Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 et seq.; and pursuant to the laws of California, including but not limited to California's unfair competition law, Cal. Civ. Code § 17200 et seq., for violations of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12111 *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.* for injuries caused by United's efforts to deny morbidly obese patients access to the surgical services provided at the Plaintiffs' surgery centers and medical providers.

## I.     INTRODUCTION

2.     This lawsuit alleges a deliberate, willful and concerted effort by United Healthcare to indefinitely avoid paying for Lap-Band services for its morbidly obese members.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

3.      The patients whose claims are at issue in this lawsuit are all morbidly obese individuals who are suffering from serious medical problems associated with their obesity.

4.      All of these patients choose Preferred Provider Organization ("PPO") insurance, rather than HMO insurance, through their employers so that they can receive their medical services from the physicians and other medical providers of their choice, regardless of whether those physicians are in-network or out-of-network.  United Healthcare, who administers the PPO insurance for these employers, advertises on its website that the benefits of its PPO policies include: "The freedom to choose any doctor for your health care needs."[1]

5.      All of these patients' healthcare providers requested that United Healthcare authorize the patients to undergo the extensive pre-operative tests necessary to determine whether they are qualified to receive Lap-Band surgery. United Healthcare ther provided authorization for the plaintiffs' healthcare providers to perform the procedures, or were informed that no authorization was needed.  After receiving the authorizations, or being informed that no authorization was necessary, the patients went through months of pre-operative tests.

6.      United Healthcare, however, has refused to pay for the vast majority of the tests.

7.      In many cases, United Healthcare authorized the patients to receive the Lap-Band surgery.  However, despite authorizing the surgeries, United Healthcare has refused to pay for the surgeries.

8.      United Healthcare has created a number of pretextual excuses for refusing to process or to pay the claims.  The most common excuse is that it needs

---

[1] See UnitedHealthcare Options – a Preferred Provider Organization (PPO), http://www.uhc.com/employers/health-plans/group_coverage/options_ppo.htm

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

36
AMENDED COMPLAINT

1    certain medical records from the patients' healthcare providers – the plaintiffs in this

2    case.  However, the plaintiff healthcare providers have provided all the medical

3    records to United Healthcare on multiple occasions.  Nevertheless, United Healthcare

4    continues to falsely claim that it needs additional records.

5         9.     When the healthcare providers call United Healthcare to ask what

6    records are missing, United Healthcare cannot say what records are missing.  Instead,

7    the United Healthcare representatives who answer the phones say that United's

8    claims processor, OptumInsight, Inc., which is located in the Philippines, says that it

9    is missing records, but cannot tell United Healthcare what records are missing.

10        10.    United Healthcare, on behalf of the employer defendants, therefore

11   delays paying for any of the claims by repeatedly asserting that it needs unspecified

12   medical records, but cannot state what records are missing.  In fact, United

13   Healthcare has all the medical records for all the claims at issue in this case.

14        11.    Many patients have been afraid to have the Lap-Band surgeries, even

15   though their insurance covers the surgeries and they are authorized to have them,

16   because they do not want to be saddled with the liability for paying for the surgeries

17   given that United Healthcare has refused to pay for any of the pre-operative tests.

18        12.    Some patients have had the Lap-Band surgeries and need to have their

19   Lap-Bands adjusted because they have lost weight, or require other follow-up

20   medical procedures related to their surgeries.  However, these patients are afraid to

21   have these follow-up procedures because they do not want to further increase their

22   liability for payment due to United Healthcare's failure to pay.

23        13.    The refusal of United Healthcare and the defendant employers to pay for

24   the Lap-Band procedures for their morbidly obese members and employees violates

25   the Employee Retirement Income Security Act ("ERISA") and constitutes

26   discrimination against morbidly obese individuals.  ERISA requires the defendants to

27   provide the specific reasons for non-payment of claims, to state explicitly what

28   additional records are needed to perfect the claims, and to provide all requested plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

and other documents used to deny the claims.  Defendants have failed to comply with any of these requirements, which subjects them to penalties.

14.     Hundreds of millions of dollars are owed by defendants for the services plaintiffs healthcare providers have provided to defendants' members and insureds. In addition, hundreds of millions of dollars are owed in penalties resulting from defendants' failures to provide the documents requested by plaintiffs.

**A.     <u>Plaintiffs Provide Much-Needed Health Care to Morbidly Obese Patients.</u>**

15.     Plaintiffs Almont Ambulatory Surgery Center, LLC, Bakersfield Surgery Institute, LLC, CIRO Surgery Center, LLC, East Bay Ambulatory Surgery Center, LLC, Modern Institute Of Plastic Surgery & Antiaging, Inc., New Life Surgery Center, LLC dba Beverly Hills Surgery Center, Orange Grove Surgery Center, LLC, Palmdale Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, San Joaquin Valley Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc., Valencia Ambulatory Surgery Center, LLC, West Hills Surgery Center, LLC, and Independent Medical Services, Inc., are a network of health providers that specialize in providing laparoscopic adjustable gastric band ("Lap-Band") surgery and other surgical procedures and medical services to individuals who are morbidly obese.

16.     Lap-Band surgery is a widely used and minimally invasive surgical procedure that involves tying a silicone band around a portion of the stomach pouch. Individuals who receive this procedure experience a feeling of satiety, or fullness, more quickly, and therefore eat less, which in turn promotes weight loss.  Compared to other forms of bariatric surgery, such as gastric sleeve surgery or gastric bypass

procedures, one expert publicly commented that "Lap-Band really has the fewest complications and is the least invasive."[2]

17.    Since 2010, Plaintiffs have helped thousands of morbidly obese individuals to undergo Lap-Band surgery as well as other medical procedures that assist those individuals in obtaining effective treatment for their disability.  Plaintiffs estimate that roughly 90% of their patients are morbidly obese.

18.    The Equal Employment Opportunity Commission has formally recognized "severe" or "morbid" obesity as a disability under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*  Morbidly obese individuals are therefore protected from discrimination based upon their disability status.  This includes discrimination with respect to the provision of health care benefits that those individuals obtain through their employer.

19.    Indeed, the morbidly obese, who represent nearly 4% of America's population, are frequently discriminated against in the provision of medical care. This trend was illustrated by a recent blog post in the New York Times, which reported that in a recent study, one out of five doctors' offices in four major cities across the country refused to even book an appointment when researchers attempted to do so on behalf of a hypothetical overweight, disabled patient, and made unfounded assumptions about that patient without even meeting him.[3]  The Provider

---

[2] ABC News, Christie's Weight-Loss Surgery: Less Invasive but Slower Weight Loss, May 7, 2013, http://abcnews.go.com/Health/chris-christies-lap-band-surgery-left-stomach-intact/story?id=19126013 (comments of Dr. Richard Besser, ABC News' chief health and medical correspondent, regarding the recent announcement by New Jersey governor Chris Christie that he had received Lap-Band surgery).

[3] Pauline W. Chen, New York Times Well Blog, May 23, 2013, *Disability and Discrimination at the Doctor's Office*, http://well.blogs.nytimes.com/2013/05/23/disability-and-discrimination-at-the-doctors-office/

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Plaintiffs therefore perform a valuable role in providing much-needed care to an

2   underserved and misunderstood population.

3   **B.**   **Defendants' Blanket Refusal to Pay for Plaintiffs' Services Continues to**

4   **Cause Serious and Ongoing Harm to Patient Care.**

5       20.   This lawsuit arises from a deliberate, willful and concerted effort by

6   Defendants UnitedHealth Group, Inc., United Healthcare Services, and

7   UnitedHealthcare Insurance Company (collectively, "United" or "United

8   Defendants") to indefinitely avoid paying for services that Plaintiffs rendered to their

9   largely morbidly obese patient population.

10       21.   In 2010, Plaintiffs began submitting claims for reimbursement to United,

11   who acts as the welfare benefits plan administrator for various ERISA and non-

12   ERISA health benefits plans.

13       22.   Plaintiffs are not members of UnitedHealth Group's in-network health

14   care providers, and they are not signatories to any contracts with UnitedHealth

15   Group.  Each of the claims which Plaintiffs submitted was pursuant to an

16   authorization that they obtained from UnitedHealth Group prior to the procedure

17   being performed.  In fact, for nearly every claim, UnitedHealth Group's represented

18   in response to inquiries by the various Plaintiff providers that they would reimburse

19   the cost of the procedure at the <u>provider's</u> "usual and customary rates" ("UCR").  In

20   reality, however, United had no intention of paying anything at all.

21       **1.**   **United Schemed to Withhold All Payment from Plaintiffs, And Then**

22   **Lied About It.**

23       23.   Initially, United paid such claims according to the terms of the health

24   plans that it administered.  Beginning in 2010, however, United started to

25   substantially underpay Plaintiffs' claims for reimbursement, and shortly thereafter,

26   began to systematically withhold all payment from Plaintiffs without informing them.

27   United did so even though for many patients it had expressly given authorization for

28   the procedures at issue to be performed.  In many cases, the providers and surgery

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   centers performed these surgeries in reliance upon United's prior authorizations.

2   Despite authorizing the procedures, however, United refuses to pay – and in some

3   cases, even refuses to process – virtually any claim that is submitted by the Plaintiffs.

4        24.    United accomplishes this delay in processing claims by using a variety

5   of made-up excuses, all of which are procedurally improper.  Each time the Plaintiffs

6   submit claims for services rendered, United responds with a boilerplate notification

7   that the claim cannot be processed without additional, burdensome documentation,

8   most of which is already in the possession of United, and none of which is needed to

9   process the claims.  In many cases, United asks for numerous categories of medical

10  records which it either already has, or which are not relevant to the claim being

11  processed.  In other cases, pretends not to have received the claim at all, or pretends

12  not to have received medical records that Plaintiffs have submitted, forcing Plaintiffs

13  to re-submit them.  When Plaintiffs follow up to ask what information is required to

14  perfect its claims United refuses to identify which specific records it supposedly

15  needs.  Despite having all the information it needs to process Plaintiffs' valid claim

16  submissions, United almost always denies Plaintiffs' claims for the purported failure

17  to provide all relevant medical records.

18       25.    United also forwards nearly every claim submitted by the Plaintiffs to

19  Defendant OptumInsight, Inc. (also known as Ingenix) for purported further

20  "review," where those claims may languish for months and years without being paid.

21  Ingenix/OptumInsight makes the same unintelligible, burdensome and baseless

22  requests for records and documentation as United, even when Plaintiffs have

23  previously provided all of the same medical records and other documents to United in

24  response to the same requests.  Ingenix/OptumInsight also refuses to identify what

25  specific records are supposedly necessary to perfect the claims for payment.  As a

26  result, Plaintiffs are ping-ponged back and forth between United and Ingenix in what

27  are ultimately futile attempts to understand what further information Untied

28  supposedly needs to pay the claims.

41

AMENDED COMPLAINT

26.     ERISA requires plans to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial."  Defendants' denial letters did not advise Plaintiffs the specific type of evidence to submit in support of their claims in violation of ERISA.  Defendants' denial letters did not notify Plaintiffs or the plan beneficiaries of what additional information would be necessary to perfect the claims. They therefore violate ERISA because they fail to explain "in a manner calculated to be understood by the claimant" what Plaintiffs must do to perfect the claims.

27.     Defendants' communications with Plaintiffs are not only deceptive, in that they are intended to obfuscate United's true intent, which is to deny any claim submitted by Plaintiffs.  After months or years of delay, Defendants ultimately rely on the same intentionally dishonest, inadequate and spurious excuses to deny payment such as the purported failure to provide the "complete" medical records.

28.     Through this deliberate and institutionalized abuse of the claims administration process, Defendants have, in effect, successfully managed to avoid paying nearly any of Plaintiffs' claims for several years.  The amount that Defendants owe Plaintiffs, in the aggregate, on these unpaid claims is in the millions of dollars.

29.     United's scheme of denials and cryptic claim rejections ensure that Plaintiffs never know why their claims are being denied in violation of Defendants' obligations under ERISA to convey complete and accurate information.  Plaintiffs are therefore deprived of the procedural protections of ERISA and other applicable regulations.  Those regulations specify that a determination must be made within 90 days of United's receipt of the claim submission, and that every denial must be justified by identifying specific language contained in the benefit plans.  United's failure to render proper and timely decisions on the merits therefore prejudices Plaintiffs' appeal rights.

30.     As an added benefit, Defendants' reliance on pretextual procedural rationales and material misrepresentations to prolong and deny the claims review

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

process permits Defendants to avoid having to identify any actual provision in the health plans on which the denial of payment must be based.  This is again in violation of applicable federal and state regulations, including ERISA.  Defendants have repeatedly denied Plaintiffs any meaningful dialogue about their claim submissions, thus foreclosing all opportunity for Plaintiffs to submit any additional documents, correct any errors in the record, point to any favorable evidence that would tend to support the claim, or to otherwise prepare an informed response to Defendants' decisions.  Defendants' refusal to provide specific reasons for the denials also deprives Plaintiffs of the information that Plaintiffs would need to make proper appeals from those denials.

31.     In almost all instances, Plaintiffs explicitly demanded that Defendants produce specific plan documents justifying their denial of payment, and Defendants ignored these requests.  Defendants' refusal to provide the requested records (which is punishable by fine under ERISA) was designed to conceal the pretextual basis for Defendants' behavior, as well as Defendants' policy of discrimination against insureds who were morbidly obese.  However, because Defendants will not provide the plan documents despite tens of thousands of written requests, Plaintiffs cannot know for sure.

32.     On information and belief, the terms of the health benefit plans administered by United do not permit United to deny Plaintiffs' claims, nor do they permit United to obstruct, delay, or draw out the claims process for years at a time.  In carrying out its scheme, United is therefore acting *ultra vires*, outside the scope of its delegated authority under the plans as the claims administrator for those plans.

33.     Moreover, on information and belief, Defendants were fully aware that roughly 90% of the patients who came to Plaintiffs were morbidly obese, a protected class, and in need of surgical treatment to ameliorate their condition.  Defendants' discriminatory treatment of Plaintiffs' morbidly obese patients was therefore also in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX:  (310) 551-8181

1  violation of applicable state and federal law, including the federal Americans with

2  Disabilities Act and California's Fair Employment and Housing Act.

3      **2.**     **Plaintiffs Will Suffer Irreparable Harm, Including Harm to Their**

4      **Ability to Care for Existing Patients, Unless United is Ordered to**

5      **Stop.**

6      34.     Plaintiffs and their morbidly obese patients have been, and continue to

7  be, seriously harmed by Defendants' behavior.  Defendants never directly and

8  unambiguously informed Plaintiffs that it intended to deny payment on each and

9  every claim.  In fact, Defendants continued to verify the availability of benefits

10  whenever Plaintiffs inquired regarding new patients, and continued to authorize

11  medical procedures for those patients to be performed by the Plaintiffs.  Similarly,

12  during insurance verification calls, United consistently assured Plaintiffs that they

13  would pay the reasonable and customary fees charged by Plaintiffs for their services.

14  In reliance upon United's representations that benefits were available and that

15  procedures would be authorized and United's promises to pay their reasonable and

16  customary charges, Plaintiffs reasonably expected their claims would be paid and

17  continued to see United policyholders, to their detriment.

18      35.     United is the single largest payor for Plaintiffs, such that a very

19  substantial percentage of all Plaintiffs' patients have benefit plans that are funded

20  and/or administered by United.  United's surreptitious and dishonest scheme to

21  withhold payment is, quite literally, driving Plaintiffs out of business.

22      36.     United's actions also threaten the continuity of patient care.  For

23  instance, United frequently authorized initial procedures and the work-up necessary

24  to perform bariatric surgery, and in some cases, even paid for the initial work-up, but

25  then denied payment for surgical procedures that were performed.  This prevents

26  Plaintiffs' morbidly obese patients from receiving the treatment they desperately

27  need to help them lose weight.  Likewise, patients who have received Lap-Band

28  surgery must return to Plaintiffs on a regular basis to receive adjustments to the Lap-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    Band, yet it is difficult to continue to provide care when United has still failed to pay

2    for the initial procedure.  For such patients, Plaintiffs cannot simply stop providing

3    care, as that might constitute patient abandonment under California law.

4             37.     United is also depriving its own insureds of the health benefits to which

5    they are entitled.  As patients acknowledge when they come to Plaintiffs for

6    treatment, they are financially responsible in the event that United does not pay.

7    Because United authorizes procedures performed by the Plaintiff providers and yet

8    does not paid anything on the resulting claims, Plaintiffs are being placed into an

9    adversarial position with respect to their patients.  Of course, this is a costly,

10   unpleasant, and uncertain process, and results in the loss of the peace of mind that

11   insureds are entitled to enjoy.

12            38.     Patient care will continue to be endangered unless this Court enjoins

13   Defendants' behavior, and orders Defendants to cease abusing the claims review

14   process as a way to indefinitely avoid paying Plaintiffs what they are entitled to be

15   paid under the terms of the patients' benefit plans.  Injunctive relief is necessary in

16   order to stop Defendants from hiding behind the curtain of arbitrary administrative

17   process, and to force Defendants to process Plaintiffs' claims according to the terms

18   of applicable benefit plans.  Otherwise, patient care and peace of mind will continue

19   to be endangered, causing irreparable harm to Plaintiffs' ability to care for its

20   patients.

21   C.      **In Addition to Refusing to Pay, United Imposed Arbitrary and**

22           **Discriminatory Barriers to Patients Obtaining Surgery.**

23            39.     On information and belief, there was an overarching, and undisclosed,

24   policy at United to withhold all payment for submitted by patients who utilized their

25   out-of-network benefits with Plaintiffs, even though Defendants were fully aware that

26   roughly 90% of the patients who came to the Plaintiffs were morbidly obese and in

27   need of surgical treatment to ameliorate their condition.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

40.     On information and belief, as part of this unwritten policy, Defendants created unreasonable barriers for morbidly obese patients seeking to obtain the weight loss surgery offered by Plaintiffs constituted unlawful discrimination as well as an arbitrary and capricious denial of health benefits.  Such benefits could and should have been made available under the health plans administered and/or funded by United.

41.     For instance, United began denying approval for certain procedures until the individuals seeking surgery enrolled in, and completed, a six-month weight loss plan and nutrition regimen.  United knew that nothing in the terms of many of those individuals' health benefit plans required such draconian steps.  It also knew the patients' physicians had already determined that Lap-Band surgery was medically necessary.

42.     Studies published in numerous well-regarded scientific journals have found that such weight loss programs were ineffective for the morbidly obese and did not lead to better clinical outcomes than bariatric surgery alone.  Individuals who enroll in such arbitrarily imposed six-month plans typically drop out and do not lose weight; in any case, United's weight loss plans typically do not even require a demonstration that weight loss has occurred.  Thus, the net effect of this arbitrary and capricious barrier was to prevent morbidly obese plan beneficiaries from acquiring much-needed surgery.

43.     Along the same lines, United raised an unreasonable impediment to approval by seeking written proof from a doctor's office of the patient's weight or body mass index (BMI) for each of the preceding five years to be eligible for surgery.  If the morbidly obese patient did not visit a doctor and thus did not have a documented weight in just one of the previous 5 years, the request would be denied.  Like the preoperative weight loss plans, this was not a requirement of many of the health benefit plan prior to the approval of bariatric surgery, and was an arbitrary and capricious barrier to prevent morbidly obese beneficiaries from obtaining surgery.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

44.     United, as the designated claims administrator for the plans, exercised sole discretion over claim pricing and payment of Plaintiffs' claims, and was responsible for authorizing medical treatment for its members.  On information and belief, however, the terms of many patients' benefit plans did not make surgery benefits contingent upon barriers such as the completion of a six month weight-loss plan, or a five-year documentation of the patient's weight.  United's refusal to approve many of these procedures until these arbitrary requirements had been met constituted arbitrary and capricious conduct that went beyond United's fiduciary duties to interpret and administer the terms of the plans.

45.     As with United's pretextual denials of payment for medical procedures actually performed, United's imposition of such barriers also constituted wrongful discrimination and failure to reasonably accommodate these patients' disabilities under both the federal Americans with Disabilities Act and California's Fair Employment and Housing Act.  As a result, United has also engaged in unfair competition under California's Unfair Competition Law, and should enjoined from denying benefits to its insured based on such conduct.

## II.     JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States; and pursuant to 29 U.S.C. § 1132(e)(1), because the action seeks to enforce rights under the Employee Retirement Income Security Act ("ERISA"); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because there is a common nucleus of facts relating to United's wrongful behavior.

47.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this Judicial District, and because one or more of the Defendants conducts a substantial amount of business in this Judicial District.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

### III.   THE PARTIES

A.   **Plaintiff Surgery Centers.**

48.   The Plaintiff Surgery Centers are Limited Liability Companies and Corporations organized and existing under the laws of the State of California, with their principal places of business in the State of California.  Plaintiff Surgery Centers operate ambulatory surgery centers that provide a variety of surgical services, including but not limited to the Lap-Band procedure.  At all relevant times, none of the Plaintiff Surgery Centers were under contract with any of the Defendants, and none of them participated in any of Defendants' provider networks.

a)   Plaintiff Almont Ambulatory Surgery Center LLC is, and at all relevant times was, a California limited liability company organized and existing under the laws of the State of California, with its principal place of business in Beverly Hills, California.  Plaintiff Almont Ambulatory Surgery Center operates an ambulatory surgery center in Beverly Hills, California.  At all relevant times, Almont Ambulatory Surgery Center was not under contract with any of the Defendants, and did not participate in any of their provider networks.

b)   Plaintiff Bakersfield Surgery Institute, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Bakersfield, CA.  Plaintiff Bakersfield Surgery Institute, LLC operates an ambulatory surgery center in Bakersfield, California.  At all relevant times, Bakersfield Surgery Institute, LLC was not under contract with any of the Defendants, and did not participate in any of their provider networks.

c)   Plaintiff CIRO Surgery Center, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business in San Jose, CA.  Plaintiff CIRO Surgery Center, LLC operates an ambulatory surgery center in San Jose, California

1  specializing in bariatric surgery, including in the Lap-Band procedure.  At all

2  relevant times, CIRO Surgery Center, LLC was not under contract with any of the

3  Defendants, and did not participate in any of their provider networks.

4        d)      Plaintiff East Bay Ambulatory Surgery Center, LLC is, and at all

5  relevant times was, a limited liability company organized and existing under the laws

6  of the State of California, with its principal place of business in Fremont, CA.

7  Plaintiff East Bay Ambulatory Surgery Center, LLC operates an ambulatory surgery

8  center in Fremont, California.  At all relevant times, East Bay Ambulatory Surgery

9  Center, LLC was not under contract with any of the Defendants, and did not

10  participate in any of their provider networks.

11        e)      Plaintiff Modern Institute of Plastic Surgery & Antiaging, Inc.

12  ("Modern Institute") is, and at all relevant times was, a California corporation

13  organized and existing under the laws of the State of California, with its principal

14  place of business in Beverly Hills, California.  Plaintiff Modern Institute operates an

15  ambulatory surgery center in Beverly Hills, California specializing in plastic surgery

16  and also in bariatric surgery, including the Lap-Band procedure.  At all relevant

17  times, Plaintiff Modern Institute was not under contract with any of the Defendants,

18  and did not participate in any of their provider networks.

19        f)      Plaintiff New Life Surgery Center LLC dba Beverly Hills Surgery

20  Center is, and at all relevant times was, a limited liability company organized and

21  existing under the laws of the State of California, with its principal place of business

22  in Beverly Hills, California.  Plaintiff New Life Surgery Center LLC operates an

23  ambulatory surgery center in Beverly Hills, California specializing in bariatric

24  surgery, including in the Lap-Band procedure.  At all relevant times, New Life

25  Surgery Center LLC was not under contract with any of the Defendants, and did not

26  participate in any of their provider networks.

27        g)      Plaintiff Orange Grove Surgery Center, LLC is, and at all relevant

28  times was, a limited liability company organized and existing under the laws of the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  State of California, with its principal place of business in Pomona, CA.  Plaintiff

2  Orange Grove Surgery Center, LLC operates an ambulatory surgery center in

3  Pomona, California.  At all relevant times, Orange Grove Surgery Center, LLC was

4  not under contract with any of the Defendants, and did not participate in any of their

5  provider networks.

6        h)   Plaintiff Palmdale Surgery Center, LLC is, and at all relevant

7  times was, a limited liability company organized and existing under the laws of the

8  State of California, with its principal place of business in Palmdale, CA.  Plaintiff

9  Palmdale Surgery Center, LLC operates an ambulatory surgery center in Palmdale,

10 California.  At all relevant times, Palmdale Surgery Center, LLC was not under

11 contract with any of the Defendants, and did not participate in any of their provider

12 networks.

13       i)   Plaintiff San Diego Ambulatory Surgery Center, LLC is, and at all

14 relevant times was, a limited liability company organized and existing under the laws

15 of the State of California, with its principal place of business in San Diego, CA.

16 Plaintiff San Diego Ambulatory Surgery Center, LLC operates an ambulatory surgery

17 center in San Diego, California.  At all relevant times, San Diego Ambulatory

18 Surgery Center, LLC was not under contract with any of the Defendants, and did not

19 participate in any of their provider networks.

20       j)   Plaintiff San Joaquin Valley Surgery Center, LLC is, and at all

21 relevant times was, a limited liability company organized and existing under the laws

22 of the State of California, with its principal place of business in Modesto, CA.

23 Plaintiff San Joaquin Valley Surgery Center, LLC operates an ambulatory surgery

24 center in Modesto, California.  At all relevant times, San Joaquin Valley Surgery

25 Center, LLC was not under contract with any of the Defendants, and did not

26 participate in any of their provider networks.

27       k)   Plaintiff Skin Cancer & Reconstructive Surgery Specialists of

28 Beverly Hills ("Reconstructive Specialists") is, and at all relevant times was, a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 California corporation organized and existing under the laws of the State of

2 California, with its principal place of business in Beverly Hills, California.  Plaintiff

3 Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills operates an

4 ambulatory surgery center in Beverly Hills, California.  At all relevant times, Plaintiff

5 Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills was not under

6 contract with any of the Defendants, and did not participate in any of their provider

7 networks.

8        l)     Plaintiff Valencia Ambulatory Surgery Center, LLC is, and at all

9 relevant times was, a limited liability company organized and existing under the laws

10 of the State of California, with its principal place of business in Valencia, CA.

11 Plaintiff Valencia Ambulatory Surgery Center, LLC operates an ambulatory surgery

12 center in Valencia, California.  At all relevant times, Valencia Ambulatory Surgery

13 Center, LLC was not under contract with any of the Defendants, and did not

14 participate in any of their provider networks.

15        m)    Plaintiff West Hills Surgery Center LLC is, and at all relevant

16 times was, a limited liability company organized and existing under the laws of the

17 State of California, with its principal place of business in West Hills, California.

18 Plaintiff West Hills Surgery Center LLC operates an ambulatory surgery center in

19 West Hills, California.  At all relevant times, West Hills Surgery Center LLC was not

20 under contract with any of the Defendants, and did not participate in any of their

21 provider networks.

22 **B.**     **Plaintiff Independent Medical Service.**

23      49.    Plaintiff Independent Medical Service, Inc. ("IMS") is, and at all

24 relevant times was, a California professional corporation organized and existing

25 under the laws of the State of California, with its principal place of business in

26 Beverly Hills, California.  IMS is a physicians' medical group that, through billing

27 companies bills for professional services.  At all relevant times, IMS was not under

28

1   contract with any of the Defendants, nor did they participate in any of Defendants'

2   provider networks.

3   / / /

4   / / /

5   / / /

6   / / /

7   / / /

8   / / /

9   **C.**      **United Defendants.**

10      50.      Plaintiffs are informed and believe that Defendant UnitedHealth Group,

11   Inc. ("UnitedHealth") is a Minnesota corporation with its corporate headquarters

12   located in Minneapolis, Minnesota.  Defendant UnitedHealth Group is a publicly

13   traded corporation which is not qualified to do business in the State of California, but

14   is engaged in business in the State of California and County of Los Angeles through

15   its subsidiaries UnitedHealthcare Insurance Company, and United HealthCare

16   Services, Inc.

17      51.      Plaintiffs are informed and believe that Defendant UnitedHealthcare

18   Insurance Company ("UHIC") is a corporation organized and existing under the laws

19   of the State of Connecticut, a wholly owned and controlled subsidiary of Defendant

20   UnitedHealth Group, with its principal place of business in Connecticut.  Defendant

21   UHIC is qualified to engage in business in the State of California and engaged in

22   business in the Country of Los Angeles as an insurance company.

23      52.      Plaintiffs are informed and believe that Defendant United HealthCare

24   Services, Inc. ("United HealthCare") is a Minnesota corporation with its corporate

25   headquarters located in Minneapolis, Minnesota.  United HealthCare is wholly-

26   owned by UnitedHealth, and serves as UnitedHealth's operating division.  United

27   HealthCare is licensed to conduct insurance operations in California and, on

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1164009.1

1   information and belief, every other State in the United States, whether it be under the

2   name United HealthCare or some other operating name.

3       53.     Plaintiffs are informed and believes that Defendant OptumInsight, Inc.

4   ("Optum" or "Ingenix") is a Delaware corporation with its corporate headquarters

5   located in Eden Prairie, Minnesota.  Plaintiff is informed and believes that as of April

6   2011, Ingenix, Inc. also has been doing business under the trade name "Optum."

7   Optum is a wholly-owned subsidiary of UnitedHealth.  Plaintiffs are informed and

8   believe Optum/Ingenix is an ERISA fiduciary due to its functional control over

9   Plans' assets and the discretionary authority it has in Plans' administration with

10  respect to claims management.

11      54.     UnitedHealth, United Healthcare, UHIC, and Optum/Ingenix will be

12  collectively referred to herein as "United" or the "United Defendants."

13      55.     Plaintiffs are informed and believe that, in many instances, United is the

14  designated plan fiduciary for the self-funded ERISA plans defendants at issue in this

15  action.  Plaintiffs are further informed and believe that United serves as the named

16  plan administrator's "designee" for certain self-funded employee benefit plans.

17  Plaintiffs are informed and believe that United exercised fiduciary responsibility with

18  respect to the claims at issue in this litigation.  Because United acted as a fiduciary

19  with respect to the claims at issue, exercised benefits discretion and determined final

20  benefit appeals, United is liable for nonpaid and underpaid benefits to Plaintiffs.

21      56.     Plaintiffs are further informed and believe that, with respect to self-

22  funded ERISA plans which have not specifically designated a plan administrator,

23  United functions as the *de facto* plan administrator, or as the co-administrator

24  because, *inter alia*, it has provided plan documents to participants, received benefit

25  claims, evaluated and processed those claims, made benefit determinations, made and

26  administered benefit payments, and handled appeals of benefit determinations.

27  Moreover, Plaintiffs are informed and believe that, even with respect to self-funded

28  ERISA plans which have not specifically designated a plan administrator, United has

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   been specifically been designated as the claims administrator, and has been delegated

2   the responsibilities described above.  Specifically, with respect to all of the claims at

3   issue herein, including with respect to self-funded plans which have not been named

4   as defendants in this action, Plaintiffs are informed and believe that the United

5   Defendants:

6           a)     drafted and provided plan members with plan documents;

7           b)     operated a centralized verification and authorization telephone

8   number which handled calls for members of the self-funded plans, including plans

9   that have not been named as defendants in this Complaint;

10          c)     authorized Plaintiffs to provide medical services to beneficiaries

11   of the ERISA plan defendants;

12          d)     received and processed electronic bills from Plaintiffs for claims

13   for members of the self-funded plans, including plans that are not named as

14   defendants in this Complaint;

15          e)     communicated with Plaintiffs on behalf of the ERISA plans (and

16   additional self-insured plans that are not named as defendants) regarding

17   authorization of surgical procedures;

18          f)     issued remittance advices and EOBs;

19          g)     priced claims for the self-insured ERISA plans;

20          h)     communicated with Plaintiffs with respect to the processing of

21   claims on behalf of the Defendants and self-insured plans;

22          i)     processed appeals, and sent appeal response letters; and

23          j)     in certain cases, issued payment.

24     57.   Accordingly, Defendants UnitedHealth Group, United Healthcare

25   Services, and United Healthcare Insurance are proper ERISA defendants because

26   they "effectively controlled the decision whether to honor or to deny a claim...." *Cyr*

27   *v. Reliance Life Ins. Co.,* 642 F.3d 1202, 1204 (9th Cir. 2011) (en banc).

28

**D.**    **ERISA Self-Funded Plan Defendants.**

58.    Plaintiffs are informed and believe that Defendant, AARP, is a District of Columbia corporation with its corporate headquarters located in Washington, District of Columbia.  Plaintiffs are informed and believe that Defendant, AARP, is a plan sponsor and plan administrator for the AARP Employees Welfare Plan.

59.    Plaintiffs are informed and believe that Defendant, AARP Employees Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

60.    Plaintiffs are informed and believe that Defendant, Accenture, LLP, is a Delaware limited liability partnership with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, Accenture, LLP, is a plan sponsor and plan administrator for the Accenture United States Group Health Plan.

61.    Plaintiffs are informed and believe that Defendant, Accenture United States Group Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

62.    Plaintiffs are informed and believe that Defendant, G6 Hospitality, LLC, is a Delaware corporation f/k/a Accor North America, Inc., with its corporate headquarters located in Carrollton, Texas.  Plaintiffs are informed and believe that Defendant, G6 Hospitality, LLC, is a plan sponsor and plan administrator for the G6 Hospitality Group Insurance Plan.

63.    Plaintiffs are informed and believe that Defendant, G6 Hospitality Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

64.    Plaintiffs are informed and believe that Defendant, Actavis, Inc., is a Delaware corporation with its corporate headquarters located in Parsippany, New Jersey.  Plaintiffs are informed and believe that Defendant, Actavis, Inc., is a plan sponsor and plan administrator for the Actavis Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

65. Plaintiffs are informed and believe that Defendant, Actavis Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

66. Plaintiffs are informed and believe that Defendant, Acushnet Company, is a Delaware corporation with its corporate headquarters located in Fairhaven, Massachusetts. Plaintiffs are informed and believe that Defendant, Acushnet Company, is a plan sponsor and plan administrator for the Acushnet Company Consolidated Health and Welfare Plan.

67. Plaintiffs are informed and believe that Defendant, Acushnet Company Consolidated Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

68. Plaintiffs are informed and believe that Defendant, ADP Totalsource, Inc., is a Florida corporation with its corporate headquarters located in Miami, Florida. Plaintiffs are informed and believe that Defendant, ADP Totalsource, Inc., is a plan sponsor and plan administrator for the ADP Totalsource, Inc. Health and Welfare Plan.

69. Plaintiffs are informed and believe that Defendant, ADP Totalsource, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

70. Plaintiffs are informed and believe that Defendant, Aegis Media Americas, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York. Plaintiffs are informed and believe that Defendant, Aegis Media Americas, Inc., is a plan sponsor and plan administrator for the Aegis Media Americas, Inc. Benefitplus Flexible Benefits Plan.

71. Plaintiffs are informed and believe that Defendant, Aegis Media Americas, Inc. Benefitplus Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    72.    Plaintiffs are informed and believe that Defendant, Aegon USA, LLC, is

2    an Iowa limited liability company with its corporate headquarters located in Cedar

3    Rapids, Iowa.  Plaintiffs are informed and believe that Defendant, Aegon USA, LLC,

4    is a plan sponsor and plan administrator for the Aegon Companies Flexible Benefits

5    Plan and Aegon Companies Medical Plan.

6    73.    Plaintiffs are informed and believe that Defendant, Aegon Companies

7    Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

8    § 502(d), 29 U.S.C. § 1132(d).

9    74.    Plaintiffs are informed and believe that Defendant, Aegon Companies

10   Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

11   29 U.S.C. § 1132(d).

12   75.    Plaintiffs are informed and believe that Defendant, Aera Energy

13   Services Company, is a Delaware corporation with its corporate headquarters located

14   in Bakersfield, California.  Plaintiffs are informed and believe that Defendant, Aera

15   Energy Services Company, is a plan sponsor and plan administrator for the Aera

16   Energy Services Company Medical Benefits Plan.

17   76.    Plaintiffs are informed and believe that Defendant, Aera Energy

18   Services Company Medical Benefits Plan, is an ERISA plan and a proper defendant

19   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

20   77.    Plaintiffs are informed and believe that Defendant, Air Liquide USA,

21   LLC, is a Delaware limited liability company with its corporate headquarters located

22   in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Air Liquide

23   USA, LLC, is a plan sponsor and plan administrator for the Air Liquide USA LLC

24   Group Benefits Plan.

25   78.    Plaintiffs are informed and believe that Defendant, Air Liquide USA

26   LLC Group Benefits Plan, is an ERISA plan and a proper defendant pursuant to

27   ERISA § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

79. Plaintiffs are informed and believe that Defendant, Akzo Nobel, Inc., is a Delaware corporation with its corporate headquarters located in Los Angeles, California. Plaintiffs are informed and believe that Defendant, Akzo Nobel, Inc., is a plan sponsor and plan administrator for the Akzo Nobel, Inc. Salaried Employees Group Benefits Program.

80. Plaintiffs are informed and believe that Defendant, Akzo Nobel, Inc. Salaried Employees Group Benefits Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

81. Plaintiffs are informed and believe that Defendant, Alcon Laboratories, Inc., is a Delaware corporation with its corporate headquarters located in Fort Worth, Texas. Plaintiffs are informed and believe that Defendant, Alcon Laboratories, Inc., is a plan sponsor and plan administrator for the Alcon Laboratories Inc. Voluntary Employees Beneficiary Association Trust.

82. Plaintiffs are informed and believe that Defendant, Alcon Laboratories Inc. Voluntary Employees Beneficiary Association Trust, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

83. Plaintiffs are informed and believe that Defendant, Alexander Gallo Holdings, LLC, is a Georgia limited liability company with its corporate headquarters located in Atlanta, Georgia. Plaintiffs are informed and believe that Defendant, Alexander Gallo Holdings, LLC, is a plan sponsor and plan administrator for the Alexander Gallo Holdings, LLC Welfare Benefit Plan.

84. Plaintiffs are informed and believe that Defendant, Alexander Gallo Holdings, LLC Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

85. Plaintiffs are informed and believe that Defendant, All American Containers, Inc., is a Florida corporation with its corporate headquarters located in Miami, Florida. Plaintiffs are informed and believe that Defendant, All American

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Containers, Inc., is a plan sponsor and plan administrator for the All American

2  Containers, Inc. Welfare Benefit Plan.

3        86.    Plaintiffs are informed and believe that Defendant, All American

4  Containers, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

5  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6        87.    Plaintiffs are informed and believe that Defendant, Allstate Insurance

7  Company, is an Illinois corporation with its corporate headquarters located in

8  Northbrook, Illinois.  Plaintiffs are informed and believe that Defendant, Allstate

9  Insurance Company, is a plan sponsor and plan administrator for the Allstate

10  Cafeteria Plan.

11        88.    Plaintiffs are informed and believe that Defendant, Allstate Cafeteria

12  Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

13  U.S.C. § 1132(d).

14        89.    Plaintiffs are informed and believe that Defendant, Alpha Mechanical,

15  Inc., is a California corporation with its corporate headquarters located in San Diego,

16  California.  Plaintiffs are informed and believe that Defendant, Alpha Mechanical,

17  Inc., is a plan sponsor and plan administrator for the Alpha Mechanical Heating &

18  Air Conditioning, Inc. Health Insurance Plan.

19        90.    Plaintiffs are informed and believe that Defendant, Alpha Mechanical

20  Heating & Air Conditioning, Inc. Health Insurance Plan, is an ERISA plan and a

21  proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22        91.    Plaintiffs are informed and believe that Defendant, Altec Industries, Inc.,

23  is an Alabama corporation with its corporate headquarters located in Birmingham,

24  Alabama.  Plaintiffs are informed and believe that Defendant, Altec Industries, Inc.,

25  is a plan sponsor and plan administrator for the Altec Industries Inc. Welfare Benefits

26  Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

92.     Plaintiffs are informed and believe that Defendant, Altec Industries, Inc. Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

93.     Plaintiffs are informed and believe that Defendant, Alcatel-Lucent USA, Inc., is a Delaware corporation with its corporate headquarters located in Alpharetta, Georgia.  Plaintiffs are informed and believe that Defendant, Alcatel-Lucent USA, Inc., is a plan sponsor and plan administrator for the Alcatel-Lucent Retiree Welfare Benefits Plan.

94.     Plaintiffs are informed and believe that Defendant, Alcatel-Lucent Retiree Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

95.     Plaintiffs are informed and believe that Defendant, Altura Credit Union, is a California corporation with its corporate headquarters located in Riverside, California.  Plaintiffs are informed and believe that Defendant, Altura Credit Union, is a plan sponsor and plan administrator for the Altura Credit Union Employee Welfare Benefit Plan.

96.     Plaintiffs are informed and believe that Defendant, Altura Credit Union Employee Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

97.     Plaintiffs are informed and believe that Defendant, American Airlines, Inc., is a Delaware corporation with its corporate headquarters located in Fort Worth, Texas.  Plaintiffs are informed and believe that Defendant, American Airlines, Inc., is a plan sponsor and plan administrator for the Group Life and Health Benefits Plan for Employees of Participating AMR Corporation Subsidiaries.

98.     Plaintiffs are informed and believe that Defendant, Group Life and Health Benefits Plan for Employees of Participating AMR Corporation Subsidiaries, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

99.   Plaintiffs are informed and believe that Defendant, American Building Supply, Inc., is a California corporation with its corporate headquarters located in Sacramento, California.  Plaintiffs are informed and believe that Defendant, American Building Supply, Inc., is a plan sponsor and plan administrator for the American Building Supply, Inc. Employee Benefit Plan.

100.   Plaintiffs are informed and believe that Defendant, American Building Supply, Inc. Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

101.   Plaintiffs are informed and believe that Defendant, American Financial Group, Inc., is a California corporation with its corporate headquarters located in Los Angeles, California.  Plaintiffs are informed and believe that Defendant, American Financial Group, Inc., is a plan sponsor and plan administrator for the American Financial Group, Inc. Group Welfare Benefit Plan.

102.   Plaintiffs are informed and believe that Defendant, American Financial Group, Inc. Group Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

103.   Plaintiffs are informed and believe that Defendant, American International Group, Inc., is a California corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, American International Group, Inc., is a plan sponsor and plan administrator for the American International Group, Inc. Medical Plan.

104.   Plaintiffs are informed and believe that Defendant, American International Group, Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

105.   Plaintiffs are informed and believe that Defendant, Anheuser-Busch Companies, LLC, is a Delaware limited liability company with its corporate headquarters located in Saint Louis, Missouri.  Plaintiffs are informed and believe

1  that Defendant, Anheuser-Busch Companies, LLC, is a plan sponsor and plan

2  administrator for the Anheuser-Busch Employees Benefit Trust.

3      106.   Plaintiffs are informed and believe that Defendant, Anheuser-Busch

4  Employees Benefit Trust, is an ERISA plan and a proper defendant pursuant to

5  ERISA § 502(d), 29 U.S.C. § 1132(d).

6      107.   Plaintiffs are informed and believe that Defendant, Anixter, Inc., is a

7  Delaware corporation with its corporate headquarters located in Glenview, Illinois.

8  Plaintiffs are informed and believe that Defendant, Anixter, Inc., is a plan sponsor

9  and plan administrator for the Anixter, Inc. Group Insurance.

10     108.   Plaintiffs are informed and believe that Defendant, Anixter, Inc. Group

11  Insurance, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

12  U.S.C. § 1132(d).

13     109.   Plaintiffs are informed and believe that Defendant, Ann, Inc., is a

14  Delaware with its corporate headquarters located in New York, New York.  Plaintiffs

15  are informed and believe that Defendant, Ann, Inc., is a plan sponsor and plan

16  administrator for the Ann, Inc. Welfare Benefits Plan.

17     110.   Plaintiffs are informed and believe that Defendant, Ann, Inc. Welfare

18  Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

19  29 U.S.C. § 1132(d).

20     111.   Plaintiffs are informed and believe that Defendant, Anschutz

21  Entertainment Group, Inc., is a Colorado corporation with its corporate headquarters

22  located in Los Angeles, California.  Plaintiffs are informed and believe that

23  Defendant, Anschutz Entertainment Group, Inc., is a plan sponsor and plan

24  administrator for the AEG Employee Health & Welfare Plan.

25     112.   Plaintiffs are informed and believe that Defendant, AEG Employee

26  Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA

27  § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    113.   Plaintiffs are informed and believe that Defendant, Apartment

2 Management Consultants, LLC, is a Utah limited liability company its corporate

3 headquarters located in Fresno, California.  Plaintiffs are informed and believe that

4 Defendant, Apartment Management Consultants, LLC, is a plan sponsor and plan

5 administrator for the Apartment Management Consultants Benefits Plan.

6    114.   Plaintiffs are informed and believe that Defendant, Apartment

7 Management Consultants Benefits Plan, is an ERISA plan and a proper defendant

8 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9    115.   Plaintiffs are informed and believe that Defendant, APL Limited, is a

10 Delaware corporation with its corporate headquarters located in Scottsdale, Arizona.

11 Plaintiffs are informed and believe that Defendant, APL Limited, is a plan sponsor

12 and plan administrator for the Welfare Plan for Employees of APL Limited.

13    116.   Plaintiffs are informed and believe that Defendant, Welfare Plan for

14 Employees of APL Limited, is an ERISA plan and a proper defendant pursuant to

15 ERISA § 502(d), 29 U.S.C. § 1132(d).

16    117.   Plaintiffs are informed and believe that Defendant, Apollo Health Street,

17 Inc., is a Delaware corporation with its corporate headquarters located in Clifton,

18 New Jersey.  Plaintiffs are informed and believe that Defendant, Apollo Health

19 Street, Inc., is a plan sponsor and plan administrator for the Apollo Health Street

20 Welfare Benefit Plan.

21    118.   Plaintiffs are informed and believe that Defendant, Apollo Health Street

22 Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

23 § 502(d), 29 U.S.C. § 1132(d).

24    119.   Plaintiffs are informed and believe that Defendant, Apple, Inc., is a

25 California corporation with its corporate headquarters located in Cupertino,

26 California.  Plaintiffs are informed and believe that Defendant, Apple, Inc., is a plan

27 sponsor and plan administrator for the Apple, Inc. Health and Welfare Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

120.   Plaintiffs are informed and believe that Defendant, Apple, Inc. Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

121.   Plaintiffs are informed and believe that Defendant, Apple American Group, LLC, is a Delaware limited liability company with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Apple American Group, LLC, is a plan sponsor and plan administrator for the Apple American Group, LLC Section 125 Plan.

122.   Plaintiffs are informed and believe that Defendant, Apple American Group, LLC Section 125 Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

123.   Plaintiffs are informed and believe that Defendant, Aptco, LLC, is a California limited liability company with its corporate headquarters located in McFarland, California.  Plaintiffs are informed and believe that Defendant, Aptco, LLC, is a plan sponsor and plan administrator for Aptco, LLC.

124.   Plaintiffs are informed and believe that Defendant, Aptco, LLC, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

125.   Plaintiffs are informed and believe that Defendant, Ardent Services, LLC, is a Louisiana limited liability company with its corporate headquarters located in Covington, Louisiana.  Plaintiffs are informed and believe that Defendant, Ardent Services, LLC, is a plan sponsor and plan administrator for the Ardent Services, LLC Medical Plan.

126.   Plaintiffs are informed and believe that Defendant, Ardent Services, LLC Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

127.   Plaintiffs are informed and believe that Defendant, AT&T Corp., is a New York corporation with its corporate headquarters located in Bedminster, New

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Jersey.  Plaintiffs are informed and believe that Defendant, AT&T Corp., is a plan

2   sponsor and plan administrator for the AT&T Umbrella Benefit Plan.

3          128.   Plaintiffs are informed and believe that Defendant, AT&T Umbrella

4   Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

5   29 U.S.C. § 1132(d).

6          129.   Plaintiffs are informed and believe that Defendant, AT&T Mobility,

7   LLC, is a Delaware limited liability company with its corporate headquarters located

8   in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, AT&T

9   Mobility, LLC, is a plan sponsor and plan administrator for the Cingular Wireless

10  Medical Plus Plan.

11         130.   Plaintiffs are informed and believe that Defendant, Cingular Wireless

12  Medical Plus Plan, is an ERISA plan and a proper defendant pursuant to ERISA

13  § 502(d), 29 U.S.C. § 1132(d).

14         131.   Plaintiffs are informed and believe that Defendant, ATI Systems

15  International, Inc., is a California corporation with its corporate headquarters located

16  in Boca Raton, Florida.  Plaintiffs are informed and believe that Defendant, ATI

17  Systems International, Inc., is a plan sponsor and plan administrator for the ATI

18  Systems - a Garda Company Group Health Plan.

19         132.   Plaintiffs are informed and believe that Defendant, ATI Systems - a

20  Garda Company Group Health Plan, is an ERISA plan and a proper defendant

21  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22         133.   Plaintiffs are informed and believe that Defendant, Auction.com, LLC,

23  is a Delaware limited liability company with its corporate headquarters located in

24  Irvine, California.  Plaintiffs are informed and believe that Defendant, Auction.com,

25  LLC, is a plan sponsor and plan administrator for the Auction.com Employee Benefit

26  Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    134.   Plaintiffs are informed and believe that Defendant, Auction.com

2 Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

3 § 502(d), 29 U.S.C. § 1132(d).

4    135.   Plaintiffs are informed and believe that Defendant, Automatic Data

5 Processing, Inc., is a Nevada corporation with its corporate headquarters located in

6 Roseland, New Jersey.  Plaintiffs are informed and believe that Defendant,

7 Automatic Data Processing, Inc., is a plan sponsor and plan administrator for the

8 Automatic Data Processing, Inc. Flex 2000 Plan.

9    136.   Plaintiffs are informed and believe that Defendant, Automatic Data

10 Processing, Inc. Flex 2000 Plan, is an ERISA plan and a proper defendant pursuant to

11 ERISA § 502(d), 29 U.S.C. § 1132(d).

12    137.   Plaintiffs are informed and believe that Defendant Avon Products, Inc.,

13 is a New York corporation with its corporate headquarters located in New York, New

14 York.  Plaintiffs are informed and believe that Defendant, Avon Products, Inc., is a

15 plan sponsor and plan administrator for the Avon Products Inc. Medical Plan for

16 Active Employees.

17    138.   Plaintiffs are informed and believe that Defendant, Avon Products Inc.

18 Medical Plan for Active Employees, is an ERISA plan and a proper defendant

19 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

20    139.   Plaintiffs are informed and believe that Defendant, Baker Hughes

21 Incorporated, is a Delaware corporation with its corporate headquarters located in

22 Houston, Texas.  Plaintiffs are informed and believe that Defendant, Baker Hughes

23 Incorporated, is a plan sponsor and plan administrator for the Baker Hughes

24 Incorporated Welfare Benefits Plan.

25    140.   Plaintiffs are informed and believe that Defendant, Baker Hughes

26 Incorporated Welfare Benefits Plan, is an ERISA plan and a proper defendant

27 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    141.   Plaintiffs are informed and believe that Defendant, Barnes & Noble,

2  Inc., is a Delaware corporation with its corporate headquarters located in New York,

3  New York.  Plaintiffs are informed and believe that Defendant, Barnes & Noble, Inc.,

4  is a plan sponsor and plan administrator for the Barnes & Noble, Inc. Comprehensive

5  Medical and Dental Plan.

6    142.   Plaintiffs are informed and believe that Defendant, Barnes & Noble, Inc.

7  Comprehensive Medical and Dental Plan, is an ERISA plan and a proper defendant

8  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9    143.   Plaintiffs are informed and believe that Defendant, Bausch & Lomb

10  Incorporated, is a New York corporation with its corporate headquarters located in

11  Rochester, New York.  Plaintiffs are informed and believe that Defendant, Bausch &

12  Lomb Incorporated, is a plan sponsor and plan administrator for the Bausch & Lomb

13  Comprehensive Medical Plan.

14    144.   Plaintiffs are informed and believe that Defendant, Bausch & Lomb

15  Comprehensive Medical Plan, is an ERISA plan and a proper defendant pursuant to

16  ERISA § 502(d), 29 U.S.C. § 1132(d).

17    145.   Plaintiffs are informed and believe that Defendant, Bayside

18  Management Company, LLC, is a California limited liability company with its

19  corporate headquarters located in Novato, California.  Plaintiffs are informed and

20  believe that Defendant, Bayside Management Company, LLC, is a plan sponsor and

21  plan administrator for the Bayside Management Company LLC Employee Benefit

22  Plan.

23    146.   Plaintiffs are informed and believe that Defendant, Bayside

24  Management Company LLC Employee Benefit Plan, is an ERISA plan and a proper

25  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

26    147.   Plaintiffs are informed and believe that Defendant, BBA Aviation USA,

27  Inc., is a Delaware corporation with its corporate headquarters located in Orlando,

28

1  Florida.  Plaintiffs are informed and believe that Defendant, BBA Aviation USA,

2  Inc., is a plan sponsor and plan administrator for the BBA Aviation Benefit Plan.

3  148.   Plaintiffs are informed and believe that Defendant, BBA Aviation

4  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

5  29 U.S.C. § 1132(d).

6  149.   Plaintiffs are informed and believe that Defendant, Becton, Dickinson

7  and Company, is a New Jersey corporation with its corporate headquarters located in

8  Franklin Lakes, New Jersey.  Plaintiffs are informed and believe that Defendant,

9  Becton, Dickinson and Company, is a plan sponsor and plan administrator for the

10  Becton, Dickinson and Company Group Life and Health Plan.

11  150.   Plaintiffs are informed and believe that Defendant, Becton, Dickinson

12  and Company Group Life and Health Plan, is an ERISA plan and a proper defendant

13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14  151.   Plaintiffs are informed and believe that Defendant, Belmont Village, LP,

15  is a Delaware limited partnership with its corporate headquarters located in Houston,

16  Texas.  Plaintiffs are informed and believe that Defendant, Belmont Village, LP, is a

17  plan sponsor and plan administrator for the Belmont Village LP Healthcare Benefits

18  Plan.

19  152.   Plaintiffs are informed and believe that Defendant, Belmont Village LP

20  Healthcare Benefits Plan, is an ERISA plan and a proper defendant pursuant to

21  ERISA § 502(d), 29 U.S.C. § 1132(d).

22  153.   Plaintiffs are informed and believe that Defendant, Berry Petroleum

23  Company, is a Delaware corporation with its corporate headquarters located in

24  Denver, Colorado.  Plaintiffs are informed and believe that Defendant, Berry

25  Petroleum Company, is a plan sponsor and plan administrator for the Berry

26  Petroleum Company Comprehensive Health and Welfare Benefit Plan.

27

28

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

154.   Plaintiffs are informed and believe that Defendant, Berry Petroleum Company Comprehensive Health and Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

155.   Plaintiffs are informed and believe that Defendant, Best Buy Co., Inc., is a Minnesota corporation with its corporate headquarters located in Richfield, Minnesota.  Plaintiffs are informed and believe that Defendant, Best Buy Co., Inc., is a plan sponsor and plan administrator for the Best Buy Flexible Benefits Plan.

156.   Plaintiffs are informed and believe that Defendant, Best Buy Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

157.   Plaintiffs are informed and believe that Defendant, Best Medical International, Inc., is a Virginia corporation with its corporate headquarters located in Springfield, Virginia.  Plaintiffs are informed and believe that Defendant, Best Medical International, Inc., is a plan sponsor and plan administrator for the Best Medical International Benefit Plan.

158.   Plaintiffs are informed and believe that Defendant, Best Medical International Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

159.   Plaintiffs are informed and believe that Defendant, BioMed Realty, L.P., is a Maryland limited partnership with its corporate headquarters located in San Diego, California.  Plaintiffs are informed and believe that Defendant, BioMed Realty, L.P., is a plan sponsor and plan administrator for the BioMed Realty, L.P. Welfare Benefits Plan.

160.   Plaintiffs are informed and believe that Defendant, BioMed Realty, L.P. Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

161.   Plaintiffs are informed and believe that Defendant, Black Box Network Services, Inc., is a California corporation with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Lawrence, Pennsylvania.  Plaintiffs are informed and believe that Defendant, Black

2  Box Network Services, Inc., is a plan sponsor and plan administrator for the Black

3  Box Network Services Group Medical Plan.

4      162.   Plaintiffs are informed and believe that Defendant, Black Box Network

5  Services Group Medical Plan, is an ERISA plan and a proper defendant pursuant to

6  ERISA § 502(d), 29 U.S.C. § 1132(d).

7      163.   Plaintiffs are informed and believe that Defendant, The BMS

8  Enterprises, Inc., is a Texas corporation with its corporate headquarters located in

9  Fort Worth, Texas.  Plaintiffs are informed and believe that Defendant, The BMS

10  Enterprises, Inc., is a plan sponsor and plan administrator for The BMS Enterprises,

11  Inc. plan.

12      164.   Plaintiffs are informed and believe that Defendant, The BMS

13  Enterprises, Inc. plan, is an ERISA plan and a proper defendant pursuant to ERISA

14  § 502(d), 29 U.S.C. § 1132(d).

15      165.   Plaintiffs are informed and believe that Defendant, BMW of North

16  America, LLC, is a Delaware limited liability company with its corporate

17  headquarters located in Westwood, New Jersey.  Plaintiffs are informed and believe

18  that Defendant, BMW of North America, LLC, is a plan sponsor and plan

19  administrator for the BMW of North America LLC Health and Welfare Plans.

20      166.   Plaintiffs are informed and believe that Defendant, BMW of North

21  America LLC Health and Welfare Plans, is an ERISA plan and a proper defendant

22  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23      167.   Plaintiffs are informed and believe that Defendant, BNSF Railway

24  Company, a Delaware corporation with its corporate headquarters located in Fort

25  Worth, Texas.  Plaintiffs are informed and believe that Defendant, BNSF Railway

26  Company, is a plan sponsor.

27      168.   Plaintiffs are informed and believe that Defendant, Boat America

28  Corporation, is a Virginia corporation with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   Alexandria, Virginia.  Plaintiffs are informed and believe that Defendant, Boat

2   America Corporation, is a plan sponsor and plan administrator for the Boat U.S.

3   Health Plan.

4   169.   Plaintiffs are informed and believe that Defendant, Boat U.S. Health

5   Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

6   U.S.C. § 1132(d).

7   170.   Plaintiffs are informed and believe that Defendant, Boston Market

8   Corporation, is a Delaware corporation with its corporate headquarters located in

9   Golden, Colorado.  Plaintiffs are informed and believe that Defendant, Boston

10  Market Corporation, is a plan sponsor and plan administrator for the Boston Market

11  Corporation Health and Welfare Plan.

12  171.   Plaintiffs are informed and believe that Defendant, Boston Market

13  Corporation Health and Welfare Plan, is an ERISA plan and a proper defendant

14  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15  172.   Plaintiffs are informed and believe that Defendant, Brady Corporation,

16  is a Wisconsin corporation with its corporate headquarters located in Milwaukee,

17  Wisconsin.  Plaintiffs are informed and believe that Defendant, Brady Corporation, is

18  a plan sponsor and plan administrator for the W.H. Brady Co. Insured Benefits Plan.

19  173.   Plaintiffs are informed and believe that Defendant, the W.H. Brady Co.

20  Insured Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

21  § 502(d), 29 U.S.C. § 1132(d).

22  174.   Plaintiffs are informed and believe that Defendant, Advance/Newhouse

23  Parternership dba Bright House Networks, LLC, is a partnership with its corporate

24  headquarters located in East Syracuse, New York.  Plaintiffs are informed and

25  believe that Defendant, Advance/Newhouse Parternership, is a plan sponsor and plan

26  administrator for the Advance/Newhouse Partnership Health Benefits Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

175.    Plaintiffs are informed and believe that Defendant, Advance/Newhouse Partnership Health Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

176.    Plaintiffs are informed and believe that Defendant, Brinker International, Inc., is a Delaware corporation with its corporate headquarters located in Dallas, Texas.  Plaintiffs are informed and believe that Defendant, Brinker International, Inc., is a plan sponsor and plan administrator for the Brinker International, Inc. Welfare Benefit Plan.

177.    Plaintiffs are informed and believe that Defendant, Brinker International, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

178.    Plaintiffs are informed and believe that Defendant, Brink's Incorporated, is a Delaware corporation with its corporate headquarters located in Richmond, Virginia.  Plaintiffs are informed and believe that Defendant, Brink's Incorporated, is a plan sponsor and plan administrator for The Brinks Company Comprehensive Health and Welfare Plan.

179.    Plaintiffs are informed and believe that Defendant, The Brinks Company Comprehensive Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

180.    Plaintiffs are informed and believe that Defendant, Buca Restaurants 2, Inc., is a Minnesota corporation with its corporate headquarters located in Orlando, Florida.  Plaintiffs are informed and believe that Defendant, Buca Restaurants 2, Inc., is a plan sponsor and plan administrator for the Buca Inc. Health Care Benefit Plan.

181.    Plaintiffs are informed and believe that Defendant, Buca Inc. Health Care Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

182.    Plaintiffs are informed and believe that Defendant, Building Materials Corporation of America, is a Delaware corporation with its corporate headquarters

located in Wayne, New Jersey.  Plaintiffs are informed and believe that Defendant, Building Materials Corporation of America, is a plan sponsor and plan administrator for the GAF Materials Corporation Welfare Benefit Plan.

183.   Plaintiffs are informed and believe that Defendant, GAF Materials Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

184.   Plaintiffs are informed and believe that Defendant, BUPA Worldwide Corporation, is a Florida corporation with its corporate headquarters located in Miami, Florida.  Plaintiffs are informed and believe that Defendant, BUPA Worldwide Corporation, is a plan sponsor and plan administrator for the BUPA Worldwide Corporation Health & Benefits Plan.

185.   Plaintiffs are informed and believe that Defendant, BUPA Worldwide Corporation Health & Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

186.   Plaintiffs are informed and believe that Defendant, BWAY Corporation, is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia. Plaintiffs are informed and believe that Defendant, BWAY Corporation, is a plan sponsor and plan administrator for the BWAY Corporation Comprehensive Medical Plan.

187.   Plaintiffs are informed and believe that Defendant, BWAY Corporation Comprehensive Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

188.   Plaintiffs are informed and believe that Defendant, Caliber Home Loans, Inc., is a Delaware corporation formerly known as Vericrest Financial, Inc., with its corporate headquarters located in Irving, Texas.  Plaintiffs are informed and believe that Defendant, Caliber Home Loans, Inc., is a plan sponsor and plan administrator for the Vericrest Financial, Inc. Welfare and Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    189.   Plaintiffs are informed and believe that Defendant, Vericrest Financial,

2    Inc. Welfare and Benefits Plan, is an ERISA plan and a proper defendant pursuant to

3    ERISA § 502(d), 29 U.S.C. § 1132(d).

4    190.   Plaintiffs are informed and believe that Defendant, California Charter

5    Schools Association, is a California corporation with its corporate headquarters

6    located in Los Angeles, California.  Plaintiffs are informed and believe that

7    Defendant, California Charter Schools Association, is a plan sponsor and plan

8    administrator for the CCSA Employee Benefit Welfare Trust c/o BRMS.

9    191.   Plaintiffs are informed and believe that Defendant, CCSA Employee

10   Benefit Welfare Trust c/o BRMS, is an ERISA plan and a proper defendant pursuant

11   to ERISA § 502(d), 29 U.S.C. § 1132(d).

12   192.   Plaintiffs are informed and believe that Defendant, California Healthcare

13   Industry Program, is a California corporation with its corporate headquarters located

14   in Ontario, California.  Plaintiffs are informed and believe that Defendant California

15   Healthcare Industry Program, is a plan sponsor and plan administrator for the

16   California Healthcare Industry Trust.

17   193.   Plaintiffs are informed and believe that Defendant, California Healthcare

18   Industry Trust, is an ERISA plan and a proper defendant pursuant to ERISA

19   § 502(d), 29 U.S.C. § 1132(d).

20   194.   Plaintiffs are informed and believe that Defendant, Cbeyond

21   Communications, LLC, is a Delaware limited liability company with its corporate

22   headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that

23   Defendant, Cbeyond Communications, LLC, is a plan sponsor and plan administrator

24   for the Cbeyond Communications Health and Welfare Plan.

25   195.   Plaintiffs are informed and believe that Defendant, Cbeyond

26   Communications Health and Welfare Plan, is an ERISA plan and a proper defendant

27   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    196.   Plaintiffs are informed and believe that Defendant, CBIZ MHM, LLC, is

2  a Delaware limited liability company with its corporate headquarters located in

3  Cleveland, Ohio.  Plaintiffs are informed and believe that Defendant, CBIZ MHM,

4  LLC, is a plan sponsor and plan administrator for the CBIZ Inc. Group Health and

5  Welfare Plan.

6    197.   Plaintiffs are informed and believe that Defendant, CBIZ Inc. Group

7  Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to

8  ERISA § 502(d), 29 U.S.C. § 1132(d).

9    198.   Plaintiffs are informed and believe that Defendant, CBS Corporation, is

10  a Delaware corporation with its corporate headquarters located in New York, New

11  York.  Plaintiffs are informed and believe that Defendant, CBS Corporation, is a plan

12  sponsor and plan administrator for the CBS Health and Welfare Benefits Plan.

13    199.   Plaintiffs are informed and believe that Defendant, CBS Health and

14  Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

15  § 502(d), 29 U.S.C. § 1132(d).

16    200.   Plaintiffs are informed and believe that Defendant, CEC Entertainment

17  Concepts, LP, is a Texas limited partnership with its corporate headquarters located

18  in Irving, Texas.  Plaintiffs are informed and believe that Defendant, CEC

19  Entertainment Concepts, LP, is a plan sponsor and plan administrator for the CEC

20  Entertainment Welfare Benefit Plan.

21    201.   Plaintiffs are informed and believe that Defendant, CEC Entertainment

22  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

23  § 502(d), 29 U.S.C. § 1132(d).

24    202.   Plaintiffs are informed and believe that Defendant, Central Parking

25  System, is a Tennessee corporation with its corporate headquarters located in

26  Nashville, Tennessee.  Plaintiffs are informed and believe that Defendant, Central

27  Parking System, is a plan sponsor and plan administrator for the Central Parking

28  System Health and Welfare Plan.

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   203.   Plaintiffs are informed and believe that Defendant, Central Parking

2   System Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant

3   to ERISA § 502(d), 29 U.S.C. § 1132(d).

4   204.   Plaintiffs are informed and believe that Defendant, Centric Group, LLC,

5   is a Delaware limited liability company with its corporate headquarters located in

6   Saint Louis, Missouri.  Plaintiffs are informed and believe that Defendant, Centric

7   Group, LLC, is a plan sponsor and plan administrator for the Centric Group Hospital

8   Plan.

9   205.   Plaintiffs are informed and believe that Defendant, Centric Group

10   Hospital Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

11   29 U.S.C. § 1132(d).

12   206.   Plaintiffs are informed and believe that Defendant, CGX Energy, LLC,

13   is a North Carolina limited liability company, formerly known as Cogentrix Energy,

14   LLC, with its corporate headquarters located in New York, New York.  Plaintiffs are

15   informed and believe that Defendant, CGX Energy, LLC, is a plan sponsor and plan

16   administrator for the Cogentrix Energy, LLC Group Insurance Plan.

17   207.   Plaintiffs are informed and believe that Defendant, Cogentrix Energy,

18   LLC Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to

19   ERISA § 502(d), 29 U.S.C. § 1132(d).

20   208.   Plaintiffs are informed and believe that Defendant, C.H. Robinson

21   Company, Inc., is a Minnesota corporation with its corporate headquarters located in

22   Eden Prairie, Minnesota.  Plaintiffs are informed and believe that Defendant, C.H.

23   Robinson Company, Inc., is a plan sponsor and plan administrator for the CH

24   Robinson Company Group Health Major Medical Plan.

25   209.   Plaintiffs are informed and believe that Defendant, CH Robinson

26   Company Group Health Major Medical Plan, is an ERISA plan and a proper

27   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

28

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1    210.   Plaintiffs are informed and believe that Defendant, Charlotte Russe, Inc.,

2  is a California corporation with its corporate headquarters located in San Diego,

3  California.  Plaintiffs are informed and believe that Defendant, Charlotte Russe, Inc.,

4  is a plan sponsor and plan administrator for the Charlotte Russe Holding, Inc.

5  Welfare Benefit Plan.

6    211.   Plaintiffs are informed and believe that Defendant, Charlotte Russe

7  Holding, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

8  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9    212.   Plaintiffs are informed and believe that Defendant, Charming Shoppes,

10  Inc., is a Pennsylvania corporation with its corporate headquarters located in

11  Densalem, Pennsylvania.  Plaintiffs are informed and believe that Defendant,

12  Charming Shoppes, Inc., is a plan sponsor and plan administrator for the Charming

13  Shoppes, Inc. Medical Plan.

14    213.   Plaintiffs are informed and believe that Defendant, Charming Shoppes,

15  Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA

16  § 502(d), 29 U.S.C. § 1132(d).

17    214.   Plaintiffs are informed and believe that Defendant, Chevron

18  Corporation, is a Delaware corporation with its corporate headquarters located in San

19  Ramon, California.  Plaintiffs are informed and believe that Defendant, Chevron

20  Corporation is a plan sponsor and plan administrator for the Chevron Corporation

21  Omnibus Health Care Plan.

22    215.   Plaintiffs are informed and believe that Defendant, Chevron Corporation

23  Omnibus Health Care Plan, is an ERISA plan and a proper defendant pursuant to

24  ERISA § 502(d), 29 U.S.C. § 1132(d).

25    216.   Plaintiffs are informed and believe that Defendant, Child Development

26  Incorporated, is a California corporation with its corporate headquarters located in

27  San Jose, California.  Plaintiffs are informed and believe that Defendant, Child

28

1164009.1

1  Development Incorporated, is a plan sponsor and plan administrator for the CDI

2  Group Welfare Plan.

3       217.   Plaintiffs are informed and believe that Defendant, CDI Group Welfare

4  Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

5  U.S.C. § 1132(d).

6       218.   Plaintiffs are informed and believe that Defendant, Citigroup

7  Management Corp., is a Delaware corporation with its corporate headquarters located

8  in Stamford, Connecticut.  Plaintiffs are informed and believe that Defendant,

9  Citigroup Management Corp., is a plan sponsor and administrator for the Citigroup

10 Health Benefit Plan.

11      219.   Plaintiffs are informed and believe that Defendant, Citigroup Health

12 Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

13 29 U.S.C. § 1132(d).

14      220.   Plaintiffs are informed and believe that Defendant, CNA Financial

15 Corporation, is a Delaware corporation with its corporate headquarters located in

16 Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, CNA Financial

17 Corporation, is a plan sponsor and plan administrator for the CNA Financial

18 Corporation Health and Group Benefits Program.

19      221.   Plaintiffs are informed and believe that Defendant, CNA Financial

20 Corporation Health and Group Benefits Program, Plan is an ERISA plan and a proper

21 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22      222.   Plaintiffs are informed and believe that Defendant, Cognizant

23 Technology Solutions U.S. Corporation, is a Delaware corporation with its corporate

24 headquarters located in Teaneck, New Jersey.  Plaintiffs are informed and believe

25 that Defendant, Cognizant Technology Solutions U.S. Corporation, is a plan sponsor

26 and plan administrator for the Cognizant Health & Welfare Benefit Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    223.   Plaintiffs are informed and believe that Defendant, Cognizant Health &
2  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA
3  § 502(d), 29 U.S.C. § 1132(d).

4    224.   Plaintiffs are informed and believe that Defendant, Comfort Systems
5  USA, Inc., is a Delaware corporation with its corporate headquarters located in
6  Houston, Texas.  Plaintiffs are informed and believe that Defendant, Comfort
7  Systems USA, Inc., is a plan sponsor and plan administrator for the Comfort Systems
8  USA Health & Welfare Plan.

9    225.   Plaintiffs are informed and believe that Defendant, Comfort Systems
10  USA Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to
11  ERISA § 502(d), 29 U.S.C. § 1132(d).

12    226.   Plaintiffs are informed and believe that Defendant, Commscope, Inc. of
13  North Carolina, is a North Carolina corporation with its corporate headquarters
14  located in Hickory, North Carolina.  Plaintiffs are informed and believe that
15  Defendant, Commscope, Inc. of North Carolina, is a plan sponsor and plan
16  administrator for the Commscope Welfare Benefit Plan.

17    227.   Plaintiffs are informed and believe that Defendant, Commscope Welfare
18  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),
19  29 U.S.C. § 1132(d).

20    228.   Plaintiffs are informed and believe that Defendant, Conesys, Inc., is a
21  California corporation with its corporate headquarters located in Torrance, California.
22  Plaintiffs are informed and believe that Defendant, Conesys, Inc., is a plan sponsor
23  and plan administrator for the Conesys Employee Benefit Plan.

24    229.   Plaintiffs are informed and believe that Defendant, Conesys Employee
25  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),
26  29 U.S.C. § 1132(d).

27    230.   Plaintiffs are informed and believe that Defendant, Conmed
28  Corporation, is a New York corporation with its corporate headquarters located in

1   Utica, New York.  Plaintiffs are informed and believe that Defendant, Conmed

2   Corporation, is a plan sponsor and plan administrator for the Conmed Corporation

3   Healthcare Plan.

4        231.   Plaintiffs are informed and believe that Defendant, Conmed Corporation

5   Healthcare Plan, is an ERISA plan and a proper defendant pursuant to ERISA

6   § 502(d), 29 U.S.C. § 1132(d).

7        232.   Plaintiffs are informed and believe that Defendant, Construction

8   Teamsters Security Fund for Southern California, is an ERISA plan and a proper

9   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

10       233.   Plaintiffs are informed and believe that Defendant, Cort Business

11  Services Corporation, is a Delaware corporation with its corporate headquarters

12  located in Chantilly, Virginia.  Plaintiffs are informed and believe that Defendant,

13  Cort Business Services Corporation, is a plan sponsor and plan administrator for the

14  Cort Business Services Corporation Group Insurance Plan.

15       234.   Plaintiffs are informed and believe that Defendant, Cort Business

16  Services Corporation Group Insurance Plan, is an ERISA plan and a proper defendant

17  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

18       235.   Plaintiffs are informed and believe that Defendant, Covidien, LP, is a

19  Delaware limited partnership with its corporate headquarters located in Mansfield,

20  Massachusetts.  Plaintiffs are informed and believe that Defendant, Covidien, LP, is a

21  plan sponsor and plan administrator for the Covidien Health & Welfare Benefits

22  Plan.

23       236.   Plaintiffs are informed and believe that Defendant, Covidien Health &

24  Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

25  § 502(d), 29 U.S.C. § 1132(d).

26       237.   Plaintiffs are informed and believe that Defendant, Credit Agricole

27  Cheuvreux North America, Inc., is a Delaware corporation with its corporate

28  headquarters located in New York, New York.  Plaintiffs are informed and believe

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

AMENDED COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  that Defendant, Credit Agricole Cheuvreux North America, Inc., is a plan sponsor
2  and plan administrator for the Credit Agricole Insurance Plan.

3       238.   Plaintiffs are informed and believe that Defendant, Credit Agricole
4  Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA
5  § 502(d), 29 U.S.C. § 1132(d).

6       239.   Plaintiffs are informed and believe that Defendant, Credit Suisse
7  Securities (USA), LLC, is a Delaware limited liability company with its corporate
8  headquarters located in New York, New York.  Plaintiffs are informed and believe
9  that Defendant, Credit Suisse Securities (USA), LLC, is a plan sponsor and plan
10  administrator for the Credit Suisse Securities (USA) LLC Group Health Care Plan.

11       240.   Plaintiffs are informed and believe that Defendant, Credit Suisse
12  Securities (USA) LLC Group Health Care Plan, is an ERISA plan and a proper
13  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       241.   Plaintiffs are informed and believe that Defendant, Crowley Holdings,
15  Inc., is a Delaware corporation with its corporate headquarters located in
16  Jacksonville, Florida.  Plaintiffs are informed and believe that Defendant, Crowley
17  Holdings, Inc., is a plan sponsor and plan administrator for the Crowley Holdings,
18  Inc. Welfare Health Life & Accidental Death & Dismemberment plans.

19       242.   Plaintiffs are informed and believe that Defendant, Crowley Holdings,
20  Inc. Welfare Health Life & Accidental Death & Dismemberment plans, is an ERISA
21  plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22       243.   Plaintiffs are informed and believe that Defendant, Cytec Industries,
23  Inc., is a Delaware corporation with its corporate headquarters located in Woodland
24  Park, New Jersey.  Plaintiffs are informed and believe that Defendant, Cytec
25  Industries, Inc., is a plan sponsor and plan administrator for the Cytec Industries Inc.
26  Health and Welfare Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

244. Plaintiffs are informed and believe that Defendant, Cytec Industries Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

245. Plaintiffs are informed and believe that Defendant, Danaher Corporation, is a Delaware corporation with its corporate headquarters located in Mayfield Heights, Ohio. Plaintiffs are informed and believe that Defendant, Danaher Corporation, is a plan sponsor and plan administrator for the Danaher Corporation & Subsidiaries Medical Plan.

246. Plaintiffs are informed and believe that Defendant, Danaher Corporation & Subsidiaries Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

247. Plaintiffs are informed and believe that Defendant, Darden Restaurants, Inc., is a Florida corporation with its corporate headquarters located in Orlando, Florida. Plaintiffs are informed and believe that Defendant, Darden Restaurants, Inc., is a plan sponsor and plan administrator for the Darden Group Life and Health Benefit Plan for Hourly Employees and the Darden Group Life and Health Benefit Plan for Salaried Employees.

248. Plaintiffs are informed and believe that Defendant, Darden Group Life and Health Benefit Plan for Hourly Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

249. Plaintiffs are informed and believe that Defendant, Darden Group Life and Health Benefit Plan for Salaried Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

250. Plaintiffs are informed and believe that Defendant, Deere & Company, is a Delaware corporation with its corporate headquarters located in Moline, Illinois. Plaintiffs are informed and believe that Defendant, Deere & Company, is a plan sponsor and plan administrator for John Deere Health Benefit Plan for Wage Employees and The John Deere Health Benefit Plan for Salaried Employees.

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

251.   Plaintiffs are informed and believe that Defendant, John Deere Benefit Plan for Wage Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

252.   Plaintiffs are informed and believe that Defendant, The John Deere Benefit Plan for Salaried Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

253.   Plaintiffs are informed and believe that Defendant, DellaCamera Capital Management, LLC, is a Delaware limited liability company with its headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, DellaCamera Capital Management, LLC, is a plan sponsor and plan administrator for the DellaCamera Capital Management, LLC Health and Welfare Plan.

254.   Plaintiffs are informed and believe that Defendant, DellaCamera Capital Management, LLC Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

255.   Plaintiffs are informed and believe that Defendant, Deloitte, LLP, is a Pennsylvania limited liability partnership with its headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Deloitte, LLP, is a plan sponsor and plan administrator for the Deloitte & Touche Group Insurance Plan.

256.   Plaintiffs are informed and believe that Defendant, Deloitte & Touche Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

257.   Plaintiffs are informed and believe that Defendant, Delta Air Lines, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia. Plaintiffs are informed and believe that Defendant, Delta Air Lines, Inc., is a plan sponsor and plan administrator for the Delta Account-Based Healthcare Plan.

258.   Plaintiffs are informed and believe that Defendant, Delta Account-Based Healthcare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   259.   Plaintiffs are informed and believe that Defendant, Denso Sales

2   California, Inc., is a California corporation with its corporate headquarters located in

3   Southfield, Michigan.  Plaintiffs are informed and believe that Defendant, Denso

4   Sales California, Inc., is a plan sponsor and plan administrator for the Denso Sales

5   California, Inc. Group Life, Accident, Medical & Dental Insurance.

6   260.   Plaintiffs are informed and believe that Defendant, Denso Sales

7   California, Inc. Group Life, Accident, Medical & Dental Insurance, is an ERISA plan

8   and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9   261.   Plaintiffs are informed and believe that Defendant, Devry, Inc., is a

10  Delaware corporation with its corporate headquarters located in Downers Grove,

11  Illinois.  Plaintiffs are informed and believe that Defendant, Devry, Inc., is a plan

12  sponsor and plan administrator for the Devry Inc. Welfare Benefit Plan.

13  262.   Plaintiffs are informed and believe that Defendant, Devry Inc. Welfare

14  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

15  29 U.S.C. § 1132(d).

16  263.   Plaintiffs are informed and believe that Defendant, Producers' Health

17  Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

18  29 U.S.C. § 1132(d).

19  264.   Plaintiffs are informed and believe that Defendant, Diageo North

20  America, Inc., is a Connecticut corporation with its corporate headquarters located in

21  Norwalk, Connecticut.  Plaintiffs are informed and believe that Defendant, Diageo

22  North America, Inc., is a plan sponsor and plan administrator for the Diageo North

23  America, Inc. Medical Care and Life Insurance Plan for Hourly and Retired

24  Employees and the Diageo North America, Inc. Medical Care and Life Insurance

25  Plan for Salaried and Retired Employees.

26  265.   Plaintiffs are informed and believe that Defendant, Diageo North

27  America, Inc. Medical Care and Life Insurance Plan for Hourly and Retired

28

1  Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

2  29 U.S.C. § 1132(d).

3      266.   Plaintiffs are informed and believe that Defendant, Diageo North

4  America, Inc. Medical Care and Life Insurance Plan for Salaried and Retired

5  Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

6  29 U.S.C. § 1132(d).

7      267.   Plaintiffs are informed and believe that Defendant, Discovery

8  Communications, LLC, is a Delaware limited liability company with its corporate

9  headquarters located in Silver Spring, Maryland.  Plaintiffs are informed and believe

10 that Defendant, Discovery Communications, LLC, is a plan sponsor and plan

11 administrator for the Discovery Communications Welfare Benefit Plan.

12     268.   Plaintiffs are informed and believe that Defendant, Discovery

13 Communications Welfare Benefit Plan, is an ERISA plan and a proper defendant

14 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15     269.   Plaintiffs are informed and believe that Defendant, Dollar Thrifty

16 Automotive Group, Inc., is a Delaware corporation with its corporate headquarters

17 located in Tulsa, Oklahoma.  Plaintiffs are informed and believe that Defendant,

18 Dollar Thrifty Automotive Group, Inc., is a plan sponsor and plan administrator for

19 the Dollar Thrifty Automotive Group, Inc. Welfare Benefit Plan.

20     270.   Plaintiffs are informed and believe that Defendant, Dollar Thrifty

21 Automotive Group, Inc. Welfare Benefit Plan, is an ERISA plan and a proper

22 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23     271.   Plaintiffs are informed and believe that Defendant, Dr. Pepper Snapple

24 Group, Inc., is a Delaware corporation with its corporate headquarters located in

25 Plano, Texas.  Plaintiffs are informed and believe that Defendant, Dr. Pepper Snapple

26 Group, Inc., is a plan sponsor and plan administrator for the Dr. Pepper Snapple

27 Group, Inc. Health Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

272.   Plaintiffs are informed and believe that Defendant, Dr. Pepper Snapple Group, Inc. Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

273.   Plaintiffs are informed and believe that Defendant, Drivetime Automotive Group, Inc., is a Delaware corporation with its corporate headquarters located in Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, Drivetime Automotive Group, Inc., is a plan sponsor and plan administrator for the Drivetime Welfare Benefit Plan.

274.   Plaintiffs are informed and believe that Defendant, Drivetime Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

275.   Plaintiffs are informed and believe that Defendant, DS Waters of America, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, DS Waters of America, Inc., is a plan sponsor and plan administrator for the DS Waters of America, Inc. Health and Welfare Plan.

276.   Plaintiffs are informed and believe that Defendant, DS Waters of America, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

277.   Plaintiffs are informed and believe that Defendant, Ecolab, Inc., is a Delaware corporation with its corporate headquarters located in St. Paul. Minnesota. Plaintiffs are informed and believe that Defendant, Ecolab, Inc., is a plan sponsor and plan administrator for the Ecolab Health and Welfare Benefits Plan.

278.   Plaintiffs are informed and believe that Defendant, Ecolab Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

279.   Plaintiffs are informed and believe that Defendant, Edison International, is a California corporation with its corporate headquarters located in Rosemead,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

California.  Plaintiffs are informed and believe that Defendant, Edison International, is a plan sponsor and plan administrator for the Edison International Welfare Benefit Plan Number Two.

280.   Plaintiffs are informed and believe that Defendant, Edison International Welfare Benefit Plan Number Two, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

281.   Plaintiffs are informed and believe that Defendant, Edward D. Jones & Co., LP, is a Missouri limited partnership with its corporate headquarters located in Maryland Heights, Missouri.  Plaintiffs are informed and believe that Defendant, Edward D. Jones & Co., LP, is a plan sponsor and plan administrator for the Edward D. Jones & Co. Employees Health and Welfare Program.

282.   Plaintiffs are informed and believe that Defendant, Edward D. Jones & Co. Employees Health and Welfare Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

283.   Plaintiffs are informed and believe that Defendant, Electrograph Systems, Inc., is a New York corporation with its corporate headquarters located in White Plains, New York.  Plaintiffs are informed and believe that Defendant, Electrograph Systems, Inc., is a plan sponsor and plan administrator for the Electrograph Systems Health and Welfare Plan.

284.   Plaintiffs are informed and believe that Defendant, Electrograph Systems Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

285.   Plaintiffs are informed and believe that Defendant, Emcor Group, Inc., is a Delaware corporation with its corporate headquarters located in Norwalk, Connecticut.  Plaintiffs are informed and believe that Defendant, Emcor Group, Inc., is a plan sponsor and plan administrator for the Emcor Group, Inc. Employee Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

286.   Plaintiffs are informed and believe that Defendant, Emcor Group, Inc. Employee Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

287.   Plaintiffs are informed and believe that Defendant, Ensign United States Drilling, Inc., is a California corporation with its corporate headquarters located in Bakersfield, California.  Plaintiffs are informed and believe that Defendant, Ensign United States Drilling, Inc., is a plan sponsor and plan administrator for the Ensign US Drilling Employee Benefit Plan.

288.   Plaintiffs are informed and believe that Defendant, Ensign US Drilling Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

289.   Plaintiffs are informed and believe that Defendant, Enterprise Holdings, Inc., is a Missouri corporation with its corporate headquarters located in St. Louis, Missouri.  Plaintiffs are informed and believe that Defendant, Enterprise Holdings, Inc., is a plan sponsor and plan administrator for the Enterprise Holdings Hospital Insurance Plan.

290.   Plaintiffs are informed and believe that Defendant, Enterprise Holdings Hospital Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

291.   Plaintiffs are informed and believe that Defendant, Environmental Systems Research Institute, Inc., is a California corporation with its corporate headquarters located in Redlands, California.  Plaintiffs are informed and believe that Defendant, Environmental Systems Research Institute, Inc., is a plan sponsor and plan administrator for the Environmental Systems Research Institute, Inc. Life, Ltd. Travel Accident, Vision Service, Medical Dental.

292.   Plaintiffs are informed and believe that Defendant, Environmental Systems Research Institute, Inc. Life, Ltd. Travel Accident, Vision Service, Medical

1 Dental, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

2 U.S.C. § 1132(d).

3      293.   Plaintiffs are informed and believe that Defendant, Epson America, Inc.,

4 is a California corporation with its corporate headquarters located in Long Beach,

5 California.  Plaintiffs are informed and believe that Defendant, Epson America, Inc.,

6 is a plan sponsor and plan administrator for the Epson America Inc. Group Plan.

7      294.   Plaintiffs are informed and believe that Defendant, Epson America Inc.

8 Group Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

9 29 U.S.C. § 1132(d).

10      295.   Plaintiffs are informed and believe that Defendant, Equity Residential

11 Services, LLC, is a Delaware limited liability company with its corporate

12 headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that

13 Defendant, Equity Residential Services, LLC, is a plan sponsor and plan

14 administrator for the Equity Residential Properties Trust Group Insurance Plan.

15      296.   Plaintiffs are informed and believe that Defendant, Equity Residential

16 Properties Trust Group Insurance Plan, is an ERISA plan and a proper defendant

17 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

18      297.   Plaintiffs are informed and believe that Defendant, Ernst & Young, LLP,

19 is a Delaware limited liability company with its corporate headquarters located in

20 Secaucus., New Jersey.  Plaintiffs are informed and believe that Defendant, Ernst &

21 Young, LLP, is a plan sponsor and plan administrator for the Ernst & Young Medical

22 Plan.

23      298.   Plaintiffs are informed and believe that Defendant, Ernst & Young

24 Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

25 29 U.S.C. § 1132(d).

26      299.   Plaintiffs are informed and believe that Defendant, Essilor of America,

27 Inc., is a Delaware corporation with its corporate headquarters located in Dallas,

28 Texas.  Plaintiffs are informed and believe that Defendant, Essilor of America, Inc.,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  is a plan sponsor and plan administrator for the Essilor of America, Inc. Employer

2  Welfare Benefit Plan.

3      300.   Plaintiffs are informed and believe that Defendant, Essilor of America,

4  Inc. Employer Welfare Benefit Plan, is an ERISA plan and a proper defendant

5  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6      301.   Plaintiffs are informed and believe that Defendant, The Estee Lauder

7  Companies, Inc., is a Delaware corporation with its corporate headquarters located in

8  New York, New York.  Plaintiffs are informed and believe that Defendant, The Estee

9  Lauder Companies, Inc. is a plan sponsor and plan administrator for The Estee

10  Lauder Companies, Inc. Group Medical, Dental, Prescription Drug, Long Term

11  Disability, Life, Accidental Death and Dismemberment Plan.

12      302.   Plaintiffs are informed and believe that Defendant, The Estee Lauder

13  Companies, Inc. Group Medical, Dental, Prescription Drug, Long Term Disability,

14  Life, Accidental Death and Dismemberment Plan, is an ERISA plan and a proper

15  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

16      303.   Plaintiffs are informed and believe that Defendant, Experian Information

17  Solutions, Inc., is an Ohio corporation with its corporate headquarters located in

18  Costa Mesa, California.  Plaintiffs are informed and believe that Defendant, Experian

19  Information Solutions, Inc., is a plan sponsor and plan administrator for the Experian

20  Information Solutions, Inc. Health and Welfare Plan.

21      304.   Plaintiffs are informed and believe that Defendant, Experian Information

22  Solutions, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant

23  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

24      305.   Plaintiffs are informed and believe that Defendant, Express Messenger

25  Systems, Inc., is a Delaware corporation with its corporate headquarters located in

26  Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, Express

27  Messenger Systems, Inc., is a plan sponsor and plan administrator for the Express

28  Messenger Systems, Inc. dba Ontrac.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

306.   Plaintiffs are informed and believe that Defendant, Express Messenger Systems, Inc. dba Ontrac, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

307.   Plaintiffs are informed and believe that Defendant, Expressjet Airlines, Inc., is a Utah corporation f/k/a Atlantic Southeast Airlines, with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, Expressjet Airlines, Inc., is a plan sponsor and plan administrator for the Expressjet Airlines, Inc. Consolidated Welfare Benefit Plan.

308.   Plaintiffs are informed and believe that Defendant, Expressjet Airlines, Inc. Consolidated Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

309.   Plaintiffs are informed and believe that Defendant, Farmers Group, Inc., is a Nevada corporation with its corporate headquarters located Grand Rapids, Michigan.  Plaintiffs are informed and believe that Defendant, Farmers Group, Inc., is a plan sponsor and plan administrator for the Farmers Group, Inc. Employee Prepaid Benefit Plan.

310.   Plaintiffs are informed and believe that Defendant, Farmers Group, Inc. Employee Prepaid Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

311.   Plaintiffs are informed and believe that Defendant FC USA, Inc., is a New York corporation with its corporate headquarters located in Ramsey, New Jersey.  Plaintiffs are informed and believe that Defendant, FC USA, Inc., is a plan sponsor and plan administrator for the FC USA Inc. Benefits.

312.   Plaintiffs are informed and believe that Defendant, FC USA Inc. Benefits, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

313.   Plaintiffs are informed and believe that Defendant, Ferragamo USA, Inc., is a New York corporation with its corporate headquarters located in Secaucus,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

New Jersey.  Plaintiffs are informed and believe that Defendant, Ferragamo USA, Inc., is a plan sponsor and plan administrator for the Ferragamo USA, Inc.

314.   Plaintiffs are informed and believe that Defendant, Ferragamo USA, Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

315.   Plaintiffs are informed and believe that Defendant, Fidelity Brokerage Services, LLC, is a Delaware limited liability company with its corporate headquarters located in Boston, Massachusetts.  Plaintiffs are informed and believe that Defendant, Fidelity Brokerage Services, LLC, is a plan sponsor and plan administrator for the Fidelity Group Employees Medical, Dental and Cafeteria Plan.

316.   Plaintiffs are informed and believe that Defendant, Fidelity Group Employees Medical, Dental and Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

317.   Plaintiffs are informed and believe that Defendant, Kate Spade & Company, is a Delaware corporation, f/k/a Fifth & Pacific Companies, Inc., with its corporate headquarters located in New York, New York. Plaintiffs are informed and believe that Defendant, Kate Spade & Company, Inc., is a plan sponsor and plan administrator for the FNPC Health and Welfare Plan.

318.   Plaintiffs are informed and believe that Defendant, FNPC Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

319.   Plaintiffs are informed and believe that Defendant, Finra Dispute Resolution, Inc., is a non-profit Delaware corporation with its corporate headquarters located in Rockville, Maryland.  Plaintiffs are informed and believe that Defendant, Finra Dispute Resolution, Inc., is a plan sponsor and plan administrator for the Finra Employee Group Medical, Dental, Life, Disability, AD&D & Vision Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1     320.   Plaintiffs are informed and believe that Defendant, Finra Employee
2 Group Medical, Dental, Life, Disability, AD&D & Vision Plan, is an ERISA plan
3 and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

4     321.   Plaintiffs are informed and believe that Defendant, Fiserv, Inc., is a
5 Wisconsin corporation with its corporate headquarters located in Brookfield,
6 Wisconsin.  Plaintiffs are informed and believe that Defendant, Fiserv, Inc., is a plan
7 sponsor and plan administrator for the Fiserv, Inc. Welfare Benefit Plan.

8     322.   Plaintiffs are informed and believe that Defendant, Fiserv, Inc. Welfare
9 Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),
10 29 U.S.C. § 1132(d).

11     323.   Plaintiffs are informed and believe that Defendant, Five Star Quality
12 Care-CA, Inc., is a Delaware corporation with its corporate headquarters located in
13 Newton, Massachusetts.  Plaintiffs are informed and believe that Defendant, Five
14 Star Quality Care-CA, Inc., is a plan sponsor and plan administrator for the Five Star
15 Quality Care.

16     324.   Plaintiffs are informed and believe that Defendant, Five Star Quality
17 Care, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29
18 U.S.C. § 1132(d).

19     325.   Plaintiffs are informed and believe that Defendant, Flextronics
20 International USA, Inc., is a California corporation with its corporate headquarters
21 located in Milpitas, California.  Plaintiffs are informed and believe that Defendant,
22 Flextronics International USA, Inc., is a plan sponsor and plan administrator for the
23 Flextronics Employee Benefits Plan.

24     326.   Plaintiffs are informed and believe that Defendant, Flextronics
25 Employee Benefits Plan, is an ERISA plan and a proper defendant pursuant to
26 ERISA § 502(d), 29 U.S.C. § 1132(d).

27     327.   Plaintiffs are informed and believe that Defendant, Foot Locker Retail,
28 Inc., is a New York corporation with its corporate headquarters located in Harrisburg,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

93

AMENDED COMPLAINT

1  Pennsylvania.  Plaintiffs are informed and believe that Defendant, Foot Locker

2  Retail, Inc., is a plan sponsor and plan administrator for the Foot Locker Welfare

3  Benefit Payment Plan.

4      328.   Plaintiffs are informed and believe that Defendant, Foot Locker Welfare

5  Benefit Payment Plan, is an ERISA plan and a proper defendant pursuant to ERISA

6  § 502(d), 29 U.S.C. § 1132(d).

7      329.   Plaintiffs are informed and believe that Defendant, Founders Healthcare,

8  LLC, is a Arizona limited liability company with its corporate headquarters located in

9  Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, Founders

10  Healthcare, LLC, is a plan sponsor and plan administrator for the Founders

11  Healthcare, LLC Preferred Homecare Employee Benefit Plan.

12      330.   Plaintiffs are informed and believe that Defendant, Founders Healthcare,

13  LLC Preferred Homecare Employee Benefit Plan, is an ERISA plan and a proper

14  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15      331.   Plaintiffs are informed and believe that Defendant, Fox Entertainment

16  Group, Inc., is a Delaware corporation with its corporate headquarters located in Los

17  Angeles, California.  Plaintiffs are informed and believe that Defendant, Fox

18  Entertainment Group, Inc., is a plan sponsor and plan administrator for the Fox

19  Health Plan.

20      332.   Plaintiffs are informed and believe that Defendant, Fox Health Plan, is

21  an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

22  § 1132(d).

23      333.   Plaintiffs are informed and believe that Defendant, National Medical

24  Care, Inc., is a Delaware corporation doing business as Fresenius Medical Care North

25  America, with its corporate headquarters located in Waltham, Massachussetts.

26  Plaintiffs are informed and believe that Defendant, National Medical Care, Inc., is a

27  plan sponsor and plan administrator for the National Medical Care, Inc. Group

28  Medical, Dental, Life and AD&D Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

334.   Plaintiffs are informed and believe that Defendant, National Medical Care, Inc. Group Medical, Dental, Life and AD&D Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

335.   Plaintiffs are informed and believe that Defendant, Fugate Aviation, Inc., is a Kansas corporation with its corporate headquarters located in Wichita, Kansas.  Plaintiffs are informed and believe that Defendant, Fugate Aviation, Inc., is a plan sponsor and plan administrator for the Fugate Enterprises Employee Welfare Benefit Plan.

336.   Plaintiffs are informed and believe that Defendant, Fugate Enterprises Employee Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

337.   Plaintiffs are informed and believe that Defendant, Future Electronics Corp., is a Massachusetts corporation with its corporate headquarters located in Bolton, Massachusetts.  Plaintiffs are informed and believe that Defendant, Future Electronics Corp., is a plan sponsor and plan administrator for the Future Electronics Corp. Group Insurance.

338.   Plaintiffs are informed and believe that Defendant, Future Electronics Corp. Group Insurance, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

339.   Plaintiffs are informed and believe that Defendant, G4S Secure Solutions, (USA) Inc., is a Florida corporation with its corporate headquarters located in Jupiter, Florida.  Plaintiffs are informed and believe that Defendant, G4S Secure Solutions, (USA) Inc., is a plan sponsor and plan administrator for the G4S Secure Solutions, USA Insured Health Plans.

340.   Plaintiffs are informed and believe that Defendant, G4S Secure Solutions, USA Insured Health Plans, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

341.   Plaintiffs are informed and believe that Defendant, Gap, Inc., is a California corporation with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Gap, Inc., is a plan sponsor and plan administrator for the Gap Inc. Health and Life Insurance Plan.

342.   Plaintiffs are informed and believe that Defendant, Gap Inc. Health and Life Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

343.   Plaintiffs are informed and believe that Defendant, General Electric Company, is a New York corporation with its corporate headquarters located in Schenectady, New York.  Plaintiffs are informed and believe that Defendant, General Electric Company, is a plan sponsor and plan administrator for the GE Health Choice Plan.

344.   Plaintiffs are informed and believe that Defendant, GE Health Choice Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

345.   Plaintiffs are informed and believe that Defendant, General Parts International, Inc., is a North Carolina corporation with its corporate headquarters located in Raleigh, North Carolina.  Plaintiffs are informed and believe that Defendant, General Parts International, Inc., is a plan sponsor and plan administrator for the General Parts International, Inc. Self-Funded Health and Welfare Plan.

346.   Plaintiffs are informed and believe that Defendant, General Parts International, Inc. Self-Funded Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

347.   Plaintiffs are informed and believe that Defendant, Genon Energy Services, LLC, is a Delaware limited liability company with its corporate headquarters located in Princeton, New Jersey.  Plaintiffs are informed and believe that Defendant, Genon Energy Services, LLC, is a plan sponsor and plan administrator for the Genon Energy Group Welfare Benefits Plan.

348.   Plaintiffs are informed and believe that Defendant, Genon Energy Group Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

349.   Plaintiffs are informed and believe that Defendant, Genpact Process Solutions, LLC, is a Delaware limited liability company with its corporate headquarters located in Danbury, Connecticut.  Plaintiffs are informed and believe that Defendant, Genpact Process Solutions, LLC, is a plan sponsor and plan administrator for the Genpact Welfare Benefit Plan.

350.   Plaintiffs are informed and believe that Defendant, Genpact Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

351.   Plaintiffs are informed and believe that Defendant, Georg Fischer Signet, LLC, is a California limited liability company with its corporate headquarters located in El Monte, California.  Plaintiffs are informed and believe that Defendant, Georg Fischer Signet, LLC, is a plan sponsor and plan administrator for the Georg Fischer Employee Benefit Plan.

352.   Plaintiffs are informed and believe that Defendant, Georg Fischer Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

353.   Plaintiffs are informed and believe that Defendant, Georgia-Pacific, LLC, is a Delaware limited liability company with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, Georgia-Pacific, LLC, is a plan sponsor and plan administrator for the Georgia-Pacific LLC Lifechoices Benefits Program for Salaried and Salaried Benefits Eligible Employees.

354.   Plaintiffs are informed and believe that Defendant, Georgia-Pacific LLC Lifechoices Benefits Program for Salaried and Salaried Benefits Eligible Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

355.   Plaintiffs are informed and believe that Defendant, GF Health Products, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, GF Health Products, Inc., is a plan sponsor and plan administrator for the GF Health Products, Inc. Plan.

356.   Plaintiffs are informed and believe that Defendant, GF Health Products, Inc. Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

357.   Plaintiffs are informed and believe that Defendant, GlaxoSmithKline, LLC, Delaware limited liability company with its corporate headquarters located in Philadelphia, Pennsylvania.  Plaintiffs are informed and believe that GlaxoSmithKline, LLC, is a plan sponsor and plan administrator for Defendant GlaxoSmithKline Health and Welfare Benefits Plan for US Employees.

358.   PLAINTIFFS are informed and believe that Defendant, GlaxoSmithKline Health and Welfare Benefits Plan for US Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

359.   Plaintiffs are informed and believe that Defendant, GP Strategies Corporation, is a Delaware corporation, f/k/a General Physics Corporation, with its corporate headquarters located in Columbia, Maryland.  Plaintiffs are informed and believe that Defendant, GP Strategies Corporation, is a plan sponsor and plan administrator for the GP Strategies Corporation Welfare Benefit Plan.

360.   Plaintiffs are informed and believe that Defendant, GP Strategies Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

361.   Plaintiffs are informed and believe that Defendant, Great-West Life & Annuity Insurance Company, is a Colorado corporation with its corporate headquarters located in Greenwood Village, Colorado.  Plaintiffs are informed and believe that Defendant, Great-West Life & Annuity Insurance Company, is a plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   sponsor and plan administrator for the Great-West Life & Ann Ins Flexible Benefit

2   Plan.

3   362.   Plaintiffs are informed and believe that Defendant, Great-West Life &

4   Ann Ins Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to

5   ERISA § 502(d), 29 U.S.C. § 1132(d).

6   363.   Plaintiffs are informed and believe that Defendant, Greenberg Traurig,

7   PA, is a Florida Professional Association with its corporate headquarters located in

8   Miami, Florida.  Plaintiffs are informed and believe that Defendant Greenberg

9   Traurig, PA, is a plan sponsor and plan administrator for the Greenberg Traurig, PA

10  Group Health Insurance Plan for Employees.

11  364.   Plaintiffs are informed and believe that Defendant, Greenberg Traurig,

12  PA Group Health Insurance Plan for Employees, is an ERISA plan and a proper

13  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14  365.   Plaintiffs are informed and believe that Defendant, Greystar

15  Management Services, LP, is a Delaware limited partnership with its corporate

16  headquarters located in Charleston, South Carolina.  Plaintiffs are informed and

17  believe that Defendant, Greystar Management Services, LP, is a plan sponsor and

18  plan administrator for the Greystar Management Services, LLP.

19  366.   Plaintiffs are informed and believe that Defendant, Greystar

20  Management Services, LLP, is an ERISA plan and a proper defendant pursuant to

21  ERISA § 502(d), 29 U.S.C. § 1132(d).

22  367.   Plaintiffs are informed and believe that Defendant, GTech Corporation,

23  is a Delaware corporation with its corporate headquarters located in Providence,

24  Rhode Island.  Plaintiffs are informed and believe that Defendant, GTech

25  Corporation, is a plan sponsor and plan administrator for the GTech Corporation

26  Participant Benefit Plan.

27

28

368.   Plaintiffs are informed and believe that Defendant, GTech Corporation Participant Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

369.   Plaintiffs are informed and believe that Defendant, HD Supply, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia. Plaintiffs are informed and believe that Defendant, HD Supply, Inc., is a plan sponsor and plan administrator for the HD Supply Health and Welfare Program.

370.   Plaintiffs are informed and believe that Defendant, HD Supply Health and Welfare Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

371.   Plaintiffs are informed and believe that Defendant, Health Inventures, LLC, is a Delaware limited liability company with its corporate headquarters located in Broomfield, Colorado.  Plaintiffs are informed and believe that Defendant, Health Inventures, LLC, is a plan sponsor and plan administrator for the Health Inventures Health and Wellness Benefit Plan.

372.   Plaintiffs are informed and believe that Defendant, Health Inventures Health and Wellness Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

373.   Plaintiffs are informed and believe that Defendant, Healthcare Partners Medical Group, Inc., is a California corporation with its corporate headquarters located in El Segundo, California.  Plaintiffs are informed and believe that Defendant, Healthcare Partners Medical Group, Inc., is a plan sponsor and plan administrator for the Healthcare Partners Medical Group, Inc. Welfare Benefit Plan.

374.   Plaintiffs are informed and believe that Defendant, Healthcare Partners Medical Group, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

375.   Plaintiffs are informed and believe that Defendant, Heartland Automotive Services, Inc., is a Minnesota corporation with its corporate headquarters

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  located in Irving, Texas.  Plaintiffs are informed and believe that Defendant,

2  Heartland Automotive Services, Inc., is a plan sponsor and plan administrator for the

3  Heartland Automotive Services, Inc. Group Medical and Life Plan.

4      376.   Plaintiffs are informed and believe that Defendant, Heartland

5  Automotive Services, Inc. Group Medical and Life Plan, is an ERISA plan and a

6  proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7      377.   Plaintiffs are informed and believe that Defendant, Hewlett-Packard

8  Company, is a Delaware corporation with its corporate headquarters located in Palo

9  Alto, California.  Plaintiffs are informed and believe that Defendant, Hewlett-Packard

10  Company, is a plan sponsor and plan administrator for the Hewlett-Packard Company

11  Health Maintenance Organization Program.

12      378.   Plaintiffs are informed and believe that Defendant, Hewlett-Packard

13  Company Health Maintenance Organization Program, is an ERISA plan and a proper

14  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15      379.   Plaintiffs are informed and believe that Defendant, Hoffman-La Roche,

16  Inc., is a New Jersey corporation with its corporate headquarters located in Nutley,

17  New Jersey.  Plaintiffs are informed and believe that Defendant, Hoffman-La Roche,

18  Inc., is a plan sponsor and plan administrator for the Medical Plan of Hoffman-La

19  Roche Inc.

20      380.   Plaintiffs are informed and believe that Defendant, Medical Plan of

21  Hoffman-La Roche Inc., is an ERISA plan and a proper defendant pursuant to ERISA

22  § 502(d), 29 U.S.C. § 1132(d).

23      381.   Plaintiffs are informed and believe that Defendant, Hogg Robinson

24  USA, LLC, is a New York limited liability company with its corporate headquarters

25  located in New York, New York.  Plaintiffs are informed and believe that Defendant,

26  Hogg Robinson USA, LLC, is a plan sponsor and plan administrator for the HRG

27  North America Welfare Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

382.   Plaintiffs are informed and believe that Defendant, HRG North America Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

383.   Plaintiffs are informed and believe that Defendant, Honeywell International, Inc., is a Delaware corporation with its corporate headquarters located in Morristown, New Jersey.  Plaintiffs are informed and believe that Defendant, Honeywell International, Inc., is a plan sponsor and plan administrator for the Honeywell International Inc. Benefit Plan.

384.   Plaintiffs are informed and believe that Defendant, Honeywell International Inc. Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

385.   Plaintiffs are informed and believe that Defendant, Hotels AB, LLC, is a Delaware limited liability company with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Hotels AB, LLC, is a plan sponsor and plan administrator for The Standard/Hotels AB Welfare Benefit Plan.

386.   Plaintiffs are informed and believe that Defendant, The Standard/Hotels AB Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

387.   Plaintiffs are informed and believe that Defendant, Hot Topic, Inc., is a California corporation with its corporate headquarters located in City of Industry, California.  Plaintiffs are informed and believe that Defendant, Hot Topic, Inc., is a plan sponsor and plan administrator for the Hot Topic, Inc. Health and Welfare Plan.

388.   Plaintiffs are informed and believe that Defendant, Hot Topic, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

389.   Plaintiffs are informed and believe that Defendant, Hugo Boss USA, Inc., is a Delaware corporation with its corporate headquarters located in New York,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   New York.  Plaintiffs are informed and believe that Defendant, Hugo Boss USA,

2   Inc., is a plan sponsor and plan administrator for the Hugo Boss USA Inc. Wrap

3   Welfare Benefits Plan.

4       390.   Plaintiffs are informed and believe that Defendant, Hugo Boss USA Inc.

5   Wrap Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to

6   ERISA § 502(d), 29 U.S.C. § 1132(d).

7       391.   Plaintiffs are informed and believe that Defendant, Huhtamaki

8   Americas, Inc., is a Delaware corporation with its corporate headquarters located in

9   De Soto, Kansas.  Plaintiffs are informed and believe that Defendant, Huhtamaki

10  Americas, Inc., is a plan sponsor and plan administrator for the Huhtamaki Americas,

11  Inc. Group Insurance Plan.

12      392.   Plaintiffs are informed and believe that Defendant, Huhtamaki

13  Americas, Inc. Group Insurance Plan, is an ERISA plan and a proper defendant

14  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15      393.   Plaintiffs are informed and believe that Defendant, Ikaria Research, Inc.,

16  is a Delaware corporation with its corporate headquarters located in Hampton, New

17  Jersey.  Plaintiffs are informed and believe that Defendant, Ikaria Research, Inc., is a

18  plan sponsor and plan administrator for the Ikaria, Inc. Welfare Benefit Plan.

19      394.   Plaintiffs are informed and believe that Defendant, Ikaria, Inc. Welfare

20  Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

21  29 U.S.C. § 1132(d).

22      395.   Plaintiffs are informed and believe that Defendant, IMortgage.com, Inc.,

23  is a Delaware corporation with its corporate headquarters located in Scottsdale,

24  Arizona.  Plaintiffs are informed and believe that Defendant, IMortgage.com, Inc., is

25  a plan sponsor and plan administrator for the IMortgage.com, Inc. Cafeteria Plan.

26      396.   Plaintiffs are informed and believe that Defendant, IMortgage.com, Inc.

27  Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA

28  § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

397.   Plaintiffs are informed and believe that Defendant, Informa USA, Inc., is a Massachusetts corporation with its corporate headquarters located in Sarasota, Florida.  Plaintiffs are informed and believe that Defendant, Informa USA, Inc., is a plan sponsor and plan administrator for the Informa USA, Inc. and Subsidiaries Insurance Plan.

398.   Plaintiffs are informed and believe that Defendant, Informa USA, Inc. and Subsidiaries Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

399.   Plaintiffs are informed and believe that Defendant, ING North America Insurance Corporation, is a Delaware corporation with its corporate headquarters located in Minneapolis, Minnesota.  Plaintiffs are informed and believe that Defendant, ING North America Insurance Corporation, is a plan sponsor and plan administrator for the ING Americas Welfare Benefits Plan.

400.   Plaintiffs are informed and believe that Defendant, ING Americas Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

401.   Plaintiffs are informed and believe that Defendant, Ingram Micro, Inc., is a Delaware corporation with its corporate headquarters located in Santa Ana, California.  Plaintiffs are informed and believe that Defendant, Ingram Micro, Inc., is a plan sponsor and plan administrator for the Ingram Micro Inc. Health & Welfare Plan.

402.   Plaintiffs are informed and believe that Defendant, Ingram Micro Inc. Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

403.   Plaintiffs are informed and believe that Defendant, Insperity Holdings, Inc., is a Delaware corporation formerly known as Administaff of Texas, Inc., with its corporate headquarters located in Kingwood, Texas.  Plaintiffs are informed and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  believe that Defendant, Insperity Holdings, Inc., is a plan sponsor and plan

2  administrator for the Insperity Group Health Plan.

3      404.   Plaintiffs are informed and believe that Defendant, Insperity Group

4  Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

5  29 U.S.C. § 1132(d).

6      405.   Plaintiffs are informed and believe that Defendant, Instant Web, Inc., is

7  a Minnesota corporation with its corporate headquarters located in Chanhassen,

8  Minnesota.  Plaintiffs are informed and believe that Defendant, Instant Web, Inc., is a

9  plan sponsor and plan administrator for the Instant Web Inc. and Subsidiary Medical

10  Benefit Plan.

11      406.   Plaintiffs are informed and believe that Defendant, Instant Web Inc. and

12  Subsidiary Medical Benefit Plan, is an ERISA plan and a proper defendant pursuant

13  to ERISA § 502(d), 29 U.S.C. § 1132(d).

14      407.   Plaintiffs are informed and believe that Defendant, Integra LifeSciences

15  Corporation, is a Delaware corporation with its corporate headquarters located in

16  Plainsboro, New Jersey.  Plaintiffs are informed and believe that Defendant, Integra

17  LifeSciences Corporation, is a plan sponsor and plan administrator for the Integra

18  LifeSciences Corp. Medical/Prescription, Dental and STD Plan.

19      408.   Plaintiffs are informed and believe that Defendant, Integra LifeSciences

20  Corp. Medical/Prescription, Dental and STD Plan, is an ERISA plan and a proper

21  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22      409.   Plaintiffs are informed and believe that Defendant, Intelsat Corporation,

23  is a Delaware corporation with its corporate headquarters located in Washington,

24  District of Columbia.  Plaintiffs are informed and believe that Defendant, Intelsat

25  Corporation, is a plan sponsor and plan administrator for the Intelsat Group Welfare

26  Benefits Plan.

27

28

410.   Plaintiffs are informed and believe that Defendant, Intelsat Group Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

411.   Plaintiffs are informed and believe that Defendant, Intercare Holdings, Inc., is a Delaware corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Intercare Holdings, Inc., is a plan sponsor and plan administrator for the Intercare Holdings, Inc. Health & Welfare Plan.

412.   Plaintiffs are informed and believe that Defendant, Intercare Holdings, Inc. Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

413.   Plaintiffs are informed and believe that Defendant, International Aluminum Corporation, is a Texas corporation with its corporate headquarters located in Downey, California.  Plaintiffs are informed and believe that Defendant, International Aluminum Corporation, is a plan sponsor and plan administrator for the International Aluminum Corporation Health and Welfare Plans.

414.   Plaintiffs are informed and believe that Defendant, International Aluminum Corporation Health and Welfare Plans, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

415.   Plaintiffs are informed and believe that Defendant, International Business Machines Corporation, is a New York corporation with its corporate headquarters located in Armonk, New York.  Plaintiffs are informed and believe that Defendant, International Business Machines Corporation, is a plan sponsor and plan administrator for the IBM Medical & Dental Plan for Regular and Part-time Employees.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

416.   Plaintiffs are informed and believe that Defendant, IBM Medical & Dental Plan for Regular and Part-time Employees, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

417.   Plaintiffs are informed and believe that Defendant, International Paper Company, is a New York corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, International Paper Company, is a plan sponsor and plan administrator for the International Paper Company Group Health & Welfare Plan.

418.   Plaintiffs are informed and believe that Defendant, International Paper Company Group Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

419.   Plaintiffs are informed and believe that Defendant, International Speedway Corporation, is a Florida corporation with its corporate headquarters located in Daytona, Florida.  Plaintiffs are informed and believe that Defendant, International Speedway Corporation, is a plan sponsor and plan administrator for the International Speedway Corporation Welfare Benefit Plan.

420.   Plaintiffs are informed and believe that Defendant, International Speedway Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

421.   Plaintiffs are informed and believe that Defendant, Inter-Rail Management, Inc., a Maryland corporation with its corporate headquarters located in Centerville, Maryland.  Plaintiffs are informed and believe that Defendant, Inter-Rail Management, Inc., is a plan sponsor and plan administrator for the Inter-Rail Management, Inc. Employee Health Plan.

422.   Plaintiffs are informed and believe that Defendant, Inter-Rail Management, Inc. Employee Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX:  (310) 551-8181

423.   Plaintiffs are informed and believe that Defendant, Interstate Hotels & Resorts, Inc., is a Delaware corporation with its corporate headquarters located in Los Angeles, California.  Plaintiffs are informed and believe that Defendant, Interstate Hotels & Resorts, Inc., is a plan sponsor and plan administrator for the Interstate Hotels & Resorts Benefits Program.

424.   Plaintiffs are informed and believe that Defendant, Interstate Hotels & Resorts Benefits Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

425.   Plaintiffs are informed and believe that Defendant, INX International Ink Co., is a Delaware corporation with its corporate headquarters located in Schaumburg, Florida.  Plaintiffs are informed and believe that Defendant, INX International Ink Co., is a plan sponsor and plan administrator for the INX International Group Medical/Dental Plan.

426.   Plaintiffs are informed and believe that Defendant, INX International Group Medical/Dental Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

427.   Plaintiffs are informed and believe that Defendant, J.C. Penney Corporation, Inc., is a Delaware corporation with its corporate headquarters located in Plano, Texas.  Plaintiffs are informed and believe that Defendant, J.C. Penney Corporation, Inc., is a plan sponsor and plan administrator for the J.C. Penney Corporation, Inc. Health & Welfare Benefits Plan.

428.   Plaintiffs are informed and believe that Defendant, J.C. Penney Corporation, Inc. Health & Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

429.   Plaintiffs are informed and believe that Defendant, J.P. Morgan Chase National Corporate Services, Inc., is a New York corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, J.P. Morgan Chase National Corporate Services, Inc., is a plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   sponsor and plan administrator for The JPMorgan Chase Health & Income Protection

2   Plan For Active Employees.

3       430.   Plaintiffs are informed and believe that Defendant, The JPMorgan Chase

4   Health & Income Protection Plan For Active Employees, is an ERISA plan and a

5   proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6       431.   Plaintiffs are informed and believe that Defendant, Jack in the Box, Inc.,

7   is a Delaware corporation with its corporate headquarters located in San Diego,

8   California.  Plaintiffs are informed and believe that Defendant, Jack in the Box, Inc.,

9   is a plan sponsor and plan administrator for the Jack in the Box, Inc. Crew

10   Employees Health & Welfare Plan.

11       432.   Plaintiffs are informed and believe that Defendant, Jack in the Box, Inc.

12   Crew Employees Health & Welfare Plan, is an ERISA plan and a proper defendant

13   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       433.   Plaintiffs are informed and believe that Defendant, Jackson Lewis, LLP,

15   is a New York limited liability partnership with its headquarters located in White

16   Plains, New York.  Plaintiffs are informed and believe that Defendant, Jackson

17   Lewis, LLP, is a plan sponsor and plan administrator for the Jackson Lewis LLP

18   Welfare Plan.

19       434.   Plaintiffs are informed and believe that Defendant, Jackson Lewis LLP

20   Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

21   29 U.S.C. § 1132(d).

22       435.   Plaintiffs are informed and believe that Defendant, Jacobs Engineering

23   Group, Inc., is a Delaware corporation with its corporate headquarters located in

24   Pasadena, California.  Plaintiffs are informed and believe that Defendant, Jacobs

25   Engineering Group, Inc., is a plan sponsor and plan administrator for the Jacobs

26   Engineering Group, Inc. Employee Group Insurance Plan.

27

28

1164009.1

436.   Plaintiffs are informed and believe that Defendant, Jacobs Engineering Group, Inc. Employee Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

437.   Plaintiffs are informed and believe that Defendant, JetBlue Airways Corporation, is a Delaware corporation with its corporate headquarters located in Long Island City, New York.  Plaintiffs are informed and believe that Defendant, JetBlue Airways corporation, is a plan sponsor and plan administrator for the JetBlue Airways Group Health Insurance Plan.

438.   Plaintiffs are informed and believe that Defendant, JetBlue Airways Group Health Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

439.   Plaintiffs are informed and believe that Defendant, Jones Lang LaSalle, Inc., is a Maryland corporation with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, Jones Lang Lasalle, Inc., is a plan sponsor and plan administrator for the Jones Lang LaSalle Inc. Health and Welfare Benefits Plan.

440.   Plaintiffs are informed and believe that Defendant, Jones Lang LaSalle Inc. Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

441.   Plaintiffs are informed and believe that Defendant, Kelly Mitchell Group, Inc., is a Missouri corporation with its corporate headquarters located in Clayton, Missouri.  Plaintiffs are informed and believe that Defendant, Kelly Mitchell Group, Inc., is a plan sponsor and plan administrator for the Kelly Mitchell Group Inc. Medical Plan.

442.   Plaintiffs are informed and believe that Defendant, Kelly Mitchell Group Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

443.   Plaintiffs are informed and believe that Defendant, Kinder Morgan G.P., Inc., is a Delaware corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Kinder Morgan G.P., Inc., is a plan sponsor and plan administrator for the KMI Flexible Benefit Plan.

444.   Plaintiffs are informed and believe that Defendant, KMI Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

445.   Plaintiffs are informed and believe that Defendant, Kinetic Concepts, Inc., is a Texas corporation with its corporate headquarters located in San Antonio, Texas.  Plaintiffs are informed and believe that Defendant, Kinetic Concepts, Inc., is a plan sponsor and plan administrator for the KCI Medical Plan.

446.   Plaintiffs are informed and believe that Defendant, KCI Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

447.   Plaintiffs are informed and believe that Defendant, KLA-Tencor Corporation, is a Delaware corporation with its corporate headquarters located in Milpitas, California.  Plaintiffs are informed and believe that Defendant, KLA-Tencor Corporation, is a plan sponsor and plan administrator for the KLA-Tencor Corporation Group Insurance Plan.

448.   Plaintiffs are informed and believe that Defendant, KLA-Tencor Corporation Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

449.   Plaintiffs are informed and believe that Defendant, Konica Minolta Business Solutions USA, Inc., is a New York corporation with its corporate headquarters located in Ramsey, New Jersey.  Plaintiffs are informed and believe that Defendant, Konica Minolta Business Solutions USA, Inc., is a plan sponsor and plan administrator for the Konica Minolta Business Solutions USA, Inc. Life, Disability, Accident, Medical and Dental Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

450.   Plaintiffs are informed and believe that Defendant, Konica Minolta Business Solutions USA, Inc. Life, Disability, Accident, Medical and Dental Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

451.   Plaintiffs are informed and believe that Defendant, L Brands, Inc., is a Delaware corporation formerly known as Limited Brands, Inc., with its corporate headquarters located in Columbus, Ohio.  Plaintiffs are informed and believe that Defendant, L Brands, Inc., is a plan sponsor and plan administrator for the Limited Brands, Inc. Health and Welfare Benefits Plan.

452.   Plaintiffs are informed and believe that Defendant, Limited Brands, Inc. Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

453.   Plaintiffs are informed and believe that Defendant, Landry's Management, LP, is a Delaware limited partnership with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Landry's Management, LP, is a plan sponsor and plan administrator for the Landry's Medical Benefit Plan.

454.   Plaintiffs are informed and believe that Defendant, Landry's Medical Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

455.   Plaintiffs are informed and believe that Defendant, Larson-Juhl US, LLC, is a Georgia limited liability company with its corporate headquarters located in Norcross, Georgia.  Plaintiffs are informed and believe that Defendant, Larson-Juhl US, LLC, is a plan sponsor and plan administrator for the Larson-Juhl US LLC Welfare Plan.

456.   Plaintiffs are informed and believe that Defendant, Larson-Juhl US LLC Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

457.   Plaintiffs are informed and believe that Defendant, LA-Z-BOY Incorporated, is a Michigan corporation with its corporate headquarters located in Monroe, Michigan.  Plaintiffs are informed and believe that Defendant, LA-Z-BOY Incorporated, is a plan sponsor and plan administrator for the LA-Z-BOY Incorporated Medical Plan.

458.   Plaintiffs are informed and believe that Defendant, LA-Z-BOY Incorporated Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

459.   Plaintiffs are informed and believe that Defendant, LGAA, LLC, is a Utah limited liability company, f/k/a Leavitt Group Agency Association, with its corporate headquarters located in Cedar City, Utah.  Plaintiffs are informed and believe that Defendant, LGAA, LLC, is a plan sponsor and plan administrator for the LGAA Benefit Plan.

460.   Plaintiffs are informed and believe that Defendant, LGAA Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

461.   Plaintiffs are informed and believe that Defendant, Level 3 Communications, LLC, is a Delaware limited liability company with its headquarters located in Broomfield, Colorado.  Plaintiffs are informed and believe that Defendant, Level 3 Communications, LLC, is a plan sponsor and plan administrator for the Level 3 Communications, Inc. Welfare Benefit Plan.

462.   Plaintiffs are informed and believe that Defendant, Level 3 Communications, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

463.   Plaintiffs are informed and believe that Defendant, Levy Restaurants, Inc., is an Illinois corporation with its corporate headquarters located in Springfield, Illinois.  Plaintiffs are informed and believe that Defendant, Levy Restaurants, Inc., is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

a plan sponsor and plan administrator for the Employee Benefit Plan of the Compass Group USA, Inc.

464.   Plaintiffs are informed and believe that Defendant, Employee Benefit Plan of the Compass Group USA, Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

465.   Plaintiffs are informed and believe that Defendant, Linde North America, Inc., is a Delaware corporation with its corporate headquarters located in Murray Hill, New Jersey.  Plaintiffs are informed and believe that Defendant, Linde North America, Inc., is a plan sponsor and plan administrator for the Linde North America, Inc. Insurance Plan.

466.   Plaintiffs are informed and believe that Defendant, Linde North America, Inc. Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

467.   Plaintiffs are informed and believe that Defendant, Loomis Armored US, LLC, is a Texas limited liability company with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Loomis Armored US, LLC, is a plan sponsor and plan administrator for the Loomis Health & Welfare Plan.

468.   Plaintiffs are informed and believe that Defendant,  Loomis Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

469.   Plaintiffs are informed and believe that Defendant, L'Oreal USA S/D, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, L'Oreal USA S/D, Inc., is a plan sponsor and plan administrator for the L'Oreal USA, Inc. Comprehensive Medical Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

470.   Plaintiffs are informed and believe that Defendant, L'Oreal USA, Inc. Comprehensive Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

471.   Plaintiffs are informed and believe that Defendant, Maersk, Inc., is a New York corporation with its corporate headquarters located in Madison, New Jersey.  Plaintiffs are informed and believe that Defendant, Maersk, Inc., is a plan sponsor and plan administrator for the Maersk Inc. Active NonUnion Health and Welfare Plan.

472.   Plaintiffs are informed and believe that Defendant, Maersk Inc. Active NonUnion Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

473.   Plaintiffs are informed and believe that Defendant, MAKO Surgical Corp., is a Delaware corporation with its corporate headquarters located in Fort Lauderdale, Florida.  Plaintiffs are informed and believe that Defendant, MAKO Surgical Corp., is a plan sponsor and plan administrator for the Mako Surgical Corp Health and Welfare Benefit Plan.

474.   Plaintiffs are informed and believe that Defendant, Mako Surgical Corp Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

475.   Plaintiffs are informed and believe that Defendant, Marubeni Itochu Steel America, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Marubeni Itochu Steel America, Inc., is a plan sponsor and plan administrator for the MISA Group Benefit Plans.

476.   Plaintiffs are informed and believe that Defendant, MISA Group Benefit Plans, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

115

477.   Plaintiffs are informed and believe that Defendant, Mary Kay, Inc., is a Delaware corporation with its corporate headquarters located in Addison, Texas. Plaintiffs are informed and believe that Defendant, Mary Kay, Inc., is a plan sponsor and plan administrator for the Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan.

478.   Plaintiffs are informed and believe that Defendant, Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

479.   Plaintiffs are informed and believe that Defendant, McCarthy Holthus, LP, is a California limited partnership with its corporate headquarters located in San Diego, California.  Plaintiffs are informed and believe that Defendant, McCarthy Holthus, LP, is a plan sponsor and plan administrator for the McCarthy & Holthus, LLP Welfare Benefits Plan.

480.   Plaintiffs are informed and believe that Defendant, McCarthy & Holthus, LLP Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

481.   Plaintiffs are informed and believe that Defendant, MCM Corporation, is a North Carolina corporation with its corporate headquarters located in Raleigh, North Carolina.  Plaintiffs are informed and believe that Defendant, MCM Corporation, is a plan sponsor and plan administrator for the Health Care Plan of the Employees of MCM Corp.

482.   Plaintiffs are informed and believe that Defendant, Health Care Plan of the Employees of MCM Corp, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

483.   Plaintiffs are informed and believe that Defendant, McMaster-Carr Supply Company, is an Illinois corporation with its corporate headquarters located in Elmhurst, Illinois.  Plaintiffs are informed and believe that Defendant, McMaster-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1  Carr Supply Company, is a plan sponsor and plan administrator for the McMaster-
2  Carr Supply Company Group Insurance Program.

3      484.   Plaintiffs are informed and believe that Defendant, McMaster-Carr
4  Supply Company Group Insurance Program, is an ERISA plan and a proper
5  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6      485.   Plaintiffs are informed and believe that Defendant, Medco Health
7  Solutions, Inc., is a Delaware corporation with its corporate headquarters located in
8  Franklin Lakes, New Jersey.  Plaintiffs are informed and believe that Defendant,
9  Medco Health Solutions, Inc., is a plan sponsor and plan administrator for the Medco
10 Health Solutions, Inc. Welfare Benefit Plan.

11     486.   Plaintiffs are informed and believe that Defendant, Medco Health
12 Solutions, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant
13 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14     487.   Plaintiffs are informed and believe that Defendant, CareFusion
15 Corporation, is a Delaware corporation, f/k/a Medegen, Inc., with its corporate
16 headquarters located in San Diego, California.  Plaintiffs are informed and believe
17 that Defendant, CareFusion Corporation, is a plan sponsor and plan administrator for
18 the CareFusion Corporation Health and Group Benefits Plan.

19     488.   Plaintiffs are informed and believe that Defendant, CareFusion
20 Corporation Health and Group Benefits Plan, is an ERISA plan and a proper
21 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22     489.   Plaintiffs are informed and believe that Defendant, Medical Specialties
23 Distributors, LLC, is a Delaware limited liability company with its corporate
24 headquarters located in Stoughton, Massachusetts.  Plaintiffs are informed and
25 believe that Defendant, Medical Specialties Distributors, LLC, is a plan sponsor and
26 plan administrator for the Medical Specialties Distributors, LLC Group Benefits
27 Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

490.   Plaintiffs are informed and believe that Defendant, Medical Specialties Distributors, LLC Group Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

491.   Plaintiffs are informed and believe that Defendant, Metropolitan Life Insurance Company, is a New York corporation with its corporate headquarters located in St. Louis, Missouri.  Plaintiffs are informed and believe that Defendant, Metropolitan Life Insurance Company, is a plan sponsor and plan administrator for the Metlife Options and Choices Plan.

492.   Plaintiffs are informed and believe that Defendant, Metlife Options and Choices Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

493.   Plaintiffs are informed and believe that Defendant, Midamerican Energy Company, is an Iowa corporation with its corporate headquarters located in Des Moines, Iowa.  Plaintiffs are informed and believe that Defendant, Midamerican Energy Company, is a plan sponsor and plan administrator for the Midamerican Energy Company Welfare Benefit Plan.

494.   Plaintiffs are informed and believe that Defendant, Midamerican Energy Company Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

495.   Plaintiffs are informed and believe that Defendant, Millard Refrigerated Services, Inc., is a Georgia corporation with its corporate headquarters located in Omaha, Nebraska.  Plaintiffs are informed and believe that Defendant, Millard Refrigerated Services, Inc., is a plan sponsor and plan administrator for the Millard Refrigerated Services, Inc. Group Major Medical.

496.   Plaintiffs are informed and believe that Defendant, Millard Refrigerated Services, Inc. Group Major Medical, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

497.   Plaintiffs are informed and believe that Defendant, Mitek USA, Inc., is a Missouri corporation with its corporate headquarters located in Chesterfield, Missouri.  Plaintiffs are informed and believe that Defendant, Mitek USA, Inc., is a plan sponsor and plan administrator for the Mitek USA, Inc. Welfare Benefit Plan.

498.   Plaintiffs are informed and believe that Defendant, Mitek USA, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

499.   Plaintiffs are informed and believe that Defendant, Mobile Mini, Inc., is a Delaware corporation with its corporate headquarters located in Tempe, Arizona. Plaintiffs are informed and believe that Defendant, Mobile Mini, Inc., is a plan sponsor and plan administrator for the Mobile Mini, Inc. Benefit Plan.

500.   Plaintiffs are informed and believe that Defendant, Mobile Mini, Inc. Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

501.   Plaintiffs are informed and believe that Defendant, Mocean, LLC, is a California limited liability company with its corporate headquarters located in Burbank, California.  Plaintiffs are informed and believe that Defendant, Mocean, LLC, is a plan sponsor and plan administrator for the Mocean Health and Welfare Benefits Plan.

502.   Plaintiffs are informed and believe that Defendant, Mocean Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

503.   Plaintiffs are informed and believe that Defendant, Monavie, LLC, is a Delaware limited liability company with its corporate headquarters located in South Jordan, Utah.  Plaintiffs are informed and believe that Defendant, Monavie, LLC, is a plan sponsor and plan administrator for the Monavie, LLC Fringe Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    504.   Plaintiffs are informed and believe that Defendant, Monavie, LLC

2  Fringe Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA

3  § 502(d), 29 U.S.C. § 1132(d).

4    505.   Plaintiffs are informed and believe that Defendant, Monrovia Nursery

5  Company, is a California corporation with its corporate headquarters located in

6  Azusa, California.  Plaintiffs are informed and believe that Defendant, Monrovia

7  Nursery Company, is a plan sponsor and plan administrator for the Monrovia Nursery

8  Company Employee Benefit Plan.

9    506.   Plaintiffs are informed and believe that Defendant, Monrovia Nursery

10  Company Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant

11  to ERISA § 502(d), 29 U.S.C. § 1132(d).

12    507.   Plaintiffs are informed and believe that Defendant, Mountain Valley

13  Express Co., Inc., is a California corporation with its corporate headquarters located

14  in Manteca, California.  Plaintiffs are informed and believe that Defendant, Mountain

15  Valley Express Co., Inc., is a plan sponsor and plan administrator for the Mountain

16  Valley Express Co. Inc. Welfare Benefit Plan.

17    508.   Plaintiffs are informed and believe that Defendant, Mountain Valley

18  Express Co. Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant

19  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

20    509.   Plaintiffs are informed and believe that Defendant, Multiplan, Inc., is a

21  New York corporation with its corporate headquarters located in New York, New

22  York.  Plaintiffs are informed and believe that Defendant, Multiplan, Inc., is a plan

23  sponsor and plan administrator for the Health Insurance Plan of Multiplan, Inc.

24    510.   Plaintiffs are informed and believe that Defendant, Health Insurance

25  Plan of Multiplan, Inc., is an ERISA plan and a proper defendant pursuant to ERISA

26  § 502(d), 29 U.S.C. § 1132(d).

27    511.   Plaintiffs are informed and believe that Defendant, Myriad Genetics,

28  Inc., is a Delaware corporation with its corporate headquarters located in Salt Lake

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

City, Utah.  Plaintiffs are informed and believe that Defendant, Myriad Genetics, Inc., is a plan sponsor and plan administrator for the Myriad Genetics, Inc. Welfare Benefit Plan.

512.   Plaintiffs are informed and believe that Defendant Myriad Genetics, Inc. Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

513.   Plaintiffs are informed and believe that Defendant, National Captioning Institute, Inc., is a District of Columbia corporation with its corporate headquarters located in Chantilly, Virginia.  Plaintiffs are informed and believe that Defendant, National Captioning Institute, Inc., is a plan sponsor and plan administrator for the National Captioning Institute, Inc. Health & Welfare Benefits Plan.

514.   Plaintiffs are informed and believe that Defendant, National Captioning Institute, Inc. Health & Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

515.   Plaintiffs are informed and believe that Defendant, National Financial Partners Corp., is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, National Financial Partners Corp., is a plan sponsor and plan administrator for the National Financial Partners Corp. Group Health Plan for Employees.

516.   Plaintiffs are informed and believe that Defendant, National Financial Partners Corp. Group Health Plan for Employees, is an ERISA plan and a proper defendant pursuant to ERISA §502(d), 29 U.S.C. §1132(d).

517.   Plaintiffs are informed and believe that Defendant, National Mentor Holdings, LLC, is a Delaware limited liability company with its corporate headquarters located in Boston, Massachusetts.  Plaintiffs are informed and believe that Defendant, National Mentor Holdings, LLC is a plan sponsor and plan administrator for the National Mentor Holdings, LLC Flexible Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

518.   Plaintiffs are informed and believe that Defendant, National Mentor Holdings, LLC Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

519.   Plaintiffs are informed and believe that Defendant, National Railroad Passenger Corporation, is a District of Columbia corporation with its corporate headquarters located in Washington, D.C.  Plaintiffs are informed and believe that Defendant, National Railroad Passenger Corporation, is a plan sponsor and plan administrator for Amplan, The Amtrak Union Benefits Plan and the National Railroad Passenger Corporation Choiceplus Cafeteria Plan.

520.   Plaintiffs are informed and believe that Defendants, Amplan, The Amtrak Union Benefits Plan and the National Railroad Passenger Corporation Choiceplus Cafeteria Plan, are ERISA plans and proper defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

521.   Plaintiffs are informed and believe that Defendant, Nationstar Mortgage, LLC, is a Delaware limited liability company with its corporate headquarters located in Lewisville, Texas.  Plaintiffs are informed and believe that Defendant, Nationstar Mortgage, LLC, is a plan sponsor and plan administrator for the Nationstar Mortgage Group Health and Welfare Benefit Plan.

522.   Plaintiffs are informed and believe that Defendant, Nationstar Mortgage Group Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

523.   Plaintiffs are informed and believe that Defendant, NCH Corporation, is a Delaware corporation with its corporate headquarters located in Irving, Texas. Plaintiffs are informed and believe that Defendant, NCH Corporation, is a plan sponsor and plan administrator for the NCH Corporation Employee Life and Health Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

524.   Plaintiffs are informed and believe that Defendant, NCH Corporation Employee Life and Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

525.   Plaintiffs are informed and believe that Defendant, NEC Corporation of America, is a Nevada corporation with its corporate headquarters located in Irving, Texas.  Plaintiffs are informed and believe that Defendant, NEC Corporation of America, is a plan sponsor and plan administrator for the Group Insurance Plan for Employees of NEC and Affiliates.

526.   Plaintiffs are informed and believe that Defendant, Group Insurance Plan for Employees of NEC and Affiliates, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

527.   Plaintiffs are informed and believe that Defendant, Neff Rental, LLC, is a Delaware limited liability company with its corporate headquarters located in Miami, Florida.  Plaintiffs are informed and believe that Defendant, Neff Rental, LLC, is a plan sponsor and plan administrator for the Neff Rental LLC Health & Welfare Plan.

528.   Plaintiffs are informed and believe that Defendant, Neff Rental LLC Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

529.   Plaintiffs are informed and believe that Defendant, Nestle Waters North America, Inc., is a Delaware corporation with its corporate headquarters located in Stamford, Connecticut.  Plaintiffs are informed and believe that Defendant, Nestle Waters North America, Inc., is a plan sponsor and plan administrator for the Nestle Waters North America Holdings Group Benefits Plan.

530.   Plaintiffs are informed and believe that Defendant, Nestle Waters North America Holdings Group Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    531.   Plaintiffs are informed and believe that Defendant, NetApp, Inc., is a

2    Delaware corporation with its corporate headquarters located in Sunnyvale,

3    California.  Plaintiffs are informed and believe that Defendant, NetApp, Inc., is a

4    plan sponsor and plan administrator for the NetApp, Inc. Group Health Plan.

5    532.   Plaintiffs are informed and believe that Defendant, NetApp, Inc. Group

6    Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

7    29 U.S.C. § 1132(d).

8    533.   Plaintiffs are informed and believe that Defendant, New Breed

9    Corporate Services, Inc., is a New Jersey corporation with its corporate headquarters

10   located in High Point, North Carolina.  Plaintiffs are informed and believe that

11   Defendant, New Breed Corporate Services, Inc., is a plan sponsor and plan

12   administrator for the New Breed Corporate Services Inc. Welfare Benefit Plan.

13   534.   Plaintiffs are informed and believe that Defendant, New Breed

14   Corporate Services Inc. Welfare Benefit Plan, is an ERISA plan and a proper

15   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

16   535.   Plaintiffs are informed and believe that Defendant, Nike, Inc., is an

17   Oregon corporation with its corporate headquarters located in Beaverton, Oregon.

18   Plaintiffs are informed and believe that Defendant, Nike, Inc., is a plan sponsor and

19   plan administrator for the Nike, Inc. Group Insurance Plan.

20   536.   Plaintiffs are informed and believe that Defendant, Nike, Inc. Group

21   Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA

22   § 502(d), 29 U.S.C. § 1132(d).

23   537.   Plaintiffs are informed and believe that Defendant, Northrop Grumman

24   Corporation, is a Delaware corporation with its corporate headquarters located in

25   Falls Church, Virginia.  Plaintiffs are informed and believe that Defendant, Northrop

26   Grumman Corporation, is a plan sponsor and plan administrator for the Northrop

27   Grumman Corporation Group Benefits Plan.

28

538.   Plaintiffs are informed and believe that Defendant, Northrop Grumman Corporation Group Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

539.   Plaintiffs are informed and believe that Defendant, Novartis Corporation, is a New York corporation with its corporate headquarters located in East Hanover, New Jersey.  Plaintiffs are informed and believe that Defendant, Novartis Corporation, is a plan sponsor and plan administrator for the Novartis Corporation Welfare Benefit Plan.

540.   Plaintiffs are informed and believe that Defendant, Novartis Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

541.   Plaintiffs are informed and believe that Defendant, NPL Construction Co., is a Nevada corporation with its corporate headquarters located in Phoenix, Arizona.  Plaintiffs are informed and believe that Defendant, NPL Construction Co., is a plan sponsor and plan administrator for the NPL Construction Co. Employee Health Benefit Plan.

542.   Plaintiffs are informed and believe that Defendant, NPL Construction Co. Employee Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

543.   Plaintiffs are informed and believe that Defendant, NRC Payroll Management, LLC, is a Delaware limited liability company with its corporate headquarters located in Great River, New York.  Plaintiffs are informed and believe that Defendant, NRC Payroll Management, LLC, is a plan sponsor and plan administrator for the NRC Payroll Management Health and Welfare Plan.

544.   Plaintiffs are informed and believe that Defendant, NRC Payroll Management Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

545.   Plaintiffs are informed and believe that Defendant, Nursefinders, LLC, is a Texas limited liability company with its corporate headquarters located in Arlington, Texas.  Plaintiffs are informed and believe that Defendant, Nursefinders, LLC, is a plan sponsor and plan administrator for the AMN Healthcare Inc. Health Insurance Plan.

546.   Plaintiffs are informed and believe that Defendant, AMN Healthcare Inc. Health Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

547.   Plaintiffs are informed and believe that Defendant, OCLC Online Computer Library Center, Inc., is an Ohio corporation with its corporate headquarters located in Dublin, Ohio.  Plaintiffs are informed and believe that Defendant, OCLC Online Computer Library Center, Inc., is a plan sponsor and plan administrator for the OCLC Employee Group Medical Plan.

548.   Plaintiffs are informed and believe that Defendant, OCLC Employee Group Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

549.   Plaintiffs are informed and believe that Defendant, Old Dominion Freight Line, Inc., is a Virginia corporation with its corporate headquarters located in Thomasville, North Carolina.  Plaintiffs are informed and believe that Defendant, Old Dominion Freight Line, Inc., is a plan sponsor and plan administrator for the Old Dominion Employee Benefit Plan.

550.   Plaintiffs are informed and believe that Defendant, Old Dominion Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

551.   Plaintiffs are informed and believe that Defendant, Olin Corporation, is a Virginia corporation with its corporate headquarters located in Clayton, Missouri. Plaintiffs are informed and believe that Defendant, Olin Corporation, is a plan sponsor and plan administrator for the Olin Medical/Dental Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

1164009.1

1    552.   Plaintiffs are informed and believe that Defendant, Olin Medical/Dental
2    Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29
3    U.S.C. § 1132(d).

4    553.   Plaintiffs are informed and believe that Defendant, Onward Healthcare,
5    Inc., is a Delaware corporation with its corporate headquarters located in Wilton,
6    Connecticut.  Plaintiffs are informed and believe that Defendant, Onward Healthcare,
7    Inc., is a plan sponsor and plan administrator for the Onward Healthcare, Inc. Health
8    and Welfare Plan.

9    554.   Plaintiffs are informed and believe that Defendant, Onward Healthcare,
10   Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to
11   ERISA § 502(d), 29 U.S.C. § 1132(d).

12   555.   Plaintiffs are informed and believe that Defendant, Orix USA
13   Corporation, is a Delaware corporation with its corporate headquarters located in
14   Dallas, Texas.  Plaintiffs are informed and believe that Defendant, Orix USA
15   Corporation, is a plan sponsor and plan administrator for the Orix USA Corporation
16   Welfare Plan.

17   556.   Plaintiffs are informed and believe that Defendant, Orix USA
18   Corporation Welfare Plan, is an ERISA plan and a proper defendant pursuant to
19   ERISA § 502(d), 29 U.S.C. § 1132(d).

20   557.   Plaintiffs are informed and believe that Defendant, Osram Sylvania,
21   Inc., is a Delaware corporation with its corporate headquarters located in Danvers,
22   Massachusetts.  Plaintiffs are informed and believe that Defendant, Osram Sylvania,
23   Inc., is a plan sponsor and plan administrator for the Osram Sylvania, Inc. Health and
24   Welfare Benefits Plan.

25   558.   Plaintiffs are informed and believe that Defendant, Osram Sylvania, Inc.
26   Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant
27   to ERISA § 502(d), 29 U.S.C. § 1132(d).

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

559.   Plaintiffs are informed and believe that Defendant, Windstream Corporation, is a Delaware corporation with its corporate headquarters located in Little Rock, Arkansas.  Plaintiffs are informed and believe that Defendant, Windstream Corporation, is a plan sponsor and plan administrator for the Windstream Comprehensive Plan of Group Insurance.

560.   Plaintiffs are informed and believe that Defendant, Windstream Comprehensive Plan of Group Insurance, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

561.   Plaintiffs are informed and believe that Defendant, Panalpina, Inc., is a New York corporation with its corporate headquarters located in Morristown, New Jersey.  Plaintiffs are informed and believe that Defendant, Panalpina, Inc., is a plan sponsor and plan administrator for the Panalpina, Inc. Welfare Benefits Plan.

562.   Plaintiffs are informed and believe that Defendant, Panalpina, Inc. Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

563.   Plaintiffs are informed and believe that Defendant, Parker-Hannifin Corporation, is an Ohio corporation with its corporate headquarters located in Cleveland, Ohio.  Plaintiffs are informed and believe that Defendant, Parker-Hannifin Corporation, is a plan sponsor and plan administrator for the Group Insurance Plan Hourly and Salaried Employees of Parker Hannifin Corp.

564.   Plaintiffs are informed and believe that Defendant, Group Insurance Plan Hourly and Salaried Employees of Parker Hannifin Corp., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

565.   Plaintiffs are informed and believe that Defendant, Parsons Corporation, is a Delaware corporation with its corporate headquarters located in Houston, Texas. Plaintiffs are informed and believe that Defendant, Parsons Corporation, is a plan sponsor and plan administrator for the Group Benefits Plan For Employees of Parsons Corporation & Designated Subsidiaries.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

566.   Plaintiffs are informed and believe that Defendant, Group Benefits Plan For Employees of Parsons Corporation & Designated Subsidiaries, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

567.   Plaintiffs are informed and believe that Defendant, Payless Shoesource, Inc., is a Missouri corporation with its corporate headquarters located in Topeka, Kansas.  Plaintiffs are informed and believe that Defendant, Payless Shoesource, Inc., is a plan sponsor and plan administrator for the Payless Shoesource, Inc. Medical Plan.

568.   Plaintiffs are informed and believe that Defendant, Payless Shoesource, Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

569.   Plaintiffs are informed and believe that Defendant, Pechiney Plastic Packaging, Inc., is a Delaware corporation with its corporate headquarters located in South Jordan, Utah.  Plaintiffs are informed and believe that Defendant, Pechiney Plastic Packaging, Inc., is a plan sponsor and plan administrator for the Alcan Salaried Welfare Benefits Program.

570.   Plaintiffs are informed and believe that Defendant, Alcan Salaried Welfare Benefits Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

571.   Plaintiffs are informed and believe that Defendant, Pentair, Inc., is a Minnesota corporation with its corporate headquarters located in Golden Valley, Minnesota.  Plaintiffs are informed and believe that Defendant, Pentair, Inc., is a plan sponsor and plan administrator for the Pentair, Inc. Active Employee Welfare Plan.

572.   Plaintiffs are informed and believe that Defendant, Pentair, Inc. Active Employee Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

573.   Plaintiffs are informed and believe that Defendant, Performance Food Group, Inc., is a Colorado corporation with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

Richmond, Virginia.  Plaintiffs are informed and believe that Defendant, Performance Food Group, Inc., is a plan sponsor and plan administrator for the Performance Food Group Inc. Employee Benefits Plan.

574.   Plaintiffs are informed and believe that Defendant, Performance Food Group Inc. Employee Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

575.   Plaintiffs are informed and believe that Defendant, Perkins & Marie Callender's, LLC, is a Delaware limited liability company with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, Perkins & Marie Callender's, LLC, is a plan sponsor and plan administrator for the Perkins Flexible Benefits Plan.

576.   Plaintiffs are informed and believe that Defendant, Perkins Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

577.   Plaintiffs are informed and believe that Defendant, Dell, Inc., is a Delaware corporation with its corporate headquarters located in Round Rock, Texas. Plaintiffs are informed and believe that Defendant, Dell, Inc., is a plan sponsor and plan administrator for the Dell, Inc. Comprehensive Health & Welfare Plan.

578.   Plaintiffs are informed and believe that Defendant, Dell, Inc. Comprehensive Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

579.   Plaintiffs are informed and believe that Defendant, Petco Animal Supplies, Inc., is a Delaware corporation with its corporate headquarters located in San Diego, California.  Plaintiffs are informed and believe that Defendant, Petco Animal Supplies, Inc., is a plan sponsor and plan administrator for the Petco Animal Supplies Inc. Group Benefit Plan and Trust.

AMENDED COMPLAINT

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

580.   Plaintiffs are informed and believe that Defendant, Petco Animal Supplies Inc. Group Benefit Plan and Trust, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

581.   Plaintiffs are informed and believe that Defendant, Peter Kiewit Sons', Inc., is a Delaware corporation with its corporate headquarters located in Omaha, Nebraska.  Plaintiffs are informed and believe that Defendant, Peter Kiewit Sons', Inc., is a plan sponsor and plan administrator for the Peter Kiewit Sons', Inc. Health and Welfare Plan.

582.   Plaintiffs are informed and believe that Defendant, Peter Kiewit Sons', Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

583.   Plaintiffs are informed and believe that Defendant, Petsmart, Inc., is a Delaware corporation with its corporate headquarters located in Phoenix, Arizona. Plaintiffs are informed and believe that Defendant, Petsmart, Inc., is a plan sponsor and plan administrator for the Petsmart Smartchoices Benefit Plan.

584.   Plaintiffs are informed and believe that Defendant, Petsmart Smartchoices Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

585.   Plaintiffs are informed and believe that Defendant, Pfizer, Inc., is a Delaware corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, Pfizer, Inc., is a plan sponsor and plan administrator for the Pfizer Medical Plan.

586.   Plaintiffs are informed and believe that Defendant, Pfizer Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

587.   Plaintiffs are informed and believe that Defendant, Pharmaceutical Product Development, LLC, is a Florida limited liability company with its corporate headquarters located in North Miami Beach, Florida.  Plaintiffs are informed and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  believe that Defendant, Pharmaceutical Product Development, LLC, is a plan sponsor
2  and plan administrator for the Pharmaceutical Product Development, LLC Welfare
3  Benefit Plan.

4  588.   Plaintiffs are informed and believe that, Defendant, Pharmaceutical
5  Product Development, LLC Welfare Benefit Plan, is an ERISA plan and a proper
6  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7  589.   Plaintiffs are informed and believe that Defendant, Plains All American
8  GP, LLC, is a Delaware limited liability company with its corporate headquarters
9  located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, Plains
10  All American GP, LLC, is a plan sponsor and plan administrator for the Plains All
11  American GP LLC Employee Health Benefit Plan.

12  590.   Plaintiffs are informed and believe that Defendant, Plains All American
13  GP LLC Employee Health Benefit Plan, is an ERISA plan and a proper defendant
14  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15  591.   Plaintiffs are informed and believe that Defendant, Platinum Home
16  Mortgage Corporation, is an Illinois corporation with its corporate headquarters
17  located in Rolling Meadows, Illinois.  Plaintiffs are informed and believe that
18  Defendant, Platinum Home Mortgage Corporation, is a plan sponsor and plan
19  administrator for the Platinum Home Mortgage Corporation.

20  592.   Plaintiffs are informed and believe that Defendant, Platinum Home
21  Mortgage Corporation, is an ERISA plan and a proper defendant pursuant to ERISA
22  § 502(d), 29 U.S.C. § 1132(d).

23  593.   Plaintiffs are informed and believe that Defendant, Playboy Enterprises
24  International, Inc., is a Delaware corporation with its corporate headquarters located
25  in Beverly Hills, California.  Plaintiffs are informed and believe that Defendant,
26  Playboy Enterprises International, Inc., is a plan sponsor and plan administrator for
27  the Playboy Health Benefit Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

594.   Plaintiffs are informed and believe that Defendant, Playboy Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

595.   Plaintiffs are informed and believe that Defendant, The Shaw Group, Inc., is a Louisiana corporation with its corporate headquarters located in Baton Rouge, Louisiana.  Plaintiffs are informed and believe that Defendant, The Shaw Group, Inc., is a plan sponsor and plan administrator for the The Shaw Group, Inc. Employee Welfare Plan.

596.   Plaintiffs are informed and believe that Defendant, The Shaw Group, Inc. Employee Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

597.   Plaintiffs are informed and believe that Defendant, PPS Holdings, Inc., is a Tennessee corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, PPS Holdings, Inc., is a plan sponsor and plan administrator for the PPS Holdings, Inc. Employee Benefit Plan.

598.   Plaintiffs are informed and believe that Defendant, PPS Holdings, Inc. Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

599.   Plaintiffs are informed and believe that Defendant, Prada USA Corp., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Prada USA Corp., is a plan sponsor and plan administrator for the Prada USA Corporation Welfare Benefit Plan.

600.   Plaintiffs are informed and believe that Defendant, Prada USA Corporation Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

601.   Plaintiffs are informed and believe that Defendant, Precyse Solutions, LLC, is a Delaware limited liability company with its corporate headquarters located

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

in King of Prussia, Pennsylvania.  Plaintiffs are informed and believe that Defendant, Precyse Solutions, LLC, is a plan sponsor and plan administrator for the Welfare Benefit Plan for Employees of Precyse Solutions LLC.

602.   Plaintiffs are informed and believe that Defendant, Welfare Benefit Plan for Employees of Precyse Solutions LLC, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

603.   Plaintiffs are informed and believe that Defendant, Prime Administration, LLC, is a Delaware limited liability company with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Prime Administration, LLC, is a plan sponsor and plan administrator for the Prime Administration LLC Consolidated Health & Welfare Plan.

604.   Plaintiffs are informed and believe that Defendant, Prime Administration LLC Consolidated Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

605.   Plaintiffs are informed and believe that Defendant, Probuild Holdings, Inc., is a Delaware corporation with its corporate headquarters located in Denver, Colorado.  Plaintiffs are informed and believe that Defendant, Probuild Holdings, Inc., is a plan sponsor and plan administrator for the Probuild Holdings, Inc. Welfare Benefit Plan.

606.   Plaintiffs are informed and believe that Defendant, Probuild Holdings, Inc. Welfare Benefit plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

607.   Plaintiffs are informed and believe that Defendant, Proctor & Gamble RHD, Inc., is an Ohio corporation with its corporate headquarters located in Cincinnati, Ohio.  Plaintiffs are informed and believe that Defendant, Proctor & Gamble RHD, Inc., is a plan sponsor and plan administrator for The Proctor & Gamble Health Care Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

608.   Plaintiffs are informed and believe that Defendant, The Proctor & Gamble Health Care Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

609.   Plaintiffs are informed and believe that Defendant, Progressive Logistics Services, LLC, is a Georgia limited liability company with its corporate headquarters located in Norcross, Georgia.  Plaintiffs are informed and believe that Defendant, Progressive Logistics Services, LLC, is a plan sponsor and plan administrator for the Progressive Logistics Services, LLC Medical & Life Insurance Benefits Plan.

610.   Plaintiffs are informed and believe that Defendant, Progressive Logistics Services, LLC Medical & Life Insurance Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

611.   Plaintiffs are informed and believe that Defendant, PSC Environmental Services, LLC, is a Delaware limited liability company with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, PSC Environmental Services, LLC, is a plan sponsor and plan administrator for the PSC, LLC Group Welfare Benefits Plan.

612.   Plaintiffs are informed and believe that Defendant, PSC, LLC Group Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

613.   Plaintiffs are informed and believe that Defendant, PSN USA Holdings, Inc., is a Texas corporation with its corporate headquarters located in Houston, Texas.  Plaintiffs are informed and believe that Defendant, PSN USA Holdings, Inc., is a plan sponsor and plan administrator for the PSN USA Holdings, Inc. Welfare Benefit Plan.

614.   Plaintiffs are informed and believe that Defendant, PSN USA Holdings, Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

615.   Plaintiffs are informed and believe that Defendant, QBE First Insurance Agency, Inc., is a California corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, QBE First Insurance Agency, Inc., is a plan sponsor and plan administrator for the QBE First Group Health and Welfare Plan.

616.   Plaintiffs are informed and believe that Defendant, QBE First Group Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

617.   Plaintiffs are informed and believe that Defendant, Quantum Corporation, is a Delaware corporation with its corporate headquarters located in San Jose, California.  Plaintiffs are informed and believe that Defendant, Quantum Corporation, is a plan sponsor and plan administrator for the Quantum Corporation Health and Welfare Plan.

618.   Plaintiffs are informed and believe that Defendant, Quantum Corporation Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

619.   Plaintiffs are informed and believe that Defendant, Rainbow USA, Inc., is a New York corporation with its corporate headquarters located in Brooklyn, New York.  Plaintiffs are informed and believe that Defendant, Rainbow USA, Inc., is a plan sponsor and plan administrator for the Rainbow USA, Inc. Medical Plan.

620.   Plaintiffs are informed and believe that Defendant, Rainbow USA, Inc. Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

621.   Plaintiffs are informed and believe that Defendant, Raytheon Company, is a Delaware corporation with its corporate headquarters located in Waltham, Massachusetts.  Plaintiffs are informed and believe that Defendant, Raytheon Company, is a plan sponsor and plan administrator for the Raytheon Health Benefits Plan.

1164009.1

622.   Plaintiffs are informed and believe that Defendant, Raytheon Health Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

623.   Plaintiffs are informed and believe that Defendant, Red Wing Shoe Company, Inc., is a Minnesota corporation with its corporate headquarters located in Minneapolis, Minnesota.  Plaintiffs are informed and believe that Defendant, Red Wing Shoe Company, Inc., is a plan sponsor and plan administrator for the Red Wing Shoe Company Health Plan.

624.   Plaintiffs are informed and believe that Defendant, Red Wing Shoe Company Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

625.   Plaintiffs are informed and believe that Defendant, Rexam, Inc., is a Delaware corporation with its corporate headquarters located in Charlotte, North Carolina.  Plaintiffs are informed and believe that Defendant, Rexam, Inc., is a plan sponsor and plan administrator for the Group Insurance Plan for Employees of Rexam, Inc.

626.   Plaintiffs are informed and believe that Defendant, Group Insurance Plan for Employees of Rexam, Inc., is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

627.   Plaintiffs are informed and believe that Defendant, Rexnord Industries, LLC, is a Delaware limited liability company with its corporate headquarters located in Milwaukee, Wisconsin.  Plaintiffs are informed and believe that Defendant, Rexnord Industries, LLC, is a plan sponsor and plan administrator for the Rexnord Welfare Plan.

628.   Plaintiffs are informed and believe that Defendant, Rexnord Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    629.   Plaintiffs are informed and believe that Defendant, Reyes Holdings,

2  LLC, is a Delaware limited liability company with its corporate headquarters located

3  in Rosemont, Illinois.  Plaintiffs are informed and believe that Defendant, Reyes

4  Holdings, LLC, is a plan sponsor and plan administrator for The Reyes Holdings

5  Flexible Benefits Plan.

6    630.   Plaintiffs are informed and believe that Defendant, The Reyes Holdings

7  Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

8  § 502(d), 29 U.S.C. § 1132(d).

9    631.   Plaintiffs are informed and believe that Defendant, Rite Aid

10  Corporation, is a Delaware corporation with its corporate headquarters located in

11  Camp Hill, Pennsylvania.  Plaintiffs are informed and believe that Defendant, Rite

12  Aid Corporation, is a plan sponsor and plan administrator for the Rite Aid

13  Corporation Health Insurance Plan.

14    632.   Plaintiffs are informed and believe that Defendant, Rite Aid Corporation

15  Health Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA

16  § 502(d), 29 U.S.C. § 1132(d).

17    633.   Plaintiffs are informed and believe that Defendant, Rural/Metro

18  Corporation, is an Arizona corporation with its corporate headquarters located in

19  Scottsdale, Arizona.  Plaintiffs are informed and believe that Defendant, Rural/Metro

20  Corporation, is a plan sponsor and plan administrator for the Rural Metro

21  Corporation Employee Benefit Plan.

22    634.   Plaintiffs are informed and believe that Defendant, Rural Metro

23  Corporation Employee Benefit Plan, is an ERISA plan and a proper defendant

24  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25    635.   Plaintiffs are informed and believe that Defendant, Rush Truck Centers

26  of California, Inc., is a Delaware corporation with its corporate headquarters located

27  in Pico Rivera, California.  Plaintiffs are informed and believe that Defendant, Rush

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1  Truck Centers of California, Inc., is a plan sponsor and plan administrator for the

2  Rush Enterprises Medical Plan.

3      636.   Plaintiffs are informed and believe that Defendant, Rush Enterprises

4  Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

5  29 U.S.C. § 1132(d).

6      637.   Plaintiffs are informed and believe that Defendant, Ryder Services

7  Corporation, is a Florida corporation with its corporate headquarters located in

8  Miami, Florida.  Plaintiffs are informed and believe that Defendant, Ryder Services

9  Corporation, is a plan sponsor and plan administrator for the Ryder System, Inc.

10  Flexible Benefits Plan.

11      638.   Plaintiffs are informed and believe that Defendant, Ryder System, Inc.

12  Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

13  § 502(d), 29 U.S.C. § 1132(d).

14      639.   Plaintiffs are informed and believe that Defendant, S & A Computer

15  Services, Inc., is a Georgia corporation with its corporate headquarters located in

16  Roswell, Georgia.  Plaintiffs are informed and believe that Defendant, S & A

17  Computer Services, Inc., is a plan sponsor and plan administrator for the S and A

18  Computer Services Welfare Benefit Plan.

19      640.   Plaintiffs are informed and believe that Defendant, S and A Computer

20  Services Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to

21  ERISA § 502(d), 29 U.S.C. § 1132(d).

22      641.   Plaintiffs are informed and believe that Defendant, Saddle Creek

23  Corporation, is a Florida corporation with its corporate headquarters located in

24  Lakeland, Florida.  Plaintiffs are informed and believe that Defendant, Saddle Creek

25  Corporation, is a plan sponsor and plan administrator for the Saddle Creek Corp.

26  Group Insurance and Flexible Benefit Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

642.    Plaintiffs are informed and believe that Defendant, Saddle Creek Corp. Group Insurance and Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

643.    Plaintiffs are informed and believe that Defendant, Safran USA, Inc., is a Delaware corporation with its corporate headquarters located in Grand Prairie, Texas.  Plaintiffs are informed and believe that Defendant, Safran USA, Inc., is a plan sponsor and plan administrator for the Safran USA, Inc. Cafeteria Plan.

644.    Plaintiffs are informed and believe that Defendant, Safran USA, Inc. Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

645.    Plaintiffs are informed and believe that Defendant, Saia Motor Freight Line, LLC, is a Louisiana limited liability company with its corporate headquarters located in Johns Creek, Georgia.  Plaintiffs are informed and believe that Defendant, Saia Motor Freight Line, LLC, is a plan sponsor and plan administrator for the Saia Motor Freight Line LLC Employee Preferred Provider Plan.

646.    Plaintiffs are informed and believe that Defendant, Saia Motor Freight Line LLC Employee Preferred Provider Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

647.    Plaintiffs are informed and believe that Defendant, Sally Beauty Holdings, Inc., is a Delaware corporation with its corporate headquarters located in Denton, Texas.  Plaintiffs are informed and believe that Defendant, Sally Beauty Holdings, Inc., is a plan sponsor and plan administrator for the Sally Beauty Holdings Inc. Health and Welfare Plan.

648.    Plaintiffs are informed and believe that Defendant, Sally Beauty Holdings Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

649.    Plaintiffs are informed and believe that Defendant, Santander Consumer USA, Inc., is an Illinois corporation with its corporate headquarters located in North

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Richland Hills, Texas.  Plaintiffs are informed and believe that Defendant Santander Consumer USA, Inc., is a plan sponsor and plan administrator for the Santander Consumer USA Inc. Welfare Benefit Plan.

650.   Plaintiffs are informed and believe that Defendant, Santander Consumer USA Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

651.   Plaintiffs are informed and believe that Defendant, Schneider National, Inc., is a Wisconsin corporation with its corporate headquarters located in Green Bay, Wisconsin.  Plaintiffs are informed and believe that Defendant, Schneider National, Inc., is a plan sponsor and plan administrator for the Schneider National, Inc. Flexible Benefits Plan.

652.   Plaintiffs are informed and believe that Defendant, Schneider National, Inc. Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

653.   Plaintiffs are informed and believe that Defendant, Seasons Hospice & Palliative Care of California, Inc., is a California corporation with its corporate headquarters located in Rosemont, Illinois.  Plaintiffs are informed and believe that Defendant, Seasons Hospice & Palliative Care of California, Inc., is a plan sponsor and plan administrator for the Seasons Hospice Flexible Benefit Plan.

654.   Plaintiffs are informed and believe that Defendant, Seasons Hospice Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

655.   Plaintiffs are informed and believe that Defendant, Sedgwick Claims Management Services, Inc., is an Illinois corporation with its corporate headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that Defendant, Sedgwick Claims Management Services, Inc., is a plan sponsor and plan administrator for the Sedgwick Claims Management Services, Inc. Welfare Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1    656.   Plaintiffs are informed and believe that Defendant, Sedgwick Claims

2  Management Services, Inc. Welfare Benefit Plan, is an ERISA plan and a proper

3  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

4    657.   Plaintiffs are informed and believe that Defendant, Select Specialized

5  Staffing, Inc., is a California corporation with its corporate headquarters located in

6  Santa Barbara, California.  Plaintiffs are informed and believe that Defendant, Select

7  Specialized Staffing, Inc., is a plan sponsor and plan administrator for the Select

8  Staffing – Flexible Benefits Plan.

9    658.   Plaintiffs are informed and believe that Defendants Select Staffing –

10  Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA

11  § 502(d), 29 U.S.C. § 1132(d).

12    659.   Plaintiffs are informed and believe that Defendant, Shell Oil Company,

13  is a Delaware corporation with its corporate headquarters located in Houston, Texas.

14  Plaintiffs are informed and believe that Defendant, Shell Oil Company, is a plan

15  sponsor and plan administrator for the Shell Oil Company Comprehensive Welfare

16  Benefits Plan.

17    660.   Plaintiffs are informed and believe that Defendant, Shell Oil Company

18  Comprehensive Welfare Benefits Plan, is an ERISA plan and a proper defendant

19  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

20    661.   Plaintiffs are informed and believe that Defendant, Siemens

21  Corporation, is a Delaware corporation with its corporate headquarters located in

22  Orlando, Florida.  Plaintiffs are informed and believe that Defendant, Siemens

23  Corporation, is a plan sponsor and plan administrator for the Siemens Corporation

24  Group Life, Medical, Dental, Vision, Hearing and Long Term Disability Income

25  Plan.

26    662.   Plaintiffs are informed and believe that Defendant, Siemens Corporation

27  Group Life, Medical, Dental, Vision, Hearing and Long term Disability Income Plan,

28

1  is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

2  § 1132(d).

3  663.   Plaintiffs are informed and believe that Defendant, Silverado Senior

4  Living Holdings, Inc., is a Delaware corporation with its corporate headquarters

5  located in Irvine, California.  Plaintiffs are informed and believe that Defendant,

6  Silverado Senior Living Holdings, Inc., is a plan sponsor and plan administrator for

7  the Silverado Senior Living Holdings, Inc. Welfare Benefits Plan.

8  664.   Plaintiffs are informed and believe that Defendant, Silverado Senior

9  Living Holdings, Inc. Welfare Benefits Plan, is an ERISA plan and a proper

10  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

11  665.   Plaintiffs are informed and believe that Defendant, Skywest Airlines,

12  Inc., is a Utah corporation with its corporate headquarters located in St. George,

13  Utah.  Plaintiffs are informed and believe that Defendant, Skywest Airlines, Inc., is a

14  plan sponsor and plan administrator for the Skywest, Inc. Cafeteria Plan.

15  666.   Plaintiffs are informed and believe that Defendant, Skywest, Inc.

16  Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA

17  § 502(d), 29 U.S.C. § 1132(d).

18  667.   Plaintiffs are informed and believe that Defendant, Sleep Innovations,

19  Inc., is a New Jersey corporation with its corporate headquarters located in West

20  Long Branch, New Jersey.  Plaintiffs are informed and believe that Defendant, Sleep

21  Innovations, Inc., is a plan sponsor and plan administrator for the Sleep Innovations,

22  Inc. Welfare Benefit Plan.

23  668.   Plaintiffs are informed and believe that Defendant, Sleep Innovations,

24  Inc. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to

25  ERISA § 502(d), 29 U.S.C. § 1132(d).

26  669.   Plaintiffs are informed and believe that Defendant, Smurfit Kappa

27  Orange County, LLC, is a Delaware limited liability company, f/k/a Orange County

28  Container Group, LLC, with its corporate headquarters located in City of Industry,

California.  Plaintiffs are informed and believe that Defendant, Smurfit Kappa Orange County, LLC, is a plan sponsor and plan administrator for the Orange County Containers Group Medical Plan.

670.   Plaintiffs are informed and believe that Defendant, Orange County Containers Group Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

671.   Plaintiffs are informed and believe that Defendant, Sodexo, Inc., is a Delaware corporation with its corporate headquarters located in Washington, D.C. Plaintiffs are informed and believe that Defendant, Sodexo, Inc., is a plan sponsor and plan administrator for the Sodexo, Inc. Medical Benefits Plan.

672.   Plaintiffs are informed and believe that Defendant, Sodexo, Inc. Medical Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

673.   Plaintiffs are informed and believe that Defendant, SourceHov, LLC, is a Delaware limited liability company with its corporate headquarters located in Dallas, Texas.  Plaintiffs are informed and believe that Defendant, SourceHov, LLC, is a plan sponsor and plan administrator for the SourceHov, LLC Health and Welfare Benefit Plan.

674.   Plaintiffs are informed and believe that Defendant, SourceHov, LLC Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

675.   Plaintiffs are informed and believe that Defendant, Southwest Airlines Co., is a Texas corporation with its corporate headquarters located in Dallas, Texas. Plaintiffs are informed and believe that Defendant, Southwest Airlines Co., is a plan sponsor and plan administrator for the Southwest Airlines Co. Welfare Benefit Plan.

676.   Plaintiffs are informed and believe that Defendant, Southwest Airlines Co. Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

144

677.   Plaintiffs are informed and believe that Defendant, Southwest Gas Corporation, is a California corporation with its corporate headquarters located in Las Vegas, Nevada.  Plaintiffs are informed and believe that Defendant, Southwest Gas Corporation, is a plan sponsor and plan administrator for the Southwest Gas Corporation Life Insurance & Health Plan.

678.   Plaintiffs are informed and believe that Defendant, Southwest Gas Corporation Life Insurance & Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

679.   Plaintiffs are informed and believe that Defendant, Station Casinos LLC, is a Nevada limited liability company with its corporate headquarters located in Las Vegas, Nevada.  Plaintiffs are informed and believe that Defendant, Station Casinos, LLC, is a plan sponsor and plan administrator for the Station Casinos, LLC Employee Benefit Plan.

680.   Plaintiffs are informed and believe that Defendant, Station Casinos, LLC Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

681.   Plaintiffs are informed and believe that Defendant, Stein Mart, Inc., is a Florida corporation with its corporate headquarters located in Jacksonville, Florida. Plaintiffs are informed and believe that Defendant, Stein Mart, Inc., is a plan sponsor and plan administrator for the Stein Mart, Inc. & Subsidiaries Health Benefit Plan.

682.   Plaintiffs are informed and believe that Defendant, Stein Mart, Inc. & Subsidiaries Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

683.   Plaintiffs are informed and believe that Defendant, Stryker Corporation, is a Michigan corporation with its corporate headquarters located in Kalamazoo, Michigan.  Plaintiffs are informed and believe that Defendant, Stryker Corporation, is a plan sponsor and plan administrator for the Stryker Corporation Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

684. Plaintiffs are informed and believe that Defendant, Stryker Corporation Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

685. Plaintiffs are informed and believe that Defendant, Sunburst Hospitality Corporation, is a Delaware corporation with its corporate headquarters located in Wilmington, District of Columbia. Plaintiffs are informed and believe that Defendant, Sunburst Hospitality Corporation, is a plan sponsor and plan administrator for the Sunburst Hospitality Corporation Employee Welfare Plan.

686. Plaintiffs are informed and believe that Defendant, Sunburst Hospitality Corporation Employee Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

687. Plaintiffs are informed and believe that Defendant, Sunstate Equipment Co., LLC, is a Delaware limited liability company with its corporate headquarters located in Phoenix, Arizona. Plaintiffs are informed and believe that Defendant, Sunstate Equipment Co., LLC, is a plan sponsor and plan administrator for the Sunstate Equipment Co., LLC Employee Benefit Plan.

688. Plaintiffs are informed and believe that Defendant, Sunstate Equipment Co., LLC Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

689. Plaintiffs are informed and believe that Defendant, Systems Application & Technologies, Inc., is a Delaware corporation with its corporate headquarters located in Largo, Maryland. Plaintiffs are informed and believe that Defendant, Systems Application & Technologies, Inc., is a plan sponsor and plan administrator for the Systems Application and Technologies, Inc. Health and Welfare Plan.

690. Plaintiffs are informed and believe that Defendant, Systems Application and Technologies, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

691.   Plaintiffs are informed and believe that Defendant, Target Corporation, is a Minnesota corporation with its corporate headquarters located in Minneapolis, Minnesota.  Plaintiffs are informed and believe that Defendant, Target Corporation, is a plan sponsor and plan administrator for the Target Corporation Employee Umbrella Trusteed Benefit Plan.

692.   Plaintiffs are informed and believe that Defendant, Target Corporation Employee Umbrella Trusteed Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

693.   Plaintiffs are informed and believe that Defendant, Tech Data Corporation, is a Florida corporation with its corporate headquarters located in Clearwater, Florida.  Plaintiffs are informed and believe that Defendant, Tech Data Corporation, is a plan sponsor and plan administrator for the Tech Data Corporation Employee Welfare Benefits Plan.

694.   Plaintiffs are informed and believe that Defendant, Tech Data Corporation Employee Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

695.   Plaintiffs are informed and believe that Defendant, Telaid Industries, Inc., is a Connecticut corporation with its corporate headquarters located in Niantic, Connecticut.  Plaintiffs are informed and believe that Defendant, Telaid Industries, Inc., is a plan sponsor and plan administrator for the Telaid Group Health Plan.

696.   Plaintiffs are informed and believe that Defendant, Telaid Group Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

697.   Plaintiffs are informed and believe that Defendant, TestAmerica Laboratories, Inc., is a Delaware corporation with offices in North Canton, Ohio. Plaintiffs are informed and believe that Defendant, TestAmerica Laboratories, Inc., is a plan sponsor and plan administrator for the TestAmerica Employee Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

698.   Plaintiffs are informed and believe that Defendant, TestAmerica Employee Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

699.   Plaintiffs are informed and believe that Defendant, Textron, Inc., is a Delaware corporation with its corporate headquarters located in Providence, Rhode Island.  Plaintiffs are informed and believe that Defendant, Textron, Inc., is a plan sponsor and plan administrator for the Textron Bargained Insured Benefits Plan.

700.   Plaintiffs are informed and believe that Defendant, Textron Bargained Insured Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

701.   Plaintiffs are informed and believe that Defendant, TGI Friday's, Inc., is a New York corporation with its corporate headquarters located in Carrollton, Texas. Plaintiffs are informed and believe that Defendant, TGI Friday's, Inc., is a plan sponsor.

702.   Plaintiffs are informed and believe that Defendant, The Arora Group, Inc., is a Maryland corporation with its corporate headquarters located in Gaithersburg, Maryland.  Plaintiffs are informed and believe that Defendant, The Arora Group, Inc., is a plan sponsor and plan administrator for the The Arora Group, Inc. Medical and Prescription Drug Plan.

703.   Plaintiffs are informed and believe that Defendant, The Arora Group, Inc. Medical and Prescription Drug Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

704.   Plaintiffs are informed and believe that Defendant, The Boeing Company, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.  Plaintiffs are informed and believe that Defendant, The Boeing Company, is a plan sponsor and plan administrator for the Boeing North American Employee Health Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

705.   Plaintiffs are informed and believe that Defendant, Boeing North American Employee Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

706.   Plaintiffs are informed and believe that Defendant, The Children's Place Retail Stores, Inc., is a Delaware corporation with its corporate headquarters located in Secaucus, New Jersey.  Plaintiffs are informed and believe that Defendant, The Children's Place Retail Stores, Inc., is a plan sponsor and plan administrator for The Children's Place Health Care, Short Term Disability & Life Insurance Plan.

707.   Plaintiffs are informed and believe that Defendant, The Children's Place Health Care, Short Term Disability & Life Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

708.   Plaintiffs are informed and believe that Defendant, The Clorox Company, is a Delaware corporation with its corporate headquarters located in Oakland, California.  Plaintiffs are informed and believe that Defendant, The Clorox Company, is a plan sponsor and plan administrator for the The Clorox Company Group Insurance Plan.

709.   Plaintiffs are informed and believe that Defendant, The Clorox Company Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

710.   Plaintiffs are informed and believe that Defendant, The Coca-Cola Company, is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant, The Coca-Cola Company, is a plan sponsor and plan administrator for The Coca-Cola Company Health and Welfare Benefits Plan.

711.   Plaintiffs are informed and believe that Defendant, The Coca-Cola Company Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

712.   Plaintiffs are informed and believe that Defendant, The Guardian Life Insurance Company of America, is a New York corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, The Guardian Life Insurance Company of America, is a plan sponsor and plan administrator for The Guardian High Deductible Health Plan Through UnitedHealthcare Home Office.

713.   Plaintiffs are informed and believe that Defendant, The Guardian High Deductible Health Plan Through UnitedHealthcare Home Office, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

714.   Plaintiffs are informed and believe that Defendant, The Hain Celestial Group, Inc., is a Delaware corporation with its corporate headquarters located in Lake Success, New York.  Plaintiffs are informed and believe that Defendant, The Hain Celestial Group, Inc., is a plan sponsor and plan administrator for the The Hain Celestial Group, Inc. Benefits Plan.

715.   Plaintiffs are informed and believe that Defendant, The Hain Celestial Group, Inc. Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

716.   Plaintiffs are informed and believe that Defendant, The Hertz Corporation, is a Delaware corporation with its corporate headquarters located in Park Ridge, New Jersey.  Plaintiffs are informed and believe that Defendant, The Hertz Corporation, is a plan sponsor and plan administrator for the Hertz Custom Benefit Program.

717.   Plaintiffs are informed and believe that Defendant, Hertz Custom Benefit Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

718.   Plaintiffs are informed and believe that Defendant, The Interpublic Group of Companies, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

1164009.1

1 | The Interpublic Group of Companies, Inc., is a plan sponsor and plan administrator
2 | for The Interpublic Group of Companies, Inc. Health and Welfare Plan.

3 |     719.   Plaintiffs are informed and believe that Defendant, The Interpublic
4 | Group of Companies, Inc. Health and Welfare Plan, is an ERISA plan and a proper
5 | defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6 |     720.   Plaintiffs are informed and believe that Defendant, The McGraw-Hill
7 | Financial, Inc., is a New York corporation, f/k/a The McGraw-Hill Companies, Inc.,
8 | with its corporate headquarters located in New York, New York.  Plaintiffs are
9 | informed and believe that Defendant, The McGraw-Hill Financial, Inc., is a plan
10 | sponsor and plan administrator for The McGraw-Hill Companies, Inc. Group Health
11 | Plan.

12 |     721.   Plaintiffs are informed and believe that Defendant, The McGraw-Hill
13 | Companies, Inc. Group Health Plan, is an ERISA plan and a proper defendant
14 | pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15 |     722.   Plaintiffs are informed and believe that Defendant, The ServiceMaster
16 | Company, LLC, is a Delaware limited liability company with its corporate
17 | headquarters located in Memphis, Tennessee.  Plaintiffs are informed and believe that
18 | Defendant, The ServiceMaster Company, LLC, is a plan sponsor and plan
19 | administrator for the The Servicemaster Health & Welfare Benefits Plan.

20 |     723.   Plaintiffs are informed and believe that Defendant, The ServiceMaster
21 | Health & Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant
22 | to ERISA § 502(d), 29 U.S.C. § 1132(d).

23 |     724.   Plaintiffs are informed and believe that Defendant, The Steritech Group,
24 | Inc., is a Georgia corporation with its corporate headquarters located in Charlotte,
25 | North Carolina.  Plaintiffs are informed and believe that Defendant, The Steritech
26 | Group, Inc., is a plan sponsor and plan administrator for The Steritech Group, Inc.
27 | Cafeteria Plan.

28 |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

725. Plaintiffs are informed and believe that Defendant, The Steritech Group, Inc. Cafeteria Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

726. Plaintiffs are informed and believe that Defendant, The Travelers Companies, Inc., is a Minnesota corporation with its corporate headquarters located in St. Paul, Minnesota.  Plaintiffs are informed and believe that Defendant, The Travelers Companies, Inc., is a plan sponsor and plan administrator for The Travelers Trusteed Employee Benefit Plan and The Travelers Non-Trusteed Employee Benefit Plan.

727. Plaintiffs are informed and believe that Defendant, The Travelers Trusteed Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

728. Plaintiffs are informed and believe that Defendant, The Travelers Non-Trusteed Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

729. Plaintiffs are informed and believe that Defendant, The Turner Corporation, is a New York corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, The Turner Corporation, is a plan sponsor and plan administrator for the The Turner Corporation Welfare Benefits Plan.

730. Plaintiffs are informed and believe that Defendant, The Turner Corporation Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

731. Plaintiffs are informed and believe that Defendant, Thermo Fisher Scientific, Inc., is a Delaware corporation with its corporate headquarters located in Waltham, Massachusetts.  Plaintiffs are informed and believe that Defendant, Thermo Fisher Scientific, Inc., is a plan sponsor and plan administrator for the Thermo Fisher Scientific Inc. Group Insurance Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

152

732.   Plaintiffs are informed and believe that Defendant, Thermo Fisher Scientific Inc. Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

733.   Plaintiffs are informed and believe that Defendant, Time Warner Cable, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Time Warner Cable, Inc., is a plan sponsor and plan administrator for the Time Warner Cable Benefits Plan.

734.   Plaintiffs are informed and believe that Defendant, Time Warner Cable Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

735.   Plaintiffs are informed and believe that Defendant, Tire Centers, LLC, is a California limited liability company with its corporate headquarters located in Duncan, South Carolina.  Plaintiffs are informed and believe that Defendant, Tire Centers, LLC, is a plan sponsor and plan administrator for the Tire Centers, LLC Employee Benefit Plan.

736.   Plaintiffs are informed and believe that Defendant, Tire Centers, LLC Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

737.   Plaintiffs are informed and believe that Defendant, T-Mobile USA, Inc., is a Delaware corporation with its corporate headquarters located in Bellevue, Washington.  Plaintiffs are informed and believe that Defendant, T-Mobile USA, Inc., is a plan sponsor and plan administrator for the T-Mobile USA, Inc. Employee Benefit Plan.

738.   Plaintiffs are informed and believe that Defendant, T-Mobile USA, Inc. Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

739.   Plaintiffs are informed and believe that Defendant, Toshiba America, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Toshiba America, Inc., is a plan sponsor and plan administrator for the Toshiba America Inc. Group Welfare Benefit Plan.

740.   Plaintiffs are informed and believe that Defendant, Toshiba America Inc. Group Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

741.   Plaintiffs are informed and believe that Defendant, Towers Watson & Co., is a Delaware corporation with its corporate headquarters located in Arlington, Virginia.  Plaintiffs are informed and believe that Defendant, Towers Watson & Co., is a plan sponsor and plan administrator for the Towers Watson Medical Plan.

742.   Plaintiffs are informed and believe that Defendant, Towers Watson Medical Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

743.   Plaintiffs are informed and believe that Defendant, Tribune Company, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois. Plaintiffs are informed and believe that Defendant, Tribune Company, is a plan sponsor and plan administrator for the Tribune Company Benefit Program.

744.   Plaintiffs are informed and believe that Defendant, Tribune Company Benefit Program, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

745.   Plaintiffs are informed and believe that Defendant, Trinet HR Corporation, is a California corporation,  f/k/a Gevity HR, Inc., with its corporate headquarters located in San Leandro, California.  Plaintiffs are informed and believe that Defendant, Trinet HR Corporation, is a plan sponsor and plan administrator for the Trinet Employee Benefit Insurance Plan.

746.   Plaintiffs are informed and believe that Defendant, Trinet Employee Benefit Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

747.   Plaintiffs are informed and believe that Defendant, TTX Company, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois. Plaintiffs are informed and believe that Defendant, TTX Company, is a plan sponsor and plan administrator for the TTX Company Group and Health Plan.

748.   Plaintiffs are informed and believe that Defendant, TTX Company Group and Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

749.   Plaintiffs are informed and believe that Defendant, Tucker Ellis, LLP, is a Delaware limited liability partnership with its corporate headquarters located in Cleveland, Ohio.  Plaintiffs are informed and believe that Defendant, Tucker Ellis, LLP, is a plan sponsor and plan administrator for the Tucker Ellis & West LLP Welfare Benefit Plan.

750.   Plaintiffs are informed and believe that Defendant, Tucker Ellis & West LLP Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

751.   Plaintiffs are informed and believe that Defendant, Union Bank, N.A., is a California corporation with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Union Bank, N.A., is a plan sponsor and plan administrator for the Union Bank Health Benefit Plan.

752.   Plaintiffs are informed and believe that Defendant, Union Bank Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

753.   Plaintiffs are informed and believe that Defendant, Union Pacific Railroad Company, is a Delaware corporation with its corporate headquarters located in Omaha, Nebraska.  Plaintiffs are informed and believe that Defendant, Union

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1164009.1

Pacific Railroad Company, is a plan sponsor and plan administrator for Union Pacific Railroad Employees Health Systems.

754.   Plaintiffs are informed and believe that Defendant, Union Pacific Railroad Employees Health Systems, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

755.   Plaintiffs are informed and believe that Defendant, United Airlines, Inc., is a Delaware corporation with its corporate headquarters located in Chicago, Illinois. Plaintiffs are informed and believe that Defendant, United Airlines, Inc., is a plan sponsor and plan administrator for the United Airlines Consolidated Welfare Benefit Plan.

756.   Plaintiffs are informed and believe that Defendant, United Airlines Consolidated Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

757.   Plaintiffs are informed and believe that Defendant, UnitedHealth Group Employee Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

758.   Plaintiffs are informed and believe that Defendant, Univision Communications, Inc., is a Delaware corporation with its corporate headquarters located in Teaneck, New Jersey.  Plaintiffs are informed and believe that Defendant, Univision Communications, Inc., is a plan sponsor and plan administrator for the Univision Welfare Benefits Plan.

759.   Plaintiffs are informed and believe that Defendant, Univision Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

760.   Plaintiffs are informed and believe that Defendant, UPM Raflatac, Inc., is a North Carolina corporation with its corporate headquarters located in Fletcher, North Carolina.  Plaintiffs are informed and believe that Defendant, UPM Raflatac,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1    Inc., is a plan sponsor and plan administrator for the UPM-Raflatac, Inc. Health and

2    Welfare Benefit Plan.

3         761.   Plaintiffs are informed and believe that Defendant, UPM-Raflatac, Inc.

4    Health and Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant

5    to ERISA § 502(d), 29 U.S.C. § 1132(d).

6         762.   Plaintiffs are informed and believe that Defendant, Urban Decay

7    Cosmetics, LLC, is a Delaware limited liability company with its headquarters

8    located in Newport Beach, California.  Plaintiffs are informed and believe that

9    Defendant, Urban Decay Cosmetics, LLC, is a plan sponsor and plan administrator

10   for the Urban Decay Cosmetics Health and Welfare Plan.

11        763.   Plaintiffs are informed and believe that Defendant, Urban Decay

12   Cosmetics Health and Welfare Plan, is an ERISA plan and a proper defendant

13   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14        764.   Plaintiffs are informed and believe that Defendant, U.S. Auto Parts

15   Network, Inc., is a Delaware corporation with its corporate headquarters located in

16   Carson, California. Plaintiffs are informed and believe that Defendant, U.S. Auto

17   Parts Network, Inc., is a plan sponsor and plan administrator for the US Auto Parts

18   Network Inc. Health and Welfare Benefit Plan.

19        765.   Plaintiffs are informed and believe that Defendant, US Auto Parts

20   Network Inc. Health and Welfare Benefit Plan, is an ERISA plan and a proper

21   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22        766.   Plaintiffs are informed and believe that Defendant, US Airways Group,

23   Inc., is a Delaware corporation with its corporate headquarters located in Tempe,

24   Arizona.  Plaintiffs are informed and believe that Defendant, US Airways Group,

25   Inc., is a plan sponsor and plan administrator for the US Airways, Inc. Health Benefit

26   Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   767.   Plaintiffs are informed and believe that Defendant, US Airways, Inc.
2   Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA
3   § 502(d), 29 U.S.C. § 1132(d).

4   768.   Plaintiffs are informed and believe that Defendant, U.S. Logistics, Inc.,
5   is an Oklahoma corporation with its corporate headquarters located in Lawrenceville,
6   New Jersey.  Plaintiffs are informed and believe that Defendant, U.S. Logistics, Inc.,
7   is a plan sponsor and plan administrator for the U.S. Logistics, Inc. Health and
8   Dental.

9   769.   Plaintiffs are informed and believe that Defendant, U.S. Logistics, Inc.
10  Health and Dental, is an ERISA plan and a proper defendant pursuant to ERISA
11  § 502(d), 29 U.S.C. § 1132(d).

12  770.   Plaintiffs are informed and believe that Defendant, U.S. Nursing
13  Corporation, is a Colorado corporation with its corporate headquarters located in
14  Greenwood Village, Colorado.  Plaintiffs are informed and believe that Defendant,
15  U.S. Nursing Corporation, is a plan sponsor and plan administrator for the US
16  Nursing Corp. Employee Benefit Plan.

17  771.   Plaintiffs are informed and believe that Defendant, US Nursing Corp.
18  Employee Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA
19  § 502(d), 29 U.S.C. § 1132(d).

20  772.   Plaintiffs are informed and believe that Defendant, USA Truck, Inc., is a
21  Delaware corporation with its corporate headquarters located in Van Buren,
22  Arkansas.  Plaintiffs are informed and believe that Defendant, USA Truck, Inc., is a
23  plan sponsor and plan administrator for the USA Truck Inc. Welfare Benefit Plan.

24  773.   Plaintiffs are informed and believe that Defendant, USA Truck Inc.
25  Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA
26  § 502(d), 29 U.S.C. § 1132(d).

27  774.   Plaintiffs are informed and believe that Defendant, UTI Services, Inc., is
28  a California corporation with its corporate headquarters located in Long Beach,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

California.  Plaintiffs are informed and believe that Defendant, UTI Services, Inc., is a plan sponsor and plan administrator for the UTI Services, Inc. Welfare Benefits Plan.

775.   Plaintiffs are informed and believe that Defendant, UTI Services, Inc. Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

776.   Plaintiffs are informed and believe that Defendant, Valeant Pharmaceuticals International, is a Delaware corporation with its corporate headquarters located in Bridgewater, New Jersey.  Plaintiffs are informed and believe that Defendant, Valeant Pharmaceuticals International, is a plan sponsor and plan administrator for the Valeant Pharmaceuticals International Group Welfare Plan.

777.   Plaintiffs are informed and believe that Defendant, Valeant Pharmaceuticals International Group Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

778.   Plaintiffs are informed and believe that Defendant, Velocity Express, LLC, is a Delaware limited liability company with its corporate headquarters located in Westport, Connecticut.  Plaintiffs are informed and believe that Defendant, Velocity Express, LLC, is a plan sponsor and plan administrator for the Velocity Express, LLC Flexible Benefits Plan.

779.   Plaintiffs are informed and believe that Defendant, Velocity Express, LLC Flexible Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

780.   Plaintiffs are informed and believe that Defendant, Veolia Environmental Services North America, LLC, is a Delaware limited liability company with its corporate headquarters located in Madison, Wisconsin.  Plaintiffs are informed and believe that Defendant, Veolia Environmental Services North America, LLC, is a plan sponsor and plan administrator for the Veolia Environmental Services North America Corp. Employee Health Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

781.   Plaintiffs are informed and believe that Defendant, Veolia Environmental Services North America Corp. Employee Health Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

782.   Plaintiffs are informed and believe that Defendant, Verizon Communications, Inc., is a Delaware corporation with its corporate headquarters located in Basking Ridge, New Jersey.  Plaintiffs are informed and believe that Defendant, Verizon Communications, Inc., is a plan sponsor and plan administrator for the Verizon Plan 550.

783.   Plaintiffs are informed and believe that Defendant, Verizon Plan 550, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

784.   Plaintiffs are informed and believe that Defendant, Via Technologies, Inc., is a California corporation with its corporate headquarters located in Fremont, California.  Plaintiffs are informed and believe that Defendant, Via Technologies, Inc., is a plan sponsor and plan administrator for the Via Technologies, Inc. Health and Welfare Plan.

785.   Plaintiffs are informed and believe that Defendant, Via Technologies, Inc. Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

786.   Plaintiffs are informed and believe that Defendant, Viacom, Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Viacom, Inc., is the plan sponsor and plan administrator for the Viacom Health and Welfare Plan.

787.   Plaintiffs are informed and believe that Defendant, Viacom Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

788.   Plaintiffs are informed and believe that Defendant, Volt Information Sciences, Inc., is a New York corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Volt Information Sciences, Inc., is a plan sponsor and plan administrator for the Volt Information Sciences, Inc. and Affiliates Employee Welfare Benefits Plan.

789.   Plaintiffs are informed and believe that Defendant, Volt Information Sciences, Inc. and Affiliates Employee Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

790.   Plaintiffs are informed and believe that Defendant, Vulcan Materials Company, is a New Jersey corporation with its corporate headquarters located in Birmingham, Alabama.  Plaintiffs are informed and believe that Defendant, Vulcan Materials Company, is a plan sponsor and plan administrator for the Health & Welfare Benefit Plans of Vulcan Materials Company.

791.   Plaintiffs are informed and believe that Defendant, Health & Welfare Benefit Plans of Vulcan Materials Company, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

792.   Plaintiffs are informed and believe that Defendant, W.W. Grainger, Inc., is an Illinois corporation with its corporate headquarters located in Lake Forest, Illinois.  Plaintiffs are informed and believe that Defendant, W.W. Grainger, Inc., is a plan sponsor and plan administrator for the W.W. Grainger Inc. Group Benefit Plan I and W.W. Grainger Inc. Group Benefit Plan II.

793.   Plaintiffs are informed and believe that Defendant, W.W. Grainger Inc. Group Benefit Plan I, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

794.   Plaintiffs are informed and believe that Defendant, W.W. Grainger Inc. Group Benefit Plan II, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

795.   Plaintiffs are informed and believe that Defendant, Wachovia Financial Services, Inc., is a Delaware corporation with its corporate headquarters located in Wilmington, Delaware.  Plaintiffs are informed and believe that Defendant, Wachovia Financial Services, Inc., is a plan sponsor and plan administrator for the Wachovia Corporation Health and Welfare Plan.

796.   Plaintiffs are informed and believe that Defendant, Wachovia Corporation Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

797.   Plaintiffs are informed and believe that Defendant, Wal-Mart Stores, Inc., is a Delaware corporation with its corporate headquarters located in Bentonville, Arkansas.  Plaintiffs are informed and believe that Defendant, Wal-Mart Stores, Inc., is a plan sponsor and plan administrator for the Wal-Mart Stores, Inc. Associates Health and Welfare Plan.

798.   Plaintiffs are informed and believe that Defendant, Wal-Mart Stores, Inc. Associates Health and Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

799.   Plaintiffs are informed and believe that Defendant, Wells Fargo & Company, is a Delaware corporation with its corporate headquarters located in San Francisco, California.  Plaintiffs are informed and believe that Defendant, Wells Fargo & Company, is a plan sponsor and plan administrator for the Wells Fargo & Co. Health Plan.

800.   Plaintiffs are informed and believe that Defendant, Wells Fargo & Co. Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

801.   Plaintiffs are informed and believe that Defendant, We're Ready To Assemble, Inc., a Texas corporation, formerly known as National Product Services, Inc., currently doing business as Impact Resource Group, with its corporate headquarters located in Irving, Texas.  Plaintiffs are informed and believe that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

AMENDED COMPLAINT

1164009.1

1   Defendant, We're Ready to Assemble, Inc., is a plan sponsor and plan administrator

2   for the We're Ready To Assemble dba Impact Resource Group Benefit Plan.

3   802.   Plaintiffs are informed and believe that Defendant, We're Ready To

4   Assemble dba Impact Resource Group Benefit Plan, is an ERISA plan and a proper

5   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6   803.   Plaintiffs are informed and believe that Defendant, Westways Staffing

7   Services, Inc., is a California corporation with its corporate headquarters located in

8   Corona del Mar, California.  Plaintiffs are informed and believe that Defendant,

9   Westways Staffing Services, Inc., is a plan sponsor and plan administrator for the

10  Westways Staffing Services Health Plan.

11  804.   Plaintiffs are informed and believe that Defendant, Westways Staffing

12  Services Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA

13  § 502(d), 29 U.S.C. § 1132(d).

14  805.   Plaintiffs are informed and believe that Defendant, Whirlpool

15  Corporation, is a Delaware corporation with its corporate headquarters located in

16  Benton Harbor, Michigan.  Plaintiffs are informed and believe that Defendant,

17  Whirlpool Corporation, is a plan sponsor and plan administrator for the Whirlpool

18  Corporation Group Benefit Plan.

19  806.   Plaintiffs are informed and believe that Defendant, Whirlpool

20  Corporation Group Benefit Plan, is an ERISA plan and a proper defendant pursuant

21  to ERISA § 502(d), 29 U.S.C. § 1132(d).

22  807.   Plaintiffs are informed and believe that Defendant, Whole Foods Market

23  California, Inc., is a California corporation with its corporate headquarters located in

24  Austin, Texas.  Plaintiffs are informed and believe that Defendant, Whole Foods

25  Market California, Inc., is a plan sponsor and plan administrator for the Whole Foods

26  Market, Inc. Group Benefit Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

1      808.   Plaintiffs are informed and believe that Defendant, Whole Foods

2   Market, Inc. Group Benefit Plan, is an ERISA plan and a proper defendant pursuant

3   to ERISA § 502(d), 29 U.S.C. § 1132(d).

4      809.   Plaintiffs are informed and believe that Defendant, Williams-Sonoma

5   Stores, Inc., is a California corporation with its corporate headquarters located in San

6   Francisco, California.  Plaintiffs are informed and believe that Defendant, Williams-

7   Sonoma Stores, Inc., is a plan sponsor and plan administrator for the Williams-

8   Sonoma, Inc. Health & Welfare Plan.

9      810.   Plaintiffs are informed and believe that Defendant, Williams-Sonoma,

10   Inc. Health & Welfare Plan, is an ERISA plan and a proper defendant pursuant to

11   ERISA § 502(d), 29 U.S.C. § 1132(d).

12      811.   Plaintiffs are informed and believe that Defendant, Wipro Limited, is an

13   India corporation with its corporate headquarters located in East Brunswick, New

14   Jersey.  Plaintiffs are informed and believe that Defendant, Wipro Limited, is a plan

15   sponsor and plan administrator for the Wipro Health and Welfare Plan.

16      812.   Plaintiffs are informed and believe that Defendant, Wipro Health and

17   Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

18   29 U.S.C. § 1132(d).

19      813.   Plaintiffs are informed and believe that Defendant, Wolverine World

20   Wide, Inc., is a Delaware corporation with its corporate headquarters located in

21   Rockford, Michigan.  Plaintiffs are informed and believe that Defendant, Wolverine

22   World Wide, Inc., is a plan sponsor and plan administrator for the Group Insurance

23   Plan Wolverine & Retail.

24      814.   Plaintiffs are informed and believe that Defendant, Group Insurance

25   Plan Wolverine & Retail, is an ERISA plan and a proper defendant pursuant to

26   ERISA § 502(d), 29 U.S.C. § 1132(d).

27      815.   Plaintiffs are informed and believe that Defendant, World Travel

28   Holdings, Inc., is a Delaware corporation with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1   Wilmington, Massachusetts.  Plaintiffs are informed and believe that Defendant,

2   World Travel Holdings, Inc., is a plan sponsor and plan administrator for the World

3   Travel Holdings, Inc. Flexible Benefit Plan.

4        816.   Plaintiffs are informed and believe that Defendant, World Travel

5   Holdings, Inc. Flexible Benefit Plan, is an ERISA plan and a proper defendant

6   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7        817.   Plaintiffs are informed and believe that Defendant, WorleyParsons

8   Corporation, is a Delaware corporation with its corporate headquarters located in

9   Houston, Texas.  Plaintiffs are informed and believe that Defendant, WorleyParsons

10  Corporation, is a plan sponsor and plan administrator for the Group Benefits Plan for

11  Employees of WorleyParsons Corporation.

12       818.   Plaintiffs are informed and believe that Defendant, Group Benefits Plan

13  for Employees of WorleyParsons Corporation, is an ERISA plan and a proper

14  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15       819.   Plaintiffs are informed and believe that Defendant, WSA Group, Inc., is

16  a California corporation with its corporate headquarters located in Los Angeles,

17  California.  Plaintiffs are informed and believe that Defendant, WSA Group, Inc., is a

18  plan sponsor and plan administrator for the WSA Group.

19       820.   Plaintiffs are informed and believe that Defendant, WSA Group, is an

20  ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C.

21  § 1132(d).

22       821.   Plaintiffs are informed and believe that Defendant, Wynright

23  Corporation, is an Illinois corporation with its corporate headquarters located in Elk

24  Grove Village, Illinois.  Plaintiffs are informed and believe that Defendant, Wynright

25  Corporation, is a plan sponsor and plan administrator for the Wynright Welfare

26  Benefit Plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

AMENDED COMPLAINT

1164009.1

822.   Plaintiffs are informed and believe that Defendant, Wynright Welfare Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

823.   Plaintiffs are informed and believe that Defendant, Yum! Brands, Inc., is a North Carolina corporation with its corporate headquarters located in Louisville, Kentucky.  Plaintiffs are informed and believe that Defendant, Yum! Brands, Inc., is a plan sponsor and plan administrator for the Yum! Brands, Inc. Restaurant Employees Group Insurance Plan.

824.   Plaintiffs are informed and believe that Defendant, Yum! Brands, Inc. Restaurant Employees Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

825.   Plaintiffs are informed and believe that Defendant, Zale Corporation, is a Texas corporation with its corporate headquarters located in Albany, New York. Plaintiffs are informed and believe that Defendant, Zale Corporation, is a plan sponsor and plan administrator for the Zale Corporation Benefits Plan.

826.   Plaintiffs are informed and believe that Defendant, Zale Corporation Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

827.   Plaintiffs are informed and believe that Defendant, Adelson, Testan, Brundo, Novell & Jimenez P.C., is a California corporation with its corporate headquarters located in Thousand Oaks, California.  Plaintiffs are informed and believe that Defendant, Adelson, Testan, Brundo, Novell & Jimenez P.C., is a plan sponsor and plan administrator for the Adelson, Testan, Brundo, Novell & Jimenez P.C. Group Insurance Plan.

828.   Plaintiffs are informed and believe that Defendant, Adelson, Testan, Brundo, Novell & Jimenez P.C. Group Insurance Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

166
AMENDED COMPLAINT

829.   Plaintiffs are informed and believe that Defendant, Bright Horizons Children's Centers, LLC, is a Delaware limited liability company with its corporate headquarters located in Watertown, Massachusetts.  Plaintiffs are informed and believe that Defendant, Bright Horizons Children's Centers, LLC, is a plan sponsor and plan administrator for the Bright Horizons Flexible Benefit Plan.

830.   Plaintiffs are informed and believe that Defendant, Bright Horizons Flexible Benefit Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

831.   Plaintiffs are informed and believe that Defendant, Buckeye Technologies, Inc., is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.  Plaintiffs are informed and believe that Defendant Buckeye Technologies, Inc., is a plan sponsor and plan administrator for the Buckeye Technologies Comprehensive Health Care Plan.

832.   Plaintiffs are informed and believe that Defendant, Buckeye Technologies Comprehensive Health Care Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

833.   Plaintiffs are informed and believe that Defendant, Burberry Limited, is a New York corporation with its corporate headquarters located in New York, New York.  Plaintiffs are informed and believe that Defendant, Burberry Limited, is a plan sponsor and plan administrator for the Burberry Limited Health Plan.

834.   Plaintiffs are informed and believe that Defendant Burberry Limited Health Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

835.   Plaintiffs are informed and believe that Defendant, Build-A-Bear Workshop, Inc., is a Delaware corporation with its corporate headquarters located in St. Louis, Missouri.  Plaintiffs are informed and believe that Defendant, Build-A-Bear Workshop, Inc., is a plan sponsor and plan administrator for the Build-A-Bear Workshop, Inc. Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

167

AMENDED COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

836.   Plaintiffs are informed and believe that, Defendant Build-A-Bear Workshop, Inc. Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

837.   Plaintiffs are informed and believe that Defendant, Calibre Inc., is a Wisconsin corporation with its corporate headquarters located in Grafton, Wisconsin. Plaintiffs are informed and believe that Defendant, Calibre Inc., is a plan sponsor and plan administrator for the Calibre Inc. Employee Health Plan.

838.   Plaintiffs are informed and believe that Defendant, Calibre Inc. Employee Health Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

839.   Plaintiffs are informed and believe that Defendant, Edgewood Management Corporation, is a Maryland corporation, doing business as Maryland Edgewood Management Corporation, with its corporate headquarters located in Germantown, Maryland.  Plaintiffs are informed and believe that Defendant, Mid-City Financial/Edgewood Management Corporation, is a plan sponsor and plan administrator for the Mid-City Financial/Edgewood Management Employee Benefit Trust.

840.   Plaintiffs are informed and believe that Defendant, Mid-City Financial/Edgewood Management Employee Benefit Trust, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

841.   Plaintiffs are informed and believe that Defendant, Polyair Corporation, is a Delaware corporation with its corporate headquarters located in Toronto, Ontario. Plaintiffs are informed and believe that Defendant, Polyair Corporation, is a plan sponsor and plan administrator for the Polyair Corporation Flexible Benefits Plan.

842.   Plaintiffs are informed and believe that Defendant Polyair Corporation Flexible Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

843. Plaintiffs are informed and believe that Defendant, PSI Services, LLC, is a California limited liability company with its corporate headquarters located in Burbank, California. Plaintiffs are informed and believe that Defendant, PSI Services, LLC, is a plan sponsor and plan administrator for the PSI Services, LLC Health and Welfare Benefits Plan.

844. Plaintiffs are informed and believe that Defendant, PSI Services, LLC Health and Welfare Benefits Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

845. Plaintiffs are informed and believe that Defendant, Global Mail, Inc., is a Delaware corporation, doing business as DHL Global Mail with its corporate headquarters located in Weston, Florida. Plaintiffs are informed and believe that Defendant, Global Mail, Inc. is a plan sponsor and plan administrator for the Global Mail, Inc. Welfare Plan.

846. Plaintiffs are informed and believe that Defendant, Global Mail, Inc. Welfare Plan, is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

847. Plaintiffs are informed and believe that Defendant, The Railroad Employees National Health & Welfare Plan is a multiple employer welfare arrangement (MEWA) plan that is governed by ERISA, and is therefore a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Plaintiffs are further informed and believe that The Railroad Employees National Health & Welfare Plan is governed by a Joint Plan Committee consisting of the National Carriers' Conference Committee, whose place of business is Washington, D.C.; and the Health and Welfare Committee of the Cooperating Railway Labor Organizations, whose place of business is in Rockville, Maryland. Plaintiffs are further informed and believe that Defendant Union Pacific Railroad Company and BNSF Railway Company are among the plan sponsors for the Railroad Employees National Health & Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

848. Plaintiffs are informed and believe that Defendant, National Railway Carriers and United Transportation Union Health & Welfare Plan, is a Multiple Employer Welfare Arrangements under the ERISA plan and is therefore a a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). Plaintiffs are further informed and believe that the National Railway Carriers and United Transportation Union Health & Welfare Plan is governed by a Joint Plan Committee consisting of the National Carriers' Conference Committee, whose place of business is Washington, D.C.; and the United Transportation Union Health and Welfare Committee, whose place of business is in Cleveland, Ohio. Plaintiffs are further informed and believe that Defendant Union Pacific Railroad Company and BNSF Railway Company are among the plan sponsors for the National Railway Carriers and United Transportation Union Health & Welfare Plan.

849. The employers who sponsor the ERISA Plans, the Administrators of the ERISA Plans, and the ERISA Plans will be referred to herein as the "ERISA Plan Defendants."

E. **DOE Defendants**

850. The true names and capacities of the defendants sued herein as DOES are unknown to Plaintiffs at this time, and Plaintiffs therefore sue such defendants by such fictitious names. Plaintiffs are informed and believe that the DOES are those individuals, corporations and/or businesses or other entities that are also in some fashion legally responsible for the actions, events and circumstances complained of herein, were the agents, representatives, or employees of the other defendants, and may be financially responsible to Plaintiffs for the services they have provided, as alleged herein. The Complaint will be amended to allege the DOES' true names and capacities when they have been ascertained.

851. The United Defendants, the ERISA Plan Defendants and the DOES will be collectively referred to herein as the "Defendants."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**F.**     **Agency**

852.   Plaintiffs are informed and believe that the United Defendants are the agents of each other, and of the ERISA Plan Defendants, and the DOE Defendants, and have actual or ostensible authority, to act on each other's behalf, and on behalf of the ERISA Plan and Doe Defendants for:  (a) certifying or authorizing Plaintiffs' provision of services to members; (b) receiving Plaintiffs' claims; (c) pricing the claims; (d) processing and administering the claims and appeals; (e) approving or denying the claims; (f) interpreting ERISA plan documents; (g) directing whether and how to pay the claims; (h) issuing remittance advices and explanations of benefits; (i) communicating with Plaintiffs regarding the claims and services; (j) communicating with members regarding the claims and services; (k) handling appeals of claims; and (l) in many instances issuing payment.  With respect to every claim at issue in this case, Plaintiffs requested authorizations from United, submitted reimbursement claims to United, communicated about the claims with United, and received payments from United.

## IV.     GENERAL ALLEGATIONS

**A.     United's Health Insurance Business.**

853.   United is one of the nation's largest health insurers.  It underwrites and issues thousands of health insurance plans.  It also contracts with other entities that provide health benefits in order to provide administrative services for those entities' health plans, such as claim pricing.

854.   Individuals who do not receive employer-sponsored health insurance often purchase health insurance policies directly from United, who typically has sole responsibility and discretion to administer and pay claims submitted under such policies.

855.   Other individuals receive their health insurance through a private employer-sponsored benefit plan.  These individuals are typically participants or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 beneficiaries of plans governed by the Employee Retirement Income Security Act

2 ("ERISA").  Sometimes the ERISA plans are fully insured by health insurers like

3 United, and sometimes they are self-funded.  In both cases, United generally makes

4 its "network" of providers, all of whom are contracted with United, available to the

5 ERISA plans.

6       1.      **United Administered ERISA Plans.**

7      856.   When the ERISA plan is fully insured by United, United not only is

8 responsible for administering a claim brought under the plan, but is also financially

9 responsible for the payment of the claim.  United is the Plan Administrator, and an

10 ERISA fiduciary, for such ERISA plans.  United provides plan members with plan

11 documents, interprets and applies the plan terms, makes coverage and benefits

12 decisions, handles appeals of coverage and benefits decisions, and provides for

13 payment in the form of medical reimbursements.

14      857.   In contrast, when the ERISA plan is self-funded, the plan typically will

15 enter into an "administrative service agreement" with a health insurer like United to

16 perform certain administrative responsibilities, such as providing plan members with

17 plan documents, interpreting and applying the plan terms, making coverage and

18 benefits decisions, handling appeals of coverage and benefits decisions, and

19 providing for payment in the form of medical reimbursements.  The administrative

20 services agreements delegate to United authority and responsibility to administer

21 claims and make final benefits decisions, based on claim procedures and standards

22 that United develops.  Pursuant to this delegation of authority, United has primary

23 responsibility for communicating benefits decisions and other claims-related

24 information to plan participants and beneficiaries.  The plans further instruct their

25 participants and beneficiaries to direct all communications to United.

26      858.   In return for performing these delegated duties, United collects

27 administrative services fees from the ERISA Plans.  Plaintiffs are informed and

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  believe that, under the administrative services agreements, the ERISA Plans remain

2  responsible for funding the plans and the payment of benefits.

3      859.   Regardless of whether the ERISA plan is self-funded, United is the

4  designated Plan Administrator and/or the designated Claims Administrator and

5  therefore has fiduciary duties to ensure that out-of-network claims are properly priced

6  and paid according to the terms of the members' plans.

7      860.   In addition, with respect to certain ERISA Plans that are self-funded, but

8  which do not specifically designate a Plan Administrator, Plaintiffs are informed and

9  believe that United has functioned as the *de facto* Plan Administrator.  Moreover,

10  with respect to those plans, Plaintiffs are informed and believe that United was

11  specifically designated by the plan sponsor as the Claims Administrator.

12      861.   United functions as a Plan Administrator and/or a Claims Administrator

13  insofar as it exercised a delegated authority to provide plan documents to participants

14  and beneficiaries, receive benefit claims, evaluate and process those claims, review

15  the terms of the plan, make initial benefit determinations, make and administer

16  benefit payments, handle appeals of benefit determinations, and serve as the primary

17  point of contact for members and providers to communicate regarding benefits and

18  benefit determinations.  In carrying out its duties as Plan Administrator and/or Claims

19  Administrator, United possessed authority and fiduciary discretion to manage and

20  administer the ERISA Plans.

21      **2.**    **Out-Of-Network UCR Reimbursement.**

22      862.   Various ambulatory surgery centers in the industry, other than the

23  Provider Plaintiffs, have written contracts with United under which they agree to

24  accept United's set and scheduled reimbursement that is discounted from the centers'

25  total billed charges.  In exchange, these "in network" providers receive referrals of

26  patients from United and the associated benefits of being a participating or "in-

27  network" provider.  These benefits typically include an increased volume of business

28  that results because the health plans provide financial incentives to their members to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  utilize the services of "in-network" providers, such as reduced co-insurance payments

2  and/or deductibles.

3     863.  Conversely, some surgery centers and physicians, such as the Plaintiffs,

4  do not have written contracts with United.  They are "out-of-network."  As a result,

5  these surgery centers and physicians receive less volume of patients from the plans,

6  but they are not governed by any contractual requirements of defendants' plans and

7  they are not required to accept reduced amounts as payment in full for their charges

8  for the services rendered.  They are free to charge whatever amounts they deem

9  appropriate for their services.

10     864.  Typically, United pays benefits pursuant to an ERISA health benefits

11  plan to in-network surgery centers at the lower, in-network contract amount charged

12  by those centers.  However, ERISA plans, whether fully-insured or self-funded,

13  typically contain provisions for paying out-of-network surgery centers and physicians

14  at an UCR rate or a percentage of the UCR rate.  The language varies from plan to

15  plan, and may be described as the "Usual, Customary and Reasonable" rate, the

16  "Reasonable and Customary" amount, the "Usual and Customary" amount, the

17  "Reasonable Charge," the "Prevailing Rate," the "Usual Fee," the "Competitive Fee,"

18  or some other similar phrase.  In the context of the healthcare industry, and in

19  United's own parlance, these phrases are all synonymous with UCR.

20       **3.**  **Payment Authorizations and UCR Industry Standards.**

21     865.  When an out of network surgery center or health care provider has a

22  patient who is insured by United, the standard practice is to request authorization

23  from United to provide out-of-network services to that patient.  United has developed

24  a general practice and standard in the industry to grant such authorizations.  United

25  does not impose its plan terms on such out-of-network surgery centers and providers,

26  but rather as a standard of custom and industry practice commits to paying UCR no

27  matter what the actual billed amount might be from the surgery center or provider.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

174

866.   Whether the claims are from out-of-network or in-network surgery centers or providers, when the claims are submitted to United, they reflect the actual billed charges for the claim.  Even though in-network surgery centers and providers are sometimes reimbursed according to contracted rates that include discounts, they still submit their full billed charges on the claim.  This is industry standard for all providers, and reflects the well-established fact that charges are not the same as the discounted contract rates.  Therefore, United has for many years acquired a wealth of charge data from which it can use to price claims by comparing the prevailing charges for similar healthcare services by similar types of surgery centers within the same geographical market at the time.

867.   No provisions in those benefit plans, whether in their Summary Plan Descriptions (SPDs) and Evidences of Coverage (EOCs), justified the failure to pay the usual and customary fees for services charged by outpatient surgical centers such as those managed and operated by the Plaintiffs, and to instead pay nothing.  It was arbitrary, capricious and improper for United to do so.  In fact, during the insurance verification process for most if not all of the patients in this case, United represented to Plaintiffs that it would pay the Plaintiff Providers' usual and customary fees.  Plaintiffs sought information during this process about potential limitations on the reimbursement of Plaintiffs fee each time prior to providing services, and specifically inquired each time prior to providing services as to how United's fee provisions would apply to their situation.  Defendants withheld information in response to such requests, and therefore misled plaintiffs into thinking that the entire Plaintiffs' usual and customary fees would be paid.

868.   Likewise, no provisions anywhere in those plans justified the failure to issue a final decision or denial on any of Plaintiffs' claims.  This was therefore arbitrary, capricious, and a breach of United's fiduciary duties to plan participants and fiduciaries.  It was also a violation of regulations promulgated under ERISA by

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  the Department of Labor, which require that claims be adjudicated by the claims

2  administrator (e.g., United) within 90 days after receipt of the claim.

3     869.   Moreover, despite making thousands of requests for plan documents and

4  information about United's UCR methodology, the Defendants failed to provide any

5  of the requested documents or information to Plaintiffs.  Therefore, Plaintiffs have

6  been unable to confirm exactly how United purports to administer the terms of the

7  benefit plans, or how United prices Plaintiffs' claims.

8     870.   Even in those rare instances where Defendants paid Plaintiffs' claims,

9  they paid far less than Plaintiffs' usual and customary fees.  On information and

10 belief, United did not uniformly apply UCR to all service providers in the same

11 geographic area, and in fact, discriminated against the Plaintiffs.

12     **4.   Plaintiffs Were Entitled to Payment on their Patients' Behalf.**

13    871.   Plaintiffs have standing to pursue these claims as assignees of their

14 patient's benefits.  Prior to receiving treatment, every patient of the Plaintiffs signs an

15 "Assignments of Rights and Benefits" form agreeing to, *inter alia*, assign his or her

16 health insurance benefits, as well as broad array of related rights, to their providers,

17 who are the Plaintiffs in this case.  Each assignment of benefits provides for Plaintiffs

18 to be paid directly by the patient's insurance for the services provided to the patient,

19 and authorizes Plaintiffs to obtain plan documents on the patient's behalf and to take

20 all action necessary to pursue benefit claims on the patient's behalf.

21    872.   Plaintiffs received an assignment of benefits for every claim at issue in

22 this litigation.  Plaintiffs maintain each patient's assignment of benefits as part of the

23 patient's records.

24    873.   This form, which was titled "Assignment of Rights and Benefits,"

25 contained an exhaustive list of the rights that each patient conveyed to Plaintiffs.  In

26 relevant part, the form states:

27       I authorize my insurance company and/or my healthcare contract with
          my employer (collectively, the "INSURANCE COMPANY") to direct
28       all payments for all professional and medical benefits under my current

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

176
AMENDED COMPLAINT

policy as payment for services rendered directly to PROVIDER(s) and/or FACILITY(s) providing services or their designated associates or assignee(s) (collectively "PROVIDERS"). I assign, whether signing as patient or patient's agent, **all rights and benefits under my contract with my INSURANCE COMPANY**, to any and all PROVIDERS. **I give express right to PROVIDERS to obtain the insurance and benefits policy booklet, and ALL policy information from INSURANCE COMPANY, employer or any of their associates or agents**. I also provide express consent and give full rights to PROVIDERS to appeal on my behalf to INSURANCE COMPANY or my employer or any of their associates or agents for any reason. I also authorize the release of any information pertinent to my case to any insurance company, adjuster, attorney or other party(s) involved in this case.

I authorize PROVIDERS to initiate complaint(s) to the Insurance Commissioner or any other agency for any reason on my behalf.

**The assignment further permits PROVIDERS to obtain from INSURANCE COMPANY and employer or any of their agents or associates all information necessary for the determination of benefits allowed under the contract and permits the direct disclosure to PROVIDERS of all information including benefits provided including benefits & payments made on my behalf, limits and exclusions of benefits and reasons for denial of benefits or reduction in charges for services rendered**.

**The assignment shall allow PROVIDERS to take all action necessary to obtain the benefits I have, in good faith, been promised by INSURANCE COMPANY and/or employer on my behalf**. All benefits are to be paid directly to PROVIDERS and mailed directly to 269 S. Beverly Drive, Suite 353, Beverly Hills, CA 90212. A photocopy of this assignment shall be considered as effective and valid as the original.

I understand that my insurance carrier may disallow certain diagnoses or services as medically uncovered, medically unnecessary, cosmetic or excluded. I agree to be responsible for payment of all such services rendered to the patient.

...

**This is a direct assignment of my rights and benefits under this policy**.

874.   Plaintiffs, through their assignments of benefits, therefore have the right to sue and the right to demand documents from United on the claims at issue in this litigation.

875.   Based upon the course of dealings between Plaintiffs and Defendants, Plaintiffs are informed and believe that no provisions exist in Defendants'

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

administered plans which preclude the assignment of claims which the insureds gave to Plaintiffs.  This is because, throughout the entire administrative process for thousands of claims, neither United nor Defendants ever referenced any anti-assignment provisions of any plan, ever refused to communicate with Plaintiffs based on any such anti-assignment provisions, ever refused to process any of Plaintiffs' claims based on any such anti-assignment provisions, or ever refused to pay any of Plaintiffs' claims based on any such anti-assignment provisions.

876.   The ERISA regulations required Defendants, *inter alia*, to state (i) the specific reason or reasons for the adverse determination, and (ii) reference to the specific plan provisions on which the determination is based.  29 C.F.R. § 2560.503-1(g)(1). At no time during the administrative process did Defendants ever state that the specific reason for the adverse benefit determination was due to an anti-assignment provision, nor did they reference a specific anti-assignment provision in any plan document.

877.   Moreover, the ERISA statute and regulations require Defendants to provide relevant plan documents.  29 U.S.C. § 1104, 1024 and 1132; 29 C.F.R. § 2560.503-1.  At no time during the administrative process did any of the Defendants ever send any plan documents containing any anti-assignment provision to Plaintiffs.

878.   On the contrary, throughout the entire administrative process, and with respect to thousands of claims, Defendants engaged in regular interaction with Plaintiffs prior to and after the claims were submitted without mentioning or invoking any matter regarding the assignment.  When Plaintiffs have spoken to Defendants to verify patient eligibility for out of network services and receive authorization for the procedures the patients had asked patients to perform, Defendants at no time claimed the patients were not eligible to assign claims to Plaintiffs and never informed Plaintiffs of any such provision of the plans.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

879.   Therefore, to the extent that any plan documents have any anti-assignment provisions, Defendants have waived their right to assert such anti-assignment provisions as a defense to paying Plaintiffs' claims.

**B.   Defendants' Systematic, Surreptitious, and Unlawful Withholding of Payment For Services Rendered**

880.   Defendants did not intend not to pay for the services rendered by Plaintiffs.  Rather than inform Plaintiffs directly of this fact, however, Defendants chose to carry out their intentions through subterfuge and deceit.  Specifically, United manufactured various pretextual rationales unrelated to the actual benefits available under the plans in order to unlawfully prolong the claims administration process and ultimately deny Plaintiffs' claims outright on grounds not justified by the terms of the benefit plans.  The ERISA Plans Defendants knew or should have known about such practices by United, who acted as their agent, and had a duty to prevent such behavior; instead they ratified and/or participated in these illegal acts.

881.   Defendants knew full well that the terms of Plaintiffs' benefit plans obligated it to pay Plaintiffs for the valuable medical services they had provided to beneficiaries and participants of those plans.  As the claims administrator, the plans delegated to United the discretion to interpret and apply the terms of the plans.  However, United did not have the ability to substantively change the terms of the plans, or to create hurdles for beneficiaries to obtain such benefits, or new reasons for denial of such benefits that were contrary to, or inconsistent with, plan terms.  Thus, in making up false reasons to withhold and deny payment from the Plaintiffs, United was acting beyond the scope of its authority, and abused its discretion as the claims administrator for the plans.

882.   In many cases, United conveyed these fabricated rationales to Plaintiffs by issuing Explanation of Benefits ("EOBs") forms, which United typically issues when a claims decision is made, or through appeal denial letters.  Though these forms and letters purported to be claim denials, they contained no actual reasons explaining

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  why the claim was being denied according to the terms of the applicable benefit plan,

2  as required by ERISA and/or applicable state regulations.  Instead, they merely

3  requested additional documentation or suggested that further review was required.

4  The EOB's routinely violated ERISA 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1

5  by:

6  • failing to state the specific reasons for the benefit termination;

7  • failing to state the plan provisions upon which the decision was based;

8  • failing to state what, if any, additional information or documents could

9  perfect Plaintiff's claim;

10  • failing to state why such documents or information were necessary; and

11  • failing to state Plaintiffs' right to file suit under ERISA.

12  883.  Instead of responding to Plaintiffs' requests by providing access to the

13  material that the regulations entitle Plaintiffs to review, Defendants elected to

14  completely ignore and reject the requests, and make spurious and pretextual reasons

15  for refusing to process and pay the claims.

16  884.  The spurious and pretextual tactics utilized by United included, but were

17  not limited to, the following:

18  • Making repeated and redundant requests for medical records, even

19  where records had already been provided on multiple occasions, and

20  then denying in follow-up conversations that records had ever

21  previously been received;

22  • Routinely requesting physician's orders approving the use of Durable

23  Medical Equipment that Plaintiffs did not use or provide in connection

24  with the medical services at issue;

25  • Forwarding all or nearly all of Plaintiffs' claims for "further review" by

26  United's wholly owned subsidiary, Ingenix (also known as

27  OptumInsight), and promising that review by Ingenix / OptumInsight

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

180
AMENDED COMPLAINT

would take 15-30 days, while in fact causing the so-called review to last for months or even years with no payment resulting from the "review";

- Requiring Plaintiffs to separately submit medical records or other documentation to Ingenix / OptumInsight when Plaintiffs had already submitted such documentation directly to United, on the pretextual ground that Ingenix / OptumInsight did not have access to the records that had already been submitted to United;

- Denying claims solely because the patients on whose behalf reimbursement was sought had allegedly failed to "authorize" Plaintiffs to appeal on their behalf, even though Plaintiffs always submitted a proper assignment of benefits demonstrating such authority, and even though Defendants in practice acknowledged that assignment had occurred by dealing directly with Plaintiffs, rather than with the patients;

- Claiming that one or more of the surgical facilities where the surgery was performed was not listed in United's database of health providers as a reason for non-payment, even though claims had previously been paid to those same facilities and even though United sometimes paid the surgeon who selected the facility;

- Demanding surgery center licenses, even though California does not require any such license (surgery centers are "certified" by one or more entities, such as the Joint Commission on Accreditation for Health Care Organizations under Health & Safety Code § 1248 *et. seq.*);

- Denying claims for containing procedures with incorrect "modifier" codes, even though the claims that Plaintiffs submitted never included or required such codes;

- Denying claims because the patient purportedly did not have coverage, for instance, because of a pre-existing condition, when such coverage in fact existed;

AMENDED COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1164009.1

- Denying claims on the basis that they were not timely filed, though Plaintiffs' submissions were timely.

885. While the rationale for denying any given claim varied, the outcome was always the same: the complete denial of nearly all payment for surgeries and procedures performed by Plaintiffs. When examined closely, none of United's rationales hold up to scrutiny. Yet they were repeatedly used to withhold payment to Plaintiffs, without informing Plaintiffs at any time of United's true intent to do so.

886. This sort of gamesmanship by the Defendants is inconsistent with the mandate of 29 U.S.C. § 1133 and frustrates the policy interests underlying the requirement of administrative exhaustion. As the Ninth Circuit explained in *Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997), the ERISA regulations are designed to ensure a "meaningful dialogue" between administrators and beneficiaries (or their representatives):

> "The ERISA plan administrators do not have unbounded discretion. Under federal law, an ERISA plan 'shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant: (1) The specific reason or reasons for the denial; (2) Specific reference to pertinent plan provisions on which the denial is based; (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review." 29 C.F.R. § 2560.503-1(f). **In simple English, what this regulation calls for is a meaningful dialogue between ERISA plan administrators and their beneficiarie**s. If benefits are denied in whole or in part, the reason for the denial must be stated in reasonably clear language, with specific reference to the plan provisions that form the basis for the denial; if the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it. **There is nothing extraordinary about this; it's how civilized people communicate with each other regarding important matters**."

887. The telephonic exchanges that occurred between representatives for Plaintiffs and representatives of Defendants, illustrate Defendants' singular lack of candor to Plaintiffs' reasonable inquiries in this regard. In call after call, Defendants provided evasive responses to Plaintiffs' simple and straightforward requests. It was

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

as if Defendants felt as if they were not required to share pertinent information with its own beneficiaries.

888.   The subject of the following call was a claim that United had referred to OptumInsight (then Ingenix) for review.  Ingenix's representative would not explain why additional medical records were necessary to process the claim, even though he acknowledged that key medical records for the claim had already been received:

CALLER: Okay.  Do you also have the one for $14,140 in your system which is also under review too, correct?

INGENIX: Yes sir.  And, as I can check your, this [claim was] denied.

CALLER: Okay.  Now why was this claim denied?

INGENIX: Let me check.

CALLER: Sure.

INGENIX: **And sir, I can check your claim was denied due to incomplete medical notes.**

CALLER: Okay.  What medical documentation do you have there?

INGENIX: Sir as I can check **we have received 9 pages from your side as medical notes and... the first 2 pages contained the claim form... your 4th page contains preoperative report, your 5th, 6th page contains anesthesia pre and post-operative [reports] and next page contain operating room records and after that is preop pending order and your last page contain 4 clinical surgical room records**.

CALLER: **Okay, now can you explain to me why that isn't sufficient enough or what other medical documentation that you are needing?**

INGENIX: **Sir I don't have exact reason what you need to submit. There is a general reason given** ... that they need the complete medical notes like ... finding on examination, lab, radiology results, and [] test results, consult report, operative procedure report and daily progress treatment notes.  So you can check your medical notes and you can submit these medical notes... which are missing.

CALLER: Okay now we have sent complete medical records for this claim so why [are] you guys not paying this claim because of unrelated medical records, like ultrasounds, [which have] nothing to do with this patient's EGD [procedure]?

INGENIX: I can understand that but according to the review team, the medical notes submitted by you is not sufficient for your claim.  You need to submit some additional documentation.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

889.   When asked, the Ingenix representative would not explain why so many of Plaintiffs' claims were referred to Ingenix:

> CALLER: Can you explain to me why every claim that we have for this provider has been sent to Ingenix from United Healthcare?  Why are they sending all these claims to [Ingenix]?
>
> INGENIX: **I don't have a reason why United has kept sending these to Ingenix** but we are the team of United Healthcare or maybe they sending these claims for audit so we can work on it and review the claim.  That's how the provider is billing and what is the criteria.
>
> CALLER: Okay.  Is it Ingenix policy to ask for additional information from the providers for every claim that United Healthcare sends in to you?
>
> INGENIX: Yes.  We've got some guidelines from United Healthcare [and from] Ingenix too.  Ingenix and [OptumHealth] you so we need the complete medical notes to review the claim  to support that specific code and procedure code included in it.  So without complete medical notes we are not able to process that claim.
>
> CALLER: **So it is your policy to ask for additional information for every claim that United Healthcare sends in to you?**
>
> INGENIX: **Yes.**  When we pull the claim from United Healthcare we need the medical notes and you have sent the medical notes but they're not complete so that's why your claim was denied [with respect to the patient's 10/30 visit].  When you send the complete medical notes we can process this claim or review the claim.

890.   United has admitted that it has received the Patients' medical records, but intentionally uses its corporate structure to obscure the reasons for its failure to properly process and pay for claims.  This deliberate and systematic obfuscation opacity has been glaringly apparent each time Plaintiffs have contacted United for guidance in understanding what additional records United supposedly needs to process and pay for the Patients' claims.  Plaintiffs have asked again and again for clarification as to what specific medical records United considers necessary to process the claims, and were rebuffed repeatedly. United's responses offered no guidance as to how plaintiffs could perfect their claims. For example, United representatives have responded as follows in response to questions regarding what additional documents United requires to process the Patients' claims:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

• "I do show that it was submitted multiple times,... I'm showing that [Optum Insight, a.k.a. Ingenix] received the information but they're still needing additional information.  They said they received it and are unable to process it, meaning that one or more items are missing, history and physical, um findings, meaning labs, radiology, pathology, anesthesia, just things of that nature.  Any op note, procedure report, daily progress treatment records, medication notes, physician orders, um, anything of that nature.... [M]aybe they'll be able to give you more, um, elaborate information."

• "Um, actually, it's not [Optum Insight, a.k.a. Ingenix]... the request actually would be the United Healthcare since technically it's them who has the right to request those records, and then it would be routed to us [at Optum Insight/Ingenix]."

• "[T]he thing is, we just need those medical records.  I know you have submitted them perhaps to a different department of United Healthcare, but as you can see here, whatever goes to us are the only ones that was reviewed, and I do see here a one page of lap band follow up visits, office visits."

• "The thing is, um, this one, actually, **we are not even communicating directly to them**.  We only have, um, certain departments who are handling this and they're located in the United States, okay....  [**Optum Insight is located**] **in the Philippines, for your commercial account**."

• "Okay, so it initially shows that the claim was denied for incomplete medical records.  Then it is being indicated here that it was filed for an appeal.  But um that was received on 8/14 but basically that appeal is being closed out because there's no patient authorization here.... So I just checked on the records here one by one and I'm going to have it sent back again to the appeals department about this information because I can see that, um the... [assignment of] benefits as indicated there.  **Also the op notes are also indicated there."**

• "[I]t looks like what they're stating is that information was received but some of the **information was still missing that we needed**.  Um, and it **doesn't tell me specifically**, just that it's – the information may have included the history and physical findings upon examination, labs, radiology, pathology and anesthesia test results, consult report."

891.  Contrary to what the United representatives promised, Defendants had no intention of processing or paying the claim even if Plaintiffs re-submitted the requested medical records.

892.  Clearly, Defendant Ingenix/OptumInsight, to whom the United Defendants delegated their responsibility for administering Plaintiffs' claims in a timely and accurate manner, was unqualified to do so. The delegation of the United Defendants' responsibilities to its wholly owned subsidiary was not in order to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

facilitate the processing of Plaintiffs' claims, but to delay it indefinitely, and to obscure from Plaintiffs the real reasons why Plaintiffs' claims were not being paid.

893.   United's repeated requests for additional records, without specifying what particular records were missing, provided no meaningful guidance on what specific further evidence might be required, and prevented ERISA's procedural requirement for meaningful dialogue between the plan administrator and beneficiary. The procedural violations, alone, are so extreme as to require a *de novo* review.

894.   Defendants also ignored the fundamental aspect of due process that requires an appeal to be considered by a different decision-maker, and ignored material evidence submitted such as all the medical records. Like a structural conflict of interest, these procedural violations have tainted the entire administrative decision making process.

895.   The United Defendants delegated the determination of payment and calculation of provider compensation rates (which had been delegated to them by the Plans themselves) to its wholly owned subsidiary Ingenix/OptumInsight.  This was done solely to provide cover for the improper denial of payment to the providers Plaintiffs and to thereby generate revenue for the United Defendants.  The delegation thus constituted a "transaction involving the plan on behalf of a party... whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries" and thus was a prohibited transaction under 29 U.S.C. § 1106(b)(2). Further, United Defendants are liable for the prohibited transactions as co-fiduciaries under 29 U.S.C. § 1105 (ERISA Section 405.)

## C.   United's Conflict of Interest.

896.   Plaintiffs are informed and believe that the United Defendants had an unusually strong motivation to come up with excuses to delay and ultimately deny Plaintiffs' claims.  This is because United's actions were tainted by an actual conflict of interest, and in particular, the prospect of self-dealing and financial gain:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1.      **1.      <u>United Provided Stop-Loss Insurance to Many ERISA Plans.</u>**

897.   Plaintiffs are informed and believe that some of the ERISA Plans that United administered were fully-funded plans, meaning that they were insured directly by United.  It was clear that United had a conflict of interest as to such plans, because United stood to lose financially when it paid claims for reimbursement that were submitted to such plans.  A conflict exists when a plan is both funded and administered by an insurer.

898.   Others of the Plans administered by United were "self-funded," meaning that claims were paid, at least in part, by the plan sponsor or employer.  However, Plaintiffs are informed and believed that United similarly stood to lose financially with respect to the claims paid out by many of the self-funded plans.  This was because, on information and belief, United provided "stop-loss" insurance to many of the self-insured plans that United administered.

899.   Stop-loss insurance is a form of re-insurance that self-insured plans frequently can and do purchase to help absorb the cost of providing health benefits to their beneficiaries.

900.   United offers stop-loss insurance to self-funded plans via its subsidiary, OptumHealth Financial, including to the plans it administers.  Publicly available information demonstrates that United's deductibles for "specific" Stop-Loss coverage are as low as $20,000.[4]  In other words, at the $20,000 deductible level, United would pay the claim for any given beneficiary whose medical bills exceed $20,000.

901.   On information and belief, United, through its subsidiary, provides such stop-loss insurance at low deductible levels to many of the self-funded plans for which it also functions as the administrator, which is at issue in this case.

---

[4] UnitedHealthcare Specialty Benefits, Stop Loss Insurance Quick Reference Guide, available at https://www.unimerica.com/presence/documents/100-5837_Stop_Loss_QRG_9-07.pdf

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

902.   This results in an actual conflict of interest on United's part, because United, as an insurer for a significant portion of the claims for which United was the administrator, was therefore incentivized to come up with reasons not to pay the claims, or at least not to pay claims at a level that would exceed the stop-loss deductible.

903.   In fact, in publicly available documents, Optum, United's subsidiary for stop-loss insurance, itself has recognized that an arrangement in which a national insurer like United provides "both... administrative services and the Stop Loss [insurance]" necessarily results in a "[p]ossible conflict of interest."[5]

904.   Therefore, with both the fully insured and self-insured plans, United, as the claims and plan administrator, had an economic incentive to deny benefits to the beneficiaries and thereby reduce its liability.

## 2.   United Received Illegal Commissions In Return For Improperly Denying Plaintiffs' Claims.

905.   Furthermore, Plaintiffs strongly suspect that another primary motivation that United had for denying Plaintiffs' claims is that United is substantially compensated by the Plans for doing so.  Plaintiffs are informed and believe that when United refuses to pay the Plaintiffs for the services that they have rendered, it is paid a commission by the Plans, that is based upon a percentage of how much money the Plans "save" by not having to pay Plaintiffs their usual and customary fees.  Thus, United effectively sets its own commission.  This not only violates ERISA, but also violates the terms of the plans, which require usual and customary payment, as these artificial "savings," which are determined arbitrarily by United, bear no relation to a proper determination of Usual and Customary fees.

---

[5] Optum, An Introduction to Stop Loss Coverage, at slide 32, *available at* http://www.consultbb.dreamhosters.com/docs/Optum_Health_-_An_Introduction_to_Stop_Loss_Coverage.pdf

906.   Plaintiffs are informed and believed that the Plans make these kickbacks to United pursuant to a program called the "Facility Reasonable Charge Determination Program" or the "Facility Reasonable & Customary Program," which the Plans agree to as part of their agreements with United by which United provides claims adjudication services for the Plans.  The goal of the Facility Reasonable Charge Determination Program is to underpay, or even reject outright, claims made by ASCs such as the Plaintiff providers.

907.   United is compensated under the Facility Reasonable Charge Determination Program at a specific percentage of the money that Defendants would otherwise have had to pay to Plaintiffs, had United correctly paid Plaintiffs' claims.  This provided a major incentive for United to find ways not to pay Plaintiffs' claims, and to deny those claims on pretextual grounds, such as repeated and unfounded requests for irrelevant and nonexistent medical records.

908.   Likewise, United's receipt of kickbacks and/or commissions is an egregious instance of self-dealing and a breach of fiduciary duties it owes to the beneficiaries and participants of the ERISA plans.  United's behavior violates, at a minimum, 29 U.S.C. § 1106(b)(2), which states that "A fiduciary with respect to a plan shall not—(1) deal with the assets of the plan in his own interest or for his own account...."  United, therefore, has a structural conflict of interest in its administration of the Plan.

**3.    United's Inconsistent and Thinly Justified Excuses Provide Material, Probative Evidence of an Actual Conflict.**

909.   As detailed throughout this complaint, United's false excuses for delaying and ultimately denying payment to the Provider Plaintiffs was not based on any principled justification, or rooted in the language of the benefit plans that United was supposed to administer.  Rather, United's unending requests for irrelevant or non-existent medical records; its routine referrals to Ingenix for purported further review; its frequent demands for provider W-9 forms which are already in United's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  possession, and its other thinly veiled excuses were just a means to an ends: to deny

2  payment to the Provider Plaintiffs at any cost.

3      910.   United's inconsistent and pretextual actions with respect to the

4  Plaintiffs' claims provide material, probative evidence that United possessed an

5  actual, not just potential, conflict of interest.  For this reason, United's decisions and

6  rationales are not entitled to any deference upon review.

7  **D.    United Retaliated Against Plaintiffs and their Patients.**

8      911.   Further, United has retaliated, against Plaintiffs, as the assignees of

9  ERISA participants and beneficiaries, because Plaintiffs exercised the rights to which

10  those participants and beneficiaries were entitled under ERISA, in violation of

11  ERISA Section 510, codified at 29 U.S.C. § 1140. ("It shall be unlawful for any

12  person to... discriminate against a participant or beneficiary... for the purpose of

13  interfering with the attainment of any right to which such participant may become

14  entitled under the plan").

15      912.   Specifically, the ERISA participants and beneficiaries who were treated

16  by Plaintiffs lawfully attempted to exercise their rights and benefits under their

17  respective plans to receive out-of-network payment.

18      913.   However, for the sole reason that those participants and beneficiaries

19  chose to receive care from the Plaintiffs at the Surgery Centers, United retaliated

20  against the participants and beneficiaries, and by extension, against Plaintiffs.

21      914.   Moreover, United also retaliated against Plaintiffs because Plaintiffs

22  sought to appeal United's determinations denying payment.

23      915.   Among other retaliatory measures, United directed the vast majority of

24  Plaintiffs' claims to its Special Investigations Unit, known variously as Ingenix

25  and/or OptumInsight.  The United Defendants, including but not limited to Defendant

26  Ingenix/OptumInsight, further retaliated against the Plaintiffs by generating various

27  pretextual, unsupported, unwarranted and fraudulent reasons for prolonging the

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  claims review process, including by repeatedly asking for medical records that did
2  not exist and/or were not necessary to adjudicate the claims submitted by Plaintiffs.

3      916.   As a result, Plaintiffs were unable to assert the ERISA rights that were
4  lawfully assigned to them by their patients.

5      917.   Plaintiffs are expressly permitted by ERISA to bring these claims by
6  assignment, as Section 510 states that "The provisions of section 1132 of this title
7  [*i.e.* 29 U.S.C. § 1132] shall be applicable in the enforcement of this section."

8  **E.      United and the ERISA Plans Failed to Provide Documents Relating to**
9          **Their Adjudication of the Claims**

10     918.   Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a
11 plan administrator who "fails or refuses to comply with a request for any information
12 which such administrator is required by this subchapter to furnish to a participant or
13 beneficiary." 29 U.S.C. §§ 1132(c)(1); see also *id.* § 1133, 29 C.F.R. §§ 2650.503-1,
14 2575.512c-3.

15     919.   29 U.S.C. § 1024(b), in turn, requires Defendants to produce the
16 "summary plan description... or other instruments under which the plan is established
17 or operated."

18     920.   In an appeal letter that Plaintiffs sent to United in United's capacity as
19 both the Claims Administrator and Plan Administrator with respect to many
20 thousands of the patient claims in this case, Plaintiffs explicitly demanded that:

> If you believe that the Claim was previously correctly paid or paid in accordance with the guidelines of the participant's plan, **we demand that you immediately provide the plan, internal policies, guidelines, formulas, procedures, methodologies and/or schedules on how you calculated the payment.** According to ERISA § 104(b)(2) you must provide this information upon request.
>
> If the Claim was denied, then we demand you provide in detail with **reference to the terms of the Plan, internal policies, guidelines, formulas, procedures, methodologies and/or... the grounds for the denial.** According to ERISA § 104(b)(2) you must provide this information upon request.
>
> In response to this request, you must provide exact and detailed reasons of payment or non-payment. **Your response must include what you**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1164009.1

**relied on in the Plan, internal policies, guidelines, formulas, procedures, methodologies and/or schedules...**

921.   Similarly, with respect to thousands more of the patient claims in this case, Plaintiffs made the following set of requests for documents to the ERISA Plan Administrators, through the Claim Administrators:

29 C.F.R. §2560.503-1(g)(1)(i)-(iv) requires your company to provide documentation that you relied on for any adverse benefit determination "in a manner calculated to be understood by claimant." Thus, if you continue to refuse to pay this benefit claim in full, this benefit claim will be deemed to be an "adverse benefit determination" under ERISA §503, **and you will be required to send the provider the following information "in a manner calculated to be understood by claimant" within thirty days:**

1) **a full and complete copy of the Medical Plan for this patient**;

2) specific and detailed reasons for the adverse determination;

3) **the internal "claims file" that you have for this claim, including internal memos and notes**;

4) **any contracts and/or agreements that you have with the employer of this patient**;

5) **detailed and the exact methodology that was used to calculate the payment**;

6) **references to the specific plan provisions on which the determination is based**;

7) a description of any additional material or information necessary for the provider to perfect the claim and a detailed explanation of why such material or information is necessary; and

8) **a copy and a detailed description of your internal review procedures and the time limits applicable to such procedures**;

9) a detailed log and an electronic audio copy of the recorded phone conversation between your company and the provider.

922.   Exemplars of these letters that were sent to United are attached as Exhibits "A" and "B" to this complaint.

923.   These letters constituted formal written requests to the ERISA Plan Administrator Defendants for plan documents as well as other instruments under which the plans were operated.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

192

AMENDED COMPLAINT

924.   Plaintiffs maintained detailed records of the thousands of requests for records that they have sent to United.  Since 2010, Plaintiffs have mailed approximately 25,000 letters to United.  As demonstrated above, each of these letters contained multiple requests for multiple kinds of plan documents.  In each instance, the United Defendants ignored these letters, and declined to provide the documents requested therein.  Many of the letters were sent by certified mail.

925.   As referenced in these letters, the ERISA Plans Administrator Defendants (and United, to the extent that United was the plan administrator) were legally obligated by ERISA to provide this information to Plaintiffs.  Pursuant to the assignments of benefits, Plaintiffs step into the shoes of the "participant" or "beneficiary" and obtain, among other things, the same rights to demand plan documents as a participant or beneficiary would.

926.   United, who was in all instances the Claims Administrator and in some instances, the designated Plan Administrator, failed to provide any of the plan documentation that was demanded, despite its clear legal obligation to do so, and despite Plaintiffs' clear need for the documentation.

927.   Likewise, the ERISA Plan Administrator Defendants, who were designated as the Plan Administrators under the terms of the plans, failed to provide any of the plan documentation that was demanded, despite their clear legal obligation to do so in response to Plaintiffs' requests, and despite Plaintiffs' clear need for the documentation.

928.   Plaintiffs' need for plan documents was heightened because United's EOBs and appeal letters consistently failed to identify any provisions in any benefit plan that United relied upon to deny a claim.

929.   Plaintiffs were further prejudiced because Plaintiffs lacked and continue to lack access to documents explaining or justifying United's internal claims review procedure, and the time limits applicable to such procedures.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

930.   Without any clear explanation as to why United failed to pay, Plaintiffs were powerless to combat Defendants' arbitrary and pretextual requests for documentation, and the other spurious reasons they provided.  Plaintiffs' problems were compounded by the fact that, despite repeated requests, the Defendants refused to provide Plaintiffs with the relevant plan documents.

931.   Not surprisingly, the relationship between the Provider Plaintiffs and their patients has been adversely affected by Defendants' refusal to meet their statutory obligations and provided the needed documents.  Because of the uncertainty as to whether medical services that United authorized will ever be paid for, many of the Providers' patients have elected not to have medical procedures necessary to alleviate the serious symptoms associated with their morbid obesity.  For instance, a number of patients who have received Lap-Band surgeries have decided not to go to follow-up visits with their physicians, or have adjustments made to their Lap-Bands, because United has refused to pay for the original Lap-Band surgery or any of the other associated tests or procedures, even though United authorized those procedures and deemed them medically necessary.  In fact, many patients were unable to follow through with the Lap-Band procedure because United denied payment for the pre-operative testing.

932.   In such situations, because the Provider Plaintiffs are out-of-network with United, United's failure to pay the benefits to which the patients are entitled under their plan means that the patients will incur further personal liability if they see their physicians again, and will ultimately be financially responsible.  This threat of liability, which is effectively created by United's behavior and the Plaintiffs' inability to adequately challenge United's payment decisions, is therefore adversely affecting patient care, destroying the peace of mind to which insured patients are entitled, and effectively inhibiting patients' freedom to make medical decisions.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

AMENDED COMPLAINT

933.   Defendants' actions during the claims process up to the current action in failing to produce documents and in mischaracterizing the administrative record demonstrate bad faith.

934.   Through their bad faith failures to provide the requested plan documents, United and/or the ERISA Plan Administrators have incurred, and continue to incur, statutory relief in the amount of $110 per day, per request for which Plaintiffs demanded, but failed to receive, such documentation.  As explained above, each letter to United contained multiple requests for documents.  United and the ERISA Plan Administrators have therefore incurred, and continue to incur, relief for each of the individual requests to which they failed to respond.

935.   Defendants have also extensively violated their fiduciary duty to provide the requested documents.

**F.**   **Plaintiffs Have Exhausted All Appeals and Administrative Remedies.**

936.   Plaintiffs have exhausted all administrative remedies available to them. They appealed virtually every adverse claim determination made by United, at least in those cases in which United rendered an actual adverse benefit decision.  Plaintiffs have literally sent out **tens of thousands** of appeal letters on unpaid claims.  These letters address each and every one of the reasons for denial provided by United.

937.   The following excerpt from one appeal letter sent by Plaintiffs addresses several separate grounds that United commonly asserted for denying claims:

> [T]he patient for this claim is part of a group health insurance policy issued through the insured's employer.  Pursuant to the terms of the Plan, my client was required, and in fact, obtained written approval and pre-authorization prior to the performance of the procedure of this claim.  Based upon this written approval, our office provided the patient with the required necessary medical services.  Thereafter, my client provided your company with a claim requesting payment for the services rendered.
>
> However, your company has improperly refused to process this claim and is withholding and refusing to pay the claim. Although your letter states that your refusal to process and pay this pending claim is based upon a request for further documentation in support of the claim, we hereby notify you that your failure to pay this claim is a breach of the written approval, a violation of ERISA, and forms the basis for other

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

195

AMENDED COMPLAINT

legal causes of actions, including but not limited to Intentional
Misrepresentation.

...

When you initially received my client's claim, if you truly
believed at that time that the claim was incomplete, you should have
requested additional information within this mandated 15 day time
period.  In the alternative, prior to the expiration of the 15 day period,
your company could have requested an extension upon showing of good
cause as defined by ERISA.  No request for any extension has been
received by this office [29 C.F.R. § 2560.503-1(f)(2), (4)].

Therefore, according to ERISA, which regulates this plan, you
cannot refuse to process this claim based on the lack of additional
information because your 15 days to request the additional information
has lapsed.  ERISA makes it clear that you do NOT have any right to
request any additional information for the processing of this claim after
the 15 day period has expired.  Your withholding of full payment of this
pre-service claim is a direct violation of ERISA, among other things.

Your failure to follow the mandatory ERISA claims procedures
automatically deems the claimant to have exhausted all internal
review/administrative remedies.  As such our office is allowed to
immediately pursue all civil causes of actions under ERISA and/or
applicable California law. [29 C.F.R. § 2560.503-1(l)].

938.   Plaintiffs' diligent, persistent and thorough efforts to appeal have
resulted in virtually no additional payment from United.  United was demonstrably
determined not to render claims decisions and not to pay benefits, and additional
appeals would therefore have been futile.

939.   In many cases, Defendants have held Plaintiffs' claims submissions in
limbo without allowing or denying the claims.  Defendants' continuous course of
conduct was intended to withhold all payment from Plaintiffs.  Given that Defendants
were demonstrably determined not to pay benefits, no matter what actions were taken
by Plaintiffs, additional appeals would have been futile.

940.   Where adverse benefit determinations have been made by Defendants,
Plaintiffs have expended significant time and resources in trying to appeal those
decisions.  Moreover, Defendants failed to process Plaintiffs' claims in a manner
consistent or substantially in compliance with the ERISA regulations.  These failures
deprive Plaintiffs of the information and due process necessary to effectively appeal

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1  Defendants' arbitrary denials.  But just as importantly, because of these failures,
2  Plaintiffs' obligation to pursue further administrative remedies are "deemed
3  exhausted" under the ERISA regulations at 29 C.F.R. § 2560.503-1.

4      941.   Specifically, Section 2560.503-1(f) requires that plan administrators
5  notify Plaintiffs of adverse benefit determinations within 90 days of receipt of the
6  claim by the plan.  Defendants, as the Plan Administrators, or as the delegees of the
7  Plan Administrators' responsibilities to adjudicate claims, were required to render
8  adverse benefit determinations within this allowed time frame.  However, Defendants
9  failed to do so; and in many cases, failed to render an adverse benefit determination
10  at all.

11     942.   Moreover, Section 2560.503-1(g) requires that each adverse benefit
12  determination contain the following information in order that beneficiaries and
13  participants have sufficient information to appeal a claim:

14     (i)    The specific reason or reasons for the adverse determination;

15     (ii)   Reference to the specific plan provisions on which the determination is
16  based;

17     (iii)  A description of any additional material or information necessary for the
18  claimant to perfect the claim and an explanation of why such material or information
19  is necessary;

20     (iv)   A description of the plan's review procedures and the time limits
21  applicable to such procedures, including a statement of the claimant's right to bring a
22  civil action under section 502(a) of the Act following an adverse benefit
23  determination on review;

24     (v)    In the case of an adverse benefit determination by a group health plan or
25  a plan providing disability benefits,

26         (A)    If an internal rule, guideline, protocol, or other similar criterion
27     was relied upon in making the adverse determination, either the specific rule,
28     guideline, protocol, or other similar criterion; or a statement that such a rule,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or

(B)    If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

(vi)    In the case of an adverse benefit determination by a group health plan concerning a claim involving urgent care, a description of the expedited review process applicable to such claims.

943.    Despite the clear requirements imposed by these regulations, the EOBs issued by Defendants:

- failed to provide ***the specific reason or reasons*** for their adverse benefit determinations (aside from pretextual reasons such as the supposed inadequacy of medical records submitted);

- failed to make reference to ***specific plan provisions*** on which their benefit determinations or review determinations were based;

- failed to describe any ***internal rules, guidelines or protocols*** relied upon by Defendants in making the adverse benefit determinations, further failed to state that such internal rules, guidelines or protocols were available upon request;

- failed to provide Plaintiffs with a sufficient description of each plan's ***review procedures*** and the ***time limits*** applicable to those procedures, even after repeated requests;

- failed to describe any specific additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

944.   Rather, the EOBs issued by the Defendants (when they actually issued EOBs) were nearly devoid of information about the benefit plans, the reason a claim was being partially or fully denied, and the plan provisions and any internal rules or guidelines that were being used to deny the claim.

945.   The EOBs contained a section, titled "Remarks," that included cryptic comments such as, "payment of benefits has been made in accordance with the terms of the managed care system."  In some cases, the EOB represented, without further explanation, that the plan had paid a "reasonable charge" for "covered" health services, yet did not explain how Defendants had calculated which services were covered.  Nor did the EOBs explain how Defendants had calculated the "reasonable" charge.  At best, they stated – without any further explanation of Defendants' methodology, or any reference to operative internal plan documents or guidelines – that the "reasonable" charge was "based on amounts charged by other physicians or health care professionals in the area for similar services or supplies."

946.   The EOBs issued by Defendants frequently did not even explain that the beneficiary or participant of the plan had the right to appeal; what the plan's review procedures were; or what the applicable time limits were.  Moreover, they did not describe what information would be required to make a proper appeal, nor did it explain why such information was necessary.  Thus, United's EOBs were substantively deficient and failed to comply with any of the key requirements of Section 2560.503-1(g) of the ERISA regulations.

947.   The ERISA regulations also govern appeals of adverse benefit determination, and Defendants were also obligated to comply with these regulations.  Specifically, Section 2560.503-1(h) requires that every employee benefit plan "shall establish and maintain" a reasonable appeals procedure that affords beneficiaries of the plan a "full and fair review."  This includes "an opportunity to submit written comments, documents, records, and other information relating to the claim for benefits," and that the plan provide "upon request and free of charge, reasonable

access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."

948.   Moreover, group health plans administered by the Defendants were required to provide for a review that "does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual." *Id*. (h)(3)(ii).

949.   The ERISA regulations further require that the plan's decision on appeal be rendered "within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan." *Id*. (i)(1)(i).

950.   Yet, when Plaintiffs attempted to appeal Defendants' cryptic claim denials, the Defendants:

- denied Plaintiffs the right to appeal adverse benefit determinations despite clear proof that Plaintiffs possessed valid assignments of benefits to do so on patients' behalf;

- failed to notify Plaintiffs of benefit determinations and review determinations within the reasonable amount of time required after receipt of the claim or appeal;

- failed to provide review of appeals that did not afford deference to the initial benefit determination, and that was conducted by an appropriate named fiduciary of the plan who is independent of the person who made the initial benefit determination;

- uniformly ignored all requests for documents, records, and other information relevant to the claim for benefits, and failed to provide reasonable access to such information;

- denied efforts on the part of Plaintiffs to its right to become sufficiently acquainted with the terms of the ERISA plans, thereby rendering the administrative appeal a futile and meaningless endeavor.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

**G.**     **Example Patient Claims.**

1

2     951.   The following examples amply illustrate why Plaintiffs' claims must be

3 deemed exhausted and that substantive remedies are warranted.  They illustrate the

4 consistency with which United raises, in each example, disingenuous grounds for

5 denial manufactured by United, as well as the ineffectiveness of Plaintiffs' appeals.

6 (To comply with rules regarding protected health information and patient

7 confidentiality, patients' actual names have not been used.

8     952.   These examples leave no doubt that any further exhaustion of

9 administrative remedies would have been futile.  On information and belief, United's

10 consistent course of conduct reflected a secret agenda by United to deny all payment

11 to Plaintiffs' network of clinics and providers.  No matter what the rationale for the

12 denial, and no matter what efforts were made to appeal, United simply would not

13 allow payment on the overwhelming majority of Plaintiffs' claims.

14     953.   To comply with rules regarding protected health information and patient

15 confidentiality, patients' actual names have not been used.  A list of all the patient

16 claims at issue will be provided to United:

17 **Patient 1** - **Defendants Time Warner Cable, Inc., and Time Warner Cable**

18 **Benefits Plan.**

19     (A)     Patient 1, a morbidly obese individual, came to Plaintiff New Life

20 Surgery Center's facility complaining of urinary incontinence and pain in the pelvic

21 area.  As treatment for her incontinence, she received abdominal sling surgery at the

22 facilities of Plaintiff New Life Surgery Center in late 2010 and early 2011.  She also

23 received an Esophagogastroduodenoscopy (EGD) and underwent polysomnography

24 (a sleep study) in connection with her morbid obesity.  On information and belief,

25 Patient 1 was covered under a self-funded ERISA health benefits plan administered

26 by United.  In violation of the ERISA regulations as described above, United

27 arbitrarily withheld payment on at least four separate reimbursement claims

28 submitted by Plaintiffs.  United did so by issuing a string of equally baseless denials

1164009.1

1   on each claim.  In response, Plaintiffs sent detailed appeal letters explaining why the

2   reasons relied upon by United failed to stand up to scrutiny.  Yet United failed to

3   change course and pay any of the claims.  United at no point identified actual

4   language in the member's benefit plan justifying any of its denials – because it could

5   not.

6          (B)    United declined to pay either the surgeon (whose claim was submitted

7   by Plaintiff IMS, through a billing intermediary) or the facility for the abdominal

8   sling surgery, which was performed on January 15, 2011 at the New Life Surgery

9   Center.  United confirmed over the telephone that it received Plaintiffs' facility claim

10  for $35,200 on April 29, 2011.  It also informed Plaintiffs that the claim had been

11  sent to Ingenix for auditing.  United then issued an EOB dated May 23, 2011 that

12  requested a copy of the plan member's ID card.  It issued another EOB dated the

13  following day, May 24, that requested medical records, but provided no other reason

14  for denial.  Plaintiffs provided all the requested information, but United did not

15  process the claim correctly or issue payment.  Rather, the excuses continued: United

16  denied the same claim on the grounds that a related procedure had already been

17  billed.  In an appeal letter on August 24, 2011, Plaintiffs pointed out that the CPT

18  code for this procedure was not related to prior claims, and was in fact a different

19  CPT code.  United then informed Plaintiffs that they could not appeal on behalf of

20  the member because they were not an authorized representative.  In response,

21  Plaintiffs mailed a further appeal letter on September 2, 2011 explaining that

22  Plaintiffs had proof of an adequate assignment of benefits that authorized Plaintiffs to

23  make an appeal on the patient's behalf.  United then responded in a letter dated

24  October 24, 2011 that acknowledged the receipt of the medical records, but claimed

25  without further explanation that eight separate categories of medical records were

26  still required.  However, all of the requested records had either already been

27  provided, or were not relevant to the claim.  To this day, United has declined to pay

28  the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   (C)   United utilized similar methods in denying and refusing to pay Plaintiffs

2   for the surgeon's claim for the abdominal sling surgery, in the amount of $21,470.

3   United represented to Plaintiffs that the claim had been untimely filed, when it had

4   not; and that medical records were not provided, when they had been; and that

5   Plaintiffs were not authorized to appeal, when in fact they had proof of a valid

6   assignment of benefits from the patient.  Putting the lie to these excuses, United paid

7   Plaintiffs for a claim submitted for the anesthesiologist's services on the exact same

8   surgery, based on the exact same set of medical records provided.  Plaintiffs mailed

9   appeal letters on at least June 10, 2011, August 24, 2011, and September 2, 2011

10   explaining these finer points of claim processing to United.  None of them had any

11   effect and to this date, United has declined to pay this claim.

12   (D)   Similarly, United issued denial after denial for Plaintiffs' facility claim

13   for the EGD, in the amount of $4,590.  On March 18, 2011, United issued an EOB

14   that put the claim on "hold" until medical records were provided, including "[d]aily

15   progress notes," "[m]edication records relative to the treatment, and "[d]urable

16   medical equipment records that include copies of the physicians orders" –

17   information clearly not necessary to process a facility claim.  The EOB promised to

18   "process your claim within 15 days" after the requested records were received.  But

19   once Plaintiff had sent out the claims, the claim was not in fact processed.  Instead,

20   United issued a new EOB that now stated that the claim was denied because

21   Plaintiffs had failed to obtain pre-authorization for the procedure.  On July 19, 2011,

22   Plaintiffs mailed out an appeal noting that no pre-authorization was required under

23   the patient's plan prior to the EGD being performed.  After taking the remainder of

24   the year to "re-process" the claim, United ultimately issued an EOB dated December

25   12, 2011 that purportedly denied the surgeon's claim in its entirety as being "in

26   excess of allowed expense," without explaining what the allowed expense was or

27   identifying any provisions in the plan supporting United's interpretation.  To this day,

28   United has declined to pay the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(E)     Likewise, United declined to pay Plaintiffs' $16,525 claim for the sleep study, even though the study required the patient to stay overnight for monitoring. On March 18, 2011, roughly four to five months after the claim was submitted, United issued an EOB that put the claim on hold because medical records purportedly had not been provided.  Plaintiffs sent the requested records out on May 2, 2011, and United later confirmed via telephone that it received the records on May 6, 2011. United, however, failed to process the claim within the 15 days, as the EOB had promised.  Instead, it referred the claim to Ingenix, and directed Plaintiffs to follow up with Ingenix.  Plaintiffs were then told by Ingenix that further medical records were required.  On June 23, 2011, Plaintiffs mailed out an appeal letter that explained that medical records had already been provided.  That same week, United responded by issuing an EOB dated June 29, 2011 denying the claim for yet another reason: that the facility where the sleep study had occurred was not accredited or licensed by the state of California.  On August 26, 2011, Plaintiffs mailed out another appeal letter contesting this new reason for denial that explained that United had already paid the same provider on previous occasions, and provided a W-9 and other documentation for the facility.  The appeal had no effect.  To this day, United has declined to pay the claim.

**Patient 2** - **Defendants Target Corporation and Target Corporation Employee Umbrella Trusteed Benefit Plan.**

(A)     Patient 2 is a beneficiary under the Target Corporation Employee Umbrella Trusteed Benefit Plan.  On December 11, 2010, March 4, 2011, October 21, 2011, December 10 and December 11, 2011, December 26, 2011, December 30 and December 31, 2011, April 12, 2012 and August 30, 2012, Patient 2 had the following medical procedures performed by Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery, and IMS: Endoscopy, Ultrasound, Polysomnography, CPAP Titration, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

United authorized Patient 2 to receive these pre-operative tests and surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 2.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 2:

- On December 16, 2010, December 23, 2010, January 27, 2012, February 29, 2012, September 23, 2012 and September 24, 2012, Plaintiff IMS submitted claims for its professional services, including Endoscopy, Ultrasound, Polysomnography, CPAP Titration, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia.

- On November 9, 2011 and January 12, 2012, Plaintiff Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On February 29, 2012 Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 2, but has refused to pay for the other services provided.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

- "Your claim was not submitted within the time frame specified in your plan documents or contract.  Consequently, we are unable to consider it for payment.  Please refer to your plan document or contract specific requirements for additional information on permissible timeframes for submitting claims."

- "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: History and physical; findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

progress/treatment/medication notes; physician orders for DME along with a copy of invoice and delivery statement."

- "Our records show we have already processed this charge. If this is a corrected claim, the Provider resubmit with all original services and charges indicating the correction being made."

(E)     On December 16, 2010, December 23, 2010, January 12, 2012, November 9, 2011, January 27, 2012 and February 29, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 2. In addition medical records were sent with appeals when the denial reason was lack of records and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on July 19, 2011, August 18, 2011, September 2, 2011, June 25, 2012, November 8, 2012 and February 14, 2013. In connection with each of those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 2 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 2.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     On November 28, 2011, August 19, 2013 and August 21, 2013, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization, even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  (I)   On June 10, June 25, June 27, and August 16, 2012, and February 14,

2  2013, Plaintiffs called United to inquire about status on pending claims.  United

3  acknowledged receiving medical records / provider W-9's from Plaintiffs. United

4  informed Plaintiffs that more information was needed in order to process the claims.

5  (J)   To date, United continues to refuse to pay the claims for Patient 2 but

6  fails to comply with its obligations under ERISA, including under ERISA Section

7  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

8  letters.

9  **Patient 3** - **Defendant Apple, Inc., and Apple, Inc. Health and Welfare Benefit**

10  **Plan.**

11  (A)   Patient 3 received an esophagogastro-duodenoscopy ("EGD"), a

12  procedure required to visualize the upper part of the gastrointestinal tract, at the

13  sterile surgical facilities owned and operated by CIRO Surgery Center, LLC, on

14  March 24, 2012.  Plaintiff CIRO Surgery Center submitted a claim the services.  On

15  May 22, 2012, United mailed a letter to CIRO Surgery Center requesting further

16  medical documentation.  On or around July 12, 2012, Plaintiffs mailed the requested

17  medical records and assignment to United via USPS certified mail.  United

18  acknowledged receipt of those records in a telephone call on or around July 18, 2012,

19  and asked to allow 15 business days for the reprocessing of the claim.  However,

20  United failed to pay the claim after receiving the medical records.

21  (B)   On the same claim, Plaintiff Independent Medical Service submitted,

22  through an intermediary billing company, a claim for the services of the surgeon, and

23  a claim for the anesthesiologist's services.  United handled these professional

24  services claims in the same manner as the facility claim, i.e., by repeatedly requesting

25  records as a pretext to neither allow nor deny the claims indefinitely.  For instance,

26  on July 18, 2012, United informed Plaintiffs' claims department that the surgeon's

27  claim had been denied because United was requesting "complete" medical records.

28  In a follow-up call the next day, United informed the claims department that Ingenix

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1   had denied the claim because it needed more information, such as the "lab report,"

2   and the history and physical report.  Plaintiffs' claims department explained to the

3   United representative that (i) all medical records had already been submitted with the

4   claim, and that (ii) because this was a surgeon's claim, only the operating room

5   report and anesthesia records, which had already been submitted, are typically

6   required.  Nearly a month later, however, United issued an Explanation of Benefits

7   ("EOB") again denying payment for the surgeon's claim and stating that "submitted

8   information was received, however, we are unable to process the claim, as one or

9   more of the following items are missing: history and physical; findings on

10  examination; lab, radiology, pathology, and anesthesia test results; consult reports;

11  operative / procedure report; daily progress / treatment / medication notes; physician

12  orders for DME along with copy of invoice and delivery statement."  As Plaintiffs

13  previously informed United, these requested records had either been provided, or

14  were irrelevant.  It was pointless for United to request a physician's order for DME

15  (Durable Medical Equipment), for instance, because no such equipment had been

16  used or ordered in connection with the professional services provided.  Not

17  surprisingly, despite repeated follow-up by Plaintiffs' claims department, United has

18  never allowed or denied the claim, and on information and belief, continues to

19  repeatedly request medical records as a fictitious means to avoid making such a

20  proper claims decision.

21  **Patient 4** - **Defendants Danaher Corporation and Danaher Corporation &**

22  **Subsidiaries Medical Plan.**

23        (A)     Patient 4 is a beneficiary under the Danaher Corporation & Subsidiaries

24  Medical Plan.  On February 19, 2011, March 26, 2011, May 28, 2011, June 25, June

25  28, 2011, July 25, 2011, August 15, 2011 and October 4, 2011, Patient 4 had the

26  following medical procedures performed by Plaintiffs Modern Institute Of Plastic

27  Surgery and IMS: Endoscopy, Polysomnography, Laparoscopic Gastric Banding and

28  Laparoscopic Cholecystectomy.  For each of the procedures, United authorized

Patient 4 to receive these pre-operative tests at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 4.

(B)    Plaintiffs timely submitted claims for the services they provided to Patient 4.

- On February 19, 2011, June 28, 2011 and October 4, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Gastric Banding and Laparoscopic Cholecystectomy.

- On March 26, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On June 28, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On October 4, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C)    United has paid for some of the services provided by Plaintiffs to Patient 4 but has refused to pay for the other services provided to Patient 4.

(D)    United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

- "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: History and physical; findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily progress/treatment/medication notes; physician orders for DME along with a copy of invoice and delivery statement."

(E)    On March 9, March 15, March 22, 2011, May 4, 2011, May 13, 2011, July 11, July 14, July 29, 2011 and September 18, 2011, Plaintiffs submitted all the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1    medical records for the services provided to Patient 4.  In addition medical records

2    were sent with appeals when the denial reason was lack of and/or incomplete records.

3        (F)   Plaintiffs also appealed the denial of the claims on June 10, June 13,

4    June 16, 2011, July 1, and July 2, 2011.  In connection with those appeals, Plaintiffs

5    made nine requests for documents that the Plan was obligated to provide under

6    ERISA, including requests for a full and complete copy of the Medical Plan for

7    Patient 4 and other instruments under which the Plan is established or operated,

8    including, but not limited to, the internal policies, guidelines, formulas, procedures,

9    methodologies, and/or schedules upon which payment was calculated.  The sample

10   letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the

11   specific document requests that were made on behalf of Patient 4.

12       (G)   Despite these requests, neither United nor the Plan ever provided the

13   requested documents to Plaintiffs.

14       (H)   On August 26, 2013, August 29, 2013 and September 6, 2013, United

15   responded to the Provider Plaintiffs' appeals by acknowledging, as follows:

16       •   United never followed up, however, that appeal was received and United
       would respond within 30 days.

17

18       (I)   On December 30, 2011, January 23, 2012 and March 15, 2012, Plaintiffs

19   called United to inquire about status on pending claims. United informed Plaintiffs

20   that more information was needed in order to process the claims.  United's

21   representatives could not tell Plaintiffs what records United was missing.

22       (J)   To date, United continues to refuse to pay the claims for Patient 4 but

23   fails to comply with its obligations under ERISA, including under ERISA Section

24   1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

25   letters.

26   / / /

27   / / /

28   / / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

210

AMENDED COMPLAINT

**Patient 5** - **Defendants AT&T Corp., and AT&T Umbrella Benefit Plan.**

(A)     Patient 5 is a beneficiary under the AT&T Umbrella Benefit Plan.  On March 12, 2011, March 26, 2011, April 14, 2011, April 18, 2011, July 11, 2011, September 3, 2011, October 1, 2011, November 19, 2011, and December 17, 2011, Patient 5 had the following medical procedures performed by Plaintiffs New Life Surgery Center, Modern Institute Of Plastic Surgery, and IMS: Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy, Echocardiography, Laparoscopic Gastric Band Adjustment and Anesthesia Services.  For each of the procedures, United authorized Patient 5 to receive these pre-operative tests and surgeries at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 5.

(B)     Plaintiffs timely submitted claims for the services they provided to Patient 5.

- On March 25, 2011, April 28, 2011, April 29, 2011, August 22, 2011, September 27, 2011, November 26, 2011, December 21, 2011, December 29, 2011, and October 22, 2012, Plaintiff IMS submitted claims for its professional Endoscopy, Ultrasound, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Cholecystectomy, Echocardiography, Laparoscopic Gastric Band Adjustment and Anesthesia Services.

- On May 9, 2011, August 2, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

- On October 4, 2011, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.

(C)     United has paid for some of the services provided by Plaintiffs to Patient 5 but has refused to pay for the other services provided to Patient 5.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and would "process the claim when [it] receive[d] this information." This EOB did

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: History and physical; findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily progress/treatment/medication notes; physician orders for DME along with a copy of invoice and delivery statement."

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(E)     On March 25, 2011, April 28, 2011, April 29, 2011, May 9, 2011, May 13, 2011, August 2, 2011, August 22, 2011, September 27, 2011, October 4, 2011, and November 26, 2012, Plaintiffs submitted all the medical records for the services provided to Patient 5.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 7, June 10, June 13, and June 14, 2011, July 5, July 11, July 14, July 19, and July 27, 2011, August 15, August 24, and August 25, 2011, and September 17, 2011.  In connection with each of those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 5 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 5.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(H)     United has not responded to Plaintiffs' submitted appeals.

(I)     On August 16, 2011, August 17, 2011, April 12, 2012, April 13, 2012, January 31, 2013, January 28, 2013, May 13, 2013, May 22, 2013, May 27, 2013,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1   June 27, 2013, Plaintiffs called United to inquire about status on pending claims.

2   United acknowledged receiving medical records / provider W-9's from Plaintiffs.

3   United informed Plaintiffs that more information was needed in order to process the

4   claims.  United's representatives could not tell Plaintiffs what records United was

5   missing.

6        (J)   United denied at least some of the claims, such as the claims for the

7   April 14, 2011 date of service that submitted on behalf of Patient 5, on the grounds

8   that "the billed services were not supported."  By this statement, United meant that it

9   was denying the claim for the purported failure to provide all medical records, even

10   though all medical records had, in fact, been received – nothing more and nothing

11   less.  This was confirmed when United affirmed its denial of claims on appeal.  In an

12   appeal denial letter dated January 31, 2012, United concluded that "charges remain

13   not supported."  Its sole justification was that:

14   •   "The following information is needed in order to complete the review: 1
15   Previous medical records related to the procedure.  (Records that
     describe or document the onset, severity of symptoms, conservative
16   treatments, or other surgical treatments rendered including office visits
     and consultations) 2 Preoperative History & Physical 3 Surgical Consent
17   Form 4 Intraoperative/Perioperative Nursing Record 5 Recovery Room
     Record 6 Pathology Reports 7 Admission and Discharge Nurses Notes 8
18   Discharge Instructions 9 Physicians orders 10 Laboratory and X-Ray
     Reports including MRI, CT, Ultrasound, etc. 11 Itemized Facility
19   Statement.  Once the above information is received, further review of
     medical records will be performed to confirm appropriate coding and
20   documentation of the billed services."

21       United's letter further clarified that "[t]his decision does not reflect any view

22   about the medical appropriateness of these services" – i.e., that its denial (and

23   affirmance of the same) was not based upon an evaluation of medical necessity, but

24   rather, only upon the fact that records were purportedly missing.  But United had

25   moved the ball: the records that United now claimed were missing were different

26   from the lengthy list that it previously claimed were missing (see subparagraph (D)

27   above, second bullet).  Of course, Plaintiffs had already submitted all relevant

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  medical records on multiple occasions, and the remaining records requested did not

2  exist and/or were completely irrelevant to United's evaluation of the claim.

3  (K)  To date, United continues to refuse to pay the claims for Patient 5 but

4  fails to comply with its obligations under ERISA, including under ERISA Section

5  1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal

6  letters.

7  **Patient 6** - **Defendants Aegis Media Americas, Inc., and Aegis Media Americas,**

8  **Inc. Benefitplus Flexible Benefits Plan.**

9  (A)  Patient 6 is a beneficiary under the Aegis Media Americas, Inc.

10  Benefitplus Flexible Benefits Plan.  On February 19, 2011, May 5, 2011, July 5, 2011

11  and July 16, 2011, Patient 6 had the following medical procedures performed by

12  Valley Surgical Center and Plaintiffs Modern Institute Of Plastic Surgery and IMS:

13  Endoscopy, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment

14  and Anesthesia Services.  For each of the procedures, United authorized Patient 6 to

15  receive these pre-operative tests and Surgeries at Plaintiffs' surgery centers and/or

16  United informed Plaintiffs that no authorization was necessary for Plaintiffs to

17  provide the services to Patient 6.

18  (B)  Plaintiffs timely submitted claims for the services they provided to

19  Patient 6.

20  • On March 9, 2011, June 7, 2011, and November 15, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric

21     Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services

22

23  • On March 22, 2011, Valley Surgical Center submitted a claim for its facility services in connection with these procedures.

24  • On June 29, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these

25     procedures.

26  • On 2009 Plaintiffs submitted a claim for its facility services in connection with these procedures.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(C)     United has paid for some of the services provided by Plaintiffs to Tammy but has refused to pay for the other services provided to Patient 6.

(D)     United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "submitted information was received, however we are unable to process the claim, as one or more of the following items are missing: history and physical findings on examination; lab, radiology, pathology, and anesthesia test results; consult reports; operative/procedure report; daily progress/treatment/medication notes; physician order for DME along with copy of invoice and delivery statement."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review.  We will process this claim when the review has been completed."

(E)     On March 9, March 22, 2011, June 7, June 29, 2011, and November 15, 2011, Plaintiffs submitted all the medical records for the services provided to Patient 6.  In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(F)     Plaintiffs also appealed the denial of the claims on June 11, June 15, 2011, July 1, July 25, 2011, August 23, August 25, August 29, 2011 and September 13, 2011.  In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Tammy and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated.  The sample letters that are attached as Exhibits A and Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 6.

(G)     Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

(H)     On May 24, June 30, August 19, August 31, September 1, September 7, September 9, September 10, September 12, September 26, September 27, December 10, December 12, December 30, 2011, January 6, January 9, and February 2, 2012, United responded to the Provider Plaintiffs' appeals, as follows:

- Initially, United provided acknowledgement that appeal was received and United would respond within 30 days.

- Subsequently, however, United informed the Plaintiffs that their appeals were denied due to a lack of patient authorization.  This was even though Plaintiffs had previously demonstrated that they held a valid assignment of benefits from the patient that authorized Plaintiffs to make appeals on behalf of the patient.

(I)     On November 9, November 29, 2011, February 15, 2012 and October 4, 2013, Plaintiffs called United to inquire about status on pending claims.  United acknowledged receiving medical records / provider W-9's from Plaintiffs.  United informed Plaintiffs that more information was needed in order to process the claims.

(J)     To date, United continues to refuse to pay the claims for Patient 6 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

954.   Further examples of instances where United and the other Defendants have failed to pay for authorized medical services provided by Plaintiffs to Defendants' beneficiaries, and where Defendants have created pretextual reasons for denial of the claims which is attached hereto as "Appendix A."

## H.   <u>Defendants Have Discriminated Against Plaintiffs' Morbidly Obese Patients.</u>

955.   In addition to arbitrarily and capriciously withholding and/or denying payment, Defendants have actively discriminated against Plaintiffs' other potential patients who were morbidly obese, thus violating both the ADA and FEHA.  Since passage of the Americans with Disabilities Act Amendments Act of 2008, which

1    expanded the definition of disability, the EEOC has made clear that "severe" or

2    "morbid" obesity is a recognized disability under the ADA.

3        956.   Title I of the ADA expressly prohibits employers from discriminating

4    against a "qualified individual" (e.g., employee) on the basis of disability, including

5    through "participating in a contractual... relationship that has the effect of subjecting

6    a covered entity's... employee with a disability to the discrimination prohibited by

7    this subchapter (such relationship includes a relationship with an employment or

8    referral agency, labor union, an organization providing fringe benefits to an employee

9    of the covered entity, or an organization providing training and apprenticeship

10   programs)."  42 U.S.C. § 12112 (emphasis added).  Therefore, Title I encompasses

11   discrimination as to the provision of benefits to employees pursuant to ERISA-

12   regulated benefits plans.

13       957.   Likewise, California's Fair Employment and Housing Act (FEHA)

14   prohibits discrimination in the provision of such benefits on the basis of "physical

15   disability" except where the discrimination is based upon a "bona fide occupational

16   qualification."  Cal. Gov't Code § 12940(a).

17       958.   Moreover, employers, such as the Plans and their sponsors, must attempt

18   to make good faith, reasonable accommodations for their employees' disabilities, and

19   the failure to do so is discriminatory.  42 U.S.C. § 12112(b)(5)(A); Cal. Gov't Code

20   § 12940(m).  By not even attempting to accommodate morbidly obese individuals in

21   their attempt to receive health benefits through their employers, Defendants have

22   therefore discriminated against Plaintiffs' patients who were morbidly obese, and/or

23   aided and abetted employers in discriminating against their morbidly obese

24   employees, by arbitrarily denying authorization and/or payment for Lap-Band

25   surgery and related services, even though the employees' plans clearly covered these

26   procedures or should have covered those procedures in order to be considered non-

27   discriminatory.  Defendants did not deny authorizations or payment for other, non-

28   morbidly obese patients.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1. **Defendants Targeted the Morbidly Obese for Discrimination.**

959.   The requirement that patients participate in, and certify compliance with, a preoperative weight loss and diet regimen further constituted a prohibited "examination and inquiry" under the ADA "as to the nature or severity of the [patients'] disability."  *See* 42 U.S.C. § 12112(d)(4)(A).  This is because monitoring compliance with the regimen necessarily requires inquiry into the "nature or severity" of the patients' morbid obesity.

960.   Similarly, the requirement that patients provide proof from a doctor's office of their weight or BMI for the each of the past five years also presents an unreasonable barrier to the morbidly obese.  It is unreasonable to demand that a morbidly patient must have documented his or her weight and BMI in each of the five preceding years before he or she can be approved for treatment.

961.   Indeed, on information and belief, Defendants were fully aware that the overwhelming majority of Plaintiffs' patients were morbidly obese, and that, more likely than not, these patients had come to Plaintiffs seeking treatment for their disability.  Nonetheless, in violation of the ADA and FEHA, Defendants elected to apply these heightened and unreasonable tests to Plaintiffs' patients – even though Plaintiffs are informed and believed that other beneficiaries and participants of the plans administered by United were not subjected to this heightened level of scrutiny.

2. **Defendants Imposed Scientifically Unjustified Requirements on Morbidly Obese Patients Prior to Surgery.**

962.   Numerous of scientific studies and formal reviews of the scientific literature have found that insurance-mandated weight loss and diet plans of the sort imposed by Defendants, through United, fail to improve patient outcomes and are less effective than bariatric surgery alone.

963.   For instance, a 2011 study published in the peer-reviewed journal Surgery for Obesity and Related Diseases reviewed outcomes for 440 patients who underwent gastric surgery by the same surgeon.  *See* Kuwada TS, Richardson S, El

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1  Chaar M, Norton HJ, Cleek J, Tomcho J, Stefanidis D., <u>Insurance-mandated medical</u>

2  <u>programs before bariatric surgery: do good things come to those who wait?</u>, Surg

3  Obes Relat Dis. 2011 Jul-Aug;7(4):526-30.  The study concluded: "Patients who

4  underwent a standardized MMP [insurance-mandated medical program] had a

5  significant delay in their time to surgery **and did not experience significant benefit**

6  **in their preoperative or postoperative weight loss**.  Insurance companies should

7  abandon the policy of mandating preoperative medical weight loss programs."

8      964.  Likewise, a 2012 meta-analysis of the scientific literature on pre-surgery

9  weight loss programs required by insurance companies concluded that "the

10  insurance-mandated preoperative requirements **confer no appreciable benefit** to

11  bariatric patients.  The ultimate goal of such requirements is questionable,

12  particularly considering that no actual weight loss is required."  Ochner CN,

13  Dambkowski CL, Yeomans BL, Teixeira J, Xavier Pi-Sunyer F, <u>Pre-bariatric surgery</u>

14  <u>weight loss requirements and the effect of preoperative weight loss on postoperative</u>

15  <u>outcome</u>, International Journal of Obesity (2012) 36, 1380-1387.  The article found

16  that requiring a preoperative plan might even be associated with "less-positive

17  postoperative outcomes."  It also concluded that preoperative weight loss

18  requirements would have the perverse effect of rendering patients "ineligible to

19  receive a surgical procedure that would have likely improved their health and quality

20  of life."  Even if enforcing such a policy might have some small benefit to *some*

21  patients, it might be still "unethical" because it would "exclude otherwise eligible

22  candidates from a beneficial surgical procedure in the hopes of improving the

23  postoperative outcomes of others."

24      965.  Other sources are in accord.  For instance, on March 23, 2011, the

25  American Society for Metabolic & Bariatric Surgery (ASMBS), the largest and most

26  prestigious association of bariatric surgeons, released a Position Statement on

27  Preoperative Supervised Weight Loss Requirements which also reviewed the

28  scientific literature and came to similar conclusions.  The scientific evidence, it

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  concluded, simply does not show that preoperative diet and weight loss programs

2  have any effect: "[t]here are no Class I large, adequately powered randomized,

3  prospective trials or meta-analyses to validate the hypothesis that preoperative diet

4  attempts improve bariatric surgery outcomes."  ASMBS Position Statement at 5.[6]

5  Based on its review of the literature, the ASMBS concluded that it is "inappropriate,

6  capricious, and counter-productive given the **complete absence of a reasonable**

7  **level of medical evidence to support such practice**."  *Id*. at 6.  966.  Likewise,

8  California's Department of Managed Health Care recently commissioned its own

9  review of the literature on this subject, and concluded quite bluntly that "[m]andated

10  weight loss prior to indicated bariatric surgery *is without evidence-based support*."

11  Department of Managed Health Care, Review of Weight Loss Prior to Bariatric

12  Surgery, at 2.[7]  The DMHC found that the practice was "not medically necessary"

13  and that [t]he risks of delaying bariatric surgery... are real and can be measured."  *Id*.

14       967.   Nor is there any doubt that the benefits of bariatric surgery for morbidly

15  obese individuals are also real, measurable, and significant.  A 2004 meta-analysis

16  published in the prestigious Journal of the American Medical Association, for

17  instance, concluded that "bariatric surgery in morbidly obese individuals reverses,

18  eliminates, or significantly ameliorates diabetes, hyperlipidemia, hypertension, and

19  obstructive sleep apnea. These benefits occur in the majority of patients who undergo

20  surgery."  Henry Buchwald, Yoav Avidor, Eugene Braunwald, et al., Bariatric

21  Surgery: A Systematic Review and Meta-analysis, JAMA, 2004; 292(14):1724-1737.

22  Conversely, "diet therapy, with and without support organizations, is relatively

25  [6] At the time of filing of this Complaint, this document was available at:
http://asmbs.org/2012/01/preoperative-supervised-weight-loss-requirements/.

27  [7] At the time of filing of this Complaint, this document was available at:
http://www.hmohelp.ca.gov/aboutthedmhc/org/boards/cap/BariatricREV.pdf

1  ineffective in treating obesity in the long term." *Id*.  In addition, "there are currently

2  no truly effective pharmaceutical agents to treat obesity, especially morbid obesity."

3  968.   At least two other studies have found similar results.  One is the long-

4  term, Swedish Obese Subjects Study, a longitudinal study which tracks 2,000

5  subjects who underwent Lap-Band surgery and other kinds of bariatric surgery, along

6  with 2,000 contemporaneously matched obese control subjects receiving usual care,

7  and is still ongoing.  L. Sjöström, <u>Review of the key results from the Swedish Obese</u>

8  <u>Subjects (SOS) trial – a prospective controlled intervention study of bariatric surgery</u>,

9  J Intern Med 2013; 273: 219–234.  This study is in agreement with the results of the

10 JAMA meta-analysis, and in particular, concludes that current drug-only treatments

11 are insufficient and that "[u]ntil more efficient antiobesity drugs are available,

12 surgical treatment of obesity must be more universally accessible." Results from

13 2004 to 2012 from the SOS study have demonstrated that "maintained effects on risk

14 factors over 10 years require 10%–30% maintained weight loss."[8]  The SOS

15 concluded that "Surgery is the only treatment for obesity resulting in an average of

16 more than 15% documented weight loss over 10 years." Id at 8.  Similar to the JAMA

17 analysis, a 2010 review of roughly eight hundred patients in a single Wisconsin

18 hospital during a seven-year span who had either received bariatric surgery, or been

19 denied such surgery by their insurance companies found that those denied obesity

20 surgery had strongly increased incidence of hypertension, diabetes, sleep apnea, and

21 acid reflux, among other disorders.  Harakeh A, Burkhamer K, Kallies K, Mathiason

22 M, Kothari S, <u>Natural history and metabolic consequences of morbid obesity for</u>

23 <u>patients denied coverage for bariatric surgery</u>.  Surgery for Obesity and Related

24 Diseases 6 (2010) 591–596.

25 _____

26 [8] At the time of filing of this Complaint, this document was available at:

27 http://onlinelibrary.wiley.com/doi/10.1111/joim.12012/pdf.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

### 3.   **Defendants' Conduct is a Subterfuge for Discrimination.**

969.   The overwhelming scientific evidence drives home the reality that Defendants' denial of the Lap-Band procedure to morbidly obese individuals is outright discrimination which has nothing to do with underwriting risks.  Instead, Defendants' conduct has everything to do with denying benefits to which those individuals were rightfully entitled.  Thus, Defendants' denials, in addition to being a breach of their fiduciary duties to the plans, were nothing more than subterfuge in order to circumvent the policy goals of the ADA and FEHA and discriminate against individuals who participated in various employer-sponsored health benefit plans or other plans that offered both out-of-network benefits and coverage for bariatric surgery.  See 42 U.S.C. § 12201(c).

970.   Plaintiffs are also informed and believe that in certain situations, Defendants denied payment for bariatric surgery and related services based upon the purported terms of the patient's benefit plan, which Defendants represented did not cover bariatric surgery, such as the Lap-Band surgery or other procedures.  To the extent that the applicable benefit plans themselves in fact denied coverage for the treatment of obesity, including Lap-Band surgery, however, the design of those plans themselves was discriminatory and violated the ADA and FEHA.

971.   Moreover, to the extent that the applicable benefit plans themselves in fact denied coverage, Defendants failed to make any reasonable accommodation for morbidly obese patients under these plans, and failed to have any discussions with the affected individuals and/or with any plan sponsors or employers about making such accommodations.  Defendants are thus, at the very least, guilty of aiding and abetting the violation of the ADA and FEHA in this respect.

### 4.   **Plaintiffs Have Suffered Injury In Fact.**

972.   As a result of Defendants' violations of FEHA and the ADA, Plaintiffs have suffered injury in fact, because the potential patients who came to them seeking Lap-Band surgery for their disability were directly or indirectly denied that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1164009.1

1  opportunity as a result of Defendants' discrimination.  Likewise, Plaintiffs have lost

2  money and/or property as a result of Defendants' denials as alleged above.  Indeed,

3  Defendants' outright refusal to pay any claim submitted by any of the Plaintiffs has

4  impaired their ability to carry out their business affairs, to the point that Plaintiffs

5  may be forced to close their doors and cease providing needed medical services to

6  their morbidly obese patient population.

7     973.   The Defendants have unlawfully shifted the full liability of payment for

8  medical services rendered onto the patients, who have been billed for those services.

9  Defendants' unlawful denial of benefits for those services thereby results in injury in-

10  fact to both the patients and to the Plaintiffs.

11     974.   Moreover, Defendants' denials for the various professional and facility

12  claims at issue in this case has interfered with Plaintiffs' physician-patient

13  relationships and the ability of physicians to care for their patients, such as those

14  needing follow-up appointments for adjustments to their Lap-Band (which are

15  necessary after the band is implanted).  Defendants' conduct resulted in injuries to its

16  insureds' safety and wellbeing and violated their rights to "security" and "peace of

17  mind," which are protected rights for those who maintain insurance.  Defendants'

18  persistent discrimination and failure to pay benefits injured Plaintiffs because it made

19  it impossible for the patients to receive weight loss treatment at Plaintiff's facilities,

20  violated ERISA's implementing regulations, violated ERISA's criminal provisions,

21  violated the ADA and FEHA, and constituted unfair competition against Plaintiffs.

22  Defendants' actions also inflict injury on both its insureds and Plaintiffs because they

23  violate fiduciary responsibilities to the beneficiaries in both their role as an insurer

24  and a third party administrator.

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

# FIRST CLAIM FOR RELIEF

## (By All Plaintiffs for Enforcement Under 29 U.S.C. § 1132(a)(1)(B) For Failure to Pay ERISA Plan Benefits Against All Defendants)

975.    Plaintiffs incorporate the prior paragraphs as thought set forth herein.

976.    Plaintiffs allege this claim for relief in connection with claims for treatment rendered by their clinics to patients covered by a health benefits plan governed by ERISA.  This is a claim to recover benefits, enforce rights and clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B).

## A.    Plaintiffs are Valid Assignees of Plan Benefits.

977.    Plaintiffs have standing to pursue these claims as assignees of their patient's benefits under the ERISA plans.  As alleged above, as a condition of admission, every patient of the Plaintiff providers signed an Assignment of Rights and Benefits form agreeing to, *inter alia*, assign his or her health insurance benefits to Plaintiffs and their assigns.  Each assignment of benefits provides for Plaintiffs to be paid directly by the patient's insurance for the services provided to the patient and granted them the right to make claims, collect, benefits, appeal, and "take all action necessary to obtain the benefits I have, in good faith, been promised by INSURANCE COMPANY and/or employer on my behalf."

978.    In *Misic v. Building Services Employees Health & Welfare Trust*, 789 F.2d 1374, 1379 (9th Cir. 1986), the Ninth Circuit determined that a provider who is "an assignee of [ERISA plan] beneficiaries pursuant to assignments valid under ERISA, has standing to assert the claims of his assignors" against their health plan. Therefore, Plaintiffs have standing to pursue these claims as an assignee of its patients' benefits under health benefit plans governed by ERISA.

## B.    Defendants Violated ERISA

979.    ERISA actions under 29 U.S.C. § 1132(a)(1)(B) may be brought not only against plans, plan fiduciaries, and plan administrators, but also against any individual or entity that effectively controls the decision whether to honor or to deny

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1  a claim.  Plaintiffs are informed and believe that Defendants are proper defendants

2  under this definition.

3      980.  Defendants have breached ERISA plan provisions for benefits by:

4      a.    arbitrarily preventing claims for reimbursement from being processed

5  and paid;

6      b.    failing to render a benefits determination at all;

7      c.    failing to pay Plaintiffs the out-of-network benefits covered under the

8  ERISA plans;

9      d.    fabricating improper rationales for denial;

10     e.    refusing to authorize medically necessary out-of-network Lap-Band

11 surgery and related services; and

12     f.    imposing heightened and discriminatory requirements, in the form of

13 three-and six-months weight loss plans, which were not required by the terms of any

14 of the ERISA plans and had the effect of deterring morbidly obese individuals who

15 were members of the self-insured plans from receiving effective treatment for their

16 condition.

17 **C.    Plaintiffs Have Exhausted Administrative Remedies and Further Appeals**

18 **Would Be Futile.**

19     981.  As alleged above, Plaintiffs have exhausted all administrative remedies

20 available to them.  They appealed virtually every adverse claim determination made

21 by Defendants, at least in those cases in which Defendants rendered an actual adverse

22 benefit decision, as opposed to those cases in which Defendants have merely held

23 Plaintiffs' claims submissions in limbo without allowing or denying the claims.

24 However, Plaintiffs' efforts have not resulted in any payment from Defendants, or in

25 most cases, even a final decision on their claims.  As alleged above, Defendants'

26 continuous course of conduct is intended to withhold all payment from Plaintiffs.

27 Given that Defendants were demonstrably determined not to pay benefits, no matter

28 what actions were taken by Plaintiffs, additional appeals would have been futile.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**D.     Defendants' Decisions Not to Pay Must Be Reviewed *De Novo.***

982.   As detailed above, United has significant incentives to deny the Provider Plaintiffs' claims outright, as it stands to lose financially if Plaintiffs' claims are allowed.  These structural considerations give rise to an apparent conflict of interest.

983.   As alleged above, United is the same entity that both funds and administers the ERISA plans. United's self-interest and self-dealing has caused a breach of its fiduciary obligations.

984.   Moreover, as alleged above, United has made and continues to make decisions with respect to its own self-interest rather than in the best interests of the Plans and their beneficiaries, as required by law.  As demonstrated herein, United's pretextual rationales, unlawful excuses, and repeated baseless requests for documents evidenced a secret agenda on United's part to deny the claims of the Provider Plaintiffs at any cost.  Further, Defendants concealed their actions by not providing any documents regarding the Plan, how claims are administered etc.  failing to engage in an ongoing, good faith exchange of information.

985.   In light of this material and probative evidence, a *de novo* standard must be applied that does not afford any deference to Defendants' actions in handling these claims.

**E.     Plaintiffs are Entitled to Relief under ERISA.**

986.   The Defendants' denial of claims should be reversed because the decisions were wrong, incorrect, improper, unlawful, not based on any evidence, contrary to the plain language of the Plan, an abuse of discretion, and/or arbitrary and capricious.  By reason of the foregoing, Plaintiffs are entitled to past due benefits, future benefits, declaratory relief, prejudgment interest, and attorneys' fees.  The Court should specifically order the Defendants:

      1)    to immediately and timely process the claims in accordance with ERISA, and to cease withholding payment on pretextual, procedural grounds;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

2)      to calculate the past and future benefits pursuant to the terms of the plans, utilizing, where applicable, a valid database that takes into account valid data and the UCR factors of the rates charged by the provider and other surgery centers in the same geographic area at the time;

3)      to pay the Plaintiff providers' usual and customary fees; and/or to determine the UCR rate at which Plaintiffs should be paid without reference to contracted rates for in-network providers;

4)      to properly pay future claims at the usual and customary rate; and

5)      to issue new EOBs for past claims, and correct EOBs for future claims, that are in compliance with applicable regulatory notice standards.

## SECOND CLAIM FOR RELIEF

### (Enforcement Under 29 U.S.C. § 1132(a)(2) For Breach of Fiduciary Duty Against All Defendants)

987.    Plaintiffs incorporates the above paragraphs as though fully set forth herein.

988.    This cause of action is alleged by Plaintiffs on behalf of all ERISA plan members who received out-of-network services from Plaintiffs, and on behalf of the ERISA plans themselves.  This is a claim pursuant to ERISA § 502(a)(2), 29 U.S.C. §1132(a)(2), which authorizes ERISA beneficiaries to bring a suit for appropriate relief under 29 U.S.C. § 1109.  Section 29 U.S.C. § 1109 provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

989.    Plaintiffs have standing to pursue this claim as assignee of the members' benefits under the ERISA plans.  As alleged above, Plaintiffs' patients who are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  participants and beneficiaries of ERISA plans have knowingly and explicitly

2  assigned "**all rights** and benefits" available to them as plan participants and

3  beneficiaries, including the right to sue for a breach of fiduciary duty committed by

4  their ERISA plan administrator.  As the assignee of benefits under the ERISA Plans,

5  Plaintiffs step into the shoes of the "beneficiary" and are also the "claimants" for

6  purposes of the ERISA statute and regulations.

7  990.   United, Optum and each of the ERISA Plan Defendants served as a

8  fiduciary for the ERISA plans at issue.  As fiduciaries, United, Optum and the ERISA

9  Plan Defendants owed the ERISA Plans and the plan members and beneficiaries

10  duties to act with undivided loyalty and prudence in the administration of the plans

11  and to act "solely in the interests of the participants and beneficiaries."  29 U.S.C.

12  § 1104(a)(1).

13  **A.**   **Stop Loss Insurance.**

14  991.   Plaintiffs bring this claim on behalf of the ERISA Plans themselves.  As

15  alleged above, Plaintiffs are informed and believe that United, through OptumHealth

16  Financial, provided "stop-loss" insurance to many of the self-insured plans that

17  United administered.

18  992.   Stop-loss insurance is a form of re-insurance that self-insured plans

19  frequently can and do purchase to help absorb the cost of providing health benefits to

20  their beneficiaries.  Publicly available information demonstrates that United's

21  deductibles for "specific" Stop-Loss coverage are as low as $20,000.  In other words,

22  at the $20,000 deductible level, United would be financially responsible to all claims

23  for any given beneficiary whose medical bills exceed $20,000.  Therefore, United

24  was financially incentivized not to pay Plaintiffs' claims, or at least not to pay claims

25  at a level that would exceed the stop-loss deductible.

26  993.   In fact, in publicly available documents, Optum has recognized that such

27  an arrangement in which a national insurer like United provides "both...

28

1164009.1

1  administrative services and the Stop Loss [insurance]" necessarily results in a

2  "[p]ossible conflict of interest."[9]

3      994.   United failed to "act solely in the interests of the participants and

4  beneficiaries," 29 U.S.C. § 1104, when it purposely create false and pretextual

5  reasons for delaying the processing of, and denying payment on, the claims of

6  providers for the participants and beneficiaries, so that United would incurring

7  liability for stop loss payments to the ERISA Plans.

8  **B.**    **Commissions.**

9      995.   Furthermore, Plaintiffs strongly suspect that another primary motivation

10  that United had for denying Plaintiffs' claims is that United is substantially

11  compensated by the Plans denying or underpaying claims.  Plaintiffs are informed

12  and believe that when United refuses to pay the Plaintiffs for the services that they

13  have rendered, it is paid a commission by the Plans that is based upon a percentage of

14  how much money the Plans "save" by not having to pay Plaintiffs their usual and

15  customary fees.  Thus, United effectively sets its own commission.  This not only

16  violates ERISA, but also violates the terms of the plans, which require usual and

17  customary payment, as these artificial "savings," which are determined arbitrarily by

18  United, bear no relation to a proper determination of Usual and Customary fees.

19      996.   Plaintiffs are informed and believed that the Plans make these kickbacks

20  to United pursuant to a program called the "Facility Reasonable Charge

21  Determination Program" or the "Facility Reasonable & Customary Program," which

22  the Plans agree to as part of their agreements with United by which United provides

23  claims adjudication services for the Plans.  The goal of the Facility Reasonable

24

25  _____

26  [9] Optum, An Introduction to Stop Loss Coverage, at slide 32, *available at*
27  http://www.consultbb.dreamhosters.com/docs/Optum_Health_-_An_Introduction_to_Stop_Loss_Coverage.pdf

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

AMENDED COMPLAINT

Charge Determination Program is to underpay, or even reject outright, claims made by ASCs such as the Plaintiff providers.

997.  United is compensated under the Facility Reasonable Charge Determination Program at a specific percentage of the money that Defendants would otherwise have had to pay to Plaintiffs, had United correctly paid Plaintiffs' claims. This provided a major incentive for United to find ways not to pay Plaintiffs' claims, and to deny those claims on pretextual grounds, such as repeated and unfounded requests for irrelevant and nonexistent medical records.

998.  Likewise, United's receipt of kickbacks and/or commissions is an egregious instance of self-dealing and a breach of fiduciary duties it owes to the beneficiaries and participants of the ERISA plans.  United's behavior violates, at a minimum, 29 U.S.C. § 1106(b)(2), which states that "A fiduciary with respect to a plan shall not—(1) deal with the assets of the plan in his own interest or for his own account...."

999.  Moreover, United's receipt of kickbacks and/or commissions violates United's duty to "act solely in the interests of the participants and beneficiaries," 29 U.S.C. § 1104.

1000. United's receipt of kickbacks and/or commissions also harms the ERISA Plans because United is using Plan funds to pay itself the commissions, rather than using the money to pay legitimate claims for medical services.

1001. Defendants breached their fiduciary duties by (a) failing to properly determine Plan benefits and fairly administer beneficiaries' benefit claims; (b) failing to provide participants and beneficiaries with requested information as required under ERISA statutes and regulations; and (c) improperly delegating Plan administrative duties, and failing to properly supervise to ensure compliance with Plan provisions and ERISA requirements.

1002. Defendants willfully and systematically breached their fiduciary duties of loyalty and prudence by failing to disburse benefits rightfully payable to plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

1164009.1

participants and beneficiaries.  Defendants further breached those fiduciary duties by creating improper and spurious reasons and excuses for beneficiaries to obtain their Plan benefits, even though such reasons and excuses were not based on any provisions in the Plans.

1003. Defendants further and willfully breached their fiduciary duties of loyalty and prudence by failing systematically to provide valid reasons for denials of beneficiary claims, by systematically failing to comply with ERISA requirements for identifying the bases for adverse benefits, and by systematically failing to provide documents and information requested by Plaintiffs to perfect their appeals.

1004. Defendants also breached their duty to process Plaintiffs' claim for benefits diligently and in good faith.

1005. United further breached its fiduciary duty of care by misrepresenting through its preapprovals that the procedures would be covered services when in fact they would ultimately be denied payment.  Similarly, to the extent United represented to Plaintiffs that it would pay Plaintiffs' usual and customary fees and subsequently did not, it has violated its fiduciary duties for which equitable relief is requested.

1006. The ERISA Plan Defendants breached their fiduciary duties by continuing to delegate their duties to administer the plans to the United Defendants even when it became apparent that the United Defendants were failing to administer claims in accordance with the Plan provisions, and was not managing the respective ERISA Plans for the benefit of plan participants and beneficiaries.  The ERISA Plan Defendants also failed to supervise and review the actions of United to ensure that they complied with the Plan documents and ERISA requirements.

1007. United further breached its fiduciary duties by delegating its duties as the Plan Administrator and/or Claims Administrator for each plan to an unqualified third party, Ingenix.  Ingenix was not qualified to review Plaintiffs' claims, and United's reason for delegating such claims to Ingenix was not only to benefit itself but also for the purpose of inducing delay into the claims process and to avoid

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

complying with United's fiduciary duties towards plan participants and beneficiaries. By delegating to Ingenix, United thus enabled the further breaches of its fiduciary duties described in the above paragraphs.

1008. Pursuant to 29 U.S.C. §1105, named fiduciaries such as the ERISA Plan Defendants are liable for the fiduciary breaches of the United Defendants because the ERISA Plan Defendants continued to improperly delegate their duties to the United Defendants.

1009. Also pursuant to Section 1105, the ERISA Plan Defendants are liable for the breach of their co-fiduciaries, the United Defendants, because they were aware of the breaches being committed by the United Defendants, yet made no reasonable efforts under the circumstances to remedy the breaches, and in some instances, participated knowingly in, or knowingly undertook to conceal, the improper acts or omissions of the United Defendants, knowing those acts or omissions were breaches of fiduciary duty.

1010. Section 1105(a) effectively imposes on every ERISA fiduciary an affirmative duty to prevent other fiduciaries from breaching their duties for which they are jointly and severally liable.

1011. By knowingly applying inappropriate criteria in order to improperly deny benefits for medical services to ERISA plan participants and beneficiaries, in violation of the terms of the plan documents, for the benefit of United and the plan sponsors, United and the Plan sponsors jointly violated their fiduciary duties set forth in 29 U.S.C. §§ 1105(a)(1), (a)(2) and (a)(3).

1012. United violated 29 U.S.C. § 1105(a)(1) by knowingly participating in the Defendants' failure to provide the relevant plan documents that ERISA requires Plan Administrators to provide in response to Plaintiffs' repeated requests.

1013. In connection with these same failures, United and Ingenix further breached their fiduciary duties of prudence and loyalty to plan beneficiaries and participants, and thereby enabled further breaches of the fiduciary duties owed by the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  Plans and Plan Sponsors.  The Defendants instituted United as (1) claims

2  administrator, and (2) the entity in charge of providing plan documents to

3  beneficiaries upon request.  The Plans and Plan Administrators failed to properly

4  train the United entities, including but not limited to Ingenix, concerning its

5  disclosure obligations and failed to make sure United was conversant with all plan

6  provisions, definitions and procedures with respect to Claims Administration. The

7  breach of these duties gives rise to liability pursuant to § 1105(a)(2) & (3).

8      1014. Further, United failed to properly train its employees concerning its

9  disclosure obligations and failed to make sure its employees and Ingenix were

10  conversant with all plan provisions, definitions and procedures.  The breach of these

11  duties also gives rise to liability for United's breach pursuant to § 1105(a)(2) & (3).

12      1015. In light of all Defendants' systematic and willful violations of their

13  fiduciary duties to plan beneficiaries and participants, Plaintiffs, as assignee of the

14  members' benefits, on behalf of the members of the ERISA Plans, and on behalf of

15  the ERISA Plans themselves, seek an injunction to remove United from acting as the

16  Plan Administrator and/or Claims Administrator for each of the ERISA plans at

17  issue; and/or, to compel the ERISA Plan Defendants and United to honor the terms of

18  the plans, and to cease committing willful and systematic breaches of their fiduciary

19  duties.

20

21      **THIRD CLAIM FOR RELIEF**

22      **(By All Plaintiffs for Enforcement Under 29 U.S.C. § 1132(a)(3)**
23      **for Injunctive And Other Appropriate Equitable Relief, And**
        **Full and Fair Review Of ERISA Claims)**
24

25      1016. Plaintiffs incorporate the prior paragraphs as though fully set forth

26  herein.

27      1017. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) for equitable relief to

28  redress the Defendants' failures to comply with 29 U.S.C. § 1133, 29 U.S.C.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX: (310) 551-8181

1  § 1106(b)(1), the implementing regulations set forth at 29 C.F.R. § 2560.503-1, and

2  federal common law.

3        1018. Plaintiffs seek equitable relief in connection with United's scheme to

4  obstruct the normal claims administrative process in order to avoid paying Plaintiffs

5  for the medical services that Plaintiffs rendered to insureds and members of health

6  plans administered by and/or funded by United.  Plaintiffs are entitled to the above-

7  stated equitable relief because defendants: (i) systematically deny legitimate claims

8  in an attempt to boost profits; (ii) unreasonably fail to investigate the basis of their

9  denials of claims; and (iii) have unreasonably failed to adopt, implement and apply

10  reasonable or proper standards for investigating and processing claims.

11        1019. To the extent United represented to Plaintiffs that it would pay

12  Plaintiffs' fees and subsequently did not, it has violated its fiduciary duties for which

13  equitable relief is requested.  The remedy of equitable surcharge is also requested to

14  the extent United represented to Plaintiffs that it would pay Plaintiffs' reasonable and

15  customary fees for services that were, in fact, not covered by the Plans.

16        1020. Plaintiffs further seek injunctive relief in connection with United's

17  retaliation, against Plaintiffs, as the assignees of ERISA participants and

18  beneficiaries.  Plaintiffs exercised the rights to which those participants and

19  beneficiaries were entitled under ERISA, in violation of ERISA Section 510, codified

20  at 29 U.S.C. § 1140.  Section 510 states that "The provisions of section 1132 of this

21  title shall be applicable in the enforcement of this section."  Thus, Plaintiffs are

22  entitled to seek injunctive relief for the United Defendants' retaliation under the

23  provisions of Section 1132(a)(3).

24        1021. Plaintiffs seek injunctive relief under Section 1132(a)(3) to require

25  Defendants to timely re-process Plaintiffs' claims in accordance with the terms of the

26  ERISA Plans, and to cease engaging in the various unjust and unjustified tactics that

27  Defendants use to avoid paying Plaintiffs' terms pursuant to the terms of the ERISA

28  Plans.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1022. Plaintiffs further seek injunctive relief under Section 1132(a)(3) to require Defendants to produce all relevant plan documents, which Defendants have uniformly failed to do despite repeated requests by the Plaintiffs.

1023. The tactics that should be enjoined include the following:

- Making repeated and unnecessary requests for medical records as a tactic for delaying and even denying Plaintiffs' claims;

- Forwarding nearly all of Plaintiffs' claims for "further review" by Defendant Ingenix/OptumHealth, and promising that review by Ingenix/OptumInsight would take 15-30 days, while in fact causing the so-called review to last for months or even years;

- Requiring Plaintiffs to separately submit medical records or other documentation to Ingenix/OptumInsight when Plaintiffs have already submitted such documentation directly to United;

- Disregarding Plaintiffs' appeals and insisting that the patient was required to complete United's appeal authorization form, even though Plaintiffs consistently demonstrated that they possessed proper assignments of benefits that permitted them to appeal on their patients' behalf;

- Denying Plaintiffs' claims and appeals for a variety of pretextual reasons unrelated to the terms of the Plans, as described throughout the Complaint;

- Refusing to provide the plan documents that were repeatedly requested by Plaintiffs;

- Retaliating against Plaintiffs, in violation of Section 510, for attempting to lawfully exercise their patients' rights to benefits under ERISA.

1024. Injunctive relief is especially appropriate here, where Defendants have engaged in a massive and systematic abuse of the claims adjudication process in order to avoid paying the overwhelming majority of Plaintiffs' claims for the past

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    three years, in violation of Defendants' fiduciary duties to beneficiaries and

2    participants of the ERISA plans.

3         1025. Plaintiffs are entitled to certain procedural protections concerning the

4    manner in which their claims are handled by ERISA fiduciaries such as Defendants.

5    For instance, Plaintiffs are entitled to a "full and fair review" of all claims that are

6    denied in full or in part. *See* 29 U.S.C. § 1133. Likewise, ERISA's implementing

7    regulations govern fiduciaries' responsibility with respect to the time and manner in

8    which fiduciaries must make claims decisions. *See* 29 C.F.R. § 2560.503-1. Here,

9    Plaintiffs are informed and believe that United functioned as the claims fiduciary for

10   the ERISA plans at issue, and that the ERISA Plans delegated fiduciary claims

11   handling responsibilities to United, including but not limited to, the duty to

12   accurately represent and disclose information concerning pricing and reimbursement

13   methods for out-of-network benefits.

14        1026. The Defendants failed to comply with their obligations to provide a "full

15   and fair review" of denied or partially-denied claims pursuant to 29 U.S.C. § 1133

16   and 29 C.F.R. § 2560.503-1. ERISA requires that all employee benefit plans must

17   "afford a reasonable opportunity to any participant whose claim for benefits has been

18   denied for a full and fair review by the appropriate named fiduciary of the decision

19   denying the claim." 29 U.S.C. § 1133(2). Defendants provided an inadequate review

20   procedure with little to no real dialogue regarding claims. Moreover, rather than

21   appointing a neutral and fair adjudicator, the Plan Defendants have violated

22   Plaintiffs' due process rights by nominating a financially conflicted fiduciary, United,

23   to conduct "full and fair review." United administered claims not as a true fiduciary,

24   but as an adversary bent on denying payment.

25        1027. Defendants not only failed to provide a full and fair review, but they

26   made a mockery of the claims process itself, delaying final decisions on Plaintiffs'

27   claims for years, in many cases, and manufacturing pretextual rationales both to

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1   further delay and to deny claims outright without any real, justified basis that was

2   grounded in the terms of the Plans.

3       1028. When Plaintiffs did receive EOBs containing adverse benefits decisions

4   from Defendants, these notices failed to disclose the reasons for the benefits

5   determination with any specificity, and failed to identify any plan provisions

6   justifying the denial of benefits.  Rather, they cited the same pretextual rationales

7   described above, while avoiding any reference to the terms of any Plan on which the

8   claims decision was supposed to be based.

9       1029. Likewise, when Plaintiffs attempted to appeal, Defendants often refused

10  to accept the appeal, and incorrectly claimed that providers like Plaintiffs lacked

11  direct appeal rights where this newly invented reason, lack of rights to interact with

12  Defendants, was not previously mentioned with calls to UHC and also when the

13  claims and medical records were submitted.  When Defendants did accept appeals,

14  they nonetheless still failed to disclose the reasons for the benefits determination with

15  sufficient specificity.

16      1030. Defendants also failed to conduct a full and fair review of claims by

17  using the same reviewers during both the initial denial and the appeal process in

18  violation of 29 C.F.R. § 2560.503-1(h)(2) and (h)(3)(v).

19      1031. By reasons of the foregoing, Plaintiffs are entitled to (1) a declaration by

20  this Court that the Defendants' actions as alleged herein are in violation of their

21  fiduciary duties and obligations under ERISA, (2) an injunction requiring the

22  Defendants to cease their delay-and-denial tactics and to comply with their fiduciary

23  duties and obligations under ERISA, and (3) an order requiring Defendants to timely

24  re-process the claims and to provide full and fair review of claims to which it is

25  entitled for both past and future claims.  Specifically, the Court should order the

26  Defendants, and each of them, to:

27          (i)    immediately cease the use of the various pretextual gimmicks
                   described above in order to delay and/or deny payment on

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' claims, including but not limited to the repeated demands for medical records and other forms of documentation that are not needed or required and/or do not even exist;

(ii)     timely re-process all claims that have been submitted by the Plaintiffs since United first began its campaign to deny payments to the Plaintiffs, and to pay those claims pursuant to the terms of the ERISA Plans;

(iii)     conduct a "full and fair review" for all claims being re-processed, free of dishonest and surreptitious delay and denial tactics;

(iv)     render timely benefit decisions on all future claims submitted by Plaintiffs within the 90-day limit specified in ERISA's implementing regulations;

(v)     promptly and timely provide Explanation of Benefits and responses to appeals;

(vi)     when adverse benefit determinations are made, disclose with specificity the reasons for the adverse determinations, and cite the specific provisions of the plans that support the determinations;

(vii)     acknowledge the claimant status of out-of-network surgery centers as assignees of the plan members, and afford them the right to appeal claims through the plans' administrative procedures.

1032. Irreparable harm will result if Plaintiffs are not granted immediate injunctive relief under this section. The longer United is allowed to continue to engage in its surreptitious and unethical practices, the more patient care, especially the continuity of care, will be endangered – not to mention patients' finances, as Plaintiffs are being placed into an adversarial position with respect to their patients. Moreover, as described above, Plaintiffs are literally being driven out of business by United, who has already managed to withhold payment on the vast majority of Plaintiffs' claims for the past three years. For all these reasons, Plaintiffs require the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

immediate restoration of the regular claims process and payment on all claims that have been submitted to United, but not paid, for the past three years.

## FOURTH CLAIM FOR RELIEF

### (By All Plaintiffs for Estoppel Under 29 U.S.C. § 1132(a)(3) Against the United Defendants)

1033. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1034. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) to estop the United Defendants from refusing to pay the Provider Plaintiffs for claims that United previously represented that it would pay the Providers' reasonable and customary charges.

1035. When Plaintiffs called United for insurance verification purposes, they asked United whether out-of-network benefits were available under the terms of the patients' plans for the medical services that Plaintiff intended to perform.  In virtually every instance, United's representatives responded that they were.

1036. During these calls, Plaintiffs further inquired whether United would pay the Plaintiff Providers' reasonable and customary charges.  Again, in virtually every instance, the United representative responded in the affirmative.

1037. Furthermore, for medical services that United indicated required an authorization, Plaintiffs sought, and received, such authorization from United before providing such services to the patient. For medical services not requiring an authorization, Plaintiffs relied on United's representation to Plaintiffs during the initial verification phone call that no authorization was required.

1038. Plaintiffs reasonably and actually relied on the statements by the United Defendants that the services were authorized, or that no authorization was needed.

1039. Plaintiff likewise reasonably and actually relied on the statements by the United Defendants that out-of-network surgical benefits were available under the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  terms of the plans and that the Defendants would pay the Providers' reasonable and

2  customary charges, to their detriment.  Defendants did not provide Plan documents to

3  Plaintiffs despite repeated requests and thus, the Plaintiffs were unsure of the terms

4  of the Plans.  In reliance on these representations, Plaintiffs in good faith rendered

5  medical services to the patients.  Having provided these valuable medical services,

6  Plaintiffs have now been harmed because United refuses to pay Plaintiffs their

7  reasonable and customary fees, as United promised.

8        1040. Defendants intended that Plaintiffs rely upon the representations

9  described above.  It is common practice in the trade of the health care industry for

10  plans to make these statements to tell providers that the providers will get paid for

11  services to the members of the plans.

12        1041. On information and belief, the language of the plans pertaining to

13  benefits for out-of-network surgery of the kind offered by the Provider Plaintiffs

14  were ambiguous.

15        1042. Furthermore, extraordinary circumstances exist because of the

16  breathtaking scope of the United Defendants' willful and systematic breaches of the

17  fiduciary duties they owed to the beneficiaries and participants of the ERISA Plans,

18  and the resulting non-payment of millions of dollars' of reasonable and customary

19  charges for medical services that the Provider Plaintiffs provided to beneficiaries,

20  participants and insureds of benefit plans administered and/or funded by the United

21  Defendants, resulting in the severe detriment of Plaintiffs.

22        1043. Accordingly, the United Defendants are estopped from contending that

23  the services it authorized are not payable due to lack of authorization, and are

24  estopped from refusing to pay the reasonable and customary value for these services.

25  / / /

26  / / /

27  / / /

28  / / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

AMENDED COMPLAINT

# FIFTH CLAIM FOR RELIEF

## (By All Plaintiffs for Reformation of Plan Terms Under 29 U.S.C. § 1132(a)(3) Against the United Defendants)

1044. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1045. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) to reform the terms of those ERISA Plans that, by their terms, discriminate against the morbidly obese by denying benefits, including bariatric surgery benefits, to Plaintiffs' morbidly obese patients.

1046. On information and belief, Defendants defrauded the morbidly obese participants and beneficiaries of the plans by inducing them to sign up for those plans without revealing to them that coverage for bariatric services was illegally excluded, and without revealing to them that Defendants would impose unlawful barriers to appropriate care, such as six-month weight loss regimens and requiring proof of the patients' weight for each of the prior five years, before bariatric benefits would be granted.

1047. Likewise, Defendants failed to reveal material facts to the morbidly obese participants and beneficiaries of the plans, specifically that the exclusions for bariatric services, and the hurdles imposed before those patients could be reimbursed for those services, violated the Americans with Disabilities Act and/or the California Fair Employment and Housing Act.  The participants and beneficiaries of these plans signed up for these plans in reliance on the failures of Defendants to reveal these material facts, to their detriment.

1048. Plaintiffs therefore seek that the terms of such plans be rewritten to remove any exclusion relating to bariatric surgery, and to clarify that Defendants may not impose hurdles such as six-month weight loss regimens and requiring proof of the patients' weight for the prior five years before payments for bariatric surgery may be made under the terms of the plans.

AMENDED COMPLAINT

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

# SIXTH CLAIM FOR RELIEF

### (By All Plaintiffs for the Equitable Remedy of Surcharge/Unjust Enrichment Under 29 U.S.C. § 1132(a)(3) Against the United Defendants)

1049. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1050. This is a claim pursuant to 29 U.S.C. § 1132(a)(3) for the equitable remedy of surcharge.

1051. The United Defendants have breached their fiduciary duties to the plans, and to plan participants and beneficiaries, by failing to disburse benefits rightfully due to participants and beneficiaries and by improperly delegating its claims administration responsibilities to an unqualified third party, Defendant Optum/Ingenix. This has resulted in conversion of property that rightfully belongs to the plans, namely, the correctly calculated benefits that should have been paid to Plaintiffs as assignees of the plan participants and beneficiaries.

1052. In addition to harming the plans, participants and beneficiaries of those plans have been harmed by United's breaches of fiduciary duties to them, in the amounts that United has failed to disburse to them for medical services rendered to the participants and beneficiaries, and the conversion of those assets, which belong to the plans. By extension through their assignments of benefits to Plaintiffs, Plaintiffs have been harmed.

1053. Plaintiffs therefore seek the equitable remedy of surcharge as to the property of the plans that has been converted by United, in order to make Plaintiffs whole and put them in the position that they would have been in but for Defendants' breaches of fiduciary duty.

1054. The self-funded Plans have benefitted from the delay and denial of benefits due Plaintiffs. At a minimum, they had the interest-free use of money that should have been paid to Plaintiffs for their claims. Restitution would thus force the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1   Defendant plans to disgorge the gains enjoyed from the delay and denial that their

2   breach of trust helped to bring about.

3

4                          **SEVENTH CLAIM OF RELIEF**

5   **(By All Plaintiffs against the United Defendants and the ERISA Plan**
    **Administrator Defendants for Production of Documents Under 29**
6   **U.S.C. §§ 1024(b), 1104, and 1133(2), and for Statutory Relief Under**
7   **29 U.S.C. § 1132(c)(1), injunction relief under 29 U.S.C. § 1132(c)(1)**
8   **and equitable relief under 29 U.S.C. § 1132(a)(3))**

9   1055. Plaintiffs incorporate the prior paragraphs as though fully set forth

10  herein.

11  A.      **Plaintiffs are Entitled to the Documents They Seek Under 29 U.S.C.**
12          **§ 1024(c).**

13  1056. 29 U.S.C. § 1024(b) requires defendants to produce the "summary plan

14  description, and the latest annual report, any terminal report, the bargaining

15  agreement, trust agreement, contract, or other instruments under which the plan is

16  established or operated."

17  1057. Similarly, "it is the view of the Department of Labor that for purposes of

18  section 104(b)(2) and 104(b)(4), any document or instrument that specifies

19  procedures, formulas, methodologies, or schedules to be applied in determining or

20  calculating a participant's or beneficiary's benefit entitlement under an employee

21  benefit plan would constitute an instrument under which the plan is established or

22  operated, regardless of whether such information is contained in a document

23  designated as the 'plan document' " Dep't of Labor Adv. Op. Letter 96-14a (July 31,

24  1996).

25  1058. The documents sought by plaintiffs fall within the ambit of this section.

26  As this Court, and the Ninth Circuit, have noted:

27          The relevant documents are those documents that provide individual
            participants with information about the plan and benefits.  As the
28          legislative history bears out, the documents contemplated by § 104(b)(4)

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4

are those that allow "the individual participant [to] know[] exactly where he stands with respect to the plan – what benefits he may be entitled to, what circumstances may preclude him from obtaining benefits, what procedures he must follow to obtain benefits, and who are the persons to whom the management and investment of his plan funds have been entrusted. S. Rep. No. 127, 93rd Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 4838, 4863.

5   *Eden Surgical Center v. Budco Group, Inc*., No. CV-09-3991 AHM (Ex), 2010 WL

6   2180360, at *6 (May 27, 2010) (citing Hughes Salaried Retirees Action Committee v.

7   Administrator of Hughes Non-Bargaining Retirement Plan, 72 F.3d 686, 690 (9th

8   Cir. 1995)).

9   1059. The documents sought by plaintiffs in this case are "instruments under

10   which the plan is established and operated."  Plaintiffs have requested in writing all

11   documents and instruments relied upon by defendants to determine what claims and

12   amounts were reimbursable under the plans.  Those documents and instruments

13   govern the operation of the plan.  *Mondry v. Am. Family Mut. Ins. Co.,* 557 F.3d

14   781,801 (7th Cir. 2009).

15   1060. The purpose of the disclosure provisions of 29 U.S.C. § 1132 is to

16   ensure that "the individual knows exactly where he stands with respect to the plan[.]"

17   *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989). Without these

18   documents, plaintiffs do not know exactly where they stand with respect to the plan.

19   Without the information, plaintiffs do not have all of the information they need in

20   order to know how claims are processed and reimbursements (or lack thereof) were

21   calculated.

22   1061. As instructed by the ERISA plan defendants, plaintiffs directed all

23   requests and appeals for documents relating to the operation of the plans to United.

24   United was in all instances the Claim Administrator, and in some instances, the

25   designated Plan Administrator, to whom administrative duties were expressly

26   delegated by the plans, and/or plan sponsors. United and the ERISA plan defendants,

27   have repeatedly, in bad faith, refused to produce any of the documents requested by

28   plaintiffs.  In fact, United and the ERISA plan defendants have refused to even

1  respond to the requests for documents and instruments.  There are two possible

2  reasons for these actions.  The first possibility is that Defendants lacked

3  administrative processes and safeguards to ensure claim determinations were made in

4  accordance with plan documents and that similarly situated claimants were treated

5  similarly, and that no statements of policy or guidance existed to guide Defendants'

6  representatives in evaluating Plaintiffs' claims. The second reason is that Defendants

7  had such processes, safeguards, and policies, but refused to share them with Plaintiffs

8  during the claims process. Either situation would violate ERISA regulations.  The

9  Defendants' refusal to produce ERISA mandated documents continues into this

10 action.

11     1062. Under 29 U.S.C. § 1132(c)(1) "the court may in its discretion order such

12 other relief as it deems proper"  and Plaintiffs request injunctive relief to compel

13 Defendants to immediate produce the legally required documents requested over

14 25,000 times to date but refused by the Defendants.

15 **B.**    **Plaintiffs are Entitled to the Documents They Seek Under 29 U.S.C.**

16     **§ 1104.**

17     1063. 29 U.S.C. § 1104(a)(1)(A) imposes a duty upon plan fiduciaries to

18 provide to beneficiaries and participants all information requested by those

19 beneficiaries and participants that "relates to the provision of benefits or the

20 defrayment of expenses [of administering the plan]." *Hughes Salaried Retirees*

21 *Action Comm. v. Adm'r of Hughes Non-Bargaining Ret. Plan*, 72 F.3d 686, 693 (9th

22 Cir. 1995).

23     1064. Despite over 25,000 requests by Plaintiffs, Defendants failed to produce

24 any documents relating at least to "the provision of benefits" under the applicable

25 ERISA benefit plans.

26     1065. Defendants have therefore breached their fiduciary duties to administer

27 the Plans "with the care, skill, prudence, and diligence under the circumstances then

28 prevailing that a prudent man acting in a like capacity and familiar with such matters

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  would use in the conduct of an enterprise of a like character and with like aims," 29

2  U.S.C. § 1104(a)(1)(B).

3  **C.**     **Plaintiffs are Entitled to the Documents They Seek Under 29 U.S.C.**

4         **§ 1133(2).**

5         1066. 29 U.S.C. § 1133(2), as implemented by 29 C.F.R. 2560.503-1, specifies

6  that

7         "… the plan administrator shall provide a claimant with written or

8         electronic notification of any adverse benefit determination. Any

9         electronic notification shall comply with the standards imposed by 29

10        C.F.R. 2520.104b-1(c)(1)(i), (iii), and (iv). The notification shall set

11        forth, in a manner calculated to be understood by the claimant—

12             (i)   The specific reason or reasons for the adverse determination;

13             (ii)   Reference to the specific plan provisions on which the

14        determination is based;

15             (iii)   A description of any additional material or information

16        necessary for the claimant to perfect the claim and an explanation of

17        why such material or information is necessary;

18             (iv)   A description of the plan's review procedures and the time

19        limits applicable to such procedures, including a statement of the

20        claimant's right to bring a civil action under section 502(a) of the Act

21        following an adverse benefit determination on review;

22             (v)   In the case of an adverse benefit determination by a group

23        health plan or a plan providing disability benefits;

24                  (A)   If an internal rule, guideline, protocol, or other similar

25        criterion was relied upon in making the adverse determination, either the

26        specific rule, guideline, protocol, or other similar criterion; or a

27        statement that such a rule, guideline, protocol, or other similar criterion

28        was relied upon in making the adverse determination and that a copy of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  such rule, guideline, protocol, or other criterion will be provided free of

2  charge to the claimant upon request; or

3  (B)  If the adverse benefit determination is based on a

4  medical necessity or experimental treatment or similar exclusion or

5  limit, either an explanation of the scientific or clinical judgment for the

6  determination, applying the terms of the plan to the claimant's medical

7  circumstances, or a statement that such explanation will be provided free

8  of charge upon request.

9  (vi)  In the case of an adverse benefit determination by a group

10  health plan concerning a claim involving urgent care, a description of

11  the expedited review process applicable to such claims.

12  1067.  As alleged above, these are precisely the documents requested by

13  plaintiffs from defendants in writing.  As instructed by the ERISA Plan defendants,

14  the Provider Plaintiffs made such requests of the plans' agent, United.  United was in

15  all instances the Claim Administrator, and in some instances, the designated Plan

16  Administrator, to whom administrative duties were expressly delegated by the plans,

17  and/or plan sponsors.

18  1068.  In thousands of appeals letters that Plaintiffs sent to United in United's

19  capacity as both the Claims Administrator and Plan Administrator with respect to

20  many thousands of the patient claims in this case, Plaintiffs explicitly demanded that:

21  If you believe that the Claim was previously correctly paid or paid in
accordance with the guidelines of the participant's plan, **we demand**

22  **that you immediately provide the plan, internal policies, guidelines,**
**formulas, procedures, methodologies and/or schedules on how you**

23  **calculated the payment.**  According to ERISA § 104(b)(2) you must
provide this information upon request.

24  If the Claim was denied, then we demand you provide in detail with

25  **reference to the terms of the Plan, internal policies, guidelines,**
**formulas, procedures, methodologies and/or... the grounds for the**

26  **denial.**  According to ERISA § 104(b)(2) you must provide this
information upon request.

27  In response to this request, you must provide exact and detailed reasons

28  of payment or non-payment.  **Your response must include what you**

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**relied on in the Plan, internal policies, guidelines, formulas, procedures, methodologies and/or schedules...**

1069. Similarly, with respect to thousands more of the patient claims in this case, Plaintiffs made the following set of requests for documents to United in United's capacity as both the Claims Administrator and Plan Administrator:

29 C.F.R. §2560.503-1(g)(1)(i)-(iv) requires your company to provide documentation that you relied on for any adverse benefit determination "in a manner calculated to be understood by claimant." Thus, if you continue to refuse to pay this benefit claim in full, this benefit claim will be deemed to be an "adverse benefit determination" under ERISA §503, **and you will be required to send the provider the following information "in a manner calculated to be understood by claimant" within thirty days:**

> 1) **a full and complete copy of the Medical Plan for this patient**;
>
> 2) specific and detailed reasons for the adverse determination;
>
> 3) **the internal "claims file" that you have for this claim, including internal memos and notes**;
>
> 4) **any contracts and/or agreements that you have with the employer of this patient**;
>
> 5) **detailed and the exact methodology that was used to calculate the payment**;
>
> 6) **references to the specific plan provisions on which the determination is based**;
>
> 7) a description of any additional material or information necessary for the provider to perfect the claim and a detailed explanation of why such material or information is necessary; and
>
> 8) **a copy and a detailed description of your internal review procedures and the time limits applicable to such procedures**;
>
> 9) a detailed log and an electronic audio copy of the recorded phone conversation between your company and the provider.

1070. Plaintiffs maintained detailed records of the thousands of requests for records that they have sent to United. As demonstrated above, each of these letters contained multiple requests for multiple kinds of plan documents.

1071. Despite plaintiffs repeated requests, United and the ERISA plan defendants have failed and refused to respond to the requests, and have failed and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1  refused to produce any such documents.  As this Court in *Eden Surgical Center* held,

2  plaintiffs are entitled to such documents.

3  **D.      ERISA Provides for Statutory and Equitable Relief.**

4      1072. Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a

5  plan administrator who "fails or refuses to comply with a request for any information

6  which such administrator is required by this subchapter to furnish to a participant or

7  beneficiary." 29 U.S.C. § 1132(c)(1); 29 C.F.R. 2575.512c-3.

8      1073. In *Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 90 (2d

9  Cir. 2001), the court listed the factors to consider in determining whether to impose

10  relief "including bad faith or intentional conduct on the part of the administrator, the

11  length of the delay, the number of requests made and the documents withheld, and

12  the existence of any prejudice to the participant or beneficiary."  Every one of these

13  factors is present in this case.

14      1074. This case involves thousands of patients.  For over 4 years, Plaintiffs

15  sent letters to United requesting the documents upon which it relied in either denying

16  or underpaying the claims.  For many patients, multiple letters were sent requesting

17  the information that ERISA requires plans to provide.  Since 2010, plaintiffs have

18  mailed in excess of document request letter 25,000 letters and **none** have been

19  answered.  Many of the letters were sent by certified mail.

20      1075. United and the ERISA Plan Defendants have intentionally, and in bad

21  faith, refused to even respond to the letters.  Moreover, United and the plan

22  defendants have intentionally, and in bad faith, refused to produce any documents in

23  response to the letters.

24      1076. The failure of the Defendants to produce the documents in response to

25  Plaintiffs' repeated requests for information, which the Defendants were required to

26  furnish under at least Sections 1024, 1104, and 1133 of ERISA, has severely

27  prejudiced plaintiffs and their patients.  As a result of defendants' refusal respond to

28  the document requests, plaintiffs and their patients have been unable to know where

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

they stand with respect to the plan benefits, whether the medically necessary services – which, by the way, United previously authorized – will be paid according to the terms of their plans, what information and documents are needed to obtain the plan benefits to which they are entitled, or what procedures to follow to obtain such benefits.  As a result of the uncertainty as to whether their United-authorized medical services will ever be paid for, many patients have chosen not to have medical procedures necessary to alleviate their serious symptoms.  For example, some patients who have received Lap-Band surgeries have chosen not to go to follow up visits with their physicians, or have adjustments to the Lap-Bands, because of their uncertainty of their situations.  Other patients who have undergone pre-operative testing and have qualified for Lap-Band surgery, have not had the Lap-Band procedures done because of defendants' actions.  Other patients have not had some pre-operative tests performed, or other medically necessary surgeries performed, because of defendants' bad faith actions.  Thus, Defendants have purposely interfered with the patient-physician relationship and compromised the health and thousands of patients.

1077.  Plaintiffs have suffered prejudice by Defendants' to provide the documents that Plaintiffs requested of them because Plaintiffs were unable to identify – and are still unable to identify – the specific plan provisions upon which the Defendants purportedly based their denials.  Thus, Plaintiffs are unable to effectively appeal Defendants' denials of their claims.  Moreover, Plaintiffs lacked access, and continue to lack access to, documents explaining or justifying United's internal claims review procedure, and the time limits applicable to such procedures.  Thus, Plaintiffs were powerless to combat the Defendants' apparently arbitrary and pretextual requests for documentation and ultimately, their unexplained denials of Plaintiffs' claims.

1078.  The relationship between the physicians and their patients has been adversely affected by Defendants' actions or inaction.  Many providers have been

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  unable to provide the medically necessary surgeries or services to their patients

2  because of the uncertainty created by Defendants' actions.  Plaintiffs' practices and

3  businesses have evaporated, and many employees have had to be terminated, because

4  of Defendants' bad faith actions.

5       1079. United and the ERISA Plan Defendants have no justification for refusing

6  to comply with their statutory obligations to provide the necessary information to

7  Plaintiffs.  Therefore, United and/or the ERISA Plan Defendants have incurred, and

8  continue to incur, statutory relief in the amount of $110 per day, per each request for

9  which Plaintiffs demanded, but failed to receive, such documentation. The maximum

10  amount of restitution is appropriate in this case due to 1) the administrator's bad faith

11  and/or intentional conduct; 2) the length of the delay; 3) the number of requests

12  made; 4) the extent and importance of the documents withheld; and 5) the existence

13  of prejudice to the participants and beneficiaries.

14       1080. United, as Claims Administrator, and the Defendant Plans breached the

15  fiduciary duty to disclose documents requested by Plaintiffs and equitable relief must

16  be provided.  Under the express terms of 29 U.S.C. § 1024(b), Plaintiffs were entitled

17  to copies of plan documents.  Plaintiffs could not effectively challenge United's

18  decisions to deny their claims which must be based on these documents without

19  knowing their contents.  Yet Defendants failed to discharge their fiduciary duty as the

20  claims/plan administrators to provide Plaintiffs with the plan documents.

21       1081. Further, to the extent United or other co- fiduciaries were responsible in

22  the prevention of appropriate production of records under their co-fiduciary

23  responsibility under 29 U.S.C. § 1105 and as required by ERISA, equitable relief in

24  the amount of $110 per day is requested under 29 U.S.C. § 1132(a)(3) for such

25  breaches of co-fiduciary responsibility.

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

# EIGHTH CLAIM FOR RELIEF

### (By All Plaintiffs for Unfair Business Practices in Violation of California Business & Professions Code §§ 17200 et seq.)

1082. Plaintiffs incorporate the prior paragraphs as though fully set forth herein.

1083. Plaintiffs assert this cause of action in their own independent right, and not based upon the Assignment of Benefits Plaintiffs received from their patients.

A. **Defendants' Unlawful, Unfair and Fraudulent Business Practices and Acts.**

1084. The Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined by California Business & Professions Code Section 17200 as including "any unlawful, unfair or fraudulent business act or practice …."

1085. The United Defendants have engaged in a pattern of unfair, unlawful and/or fraudulent business acts and practices against Plaintiffs as set forth below:

a.      The United Defendants have illegally discriminated against members of the ERISA plans in the provision of fringe employment benefits on the protected basis of those members' morbid obesity, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq.

b.      The United Defendants have illegally discriminated against members of the ERISA plans in the provision of fringe employment benefits on the protected basis of those members' morbid obesity, in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.

c.      The United Defendants used arbitrary, capricious and improper methods to improperly deny or underpay Plaintiffs' claims.

d.      The United Defendants routinely misrepresented that Plaintiffs' claims would be paid, when in fact Defendants had no intention of paying any of Plaintiffs' claims.

1164009.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

e.     The United Defendants routinely requested medical records and provider documentation that had already been provided and were not necessary to adjudicate Plaintiffs' claims, as a way to delay adjudication of the claims.

f.     The United Defendants routinely referred Plaintiffs' claims to Defendant Ingenix for so-called "review."

g.     The United Defendants routinely denied Plaintiffs' claims based on flimsy procedural rationales, including that medical records had not been provided or that a provider was not "recognized," that were not grounded in the terms or the language of the insurance plan.

h.     The United Defendants interfered with Plaintiffs' contracts with Third Party Payors, including Multiplan and Three Rivers.

i.     The United Defendants willfully violated numerous provisions of ERISA, as detailed in this complaint and Appendix A, at least tens of thousands of times, which could subject United Defendants to criminal penalties under 29 U.S.C. § 1131.  For example:

i)     The routine deficiencies in United's EOBs and denial letters—including failure to state specific reasons for benefit termination; failure to cite the plan provisions upon which the decision was based; failure to identify what, if any, additional information or documents could perfect a claim and to explain why such documents or information were necessary; and failure to advise of the right to file suit under ERISA—all violate 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, as detailed in Paragraphs 24, 882, 885 & 940, *supra*.

ii)     United's reliance on flimsy procedural rationales to prolong and deny the claims review process has enabled United to avoid identifying actual provisions in the plans on which the denial of payment is based and has deprived Plaintiffs of the information needed for the appeal process, thereby "unduly inhibit[ing] or hamper[ing]" beneficiaries from claiming benefits in violation of 29 C.F.R. § 2560.503-1(b)(3), as detailed in Paragraphs 26 - 30, 884 & 940, *supra*.

iii)     United's practice of unilaterally determining the amount of administrative fees it collects from various plan funds, without disclosure to or approval of plan participants or beneficiaries, constitutes prohibited self-dealing in violation of 29 U.S.C. § 1106(b)(1), as detailed in Paragraphs 905 - 908, *supra*.

iv)     With respect to claims determination, the United Defendants' systematic and willful failure to pay plan participants and beneficiaries' claims, withholding of funds constituting plan assets, and loan, transfer or retention of these assets all constitute prohibited transactions under 29 U.S.C. § 1106(a)(1)(B), (a)(1)(D) & (b)(1), as detailed in Paragraph 895, *supra*.

v)     With respect to the delegation of plan administrative duties, United Defendants' delegation of the determination of payment and calculation of provider compensation rates to a third party for the improper purpose of denying payment and/or underpaying providers and thereby generating revenue for United Defendants constitutes a "transaction involving the plan on behalf of a party... whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries," and thus results in prohibited transactions under 29 U.S.C. § 1106(b)(2), as detailed in Paragraphs 895 and 898 - 904, *supra*.

vi)     United's retaliation against Plaintiffs, as the assignees of ERISA participants and beneficiaries, based on Plaintiffs' exercise of the rights to which those participants and beneficiaries are entitled under ERISA violates 29 U.S.C. § 1140, as detailed in Paragraphs 911 - 917 & 940, *supra*.

vii)     United's failure or refusal to provide information required by ERISA, including documentation relied on for adverse determinations and summary plan descriptions or other instruments under which the plan is established or operated violates 29 U.S.C. §§ & 1024(b), 1132(c)(1) & 1133, 29 C.F.R. §§ 2650.503-1 & 2575.512c-3, as detailed in Paragraphs 918 - 935 & 940, *supra*.

j.     The United Defendants knowingly made false statements in and concealed facts concerning documents required by ERISA, which false statements

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

1  were published and provided to Plaintiffs and kept as part of the records of employee

2  welfare benefit plans and/or certified to the administrator of such plans, as detailed in

3  this complaint and Appendix A, at least tens of thousands of times, in violation of 18

4  U.S.C. § 1027.

5          k.      The United Defendants engaged in prohibited transactions, in

6  violation of 29 U.S.C. §§ 1104, 1105, and 1106, and illegally converted plan assets to

7  their own benefit, in violation of 18 U.S.C. § 664, the criminal statute prohibiting the

8  conversion of plan assets, as detailed in this complaint, at least tens of thousands of

9  times.  For example, to the extent that United or a United affiliate, as the claims and

10  plan administrator, offered stop loss insurance, United or a United affiliate had an

11  economic incentive to deny benefits to the beneficiaries and thereby reduce its

12  liability at the expense of the beneficiaries, which constitutes self-dealing and a

13  conflict of interest, as detailed in Paragraphs 895 and 898 - 904, *supra*.  Upon

14  information and belief, United also converted plan assets by receiving illegal

15  commissions from plans for facility claims, i.e., by receiving from plans a portion of

16  the "savings" or reduction in providers' charges that resulted from the claims review

17  process, as detailed in Paragraphs 905 - 908, *supra*.

18          l.      The United Defendants misused their positions as fiduciaries for

19  private gain in furtherance of their scheme to defraud Plaintiffs and deny Plaintiffs'

20  claims.  As detailed in the complaint and Appendix A, United Defendants used the

21  mail, internet, and telephone to carry out their scheme in violation of the mail, wire,

22  and honest services fraud statutes, 18 U.S.C. §§ 1341, 1343, and 1346.

23          m.      The United Defendants made materially false statements and used

24  materially false documents in connection with the payment for health care benefits,

25  items, or services involving a health care benefit program, as detailed in the

26  complaint, at least tens of thousands of times, in violation of 18 U.S.C. § 1035.

27  Pursuant to 18 U.S.C. § 24(b), the definition of "health care benefit program"

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1  includes Plaintiffs, as providers to whom payment may be made for medical services

2  under private plans affecting commerce.

3        n.    The United Defendants knowingly and willfully engaged in a

4  scheme to defraud "health care benefit programs" and to obtain, by means of false or

5  fraudulent pretenses, representations, or promises, money or property owned by, or

6  under the custody or control of, health care benefit programs, in violation of 18

7  U.S.C. § 1347.  Pursuant to 18 U.S.C. § 24(b), the definition of "health care benefit

8  program" includes Plaintiffs, as providers to whom payment may be made for

9  medical services under private plans affecting commerce.

10      1086.  The conduct alleged violates the UCL.  As a result of their business acts

11  and practices in violation of the UCL, Defendants have received and retained and

12  continue to receive and retain monies that rightfully belong to Plaintiffs as

13  compensation for rendering covered, medically necessary services to plan members.

14  Plaintiffs have thus suffered "injury in fact" because Defendants have unlawfully,

15  unfairly, and fraudulently withheld monies from Plaintiffs to which Plaintiffs were

16  entitled as compensation for rendering covered, medically necessary services to plan

17  participants and beneficiaries.

18      1087.  Plaintiffs have further suffered "injury in fact" because Defendants

19  obstructed and discriminated against morbidly obese individuals seeking weight loss

20  surgery at Plaintiffs' clinics, thereby both depriving morbidly obese individuals from

21  the benefits of such advantageous and medically necessary surgery ***and*** harming

22  Plaintiffs' business interests.

23  **B.**    **Plaintiffs Are Entitled to Injunctive and Restitutionary Relief.**

24      1088.  Defendants' conduct in violation of the UCL is likely to continue absent

25  judicial intervention.  This conduct threatens not only Plaintiffs' economic well-being

26  and future viability, but also the health of the public and the needs of morbidly obese

27  individuals in California.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1    1089.  Business & Professions Code § 17203 provides that any court of

2    competent jurisdiction may enjoin any person from engaging in unfair competition

3    and restore to any person who is a victim of that unfair competition any money

4    acquired thereby.  Plaintiffs seek restitution of an amount to be proved at trial, plus

5    applicable statutory interest, which is the amount that the Defendants are obligated to

6    pay Plaintiffs for the services Plaintiffs provided to plan participants and

7    beneficiaries.  Plaintiffs further seek an injunction prohibiting Defendants' ongoing

8    conduct in using inappropriate methodologies to deny or underpay Plaintiffs' claims

9    for medical treatment provided to plan members.  Furthermore, the injunction should

10   force Defendants to correctly price past and future claims by Plaintiffs by

11   determining UCR based on appropriate UCR data.

12   1090.  Plaintiffs' legal remedies are inadequate in that Defendants' unlawful,

13   unfair, and fraudulent conduct is ongoing and repeated litigation to correct

14   Defendants' ongoing actions would be inefficient for the parties and the Court.

15   Plaintiffs' damages cannot be fully compensated by money and are difficult or

16   impossible to ascertain in terms of money alone.  The loss of revenue from

17   Defendants' illegal and unfair withholding of claim payments is severely impeding

18   Plaintiffs' ability to provide adequate care for patients.

19

20                        **NINTH CLAIM FOR RELIEF**

21                   **(By All Plaintiffs For Declaratory Relief)**

22   1091.  Plaintiffs incorporate the prior paragraphs as though fully set forth

23   herein.

24   1092.  A controversy has arisen between each of the Defendants and Plaintiffs

25   as to Plaintiffs' right to be afforded access to an honest and unbiased claims

26   administration process, and to be paid under the terms of the benefits plans at issue.

27   Accordingly, Plaintiffs seek a declaration that:

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

1          a.          Defendants' Explanation of Benefits forms and other

2    documentation supporting adverse benefit decisions made by Defendants fail to

3    comply with Section 1133 of ERISA, requiring a full and fair review, and 29 C.F.R.

4    § 2560.503-1;

5          b.          Defendants' claims practices fail to comply with Section 1133 of

6    ERISA and 29 C.F.R. § 2560.503-1;

7          c.          Defendants' claims decisions are subject to  a de novo  standard

8    of review, and under that standard of review, are erroneously, unreasonable, and

9    unenforceable;

10          d.          Defendants' constant referral of Plaintiffs' claims to

11   Ingenix/OptumInsight for purported further review was a violation of ERISA,

12   including but not limited to Section 1133 of ERISA and 29 C.F.R. § 2560.503-1;

13          e.          Plaintiffs' obligation to pursue further administrative remedies are

14   "deemed exhausted" under the ERISA regulations at 29 C.F.R. § 2560.503-1;

15          f.          Defendants' use of the various procedural pretexts described

16   above that are being used to delay and/or deny payment on Plaintiffs' claims, such as

17   repeated requests for medical records and constant referrals to Ingenix for further

18   review, are arbitrary and capricious;

19          g.          Defendants' behavior further violated their fiduciary duties to

20   beneficiaries and participants of the ERISA plans;

21          h.          Defendants are now barred from relying upon any rationales for

22   denying Plaintiffs' claims that Defendants did not raise during the administrative

23   process and prior to litigation;

24          i.          Defendants must immediately cease the use of such procedural

25   pretexts;

26          j.          Defendants are required timely re-process all claims that have

27   been submitted by the Plaintiffs since United first began its campaign to deny

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA  90067-2517
TEL.: (310) 551-8111  •  FAX:  (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1 payments to the Plaintiffs, and to pay those claims pursuant to the terms of the

2 ERISA Plans;

3         k.     Defendants must conduct a "full and fair review" for all claims

4 being re-processed, free of dishonest and surreptitious delay and denial tactics;

5         l.     Defendants must render timely benefit decisions on all future

6 claims submitted by Plaintiffs in accordance with all applicable rules and regulations

7 governing the time in which such decisions must be rendered;

8         m.    Defendants must promptly and timely provide Explanation of

9 Benefits and responses to appeals;

10         n.     When adverse benefit determinations are made, Defendants must

11 disclose with specificity the reasons for the adverse determinations, and cite the

12 specific provisions of the plans that support the determinations;

13         o.     Defendants must acknowledge the claimant status of out-of-

14 network surgery centers as assignees of the plan members, and afford them the right

15 to appeal claims through the plans' administrative procedures.

16

17     **WHEREFORE**, Plaintiffs pray for and demand judgment against the

18 Defendants as set forth above and as follows:

19    A.    On the First Claim for Relief under ERISA, the Court should

20 specifically order the Defendants:

21         1.     to immediately and timely process the claims in accordance with

22 ERISA, and to cease withholding payment on pretextual, procedural grounds;

23         2.     to calculate the past and future benefits pursuant to the terms of

24 the plans, utilizing, where applicable, a valid database that takes into account valid

25 data and the UCR factors of the rates charged by the provider and other surgery

26 centers in the same geographic area at the time;

27

28

AMENDED COMPLAINT

1164009.1

1      3.     to pay the Plaintiff providers' usual and customary fees, as

2  United promised; and/or to determine the UCR rate at which Plaintiffs should be paid

3  without reference to contracted rates for in-network providers;

4      4.     to properly pay future claims at the usual and customary rate; and

5      5.     to issue new EOBs for past claims, and correct EOBs for future

6  claims, that are in compliance with applicable regulatory notice standards.

7      B.     On the Second Claim for Relief under ERISA, an injunction to prevent

8  United from acting as the Plan Administrator and/or Claims Administrator for each

9  of the ERISA plans at issue; or, in the alternative, to compel United to honor the

10  terms of the ERISA plans;

11      C.     On the Third Claim for Relief under ERISA:

12      1.     a judicial determination that the United Defendants' actions as

13  alleged herein are in violation of their fiduciary duties and obligations under ERISA,

14  and;

15      2.     an injunction requiring the United Defendants to (i) re-process all

16  of Plaintiffs' claims without resort to the unlawful procedures described herein, and

17  (ii) to comply with their fiduciary duties and obligations, including providing full and

18  fair review of past and future claims, without resort to the unlawful procedures

19  described herein.

20      D.     On the Fourth Claim for Relief under ERISA, a determination that the

21  United Defendants are estopped from contending that the services it authorized are

22  not payable due to lack of authorization, and estopping defendants from refusing to

23  pay the reasonable and customary value for these services;

24      E.     On the Fifth Claim for Relief under ERISA, reformation of the terms of

25  the ERISA plans in order to remove any exclusion relating to bariatric surgery, and to

26  clarify that United may not impose hurdles such as six-month weight loss regimens

27  and requiring proof of the patients' weight for the prior five years before payments

28  for bariatric surgery may be made under the terms of the plans;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

260

F.      On the Sixth Claim for Relief under ERISA, as necessary, for a surcharge to be levied upon the United Defendants in order to make Plaintiffs whole and restore them to the position that they would be in absent Defendants' breaches of fiduciary duty;

G.      On the Seventh Claim for Relief under ERISA, recovery of the statutory relief of $110 per day and equitable relief of $110 per day, per claim, that have been incurred by the Defendants, and continue to be incurred, on those claims for which Plaintiffs demanded, but did not receive, the documentation it was entitled to receive under ERISA;

H.      On the Eighth Claim for Relief under California Business & Professions Code § 17200, permanently enjoining Defendants from engaging in the unfair business practices complained of, and requiring Defendants to restore to Plaintiffs, and otherwise to disgorge, any money that has been acquired from Plaintiffs, by means of the unfair business practices being committed by Defendants;

I.      On the Ninth Claim for Declaratory Relief, a judicial declaration that:

1)      Defendants' Explanation of Benefits forms and other documentation supporting adverse benefit decisions made by Defendants fail to comply with Section 1133 of ERISA, requiring a full and fair review, and 29 C.F.R. § 2560.503-1;

2)      Defendants' claims practices fail to comply with Section 1133 of ERISA and 29 C.F.R. § 2560.503-1;

3)      Defendants' claims decisions are subject to a de novo standard of review, and under that standard of review, are erroneous, unreasonable, and unenforceable;

4)      Defendants' constant referral of Plaintiffs' claims to Ingenix/OptumInsight for purported further review was a violation of ERISA, including but not limited to Section 1133 of ERISA and 29 C.F.R. § 2560.503-1;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

5)   Plaintiffs' obligation to pursue further administrative remedies are "deemed exhausted" under the ERISA regulations at 29 C.F.R. § 2560.503-1;

6)   Defendants' use of the various procedural pretexts described above that are being used to delay and/or deny payment on Plaintiffs' claims, such as repeated requests for medical records and constant referrals to Ingenix for further review, are arbitrary and capricious;

7)   Defendants' behavior further violated their fiduciary duties to beneficiaries and participants of the ERISA plans;

8)   Defendants are now barred from relying upon any rationales for denying Plaintiffs' claims that Defendants did not raise during the administrative process and prior to litigation;

9)   Defendants must immediately cease the use of such procedural pretexts;

10)  Defendants are required timely re-process all claims that have been submitted by the Plaintiffs since United first began its campaign to deny payments to the Plaintiffs, and to pay those claims pursuant to the terms of the ERISA Plans;

11)  Defendants must conduct a "full and fair review" for all claims being re-processed, free of dishonest and surreptitious delay and denial tactics;

12)  Defendants must render timely benefit decisions on all future claims submitted by Plaintiffs in accordance with all applicable rules and regulations governing the time in which such decisions must be rendered;

13)  Defendants must promptly and timely provide Explanation of Benefits and responses to appeals;

14)  when adverse benefit determinations are made, Defendants must disclose with specificity the reasons for the adverse determinations, and cite the specific provisions of the plans that support the determinations; and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

15) Defendants must acknowledge the claimant status of out-of-network surgery centers as assignees of the plan members, and afford them the right to appeal claims through the plans' administrative procedures.

J.   Awarding prejudgment interest and costs, including attorneys' fees; and

K.   Awarding such other relief as the Court deems just and proper.

DATED: June 16. 2014                    HOOPER. LUNDY & BOOKMAN. P.C.

By:_____
              DARON L. TOOCH
Attorneys for Plaintiffs

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1164009.1

AMENDED COMPLAINT