UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-02139-MWF (VBKx)			Date:  July 2, 2014
Title:    Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER SETTING NEW BRIEFING SCHEDULE FOR MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT

On May 9, 2014, this Court granted an ex parte application to extend the time to respond to the Complaint and set a briefing schedule for motions to dismiss the Complaint. (Docket No. 712). On June 16, 2014, Plaintiffs filed a First Amended Complaint ("FAC") (Docket No. 840). On June 25, 2014, the Court held a status conference to address the FAC.

**First Amended Complaint**

At the status conference, Plaintiffs' position was that they were permitted to file the FAC as a matter of course under Federal Rule of Civil Procedure 15 because Defendants had not yet filed an answer or motion to dismiss. This position is defensible based on the history of Rule 15 and the way it has been read by some courts, which is discussed below. However, the Court takes a different reading of Rule 15. Moreover, even if Plaintiff's position is correct, their argument still does not apply to (1) Defendants Aegon USA, LLC and Aegon Companies Flexible Benefits Plan ("Aegon"), and (2) Baker Hughes, Inc., and Baker Hughes Inc. Welfare Benefits Plan ("Baker Hughes"), which had filed motions to dismiss prior to the FAC. (Docket Nos. 489, 728).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-14-02139-MWF (VBKx)              **Date:**  July 2, 2014
**Title:**     Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

The Federal Rules of Civil Procedure were last amended in 2009.  The previous version of Rule 15 provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."  Fed. R. Civ. P. 15(a)(1) (1993).

The current version of Rule 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1) (2009).

The current version of Rule 15 does not explicitly state that an amendment is permitted as a matter of course any time before a responsive pleading is filed.  Nonetheless, some courts have read Rule 15 as such.  *See, e.g.*, *Valdez v. Virga*, 1:12-CV-01784 AWI, 2013 WL 4737176, at *1 (E.D. Cal. Sept. 3, 2013) (finding that an amended petition filed before a responsive pleading was due was filed as a matter of course); *see also* California Practice Guide Federal Civil Procedure Before Trial Ch. 8-G, § 8:1400 (the Rutter Group 2014) (stating that Rule 15(a) provides for amendment as a matter course "within 21 days after the pleading was served (if the pleading is one to which no response is due)").  This reading is consistent with the previous version of Rule 15.

However, other courts have read the current version of Rule 15 as differing from the previous version.  These courts do not permit amendment as a matter of course at any time before a responsive pleading is filed.  Rather, they view Rule 15 as permitting an amendment as a matter of course either within 21 days of serving it, or 21 days of receiving a responsive pleading.  *See, e.g.*, *Navigators Specialty Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 13-CV-03499-SC, 2014 WL 645443, at *1 (N.D. Cal. Feb. 19, 2014) (striking the first amended complaint because it was not filed within 21 days after serving the complaint or within 21 days of receiving a responsive pleading);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-02139-MWF (VBKx)           Date:  July 2, 2014
Title:    Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

*Larry O. Crother, Inc. v. Lexington Ins. Co.*, 2:11-CV-00138-MCE, 2011 WL 1084201, at *1 (E.D. Cal. Mar. 21, 2011) (finding that under the express provisions of Rule 15(a), the plaintiff had 21 days after it effectuated service on Lexington to amend its complaint as a matter course without obtaining either leave of court or the consent of other parties); *Bologna v. Baird*, CIV 10-01017 PHX NVW, 2010 WL 4817963, at *1 (D. Ariz. July 22, 2010) *report and recommendation adopted*, CV10-1017-PHS-NVW, 2010 WL 4817959 (D. Ariz. Nov. 22, 2010) (interpreting the revised Rule 15 as providing for amendment as a matter of course once within 21 days after serving a pleading, *or* 21 days after service of a responsive pleading).

    The Court adopts the latter view because it comports with a plain reading of Rule 15.  The text of Rule 15 does not indicate that a complaint may be amended as a matter of course at any time before a responsive pleading is filed.

    Nonetheless, this Court would have given leave to file the FAC if it had been requested, and the Court does so now.  There is no reason to deny leave to amend when litigation is at such an early stage of litigation.  *See* Fed. R. Civ. P. 15(a)(2)  ("The court should freely give leave when justice so requires.").  The FAC was filed before the vast majority of Defendants had responded to the Complaint, and before any discovery began.  Therefore, the Court finds that there is no undue delay, bad faith, or prejudice to Defendants created by the FAC.  *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (applying the four factors set out in *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) to determine whether to permit amendment of pleadings).  Nor would the FAC be futile.  *See id.*  Accordingly, the FAC is deemed filed.

    Because the FAC is largely ministerial, it does *not* moot the motions to dismiss previously filed by Aegon and Baker Hughes.  (Docket Nos. 489, 728).

    As discussed at the hearing, Plaintiffs are **ORDERED** to serve a "red-lined" copy of the FAC on all parties who have not received it.  Service may be by e-mail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-02139-MWF (VBKx)            Date:  July 2, 2014
Title:     Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

**Instructions for Motions to Dismiss**

**The United Defendants.**  Defendants UnitedHealth Group, Inc., United Healthcare Insurance Company, United HealthCare Services, Inc., and OptumInsight, Inc. (collectively referred to as the "United Defendants") may file one motion to dismiss the FAC.  Any briefs filed with regard to this motion to dismiss—including any opposition and reply—shall not exceed **25 pages**, pursuant to Local Rule 11-6.

