# APPENDIX "A"

**Patient 7.** - Defendants AARP and AARP Employees Welfare Plan.

(A) Patient 7 is a beneficiary under the AARP Employees Welfare Plan. Patient 7 received services between November 15, 2010 and November 22, 2010 from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included doctor's visits; an ultrasound diagnostic exam; an esophagogastroduodenoscopy (EGD), with anesthesia; a psychological examination; and laboratory testing. For each of the procedures, United either authorized Patient 7 to receive these services at Plaintiffs' surgery centers, and/or informed Plaintiffs that no authorization was necessary before Plaintiffs provided these services to Patient 7.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 7. On every claim form that was submitted to United for Patient 7, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 7. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that Defendants expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 7's Plan provides benefits for all of the services listed above. For instance, under the 2010 SPD, "Outpatient Surgery,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Diagnostic and Therapeutic Services" are covered, as well as "Professional Fees for Surgical and Medical Services."[1] Plaintiffs are further informed and believed that the plan covers 70% of Eligible Expenses are covered for out-of-network services, and further that Eligible Expenses as defined under the plan as billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 7's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 7 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has partially paid for some of the services provided by Plaintiffs to Patient 7, though it has denied all payment on the other claims. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted the medical records for the services provided to Patient 7. For instance, medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

---

[1] Plaintiffs cite plan SPDs that they have received during the course of this litigation solely in order to support their allegations on information and belief.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs also appealed most or all of the denial of the claims for Patient 7 within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 7 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 7.

(I) To date, United and these Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 8.</u>** - Defendants Accenture, LLP, and Accenture United States Group Health Plan.

(A) Patient 8 is a beneficiary under the Accenture United States Group Health Plan. Patient 8 received medical services between October 19, 2010 and December 4, 2010 from Plaintiffs San Diego Ambulatory Surgery Center and from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included doctor's visits; an ultrasound diagnostic exam; an EGD, with anesthesia; a psychological examination; laboratory testing, and polysomnography. United either authorized Patient 8 to receive these medical services at Plaintiffs' surgery centers and/or informed Plaintiffs that no authorization was necessary before Plaintiffs provided these services to Patient 8.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 8. On every claim form that was submitted to United for Patient 8, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

benefits from Patient 8. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that Defendants expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 8's Plan provides benefits for all of the services listed above because it specifically covers the following categories of benefits: "Ambulatory Surgical Center Services," "Laboratory Tests and X-rays," and "Physician Services," including for surgery, "[s]ervices for surgical procedures," and "[h]ospital, office, and home visits." Moreover, on information and belief, Patient 8's Plan pays for such services on an UCR basis.

(D) During the verification process, Plaintiffs called United to verify Patient 8's benefits under the Plan. The Providers provided services to Patient 8 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has refused to pay for any of the services provided to Patient 8, and has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs submitted all the medical records for the services provided to Patient 8 on numerous occasions. For instance, medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs also appealed most or all of the denials of the claims for Patient 8 within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 8 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 8.

(I) On various occasions, Plaintiffs called United to inquire about status on pending claims. United acknowledged receiving medical records and other documents from Plaintiffs. United informed Plaintiffs that more information was needed in order to process the claims. United's representatives could not tell Plaintiffs what records United was missing.

(J) To date, United and these Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 9.** - Defendants G6 Hospitality, LLC f/k/a Accor North America, Inc., and G6 Hospitality Group Insurance Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 9 is a beneficiary under the G6 Hospitality Group Insurance Plan. Patient 9 received services between May 4, 2011 and June 6, 2011, from Bakersfield Surgery Institute, LLC, Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included: endoscopy with anesthesia, an ultrasound, polysomnography and lab tests. For each of the procedures, United authorized Patient 9 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 9.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 9. On every claim form that was submitted to United for Patient 9, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 9. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 9's plan provides benefits for all of the services listed above including diagnostic procedures, laboratory tests, and sleep studies. On information and belief, Patient 9's Plan pays reasonable and customary charges.

(D) During the verification process, Plaintiffs called United to verify Patient 9's benefits under the plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would pay the Providers' reasonable and customary charges, and further confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 9 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United issued Explanations of Benefits ("EOBs") denying the claims for Patient 9 on the following grounds:

- Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 9. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 9 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint set forth the specific document requests that were made on behalf of Patient 9.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 10.** - Defendants Actavis, Inc., and Actavis Health and Welfare Plan.

(A) Patient 10 is a beneficiary under the Actavis Health and Welfare Plan. Patient 10 received services between February 3, and February 26, 2011, from various healthcare providers including Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. Patient 10 had the following medical procedures performed by Plaintiffs: endoscopy with anesthesia, ultrasound and polysomnography. For each of the procedures, United authorized Patient 10 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 10.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 10. On every claim form that was submitted to United for Patient 10, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 10. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that Defendants expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 10's Plan provides benefits for all of the services listed above including diagnostic procedures, laboratory services, scopic procedures, anesthesia services, and sleep studies. For instance, the 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA, and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 10's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 10 in reasonable reliance on these statements. Thus, on information and belief, Patient 10's Plan pays reasonable and customary charges. However, United has not paid for any of the services provided by Plaintiffs to Patient 10.

(E) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(F) Plaintiffs have submitted the medical records for the services provided to Patient 10. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records. United has issued final denials on all of Plaintiffs' claims.

(G) Plaintiffs also appealed most or all of the denial of the claims for the services provided to Patient 10, within the time limits set forth in the Plan for such

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 10 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 10.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 11.</u>** - Defendants Acushnet Company and Acushnet Company Consolidated Health and Welfare Plan.

(A) Patient 11 is a beneficiary under the Acushnet Company Consolidated Health and Welfare Plan. Patient 11 received services between February 1, 2012, and August 31, 2012, from Orange Grove Ambulatory Surgery Center and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. Patient 11 received the following services, among others: endoscopy, ultrasound, polysomnography, lab tests, and laparoscopic gastric banding. For each of the procedures, United authorized Patient 11 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 11.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 11. On every claim form that was submitted to United for Patient 11, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 11. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that Defendants expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 11's plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, sleep studies, laboratory testing, and laparoscopic gastric banding procedures. The 2012 SPD for the plan, for instance, specifically states that "Lab, X-Ray, and Diagnostics – Outpatient," are covered, as well as "Physician's Office Services," "Physician Fees for Surgical and Medical Services," "Therapeutic Treatments – Outpatient," and "Scopic Procedures – Outpatient Diagnostic and Therapeutic." The SPD also states that "Obesity Surgery," is covered under the Plan under particular circumstances, which, on information and belief, were met here. Furthermore, the SPD states that Eligible Expenses are covered and will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 11's benefits under the Plan. The Providers provided services to Patient 11 in reasonable reliance on these statements. However, United failed to pay Providers' reasonable and customary charges.

(E) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed.

(F) United has issued final denials on all of Plaintiffs' claims.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 11. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 11 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 11.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 13.** - Defendants Aegon USA, LLC and Aegon Companies Medical Plan.

(A) Patient 13 is a beneficiary under the Aegon Companies Medical Plan. Patient 13 received services between January 29, 2009 and March 17, 2009 from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These services included a laparoscopic gastric band adjustment, with outpatient and anesthesiology services,

and an endoscopy. For each of the procedures, United authorized Patient 13 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 13.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 13. On every claim form that was submitted to United for Patient 13, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 13. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) Patient 13's Plan provides benefits for all of the services listed above, including gastric band adjustment, anesthesiology, scopic procedures, and outpatient services. For instance, the 2008 SPD for this plan specifically covers at least the following categories of services and/ or providers: "Outpatient Surgery," "Ambulatory Surgery Centers," "Diagnostic X-Ray and Laboratory Services," and "surgeon's expenses." The SPD also states that it covers "Weight Reduction Surgery" as long as there is prior authorization, which Plaintiffs sought and received. According to the SPD, Patient 13's Plan pays these services based upon usual and customary charges.

(D) During the verification process, Plaintiffs called United to verify Patient 13's benefits under the Plan. The Providers provided services to Patient 13

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

in reasonable reliance on these statements. However, United failed to pay Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 13 but has refused to pay for the other services provided to Patient 13. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs submitted all the medical records for the services provided to Patient 13. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs also appealed the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 13 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 13.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 14.</u>** - Defendants Aera Energy Services Company and Aera Energy Services Company Medical Benefits Plan.

(A) Patient 14 is a beneficiary under the Aera Energy Services Company Medical Benefits Plan. Patient 14 received services between January 15,, 2009 and March 25, 2010 from Beverly Hills Surgery Center, LLC, and from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. Patient 14 received the following medical procedures: an ultrasound, an endoscopy with anesthesia, and a follow-up office visit. For each of the procedures, United authorized Patient 14 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 14.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 14. On every claim form that was submitted to United for Patient 14, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 14. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 14's plan provides benefits for all of the services listed above, including scopic procedures, diagnostic and therapeutic procedures, and doctor's office visits. The 2009 SPD for this Plan, for instance,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Visits," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that the Plan pays the fees for these services at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 14's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 14 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 14 but has refused to pay for the other services provided to Patient 14. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Payment of benefits has been made in accordance with the terms of the managed care system.

(G) Plaintiffs have submitted all of the medical records for the services provided to Patient 14. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 14 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 14.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 15.** - Defendants Air Liquide USA, LLC, and Air Liquide USA LLC Group Benefits Plan.

(A) Patient 15 is a beneficiary under the Air Liquide USA LLC Group Benefits Plan. Patient 15 received services on April 11, 2009 from Almont Ambulatory Surgery Center and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. Patient 15 had the following medical procedures performed: an endoscopy with anesthesia and an ultrasound. For each of the procedures, United authorized Patient 15 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 15.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 15. On every claim form that was submitted to United for Patient 15, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 15. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) Patient 15's plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, and diagnostic and therapeutic services. The SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. The SPD states that Eligible Expenses are covered and the fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 15's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 15 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 15 but has refused to pay for the other services provided to Patient 15. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Your plan covers reasonable charges for covered health services. The reasonable charge is based on amounts charged by other physicians or health care professionals in the area for similar services or supplies. Benefits are not available for the portion of the charge that exceeds the reasonable charge determined for this service."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 15. In addition, medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 15 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 15.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 16.</u>** - Defendants Akzo Nobel, Inc., and Akzo Nobel, Inc. Salaried Employees Group Benefits Program.

(A) Patient 16 is a beneficiary under the Akzo Nobel, Inc. Salaried Employees Group Benefits Program. Patient 16 received services between June 5, 2010, and April 6, 2013, from Orange Grove Surgery Center, LLC, Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center and from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included: an endoscopy with anesthesia, a laparoscopic gastric banding and laparoscopic gastric band adjustment, an ultrasound, laboratory and pathology testing, a fluoroscopy, polysomnography, and laparoscopic procedures. For each of the procedures, United authorized Patient 16 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 16.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 16. On every claim form that was submitted to United for Patient 8, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 8. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

- On January 5, 2010, November 1, 2010, January 31, 2011, February 11, February 25, 2011, March 7, March 10, March 23, 2011, April 4, April 26, 2011, May 26, 2011, July 12, 2011, August 12, 2011, October 27, October 29, 2011 and December 7, 2011, Plaintiff IMS submitted claims for its professional Endoscopy, Laparoscopic Gastric Banding and Laparoscopic Gastric Band Adjustment.
- On January 27, 2011, and March 29, 2011, Plaintiffs Beverly Hills Surgery Center submitted a claim for its facility services in connection with these procedures.

(C) Patient 16's Plan provides benefits for all of the services listed above. The 2010 SPD specifically states that, "Lab, X-ray, and Diagnostics - Outpatient," including both facilities fees and physicians' fees, "Physician Fees for Surgical and Medical Services," "Scoping Procedures – Outpatient Diagnostic and Therapeutic," "Therapeutic Treatments – Outpatient," and "Surgery – Outpatient." Additionally, the SPD states that "Obesity Surgery," is covered under the Plan with prior authorization, which Plaintiffs received from United. Furthermore, the SPD states that it will pay reasonable and customary fees for these covered medical services.

(D) During the verification process, Plaintiffs called United to verify Patient 16's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 16 in reasonable reliance on these statements.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 16 but has refused to pay for the other services provided to Patient 16. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 16. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 16 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 16.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 17.</u>** - Defendants Alcon Laboratories, Inc., and Alcon Laboratories Inc. Voluntary Employees Beneficiary Association Trust.

(A) Patient 17 is a beneficiary under the Alcon Laboratories Inc. Voluntary Employees Beneficiary Association Trust. Patient 17 received services on January 20, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs, including a comprehensive consultation. For this service, United authorized Patient 17 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 17.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 17. On every claim form that was submitted to United for Patient 17, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 17. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 17's plan provides benefits for all of the services listed. The 2009 SPD for this plan specifically states that "Physicians' Office Visits and Consultations," are covered under the Plan. Furthermore, the SPD states that the Plan pays out based on reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 17's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 17 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Patient had reached her maximum insurance benefit, even though Plaintiffs were previously advised that the patient's insurance benefit had no maximum.

(F) United has issued final denials on all of Plaintiffs' claims.

(G) Plaintiffs submitted all the medical records for the services provided to Patient 17. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any.. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 17 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 17.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 18.** - Defendants Alexander Gallo Holdings, LLC, and Alexander Gallo Holdings, LLC Welfare Benefit Plan.

(A) Patient 18 is a beneficiary under the Alexander Gallo Holdings, LLC Welfare Benefit Plan. On June 20, 2009, Patient 18 had the following medical procedures performed by Plaintiffs Almont Ambulatory Surgery Center and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs: an endoscopy with anesthesia, an ultrasound, a doctor's examination, and surgical pathology. For each of the procedures, United authorized Patient 18 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 18.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 18. On every claim form that was submitted to United for Patient 18, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 18. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 18's Plan provides benefits for all of the services listed above. On information and belief, Patient 18's Plan pays reasonable and customary charges for these services.

(D) During the verification process, Plaintiffs called United to verify Patient 18's benefits under the Plan. The Providers provided services to Patient 18 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 18 but has refused to pay for the other services provided to Patient 18.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all of the medical records for the services provided to Patient 18. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 18 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 18.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 20.</u>** - Defendants Allstate Insurance Company and Allstate Cafeteria Plan.

(A) Patient 20 is a beneficiary under the Allstate Cafeteria Plan. Patient 20 received services between May 29, 2011 and March 19, 2014, from Modern

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Institute of Plastic Surgery, Beverly Hills Surgery Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included: an endoscopy with anesthesia, an ultrasound, polysomnography, CPAP titration, laparoscopic gastric banding, laparoscopic cholecystectomy, echocardiography, laparoscopic gastric band adjustments, and anesthesia services. For each of the procedures, United authorized Patient 20 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 20.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 20. On every claim form that was submitted to United for Patient 20, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 20. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 20's Plan provides benefits for all of the services listed above including diagnostic procedures, laboratory and pathology testing, facilities and professional fees, laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, and surgical services. The 2011 SPD for this Plan specifically states that "Physician Office visit for surgical or non-surgical care," and "Diagnostic Services," are covered under the Plan. The SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 20's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

The Providers provided services to Patient 20 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 20 but has refused to pay for the other services provided to Patient 20. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 20. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 20 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 20.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 23.** - Defendants Altec Industries, Inc., and Altec Industries Inc. Welfare Benefits Plan.

(A) Patient 23 is a beneficiary under the Altec Industries Inc. Welfare Benefits Plan. On August 23, 2012, Patient 23 received services on August 23, 2014, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included a laparoscopic gastric band adjustment. For each procedure, United authorized Patient 23 to receive the service at Plaintiffs' surgery centers and/or informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 23.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 23. On every claim form that was submitted to United for Patient 23, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 23. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 23's Plan provides benefits for all of the services listed above including laparoscopic band adjustment. The 2012 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," and "Professional Fees for Surgical and Medical Services,"

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

are covered under the Plan. The SPD states that Eligible Expenses are covered and fees for these services are to be paid at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 23's benefits under the Plan. The Providers provided services to Patient 23 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 23 but has refused to pay for the other services provided to Patient 23. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 23. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 23 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 23.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 24.** - Defendants Alcatel-Lucent USA, Inc., and Alcatel-Lucent Retiree Welfare Benefits Plan.

(A) Patient 24 is a beneficiary under the Alcatel-Lucent Retiree Welfare Benefits Plan. Patient 24 received services between February 8, 2012, and August 21, 2013, from New Life Surgery Center and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included: an endoscopy, a fluoroscopy and a laparoscopic gastric band adjustment. For each of the procedures, United authorized Patient 24 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 24.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 24. On every claim form that was submitted to United for Patient 24, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 24. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 24's Plan provides benefits for all of the services listed above including outpatient diagnostic and therapeutic treatments and scopic procedures. The 2010 SPD for this plan specifically states that "Physician's Services," "Outpatient Medical Facilities," and "Physician's Office

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Visits" are covered. The SPD states that the Plan will pay the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 24's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 24 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 24 but has refused to pay for the other services provided to Patient 24. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 24. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 24 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 24.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 26.** - Defendant American Airlines, Inc., and Group Life and Health Benefits Plan for Employees of Participating AMR Corporation Subsidiaries.

(A) Patient 26 is a beneficiary under the Group Life and Health Benefits Plan for Employees of Participating AMR Corporation Subsidiaries. Patient 26 received services between October 4, 2010 and February 4, 2011 from Beverly Hills Surgery Center, Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included: an endoscopy, an ultrasound, lab testing, anesthesia services, and polysomnography. For each of the procedures, United authorized Patient 26 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 26.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 26. On every claim form that was submitted to United for Patient 26, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 26. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 26's Plan provides benefits for all of the services listed above, including: scopic procedures, anesthesia, lab testing, sleep studies, and diagnostic and therapeutic procedures. The 2011 SPD for this Plan specifically states that "Laboratory or Pathology Expenses," "Physician's services," "Surgery," and "Outpatient Surgery," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 26's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 26 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 26 but has refused to pay for the other services provided to Patient 26. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 26. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any.. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 26 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 26.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 28.** - Defendants American Financial Group, Inc., and American Financial Group, Inc. Group Welfare Benefit Plan.

(A) Patient 28 is a beneficiary under the American Financial Group, Inc. Group Welfare Benefit Plan. Patient 28 received services between November 12, 2010, and November 29, 2010, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medial services included: an endoscopy with anesthesia, an ultrasound, laboratory testing, and polysomnography. For each of the procedures, United authorized Patient 28 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 28.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 28. On every claim form that was submitted to United for Patient 28, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 28. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 28's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, sleep studies, laboratory tests, ultrasounds, and scoping procedures. The 2010 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services" are covered, as well as, "Physician's Office Services," and "Professional Fees for Surgical and Medical Services." The 2010 SPD states that fees for these services are paid as reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 28's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 28 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 28 but has refused to pay for the other services provided to Patient 28. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 28. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 28 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 28.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 29.</u>** - Defendants American International Group, Inc., and American International Group, Inc. Medical Plan.

(A) Patient 29 is a beneficiary under the American International Group, Inc. Medical Plan. Patient 29 received services between April 8, 2010, and November 28, 210, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, Skin Cancer and Reconstruction Surgery Specialists of Beverly Hills, LLC, and various healthcare providers under the auspices of Independent Medical Services Inc., the medical group for Provider Plaintiffs. These services included: an ultrasound, anesthesia, laboratory testing, a sleep study, and an endoscopy. For each of the procedures, United authorized Patient 29 to receive these medical services at

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 29.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 29. On every claim form that was submitted to United for Patient 29, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 29. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 29's Plan provides benefits for all of the services listed above, including diagnostic and therapeutic services, laboratory testing, anesthesia, sleep studies, and scopic procedures. The 2010 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," are covered, as well as, "Physician's Office Services," and "Professional Fees for Surgical and Medical Services." The SPD states that Eligible Expenses are covered and the fees for these services are paid at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 29's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 29 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 29. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 29. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 29 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 29.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 30.** - Defendants Anheuser-Busch Employees' Credit Union, and Anheuser-Busch Employees Credit Union Benefit Plan.

(A) Patient 30 is a beneficiary under the Anheuser-Busch Employees Credit Union Benefit Plan. Patient 30 received services between April 2, 2010, and June 17, 2010, from various healthcare providers under the auspices of Independent

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a consultation and psychological interview examination. For each of the procedures, United authorized Patient 30 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 30.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 30. On every claim form that was submitted to United for Patient 30, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 30. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 30's plan provides benefits for all of the services listed above including initial consultation and evaluation and doctor's office appointments. On information and belief, the Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 30's benefits under the Plan. The Providers provided services to Patient 30 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 30. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 30. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 30 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 30.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 31.** - Defendants Anixter, Inc., and Anixter, Inc. Group Insurance.

(A) Patient 31 is a beneficiary under the Anixter, Inc. Group Insurance. Patient 31 received services between September 11, 2010, and November 24, 2010 from Modern Institute of Plastic Surgery, Valencia Ambulatory Surgery Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included: polysomnography, an ultrasound, an endoscopy with anesthesia, laboratory collections, and laparoscopic gastric banding. For each of the procedures, United authorized Patient 31 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 31.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 31. On every claim form that was submitted to United for Patient 31, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 31. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 31's plan provides benefits for all of the services listed above including lab testing, therapeutic and diagnostic procedures, scopic procedures, and sleep studies. Plaintiffs are informed and believed that Patient 31's plan covers these procedures under categories such as "Doctor visits, including specialists," "X-ray and laboratory work," and "Services provided by registered doctors, surgeons, and specialists." Furthermore, Plaintiffs are informed and believed that Patient 31's plan pays at a reasonable and customary rate.

(D) During the verification process, Plaintiffs called United to verify Patient 31's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 31 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 31 but has refused to pay for the other services provided to Patient 31. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 31. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 31 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 31.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 32.** - Defendants Ann, Inc., and Ann, Inc. Welfare Benefits Plan.

(A) Patient 32 is a beneficiary under the Ann, Inc. Welfare Benefits Plan. Patient 32 received services between March 31, 2009, and May 14, 2010, from

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Beverly Hills Surgery Center, LLC, Palmdale Ambulatory Surgical Center, Almont Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding, anesthesia, an ultrasound, an endoscopy, and laparoscopic gastric band adjustments. For each of the procedures, United authorized Patient 32 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 32.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 32. On every claim form that was submitted to United for Patient 32, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 32. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 32's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, surgical procedures, anesthesia, and scopic procedures. For instance, the 2010 SPD for this plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Obesity Surgery," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are covered under the plan. Further, Eligible Expenses are covered and the fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 32's benefits under the Plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 32 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 32 but has refused to pay for the other services provided to Patient 32. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 32. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 32 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 32.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 33.** - Defendants Anschutz Entertainment Group, Inc., and AEG Employee Health & Welfare Plan.

(A) Patient 33 is a beneficiary under the AEG Employee Health & Welfare Plan. Patient 33 received services between March 24, 2012, and February 2, 2013, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included: laboratory testing, a stress test, polysomnography, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 33 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 33.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 33. On every claim form that was submitted to United for Patient 33, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 33. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 33's plan provides benefits for all of the services listed above including laboratory testing, sleep studies, scopic procedures, doctor's office visits, and diagnostic and therapeutic services. On

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

information and belief, the Plan provides that Eligible Expenses are covered and fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 33's benefits under the Plan. The Providers provided services to Patient 33 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 33 but has refused to pay for the other services provided to Patient 33. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 33. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 33 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 33.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 35.** - Defendants APL Limited and Welfare Plan for Employees of APL Limited.

(A) Patient 35 is a beneficiary under the Welfare Plan for Employees of APL Limited. Patient 35 received services on July 12, 2009, from Almont Ambulatory Surgery Center, Beverly Hills Surgery Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included: an ultrasound, an endoscopy with anesthesia, a consultation, and laboratory testing. For each of the procedures, United authorized Patient 35 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 35.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 35. On every claim form that was submitted to United for Patient 33, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 33. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 35's plan provides benefits for all of the services listed above including diagnostic and therapeutic services, anesthesiology, doctor's office visits, scopic procedures, and laboratory testing. The 2006 SPD for this plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA, and Nuclear Medicine – Outpatient," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are covered under the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

plan. Furthermore, the SPD states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 35's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 35 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 35 but has refused to pay for the other services provided to Patient 35. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 35. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 35 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 35.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 37.** - Defendants Apple American Group, LLC, and Apple American Group, LLC Section 125 Plan.

(A) Patient 37 is a beneficiary under the Apple American Group, LLC Section 125 Plan. Patient 37 received services between September 7, 2010, and November 20, 2010, from Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included an endoscopy, polysomnography, a laparoscopic cholecystectomy, a barium swallow, an endoscopy, laboratory testing, and anesthesia services. For each of the procedures, United authorized Patient 37 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 37.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 37. On every claim form that was submitted to United for Patient 37, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 37. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 37's plan provides benefits for all of the services listed above including: sleep studies, scopic procedures, diagnostic and therapeutic services, laboratory services, and anesthesia services. The 2010 SPD for this plan specifically states that, "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services are paid at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 37's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 37 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 37 but has refused to pay for the other services provided to Patient 37. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."



HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 37. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 37 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 37.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

<u>**Patient 38.**</u> - Defendants Aptco, LLC, and Aptco, LLC Plan.

(A) Patient 38 is a beneficiary under the Aptco, LLC plan. Patient 38 received services between July 24, 2010, and January 31, 2011, from Modern Institute of Plastic Surgery, Valencia Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, an ultrasound, a consultation, and polysomnography. For each of the procedures, United authorized Patient 38 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 38.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 38. On every claim form that was submitted to United for Patient 38,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 38. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 38's plan provides benefits for all of the services listed above including diagnostic and therapeutic services, sleep studies, scopic procedures, and doctor's office visits. For instance, a recent Certificate of Coverage for this plan specifically states that "Lab, X-Ray, and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are all covered under the plan. Furthermore, the Certificate of Coverage, which dates to 2013, notes that fees for these services are paid at MNRP, though it is not clear what benefits were paid under the plan documents that were in effect at the time that Plaintiffs verified Patient 38's benefits.

(D) During the verification process, Plaintiffs called United to verify Patient 38's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 38 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 38. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 38. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed the denial of all or most of the claims within the time limits set forth in the Plan for such appeals, if any.. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 38 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 38.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 41.</u>** - Defendants AT&T Mobility, LLC, and Cingular Wireless Medical Plus Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 41 is a beneficiary under the Cingular Wireless Medical Plus Plan. Patient 41 received services between April 4, 2011, and June 2, 2011, from Modern Institute of Plastic Surgery and from various healthcare providers under the auspices of Independent Medical Services Inc., the medical group for the Provider Plaintiffs. These medical services included an ultrasound, an endoscopy with anesthesia, polysomnography, and a consultation. For each of the procedures, United authorized Patient 41 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 41.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 41. On every claim form that was submitted to United for Patient 41, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 41. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 41's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, laboratory testing, anesthesia services, and sleep studies. The 2007 SPD for this plan specifically states, "Outpatient diagnostic testing," and "health services provided for the purpose of preventing, diagnosing, or treating a sickness, injury,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

mental illness, substance abuse, or other symptoms," are covered by the plan. The SPD states that it pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 41's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 41 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 41. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 41. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 41 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 41.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 42.** - Defendants ATI Systems International, Inc., and ATI Systems - A Garda Company Group Health Plan.

(A) Patient 42 is a beneficiary under the ATI Systems - A Garda Company Group Health Plan. Patient 42 received services between April 24, 2010, and May 29, 2010, from Beverly Hills Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include an endoscopy with anesthesia, a consultation, an ultrasound, and a laparoscopic cholecystectomy. For each of the procedures, United authorized Patient 42 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 42.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 42. On every claim form that was submitted to United for Patient 42, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 42. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 42's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, laboratory services, doctor's office visits, and outpatient surgical services. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services are paid at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 42's benefits under the Plan. The Providers provided services to Patient 42 in reasonable reliance on these statements. However, United failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 42 but has refused to pay for the other services provided to Patient 42. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Plaintiffs never received explanation of benefits from United.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 42. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 42 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 42.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 44.** - Defendants Automatic Data Processing, Inc., and Automatic Data Processing, Inc. Flex 2000 Plan.

(A) Patient 44 is a beneficiary under the Automatic Data Processing, Inc. Flex 2000 Plan. Patient 44 received services between September 11, 2009, and August 31, 2013, from Beverly Hills Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation and initial evaluation, polysomnography, a laparoscopic gastric band procedure and adjustment, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 44 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 44.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 44. On every claim form that was submitted to United for Patient 44, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 44. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 44's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and therapeutic

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

procedures, scopic procedures, sleep studies, surgical procedures, and anesthetic procedures. The 2014 SPD for this plan specifically states that, "Ambulatory Surgical Center Services," "Physician Services," and "Anesthetics," are all covered under the plan. Additionally, the SPD notes that "Bariatric Surgery/Morbid Obesity Surgery," is also covered under the Plan under circumstances, which, on information and belief, were met here. Furthermore, the SPD states that fees for Eligible Expenses will be paid at the usual and customary rate.

(D) During the verification process, Plaintiffs called United to verify Patient 44's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 44 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 44, including substantial amounts for medical services relating to the patient's laparoscopic gastric banding procedure, but has refused to pay for the other services provided to Patient 44. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 44. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 44 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 44.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 46.** - Defendants Avon Products, Inc., and Avon Products Inc. Medical Plan for Active Employees.

(A) Patient 46 is a beneficiary under the Avon Products Inc. Medical Plan for Active Employees. Patient 46 received services between February 1, 2011, and July 7, 2012, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included a laparoscopic gastric band surgery and adjustments, anesthesia services, an ultrasound, an endoscopy with anesthesia, laboratory services, and a consultation. For each of the procedures, United authorized Patient 46 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 46.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 46. On every claim form that was submitted to United for Patient 46, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 46. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 46's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, anesthesia services, scopic procedures, laparoscopic surgical procedures and adjustments, and laboratory services. The 2011 SPD for this plan specifically states that, "Outpatient Surgery," "Labs and X-Rays," and "Physician's Charges," are covered under the Plan. Furthermore, the 2011 SPD states that it pays at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 46's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 46 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 46 but has refused to pay for the other services provided to Patient 46. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 46. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 46 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 46.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 47.</u>** - Defendants Baker Hughes Incorporated and Baker Hughes Incorporated Welfare Benefits Plan.

(A) Patient 47 is a beneficiary under the Baker Hughes Incorporated Welfare Benefits Plan. Patient 47 received services between March 1, 2011, and June 7, 2012, from Beverly Hills Surgery Center, LLC, New Life Surgery Center, LLC, Valencia Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services Inc., the medical group for the Provider Plaintiffs. These medical services included a laparoscopic gastric band

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

procedure and subsequent adjustments, an endoscopy with anesthesia, laboratory testing, polysomnography, and a consultation. For each of the procedures, United authorized Patient 47 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 47.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 47. On every claim form that was submitted to United for Patient 47, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 47. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

- On March 21, 2011, July 25, 2011, August 4, 2011, November 7, 2011, December 2, 2011, September 24, September 26, 2012 and January 21, 2013, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography, Laparoscopic Gastric Banding, Laparoscopic Gastric Band Adjustment and Anesthesia Services.
- On June 8, 2011, Plaintiff New Life Surgery Center submitted a claim for its facility services in connection with these procedures.
- On May 13, 2011, Plaintiff Modern Institute Of Plastic Surgery submitted a claim for its facility services in connection with these procedures.
- On August 1, 2011, Plaintiffs Valencia Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.

(C) On information and belief, Patient 47's Plan provides benefits for all of the services listed above including laparoscopic band procedures and adjustments, scopic procedures, laboratory testing, and sleep studies. The 2012 SPD for this plan specifically states that "Laboratory Services – Office Setting, Outpatient, Hospital, or Independent Lab," "Physician's Services," and "X-Ray Services," are all covered

under the plan. The 2012 SPD states that Eligible Expenses are covered and the fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 47's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 47 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 47 but has refused to pay for the other services provided to Patient 47. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 47. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 47 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 47.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 48.** - Defendants Barnes & Noble, Inc., and Barnes & Noble, Inc. Comprehensive Medical and Dental Plan.

(A) Patient 48 is a beneficiary under the Barnes & Noble, Inc. Comprehensive Medical and Dental Plan. Patient 48 received services between March 17, 2010, and September 6, 2010, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included an ultrasound, an endoscopy with anesthesia, polysomnography, and a consultation. For each of the procedures, United authorized Patient 48 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 48.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 48. On every claim form that was submitted to United for Patient 48, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 48. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

- On December 2, 2010, Plaintiff IMS submitted claims for its professional polysomnography.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 48's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, doctor's office visits, scopic procedures, and sleep studies. The 2012 Plan specifically states that "surgery, diagnostic tests, and therapeutic services performed on an outpatient basis," "Physician's office services," and "Professional fees for surgical and medical services," are covered under the plan. The 2012 Plan states that Eligible Expenses are covered and the fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 48's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 48 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 48. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Claim denied as unable to verify state licensure of a facility or criteria to support the provider billing type proof of facility licensure or hospital affiliation is required.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 48. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limit set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 48 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 48.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 49.** - Defendants Bausch & Lomb Incorporated and Bausch & Lomb Comprehensive Medical Plan.

(A) Patient 49 is a beneficiary under the Bausch & Lomb Comprehensive Medical Plan. Patient 49 received services on May 5, 2009, from Almont Ambulatory Surgery Center, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various healthcare providers under the auspices of Independent Medical Services Inc., the medical group for the Provider Plaintiffs. These medical services included a consultation, an ultrasound, an endoscopy with anesthesia, and laboratory testing. For each of the procedures, United authorized Patient 49 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 49.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 49. On every claim form that was submitted to United for Patient 49, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 49. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 49's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and therapeutic services, scopic procedures, and laboratory testing. For instance, an SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 48's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 49 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 49 but has refused to pay for the other services provided to Patient 49. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 49. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 49 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 49.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 51.** - Defendants BBA Aviation USA, Inc., and BBA Aviation Benefit Plan.

(A) Patient 51 is a beneficiary under the BBA Aviation Benefit Plan. Patient 51 received services between March 13, 2009, and July 27, 2013, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, San Joaquin Valley Surgical Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included a gastric banding adjustment, a laparoscopic gastric banding, an initial evaluation and consultation, polysomnography, laboratory testing, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 51 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 51.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 51. On every claim form that was submitted to United for Patient 51, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 51. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 51's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, laboratory testing, sleep studies, laparoscopic gastric banding and adjustment, and scopic procedures. On information and belief, Patient 51's Plan pays charges at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 51's benefits under the Plan. The Providers provided services to Patient 51 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 51 but has refused to pay for the other services provided to Patient 51. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 51. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time frame set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 51 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 51.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 52.** - Defendants Becton, Dickinson and Company and Becton, Dickinson and Company Group Life and Health Plan.

