UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-02139-MWF (VBKx)　　　　Date: May 13, 2016
Title:　Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITH PREJUDICE

　　Plaintiffs are corporations or other business organizations. Months ago, Plaintiffs were warned by their prior lawyers (who were not being paid) that Plaintiffs needed to find new lawyers or this action would be dismissed. After the lawyers successfully obtained leave to withdraw, this Court provided ample time to Plaintiffs to retain new lawyers and warned Plaintiffs that failure to do so would result in dismissal. Plaintiffs have not retained new lawyers by the Court-ordered deadline. Therefore, this Court has no choice but to dismiss this action with prejudice.

　　This action is perhaps the most complex civil action currently pending in the Central District of California. Plaintiffs are surgery centers or similar medical facilities that provided lap-band surgeries for weight reduction. On March 20, 2014, Plaintiffs initiated this ERISA action against hundreds of Defendants, seeking to recover, among other things, alleged benefits due under the governing health-care plans. (*See* Complaint (Docket No. 1)). Generally, the Complaint alleged that the health-care plans and their sponsors, orchestrated by United HealthCare, illegally stopped paying for weight-loss services. The Complaint was 269 pages long, plus appendices. The Complaint was filed on Plaintiffs' behalf by the law firm of Hooper, Lundy & Bookman, P.C ("HLB").

　　HLB also filed two related actions on behalf of these or similar Plaintiffs. *Almont Ambulatory Surgery Center, LLC, et al. v. UnitedHealth Group, Inc., et al.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-02139-MWF (VBKx)          **Date:** May 13, 2016
**Title:**     Almont Ambulatory Surgery Center, LLC, et al. -*v*- UnitedHealth Group, Inc., et al.

Case No. CV 14-3053-MWF (VBKx); *Almont Ambulatory Surgery Center, LLC, et al. v. International Longshore and Warehouse Union, et al.*, Case No. CV 14-2177-MWF (VBKx).

       In July 2015, Plaintiffs stopped honoring their attorneys' fees agreement with HLB. (Order Granting Motions for Leave to Withdraw as Counsel of Record for Plaintiffs at 3 ("Order dated March 22, 2016") (Docket No. 1763)). As a result, in **October 2015**, HLB informed Plaintiffs of its intent to withdraw as counsel of record. (*Id.* at 2). HLB agreed, however, to continue its representation during the pendency of Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint. (Declaration of Daron L. Tooch ("Tooch Decl.") ¶ 5 (Docket No. 1692-1)).

       On February 3, 2016, the Court issued an Order granting in part Defendants' Motions to Dismiss. (Order Re: Motions to Dismiss Second Amended Complaint: Counts II-VI, VIII (Docket No. 1690)). However, due to Plaintiffs' surprising blanket objections to the use of authenticated plan documents in adjudicating a portion of Plaintiffs' claims, the Court issued an Order to Show Cause why the produced plan documents do not constitute the governing plan instruments. ("OSC re: Plan Documents" (Docket No. 1691). The Court originally ordered Plaintiffs to respond to the OSC by April 11, 2016, but subsequently extended that deadline to **May 11, 2016**. (Order re Plaintiffs' Ex Parte Application at 4 (Docket No. 1691)).

       On February 5, 2016, HLB filed a Motion to Withdraw as Counsel of Record for Plaintiffs. (Docket No. 1763). With that Motion, HLB filed a letter, dated **January 19, 2016**, informing Plaintiffs that failure to retain new counsel would result in dismissal of this action. (Tooch Decl., Ex. A (citing Local Rule 83-2.3.4)).