**The Plan Defendants**.  In addition to the United Defendants, the FAC names hundreds of other Defendants, which are Employment Retirement Income Security Act ("ERISA") plans, the employers who sponsor those plans, and the administrators of those plans (collectively referred to as "the Plan Defendants").  (FAC ¶¶ 58-848).

The Plan Defendants may file one master memorandum of law (the "Master Memorandum"), which summarizes the relevant legal standards and legal arguments raised by the Plan Defendants to dismiss the FAC.  As discussed at the hearing, Dorsey and Whitney LLP ("Dorsey") and Walraven and Westerfeld LLP ("Walraven") will be responsible for putting together the Master Memorandum and filing it with the Court by the stated deadline.  In compiling the Master Memorandum, Dorsey and Walraven shall work collaboratively with counsel for the other Plan Defendants to ensure that it reflects the arguments being brought by all Plan Defendants.  The Master Memorandum will be limited to **50 pages**.

Each ERISA Plan and the entity that sponsors that Plan—including those represented by Dorsey and Walraven—may then file a motion to dismiss, which is supported by a **3-page** brief that applies the arguments in the Master Memorandum to that Plan.  The Court will not permit an ERISA Plan and the entity that sponsors that Plan to file separate briefs.  These individual briefs may also utilize arguments made in the motion to dismiss filed by the United Defendants, and the two motions to dismiss filed by Aegon and Baker Hughes.  (Docket Nos. 489, 728).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-02139-MWF (VBKx)			Date:  July 2, 2014
Title:	Almont Ambulatory Surgery Center, LLC, et al. -*v*- UnitedHealth Group, Inc., et al.

Plaintiffs, in turn, will be permitted to file an opposition, which does not exceed **50 pages**.  At the status conference set below, the Court will discuss with Plaintiffs the manner in which they can respond to the individual briefs filed by the Plan Defendants, and the motions to dismiss filed by Aegon and Baker Hughes.

If the Plan Defendants choose to file reply briefs, Dorsey and Walraven may file a master reply brief (the "Master Reply"), which summarizes the Plan Defendants' arguments in response to the opposition.  The Master Reply will be limited to **50 pages**.  In addition to the Master Reply, each ERISA Plan and the entity that sponsors that Plan may file a **1-page** brief that applies the arguments in the Master Reply to them specifically.  These briefs may also utilize arguments made in the reply brief, if any, filed by the United Defendants.

**Deadlines to Respond to the FAC**

The deadlines previously set by this Court on May 9, 2014 are **VACATED**. (*See* Docket No. 712).

The Court **ORDERS** the following deadlines and instructions for the anticipated motions to dismiss:

On or before **July 7, 2014**, Dorsey and Walraven will circulate to all other Plan Defendants a list of topics that they plan to include in the Master Memorandum.  The list of topics may take the form of an outline.

On or before **July 21, 2014**, Dorsey and Walraven will circulate a draft of its Master Memorandum to all other Plan Defendants.

On or before **July 28, 2014**, counsel for all other Plan Defendants will notify Dorsey and Walraven of any objections to or any perceived inadequacies with the Master Memorandum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV-14-02139-MWF (VBKx) | **Date:**  July 2, 2014 |
| **Title:**  Almont Ambulatory Surgery Center, LLC, et al. *-v-* UnitedHealth Group, Inc., et al. | |

On **August 6, 2014, at 2:00 p.m.**, the Court will hold a status conference, at which the Plan Defendants can raise non-trivial objections to the Master Memorandum.  For example, the Plan Defendants should notify the Court if they seek to raise an argument, which is not addressed in the Master Memorandum and which cannot be adequately addressed in their own individual briefs.  The Plan Defendants should also notify the Court of any perceived conflicts of interest affecting the Master Memorandum and collaboration between counsel.  At this status conference, Plaintiffs can also address how to respond to the individual briefs that will be filed by Plan Defendants, and the motions to dismiss filed by Aegon and Baker Hughes.  Because Plaintiffs will also be present, the status conference will satisfy the conference of counsel required by Local Rule 7-3 prior to the filing of Defendants' motions to dismiss.

On or before **August 18, 2014**, Dorsey and Walraven shall file: (1) the United Defendants' motion to dismiss (limited to 25 pages), and (2) the Master Memorandum (limited to 50 pages) with the Court.

On or before **August 25, 2014**, Defendants who are served by June 30, 2014, shall **answer or otherwise respond** to the Complaint.  This is also the deadline for the Plan Defendants' individual motions and supporting briefs (limited to 3 pages).

On or before **September 22, 2014**, Plaintiffs' oppositions are due, which includes (1) the opposition to the United Defendants' motion (limited to 25 pages), and (2) the opposition to the Plan Defendants' motions (limited to 50 pages).

On or before **October 6, 2014**, Dorsey and Walraven will circulate a draft of its Master Reply to all other Plan Defendants.

On or before **October 20, 2014**, Dorsey and Walraven shall file: (1) the United Defendants' reply brief (limited to 25) pages; and (2) the Master Reply (limited to 50 pages) with the Court, if they choose to file reply briefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV-14-02139-MWF (VBKx) | **Date:** July 2, 2014 |
| **Title:** | Almont Ambulatory Surgery Center, LLC, et al. -*v*- UnitedHealth Group, Inc., et al. | |

On or before **October 27, 2014**, the Plan Defendants may file their individual reply briefs (limited to 1 page), if any.

The hearing on all motions to dismiss filed by August 25, 2014 is set for **December 8, 2014**, at **10:00 a.m.**  It is likely that the actual hearing date will be later that week.

IT IS SO ORDERED.