(A) Patient 52 is a beneficiary under the Becton, Dickinson and Company Group Life and Health Plan. Patient 52 received services between September 27, 2010, and October 29, 2010, from Modern Institute of Plastic Surgery, San Diego Ambulatory Surgery Center, LLC, and from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included an initial consultation and evaluation, an ultrasound, an endoscopy with anesthesia, and polysomnography. For each of the procedures, United authorized Patient 52 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 52.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 52. On every claim form that was submitted to United for Patient 52, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 52. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

- On October 8, 2010, Plaintiff IMS submitted claims for its professional Endoscopy, Polysomnography and Anesthesia Services.
- On October 26, 2010, Plaintiff San Diego Ambulatory Surgery Center submitted a claim for its facility services in connection with these procedures.
- On September 30, 2010, Plaintiffs Modern Institute of Plastic Surgery submitted a claim for its facility services in connection with these procedures.

(C) On information and belief, Patient 52's Plan provides benefits for all of the services listed above including scopic procedures, sleep studies, diagnostic and therapeutic services, and doctor's office visits. The 2007 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 52's benefits under the Plan. The Providers provided services to Patient 52 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 52 but has refused to pay for the other services provided to Patient 52. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 52. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 52 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 52.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 53.</u>** - Defendants Belmont Village, LP, and Belmont Village LP Healthcare Benefits Plan.

(A) Patient 53 is a beneficiary under the Belmont Village LP Healthcare Benefits Plan. Patient 53 received services between November 21, 2008, and November 19, 2009, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band procedure and subsequent adjustments, an endoscopy with anesthesia, and an initial evaluation and consultation. For each of the procedures, United authorized Patient 53 to receive these medical services at Plaintiffs' surgery

centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 53.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 53. On every claim plan documents containing any anti-assignment clause. Form that was submitted to United for Patient 53, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 53. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 53's Plan provides benefits for all of the services listed above including laparoscopic surgery, scopic procedures, and doctor's office visits. The 2009 SPD for this plan, for instance, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Medical and Surgical Services," are covered. The SPD also states that it pays according to MNRP, or 50% of billed charges, for charges incurred for which there is no corresponding Medicare rate.

(D) During the verification process, Plaintiffs called United to verify Patient 53's benefits under the Plan. The Providers provided services to Patient 53 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 53 but has refused to pay for the other services provided to Patient 53. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 53. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 53 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 53.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 56.** - Defendants Best Buy Co., Inc., and Best Buy Flexible Benefits Plan.

(A) Patient 56 is a beneficiary under the Best Buy Flexible Benefits Plan. Patient 56 received services between December 15, 2010, and July 26, 2011, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included a laparoscopic gastric band procedure and subsequent adjustments, polysomnography, an endoscopy with anesthesia, an ultrasound, laboratory testing, laparoscopic cholecystectomy, and a consultation. For each of the procedures, United authorized Patient 56 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 56.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 56. On every claim form that was submitted to United for Patient 56, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 56. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 56's Plan provides benefits for all of the services listed above including laparoscopic procedures, sleep studies, scopic procedures, diagnostic and therapeutic services, and doctor's office visits. For example, the 2011 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Professional Fees for Surgical and Medical Services," and "Physician's Office Services," are all covered under the plan. Furthermore, the SPD states that it pays for these services at MNRP rates, though

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 56.

(D) During the verification process, Plaintiffs called United to verify Patient 56's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 56 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 56 but has refused to pay for the other services provided to Patient 56. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 56. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 56 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 56.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 59.</u>** - Defendants Black Box Network Services, Inc., and Black Box Network Services Group Medical Plan.

(A) Patient 59 is a beneficiary under the Black Box Network Services Group Medical Plan. Patient 59 received services on October 8, 2011, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, an endoscopy with anesthesia, and laboratory testing. For each of the procedures, United authorized Patient 59 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 59.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 59. On every claim form that was submitted to United for Patient 59, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 59. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 59's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, diagnostic and therapeutic services, and laboratory testing. For instance, a 2011 Plan document for this Plan specifically states that "Office visits," "Surgical Services," "Anesthesia Services," "Outpatient Lab and Pathology," and "Other outpatient hospital or ambulatory surgical center services received from a physician," are covered under the plan. The 2011 Plan document also states that the plan pays the fees for these services according to MNRP, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 59.

(D) During the verification process, Plaintiffs called United to verify Patient 59's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 59 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 59 but has refused to pay for the other services provided to Patient 59. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 59. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 59 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 59.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 61.</u>** - Defendants BMW of North America, LLC, and BMW of North America LLC Health and Welfare Plans.

(A) Patient 61 is a beneficiary under the BMW of North America LLC Health and Welfare Plans. Patient 61 received services between March 7, 2011, and April 19, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a cystourethroscopy, an ultrasound, an endoscopy with anesthesia, laboratory testing, and polysomnography. For each of the procedures, United specifically authorized Patient 61 to receive these medical services at Plaintiffs' surgery centers, or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 61.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 61. On every claim form that was submitted to United for Patient 61, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 61. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 61's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, laboratory testing, and scopic procedures. For instance, the 2011 SPD for this plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are covered under the plan. Furthermore, the 2011 SPD states that it pays charges according to reasonable and customary fees for the geographic area. Nothing in the 2011 SPD or any other plan document for this Plan suggests that coverage for these basic medical services are negated if the patient is obese or morbidly obese.

(D) During the verification process, Plaintiffs called United to verify Patient 61's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 61 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 61 but has refused to pay for the other services provided to Patient 61. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) At no time did United or the relevant Plan Defendants assert any supposed obesity exclusion in Patient 61's Plan as a reason for which benefits were not available for the services identified above. In fact, in at least some instances, the sole ground upon which United denied benefits was that Plaintiffs failed to submit numerous categories of irrelevant and sometimes nonexistent medical records that were supposedly necessary to support Plaintiffs' reimbursement claims.

(H) Plaintiffs have submitted all the medical records for the services provided to Patient 61, however. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(I) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 61 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 61.

(J) To date, United and these Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 62.** - Defendant The Railroad Employees National Health and Welfare Plan.

(A) Patient 62 is a beneficiary under the Railroad Employees National Health and Welfare Plan. Patient 62 received medical services between December 5, 2009, and February 12, 2011, from Beverly Hills Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, an endoscopy with anesthesia, an ultrasound, laboratory testing, and a consultation. For each of the procedures, United authorized Patient 62 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 62.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 62. On every claim form that was submitted to United for Patient 62, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 62. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 62's Plan provides benefits for all of the services listed above including scopic procedures, therapeutic and diagnostic services, laboratory testing, laparoscopic procedures and adjustments, doctor's office visits, and anesthesia services. Patient 62's plan specifically states that it covers, "Anesthetics," "Physicians' Services," and "X-ray and Laboratory Tests." The Plan states that Eligible Expenses are covered, and further, that the fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 62's benefits under the Plan. The Providers provided services to Patient 62 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 62 but has refused to pay for the other services provided to Patient 62. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 62. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 62 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 62.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 64.** - Defendants Boston Market Corporation and Boston Market Corporation Health and Welfare Plan.

(A) Patient 64 is a beneficiary under the Boston Market Corporation Health and Welfare Plan. Patient 64 received services between April 9, 2011, and May 19, 2011, from Modern Institute of Plastic Surgery, New Life Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included laparoscopic procedures, cystourethroscopy, an ultrasound, an endoscopy with anesthesia, and polysomnography. For each of the procedures, United authorized Patient 64 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 64.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 64. On every claim form that was submitted to United for Patient 64, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 64. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 64's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, sleep studies, and laparoscopic surgery. The 2011 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the plan. Furthermore, the 2011 SPD states that Eligible Expenses are covered and the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 64's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 64 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 64 but has refused to pay for the other services provided to Patient 64. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 64. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any.. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 64 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 64.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 65.** - Defendants Brady Corporation and W.H. Brady Co. Insured Benefits Plan.

(A) Patient 65 is a beneficiary under the W.H. Brady Co. Insured Benefits Plan. Patient 65 received services between September 19, 2009, and September 23, 2009, from Beverly Hills Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, an ultrasound, an initial evaluation and consultation, and laboratory testing. For each of the procedures, United authorized Patient 65 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 65.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 65. On every claim form that was submitted to United for Patient 65, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 65. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 65's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, laboratory testing, doctor's office visits, and anesthesia services. The 2009 SPD for this plan specifically states that "Lab, X-Ray, and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are all covered under the plan. The 2009 SPD states that Eligible Expenses are paid according to MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 65.

(D) During the verification process, Plaintiffs called United to verify Patient 65's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

provided services to Patient 65 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 65 but has refused to pay for the other services provided to Patient 65. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Claim was denied stating as "Non-Network Benefits have been applied to these Lab and Diagnostic Services because you used a Non-Network Healthcare Provider".

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 65. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 65 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 65.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 66.</u>** - Defendants Advance/Newhouse Partnership dba Bright House Networks, LLC and Advance/Newhouse Partnership Health Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 66 is a beneficiary under the Advance/Newhouse Partnership Health Benefits Plan. Patient 66 received services between January 28, 2012, and March 20, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory tests, polysomnography, an ultrasound, an endoscopy with anesthesia, lab testing, and a consultation. For each of the procedures, United authorized Patient 66 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 66.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 66. On every claim form that was submitted to United for Patient 66, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 66. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 66's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, laboratory testing, sleep studies, scopic procedures, and doctor's office visits. The 2012 SPD for this plan specifically states that "Ambulatory Surgical Center for related services given within 72 hours before or after a surgical procedure," "Anesthesia," "Diagnostic x-ray and lab tests, including professional fees," "Surgical procedures,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

on both an inpatient and outpatient basis, including pre- and post-operative care," and "X-ray and lab services directly related and necessary to a diagnosis, including pathology services," are all covered under the plan. The 2012 SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 66's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 66 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 66. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 66. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 66 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 66.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 67.** - Defendants Brinker International Payroll Company, L.P., and Brinker International, Inc. Welfare Benefit Plan.

(A) Patient 67 is a beneficiary under the Brinker International, Inc. Welfare Benefit Plan. Patient 67 received services between July 13, 2009, and September 14, 2009, from Beverly Hills Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, an ultrasound, a consultation, pathology testing, and laboratory testing. For each of the procedures, United authorized Patient 67 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 67.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 67. On every claim form that was submitted to United for Patient 67, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 67. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 67's Plan provides benefits for all of the services listed above including anesthesia services, scopic procedures, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. For instance, an SPD for this plan specifically states that "Outpatient Diagnostic Services," "Outpatient Surgery," and "Physician's Office Services," are all covered under the plan. The SPD states that the plan pays out-of-network benefits at MNRP rates, though this SPD (and other plan documents) were not available at the time that Plaintiffs performed the above services for Patient 67, and/or verified Patient 67's benefits.

(D) During the verification process, Plaintiffs called United to verify Patient 67's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 67 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 67 but has refused to pay for the other services provided to Patient 67. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 67. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 67 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 67.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 68.</u>** - Defendants Brink's Incorporated and The Brinks Company Comprehensive Health and Welfare Plan.

(A) Patient 68 is a beneficiary under The Brinks Company Comprehensive Health and Welfare Plan. Patient 68 received services between October 23, 2010 and November 6, 2010, from San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, an endoscopy with anesthesia, laboratory testing/pathology, and polysomnography. For each of the procedures, United authorized Patient 68 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 68.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 68. On every claim form that was submitted to United for Patient 68, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 68. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 68's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, laboratory and pathology testing, scopic procedures, sleep studies, and doctor's office visits. The 2006 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," "Professional Fees for Surgical and Medical Services," and "Physician's Office Services – Specialist," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 68's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 68 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 68 but has refused to pay for the other services provided to Patient 68. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 68. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 68 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 68.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 69.** - Defendants Buca Restaurants 2, Inc., and Buca Inc. Health Care Benefit Plan.

(A) Patient 69 is a beneficiary under the Buca Inc. Health Care Benefit Plan. Patient 69 received services between April 21, 2011, and June 16, 2011, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, an

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

ultrasound, polysomnography, and a consultation. For each of the procedures, United authorized Patient 69 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 69.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 69. On every claim form that was submitted to United for Patient 69, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 69. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 69's Plan provides benefits for all of the services listed above including therapeutic and diagnostic services, scopic procedures, anesthesia services, sleep studies, and doctor's office visits. The 2010 Plan states that "Anesthetics and Administration," "Laboratory or Pathology Tests and Interpretation Charges," "Physician Services," "Sleep Studies," "Surgery and Assistant Surgery Services," and "X-ray Services," are covered under the plan. The Plan also states that fees for these services will be paid at the usual and customary rate.

(D) During the verification process, Plaintiffs called United to verify Patient 69's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 69 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 69 but has refused to pay for the other services provided to Patient 69. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Codes billed are non-covered.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 69. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 69 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 69.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 70.** - Defendants Building Materials Corporation of America and GAF Materials Corporation Welfare Benefit Plan.

(A) Patient 70 is a beneficiary under the GAF Materials Corporation Welfare Benefit Plan. Patient 70 received services between January 22, 2011, and February 19, 2011, from Modern Institute of Plastic Surgery, Bakersfield Surgery Institute, LLC, and various other healthcare providers under the auspices of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, an ultrasound, a consultation, a surgical hernia repair, and laboratory testing. For each of the procedures, United authorized Patient 70 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 70.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 70. On every claim form that was submitted to United for Patient 70, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 70. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 70's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, laboratory testing, and surgical procedures. The 2013 SPD for this plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are all covered under the Plan. Furthermore, the 2013 SPD provides that Eligible Expenses are covered, and fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 70's benefits under the Plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 70 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 70 but has refused to pay for the other services provided to Patient 70. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."
- Claim was denied requesting for W-9 Form

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 70. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 70 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 70.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 71.** - Defendants BUPA Worldwide Corporation and BUPA Worldwide Corporation Health & Benefits Plan.

(A) Patient 71 is a beneficiary under the BUPA Worldwide Corporation Health & Benefits Plan. Patient 71 received services between June 29, 2010, and July 13, 2010, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, an endoscopy with anesthesia, a consultation, and pathology and laboratory testing. For each of the procedures, United authorized Patient 71 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 71.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 71. On every claim form that was submitted to United for Patient 71, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 71. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 71's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, scopic procedures, doctor's office visits, and laboratory and pathology testing. On information and belief, Patient 71's Plan pays charges at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 71's benefits under the Plan. The Providers provided services to Patient 71 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 71 but has refused to pay for the other services provided to Patient 71. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 71. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 71 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 71.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 72.** - Defendants BWAY Corporation and BWAY Corporation Comprehensive Medical Plan.

(A) Patient 72 is a beneficiary under the BWAY Corporation Comprehensive Medical Plan. Patient 72 received services on October 24, 2009, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 72 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 72.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 72. On every claim form that was submitted to United for Patient 72, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 72. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 72's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory and pathology testing. The 2009 SPD for this plan, for instance, specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the 2009 SPD provides that Eligible Expenses are MNRP, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 72.

(D) During the verification process, Plaintiffs called United to verify Patient 72's benefits under the Plan. The Providers provided services to Patient 72 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 72 but has refused to pay for the other services provided to Patient 72. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 72. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 72 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 72.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 73.** - Defendants Caliber Home Loans, Inc., f/k/a Vericrest Financial, Inc. and Vericrest Financial, Inc. Welfare and Benefits Plan.

(A) Patient 73 is a beneficiary under the Vericrest Financial, Inc. Welfare and Benefits Plan. Patient 73 received services between March 5, 2011, and March 19, 2011, from San Diego Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a consultation, an endoscopy with anesthesia, an ultrasound, laboratory and pathology testing, and polysomnography. For each of the procedures, United authorized Patient 73 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 73.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 73. On every claim form that was submitted to United for Patient 73, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 73. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 73's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, diagnostic and therapeutic services, anesthesia services, doctor's office visits, and laboratory and pathology testing. The 2011 SPD for this plan, for instance, specifically states that "Lab, X-Ray, and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered categories of medical services under the plan. Furthermore, the 2011 SPD also states fees for these services are paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 73.

(D) During the verification process, Plaintiffs called United to verify Patient 73's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 73 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 73 but has refused to pay for the other services provided to Patient 73. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 73. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 73 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 73.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 77.</u>** - Defendants CBIZ MHM, LLC, and CBIZ Inc. Group Health and Welfare Plan.

(A) Patient 77 is a beneficiary under the CBIZ Inc. Group Health and Welfare Plan. Patient 77 received services between September 19, 2010, and October 28, 1010, from San Diego Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included an initial evaluation and consultation, an ultrasound, an endoscopy with anesthesia, polysomnography, and laboratory and pathology testing. For each of the procedures, United authorized Patient 77 to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 77.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 77. On every claim form that was submitted to United for Patient 77, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 77. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 77's Plan provides benefits for all of the services listed above including therapeutic and diagnostic procedures, doctor's office visits, scopic procedures, laboratory and pathology testing, and sleep studies. The 2010 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the plan. Furthermore, the 2010 SPD states that Eligible Expenses are covered, and fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 77's benefits under the Plan. The Providers provided services to Patient 77 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 77 but has refused to pay for the other services provided to Patient 77. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 77. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 77 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 77.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 78.</u>** - Defendants CBS Corporation and CBS Health and Welfare Benefits Plan.

(A) Patient 78 is a beneficiary under the CBS Health and Welfare Benefits Plan. Patient 78 received services on March 12, 2010, from Beverly Hills Surgery

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included pathology and laboratory testing, a consultation, an endoscopy with anesthesia, and an ultrasound. For each of the procedures, United authorized Patient 78 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 78.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 78. On every claim form that was submitted to United for Patient 78, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 78. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

- On January 17, 2011, February 25, 2011, March 1, March 24, 2011, April 15, April 20, 2011 and June 5, 2012, Plaintiff IMS submitted claims for its professional Laparoscopic Gastric Band Adjustment.

(C) On information and belief, Patient 78's Plan provides benefits for all of the services listed above including laboratory and pathology testing, consultations, doctor's office visits, anesthesia services, scopic procedures, and diagnostic and therapeutic services. On information and belief, Patient 78's Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 78's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 78 in reasonable reliance on these statements.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 78 but has refused to pay for the other services provided to Patient 78. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 78. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 78 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 78.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 79.** - Defendants CEC Entertainment, Inc., and CEC Entertainment Welfare Benefit Plan.

(A) Patient 79 is a beneficiary under the CEC Entertainment Welfare Benefit Plan. Patient 79 received services on May 13, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 79 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 79.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 79. On every claim form that was submitted to United for Patient 79, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 79. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 79's Plan provides benefits for all of the services listed above including a new patient comprehensive. The 2011 SPD for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

this plan specifically states that "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the 2011 SPD states that Eligible Expenses are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 79.

(D) During the verification process, Plaintiffs called United to verify Patient 79's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 79 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 79. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim denied as documentation does not support the level of service billed."
- "Our records show that we have already processed this charge."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 79. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 79 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 79.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 80.** - Defendants Central Parking System and Central Parking System Health and Welfare Plan.

(A) Patient 80 is a beneficiary under the Central Parking System Health and Welfare Plan. Patient 80 received services on May 19, 2010, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 80 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 80.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 80. On every claim form that was submitted to United for Patient 80, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 80. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 80's Plan provides benefits for all of the services listed above including the new patient comprehensive consultation

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and/or doctor's office visits. On information and belief, Patient 80's Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 80's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 80 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 80. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 80. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 80 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 80.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 81.** - Defendants Centric Group, LLC, and Centric Group Hospital Plan.

(A) Patient 81 is a beneficiary under the Centric Group Hospital Plan. Patient 81 received services between February 26, 2011, and March 16, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included polysomnography, an ultrasound, an endoscopy with anesthesia, pathology and laboratory testing, and a consultation. For each of the procedures, United authorized Patient 81 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 81.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 81. On every claim form that was submitted to United for Patient 81, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 81. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 81's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, therapeutic and diagnostic services, anesthesia services, pathology and laboratory testing, and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

doctor's office visits. On information and belief, Patient 81's Plan provides that Eligible Expenses are covered, and fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 81's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 81 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 81. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 81. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 81 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 81.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 82.</u>** - Defendants Cogentrix Energy Power Management, LLC and Cogentrix Energy Power Management, LLC Group Insurance Plan.

(A) Patient 82 is a beneficiary under the Cogentrix Energy Power Management, LLC Group Insurance Plan. Patient 82 received services between August 5, 2010, and September 29, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included polysomnography, pathology and laboratory testing, an ultrasound, a consultation, a new comprehensive, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 82 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 82.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 82. On every claim form that was submitted to United for Patient 82, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 82. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 82's Plan provides benefits for all of the services listed above including sleep studies, doctor's office visits, scopic procedures, laboratory and pathology testing, therapeutic and diagnostic services, and anesthesia services. The 2010 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the 2010 SPD states that Eligible Expenses are paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 82.

(D) During the verification process, Plaintiffs called United, which verified Patient 82's benefits under the Plan. The Providers provided services to Patient 82 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 82 but has refused to pay for the other services provided to Patient 82. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 82. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 82 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 82.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 83.</u>** - Defendants C.H. Robinson Company, Inc., and CH Robinson Company Group Health Major Medical Plan.

(A) Patient 83 is a beneficiary under the CH Robinson Company Group Health Major Medical Plan. Patient 83 received services between January 26, 2011, and December 21, 2011, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory

and pathology testing, a consultation, an ultrasound, an endoscopy with anesthesia, polysomnography, and a breast reduction surgical procedure. For each of the procedures, United authorized Patient 83 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 83.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 83. On every claim form that was submitted to United for Patient 83, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 83. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 83's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, diagnostic and therapeutic services, laboratory and pathology testing, doctor's office visits, anesthesia services, and surgical services. The 2011 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services – Diagnostic," "Professional Fees for Surgical and Medical Services," and "Physician's Office Services – Preventative," are all covered under the plan. Furthermore, the 2011 SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 83's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 83 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 83 but has refused to pay for the other services provided to Patient 83. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 83. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 83 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 83.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 84.** - Defendants Charlotte Russe, Inc., and Charlotte Russe Holding, Inc. Welfare Benefit Plan.

(A) Patient 84 is a beneficiary under the Charlotte Russe Holding, Inc. Welfare Benefit Plan. Patient 84 received services between December 16, 2010, and December 28, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation, polysomnography, an endoscopy with anesthesia, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 84 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 84.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 84. On every claim form that was submitted to United for Patient 84, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 84. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 84's Plan provides benefits for all of the services listed above including sleep studies, doctor's office visits, scopic procedures, therapeutic and diagnostic services, anesthesia services, and laboratory and pathology testing. The 2010 SPD for this plan specifically states that, "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Surgical and Medical Services," "Physician's Office Services –Primary," "Physician's Office Services – Specialist," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are all covered under the plan. Furthermore, the 2010 SPD states that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 84's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 84 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 84 but has refused to pay for the other services provided to Patient 84. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 84. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 84 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 84.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 85.</u>** - Defendants Charming Shoppes, Inc., and Charming Shoppes, Inc. Medical Plan.

(A) Patient 85 is a beneficiary under the Charming Shoppes, Inc. Medical Plan. Patient 85 received services between August 30, 2010, and October 2, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, a new patient comprehensive evaluation, an endoscopy with anesthesia, pathology and laboratory testing, and an ultrasound. For each of the procedures, United authorized Patient 85 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 85.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 85. On every claim form that was submitted to United for Patient 85, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 85. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 85's Plan provides benefits for all of the services listed above including scopic procedures, therapeutic and diagnostic services, anesthesia services, doctor's office visits, and pathology and laboratory testing. The 2010 SPD for this plan specifically states that "Obesity Surgery," "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," "Physician's Office Services – Specialist," and "Professional Fees for Surgical and Medical Services," are all covered under the plan. Furthermore, the 2010 SPD notes that Eligible Expenses are covered and the fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 85's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 85 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 85 but has refused to pay for the other services provided to Patient 85. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 85. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 85 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 85.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 86.</u>** - Defendants Chevron Corporation and Chevron Corporation Omnibus Health Care Plan.

(A) Patient 86 is a beneficiary under the Chevron Corporation Omnibus Health Care Plan. Patient 86 received services between January 2, 2010, and October 8, 2013, from Orange Grove Surgery Center, LLC, Bakersfield Surgery

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Institute, LLC, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a fluoroscopy, a laparoscopic gastric band adjustment, and an upper gastrointestinal exam. For each of the procedures, United authorized Patient 86 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 86.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 86. On every claim form that was submitted to United for Patient 86, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 86. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 86's Plan provides benefits for all of the services listed above including scopic procedures, laparoscopic procedures, and examinations. The 2013 SPD for this plan, for instance, specifically states that "Lab Tests and X-Rays," "Medical Supplies and Equipment," "Office Visits," and "Surgery," are covered under the plan. Furthermore, the SPD indicates that surgical treatment for obesity is covered under circumstances, which, on information and belief, were met here. Furthermore, on information and belief, the plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 86's benefits under the Plan. The Providers provided services to Patient 86 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United paid for some of the services for Patient 86, including some relating to the patient's Lap Band adjustments, but has not paid any of the other services. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 86. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 86 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 86.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 88.</u>** - Defendants CitiGroup, Inc., and CitiGroup Health Benefit Plan.

(A) Patient 88 is a beneficiary under CitiGroup Health Benefit Plan. Patient 88 received services between February 29, 2008, and November 12, 2008, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band procedure and subsequent adjustments and a consultation. For these procedures, United authorized Patient 88 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 88.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 88. On every claim form that was submitted to United for Patient 88, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 88. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 87's Plan provides benefits for all of the services listed above including doctor's office visits and laparoscopic procedures and subsequent adjustments. The 2008 Plan document specifically states that "Hospital inpatient and outpatient," including doctor's charges, lab, x-ray, and surgical care, and "Physician's Office Services," are covered under the Plan. Additionally, the Plan states that "Covered Medical Expenses include charges made on an inpatient or outpatient basis by a hospital or a physician for the surgical treatment of morbid obesity of a covered person." Furthermore, the SPD indicates that surgical treatment for obesity is covered under circumstances, which, on

information and belief, were met here. The Plan document also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 87's benefits under the Plan. The Providers provided services to Patient 87 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 88, including some relating to the patient's Lap Band, but has refused to pay for others. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 88. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 88 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 88.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 90.** - Defendants CNA Financial Corporation and CNA Financial Corporation Health and Group Benefits Program.

(A) Patient 90 is a beneficiary under the CNA Financial Corporation Health and Group Benefits Program. Patient 90 received services on February 25, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a new comprehensive consultation and an initial evaluation. For each of the procedures, United authorized Patient 90 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 90.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 90. On every claim form that was submitted to United for Patient 90, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 90. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 90's Plan provides benefits for all of the services listed above including a new comprehensive consultation and initial evaluation. The 2012 SPD for this plan, for instance, specifically states that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

"Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the SPD states that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 90's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 90 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 90 but has refused to pay for the other services provided to Patient 90. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 90. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 90 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 90.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 91.</u>** - Defendants Cognizant Technology Solutions U.S. Corporation and Cognizant Health & Welfare Benefit Plan.

(A) Patient 91 is a beneficiary under the Cognizant Health & Welfare Benefit Plan. Patient 91 received services between November 20, 2010, and December 23, 2010, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include polysomnography, an endoscopy with anesthesia, a consultation, a new comprehensive, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 91 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 91.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 91. On every claim form that was submitted to United for Patient 91, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 91. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 91's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, diagnostic and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

therapeutic services, anesthesia services, doctor's office visits, and laboratory and pathology testing. The 2010 SPD for this plan specifically states that, "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Obesity Surgery," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are all covered under the plan. The SPD also states that Eligible Expenses are covered and fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 91's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 91 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 91 but has refused to pay for the other services provided to Patient 91. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 91. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 91 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 91.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 93.** - Defendants Comfort Systems USA, Inc., and Comfort Systems USA Health & Welfare Plan.

(A) Patient 93 is a beneficiary under the Comfort Systems USA Health & Welfare Plan. Patient 93 received services between August 17, 2010, and October 30, 2010, from Modern Institute of Plastic Surgery, San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation, polysomnography, pathology and laboratory testing, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 93 to receive these medical services at Plaintiffs' surgery centers and/or United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 93.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 93. On every claim form that was submitted to United for Patient 93, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 93. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 93's Plan provides benefits for all of the services listed above including scopic procedures, sleep studies, doctor's office visits, laboratory and pathology testing, anesthesia services, and therapeutic and diagnostic procedures. The 2009 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the plan. Furthermore, the SPD states that fees for these services are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 93.

(D) During the verification process, Plaintiffs called United to verify Patient 93's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

provided services to Patient 93 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 93 but has refused to pay for the other services provided to Patient 93. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 93. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 93 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 93.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 94.</u>** - Defendants CommScope, Inc. of North Carolina and CommScope Welfare Benefit Plan.

(A) Patient 94 is a beneficiary under the CommScope Welfare Benefit Plan. Patient 94 received services on May 21, 2010, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included pathology and laboratory testing, a new patient comprehensive evaluation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 94 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 94.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 94 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 94, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 94. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 94's Plan provides benefits for all of the services listed above including scopic procedures, therapeutic and diagnostic services, laboratory and pathology testing, and doctor's office visits. The 2010 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the SPD states that fees for these services are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 94.

(D) During the verification process, Plaintiffs called United to verify Patient 94's benefits under the Plan. The Providers provided services to Patient 94 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 94 but has refused to pay for the other services provided to Patient 94. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 94. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 94 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 94.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 97.** - Defendants Conmed Corporation and Conmed Corporation Healthcare Plan.

(A) Patient 97 is a beneficiary under the Conmed Corporation Healthcare Plan. Patient 97 received services between January 30, 2010, and August 24, 2010, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a consultation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 97 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 97.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 97. On every claim form that was submitted to United for Patient 97, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 97. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 97's Plan provides benefits for all of the services listed above including sleep studies, doctor's office visits, diagnostic and therapeutic services, anesthesia services, and scopic procedures. The SPD specifically states that "Surgical Center or Other Facility," "Laboratory or X-ray," "Office and Inpatient Visits," "Anesthesia," and "Diagnostic tests," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 97's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 97 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 97 but has refused to pay for the other services provided to Patient 97. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 97. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denials of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 97 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 97.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 98.** - Defendant Construction Teamsters Security Fund for Southern California.

(A) Patient 98 is a beneficiary under the Construction Teamsters Security Fund for Southern California. Patient 98 received services between January 8, 2011, and February 5, 2011, from San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, a new patient comprehensive evaluation, an ultrasound, an endoscopy with anesthesia, polysomnography, and laboratory and pathology testing. For each of the procedures, United authorized Patient 98 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 98.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 98. On every claim form that was submitted to United for Patient 98, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 98. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 98's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, sleep studies, anesthesia services, and doctor's office visits. The SPD specifically states that "Laboratory and X-Ray Diagnostic Care," "Surgical Care," and "Medical Care," are covered under the plan. Furthermore, the SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 98's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 98 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 98 but has refused to pay for the other services provided to Patient 98. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did.
- not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 98. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 98 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 98.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 99.</u>** - Defendants Cort Business Services Corporation and Cort Business Services Corporation Group Insurance Plan.

(A) Patient 99 is a beneficiary under the Cort Business Services Corporation Group Insurance Plan. Patient 99 received services on August 21,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

2009, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, an endoscopy with anesthesia, laboratory and pathology testing. For each of the procedures, United authorized Patient 99 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 99.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 99. On every claim form that was submitted to United for Patient 99, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 99. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 99's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and therapeutic services, scopic procedures, laboratory and pathology testing, and anesthesia services. The 2009 SPD, for instance, specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the plan. Furthermore, the SPD states that Eligible Expenses are covered, and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 99's benefits under the Plan. The Providers provided services to Patient 99 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 99 but has refused to pay for the other services provided to Patient 99. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds, among others:

- "Claim denied as in excess of allowed expense."
- "Claim denied as medical records are required to process this claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 99. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 99 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 99.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 100.</u>** - Defendants Covidien, LP, and Covidien Health & Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 100 is a beneficiary under the Covidien Health & Welfare Benefits Plan. Patient 100 received services between August 31, 2010, and September 16, 2010, from San Diego Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, a new patient comprehensive consultation, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 100 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 100.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 100. On every claim form that was submitted to United for Patient 100, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 100. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 100's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, doctor's office visits, diagnostic and therapeutic services, and laboratory and pathology testing. On information and belief, Patient 100's Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 100's benefits under the Plan. The Providers provided services to Patient

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

100 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 100 but has refused to pay for the other services provided to Patient 100. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 100. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 100 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 100.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 102.** - Defendants Credit Suisse Securities (USA), LLC, and Credit Suisse Securities (USA) LLC Group Health Care Plan.

(A) Patient 102 is a beneficiary under Credit Suisse Securities (USA) LLC Group Health Care Plan. Patient 102 received services on May 15, 2010, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. This service included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 102 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 102.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 102. On every claim form that was submitted to United for Patient 102, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 102. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 102's Plan provides benefits for all of the services listed above including the new patient comprehensive consultation. The 2010 SPD for this Plan specifically states that "Office Visit[s]," are covered under the Plan. Furthermore, the SPD also states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 102's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 102 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 102. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim denied as request information was not received."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 102. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 102 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 102.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 103.** - Defendants Crowley Holdings, Inc., and Crowley Holdings, Inc. Welfare Health Life & Accidental Death & Dismemberment Plan.

(A) Patient 103 is a beneficiary under the Crowley Holdings, Inc. Welfare Health Life & Accidental Death & Dismemberment Plan. Patient 103 received services between January 13, 2010, and May 14, 2012, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, New Life Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, anesthesia services, fluoroscopy, endoscopy with anesthesia, and follow-up laparoscopic band adjustments. For each of the procedures, United authorized Patient 103 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 103.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 103. On every claim form that was submitted to United for Patient 103, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 103. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 103's Plan provides benefits for all of the services listed above including anesthesia services, scopic procedures, laparoscopic adjustments, and laboratory and pathology testing. The 2012 SPD for this plan specifically states that "Obesity Surgery," "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the plan. Furthermore, the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 103's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 103 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 103. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 103. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 103 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 103.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 104.** - Defendants Cytec Industries, Inc., and Cytec Industries Inc. Health and Welfare Plan.