       On March 14, 2016, the Court granted HLB's Motion to Withdraw. (Order dated March 22, 2016 at 4). In its Order, the Court included the following warning: "If Plaintiffs do not retain counsel in a timely manner, the Court will consider dismissing [this action] ***with prejudice***." (*Id.* (emphasis added)). The Court then

---

**CIVIL MINUTES—GENERAL**                  2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-02139-MWF (VBKx)     Date:  May 13, 2016
Title:    Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

issued an Order to Show Cause ("OSC re: Dismissal") why this action should not be dismissed for failure to prosecute. (*Id.* at 5). The Court set **May 11, 2016**, as the deadline to file a response, noting that a notice of appearance filed by new counsel would be sufficient to discharge the OSC. (*Id.*). The Court also directed HLB to inform Plaintiffs of the Court's ruling. (*Id.*).

The basic rule is that a corporation must appear in federal court through counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court). Although Plaintiffs have known that HLB would withdraw since October 2015, and although they have been warned, both by the Court and HLB, that they cannot proceed *pro se* in this action, Plaintiffs have failed to retain counsel. Therefore, the action must be dismissed.

This dismissal can be viewed in various ways. For example, it can be viewed, under Ninth Circuit case law, as the inevitable result of the requirement for a business entity to be represented by counsel. *See Ringgold Corp. v. Worrall*, 880 F. 2d 1138, 1142 (9th Cir. 1989) (upholding dismissal of affirmative claims and grant of default judgment on counterclaims after attorney withdrew and company failed to retain new counsel or appear for pretrial conferences); *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000-01 (9th Cir. 2007) (upholding default judgment after corporation failed to hire an attorney following withdrawal); *Galtieri-Carlson v. Victoria M. Morton Enters., Inc.*, No. 2:08–cv–01777 FCD-KJN-PS, 2010 WL 3386473, at *3 (E.D. Cal. 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel).

This dismissal can be viewed as an appropriate sanction for violation of the Local Rules of the Central District of California. Local Rule 83-2.2.2 explicitly requires organizations (including corporations) to appear through counsel. Local Rule 83-2.2.4 explicitly warns that failure to obey the Local Rules on attorney representation may be a ground for dismissal.

---

**CIVIL MINUTES—GENERAL**                                              3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-02139-MWF (VBKx)			Date:  May 13, 2016
Title:	Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

This dismissal can also be viewed as the appropriate sanction for failure to prosecute this action. As a general matter, district courts may dismiss actions for failure of prosecution under Federal Rule of Procedure 41(b). *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court). In determining whether dismissal is appropriate, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (setting forth the governing standard).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissing Plaintiffs' claims. Plaintiffs have had over seven months to retain new counsel, and yet failed to do so even after the Court and HLB warned them that they could not proceed *pro se*. And although attorney Roger Diamond has (improperly) filed a declaration stating that he is reviewing the Court Docket to determine whether to become counsel of record (Docket No. 1769), any prospects of legal representation are speculative at best. Plaintiffs' delay of this action thus favors dismissal.

The third factor—prejudice to the opposing parties—also weighs against Plaintiffs. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute the action diligently. *Eisen*, 31 F.3d at 1452–53 ("The law presumes injury from unreasonable delay.") (citation omitted). That presumption may be rebutted if the plaintiff proffers an excuse for delay. *Id.* Plaintiffs have failed to come forward with any excuses that would justify delaying this action further.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-14-02139-MWF (VBKx) | Date: May 13, 2016 |
| Title: Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al. | |

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal. It is Plaintiffs' responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Because Plaintiffs have failed to discharge that responsibility, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiffs' failure to prosecute.

The final factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court has attempted to avoid outright dismissal by providing Plaintiffs an opportunity to retain new counsel within two months after HLB's withdrawal. Plaintiffs, however, have failed to comply with the OSC and ignored the Court's explicit warning that failure to retain counsel would result in dismissal with prejudice. *See also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

At the final moment, on May 11 a potential new lawyer filed a putative response to the OSC, which in effect is a request that this Court delay its dismissal to give that lawyer the opportunity to study the record to decide whether he would become counsel of record. (Docket No. 1769). The potential new lawyer does not state a particular date by which that determination would be made, and therefore is requesting an open-ended continuance. He does –appropriately and correctly – describe the elaborate efforts necessary to determine whether he should or (with conflicts) even could become counsel of record.