(A) Patient 104 is a beneficiary under the Cytec Industries Inc. Health and Welfare Plan. Patient 104 received services between August 11, 2010, and July 25, 2011, from Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a stress test, pathology and laboratory testing, an endoscopy with anesthesia, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 104 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 104.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 104. On every claim form that was submitted to United for Patient 104, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 104. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 104's Plan provides benefits for each of the services listed above including sleep studies, anesthesia services, scopic procedures, diagnostic and therapeutic services, doctor's office visits, and pathology

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and laboratory testing. The 2012 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 104's benefits under the Plan. The Providers provided services to Patient 104 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 104 but has refused to pay for the other services provided to Patient 104. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 104. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 104 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 104.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 105.** - Defendants Darden Restaurants, Inc., Darden Group Life and Health Benefit Plan for Hourly Employees and the Darden Group Life and Health Benefit Plan for Salaried Employees.

(A) Patient 105 is a beneficiary under the Darden Group Life and Health Benefit Plan for Hourly Employees and the Darden Group Life and Health Benefit Plan for Salaried Employees. Patient 105 received services between March 8, 2010, and April 16, 2012, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a laparoscopic gastric banding procedure and subsequent adjustments, polysomnography, an endoscopy with anesthesia, pathology and laboratory testing, and a consultation. For each of the procedures, United authorized Patient 105 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 105.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 105. On every claim form that was submitted to United for Patient 105, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 105. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 105's Plan provides benefits for all of the services listed above including laparoscopic procedures and subsequent adjustments, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and pathology and laboratory testing. The 2014 SPD for this plan specifically states that "Laboratory Charges," "Office visits," "Physical Exams for Adults," "Surgery," and "Wellness Services," are covered under the plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 105's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 105 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 105 but has refused to pay for the other services provided to Patient 105. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 105. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 105 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 105.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 106.</u>** - Defendants Deere & Company, John Deere Health Benefit Plan for Wage Employees and The John Deere Health Benefit Plan for Salaried Employees.

(A) Patient 106 is a beneficiary under the John Deere Health Benefit Plan for Wage Employees and The John Deere Health Benefit Plan for Salaried Employees. Patient 106 received services on June 6, 2009, from Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, pathology and laboratory testing, an endoscopy with anesthesia, an ultrasound, and a surgical procedure. For each of the procedures, United authorized Patient 106 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 106.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 106. On every claim form that was submitted to United for Patient 106, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 106. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 106's Plan provides benefits for all of the services listed above including surgical procedures, laboratory and pathology testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. Patient 106's Plan specifically states that "X-rays," "anesthesia charges," "charges for pathologists," "Surgery Charges," "Physician's Charges," and "Laboratory Examinations, X-Rays, and Imaging," are all covered under the Plan. Furthermore, the Plan states fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 106's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 106 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for the mentioned service provided by Plaintiffs to Patient 106. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 106. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 106 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 106.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 107.** - Defendants DellaCamera Capital Management, LLC, and DellaCamera Capital Management, LLC Health and Welfare Plan.

(A) Patient 107 is a beneficiary under the DellaCamera Capital Management, LLC Health and Welfare Plan. Patient 107 received services between March 6, 2012, and May 10, 2012, from San Diego Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, polysomnography, a consultation, an endoscopy with anesthesia, CPAP titration, and an ultrasound. For each of the procedures, United authorized Patient 107 to receive these medical services at

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 107.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 107. On every claim form that was submitted to United for Patient 107, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 107. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 107's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic procedures, anesthesia services, scopic procedures, laboratory and pathology testing, and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 107's benefits under the Plan. The Providers provided services to Patient 107 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 107. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 107. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 107 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 107.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 108.** - Defendants Deloitte, LLP, and Deloitte & Touche Group Insurance Plan.

(A) Patient 108 is a beneficiary under the Deloitte & Touche Group Insurance Plan. Patient 108 received services between June 30, 2009, and August 26, 2009, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a laparoscopic gastric banding procedure and subsequent adjustments, an ultrasound, anesthesia, an endoscopy, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 108 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 108.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 108. On every claim form that was submitted to United for Patient 108, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 108. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 108's Plan provides benefits for all of the services listed above including, scopic procedures, diagnostic and therapeutic services, anesthesia services, laparoscopic procedures and subsequent adjustments, doctor's office visits, and laboratory and pathology testing. The 2009 SPD for this plan specifically states that "Ambulatory Surgical Center Services," "Anesthetics," "Laboratory Tests and X-rays," "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician Services," and "Surgery," are all covered under the Plan. Furthermore, the SPD states that Covered Expenses are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 108's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 108 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 108 but has refused to pay for the other services provided to Patient 108. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Service is considered to be part of another service already performed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 108. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 108 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 108.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 109.</u>** - Defendants Delta Air Lines, Inc., and Delta Family-Care Medical Plan.

(A) Patient 109 is a beneficiary under the Delta Family-Care Medical Plan. Patient 109 received services between January 7, 2012, and October 23, 2012, from San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation, polysomnography, pathology and laboratory testing, an ultrasound, CPAP titration, and an endoscopy with anesthesia. For each of the procedures,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United authorized Patient 109 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 109.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 109. On every claim form that was submitted to United for Patient 109, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 109. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 109's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, sleep studies, doctor's office visits, and pathology and laboratory testing. The 2012 SPD for this plan, for instance, specifically states that "Lab Work – Diagnostic," "Office Visit – General," "Office Visit – Specialist," "Surgeon Services," "X-Rays – Diagnostic," and "Weight Loss Treatment" are covered under the Plan. Furthermore, the SPD states that Eligible Expenses are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 109's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 109 in reasonable reliance on these statements.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 109. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 109. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 109 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 109.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 110.</u>** - Defendants Denso Products and Services Americas, Inc., and Denso Sales California, Inc. Group Life, Accident, Medical & Dental Insurance.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 110 is a beneficiary under the Denso Sales California, Inc. Group Life, Accident, Medical & Dental Insurance. Patient 110 received services between July 18, 2009, and August 14, 2009, from Almont Ambulatory Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a cholecystectomy, anesthesia, a laparoscopic procedure, an endoscopy, an ultrasound, laboratory and pathology testing, and a consultation. For each of the procedures, United authorized Patient 110 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 110.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 110. On every claim form that was submitted to United for Patient 110, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 110. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 110's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, anesthesia services, laparoscopic procedures, laboratory and pathology testing, and doctor's office visits. The 2009 SPD for this plan specifically states that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

"Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "and "Physician's Office Services," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 110's benefits under the Plan. The Providers provided services to Patient 110 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 110 but has refused to pay for the other services provided to Patient 110. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Your plan covers reasonable charges for covered health services. The reasonable charge is based on amounts charged by other physicians or health care professionals in the area for similar services or supplies. Benefits are not available for that portion of the charge that exceeds the reasonable charge determined for this service.

(G) Plaintiffs have submitted all of the medical records for the services provided to Patient 110. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 110 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 110.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 114.** - Defendants Diageo North America, Inc., Diageo North America, Inc. Medical Care and Life Insurance Plan for Hourly and Retired Employees and Diageo North America, Inc. Medical Care And Life Insurance Plan For Salaried And Retired Employees.

(A) Patient 114 is a beneficiary under the Diageo North America, Inc. Medical Care and Life Insurance Plan for Hourly and Retired Employees and the Diageo North America, Inc. Medical Care And Life Insurance Plan For Salaried And Retired Employees. Patient 114 received services between April 12, 2011, and May 26, 2012, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band procedure and subsequent adjustments, laboratory and pathology testing, an ultrasound, an endoscopy with anesthesia, polysomnography, and a consultation. For each of the procedures, United authorized Patient 114 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 114.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 114. On every claim form that was submitted to United for Patient 114, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 114. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 114's Plan provides benefits for all of the services listed above including diagnostic and therapeutic procedures, anesthesia services, laboratory and pathology testing, scopic procedures, sleep studies, laparoscopic gastric banding procedures and subsequent adjustments, and doctor's office visits. The 2011 SPD for this specific plan states that "Outpatient Surgery – including facility, surgeon's fees, assistant surgeon's fees, and anesthesia," and "Lab tests and X-rays," are covered under the Plan. Furthermore, Diageo's Medical Plan pays these services based upon reasonable and customary charges. Additionally, the Plan states that it covers "Obesity surgery."

(D) During the verification process, Plaintiffs called United to verify Patient 114's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 114 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 114 but has refused to pay for the other services provided to Patient 114. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 114. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 114 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 114.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 116.</u>** - Defendants Dollar Thrifty Automotive Group, Inc., and Dollar Thrifty Automotive Group, Inc. Welfare Benefit Plan.

(A) Patient 116 is a beneficiary under the Dollar Thrifty Automotive Group, Inc. Welfare Benefit Plan. Patient 116 received services between May 8, 2012, and November 9, 2012, from Orange Grove Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, polysomnography, pathology and laboratory testing, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 116 to receive these medical services at Plaintiffs' surgery centers and/or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 116.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 116 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 116, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 116. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 116's Plan provides benefits for all of the services listed above including doctor's office visits, sleep studies, diagnostic and therapeutic services, anesthesia services, and scopic procedures. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that these services are paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 116.

(D) During the verification process, Plaintiffs called United, which verified Patient 116's benefits under the Plan. The Providers provided services to Patient 116 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 116 but has refused to pay for the other services provided to Patient 116. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 116. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 116 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 116.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 118.** - Defendants Dr. Pepper Snapple Group, Inc., and Dr. Pepper Snapple Group, Inc. Health Plan.

(A) Patient 118 is a beneficiary under the Dr. Pepper Snapple Group, Inc. Health Plan. Patient 118 received services between January 21, 2012, and February 18, 2012, from various healthcare providers under the auspices of Independent

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, pathology and laboratory testing, an endoscopy with anesthesia, CPAP Titration, and a consultation. For each of the procedures, United authorized Patient 118 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 118.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 118. On every claim form that was submitted to United for Patient 118, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 118. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 118's Plan provides benefits for all the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. The 2011 SPD for this Plan specifically states that "Diagnostic and Therapeutic Services," "Physician Visits," and "X-rays," are all covered under the Plan. Furthermore, the SPD also states that it pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 118's benefits under the Plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 118 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 118. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 118. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 118 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 118.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 119.** - Defendants Drivetime Automotive Group, Inc., and Drivetime Welfare Benefit Plan.

(A) Patient 119 is a beneficiary under the Drivetime Welfare Benefit Plan. Patient 119 received services on November 20, 2010 from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and comprehensive consultation. For each of the procedures, United authorized Patient 119 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 119.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 119. On every claim form that was submitted to United for Patient 119, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 119. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 119's Plan provides benefits for all of the services listed above including doctor's office visits and initial consultations. For example, an SPD for this plan specifically states that "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the SPD states that the fees for these services are paid at reasonable and customary rates. Plaintiffs have not received any other plan documents for this Plan.

(D) During the verification process, Plaintiffs called United to verify Patient 119's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 119 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 119 but has refused to pay for the other services provided to Patient 119. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 119. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 119 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 119.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 120.</u>** - Defendants DS Waters of America, Inc., and DS Waters Of America, Inc. Health And Welfare Plan.

(A) Patient 120 is a beneficiary under the DS Waters Of America, Inc. Health And Welfare Plan. Patient 120 received services between May 23, 2009, and August 31, 2011, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, laboratory and pathology testing, anesthesia services, an endoscopy, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 120 to receive these medical services at Plaintiffs' surgery centers

and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 120.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 120. On every claim form that was submitted to United for Patient 120, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 120. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 120's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, laboratory and pathology testing, doctor's office visits, diagnostic and therapeutic services, and laparoscopic gastric band procedures and subsequent adjustments. The 2010 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 120's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 120 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 120 but has refused to pay for the other services provided to Patient 120. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 120. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 120 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 120.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 121.** - Defendants Ecolab, Inc., and Ecolab Health and Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 121 is a beneficiary under the Ecolab Health and Welfare Benefits Plan. Patient 121 received services between April 17, 2009, and December 23, 2010, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a gastric banding procedure and subsequent adjustments, a consultation, an endoscopy with anesthesia, an ultrasound, and laboratory testing. For each of the procedures, United authorized Patient 121 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 121.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 121. On every claim form that was submitted to United for Patient 121, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 121. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 121's Plan provides benefits for all of the services listed above including a gastric banding procedure with subsequent adjustments, doctor's office visits, scopic procedures, anesthesia services, laboratory testing, and diagnostic and therapeutic services. For instance, an SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services – Specialist," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, it also notes that "Obesity Surgery," is covered under the Plan. On information and belief, covered

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

out-of-network services under Patient 121's plan are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 121's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 121 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 121 – including some services relating to the Lap Band – but has refused to pay for the other services provided to Patient 121. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 121. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 121 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 121.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 123.</u>** - Defendants Edward D. Jones & Co., LP, and Edward D. Jones & Co. Employees Health and Welfare Program.

(A) Patient 123 is a beneficiary under the Edward D. Jones & Co. Employees Health and Welfare Program. Patient 123 received services between May 11, 2011, and June 6, 2011, from Bakersfield Surgery Institute, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy, an ultrasound, polysomnography, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 123 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 123.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 123. On every claim form that was submitted to United for Patient 123, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 123. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 123's Plan provides benefits for all of the services listed above including scopic procedures, sleep studies, anesthesia services, diagnostic and therapeutic procedures, laboratory and pathology testing, and doctor's office visits. The 2011 SPD for this Plan specifically states that "Physician Services," "Laboratory tests and x-rays for diagnosis or treatment," and "Physician's office visits," are covered under the Plan. The SPD also notes that the fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 123's benefits under the Plan. The Providers provided services to Patient 123 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 123 but has refused to pay for the other services provided to Patient 123. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 123. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 123 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 123.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 125.** - Defendants Emcor Group, Inc., and Emcor Group, Inc. Employee Welfare Plan.

(A) Patient 125 is a beneficiary under the Emcor Group, Inc. Employee Welfare Plan. Patient 125 received services between June 15, 2009, and September 28, 2011, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, pathology and laboratory testing, a consultation, anesthesia services, an ultrasound, and an endoscopy. For each of the procedures, United authorized Patient 125 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 125.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 125. On every claim form that was submitted to United for Patient 125, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 125. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 125's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

subsequent adjustments, scopic procedures, laboratory and pathology testing, diagnostic and therapeutic services, anesthesia services, and doctor's office visits. The 2010 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, "Obesity," is listed as covered under the Plan under circumstances, which, on information and belief, were met here. The SPD also states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 125's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 125 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 125, including substantial amounts for certain services relating to the patient's laparoscopic gastric banding procedure, but has refused to pay for many other services provided. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 125. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 125 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 125.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 126.** - Defendants Ensign United States Drilling, Inc., and Ensign US Drilling Employee Benefit Plan.

(A) Patient 126 is a beneficiary under the Ensign US Drilling Employee Benefit Plan. Patient 126 received services between October 16, 2010, and November 20, 2010, from Modern Institute of Plastic Surgery, Valencia Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, an endoscopy with anesthesia, a comprehensive new patient consultation, and laboratory pathology testing. For each of the procedures, United authorized Patient 126 to receive these medical services at Plaintiffs' surgery centers and/or United informed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 126.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 126. On every claim form that was submitted to United for Patient 126, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 126. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 126's Plan provides benefits for all of the services listed above including sleep studies, anesthesia services, scopic procedures, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. On information and belief, this Plan pays for these services at reasonable and customary rates. Plaintiffs have not received any plan documents for this Plan.

(D) During the verification process, Plaintiffs called United to verify Patient 126's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 126 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 126 but has refused to pay for the other services provided to Patient 126. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim paid and applied to co-insurance. Balance over the usual and customary."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 126. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth for such appeals in the Plan, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 126 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 126.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 127.** - Defendants Enterprise Holdings, Inc., and Enterprise Holdings Hospital Insurance Plan.

(A) Patient 127 is a beneficiary under the Enterprise Holdings Hospital Insurance Plan. Patient 127 received services between October 8 and October 16, 2010, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, an endoscopy with anesthesia, polysomnography, and a consultation. For each of the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

procedures, United authorized Patient 127 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 127.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 127. On every claim form that was submitted to United for Patient 127, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 127. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 127's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services will be paid for at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 127's benefits under the Plan. The Providers provided services to Patient 127 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 127 but has refused to pay for the other services provided to Patient 127. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 127. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 127 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 127.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 128.</u>** - Defendants Environmental Systems Research Institute, Inc., and Environmental Systems Research Institute, Inc. Life, Ltd. Travel Accident, Vision Service, Medical Dental.

(A) Patient 128 is a beneficiary under Environmental Systems Research Institute, Inc. Life, Ltd. Travel Accident, Vision Service, Medical Dental. Patient 128 received services between February 11, 2012, and May 11, 2013, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and subsequent follow-up doctor's office visits, as well as laparoscopic gastric band adjustments. For each of the procedures, United authorized Patient 128 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 128.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 128. On every claim form that was submitted to United for Patient 128, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 128. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 128's Plan provides benefits for all of the services listed above including doctor's office visits and laparoscopic gastric band procedures with subsequent adjustments. The 2012 SPD for this Plan specifically states that "Physician Fees for Surgical and Medical Services," and "Surgery Outpatient," are covered under the Plan. Additionally, the SPD states that



1201407.1

"Obesity Surgery," is covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 128's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 128 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 128 but has refused to pay for the other services provided to Patient 128. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 128. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 128 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 128.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 130.** - Defendants Equity Residential Services, LLC, and Equity Residential Properties Trust Group Insurance Plan.

(A) Patient 130 is a beneficiary under the Equity Residential Properties Trust Group Insurance Plan. Patient 130 received services between November 20, 2009, and May 28, 2010. These medical services included a laparoscopic gastric band procedure and subsequent adjustments, anesthesia services, a consultation, an endoscopy, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 130 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 130.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 130. On every claim form that was submitted to United for Patient 130, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 130. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 130's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, doctor's office visits, and laparoscopic gastric banding procedures and subsequent adjustments. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 130's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 130 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 130 but has refused to pay for the other services provided to Patient 130. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 130. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 130 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 130.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 131.** - Defendants Ernst & Young, LLP, and Ernst & Young Medical Plan.

(A) Patient 131 is a beneficiary under Ernst & Young Medical Plan. Patient 131 received services on January 25, 2011, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. This medical service included a consultation. For each of the procedures, United authorized Patient 131 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 131.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 131. On every claim form that was submitted to United for Patient 131, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 131. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 131's Plan provides benefits for all of the services listed above including consultations and doctor's office visits. The 2002 Plan document specifically states that "Consultations," and "Physician's Office and Home Visits," are covered under the Plan. Furthermore, the Plan document states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 131's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 131 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 131. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 131. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 131 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 131.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 132.</u>** - Defendants Essilor of America, Inc., and Essilor of America, Inc. Employer Welfare Benefit Plan.

(A) Patient 132 is a beneficiary under the Essilor of America, Inc. Employer Welfare Benefit Plan. Patient 132 received services between January 8, 2011, and December 21, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included pathology and laboratory testing, a laparoscopic gastric band procedure and total hysterectomy, anesthesia services, an ultrasound, a consultation, an endoscopy, and polysomnography. For each of the procedures, United authorized Patient 132 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 132.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 132. On every claim form that was submitted to United for Patient 132, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 132. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 132's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, therapeutic and diagnostic services, anesthesia services, doctor's office visits, surgical procedures, laparoscopic gastric band procedures, and laboratory and pathology testing. For example, the 2011 SPD for this plan specifically states that "Lab, X-Ray an Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are all covered under the Plan. Additionally, "Obesity Surgery," is listed as covered under the Plan under circumstances, which, on information and belief, were met here.

(D) The SPD also states that Eligible Expenses will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 132.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) During the verification process, Plaintiffs called United to verify Patient 132's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 132 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(F) United has paid for some of the services provided by Plaintiffs to Patient 132, including relating to the patient's laparoscopic surgery, but has refused to pay for some of the other services provided. United has issued final denials on all of Plaintiffs' claims.

(G) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(H) Plaintiffs have submitted all the medical records for the services provided to Patient 132. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(I) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 132 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 132.

(J) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 133.** - Defendants The Estee Lauder Companies, Inc., and The Estee Lauder Companies, Inc. Group Medical, Dental, Prescription Drug, Long Term Disability, Life, Accidental Death and Dismemberment Plan.

(A) Patient 133 is a beneficiary under The Estee Lauder Companies, Inc. Group Medical, Dental, Prescription Drug, Long Term Disability, Life, Accidental Death and Dismemberment Plan. Patient 133 received services between October 14, 2011, and July 13, 2013, from New Life Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, anesthesia services, polysomnography, and pathology and laboratory testing. For each of the procedures, United authorized Patient 133 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 133.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 133. On every claim form that was submitted to United for Patient 133, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 133. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 133's Plan provides benefits for all of the services listed above including surgery, anesthesia services, sleep studies, pathology and laboratory testing, and laparoscopic gastric banding procedures and subsequent adjustments. The 2012 SPD for this plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," and "Physician's Office Services," are all covered under the Plan. Additionally, the Plan also states that "Obesity Surgery," is covered under the Plan. Furthermore, the 2012 SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 133's benefits under the Plan. The Providers provided services to Patient 133 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 133 but has refused to pay for the other services provided to Patient 133. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 133. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 133 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 133.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 134.** - Defendants Experian Information Solutions, Inc., and Experian Information Solutions, Inc. Health and Welfare Plan.

(A) Patient 134 is a beneficiary under the Experian Information Solutions, Inc. Health and Welfare Plan. Patient 134 received services between December 27, 2010, and June 13, 2012, from Beverly Hills Surgery Center, LLC, New Life Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

medical group for Provider Plaintiffs. These medical services included laparoscopic gastric banding and subsequent adjustments, pathology and laboratory testing, anesthesia services, an ultrasound, an endoscopy, a consultation, a cholecystectomy, and polysomnography. For each of the procedures, United authorized Patient 134 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 134.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 134. On every claim form that was submitted to United for Patient 134, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 134. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 134's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, diagnostic and therapeutic procedures, anesthesia services, doctor's office visits, laparoscopic gastric banding procedures and subsequent adjustments, cholecystectomy, and laboratory and pathology testing. The 2011 SPD for this plan specifically states that "Physician's Office Services – Specialist," "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET, MRI, MRA and nuclear medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient diagnostic and therapeutic," and "Surgery – outpatient," are covered under the Plan. Additionally, the SPD also indicates that "Obesity Surgery," is covered under the Plan. The SPD also notes that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Eligible Expenses are covered and the fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 134's benefits under the Plan. The Providers provided services to Patient 134 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 134 but has refused to pay for the other services provided to Patient 134. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 134. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 134 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 134.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 136.** - Defendants Expressjet Airlines, Inc. f/k/a Atlantic Southeast Airlines, and Expressjet Airlines, Inc. Consolidated Welfare Benefit Plan.

(A) Patient 136 is a beneficiary under the Expressjet Airlines, Inc. Consolidated Welfare Benefit Plan. Patient 136 received services between January 3 and January 17, 2009, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include anesthesia services, surgical services, a consultation, and an ultrasound. For each of the procedures, United authorized Patient 136 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 136.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 136. On every claim form that was submitted to United for Patient 136, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 136. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 136's Plan provides benefits for all of the services listed above including anesthesia services, surgical procedures,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

doctor's office visits, and diagnostic and therapeutic services. The 2008 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services – General," "Physician's Office Services – Specialist," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 136's benefits under the Plan. The Providers provided services to Patient 136 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 136. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 136. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 136 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 136.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 137.** - Defendants Farmers Group, Inc., and Farmers Group, Inc. Employee Prepaid Benefit Plan.

(A) Patient 137 is a beneficiary under the Farmers Group, Inc. Employee Prepaid Benefit Plan. Patient 137 received services between March 23, 2011, and August 5, 2011, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included anesthesia services, pathology and laboratory testing, laparoscopic gastric banding procedure with a total hysterectomy, an endoscopy, an ultrasound, polysomnography, and a consultation. For each of the procedures, United authorized Patient 137 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 137.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 137. On every claim form that was submitted to United for Patient 137, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 137. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 137's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic procedures, scopic procedures, anesthesia services, surgical services, including laparoscopic procedures, laboratory and pathology testing, and doctor's office visits. For example, the 2011 SPD for this plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Therapeutic Treatments – Outpatient" and "Surgery – Outpatient," are covered under the Plan. Additionally, the SPD notes that "Obesity Surgery," is covered under the Plan. The 2011 SPD also states that Eligible Expenses are covered and that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 137's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 137 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 137 but has refused to pay for the other services provided to Patient 137. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 137. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 137 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 137.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 138.** - Defendants FC USA, Inc., and FC USA Inc. Benefits.

(A) Patient 138 is a beneficiary under FC USA Inc. Benefits. Patient 138 received services on September 26, 2009, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 138 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 138.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 138. On every claim form that was submitted to United for Patient 138, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 138. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 138's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory and pathology testing. The 2008 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and that fees for these services are paid at reasonable and customary rates. Plaintiffs have not received any other plan documents for this Plan.

(D) During the verification process, Plaintiffs called United to verify Patient 138's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 138 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 138 but has refused to pay for the other services provided to Patient 138. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- The physician or health care provider is not a network provider, but has accepted a reduction in charges on this claim through Multiplan

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 138. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 138 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 138.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

<u>**Patient 140.**</u> - Defendants Fidelity Brokerage Services, LLC, and Fidelity Group Employees Medical, Dental And Cafeteria Plan.

(A) Patient 140 is a beneficiary under Fidelity Group Employees Medical, Dental And Cafeteria Plan. Patient 140 received services between April 11, 2011, and March 24, 2012, from East Bay Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, an ultrasound, an endoscopy with anesthesia, a consultation, laboratory and pathology testing, and polysomnography. For each of the procedures, United authorized Patient 140 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 140.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 140. On every claim form that was submitted to United for Patient 140, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 140. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 140's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, therapeutic and diagnostic services, doctor's office visits, laboratory and pathology testing, and laparoscopic gastric banding procedures and subsequent adjustments. The 2008 SPD for this Plan specifically states that "Physician Office Visits," "Outpatient Care – including lab, diagnostic, and x-ray," "Ambulatory Surgical Center," and "Outpatient Surgery," are all covered under the Plan. Furthermore, the SPD notes that Eligible Expenses are covered, and fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 140's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 140 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 140 but has refused to pay for the other services provided to Patient 140. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."
- Also Claim denied requesting for W-9 Form.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 140. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 140 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 140.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 141.</u>** - Defendants Kate Spade & Company, f/k/a Fifth & Pacific Companies, Inc., and FNPC Health and Welfare Plan.

(A) Patient 141 is a beneficiary under the FNPC Health and Welfare Plan. Patient 141 received services between August 31, 2010, and September 16, 2010, from Beverly Hills Surgery Center, LLC, New Life Surgery Center, Valencia Ambulatory Surgery Center, LLC, and various other healthcare providers under the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, laboratory and pathology testing, fluoroscopy, and a barium swallow. For each of the procedures, United authorized Patient 141 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 141.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 141 submitted claims for its professional Fluoroscopy. On every claim form that was submitted to United for Patient 141, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 141. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 141's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, laboratory and pathology testing, diagnostic and therapeutic services, and doctor's office visits. For example, the 2010 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, on information and belief, Plaintiffs believe that this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 141's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

provided services to Patient 141 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 141 but has refused to pay for the other services provided to Patient 141. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 141. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 141 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 141.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 142.** - Defendants Finra Dispute Resolution, Inc., and Finra Employee Group Medical, Dental, Life, Disability, AD&D & Vision Plan.

(A) Patient 142 is a beneficiary under the Finra Employee Group Medical, Dental, Life, Disability, AD&D & Vision Plan. Patient 142 received services on March 23, 2010, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a consultation, an endoscopy with anesthesia, laboratory and pathology testing, and an ultrasound. For each of the procedures, United authorized Patient 142 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 142.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 142. On every claim form that was submitted to United for Patient 142, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 142. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 142's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, laboratory and pathology testing, diagnostic and therapeutic services, and doctor's office visits. The 2010 SPD for this plan specifically states that "Lab, X-Ray and Diagnostic – Outpatient," "Lab, X-Ray and Major Diagnostic – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are all covered under the Plan. On information and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

belief, the Plan pays the fees for these services at reasonable and customary rates. Plaintiffs have not received any other plan documents for this Plan.

(D) During the verification process, Plaintiffs called United to verify Patient 142's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 142 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 142 but has refused to pay for the other services provided to Patient 142. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 142. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 142 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 142.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 143.** - Defendants Fiserv, Inc., and Fiserv, Inc. Welfare Benefit Plan.

(A) Patient 143 is a beneficiary under the Fiserv, Inc. Welfare Benefit Plan. Patient 143 received services between August 31, 2010, and October 29, 2010, from San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include an initial evaluation and consultation, an endoscopy with anesthesia, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 143 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 143.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 143. On every claim form that was submitted to United for Patient 143, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 143. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 143's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, therapeutic and diagnostic services, doctor's office visits, and laboratory and pathology testing. The 2010 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostic – Outpatient," "Lab, X-Ray and Major Diagnostic – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic,"

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and "Surgery – Outpatient," are all covered under the Plan. The SPD also states that Eligible Expenses are paid according to reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 143's benefits under the Plan. The Providers provided services to Patient 143 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 143 but has refused to pay for the other services provided to Patient 143. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."
- Claim denied based on supposed failure to provide provider W-9 Form.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 143. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 143 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 143.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 144.</u>** - Defendants Five Star Quality Care, Inc., and Five Star Quality Care plan.

(A) Patient 144 is a beneficiary under the Five Star Quality Care plan. Patient 144 received services between January 29, 2010, and June 17, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a consultation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 144 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 144.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 144. On every claim form that was submitted to United for Patient 144, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 144. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 144's Plan provides benefits for all of the services listed above including sleep studies, anesthesia services, scopic procedures, diagnostic and therapeutic services, and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 144's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 144 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 144 but has refused to pay for the other services provided to Patient 144. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim was not submitted within the time frame specified in your plan documentation or contract."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 144. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 144 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 144.

(I) To date, United continues to refuse to pay the claims for Patient 144 but fails to comply with its obligations under ERISA, including under ERISA Section 1024(b) and 29 C.F.R. 2560-503-1, to provide the documents requested in the appeal letters.

**<u>Patient 145.</u>** - Defendants Flextronics International USA, Inc., and Flextronics Employee Benefits Plan.

(A) Patient 145 is a beneficiary under the Flextronics Employee Benefits Plan. Patient 145 received services on October 23, 2010, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. This medical service included a comprehensive new patient consultation and evaluation. For each of the procedures, United authorized Patient 145 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 145.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 145. On every claim form that was submitted to United for Patient 145, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 145. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 145's Plan provides benefits for all of the services listed above including a new patient consultation and initial evaluation. For example, the 2010 SPD for this plan specifically states that "Physician's Office Services," and "Physician Fees for Surgical and Medical Services," are covered under the Plan. The SPD also states that fees for Eligible Expenses are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 145's benefits under the Plan. The Providers provided services to Patient 145 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 145. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 145. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 145 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 145.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 146.** - Defendants Foot Locker Retail, Inc., and Foot Locker Welfare Benefit Payment Plan.

(A) Patient 146 is a beneficiary under the Foot Locker Welfare Benefit Payment Plan. Patient 146 received services between August 23, 2008, and June 11, 2009, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, anesthesia services, and an endoscopy. For each of the procedures, United authorized Patient 146 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 146.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 146. On every claim form that was submitted to United for Patient 146, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 146. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 146's Plan provides benefits for all of the services listed above including anesthesia services, surgical services, laparoscopic gastric banding procedures and subsequent adjustments, and scopic procedures. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 146's benefits under the Plan. The Providers provided services to Patient 146 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 146 but has refused to pay for the other services provided to Patient 146. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 146. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 146 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 146.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 147.** - Defendants Founders Healthcare, LLC, and Founders Healthcare, LLC Preferred Homecare Employee Benefit Plan.

(A) Patient 147 is a beneficiary under the Founders Healthcare, LLC Preferred Homecare Employee Benefit Plan. Patient 147 received services between July 12 and July 19, 2010 from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, an endoscopy with anesthesia, pathology and laboratory testing, and a consultation. For each of the procedures, United authorized Patient 147 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 147.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 147 submitted claims for its professional Polysomnography. On every claim form that was submitted to United for Patient 147, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 147. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 147's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, pathology and laboratory testing, doctor's office visits, sleep studies, and diagnostic and therapeutic services. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 147's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 147 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 147 but has refused to pay for the other services provided to Patient 147. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 147. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 147 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 147.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 148.** - Defendants Fox Entertainment Group, Inc., and Fox Health Plan.

(A) Patient 148 is a beneficiary under the Fox Health Plan. Patient 148 received services between December 31, 2011, and January 17, 2012, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, an ultrasound, polysomnography, a new patient comprehensive consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 148 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 148.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 148. On every claim form that was submitted to United for Patient 148, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 148. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 148's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, anesthesia services, scopic procedures, laboratory and pathology testing, and doctor's office visits. For instance, the 2012 SPD for this Plan specifically states that "Anesthesia," "Services of Physicians (including specialists and surgeons), registered nurses (RN) or licenses practical nurses (LPN)," and "X-rays and other diagnostic laboratory procedures," are covered under the Plan. Furthermore, the SPD states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 148's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 148 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 148. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 148. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 148 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 148.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 150.</u>** - Defendants Fugate Aviation, Inc., and Fugate Enterprises Employee Welfare Benefit Plan.

(A) Patient 150 is a beneficiary under the Fugate Enterprises Employee Welfare Benefit Plan. Patient 150 received services between January 11, 2011, and June 28, 2012, from San Diego Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, pathology and laboratory testing, a consultation, an endoscopy with anesthesia, an ultrasound, and polysomnography. For each of the procedures, United authorized Patient 150 to receive these medical services at

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 150.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 150. On every claim form that was submitted to United for Patient 150, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 150. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 150's Plan provides benefits for all of the services listed above including laboratory and pathology testing, diagnostic and therapeutic services, scopic procedures, anesthesia services, doctor's office visits, sleep studies, and laparoscopic gastric banding procedures and subsequent adjustments. The 2010 SPD for this plan states that "Laboratory or Pathology Tests and Interpretation Charges," "Physician Services," "Sleep Studies," "Surgery and Assistant Surgeon Services," and "X-ray Services," are all covered under the Plan. Additionally, the SPD notes that "Morbid Obesity Treatment," is covered under the Plan under circumstances, which, on information and belief, were met here. Furthermore, the SPD states that fees for these services are paid at the usual and customary rate.

(D) During the verification process, Plaintiffs called United to verify Patient 150's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 150 in reasonable reliance on these statements.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 150, including substantial amounts associated with the patient's laparoscopic gastric banding procedure, but has refused to pay for the other services provided to Patient 150. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds, among others:

- "[United] asked provider to send us more information". This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 150. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 150 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 150.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 151.** - Defendants Future Electronics Corp., and Future Electronics Corp. Group Insurance.