This putative response is wholly insufficient to discharge the OSC for these reasons:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-02139-MWF (VBKx)        **Date:** May 13, 2016
**Title:**      Almont Ambulatory Surgery Center, LLC, et al. -v- UnitedHealth Group, Inc., et al.

---

*First*, obviously, it is not filed by an attorney of record for Plaintiffs, and may therefore be disregarded.

*Second*, on the merits, counsel is not asking for more time to become counsel of record or merely to finish a conflict check or draft a retainer agreement. Rather, he is asking for an undetermined amount of time to decide whether to become counsel of record. That is far too speculative.

*Third*, any further delay is simply inappropriate because it conflicts with basic case management. The response date of May 11 was also the response date to the OSC re: Plan Documents. The OSC re: Plan Documents was an integral part of the case management of this complex action. The Court authorized a lengthy Rule 12(b)(6) process with the understanding that the motions to dismiss would serve as quasi-summary judgment motions and winnow the claims before full-bore discovery began. To this Court's surprise, Plaintiffs objected to consideration of previously-identified plan documents as part of the Rule 12(b)(6) process. While it might have been within this Court's discretion to have considered the documents anyway, the Court chose instead to issue the OSC re: Plan Documents and give Plaintiffs over two months to respond. When HLB withdrew, the Court for that reason extended the response date on plan documents to May 11, and then set the deadline for new counsel of record for May 11 as well. Therefore, the May 11 deadline already incorporates every reasonable concession on time that this Court is prepared to make.

Not surprisingly, the potential new lawyer wants a continuance not only of the deadline to respond to the OSC re: Dismissal, but to the OSC re: Plan Documents as well. That alone would result in a delay of months.

*Fourth*, certain Defendants did not oppose the HLB motion to withdraw, but on the condition that new counsel should substitute upon the withdrawal or that the action should be dismissed. (Certain Defendants' Response to Hooper Lundy and Bookman's Motion for Leave to Withdraw as Counsel of Record for Plaintiffs at 4-5 (Docket No. 1742)). The Court did not adopt that position, but the fact remains that Defendants are

---

**CIVIL MINUTES—GENERAL**           6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-02139-MWF (VBKx)           Date:  May 13, 2016
Title:     Almont Ambulatory Surgery Center, LLC, et al. -*v*- UnitedHealth Group, Inc., et al.

highly prejudiced by any further delay.  To state the obvious, Defendants are not the parties who initiated this gargantuan litigation.

*Fifth* and most important, Plaintiffs have known for months that they needed to find new lawyers and have been repeatedly warned that the action would be dismissed if they failed to do so.  Having previously been so generous to Plaintiffs in setting the May 11 deadline, it is not reasonable to allow a further extension.

This rejection of the putative response is not a criticism of the potential new lawyer.  Of course it is not possible for a sole practitioner to decide immediately whether to become counsel of record in three sprawling related actions that, together, are perhaps the most complex matter currently in the Central District – and for clients who have a history of not paying their lawyers.  But that is not a reason to delay any longer.

Whether viewed as compliance with case law or as sanctioning a violation of court rules and orders or as a failure to prosecute, this dismissal is an appropriate exercise of this Court's authority.  Fed. R. Civ. P. 41(b).  Rule 41(b) provides that involuntary dismissals are on the merits, absent exceptions not applicable here.  *Id.*  Accordingly, this action is **DISMISSED** *with prejudice*.

Similar Orders are being entered in the two related actions.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  The Court further **ORDERS** the Clerk to send copies of this Order to prior counsel at Hooper, Lundy & Bookman, P.C., and to potential new counsel Roger J. Diamond, Esq., to be provided to Plaintiffs.

IT IS SO ORDERED.