(A) Patient 151 is a beneficiary under the Future Electronics Corp. Group Insurance. Patient 151 received services between August 7, 2011, and October 5, 2011, from East Bay Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a cholecystectomy, anesthesia services, an ultrasound, an endoscopy, pathology and laboratory testing, a and polysomnography. For each of the procedures, United authorized Patient 151 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 151.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 151. On every claim form that was submitted to United for Patient 151, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 151. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 151's Plan provides benefits for all of the services listed above including laboratory and pathology testing, sleep studies, scopic procedures, surgical procedures, anesthesia services, diagnostic and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

therapeutic services, and surgeon's fees. The 2011 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD also states that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 151's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 151 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 151 but has refused to pay for the other services provided to Patient 151. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 151. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 151 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 151.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 152.** - Defendants G4S Secure Solutions, (USA) Inc., and G4S Secure Solutions, USA Insured Health Plans.

(A) Patient 152 is a beneficiary under the G4S Secure Solutions, USA Insured Health Plans. Patient 152 received services between December 11, 2010, and December 27, 2010, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and comprehensive consultation and polysomnography. For each of the procedures, United authorized Patient 152 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 152.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 152. On every claim form that was submitted to United for Patient 152, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 152. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 152's Plan provides benefits for all of the services listed above including consultations, doctor's office visits, and sleep studies. The 2009 SPD for this plan specifically states that "Physician Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid for at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 152's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 152 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 152. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 152. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 152 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 152.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 153.</u>** - Defendants Gap, Inc., and Gap Inc. Health and Life Insurance Plan.

(A) Patient 153 is a beneficiary under the Gap Inc. Health and Life Insurance Plan. Patient 153 received services between September 2, 2010, and October 22, 2010, from Modern Institute of Plastic Surgery, Valencia Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation, polysomnography, an endoscopy with anesthesia, pathology and laboratory testing, and an ultrasound. For each of the procedures, United authorized Patient 153 to receive these medical services at Plaintiffs' surgery centers and/or United informed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 153.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 153. On every claim form that was submitted to United for Patient 153, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 153. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 153's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. The 2011 SPD for this Plan specifically states that "Lab, X-ray, and Diagnostics (Outpatient)," "Lab, X-ray and Major Diagnostics: CT, PET Scans, MRI, MRA and Nuclear Medicine (Outpatient)," "Physician's Fees for Surgical and Medical Services," "Physician's Office Services," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 153's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

provided services to Patient 153 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 153 but has refused to pay for the other services provided to Patient 153. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Proof of Facility Licensure or Hospital Affiliation is required
- Requested info not received or Incomplete

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 153. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 153 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 153.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 154.</u>** - Defendants General Electric Company and GE Health Choice Plan.

(A) Patient 154 is a beneficiary under the GE Health Choice Plan. Patient 154 received services between September 4, 2010, and October 4, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, a consultation, pathology and laboratory testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 154 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 154.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 154. On every claim form that was submitted to United for Patient 154, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 154. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 154's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and pathology testing. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 154's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 154 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 154 but has refused to pay for the other services provided to Patient 154. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 154. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 154 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 154.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 155.** - Defendants General Parts International, Inc., and General Parts International, Inc. Self-Funded Health and Welfare Plan.

(A) Patient 155 is a beneficiary under the General Parts International, Inc. Self-Funded Health and Welfare Plan. Patient 155 received services on June 9, 2009, from Almont Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, an endoscopy with anesthesia, and laboratory testing. For each of the procedures, United authorized Patient 155 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 155.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 155. On every claim form that was submitted to United for Patient 155, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 155. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 155's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, anesthesia service, laboratory testing, and doctor's office visits. For example, the 2009 SPD for this plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 155's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 155 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for the service provided by Plaintiffs to Patient 155. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 155. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 155 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 155.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 156.** - Defendants Genon Energy Services, LLC, and Genon Energy Group Welfare Benefits Plan.

(A) Patient 156 is a beneficiary under the Genon Energy Group Welfare Benefits Plan. Patient 156 received services between December 14, 2011, and December 17, 2011, from Orange Grove Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, pathology and laboratory testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 156 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 156.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 156. On every claim form that was submitted to United for Patient 156, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 156. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 156's Plan provides benefits for all of the services listed above including therapeutic and diagnostic services, pathology and laboratory testing, scopic procedures, and anesthesia services. The 2011 SPD for this Plan specifically states that "Diagnostic and Laboratory Services," and "Physician's Services," are covered under the Plan. Furthermore, the SPD states that the Plan pays reasonable and customary charges for Eligible Expenses.

(D) During the verification process, Plaintiffs called United to verify Patient 156's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 156 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 156 but has refused to pay for the other services provided to Patient 156. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 156. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 156 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 156.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 157.</u>** - Defendants Genpact Process Solutions, LLC, and Genpact Welfare Benefit Plan.

(A) Patient 157 is a beneficiary under the Genpact Welfare Benefit Plan. Patient 157 received services between January 12, 2011, and June 8, 2013, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a stress test, a consultation, laboratory and pathology testing, polysomnography, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 157 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 157.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 157. On every claim form that was submitted to United for Patient 157, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 157. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 157's Plan provides benefits for all of the services listed above including stress tests, laboratory and pathology testing, anesthesia services, scopic procedures, diagnostic and therapeutic services, doctor's office visits, and sleep studies. The 2011 SPD for this Plan, for instance, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 157's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 157 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 157 but has refused to pay for the other services provided to Patient 157. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds, among others:

- Claim denied stating as "NEED MISSING INVALID ON THE CLAIM FORM LOCATION WHERE SERVICE RENDERED"
- Claim denied stating as "LOCATION WHERE SERVICES WERE GIVEN; IF HOSPITAL: INPATIENT/OUTPATIENT"

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 157. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 157 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 157.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 159.** - Defendants Georgia-Pacific, LLC, and Georgia-Pacific LLC Lifechoices Benefits Program for Salaried and Salaried Benefits Eligible Employees.

(A) Patient 159 is a beneficiary under the Georgia-Pacific LLC Lifechoices Benefits Program for Salaried and Salaried Benefits Eligible Employees. Patient 159 received services on July 12, 2009, from Almont Ambulatory Surgery Center and various healthcare providers under the auspices of Independent Medical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, a consultation, pathology and laboratory testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 159 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 159.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 159. On every claim form that was submitted to United for Patient 159, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 159. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 159's Plan provides benefits for all of the services listed above including diagnostic and therapeutic procedures, scopic procedures, anesthesia services, laboratory and pathology testing, and doctor's office visits. The SPD for this plan specifically states that "Doctor's Office Visits," and "Outpatient Services," are covered under the Plan. Further, the SPD states that the plan will pay the fees for these expenses at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 159's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 159 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 159 but has refused to pay for the other services provided to Patient 159. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- The physician or health care provider is not a network provider, but has accepted a reduction in charges on this claim through Multiplan. The member is responsible for the total amount indicated.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 159. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 159 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 159.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 161.** - Defendants GlaxoSmithKline, LLC, and GlaxoSmithKline Health and Welfare Benefits Plan for US Employees.

(A) Patient 161 is a beneficiary under the GlaxoSmithKline Health and Welfare Benefits Plan for US Employees. Patient 161 received services between January 19, 2011, and March 10, 2014, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a laparoscopic gastric banding procedure and subsequent adjustments, pathology and laboratory testing, polysomnography, an endoscopy with anesthesia, an ultrasound, a barium swallow, x-rays, and a consultation. For each of the procedures, United authorized Patient 161 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 161.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 161. On every claim form that was submitted to United for Patient 161, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 161. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 161's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

diagnostic and therapeutic services, laboratory and pathology testing, sleep studies, doctor's office visits, and laparoscopic gastric banding procedures with subsequent adjustments. The 2011 SPD for this plan specifically states that "Diagnostic, X-Ray and Laboratory," "Office Visit," and "Physician's Visit," are all covered under the Plan. Furthermore, the SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 161's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 161 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 161 but has refused to pay for the other services provided to Patient 161. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 161. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 161 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 161.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 162.** - Defendants GP Strategies Corporation, f/k/a General Physics Corporation and GP Strategies Corporation Welfare Benefit Plan.

(A) Patient 162 is a beneficiary under the GP Strategies Corporation Welfare Benefit Plan. Patient 162 received services between December 14, 2009, and July 27, 2013, from Orange Grove Surgery Center, LLC, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a fluoroscopy, laparoscopic gastric band adjustment, consultation, and x-rays. For each of the procedures, United authorized Patient 162 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 162.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 162. On every claim form that was submitted to United for Patient 162, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 162. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 162's Plan provides benefits for all of the services listed above including doctor's office visits, laparoscopic gastric band adjustments, diagnostic and therapeutic procedures, and scopic procedures. The 2013 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Additionally, the SPD also states that "Obesity Surgery" is covered under the Plan under certain conditions. The SPD also states that fees for Eligible Expenses will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 162's benefits under the Plan. The Providers provided services to Patient 162 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 162 – including at least some services relating to Patient 162's gastric banding – but has refused to pay for the other services provided to Patient 162. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 162. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 162 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 162.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 163.** - Defendants Great-West Life & Annuity Insurance Company and Great-West Life & Ann Ins Flexible Benefit Plan.

(A) Patient 163 is a beneficiary under Great-West Life & Ann Ins Flexible Benefit Plan. Patient 163 received services between August 31, 2012, and October 20, 2012, from various healthcare providers under the auspices of Independent

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Medical Services, Inc., the medical group for Provider Plaintiffs. These services included polysomnography and a doctor's office follow-up visit. For each of the procedures, United authorized Patient 163 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 163.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 163. On every claim form that was submitted to United for Patient 163, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 163. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 163's Plan provides benefits for all of the services listed above including doctor's office visits and sleep studies. For example, the 2012 SPD for this Plan specifically states that "Physician Fees for Surgical and Medical Services," "Physician's Office Services – Sickness and Injury," "Lab, X-Ray and Diagnostic – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that out-of-network services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 163's benefits under the Plan. The Providers provided services to Patient 163 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 163 but has refused to pay for the other services provided to Patient 163. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 163. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 163 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 163.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 165.</u>** - Defendants Greystar Management Services, LP, and Greystar Management Services, LLP Plan.

(A) Patient 165 is a beneficiary under the Greystar Management Services, LLP Plan. Patient 165 received services between October 29, 2011, and December 10, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, laboratory and pathology testing, a consultation, an ultrasound, an endoscopy, anesthesia services, and laparoscopic

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

gastric band adjustment. For each of the procedures, United authorized Patient 165 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 165.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 165. On every claim form that was submitted to United for Patient 165, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 165. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 165's Plan provides benefits for all of the services listed above including sleep studies, laboratory and pathology testing, doctor's office visits, diagnostic and therapeutic treatments, scopic procedures, anesthesia services, and laparoscopic gastric band adjustment. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 165's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 165 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 165 but has refused to pay for the other services provided to Patient 165. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 165. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 165 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 165.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 166.</u>** - Defendants GTech Corporation and GTech Corporation Participant Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 166 is a beneficiary under the GTech Corporation Participant Benefit Plan. Patient 166 received services between February 18, 2010, and March 29, 2010, from Beverly Hills Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, an endoscopy with anesthesia, and laboratory and pathology testing. For each of the procedures, United authorized Patient 166 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 166.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 166. On every claim form that was submitted to United for Patient 166, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 166. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 166's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. For instance, the 2010 SPD for this Plan specifically states that "Diagnostic, X-Ray and Lab," and "Physician Services," are covered under the Plan. Further, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 166's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 166 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 166 but has refused to pay for the other services provided to Patient 166. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 166. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 166 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 166.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 167.** - Defendants HD Supply, Inc., and HD Supply Health and Welfare Program.

(A) Patient 167 is a beneficiary under the HD Supply Health and Welfare Program. Patient 167 received services between May 1, 2011, and June 19, 2011, from Modern Institute of Plastic Surgery, New Life Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, anesthesia services, a cystourethroscopy, pathology and laboratory testing, an endoscopy, a consultation, and a sling surgical procedure. For each of the procedures, United authorized Patient 167 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 167.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 167. On every claim form that was submitted to United for Patient 167, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 167. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 167's Plan provides benefits for all of the services listed above including anesthesia services, scopic procedures, laboratory and pathology testing, surgical procedures, doctor's office visits, and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

sleep studies. For example, the 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Fees for Surgical and Medical Services," "Physician's Office Services – Sickness and Injury," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 167's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 167 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 167 but has refused to pay for the other services provided to Patient 167. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 167. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 167 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 167.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 168.** - Defendants Health Inventures, LLC, and Health Inventures Health and Wellness Benefit Plan.

(A) Patient 168 is a beneficiary under the Health Inventures Health and Wellness Benefit Plan. Patient 168 received services between June 2, 2010, and July 15, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, a consultation, laboratory and pathology testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 168 to receive these medical services at Plaintiffs' surgery centers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 168.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 168 submitted claims for its professional Endoscopy and Polysomnography. On every claim form that was submitted to United for Patient 168, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 168. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 168's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 168's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 168 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 168 but has refused to pay for the other services provided to Patient 168. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 168. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 168 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 168.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 170.</u>** - Defendants Heartland Automotive Services, Inc., and Heartland Automotive Services, Inc. Group Medical and Life Plan.

(A) Patient 170 is a beneficiary under the Heartland Automotive Services, Inc. Group Medical and Life Plan. Patient 170 received services between August

17, 2010, and October 27, 2010, from Modern Institute of Plastic Surgery, Valencia Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation, polysomnography, an endoscopy with anesthesia, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 170 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 170.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 170. On every claim form that was submitted to United for Patient 170, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 170. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 170's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. For example, the 2010 SPD for this Plan specifically states that "Ambulatory Surgical Center/Free Standing Surgical Facilit[ies]," "X-Ray and Laboratory Tests," and "Qualified Practitioner Benefits," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 170.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 170's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. Likewise, on at least one telephone verification call, United confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 170 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 170 but has refused to pay for the other services provided to Patient 170. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Claim denied as member has already met maximum allowable benefit."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 170. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 170 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 170.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 171.** - Defendants Hewlett-Packard Company and Hewlett-Packard Company Comprehensive Welfare Benefits Plan.

(A) Patient 171 is a beneficiary under the Hewlett-Packard Company Comprehensive Welfare Benefits Plan. Patient 171 received services between March 16, 2011, and May 28, 2011, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, CPAP titration, a consultation, laboratory and pathology testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 171 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 171.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 171. On every claim form that was submitted to United for Patient 171, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 171. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 171's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, doctor's office visits, laboratory and pathology testing, scopic procedures, and anesthesia services. The 2011 SPD for this Plan, for instance, specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Professional Fees for Surgical and Medical Services," "Physician's Office Services," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states out-of-network benefits for these categories of services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 171's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 171 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 171. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 171. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 171 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 171.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 174.** - Defendants Honeywell International, Inc., and Honeywell International Inc. Benefit Plan.

(A) Patient 174 is a beneficiary under the Honeywell International Inc. Benefit Plan. Patient 174 received services between August 2, 2008, and June 16, 2009, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, a laparoscopic gastric banding procedure, and laboratory testing. For each of the procedures, United authorized Patient 174 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 174.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 174. On every claim form that was submitted to United for Patient 174, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 174. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 174's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures, anesthesia services, surgical services, scopic procedures, and doctor's office visits. The 2006 SPD for this Plan specifically states that "Laboratory Tests and X-Rays," "Physicians Services," "Surgery," and "Assistant Surgeon Services," are all covered under the Plan. Furthermore, the SPD notes that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 174's benefits under the Plan. The Providers provided services to Patient 174 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 174 but has refused to pay for the other services provided to Patient 174. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 174. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 174 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 174.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 176.** - Defendants Hot Topic, Inc., and Hot Topic, Inc. Health and Welfare Plan.

(A) Patient 176 is a beneficiary under the Hot Topic, Inc. Health and Welfare Plan. Patient 176 received services between February 8, 2011, and July 2, 2011, from New Life Surgery Center LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a surgical sling procedure, anesthesia services, polysomnography, laboratory and pathology testing, a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

laparoscopic gastric banding procedure with total hysterectomy, an ultrasound, a consultation, an endoscopy, and a biopsy. For each of the procedures, United authorized Patient 176 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 176.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 176. On every claim form that was submitted to United for Patient 176, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 176. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 176's Plan provides benefits for all of the services listed above including surgical procedures, anesthesia services, sleep studies, scopic procedures, diagnostic and therapeutic services, doctor's office visits, and pathology and laboratory testing. For instance, the 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 176's benefits under the Plan. The Providers provided services to Patient

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

176 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 176. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 176. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 176 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 176.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 178.** - Defendants Huhtamaki Americas, Inc., and Huhtamaki Americas, Inc. Group Insurance Plan.

(A) Patient 178 is a beneficiary under the Huhtamaki Americas, Inc. Group Insurance Plan. Patient 178 received services between September 21, 2011, and October 12, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a stress echocardiogram test, polysomnography, an ultrasound, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 178 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 178.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 178. On every claim form that was submitted to United for Patient 178, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 178. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 178's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic procedures, pathology and laboratory testing, and doctor's office visits. The 2011

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 178's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 178 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 178 but has refused to pay for the other services provided to Patient 178. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 178. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 178 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 178.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 181.** - Defendants Informa USA, Inc., and Informa USA, Inc. and Subsidiaries Insurance Plan.

(A) Patient 181 is a beneficiary under the Informa USA, Inc. and Subsidiaries Insurance Plan. Patient 181 received services between April 23, 2010, and March 31, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, an ultrasound, an endoscopy with anesthesia, a consultation, laboratory and pathology testing, fluoroscopy, and x-rays. For each of the procedures, United authorized Patient 181 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 181.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 181. On every claim form that was submitted to United for Patient 181, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 181. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 181's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic procedures, laboratory and pathology testing, and laparoscopic gastric banding procedures with subsequent adjustments. The 2011 SPD for this plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. The Plan also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 181's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 181 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 181 but has refused to pay for the other services provided to Patient 181. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 181. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 181 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 181.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

<u>**Patient 182.**</u> - Defendants ING North America Insurance Corporation and ING Americas Welfare Benefits Plan.

(A) Patient 182 is a beneficiary under the ING Americas Welfare Benefits Plan. Patient 182 received services between October 31, 2009, and November 19, 2009, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic cholecystectomy, pathology and laboratory testing, anesthesia services, a consultation, an ultrasound, and an endoscopy. For each of the procedures, United authorized Patient 182 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 182.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 182. On every claim form that was submitted to United for Patient 181, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 182. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 182's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, pathology and laboratory testing, doctor's office visits, and laparoscopic cholecystectomy. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," "Physician's Office Services – Specialist," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 182's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 182 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for the mentioned services provided by Plaintiffs to Patient 182 but has refused to pay for the other services provided to Patient 182. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 182. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 182 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 182.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 185.</u>** - Defendants Instant Web, Inc., and Instant Web Inc. and Subsidiary Medical Benefit Plan.

(A) Patient 185 is a beneficiary under the Instant Web Inc. and Subsidiary Medical Benefit Plan. Patient 185 received services between April 2, 2010, and September 27, 2011, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, New Life Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included anesthesia services, pathology and laboratory testing, an endoscopy, laparoscopic gastric band removal and adjustments, and a fluoroscopy. For each of the procedures, United authorized Patient 185 to receive these medical services at Plaintiffs' surgery centers and/or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 185.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 185. On every claim form that was submitted to United for Patient 185, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 185. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 185's Plan provides benefits for all of the services listed above including anesthesia services, scopic procedures, diagnostic and therapeutic services, laboratory and pathology testing, and laparoscopic gastric band removal and adjustments. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 185's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 185 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 185 but has refused to pay for the other services provided to Patient 185. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 185. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 185 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 185.

To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 186.</u>** - Defendants Integra Lifesciences Corporation, and Integra Lifesciences Corp. Medical/Prescription, Dental and STD Plan.

(A) Patient 186 is a beneficiary under the Integra Lifesciences Corp. Medical/Prescription, Dental and STD Plan. Patient 186 received services between April 11, 2009, and October 13, 2010, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

included a laparoscopic gastric banding procedure and subsequent adjustments, a laparoscopic cholecystectomy, anesthesia services, an endoscopy, an ultrasound, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 186 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 186.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 186. On every claim form that was submitted to United for Patient 186, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 186. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 186's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, anesthesia services, laboratory and pathology testing, doctor's office visits, laparoscopic surgery, and laparoscopic gastric banding procedures and subsequent adjustments. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 186's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 186 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 186 but has refused to pay for the other services provided to Patient 186. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 186. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 186 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 186.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 187.** - Defendants Intelsat Corporation and Intelsat Group Welfare Benefits Plan.

(A) Patient 187 is a beneficiary under the Intelsat Group Welfare Benefits Plan. Patient 187 received services on January 12, 2010, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 187 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 187.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 187. On every claim form that was submitted to United for Patient 187, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 187. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 187's Plan provides benefits for the service listed above, doctor's office visits and/or consultations. By way of example, the 2010 SPD for this Plan specifically states that "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the SPD states that fees for these services are paid at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 187's benefits under the Plan. The Providers provided services to Patient 187 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 187. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 187. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 187 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 187.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 190.** - Defendants International Business Machines Corporation and IBM Medical & Dental Plan for Regular and Part-time Employees.

(A) Patient 190 is a beneficiary under the IBM Medical & Dental Plan for Regular and Part-time Employees. Patient 190 received services on February 28, 2009, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 190 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 190.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 190. On every claim form that was submitted to United for Patient 190, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 190. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 190's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, and anesthesia services. The 2009 SPD for this Plan specifically states that "Physician Office Visit – Generalist," "Physician Office Visit – Specialist," and "Surgery – Physician Services," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 190's benefits under the Plan. The Providers provided services to Patient

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

190 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 190. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "We will need a copy of the Medicare Summary Notice before the claims can be processed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 190. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 190 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 190.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 191.</u>** - Defendants International Paper Company and International Paper Company Group Health & Welfare Plan.

(A) Patient 191 is a beneficiary under the International Paper Company Group Health & Welfare Plan. Patient 191 received services between December 2,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

2009, and December 21, 2010, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band procedure and subsequent adjustments, pathology and laboratory testing, a consultation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 191 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 191.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 191. On every claim form that was submitted to United for Patient 191, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 191. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 191's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, consultations, laparoscopic gastric banding procedures and subsequent adjustments, and laboratory and pathology testing. The SPD for this Plan specifically states that "Physician Services," are covered under the Plan. Furthermore, the Plan states that fees for these services will be paid at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 191's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

The Providers provided services to Patient 191 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 191 but has refused to pay for the other services provided to Patient 191. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 191. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 191 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 191.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 192.</u>** - Defendants International Speedway Corporation and International Speedway Corporation Welfare Benefit Plan.

(A) Patient 192 is a beneficiary under the International Speedway Corporation Welfare Benefit Plan. Patient 192 received services between November 1, 2008, and December 1, 2010, from Beverly Hills Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included pathology and laboratory testing, a consultation, an endoscopy with anesthesia, and an ultrasound. For each of the procedures, United authorized Patient 192 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 192.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 192. On every claim form that was submitted to United for Patient 192, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 192. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 192's Plan provides benefits for all of the services listed above including laboratory and pathology testing, doctor's office visits, scopic procedures, anesthesia services, and diagnostic and therapeutic services. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 192's benefits under the Plan. The Providers provided services to Patient

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

192 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for some of the services provided by Plaintiffs to Patient 192. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Based on our review, we determined that we processed this claim accurately. No further payment is due from us."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 192. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 192 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 192.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 194.</u>** - Defendants Interstate Hotels & Resorts, Inc., and Interstate Hotels & Resorts Benefits Program.

(A) Patient 194 is a beneficiary under the Interstate Hotels & Resorts Benefits Program. Patient 194 received services between October 1, 2010, and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

October 26, 2010, from Modern Institute of Plastic Surgery, Valencia Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include polysomnography, an endoscopy with anesthesia, pathology and laboratory testing, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 194 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 194.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 194. On every claim form that was submitted to United for Patient 194, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 194. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 194's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. For instance, the 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the Plan states that the fees for these services will be paid at usual and reasonable rates.

(D) During the verification process, Plaintiffs called United to verify Patient 194's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 194 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 194 but has refused to pay for the other services provided to Patient 194. United has issued final denials on all of Plaintiffs' claims. Notably, in underpaying or outright denying Plaintiffs' claims, United never relied upon any purported exclusion, whether relating to obesity or otherwise, to deny or reduce coverage for procedures such as EGDs, lab tests, or doctor's visits.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 194. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 194 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 194.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 195.** - Defendants INX International Ink Co., and Inx International Group Medical/Dental Plan.

(A) Patient 195 is a beneficiary under the Inx International Group Medical/Dental Plan. Patient 195 received services between February 18, 2010, and April 12, 2010, from Beverly Hills Surgery Center, LLC and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include laboratory and pathology testing, an ultrasound, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 195 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 195.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 195. On every claim form that was submitted to United for Patient 195, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 195. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 195's Plan provides benefits for all of the services listed above including laboratory and pathology testing, diagnostic and therapeutic services, doctor's office visits, scopic procedures, and anesthesia services. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for out-of-network services falling into these categories will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 195's benefits under the Plan. The Providers provided services to Patient 195 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for the service provided by Plaintiffs to Patient 195. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Based on our review, we determined that we processed this claim accurately

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 195. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 195 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 195.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 196.** - Defendants J.C. Penney Corporation, Inc., and J.C. Penney Corporation, Inc. Health & Welfare Benefits Plan.

(A) Patient 196 is a beneficiary under the J.C. Penney Corporation, Inc. Health & Welfare Benefits Plan. Patient 196 received services on December 8, 2009, from Beverly Hills Surgery Center, LLC and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include an ultrasound, laboratory and pathology testing, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 196 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 196.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 196 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 196, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 196. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 196's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

therapeutic procedures, anesthesia services, scopic procedures, and laboratory and pathology testing. The 2007 SPD for this Plan specifically states that "Doctor's Office Visit[s]," "Specialists Office Visit[s]," "Outpatient Care," and "Outpatient Surgery, Laboratory," are covered under the Plan. Furthermore, the Plan states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 196's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 196 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for the mentioned services provided by Plaintiffs to Patient 196. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 196. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 196 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 196.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 197.** - Defendants J.P. Morgan Chase National Corporate Services, Inc., and The JPMorgan Chase Health & Income Protection Plan for Active Employees.

(A) Patient 197 is a beneficiary under The JPMorgan Chase Health & Income Protection Plan for Active Employees. Patient 197 received services between May 18, 2013, and November 4, 2013, from East Bay Ambulatory Surgery Center, LLC, and various healthcare providers under Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, pathology and laboratory testing, an endoscopy with anesthesia, a consultation, and CPAP Titration. For each of the procedures, United authorized Patient 197 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 197.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 197. On every claim form that was submitted to United for Patient 197, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 197. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 197's Plan provides benefits for all of the services listed above including sleep studies, pathology and laboratory testing, scopic procedures, doctor's office visits, and anesthesia services. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at usual, customary and reasonable rates.

(D) During the verification process, Plaintiffs called United to verify Patient 197's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 197 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 197. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 197. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 197 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 197.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 198.** - Defendants Jack in the Box, Inc., and Jack in the Box, Inc. Crew Employees Health & Welfare Plan.

(A) Patient 198 is a beneficiary under the Jack in the Box, Inc. Crew Employees Health & Welfare Plan. Patient 198 received services between April 4, 2009, and May 14, 2013, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, pathology and laboratory testing, an endoscopy with anesthesia, a consultation, and an ultrasound. For each of the procedures, United authorized Patient 198 to receive these medical services at Plaintiffs' surgery centers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 198.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 198. On every claim form that was submitted to United for Patient 198, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 198. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 198's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, laboratory and pathology testing, and laparoscopic gastric banding procedures and subsequent adjustments. The 2010 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Additionally, "Obesity Surgery," is also listed as covered in the SPD, under certain conditions. The SPD also states that Eligible Expenses will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 198's benefits under the Plan. The Providers provided services to Patient 198 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 198 – including some services relating to the patient's laparoscopic banding procedure – but has refused to pay for the other services provided to Patient 198. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 198. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 198 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 198.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 200.** - Defendants Jacobs Engineering Group, Inc., and Jacobs Engineering Group, Inc. Employee Group Insurance Plan.

(A) Patient 200 is a beneficiary under the Jacobs Engineering Group, Inc. Employee Group Insurance Plan. Patient 200 received services between November 12, 2011, and December 1, 2011, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, a consultation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 200 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 200.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 200. On every claim form that was submitted to United for Patient 200, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 200. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 200's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. For example, the 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 200's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. Further, on at least one such verification call, United represented that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 200 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 200. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 200. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 200 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 200.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 201.** - Defendants JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan.

(A) Patient 201 is a beneficiary under the JetBlue Airways Group Health Insurance Plan. Patient 201 received services between March 16, 2011, and April 30, 2011, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a consultation, laboratory and pathology testing, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 201 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 201.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 201. On every claim form that was submitted to United for Patient 201, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 201. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 201's Plan provides benefits for all of the services listed above including sleep studies, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic, and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, The SPD states that fees for these services are paid at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 201's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 201 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 201 but has refused to pay for the other services provided to Patient 201. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 201. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 201 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 201.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 203.** - Defendants Jones Lang LaSalle, Inc., and Jones Lang LaSalle Inc. Health and Welfare Benefits Plan.

(A) Patient 203 is a beneficiary under the Jones Lang LaSalle Inc. Health and Welfare Benefits Plan. Patient 203 received services between September 25,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

2010, and August 17, 2011, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, an ultrasound, a consultation, a cystoscopy, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 203 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 203.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 203. On every claim form that was submitted to United for Patient 203, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 203. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 203's Plan provides benefits for all of the services listed above including diagnostic and therapeutic procedures, scopic procedures, anesthesia services, doctor's office visits, and laboratory and pathology testing. The 2010 SPD for this Plan, for instance, specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that "obesity surgery" is covered, provided certain criteria are met. The SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 203's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 203 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 203 but has refused to pay for the other services provided to Patient 203. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 203. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 203 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 203.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 207.** - Defendants Kinder Morgan G.P., Inc., and KMI Flexible Benefit Plan.

(A) Patient 207 is a beneficiary under the KMI Flexible Benefit Plan. Patient received services between January 10, 2011, and May 9, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, pathology and laboratory testing, an ultrasound, polysomnography, an endoscopy with anesthesia, a sling surgical procedure, and a laparoscopic gastric band procedure and subsequent adjustments. For each of the procedures, United authorized Patient 207 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 207.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 207. On every claim form that was submitted to United for Patient 207, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 207. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 207's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, surgical services, laboratory and pathology testing, and laparoscopic gastric banding procedures with

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

subsequent adjustments. The 2011 SPD for this Plan, for instance, specifically states that "Surgery," "Lab and x-ray services," and "Physician Office Visits," are covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan. The SPD also states that Eligible Expenses will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 207's benefits under the Plan. The Providers provided services to Patient 207 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 207 – including for certain services relating to gastric banding – but has refused to pay for the other services provided to Patient 207. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 207. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 207 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 207.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 208.** - Defendants Kinetic Concepts, Inc., and KCI Medical Plan.

(A) Patient 208 is a beneficiary under the KCI Medical Plan. Patient 208 received services between March 2, 2011, and April 29, 2011, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, an echocardiography, pathology and laboratory testing, a consultation, and an ultrasound. For each of the procedures, United authorized Patient 208 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 208.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 208. On every claim form that was submitted to United for Patient 208, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 208. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 208's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. The 2011 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 208.

(D) During the verification process, Plaintiffs called United to verify Patient 208's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 208 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 208. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 208. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 208 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 208.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 209.</u>** - Defendants KLA-Tencor Corporation and KLA-Tencor Corporation Group Insurance Plan.

(A) Patient 209 is a beneficiary under the KLA-Tencor Corporation Group Insurance Plan. Patient 209 received services on January 8, 2011, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. This medical service included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 209 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 209.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 209. On every claim form that was submitted to United for Patient 209,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 209. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 209's Plan provides benefits for all of the services listed above including consultations and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 209's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 209 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 209. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following ground:

- "Claim denied stating as Invalid dx code." United provided no further detail.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 209. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 209 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 209.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 210.** - Defendants Konica Minolta Business Solutions USA, Inc., and Konica Minolta Business Solutions USA, Inc. Life, Disability, Accident, Medical and Dental Plan.

(A) Patient 210 is a beneficiary under the Konica Minolta Business Solutions USA, Inc. Life, Disability, Accident, Medical and Dental Plan. Patient 210 received services between November 21, 2009, and January 11, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, laboratory and pathology testing, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 210 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 210.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 210. On every claim form that was submitted to United for Patient 210, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 210. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 210's Plan provides benefits for all of the services listed above including doctor's office visits, anesthesia services, scopic procedures, diagnostic and therapeutic services, and laboratory and pathology testing. The 2008 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 210's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 210 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has underpaid for the mentioned services provided by Plaintiffs to Patient 210 but has refused to pay for the other services provided to Patient 210. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 210. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 210 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 210.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 211.** - Defendants L Brands, Inc., f/k/a Limited Brands, Inc., and Limited Brands, Inc. Health and Welfare Benefits Plan.

(A) Patient 211 is a beneficiary under the Limited Brands, Inc. Health and Welfare Benefits Plan. Patient 211 received services between June 24, 2010, and July 5, 2010, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a consultation, an endoscopy with anesthesia, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 211 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 211.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 211. On every claim form that was submitted to United for Patient 211, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 211. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 211's Plan provides benefits for all of the services listed above including sleep studies, doctor's office visits, anesthesia services, scopic procedures, laboratory and pathology testing, and diagnostic and therapeutic services. The 2010 SPD for this Plan specifically provides that "Physician Office," "Outpatient Physicians Services received at a Hospital or Alternative Facility," "Outpatient Surgery, Diagnostic and Therapeutic Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 211's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 211 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 211 but has refused to pay for the other services provided to Patient 211. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 211. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 211 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 211.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 214.</u>** - Defendants LA-Z-BOY Incorporated and LA-Z-BOY Incorporated Medical Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 214 is a beneficiary under the LA-Z-BOY Incorporated Medical Plan. Patient 214 received services between October 13, 2010, and July 6, 2013, from West Hills Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, laboratory and pathology testing, a consultation, polysomnography, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 214 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 214.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 214. On every claim form that was submitted to United for Patient 214, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 214. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 214's Plan provides benefits for all of the services listed above including sleep studies, anesthesia services, scopic procedures, diagnostic and therapeutic services, laboratory and pathology testing, doctor's office visits, and gastric banding procedures with subsequent adjustments. The 2012 SPD for this Plan specifically states that "Anesthesia," "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Additionally, the SPD also states that "Obesity Surgery," is covered under the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plan under certain conditions. Furthermore, the SPD notes that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 214's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 214 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 214 –including some of the services relating to the patient's gastric banding procedure – but has refused to pay for the other services provided to Patient 214. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 214. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 214 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 214.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 215.** - Defendants LGAA, LLC, f/k/a Leavitt Group Agency Association and LGAA Benefit Plan.

(A) Patient 215 is a beneficiary under the LGAA Benefit Plan. Patient 215 received services between October 25, 2011, and November 30, 2011, from East Bay Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic cholecystectomy, pathology and laboratory testing, anesthesia services, a consultation, and polysomnography. For each of the procedures, United authorized Patient 215 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 215.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 215. On every claim form that was submitted to United for Patient 215, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 215. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 215's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, doctor's office visits, laparoscopic cholecystectomy, and laboratory and pathology testing. For instance, the 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 215's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 215 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 215 but has refused to pay for the other services provided to Patient 215. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 215. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 215 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 215.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 216.</u>** - Defendants Level 3 Communications, LLC, and Level 3 Communications, Inc. Welfare Benefit Plan.

(A) Patient 216 is a beneficiary under the Level 3 Communications, Inc. Welfare Benefit Plan. Patient 216 received services on May 14, 2013, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial new patient consultation and evaluation. For each of the procedures, United authorized Patient 216 to receive these medical services at Plaintiffs' surgery centers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 216.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 216. On every claim form that was submitted to United for Patient 216, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 216. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 216's Plan provides benefits for all of the services listed above including doctor's office visits and consultations. The 2013 SPD for this Plan specifically states that "Routine Office Visits," and "Specialist Office Visits," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 216's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 216 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 216. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 216. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 216 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 216.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 217.** - Defendants Levy Restaurants, Inc., and Employee Benefit Plan of the Compass Group USA, Inc.

(A) Patient 217 is a beneficiary under the Employee Benefit Plan of the Compass Group USA, Inc. Patient 217 received services between January 18, 2010, and June 26, 2013, from Orange Grove Surgery Center, LLC, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, laboratory and pathology testing, a consultation, a laparoscopic gastric banding procedure and subsequent adjustments, an endoscopy with anesthesia, a urethrocystoscopy, and a stress sling surgical procedure. For each of the procedures, United authorized Patient 217 to receive

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 217.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 217. On every claim form that was submitted to United for Patient 217, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 217. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 217's Plan provides benefits for all of the services listed above including diagnostic and therapeutic procedures, doctor's office visits, anesthesia services, scopic procedures, laboratory and pathology testing, laparoscopic gastric banding procedures and subsequent adjustments, and surgical procedures. The 2011 SPD for this Plan, among others, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Procedures," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at UCR.

(D) During the verification process, Plaintiffs called United to verify Patient 217's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 217 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 217 but has refused to pay for the other services provided to Patient 217. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 217. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 217 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 217.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 218.** - Defendants Linde North America, Inc., and Linde North America, Inc. Insurance Plan.

(A) Patient 218 is a beneficiary under the Linde North America, Inc. Insurance Plan. Patient 218 received services between March 24, 2009, and January 30, 2010, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a consultation, an endoscopy with anesthesia, laparoscopic gastric banding procedures and subsequent adjustments, and an ultrasound. For each of the procedures, United authorized Patient 218 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 218.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 218. On every claim form that was submitted to United for Patient 218, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 218. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 218's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

diagnostic and therapeutic services, doctor's office visits, and laparoscopic gastric banding procedures with subsequent adjustments. An SPD for this Plan specifically states that "Office Visits," "Ambulatory Surgical Center Services," "Anesthetics," "Laboratory Tests and X-rays," and "Physician Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 218's benefits under the Plan. The Providers provided services to Patient 218 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has underpaid for the mentioned service provided by Plaintiffs to Patient 218. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 218. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 218 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 218.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 221.</u>** - Defendants L'Oreal USA S/D, Inc., and L'Oreal USA, Inc. Comprehensive Medical Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 221 is a beneficiary under the L'Oreal USA, Inc. Comprehensive Medical Plan. Patient 221 received services between January 12, 2010, and December 31, 2011, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, laboratory and pathology testing, a consultation, an endoscopy with anesthesia, a laparoscopic gastric banding procedure with subsequent adjustments, colonoscopy, and reconstructive breast surgery. For each of the procedures, United authorized Patient 221 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 221.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 221. On every claim form that was submitted to United for Patient 221, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 221. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 221's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, anesthesia services, laboratory and pathology testing, scopic procedures, doctor's office visits, laparoscopic gastric banding procedures and subsequent adjustments, and reconstructive surgeries. The 2011 SPD for this Plan specifically states that "Office Visits," "Ambulatory Surgery Care," and "Anesthesia," are covered under the plan. Furthermore, the SPD states that the Plan will pay fees for these services at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 221's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 221 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 221, such as endoscopy, ultrasound, lap band facility and lap band anesthesia but has refused to pay for the other services provided to Patient 221. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 221. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 221 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 221.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 222.** - Defendants Maersk, Inc., and Maersk Inc. Active Nonunion Health and Welfare Plan.

(A) Patient 222 is a beneficiary under the Maersk Inc. Active Nonunion Health and Welfare Plan. Patient 222 received services between October 15, 2008, and January 29, 2009, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a laparoscopic gastric banding procedure and subsequent adjustments, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 222 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 222.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 222. On every claim form that was submitted to United for Patient 222, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 222. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 222's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, anesthesia services, and laparoscopic gastric banding procedures and subsequent adjustments. The 2008 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, while the SPD states that there is no coverage for surgical treatment for obesity, Plaintiffs are informed and believe that the Plan still permitted coverage for such services upon a showing of medical necessity. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 222's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 222 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 222 but has refused to pay for the other services provided to Patient 222. Notably, United allowed payment for numerous physicians and facility charges relating to the Lap Band procedure, as well as relating to a laparoscopic cholecystecomy procedure.

(F) United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The claim was not submitted within the time frame specified in your plan documents or contract."

(H) Plaintiffs have submitted all the medical records for the services provided to Patient 222. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(I) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 222 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 222.

(J) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 224.</u>** - Defendants Marubeni Itochu Steel America, Inc., and MISA Group Benefit Plans.

(A) Patient 224 is a beneficiary under the MISA Group Benefit Plans. Patient 224 received services on May 29, 2009, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills. These medical services included an endoscopy with anesthesia, an ultrasound, laboratory and pathology testing, and a consultation. For each of the procedures, United authorized Patient 224 to receive these medical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 224.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 224. On every claim form that was submitted to United for Patient 224, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 224. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 224's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, an ultrasound, laboratory and pathology testing, and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 224's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 224 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 224 but has refused to pay for the other services provided to Patient 224. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 224. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 224 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 224.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 225.** - Defendants Mary Kay, Inc., and Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan.

(A) Patient 225 is a beneficiary under the Mary Kay, Inc. Comprehensive Employee Health and Welfare Plan. Patient 225 received services between November 3, 2009, and March 26, 2013, from New Life Surgery Center, Beverly

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, an endoscopy with anesthesia, a consultation, an ultrasound, a laparoscopic gastric banding procedure with subsequent adjustments, and a radiologic examination. For each of the procedures, United authorized Patient 225 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 225.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 225. On every claim form that was submitted to United for Patient 225, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 225. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 225's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, doctor's office visits, surgical procedures, and laparoscopic gastric banding procedures with subsequent adjustments. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 225's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 225 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 225 but has refused to pay for the other services provided to Patient 225. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 225. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 225 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 225.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 226.** - Defendants McCarthy Holthus, LP, and McCarthy & Holthus, LLP Welfare Benefits Plan.

(A) Patient 226 is a beneficiary under the McCarthy & Holthus, LLP Welfare Benefits Plan. Patient 226 received services on December 30, 2010, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and comprehensive new patient consultation. For each of the procedures, United authorized Patient 226 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 226.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 226. On every claim form that was submitted to United for Patient 226, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 226. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 226's Plan provides benefits for all of the services listed above including doctor's office visits, initial evaluations, and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

consultations. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 226's benefits under the Plan. The Providers provided services to Patient 226 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 226. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 226. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 226 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 226.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 227.</u>** - Defendants MCM Corporation and Health Care Plan of the Employees of MCM Corp.

(A) Patient 227 is a beneficiary under the Health Care Plan of the Employees of MCM Corp. Patient 227 received services between January 28,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

2011, and April 29, 2011, from Valencia Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, an endoscopy with anesthesia, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 227 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 227.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 227. On every claim form that was submitted to United for Patient 227, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 227. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 227's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. The SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 227's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 227 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 227. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 227. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 227 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 227.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 228.</u>** - Defendants McMaster-Carr Supply Company and McMaster-Carr Supply Company Group Insurance Program.

(A) Patient 228 is a beneficiary under the McMaster-Carr Supply Company Group Insurance Program. Patient 228 received services between March 9, 2013, and March 16, 2013, from Orange Grove Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, a fluoroscopy, an evaluation, and x-rays. For each of the procedures, United authorized Patient 228 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 228.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 228. On every claim form that was submitted to United for Patient 228, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 228. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 228's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, x-rays, and doctor's office visits. For example, the 2012 SPD for this Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Physician's Office Services," are covered under the plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 228's benefits under the Plan. The Providers provided services to Patient 228 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 228 but has refused to pay for the other services provided to Patient 228. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 228. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 228 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 228.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 230.** - Defendants Medco Health Solutions, Inc., and Medco Health Solutions, Inc. Welfare Benefit Plan.

(A) Patient 230 is a beneficiary under the Medco Health Solutions, Inc. Welfare Benefit Plan. Patient 230 received services between January 22, 2010, and May 6, 2011, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, an ultrasound, pathology and laboratory testing, an echocardiography, polysomnography, and doctor's visits. For each of the procedures, United authorized Patient 230 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 230.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 230. On every claim form that was submitted to United for Patient 230, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 230. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 230's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

diagnostic and therapeutic services, doctor's office visits, laboratory and pathology testing, and laparoscopic gastric banding procedures and subsequent adjustments. The 2012 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 230's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 230 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 230 but has refused to pay for the other services provided to Patient 230. United has issued final denials on all of Plaintiffs' claims. None of the denial letters relating to the services alleged above in subparagraph (A) were based on any purported exclusion in Patient 230's plan for surgical or non-surgical treatment of obesity. Rather, nearly all of United's denials were based solely upon Plaintiffs' supposed failure to provide numerous categories of irrelevant or nonexistent medical records, rather than on any coverage provision of the plan.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 230. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 230 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 230.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 231.</u>** - Defendant CareFusion Corporation f/k/a Medegen, Inc..

(A) Patient 231 was a beneficiary under a health benefits plan sponsored by an entity, Medegen that was acquired by Carefusion in 2010. Patient 231 received services on May 5, 2009, from Almont Ambulatory Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, an endoscopy with anesthesia, an ultrasound, and a consultation. For each of the procedures, United authorized

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Patient 231 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 231.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 231 on May 27, 2009, Plaintiff IMS submitted claims for its professional Ultrasound. On every claim form that was submitted to United for Patient 231, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 231. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 231's Plan provides benefits for all the services listed above including laboratory and pathology testing, scopic procedures, anesthesia services, diagnostic and therapeutic procedures, and doctor's office visits. On information and belief, this Plan pays fees for these services at reasonable and customary rates. Plaintiffs have not received any plan documents for this Plan.

(D) During the verification process, Plaintiffs called United to verify Patient 231's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 231 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 231 but has refused to pay for the other services provided to Patient 231. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 231. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 231 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 231.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**__Patient 233.__** - Defendants Metropolitan Life Insurance Company and Metlife Options and Choices Plan.

(A) Patient 233 is a beneficiary under the Metlife Options and Choices Plan. Patient 233 received services between May 6, 2010, and April 3, 2013, from New Life Surgery Center, LLC, Modern Institute of Plastic Surgery, Beverly Hills

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, a fluoroscopy, polysomnography, an endoscopy with anesthesia, laboratory and pathology testing, and a laparoscopic gastric banding procedure with subsequent adjustments. For each of the procedures, United authorized Patient 233 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 233.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 233. On every claim form that was submitted to United for Patient 233, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 233. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 233's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, anesthesia services, doctor's office visits, laboratory and pathology testing, surgical services, and laparoscopic gastric banding procedures and subsequent adjustments. The 2010 SPD for this Plan specifically states that "Outpatient Surgery," "Physician's/Surgeon's Charges," and "Disease Management Programs," are covered under the Plan. Additionally, the SPD states that "Bariatric Surgery" is covered under the Plan under particular circumstances, which, on information and belief, were met here. Furthermore, the SPD states that Eligible Expenses are covered and fees for those services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 233's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 233 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 233, including some of the Lap Band adjustments, but has refused to pay for the other services that were provided. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 233. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 233 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 233.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 234.</u>** - Defendants MidAmerican Energy Company and MidAmerican Energy Company Welfare Benefit Plan.

(A) Patient 234 is a beneficiary under the MidAmerican Energy Company Welfare Benefit Plan. Patient 234 received services between March 4, 2011, and April 12, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 234 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 234.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 234. On every claim form that was submitted to United for Patient 233, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 233. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 234's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, sleep studies, anesthesia services, doctor's office visits, and laboratory

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and pathology testing. The 2011 SPD for this Plan, for instance, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 234's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 234 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 234 but has refused to pay for the other services provided to Patient 234. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 234. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 234 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 234.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 235.</u>** - Defendants Millard Refrigerated Services, Inc., and Millard Refrigerated Services, Inc. Group Major Medical.

(A) Patient 235 is a beneficiary under the Millard Refrigerated Services, Inc. Group Major Medical. Patient 235 received services between July 7, 2010, and July 21, 2010, from Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include polysomnography, an ultrasound, pathology and laboratory testing, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 235 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 235.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 235. On every claim form that was submitted to United for Patient 235, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 235. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 235's Plan provides benefits for all of the services listed above including diagnostic and therapeutic procedures, sleep studies, pathology and laboratory testing, scopic procedures, doctor's office visits, and anesthesia services. For example, the 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services." Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 235's benefits under the Plan. The Providers provided services to Patient 235 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 235. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 235. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 235 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 235.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 238.** - Defendants Mobile Mini, Inc., and Mobile Mini, Inc. Benefit Plan.

(A) Patient 238 is a beneficiary under the Mobile Mini, Inc. Benefit Plan. Patient 238 received services between February 19, 2010, and February 20, 2010, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Plaintiff Providers. These medical services included laboratory and pathology testing, an ultrasound, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 238 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 238.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 238. On every claim form that was submitted to United for Patient 238, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 238. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 238's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, who verified Patient 238's benefits under the Plan. The Providers provided services to Patient 238 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 238 but has refused to pay for the other services provided to Patient 238. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Plaintiffs never received an explanation of benefits from United.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 238. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 238 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 238.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 241.** - Defendants Monrovia Nursery Company and Monrovia Nursery Company Employee Benefit Plan.

(A) Patient 241 is a beneficiary under the Monrovia Nursery Company Employee Benefit Plan. Patient 241 received services between March 17, 2011, and July 26, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included doctor's office visits and laparoscopic gastric band adjustments. For each of the procedures, United authorized Patient 241 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 241.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 241. On every claim form that was submitted to United for Patient 241, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 241. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 241's Plan provides benefits for all of the services listed above including doctor's office visits and laparoscopic gastric banding adjustment procedures. The 2010 SPD for this Plan specifically states that "Physician Fees for Surgical and Medical Services," "Physician's Office Services – Sickness and Injury," and "Surgery – Outpatient," are covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 241.

(D) During the verification process, Plaintiffs called United to verify Patient 241's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 241 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 241. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- This service does not meet coverage requirements as defined in your plan.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 241. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 241 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 241.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 243.** - Defendants Multiplan, Inc., and Health Insurance Plan of Multiplan, Inc.

(A) Patient 243 is a beneficiary under the Health Insurance Plan of Multiplan, Inc. Patient 243 received services on November 9, 2011, from Orange Grove Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, pathology and laboratory testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 243 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 243.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 243. On every claim form that was submitted to United for Patient 243, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 243. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 243's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory and pathology testing. The 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray, and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 243.

(D) During the verification process, Plaintiffs called United to verify Patient 243's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 243 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 243 but has refused to pay for the other services provided to Patient 243. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 243. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have appealed most or all of the denial of the claims within the time limits set forth within the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 243 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 243.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 247.** - Defendants National Mentor Holdings, LLC, and National Mentor Holdings, LLC Flexible Benefit Plan.

(A) Patient 247 is a beneficiary under the National Mentor Holdings, LLC Flexible Benefit Plan. Patient 247 received services between August 19, 2009, and September 4, 2009, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a

consultation, laboratory and pathology testing, an endoscopy with anesthesia, an ultrasound, and a laparoscopic gastric banding procedure. For each of the procedures, United authorized Patient 247 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 247.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 247. On every claim form that was submitted to United for Patient 247, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 247. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 247's Plan provides benefits for all of the services listed above including doctor's office visits, laboratory and pathology testing, diagnostic and therapeutic services, scopic procedures, anesthesia services, and laparoscopic gastric banding procedures. The 2009 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 247's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181


1201407.1

and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 247 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 247 but has refused to pay for the other services provided to Patient 247. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 247. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 247 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 247.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 248.</u>** - Defendants National Railroad Passenger Corporation, and AMPLAN, The Amtrak Union Benefits Plan and National Railroad Passenger Corporation Choiceplus Cafeteria Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 248 is a beneficiary under the AMPLAN, The Amtrak Union Benefits Plan and National Railroad Passenger Corporation Choiceplus Cafeteria Plan. Patient 248 received services between April 3, 2010, and January 19, 2012, from West Hills Surgery Center, LLC, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a consultation, an endoscopy with anesthesia, laboratory and pathology testing, an ultrasound, a laparoscopic gastric banding procedure with subsequent adjustments, and x-rays. For each of the procedures, United authorized Patient 248 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 248.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 248. On every claim form that was submitted to United for Patient 248, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 248. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 248's provides benefits for all of the services listed above including laparoscopic gastric banding procedures and subsequent adjustments, diagnostic and therapeutic services, scopic procedures, anesthesia services, laboratory and pathology testing, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Outpatient surgical facility," "Diagnostic X-ray and Lab Tests," "Surgery – Outpatient," and "Anesthesia," are

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

covered under the Plan. Furthermore, the SPD states that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 248's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 248 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 248 but has refused to pay for the other services provided to Patient 248. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 248. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 248 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 248.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 249.** - Defendants Nationstar Mortgage, LLC, and Nationstar Mortgage Group Health and Welfare Benefit Plan.

(A) Patient 249 is a beneficiary under the Nationstar Mortgage Group Health and Welfare Benefit Plan. Patient 249 received services between September 3, 2011, and July 28, 2012, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, polysomnography, an endoscopy with anesthesia, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 249 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 249.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 249. On every claim form that was submitted to United for Patient 249, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 249. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 249's Plan provides benefits for all of the services listed above including doctor's office visits, sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory and pathology testing. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 249's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 249 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 249, such as the anesthesiologist's charge for an endoscopy, but has refused to pay for the other services provided to Patient 249. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 249. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 249 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 249.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 250.</u>** - Defendants NCH Corporation and NCH Corporation Employee Life and Health Benefit Plan.

(A) Patient 250 is a beneficiary under the NCH Corporation Employee Life and Health Benefit Plan. Patient 250 received services on December 21, 2010, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These services included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 250 to receive these medical services at Plaintiffs' surgery centers and/or United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 250.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 250. On every claim form that was submitted to United for Patient 250, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 250. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 250's Plan provides benefits for the service listed above, comprehensive consultations. The 2010 SPD for this Plan specifically states that "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 250's benefits under the Plan. The Providers provided services to Patient 250 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 250. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 250. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 250 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 250.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 251.** - Defendants NEC Corporation of America and Group Insurance Plan for Employees of NEC and Affiliates.

(A) Patient 251 is a beneficiary under the Group Insurance Plan for Employees of NEC and Affiliates. Patient 251 received services between August 24, 2010, and November 19, 2012, from New Life Surgery Center, Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical plan for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, anesthesia services, a laparoscopic cholecystectomy, pathology and laboratory testing, a consultation, an ultrasound, an

endoscopy, and polysomnography. For each of the procedures, United authorized Patient 251 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 251.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 251. On every claim form that was submitted to United for Patient 251, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 251. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 251's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, laparoscopic gastric banding procedures with subsequent adjustments, and laparoscopic surgical services. The 2011 SPD for this Plan, for example, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Additionally, the SPD also states that "Morbid Obesity," which includes, "lap-band procedures," is covered under the Plan under certain conditions. Furthermore, the SPD states that fees for Eligible Expenses are paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 251's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 251 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 251 – including at least some of the services relating to the patient's laparoscopic gastric banding – but has refused to pay for the other services provided to Patient 251. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 251. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 251 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 251.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 252.** - Defendants Neff Rental, LLC, and Neff Rental LLC Health & Welfare Plan.

(A) Patient 252 is a beneficiary under the Neff Rental LLC Health & Welfare Plan. Patient 252 received services between August 2, 2010, and September 26, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, an endoscopy with anesthesia, a consultation, and polysomnography. For each of the procedures, United authorized Patient 252 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 252.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 252. On every claim form that was submitted to United for Patient 252, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 252. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 252's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, doctor's office visits, scopic procedures, sleep studies, and anesthesia services. The 2010 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physicians Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 252.

(D) During the verification process, Plaintiffs called United to verify Patient 252's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 252 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 252 but has refused to pay for the other services provided to Patient 252. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 252. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 252 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 252.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 253.</u>** - Defendants Nestle Waters North America, Inc., and Nestle Waters North America Holdings Group Benefits Plan.

(A) Patient 253 is a beneficiary under the Nestle Waters North America Holdings Group Benefits Plan. Patient 253 received services between November 22, 2008, and February 19, 2010, from Almont Ambulatory Surgery Center and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

included a consultation, an endoscopy with anesthesia, and a laparoscopic gastric banding procedure with subsequent adjustments. For each of the procedures, United authorized Patient 253 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 253.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 253. On every claim form that was submitted to United for Patient 253, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 253. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 253's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, anesthesia services, and laparoscopic gastric banding procedures with subsequent adjustments. For instance, the 2010 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physicians Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Additionally, the SPD also states that "Obesity Surgery," is covered under the Plan under specific conditions. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 253's benefits under the Plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 253 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 253 – including a substantial portion of the facility charge for the patient's laparoscopic gastric banding procedure – but has refused to pay for the other services provided to Patient 253. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 253. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 253 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 253.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 255.** - Defendants New Breed Corporate Services, Inc., and New Breed Corporate Services Inc. Welfare Benefit Plan.

(A) Patient 255 is a beneficiary under the New Breed Corporate Services Inc. Welfare Benefit Plan. Patient 255 received services between March 12, 2010, and August 16, 2010, from Beverly Hills Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, a consultation, pathology and laboratory testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 255 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 255.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 255. On every claim form that was submitted to United for Patient 255, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 255. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 255's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, doctor's office visits, scopic procedures, and anesthesia services. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 255's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 255 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 255 but has refused to pay for the other services provided to Patient 255. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 255. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 255 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 255.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 256.** - Defendants Nike, Inc., and Nike, Inc. Group Insurance Plan.

(A) Patient 256 is a beneficiary under the Nike, Inc. Group Insurance Plan. Patient 256 received services between January 12, 2010, and May 10, 2011, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, a consultation, an ultrasound, laboratory and pathology testing, hernia surgery, and a laparoscopic gastric banding procedure with subsequent adjustments. For each of the procedures, United authorized Patient 256 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 256.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 256. On every claim form that was submitted to United for Patient 256, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 256. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 256's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, anesthesia services, doctor's office visits, laboratory and pathology testing, and laparoscopic gastric banding procedures with subsequent adjustments. The 2011 SPD for this plan specifically states that "Office visits," "Office visits – Specialist," "Surgery," and "Diagnostic radiology and laboratory tests," are all covered under the Plan. Furthermore, the SPD indicates that coverage exists under the Plan for "obesity services and supplies" for morbidly obese members with a BMI of 40 or more. The SPD also states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 256.

(D) During the verification process, Plaintiffs called United to verify Patient 256's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 256 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 256 – including substantial amounts relating to the patient's laparoscopic gastric banding services – but has refused to pay for the other services provided to Patient 256. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 256. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 256 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 256.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 257.</u>** - Defendants Northrop Grumman Corporation and Northrop Grumman Corporation Group Benefits Plan.

(A) Patient 257 is a beneficiary under the Northrop Grumman Corporation Group Benefits Plan. Patient 257 received services on September 8, 2009, from a healthcare provider under the auspices of Independent Medical Services, Inc., the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

medical group for Provider Plaintiffs. For each of the procedures, including a consultation, United authorized Patient 257 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 257.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 257. On every claim form that was submitted to United for Patient 257, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 257. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 257's Plan provides benefits for all of the services listed above including consultations. For instance, the 2009 SPD for this Plan specifically states that "Anesthesia," "Lab tests, X-rays and diagnostic tests," and "Surgery," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at usual, customary, and reasonable rates.

(D) During the verification process, Plaintiffs called United to verify Patient 257's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 257 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 257. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 257. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 257 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 257.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 258.</u>** - Defendants Novartis Corporation and Novartis Corporation Welfare Benefit Plan.

(A) Patient 258 is a beneficiary under the Novartis Corporation Welfare Benefit Plan. Patient 258 received services between December 12, 2011, and January 10, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, polysomnography, an endoscopy with anesthesia, a consultation, and an ultrasound.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

For each of the procedures, United authorized Patient 258 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 258.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 258. On every claim form that was submitted to United for Patient 258, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 258. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 258's Plan provides benefits for all of the services listed above including sleep studies, laboratory and pathology testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. The 2011 SPD for this Plan specifically states that "Physician Services," "Outpatient Facility Services," "Outpatient Laboratory and Radiology Services," and "Outpatient Professional Services," are all covered under the Plan. Furthermore, the SPD states that Covered Expenses will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 258's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 258 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 258 but has refused to pay for the other services provided to Patient 258. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 258. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 258 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 258.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 259.** - Defendants NPL Construction Co., and NPL Construction Co. Employee Health Benefit Plan.

(A) Patient 259 is a beneficiary under the NPL Construction Co. Employee Health Benefit Plan. Patient 259 received services between March 14, 2009, and May 15, 2011, from Modern Institute of Plastic Surgery, Almont Ambulatory

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, an endoscopy with anesthesia, and doctor's office visits. For each of the procedures, United authorized Patient 259 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 259.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 259. On every claim form that was submitted to United for Patient 259, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 259. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 259's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, scopic procedures, doctor's office visits, and anesthesia services. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 259's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 259 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 259 but has refused to pay for the other services provided to Patient 259. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- The physician or health care provider is not a network provider, but has accepted a reduction in charges on this claim through Multiplan

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 259. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 259 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 259.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 261.</u>** - Defendants Nursefinders, LLC, and AMN Healthcare Inc. Health Insurance Plan.

(A) Patient 261 is a beneficiary under the AMN Healthcare Inc. Health Insurance Plan. Patient 261 received services between January 20, 2010, and February 4, 2010, from Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, an endoscopy with anesthesia, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 261 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 261.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 261. On every claim form that was submitted to United for Patient 261, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 261. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 261's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. For instance, the 2010 SPD for this Plan specifically states that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

"Lab, X-Ray and Diagnostics – Outpatient," "Physician's Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 261's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 261 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 261 but has refused to pay for the other services provided to Patient 261. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 261. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limit set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 261 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 261.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 263.** - Defendants OCLC Online Computer Library Center, Inc., and OCLC Employee Group Medical Plan.

(A) Patient 263 is a beneficiary under the OCLC Employee Group Medical Plan. Patient 263 received services on August 22, 2009, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, laboratory and pathology testing, a consultation, and an ultrasound. For each of the procedures, United authorized Patient 263 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 263.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 263. On every claim form that was submitted to United for Patient 263, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 263. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 263's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, anesthesia services, and laboratory and pathology testing. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 263's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 263 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for some of the services provided by Plaintiffs to Patient 263. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Based on our review, we have determined that we processed this claim accurately. No further payment is due from us.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 263. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 263 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 263.

(I) Despite these requests, neither United nor the Plan ever provided the requested documents to Plaintiffs.

(J) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 264.** - Defendants Old Dominion Freight Line, Inc., and Old Dominion Employee Benefit Plan.

(A) Patient 264 is a beneficiary under the Old Dominion Employee Benefit Plan. Patient 264 received services between December 14, 2010, and December 29, 2010, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a consultation, an endoscopy with anesthesia, an ultrasound, pathology testing, and an initial evaluation. For each of the procedures, United authorized Patient 264 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 264.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 264. On every claim form that was submitted to United for Patient 264, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 264. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 264's Plan provides benefits for all of the services listed above including sleep studies, doctor's office visits, diagnostic and therapeutic services, scopic procedures, anesthesia services, and laboratory and pathology testing. The 2008 Plan documents for this Plan specifically states that "ambulatory surgical facility," "Surgical services," "Outpatient surgery," "Physician home and office visits," "Treatment of or related to sleep disorders," "Diagnostic charges for x-rays," "Diagnostic charges for laboratory services," "Ultrasounds," and "Venipuncture," are all covered under the Plan. The Plan documents states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 264's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 264 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 264 but has refused to pay for the other services provided to Patient 264. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 264. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 264 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 264.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 265.** - Defendants Olin Corporation, and Olin Medical/Dental Plan.

(A) Patient 265 is a beneficiary under the Olin Medical/Dental Plan. Patient 265 received services between July 23, 2010, and January 12, 2011, from West Hills Surgery, LLC, Valencia Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a laparoscopic gastric banding procedure with subsequent

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

adjustments, anesthesia services, a consultation, an endoscopy, pathology and laboratory testing, an ultrasound, and polysomnography. For each of the procedures, United authorized Patient 265 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 265.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 265. On every claim form that was submitted to United for Patient 265, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 265. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 265's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, doctor's office visits, diagnostic and therapeutic services, scopic procedures, and sleep studies. The SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," "Professional Fees for Surgical and Medical Services," and "Physician's Office Services – Specialist," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 265's benefits under the Plan. The Providers provided services to Patient 265 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 265 – including for many of the services relating to the patient's laparoscopic gastric banding procedure – but has refused to pay for the other services provided to Patient 265. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 265. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 265 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 265.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 267.</u>** - Defendants Orix USA Corporation and Orix USA Corporation Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 267 is a beneficiary under the Orix USA Corporation Welfare Plan. Patient 267 received services between May 18, 2009, and August 17, 2013, from New Life Surgery Center, Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, laboratory and pathology testing, an ultrasound, a laparoscopic cholecystectomy, anesthesia services, a laparoscopic gastric banding procedure with subsequent adjustments, fluoroscopy, and follow-up doctor's office visits. For each of the procedures, United authorized Patient 267 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 267.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 267. On every claim form that was submitted to United for Patient 267, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 267. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 267's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

subsequent adjustments, laparoscopic cholecystectomy, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits and follow-ups, and laboratory and pathology testing. The 2011 SPD for this Plan, for instance, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 267's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 267 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 267 – including multiple claims relating to the Patient 267's laparoscopic gastric banding procedure – but has refused to pay for many other services. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 267. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 267 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 267.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 268.</u>** - Defendants Osram Sylvania, Inc., and Osram Sylvania, Inc. Health and Welfare Benefits Plan.

(A) Patient 268 is a beneficiary under the Osram Sylvania, Inc. Health and Welfare Benefits Plan. Patient 268 received services between April 23, 2010, and July 2, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, pathology and laboratory testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 268 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 268.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 268. On every claim form that was submitted to United for Patient 268, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 268. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 268's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and therapeutic procedures, pathology and laboratory testing, scopic procedures, and anesthesia services. For example, the 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician Fees for Surgical and Medical Services," and "Physician's Office Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 268.

(D) During the verification process, Plaintiffs called United to verify Patient 268's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 268 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 268 but has refused to pay for the other services provided to Patient 268. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) (Plaintiffs have submitted all the medical records for the services provided to Patient 268. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 268 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 268.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 269.** – Defendants Windstream Corporation and Windstream Comprehensive Plan of Group Insurance.

(A) Patient 269 is a beneficiary under the Windstream Comprehensive Plan of Group Insurance. Patient 269 received services between January 31, 2011, and April 22, 2011, from Beverly Hills Surgery Center, LLC, New Life Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure, pathology and laboratory testing, an echocardiography, an endoscopy with anesthesia, an ultrasound, a consultation, and polysomnography. For each of the procedures, United authorized Patient 269 to receive these medical services at Plaintiffs' surgery

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 269.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 269. On every claim form that was submitted to United for Patient 269, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 269. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 269's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures, pathology and laboratory testing, scopic procedures, anesthesia services, echocardiography, diagnostic and therapeutic services, sleep studies, and doctor's office visits. Plaintiffs have received a 2011 SPD for Paetec Holdings Corporation. Based on information and belief, Plaintiffs believe the benefits and payment scheme outlined in the Paetec SPD are applicable to Windstream, which acquired Paetec. The 2011 SPD for Paetec specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 269's benefits under the Paetec Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 269 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 269 but has refused to pay for the other services provided to Patient 269. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 269. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 269 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 269.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 270.</u>** - Defendants Panalpina, Inc., and Panalpina, Inc. Welfare Benefits Plan.

(A) Patient 270 is a beneficiary under the Panalpina, Inc. Welfare Benefits Plan. Patient 270 received services between November 8, 2010, and January 25, 2011, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include anesthesia services, an ultrasound, an echocardiography, a cystoscopy, an endoscopy, polysomnography, a consultation, and pathology and laboratory testing. For each of the procedures, United authorized Patient 270 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 270.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 270. On every claim form that was submitted to United for Patient 270, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 270. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 270's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, echocardiography, and laboratory and pathology testing. The 2010 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 270.

(D) During the verification process, Plaintiffs called United to verify Patient 270's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 270 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 270 but has refused to pay for the other services provided to Patient 270. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 270. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 270 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 270.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 272.</u>** - Defendants Parker-Hannifin Corporation and Group Insurance Plan Hourly And Salaried Employees Of Parker Hannifin Corp.

(A) Patient 272 is a beneficiary under the Group Insurance Plan Hourly And Salaried Employees Of Parker Hannifin Corp. Patient 272 received services between November 3, 2009, and December 17, 2011, from Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Provider Plaintiffs. These medical services included an evaluation, an electrocardiogram , polysomnography, an endoscopy with anesthesia, pathology and laboratory testing, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 272 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 272.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 272. On every claim form that was submitted to United for Patient 272, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 272. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 271's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and therapeutic services, sleep studies, scopic procedures, anesthesia services, and laboratory and pathology testing. The 2011 SPD for this Plan specifically states that "Anesthesia," "Laboratory and Diagnostic Testing," "Medical Supplies," and "Physician's Charges," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 271's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 271 in reasonable reliance on these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 272 but has refused to pay for the other services provided to Patient 272. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 272. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 272 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 272.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 273.</u>** - Defendants Parsons Corporation and Group Benefits Plan For Employees Of Parsons Corporation & Designated Subsidiaries.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 273 is a beneficiary under the Group Benefits Plan For Employees Of Parsons Corporation & Designated Subsidiaries. Patient 273 received services between May 16, 2009, and January 6, 2012, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, an ultrasound, laboratory and pathology testing, a laparoscopic gastric banding procedure with subsequent adjustments, and a laparoscopic cholecystectomy. For each of the procedures, United authorized Patient 273 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 273.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 273. On every claim form that was submitted to United for Patient 273, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 273. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 273's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures and subsequent adjustments, laparoscopic surgical procedures, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. The 2012 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics –

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under circumstances, which, on information and belief, were met here. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 273's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 273 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid, at least in part, for some of the services provided by Plaintiffs to Patient 273, including for numerous Lap Band adjustments, but has refused to pay for the other services provided to the patient. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 273. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 273 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 273.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 274.** - Defendants Payless Shoesource, Inc., and Payless Shoesource, Inc. Medical Plan.

(A) Patient 274 is a beneficiary under the Payless Shoesource, Inc. Medical Plan. Patient 274 received services between January 5, 2009, and September 15, 2009, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, an ultrasound, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 274 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 274.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 274. On every claim form that was submitted to United for Patient 274,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 274. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 274's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures and subsequent adjustments, anesthesia services, scopic procedures, diagnostic and therapeutic services, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," "Physician's Office Services – Specialist," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan, under certain conditions, which, on information and believe, were met here. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 274's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 274 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 274 – including substantial amounts for most of the services related to the patient's laparoscopic gastric banding procedure – but has refused to pay for the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

other services provided to Patient 274. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 274. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 274 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 274.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 275.** - Defendants Pechiney Plastic Packaging, Inc., and Alcan Salaried Welfare Benefits Program.

(A) Patient 275 is a beneficiary under the Alcan Salaried Welfare Benefits Program. Patient 275 received services between October 2, 2010, and December 11, 2010, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, pathology and laboratory testing, an endoscopy with anesthesia, an ultrasound, and a consultation with a subsequent follow-up. For each of the procedures, United authorized Patient 275 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 275.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 275 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 275, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 275. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 275's Plan provides benefits for all of the services listed above including sleep studies, pathology and laboratory testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. For instance, an excerpted "Policy Data," section of the Pechiney Plan specifically states that "Office Visit[s]," "Office Visit[s] Specialists," "X-ray & Lab with Office Visit," "X-ray & Lab separate from Office Visit," "Out-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Patient Facility," and "Surgeon[s]" are covered under the Plan. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 275's benefits under the Plan. The Providers provided services to Patient 275 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 275 but has refused to pay for the other services provided to Patient 275. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 275. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 275 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 275.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 276.** - Defendants Pentair, Inc., and Pentair, Inc. Active Employee Welfare Plan.

(A) Patient 276 is a beneficiary under the Pentair, Inc. Active Employee Welfare Plan. Patient 276 received services between October 9, 2010, and January 4, 2011, from various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a surgical sling procedure, anesthesia services, a cystoscopy, an ultrasound, polysomnography, an endoscopy, laboratory and pathology testing, and a consultation. or each of the procedures, United authorized Patient 276 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 276.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 276. On every claim form that was submitted to United for Patient 276, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 276. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 276's Plan provides benefits for all of the services listed above including surgical procedures, anesthesia services, scopic procedures, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. For instance, the 2010 SPD for this Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 276's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 276 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 276 but has refused to pay for the other services provided to Patient 276. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 276. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 276 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 276.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 277.** - Defendants Performance Food Group, Inc., and Performance Food Group Inc. Employee Benefits Plan.

(A) Patient 277 is a beneficiary under the Performance Food Group Inc. Employee Benefits Plan. Patient 277 received services between March 15, 2011, and August 3, 2013, from Modern Institute of Plastic Surgery, New Life Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, anesthesia services, laboratory and pathology testing, a consultation, and laparoscopic gastric banding with subsequent adjustments. For each of the procedures, United authorized Patient 277 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 277.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 277. On every claim form that was submitted to United for Patient 277, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 277. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 277's Plan provides benefits for all of the services listed above including a laparoscopic gastric banding procedure with subsequent adjustments, laboratory and pathology testing, CPAP Titration, sleep studies, diagnostic and therapeutic services, and doctor's office visits. The 2012 SPD for this Plan specifically states that "Outpatient Care," "Primary Care Physician Office Services," "Specialist Office Visits," "Services/Charges at Time of Office Visit," "Routine Diagnostic, X-ray and Lab," "Non-routine Diagnostic, X-Ray and Lab," "Office Surgery," "Anesthetics," "Ambulatory Services," and "Ambulatory Surgical Center," are all covered under the Plan. Additionally, the SPD also states that "Obesity Surgery," is covered under the Plan under certain conditions, which, on information and belief, were met. Furthermore, the SPD states that Eligible Expenses are covered under the Plan and fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 277.

(D) During the verification process, Plaintiffs called United to verify Patient 277's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 277 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 277 – including substantial amounts on multiple claims relating to the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

patient's Lap-Band surgery and follow-up – but has refused to pay for many other services. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Not a covered expense."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 277. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 277 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 277.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 278.</u>** - Defendant Perkins Flexible Benefits Plan.

(A) Patient 278 is a beneficiary under the Perkins Flexible Benefits Plan. Patient 278 received services between November 22, 2010, and January 25, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included anesthesia services, an ultrasound, laboratory and pathology testing, a consultation, an endoscopy, and polysomnography. For each of the procedures,

United authorized Patient 278 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 278.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 278. On every claim form that was submitted to United for Patient 278, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 278. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 278's Plan provides benefits for all of the services listed above including anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, sleep studies, and doctor's office visits. The 2010 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Surgery – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 278.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 278's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 278 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has partially paid for some of the services provided by Plaintiffs to Patient 278, but has refused to pay for many other services. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 278. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 278 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 278.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 279.** - Defendants Dell, Inc. and Dell, Inc. Comprehensive Health & Welfare Plan.

(A) Patient 279 is a beneficiary under the Dell, Inc. Comprehensive Health & Welfare Plan. Patient 279 received services between September 5, 2009, and October 28, 2009, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic cholecystectomy, anesthesia services, pathology and laboratory testing, a consultation, an ultrasound, and an endoscopy. For each of the procedures, United authorized Patient 279 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 279.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 279 submitted claims for its professional Laparoscopic Cholecystectomy. On every claim form that was submitted to United for Patient 279, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 279. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 279's Plan provides benefits for all of the services listed above including laparoscopic cholecystectomy, anesthesia services, pathology and laboratory testing, diagnostic and therapeutic services, scopic procedures, and doctor's office visits. The 2006 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," and "Physician's Office Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at usual, customary and reasonable charge.

(D) During the verification process, Plaintiffs called United to verify Patient 279's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 279 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for some of the services provided by Plaintiffs to Patient 279. United has issued final denials on all of Plaintiffs' claims.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 279. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 279 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 279.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 280.** - Defendants Petco Animal Supplies, Inc., and Petco Animal Supplies Inc. Group Benefit Plan and Trust.

(A) Patient 280 is a beneficiary under Petco Animal Supplies Inc. Group Benefit Plan and Trust. Patient 280 received services between July 14, 2010, and August 8, 2010, from Valencia Ambulatory Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, a consultation, laboratory and pathology testing, and an ultrasound. For each of the procedures, United authorized Patient 280 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 280.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 280. On every claim form that was submitted to United for Patient 280, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 280. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 280's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, laboratory and pathology testing, doctor's office visits, and diagnostic and therapeutic services. The 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 280's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 280 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 280. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 280. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 280 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 280.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 281.** - Defendants Peter Kiewit Sons', Inc., and Peter Kiewit Sons', Inc. Health and Welfare Plan.

(A) Patient 281 is a beneficiary under the Peter Kiewit Sons', Inc. Health and Welfare Plan. Patient 281 received services between February 25, 2012, and March 28, 2012, from Orange Grove Surgery Center, LLC, and various of healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include an ultrasound, an endoscopy with anesthesia, laboratory and pathology testing, and a consultation.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

For each of the procedures, United authorized Patient 281 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 281.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 281. On every claim form that was submitted to United for Patient 281, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 281. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 281's Plan provides benefits for all of the services listed above including diagnostic and therapeutic procedures, scopic procedures, anesthesia services, and doctor's office visits. The 2012 SPD for this plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 281's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 281 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 281. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 281. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 281 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 281.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 282.** - Defendants Petsmart, Inc., and Petsmart Smartchoices Benefit Plan.

(A) Patient 282 is a beneficiary under the Petsmart Smartchoices Benefit Plan. Patient 282 received services between January 4, 2011, and January 5, 2012, from San Diego Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, an ultrasound, a consultation, polysomnography, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 282 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 282.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 282. On every claim form that was submitted to United for Patient 282, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 282. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 282's Plan provides benefits for all of the services listed above including laboratory and pathology testing, diagnostic and therapeutic services, doctor's office visits, scopic procedures, sleep studies, and anesthesia services. The 2011 SPD for this Plan, for instance, states that "Physician Services – Primary Care Office Visits," "Physician Services – Specialist Office Visits," "Laboratory," "Outpatient Surgery," and "Outpatient and Specialized Health Care Facilities," are all covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 282's benefits under the Plan. The Providers provided services to Patient 282 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 282 but has refused to pay for the other services provided to Patient 282. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 282. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 282 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 282.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 283.</u>** - Defendants Pfizer, Inc., and Pfizer Medical Plan.

(A) Patient 283 is a beneficiary under the Pfizer Medical Plan. Patient 283 received services between August 17, 2010, and June 28, 2011, from West Hills Surgery, LLC, Valencia Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band procedure and subsequent adjustments, pathology and laboratory testing, polysomnography, an endoscopy with anesthesia, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 283 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 283.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 283. On every claim form that was submitted to United for Patient 283, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 283. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 283's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

subsequent adjustments, pathology and laboratory testing, diagnostic and therapeutic procedures, scopic procedures, anesthesia services, and doctor's office visits. The 2006 SPD for this Plan specifically states that "Outpatient Surgery," "Anesthetics," and "Diagnostic x-rays and laboratory tests – in or out of the hospital," are covered under the Plan. Additionally, the SPD states that "Gastric bypass and lap-band surgical procedures that are not considered investigational," are covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services are paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 283's benefits under the Plan. The Providers provided services to Patient 283 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 283 but has refused to pay for the other services provided to Patient 283. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 283. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 283 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 283.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 284.** - Defendants Pharmaceutical Product Development, LLC, and Pharmaceutical Product Development, LLC Welfare Benefit Plan.

(A) Patient 284 is a beneficiary under the Pharmaceutical Product Development, LLC Welfare Benefit Plan. Patient 284 received services between February 25, 2011 and February 26, 2011, from San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, an ultrasound, laboratory testing, and a consultation. For each of the procedures, United authorized Patient 284 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 284.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 284. On every claim form that was submitted to United for Patient 284, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 284. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 284's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory testing, and doctor's office visits. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 284's benefits under the Plan. The Providers provided services to Patient 284 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 284 but has refused to pay for the other services provided to Patient 284. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 284. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 284 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 284.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 286.** - Defendants Plains All American GP, LLC, and Plains All American GP LLC Employee Health Benefit Plan.

(A) Patient 286 is a beneficiary under the Plains All American GP LLC Employee Health Benefit Plan. Patient 286 received services between September 18, 2009, and January 25, 2012, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, pathology and laboratory testing, a consultation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 286 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 286.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 286. On every claim form that was submitted to United for Patient 286,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 286. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 286's Plan provides benefits for all of the services listed above including a laparoscopic gastric banding procedures with subsequent adjustments, pathology and laboratory testing, diagnostic and therapeutic services, scopic procedures, anesthesia services, and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates. Plaintiffs have not received any plan documents for this Plan.

(D) During the verification process, Plaintiffs called United to verify Patient 286's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 286 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 286 but has refused to pay for the other services provided to Patient 286. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 286. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 286 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 286.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 288.</u>** - Defendants Playboy Enterprises International, Inc., and Playboy Health Benefit Plan.

(A) Patient 288 is a beneficiary under the Playboy Health Benefit Plan. Patient 288 received services between December 11, 2009, and August 28, 2010, from Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs. These medical services included laparoscopic gastric band adjustments, hernia surgery, pathology and laboratory testing, a consultation, an endoscopy with anesthesia, and an ultrasound. For each of the procedures, United authorized Patient 288 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 288.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 288. On every claim form that was submitted to United for Patient 288, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 288. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 288's Plan provides benefits for all of the services listed above including laparoscopic gastric band adjustment, surgical procedures, anesthesia services, a consultation, pathology and laboratory testing, scopic procedures, and doctor's office visits. The 2009 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 288's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 288 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 288 but has refused to pay for the other services provided to Patient 288. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 288. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 288 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 288.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 290.** - Defendants PPS Holdings, Inc., and PPS Holdings, Inc. Employee Benefit Plan.

(A) Patient 290 is a beneficiary under the PPS Holdings, Inc. Employee Benefit Plan. Patient 290 received services between February 9, 2008, and October 30, 2010, from Beverly Hills Surgery Center, LLC, New Life Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included anesthesia services, laboratory and pathology testing, a laparoscopic cholecystectomy, polysomnography, an endoscopy with anesthesia, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 290 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 290.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 290. On every claim form that was submitted to United for Patient 290, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 290. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 290's Plan provides benefits for all of the services listed above including anesthesia services, laboratory and pathology services, laparoscopic cholecystectomy, scopic procedures, diagnostic and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

therapeutic services, doctor's office visits, and sleep studies. The 2014 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 290.

(D) During the verification process, Plaintiffs called United to verify Patient 290's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 290 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 290 but has refused to pay for the other services provided to Patient 290. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 290. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 290 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 290.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 293.</u>** - Defendants Prime Administration, LLC, and Prime Administration LLC Consolidated Health & Welfare Plan.

(A) Patient 293 is a beneficiary under the Prime Administration LLC Consolidated Health & Welfare Plan. Patient 293 received services on January 7, 2010, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, a consultation, an endoscopy with anesthesia, and an ultrasound. For each of the procedures, United authorized Patient 293 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 293.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 293. On every claim form that was submitted to United for Patient 293, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 293. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 293's Plan provides benefits for the services listed above including consultations and/or doctor's office visits, diagnostic and therapeutic services, scopic procedures, anesthesia services, and laboratory and pathology testing. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 293's benefits under the Plan. The Providers provided services to Patient 293 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 293 but has refused to pay for the other services provided to Patient 293. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Our records show we have already processed this charge.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 293. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 293 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 293.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 294.** - Defendants Probuild Holdings, Inc., and Probuild Holdings, Inc. Welfare Benefit Plan.

(A) Patient 294 is a beneficiary under the Probuild Holdings, Inc. Welfare Benefit Plan. Patient 294 received services between November 30, 2010, and December 18, 2010, from San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, an ultrasound, laboratory and pathology testing, and polysomnography. For each of the procedures, United authorized

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Patient 294 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 294.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 294. On every claim form that was submitted to United for Patient 294, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 294. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 294's Plan provides benefits for all of the services listed above including consultations, scopic procedures, anesthesia services, diagnostic and therapeutic services, and sleep studies. The 2010 SPD for this Plan specifically provides that "Lab, X-ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient Facility Charges," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 294's benefits under the Plan. The Providers provided services to Patient 294 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 294 but has refused to pay for the other services provided to Patient 294. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 294. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 294 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 294.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 295.** - Defendants The Procter & Gamble Company, and The Procter & Gamble Health Care Plan.

(A) Patient 295 is a beneficiary under The Procter & Gamble Health Care Plan. Patient 295 received services between August 13, 2009, and August 29, 2009, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, laboratory and pathology testing, an ultrasound, and a consultation and evaluation. For each of the procedures, United authorized Patient 295 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 295.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 295. On every claim form that was submitted to United for Patient 295, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 295. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 295's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, laboratory and pathology testing, diagnostic and therapeutic services, and doctor's office visits. The 2009 SPD for this plan specifically states that "Physician Office Visit – Generalist," "Physician Office Visit – Specialist," "Diagnostic Services," "Sleep Disorder Treatment," "Surgeons," are covered under the Plan. Furthermore, the SPD for this Plan states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 295's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 295 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid or refused to pay for the services provided by Plaintiffs to Patient 295. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Based on our review, we determined that we processed this claim accurately.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 295. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 295 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 295.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 296.</u>** - Defendants Progressive Logistics Services, LLC, and Progressive Logistics Services, LLC Medical & Life Insurance Benefits Plan.

(A) Patient 296 is a beneficiary under the Progressive Logistics Services, LLC Medical & Life Insurance Benefits Plan. Patient 296 received services between August 30, 2010, and September 17, 2010, from Valencia Ambulatory Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, pathology and laboratory testing, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 296 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 296.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 296. On every claim form that was submitted to United for Patient 296, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 296. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 296's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, pathology and laboratory testing, scopic procedures, anesthesia services, and doctor's office visits. The 2010 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 296.

(D) During the verification process, Plaintiffs called United to verify Patient 296's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 296 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 296 but has refused to pay for the other services provided to Patient 296. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 296. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth by the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 296 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 296.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 299.</u>** - Defendants PSC Environmental Services, LLC, and PSC, LLC Group Welfare Benefits Plan.

(A) Patient 299 is a beneficiary under the PSC, LLC Group Welfare Benefits Plan. Patient 299 received services between February 26, 2010, and March 31, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, pathology and laboratory testing, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 299 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 299.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 299. On every claim form that was submitted to United for Patient 299, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 299. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 299's Plan provides benefits for all of the services listed above including doctor's office visits, pathology and laboratory testing, diagnostic and therapeutic services, scopic procedures, and anesthesia services. The 2008 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 299's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 299 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has underpaid for the mentioned services provided by Plaintiffs to Patient 299 but has refused to pay for the other services provided to Patient 299. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 299. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 299 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 299.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 300.</u>** - Defendants Wood Group PSN, Inc.

(A) Patient 300 was a beneficiary under a health benefits plan sponsored by an entity, PSN USA Holdings, Inc., that was acquired by Wood Group PSN. Patient 300 received services between December 12, 2009, and May 6, 2010, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, an endoscopy with anesthesia, an ultrasound, a consultation, anesthesia services, and a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

laparoscopic cholecystectomy. For each of the procedures, United authorized Patient 300 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 300.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 300 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 300, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 300. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 300's Plan provides benefits for all of the services listed above including surgical services, laparoscopic procedures, anesthesia services, diagnostic and therapeutic services, scopic procedures, laboratory and pathology testing, and doctor's office visits. For example, the 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 300's benefits under the Plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 300 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 300 but has refused to pay for the other services provided to Patient 300. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 300. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 300 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 300.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 302.</u>** - Defendants Quantum Corporation and Quantum Corporation Welfare Benefit Plan.

(A) Patient 302 is a beneficiary under the Quantum Corporation Welfare Benefit Plan. Patient 302 received services between May 26, 2010, and June 13, 2010, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, an ultrasound, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 302 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 302.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 302. On every claim form that was submitted to United for Patient 302, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 302. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 302's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic procedures, laboratory and pathology testing,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and doctor's office visits. For instance, the 2010 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician's Office Services," "Physician's Office Services – Specialist," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 302's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 302 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has underpaid for the mentioned services provided by Plaintiffs to Patient 302 but has refused to pay for the other services provided to Patient 302. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 302. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 302 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 302.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 303.</u>** - Defendants Rainbow USA, Inc., and Rainbow USA, Inc. Medical Plan.

(A) Patient 303 is a beneficiary under the Rainbow USA, Inc. Medical Plan. Patient 303 received services between October r 20, 2012, and November 3, 2012, from various medical providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, and a detailed consultation with psychological examination. For each of the procedures, United authorized Patient 303 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 303.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 303. On every claim form that was submitted to United for Patient 303, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 303. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 303's Plan provides benefits for all of the services listed above including doctor's office visits, consultation and examinations, and sleep studies. The 2011 SPD for this Plan, for instance, specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services – Sickness and Injury," and "Therapeutic Treatments – Outpatient," are covered under the Plan. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 303's benefits under the Plan. The Providers provided services to Patient 303 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 303. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 303. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed all or most of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 303 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 303.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 304.** - Defendants Raytheon Company and Raytheon Health Benefits Plan.

(A) Patient 304 is a beneficiary under the Raytheon Health Benefits Plan. Patient 304 received services between September 28, 2010, and March 12, 2011, from West Hills Surgery, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, polysomnography, an ultrasound, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 304 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 304.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 304. On every claim form that was submitted to United for Patient 304, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 304. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 304's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures and subsequent adjustments, anesthesia services, diagnostic and therapeutic services, scopic procedures, sleep studies, and doctor's office visits and/or consultations. The 2011 SPD for this Plan specifically states that "Outpatient Surgery and Anesthesia," "Physician's Office Services," and "Outpatient Diagnostic Services," are covered under the Plan. The SPD also states that the Plan provides coverage for "bariatric surgery" under certain circumstances, which, on information and belief, were met here. Furthermore, the SPD states that Covered Charges will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 304's benefits under the Plan. The Providers provided services to Patient 304 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 304, including substantial amounts in connection with the patient's laparoscopic gastric banding, but has refused to pay for the other services provided to that patient. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 304. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 304 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 304.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 305.** - Defendants Red Wing Shoe Company, Inc., and Red Wing Shoe Company Health Plan.

(A) Patient 305 is a beneficiary under the Red Wing Shoe Company Health Plan. Patient 305 received services between September 23, 2009, and July 31, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a consultation, an ultrasound, an endoscopy with anesthesia, a laparoscopic cholecystectomy, laboratory and pathology testing, hernia surgery, and laparoscopic gastric band adjustments. For each of the procedures, United authorized Patient 305 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 305.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 305. On every claim form that was submitted to United for Patient 305, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 305. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 305's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and therapeutic services, scopic procedures, anesthesia services, laparoscopic procedures, laboratory and pathology testing, surgical services, and laparoscopic gastric band adjustments. The 2009 SPD for this Plan specifically states that "Outpatient Services/Outpatient Physician Charges," "Outpatient Lab and X-ray

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Charges," "Outpatient Surgery/Surgeon Charges," "Physician Office Services," "Office Surgery," and "Charges for a Radiologist, Anesthesiologist, Or Pathologist," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 305's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 305 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 305 but has refused to pay for the other services provided to Patient 305. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 305. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 305 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 305.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 306.</u>** - Defendants Rexam, Inc., and Group Insurance Plan for Employees of Rexam, Inc.

(A) Patient 306 is a beneficiary under the Group Insurance Plan for Employees of Rexam, Inc. Patient 306 received services between June 22, 2010, and July 17, 2013, from Orange Grove Surgery Center, LLC, Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation, pathology and laboratory testing, polysomnography, an ultrasound, an endoscopy with anesthesia, a laparoscopic gastric banding procedure with subsequent adjustments, a cystourethroscopy, a sling surgical procedure, a fluoroscopy, and a consultation. For each of the procedures, United authorized Patient 306 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 306.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 306. On every claim form that was submitted to United for Patient 306, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 306. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 306's Plan provides benefits for all of the services listed above including surgical services, anesthesia services, therapeutic and diagnostic procedures, scopic procedures, laboratory and pathology testing, laparoscopic gastric banding procedures and subsequent adjustments, and doctor's office visits. The 2008 SPD for this Plan specifically states that "Ambulatory Surgical Center Services," "Laboratory Tests and X-Rays," and "Outpatient Surgery," are covered under the Plan. Furthermore, the Plan states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 306's benefits under the Plan. The Providers provided services to Patient 306 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 306 but has refused to pay for the other services provided to Patient 306. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 306. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 306 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 306.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 307**. - Defendants Rexnord Industries, LLC, and Rexnord Welfare Plan.

(A) Patient 307 is a beneficiary under the Rexnord Welfare Plan. Patient 307 received services between June 20, 2009, and January 16, 2010, from Almont Ambulatory Surgery Center, Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure and subsequent adjustments, pathology and laboratory testing, an ultrasound, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 307 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 307.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 307. On every claim form that was submitted to United for Patient 307, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 307. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 307's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, diagnostic and therapeutic services, scopic procedures, pathology and laboratory testing, and doctor's office visits. The 2009 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, the SPD states that "Morbid Obesity," is covered under the Plan under certain conditions, which on information and belief, were met. Furthermore, the SPD for this Plan states that Eligible Expenses are covered and are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 307's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 307 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 307, including substantial amounts for numerous services associated with the patient's Lap Band, but has refused to pay for many other services. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Jo. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 307 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 307.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 308.</u>** - Defendants Reyes Holdings, LLC, and The Reyes Holdings Flexible Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 308 is a beneficiary under The Reyes Holdings Flexible Benefits Plan. Patient 308 received services between July 28, 2010, and March 11, 2011, from Modern Institute of Plastic Surgery, San Diego Ambulatory Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, pathology and laboratory testing, an endoscopy with anesthesia, an ultrasound, CPAP Titration, and a consultation. For each of the procedures, United authorized Patient 308 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 308.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 308. On every claim form that was submitted to United for Patient 308, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 308. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 308's Plan provides benefits for all of the services listed above including sleep studies, pathology and laboratory testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. The 2010 SPD for this Plan specifically states that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

"Outpatient Diagnostic Services," "Outpatient Diagnostic/Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 308's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 308 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 308. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 308. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 308 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 308.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 309.** - Defendants Rite Aid Corporation and Rite Aid Corporation Health Insurance Plan.

(A) Patient 309 is a beneficiary under the Rite Aid Corporation Health Insurance Plan. Patient 309 received services between February 7, 2012, and March 11, 2014, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included fluoroscopy, and services relating to laparoscopic gastric banding and subsequent adjustments. For each of the procedures, United authorized Patient 309 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 309.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 309. On every claim form that was submitted to United for Patient 309, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 309. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment;

or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 309's Plan provides benefits for all of the services listed above including scopic procedures, physician's office services, surgical services, surgical fees, anesthesia services, and laparoscopic gastric band adjustments. For instance, the 2012 SPD for this Plan specifically states that "Diagnostic Services (Lab, X-ray and other tests)," "Medical/Surgical Expenses," and "Physician Office Visits," are covered under the Plan. Furthermore, the SPD states that surgical treatment for obesity is covered under certain circumstances, which, on information and belief, were met. The SPD also states that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 309's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 309 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 309. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 309. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 309 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 309.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 310.</u>** - Defendants Rural/Metro Corporation and Rural Metro Corporation Employee Benefit Plan.

(A) Patient 310 is a beneficiary under the Rural Metro Corporation Employee Benefit Plan. Patient 310 received services between August 20, 2011, and September 3, 2011, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, polysomnography, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 310 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 310.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 310. On every claim form that was submitted to United for Patient 310, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 310. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 310's Plan provides benefits for all of the services listed above including consultations, doctor's office visits, sleep studies, diagnostic and therapeutic services, scopic procedures, and anesthesia services. The 2011 SPD for this Plan specifically states "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. On information and belief, the Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 310's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 310 in reasonable reliance on these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 310. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 310. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 310 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 310.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 311.** - Defendants Rush Truck Centers of California, Inc., and Rush Enterprises Medical Plan.

(A) Patient 311 is a beneficiary under the Rush Enterprises Medical Plan. Patient 311 received services between November 3, 2010, and February 18, 2013, from New Life Surgery Center, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include anesthesia services, laboratory and pathology testing, a laparoscopic gastric banding procedure with subsequent adjustments, polysomnography, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 311 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 311.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 311. On every claim form that was submitted to United for Patient 311, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 311. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 311's Plan provides benefits for all of the services listed above including anesthesia services, laboratory and pathology testing, doctor's office visits, diagnostic and therapeutic services, sleep studies, surgical services, and laparoscopic gastric banding procedures with subsequent adjustments. The 2011 SPD for this Plan specifically provides that "Office visit[s]," "X-rays," "Outpatient Services/Outpatient Physician Charges," "Outpatient Lab and X-ray charges," "Outpatient Surgery/Surgeon Charges," and "Physician Office

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Services," are covered under the Plan. Additionally, the SPD states that the Plan covers "Weight Reduction Treatment." Furthermore, the SPD states that fees for these services will be paid at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 311's benefits under the Plan. The Providers provided services to Patient 311 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 311 but has refused to pay for the other services provided to Patient 311. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Patient has reached maximum benefit for this Plan."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 311. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 311 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 311.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 312.** - Defendants Ryder Services Corporation and Ryder System, Inc. Flexible Benefits Plan.

(A) Patient 312 is a beneficiary under the Ryder System, Inc. Flexible Benefits Plan. Patient 312 received services on November 2, 2011, from Orange Grove Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, an endoscopy with anesthesia, and laboratory testing. For each of the procedures, United authorized Patient 312 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 312.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 312 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 312, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 312. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 312's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory testing. The 2008 SPD for this Plan specifically states that "Out-Patient Services," and "Physician Services," are covered under the Plan. Furthermore, the SPD states that the Plan pays charges at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 312's benefits under the Plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 312 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) but has refused to pay for the other services provided to Patient 312. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 312. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 312 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 312.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 315.</u>** - Defendants Safran USA, Inc., and Safran USA, Inc. Cafeteria Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 315 is a beneficiary under the Safran USA, Inc. Cafeteria Plan. Patient 315 received services between October 19, 2011, and October 24, 2011, from East Bay Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include polysomnography, laboratory and pathology testing, an endoscopy with anesthesia, and an ultrasound. For each of the procedures, United authorized Patient 315 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 315.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 315. On every claim form that was submitted to United for Patient 315, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 315. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 315's Plan provides benefits for all of the services listed above including sleep studies, laboratory testing, scopic procedures, anesthesia services, and diagnostic and therapeutic services. The 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 315's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 315 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 315 but has refused to pay for the other services provided to Patient 315. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 315. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 315 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 315.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 316.</u>** - Defendants Saia Motor Freight Line, LLC, and Saia Motor Freight Line LLC Employee Preferred Provider Plan.

(A) Patient 316 is a beneficiary under the Saia Motor Freight Line LLC Employee Preferred Provider Plan. Patient 216 received services between January 3, 2011, and January 25, 2014, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation, a consultation, laboratory and pathology testing, an ultrasound, an echocardiography, an endoscopy with anesthesia, polysomnography, and laparoscopic gastric banding with subsequent adjustments. For each of the procedures, United authorized Patient 316 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 316.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 316. On every claim form that was submitted to United for Patient 316, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 316. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 316's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, laboratory and pathology testing, diagnostic and therapeutic services, sleep studies, echocardiography, scopic procedures, anesthesia services, and doctor's office visits. The 2011 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 316's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 316 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 316 but has refused to pay for the other services provided to Patient 316. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 316. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 316 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 316.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 317.** - Defendants Sally Beauty Holdings, Inc., and Sally Beauty Holdings Inc. Health and Welfare Plan.

(A) Patient 317 is a beneficiary under the Sally Beauty Holdings Inc. Health and Welfare Plan. Patient 317 received services between October 2, 2010, and June 15, 2011, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

These medical services included polysomnography, a laparoscopic cholecystectomy, anesthesia services, an ultrasound, a consultation, CPAP titration, and an endoscopy. For each of the procedures, United authorized Patient 317 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 317.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 317. On every claim form that was submitted to United for Patient 317, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 317. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 317's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, laboratory and pathology testing, and laparoscopic procedures. On information and belief, the Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 317's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 317 in reasonable reliance on these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 317 but has refused to pay for the other services provided to Patient 317. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 317. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 317 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 317.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 318.** - Defendants Santander Consumer USA, Inc., and Santander Consumer USA Inc. Welfare Benefit Plan.

(A) Patient 318 is a beneficiary under the Santander Consumer USA Inc. Welfare Benefit Plan. Patient 318 received services on March 16, 2010, from Beverly Hills Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included diagnostic and therapeutic services, a consultation, an endoscopy with anesthesia, and laboratory and pathology testing. For each of the procedures, United authorized Patient 318 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 318.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 318. On every claim form that was submitted to United for Patient 318, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 318. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 318's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, doctor's office visits, scopic procedures, anesthesia services, and laboratory and pathology testing. The 2010 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 318's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 318 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 318 but has refused to pay for the other services provided to Patient 318. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 318. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 318 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 318.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 319.</u>** - Defendants Schneider National, Inc., and Schneider National, Inc. Flexible Benefits Plan.

(A) Patient 319 is a beneficiary under the Schneider National, Inc. Flexible Benefits Plan. Patient 319 received services between August 7, 2010, and September 18, 2010, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an echocardiography, an ultrasound, an endoscopy with anesthesia, laboratory and pathology testing, and a consultation. For each of the procedures, United authorized Patient 319 to receive these medical services at Plaintiffs' surgery centers and/or United informed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 319.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 319. On every claim form that was submitted to United for Patient 319, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 319. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 319's Plan provides benefits for all of the services listed above including sleep studies, echocardiography, diagnostic and therapeutic services, scopic procedures, anesthesia services, laboratory and pathology testing, and doctor's office visits. The 2010 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 319's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 319 in reasonable reliance on these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 319 but has refused to pay for the other services provided to Patient 319. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 319. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 319 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 319.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 321.** - Defendants Sedgwick Claims Management Services, Inc., and Sedgwick Claims Management Services, Inc. Welfare Benefit Plan.

(A) Patient 321 is a beneficiary under the Sedgwick Claims Management Services, Inc. Welfare Benefit Plan. Patient 321 received services between October 4, 2010, and November 11, 2010, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, nutritional counseling, an ultrasound, laboratory testing, anesthesia services, an endoscopy, and a consultation. For each of the procedures, United authorized Patient 321 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 321.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 321. On every claim form that was submitted to United for Patient 321, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 321. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 321's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, scopic procedures, anesthesia services, laboratory testing, and doctor's office visits. The 2010 SPD for this Plan specifically states that "Outpatient Services," "Doctor Office Visits," "Diagnostic Lab Work, X-rays and Radiology," and "Surgery – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at the usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 321's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 321 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 321 but has refused to pay for the other services provided to Patient 321. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 321. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 321 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 321.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 322.</u>** - Defendants Select Specialized Staffing, Inc., and Select Staffing – Flexible Benefit Plan.

(A) Patient 322 is a beneficiary under the Select Staffing – Flexible Benefit Plan. Patient 322 received services between August 26, 2009, and September 4, 2009, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic cholecystectomy, anesthesia services, a consultation, an ultrasound, an endoscopy, and laboratory and pathology testing. For each of the procedures, United authorized Patient 322 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 322.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 322. On every claim form that was submitted to United for Patient 322, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 322. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 322's Plan provides benefits for all of the services listed above including laparoscopic cholecystectomy, anesthesia services, scopic procedures, diagnostic and therapeutic services, laboratory and pathology services, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 322.

(D) During the verification process, Plaintiffs called United to verify Patient 322's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 322 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid for the services provided by Plaintiffs to Patient 322. United has issued final denials on all of Plaintiffs' claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- Based on our review we determined that we have processed this claim accurately.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 322. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 322 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 322.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 323.</u>** - Defendants Shell Oil Company and Shell Oil Company Comprehensive Welfare Benefits Plan.

(A) Patient 323 is a beneficiary under the Shell Oil Company Comprehensive Welfare Benefits Plan. Patient 323 received services between January 12, 2011, and June 20, 2013, from West Hills Surgery, LLC, Bakersfield Surgery Institute, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

subsequent adjustments, anesthesia services, pathology and laboratory testing, an ultrasound, an endoscopy, a consultation, and polysomnography. For each of the procedures, United authorized Patient 323 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 323.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 323. On every claim form that was submitted to United for Patient 323, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 323. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 323's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, anesthesia services, diagnostic and therapeutic services, sleep studies, laboratory and pathology testing, surgery services, and laparoscopic gastric banding procedures with subsequent adjustments. The 2013 SPD for this Plan specifically provides that, "Office visits," "Diagnostic X-rays," "Laboratory tests," "Outpatient Hospital and Ambulatory Care," and "Surgery – Outpatient," are all covered under the Plan. Additionally, the SPD states that "Bariatric surgery and complications arising there from," are covered under the Plan under certain circumstances, which, on

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

information and belief, were met. Furthermore, the SPD states that fees for Covered Services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 323's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 323 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 323 – including at least some of the follow-up services relating to the Lap Band – but has refused to pay for the other services provided to Patient 323. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 323. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 323 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 323.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

<u>**Patient 324.**</u> - Defendants Siemens Corporation and Siemens Corporation Group Life, Medical, Dental, Vision, Hearing and Long Term Disability Income Plan.

(A) Patient 324 is a beneficiary under the Siemens Corporation Group Life, Medical, Dental, Vision, Hearing and Long Term Disability Income Plan. Patient 324 received services on November 19, 2009, from Beverly Hills Surgery Center, LLC and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include an ultrasound, laboratory and pathology testing, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 324 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 324.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 324 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 324, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 324. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 324's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic services, anesthesia services, laboratory and pathology results, and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 324's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 324 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has under paid the service provided by Plaintiffs to Patient 324. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- This charge has been reduced by the amount that is above the usual, reasonable and customary charge for your area.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 324. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 324 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 324.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 325.</u>** - Defendants Silverado Senior Living Holdings, Inc., and Silverado Senior Living Holdings, Inc. Welfare Benefits Plan.

(A) Patient 325 is a beneficiary under the Silverado Senior Living Holdings, Inc. Welfare Benefits Plan. Patient 325 received services between December 8, 2010, and March 27, 2011, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include polysomnography, an ultrasound, an endoscopy with anesthesia, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 325 to receive these medical services at Plaintiffs' surgery centers, and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 325.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 325 on February 7, 2011, February 8, 2011, February 11, 2011, and various other dates. On every claim form that was submitted to United for Patient 325, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 325. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 325's Plan provides benefits for all of the services listed above including sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 325's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 325 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 325 but has refused to pay for the other services provided to Patient 325. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Submitted information was received. However, we are unable to process the claim, as one or more of the following items are missing: History and Physical, findings on examination, lab, radiology,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

pathology, and anesthesia test results; consult reports; operative/procedure reports; daily progress/treatment/medication notes; physician orders for DME along with copy of invoice and delivery statement."

- Failure to "secure written authorization from the member," even though Plaintiffs possessed a valid assignment of benefits from Patient 325.
- Denial of claims as duplicate submissions, even though they were not duplicates.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 325. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with each of those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 325 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 325.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 326.</u>** - Defendants Skywest Airlines, Inc., and Skywest, Inc. Cafeteria Plan.

(A) Patient 326 is a beneficiary under the Skywest, Inc. Cafeteria Plan. Patient 326 received services between January 22, 2011, and January 10, 2012, from San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

consultation, an endoscopy, and pathology and laboratory testing. For each of the procedures, United authorized Patient 326 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 326.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 326. On every claim form that was submitted to United for Patient 326, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 326. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 326's Plan provides benefits for all of the services listed above including consultations, doctor's office visits, sleep studies, scopic procedures, anesthesia services, and laboratory and pathology testing. The 2011 SPD for this Plan specifically states that "Minor Lab, X-Ray and Diagnostics – Outpatient," "Major Lab, X-Ray and Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are covered under the Plan. The SPD states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 326.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United, who verified Patient 326's benefits under the Plan. The Providers provided services to Patient 326 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 326 but has refused to pay for the other services provided to Patient 326. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 326. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 326 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 326.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 327.** - Defendants Sleep Innovations, Inc., and Sleep Innovations, Inc. Welfare Benefit Plan.

(A) Patient 327 is a beneficiary under the Sleep Innovations, Inc. Welfare Benefit Plan. Patient 327 received services between August 12, 2010, and December 22, 2010, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation, an echocardiography, an ultrasound, polysomnography, an endoscopy with anesthesia, and laboratory and pathology testing. For each of the procedures, United authorized Patient 327 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 327.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 327. On every claim form that was submitted to United for Patient 327, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 327. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 327's Plan provides benefits for all of the services listed above including doctor's office visits, echocardiography, sleep studies, diagnostic and therapeutic services, scopic procedures, anesthesia services, and pathology and laboratory testing. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 327's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 327 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 327 but has refused to pay for the other services provided to Patient 327. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 327. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 327 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 327.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 328.** - Defendants Smurfit Kappa Orange County, LLC, f/k/a Orange County Container Group, LLC, and Orange County Containers Group Medical Plan.

(A) Patient 328 is a beneficiary under the Orange County Containers Group Medical Plan. Patient 328 received services on May 15, 2010, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, a consultation, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 328 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 328.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 328. On every claim form that was submitted to United for Patient 328, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 328. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 328's Plan provides benefits for all of the services listed above including laboratory and pathology testing, diagnostic and therapeutic services, scopic procedures, anesthesia services, and doctor's office visits. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 328's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 328 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 328 but has refused to pay for the other services provided to Patient 328. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds: Claim was paid towards patient's deductible.

- "Balance is over the Usual and Customary."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 328. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 328 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 328.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 331.</u>** - Defendants SourceHov, LLC, and SourceHov, LLC Health and Welfare Benefit Plan.

(A) Patient 331 is a beneficiary under the SourceHov, LLC Health and Welfare Benefit Plan. Patient 331 received services between April 28, 2012, and May 15, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, laboratory and pathology testing, an ultrasound, an endoscopy with anesthesia, and polysomnography. For each of the procedures, United authorized Patient 331 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 331.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 331 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 331, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 331. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 331's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, anesthesia services, laboratory and pathology testing, and doctor's office visits. The 2012 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgery and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 331.

(D) During the verification process, Plaintiffs called United to verify Patient 331's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 331 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 331 but has refused to pay for the other services provided to Patient 331. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 331. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 331 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 331.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 332.</u>** - Defendants Southwest Airlines Co., and Southwest Airlines Co. Welfare Benefit Plan.

(A) Patient 332 is a beneficiary under the Southwest Airlines Co. Welfare Benefit Plan. Patient 332 received services between October 28, 2010, and January 7, 2011, from various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs.[2] These medical services included polysomnography, an ultrasound, pathology and laboratory

[2] These are in addition to certain services provided by Valley Surgical Center which are no longer being alleged or pursued as part of this Second Amended Complaint.



HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

testing, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 332 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 332.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 332. On every claim form that was submitted to United for Patient 332, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 332. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 332's Plan provides benefits for all of the services listed above including therapeutic and diagnostic services, scopic services, anesthesia services, doctor's office visits, laboratory and pathology testing, and sleep studies. The 2013 SPD for this Plan, for instance, states that "Ambulatory Surgical Center," "Anesthesia," "Assistant Surgeon," "Laboratory Expenses," "Outpatient Surgery," "Physician Visits (General)," and "X-rays," are all covered categories under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 332's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 332 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 332 but has refused to pay for the other services provided to Patient 332. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 332. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 332 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 332.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 333.** - Defendants Southwest Gas Corporation and Southwest Gas Corporation Life Insurance & Health Plan.

(A) Patient 333 is a beneficiary under the Southwest Gas Corporation Life Insurance & Health Plan. Patient 333 received services between June 14, 2009, and December 11, 2010, from Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, an ultrasound, a consultation, laboratory and pathology testing, and a laparoscopic gastric banding procedure with subsequent adjustments. For each of the procedures, United authorized Patient 333 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 333.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 333. On every claim form that was submitted to United for Patient 333, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 333. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 333's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, surgical services, and laparoscopic gastric banding procedures and subsequent adjustments. The 2010 SPD for this Plan specifically states that "Doctor's Office Visits," "Specialist Visits," "Diagnostic lab work, x-rays and radiology," "Outpatient Therapeutic treatments," and "Outpatient – Surgery," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 333's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 333 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 333 but has refused to pay for the other services provided to Patient 333. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 333. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 333 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 333.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 335.** - Defendants Stein Mart, Inc., and Stein Mart, Inc. & Subsidiaries Health Benefit Plan.

(A) Patient 335 is a beneficiary under the Stein Mart, Inc. & Subsidiaries Health Benefit Plan. Patient 335 received services between October 22, 2010, and December 18, 2012, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, Valencia Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, laboratory and pathology testing, an echocardiography, an ultrasound, polysomnography, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 335 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 335.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 335. On every claim form that was submitted to United for Patient 335, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 335. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 335's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures and subsequent adjustments, sleep studies, diagnostic and therapeutic services, scopic procedures, anesthesia services, doctor's office visits, and laboratory and pathology testing. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 335's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 335 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 335 but has refused to pay for the other services provided to Patient 335. United has issued final denials on all of Plaintiffs' claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 335. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 335 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 335.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 337.** - Defendants Sunburst Hospitality Corporation and Sunburst Hospitality Corporation Employee Welfare Plan.

(A) Patient 337 is a beneficiary under the Sunburst Hospitality Corporation Employee Welfare Plan. Patient 337 received services on November 20, 2009, from Beverly Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, ultrasound, an endoscopy with anesthesia, and laboratory and pathology testing. For each of the procedures, United authorized Patient 337 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 337.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 337 submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 337, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 337. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 337's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, and laboratory and pathology testing. The 2004 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 337's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 337 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has underpaid or failed to pay for services provided by Plaintiffs to Patient 337. United has issued final denials on all of Plaintiffs' claims.(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- This charge has been reduced by the amount that is above the usual, reasonable and customary charge for your area.

(F) Plaintiffs have submitted all the medical records for the services provided to Patient 337. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(G) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any.. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 337 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 337.

(H) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 339.</u>** - Defendants Systems Application & Technologies, Inc., and Systems Application and Technologies, Inc. Health and Welfare Plan.

(A) Patient 339 is a beneficiary under the Systems Application and Technologies, Inc. Health and Welfare Plan. Patient 339 received services between November 20, 2010, and January 7, 2011, from Bakersfield Surgery Institute, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc.,. the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 339 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 339.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 339. On every claim form that was submitted to United for Patient 339, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 339. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 339's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. The SPD for this Plan specifically states that "Ambulatory Surgical Centers," "Diagnostic, X-ray and Lab," and "Physician Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 339's benefits under the Plan. The Providers provided services to Patient 339 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 339 but has refused to pay for the other services provided to Patient 339. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 339. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 339 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 339.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 340.</u>** - Defendants Tech Data Corporation and Tech Data Corporation Employee Welfare Benefits Plan.

(A) Patient 340 is a beneficiary under the Tech Data Corporation Employee Welfare Benefits Plan. Patient 340 received services between January 19, 2011, and January 31, 2011, from San Diego Ambulatory Surgery Center LLC, Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for the Provider Plaintiffs. These medical services included polysomnography, an ultrasound, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 340 to receive these medical services at Plaintiffs' surgery centers and/or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 340.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 340. On every claim form that was submitted to United for Patient 340, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 340. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 340's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, anesthesia services, sleep studies, and diagnostic and therapeutic procedures. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at billed charges.

(D) During the verification process, Plaintiffs called United to verify Patient 340's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 340 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 340 but has refused to pay for the other services provided to Patient 340. United has issued final denials on all of Plaintiffs claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 340. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 340 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 340.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 342.</u>** - Defendants Telaid Industries, Inc., and Telaid Group Health Plan.

(A) Patient 342 is a beneficiary under the Telaid Group Health Plan. Patient 342 received services on May 5, 2009, from Almont Ambulatory Surgical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Center, Beverly Hills Surgical Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, an endoscopy with anesthesia, and laboratory and pathology testing. For each of the procedures, United authorized Patient 342 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 342.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 342. On every claim form that was submitted to United for Patient 342, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 342. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 342's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, scopic procedures, anesthesia services, and laboratory and pathology testing. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 342's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 342 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 342 but has refused to pay for the other services provided to Patient 342. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- United stated based on the information provided this service does not meet coverage requirements.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 342. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 342 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 342.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 344.** - Defendants TestAmerica Laboratories, Inc., and TestAmerica Employee Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 344 a beneficiary under the Testamerica Employee Benefits Plan. Patient 344 received services between December 13, 2008, and April 22, 2009, from Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent removal, an endoscopy with anesthesia, an ultrasound, a consultation, and surgery services. For each of the procedures, United authorized Patient 344 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 344.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 344. On every claim form that was submitted to United for Patient 344, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 344. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 344's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, anesthesia services, doctor's office visits, surgical services, and laparoscopic gastric banding procedures and removals. For instance, the 2008 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 344's benefits under the Plan. The Providers provided services to Patient 344 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 344 but has refused to pay for the other services provided to Patient 344. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 344. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 344 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 344.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 345.</u>** - Defendants Textron, Inc., and Textron Bargained Insured Benefits Plan.

(A) Patient 345 is a beneficiary under the Textron Bargained Insured Benefits Plan. Patient 345 received services between May 11, 2010, and February 16, 2011, from West Hills Surgery, LLC, Beverly Hills Surgery, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, a consultation, laboratory and pathology testing, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 345 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 345.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 345. On every claim form that was submitted to United for Patient 345, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 345. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 345's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, laboratory and pathology testing, diagnostic and therapeutic services, scopic procedures, and doctor's office visits. The 2011 SPD for this Plan specifically provides that "Office Visits," "Physician Services," and "X-ray, Laboratory & Pathology Services," are covered under the Plan. Furthermore, the SPD indicates that surgical treatment for obesity is covered under circumstances, which, on information and belief, were met here. The SPD also states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 345's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 345 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 345 – including substantial amounts for numerous services relating to the patient's Lap Band – but has refused to pay for the other services provided to Patient 345. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 345. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 345 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 345.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 346.** – Defendant TGI Friday's, Inc.

(A) Patient 346 is a beneficiary under one or more ERISA health benefits plans sponsored by a corporate predecessor of TGI Friday's, Inc. Patient 346 received services between May 31, 2010, and July 9, 2010, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an endoscopy with anesthesia, laboratory and pathology testing, a consultation, and an ultrasound. For each of the procedures, United authorized Patient 346 to receive

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 346.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 346. On June 4, 2010, Plaintiff IMS submitted claims for its professional Endoscopy. On every claim form that was submitted to United for Patient 346, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 346. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 346's Plan provides benefits for all of the services listed above including doctor's office visits, sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory and pathology testing. The 2010 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. The SPD also states that the Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 346's benefits under the Plan. The Providers provided services to Patient 346 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 346 however, the payment made was unacceptable payment paid for the services provided to Helen in which we considered the payments as underpayment. United has issued final denials on all of Plaintiffs claims.

(F) Previously, United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Based on our review, we determined that we processed this claim accurately. No further payment is due from us."
- "Our records show we have already processed this charge."
- "Claim denied as Duplicate."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 346. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limit set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 346 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 346.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 348.** - Defendants The Boeing Company and Boeing North American Employee Health Plan.

(A) Patient 348 is a beneficiary under the Boeing North American Employee Health Plan. Patient 348 received services between February 16, 2010, and January 6, 2011, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included anesthesia services, a laparoscopic gastric banding procedure, a consultation and evaluation, laboratory and pathology testing, an endoscopy, and an ultrasound. For each of the procedures, United authorized Patient 348 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 348.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 348. On every claim form that was submitted to United for Patient 348, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 348. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 348's Plan provides benefits for all of the services listed above including anesthesia services, laparoscopic gastric banding procedures, laboratory and pathology testing, diagnostic and therapeutic services, scopic procedures, and doctor's office visits. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 348's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Providers provided services to Patient 348 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 348 – including partial payments on numerous medical services relating to the patient's Lap Band – but has refused to pay for the other services provided to Patient 348. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 348. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 348 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 348.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 349.** - Defendants The Children's Place Retail Stores, Inc., and The Children's Place Health Care, Short Term Disability & Life Insurance Plan.

(A) Patient 349 is a beneficiary under The Children's Place Health Care, Short Term Disability & Life Insurance Plan. Patient 349 received services between March 27, 2010, and August 6, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band adjustments, a laparoscopic cholecystectomy, an endoscopy with anesthesia, an ultrasound, laboratory and pathology testing, and a consultation. For each of the procedures, United authorized Patient 349 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 349.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 349. On every claim form that was submitted to United for Patient 349, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 349. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 349's Plan provides benefits for all of the services listed above including laparoscopic gastric band adjustments, laparoscopic procedures, surgical services, scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. The 2010 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 349's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 349 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 349, including for a number of the services associated with the patient's lap band and lap cholecystectomy, but has refused to pay for the other services provided to Patient 349. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 349. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 349 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 349.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**__Patient 350.__** - Defendants The Clorox Company and The Clorox Company Group Insurance Plan.

(A) Patient 350 is a beneficiary under The Clorox Company Group Insurance Plan. Patient 350 received services between January 4, 2011, and September 21, 2011, from West Hills Surgery, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services include a laparoscopic gastric band procedure and subsequent adjustments, polysomnography, an ultrasound, an endoscopy with anesthesia, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 350 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 350.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 350. On every claim form that was submitted to United for Patient 350, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 350. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 350's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, sleep studies, diagnostic and therapeutic services, scopic procedures, anesthesia services, laboratory and pathology testing, and doctor's office visits. The 2011 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan under certain conditions, which, on information and belief, were met. The SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 350's benefits under the Plan. The Providers provided services to Patient 350 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 350 but has refused to pay for the other services provided to Patient 350. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 350. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 350 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 350.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 351.** - Defendants The Coca-Cola Company and The Coca-Cola Company Health and Welfare Benefits Plan.

(A) Patient 351 is a beneficiary under The Coca-Cola Company Health and Welfare Benefits Plan. Patient 351 received services between October 2, 2010, and February 9, 2013, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, pathology and laboratory testing, an echocardiography, an endoscopy with anesthesia, an ultrasound, a consultation, and polysomnography. For each of the procedures, United authorized Patient 351 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 351.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 351. On every claim form that was submitted to United for Patient 351, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 351. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 351's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, scopic procedures, laboratory and pathology testing, diagnostic and therapeutic services, sleep studies, and doctor's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

office visits. The 2010 SPD for this Plan specifically provides that "Specialist Visit[s]," "outpatient diagnostic laboratory and X-ray," and "ambulatory surgical center[s]," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 351's benefits under the Plan. The Providers provided services to Patient 351 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 351, including substantial amounts relating to the patient's Lap Band services, but has refused to pay for the other services provided to Patient 351. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 351. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 351 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 351.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 353.** - Defendants The Guardian Life Insurance Company of America and The Guardian High Deductible Health Plan through Unitedhealthcare Home Office.

(A) Patient 353 is a beneficiary under The Guardian High Deductible Health Plan through Unitedhealthcare Home Office. Patient 353 received services on November 8, 2010, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and new patient comprehensive consultation. For each of the procedures, United authorized Patient 353 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 353.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 353. On every claim form that was submitted to United for Patient 353, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 353. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 353's Plan provides benefits for all of the services listed above including doctor's office visits and initial consultations/evaluations. The 2010 SPD for this Plan specifically states that "Physician's Office Services," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 353's benefits under the Plan. The Providers provided services to Patient 353 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 353. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 353. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 353 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 353.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 354.</u>** - Defendants The Hain Celestial Group, Inc., and The Hain Celestial Group, Inc. Benefits Plan.

(A) Patient 354 is a beneficiary under The Hain Celestial Group, Inc. Benefits Plan. Patient 354 received services between October 20, 2010, and May 25, 2013, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation and laboratory testing. For each of the procedures, United authorized Patient 354 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 354.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 354. On every claim form that was submitted to United for Patient 354, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 354. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 354's Plan provides benefits for all of the services listed above including doctor's office visits, consultations, and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

laboratory testing. On information and belief, the Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 354's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 354 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 354 but has refused to pay for the other services provided to Patient 354. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did
- Not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 354. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 354 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 354.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 355.** - Defendants The Hertz Corporation and Hertz Custom Benefit Program.

(A) Patient 355 is a beneficiary under the Hertz Custom Benefit Program. Patient 355 received services between February 2, 2011, and March 9, 2011, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an echocardiography, an ultrasound, an endoscopy with anesthesia, polysomnography, and laboratory and pathology testing. For each of the procedures, United authorized Patient 355 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 355.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 355. On every claim form that was submitted to United for Patient 355, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 355. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 355's Plan provides benefits for all of the services listed above including echocardiography, diagnostic and therapeutic services, scopic procedures, anesthesia services, doctor's office visits, and laboratory and pathology testing. The 2009 SPD for this Plan specifically provides that "Laboratory and Radiology Services," and "Physician and Other Health Care Provider Services," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 355's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 355 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 355. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 355. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 355 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 355.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 356.** - Defendants The Interpublic Group of Companies, Inc., and The Interpublic Group of Companies, Inc. Health and Welfare Plan.

(A) Patient 356 is a beneficiary under The Interpublic Group of Companies, Inc. Health and Welfare Plan. Patient 356 received services between December 6, 2008, and June 16, 2009, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band adjustment with subsequent adjustments, anesthesia services, a laparoscopic cholecystectomy, and a consultation. For each of the procedures, United authorized Patient 356 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 356.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 356. On every claim form that was submitted to United for Patient 356, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 356. United accepted Plaintiffs' industry-

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 356's Plan provides benefits for all of the services listed above including laparoscopic gastric band procedures with subsequent adjustments, anesthesia services, laparoscopic procedures, and doctor's office visits. The 2004 SPD for this Plan specifically provides that "Office Visits," "Outpatient Care," "Outpatient Surgery," and "X-rays and lab tests," are covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan under certain conditions, which, on information and belief, were met. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 356's benefits under the Plan. The Providers provided services to Patient 356 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 356 – including substantial amounts on many of the services relating to the patient's laparoscopic gastric banding – but has refused to pay for the other services provided. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 356. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 356 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 356.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 357.** - Defendants The McGraw-Hill Financial, Inc., f/k/a The McGraw-Hill Companies, Inc., and The McGraw-Hill Companies, Inc. Group Health Plan.

(A) Patient 357 is a beneficiary under The McGraw-Hill Companies, Inc. Group Health Plan. Patient 357 received services between August 13, 2010, and October 22, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, pathology and laboratory testing, scopic procedures, anesthesia services, an ultrasound, and sleep studies. For each of the procedures, United authorized Patient 357 to receive these medical services at Plaintiffs' surgery centers and/or United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 357.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 357. On every claim form that was submitted to United for Patient 357, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 357. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 357's Plan provides benefits for all of the services listed above including doctor's office visits, pathology and laboratory testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, and sleep studies. The 2008 SPD for this Plan specifically states that "Specialists Visits," "Diagnostic Tests," and "Outpatient Surgery," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 357's benefits under the Plan. The Providers provided services to Patient 357 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 357 but has refused to pay for the other services provided to Patient 357. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 357. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 357 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 357.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 359</u>**.- Defendants The ServiceMaster Company, LLC, and The ServiceMaster Health & Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 359 is a beneficiary under the ServiceMaster Health & Welfare Benefits Plan. Patient 359 received services between December 8, 2010, and December 28, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a consultation, an ultrasound, an endoscopy with anesthesia, and laboratory and pathology testing. For each of the procedures, United authorized Patient 359 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 359.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 359. On every claim form that was submitted to United for Patient 359, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 359. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 359's Plan provides benefits for all of the services listed above including sleep studies, doctor's office visits, diagnostic and therapeutic services, scopic procedures, anesthesia services, and laboratory and pathology testing. The SPD for this Plan specifically provides that "Specialists," "Anesthesia administered for covered surgical procedure," "Outpatient Care,"

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

"Physician services," and "Outpatient hospital charges for laboratory, x-ray, . . .pathology, and diagnostic procedures," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 359's benefits under the Plan. The Providers provided services to Patient 359 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 359 but has refused to pay for the other services provided to Patient 359. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 359. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 359 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 359.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 361.</u>** - Defendants The Travelers Companies, Inc., and The Travelers Trusteed Employee Benefit Plan.

(A) Patient 361 a beneficiary under The Travelers Trusteed Employee Benefit Plan. Patient 361 received services between August 17, 2010, and July 5, 2011, from San Diego Ambulatory Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, pathology and laboratory testing, polysomnography, an endoscopy with anesthesia, a consultation, and an ultrasound. For each of the procedures, United authorized Patient 361 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 361.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 361. On every claim form that was submitted to United for Patient 361, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 361. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 361's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, pathology and laboratory testing, sleep studies, doctor's office visits, diagnostic and therapeutic services, scopic procedures, and anesthesia services. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan under certain conditions, which, on information and belief, were satisfied here. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 361's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 361 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the medical services provided by Plaintiffs to Patient 361 – including substantial amounts for at least one of the services relating to the patient's Lap Band – but has refused to pay for other services provided to Patient 361. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 361. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 361 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 361.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 362.</u>** - Defendants The Turner Corporation and The Turner Corporation Welfare Benefits Plan.

(A) Patient 362 is a beneficiary under The Turner Corporation Welfare Benefits Plan. Patient 362 received services between October 2, 2010, and September 12, 2011, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, anesthesia services, pathology and laboratory testing, an ultrasound, polysomnography, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 362 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 362.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 362. On every claim form that was submitted to United for Patient 362, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 362. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 362's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, scopic procedures, diagnostic and therapeutic services, sleep studies, laboratory and pathology testing, and doctor's office visits. The 2010 SPD for this Plan specifically states that "Outpatient Surgery," "Diagnosis, Care & Consultations," "Office Visits," "Charges for Diagnostic, X-ray, and laboratory services," "Charges for anesthesia, oxygen, blood and blood plasma, and their administration," and "Charges for Physician, Surgeon, or anesthesiologist," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 362's benefits under the Plan. On at least one such telephone call, United

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 362 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 362 but has refused to pay for the other services provided to Patient 362. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 362. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 362 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 362.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 363.** - Defendants Thermo Fisher Scientific, Inc., and Thermo Fisher Scientific Inc. Group Insurance Plan.

(A) Patient 363 is a beneficiary under the Thermo Fisher Scientific Inc. Group Insurance Plan. Patient 363 received services between April 14, 2012, and January 28, 2013, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, laboratory and pathology testing, anesthesia services, polysomnography, an ultrasound, an endoscopy, and a consultation. For each of the procedures, United authorized Patient 363 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 363.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 363. On every claim form that was submitted to United for Patient 363, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 363. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 363's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, laboratory and pathology testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, sleep studies, and doctor's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

office visits. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 363's benefits under the Plan. The Providers provided services to Patient 363 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 363 but has refused to pay for the other services provided to Patient 363. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 363. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 363 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 363.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 365.** - Defendants Tire Centers, LLC, and Tire Centers, LLC Employee Benefit Plan.

(A) Patient 365 is a beneficiary under the Tire Centers, LLC Employee Benefit Plan. Patient 365 received services between July 26, 2010, and December 8, 2010, from Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, anesthesia services, a surgical sling procedure, a laparoscopic surgical supracervical hysterectomy, a consultation, an ultrasound, and CPAP titration, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 365 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 365.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 365. On every claim form that was submitted to United for Patient 365, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 365. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 365's Plan provides benefits for all of the services listed above including sleep studies, surgical procedures, laparoscopic procedures, diagnostic and therapeutic services, scopic procedures, anesthesia services, laboratory and pathology testing, and doctor's office visits. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 365.

(D) During the verification process, Plaintiffs called United to verify Patient 365's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 365 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 365 but has refused to pay for the other services provided to Patient 365. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 365. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 365 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 365.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 366</u>.** - Defendants T-Mobile USA, Inc., and T-Mobile USA, Inc. Employee Benefit Plan.

(A) Patient 366 is a beneficiary under the T-Mobile USA, Inc. Employee Benefit Plan. Patient 366 received services between April 13, 2010, and May 18, 2010, from Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs. These medical services included a laparoscopic cholecystectomy, anesthesia services, polysomnography, an ultrasound, an endoscopy, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 366 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 366.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 366. On every claim form that was submitted to United for Patient 366, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 366. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 366's Plan provides benefits for all of the services listed above including laparoscopic procedures, anesthesia services, sleep studies, laboratory and pathology testing, diagnostic and therapeutic services, scopic procedures, surgical services, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Ambulatory Surgical Center Services," "Laboratory Tests, Radiology and X-rays," and "Physician Services," are covered under the Plan. Furthermore, the SPD states that the Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 366's benefits under the Plan. The Providers provided services to Patient 366 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 366 but has refused to pay for the other services provided to Patient 366. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 366. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 366 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 366.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 367.** - Defendants Toshiba America, Inc., and Toshiba America Inc. Group Welfare Benefit Plan.

(A) Patient 367 is a beneficiary under the Toshiba America Inc. Group Welfare Benefit Plan. Patient 367 received services on May 26, 2009, from Almont Ambulatory Surgery Center, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, a consultation, an ultrasound, and laboratory testing. For each of the procedures, United authorized Patient 367 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 367.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 367. On every claim form that was submitted to United for Patient 367, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 367. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 367's Plan provides benefits for all of the services listed above including laboratory testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 367's benefits under the Plan. The Providers provided services to Patient 367 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 367 but has refused to pay for the other services provided to Patient 367. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 367. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 367 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 367.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 368.</u>** - Defendants Towers Watson & Co., and Towers Watson Medical Plan.

(A) Patient 368 is a beneficiary under the Towers Watson Medical Plan. Patient 368 received services between August 14, 2009, and December 16, 2010, from Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included anesthesia services, a laparoscopic gastric banding procedure with subsequent adjustments, a consultation, an endoscopy, an ultrasound, and laboratory and pathology testing. For each of the procedures, United authorized Patient 368 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 368.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 368. On every claim form that was submitted to United for Patient 368, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 368. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 368's Plan provides benefits for all of the services listed above including anesthesia services, scopic procedures, laparoscopic gastric banding procedures with subsequent adjustments, diagnostic and therapeutic services, laboratory and pathology testing, surgical services, and doctor's office visits. The 2009 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT,

PET, MRI, MRA, and Nuclear Medicine – Outpatient," "Physician's Office Services," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan under circumstances, which, on information and belief, were met here. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 368's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. Further, on at least one verification call, ,United represented that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 368 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has partially paid for some of the services provided by Plaintiffs to Patient 368 – including substantial amounts in connection with the patient's laparoscopic gastric banding procedure – but has refused to pay for the other services provided both before and after. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 368. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 368 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 368.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 369.</u>** - Defendants Tribune Company and Tribune Company Benefit Program.

(A) Patient 369 is a beneficiary under the Tribune Company Benefit Program. Patient 369 received services between September 29, 2010, and October 11, 2010, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, a consultation, pathology and laboratory testing, an endoscopy with anesthesia, and an ultrasound. For each of the procedures, United authorized Patient 369 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 369.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 369. On every claim form that was submitted to United for Patient 369, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 369. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 369's Plan provides benefits for all of the services listed above including sleep studies, consultations, doctor's office visits, scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory and pathology testing. The 2009 SPD for this plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at usual and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 369's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 369 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 369 but has refused to pay for the other services provided to Patient 369. United has issued final denials on all of Plaintiffs claims. Notably, in underpaying

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

or outright denying Plaintiffs' claims, United never relied upon any purported exclusion, whether relating to obesity or otherwise, to deny or reduce coverage for procedures such as EGDs, lab tests, or doctor's visits.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 369. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 369 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 369.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 370.</u>** - Defendants Trinet HR Corporation, f/k/a Gevity HR, Inc., and Trinet Employee Benefit Insurance Plan.

(A) Patient 370 is a beneficiary under the Trinet Employee Benefit Insurance Plan. Patient 370 received services between June 2, 2010, and July 20, 2010, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, a consultation, an evaluation, and laboratory testing. For each of the procedures, United authorized Patient 370 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 370.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 370. On every claim form that was submitted to United for Patient 370, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 370. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 370's Plan provides benefits for all of the services listed above including laboratory testing, diagnostic and therapeutic services, and doctor's office visits and consultations. On information and belief, the Trinet HR Corporation Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 370's benefits under the Plan. The Providers provided services to Patient

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

370 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 370 but has refused to pay for the other services provided to Patient 370. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 370. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 370 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 370.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 371.** - Defendants TTX Company and TTX Company Group and Health Plan.

(A) Patient 371 is a beneficiary under the TTX Company Group and Health Plan. Patient 371 received services between June 8, 2010, and August 10, 2010, from Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric band adjustment, a consultation, an endoscopy with anesthesia, x-rays, and laboratory and pathology testing. For each of the procedures, United authorized Patient 371 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 371.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 371. On every claim form that was submitted to United for Patient 371, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 371. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 371's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, laparoscopic gastric band procedures, scopic procedures, anesthesia services, doctor's office visits and laboratory and pathology testing. The 2010 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional fees for Surgical and Medical Services," are covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan under certain conditions, which, on information and belief, were met here. Furthermore, the SPD states Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 371's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 371 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 371, but has refused to pay for the other services provided to Patient 371. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 371. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 371 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 371.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 373.</u>** - Defendants Union Bank, N.A., and Union Bank Health Benefit Plan.

(A) Patient 373 is a beneficiary under the Union Bank Health Benefit Plan. Patient 373 received services between January 8, 2011, and March 5, 2011, from San Diego Ambulatory Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, a consultation, an ultrasound, polysomnography, and laboratory testing. For each of the procedures, United authorized Patient 373 to receive these medical services at Plaintiffs' surgery

centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 373.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 373. On every claim form that was submitted to United for Patient 373, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 373. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 373's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, doctor's office visits, laboratory and pathology testing, sleep studies, and diagnostic and therapeutic services. The 2011 SPD for this Plan specifically provides that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 373's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 373 in reasonable reliance on these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 373. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 373. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 373 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 373.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 375.** - Defendants United Airlines, Inc., and United Airlines Consolidated Welfare Benefit Plan.

(A) Patient 375 a beneficiary under the United Airlines Consolidated Welfare Benefit Plan. Patient 375 received services between October 10, 2009, and December 10, 2012, from Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an evaluation, a consultation, an ultrasound, an endoscopy with anesthesia, laboratory and pathology testing, x-rays, a fluoroscopy, and a laparoscopic gastric band adjustment. For each of the procedures, United authorized Patient 375 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 375.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 375. On every claim form that was submitted to United for Patient 375, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 375. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 375's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, doctor's office

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

visits, and laparoscopic gastric banding adjustments. The 2010 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 375's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 375 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 375 but has refused to pay for the other services provided to Patient 375. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- No documentation was submitted for this dos therefore, no benefits are payable.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 375. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 375 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 375.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 376.** - Defendants UnitedHealthcare Insurance Company and UnitedHealth Group Employee Health Benefit Plan.

(A) Patient 376 is a beneficiary under the UnitedHealth Group Employee Health Benefit Plan. Patient 376 received services between September 7, 2010, and December 7, 2010, from various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, anesthesia services, pathology and laboratory testing, an ultrasound, a consultation, and an endoscopy. For each of the procedures, United authorized Patient 376 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 376.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 376. On every claim form that was submitted to United for Patient 376, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 376. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 376's Plan provides benefits for all of the services listed above including sleep studies, anesthesia services, pathology and laboratory testing, diagnostic and therapeutic services, and doctor's office visits. On information and belief, this Plan pays fees for these services at reasonable and customary rates. Plaintiffs have not received any plan documents for this Plan.

(D) During the verification process, Plaintiffs called United to verify Patient 376's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 376 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 376 but has refused to pay for the other services provided to Patient 376. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 376. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 376 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 376.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 377.** - Defendants Univision Communications, Inc., and Univision Welfare Benefits Plan.

(A) Patient 377 is a beneficiary under the Univision Welfare Benefits Plan. Patient 377 received services between August 15, 2009, and April 1, 2011, from New Life Surgery Center, LLC, Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, Almont Ambulatory Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments and removal, x-rays, anesthesia services, an ultrasound, an endoscopy, pathology and laboratory testing, and a laparoscopic cholecystectomy. For each of the procedures, United authorized Patient 377 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 377.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(B) Plaintiffs timely submitted claims for the services they provided to Patient 377. On every claim form that was submitted to United for Patient 377, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 377. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 377's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures, adjustments, and removals, laboratory and pathology testing, scopic procedures, anesthesia services, diagnostic and therapeutic services, doctor's office visits, x-rays, and laparoscopic surgeries. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostics and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, the SPD states that "Morbid Obesity," is covered under the Plan under certain circumstances, with Plaintiffs are informed and believe were met here. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 377's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Providers provided services to Patient 377 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 377 – including substantial amounts for many of the claims relating to the patient's laparoscopic gastric banding – but has refused to pay for the other services provided to Patient 377. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 377. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 377 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 377.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 380.** - Defendants US Airways Group, Inc., and US Airways, Inc. Health Benefit Plan.

(A) Patient 380 is a beneficiary under the US Airways, Inc. Health Benefit Plan. Patient 380 received services between September 23, 2010, and October 4, 2011, from New Life Surgery Center, Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, San Diego Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, pathology and laboratory testing, an endoscopy with anesthesia, a consultation, a barium swallow, a fluoroscopy, and polysomnography. For each of the procedures, United authorized Patient 380 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 380.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 380. On every claim form that was submitted to United for Patient 380, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 380. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 380's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, scopic procedures, laboratory and pathology testing, sleep studies, doctor's office visits, and diagnostic and therapeutic services. For instance, the 2008 SPD for this Plan specifically states that "Doctor's

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Office Visits," "X-Rays and Lab Tests (pathology and other diagnostic testing)," and "all other covered and medically necessary services, including, but not limited to: medical supplies . . ." are covered under the Plan. Furthermore, surgical treatment of obesity is covered, subject to certain basic conditions that, on information and belief, were met here. The SPD states that the fees for these covered out-of-network services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 380's benefits under the Plan. The Providers provided services to Patient 380 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 380, including services relating to the patient's Lap-Band procedure, but has refused to pay for the other services provided. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 380. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 380 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 380.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 383.** - Defendants U.S. Nursing Corporation and US Nursing Corp. Employee Benefit Plan.

(A) Patient 383 is a beneficiary under the US Nursing Corp. Employee Benefit Plan. Patient 383 received services between October 14, 2008, and July 23, 2009, from Beverly Hills Surgery Center LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laparoscopic gastric band adjustments, anesthesia services, a laparoscopic cholecystectomy, an endoscopy, an evaluation and consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 383 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 383.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 383. On every claim form that was submitted to United for Patient 383, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 383. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 383's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, anesthesia services, scopic procedures, laparoscopic surgical services, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, the SPD states that "Morbid Obesity," is covered under the Plan under certain conditions, which, on information and belief, were met here. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 383's benefits under the Plan. The Providers provided services to Patient 383 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 383, including substantial amounts for a number of the services associated with the patient's Lap Band, but has refused to pay for the other services provided to Patient 383. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 383. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 383 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 383.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 384.** - Defendants USA Truck, Inc., and USA Truck Inc. Welfare Benefit Plan.

(A) Patient 384 is a beneficiary under the USA Truck Inc. Welfare Benefit Plan. Patient 384 received services between May 7, 2012, and December 12, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, polysomnography, an echocardiography, an ultrasound, an endoscopy with anesthesia, and a consultation. For each of the procedures, United authorized Patient 384 to receive these medical services at

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 384.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 384. On every claim form that was submitted to United for Patient 384, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 384. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 384's Plan provides benefits for all of the services listed above including sleep studies, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, doctor's office visits, echocardiography, and scopic procedures. The 2012 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services are to be paid at MNRP rates, though Plaintiffs were unable to access this or other plan documents at the time they provided services to Patient 384.

(D) During the verification process, Plaintiffs called United to verify Patient 384's benefits under the Plan. The Providers provided services to Patient 384 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has not paid for any of the services provided by Plaintiffs to Patient 384. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 384. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 384 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 384.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 385.</u>** - Defendants UTI Services, Inc., and UTI Services, Inc. Welfare Benefits Plan.

(A) Patient 385 is a beneficiary under the UTI Services, Inc. Welfare Benefits Plan. Patient 385 received services between April 24, 2011, and June 30, 2011, from Modern Institute of Plastic Surgery, Bakersfield Surgery Institute, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, an ultrasound, pathology and laboratory testing, a consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 385 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 385.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 385. On every claim form that was submitted to United for Patient 385, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 385. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 385's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, pathology and laboratory testing, scopic procedures, anesthesia services, and doctor's office visits. The 2011 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Physician's Office Services," "Scopic Procedures

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

– Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 385's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 385 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 385 but has refused to pay for the other services provided to Patient 385. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 385. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 385 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 385.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 386.** - Defendants Valeant Pharmaceuticals International and Valeant Pharmaceuticals International Group Welfare Plan.

(A) Patient 386 is a beneficiary under the Valeant Pharmaceuticals International Group Welfare Plan. Patient 386 received services between June 26, 2012, and October 29, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation. For each of the procedures, United authorized Patient 386 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 386.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 386. On every claim form that was submitted to United for Patient 386, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 386. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 386's Plan provides benefits for all of the services listed above including evaluations, consultations, and doctor's office visits. The 2013 SPD for this Plan specifically states that "Physician Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 386's benefits under the Plan. The Providers provided services to Patient 386 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 386. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 386. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 386 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 386.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 387.** - Defendants Velocity Express, LLC, and Velocity Express, LLC Flexible Benefits Plan.

(A) Patient 387 is a beneficiary under the Velocity Express, LLC Flexible Benefits Plan. Patient 387 received services between April 19, 2010, and October 1, 2010, from Modern Institute of Plastic Surgery, Beverly Hills Surgery Center, LLC, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, pathology and laboratory testing, anesthesia services, a laparoscopic cholecystectomy, a consultation, an ultrasound, and an endoscopy. For each of the procedures, United authorized Patient 387 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 387.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 387. On every claim form that was submitted to United for Patient 387,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 387. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 387's Plan provides benefits for all of the services listed above including sleep studies, pathology and laboratory testing, anesthesia services, laparoscopic surgical procedures, doctor's office visits, diagnostic and therapeutic services, and scopic procedures. The 2008 SPD for this Plan, for instance, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services are to be paid at MNRP rates.

(D) During the verification process, Plaintiffs called United to verify Patient 387's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 387 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 387 but has refused to pay for the other services provided to Patient 387. United has issued final denials on all of Plaintiffs claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 387. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 387 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 387.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 388.</u>** - Defendants Veolia Environmental Services North America, LLC, and Veolia Environmental Services North America Corp. Employee Health Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 388 is a beneficiary under the Veolia Environmental Services North America Corp. Employee Health Benefit Plan. Patient 388 received services between March 15, 2010, and April 16, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an ultrasound, a consultation, laboratory and pathology testing, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 388 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 388.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 388. On every claim form that was submitted to United for Patient 388, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 388. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 388's Plan provides benefits for all of the services listed above including diagnostic and therapeutic services, doctor's office visits, laboratory and pathology testing, scopic procedures, and anesthesia services. The 2009 SPD for this Plan specifically states that "Lab, X-Ray and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA, and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Diagnostic and Therapeutic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are covered under the Plan. Furthermore, the SPD states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 388's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 388 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 388 but has refused to pay for the other services provided to Patient 388. United has issued final denials on all of Plaintiffs claims.

(F) (F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 388. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 388 and other instruments under which the Plan

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 388.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 389.** - Defendants Verizon Communications, Inc., and Verizon Plan 550.

(A) Patient 389 is a beneficiary under the Verizon Plan 550. Patient 389 received services between June 19, 2010, and July 9, 2010, from Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, and initial evaluation and consultation. For each of the procedures, United authorized Patient 389 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 389.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 389. On every claim form that was submitted to United for Patient 389, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 389. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 389's Plan provides benefits for all of the services listed above including sleep studies, doctor's office visits, and consultations. The 2002 SPD for this Plan specifically states that "Doctors' office visits," "X rays and lab tests," "Outpatient Surgery," and "Therapeutic and Diagnostic Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 389's benefits under the Plan. The Providers provided services to Patient 389 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 389. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 389. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

copy of the Medical Plan for Patient 389 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 389.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 391.** - Defendants Viacom, Inc., and Viacom Health and Welfare Plan.

(A) Patient 391 is a beneficiary under the Viacom Health and Welfare Plan. Patient 391 received services between December 4, 2010, and June 11, 2011, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure with subsequent adjustments, anesthesia services, polysomnography, an endoscopy, an ultrasound, a consultation, and laboratory and pathology testing. For each of the procedures, United authorized Patient 391 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 391.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 391. On every claim form that was submitted to United for Patient 391, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 391. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 391's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments, sleep studies, laboratory and pathology testing, scopic procedures, anesthesia services, doctor's office visits, and diagnostic and therapeutic services. The 2010 SPD for this Plan specifically states that "Assistant Surgeon," "Blood storage and processing fees," "Lab tests," "Office visit[s]," and "Surgery," are all covered under the Plan. Additionally, the SPD states that "Morbid Obesity," is covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 391's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 391 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 391 but has refused to pay for the other services provided to Patient 391. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 391. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 391 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 391.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 392.** - Defendants Volt Information Sciences, Inc., and Volt Information Sciences, Inc. and Affiliates Employee Welfare Benefits Plan.

(A) Patient 392 is a beneficiary under the Volt Information Sciences, Inc. and Affiliates Employee Welfare Benefits Plan. Patient 392 received services between August 5, 2010, and November 9, 2010, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic cholecystectomy, anesthesia services, pathology and laboratory testing, polysomnography, a consultation, an ultrasound, and an endoscopy. For each of the procedures, United authorized Patient 392 to receive these medical services at Plaintiffs' surgery centers

and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 392.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 392. On every claim form that was submitted to United for Patient 392, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 392. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 392's Plan provides benefits for all of the services listed above including doctor's office visits, diagnostic and therapeutic services, scopic procedures, anesthesia services, laboratory and pathology testing, sleep studies, surgical services, and laparoscopic services. The 2010 SPD for this Plan specifically provides that "Lab and Radiology/X-Ray Services," "Outpatient Surgery," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the fees for these services are to be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 392's benefits under the Plan. The Providers provided services to Patient 392 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 392 but has refused to pay for the other services provided to Patient 392. United has issued final denials on all of Plaintiffs claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 392. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 392 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 392.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 393.</u>** - Defendants Vulcan Materials Company and Health & Welfare Benefit Plans of Vulcan Materials Company.

(A) Patient 393 is a beneficiary under the Health & Welfare Benefit Plans of Vulcan Materials Company. Patient 393 received services between August 23, 2008, and December 30, 2008, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure, a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

consultation, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 393 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 393.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 393. On every claim form that was submitted to United for Patient 393, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 393. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 393's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures, doctor's office visits, scopic procedures, and anesthesia services. The 2008 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 393's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 393 in reasonable reliance on these

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 393, including substantial amounts for many of the services relating to the patient's Lap Band, but has refused to pay for the other services provided to Patient 393. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- The physician or health care provider is not a network provider, but has accepted a reduction in charges on this claim through Multiplan.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 393. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 393 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 393.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 394.</u>** - Defendants W.W. Grainger, Inc., W.W. Grainger Inc. Group Benefit Plan I and W.W. Grainger Inc. Group Benefit Plan II.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 394 is a beneficiary under the W.W. Grainger Inc. Group Benefit Plan I and W.W. Grainger Inc. Group Benefit Plan II. Patient 394 received services between September 25, 2010, and October 1, 2010, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included polysomnography, pathology and laboratory testing, a consultation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 394 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 394.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 394. On every claim form that was submitted to United for Patient 394, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 394. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 394's Plan provides benefits for all of the services listed above including sleep studies, pathology and laboratory testing, doctor's office visits, diagnostic and therapeutic services, scopic procedures, and anesthesia services. The 2011 SPD for this Plan specifically states "Anesthetics and their administration," "Outpatient surgical procedures and associated expenses," "other ancillary charges for medical supplies and services performed on an outpatient basis," "outpatient diagnostic services, including x-rays and laboratory examinations," "surgical services provided in an ambulatory surgical facility," "doctor's services and consultations when provided on an inpatient or outpatient

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

basis," "surgeon's expenses when associated with a covered surgery and rendered at an outpatient facility," and "Professional fees associated with x-rays and laboratory work when rendered in an office setting," or "laboratory facility." Furthermore, the SPD for this Plan states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 394's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 394 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 394 but has refused to pay for the other services provided to Patient 394. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 394. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 394 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 394.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 396.</u>** - Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores, Inc. Associates Health and Welfare Plan.

(A) Patient 396 is a beneficiary under the Wal-Mart Stores, Inc. Associates Health and Welfare Plan. Patient 396 received services between April 13, 2013, and October 9, 2013, from Orange Grove Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an evaluation and consultation, polysomnography, laboratory and pathology testing, an endoscopy with anesthesia, and an ultrasound. For each of the procedures, United authorized Patient 396 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 396.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 396. On every claim form that was submitted to United for Patient 396, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 396. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 396's Plan provides benefits for all of the services listed above including sleep studies, diagnostic and therapeutic services, anesthesia services, scopic procedures, laboratory and pathology testing, an doctor's office visits. The 2013 SPD for this Plan specifically provides that "Doctor visits and diagnostic tests," are covered under the Plan. On information and belief, this Plan pays fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 396's benefits under the Plan. The Providers provided services to Patient 396 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 396. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 396. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 396 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 396.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 397.** - Defendants Wells Fargo & Company and Wells Fargo & Co. Health Plan.

(A) Patient 397 is a beneficiary under the Wells Fargo & Co. Health Plan. Patient 397 received services between March 10, 2011, and April 30, 2011, from Modern Institute of Plastic Surgery and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an endoscopy with anesthesia, an ultrasound, and polysomnography. For each of the procedures, United authorized Patient 397 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 397.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 397. On every claim form that was submitted to United for Patient 397, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 397. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 397's Plan provides benefits for all of the services listed above including doctor's office visits, scopic procedures, diagnostic and therapeutic services, anesthesia services, and sleep studies. The 2009 SPD for this Plan specifically states that "Hospital Alternatives," and "Physician Services," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 397's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 397 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 397 but has refused to pay for the other services provided to Patient 397. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 397. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 397 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 397.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 398.** - Defendants We're Ready To Assemble, Inc., (f/k/a/ National Product Services, Inc.) d/b/a/ Impact Resource Group and We're Ready to Assemble dba Impact Resource Group Benefit Plan.

(A) Patient 398 is a beneficiary under the We're Ready to Assemble dba Impact Resource Group Benefit Plan. Patient 398 received services on April 4, 2009, from Almont Ambulatory Surgery Center, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation, an ultrasound, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 398 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 398.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 398. On every claim form that was submitted to United for Patient 398, Plaintiffs expressly informed United that they were proceeding pursuant to their

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

assignment of benefits from Patient 398. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 398's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, diagnostic and therapeutic services, and doctor's office visits. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 398's benefits under the Plan. The Providers provided services to Patient 398 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 398, such as endoscopy anesthesia but has refused to pay for the other services provided to Patient 398. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 398. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 398 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 398.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 401.** - Defendants Whole Foods Market California, Inc., and Whole Foods Market, Inc. Group Benefit Plan.

(A) Patient 401 is a beneficiary under the Whole Foods Market, Inc. Group Benefit Plan. Patient 401 received services between April 28, 2010, and March 29, 2013, from Modern Institute of Plastic Surgery, Skin Cancer and Reconstructive Surgery Specialists of Beverly Hills, Beverly Hills Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an initial evaluation and consultation, polysomnography, an endoscopy with anesthesia, pathology and laboratory testing, and an ultrasound. or each of the procedures, United authorized Patient 401 to receive these medical services at

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 401.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 401. On every claim form that was submitted to United for Patient 401, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 401. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 401's Plan provides benefits for all of the services listed above including doctor's office visits, sleep studies, scopic procedures, anesthesia services, diagnostic and therapeutic services, and laboratory and pathology testing. The 2009 SPD for this Plan specifically states that "Physician's Office Services," "Professional Fees for Surgical and Medical Services," and "Outpatient Surgery, Diagnostic, and Therapeutic Services," are covered under the Plan. Furthermore, the Plan states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 401's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 401 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 401 but has refused to pay for the other services provided to Patient 401. United has issued final denials on all of Plaintiffs claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "We cannot pay this claim because we are unable to verify State Licensure of a facility or criteria to support the Provider billing type. Proof of facility licensure or hospital affiliation is required".

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 401. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 401 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 401.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 402.</u>** - Defendants Williams-Sonoma Stores, Inc., and Williams-Sonoma, Inc. Health & Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 402 a beneficiary under the Williams-Sonoma, Inc. Health & Welfare Plan. Patient 402 received services between March 15, 2011, and April 19, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a surgical hysterectomy, anesthesia services, an ultrasound, a stress test, laboratory and pathology testing, a consultation, an endoscopy, an ultrasound, and polysomnography. For each of the procedures, United authorized Patient 402 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 402.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 402. On every claim form that was submitted to United for Patient 402, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 402. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 402's Plan provides benefits for all of the services listed above including scopic procedures, anesthesia services, therapeutic and diagnostic procedures, doctor's office visits, laboratory and pathology testing, surgical services, and sleep studies. The 2010 SPD for this Plan specifically states "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," "Physician's Office Services – Specialist," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(D) During the verification process, Plaintiffs called United to verify Patient 402's benefits under the Plan. The Providers provided services to Patient 402 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 402 but has refused to pay for the other services provided to Patient 402. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 402. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 402 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

Complaint sets forth the specific document requests that were made on behalf of Patient 402.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 403.</u>** - Defendants Wipro Limited and Wipro Health and Welfare Plan.

(A) Patient 403 is a beneficiary under the Wipro Health and Welfare Plan. Patient 403 received services between August 10, 2012, and August 24, 2012, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a consultation and follow-up doctor's office visit. For each of the procedures, United authorized Patient 403 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 403.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 403. On every claim form that was submitted to United for Patient 403, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 403. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 403's Plan provides benefits for all of the services listed above including doctor's office visits and consultations. The 2012 SPD for this Plan specifically states that "Physician Fees for Surgical and Medical Services," and "Physician's Office Services," are covered under the Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Furthermore, the SPD states that the fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 403's benefits under the Plan. The Providers provided services to Patient 403 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 403 but has refused to pay for the other services provided to Patient 403. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 403. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 403 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Complaint sets forth the specific document requests that were made on behalf of Patient 403.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 404.</u>** - Defendants Wolverine World Wide, Inc., and Group Insurance Plan Wolverine & Retail.

(A) Patient 404 is a beneficiary under the Group Insurance Plan Wolverine & Retail. Patient 404 received services between January 15, 2013, and October 10, 2013, from East Bay Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an endoscopy with anesthesia, a consultation, laboratory and pathology testing, polysomnography, an ultrasound, and a laparoscopic gastric banding procedure with subsequent adjustments. For each of the procedures, United authorized Patient 404 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 404.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 404. On every claim form that was submitted to United for Patient 404, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 404. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(C) On information and belief, Patient 404's Plan provides benefits for all of the services listed above including scopic procedures, diagnostic and therapeutic services, anesthesia services, doctor's office visits, sleep studies, surgical services, and laparoscopic gastric banding procedures with subsequent adjustments. The 2013 SPD for this Plan, for instance, specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Additionally, the SPD also stated that "Obesity Surgery," is covered under the Plan under certain circumstances, which, on information and belief, were met here. Furthermore, the SPD states that Eligible Expenses are covered under the Plan and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 404's benefits under the Plan. The Providers provided services to Patient 404 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 404 but has refused to pay for the other services provided to Patient 404. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 404. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 404 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 404.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 405.</u>** - Defendants World Travel Holdings, Inc., and World Travel Holdings, Inc. Flexible Benefit Plan.

(A) Patient 405 is a beneficiary under the World Travel Holdings, Inc. Flexible Benefit Plan. Patient 405 received services between January 29, 2011, and February 25, 2012, from Beverly Hills Surgery Center, LLC, Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding procedure, pathology and laboratory testing, polysomnography, an echocardiography, an endoscopy with anesthesia, an ultrasound, and a consultation. For each of the procedures, United authorized Patient 405 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 405.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 405. On every claim form that was submitted to United for Patient 405, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 405. United accepted Plaintiffs' industry-

standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 405's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures, anesthesia services, diagnostic and therapeutic services, sleep studies, scopic procedures, laboratory and pathology testing, and doctor's office visits. The 2009 SPD for this Plan specifically states that "Lab, X-Ray and Diagnostics – Outpatient," "Lab, X-Ray and Major Diagnostics – CT, PET Scans, MRI, MRA and Nuclear Medicine – Outpatient," "Physician Fees for Surgical and Medical Services," "Scopic Procedures – Outpatient Therapeutic and Diagnostic," "Surgery – Outpatient," and "Therapeutic Treatments – Outpatient," are all covered under the Plan. Additionally, the SPD states that "Obesity Surgery," is covered under the Plan. Furthermore, the SPD states that Eligible Expenses are covered under the Plan and fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 405's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 405 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 405 but has refused to pay for the other services provided to Patient 405. United has issued final denials on all of Plaintiffs claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "[Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 405. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 405 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 405.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 406.** - Defendants WorleyParsons Corporation and Group Benefits Plan for Employees of WorleyParsons Corporation.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 406 is a beneficiary under the Group Benefits Plan for Employees of WorleyParsons Corporation. Patient 406 received services on January 4, 2011, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. This service included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 406 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 406.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 406. On every claim form that was submitted to United for Patient 406, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 406. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 406's Plan provides benefits for the service listed above, doctor's office visits/consultations. The 2011 SPD for this Plan specifically states that "Physician's Office Services," and "Physician Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 406's benefits under the Plan. The Providers provided services to Patient 406 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 406. United has issued final denials on all of Plaintiffs claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim."
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 406. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 406 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 406.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 410.</u>** - Defendants Yum! Brands, Inc., and Yum! Brands, Inc. Restaurant Employees Group Insurance Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(A) Patient 410 is a beneficiary under the Yum! Brands, Inc. Restaurant Employees Group Insurance Plan. Patient 410 received services on January 13, 2011, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. The service received included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 410 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 410.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 410. On every claim form that was submitted to United for Patient 410, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 410. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 410's Plan provides benefits for the service listed above, including doctor's office visits and consultations. On information and belief, this Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 410's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 410 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has not paid for any of the services provided by Plaintiffs to Patient 410. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "We need a copy of the Medicare Summary Notice before your claim will be processed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 410. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 410 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 410.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 411.</u>** - Defendants Zale Corporation and Zale Corporation Benefits Plan.

(A) Patient 411 is a beneficiary under the Zale Corporation Benefits Plan. Patient 411 received services on February 21, 2012, from a healthcare provider under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. This service included a new patient comprehensive consultation. For each of the procedures, United authorized Patient 411 to receive these medical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 411.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 411. On every claim form that was submitted to United for Patient 411, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 411. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 411's Plan provides benefits for the services listed above including doctor's office visits and consultations. The 2012 SPD for this Plan specifically provides that "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. The SPD also states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 411's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further, that the Plan would accept provider assignments of benefits. The Providers provided services to Patient 411 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has not paid for any of the services provided by Plaintiffs to Patient 411. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- Payment of benefits has been made in accordance with the terms of the managed care system.

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 411. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made multiple requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 411 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 411.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 414.</u>** - Defendants Buckeye Technologies, Inc. and Buckeye Technologies Comprehensive Health Care Plan.

(A) Patient 414 is a beneficiary under Buckeye Technologies Comprehensive Health Care Plan. Patient 414 received services between September 30, 2011, and July 2, 2012, from East Bay Ambulatory Surgery Center, LLC, and various other healthcare providers under the auspices of Independent Medical Services, Inc. These medical services included anesthesia services, a laparoscopic gastric banding procedure with subsequent adjustments, a hernia repair, pathology and laboratory testing, an ultrasound, an endoscopy, and polysomnography. For each of the procedures, United authorized Patient 414 to receive these medical

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 414.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 414. On every claim form that was submitted to United for Patient 414, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 414. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 414's Plan provides benefits for all of the services listed above including diagnostic and therapeutic procedures, laboratory and pathology testing, sleep studies, scopic procedures, laparoscopic gastric banding procedures with subsequent adjustments, surgical services, hernia repairs, and anesthesia services. The 2011 SPD for this Plan specifically provides that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that fees for these services will be paid at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 414's benefits under the Plan. The Providers provided services to Patient 414 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 414, including at least some of the services associated with the patient's Lap Band, but has refused to pay for the other services provided. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 414. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 414 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 414.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**Patient 417.** - Defendants Calibre Inc., and Calibre, Inc., Employees Health Plan.

(A) Patient 417 is a beneficiary under Calibre Inc. Employees Health Plan. Patient 417 received services between June 25, 2011, and July 28, 2011, from Modern Institute of Plastic Surgery, and various other healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included an office visit, an ultrasound, laboratory and pathology testing, polysomnography, and an endoscopy with anesthesia. For each of the procedures, United authorized Patient 417 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 417.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 417. On July 28, 2011, Plaintiffs IMS submitted claims for its professional Polysomnography. On every claim form that was submitted to United for Patient 417, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 417. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 417's Plan provides benefits for all of the services listed above including doctor's office visits, laboratory and pathology testing, CPAP titration, sleep studies, scopic procedures, and anesthesia services.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

On information and belief, Patient 417's Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 417's benefits under the Plan. The Providers provided services to Patient 417 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 417 but has refused to pay for the other services provided to Patient 417. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 417. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 417 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which

payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 417.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**<u>Patient 418.</u>** - Defendants Edgewood Management Corporation and Mid-City Financial/Edgewood Management Employee Benefit Trust.

(A) Patient 418 is a beneficiary under Mid-City Financial/Edgewood Management Employee Benefit Trust. Patient 418 received services between July 15, 2008, and April 23, 2014, from Orange Grove Ambulatory Surgery Center, LLC, and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included laboratory and pathology testing, a consultation, a fluoroscopy and a laparoscopic gastric banding procedure with subsequent adjustments. For each of the procedures, United authorized Patient 418 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 418.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 418. On every claim form that was submitted to United for Patient 418, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 418. United accepted Plaintiffs' industry-standard claim form submissions. Yet at no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience." To the contrary, United's consistent and direct course of dealing with Plaintiffs reflects that United expressly consented to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Plaintiffs' assignment of benefits. Further, Plaintiffs are informed and believed that United was authorized to act as the agent of the administrator of the Plan, such that United was authorized to consent to assignment on behalf of the Plan.

(C) On information and belief, Patient 418's Plan provides benefits for all of the services listed above including laboratory and pathology testing, doctor's office visits, laparoscopic gastric banding procedures with subsequent adjustments, surgical services, and scopic procedures. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are all covered under the Plan. Furthermore, the SPD states that the Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 418's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges. The Providers provided services to Patient 418 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

(E) United has paid for some of the services provided by Plaintiffs to Patient 418 but has refused to pay for the other services provided to Patient 418. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 418. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 418 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 418.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

**Patient 420.** - Defendants Global Mail, Inc., dba DHL Global Mail and Global Mail, Inc. Welfare Plan.

(A) Patient 420 is a beneficiary under the Global Mail, Inc. Welfare Plan. Patient 420 received services between December 11, 2010, and June 14, 2011, from Modern Institute of Plastic Surgery and various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included reconstructive surgery, anesthesia services, cystourethroscopy, a consultation, an ultrasound, an endoscopy, and laboratory and pathology testing. United authorized Patient 420 to receive these services and others at Plaintiffs' surgery centers, and/or United informed Plaintiffs

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

that no authorization was necessary for Plaintiffs to provide the services to Patient 420.

(B) Plaintiffs timely submitted their claims for reimbursement. On March 13, 2011 Plaintiff Modern Institute of Plastic Surgery Submitted a claim for its facility services in connection with these procedures. On every claim form that was submitted to United for Patient 420, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 420. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 420's Plan provides benefits for all of the services listed above including reconstructive surgical services, scopic procedures, anesthesia services, diagnostic and therapeutic services, laboratory and pathology testing, and doctor's office visits. The 2011 SPD for this Plan specifically states that "Outpatient Surgery, Diagnostic and Therapeutic Services," "Physician's Office Services," and "Professional Fees for Surgical and Medical Services," are covered under the Plan. Furthermore, the SPD states that the Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United to verify Patient 420's benefits under the Plan. On at least one such telephone call, United confirmed that the Plan would pay the Providers' reasonable and customary charges, and further confirmed that the Plan accepted provider assignments of benefits. The Providers provided services to Patient 420 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 420 but has refused to pay for the other services provided to Patient 420. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "[United] asked provider to send us more information" and that it would "process the claim when [it] receive[d] this information." This EOB did not, however, indicate what specific additional information was required for processing that had not previously been submitted with the claim.
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 420. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 420 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 420.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**<u>Patient 422.</u>** - Defendant National Railway Carriers And United Transportation Union Health & Welfare Plan.

(A) Patient 422 is a beneficiary under the National Railway Carriers And United Transportation Union Health & Welfare Plan. Patient 422 received services between April 17, 2010 and February 27, 2014, from various healthcare providers under the auspices of Independent Medical Services, Inc., the medical group for Provider Plaintiffs. These medical services included a laparoscopic gastric banding and laparoscopic gastric band adjustment. For each of the procedures, United authorized Patient 422 to receive these medical services at Plaintiffs' surgery centers and/or United informed Plaintiffs that no authorization was necessary for Plaintiffs to provide the services to Patient 422.

(B) Plaintiffs timely submitted claims for the services they provided to Patient 422. On every claim form that was submitted to United for Patient 422, Plaintiffs expressly informed United that they were proceeding pursuant to their assignment of benefits from Patient 422. United accepted Plaintiffs' industry-standard claim form submissions. At no time prior to this lawsuit did United inform Plaintiffs of the existence of any anti-assignment clause; or state that United or any other plan administrator had withheld their consent to Plaintiffs' assignment; or state that any payments being made to Plaintiffs were being made solely on the basis of "discretion" or "convenience."

(C) On information and belief, Patient 422's Plan provides benefits for all of the services listed above including laparoscopic gastric banding procedures with subsequent adjustments. On information and belief, Patient 422's Plan pays the fees for these services at reasonable and customary rates.

(D) During the verification process, Plaintiffs called United, which verified Patient 422's benefits under the Plan. The Providers provided services to Patient 422 in reasonable reliance on these statements. However, United and the Plan failed to pay the Providers' reasonable and customary charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(E) United has paid for some of the services provided by Plaintiffs to Patient 422, including substantial amounts relating to services relating to the patient's Lap Band procedure, but has refused to pay for the other services provided to Patient 422. United has issued final denials on all of Plaintiffs claims.

(F) United issued Explanations of Benefits ("EOBs") denying the claims on the following grounds:

- "Unable to process [the claim] at this time. Please refer to our correspondence indicating the additional information necessary to complete the processing of your claim".
- "The medical documentation that was submitted with this claim has been forwarded for review. We will process this claim when the review has been completed."

(G) Plaintiffs have submitted all the medical records for the services provided to Patient 422. In addition medical records were sent with appeals when the denial reason was lack of and/or incomplete records.

(H) Plaintiffs have also appealed most or all of the denial of the claims within the time limits set forth in the Plan for such appeals, if any. In connection with each of those appeals, Plaintiffs made nine requests for documents that the Plan was obligated to provide under ERISA, including requests for a full and complete copy of the Medical Plan for Patient 422 and other instruments under which the Plan is established or operated, including, but not limited to, the internal policies, guidelines, formulas, procedures, methodologies, and/or schedules upon which payment was calculated. The sample letter that is attached as Exhibit B to this Complaint sets forth the specific document requests that were made on behalf of Patient 422.

(I) To date, United and the Plan Defendants continue to fail to comply with their obligations under ERISA.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181